John E. Gartman (SBN 152300)
Juanita Brooks (SBN 75934)
Christopher S. Marchese (SBN 170239)
Roger Denning (SBN 228998)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California  92130
Telephone:     (858) 678-5070
Facsimile:     (858) 678-5099

Stephen P. McGrath (SBN 202696)
Microsoft Corporation
One Microsoft Way
Redmond, WA  98052
Telephone:     (425) 882-8080
Facsimile:     (425) 936-7329

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervenor and Counter-claimant, | Case No. 02-CV-2060 B (CAB) consolidated with<br>Case No. 03-CV-0699 B (CAB) and<br>Case No. 03-CV-1108 B (CAB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT OF THE ASSERTED CLAIMS OF U.S. PATENT NOS. 4,958,226; 4,383,272; 5,347,295; AND 4,763,356** |
| MICROSOFT CORPORATION,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>Defendant and Counter-claimant, | Judge Marilyn L. Huff<br><br>Hearing: October 19, 2007, 1:30 p.m.<br>Location: Courtroom 13, 5th Floor |

LUCENT TECHNOLOGIES INC. and
MULTIMEDIA PATENT TRUST,

    Plaintiff,

v.

DELL, INC.,

    Defendant.

## I.    INTRODUCTION

Microsoft Corporation ("Microsoft") moves the Court for summary judgment of no willful infringement of U.S. Patent Nos. 4,958,226; 4,383,272; 5,347,295; and 4,736,356. On Monday, August 20, 2007, the Federal Circuit decided *In re Seagate Technology, LLC,* Misc. No. 830 (Fed. Cir. Aug. 20, 2007) (en banc), a case that reversed the 24-year old standard for proving willful infringement in patent cases. Because the facts of this case present no evidence of objective recklessness on the part of Microsoft, *see id.,* slip op. at 12, Lucent has no evidence to support a finding of willful infringement. Microsoft is therefore entitled to summary judgment of no willful infringement.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), Microsoft is entitled to summary judgment if the record on the willfulness issue establishes that there is no genuine issue as to any material fact and that undisputed facts support judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). For Microsoft to prevail, there must be "an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Once Microsoft points to the absence of evidence of objective recklessness, Lucent must point to admissible evidence demonstrating that a trial is required because disputed issues of material fact exist on that issue. *See id* at 324. Otherwise, the "plain language of Rule 56(c) mandates the entry of summary judgment." *See id.* at 322.

In *Seagate,* the Federal Circuit overruled *Underwater Devices, Inc. v. Morrison-Knudson Co.*, 717 F.2d 1380 (Fed. Cir. 1983), a case that had imposed an affirmative duty upon potential

infringers to exercise due care to ensure that patents were not infringed. *See Underwater Devices,* 171 F.2d. at 1389-90. The en banc court recognized that the *Underwater Devices* burden of due care did not "comport with the general understanding of willfulness in the civil context,"-- i.e., "willful" is generally understood to be akin to recklessness. *See Seagate*, slip op. at 11-12. The court announced that the correct standard for determining willful infringement requires a showing of objective recklessness:

> Accordingly, we overrule the standard set out in *Underwater Devices* and hold that ***proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness***. Because we abandon the affirmative duty of due care, we also reemphasize that there is no affirmative obligation to obtain opinion of counsel.
>
> * * *
>
> Accordingly, to establish willful infringement, a patentee ***must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.*** . . . The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*Id.,* slip op. at 12 (emphases added). As such, Lucent cannot establish willful infringement without clear and convincing evidence of objective recklessness. But there is none.

## II. ARGUMENT

Despite the voluminous factual record developed in this case over more than four years, Lucent cannot point to *any* evidence of objective recklessness on the part of Microsoft, much less *clear and convincing* evidence of the same. Exactly the opposite is the case. *Seagate* established that Lucent has to show that Microsoft engaged in the accused activity "despite an objectively high likelihood that its actions constituted infringement" of a valid Lucent patent. *See id.*, slip op. at 12. The record shows otherwise.

On the patents remaining for trial, Lucent has either not moved for summary judgment on Microsoft's invalidity and non-infringement defenses, or has so moved and had its motion denied. That on its face refutes that Microsoft's conduct was objectively reckless, especially when viewed through the lens of the clear and convincing standard.

During the discovery period, Microsoft propounded the following Interrogatory:

INTERROGATORY NO. 14:

> Explain in detail, by identifying and referring to all of the documents, testimony, and other evidence on which Lucent relies, the bases for Lucent's contentions that Microsoft has willfully infringed each of the Patents-in-Suit.

*See* Declaration of John E. Gartman, Exhibit 1. The substance of Lucent's response to Microsoft's request for the details of Lucent's allegation of willfulness was as follows: 1) that Microsoft had notice of the patents-in-suit, 2) that Microsoft "did not discharge its affirmative duty of due care," and 3) that Microsoft did not "receive[] any advice of counsel on which it reasonably relies in good faith to justify its actions." *Id.* Lucent's contentions are clearly insufficient to support an allegation of willfulness.

Regarding Lucent's allegation 2), *Seagate* established, en banc and contrary to Lucent's assertion, that there is no affirmative duty on potential infringers to exercise due care to ensure that patents are not infringed.

Regarding Lucent's allegation 3), the Federal Circuit sitting en banc has also expressly and unequivocally stated, "the failure to obtain an exculpatory opinion of counsel shall no longer provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable." *Knorr Bremse Systeme Fuer Nutzfahrzeuge CmbH v. Dana Corp.*, 383 F.3d 1337, 1346 (Fed. Cir. 2004).

Lucent is not entitled to a negative inference regarding Microsoft's decision not to obtain an opinion of counsel, and Microsoft did not have an affirmative duty of due care. Lucent is left solely with its allegations regarding Microsoft's notice of the patents-in-suit, which provides no clear and convincing proof of objective recklessness. For the above reasons, summary judgment of no willful infringement is in order.

### III.  CONCLUSION

Based on the foregoing, Microsoft respectfully requests that partial summary judgment of no willful infringement be granted with respect to the asserted claims of U.S. Patent Nos. 4,958,226; 4,383,272; 5,347,295; and 4,736,356.

Dated: September 10, 2007                FISH & RICHARDSON P.C.


By: /s/ John E. Gartman
    John E. Gartman (SBN 152300)
    Juanita Brooks (SBN 75934)
    Christopher S. Marchese (SBN 170239)
    Roger Denning (SBN 228998)

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 10, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/John E. Gartman
John E. Gartman

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

10772416.doc