James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for *Dell Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 02-CV-2060 B (CAB) consolidated with Case No. 03-CV-0699 B (CAB) and Case No. 03-CV-1108 B (CAB) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DELL INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT OF THE ASSERTED CLAIMS OF U.S. PATENT NOS. 4,958,226; 4,383,272; 5,347,295; 4,763,356; AND 4,439,759** <br><br> Judge Marilyn L. Huff <br><br> Hearing: October 19, 2007 at 1:30 p.m. <br> Location: Courtroom 13, 5th Floor |

|   |   |
|---|---|
| MICROSOFT CORPORATION, | ) |
| Plaintiff and Counter-defendant, | ) |
| v. | ) |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | ) |
| Defendants and Counter-claimants, | ) |

|   |   |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | ) |
| Plaintiffs and Counterclaim-defendants, | ) |
| v. | ) |
| DELL INC., | ) |
| Defendant and Counter-claimant. | ) |

**I.     INTRODUCTION**

Dell, Inc. ("Dell") moves the Court for partial summary judgment of no willful infringement of the asserted claims of U.S. Patent Nos. 4,958,226; 4,383,272; 5,347,295; 4,736,356; and 4,439,759. On Monday, August 20, 2007, the Federal Circuit decided In re Seagate Technology, LLC, Misc. No. 830 (Fed. Cir. Aug. 20, 2007) (en banc)[1], a decision that reversed the 24-year old standard for proving willful infringement in patent cases and replaced it with a significantly higher hurdle requiring clear and convincing evidence of objectively reckless behavior. See id., slip op. at 12. Because the facts of this case present no evidence of objective recklessness on the part of Dell, Lucent has no evidence to support a finding of willful infringement. Dell is therefore entitled to partial summary judgment of no willful infringement.

**II.    LEGAL PRINCIPLES**

Under Federal Rule of Civil Procedure 56(c), Dell is entitled to partial summary judgment if the record on the willfulness issue establishes that there is no genuine issue as to any material fact and that undisputed facts support judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). For Dell to prevail, there must be "an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Once Dell points to the absence of evidence of objective recklessness, Lucent must point to admissible evidence sufficient to satisfy the governing standard of willfulness and demonstrating that a trial is required because disputed issues of material fact exist on that issue. *See id* at 324. Otherwise, the "plain language of Rule 56(c) mandates the entry of summary judgment." *See id.* at 322.

In *Seagate,* the Federal Circuit overruled *Underwater Devices, Inc. v. Morrison-Knudson Co.*, 717 F.2d 1380 (Fed. Cir. 1983), a case that had imposed an affirmative duty upon potential infringers to exercise due care to ensure that patents were not infringed. *See Underwater Devices,*

---

[1] *In re Seagate Technology, LLC,* Misc. No. 830 (Fed. Cir. Aug. 20, 2007) (en banc) is attached as Exhibit 1 to the Declaration of Joseph A. Micallef in Support of Dell's Motion for Partial Summary Judgment of No Willful Infringement of the Asserted Claims of U.S. Patent Nos. 4,958,226; 4,383,272; 5,347,295; 4,763,356; and 4,439,759.

- 1 -

171 F.2d. at 1389-90. The en banc court recognized that the *Underwater Devices* burden of due care did not "comport with the general understanding of willfulness in the civil context,"-- i.e., "willful" is generally understood to be akin to recklessness. *See Seagate*, slip op. at 11-12. The court announced that the correct standard for determining willful infringement requires a showing of objective recklessness:

> Accordingly, we overrule the standard set out in Underwater Devices and hold that **proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness**. Because we abandon the affirmative duty of due care, we also reemphasize that there is no affirmative obligation to obtain opinion of counsel.
>
> * * *
>
> Accordingly, to establish willful infringement, a patentee **must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.** . . . The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*Id.,* slip op. at 12 (emphases added). As such, Lucent cannot establish willful infringement without clear and convincing evidence of objective recklessness. But here there is none.

### III. ARGUMENT

Despite the voluminous factual record developed in this case over more than four years, Lucent cannot point to *any* evidence of objective recklessness on the part of Dell, much less *clear and convincing* evidence of the same. Exactly the opposite is the case. *Seagate* established that Lucent has to show that Dell engaged in the accused activity "despite an objectively high likelihood that its actions constituted infringement" of a valid Lucent patent. *See id.*, slip op. at 12. The record shows otherwise.

On the patents remaining for trial, for example, Lucent has either not moved for summary judgment on Dell's invalidity and non-infringement defenses, or has so moved and had its motion denied. Thus, by Lucent's own implicit concession and the Court's rulings, a reasonable jury could find that Dell does not infringe a valid patent. That on its face refutes that Dell's conduct was

objectively reckless, especially when viewed through the lens of the clear and convincing evidence standard.

**IV.    CONCLUSION**

Based on the foregoing, Dell respectfully requests that partial summary judgment of no willful infringement be granted with respect to the asserted claims of U.S. Patent Nos. 4,958,226; 4,383,272; 5,347,295; 4,736,356; and 4,439,759.

September 10th, 2007

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By:   s/ Joseph A. Micallef
Joseph A. Micallef
joseph.micallef@aporter.com
Attorney for Dell Inc.