1  John E. Gartman (SBN 152300)
   Juanita R. Brooks (SBN 75934)
2  Roger A. Denning (SBN 228998)
   Christopher S. Marchese (SBN 170239)
3  Lara S. Garner (SBM 234701)
   Fish & Richardson P.C.
4  12390 El Camino Real
   San Diego, California 92130
5  Telephone:   (858) 678-5070
   Facsimile:   (858) 678-5099
6
   Stephen P. McGrath (SBN 202696)
7  Microsoft Corporation
   One Microsoft Way
8  Redmond, WA 98052
   Telephone:   (425) 882-8080
9  Facsimile:   (425) 936-7329

10 Attorneys for Intervenor/Counter-claimant
   and Plaintiff/Counter-defendant
11 MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervenor and Counter-claimant, | Case No. 02-CV-2060 B (CAB) consolidated with<br>Case No. 03-CV-0699 B (CAB) and<br>Case No. 03-CV-1108 B (CAB)<br><br>**REPLY IN SUPPORT OF MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT OF THE ASSERTED CLAIMS OF U.S. PATENT NOS. 4,958,226; 4,383,272; 5,347,295; AND 4,763,356**<br><br>[REDACTED]<br><br>Judge Marilyn L. Huff<br><br>Hearing: October 19, 2007, 1:30 p.m.<br>Location: Courtroom 13, 5th Floor |
| MICROSOFT CORPORATION,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>Defendant and Counter-claimant, | |

LUCENT TECHNOLOGIES INC. and
MULTIMEDIA PATENT TRUST,

    Plaintiff,

v.

DELL, INC.,

    Defendant.

## I. INTRODUCTION

There are five patents-in-suit. Microsoft has never been accused of *infringing* two of them – the '759 and '272 – so any allegation of *willful* infringement of those patents by Microsoft does not even make sense. As to a third – the '295 – Lucent admits in a footnote of its opposition brief, after five years of litigation, that it will not pursue any claim of "willful" infringement against Microsoft.

That leaves the '356 and '226 patents. For each of them, Lucent must prove, clearly and convincingly, that there was an "objectively high likelihood that [Microsoft's] actions constituted infringement of a valid patent." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Lucent must also prove that Microsoft was "reckless" – that this objectively-defined risk of infringement was known to Microsoft or was so obvious that it should have been known. *Id.* And Lucent's accusations, "must necessarily be grounded exclusively in [Microsoft's] pre-filing conduct." *Id.* at 1374.

Lucent has completely failed to meet its high, objective burden. Regarding the '356 patent, this Court has already rejected Lucent's claims that the evidence is objectively lopsided – finding substantial, triable issues on both infringement and validity. And this Court granted summary judgment of no infringement of nine of the eleven claims of the '356 patent that Microsoft was accused of infringing. [Doc. No. 1240.] Apart from this, the supposed evidence that Lucent cites shows, at most, that Microsoft was aware of the '356 patent a mere two months before Microsoft was effectively involved in litigating the patent.

For the '226 patent, the only admissible evidence Lucent cites to support its contention that there was an objectively high likelihood of infringement is Lucent's expert reports on

infringement. But those are merely allegations. Indeed, even if the jury were to accept those views over the diametrically-opposed views of Microsoft's experts, "[w]illful infringement is not established by the simple fact of infringement, even where the accused has knowledge of the patents." *Cohesive Techs., Inc. v. Waters Corp.*, 98-12308-DPW, 99-11528-DPW, 01-12307-DPW, 2007 WL 2746805, *16 (Aug. 31, 2007 D. Mass.). Furthermore, the only prelitigation evidence that Lucent has identified with regard to the '226 patent fail even to identify any accused technology. Thus Lucent has also failed to meet its additional burden of showing Microsoft knew or should have known it was taking a "reckless" approach.

Lucent has identified no evidence that would support the conclusion that Microsoft's conduct was reckless with respect to any of the patents-in-suit and Microsoft is entitled to summary judgment of no willful infringement. With respect to the '295 and '272 patents, Lucent must concede there is no willful infringement. With respect to the '356, and '226 patents, on the other hand, much of the evidence that Lucent identifies is irrelevant to the question of willfulness because it relates to information received by Microsoft after litigation began. As *In re Seagate* noted, "willful infringement in the main must find its basis in prelitigation conduct." The supposed evidence that Lucent identifies is insufficient as a matter of law.

