# EXHIBIT 2

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Robert A. Appleby
To Call Writer Directly:
212 446-4762
rappleby@kirkland.com

212 446-4800

www.kirkland.com

Facsimile:
212 446-4900
Dir. Fax: 212 446-4900

October 12, 2005

The Honorable William McCurine, Jr.
United States District Court for the
 Southern District of California
940 Front Street
Suite 1171
San Diego, California 92101

      Re:    *Lucent v. Gateway Inc., et al.*, Case No. 02-CV-2060 B (WMc);
             consolidated with Case No. 03-CV-0699 B (WMc); and
             Case No. 03-CV-1108 B (WMc)

Dear Judge McCurine:

      Pursuant to the Court's October 5, 2005 Order, Lucent respectfully submits this letter brief in support of its request for discovery concerning Windows Media Video 9 ("WMV-9") and in opposition to Microsoft's self-styled motion "to exclude WMV9 from the case." While the basis for Microsoft's motion is unclear[1], the proper outcome is not. Microsoft's latest effort to derail basic discovery regarding Microsoft's accused video-coding products should be rejected.

      Despite Microsoft's suggestions to the contrary, there is nothing "new" about the discovery Lucent seeks regarding Microsoft's WMV-9 video codec. Lucent served discovery requests for technical documents relating to the video codecs employed by Microsoft's accused

---

[1] Despite the Court's repeated admonitions to the parties, Microsoft made no effort to meet and confer with Lucent before bringing its motion. Rather, by e-mail dated October 4, 2005, Microsoft provided Lucent with less than 24 hours notice that Microsoft had unilaterally scheduled a telephonic hearing "to discuss briefing for a motion by Microsoft to exclude WMV9 from the case." (Ex. 1) Although counsel for Microsoft attempted to argue the merits of its motion during the October 5, 2005 telephonic hearing, the legal and factual bases for that motion — and the precise nature of the relief Microsoft seeks — remain unclear.

Chicago     London     Los Angeles     Munich     San Francisco     Washington, D.C.

Exhibit 2 Page 8

## KIRKLAND & ELLIS LLP

The Honorable William McCurine, Jr.
October 12, 2005
Page 2

software products, including the WMV-9 codec, nearly 20 months ago. Indeed, Microsoft's failure to produce those documents is already the subject of a pending motion to compel. Furthermore, the sole ground on which Microsoft has long refused to produce WMV-9 documents — the absence of an interrogatory response detailing Lucent's infringement contentions regarding WMV-9 — was both meritless to begin with and mooted several weeks ago. Because Microsoft does not — and cannot — contest the relevance of the WMV-9 documents that Lucent seeks, Microsoft should be ordered to produce those documents without further delay.

Likewise, the WMV-9 codec is not a "new" accused product in this case. Lucent long ago identified Microsoft's Windows Media Player software as an accused product. Windows Media Player, in turn, incorporates and uses the WMV-9 codec. Thus, in seeking discovery regarding the WMV-9 codec, Lucent is merely attempting to investigate the operation of a product that has been accused of infringement since the outset of this litigation. And although Lucent's initial infringement contentions concerning the Windows Media Player product specifically recited its use of MPEG video-coding technology, a recently obtained article authored by Microsoft engineers acknowledges that the WMV-9 codec — which Microsoft developed in secret — is similar in relevant aspects to that MPEG technology. In light of that concession, Microsoft's attempt to portray the WMV-9 codec as an entirely "new" accused product is, like its refusal to produce WMV-9 documents, baseless.[2]

Furthermore, even if the WMV-9 codec could be considered a newly accused product — which it is not — no legal or logical basis exists to bar Lucent from conducting discovery on WMV-9. Under Rule 26(e), Lucent promptly amended its contention interrogatory response to provide a detailed explanation of the WMV-9 codec's role in Microsoft's infringement as soon as Lucent obtained information allowing it to provide those details. Had Microsoft not wrongfully withheld information regarding its proprietary WMV-9 codec, Lucent would have supplemented its interrogatory response sooner. In any event, because Lucent updated its contention interrogatory response four months before the close of fact discovery, nine months before the close of expert discovery, and fifteen months before trial, an order foreclosing discovery is entirely unjustified.

Finally, discovery regarding the WMV-9 codec will not unduly burden Microsoft. Ample time remains before the close of discovery for Microsoft to collect and produce documents regarding WMV-9. Microsoft can produce the most pertinent discovery — source

---

[2] In light of the similarity between WMV-9 and the MPEG codecs discussed in Lucent's initial interrogatory responses, Microsoft's prolonged stonewalling of WMV-9 discovery can only be viewed as a strategic effort to conceal the full extent of its infringement.

