# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

153 East 53rd Street
New York, New York 10022

Paul A. Bondor
To Call Writer Directly:
212 446-4823
pbondor@kirkland.com

Facsimile: 212 446-4900

October 24, 2007

Nancy Pruitt
Clerk's Office
United States District Court for the
Southern District of California
880 Front Street, Room 4290
San Diego, CA 92101

    Re: *Lucent Technologies Inc. v. Gateway Inc., et al.*, Case No. 02-CV-2060 B (CAB); consolidated with Case No. 03-CV-0699 B (CAB); and Case No. 03-CV-1108 B (CAB)

      Response to Declarations in Support of Microsoft's Group II Bill of Costs

Dear Ms. Pruitt:

  I write in response to the materials Microsoft submitted on October 19, 2007 in connection with the consultant fees it seeks in its Group II Bill of Costs. As you may recall, Microsoft's submissions in support of its bill of costs did not establish that the hours billed by Ryan Andrews, Gerald Hines, and Kyle Huston were properly taxable as costs. Accordingly, in the Court's October 12, 2007 Minute Entry after the hearing on Microsoft's bill of costs, the Court directed Microsoft to file "declarations of Mr. Andrews and Kyle Huston regarding the invoices involving the charges for demonstratives." (D.I. 2134) Because the statements by Gerald Hines and Kyle Huston submitted by Microsoft in response to that order are insufficient to support the requested costs, the Court should not tax them.

  First, the statements are insufficient because they do not state that they were made "under penalty of perjury," as required by 28 U.S.C. § 1746 and the Local Rules. Civ. L.R. 1.1(e)(7) ("'Declaration' includes any declaration under penalty of perjury executed in conformance with 28 U.S.C. § 1746."). Nor is that shortcoming a mere formality—statements that do not comply with the statutory requirements of § 1746 are of "no evidentiary value." *HiRel Connectors, Inc. v. United States*, No. CV01-11069, 2006 WL 3618010, at *5 n.8 (C.D. Cal. Apr. 3, 2006); *see also Bourne v. Town of Madison*, 494 F. Supp. 2d 80, 91 n.5 (D.N.H. 2007). In light of that fundamental deficiency in Microsoft's submissions, Microsoft has not presented evidence sufficient to demonstrate that the fees of Mr. Andrews, Mr. Hines, or Mr. Huston are taxable as costs.

## KIRKLAND & ELLIS LLP

Nancy Pruitt
October 24, 2007
Page 2

      Second, even looking past that fatal statutory flaw, Microsoft's submissions are also insufficient on their face with respect to Microsoft's request to recover any amount allegedly attributable to Mr. Andrews' bills. Microsoft did not provide any statement, either sworn or unsworn, from Mr. Andrews. Instead, Microsoft submitted a statement from Mr. Hines providing Mr. Hines' unsworn understanding as to what Exhibit K to Microsoft's memorandum in support of its bill of costs represents. That is not what the Minute Order directed, and Mr. Hines' unsworn explanation for nearly 400 hours of Mr. Andrews' time—which is not based on personal knowledge—should not be accepted by the Court as a substitute for a sworn statement from Mr. Andrews himself.

      Accordingly, the Court should reject Microsoft's request for reimbursement for these expenses. Lucent is available at the Court's convenience to discuss the outstanding issues further, if it would be helpful.

                                                     Respectfully submitted,

                                                     Paul A. Bondor