1  James S. Blackburn (State Bar No. 169134)
   ARNOLD & PORTER LLP
2  777 South Figueroa Street, 44th Floor
   Los Angeles, California  90017-5844
3  Telephone:  (213) 243-4000
   Facsimile:  (213) 243-4199
4
5  Joseph A. Micallef (admitted *pro hac vice*)
   ARNOLD & PORTER LLP
   555 Twelfth Street, N.W.
6  Washington, D.C.  20004-1206
   Telephone:  (202) 942-5000
7  Facsimile:  (202) 942-5999
8  Joel M. Freed (admitted *pro hac vice*)
   McDERMOTT WILL & EMERY LLP
9  600 13th Street, N.W.
   Washington, D.C.  20005-3096
10 Telephone:  (202) 756-8000
   Facsimile:  (202) 756-8087
11
   Attorneys for *Dell Inc*
12 .

13                     UNITED STATES DISTRICT COURT

14                    SOUTHERN DISTRICT OF CALIFORNIA

15

16 | LUCENT TECHNOLOGIES INC. and | ) | Case No. 07-CV-2000-H (CAB) |
   | MULTIMEDIA PATENT TRUST | ) | consisting of matters severed from consolidated cases: |
17 |   | ) | Case No. 02-CV-2060-B (CAB) |
   | Plaintiffs and Counterclaim-defendants, | ) | Case No. 03-CV-0699-B (CAB) |
18 |   | ) | Case No. 03-CV-1108-B (CAB) |
   | v. | ) |   |
19 |   | ) | **DELL INC.'S NOTICE OF MOTION AND MOTION PURSUANT TO CIVIL LOCAL RULE 79-2 FOR LEAVE TO FILE UNDER SEAL (1) DELL'S CONFIDENTIAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DELL'S MOTION FOR RECONSIDERATION; AND (2) CONFIDENTIAL EXHIBITS TO THE DECLARATION OF JAMES S. BLACKBURN IN SUPPORT OF MOTION FOR RECONSIDERATION** |
20 | GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | ) |   |
21 |   | ) |   |
22 |   | ) |   |
   | Defendants and Counter-claimants, | ) |   |
23 | and | ) |   |
24 | MICROSOFT CORPORATION, | ) |   |
25 |   | ) |   |
   | Intervener and Counter-claimant, | ) | Judge Marilyn L. Huff |
26 |   | ) |   |
   |   | ) | Hearing: December 7, 2007 |
27 |   | ) | Hearing Time: 9:00 a.m. |
   |   | ) | Location: Courtroom 13, 5th Floor |
28 |   | ) |   |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, |
| 2 |     Plaintiff and Counter-defendant, |
| 3 | v. |
| 4 | LUCENT TECHNOLOGIES INC., |
| 5 |     Defendant and Counter-claimant, |
| 6 | |
| 7 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 8 |     Plaintiffs and Counterclaim-defendants, |
| 9 | v. |
| 10 | DELL INC., |
| 11 |     Defendant and Counter-claimant. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 7, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Marilyn L. Huff of the United States District Court, located at 880 Front Street, San Diego, California 92101-8900, defendant and counterclaimant Dell Inc. ("Dell") will move, and hereby does move, pursuant to Civil Local Rule 79-2, to file under seal Dell's confidential Memorandum of Points and Authorities in Support of Its Motion for Reconsideration ("Dell's Memorandum") and Exhibits 1, 2, 5, 6, 7, 10 and 14 to the Declaration of James S. Blackburn in Support of Dell's Motion for Reconsideration ("Blackburn Decl."). A redacted public version of Dell's Memorandum is being filed concurrently herewith.

