James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096
Telephone:  (202) 756-8000
Facsimile:  (202) 756-8087

Attorneys for *Dell Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.  and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: <br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **DECLARATION OF JAMES S. BLACKBURN IN SUPPORT OF DELL INC.'S NOTICE OF MOTION AND MOTION PURSUANT TO CIVIL LOCAL RULE 79-2 FOR LEAVE TO FILE UNDER SEAL (1) DELL'S CONFIDENTIAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DELL'S MOTION FOR RECONSIDERATION; AND (2) CONFIDENTIAL EXHIBITS TO THE DECLARATION OF JAMES S. BLACKBURN IN SUPPORT OF MOTION FOR RECONSIDERATION** <br><br> Judge Marilyn L. Huff <br><br> Hearing Date:  December 7, 2007 <br> Hearing Time:  9:00 a.m. <br> Location: Courtroom 13, 5th Floor |

1  MICROSOFT CORPORATION,                               )
                                                        )
2          Plaintiff and Counter-defendant,             )
                                                        )
3  v.                                                   )
                                                        )
4  LUCENT TECHNOLOGIES INC. and                         )
   MULTIMEDIA PATENT TRUST,                             )
5                                                       )
           Defendants and Counter-claimants,            )
6                                                       )
   _____        )
7  LUCENT TECHNOLOGIES INC. and                         )
   MULTIMEDIA PATENT TRUST,                             )
8                                                       )
           Plaintiffs and Counterclaim-defendants,      )
9                                                       )
   v.                                                   )
10                                                      )
   DELL INC.,                                           )
11                                                      )
           Defendant and Counter-claimant.             )
12 _____        )

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, James S. Blackburn, declare as follows:

2        1.    I am an attorney and a partner of the law firm of Arnold & Porter LLP, counsel for

3    defendant Dell Inc. ("Dell").  I submit this Declaration in support of Dell's Request to File Under

4    Seal Dell Inc.'s Memorandum of Points and Authorities in Support of Its Motion for

5    Reconsideration ("Dell's Memo").  Unless otherwise stated herein, I have personal knowledge of

6    the facts set forth below and, if called as a witness, could and would testify competently thereto.

7        2.    On October 16, 2007, Honorable Rudi M. Brewster issued an order severing certain

8    matters from previously consolidated cases: (1) *Lucent Technologies, Inc., et al. v. Gateway, et al.*,

9    Case No. 3:02-CV-2060 B (CAB), (2) *Microsoft Corporation v. Lucent Technologies, Inc., et al.*,

10   Case No. 3:03-CV-0699 B (CAB), and (3) *Lucent Technologies, Inc., et al. v. Dell Computer Corp.*,

11   Case No. 3:03-CV-1108 B (CAB), thus creating this case.

12       3.    Prior to entry of a Protective Order in the consolidated cases, counsel for Dell and

13   Lucent recognized that their responses to discovery requests would likely involve the exchange of

14   sensitive technical and business information, and agreed to protect such sensitive information and

15   materials from public disclosure by designating them as produced on an "Outside Counsel Only" or

16   "Confidential" basis.

17       4.    On August 14, 2003, a Stipulated Protective Order was entered in Case No. 3:03-

18   CV-1108 B (CAB), Master Case No. Case No. 3:02-CV-2060 B (CAB).  Under the Stipulated

19   Protective Order, the parties expressly recognized that in responding to various discovery requests,

20   the parties had produced, and would continue to produce or exchange, information that falls within

21   recognized categories of information which may be protected from public disclosure including

22   those set forth under Fed.R.Civ.P. 26(c)(7).  A true and correct copy of the Stipulated Protective

23   Order is attached hereto as Exhibit A.

24       5.    The Stipulated Protective Order further recognized that public disclosure of such

25   information and materials would pose a substantial risk of harm to business operations or provide

26   improper advantage to others in that discovery of a party's trade secrets and other proprietary

27   information would put the party at a competitive disadvantage and would be a windfall for the

28   discovering party.

- 1 -

6. Accordingly, to prevent public disclosure of such information and materials, the parties agreed that they may designate such materials and information as "Confidential" or "Outside Counsel Only" under the Protective Order, by which the producing party represented that it reasonably and in good faith believed that the designated materials relate to (1) current business/strategic plans, (2) sales, cost and price information including future sales/financial projections, (3) non-public marketing information including future marketing plans, (4) detailed sales and financial data, (5) customer lists, or (6) other information of competitive, financial, or commercial significance.

7. During discovery, the parties did produce and designate certain materials as produced on an outside counsel only basis or as containing Confidential information pursuant to the Stipulated Protective Order.

8. Lucent produced the MPEG LA Agreement Among Licensers, Bates range LUC 1312617-47 (attached to the Declaration Of James S. Blackburn In Support Of Motion For Reconsideration ("Blackburn Decl.") as Exhibit 1). Lucent designated this document as "Outside Counsel Only."

9. Dell produced the MPEG LA MPEG-2 Patent Portfolio License, Bates range DELL 312379-411 (Blackburn Decl., Exhibit 2). Dell designated this document as "Outside Counsel Only," because it contains confidential business information regarding Dell and its licensee relationship to MPEG LA.

10. Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006 (Blackburn Decl., Exhibit 5) was filed in Case No. 3:02-CV-2060 B (CAB) [Docket No. 613] and designated as "Confidential." Lucent sought leave to file its letter brief under seal, and the Court granted Lucent's request. [Docket No. 695.]

/ / /

/ / /

/ / /

- 2 -

1      11.    Lucent has designated the depositions of its employees William Carapezzi

2  (Blackburn Decl., Exhibit 7) and Frank D'Amelio (Blackburn Decl., Exhibit 10) and the two

3  depositions of its employee Barbara Landmann (Blackburn Decl., Exhibits 6 and 14) as

4  "Confidential."

5      12.    I declare under penalty of perjury under the laws of the United States of America that

6  the foregoing is true and correct.

7      13.    Executed this 31st day of October 2007 at Los Angeles, California.

8

9

10                       By:   /s/ James S. Blackburn

11                          James S. Blackburn

                        Attorney for Dell Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

1

## EXHIBITS TABLE OF CONTENTS

2

| <u>Exhibit</u> | <u>Document</u> | <u>Page No.</u> |
|---|---|---|
| A | Stipulated Protective Order ........................................................................................ 6 |  |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIS PAGE INTENTIONALLY LEFT BLANK**

# EXHIBIT A



**U.S. District Court**
Southern District of California
880 Front Street, Room 4290
San Diego, CA 92101-8900

**FAX-IN-TIME**   NOTICE:
This fax is an official communication of the
U.S. District Court for the Southern District
of California. Please be aware that these are
the only copies of these documents that you
will receive unless specifically requested.

To: Ronald Johnston

From: Clerk U.S. District Court

Date 08/18/03

Page 1 of 21

Fax queued: 08/18/03 at 13:22:26

CASE: 022060-CV #00092

CONFIDENTAL
Any questions about missing pages or unreadable copy, please call (619)
557-7667. The information contained in this facsimile message is attorney
privileged and confidential. It is intended only for the use of the
individual or entity named above. If the reader of this message is not the
intended recipient, or the employee or agent responsible to deliver it to
the intended recipient, you are hereby notified that any dissemination,
distribution or copying is strictly prohibited. If you have received this
communication in error, please call us immediately. Thank you.

IMAGES OF CASE FILINGS NOW AVAILABLE ON THE INTERNET!

Web PACER provides users with browser access to dockets and scanned images
of filed documents without leaving the comfort of their office/home.
Document copies can now be obtained more quickly and without making a trip
to the Clerk's Office.  Users with a PACER account can visit
http://pacer.casd.uscourts.gov/index.php via user i.d. and password for
immediate Web PACER access to the Southern District of CA's docket and case
filings.  Links to other courts' Web PACER sites can be found at
http://pacer.psc.uscourts.gov/cgi-bin/links.pl.  An access fee of $.07 per
page viewed will be assessed.  Those interested in establishing a PACER
account can contact the PACER Service Center at (800) 676-6856 or register
on line at www.pacer.psc.uscourts.gov.

Mail & fax related issues, such as incomplete or illegible pages, should be
directed to
(619)557-7667.

**Exhibit A  Page 6**



1   Jane Hahn, SBN 125203
    Alison P. Adema, SBN 149285
2   HAHN & ADEMA
    501 West Broadway, Suite 1730
3   San Diego, California 92101-3595
    Telephone (619) 235-2100
4   Facsimile (619) 235-2101

5   Attorneys for *Lucent Technologies Inc.*

6   *Additional counsel listed on the last page*

7

8                 UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  LUCENT TECHNOLOGIES INC.,

11                            Plaintiff,        Case No. 02-CV-2060 B (LAB)
                                                      consolidated with
12        v.                                     Case No. 03-CV-0699 B (LAB)
                                                 Case No. 03-CV-1108 B (LAB)
    GATEWAY, INC. and GATEWAY COUNTRY
13  STORES LLC,

14                            Defendants,        STIPULATED PROTECTIVE ORDER
                                                 BETWEEN LUCENT AND DELL IN
15  and                                          CASE NO. 03-CV-1108 B (LAB)

    MICROSOFT CORPORATION,
16
                              Intervenor.
17

    MICROSOFT CORPORATION,
18
                              Plaintiff,
19
          v.
20
    LUCENT TECHNOLOGIES INC,
21
                              Defendant.
22
    LUCENT TECHNOLOGIES INC.,
23
                              Plaintiff,
24
          v.
25
    DELL COMPUTER CORPORATION,
26
          Defendant.
27

28

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

Case No. 02cv2060 B (LAB)

ORIGINAL

FILED

AUG 14 2003

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

1    WHEREAS, the parties in the above-captioned action believe that discovery may

2  involve the disclosure of confidential, trade secret, proprietary, technical, scientific, business, or

3  financial information of a party or of a non-party;

4    WHEREAS, the parties desire to establish a mechanism to protect the disclosure of

5  such information in this action;

6    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY

7  ORDERED THAT:

8    1.   For purposes of this Protective Order, the following definitions shall apply:

9    (a)   The term "document" shall have the full meaning ascribed to it by the Federal

10  Rules of Civil Procedure and shall include without limitation any records, exhibits, reports, samples,

11  transcripts, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings,

12  company records and reports, answers to interrogatories, responses to requests for admissions, or

13  motions, including copies or computer-stored versions of any of the foregoing.

