Bryan W. Farney *(pro hac vice)*
Jeffrey B. Plies *(pro hac vice)*
DECHERT LLP
300 W. Sixth Street, Suite 1850
Austin, Texas 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

David J. Zubkoff (SBN 149488)
SELTZER CAPLAN MCMAHON VITEK
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone:     (619) 685-3003
Facsimile:     (619) 685-3100

Attorneys for Defendants and Counterclaimants,
GATEWAY, INC., GATEWAY COUNTRY STORES LLC,
GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING
LLC, AND COWABUNGA ENTERPRISES, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., and MULTIMEDIA PATENT TRUST<br><br>            Plaintiff and Counter-Defendant,<br><br>v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.<br><br>            Defendants and Counter-Claimants,<br><br>and<br><br>MICROSOFT CORPORATION<br><br>            Intervenor and Counter-Claimant.<br><br>AND CONSOLIDATED CASES | Case No. 07-CV-2000 H (CAB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GATEWAY'S MOTION UNDER FED. R. CIV. P. 72(A) FOR REVIEW OF MAGISTRATE JUDGE'S RULING WHICH DECLINED TO REACH PREDICATE ISSUE OF ADMISSIBILITY REGARDING INTUIT QUICKEN AND MICROSOFT MONEY**<br><br>Date:        To be set by Judge Huff<br>Time:<br>Courtroom:   13, 5th Floor<br>Judge:       Hon. Marilyn L. Huff |

## I.    INTRODUCTION

Gateway submits this brief in support of its motion under Fed. R. Civ. P. 72(a) for review and modification of the Magistrate Judge's order that required Gateway to produce supplemental sales information regarding Intuit Quicken and Microsoft Money even though Judge Brewster had already excluded those products from this case.  In ruling on Lucent's motion to compel additional discovery, the Magistrate Judge questioned whether she had the authority to consider admissibility issues, and therefore declined to consider Gateway's argument that these products had already been excluded from this case.  The Magistrate Judge suggested that this issue should instead be decided by the District Judge.  Accordingly, Gateway brings this motion to seek a ruling from this Court denying Lucent's request for additional discovery regarding Intuit Quicken and Microsoft Money.

As explained below, Judge Brewster has already issued an order precluding Lucent from presenting any damages claim at trial based on Gateway's sales of Intuit Quicken and Microsoft Money due to Lucent's untimely disclosure of its damages theories regarding these products.  As a result, Lucent's motion for further discovery regarding Gateway's sales of Quicken and Money should have been denied.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) ("it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken"); *Lewis v. ACB Business Services, Inc.*, 135 F.3d. 389, 402 (6th Cir. 1998) (denying a motion to compel discovery when requested discovery related to claims that had been dismissed).  As in the *Lewis* case, it is procedurally proper for this Court to resolve this discovery dispute now in the context of Lucent's motion to compel rather than waiting until a further motion-in-limine hearing shortly before trial.  *See Lewis*, 135 F.3d at 402.  In addition, as explained below, resolution of this dispute now will help to streamline the remaining pretrial and trial proceedings.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 19, 2007, Lucent submitted a letter brief to the Magistrate Judge that requested an order compelling Gateway to supplement its production of documents regarding Gateway's sales of various accused products, including Intuit Quicken and Microsoft Money.  *See*

1   Baker Ex. 14.[1]  Lucent has accused Gateway of infringing the Day '356 patent based on

2   Gateway's sales of several products including:  (1) Intuit Quicken, (2) Microsoft Money,

3   (3) Microsoft Outlook, (4) Microsoft Pocket Word, and (5) Microsoft Pocket PC.  Even setting

4   aside Lucent's damages claims based on Intuit Quicken and Microsoft Money, Lucent still claims

5   damages of over $10M based on Gateway's sales of the *other* accused products.  Those other

6   accused products are not the subject of this motion.

