1  Bryan W. Farney, Esq. (*Pro Hac Vice*)
Jeffrey B. Plies, Esq.    (*Pro Hac Vice*)
2  DECHERT LLP
300 W. Sixth Street, Suite 1850
3  Austin, Texas 78701
Telephone:    (512) 394-3000
4  Facsimile:    (512) 394-3001

5  David J. Zubkoff, Esq. (SBN 149488)
SELTZER CAPLAN McMAHON VITEK
6  A Law Corporation
750 "B" Street, Suite 2100
7  San Diego, California 92101
Telephone:    (619) 685-3003
8  Facsimile:    (619) 702-6827

9  Attorneys for Defendants and Counter-Claimants:
GATEWAY, INC., GATEWAY COUNTRY
10  STORES LLC, GATEWAY COMPANIES, INC.,
GATEWAY MANUFACTURING LLC, AND
11  COWABUNGA ENTERPRISES, INC.

12  **UNITED STATES DISTRICT COURT**

13  **SOUTHERN DISTRICT OF CALIFORNIA**

14  LUCENT TECHNOLOGIES INC.,

15      Plaintiff and Counter-Defendant,

16      v.

17  GATEWAY, INC., GATEWAY COUNTRY
STORES LLC, GATEWAY COMPANIES,
18  INC., GATEWAY MANUFACTURING LLC
and COWABUNGA ENTERPRISES, INC.,

19      Defendants and Counter-Claimants,

20      and

21  MICROSOFT CORPORATION,

22      Intervener and Counter-Claimant.

23

24

25  AND CONSOLIDATED CASES

26

27

28

Case No.  02-CV-2060-B (CAB)
                consolidated with
Case No. 03-CV-0699-B (CAB)
Case No. 03-CV-1108-B (CAB)

**GATEWAY'S GROUP 4 MOTION IN
LIMINE NO. 1:**

**TO PRECLUDE LUCENT FROM
PROVIDING ANY TESTIMONY OR
ARGUMENT AT TRIAL REGARDING
DAMAGES BASED ON GATEWAY'S
SALES OF QUICKEN AND MONEY DUE
TO THE UNTIMELY DISCLOSURE OF
WAYNE A. HOEBERLEIN'S SECOND
SUPPLEMENTAL EXPERT REPORT**

Date:         April 27, 2007
Time:         9:00 a.m.
Courtroom:    2
Judge:        Hon. Rudi M. Brewster

Gateway's Motion in Limine No. 1:
To Preclude Lucent From Providing Any Testimony or Argument at Trial
Regarding Damages Based on Gateway's Sales of Quicken and Money Due to the
Untimely Disclosure of Wayne A. Hoeberlein's Second Supplemental Expert
Report

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

**Exhibit 4**
**Page 23**

## I.     INTRODUCTION

1        Long after the close of fact and expert discovery, one of Lucent's damages experts, Wayne A. Hoeberlein ("Hoeberlein"), issued a Second Supplemental Expert Report ("Second Supplemental Report") regarding the Day '356 Patent, which introduced for the first time an opinion on damages based on Gateway's sales of Intuit's Quicken software and Microsoft's Money software.[1]  In contrast, Hoberlein's initial expert report contained an opinion on Lucent's damages that was based solely on Gateway's sales of an entirely different software product, Microsoft's Office software.  The prejudice to Gateway from this belated expansion of Lucent's damages theory to encompass two additional products is manifest.  For the first time – after the deadline for summary judgment motions and in the midst of trial preparation – Hoeberlein provides these new opinions regarding Lucent's damages resulting from Gateway's sales of Quicken and Money.  Thus, Gateway had no opportunity to conduct discovery into these new theories and no opportunity to move for summary judgment.  If Lucent is permitted to supplement Hoeberlein's opinions in this manner, Gateway will be forced to incur the substantial additional costs associated with repeating Hoeberlein's deposition and supplementing the report of its own damages expert.  In addition, Gateway would be prejudiced by the disruption to the Court's Scheduling Order in the midst of trial preparations.

