```
 1                UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF CALIFORNIA

 3

 4  LUCENT TECHNOLOGIES,        ) Case No. 02CV2060-B(CAB)
                                )         Consolidated with
 5          Plaintiff,           )         03CV0699-B(CAB)
                                )         03CV1108-B(CAB)
 6  vs.                          )         Related to:
                                )         06CV0684-B(CAB)
 7  GATEWAY, INC., et al.,       )
                                ) San Diego, California
 8          Defendants.          )
    _____) Friday,
 9                                 April 27, 2007
                                   9:00 a.m.
10

11           TRANSCRIPT OF MOTION HEARING
        BEFORE THE HONORABLE RUDI M. BREWSTER
12            UNITED STATES DISTRICT JUDGE

13  APPEARANCES:

14  For the Plaintiff:
                              JOHN DESMARAIS, ESQ.
15                            PAUL A. BONDOR, ESQ.
                              GREGORY F. CORBETT, ESQ.
16                            ERIC HAYES, ESQ.
                              Kirkland & Ellis, LLP.
17                            153 East 53rd Street
                              New York, New York 10022
18                            (212) 909-3189

19  For the Defendant:         JONATHAN BAKER, ESQ.
                              STEVE R. DANIELS, ESQ.
20                            W. BRYAN FARNEY, ESQ.
                              Dechert, LLP
21                            300 West Sixth Street
                              Suite 1850
22                            Austin, Texas 78701
                              (512) 394-3000
23

24

25  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.
```

*Echo Reporting, Inc.*

Exhibit 6
Page 39

```
                                                              134
 1          THE COURT: So, that's number three, and that's
 2  also -- it's related to Gateway's number 6, I believe.
 3          MR. BONDOR: That's right, essentially the same.
 4          THE COURT: Same. Okay, now, we're on Dell number
 5  18, which I think is related to Gateway number 1, and that's
 6  exclude damages testimony on Quicken and Money because of
 7  Wayne Hoberlein's untimely second supplemental expert
 8  report. Now, this is the one, I'm led to believe from the
 9  briefs that there was late production of figures, and then a
10  late report after that late production. Let me give you the
11  rule. I'm going to give you the rule. This is not a
12  summary judgment motion. Any late discovery of numbers
13  which can be the subject of an expert witness's testimony
14  may be followed by a supplemental report by the expert on
15  those late-produced numbers.
16          MR. FARNEY: That last part is the important part.
17          THE COURT: Well, that's the only part --
18          MR. FARNEY: Because what they added was something
19  not related to the late numbers.
20          THE COURT: If the supplemental report goes beyond
21  the late production, that which goes beyond is, should we
22  say, recapture or something?
23          MR. DESMARAIS: No, don't mention that.
24          THE COURT: Yeah, it's not going to come in. It's
25  not going to come in.
```

*Echo Reporting, Inc.*

Exhibit 6
Page 40

```
                                                                    135
 1            MR. BAKER:  I understand, your Honor.  Well, your
 2   Honor, what's going on here is that all --
 3            THE COURT:  It's not going to come in.  The
 4   supplemental report must be limited to the tardy production
 5   which energized the late report.  Isn't that clear enough?
 6        (Speaking all at once.)
 7            MR. BAKER:  Your Honor, this is our motion.  Your
 8   Honor, if I could address this first.  This is our motion.
 9            THE COURT:  I don't -- I'm not ruling that the
10   expert report did or didn't, because I haven't seen it.  I'm
11   giving you the rule of law.  Isn't that easy enough to
12   follow?  Don't tell me -- don't tell me that it does this or
13   doesn't do that.  I don't care.
14            MR. BAKER:  I think it's perfectly clear, because
15   they --
16            THE COURT:  I don't care.  I've given you the rule
17   of law.
18            MR. BAKER:  No, I think your rule is perfectly
19   clear.  The problem is Lucent -- Lucent has the problem --
20            THE COURT:  There will be nothing, this expert
21   report, if there is one that follows the late production of
22   figures, it will be limited to those figures, nothing
23   beyond.
24            MR. DESMARAIS:  Yes, and we're willing to live
25   with that.
```

*Echo Reporting, Inc.*

Exhibit 6
Page 41

```
                                                                 136
 1              THE COURT:  That's the rule.
 2              MR. FARNEY:  Let me ask you this.
 3              MR. BONDOR:  Oh, no, another one of these.
 4              MR. FARNEY:  This is the only question I have.
 5    His report, this report we're talking about, which came six
 6    months after the allegedly late production, for the first
 7    time mentioned Quicken and Money.  The late production
 8    was -- it had a few pages extra on -- 18 pages, additional
 9    pages --
10              THE COURT:  Is there any problem with what I said?
11              MR. FARNEY:  Well, the question is can they put in
12    evidence on Quicken and Money if his report, his last report
13    was the first time Quicken and Money were mentioned?
14              MR. BONDOR:  That's the only thing that report is
15    directed to.
16              MR. FARNEY:  And the late production had nothing
17    to do with it.
18              THE COURT:  How can you ask that question?
19              MR. FARNEY:  Because I know they're going to do
20    it, because of what you just said.  That's why I'm trying to
21    get clarification here instead of in the middle of the trial
22    in front of the jury.
23              THE COURT:  I don't know how much more clear I can
24    be, Mr. Farney.
25              MR. FARNEY:  You can tell them they can't put in
```

