# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Paul A. Bondor
To Call Writer Directly:
(212) 446-4823
pbondor@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

October 19, 2007

The Honorable Cathy Ann Bencivengo
United States District Court for the
  Southern District of California
940 Front Street
Suite 1171
San Diego, California 92101

      Re:   *Lucent Technologies Inc. v. Gateway Inc., et al.*, Case No. 02-CV-2060 B (CAB); consolidated with Case No. 03-CV-0699 B (CAB); and Case No. 03-CV-1108 B (CAB)

Dear Judge Bencivengo:

      I write on behalf plaintiffs Lucent Technologies Inc. ("Lucent") and Multimedia Patent Trust ("MPT") to seek the Court's assistance in obtaining supplementation of defendants' sales and financial information related to defendants' products and devices accused of patent infringement in this case.

      Defendants have not supplemented their production of sales and financial information since fact discovery closed more than a year and a half ago. As a result, the most recent sales information related to the accused products is almost two years old. With trial scheduled to commence on February 20, 2008 before Judge Huff, and with no voluntary supplementation forthcoming from defendants, Lucent has repeatedly requested supplementation of that damages-related material pursuant to the obligations stated in Fed. R. Civ. P. 26. (Ex. 1, 9/18/07 Bernard Letter to Counsel; Ex. 2, 10/8/07 Bernard Letter to Counsel.)

      Notwithstanding the obvious relevance to the damages issues to be tried in February, and their obligation to supplement, the defendants have refused to produce this information unless Lucent agrees to numerous conditions completely unrelated to the relevance of the materials or any legitimate claim of privilege or burden. (Ex. 3, 10/10/07 Reid Letter to Bernard.) Despite a telephone conference on October 15, 2007 in accordance with Local Rule 26.1, the parties have been unable to reach an agreement. Accordingly, Lucent seeks an Order from this Court requiring the defendants to supplement their financial information without further delay.

Chicago     Hong Kong     London     Los Angeles     Munich     San Francisco     Washington, D.C.

Exhibit 14
Page 114

**KIRKLAND & ELLIS LLP**

The Honorable Cathy Ann Bencivengo
October 19, 2007
Page 2

      The upcoming February trial involves five Lucent and MPT patents and numerous accused products, including Microsoft software and Dell and Gateway computer systems. Early in discovery, almost four years ago, Lucent served detailed discovery requests on each defendant seeking financial information for each accused product. (Ex. 4, February 24, 2004 Lucent Doc. Req. To Dell; Ex. 5, February 24, 2004 Lucent Doc. Req. To Gateway; Ex. 6, February 24, 2004 Lucent Doc. Req. To Microsoft.) In response to these requests, each defendant produced financial information for the accused products.[1] According to defendants' representations at the time, the financial and sales data produced by the defendants at the close of fact discovery represented the most current available information: in Microsoft's case, the data reflected sales through November 2005, with similar cut-off dates for Dell and Gateway. However, each defendant has continued to sell the accused products and systems, leaving almost two years' worth of sales and financial information undisclosed.

      Obviously, Lucent can only present to the jury the latest damages information produced by the defendants. With respect to the audio coding patents tried in January 2007 against Microsoft, Lucent presented sales and financial information through the end of November 2005 to the jury, and the jury awarded damages based on that information. In post-trial motions, consistent with common practice and the pre-trial order, Lucent pressed its request for an accounting to cover sales after November 2005. However, during briefing on the post-trial motions, Microsoft took the surprising position that Lucent had *waived* damages with respect to any sales after November 2005, despite Microsoft's own (unsatisfied) obligation to supplement under Fed. R. Civ. P. 26, and notwithstanding the fact that Lucent's request for an accounting was memorialized in the pre-trial order.

      In order to avoid any such claim—however unfounded—with respect to the upcoming trial, Lucent has prudently requested supplementation of financial documentation. In correspondence to date, the defendants deny neither their obligation under Fed. R. Civ. P. 26(e)(2) to supplement incomplete discovery responses,[2] nor the relevance of the underlying

---

[1] Some of that discovery was incomplete. For instance, Gateway did not produce any financial information for the accused Microsoft Money product. Gateway only produced financial information for Intuit Quicken through December 2004, even though it has continued to sell this product. That missing information should also be included in defendants' supplemental production.

[2] Fed. R. Civ. P. 26(e)(2) reads: A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect
(Continued...)

Exhibit 14
Page 115

# KIRKLAND & ELLIS LLP

The Honorable Cathy Ann Bencivengo
October 19, 2007
Page 3

materials. Nor could they in good faith: by statute, Lucent is entitled to "damages adequate to compensate for the infringement but in no event less that a reasonable royalty" for defendants' infringement. 35 U.S.C. § 284. In order to quantify the appropriate amount of damages for each of the accused products, updated financial information is necessary. Although an accounting will also be required to quantify damages for any periods for which financial records have not been produced (and Lucent fully intends to seek an accounting for any such periods),[3] that fact should not justify leaving defendants' production incomplete, particularly in light of the waiver argument Microsoft previously asserted. As defendants' correspondence acknowledges, there is sufficient time before trial for presentation of more complete damages information. A more complete evidentiary presentation at trial will also serve to avoid other post-trial disputes between the parties about the scope and meaning of a jury's damages verdict.

   Accordingly, Lucent respectfully requests this Court to order each defendant to supplement sales and financial information related to each of the accused products without further delay.

                                                      Respectfully submitted,

                                                      Paul Bondor /ETB
                                                      Paul A. Bondor

cc: Counsel for Microsoft, Dell, and Gateway

---

incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

[3] Lucent's request to the Court is made without prejudice to its request for an accounting in past trials between the parties or in any upcoming trial for any period for which defendants' production was not complete.

Exhibit 14
Page 116