# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Paul A. Bondor
To Call Writer Directly:
(212) 446-4823
pbondor@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

October 31, 2007

The Honorable Cathy Ann Bencivengo
United States District Court for the
 Southern District of California
940 Front Street
Suite 1171
San Diego, California 92101

Re:    *Lucent Technologies Inc. v. Gateway Inc., et al.*, Case No.
       02-CV-2060 B (CAB); consolidated with Case No. 03-CV-0699 B
       (CAB); and Case No. 03-CV-1108 B (CAB)

Dear Judge Bencivengo:

    I write on behalf of plaintiffs Lucent Technologies Inc. ("Lucent") and Multimedia Patent Trust ("MPT") in response to defendants' letters to the Court last week regarding Lucent's request for supplemental production of financial information. The defendants do not argue that the requested financial information is not directly related to products accused of infringement; rather, they seek to block disclosure by urging reconsideration of Judge Brewster's previous rulings. However, those arguments have no place in the context of this discovery dispute, and are properly addressed—should the defendants continue to urge the position—before Judge Huff during pre-trial motions. In short, defendants present no legitimate reason to justify withholding the straightforward sales and revenue information Lucent seeks. Accordingly, the Court should order defendants to supplement production of that financial information without further delay.

    In their letters to the Court, defendants do not dispute that Lucent is statutorily entitled to no less than a reasonable royalty for defendants' continued infringement. Instead, defendants argue that fact discovery has closed and supplemental financial production is burdensome in light of additional supplementation that may be necessary for a post-trial accounting. To be clear, Lucent merely seeks updated financial information of the type previously provided by the defendants for those products that unquestionably remain accused in the case. Specifically, Lucent seeks supplemental sales and revenue information only for products accused of infringing

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

Exhibit 16
Page 122

# KIRKLAND & ELLIS LLP

The Honorable Cathy Ann Bencivengo
October 31, 2007
Page 2

the remaining video, Day and Agulnick patents.[1]    Though Lucent will seek a post-trial accounting for any sales of infringing products that are not presented to the jury,[2] a post-trial accounting alone is insufficient under the circumstances of this case.  As discussed in Lucent's opening brief, Microsoft has already argued once that Lucent waived its right to any damages not presented to the jury, specifically because Lucent did not previously move to compel supplementation after the close of discovery.[3]  (D.I. 1847 at 17 ("At any point after November 30, 2005, Lucent could have and should have obtained updated unit information from Microsoft. Likewise, Lucent could and should have obtained updated computer average selling prices from Dell and Gateway."))  Furthermore, because the trial in this case has repeatedly been postponed at defendants' request while their infringement continues,[4] by the time trial begins in February 2008, two years or more of damages will be missing from Lucent's presentation to the jury.[5]

Given that the requested supplementation would enable a substantially more complete damages presentation, it makes sense to avoid (to the extent possible) relying solely on a post-trial accounting.  That is particularly true in this case, in which Microsoft devoted substantial portions of its post-trial briefs from the January 2007 audio coding trial not only disputing the substance of the jury's damages award, but also asserting a Seventh Amendment right to a jury determination of the full damages amount.  *See, e.g., id.* at 18.  The significance of any such disputes can be eliminated or greatly reduced if Lucent's damages presentation to the jury is as complete as possible.

---

[1] The Fleming patent has already expired and no supplemental financial information is necessary, assuming defendants' production is complete after supplementation.

[2] The Day patent has expired and no further supplemental production in the form of an accounting is expected to be necessary, assuming defendants' production is complete after supplementation.

[3] Defendants' attempt to distinguish the present situation from Microsoft's previous position should be unconvincing to say the least.  Last time, Lucent did not move to compel supplementation, and Microsoft asserted waiver—even though it was Microsoft's burden to supplement.  This time, after Lucent has requested supplementation, defendants claim it is unnecessary, burdensome, and should be handled through an accounting. Defendants' inconsistent positions reveal that they are driven by a desire for tactical advantage rather than any legitimate concerns.

[4] The video patents were originally set for trial in November 2006, but trial was delayed at defendants' request.  The Day and Agulnick patents were set for trial in May 2007, but again trial was delayed at defendants' request.

[5] For instance, Microsoft has produced financial information only for the period from early 2003 to November 2005.

Exhibit 16
Page 123

## KIRKLAND & ELLIS LLP

The Honorable Cathy Ann Bencivengo
October 31, 2007
Page 3

Nor do defendants make any particularized showing of any alleged burden. Given that Lucent seeks only updated, complete sales units and revenue information for the accused products of the patents remaining for trial, there can be no credible argument that any defendant lacks ready access to such critical business information. In fact, defendants previously produced sales and revenue information largely in spreadsheet form (excepting of course the instances of incomplete production identified in Lucent's opening letter), and Lucent seeks only updated and complete production of such materials. With trial still four months away, there is ample time for that supplementation and defendants do not claim otherwise: in their October 10th letter, they acknowledge that it would only take a few weeks. (Ex. 1, 10/10/07 Reid Letter to Bernard at 2.) Indeed, had defendants began their supplementation more than a month ago in response to Lucent's request, that supplementation would already be complete.

