John M. Desmarais (*pro hac vice*)
Paul A. Bondor (*pro hac vice*)
Elizabeth T. Bernard (*pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for Lucent Technologies Inc.
and Multimedia Patent Trust

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST<br><br>    Plaintiffs and Counter-Defendants,<br><br>  vs.<br><br>GATEWAY, INC., *et al.*<br><br>    Defendants and Counterclaimants.<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>    Intervener and Counterclaimant.<br><br>AND RELATED CLAIMS | CASE NO. 07-CV-2000-H (CAB)<br>consisting of matters severed from the consolidated cases:<br>CASE NO. 02-CV-2060-B (CAB)<br>CASE NO. 03-CV-0699-B (CAB)<br>CASE NO. 03-CV-1108-B (CAB)<br><br>**LUCENT TECHNOLOGIES' AND MULTIMEDIA PATENT TRUST'S OPPOSITION TO GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING REGARDING SUPPLEMENTAL DISCOVERY** |

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................1

II.   FACTUAL BACKGROUND................................................................................1

III.  LEGAL STANDARD............................................................................................3

IV.  ARGUMENT.........................................................................................................3

     A.    Magistrate Judge Bencivengo's Order Directing Supplemental Production Is Neither Clearly Erroneous Nor Contrary To Law Because There Is No Dispute That The Products At Issue Are Accused Of Infringement And Lucent Is Statutorily Entitled To No Less Than A Reasonable Royalty For Gateway's Infringement.........................................................................................3

     B.    The Court Should Deny Gateway's Request For Summary Judgment Of No Damages Yet Again ..............................................................................................6

V.   CONCLUSION.....................................................................................................8

LUCENT TECHNOLOGIES' AND MULTIMEDIA PATENT TRUST'S OPPOSITION TO GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING REGARDING SUPPLEMENTAL DISCOVERY

i

Case No. 07--CV-2000-H (CAB)

**TABLE OF AUTHORITIES**

**Cases**

*Bhan v. NME Hospitals, Inc.*,
    929 F.2d 1404 (9th Cir. 1991) ................................................................................................ 3

*Green v. Baca*,
    219 F.R.D. 485 (C.D. Cal. 2003) ............................................................................................ 3

**Statutes**

28 U.S.C. (b)(1)(A) ........................................................................................................................ 3

35 U.S.C. § 284 .............................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 72(a) ...................................................................................................................... 3

LUCENT TECHNOLOGIES' AND MULTIMEDIA PATENT TRUST'S OPPOSITION TO GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING REGARDING SUPPLEMENTAL DISCOVERY

ii

Case No. 07--CV-2000-H (CAB)

## I. INTRODUCTION

Lucent submits this memorandum in opposition to Gateway's motion for review and modification of Magistrate Judge Bencivengo's order compelling production of updated financial information concerning the accused products. As can be seen even from the title of Gateway's motion, Gateway seeks to upset the Magistrate Judge's discovery order based on a supposed admissibility question with respect to the financial information to be produced. As detailed below, the straightforward supplemental discovery ordered by Magistrate Judge Bencivengo is directly related to damages on plaintiff's infringement claims, and encompasses materials that are plainly discoverable under the liberal standard of Fed. R. Civ. P. 26(b)(1). Because Magistrate Judge Bencivengo's order directing supplementation of that critical information is neither clearly erroneous nor contrary to law, the Court should deny Gateway's motion.

## II. FACTUAL BACKGROUND

The upcoming February trial in this case involves five Lucent and MPT patents and numerous accused products, including Microsoft software, and Gateway and Dell computer systems, and third-party software sold by Gateway and Dell. Almost four years ago, Lucent served detailed discovery requests on each defendant seeking financial information for each accused product. (*See* Ex. 1, February 24, 2004 Lucent Doc. Req. To Gateway.)[1] In response to those requests, according to defendants' representations at the time, the financial and sales data produced by the defendants at the close of fact discovery represented the most current information then available. In Microsoft's case, the data reflected sales through November 2005, with generally similar cut-off dates for Dell and Gateway.[2]

---

[1] All references to Exhibits refer to the exhibits attached to the Declaration of Elizabeth T. Bernard in Support of Lucent Technologies' and Multimedia Patent Trust's Opposition to Gateway's Motion for Review of Magistrate Judge's Ruling Regarding Supplemental Discovery filed concurrently herewith.

