# Bernard Declaration

# Exhibit 4

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Frederick P. Fish
1855-1930

Telephone
858 678-5070

W.K. Richardson
1859-1951

Facsimile
858 678-5099

October 10, 2007

Web Site
www.fr.com

**<u>VIA EMAIL</u>**

Elizabeth Bernard, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:   *Lucent v. Gateway, Microsoft, et al.*
      USDC-S.D. Cal. - Case No. 02-CV-2060 B (CAB) consolidated with
      Case No. 03-CV-0699 B (CAB) and Case No. 03-CV-1108 B (CAB)

Dear Elizabeth:

This letter responds to your letter dated October 8, 2007, requesting that the Defendants supplement their financial information. This letter constitutes the response by all Defendants to your request.

As an initial matter, Defendants note that the deposition of Wayne Hoeberlein, which you summarily cancelled twenty minutes before it was scheduled to start and which we inquired about resuming on September 12, 2007, has nothing to do with supplemented financial information. Following the Court's Group 4 motion *in limine* hearing on April 27, 2007, the limited purpose of that deposition was to explore Mr. Hoeberlein's purported "justifications" for omitting products from his initial and first supplemental expert reports on the user interface patents.[1] As such, your request that the Defendants supplement their financial information as a pre-condition for rescheduling that deposition is improper.

Independent from that, however, Defendants acknowledge that you have now requested a supplementation of their license and revenue summaries.[2] Such a supplementation is extremely time consuming and costly. In virtually all cases where there has been a significant gap between the initial damages accounting and trial, the parties simply agree that should the plaintiff ultimately prevail, the final damages number will be determined by an accounting at the conclusion of all of the

---

[1] As you will recall, after omitting them completely from his first two reports, issued on March 31, 2006 and June 9, 2006, respectively, Mr. Hoeberlein suddenly and improperly added damages calculations for Microsoft Money, Microsoft Outlook (standalone), and Quicken to his second supplemental report dated January 25, 2007.

[2] Your requests have not indicated whether Lucent's request relates just to the Group 4 patents, or whether Lucent also desires a supplement related to the Group 1 patents. Please clarify your intentions on this issue.

Exhibit 4
Page 000055

000001

FISH & RICHARDSON P.C.

Elizabeth Bernard
October 10, 2007
Page 2

proceedings. However, in order to resolve this issue without involving the Court, Defendants will agree to undertake the cumbersome and expensive procedure of supplementing at this time, but only under certain conditions:

(1) Given the Defendants' arguments, Judge Brewster's ruling, and Lucent's comments at the motion *in limine* hearing, the products omitted from Mr. Hoeberlein's first two user interface reports, *i.e.*, Microsoft Money, standalone Outlook, and Quicken, will not be included in the February trial. Accordingly, Defendants will *not* supplement its license and revenue information for those products, but instead will do so only for products that are still properly in the case.

(2) Defendants' agreement to supplement is intended *only* to provide Lucent with the number of additional licenses and amount of additional revenue since those figures were last updated. As such, *all* Lucent may do with these additional numbers is to insert them into Mr. Hoeberlein's existing calculations to account for the intervening period. Defendants will not supplement their revenue and license information unless Lucent agrees that its expert report supplementation will be limited as described above, and that neither Lucent nor any of its experts will use the supplementation as a pretext to otherwise change, modify or supplement their opinions, theories, or approaches. If Lucent or its experts attempt to change, modify, or supplement their existing opinions, theories, or approaches in any way, Defendants will immediately object to the Court and seek to strike such material.

(3) As stated above, accumulating and summarizing their license and revenue information is a time-consuming and expensive process for Defendants. Accordingly, if begun now, Defendants' supplementation will take a few weeks to complete. Moreover, given the time and expense involved, this is not a process that Defendants can or should repeat again before trial. However, if Lucent is insistent upon a supplement at this time, Defendants will provide one; alternatively, if Lucent would prefer a supplement closer to the time of trial, Defendants will supplement their financial information at a mutually agreeable point in the future (pursuant to the conditions outlined in this letter). Please be advised that Defendants will not voluntarily supplement now and yet again at a later time.

With these parameters in mind, please let us know whether Lucent insists upon a supplement now or, alternatively, if you wish to discuss a future date for such a supplement, or whether Lucent will agree to proceed in the traditional fashion, *i.e.*, wherein damages are determined via an accounting only if and when plaintiff ultimately prevails. We are generally available for a meet and confer on this issue.

Exhibit 4
Page 000056

000002

FISH & RICHARDSON P.C.

Elizabeth Bernard
October 10, 2007
Page 3


Thank you for your prompt attention to this matter.

Very ~~truly~~ yours,

Joseph P. Reid

JPR/szr

cc:   James Blackburn Esq. (via email)
      Jonathan Baker, Esq. (via email)

10780662.doc

Exhibit 4
Page 000057