David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorney for Plaintiffs *Lucent Technologies Inc.*
and *Multimedia Patent Trust*

*Additional counsel listed on the last page.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>                    Defendants,<br>and<br><br>MICROSOFT CORPORATION,<br><br>                    Intervener. | Case No. 07-CV-2000-H (CAB)<br><br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060 B (CAB)<br>Case No. 03-CV-0699 B (CAB)<br>Case No. 03-CV-1108 B (CAB)<br><br>**PLAINTIFFS' OPPOSITION TO DELL'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 1, 2007 ORDER**<br><br>Date:         December 7, 2007<br>Time:         9:00 a.m.<br>Courtroom:  13<br>Judge:        Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>                    Plaintiff,<br>        v.<br><br>LUCENT TECHNOLOGIES INC.,<br>                    Defendant. | |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>                    Plaintiffs,<br>        v.<br><br>DELL INC.,<br><br>                    Defendant. | |

**TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................1

II.     PROCEDURAL HISTORY..........................................................................2

III.    ARGUMENT ..................................................................................................4

        A.      Legal Standards...............................................................................4

        B.      Dell Presents No Basis For Reconsideration Of This Court's Grant Of
                Summary Judgment Dismissing Dell's License Defense. ............................5

                1.      The Court Committed No Legal Error In Twice Rejecting Dell's
                        Erroneous Interpretation Of Federal Circuit Precedent Concerning
                        Patent Assignments. ......................................................................5

                2.      Dell's Alleged Factual Dispute Concerning Alcatel's Consent To
                        Lucent's Transfer Of The Video Coding Patents Is Neither Genuine
                        Nor Material.................................................................................7

        C.      Dell Presents No Basis For Reconsideration Of This Court's Grant Of
                Summary Judgment Dismissing Dell's Tortious Interference With Contract
                Counterclaim..............................................................................8

        D.      Dell Presents No Basis For Reconsideration Of This Court's Grant Of
                Summary Judgment Dismissing Its Co-Defendants' Unclean Hands Defenses.........10

        E.      No Good Cause Exists To Certify This Court's License And Unclean Hands
                Rulings For Interlocutory Appeal. .....................................................12

IV.     CONCLUSION...............................................................................................14

# TABLE OF AUTHORITIES

**CASES**

*389 Orange Street Partners v. Arnold*,
    179 F.3d 656 (9th Cir.1999) ................................................................. 4

*Abbott Labs. v. Syntron Bioresearch Inc.*,
    No. 98-CV-2359 H (POR), 2000 WL 33967724 (S.D. Cal. Sept. 28, 2000) ........................ 12

*Aktiebolag v. Waukesha Cutting Tools, Inc.*,
    640 F. Supp. 1139 (E.D. Wis. 1986) ........................................................ 12

*Carroll v. Nakatani*,
    342 F.3d 934 (9th Cir. 2003) ............................................................... 4

*Coopers & Lybrand v Livesay*,
    437 U.S. 463 (1978) ...................................................................... 12

*Environmental Protection Info. Ctr. v. Pacific Lumber Co.*,
    2004 U.S. Dist. LEXIS 6674  (N.D. Cal. 2004) .............................................. 13

*Fuller v. M.G. Jewelry*,
    950 F.2d 1437 (9th Cir. 1991) ............................................................. 4

*Hopkins v. Andaya*,
    958 F.2d 881 (9th Cir. 1992) .............................................................. 4

*Hopper v. Fin. Mgmt. Sys., Inc.*,
    Civ. A. No. 96-456 (TAF), 1997 WL 31101 (D.D.C. Jan. 23, 1997) ............................ 10

*Kern-Tulare Water Dist. v. Bakersfield*,
    634 F. Supp. 656 (E.D. Cal. 1986) ......................................................... 13

*Keystone Driller Co. v. General Excavator Co.*,
    290 U.S. 240 (1933) ...................................................................... 11

*LaForte v. Horner*,
    833 F.2d 977 (Fed. Cir. 1987) ............................................................. 6

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007) .......................................................... 5, 6

*Princess Cruises, Inc. v. U.S.*,
    397 F.3d 1359 (Fed. Cir. 2005) ........................................................... 12

*Propat Int'l Corp. v. RPost, Inc.*,
    473 F.3d 1187 (Fed. Cir. 2007) ............................................................ 6

*Rosenfeld v. Department of Justice*,
    57 F.3d 803 (9th Cir. 1995) ............................................................... 4

*School Dist. No. 1J, Multnomak Cty. v. ACandS, Inc*,
    5 F.3d 1255 (9th Cir. 1993) ............................................................... 4

## TABLE OF AUTHORITIES
### (Continued)

*Sicom Systems Ltd. v. Agilent Technologies, Inc.,*
    427 F.3d 971 (Fed. Cir. 2005)..................................................................... 6

