1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone: (619) 235-2100
   Facsimile: (619) 235-2101
4
   Attorney for Plaintiffs *Lucent Technologies Inc.*
5  and *Multimedia Patent Trust*

6  *Additional counsel listed on the last page.*

7  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9  LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB) |
| 10              Plaintiffs, | consisting of matters severed from consolidated cases: |
| 11       v. | |
| 12  GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | Case No. 02-CV-2060 B (CAB)<br>Case No. 03-CV-0699 B (CAB)<br>Case No. 03-CV-1108 B (CAB) |
| 14              Defendants, | **DECLARATION OF CHANAH BRENENSON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DELL'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 1, 2007 ORDER** |
| 15  and | |
| 16  MICROSOFT CORPORATION, | |
| 17              Intervener. | |
| 18  MICROSOFT CORPORATION, | |
| 19              Plaintiff, | Date:      December 7, 2007<br>Time:      9:00 A.M.<br>Courtroom: 13 |
| 20       v. | |
| 21  LUCENT TECHNOLOGIES INC., | Honorable Marilyn L. Huff |
| 22              Defendant. | |
| 23  LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | |
| 25              Plaintiffs, | |
|          v. | |
| 26  DELL INC., | |
| 27              Defendant. | |
| 28 | |

I, Chanah Brenenson, declare as follows:

1. I am an attorney with the law firm of Kirkland & Ellis LLP, counsel for Lucent Technologies Inc. and Multimedia Patent Trust.

2. I make this declaration in support of Lucent Technologies' and Multimedia Patent Trust's Opposition to Dell's Motion for Reconsideration of the Court's October 1, 2007 Order. This declaration is based on my personal knowledge and I would testify to the matters set forth in this declaration if called upon as a witness.

3. Attached as Exhibit A is a true and correct copy of pages 73-74 excerpted from the Transcript of Motion Hearing Before the Honorable Rudi M. Brewster on September 26, 2007 in the present action.

4. Attached as Exhibit B is a true and correct copy of pages 149-150 excerpted from the Transcript of Motion Hearing Before the Honorable Rudi M. Brewster on September 26, 2007 in the present action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 20, 2007, at New York, New York.

*/s/ Chanah Brenenson*

Chanah Brenenson

# EXHIBIT A

```
 1                UNITED STATES DISTRICT COURT
 2              SOUTHERN DISTRICT OF CALIFORNIA
 3
   LUCENT TECHNOLOGIES,        ) Case No. 02CV2060-B(CAB)
 4                             ) Consolidated with:
          Plaintiff,           ) 03CV0699-B(CAB)
 5                             ) 03CV1108-B(CAB)
   vs.                         ) Related to:
 6                             ) 06CV0684-B(CAB)
   GATEWAY, INC.,              )
 7                             ) San Diego, California
          Defendant.           )
 8 _____) Wednesday,
                                 September 26, 2007
 9                               9:00 a.m.

10              TRANSCRIPT OF MOTION HEARING
          BEFORE THE HONORABLE RUDI M. BREWSTER
11              UNITED STATES DISTRICT JUDGE

12 APPEARANCES:

13 For the Plaintiff:       JOHN DESMARAIS, ESQ.
                            ROBERT A. APPLEBY, ESQ.
14                          MICHAEL STADNICK, ESQ.
                            JAMES E. MARINA, ESQ.
15                          Kirkland & Ellis, LLP
                            153 East 53rd Street
16                          New York, New York  10022
                            (212) 446-4946
17
   For the Defendant:       STEVEN R. DANIELS, ESQ.
18                          W. BRYAN FARNEY, ESQ.
                            JEFFREY B. PLIES, ESQ.
19                          Dechert, LLP
                            300 West 6th Street
20                          Suite 1850
                            Austin, Texas  78701
21                          (512) 394-3000

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.
```

*Echo Reporting, Inc.*

Exhibit A - Page 1

```
                                                              73
 1  they've proved that they're material assets.
 2          THE COURT:  I know that.  That's an issue of fact.
 3  But I'm just saying, even if it were -- that's why I'm
 4  asking.  These e-mails show, as I understand your position,
 5  Mr. Gartman, that Lucent and Alcatel were aboard on this and
 6  working together on this.  Wouldn't that -- my question to
 7  you is, wouldn't that consent -- wouldn't that constitute
 8  consent for Lucent's transfer of these assets prior to the
 9  merger?
10          MR. GARTMAN:  Lucent's position before the Court
11  has been that it was an entirely Lucent decision.
12          THE COURT:  Wait a second.  Wait a second.  I'm
13  asking you a different question.
14          MR. GARTMAN:  I understand.  I was finishing.
15          THE COURT:  I just want the answer to my question.
16          MR. GARTMAN:  The answer to your question --
17          THE COURT:  Doesn't this seem to me -- doesn't it
18  seem to you that whatever you say about their transfer, it
19  was done with the consent and, in your view, probably
20  support and assistance of Alcatel?
21          MR. GARTMAN:  That is our view.
22          THE COURT:  Well, if that's the case, then it
23  doesn't seem to me like they violated the merger agreement.
24          MR. FARNEY:  Your Honor, can I --
25          MR. GARTMAN:  It was not done with the written
```

```
                                                               74
 1  consent of Alcatel, which is a little bit different because
 2  the agreement talks about that.  But if the question --
 3          THE COURT:  Well, what's not in writing on these
 4  e-mails?
 5          MR. GARTMAN:  Well, the e-mails are written.
 6  There's no doubt.
 7          THE COURT:  Well, if in the e-mail Lucent and
 8  Alcatel are putting this thing together, you say that
 9  wouldn't constitute written consent?
10          MR. GARTMAN:  I think you could interpret it that
11  way.  And it our view -- at least Micro- --
12          THE COURT:  You could interpret it as not being
13  written consent?
14          MR. GARTMAN:  I think you could interpret it as
15  being written consent.
16          THE COURT:  Well, so would I.  Well, if they had
17  written consent, even if it's a hugely material asset, if
18  Lucent had the consent of Alcatel to transfer it before the
19  merger, they wouldn't be violating this provision.
20          MR. FARNEY:  Your Honor --
21          MR. DESMARAIS:  You're exactly right, your Honor.
22  And it goes further than that because --
23          THE COURT:  I'm not --
24          MR. DESMARAIS:  I just want to make one point.
25  There's no doubt between any of the parties that Alcatel
```

