James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for *Dell Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiffs and Counterclaim-defendants,<br><br>v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION PURSUANT TO CIVIL LOCAL RULE 79-2 FOR LEAVE TO FILE UNDER SEAL**<br><br>Judge Marilyn L. Huff<br><br>Hearing Date: January 7, 2008<br>Hearing Time: 10:30 a.m.<br>Location: Courtroom 13, 5th Floor |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, |
| 2 |     Plaintiff and Counter-defendant, |
| 3 | v. |
| 4 | LUCENT TECHNOLOGIES INC., |
| 5 |     Defendant and Counter-claimant, |
| 6 | |
| 7 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 8 |     Plaintiffs and Counterclaim-defendants, |
| 9 | v. |
| 10 | DELL INC., |
| 11 |     Defendant and Counter-claimant. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 7, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Marilyn L. Huff of the United States District Court, located at 880 Front Street, San Diego, California 92101-8900, defendants and counterclaimants Dell Inc. ("Dell"), Microsoft Corporation ("Microsoft"), and Gateway, Inc. ("Gateway") will move, and hereby do move, pursuant to Civil Local Rule 79-2, to file under seal Defendants' confidential Memorandum of Points and Authorities in Support of Its Motion for Stay or, In the Alternative, Severance of The Haskell and Netravali Patents For Consolidation With Case No. 07-CV-0747 ("Defendants' Memorandum") and Exhibits 1, 3, 4, 7, 8, 9, 10, 11, 30, 31, 32, and 33 to the Declaration of Katherine B. Farkas in Support of Defendants' Motion for Stay or, In the Alternative, Severance of The Haskell and Netravali Patents For Consolidation With Case No. 07-CV-0747 ("Farkas Decl."). A redacted public version of Defendants' Memorandum is being filed concurrently herewith.

As set forth in the attached memorandum, good cause exists for granting this request. Defendants' Memorandum refers to the Expert Report of Wayne A. Hoeberlein, Regarding Damages for Video Coding Patents, dated March 31, 2006 (Exhibit 1), the MPEG LA Agreement Among Licensors (Exhibit 3), the MPEG-2 Patent Portfolio License (Exhibit 4), Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006 (Exhibit 7), the Multimedia Patent Trust Agreement (Exhibit 8), the Patent Assignment by and between Lucent Technologies Inc. and Multimedia Patent Trust, dated November 28, 2006 (Exhibit 9), MPEG Video Negotiators Sheet, dated January 19, 1999, Bates range LUC 1001377 -1001383 (Exhibit 30), Portfolio Analysis, Bates range LUC 1272925-LUC 1272927 (Exhibit 31), and the Expert Report of Roger S. Smith Regarding Issues Pertaining to Lucent Video Coding Patents, dated March 31, 2006 (Exhibit 33), each of which has been designated "Confidential" or "Outside Counsel Only" by Lucent Technologies Inc. ("Lucent") or Dell under the Protective Order entered in this matter. Additionally, Defendants' Memorandum refers to statements made in the confidential depositions of William Carapezzi (Exhibit 11), Kapu Kumar (Exhibit 32), and of Barbara Landmann (Exhibits 10). By designating these depositions as confidential, Lucent has represented that it reasonably and in good faith believes

- 1 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

that the statements made should be protected from public disclosure. Accordingly, Defendants believe that good cause exists to file their Memorandum and Exhibits 1, 3, 4, 7, 8, 9, 10, 11, 30, 31, 32, and 33 to the Farkas Decl. under seal.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof which is attached hereto, the Declaration of Katherine B. Farkas filed concurrently herewith, the pleadings, records and files in this action, and upon such other and further evidence and argument as may properly be presented prior to and at the hearing on the Motion.

November 21, 2007

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef
Katherine B. Farkas

McDERMOTT WILL & EMERY LLP
Joel M. Freed


By: /s/ Katherine B. Farkas
    Katherine B. Farkas
    katherine.farkas@aporter.com
    Attorney for Dell Inc.

- 2 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants submit this memorandum of points and authorities in support of their Motion to File Under Seal Pursuant to Civil Local Rule 79-2 (1) Defendants' Confidential Memorandum of Points and Authorities in Support of its Motion for Stay or, in the Alternative, Severance of the Haskell and Netravali Patents for Consolidation with Case No. 07-CV-0747 ("Defendants' Memorandum"); and (2) Confidential Exhibits to the Declaration of Katherine B. Farkas In Support of Defendants' Motion for Stay or, in the Alternative, Severance of the Haskell and Netravali Patents for Consolidation with Case No. 07-CV-0747 ("Farkas Decl.").

