1

2                           UNITED STATES DISTRICT COURT

3                          SOUTHERN DISTRICT OF CALIFORNIA

4

5  LUCENT TECHNOLOGIES INC.,

6       Plaintiff and Counterclaim-defendant,
   v.
7
   GATEWAY, INC. and GATEWAY
8  COUNTRY STORES LLC, GATEWAY
   COMPANIES, INC., GATEWAY
9  MANUFACTURING LLC and
   COWABUNGA ENTERPRISES, INC.,
10                                              Civil No: 02CV2060-B(CAB)
        Defendants and Counter-claimants,       consolidated with
11                                              Civil No: 03CV0699-B (CAB) and
   and                                          Civil No: 03CV1108-B (CAB)
12
   MICROSOFT CORPORATION,
13                                              ORDER DENYING PLAINTIFF'S AND
        Intervenor and Counter-claimant,        DEFENDANTS' CROSS-MOTIONS
14                                              REGARDING THE INVALIDITY OF
                                                U.S. PATENT NO. 4,763,356
15
   MICROSOFT CORPORATION,
16
        Plaintiff and Counterclaim-defendant,
17
   v.
18
   LUCENT TECHNOLOGIES INC.,
19
        Defendant and Counter-claimant
20

21
   LUCENT TECHNOLOGIES INC.,
22
        Plaintiff,
23
   v.
24
   DELL, INC.,
25
        Defendant.
26

27

28
                                                              02CV2060-B (CAB)

Exhibit 3
Page 37

Microsoft moves the Court for summary judgment that the software program Home Accountant anticipate the claims of U.S. Patent No. 4,763,356 ("the '356 patent"). Dell and Gateway join in Microsoft's motion.[1] Lucent moves the Court for summary judgment that the claims of the '356 patent are not anticipated by Home Accountant or by two additional programs, Apple Lisa and Xerox Star. For the reasons herein, the motions are **DENIED**.

I.  **BACKGROUND**

Lucent has asserted the '356 patent against Defendants Dell, Gateway and Microsoft. This patent relates to a form entry system for filling out computerized forms using on-screen tools, rather than using a physical keyboard. Lucent contends that Gateway's and Dell's computers infringe the '356 patent when the computers are programmed with Microsoft Money, Microsoft Outlook, Intuit Quicken and Microsoft Windows Mobile and Pocket PC operating software.

On January 26, 2007, Defendants brought two summary judgment motions on the '356 patent - one for non-infringement and the other for invalidity-anticipation. Lucent also brought motions for summary adjudication for no invalidity by anticipation and on the Defendants' affirmative defenses. On March 7, 2007, the Court granted the motion for non-infringement on the mean-plus-function claims at issue in the '356 patent (independent claims 1 and 10 and dependent claims 2, 4, 6, 7, 11-13, and 16) on the grounds that Lucent had failed to provide any evidence that the corresponding structures (particular algorithms) were present in the accused devices. The Court did not rule as to the remaining methods claims, independent claim 19 and dependent claim 21. The Court deferred the remaining issues on the '356 patent pending a supplemental claim construction briefing and allowed the parties to file additional summary judgment motions. In the instant order, the Court now rules on the cross-motions filed by Lucent and Microsoft regarding the alleged

---

[1] For simplicity purposes, the motion herein is referred to as Microsoft's motion rather than Defendants' motion.

2

Exhibit 3
Page 38

1 | anticipation of the '356 patent as they concern the remaining methods claims, 19 and 21

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the motion, the court must examine all the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). If the Court is unable to render summary judgment upon an entire case and finds that a trial is necessary, it shall if practicable grant summary adjudication for any issues as to which, standing alone, summary judgment would be appropriate. Fed. R. Civ. P. 56(d).

When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case. " Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323. The evidence offered need not be in a form admissible at trial to avoid summary judgment. Id. at 324.

## III. ANALYSIS

" To anticipate a claim, a prior art reference must disclose every limitation of the claimed invention, either explicitly or inherently." MEHL/Biophile Intern. Corp. v. Milgraum, 192 F.3d 1362, 1365 (Fed. Cir. 1999) (quoting In re Schreiber, 128 F.3d 1473, 1477 (Fed. Cir.1997). Defendants have alleged that the '356 patent is anticipated by several software programs available before the filing of the '356 patent: Home Accountant, Apple Lisa and Xerox Star.

