UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.<br><br>Defendants and Counter-Claimants,<br><br>and<br><br>MICROSOFT CORPORATION<br><br>Intervenor and Counter-Claimant.<br><br>AND CONSOLIDATED CASES | Case No. 07-CV-2000-H (CAB)<br>Consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>DECLARATION OF H. ROBERT LONG |

My name is H. Robert Long, and I declare:

1. I reside in the United Kingdom at West Highlands, Three Gates Lane, Haslemere, Surrey, GU27 2ET.

2. I am over the age of eighteen and I am competent to make this declaration. I provide this declaration based upon my own personal knowledge. I would testify to the facts set forth in this declaration under oath at trial.

3. I was employed at Chemical Bank from approximately September 1973 to June 1988. During this time I held several positions. I held the position of Project Manager at Chemical Bank from approximately 1980 to 1985.

4. During the course of my employment at Chemical Bank as Project Manager, I supervised the development of a system called the "Foreign Exchange Front End," or FXFE.

DECLARATION OF H ROBERT LONG    1    Case No 07-CV-2000 H (CAB)

Exhibit 7
Page 135

5. The FXFE system was brought to the United States no later than January 1984.

6. I personally demonstrated the FXFE system for a reporter from Datamation Magazine named Michael Tyler in Chemical Bank's office in New York no later than January 1984. During the demonstration, all of the FXFE features described below were demonstrated for Mr. Tyler. This demonstration showed that the FXFE user interface successfully worked for its intended purpose of allowing users to enter data into a currency trading form using the on-screen tools. The demonstration was made with the expectation that Mr. Tyler would write an article discussing the FXFE system in Datamation Magazine. The demonstration was made without any agreement or expectation of confidentiality.

7. I have read the article titled "Touch Screens: Big Deal or No Deal?" appearing at GW-LT 422215 - GW-LT 422222. This article accurately describes the operation of the FXFE system as demonstrated to Mr. Tyler.

8. The FXFE system described in the article and demonstrated for Mr. Tyler included information fields appearing on the right half of the display, such as the broker and exchange rate fields as described in the Tyler article. A label appeared next to each field which indicated the kind of information that was to be inserted into each field. A user could select a field by touching the label for the field.

9. When the user selected a field by touching the label, the FXFE system provided a visual indication on the screen of the selected field by displaying the label for that field in bold.

10. The FXFE system also displayed a tool for entering information into the selected field. The FXFE system displayed different tools depending on which field was selected.

11. Some fields in the FXFE system, such as the 'broker' field described in the Tyler article, caused a list of brokers to appear on the left half of the screen. The user would select the appropriate broker by pointing to the broker's name, and that name would be inserted into the broker field.

12. Other fields in the FXFE system, such as the exchange rate field described in the Tyler article, caused a numeric keypad to appear on the left half of the screen. The user would

DECLARATION OF H. ROBERT LONG     2     Case No 07-CV-2000 H (CAB)

Exhibit 7
Page 136

1 type the number using the numeric keypad and that number would be inserted into the exchange
2 rate field.
3     13. My team at Chemical Bank designed and programmed these particular tools as
4 part of the FXFE application using the Easel development environment.
5     14. I have no financial interest in the outcome of this case. I am being reimbursed for
6 the time I spend on this case at my standard consulting rate of $230.78 per hour. I am also being
7 reimbursed for my out-of-pocket expenses. My reimbursement is not dependent on the content
8 of my testimony or on the outcome of this case.
9     I declare under penalty of perjury under the laws of the United States of America and the
10 laws of California and the United Kingdom that the foregoing is true and correct to the best of
11 my knowledge.
12     This 29th day of November, 2007.

_____
H. ROBERT LONG

DECLARATION OF H ROBERT LONG     3     Case No. 07-CV-2000 H (CAB)

Exhibit 7
Page 137