## II.    ARGUMENT

### A.    Microsoft is entitled to summary judgment of no willful infringement of United States Patent No. 5,347,295

Rather than meet its obligation under Local Rule 7.1.f.3.a. to file a written statement that it does not oppose Microsoft's motion regarding the '295 patent, Lucent states in a footnote that it "does not intend to pursue allegations of willful infringement with respect to U.S. Patent Nos. 4,439,759 and 5,347,295."[1] Microsoft is entitled to summary judgment of no willful infringement of the '295 patent.

---

[1] Lucent has not accused Microsoft of infringement of U.S. Patent No. 4,439,759.

**B.   Microsoft is entitled to summary judgment of no willful infringement of United States Patent No. 4,383,272**

Lucent's Complaint does not even allege that Microsoft infringes the '272 patent, which expired on April 13, 2001, long before this lawsuit was filed. [Doc. No. 935.] There can be no willful infringement without infringement. Microsoft is entitled to summary judgment.

**C.   Microsoft is entitled to summary judgment of no willful infringement of United States Patent No. 4,763,356**

**1.   Lucent cannot show an objectively high likelihood of infringement of a valid patent where this Court has held there are genuine issues of fact regarding *both* infringement *and* validity**

Lucent cannot prove, much less clearly and convincingly, that Microsoft was "reckless" in the face of an "objectively high likelihood that its actions constituted infringement of a valid patent," *Seagate*, 497 F.3d 1360, where this Court has found that there are genuine issues of material fact with respect to ***both*** the question of whether the '356 patent is valid ***and*** the question of whether it is infringed by ***any*** Microsoft product.[2]

The only accused Microsoft product that was identified to Microsoft in any of the evidence Lucent cites was Microsoft Outlook. But Microsoft's motion for summary judgment of no infringement by Outlook under the doctrine of equivalents was granted. [Doc. No. 1813 at 6.] Additionally the Court denied Lucent's motion for summary judgment of literal infringement. "Thus, at minimum there remains a question of fact as to whether Outlook's date-picker literally meets the composition tool limitation of the claim." [*Id.* at 5.] With regard to all of the remaining accused Microsoft products, the Court found that whether the accused products satisfy "the 'indicating' and 'concurrently displaying' features…raises an issue of material fact" and that Lucent is not entitled to summary judgment of infringement. [*Id.* at 7.] Moreover, the Court granted summary judgment of no infringement by any Microsoft product of nine claims of the '356 patent – all but two of the claims that Microsoft has been accused of infringing. [Doc. No. 1240.]

---

[2] Microsoft's expert has concluded both that the '356 patent is invalid in light of numerous prior art references individually and in combination and that no accused Microsoft product infringes the '356 patent. [*See* Doc. No. 975, Declaration of Jeffery Plies, Ex. 3; Doc. No. 1081, Declaration of Shekhar Vyas, Ex. C.]

Lucent also moved this Court for summary judgment that the '356 patent is not invalid due to anticipation by three pieces of prior art identified by Microsoft. The Court found genuine issues of fact as to whether or not the '356 patent was valid in light of *each* of those three prior art systems *individually*. [Doc. No. 1975 at 6-8.] Moreover, even if it is ultimately concluded that these references are not invalidating, Microsoft believes, and Microsoft's expert has opined, that the '356 patent is obvious in light of combinations of these and other prior art references – an issue on which Lucent has not even tried to move for summary judgment. "A substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness..." *Seagate* at 497 F.3d at 1374. Here there is a substantial question about both and Microsoft is entitled to summary judgment on this basis alone.

    **2.    Lucent cannot show that an objectively-defined risk of infringement either was known to Microsoft or was so obvious that it should have been known**

Reading Lucent's opposition one would think the standard for willfulness had not changed. The standard for willful infringement is no longer whether Microsoft met a duty of due care – there is no such duty. *Seagate* 497 F.3d at 1371 ("[W]e abandon the affirmative duty of due care"). Lucent's supposed evidence of knowledge *of an objectively high likelihood of infringement of a valid patent* is, in actually, no more than mere evidence of knowledge *of the patent*.