Exhibit 2 Page 9

**KIRKLAND & ELLIS LLP**

The Honorable William McCurine, Jr.
October 12, 2005
Page 3

code for the WMV-9 codec — in a matter of days. Indeed, since Microsoft has yet to produce *any* electronic source code for *any* accused products, Microsoft can simply produce electronic WMV-9 source code when it produces the remainder. Given the apparent similarity between the WMV-9 codec and other video codecs at issue in this case, such discovery will not significantly complicate this action.

In short, this Court should not endorse Microsoft's efforts to dodge infringement liability by simply refusing to produce documents regarding relevant features of the accused video products. Microsoft's motion should be denied, and Microsoft should be ordered to proceed with documentary and testimonial discovery regarding the WMV-9 codec.

I.   **Lucent's Discovery Requests Regarding WMV-9 Have Been Timely**

In its current posture, this consolidated action involves two Lucent patents directed to video-coding technology: U.S. Patent No. 4,958,226 ("the Haskell '226 Patent") and U.S. Patent No. 4,383,272 ("the Netravali '272 Patent"). On March 24, 2004, Lucent served a contention interrogatory response explaining that certain Microsoft software products, including Windows Media Player, infringe Lucent's video-coding patents. (Ex. 2 at 5, Att. A, pp. 1-5, Att. B, pp. 1-7) Windows Media Player software incorporates and/or uses a number of different codecs that practice the inventions claimed in Lucent's video-coding patents, such as MPEG-1, MPEG-2, and WMV-9. Lucent supplemented its original contention interrogatory response on May 27, 2004, presenting a detailed analysis of Windows Media Player's infringement through reference to its use of the MPEG-1 and MPEG-2 codecs, the codecs for which detailed information was publicly available. (Ex. 3 at 3, Att. A, pp. 1-29, Att. B, pp. 1-50) Although Lucent strongly suspected that Windows Media Player also infringed through its use of the WMV-9 codec, at the time Lucent lacked detailed information about the operation of the WMV-9 codec — a proprietary codec developed by Microsoft in secret — and was therefore unable to include a detailed analysis of WMV-9 in its early contention interrogatory responses.

On February 24, 2004, Lucent served a series of document requests on Microsoft calling for the production of source code and other documents describing the operation of the WMV-9 codec. (*See* Ex. 4 at Requests Nos. 56, 57, 59, 72) In response, Microsoft steadfastly refused to produce discovery regarding the WMV-9 codec (or any other non-MPEG codec), contending that Lucent was required to "accuse" WMV-9 in its contention interrogatory response before obtaining discovery on that codec. (Ex. 5 at 10) After unsuccessfully attempting to negotiate a resolution with Microsoft, Lucent approached this Court for assistance in securing Microsoft's production of documents relating to WMV-9 and other codecs used by Windows Media Player. (Ex. 6 at 5; Ex. 7 at 5-6) That dispute is still pending before this Court.

In August 2005, Lucent discovered an article regarding the WMV-9 codec that was published in the past year and authored by several Microsoft engineers. (Ex. 8) Based on the information in that article, Lucent promptly amended its contention interrogatory response under Rule 26(e) to explain in detail how Windows Media Player infringes the Haskell '226 patent

Exhibit 2 Page 10

**KIRKLAND & ELLIS LLP**

The Honorable William McCurine, Jr.
October 12, 2005
Page 4

through its use of the WMV-9 codec. (Ex. 9) Is so doing, Lucent eliminated the lone ground on which Microsoft had long refused to provide WMV-9 discovery. (Ex. 10) Rather than produce that discovery, however, Microsoft now baselessly asks this Court "to exclude WMV9 from the case." (Ex. 1)

### II. WMV-9 Is Not A "New" Accused Product Into This Case

Notwithstanding Microsoft's self-serving allegations, Lucent did not accuse a "new" product by addressing WMV-9 in its supplemental interrogatory response. From the outset, Lucent has contended that Microsoft's Windows Media Player software infringes Lucent's video-coding patents. The WMV-9 codec is both part of Windows Media Player and used by Windows Media Player to decode digital video. As such, Lucent merely seeks technical information regarding the operation of a product that has been accused since at least March 2004.

Contrary to Microsoft's assertions, the fact that Lucent's initial contention interrogatory responses addressed Windows Media Player's infringement by discussing its use of the MPEG-1 and MPEG-2 codecs has no bearing here. Lucent provided its original interrogatory responses based on information then available, relying on public documents regarding the MPEG-1 and MPEG-2 standards. But nothing in the Federal Rules or patent jurisprudence restricts a patentee's theories of infringement to only that information known before the filing of a patent-infringement complaint. And in any event, the recently discovered WMV-9 article reveals that the WMV-9 codec is similar to the MPEG codecs in those aspects relevant to this case. Thus, Microsoft is not seeking to exclude a "new" accused product, but rather to conceal the extent of its infringement through the manufacture and sale of a product already accused. Because information regarding the operation of the WMV-9 codec is indisputably relevant to Lucent's claim for patent infringement, Microsoft's motion should be denied.