As set forth in the attached memorandum, good cause exists for granting this request. Dell's Memorandum refers to the MPEG LA Agreement Among Licensors (Exhibit 1), the MPEG-2 Patent Portfolio License (Exhibit 2), and Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006 (Exhibit 5), each of which has been designated "Confidential" or "Outside Counsel Only" by Lucent or Dell under the Protective Order entered in this matter. Additionally, Dell's Memorandum refers to statements made in the confidential depositions of William Carapezzi (Exhibit 7) and Frank D'Amelio (Exhibit 10) and two confidential depositions of Barbara Landmann (Exhibits 6 and 14). By designating these depositions as confidential, Lucent has represented that it reasonably and in good faith believes that the statements made should be protected from public disclosure. Accordingly, Dell believes that good cause exists to file its Memorandum and Exhibits 1, 2, 5, 6, 7, 10 and 14 to the Blackburn Decl. under seal.

/ / /

/ / /

/ / /

- 1 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof which is attached hereto, the declaration of James S. Blackburn filed concurrently herewith, the pleadings, records and files in this action, and upon such other and further evidence and argument as may properly be presented prior to and at the hearing on the Motion.

October 31, 2007

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed


By: /s/ James S. Blackburn
James S. Blackburn
james.blackburn@aporter.com
Attorney for Dell Inc.

- 2 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Dell submits this memorandum of points and authorities in support of its Motion to File Under Seal Pursuant to Civil Local Rule 79-2 (1) Dell's Confidential Memorandum Of Points And Authorities In Support Of Dell's Motion For Reconsideration ("Dell's Memorandum"); and (2) Confidential Exhibits To The Declaration Of James S. Blackburn In Support Of Motion For Reconsideration ("Blackburn Decl.").

As set forth below, good cause exists for filing these documents under seal. Lucent has designated MPEG LA Agreement Among Licensors (Exhibit 1) and Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006 (Exhibit 5) as "Outside Counsel Only" and "Confidential" under a protective order. Lucent has designated the depositions of William Carapezzi (Exhibit 7) and Frank D'Amelio (Exhibit 10) and two depositions of Barbara Landmann (Exhibits 6 and 14) as "Confidential." By doing so, Lucent has represented that it reasonably and in good faith believes those documents and depositions contain information that must be protected from public disclosure. Moreover, because these exhibits and depositions are designated "Outside Counsel Only" or "Confidential" under a protective order, Dell is obligated to seek leave of Court to file them under seal. Additionally, Dell has designated the MPEG-2 Patent Portfolio License (Exhibit 2) as "Outside Counsel Only" pursuant to the protective order in this case, because it contains confidential business information that must be protected from public disclosure. Dell's Motion for Reconsideration is based, in significant part, on information contained in Exhibits 1, 2, 5, 6, 7, 10 and 14. Thus, it is essential to Dell's Motion that this information be considered by the Court. Accordingly, Dell respectfully requests that the Court grant its Motion to Seal Dell's Memorandum and Exhibits 1, 2, 5, 6, 7, 10 and 14 to the Blackburn Decl.

## II. PROCEDURAL BACKGROUND

On October 16, 2007, the Honorable Rudi M. Brewster issued an order severing certain matters from cases (1) *Lucent Technologies, Inc., et al. v. Gateway, et al.*, Case No. 3:02-CV-2060 B (CAB), (2) *Microsoft Corporation v. Lucent Technologies, Inc., et al.*, Case No. 3:03-CV-0699 B (CAB), and (3) *Lucent Technologies, Inc., et al. v. Dell Computer Corp.*, Case No. 3:03-CV-1108 B

- 3 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

(CAB), thus creating this case. Prior to the severing order, a Stipulated Protective Order between Lucent and Dell in Case No. 03-CV-1108 B (LAB) [Docket No. 92] was filed with the Court on August 14, 2003. *See* Declaration of James S. Blackburn in Support of Dell's Motion to File Under Seal ("Blackburn Sealing Decl.") at Ex. A. The parties agreed to prevent public disclosure of materials marked by the producing party as either "Confidential" or "Outside Counsel Only" under the Stipulated Protective Order. *See id.* Accordingly, Dell is obligated to seek leave to file such documents under seal. *Id.* (Ex. A at 17, ¶ 22). By designating documents and depositions as "Confidential" or "Outside Counsel Only," Lucent impliedly represented that it reasonably and in good faith believes that these documents should be protected from public disclosure. *Id.* (Ex. A at 8-9, ¶ 1(d)).