14    (b)   The term "disclosing party" is defined herein as any party or non-party who is

15  requested to produce or produces documents or testimony containing confidential information.

16    (c)   The term "CONFIDENTIAL INFORMATION" is defined herein as

17  information that has not been made public, the disclosure of which the disclosing party contends

18  could cause harm to the business operations of the disclosing party or provide improper advantage to

19  others, including, but not limited to, trade secrets within the meaning of the Uniform Trade Secrets

20  Act.

21    (d)   The term "OUTSIDE COUNSEL ONLY INFORMATION" is defined herein

22  as CONFIDENTIAL INFORMATION that is commercial, financial or marketing in nature and that

23  the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to

24  an employee of a receiving party would reveal significant business or financial advantages of the

25  disclosing party.  It includes information that the designating party reasonably and in good faith

26  believes relates to (1) current business/strategic plans, (2) sales, cost and price information including

27  future sales/financial projections, (3) non-public marketing information including future marketing

28  plans, (4) detailed sales and financial data, (5) customer lists, or (6) other information of

2

1    competitive, financial, or commercial significance comparable to the items listed in this paragraph.

2    The term "OUTSIDE COUNSEL ONLY INFORMATION" is also defined herein to include all

3    video and audio copies themselves (without regard to the information content) of any deposition so

4    designated as "OUTSIDE COUNSEL ONLY INFORMATION."

5           (e)    "Outside Service Organization" is defined herein as an individual or

6    organization that provides photocopying, document processing, translation or graphics services to

7    counsel as part of discovery or preparation and trial of this action.

8           (f)    "Support Staff" is defined herein as permanent employees of counsel for the

9    parties, including paralegals, clerical personnel and secretarial personnel.

10           (g)    "Mock Jurors and Jury Consultants" are defined as mock jurors or jury

11    consultants retained by a party in preparation for trial for this litigation. For any jury research, an

12    appropriate screening must be used to ensure that the jury consultant(s) and mock jurors chosen for

13    any mock jury are not current or former officers, directors, employees or consultants of any party or

14    direct competitors of any party. Each mock juror or jury consultants must agree to be bound by the

15    terms of this protective order and must execute the agreement in Exhibit A. The party retaining the

16    mock jurors or jury consultants shall retain the executed agreements.

17       2.    If, in the course of this litigation, a party undertakes or is caused to disclose what the

18    disclosing party contends is CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL

19    ONLY INFORMATION, the procedures set forth herein shall be employed and the disclosure

20    thereof shall be subject to this Protective Order. CONFIDENTIAL INFORMATION shall be used

21    solely in the preparation, prosecution or trial of Case No. 02-CV-2060 B (LAB), Case No. 03-CV-

22    0699 B (LAB) and/or Case No. 03-CV-1108 B (LAB).

23       3.    By entering this Order and limiting the disclosure of information in this case, the

24    Court does not intend to preclude another court from finding that information may be relevant and

25    subject to disclosure in another case. Any person or party subject to this Order who becomes subject

26    to a motion to disclose another party's information designated under one of the categories of

27    confidentiality pursuant to this Order, shall promptly notify that party of the motion so that the party

28    may have an opportunity to appear and be heard on whether that information should be disclosed.

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

**Exhibit A  Page 9**

4.     Any document which contains CONFIDENTIAL INFORMATION should be so designated by the disclosing party before or at the time of disclosure by placing the notation "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" on every page of each document so designated. In the case of CONFIDENTIAL INFORMATION disclosed in a non-paper medium, (e.g., videotape, audiotape, computer disks, etc.), the notation "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the CONFIDENTIAL INFORMATION contained therein. If any items produced in a non-paper medium are printed out by the receiving party, the receiving party must mark each page of the printed version with the confidentiality designation.

5.     The failure to designate CONFIDENTIAL INFORMATION as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" before or at the time of disclosure shall not operate as a waiver of a disclosing party's right to designate said information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY." In the event that CONFIDENTIAL INFORMATION is designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" after disclosure, a receiving party shall employ reasonable efforts to ensure that all such information is subsequently treated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" pursuant to the terms of this Protective Order. Disclosure of such CONFIDENTIAL INFORMATION to persons not authorized to receive that information before receipt of the confidentiality designation shall not be deemed a violation of this Protective Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take the steps necessary to conform distribution to the designation: i.e., returning all copies of the "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" document, or notes or extracts thereof, to the persons authorized to possess such documents. In the event distribution has occurred to a person not under the control of a receiving party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a futile act, the party

4

1  shall promptly notify the disclosing party of the distribution and all pertinent facts concerning it,

2  including the identity of the person or entity not under the control of the receiving party.