7          On October 24, 2007, Gateway submitted an opposition brief (Baker Ex. 15), and on

8   October 31, 2007, Lucent filed a reply brief (Baker Ex. 16).  The Magistrate Judge held a

9   telephonic hearing on November 1, 2007.[2]  During the hearing, the Magistrate Judge indicated

10  that she understood Gateway's argument that Lucent was not entitled to further discovery

11  regarding Quicken and Money because of Judge Brewster's prior motion-in-limine ruling, but felt

12  that she did not have the authority to consider Gateway's argument because it involved

13  admissibility issues.  The Magistrate Judge indicated that this issue should instead be decided by

14  the District Judge.

15         In order to allow discovery to proceed until such time as the District Judge ruled on this

16  admissibility issue, the Magistrate Judge ordered supplementation with respect to all products by

17  November 30, 2007.  *See* Baker Ex. 13.  But, in the order, the Magistrate Judge specifically noted

18  that the production of this supplemental information "is not a waiver of any parties' right to

19  challenge the admissibility at trial of a claim for damages regarding the products for which

20  information is provided."  *See id.*

21         Gateway brings this motion only with respect to the requirement for supplementation

22  regarding Intuit Quicken and Microsoft Money because it believes that it is improper and

23  unnecessary to require Gateway to go to the expense of production and related discovery on

24

25  [1]   All references to "Baker Ex." refer to exhibits attached to the Declaration of Jonathan D.
          Baker In Support Of Gateway's Motion Under Fed. R. Civ. P. 72(A) For Review Of
26        Magistrate Judge's Ruling Which Declined To Reach Predicate Issue Of Admissibility
          Regarding Intuit Quicken And Microsoft Money submitted concurrently with this brief.
27
    [2]   There was no court reporter present at this hearing, and thus no hearing transcript exists.
28

DECHERT LLP
ATTORNEYS AT LAW
LONDON

1    products that are no longer in the case. Gateway seeks review only with respect to that portion of

2    the Magistrate Judge's order that relates to Intuit Quicken and Microsoft Money.[3]

3    **III.    LUCENT IS NOT ENTITLED TO FURTHER DISCOVERY REGARDING
          QUICKEN AND MONEY BECAUSE JUDGE BREWSTER HAS ALREADY**

4    **EXCLUDED THOSE PRODUCTS FROM THE CASE DUE TO LUCENT'S
          UNTIMELY DISCLOSURE OF ITS DAMAGES THEORIES.**

5

6    Lucent's request for further discovery regarding Gateway's sales of Quicken and Money

7    should be denied because Lucent has failed to show that this requested information would lead to

8    evidence admissible at trial. *See* FRCP 26(b)(1) (discovery may be obtained when it "appears

9    reasonably calculated to lead to the discovery of <u>admissible</u> evidence"). As explained below,

10   Lucent failed to timely disclose its damages theories regarding Quicken and Money. As a result,

11   Judge Brewster issued an order precluding Lucent from presenting a claim for damages based on

12   Gateway's sales of Quicken and Money. Since the requested discovery regarding sales of

13   Quicken and Money would not be admissible at trial, or lead to the discovery of admissible

14   evidence, Lucent's request should be denied. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

15   340, 352 (1978) ("it is proper to deny discovery of matter that is relevant only to claims or

16   defenses that have been stricken"); *Lewis v. ACB Business Services, Inc.*, 135 F.3d. 389, 402 (6[th]

17   Cir. 1998) (denying a motion to compel discovery when requested discovery related to claims that

18   had been dismissed).