        Critically, Lucent has no excuse for its failure to include opinions regarding Gateway's sales of Quicken and Money in the first two supplemental Hoeberlein reports.  Indeed, Gateway produced all of the documents upon which Hoeberlein relies weeks prior to the issuance of Hoeberlein's initial expert report.  Gateway therefore requests that the Court preclude Lucent and Hoberlein from providing any testimony or argument at trial regarding damages based on Gateway's sales of Quicken and Money.  By this motion, Gateway does not seek to preclude Lucent or Hoeberlein from arguing for damages based Gateway's sales of Office.

---

[1] Microsoft and Dell join in this Motion.

Gateway's Motion in Limine No. 1:
To Preclude Lucent From Providing Any Testimony or Argument
at Trial Regarding Damages Based on Gateway's Sales of Quicken
and Money Due to the Untimely Disclosure of Wayne A.
Hoeberlein's Second Supplemental Expert Report

1

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

Exhibit 4
Page 24

## II.    LEGAL STANDARD

This motion involves facts closely tracking those of the recent Federal Circuit opinion, *02 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006). Just as in this case, the plaintiff in *Monolithic* sought to introduce "supplemental" expert opinions disclosed for the first time after the close of expert discovery. *Id.* at 1362. The Federal Circuit in *Monolithic* held that the trial court did not abuse its discretion in refusing to permit the plaintiff to supplement its expert report, because the plaintiff never adequately explained why its new theory was not included in its original expert report, and because the defendant was entitled under the Federal Rules to adequate notice of the plaintiff's theories. *Id.* at 1368; *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (Fed. Cir. 2007) (affirming the exclusion of expert testimony served after the expert discovery cutoff and after summary judgment motion filed). Similarly, Lucent has no excuse for its failure to include in Hoeberlein's initial report opinions on damages related to Gateway's sales of Quicken and Money, and Lucent has no justification for subjecting Gateway to the prejudice it would suffer if Lucent is permitted to violate Rule 26 and the Court's Scheduling Order in this way.

Rule 26(a)(2) provides that parties must identify all experts who may be used at trial and disclose in an expert report "a *complete statement* of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; ...." FED. R. CIV. P. 26(a)(2)(B) (emphasis added). In addition, Rule 26(a)(2) provides that the required expert disclosures "shall be made at the times and in the sequence directed by the court." FED. R. CIV. P. 26(a)(2)(C). Pursuant to Rule 26, the schedule for expert disclosure in this case was set out in the Court's Order Following Discovery Conference, filed on January 10, 2006 ("Scheduling Order"). The discovery rules of the Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980).

### A.    The Exclusion of Untimely Opinion Testimony is "Automatic and Mandatory"

Excluding expert evidence as a sanction for failure to timely disclose expert opinions is "automatic and mandatory." *Continental Lab. Prods., Inc. v. Medax Intl., Inc.*, 195 F.R.D. 675, 676 (S.D. Cal. 2000); *Yeti By Moll, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)

---

Gateway's Motion in Limine No. 1:
To Preclude Lucent From Providing Any Testimony or Argument
at Trial Regarding Damages Based on Gateway's Sales of Quicken
and Money Due to the Untimely Disclosure of Wayne A.
Hoeberlein's Second Supplemental Expert Report

2

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

Exhibit 4
Page 25

1  (sanctions under Rule 37(c)(1) are "self executing," "automatic" and designed to provide "a strong

2  inducement for the disclosure of material"); *Carson Harbor Village, Ltd. v. Unocal Corp.*, 2003 WL

3  22038700, at *2 (C.D. Cal. Aug. 8, 2003). Moreover, courts routinely exclude untimely

4  "supplemental" expert evidence that was not disclosed in the original expert report. *See, e.g.,*

5  *Monolithic*, 467 F.3d at 1368-69. In *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C.

6  2002), the Court refused an expert's attempt to "supplement" his report on grounds that the additional

7  "opinion was not supplementation, but merely an out-of-time disclosure":

8  
9     The Court cannot accept a definition of supplementation which would
      essentially allow for unlimited bolstering of expert opinions....To
      construe supplementation to apply whenever a party wants to bolster or
10    submit additional expert opinions would reek havoc in docket control and
      amount to unlimited expert opinion preparation.