*Echo Reporting, Inc.*

Exhibit 6
Page 42

```
                                                              137
 1  that evidence on Money and Quicken.  That's not clear.
 2          MR. BONDOR:  Except that would apply your rule --
 3          THE COURT:  That's not right now.  We're in
 4  limine.  That's --
 5          MR. BAKER:  He said, despite your ruling, they're
 6  still going to try to put in evidence on Quicken and Money,
 7  even though the supplemental report did not rely on a late
 8  production regarding those products.  He's going to do it
 9  anyway.
10          MR. DESMARAIS:  WE'RE going to live by the rule.
11  The rule is clear, and we're going to live by the rule, your
12  Honor.
13          THE COURT:  Okay, I'll play Mr. Farney's game
14  here.  If the late report concerns Quicken and the late
15  production had nothing to do with Quicken, there will be no
16  remarks about Quicken in the report.  Is that clear?
17          MR. FARNEY:  Okay.
18          THE COURT:  Is that clear enough?
19          MR. FARNEY:  Thank you.
20          MR. DESMARAIS:  Your Honor, we understand the
21  rule.
22          MR. FARNEY:  All right.  They'll ignore that when
23  we get to trial.
24          THE COURT:  It adds nothing to what I said before.
25          MR. FARNEY:  As long as you'll stick with that
```

*Echo Reporting, Inc.*

Exhibit 6
Page 43

```
                                                              138
```

1  rule when we get to trial and I come up here and tell you
2  he's violating it, I'm fine.  But, he is going to violate
3  it, I guarantee.
4          THE COURT:  Now, if you tell me that they're going
5  to ignore it, do you want me to rule something in limine
6  that they mustn't ignore me or something?
7          MR. FARNEY:  That would be good.  It would be a
8  good start.
9          MR. DESMARAIS:  WE'RE not going to -- I'll agree
10 to that ruling, your Honor.  We're not going to ignore you.
11         MR. FARNEY:  Tell them they can't put any damages
12 on about Quicken.  That's what you need to tell them.
13         THE COURT:  I just said that.
14         MR. FARNEY:  All right, good, then we'll take that
15 ruling.
16         THE COURT:  And they said they understand that And
17 they aren't going to do that.
18         MR. FREED:  Good.  Your Honor, one further
19 Mr. Farney question.  It's a follow-on of his question.
20         THE COURT:  His question was totally redundant and
21 unnecessary, and yours is a follow-on.
22         MR. FREED:  It's the non-redundant part that's the
23 follow-on.  The late production may or may not arguably have
24 related to some aspect of Quicken or Money or something like
25 that.  But, the numbers that the late report is based on are

*Echo Reporting, Inc.*

Exhibit 6
Page 44

139

taken from documents that were produced before the end of discovery. As I see your ruling, if his late report is trying to recapture and base something on numbers that were given to him way before, that that can't be the subject of the late report.

THE COURT: Well, okay, well, let me say this. If you gave a number before, let's say 10, and then because the late report, it bumps it up a little bit, he comes back and says, well, now, I've got these late numbers, that makes my opinion, now, it's 12 now.

MR. FREED: Different story. That I can understand. But, if -- he had --

THE COURT: But, if he comes back and says it raises two, but while I'm at it -- while I'm at it, I thought of something that I didn't put in my earlier report, so I'm going to add one more for that. Can't do that. Can't do that.

MR. DESMARAIS: We understand your rule, your Honor. That was clear the first time you said it.

THE COURT: You understand everything, Ms. Brooks?

MS. BROOKS: I absolutely do, your Honor.

THE COURT: Well, why don't you ask me unnecessary questions? Why do you just sit there?

MS. BROOKS: I'm sorry, your Honor.

MR. FREED: She reserves that for me and

*Echo Reporting, Inc.*

Exhibit 6
Page 45

```
                                                              140
 1  Mr. Farney, your Honor.
 2          MR. FARNEY:  You wait.  This is going to come up.
 3          MR. FREED:  I think that's it for today.
 4          MR. DESMARAIS:  Thank you, your Honor.
 5          THE COURT:  What's that?
 6          MS. BROOKS:  The housekeeping question, your
 7  Honor, is that the Court required us to exchange witness
 8  lists on Wednesday.
 9          THE COURT:  No less than 48 hours before, and
10  those are calendar days.
11          MS. BROOKS:  These are preliminary witness lists
12  that were exchanged on Wednesday, according to the docket.
13  And so --
14          THE COURT:  Oh, preliminary witnesses?
15          MS. BROOKS:  Yes.
16          THE COURT:  What is a preliminary witness?
17          MR. BONDOR:  It was just a convenience entered
18  into by the parties.  The parties agreed to exchange
19  preliminary witness lists so that we would have a little bit
20  of time to hopefully make --
21          THE COURT:  Oh, the witnesses are not preliminary.
22  The list is preliminary.
23          MR. BONDOR:  Correct, your Honor.
24          THE COURT:  Okay, a preliminary list of witnesses.
25          MS. BROOKS:  And according to the document, your
```

*Echo Reporting, Inc.*

Exhibit 6
Page 46