Recognizing their own claims of burden to be hollow, defendants have sought not only to delay supplementation but also to impose restrictions on the use of any supplemental information produced. Specifically, defendants seek to withhold supplemental financial information for the accused Microsoft stand-alone Outlook, Intuit Quicken and Microsoft Money software, and to restrict its use. As an initial matter, defendants cannot contend that those products are not accused of infringement: as clearly stated in Lucent's expert reports and interrogatory responses, each of those products are and have always been accused of infringing the Day patent—although defendants omitted the relevant portions of Mr. Hoeberlein's reports in their October 24 submissions to the Court. (See, e.g., Ex. 2, 3/31/06 Smith Report at 24-26; Ex. 3, 3/31/06 Hoeberlein Report at 6-7; Ex. 4, 3/24/04 Lucent Response to Defendants' First Set of Interrogatories at Attach. A, pp. 78-96, Attach. B, pp. 39-62, and Attach. C, pp. 51-74.) Nonetheless, defendants contend that Lucent should now be precluded from seeking damages based on those infringing products. But defendants' position has no support in the discovery rules, and instead amounts to nothing more than an attempt to reargue what amounts to a motion for partial summary judgment against Lucent—a motion Judge Brewster previously denied.

Back in April, defendants filed multiple motions *in limine* to exclude the supplemental damages expert report of Lucent's accounting expert Wayne Hoeberlein, presenting the same arguments that the defendants now rehash in their letters to the Court. (Exs. 5 - 10, Briefing on Motion *in Limine*.) In reaching his decision rejecting defendants' requested relief, Judge Brewster recognized that there had been significant late production of financial information by defendants, and that the late production could permissibly affect the damages reports. (Ex. 11, 4/27/07 Tr. at 134:8-10.) Moreover, Judge Brewster recognized that defendants' requested relief was tantamount to a request for summary judgment precluding damages for certain infringing products, *see id.*, and he denied the defendants' motions *in limine* accordingly. (Ex. 12, 4/30/07 Order at 6.) Contrary to defendants' suggestions, Judge Brewster's Order also explicitly recognizes the admissibility of Mr. Hoeberlein's updated calculations taking into account the

Exhibit 16
Page 124

**KIRKLAND & ELLIS LLP**

The Honorable Cathy Ann Bencivengo
October 31, 2007
Page 4

late-produced information.  (*Id.*)  Judge Brewster certainly *did not* rule that Mr. Hoeberlein's testimony on these products is precluded, nor that disclosure of Lucent's damages theories regarding Microsoft stand-alone Outlook, Intuit Quicken and Microsoft Money was untimely, as defendants would now have it.  Rather, Judge Brewster recognized the connection between defendants' tardy production and Mr. Hoeberlein's supplementation, stated the considerations that he would weigh at the appropriate time, and explicitly declined to make the ruling that the defendants now urge the Court to make based on exactly the same facts and argument.

Accordingly, the Court should not endorse defendants' attempt to block supplemental production of plainly discoverable and highly relevant financial information.  Putting aside defendants' apparently fervent beliefs, the sales and revenue information Lucent seeks is relevant under any damages theory, because it represents the underlying data—infringing units and sales revenue—from which any mathematical calculation of damages is necessarily derived.  Mr. Hoeberlein's previous accounting calculations used the similar information defendants have provided in the past, and Lucent merely seeks to obtain updated financial information for straightforward damages calculations.[6]  Fundamentally, Lucent disagrees with the proposition that Mr. Hoeberlein has changed any damages theory—but the present need for updated sales and revenue information is completely independent of that disagreement between the parties on that point.  Any dispute about the appropriateness of damages theories to be presented at trial are properly addressed by Judge Huff in pretrial filings (as they were before by Judge Brewster) and can be resolved then.

---

[6] The cases cited by the defendants in support of their argument are inapposite.  Both cases address application of Fed. R. Civ. P. 26(e) when a party uses it affirmatively to seek or apply brand new discovery—not where, as here, a party seeks Rule 26(e) supplementation from its opponents based on unchanged discovery requests served long ago.. *See Saint-Gobain Corp. v. Gemtron Corp.*, No. 1:04-CV-387, 2006 WL 1307890, at *1 (W.D. Mich. May 9, 2006); *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 109-110 (D.D.C. 2005).

Exhibit 16
Page 125

## KIRKLAND & ELLIS LLP

The Honorable Cathy Ann Bencivengo
October 31, 2007
Page 5

     For the foregoing reasons, Lucent requests the Court order the defendants to supplement their production of financial information without further delay.

Respectfully submitted,

Paul A. Bondor

cc:  Joseph P. Reid, Esq.
      James S. Blackburn, Esq.
      Jonathan D. Baker, Esq.

Exhibit 16
Page 126