[2] Although Gateway's production of financial information related to that earlier period continued belatedly into July 2006, it remains incomplete even from that period, omitting information related
(Continued…)

LUCENT TECHNOLOGIES' AND MULTIMEDIA PATENT TRUST'S OPPOSITION TO GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING REGARDING SUPPLEMENTAL DISCOVERY

1

Case No. 07--CV-2000-H (CAB)

Each defendant, including Gateway, has continued to sell the accused products and systems since the close of fact discovery—but Gateway has not supplemented its production of sales and financial information. As a result, even the most recent sales information related to the accused products is almost two years old. With trial scheduled to commence on February 20, 2008, and with no voluntary supplementation forthcoming from defendants, Lucent repeatedly requested supplementation of that damages-related material. (Ex. 2, 9/18/07 Bernard Letter to Counsel; Ex. 3, 10/8/07 Bernard Letter to Counsel.) Notwithstanding the obvious relevance of those documents to the damages issues to be tried in February, and its obligation to supplement, Gateway refused to produce supplemental financial information unless Lucent agreed to numerous conditions completely unrelated to the relevance of the materials or any legitimate claim of privilege or burden. (Ex. 4, 10/10/07 Reid Letter to Bernard.) Despite a conference in accordance with Local Rule 26.1, Gateway continued to refuse to supplement its production, forcing Lucent and MPT to move to compel.

After briefing and argument—during which Gateway made all of the arguments it does now—Magistrate Judge Bencivengo properly granted plaintiffs' motion. At defendants' request, Magistrate Judge Bencivengo gave defendants a full month to gather and produce the additional financial information, which was even more time than defendants had originally suggested might be required. (*Id.*)

Although Gateway (and the other defendants) originally sought to block discovery of sales information relating to the stand-alone version of accused product Microsoft Outlook in addition to accused products Intuit Quicken and Microsoft Money, Gateway has dropped its efforts to block discovery with respect to stand-alone Microsoft Outlook. In addition, Gateway has now abandoned its argument (made both during correspondence leading up to Lucent's motion to compel as well as

---

to sales of the accused Microsoft Money product. In addition, Gateway has produced financial information for Intuit Quicken only through December 2004, even as it has continued to sell that product.

LUCENT TECHNOLOGIES' AND MULTIMEDIA PATENT TRUST'S OPPOSITION TO GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING REGARDING SUPPLEMENTAL DISCOVERY

2

Case No. 07--CV-2000-H (CAB)

in briefing before the Magistrate Judge) that the supplementation poses some unspecified burden. But rather than recognizing the Magistrate Judge's ruling as the straightforward discovery ruling that it is, Gateway instead re-packages its complaints as a supposed admissibility question that Gateway has already briefed, argued, and lost—twice. Unlike Gateway, neither of the other defendants has chosen to continue their efforts to block discovery.

### III. LEGAL STANDARD

The Court has already recognized the proper standard of review to be applied to Magistrate Judge Bencivengo's order. Specifically, as a nondispositive order on a discovery matter, the Court:

> may only modify or set aside the order if it is "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. (b)(1)(A) (magistrate judge's decision on nondispositive issue reviewed under clearly erroneous standard); *see Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (same). Discovery matters are considered nondispositive. *See Bhan*, 929 F.2d at 1414; *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).

(11/14/07 Order Regarding Gateway's Motion for Review of Magistrate Judge's Ruling Under Fed. R. Civ. P. 72(a), D.I. 46 at 2.)