*Taylor v. Knapp,*
    871 F.2d 803 (9th Cir. 1989) ..................................................................... 4

*United States Rubber Co. v. Wright,*
    359 F.2d 784 (9th Cir. 1966) ..................................................................... 12

*Velop, Inc. v. Kaplan, et al.,*
    301 N.J. Super. 32 (N.J. Super. App. Div. 1997) ..................................... 10

**STATUTES**

28 U.S.C. § 1292(b) ........................................................................................ 12

1

## I.     INTRODUCTION

2       Courts do not reconsider rulings simply because a litigant disagrees with the outcome and

3  desires a second — or in Dell's case, third — opportunity to present its arguments.  Dell

4  nevertheless moves for reconsideration of three adverse summary judgment rulings based almost

5  exclusively on arguments that this Court has already carefully considered and properly rejected.

6  Standing alone, Dell's failure even to attempt to identify legitimate grounds for reconsideration —

7  such as newly discovered evidence, an intervening change in law, or any "clear error" committed by

8  this Court (other than simply disagreeing with Dell's previously stated positions) — warrants denial

9  of Dell's motion.

10      Nor do Dell's substantive arguments carry any more weight now than they did before.  Dell's

11 challenge to the dismissal of its license defense hinges on the erroneous contention — already

12 rejected by this Court on **two** separate occasions — that the Federal Circuit has established a *per se*

13 rule that an assignor's retention of the right to veto subsequent transfers defeats a patent assignment.

14 Along the way, Dell both misrepresents the nature of this Court's reliance on the Federal Circuit's

15 recent *Morrow* decision and misapplies Federal Circuit law concerning prior precedential opinions.

16      Dell's challenge to this Court's dismissal of its counterclaim for tortious interference with

17 contract fares no better.  In portraying that ruling as inconsistent with the denial of summary

18 judgment on Dell's counterclaim for tortious interference with prospective economic advantage, Dell

19 focuses solely on the alleged identity of its **factual** allegations concerning the two counterclaims and

20 ignores the dispositive difference in their **legal** elements — namely, the requirement for proof that

21 Lucent induced a third-party's failure to perform a contractual obligation.  As this Court has

22 correctly held, the third-party at issue here — Alcatel — never had a contractual obligation to

23 license the video coding patents-in-suit, so there was no contract for Lucent to interfere with.

24      Finally, Dell's challenge to this Court's grant of summary judgment dismissing the defense

25 of unclean hands — a defense that Dell never even pled until summary judgment had already been

26 granted — also lacks merit.  Dell simply regurgitates the arguments that its co-defendants

27 unsuccessfully raised and attempts to manufacture clear legal error by mischaracterizing the bases

28 for this Court's unclean hands ruling.  In reality, this Court properly determined that the evidence

1    presented by the defendants on summary judgment failed to create a triable issue as to whether

2    Lucent's allegedly improper conduct impacted the equities between the parties to this case.  That

3    determination hardly constitutes clear error, and amply supports this Court's grant of summary

4    judgment.

5    **II.    PROCEDURAL HISTORY**

6            This consolidated action has been pending since 2002.  In November 2006,  Lucent formed a

7    Delaware Statutory Trust called the Multimedia Patent Trust ("MPT") and transferred to MPT two

8    of the patents-in-suit:  the Haskell '226 patent and the Netravali '272 patent (collectively, "the

9    "Video Coding Patents").  In January 2007, Multimedia Patent Trust was substituted for Lucent as

10   plaintiff for the Video Coding Patents.  The circumstances surrounding Lucent's formation of MPT,

11   transfer of the Video Coding Patents, and subsequent merger with Alctael S.A. ("Alcatel") are

12   detailed in the briefing submitted by MPT and Lucent in support of their motions for summary

13   judgment on trust-related issues, and will not be repeated here.  (*See* Case No. 02-CV-2060 D.I.

14   1981, Aug. 17, 2007 Memorandum Of Points And Authorities In Support Of Multimedia Patent

15   Trust's And Lucent's Motions For Summary Judgment On Trust-Related Defenses And

16   Counterclaims at 1-6.)

17           Beginning in February 2007, the defendants amended their pleadings to raise an array of

18   affirmative defenses and counterclaims based on Lucent's creation of MPT, transfer of the Video

19   Coding Patents, and merger with Alcatel.  For example, and despite knowing throughout this

20   five-year litigation that their respective licenses from the MPEG-LA patent pool gave them no rights

21   whatsoever in the Video Coding Patents, the defendants all asserted license defenses based on

22   ***Alcatel's*** membership in MPEG-LA.  (*See* Case No. 02-CV-2060 D.I. 2109, Oct. 1, 2007 Order

23   Granting In Part And Denying In Part Parties' Motions For Summary Judgment ("the Oct. 1, 2007

24   Order") at 4.)  Gateway and Microsoft — but ***not*** Dell — also asserted the equitable defense of

25   unclean hands based on Lucent's alleged failure to disclose to various government agencies its plan

26   to form MPT and transfer the Video Coding Patents.  (*See id*. at 13.)  In addition, the defendants all

27   asserted counterclaims for tortious interference with contract based on Lucent's alleged interference

28   with their MPEG-LA Portfolio Licenses.  (*See, e.g., id*. at 20-21.)