*Echo Reporting, Inc.*

# EXHIBIT B

```
 1                 UNITED STATES DISTRICT COURT

 2               SOUTHERN DISTRICT OF CALIFORNIA

 3
   LUCENT TECHNOLOGIES,        ) Case No. 02CV2060-B(CAB)
 4                             ) Consolidated with:
            Plaintiff,         ) 03CV0699-B(CAB)
 5                             ) 03CV1108-B(CAB)
   vs.                         ) Related to:
 6                             ) 06CV0684-B(CAB)
   GATEWAY, INC.,              )
 7                             )
            Defendant.         ) San Diego, California
 8 _____)
                                 Wednesday,
 9                               September 26, 2007
                                 9:00 a.m.

10            TRANSCRIPT OF MOTION HEARING
       BEFORE THE HONORABLE RUDI M. BREWSTER
11             UNITED STATES DISTRICT JUDGE

12 APPEARANCES:

13 For the Plaintiff:       JOHN DESMARAIS, ESQ.
                            ROBERT A. APPLEBY, ESQ.
14                          MICHAEL STADNICK, ESQ.
                            JAMES E. MARINA, ESQ.
15                          Kirkland & Ellis, LLP
                            153 East 53rd Street
16                          New York, New York  10022
                            (212) 446-4946
17
   For the Defendant:       STEVEN R. DANIELS, ESQ.
18                          W. BRYAN FARNEY, ESQ.
                            JEFFREY B. PLIES, ESQ.
19                          Dechert, LLP
                            300 West 6th Street
20                          Suite 1850
                            Austin, Texas  78701
21                          (512) 394-3000

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.
```

*Echo Reporting, Inc.*

```
                                                                 149
 1  Ms. Landman quite clearly tells us that she informed Mr.
 2  Olivia Buggard (phonetic) at Alcatel about the trust, and
 3  she informed Francois Brune (phonetic) about the trust and
 4  that this happened in September, October, before the merger
 5  closed, and that's -- her testimony is clear.
 6           THE COURT:  Thank you.
 7           Okay.  Let's go on.  I'm denying summary judgments
 8  on both sides on unclean hands, cross-complaints and
 9  defenses.
10           Legal estoppel, my inclination is to deny the
11  motion.  The next one, equitable estoppel, implied
12  license --
13           MR. DESMARAIS:  Just to be clear, your Honor,
14  there were -- there are two motions, and your tentative says
15  grant the Plaintiff's and deny the Defendants'.
16           MR. DANIELS:  Right, your Honor.  And if --
17           MR. DESMARAIS:  And there's good reason for that.
18           MR. DANIELS:  Your Honor, I disagree with that.
19  There's good reason for that, if Gateway could speak for a
20  few minutes about the estoppel arguments.
21           THE COURT:  Yeah.  I'm sorry.  I can't read my own
22  writing.  It says --
23           MR. FARNEY:  You're granting Lucent's and denying
24  Defendants'.
25           THE COURT:  -- defense denied, Plaintiff's
```

*Echo Reporting, Inc.*

```
                                                              150
 1  granted.
 2          MR. FARNEY:  Right.
 3          THE COURT:  And I've got that.
 4          MR. FARNEY:  We would like to speak to that.
 5          MR. DANIELS:  If I could speak briefly about that,
 6  your Honor.
 7          THE COURT:  Yeah.
 8          MR. DANIELS:  Yeah, it's me.  The -- the -- the
 9  tentative actually is slightly --
10          THE COURT:  You don't have to stand, and if you
11  want to sit, you can use the mic in front of you.  You don't
12  have to hook -- you don't have to hook that thing up.
13          MR. DANIELS:  That's probably easier, okay,
14  because I can't run these things.  The tentative is slightly
15  incorrect.  Actually, we were asserting implied license with
16  respect to the legal estoppel claim.  So the tentative says
17  equitable estoppel/implied license.  That should be the
18  implied license is with respect to the legal estoppel.
19          THE COURT:  Legal estoppel/implied license?
20          MR. DANIELS:  Correct.
21          THE COURT:  Okay.
22          MR. DANIELS:  Right.  Now, technically, the result
23  of equitable estoppel is also an implied license, but it's
24  not typically characterized that way.
25          THE COURT:  Whoever's whispering, turn of the mic.
```