As set forth below, good cause exists for filing these documents under seal. Lucent has designated the Expert Report of Wayne A. Hoeberlein, Regarding Damages for Video Coding Patents, dated March 31, 2006 (Exhibit 1), the MPEG LA Agreement Among Licensors (Exhibit 3), Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006 (Exhibit 7), the Multimedia Patent Trust Agreement (Exhibit 8), the Patent Assignment by and between Lucent Technologies Inc. and Multimedia Patent Trust, dated November 28, 2006 (Exhibit 9), MPEG Video Negotiators Sheet, dated January 19, 1999, Bates range LUC 1001377 -1001383 (Exhibit 30), Portfolio Analysis, Bates range LUC 1272925-LUC 1272927 (Exhibit 31), and the Expert Report of Roger S. Smith Regarding Issues Pertaining to Lucent Video Coding Patents, dated March 31, 2006 (Exhibit 33) as "Outside Counsel Only" and "Confidential" under the Protective Order. Lucent has designated the depositions of William Carapezzi (Exhibit 11) Kapu Kumar (Exhibit 32) and Barbara Landmann (Exhibit 10) as "Confidential." By doing so, Lucent has represented that it reasonably and in good faith believes those documents and depositions contain information that must be protected from public disclosure. Additionally, Dell has designated the MPEG-2 Patent Portfolio License (Exhibit 4) as "Outside Counsel Only" pursuant to the protective order in this case, because it contains confidential business information that must be protected from public disclosure. Moreover, because these exhibits and depositions are designated "Outside Counsel Only" or "Confidential" under the Protective Order, Defendants are obligated to seek leave of Court to file them under seal. Defendants' Motion for Stay or, in the Alternative, Severance of the Haskell and Netravali Patents for

- 3 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Consolidation with Case No. 07-CV-0747 is based, in significant part, on information contained in Exhibits 1, 3, 4, 7, 8, 9, 10, 11, 30, 31, 32, and 33. Thus, it is essential to Defendants' Motion that this information be considered by the Court. Accordingly, Defendants respectfully request that the Court grant its Motion to Seal its Memorandum and Exhibits 1, 3, 4, 7, 8, 9, 10, 11, 30, 31, 32, and 33 to the Farkas Decl.

## II.   PROCEDURAL BACKGROUND

On October 16, 2007, the Honorable Rudi M. Brewster issued an order severing certain matters from cases (1) *Lucent Technologies, Inc., et al. v. Gateway, et al.*, Case No. 3:02-CV-2060 B (CAB), (2) *Microsoft Corporation v. Lucent Technologies, Inc., et al.*, Case No. 3:03-CV-0699 B (CAB), and (3) *Lucent Technologies, Inc., et al. v. Dell Computer Corp.*, Case No. 3:03-CV-1108 B (CAB), thus creating this case. Prior to the severing order, a Stipulated Protective Order between Lucent and Dell in Case No. 03-CV-1108 B (LAB) [Docket No. 92] was filed with the Court on August 14, 2003. *See* Declaration of Katherine B. Farkas in Support of Defendats' Motion to File Under Seal ("Farkas Sealing Decl.") at Ex. A. The parties agreed to prevent public disclosure of materials marked by the producing party as either "Confidential" or "Outside Counsel Only" under the Stipulated Protective Order. *See id.* Accordingly, Defendants are obligated to seek leave to file such documents under seal. *Id.* (Ex. A at 17, ¶ 22). By designating documents and depositions as "Confidential" or "Outside Counsel Only," Lucent impliedly represented that it reasonably and in good faith believes that these documents should be protected from public disclosure. *Id.* (Ex. A at 8-9, ¶ 1(d)).

Additionally, Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006, filed in Case No. 3:02-CV-2060 B (CAB) [Docket No. 613] is submitted as Exhibit 7 to the Farkas Decl. Lucent previously sought leave to file its letter brief under seal, and the Court granted Lucent's request. [Docket No. 695.]