Exhibit 3
Page 39

1      A.     **Home Accountant**

2      Microsoft moves the Court on summary judgment that Home Accountant anticipates claims 19 and 21. Lucent has filed a cross-motion for summary jdugment that the '356 patent is not anticipated by Home Accountant.

5      Home Accountant is a computer program that was released in January 1985 and designed to run on an Apple Macintosh computer. It predates the '356 patent filed in December 1986. The Home Accountant program is a software program to manage personal finances on the computer; it provides forms for the user to fill out such as a checkbook form.

10     Claim 19 at issue is an independent claim; claim 21 depends on claim 19 and thus incorporates all the limitations of claim 19. These claims related to a method for use in a computer having a display. On the first three elements, Microsoft has presented a prima facie case that Home Accounted contains these elements and Lucent has not offered any opposition. These elements are: displaying on said display a plurality of information fields; identifying for each field a kind of information to be inserted therein; and indicating a particular one of said information fields into which information is to be inserted. Only two of the elements shared by claims 19 and 21 are in dispute by the parties.

18     One of these elements reads:

> and for concurrently displaying a predefined tool associated with said one of said fields, said predefined tool being operable to supply information of the kind identified for said one field said tool being selected from a group of predefined tools including a tool adapted to supply an individual entry from a menu of alternatives and at least a tool adapted to allow said user to compose said information.

22 Microsoft argues that this element is met by Home Accountant because a menu of alternatives may be displayed when information is to be inserted in the category or names field (hereinafter referred to as "Names" and "Categories" menu tools). The menu of alternatives is displayed in a smaller box that overlays the Home Accountant checkbook form. Microsoft also argues an on-screen keyboard ("Key Caps") can be displayed as an overlay to the checkbook form and the user can use that keyboard to enter information into

4

Exhibit 3
Page 40

1  other fields such as names or categories. Microsoft characterizes Key Caps as a
2  composition tool as defined by the '356 patent.
3      Lucent disputes this claim element. It argues that Key Caps is not a "predefined tool
4  associated with" any information field because Key Caps is not part of the Home
5  Accountant program. Instead, when the user wants to fill in a particular field, the user
6  clicks on the apple icon which is part of the computer operating system (but not part of the
7  Home Accountant software). Clicking on the apple icon displays a menu of tools including
8  Key Caps and once the user clicks on the Key Caps option, the tool is brought up on screen
9  overlaying the Home Accountant form. The user must then cut and paste the information
10 composed in Key Caps into the appropriate field of Home Accountant. Lucent contends
11 that such user intervention fails to meet the limitation because (1) Home Accountant does
12 not "predefine" the tool, (2) the program does not associate the tool with a particular field,
13 and (3) Key Caps falls outside of the "form entry system."
14     In support of their respective positions, the parties have offered testimony from their
15 experts as well as pointing out inconsistencies in the opposing experts' opinions. These
16 conflicting opinions indicate an area of disputed fact as to what may be included or
17 excluded in the "form entry system" of the '356 patent. Further supporting the existence of
18 a disputed fact, the specification of the '356 patent describes at least two modes where a
19 tool is utilized to place information in a field. In one mode, when the system or the user
20 advances the cursor to a particular field, the form entry system automatically brings up the
21 tool. (See e.g., '356 patent, Col. 3:65-4:2.) In the other mode described, the user
22 participates in the selection of the tool either by erasing the first tool and choosing another
23 (id. at Col. 6:61-7:7) or by setting the "autotool" of the algorithm to zero so that the system
24 does not bring up any tool automatically but allows the user to bring up a menu of tools
25 from which to select (id. at Col. 11:15-21, Fig. 15).
26     Similarly, an issue of fact remains as to the final claim element, "inserting in said
27 one field information that is derived as a result of said user operating said displayed tool."
28