The sum total of the evidence Lucent cites in support of its contention that Microsoft was recklessness with regard an objectively high likelihood of infringement of a valid patent with regard to the '356 patent is 1) a letter from Lucent's licensing agent received by Microsoft long after Microsoft was effectively involved in litigation regarding the '356 patent because Lucent had sued Microsoft's customer and co-defendant Gateway for infringement of the '356 patent, 2) an email to Microsoft received just two months before Lucent sued Gateway for infringement of the '356 patent and 3) a few pages of the deposition testimony of a single witness. [Doc. No. 2119 at 10-11.][3]

---

[3] Lucent's Opposition, served just days ago, was the first notice Microsoft had of Lucent's intent to rely on any deposition testimony to support its allegation of willfulness in violation of Federal Rule of Civil Procedure 37(c). Lucent has made no mention of any witness testimony in response

Lucent sued Gateway, Microsoft's customer and co-defendant in this case, for infringement of the '356 patent in June of 2002. As a matter of routine, Gateway sought contractual defense and indemnification from Microsoft against Lucent's infringement charges under a contract between Microsoft and Gateway. As such Microsoft was effectively involved in litigating the '356 patent from that point forward. The letter from Lucent's licensing agent, Thinkfire ("the Thinkfire letter"), was received by Microsoft much later in January of 2003.

Lucent contends that the letter

[*Id*. at 10.] The letter did no such thing and this Court has found as much.

In fact the letter fails to name a single Microsoft product. In concluding that Lucent was not entitled to summary judgment that the Thinkfire letter constituted actual notice to Microsoft, the Court found "the absence of sufficient identity of the accused products to be persuasive in precluding summary judgment." [Doc. No. 1230.]

*See* Malz Decl., Ex. 21.[4] Lucent mischaracterizes the testimony of Microsoft's witness Mr. Weresh stating that

[Doc. No. 2119 at 10.] In fact, Mr. Weresh testified that

[Malz Decl., Ex. 12 at 49-50.] When Mr. Weresh was asked

[*Id*. at 52-53.] The evidence

---

to Microsoft's request during discovery that Lucent "[e]xplain in detail, by identifying and referring to all of the documents, testimony, and other evidence on which Lucent relies, the bases for Lucent's contentions that Microsoft has willfully infringed each of the Patents-in-Suit." *See* Declaration of John E. Gartman in support of Microsoft's Motion for Partial Summary Judgment of No Willful Infringement, Exhibit 1.

[4] References to "Malz Decl." refer to the Declaration of Jordan N. Malz in support of Lucent's Opposition.

Lucent cites is insufficient to show that Microsoft was reckless in the face of an objectively high likelihood that its actions constituted infringement of a valid patent.

### D. Microsoft is entitled to summary judgment of no willful infringement of United States Patent No. 4,958,226

Ignoring the new legal standard of willfulness, Lucent misrepresents the facts and the law in an attempt to muddy the water and avoid summary judgment. When Lucent's position is stripped clean, it becomes clear that it cannot show an objectively high likelihood of infringement and certainly cannot prove that Microsoft knew about an objectively high likelihood of infringement prior to suit. In fact, the evidence that Lucent has identified is a considerably weaker subset of that presented and argued during the Group 2 (Audio) trial at the conclusion of which, this Court found that Lucent's evidence of willfulness was insufficient as a matter of law under the prior negligence standard and not the higher recklessness standard.

#### 1. Lucent has no evidence of an objectively high likelihood of infringement of a valid patent

Lucent offers three flawed arguments to support its position that an objectively high likelihood of infringement exists.

First, Lucent asserts that there is an objectively high likelihood of infringement because Lucent was able to hire experts who opined that the patent is valid and infringed. If that were sufficient, then every patentee would be entitled to bring a claim of willfulness. Moreover, that is not the test identified by the Federal Circuit in *Seagate*. In *Seagate,* the Federal Circuit stated that "[a] substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness..." *Seagate* at 497 F.3d at 1374. The mere fact that Lucent's experts have opined (against Microsoft's diametrically-opposed experts)[5] that the '226 patent is valid and infringed is both unremarkable and insufficient. Again, even if the jury were to accept those views instead of the views of Microsoft's experts, "[w]illful infringement is not established by the simple fact of infringement, even where the accused has

---

[5] Microsoft's Expert has concluded that the '226 patent is both invalid and not infringed. [*See* Garner Decl., Exs. 3, 4; *see also* Exhibit C to May 7, 2007 Declaration of Chris Marchese in support of Microsoft's Reply in Support of Microsoft's Reply to MPT's Opposition to Motion for Summary Judgment of Noninfringement of U.S. Patent No. 4,383,272].

knowledge of the patents." *Cohesive Techs.*, 98-12308-DPW, 99-11528-DPW, 01-12307-DPW, 2007 WL 2746805, at *16.