### III. Even If WMV-9 Could Be Considered A "New" Accused Product, No Basis Exists To Exclude WMV-9 From The Case

Even assuming for the sake of argument that the WMV-9 codec could fairly be considered a "new" accused product, no legal basis exists to foreclose discovery regarding WMV-9, let alone bar Lucent from pursuing infringement claims related to the WMV-9 codec. Lucent promptly updated its contention interrogatory response as soon as it obtained sufficient information to provide a detailed explanation of the WMV-9 codec's role in Microsoft's infringement, with four months still remaining in the fact discovery period. In so doing, Lucent violated no court order, federal or local rule, or agreement between the parties. Nor has Lucent acted with any dilatory or strategic motive. Simply put, there is nothing improper about the timing of Lucent's supplemental interrogatory response.

Moreover, courts have long recognized that contention interrogatories are *better* answered or amended near the end of fact discovery. *In re Convergent Technologies Sec. Litig.*,

Exhibit 2 Page 11

## KIRKLAND & ELLIS LLP

The Honorable William McCurine, Jr.
October 12, 2005
Page 5

108 F.R.D. 328, 336-38 (N.D. Cal. 1985) ("Thus there is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."). Because Lucent seasonably supplemented its contention interrogatory response under any standard, Microsoft's motion to foreclose WMV-9 discovery should be denied, regardless of whether this Court views WMV-9 as a "newly accused product."

### IV. The WMV-9 Discovery Sought By Lucent Will Not Unduly Burden Microsoft

Microsoft can point to no undue burden justifying a bar on WMV-9 discovery while several months still remain before the close of fact discovery. As an initial matter, Lucent bears no responsibility for Microsoft's decision to ignore its WMV-9 discovery obligations until the relative end of the fact discovery period. Because Lucent first requested discovery regarding the WMV-9 codec more than a year ago, Microsoft has had abundant time to gather relevant documents. Moreover, fact discovery remains open until January 13, 2006, so Microsoft *still* has ample opportunity to comply fully with Lucent's discovery requests.

In that regard, Microsoft offers nothing but attorney rhetoric to suggest that discovery regarding the WMV-9 codec will consume substantial resources or significantly complicate this action. Complying with Lucent's request for production will involve little more that producing the source code for the WMV-9 codec and related technical documents. Microsoft knows exactly where it keeps the WMV-9 source code, and can produce that code without significant expense. Indeed, because Microsoft has yet to produce *any* electronic source code, Microsoft can efficiently produce the WMV-9 source code in electronic form at the same time and in the same manner that it produces other relevant source code. As for depositions, Lucent anticipates that it will be able to obtain most of the deposition testimony it needs through previously noticed depositions that — as counsel for Microsoft noted during the October 5, 2005 telephonic hearing — will go forward regardless of whether discovery proceeds on WMV-9.

Finally, any suggestion that discovery regarding the WMV-9 codec will introduce undue complexity into this case is belied by the limited WMV-9 information Lucent has been able to obtain through public sources. That information indicates that the WMV-9 codec operates like other disputed codecs, such as MPEG-1 and MPEG-2, with respect to relevant functions including block-based processing, motion compensation, and the use of both uni- and bi-directional prediction. (*See* Ex. 8 at LUC 1263629 ("The [WMV-9] codec uses a block-based motion compensation and spatial transform scheme which, at a high level, is similar to all popular video compression standards since MPEG-1 and H.261."); *id.* at LUC 1263640 ("Video codecs use bi-directional or B-frames, which employ motion estimation and compensation from both forward and backward directions. Broadly speaking, the operation of B-frames in WMV-9

Exhibit 2 Page 12

**KIRKLAND & ELLIS LLP**

The Honorable William McCurine, Jr.
October 12, 2005
Page 6

is broadly similar to that in MPEG . . .")) Discovery regarding WMV-9 will therefore have little impact on the parties' infringement analyses or preparation for trial.[3]

For the foregoing reasons, Lucent respectfully requests that this Court deny Microsoft's motion to foreclose discovery regarding the WMV-9 codec, and instead enter an order compelling Microsoft to produce electronic source code and other technical documents describing the operation of the WMV-9 codec.

Respectfully submitted,

Robert A. Appleby

RAA/md
Attachments

---

[3] The fact that claim construction proceedings have been concluded in this action does not support Microsoft's motion. To the contrary, Lucent could not legitimately have been expected to provide final infringement contentions before claim construction for the video-coding patents was completed in July 2005. Nor would Lucent's supplemental contention interrogatory response have impacted the claim-construction process. After all, the parties in this action identified disputed claim terms for construction months before Lucent's *original* contention interrogatory response was due. And in any event, "[i]n claim construction the words of the claims are construed *independent of the accused product*, in light of the specification, the prosecution history, and the prior art." *Embrex, Inc. v. Service Eng'g Corp.*, 216 F.3d 1343, 1347 (Fed. Cir. 2000), quoting *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir.1991) (emphasis added).

Exhibit 2 Page 13