Additionally, Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006, filed in Case No. 3:02-CV-2060 B (CAB) [Docket No. 613] is submitted as Exhibit 5 to the Blackburn Decl. Lucent previously sought leave to file its letter brief under seal, and the Court granted Lucent's request. [Docket No. 695.]

Dell's Memorandum references Exhibits 1, 2, 5, 6, 7, 10 and 14, or information contained in those documents, at the following pages and lines:

1. pp. 2:9-3:4 & n. 3: Discusses two MPEG LA Agreements, which were marked "Outside Counsel Only," by Lucent and Dell respectively.
2. p. 3:7-13: Discusses Lucent's Confidential Letter Brief and Exhibits re Video Coding Patents, dated December 11, 2006, which was filed under seal pursuant to Court Order;
3. p. 3:18-28: Discusses exhibits to Lucent's Confidential Letter Brief and Exhibits re Video Coding Patents, dated December 11, 2006, which was filed under seal pursuant to Court Order, and discusses the testimony of William Carapezzi and Barbara Landmann, which was designated "Confidential" by Lucent.
4. p. 5:24-26: Discusses the testimony of William Carapezzi and Barbara Landmann, which was designated "Confidential" by Lucent.

- 4 -

5. pp. 10:8-15, 11:2-4, 11:11-14, 11:20-22: Discusses exhibits to Lucent's Confidential Letter Brief and Exhibits re Video Coding Patents, dated December 11, 2006, which was filed under seal pursuant to Court Order.

6. p. 14:4-10: Discusses the testimony of Barbara Landmann and Frank D'Amelio, which was designated "Confidential" by Lucent.

7. pp. 15:27-16:3: Discusses the MPEG LA Agreement Among Licensors, which was marked "Outside Counsel Only," by Lucent.

## III. ARGUMENT

"Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Securities Litigation*, 141 F.R.D. 155, 161-162 (N.D. Cal. 1992) (citing cases). Exhibits 1, 5, 6, 7, 10 and 14 to the Blackburn Decl. were designated as "Outside Counsel Only" or "Confidential" by Lucent pursuant to the protective order in *Lucent Technologies, Inc., et al. v. Gateway, et al.*, Case No. 3:02-CV-2060 B. Dell's Memorandum refers extensively to these "Outside Counsel Only" and "Confidential" documents and Exhibits.

By designating these documents as Outside Counsel Only, Lucent has represented that it reasonably and in good faith believes that such materials should be protected from public disclosure. As such, good cause exists to seal these materials to protect them from public disclosure. *Synopsys, Unc. v. Magma Design Automation, Inc.*, No. C04-03923 MMC, 2006 WL 997190 (N.D. Cal. 2006) (granting motion to seal based on parties' designation of materials as confidential under a stipulated protective order).

Exhibit 2 to the Blackburn Decl., the MPEG-2 Patent Portfolio License, was designated as Outside Counsel Only by Dell, because Dell reasonably and in good faith believes that the confidential business information regarding Dell and its relationship to MPEG LA L.L.C. should be protected from public disclosure. As such, good cause exists to seal this document to protect it from public disclosure. *Id.*

- 5 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Furthermore, it is essential to Dell's Motion for Reconsideration that these exhibits be accepted for filing under seal by the Court. Dell's Motion relies largely on information contained in these documents and depositions.

## IV. CONCLUSION

For the foregoing reasons, Dell seeks an Order granting it permission to file under seal the confidential Memorandum of Points and Authorities in Support of Dell's Motion for Reconsideration, and the confidential exhibits to the Declaration of James S. Blackburn in Support of Dell's Motion to for Reconsideration.

October 31, 2007

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By: /s/ James S. Blackburn
     James S. Blackburn
     Attorney for Dell Inc.

- 6 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)