3       6.    Access to CONFIDENTIAL INFORMATION, not including OUTSIDE COUNSEL

4  ONLY INFORMATION, shall be limited to the following individuals:  (a) counsel of record in this

5  action (including counsel's Support Staff and Outside Service Organizations); (b) court reporters

6  taking testimony and their support personnel; (c) the court and any authorized court personnel; (d)

7  (d) Mock Jurors and Jury Consultants; (e) independent consultants and experts retained by counsel

8  for assistance with respect to this litigation who are designated by each party respectively pursuant

9  to paragraph 10 below, including such consultant's or expert's necessary clerical and support staff;

10  and (f) no more than five (5) officers or employees (including in-house counsel) designated by each

11  party respectively pursuant to paragraph 16 below.

12       7.    In no event shall CONFIDENTIAL INFORMATION be stored at any business

13  premises of the receiving party unless such information is stored in a secured area and accessible

14  only to persons eligible to review such information.

15       8.    Access to OUTSIDE COUNSEL ONLY INFORMATION, other than papers or

16  pleadings filed with the Court (but excluding exhibits attached to such papers and pleadings), shall

17  be limited to the following individuals:  (a) counsel of record in this action (including counsel's

18  Support Staff and Outside Service Organizations, but not in-house counsel) (b) court reporters taking

19  testimony and their support personnel; (c) the court and any authorized court personnel; (d) Mock

20  Jurors and Jury Consultants; and (e) independent consultants and experts retained by counsel for

21  assistance with respect to this litigation who are designated by each party respectively pursuant to

22  paragraph 10 below, including such consultant's or expert's necessary clerical and support staff.

23       9.    Papers or pleadings, including briefs and declarations or affidavits, but excluding

24  exhibits to such papers, filed with the Court, and drafts thereof, which contain or refer to OUTSIDE

25  COUNSEL ONLY INFORMATION shall be treated as if designated CONFIDENTIAL

26  INFORMATION, in order to permit litigation counsel to adequately communicate with their

27  respective clients and keep their clients informed as to the status and progress of the litigation.

28  OUTSIDE COUNSEL ONLY INFORMATION shall not be stored at any business premises of any

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

Case No. 02cv2060 B (LAB)

1  party, provided, however, that OUTSIDE COUNSEL ONLY INFORMATION treated hereunder as

2  if designated CONFIDENTIAL INFORMATION may be kept by in-house counsel designated under

3  paragraph 16 in a location exclusively within their control (e.g., a locked file cabinet) or in a location

4  that is controlled by outside counsel.

5        10.    Before disclosing any CONFIDENTIAL INFORMATION, including OUTSIDE

6  COUNSEL ONLY INFORMATION, to outside experts or consultants, the party seeking to disclose

7  such information shall provide the other party with: (i) the name of the person; (ii) the present

8  employer and title of the person; (iii) an up-to-date curriculum vitae of the person; and (iv) an

9  identification of any work performed for or on behalf of the other party by that person within the six

10  (6) year period before the filing of the above-captioned action.  Within five (5) business days of

11  mailing (via overnight delivery) of this information, the other party may object to the proposed

12  outside expert or consultant on a reasonable basis.

13        (a)    If objection to disclosure is made within the time required, the parties shall

14  meet and confer within five (5) business days of such mailing; and, if not resolved, the party

15  disclosing the information shall move for a protective order precluding the disclosure of the

16  information to the designated expert or consultant within five (5) business days after the meet and

17  confer;

18        (b)    Where objection is made, no such information shall be disclosed to the

19  consultant or expert until the day after the last day to file a motion for a protective order (where no

20  protective order is sought), or upon entry of the Court's order denying the disclosing party's motion

21  for protection.

22        (c)    Failure to object to an outside expert or consultant shall not preclude the

23  nonobjecting party from later objecting to continued access by that outside expert or consultant for

24  good cause.  If an objection is made, the parties shall meet and confer within five (5) business days;

25  and, if the parties cannot resolve the dispute, the party disclosing the information shall move for a

26  protective order precluding the disclosure of the information to the designated expert or consultant

27  within five (5) business days after the meet and confer.  The designated expert or consultant may

28  continue to have access to information that was provided such expert or consultant prior to the date

6

1    of the objection, unless otherwise ordered by the Court. If a later objection is made, no further

2    CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION,

3    shall be disclosed to the outside expert or consultant until the matter is resolved by the Court or the

4    producing party withdraws its objection. Notwithstanding the foregoing, if the producing party fails

5    to move for a protective order within five (5) business days after the meet and confer, further

6    CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION,

7    may thereafter be provided to the outside expert or consultant.

8        11.    CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY

9    INFORMATION, or the substance or context thereof, including any notes, memoranda or other

10   similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally,

11   to anyone other than persons permitted to have access to such information under this Order.

12   Notwithstanding the foregoing, nothing in this Order shall bar or otherwise restrict any attorney from

13   rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of

14   CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION;

15   provided however, that in rendering such advice the attorney shall not disclose any

16   CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL ONLY INFORMATION received

17   from another party or third party to anyone not authorized to receive such information pursuant to

18   the terms of this Protective Order.