19   **A.    Judge Brewster Precluded Lucent From Presenting Any Damages Theories
          At Trial That Were Not Timely Disclosed.**

20

21   Lucent's damages expert, Mr. Hoberlein, did not provide any damages opinion based on

22   Gateway's sales of Quicken or Money in his initial expert report. *See* Baker Ex. 2, Excerpts from

23   Expert Report of Wayne Hoberlein dated 3/31/06. The first time that Mr. Hoberlein provided any

24   damages theory based on Quicken or Money was in his Second Supplemental Report issued on

25   ───────────────

26   [3]   In reviewing a magistrate judge's discovery ruling, the district judge "shall modify or set
          aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to

27   law." *See* Fed. R. Civ. P. 72(a). Here, the Magistrate Judge declined to consider Gateway's
          argument that damages regarding Intuit Quicken and Microsoft Money had been excluded

28   from the case pursuant to Judge Brewster's prior order. Accordingly, this Court may review
          Gateway's argument *de novo.*

1  January 25, 2007—ten months after the deadline for expert reports.  *See* Baker Ex. 3, Excerpts

2  from 2nd Supplemental Expert Report of Wayne Hoberlein dated 1/27/07.  Similarly, Lucent

3  failed to provide any damages theory based on Quicken and Money in its responses to Gateway's

4  interrogatories.

5  As a result of Lucent's untimely disclosure of its damages theories regarding Quicken and

6  Money, Gateway filed a *motion-in-limine* requesting that Lucent and its expert be precluded from

7  arguing damages based on sales of Quicken and Money.  Baker Ex. 4, Gateway's Group 4 Motion

8  in Limine No. 1.  In ruling on this motion, Judge Brewster agreed that Lucent should be

9  precluded from arguing damages at trial based on untimely expert reports, except to the extent

10  that those late reports were justified by Gateway's late production of documents.  *See* Baker Ex. 5

11  at 35, Order on Motions in Limine For the Group 4 Trial, D.I. 1737.  During the hearing, Judge

12  Brewster explained that:

13  
> If the supplemental report goes beyond the late production, that
> which goes beyond is . . . not going to come in.  It's not going to
14  > come in. . . . The supplemental report must be limited to the tardy
> production which energized the late report.
15  

16  Baker Ex. 6 at 40-41, Transcript of Motion Hearing, 4/27/07.  Further, Judge Brewster clarified

17  how this rule was to be applied to Lucent's damages case on Quicken:

18  
> If the late report concerns Quicken and the late production had
> nothing to do with Quicken, there will be no remarks about
19  > Quicken in the report.  Is that clear?

20  *Id.* at 43.  In Judge Brewster's subsequent written order, he confirmed that:

21  
> [A]ny supplemental reports submitted after the close of expert
> discovery are admissible only for the portions that incorporate the
22  > tardy production of documents from Dell and Gateway.

23  Baker Ex. 5 at 35.  Judge Brewster thus set out the standard to be used in determining whether

24  any untimely damages theories could be presented at trial.  However, Judge Brewster declined to

25  delve into the particular facts of Hoberlein's untimely report.  Judge Brewster stated that "I'm not

26  ruling that the expert report did or didn't [rely on a tardy production], because I haven't seen it.

27  I'm giving you the rule of law."  Baker Ex. 6 at 41.  Thus, Judge Brewster denied the motion and

28

DECHERT LLP
ATTORNEYS AT LAW
LONDON

1  instructed the parties to apply his articulated standard to the facts regarding Hoberlein's untimely

2  report. *See* Baker Ex. 6 at 40-46. If the parties were not able to work it out, Judge Brewster

3  would revisit the issue later.

4
    **B.    Lucent's Untimely Disclosure Of Its Damages Theories For Quicken And
           Money Was Not The Result Of Any Late Production By Gateway.**
5

6         Despite Judge Brewster's clear ruling, Lucent continues to maintain that Quicken and

7  Money were not excluded under Judge Brewster's order because Mr. Hoberlein's untimely

8  supplemental report was allegedly the result of Gateway's tardy production of documents.