11  **B.    Lucent Cannot Overcome The Presumption Of Exclusion**

12      The presumption of exclusion of untimely disclosed evidence, including the testimony of

13  experts, may only be overcome if Lucent's failure to disclose the information is substantially justified

14  or harmless. *Continental Lab. Prods.*, 195 F.R.D. at 676; *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d

15  1100, 1118 (C.D. Cal. 2002) ("[A] preclusion sanction *shall be imposed* unless the party failing to

16  disclose the information acted with substantial justification or the failure to disclose was harmless.").

17  The burden of showing substantial justification and harmlessness rests squarely on Lucent. *See*

18  *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 324 (C.D. Cal. 2004).

19  **III.    LUCENT MUST BE PRECLUDED FROM RELYING UPON HOBERLEIN'S
20           UNTIMELY OPINIONS REGARDING QUICKEN AND MONEY**

         **A.    Hoeberlein's Second Supplemental Report Violates Rule 26**
21
22      The Court's Scheduling Order set deadlines for expert discovery. *See* Scheduling Order at 1

23  [D.I. 384]. Specifically, the parties were ordered to exchange opening expert reports by March 31,

    2006; rebuttal expert reports were due to be served on May 12, 2006; and finally, July 7, 2006, was the
24
    expert discovery cut off. *Id.* Despite the March 31, 2006 deadline for opening expert reports, Lucent
25
26  issued Hoeberlein's Second Supplemental Report ten months later on January 25, 2007, in violation of

27  both Rule 26(a) and the Court's Scheduling Order. When a party fails to meet the expert disclosure

    deadlines imposed by Rule 26 and the Court's Scheduling Order, Rule 37(c) mandates the exclusion of
28

Gateway's Motion in Limine No. 1:
To Preclude Lucent From Providing Any Testimony or Argument
at Trial Regarding Damages Based on Gateway's Sales of Quicken
and Money Due to the Untimely Disclosure of Wayne A.
Hoeberlein's Second Supplemental Expert Report

3

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

Exhibit 4
Page 26

1  evidence presented in violation of Rule 26 unless the party's failure to comply with Rule 26 is either

2  substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). Further compounding Lucent's

3  violation of the rules and the resulting prejudice to Gateway is the fact that Lucent <u>never</u> served the

4  report on Dechert LLP, Gateway's lead trial counsel, as required under the parties' stipulated service

5  agreement. *See also* Plies Ex. 7 (Service Agreement); Plies Ex. 23 (Email from Debbie Cole to

6  Lawrence Fluker).[2] As a result, Gateway's lead trial counsel only became aware of this report in March

7  of 2007, approximately two months before trial. *See* Plies Ex. 23 (Email from Debbie Cole to

8  Lawrence Fluker).

9  **B.     Lucent Cannot Justify the Late Hoeberlein Report and the Prejudice to Gateway**

10      Gateway will be unfairly prejudiced if Lucent is allowed to rely upon Hoberlein's untimely

11  opinion. In Hoberlein's Second Supplemental Report, Hoberlein presents for the very first time a

12  damages opinion based on Gateway's sales of Quicken and Money. *See* Plies Ex. 12 (Second

13  Supplemental Report). Under similar circumstances, courts have found that the resulting prejudice

14  justifies exclusion of untimely expert testimony. First, Gateway will suffer prejudice based on the

15  substantial costs associated with taking an additional Hoberlein deposition and preparing an additional

16  Gateway rebuttal report. *See Akeva*, 212 F.R.D. at 311 (prejudice identified as additional defense costs

17  and loss of tactical advantage flowing from movant's compliance with the court's scheduling order);

18  *Carson Harbor Village*, 2003 WL 22038700, at *2-4 (prejudice identified as lack of opportunity to

19  depose the late-disclosed expert, and substantial additional costs); *Yeti By Moll*, 259 F.3d at 1106

20  (prejudice identified as – shortly before trial – having to depose the expert and prepare to examine him

21  at trial). Second, Gateway will suffer prejudice based on its inability to seek summary judgment on

22  Hoeberlein's new theories because the deadline for summary judgment motions has passed. *See*

23  *Cambridge Electronics*, 227 F.R.D. at 324 (defendants prejudiced from untimely disclosure after

24  summary judgment because they were put at a tactical disadvantage and the late disclosure constituted

25

26  _____
[2] All references to "Plies Ex. __" refer to the exhibits attached to the Declaration of Jeffrey B. Plies in
27  Support of Gateway's Motions in Limine regarding Group 4 Patents submitted concurrently with this
Motion.