### IV. ARGUMENT

**A. Magistrate Judge Bencivengo's Order Directing Supplemental Production Is Neither Clearly Erroneous Nor Contrary To Law Because The Products At Issue Are Accused Of Infringement And Lucent Is Statutorily Entitled To No Less Than A Reasonable Royalty For Gateway's Infringement**

Despite Gateway's assertions, the supplemental financial documentation ordered by the Magistrate Judge is directly related to Lucent's and MPT's claims of infringement. As clearly stated in Lucent's expert reports and interrogatory responses, each of those products is (and has always been) accused of infringing the Day patent. (*See, e.g.*, Ex. 5, 3/31/06 Smith Report at 24-26; Ex. 6, 3/31/06 Hoeberlein Report at 6-7; Ex. 7, 3/24/04 Lucent Response to Defendants' First Set of Interrogatories at Attach. B, pp. 39-62.) Unfortunately, as it did in its submission to Magistrate Judge Bencivengo, Gateway *again omits* the specific portions of Mr. Hoeberlein's reports identifying those products. (*See id.*; *cf.* Gateway Ex. 2 (omitting pages 6-7 from 3/31/06 Hoeberlein

LUCENT TECHNOLOGIES' AND MULTIMEDIA PATENT TRUST'S OPPOSITION TO GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING REGARDING SUPPLEMENTAL DISCOVERY

3

Case No. 07--CV-2000-H (CAB)

report.) As his report explicitly states, Mr. Hoeberlein's damages calculations have always encompassed infringement by Intuit Quicken and Microsoft Money:

> Lucent has accused Gateway of infringing the Day '356 patent by making, using, selling, or offering for sale in the United States, or importing into the United States the following products:
> - Every computer system that included Microsoft Money, Intuit Quicken, or Microsoft Outlook software, or Microsoft Windows Mobile Pocket PC or Pocket PC operating system software.
>
> Lucent has also accused Gateway of inducing infringement of the Day '356 patent by selling or offering for sale Microsoft Money, Intuit Quicken, or Microsoft Outlook software and by supplying all of the above products to customers and providing manuals and other documentation to customers that provide information on how to use these products.

(Ex. 6, 3/31/06 Hoeberlein Report at 7.)

By statute, Lucent is entitled to "damages adequate to compensate for the infringement but in no event less that a reasonable royalty" for Gateway's infringement. 35 U.S.C. § 284. Thus, entirely independent of Gateway's complaints, the sales and revenue information Lucent seeks is relevant under any damages theory, because it represents the underlying data—infringing units and sales revenue—from which any mathematical calculation of damages is necessarily derived. Not only are the sales and revenue records that Magistrate Judge Bencivengo has ordered produced plainly discoverable under Rule 26, but they are also admissible at trial as Gateway's business records, and admissions, entirely independent of any accounting expert testimony. The supplementation ordered by Magistrate Judge Bencivengo appropriately directs production of updated financial information that will enable quantification of the appropriate amount of damages for each of the accused products.

The supplemental discovery ordered by Magistrate Judge Bencivengo makes particular sense under the circumstances of this case. As the Magistrate Judge recognized during the hearing, the complexities of this multi-patent, multidefendant case resulted in an unusually long period between the end of fact discovery and trial of the damages claims. Furthermore, because the trial in this case has repeatedly been postponed at defendants' requests while their infringement continues, two years

or more of damages will be missing from Lucent's presentation to the jury by the time trial begins in February 2008.

Gateway does not dispute that Lucent is statutorily entitled to no less than a reasonable royalty for Gateway's continued infringement. Nor does Gateway make any particularized showing of any alleged burden. Given that Lucent seeks only updated, complete sales units and revenue information for the accused products of the patents remaining for trial, there is no credible argument that Gateway lacks ready access to such critical business information. In fact, Gateway previously produced sales and revenue information largely in spreadsheet form (excepting of course the instances of incomplete production identified above), and Lucent seeks only updated and complete production of such materials. With trial still months away, there is ample time for that supplementation and Gateway does not claim otherwise: in their October 10th letter, they acknowledge that it would only take a few weeks. (Ex. 4, 10/10/07 Reid Letter to Bernard at 2.) Indeed, had defendants began their supplementation in response to Lucent's request two months ago, that supplementation would already be complete.