1     On August 17, 2007, MPT and Lucent moved for summary judgment on many of the

2 defendants' affirmative defenses and counterclaims, including the license, unclean hands, and

3 tortious interference with contract theories described above.  By Order dated October 1, 2007, this

4 Court granted summary judgment in favor of MPT and Lucent on those issues.  (*See id*.)  In ruling

5 on the license motion, this Court rejected the defendants' argument that Federal Circuit precedent

6 establishes a *per se* rule whereby retention of the power to block subsequent transfers defeats a

7 patent assignment.  (*See id*. at 6.)  The Court went on to conclude that — viewed as a whole and

8 weighed against the rights transferred to MPT — any rights retained by Lucent did not render its

9 assignment of the Video Coding Patents ineffective.  (*See id*. at 6.)

10     In granting summary judgment in favor of MPT and Lucent on the equitable defense of

11 unclean hands, this Court found that the defendants failed to meet their burden on summary

12 judgment of presenting evidence sufficient to support a finding in their favor on a necessary element

13 of the unclean hands defense.  Specifically, the Court concluded that the summary judgment record

14 lacked evidence demonstrating that the equities between the instant litigants were affected by the

15 alleged misconduct by Lucent — a supposed failure to disclose to governmental organizations its

16 plan to transfer the Video Coding Patents.  (*See id*. at 13-14.)

17     Likewise, this Court granted summary judgment in favor of MPT and Lucent on the

18 defendants' tortious interference with contract counterclaims because the defendants failed to come

19 forward with proof on a necessary element of those claims — namely, a third-party's failure to

20 perform a contractual obligation.  (*See id*. at 13-14.)  This Court found that Lucent could not have

21 interfered with the defendants' MPEG LA licenses by transferring the Video Coding Patents,

22 because MPEG LA had no right to license the Video Coding Patents.

23     In September 2007, Dell filed a motion to dismiss MPT's infringement claims in a related

24 case pending before this Court, Case No. 07-CV-0747 (CAB) ("the 2007 litigation").  (*See* Case No.

25 07-CV-0746 D.I.  149, Oct. 9, 2007 Order Denying Defendants' Motion To Dismiss Pursuant To

26 Fed. R. Civ. P. 12(b)(1) ("the Oct. 9, 2007 Order") at 3.)  The three patents-in-suit in the 2007

27 litigation were also transferred to MPT by Lucent in November 2006.  (*See id*. at 2.)  In moving to

28 dismiss, Dell argued — just as it argues here — that the assignment of those patents to MPT was

1  ineffective because Lucent retained the right to veto subsequent transfers.  (*See id*. at 7.)

2  By Order dated October 9, 2007, this Court denied Dell's motion to dismiss the 2007

3  litigation.  (*See id*. at 13.)  Once again — and independently[1] — this Court rejected Dell's contention

4  that Federal Circuit authority sets forth a *per se* rule that retention of the power to block subsequent

5  transfers defeats a patent assignment.  (*See id*. at 8 ("A closer reading indicates that reserving veto

6  power on the right to transfer is merely a factor weighing against standing, not a independently

7  sufficient condition to prevent it.").)

8  On October 31, 2007, Dell filed the instant motion for reconsideration.  Microsoft filed a

9  notice of joinder in Dell's motion the same day.

10 **III.    ARGUMENT**

11     **A.    Legal Standards.**

12 Motions for reconsideration "should not be granted, absent highly unusual circumstances."

13 *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999).  Indeed,

14 reconsideration is appropriate only where (1) the court is "presented with newly-discovered

15 evidence," (2) the court "committed clear error or the initial decision was manifestly unjust, or

16 (3) there is an intervening change in controlling law."  *School Dist. No. 1J, Multnomak Cty. v.*

17 *ACandS, Inc*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Where the moving party presents arguments that

18 the court already considered and rejected, the motion for reconsideration should be denied.  *See*

19 *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir. 1991), *citing Taylor v. Knapp*, 871 F.2d 803,

20 805 (9th Cir. 1989).  A motion for reconsideration "may not be used to raise arguments or present

21 evidence for the first time when they could reasonably have been raised earlier in the litigation."