Defendants' Memorandum references Exhibits 1, 3, 4, 7, 8, 9, 10, 11, 30, 31, 32, and 33 or information contained in those documents, at the following pages and lines:

- 4 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

1. pp. 1: footnote 2: Discusses information contained in the Expert Report of Wayne A. Hoeberlein, Regarding Damages for Video Coding Patents, dated March 31, 2006, which was designated "Confidential" by Lucent;

2. pp. 2: 28, 3: 1-5: Discusses information contained in the Confidential Expert Report of Roger S. Smith Regarding Issues Pertaining to Lucent Video Coding Patents, dated March 31, 2006, which was designated "Confidential" by Lucent;

3. p. 3: a portion of footnote 5: Discusses information contained in the MPEG LA Agreement Among Licensors, which was designated as "Outside Counsel Only" by Lucent;

4. p. 4: 8-15: Discusses information contained in Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006, which was filed under seal by order of the Court;

5. pp. 4: continuation of footnote 5: Discusses information contained in the MPEG LA Agreement Among Licensors, which was designated as "Outside Counsel Only" by Lucent, as well as information in the MPEG-2 Patent Portfolio License, which was designated as "Outside Counsel Only" by Dell;

6. pp. 4-5: footnote 6: Discusses information contained in Lucent's Confidential Letter Brief and Exhibits regarding Video Patents, dated December 11, 2006, which was filed under seal by order of the Court, as well as the deposition testimony of William Carapezzi and Barbara Landmann, which was designated as "Confidential" by Lucent;

7. pp. 11: 24- 28, 12:1-4: Discusses (1) information contained in the Expert Report of Roger S. Smith Regarding Issues Pertaining to Lucent Video Coding Patents, dated March 31, 2006, which was designated as "Confidential" by Lucent, (2) the deposition testimony of Kapu Kumar, which was designated as "Confidential" by Lucent, (3) the document, "MPEG Video Negotiators Sheet," dated January 19, 1999, produced as Bates range LUC 1001377 -1001383 and designated as "Confidential" by Lucent, and (4) the document, "Portfolio Analysis", produced as Bates range LUC 1272925-LUC 1272927 and designated as "Outside Counsel Only" by Lucent;

- 5 -

8.  pp. 18: 3-11: Discusses information contained in the Expert Report of Roger S. Smith Regarding Issues Pertaining to Lucent Video Coding Patents, dated March 31, 2006, which was designated as "Confidential" by Lucent.

### III. ARGUMENT

"Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Securities Litigation*, 141 F.R.D. 155, 161-162 (N.D. Cal. 1992) (citing cases). Exhibits 1, 3, 4, 7, 8, 9, 10, 11, 30, 31, 32, and 33 to the Farkas Decl. were designated as "Outside Counsel Only" or "Confidential" by Lucent pursuant to the protective order in *Lucent Technologies, Inc., et al. v. Gateway, et al.*, Case No. 3:02-CV-2060 B. Defendants' Memorandum refers extensively to these "Outside Counsel Only" and "Confidential" documents and exhibits.

By designating these documents as Outside Counsel Only, Lucent has represented that it reasonably and in good faith believes that such materials should be protected from public disclosure. As such, good cause exists to seal these materials to protect them from public disclosure. *Synopsys, Unc. v. Magma Design Automation, Inc.*, No. C04-03923 MMC, 2006 WL 997190 (N.D. Cal. 2006) (granting motion to seal based on parties' designation of materials as confidential under a stipulated protective order).

Exhibit 4 to the Farkas Decl., the MPEG-2 Patent Portfolio License, was designated as Outside Counsel Only by Dell, because Dell reasonably and in good faith believes that the confidential business information regarding Dell and its relationship to MPEG LA L.L.C. should be protected from public disclosure. As such, good cause exists to seal this document to protect it from public disclosure. *Id.*

Furthermore, it is essential to Defendants' Motion for Stay or, in the Alternative, Severance of the Haskell and Netravali Patents For Consolidation with Case No. 07-CV-0747 that these exhibits be accepted for filing under seal by the Court. Defendants' Motion relies largely on information contained in these documents and depositions.

- 6 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

## IV. CONCLUSION

For the foregoing reasons, Defendants seek an Order granting them permission to file under seal the confidential Memorandum of Points and Authorities in Support of Defendants' Motion for Stay or, in the Alternative, Severance of the Haskell and Netravali Patents for Consolidation with Case No. 07-CV-0747, and the confidential exhibits to the Declaration of Katherine B. Farkas in Support of Defendants' Motion for Stay or, in the Alternative, Severance of the Haskell and Netravali Patents for Consolidation with Case No. 07-CV-0747.

November 21, 2007

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef
Katherine B. Farkas

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By: /s/ Katherine B. Farkas
Katherine B. Farkas
katherine.farkas@aporter.com
Attorney for Dell Inc.

- 7 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)