1   Microsoft argues that this element is met by Home Accountant in one of two ways. For the
2   category tool, once the user clicks on the selected choice from the menu, it is automatically
3   placed into the field. For the composition tool, the user cuts and pastes the composed
4   information using the editing function of the computer and this action places the
5   information into the chosen field. Lucent, however, argues that Home Accountant does not
6   meet this element because the manner of inserting information differs from that described
7   in the '356 patent. In the patent, the user clicks on "enter" or "enter/skip" and the
8   information is directly inputted into the proper information field. In contrast, Home
9   Accountant requires the user to cut and paste information from the key caps tool into the
10  field.
11      In sum, there remain sufficient issues of material fact on claim elements shared by
12  claims 19 and 21 to preclude summary judgement either for or against invalidity.
13  Therefore, the Court **DENIES** both parties' motions on this ground.
14      **B.    Apple Lisa**
15      Lucent also moves the Court for summary adjudication that the software program
16  Apple Lisa does not anticipate the '356 patent.[2] Apple Lisa is an on-screen calculator for
17  use on a Macintosh computer, available as of 1983.
18      Lucent contends that Apple Lisa cannot anticipate because it is not a form entry
19  system with predefined tools. According to Lucent, the Apple Lisa displays a numbers pad
20  (that looks like a calculator) on the left-hand side of the screen and a "tape window" on the
21  right hand side which displays the calculations and results. Lucent argues that Microsoft's
22  expert has failed to opine on any tools that are distinct from the form entry system itself.
23  However, Microsoft's expert opines that there are three fields in the calculator, M, X and
24  Y, a numbers pad below, and the tape window to the side, thus evidencing distinct tools
25  and fields. Information can be inserted into the X field by using two "tools" - the numbers

---

[2] Microsoft has not filed a cross-motion for no invalidity on this issue.

6

Exhibit 3
Page 42

pad or by cutting and pasting information from the tape window (which Mr. Buscaino characterizes as a menu of alternatives).

Additionally, similar to its arguments for Home Accountant, Lucent argues that Apple Lisa fails to meet the element "and for concurrently displaying a predefined tool associated with said one of said fields . . ." and/or the step of inserting information, because the user must cut and paste information from the tape window into the calculator entry fields rather than have the program insert the information automatically. As explained with Home Accountant, an issue of material fact remains as to whether the user manipulations satisfy these claim elements.[3]

In summary, issues of material fact remain to preclude summary judgment. Therefore, Lucent's motion regarding no anticipation by Apple Lisa is **DENIED**.

**C.   Xerox Star**

Lucent also moves the Court for summary adjudication that the software program Xerox Star does not anticipate the '356 patent.[4] Xerox Star is a program for creating forms which includes an on-screen keyboard. The arguments made by Lucent and Microsoft parallel many of the arguments discussed above.

Lucent contends that the tools of Xerox Star are not "associated" with a field or "predefined" because it is a separate operating accessory that is not called up by the "property sheet" form of the Xerox Star program and/or the "inserting" step of the claim is not met because the user must cut and paste the information into the field. As above, genuine issues of fact remain on these points. Lucent also argues that Xerox Star displays the tools side-by-side with the form, rather than as an overlaying; as explained above, this

---

[3] Lucent also argues that the tools in Apple Lisa are not concurrently displayed because the numbers pad and tape window are side-by-side rather than one overlaying the other. This argument fails. Although the Court provided the definition of concurrently displaying to include the example "as by a window overlaying the form," that phrase is an example of the definition of "displaying at the same time." The Court's construction does not exclude side-by-side displays such as those present in Apple Lisa.

[4] Microsoft has not filed a cross-motion for invalidity based on this program.

7

Exhibit 3
Page 43

1  arrangement is not excluded from the definition of "concurrently displaying." Finally,
2  Lucent makes the conclusory statement that Xerox Star does not include a menu of
3  alternatives according to its expert's assessment. However, Microsoft's expert presents the
4  opposite opinion and identifies menus such as those for page size options (Dec. Vyas in
5  Supp. M's Opp. To L's original motion; Ex. C at 102.) Thus again, genuine issues of fact
6  remain. Therefore, summary judgment of no anticipation by Xerox Star is **DENIED**.

7  **IV.   CONCLUSION**

8  Because material issues of fact remain with respect to anticipation by all three
9  software programs, Home Accountant, Apple Lisa and Xerox Star, Lucent's motion for
10 summary adjudication of no anticipation by these three programs is **DENIED**. Similarly,
11 because of the remaining issues of genuine material fact pertaining to Home Accountant,
12 Microsoft's motion for summary adjudication of anticipation of the '356 patent by this
13 software program also is **DENIED**.

15 **IT IS SO ORDERED**

17 DATED: May 15, 2007

*/s/ Rudi M. Brewster*
Hon. Rudi M. Brewster
United States Senior District Court Judge

23 cc: Hon. Cathy Ann Bencivengo
     United States Magistrate Judge

     All Counsel of Record

28

8

Exhibit 3
Page 44