Defendants moved this Court for invalidity of the '226 patent. [August 4, 2006 Motion of Dell Inc. for Summary Judgment on the Asserted Claim of U.S. Patent No. 4,958,226 to Haskell, et. al.] Although the defendants' motions were not granted, they evidence, at a minimum, a substantial question of validity of the '226 patent. Moreover, Lucent's failure to move for summary judgment regarding either validity or infringement demonstrates, at a minimum, that even Lucent itself recognized it had no choice but to concede there are substantial questions regarding both validity and infringement. Lucent simply has nothing to say on the validity issue – and for that reason alone Microsoft's motion must be granted.

Second, Lucent points to a letter by an attorney, Kenneth Rubenstein, for the proposition that the '226 patent is "essential to the MPEG-2 video coding standard." [Doc. No. 2119 at 7.] But the Rubenstein letter is clearly hearsay and unavailable to Lucent for purposes of this motion or at trial.[6] FRCP 56(e)("shall set forth such facts as would be admissible in evidence"); FRE 801(c) and 802. Furthermore, the Rubenstein letter is legally irrelevant because

[Malz Decl., Ex. 25.]

[Declaration of Lara S. Garner ("Garner Decl."), Ex. 1, at 144-146.] Accordingly, this Court should disregard all of Lucent's irrelevant assertions based upon the content of the Rubenstein letter.

Finally, Lucent points to this Court's summary judgment Order, for the proposition that "[t]he parties do not dispute that the ['226] patent[] [is] essential to the MPEG-2 standard." [Doc. No. 2119 at 7.] The Court's Order is not evidence and does not accurately reflect Microsoft's position. Microsoft has disputed and continues to dispute that the patent is essential. [*See, e.g.*, Microsoft's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 4,958,226 of August 4, 2006 (Microsoft has argued in the alternative that *if* it is found to infringe that it is licensed under a license from MPEG-LA.)]

---

[6] As will be discussed below, there is *no* evidence that Microsoft was even aware of the letter.

Because Lucent cannot prove that Microsoft's actions posed an objectively high likelihood of infringing a valid patent, Microsoft's motion for summary judgment of no willfulness should be granted.

### 2. Lucent cannot show that an objectively-defined risk of infringement either was known to Microsoft or was so obvious that it should have been known

Lucent's analysis is legally flawed because it is premised on information Microsoft learned of only *after this suit* was filed. The Federal Circuit in *Seagate* clearly stated that, "a willfulness claim asserted in the original complaint must necessarily be *grounded exclusively in the accused infringer's pre-filing conduct*." *Seagate* at 497 F.3d at 1374 (emphasis added). Microsoft cannot be found to willfully infringe on the basis of anything Microsoft learned after April 9, 2003 – the day Lucent counterclaimed and accused Microsoft of willful infringement. [Doc. No. 935.] The only information Microsoft had presuit, the Thinkfire letter and a letter from Dell , fail to even give Microsoft notice of infringement, much less convey that the likelihood of infringement was objectively high.[7] The Rubenstein letter, the expert reports discussed above, and Microsoft's MPEG-LA license are legally irrelevant because Microsoft did not know any of that information prior to Lucent's claim of willful infringement.

Lucent points to the Rubenstein letter to show that the objectively-defined risk of infringement was known to Microsoft. But the Rubenstein letter is irrelevant because Microsoft did not know about it prior to Lucent's claim of willful infringement. Indeed, Microsoft still does not know about the Rubenstein letter. Lucent produced it with the designation Outside Counsel Only under the protective order and the front of the letter is stamped "Confidential Material: Do Not Disclose." Accordingly, Microsoft's outside counsel is not permitted to disclose it to Microsoft. Moreover, Lucent had the temerity to state that the '226 patent was "was *publicly determined*... to be essential to the MPEG-2 standard," while simultaneously asking this Court to

---

[7] Microsoft's motion for no willful infringement as it relates to the WMV-9 software (also known as VC-1 software) must be granted. Lucent has offered no evidence that Microsoft knew or should have know that its WMV-9 software posed an objectively high likelihood of infringement *prior to Lucent filing suit*. In fact, Lucent did not assert infringement claims against Microsoft's WMV-9 software until the fall of 2005, roughly 2 years after the initial suit was filed. [Garner Decl., Ex. 2.]

seal the very document Lucent cites for that proposition. [Doc. No. 2119 at 6-7; Ex. 25 to MPT's Opp.] Thus, the Rubenstein letter is irrelevant to the willfulness inquiry.