19       12.    Nothing herein is intended to prevent showing a document designated as

20   "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" to a person who the document indicates is

21   an author or authorized recipient of the document. No copies of such documents shall be given to

22   such individuals for them to retain. During deposition or trial testimony, counsel may disclose

23   documents produced by a party to current employees and officers of the disclosing party.

24       13.    A disclosing party will use reasonable efforts to avoid designating, or to dedesignate

25   in a reasonable time after request, any document or information as "CONFIDENTIAL" or

26   "OUTSIDE COUNSEL ONLY" that is not entitled to such designation or that is generally available

27   to the public.

28

---

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

7

Case No. 02cv2060 B (LAB)

14.     Any receiving party disagreeing with the designation of any document or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall notify the disclosing party in writing. The disclosing party shall then have a reasonable period, not exceeding fourteen (14) days, from the date of receipt of such notice to: (1) advise the receiving party whether or not the disclosing party persists in such designation; and (2) if the disclosing party persists in the designation, to explain the reasons for the particular designation. The receiving party may then, after advising the disclosing party, move the Court for an order removing the particular designation and replacing it with a different designation or no designation. The party asserting that the document or information is "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall have the burden of proving that the designation is proper. Information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" by a disclosing party shall be treated as such by a receiving party unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court, should appellate review be sought.

15.     The failure of a receiving party to expressly challenge a claim of confidentiality or the designation of any document or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

16.     Plaintiffs and Defendant may each collectively designate up to five (5) employees (including in-house counsel) named herein, or, if not named herein who are not involved in product design or patent prosecution, and who have no current plans or intentions to become involved in product design or patent prosecution, who shall be allowed to examine documents produced by the opposing party that have been designated "CONFIDENTIAL." (Plaintiffs name three of those five employees as Bernard Zucker, Boaz Brickman and Christopher Godziela. Defendant names two of those five employees as Gracie Renbarger and Anthony Peterman.) Notice of the additional names, titles and job responsibilities at present and for the last three (3) years of additional employees named after entry of this Order shall be mailed via overnight delivery to the opposing party. No CONFIDENTIAL INFORMATION shall be disclosed to those employees additionally named unless, after five (5) business days from date of mailing of the notice of the employee's name, title

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1105 B (LAB)

Case No. 02cv2060 B (LAB)

**Exhibit A   Page 14**

1   and job responsibilities, the disclosing party has not objected to disclosure of the information to the

2   designated employee.

3        (a)   If objection to disclosure is made within the time required, the parties shall

4   meet and confer within five (5) business days of such mailing; and, if not resolved, the objecting

5   party shall move for a protective order precluding the disclosure of the information to the designated

6   employee within five (5) business days after the meet and confer.

7        (b)   Where objection is made, no such information shall be disclosed to the

8   employee until the day after the last day to file a motion for a protective order (where no protective

9   order is sought), or upon entry of the Court's order denying movant's motion for a protective order

10   (where a protective order is sought).

11        (c)   In the event that an employee designated pursuant to this paragraph is no

12   longer employed by a party, the party may designate a replacement employee in accordance with the

13   provisions of this paragraph.

14        (d)   Notwithstanding the foregoing, in the event that a party amends its pleading in

15   this case to add a patent to this litigation after entry of this Order, the party against whom the new

16   patent is asserted may challenge only whether any person designated to view CONFIDENTIAL

17   INFORMATION pursuant to this paragraph may also view documents designated

18   "CONFIDENTIAL" related to the newly asserted patent by mailing notice of such challenge to the

19   other party (via overnight mail) within fourteen (14) days of service of the amended pleading. The

20   parties shall meet and confer within five (5) business days of the mailing of such notice; and, if the

21   parties cannot resolve the dispute, the party against whom the new patent is asserted may move for

22   an order from the Court to resolve the dispute. If the party against whom the new patent is asserted

23   fails to move for such an order within ten (10) business days after the meet and confer, the person

24   subject to challenge may thereafter also view documents designated "CONFIDENTIAL" related to

25   the newly asserted patent. Otherwise, the person subject to challenge may not view documents

26   designated "CONFIDENTIAL" related to the newly asserted patent until the matter is resolved by

27   the Court or the challenge is withdrawn.

28

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

Case No. 02cv2060 B (LAB)

17.    If an attorney for any receiving party desires to give, show, make available or communicate (a) any document or information designated "CONFIDENTIAL" to a person not authorized by paragraph 6 to receive such documents, or (b) any document or information designated "OUTSIDE COUNSEL ONLY" to a person not authorized by paragraph 8 to receive such documents, the attorney must first disclose that person's name, a statement of that person's responsibilities that require access to such information, a specific identification of the information to which access is required by document identification number or other specific reference, and a brief statement as to why such access is necessary. The producing party shall have five (5) business days after mailing (via overnight delivery) the above-described information to object in writing to such disclosure. Pending resolution of any informal or formal petition for disclosure, no disclosure shall be made to such person. If the disclosing party who so designated the document refuses to give its consent, the disclosing and receiving parties shall confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the disclosing or receiving party desiring disclosure of the confidential document or information may petition the Court for an order granting or prohibiting disclosure.