9  However, Lucent simply cannot show, and certainly has failed to show, that its late disclosure of

10  its damages theories for Quicken and Money was the result of any late production of documents

11  by Gateway. For the convenience of the Court, a timeline of the relevant dates are shown in

12  Exhibit 7. In its Scheduling Order, this Court set March 31, 2006 as the deadline for expert

13  reports. *See* Baker Ex. 1 at 5. Gateway produced documents regarding Quicken and Outlook

14  before the expert report deadline. Specifically, on January 31, 2006, two months before the

15  expert report deadline, Gateway produced reports showing Gateway's sales of Quicken for each

16  month from January 2002 through December 2004. *See* Baker Ex. 8, 1/31/06 Letter from Abe

17  Hewgley to Elizabeth Bernard; Baker Ex. 9, Intuit Royalty Reports. Then, on March 22, 2006,

18  more than one week before the expert report deadline, Gateway produced Microsoft invoices

19  showing Gateway's sales of Office on a monthly basis from January 2002 through February

20  2006.[4] *See* Baker Ex. 10, 3/22/06 Letter from Lawrence Fluker to Jon Hohenthaner.

21         Despite Gateway's production of documents showing its sales of Quicken more than <u>two</u>

22  <u>months</u> before the expert report deadline, Mr. Hoberlein chose not to present any damages theory

23  for Quicken or Money in his initial expert report. *See* Baker Ex. 2 at Ex. E-1 to E-3. Instead, Mr.

24  Hoberlein's initial report presented damages based solely on Gateway's sales of Office. *See id.*

25  It was not until ten months later, that Mr. Hoberlein presented his damages theory on Quicken

26

27
    _____

28  [4] Since the Outlook software is included in the Microsoft Office software suite, Lucent has used
    sales of Office as a proxy for sales of Outlook.

1    and Money for the first time in his Second Supplemental Report issued on January 25, 2007.  *See*

2    Baker Ex. 3 at Ex. E-1 to E-6.

3        In an attempt to justify its untimely disclosure of Hoberlein's damages theories for

4    Quicken and Money, Lucent relies <u>solely</u> on Gateway's allegedly late production of the following

5    document related to Gateway's sales of Microsoft Office:

6        • 19 pages of Microsoft invoices showing Gateway's sales of
         Microsoft Office for the months of August 2004 and July 2005.
7        *See* Baker Ex. 11, Microsoft Licensing Invoices (GW-LT
         421770-88).[5]
8

9    *See also* Baker Ex. 12 at 108, Lucent's Opp'n to Gateway's Group 4 Motion in Limine No. 1

10   (referring to GW-LT 421770-788).  Significantly, these Microsoft invoices relate solely to

11   Gateway's sales of <u>Office</u>—not to <u>Quicken</u> or <u>Money</u>.  *See* Baker Ex. 11.  Therefore, these pages

12   cannot justify Hoberlein's untimely report on Quicken and Money.

13       In its prior briefing, Lucent has concocted the argument that Hoberlein could not have

14   provided any opinion regarding damages for sales of Quicken (or Money) until he received the

15   information regarding Gateway's sales of Office because he needed to include an adjustment

16   factor in order to avoid double-counting of computers that contained both Office and Quicken (or

17   Money).  *See* Baker Ex. 12 at 109-110 & n.3.  This adjustment factor appears in the row labeled

18   "Adjustment" in Hoberlein's damages calculation spreadsheets.  *See* Baker Ex. 3 at E-1 to E-6.

19       However, Lucent's argument is simply ridiculous and is a transparent attempt to cobble

20   together an after-the-fact excuse for Hoberlein's late report on Money and Quicken.  First, even if

21   Lucent's assertion were correct regarding the need for the Office sales data as a predicate for

22   opining on Quicken and Money, this explanation would only apply to Hoberlein's calculations for

23   the months of August 2004 and July 2005.  Lucent has no explanation for Hoberlein's failure to

24   provide his damages opinion regarding Quicken and Money in his initial report for all of the other

25   months covered in his initial report.

26

27

28   [5] These 19 pages had been unintentionally omitted from the 1,500 pages of invoices previously
     produced by Gateway.

6

1        Second, even with respect to Hoberlein's calculations for August 2004 and July 2005,

2    Lucent had several reasonable options for handling the double-counting issue: (a) Mr. Hoberlein

3    could have simply left out the double-counting adjustment for the months of August 2004 and

4    July 2005 and dropped a footnote explaining that his calculations for these two months would

5    need to be adjusted slightly downward once the missing information was obtained; (b) Mr.