28  Gateway's Motion in Limine No. 1:
To Preclude Lucent From Providing Any Testimony or Argument          Case Nos. 02-CV-2060 B (CAB)
at Trial Regarding Damages Based on Gateway's Sales of Quicken    03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)
and Money Due to the Untimely Disclosure of Wayne A.           **4**
Hoeberlein's Second Supplemental Expert Report

**Exhibit 4**
**Page 27**

1   unfair surprise); *Inamed*, 275 F. Supp.2d at 1117-18 (prejudice identified as unfair surprise from

2   learning of defense only after summary judgment). Third, Gateway will suffer prejudice as a result of

3   the unfair disruption of the Court's pretrial schedule and the reduced time to prepare for trial on

4   Hoberlein's new damages opinions. *See Wong v. Regents of University of California*, 410 F.3d 1052,

5   1059 (9th Cir. 2005) (prejudice described as disruption of the Court's schedule); *Lee v. City of Novato*,

6   2004 WL 1971089, at *6 (N.D. Cal. Sept. 7, 2004) (defendants were unfairly prejudiced because

7   defendants were denied the opportunity to file rebuttal reports under the scheduling order). In the cases

8   cited above, the courts found that each of these forms of prejudice are sufficient to justify exclusion of

9   untimely expert opinions.

10       Moreover, Lucent cannot show that the untimely disclosure of these new damages opinions was

11  either justified or harmless. Lucent has no justification for Hoeberlein's untimely disclosure of his

12  opinions regarding Quicken and Money, because <u>all</u> the documents Hoeberlein relies upon relating to

13  Quicken and Money had been produced to Lucent weeks before Hoeberlein's initial expert report was

14  due. *See* Plies Exs. 5 and 6 (Document Production Letters).

15       Additionally, the prejudice to Gateway detailed above precludes Lucent from showing that its

16  failure to comply with Rule 26 and this Court's expert disclosure deadlines is harmless. Indeed,

17  defendants already twice deposed Hoeberlein – on July 7, 2006 and again on November 2, 2006.

18  Hoeberlein offered no opinions during either deposition relating to Lucent's alleged damages under the

19  Day patent for Gateway's sales of Quicken or Money. At this late date, after the time for Gateway to

20  file a summary judgment motions has passed and expert discovery has closed, it cannot be said that

21  Lucent's dramatic change in its damages theory is harmless.

22  **IV.    CONCLUSION**

23       For the foregoing reasons, Gateway respectfully requests that the Court preclude Lucent and

24  Hoberlein from providing any testimony or argument at trial regarding damages based on Gateway's

25  sales of Quicken and Money.

26

27

28

Gateway's Motion in Limine No. 1:
To Preclude Lucent From Providing Any Testimony or Argument    5    Case Nos. 02-CV-2060 B (CAB)
at Trial Regarding Damages Based on Gateway's Sales of Quicken        03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)
and Money Due to the Untimely Disclosure of Wayne A.
Hoeberlein's Second Supplemental Expert Report

**Exhibit 4**
**Page 28**

1  Dated:  March 29, 2007

2                                    DECHERT LLP

3                                    By:    /s/ Jeffrey B. Plies
                                            Jeffrey B. Plies

4                                    Attorneys For Defendants And Counter-Claimants:
                                     Gateway, Inc., Gateway Country Stores LLC, Gateway
5                                    Companies, Inc., Gateway Manufacturing LLC, And
                                     Cowabunga Enterprises, Inc.

6  12689028.2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gateway's Motion in Limine No. 1:
To Preclude Lucent From Providing Any Testimony or Argument
at Trial Regarding Damages Based on Gateway's Sales of Quicken
and Money Due to the Untimely Disclosure of Wayne A.
Hoeberlein's Second Supplemental Expert Report          6          Case Nos. 02-CV-2060 B (CAB)
                                                                    03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

Exhibit 4
Page 29