Given the unusual delay between the closed fact discovery and trial, and given that the ordered supplementation would enable a substantially more complete damages presentation, it makes sense to avoid (to the extent possible) relying solely on a post-trial accounting.[3] If Lucent's damages presentation to the jury is as complete as possible, the significance of any disputes about the

---

[3] Though Lucent will seek a post-trial accounting for any sales of infringing products that are not presented to the jury, a post-trial accounting alone is insufficient under the circumstances of this case. Microsoft also has already argued once that Lucent waived its right to any damages not presented to the jury, specifically because Lucent did not previously move to compel supplementation after the close of discovery. (D.I. 1847 at 17 ("At any point after November 30, 2005, Lucent could have and should have obtained updated unit information from Microsoft. Likewise, Lucent could and should have obtained updated computer average selling prices from Dell and Gateway.")) The supplementation ordered by Magistrate Judge Bencivengo will also avoid such disputes after the upcoming trial.

substance of the jury's verdict can be eliminated or greatly reduced.[4] Under those circumstances, Magistrate Judge Bencivengo's discovery order is neither clearly erroneous nor contrary to law, and the Court should deny Gateway's motion to alter it.

**B.   The Court Should Deny Gateway's Request For Summary Judgment Of No Damages Yet Again**

Notwithstanding the fact that both Intuit Quicken and Microsoft Money are plainly accused of infringement and have been included as part of plaintiffs' damages calculations since March 2006—as expressly noted on page 7 of Mr. Hoeberlein's first report quoted above—Gateway seeks summarily to preclude Lucent from seeking damages based on those infringing products. But defendants' position has no support in the discovery rules or prior rulings of this Court, and Gateway's arguments do not justify a conclusion that Magistrate Judge Bencivengo's discovery order is clearly erroneous or contrary to law.

No fewer than three times, Gateway asserts that Judge Brewster "has already issued an order precluding Lucent from presenting any damages claim at trial based on Gateway's sales of Intuit Quicken and Microsoft Money." (Gateway Br. at 1, 3, 8.) That assertion is simply false. Quite to the contrary, as can be seen from Judge Brewster's order, Judge Brewster *denied* Gateway's motion to exclude Mr. Hoeberlein January 2007 report. (Gateway Baker Decl. Ex. 5, 4/30/07 Order at 6.) Even if the Court were asked to reach the substance of Gateway's complaints—which it need not do to uphold Magistrate Judge Bencivengo's discovery order—the Court should rule as Judge Brewster did, and permit the discovery to proceed.

Back in April, Gateway and the other defendants filed multiple motions *in limine* to exclude the supplemental damages expert report of Lucent's accounting expert Wayne Hoeberlein,

---

[4] For example, in the post-trial briefing after the audio coding trial last January, Microsoft devoted substantial portions of its post-trial briefs not only disputing the substance of the jury's damages award (thereby attempting to block application of the jury's reasonable royalty to sales made after November 2005), but also asserting a Seventh Amendment right to a jury determination of the full damages amount. *See, e.g.*, 07-CV-2000-H (CAB) D.I. 1847 at 18.

presenting the same arguments that Gateway rehashed before Magistrate Judge Bencivengo, and now repeats in its briefs. (Gateway Baker Decl. Ex. 4, Gateway Brief on Motion *in Limine*.) In reaching his decision rejecting Gateway's requested relief, Judge Brewster recognized that there had been significant late production of financial information by defendants, and that the late production could permissibly affect the damages reports. (Gateway Baker Decl. Ex. 6, 4/27/07 Tr. at 134:8-10.) Moreover, Judge Brewster recognized that Gateway's requested relief was tantamount to a request for summary judgment precluding damages for certain infringing products, *see id.*, and he denied the defendants' motions *in limine* accordingly. (Gateway Baker Decl. Ex. 5, 4/30/07 Order at 6.) Contrary to Gateway's suggestions, Judge Brewster's Order also explicitly recognizes the admissibility of Mr. Hoeberlein's updated calculations taking into account the late-produced information. (*Id.*) Judge Brewster certainly ***did not*** rule that Mr. Hoeberlein's testimony on these products is precluded, nor that disclosure of Lucent's damages calculations regarding Intuit Quicken and Microsoft Money were untimely, as Gateway would now have it. Rather, Judge Brewster recognized the connection between Gateway's tardy production and Mr. Hoeberlein's supplementation, and explicitly declined to make the ruling that Gateway now urge the Court to make based on exactly the same facts and argument.