22 *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003); *Rosenfeld v. Department of Justice*, 57 F.3d

23 803, 811 (9th Cir. 1995) (no abuse of discretion in declining to consider an argument "raised for the

24 first time on reconsideration without a good excuse"); *Hopkins v. Andaya*, 958 F.2d 881, 887 n.5

25 (9th Cir. 1992) ("A defeated litigant cannot set aside a judgment because he failed to present on a

26 

27 ──────────────

[1] The October 1, 2007 summary judgment rulings were issued by the Honorable Rudi M. Brewster, whereas the October 9, 2007 motion to dismiss ruling in the 2007 litigation was issued by the Honorable Marilyn L. Huff.

28

motion for summary judgment all the facts known to him that might have been useful to the court.").

**B.      Dell Presents No Basis For Reconsideration Of This Court's Grant Of Summary Judgment Dismissing Dell's License Defense.**

Dell fails to demonstrate that this Court committed clear legal or factual error warranting reconsideration of its summary judgment rulings disposing of Dell's license defense.  Indeed, Dell's motion for reconsideration rests on a contention that this Court has twice properly rejected:  namely, the mistaken premise that under Federal Circuit precedent, an assignee's retention of the right to bar further assignment ***necessarily*** renders an express patent assignment ineffective.  Nor did this Court base its holding, as Dell contends, on a determination that any such precedent was overruled by the Federal Circuit's recent decision in *Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007).  Dell's legal arguments therefore lack merit.

Likewise, because the defendants themselves admitted — even urged — during summary judgment proceedings that Alcatel consented in writing to Lucent's formation of MPT and transfer of the Video Coding Patents, Dell cannot now credibly contend that this Court's finding to that effect constitutes "clear error."  Moreover, even if Alcatel failed to provide proper written consent, and even if the lack of such written consent placed Lucent in breach of the merger agreement, such breach would not nullify Lucent's transfer of the Video Coding Patents.  As such, Dell also fails to demonstrate any clear error of fact — let alone material fact — committed by this Court.

**1.      The Court Committed No Legal Error In Twice Rejecting Dell's Erroneous Interpretation Of Federal Circuit Precedent Concerning Patent Assignments.**

Dell contends that this Court committed legal error by relying on the *Morrow* decision to overrule "clear" and "unequivocal" Federal Circuit authority holding that "an unfettered restriction on alienation of [a] purportedly assigned patent defeats assignment."  Dell Br. at 7-8.  As this Court recognized in the October 9, 2007 Order, Dell's argument fails from the outset because the Federal Circuit never established such a bright line rule:

> A closer reading [of the Federal Circuit's precedent] indicates that reserving veto power on the right to transfer is merely a factor weighing against standing, ***not a independently sufficient condition to prevent it***.

(Oct. 9, 2007 Order at 8 (emphasis added).)  Judge Brewster independently reached the same

1   conclusion in the October 1, 2007 Order.  (*See* Oct. 1, 2007 Order at 6 ("[W]here a party does not

2   have the unfettered right to assign, a finding that the party lacks 'all substantial rights' to the patent

3   has generally involved circumstances where the party lacks ***additional*** key rights . . ..") (emphasis

4   added).)  Dell provides no grounds — let alone new grounds — for assigning clear error to that legal

5   conclusion.

6           Nor did this Court improperly rely on *Morrow* to "overrule" prior inconsistent Federal

7   Circuit authority.  Rather, this Court merely noted that the *Morrow* decision — which recognized

8   that veto power over subsequent alienation is "not significantly restrictive of [a title-owner's]

9   exclusionary rights" to defeat assignment (*see Morrow*, 499 F.3d at 1342) — supports the Court's

10  conclusion that Federal Circuit precedent never established a contrary *per se* rule in the first place.

11  (*See* Oct. 1, 2007 Order at 6; *accord* Oct. 9, 2007 Order at 9 (emphasis added).)  As such, the

12  *Morrow* decision had nothing to "overrule."

13          Moreover, even if the cases cited by Dell — including *Sicom Systems Ltd. v. Agilent*

14  *Technologies, Inc.*, 427 F.3d 971 (Fed. Cir. 2005) and *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d

15  1187 (Fed. Cir. 2007) — applied such a *per se* rule, reliance on *Morrow* in this case would not

16  violate the Federal Circuit's rule concerning prior precedential opinions.  That rule simply prevents

17  one Federal Circuit panel from overruling a previous panel decision "to the extent that the issues in

18  the [later] case are identical to those decide in [the former]."  *LaForte v. Horner*, 833 F.2d 977, 980

19  (Fed. Cir. 1987).  But as this Court has recognized, unlike here, the *Sicom* and *Propat* decisions

20  "involved the retention of ***legal title*** by the party purporting to make an assignment."  (Oct. 9, 2007

21  Order at 10 (emphasis added).)  In light of that distinction, and the fact that the *Sicom* and *Propat*

22  decisions concerned the retention of key rights above and beyond the right to bar further alienation,

23  this Court had no reason to — and did not — hold that *Morrow* overrules *Sicom* or *Propat*.