Similarly, the expert reports that Lucent cites did not exist prior to suit. [Doc. No. 2119 at 4.] So Lucent cannot rely on them to show that Microsoft knew of the objectively-defined risk of infringement. The expert reports are, therefore, also irrelevant.

Lucent asserts a flawed syllogism that because Microsoft took a license to some MPEG-2 patents, Microsoft must have know that they needed a license to the '226 patent.[8] But Lucent presents no evidence which suggests that Microsoft knew that the '226 patent was even related to MPEG-2 prior to Lucent's claim of willful infringement. Moreover, Microsoft took a license from MPEG-LA in the middle of this lawsuit. The MPEG-LA license is therefore irrelevant to the presuit inquiry mandated by the Federal Circuit in *Seagate*.

The Thinkfire letter cannot establish that Microsoft knew there was an alleged "objectively high risk of infringement." Lucent sued Gateway, Microsoft's customer and co-defendant in this case, for infringement of the '226 patent in June of 2002. As was noted above, Gateway demanded contractual defense and indemnification from Microsoft against Lucent's infringement charges under a contract between Microsoft and Gateway, so Microsoft was effectively involved in litigating the '226 patent from that point forward. The Thinkfire letter was received by Microsoft much later in January of 2003.

[Malz Decl., Ex.19 at 2.] As was noted above, in concluding that Lucent was not entitled to summary judgment that the Thinkfire letter constituted actual notice to Microsoft, the Court found "the absence of sufficient identity of the accused products to be persuasive in precluding summary judgment." [Doc. No. 1230.]

---

[8] Lucent contends that this is also true regarding the '272 – which is expired and which it has not accused Microsoft of infringing.

Lucent also cites to a letter from Dell to Microsoft [Malz Decl. Ex. 14.]

[*Id.*] Like the Thinkfire letter, this letter is missing sufficient detail to even put Microsoft on notice of infringement. There is simply no information in the letter on the basis of which it could be found that Microsoft knew or should have known of "an objectively high risk of infringement."

Indeed, Lucent's alleged evidence in support of its willfulness case is substantially weaker than the evidence Lucent lost on in the Group 2 (Audio) trial. During the Group 2 (Audio) trial, Lucent argued that Microsoft was willful regarding the Audio patents on the grounds that 1) the published MP3 Standard listed AT&T as a patent-holder, 2) Microsoft's license from Fraunhofer stated that it did not convey rights to some third-party patents, 3) Microsoft was notified by its customers Dell and Gateway that Lucent had contacted them regarding the patents-in-suit, and 4) in January of 2003 Microsoft was contacted by Lucent's agent Thinkfire. [February 14, 2007 Group 2 Trial Tr. at 115:9-116:25).]

Regarding '226 patent, Lucent points to even lesser evidence for arguments 1 and 3; the second argument has no relevance whatsoever. Lucent, of course, offered expert opinions in the Group 2 trial. And in contrast to the secret Rubenstein letter, the MP3 Standard actually *was* public. Lucent's supposed evidence here is weaker than that argued in the Group 2 (Audio) trial. Furthermore, the Group 2 trial decision of no willful infringement was based on the weaker negligence standard that existed prior to the Federal Circuit's decision in *Seagate*. Lucent could not prevail on the evidence presented in the Group 2 trial and they cannot prevail here.

### III. CONCLUSION

For all of the above reasons Microsoft respectfully requests that partial summary judgment of no willful infringement be granted with respect to the asserted claims of U.S. Patent Nos. 5,347,295; 4,383,272; 4,736,356; and 4,958,226.

Dated: October 12, 2007                    FISH & RICHARDSON P.C.


By: /s/ Lara S. Garner
    John E. Gartman (SBN 152300)
    Juanita R. Brooks (SBN 75934)
    Roger A. Denning (SBN 228998)
    Christopher S. Marchese (SBN 170239)
    Lara S. Garner
    lgarner@fr.com

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 12, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

　　　　　　　　　　　　　　　　　　/s/ Lara S. Garner
　　　　　　　　　　　　　　　　　　Lara S. Garner
　　　　　　　　　　　　　　　　　　lgarner@fr.com

　　　　　　　　　　　　　　　　　　Attorney for Intervenor/Counter-claimant
　　　　　　　　　　　　　　　　　　and Plaintiff/Counter-defendant
　　　　　　　　　　　　　　　　　　MICROSOFT CORPORATION