18.    Each person to whom documents or information designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" is made available under the terms of this Protective Order (other than counsel for the parties, counsel's Support Staff and Outside Service Organizations, the Court and authorized Court Personnel, court reporters and videographers taking testimony and their support staff), must sign an agreement in the form attached hereto as Exhibit A. Except for Mock Jurors and Jury Consultants, a copy of each executed agreement shall be delivered to opposing counsel at least five (5) days before any disclosure of such information.

19.    If during the course of any deposition, or not later than fourteen (14) days after the receipt of a written transcript of such deposition, counsel for any disclosing party asserts (either on the record at the deposition or in writing after the deposition) that the deposition transcript, or any specific inquiry, or an answer to a specific inquiry is subject to the designation "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" that transcript, inquiry, or answer shall be treated as provided by

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

Case No. 02cv2060 B (LAB)

1  this Protective Order for documents designated "CONFIDENTIAL" or "OUTSIDE COUNSEL

2  ONLY."

3       20.    Counsel for any disclosing party shall have the right to exclude from oral depositions,

4  other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who

5  is not authorized by this Protective Order to receive documents or information designated

6  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY." Such right of exclusion shall be applicable

7  only during periods of examination or testimony directed to or comprising "CONFIDENTIAL" or

8  "OUTSIDE COUNSEL ONLY" information.

9       21.    Any court reporter or videographer who records testimony in this action at a

10  deposition shall be provided with a copy of this Protective Order by the party noticing the

11  deposition. That party shall advise the court reporter or videographer, before any testimony is taken,

12  that all documents, information, or testimony designated "CONFIDENTIAL" or "OUTSIDE

13  COUNSEL ONLY" is and shall remain confidential and shall not be disclosed except as provided in

14  this Protective Order. The noticing party shall further advise the court reporter and videographer

15  that copies of all transcripts, reporting notes and all other records of any such testimony must be

16  treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal

17  with the Court.

18       22.    Nothing shall be filed under seal with the Court, and the Court shall not be required to

19  take any action, without separate prior order by the magistrate judge, after application by the

20  affected party with appropriate notice to opposing counsel. In the event that CONFIDENTIAL

21  INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, is included with, or

22  the contents thereof are in any way disclosed in, any pleading, motion, deposition, transcript or other

23  paper a party files with the Clerk of this Court, the party may make an advance or simultaneous

24  application to the magistrate judge to have such paper filed under seal.

25       (a)    To the extent that the CONFIDENTIAL INFORMATION in the pleading,

26  motion, deposition, transcript, or other paper was produced subject to this Protective Order by a

27  disclosing party other than the party filing such paper, and the party desires to file the paper under

28  seal solely to comply with its obligations under this Protective Order, the application shall state that

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

11

Case No. 02cv2060 B (LAB)

1  the information was produced subject to this Protective Order, and that the party is filing the

2  application to maintain the information in confidence pursuant to this Protective Order. The party

3  filing the paper containing the CONFIDENTIAL INFORMATION and the application shall

4  promptly serve the application on the disclosing party. The disclosing party shall have five (5)

5  calendar days to file with the Court a supplemental application to maintain the paper containing its

6  CONFIDENTIAL INFORMATION under seal.

7        (b)    Pending the magistrate judge's ruling on the application to file a paper under

8  seal, the paper containing the CONFIDENTIAL INFORMATION shall be lodged with the Court in

9  sealed envelopes or containers marked with the caption of the case, a general description of the

10  contents of the envelope or container and a legend substantially in the following form:

11          "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO
        A COURT ORDER – TO BE OPENED ONLY BY OR AS

12          DIRECTED BY THE COURT."

13  Upon an order of the magistrate judge permitting the paper to be filed under seal, the document shall

14  be filed and kept under seal by the Clerk of the Court until further order of this Court. If the

15  application to seal is denied, the lodged information will be returned to the party submitting the

16  application to seal.

17        (c)    The party filing the paper containing the CONFIDENTIAL INFORMATION

18  may simultaneously (or soon thereafter) file a public version of the paper with the CONFIDENTIAL

19  INFORMATION, including any OUTSIDE COUNSEL ONLY INFORMATION, redacted, and the

20  complete unredacted documents as well as the redacted documents shall be furnished to the outside

21  counsel for the parties.

22      23.    Nothing herein shall restrict a qualified recipient from making working copies,

23  abstracts, digests and analyses of such information for use in connection with this litigation, and

24  such working copies, abstracts, digests and analyses shall be deemed to have the same level of

25  protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient

26  from converting or translating such information into machine-readable form for incorporation in a

27  data retrieval system used in connection with this litigation, provided that access to such

28  information, whatever form stored or reproduced, shall be limited to qualified recipients.