6    Hoberlein could have simply estimated Gateway's missing sales data for August 2004 and July

7    2005 by averaging the sales for the month before and the month after the missing months; or (c)

8    Mr. Hoberlein could have estimated Gateway's missing sales data for August 2004 and July 2005

9    based on Microsoft's sales information. Indeed, <u>all</u> of Mr. Hoberlein's damages calculations for

10   Gateway's sales of Office in his initial report are <u>estimates</u> of Gateway's sales based on

11   <u>Microsoft's</u> sales information. *See* Baker Ex. 12 at 108 ("Mr. Hoberlein's initial analysis of

12   damages related to Gateway's infringement was based on information produced by Microsoft in

13   this action."). In other words, Hoberlein was <u>already</u> using an estimate for Gateway's sales for

14   each month in 2004 and 2005 (including the months of August 2004 and July 2005) in his initial

15   report. Hoberlein could have simply used this same estimate in calculating the double-counting

16   adjustment factor. Any of these approaches would have provided Gateway with a timely

17   disclosure of Mr. Hoberlein's damages opinion regarding Quicken and Money for all of the

18   months between 2002 and 2004. Instead, Lucent chose the inexcusable approach of withholding

19   the <u>entirety</u> of Hoberlein's opinions on Quicken and Money. *See id.* at 4 ("In order to avoid

20   double-counting for computers that may contain two of the infringing programs . . . he simply

21   based his accounting on sales of Microsoft Office alone (thereby avoiding any double-counting

22   but of course underestimating the actual damages to Lucent).").

23       As a result, Lucent has failed to show that Hoberlein's untimely disclosure of his damages

24   theories on Quicken and Money were the result of any late production by Gateway. Accordingly,

25   Lucent is precluded from presenting any damages claim at trial based on Gateway's sales of

26   Quicken and Money, and Lucent's request for further discovery on these products should be

27   denied.

28

**IV.   THIS COURT SHOULD RESOLVE THIS DISCOVERY DISPUTE NOW RATHER THAN WAITING UNTIL THE MOTION-IN-LIMINE HEARING**

This Court should resolve this discovery dispute now, rather than waiting until the motions-in-limine hearing, for several reasons.  First, as a procedural matter, this dispute has been properly raised as a discovery dispute and it is ripe for adjudication.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) ("it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken"); *Lewis v. ACB Business Services, Inc.*, 135 F.3d. 389, 402 (6th Cir. 1998) (denying a motion to compel discovery when requested discovery related to claims that had been dismissed).   Importantly, Gateway should not be forced to bear the substantial burden and expense of producing additional documents, deposing Lucent's damages expert, and preparing its own supplemental damages report on two products that Judge Brewster has already excluded from this case.  Here, Gateway simply seeks enforcement of Judge Brewster's prior ruling.  Second, resolution of this dispute now will help to streamline the remaining pretrial proceedings by eliminating otherwise inevitable, but needless, hearings on summary judgment motions and other motions-in-limine involving Quicken and Money.  In addition, resolution of this dispute now will allow the parties to plan for a shorter trial by eliminating the need to present testimony at trial from third party witnesses, technology experts, and damages experts regarding these products.

**V.   CONCLUSION**

For the foregoing reasons, Gateway respectfully requests that this Court find that Lucent is not entitled to any supplemental production regarding Intuit Quicken and Microsoft Money, and modify the Magistrate Judge's discovery order accordingly.

DECHERT LLP
ATTORNEYS AT LAW
LONDON

MEMO OF P&A'S IN SUPPORT OF GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING; CASE NO. 07-CV-2000 H (CAB)

1     Dated:  November 14, 2007                    DECHERT LLP

2
                                                   By:_____/s/ Jonathan D. Baker_____
3                                                          Jonathan D. Baker

4                                                  Attorneys For Defendants And
                                                   Counterclaimants GATEWAY, INC. *et. al.*
5

6

7     12998275.3

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
LONDON