The facts and circumstances leading up to Mr. Hoeberlein's January 2007 supplemental report are fully detailed in Lucent's opposition to Gateway's motion *in limine*, and will not be repeated here. (S*ee* Gateway Baker Decl. Ex. 12.) In brief, the sole reason necessitating Mr. Hoeberlein's January 2007 report was Gateway's own decision to delay its incomplete production regarding accused products including Microsoft Money and Intuit Quicken until more than five months after the close of discovery, and to supplement its own expert report relaying for the first time on its own incomplete data as well as previously unproduced sales data. Gateway's supplemental report was submitted not only five months after discovery closed, but also after Mr. Hoeberlein's original deposition, and just days before the deposition of Gateway's damages expert. It also is conspicuously absent from Gateway's timeline. (S*ee* Gateway Baker Decl. Ex. 7 (omitting Kaplan's supplemental report, Mr. Kaplan's deposition, as well as Gateway's multiple

LUCENT TECHNOLOGIES' AND MULTIMEDIA PATENT TRUST'S OPPOSITION TO GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING REGARDING SUPPLEMENTAL DISCOVERY

7

Case No. 07--CV-2000-H (CAB)

representations in May 2006 that its production was supposedly complete).) Mr. Hoeberlein's initial report was submitted on the court-ordered schedule based on the information available at the time. Only after Gateway's expert relied on his supplemental report on information not previously produced by Gateway and Dell was Mr. Hoeberlein in a position meaningfully to separately address the magnitude of damages resulting from Gateway's infringement arising from Microsoft Money and Intuit Quicken. Whatever Gateway's present preferences as to how Mr. Hoeberlein should have accounted for Gateway's inadequate and belated production in 2006, (*see* Gateway Br. at 6-7), those preferences are entirely beside the point—at every step, Mr. Hoeberlein's damages calculations explicitly encompassed all the accused products, including Microsoft Money and Intuit Quicken. Granting Gateway's requested relief is not only unjustified under the applicable standard of review, but it would also unfairly reward Gateway's flagrant disregard of its discovery obligations and the Court's schedule.

Accordingly, there is nothing clearly erroneous nor contrary to law about Magistrate Judge Bencivengo's order directing discovery, and the Court should not modify Magistrate Judge Bencivengo's order to endorse Gateway's attempt to block supplemental production of plainly discoverable and highly relevant financial information. Fundamentally, Lucent disagrees with the proposition that Mr. Hoeberlein has changed any damages theory—but the present need for updated sales and revenue information is completely independent of that disagreement between the parties on that point. Any continuing dispute about the appropriateness of damages theories to be presented at trial—and there should be none—may be properly addressed in pretrial filings informed by or based on the anticipated deposition of Mr. Hoeberlein, which can occur promptly after defendant's supplemental information is received and incorporated into damages calculations reflecting the most complete sales and revenue information available (as they were before by Judge Brewster).

## V. CONCLUSION

Accordingly, Gateway's motion for review and modification of the Magistrate Judge's ruling should be denied.

| | |
|---|---|
| Dated: November 16, 2007 | Respectfully submitted,<br><br>By:     s/David A. Hahn<br>David A. Hahn, SBN 125784<br>HAHN & ADEMA<br>501 West Broadway, Suite 1600<br>San Diego, California 92101-3595<br>Telephone: (619) 235-2100<br>Facsimile: (619) 235-2101<br><br>John M. Desmarais (admitted *pro hac vice*)<br>Paul A. Bondor (admitted *pro hac vice*)<br>Elizabeth Bernard (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>153 East 53rd Street<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Attorneys for *Lucent Technologies Inc.* and *Multimedia Patent Trust* |