24          Finally, Dell's contention that this Court ignored certain rights in the Video Coding Patents

25  retained by Lucent has no basis in fact.  In briefing and arguing motions for summary judgment, Dell

26  and its co-defendants vigorously called this Court's attention to the complete set of rights that

27  Lucent allegedly reserved for itself when it assigned the Video Coding Patents to MPT, including ***all***

28  of the rights that Dell now recites in support of its motion for reconsideration.  While the October 1,

1
2
3
4
5
6

2007 Order does not expressly address each and every one of those rights, Dell's contention that this Court must therefore have ignored them is rank speculation, not proof of clear error.  Indeed, the October 1, 2007 Order plainly recognized that "[t]o determine whether a provision in an agreement constitutes an assignment or a license, one must ascertain the intention of the parties and examine the substance of what was granted." (Oct. 1, 2007 Order at 5.)  No basis exists to presume that this Court failed to apply the very legal standard set forth in its Order.

7
8

In sum, Dell's reiteration of the same arguments that it unsuccessfully pursued on summary judgment fails to establish any clear error of law warranting reconsideration.[2]

9
10

**2.    Dell's Alleged Factual Dispute Concerning Alcatel's Consent To Lucent's Transfer Of The Video Coding Patents Is Neither Genuine Nor Material.**

11
12
13
14
15
16

Dell also contends that this Court committed clear factual error by concluding that Alcatel consented in writing to Lucent's assignment of the Video Coding Patents to MPT.  According to Dell, absent such written agreement, Lucent breached its merger agreement with Alcatel, thereby rendering the transfer of the Video Coding Patents a nullity.  Dell's argument for reconsideration fails both because Dell can demonstrate no clear error in this Court's factual determination, and because any such error would not have altered the propriety of the summary judgment grant.

17
18
19
20
21

First, during summary judgment arguments, the Court inquired whether certain e-mails between Lucent and Alcatel employees — which ***the defendants*** introduced into the summary judgment record — demonstrate that Alcatel provided written consent for the transfer of the Video Coding Patents.  (Ex. A, Sept. 26, 2007 Hr'g Tr. at 73-74.)[3]  In response, counsel for Microsoft agreed, stating "I think you could interpret it as being written consent." (*Id*. at 74.)  As such, Dell

22
23
24
25
26

[2] Even if this Court erred in concluding that Lucent's assignment of the Video Coding Patents to MPT effected a transfer of ownership, reconsideration should be denied because that conclusion was not essential to this Court's grant of summary judgment.  As this Court noted, Lucent indisputably granted MPT the ***exclusive*** right to license and sublicense the Video Coding Patents.  (Oct. 1, 2007 Order at 6.)  That finding independently vitiates Dell's license defense, because Dell's license theory requires that Alcatel-Lucent be able to license the Video Coding Patents.  (*Id*. at 6-7.)  Dell nevertheless fails to address this independent basis for summary judgment in its reconsideration papers.

27
28

[3] Unless otherwise noted, all citations to exhibits reference the exhibits to the Declaration Of Chanah Brenenson in Support of Plaintiffs' Opposition to Dell's Motion For Reconsideration, submitted concurrently herewith.

1    cannot credibly contend at this stage that the Court committed a clear error of fact in determining

2    that "the notice provisions were substantially performed by the parties."  (Oct. 1, 2007 Order at 9.)

3        Furthermore, even if that determination constituted clear error, this Court's grant of summary

4    judgment would nevertheless stand.  At most, failure to obtain Alcatel's consent before transferring a

5    material asset might arguably constitute a breach of the merger agreement between Lucent and

6    Alcatel.  But no legal authority exists for the proposition that breach of the merger agreement would

7    divest Lucent of its title to the Video Coding Patents or its right to assign the Video Coding Patent to

8    a third-party.  Indeed, ***Dell has never cited a single case in support of that argument***.  In sum,

9    because Dell cannot demonstrate that this Court committed any clear error of fact — let alone a clear

10   error material to the grant of summary judgment — Dell's motion for reconsideration concerning its

11   license defense should be rejected.