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

Case No. 02cv2060 B (LAB)

24.     Documents or information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall be maintained in the custody of counsel for the parties except that:  (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by persons entitled to access of such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of documents designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

25.     Should any document or information designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Order; and shall (a) promptly inform such person of all the provisions of this Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; and (c) identify such person immediately to the disclosing party that designated the document as confidential. The executed agreement shall promptly be served upon the party that designated the document as confidential.

26.     Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, all items being inspected shall be deemed OUTSIDE COUNSEL ONLY INFORMATION until the party allowing access to them indicates otherwise in writing or delivers copies of them to the party seeking discovery with no "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" designation, in which case the provisions of paragraph 5 shall also apply.  If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL ONLY INFORMATION that party shall advise in advance the party seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis, and that the information discovered,

13

1  and any information derived from that information, shall be treated as CONFIDENTIAL

2  INFORMATION or OUTSIDE COUNSEL ONLY INFORMATION.

3      27.    The purpose of this Order is to facilitate discovery in this litigation, and in no manner

4  shall it affect the application of any state or federal law regarding confidentiality of information.

5      28.    The terms of this Order shall in no way affect a disclosing party's right to (a) withhold

6  information on grounds of immunity from discovery such as, for example, attorney/client privilege

7  or the work-product doctrine, or (b) reveal or disclose to anyone any documents or information

8  designated by that party as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" and containing

9  no information designated by an opposing or third party as "CONFIDENTIAL" or "OUTSIDE

10  COUNSEL ONLY" under this Order.   Where a receiving party designates a document

11  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" solely because it contains the confidential

12  information of a disclosing party (for example, in a pleading or brief), nothing limits the disclosing

13  party from showing the designated document to anyone; such documents will be designated to

14  identify the party whose confidential information is contained therein in addition to the

15  confidentiality designation, for example, "CONFIDENTIAL – CONTAINS LUCENT

16  DESIGNATED INFORMATION."

17      29.    The restrictions and obligations set forth herein relating to information designated

18  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall not apply to any information which:

19  (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the

20  Court rules, has become public knowledge other than as a result of disclosure by a receiving party,

21  its employees or agents in violation of this Protective Order; or (c) has come or shall come into a

22  receiving party's legitimate possession independently of the producing party.   Such restrictions and

23  obligations shall not be deemed to prohibit discussions with any person of any information

24  designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" if that person already has or

25  obtains legitimate possession thereof.   Legitimate possession does not include obtaining confidential

26  information from a person disclosing such information in violation of a non-disclosure or other

27  confidentiality agreement.

28

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

Case No. 02cv2060 B (LAB)

30.    Unless counsel agrees otherwise in writing, within sixty (60) days of the final disposition of this action including any appeals, the attorneys for the parties shall return promptly to the disclosing party from whom they were obtained, all documents, other than attorney work-product, which have been designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" (including video and audio copies of "OUTSIDE COUNSEL ONLY" designated depositions) or destroy same; and return or destroy all copies made thereof, including all documents, or copies provided by a receiving party to any other person.  Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials (other than video and audio copies of "OUTSIDE COUNSEL ONLY" designated depositions) created during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court and a copy of all depositions, including exhibits, and deposition evaluations.  Such file copies must be maintained under the conditions of "OUTSIDE COUNSEL ONLY" documents as set out in paragraph 8.  At the conclusion of the 60-day period, an in-house counsel designated under paragraph 16 shall represent in writing under penalty of perjury that to his or her knowledge and belief the company has either returned or destroyed all confidential information in accordance with this order.

31.    In the event any person or receiving party having possession, custody or control of any document or information produced in this action and designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail (via overnight delivery) the attorneys of record of the disclosing party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected.  The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order.  Subject to any reasonable procedure sought to be pursued by the party whose interest may be affected, the person or party receiving the subpoena or other process or order shall be entitled to

15

1   comply with it except to the extent the disclosing party asserting the confidential treatment is

2   successful in obtaining an order modifying or quashing it.

3       32.    The Court retains jurisdiction even after termination of this action to enforce this

4   Order and to make such amendments, modifications, deletions and additions to this Protective Order

5   as the Court may from time to time deem appropriate.  The disclosing parties reserve all rights to

6   apply to the Court at any time, before or after termination of this action, for an order:  (i) modifying

7   this Protective Order, (ii) seeking further protection against discovery or use of CONFIDENTIAL

8   INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, or other documents or

9   information, or (iii) seeking further production, discovery, disclosure, or use of claimed

10  CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, or

11  other documents or information.

12      33.    If the discovery process calls for the production of information that a party does not

13  wish to produce because the party believes its disclosure would breach an express or implied

14  agreement with a non-party to maintain such information in confidence, the disclosing party shall

15  give written notice to the non-party that its information is subject to discovery in this litigation, and

16  shall provide the non-party with a copy of this Protective Order.  When such written notice is given

17  to the non-party, the disclosing party will advise the potential receiving party that such notice has

18  been given.  The parties shall cooperate with each other and the non-party in attempting to resolve

19  any disputes over disclosure and with each other in bringing unresolved disputes before the Court for

20  resolution.