12       **C.    Dell Presents No Basis For Reconsideration Of This Court's Grant Of Summary
              Judgment Dismissing Dell's Tortious Interference With Contract Counterclaim.**

13       Dell contends that this Court should reconsider its grant of summary judgment dismissing

14   Dell's tortious interference with contract counterclaim because Dell believes that this Court's ruling

15   conflicts with the Court's denial of summary judgment on Gateway's tortious interference with

16   prospective economic advantage counterclaim.  In so doing, Dell focuses on the overlap in ***factual***

17   allegations concerning the two counterclaims.  But Dell fails to consider the dispositive difference in

18   the ***legal*** elements of the two claims.

19       Specifically, a tortious interference with contract claim — unlike a tortious interference with

20   prospective economic advantage claim — requires proof that the defendant caused a third-party's

21   failure to perform a contractual obligation to the plaintiff.  As Dell itself concedes, tortious

22   interference with contract requires conduct "inducing or otherwise causing the third person not to

23   perform the contract" and "pecuniary loss resulting to the [plaintiff] from the failure of the third

24   person to perform the contract."  Dell Br. at 15 (*quoting* Restatement (Second) of Torts § 766

25   (1979)).  On summary judgment, Dell and its co-defendants pursued the theory that Lucent

26   interfered with their MPEG LA Portfolio Licenses by preventing them from receiving a license to

27   the Video Coding Patents.  (Oct. 1, 2007 Order at 20.)  But this Court properly granted summary

28

1   judgment in favor of Lucent because, at the time of Lucent's alleged "interference," the defendants

2   had no contractual right to the Video Coding Patents under their licenses with MPEG LA.  (*Id*. at 20-

3   21.)  Accordingly, this Court held that Lucent did not interfere with MPEG LA's performance of any

4   contractual obligation to the defendants.  (*Id*.)

5       Dell makes no attempt to demonstrate clear error in that ruling.  Rather, Dell raises an

6   entirely ***new*** theory of tortious interference with contract, based on the MPEG LA Agreement

7   Among Licensors rather than Dell's MPEG LA Portfolio License.  Dell Br. at 15-16.  As an initial

8   matter, Dell cannot seek reconsideration based on arguments that it failed to present during the

9   summary judgment proceedings.  *See Jackson*, 2007 WL 2802171 at *1 ("In the absence of new

10  evidence or a change in the law, as is the case here, a party may not use a motion for reconsideration

11  to present new arguments or claims not raised in a summary judgment motion.").  Moreover, Dell

12  has identified no authority for the proposition that Dell can assert a tortious interference with

13  contract claim based on a contract to which ***it is not even a party***.[4]

14      Dell's new tortious interference argument fails on the merits as well.  Contrary to Dell's

15  assertion, Alcatel never had an obligation to license the Video Coding Patents.  Hence, Dell can

16  present no evidence that Alcatel failed to perform a contractual obligation to MPEG LA.  At most,

17  Alcatel's obligation to MPEG LA has been to license any essential patents that it acquires the right

18  to license, after the point in time at which such right is acquired.  But because Alcatel ***never*** acquired

19  the right to license the Video Coding Patents, Alcatel never incurred an obligation to license those

20  patents.

21      Absent any proof that Alcatel failed to perform its obligations to MPEG LA — let alone

22  proof that Lucent caused that failure — this Court's summary judgment ruling cannot be considered

23  clearly erroneous, even under Dell's new theory.  At bottom, Dell alleges that Lucent prevented

24  Alcatel from ***incurring*** an obligation to license the Video Coding Patents — not that Lucent caused

25

26      [4] Although Dell and its co-defendants are parties to MPEG LA Patent Portfolio Licenses, none of
    the defendants is a party to the Agreement Among Licensors.  Nor can they have rights as third
27  party beneficiaries to the Agreement Among Licensors, because the agreement expressly
    prohibits such rights.  See Blackburn Decl. Ex. 1 at 27 (§ 8.10).
28

Alcatel to **breach** such an obligation.  That difference is dispositive here.  Dell's motion for reconsideration concerning its tortious interference with contract counterclaim should be denied.[5]

### D.    Dell Presents No Basis For Reconsideration Of This Court's Grant Of Summary Judgment Dismissing Its Co-Defendants' Unclean Hands Defenses.