21

22

23

24

25

26

27

28

16

STIPULATED PROTECTIVE ORDER IN
CASE NO. 03-CV-1108 B (LAB)

**Exhibit A  Page 22**

1    CONSENTED TO:

2

3    Dated: July 23, 2003                    By:    _____

4                                                  Jane Hahn, SBN 125203
                                                    Alison P. Adema, SBN 149285
5                                                  HAHN & ADEMA
                                                    501 West Broadway, Suite 1730
6                                                  San Diego, California 92101-3595
                                                    Telephone (619) 235-2100
7                                                  Facsimile (619) 235-2101

8                                                  John M. Desmarais
                                                    Robert A. Appleby
9                                                  Maxine Y. Graham
                                                    KIRKLAND & ELLIS LLP
10                                                 153 East 53rd Street
                                                    New York, New York 10022
11                                                 Telephone: (212) 446-4800
                                                    Facsimile: (212) 446-4900
12
                                            Attorneys for *Lucent Technologies Inc.*
13

14

15   Dated: July 23, 2003                    By:    _____
                                                    Ronald L. Johnston, SBN 57418
16                                                 James S. Blackburn, SBN 169134
                                                    ARNOLD & PORTER
17                                                 1900 Avenue of the Stars, 17th Floor
                                                    Los Angeles, California 90067
18                                                 Telephone (310) 552-2500
                                                    Facsimile (310) 552-1191
19

20                                                 Joel M. Freed
                                                    Joseph A. Micallef
21                                                 Ali R. Sharifahmadian
                                                    ARNOLD & PORTER
22                                                 555 12th Street NW
                                                    Washington, DC 20004
23                                                 Telephone: (202) 942-5000
                                                    Facsimile: (202) 942-5999
24

25                                          Attorneys for *Dell Computer Corporation*

26                                          **IT IS SO ORDERED.**

27                                          DATED 8-14-03

28                                          _____
                                            UNITED STATES DISTRICT JUDGE

                                            17

STIPULATED PROTECTIVE ORDER IN                              Case No. 02cv2060 B (LAB)
CASE NO. 03-CV-1108 B (LAB)

**Exhibit A  Page 23**



EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC,<br><br>Defendants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervener. | Case No. 02-CV-2060 B (LAB)<br>consolidated with<br>03-CV-0699 B (LAB)<br>03-CV-1108 B (LAB)<br><br><br>AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER ENTERED IN CASE NO. 03-CV-1108 B (LAB) |
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.<br><br>Defendant. | |
| LUCENT TECHNOLOGIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DELL COMPUTER CORPORATION,<br><br>Defendant. | |

AGREEMENT RE PROTECTIVE ORDER ENTERED
IN CASE NO. 03-CV-1108 B (LAB)

Case No. 02cv2060 B (LAB)

EXHIBIT A 9

1        The undersigned hereby acknowledges that he (she) has received and read the

2    Protective Order entered in the United States District Court for the Southern District of California on

3    _____, in connection with the above-captioned action, and understands its terms and

4    agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the

5    undersigned agrees not to use or disclose any confidential information made available to him (her)

6    other than in accordance with said Order. The undersigned further submits to jurisdiction of this

7    Court for purposes of the Protective Order in these actions.

8

9    Dated: _____

10

11   By: _____

12       (signature line)

13      _____

14      (type or print name of individual)

15   Of: _____

16      (name of employer)

17

18

19

20

21

22

23

24

25

26

27

28

AGREEMENT RE PROTECTIVE ORDER ENTERED
IN CASE NO. 03-CV-1108 B (LAB)

2

Case No. 02cv2060 B (LAB)

Lucent Technologies Inc. v. Dell Computers
Case No. 03-CV-1108 B (LAB)

## PROOF OF SERVICE

I am a resident of the state of California over the age of eighteen years, and not a party to the within action. My business address is Hahn & Adema, 501 West Broadway, Suite 1730, San Diego, California 92101-3595.

On July 23, 2003, I served the within documents:

**STIPULATED PROTECTIVE ORDER BETWEEN DELL AND LUCENT TECHNOLOGIES, INC. IN CASE NO. 03-CV-1108 B(LAB)**

☒    by causing personal delivery by Federal Express of the document(s) listed above to the person(s) at the address(es) set forth below.

Joel M. Freed
Joseph A. Micallef
Ali R. Sharifahmadian
Arnold & Porter
555 12th Street NW
Washington, D.C. 20004

David J. Zubkoff, Esq.
SELTZER CAPLAN MCMAHON VITEK
750 "B" Street, Suite 2100
San Diego, CA 92101

Ronald L. Johnston
James S. Blackburn
Arnold & Porter
1900 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067-4408

John F. Gartman
Christopher S. Marchese
Gary H. Savitt
Fish & Richardson P.C.
4350 La Jolla Village Drive Suite 500
San Diego, CA 92122

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

Executed on July 23, 2003, at San Diego, California.

x    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose directions the service was made.

Catherine M. Reager

Lucent Technologies, Inc., et al. v. Dell Computer Corporation                                    Case No. 03-CV-1108 B (LAB)

**Exhibit A  Page 26**