Dell offers no new arguments concerning the equitable defense of unclean hands.[6]  Instead, Dell tries to manufacture a legal error warranting reconsideration by mischaracterizing this Court's summary judgment analysis.  Contrary to Dell's reconsideration arguments, this Court did **not** hold that the equitable defense of unclean hands requires proof of "conduct [that] would have had a dispositive impact on the issues in the litigation."  Dell Br. at 18.  Nor did this Court's summary judgment grant turn on the undisputed fact that Dell and its co-defendants were not directly harmed by Lucent's allegedly wrongful conduct — *i.e.*, Lucent's purported failure to disclose to certain government agencies its intent to assign the Video Coding Patents.[7]  *Id.*

On the contrary, this Court granted summary judgment in favor of Lucent and MPT because the defendants failed to come forward with evidence demonstrating that Lucent's alleged misconduct affected the equities between the parties in the instant litigation.  (*See* Oct. 1, 2007 Order at 13-14.)  As this Court correctly noted, application of the doctrine of unclean hands is reserved for "violations of conscience [that] in some measure **affect the equitable relations between the parties** in respect of

---

[5] Dell's reliance on *Velop, Inc. v. Kaplan, et al.*, 301 N.J. Super. 32 (N.J. Super. App. Div. 1997), is misplaced.  In *Velop*, unlike here, the party accused of interference with a contract actually caused  a failure of performance by a third party — *i.e.*, the purchaser.  *See Velop*, 301 N.J. Super. at 926 ("[T]he excessive soil removal was the cause of the Kaplans' loss of their contract with Velop.").)  As discussed above, Dell cannot establish that critical element of a tortious interference with contract claim.  Indeed, the summary judgment record contains no proof that **any** party failed to perform **any** obligation under **any** contract.

[6] Indeed, Dell never asserted an unclean hands defense in this case until **after** this Court had granted summary judgment in favor of MPT and Lucent on that defense.  (*Compare* Dell Br. at 17 n. 10 *with* Ex. B, Sept. 26, 2007 Hr'g Tr. at 149-150.)  That fact alone warrants denial of Dell's motion for reconsideration of this Court's grant of summary judgment in favor of MPT and Lucent on the unclean hands defense.

[7] Ample authority establishes that an unclean hands defense fails absent proof of personal harm to the defendant,  *See, e.g., Hopper v. Fin. Mgmt. Sys., Inc.*, Civ. A. No. 96-456 (TAF), 1997 WL 31101, at *3 (D.D.C. Jan. 23, 1997) ("[T]he unclean hands defense requires a defendant to show that he himself — not a third party — has been harmed by the plaintiff's conduct.").  Accordingly, even if this Court's summary judgment grant rested on the absence of harm to the defendants — which it did not — such authority disposes of Dell's contention that this Court committed a clear error of law.

something brought before the court for adjudication." (Oct. 1, 2007 Order at 14, *quoting Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933) (emphasis added).) In applying that established maxim, this Court committed no clear legal error.

Nor can Dell demonstrate that this Court committed clear error in concluding that the summary judgment record lacked proof sufficient to establish that Lucent's alleged misconduct impacted the equities between the parties in this case. This Court's October 1, 2007 Order sets forth numerous grounds — including failures of proof by the defendants — that amply support the summary judgment grant. Specifically, the Court found that:

- the defendants offered no evidence that the concerned government agencies would have taken any different action with regard to the Lucent-Alcatel merger had they been aware of Lucent's alleged misstatements;

- the defendants offered no proof that the fate of the Video Coding Patents would have been different than it is now if the concerned government agencies had taken any action;

- the defendants offered no proof that the eventual public disclosure of the formation of MPT and transfer of the Video Coding Patents had any actual impact on the approvals granted by government agencies; and

- the defendants offered no proof that — had they known of Lucent's plan to transfer the Video Coding Patents — they would have sought or been able to take actions to prevent the assignment.

In moving for reconsideration, Dell simply reiterates the same unsupported allegations and speculations that the defendants offered in opposing summary judgment. *See* Dell Br. at 17-19. As such, Dell does not — and cannot — rectify the deficiencies in the summary judgment record that are fatal to an unclean hands defense. In sum, because Dell has demonstrated no clear error in this Court's grant of summary judgment on the defense of unclean hands, Dell's motion for

1    reconsideration should be denied.[8]

2        E.    **No Good Cause Exists To Certify This Court's License And Unclean Hands
              Rulings For Interlocutory Appeal.**

3
4            While 28 U.S.C. § 1292(b) provides a mechanism by which litigants can bring an immediate

5    appeal of a non-final order upon the consent of both the district court and the court of appeals, the

6    Supreme Court has established that interlocutory appeal is reserved for "exceptional circumstances

7    [that] justify a departure from the basic policy of postponing appellate review until after the entry of

8    a final judgment." *Coopers & Lybrand v Livesay,* 437 U.S. 463, 475 (1978) (superseded on other

9    grounds); *see also United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) ("The

10   legislative history of [1292(b)] indicates that it was to be used only in extraordinary cases….").

11   Accordingly, a party seeking certification for interlocutory appeal bears the burden of persuading the

12   court that exceptional circumstances warrant interlocutory appeal. *See Aktiebolag v. Waukesha

13   Cutting Tools, Inc.,* 640 F. Supp. 1139, 1141 (E.D. Wis. 1986). To meet that burden, a movant must

14   demonstrate that (1) the pertinent order involves a controlling question of law, (2) a substantial

15   difference of opinion exists as to that question of law, and (3) an immediate appeal of the order may

16   materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *see also

17   Abbott Labs. v. Syntron Bioresearch Inc.*, No. 98-CV-2359 H (POR), 2000 WL 33967724, at *13

18   (S.D. Cal. Sept. 28, 2000).

19           Here, Dell does not remotely approach its burden of establishing that this Court's summary

20   judgment rulings on the defenses of license and unclean hands are appropriate for interlocutory

21   appeal. Rather, Dell offers only a superficial argument for certification, proclaiming that this

22   Court's rulings concern a "controlling issue of law" without any explanation, let alone support. Dell

23   ignores the "substantial difference of opinion" requirement altogether. Dell has offered no evidence

24   that there is a substantial difference of opinion, such as conflicting opinions among the courts,

25   ───────────────
     [8] In seeking reconsideration, Dell also ignores the fact that the doctrine of unclean hands is
26   equitable in nature and therefore resides within the sound discretion of the district court. *See
     Princess Cruises, Inc. v. U.S.*, 397 F.3d 1359, 1369 (Fed. Cir. 2005) ("The trial court has broad
27   discretion under the doctrine of unclean hands."). While Dell may disagree with this Court's
     decision not to exercise its discretion here, Dell's dissatisfaction with this Court's decision
28   hardly constitutes extraordinary circumstances warranting reconsideration.

regarding the legal standards for the license or unclean hands defenses.[9]   And as for advancing the

ultimate termination of the litigation, Dell's contention that a favorable outcome on its defenses will

be "outcome-determinative of the Video Coding Patents" is not only wrong,[10] but also ignores the

fact that the February trial involves three other patents not impacted by this Court's summary

judgment rulings.  An interlocutory appeal of this Court's license and unclean hands rulings

concerning the Video Coding Patents therefore lacks any potential for advancing the ultimate

termination of the litigation as a whole.  In sum, no exceptional circumstances exist to justify an

interlocutory appeal from this Court's summary judgment rulings.

---

[9] A party's strong disagreement with the Court's ruling is not sufficient for there to be a "substantial ground for difference;" the proponent of an appeal must make some greater showing.  *See Kern-Tulare Water Dist. v. Bakersfield,* 634 F. Supp. 656, 667 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987).   Courts have held that § 1292(b) requires that the difference of opinion be between and among judicial bodies.  *See, e.g., Environmental Protection Info. Ctr. v. Pacific Lumber Co*., 2004 U.S. Dist. LEXIS 6674, *14-16 (N.D. Cal. 2004).

[10] As explained in MPT's briefing in opposition to the defendants' trust-related summary judgment motions, even if the defendants became licensed to the Video Coding Patents pursuant to their agreements with MPEG LA when Lucent and Alcatel merged, their infringement liability in this action cannot be extinguished.  (*See* Case No. 02-CV-2060 D.I.  2016, Aug. 31, 2007 MPT's Opposition to Defendants' Motions For Summary Judgment On Trust-Related Defenses And Counterclaims at 22-23.)  For example, the defendants' MPEG LA licenses are limited to MPEG-2 implementations, whereas MPT's infringement allegations extend to other video compression technologies, such as WMV-9/VC-1.  (*See id*.)  Moreover, the defendants' MPEG LA licenses would not retroactively insulate them from infringement liability for the period before the Lucent-Alcatel merger.  (*See id*.)  Indeed, because this Court declined to rule on "the issues of retroactivity and specificity to MPEG-2 products" concerning the defendants' alleged licenses,  the proposed interlocutory appeal cannot even resolve the parties' litigation over the Video Coding Patents.  (Oct. 1, 2007 Order at 12, n. 2.)

IV.     **CONCLUSION**

For all of the foregoing reasons, Dell's motion for reconsideration or, in the alternative, certification for interlocutory appeal under 28 U.S.C. § 1292(b) should be denied.


DATED:  November 21, 2007                    By:_____s/David A. Hahn_____
                                             John M. Desmarais (admitted pro hac vice)
                                             Robert A. Appleby (admitted pro hac vice)
                                             KIRKLAND & ELLIS LLP
                                             153 East 53rd Street
                                             New York, New York 10022
                                             Telephone:  (212) 446-4800
                                             Facsimile:  (212) 446-4900

                                             David A. Hahn (SBN 125784)
                                             HAHN & ADEMA
                                             501 West Broadway, Suite 1600
                                             San Diego, California  92101-3595
                                             Telephone:  (619) 235-2100
                                             Facsimile:  (619) 235-2101

                                             Attorneys for *Lucent Technologies Inc*. and
                                             *Multimedia Patent Trust*