1 Alison P. Adema, SBN 149285
  HAHN & ADEMA
2 501 West Broadway, Suite 1730
  San Diego, California 92101-3595
3 Telephone (619) 235-2100
  Facsimile  (619) 235-2101

4 Attorneys for *Lucent Technologies Inc.*

5

                    UNITED STATES DISTRICT COURT
6                  SOUTHERN DISTRICT OF CALIFORNIA

7  | LUCENT TECHNOLOGIES INC. and
   | MULTIMEDIA PATENT TRUST,              | Case No. 02-CV-2060 B (CAB)
8  |                                        |     consolidated with
   |                Plaintiffs,             | Case No. 03-CV-0699 B (CAB)
9  |       v.                               | Case No. 03-CV-1108 B (CAB)
10 | GATEWAY, INC., GATEWAY COUNTRY         | DECLARATION OF JAKE
   | STORES LLC, GATEWAY COMPANIES, INC.,   | RICHTER IN SUPPORT OF
11 | GATEWAY MANUFACTURING LLC and          | LUCENT'S COMBINED
   | COWABUNGA ENTERPRISES, INC.,           | OPPOSITION TO DEFENDANTS'
12 |                                        | MOTIONS FOR SUMMARY
   |                Defendants,             | JUDGMENT CONCERNING U.S.
13 | and                                    | PATENT NO. 4,439,759
14 | MICROSOFT CORPORATION,                 | Date:      May 4, 2007
   |                                        | Time:      9:00 A.M.
15 |                Intervener.             | Courtroom: 2
16 |                                        | Honorable Rudi M. Brewster
17
18 | MICROSOFT CORPORATION,
   |                Plaintiff,
19 |       v.
20 | LUCENT TECHNOLOGIES INC.,
21 |                Defendant.
22
23 | LUCENT TECHNOLOGIES INC. and
   | MULTIMEDIA PATENT TRUST,
24 |                Plaintiffs,
25 |       v.
26 | DELL INC.,
27 |                Defendant.

28 DECLARATION OF JAKE RICHTER IN SUPPORT OF                Case Nos. 02-CV-2060-B (CAB),
   LUCENT'S COMBINED OPPOSITION TO DEFENDANTS'              03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)
   MOTIONS FOR SUMMARY JUDGMENT CONCERNING U.S.
   PATENT NO. 4,439,759

Exhibit 22
Page 721

I, Jake Richter, hereby declare as follows:

1. I have been retained as an expert in this case by Lucent Technologies Inc.

2. I submit this Declaration in support of Lucent's opposition to Gateway's and Dell's motions for summary judgment of noninfringement of U.S. Patent No. 4,439,759 (the "Fleming '759 patent").

3. Attached hereto as Exhibit A and incorporated herein by reference is a copy of my Expert Report in this case dated March 31, 2006 **[FILED UNDER SEAL]**. The report accurately reflects my opinions in this case and the bases therefore.

4. As I previously explained in my report, the Fleming '759 patent generally discloses a digital image display system that makes use of three modes of access to color values: a direct color mode of access and two indexed color modes of access. (*See, e.g.*, Col 1:52-61, 6:20-32, 14:20-40).

5. Before the inventions of the Fleming '759 patent in the early 1980's, most commercial information display systems were textual in nature, representing information solely using text characters. The desire to present information graphically on such display systems led to the use of blocky graphical characters called "block mosaics" from which extremely crude graphical imagery could be constructed. These initial systems required specific display hardware configurations, and content was therefore limited to those configurations, with each vendor having their own specific, fixed configuration incompatible with that of other vendors. Display devices tended to be single function, single resolution devices, operating in a particular manner and no other. If one wanted to increase the resolution or increase the number of colors, one had to physically modify the hardware.

6. The inventions of the Fleming '759 patent overcame these limitations by providing display device independence that enables content providers to create graphics content portable to a variety of display devices regardless of the particular hardware configuration of the devices.

7. Claim 1 of the Fleming '759 patent is illustrative of the inventions of the Fleming '759 patent. (Col. 14:20-40). Claim 1 claims a display system having a memory that stores color data values; a processor that selects one of three modes of access to color data values, a direct color

DECLARATION OF JAKE RICHTER IN SUPPORT OF LUCENT'S COMBINED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT CONCERNING U.S. PATENT NO. 4,439,759

1

Case Nos. 02-CV-2060-B (CAB), 03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

Exhibit 22
Page 722

1  mode of access and two indexed color modes of access; and a display means that displays the colors
2  associated with the color data values accessed based on the mode selected by the processing means.
3      8.   As explained in my report, which in incorporated herein by reference, all computer
4  systems made, used, sold or offered for sale in the United States, or imported into the United States,
5  by Gateway and Dell between 1998 and May 19, 2001, and that included a Microsoft Windows
6  operating system (collectively the "Accused Products") contain each and every element of claims 1
7  through 3 of the Fleming '759 patent and therefore literally infringe those claims. Each of the
8  Accused Products was a digital image display system that included the memory, predetermined
9  command and data sequence, processing means, modes of access, and display means of claim 1; the
10 memory, predetermined command and data sequences, processing means, and display means of
11 claim 2; and the additional processing means of dependent claim 3.
12     9.   With respect to the specific issues raised in both of the Defendants' motions, in my
13 opinion each of the Accused Products had a processing means that is "responsive to a predetermined
14 command and data sequence comprising at least one command," where "predetermined command
15 and data sequence" means "a command and data pattern having a known encoded meaning."
16     10.  As explained in my report, the Accused Products included the Microsoft Windows
17 Graphical Device Interface ("GDI"), which makes available to users of the Accused Products a
18 number of predefined command and data patterns that can be used to select modes of access to color
19 data values.
20     11.  For example, the following GDI command and data sequences may be used to select
21 the first mode of access of claim 1 where an in-use foreground color is directly specified as color
22 data value RGB:

```
SetBkMode(hdc, TRANSPARENT);
SetTextColor(hdc, PALETTERGB(R, G, B));
```

25     12.  In the above example, SetBkMode and SetTextColor are the commands, and the
26 information following the commands is the data.

---

DECLARATION OF JAKE RICHTER IN SUPPORT OF
LUCENT'S COMBINED OPPOSITION TO DEFENDANTS'    2    Case Nos. 02-CV-2060-B (CAB),
MOTIONS FOR SUMMARY JUDGMENT CONCERNING U.S.        03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)
PATENT NO. 4,439,759

Exhibit 22
Page 723

13. The following command and data sequence may be used to select the second mode of access of claim 1, where the in-use foreground color is specified as an index into the color memory, and where that index value is wPaletteIndex:

```
SetBkMode(hdc, TRANSPARENT);
SetTextColor(hdc, PALETTEINDEX(wPaletteIndex));
```

14. The following predetermined command and data sequence may be used to select the third mode of access of claim 1, where the in-use foreground color and in-use background colors are specified as indexes into the color memory, and where the index values are wPaletteIndex1 and wPaletteIndex2, respectively:

```
SetBkMode(hdc, OPAQUE);
SetTextColor(hdc, PALETTEINDEX(wPaletteIndex1));
SetBkColor(hdc, PALETTEINDEX (wPaletteIndex2));
```

15. Each of the foregoing is an example of a command and data pattern having a known encoded meaning, and therefore each satisfies the claim limitation of "a predetermined command and data sequence comprising at least one command." First, the GDI commands and data have a known encoded meaning because they are predefined by Microsoft. Second, the GDI commands and data are a command and data pattern. Microsoft provides instructions to GDI users that specify the precise command and data patterns users must follow to properly use the SetBkMode, SetTextColor, and SetBkColor functions. As the GDI documentation cited in my report makes clear, the GDI functions must follow a particular command and data model for them to work, and therefore constitute a command and data pattern.

16. Furthermore, the Accused Products are responsive to the GDI command and data patterns, as the GDI documentation and source code makes clear. For example, if the precise command and data pattern of "SetTextColor" followed by an "hdc" value and a "crColor" value is not followed, then the command will fail. If, on the other hand, the command and data pattern is followed, then the command will succeed. Thus, the computer processor, which interprets the commands and data, is necessarily responsive to the command and data pattern.

DECLARATION OF JAKE RICHTER IN SUPPORT OF LUCENT'S COMBINED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT CONCERNING U.S. PATENT NO. 4,439,759

3

Case Nos. 02-CV-2060-B (CAB), 03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

Exhibit 22
Page 724

17. Microsoft provides similar instructions for the SetBkMode and SetBkColor commands. The SetBkMode command must follow the precise command and data pattern of SetBkMode(hdc, iBkMode), and the SetBkColor command must follow the precise command and data pattern of SetBkColor(hdc, crColor), for the commands to work.

18. It is also my opinion that each of the Accused Products has structure that is equivalent to the structure is equivalent to the corresponding structure for the "processing means" of claims 1 and 2.

19. The Court construed the corresponding structure for the "processing means" limitation of claim 1 as follows:

> Data processor 1 programmed to perform the algorithm of boxes 301, 302, and 303 of Figure 3 and boxes 401, 402, 403, 404, 405, 407, 408, and 411 of Figure 4 (See, Col.5, line 60 - Col.6, line 19, Col.6, lines 20-23 (except for "and for setting foreground and background in-use colors for two of these modes"), lines 24-29, 29-32 (except for "and the background and foreground color"), lines 33-43).

20. In boxes 301-303, the processor reads the command and determines that a "Select" mode command has been issued. In boxes 401, 402, 403, 404, 405, 407, 408, and 411, the operands associated with the "Select" command are evaluated, and the mode is selected based on the operands. Specifically, the mode is selected based on the number of operands that follow the "Select" command. If there are no operands, then the first mode is selected; if there is one operand, then the second mode is selected; and if there are two operands, then the third mode is selected. This is a quantitative algorithm, because the mode selection is based on the number, or quantity, of operands that follow, not the specific values of the operands

21. The algorithm run by the Microsoft GDI to decode the SetBkMode, SetTextColor, and SetBkColor commands, on the other hand, uses a qualitative algorithm, where mode selection is based on the value of the operands that follow the commands. First, as in boxes 301-303, the GDI decodes the entered commands to determine which commands have been entered. Once it is determined which commands have been entered, the mode is selected based on the value of the particular operands that follow the commands.

| DECLARATION OF JAKE RICHTER IN SUPPORT OF LUCENT'S COMBINED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT CONCERNING U.S. PATENT NO. 4,439,759 | 4 | Case Nos. 02-CV-2060-B (CAB), 03-CV-0699-B (CAB), and 03-CV-1108-B (CAB) |

Exhibit 22
Page 725

22.     The difference between the GDI algorithm in the Accused Products and the algorithm identified by the Court in the corresponding structure is that the Accused Products use a qualitative algorithm, whereas the algorithm in the corresponding structure uses a quantitative algorithm. In my opinion, this difference is insubstantial. For example, qualitative and quantitative algorithms were known to be interchangeable, as even the Fleming '759 patent discloses both types of algorithms. In Figure 4 of the Fleming '759 patent, boxes 412, 413, and 414 constitute a qualititve algorithm that sets the foreground or background color based on the value of the operands following a command. (*See, e.g.*, 7:4-11; *see also, e.g., id.* Figure 5 and 7:42-52).

23.     I was able to determine that the GDI uses a qualitative algorithm by reviewing Microsoft's GDI documentation, which makes clear that mode selection depends on the *value* of the operands, and not the number of operands. I also confirmed that the GDI uses a qualitative algorithm by reviewing GDI source code for the SetBkMode, SetTextColor, and SetBkColor commands. (*See, e.g.*, MSLT__00640082-83, 00640089-91, and 00640091-93.) Microsoft's documentation and 30(b)(6) testimony states that the SetBkMode, SetTextColor, and SetBkColor functions were included in all versions of Windows starting with Windows NT 3.1 and Windows 95 and worked the same in each of those versions. The GDI documentation and source code I reviewed is therefore representative of the GDI algorithm used in all Accused Products.

24.     With respect to the processing means of claim 2, the Court identified two algorithms in the corresponding structure. The first algorithm corresponds to the mode-selecting function of claim 2, which is identical to the algorithm for the processing means of claim 1. For the same reasons that the Accused Products have structure equivalent to the corresponding structure of claim 1, it is my opinion that they have a structure equivalent to the corresponding structure of claim 2 with respect to the mode-selecting function.

DECLARATION OF JAKE RICHTER IN SUPPORT OF
LUCENT'S COMBINED OPPOSITION TO DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT CONCERNING U.S.
PATENT NO. 4,439,759

5

Case Nos. 02-CV-2060-B (CAB),
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

Exhibit 22
Page 726

25.     For the color-setting function of claim 2, the Court identified the following corresponding structure:

> Data processor 1 programmed to perform the algorithm shown in Fig. 5: boxes 501, 504, 506, 508, and 510 (*See*, Col. 7, lines 14-17 (except for "or (2) in color mode 0, for setting"), Col. 7, lines 53-64 (except for "The sequence of boxes 504, 506, 508, and 510 is")).

26.     Boxes 501, 504, 506, 508, and 510 of Figure 5 represent the color data value setting process, where an index value is selected based on the current foreground color (box 501), the RGB color data values that should be assigned to that index are selected (boxes 504 and 506), the location in the color memory corresponding to the index value is then set to that color data value (box 508), and the index value is incremented (box 510).

27.     As I explain in my report, the Accused Products perform an equivalent algorithm when the SetPaletteEntries command is issued with the cEntries parameter set to 1 and the *lppe parameter pointing to a location containing a color data value that is set to the logical palette color memory associated with the value of iStart. The difference between the algorithm of the corresponding structure and that of the Accused Products is that in the corresponding structure the index value is based on the current foreground color (box 501), where as in the Accused Products the index value is based on the iStart parameter. In my opinion, this difference in the way the index value is determined is insubstantial. As with the processing means of claim 1, my structural analysis of the processing means of claim 2 is based on a review of the GDI documentation and source code.

28.     It is also my opinion that the GDI algorithms I identify as equivalent to the algorithms of the corresponding structures for the processing means of claims 1 and 2 are not after-developed technology, since the use of processing algorithms, including both qualitative and quantitative algorithms, were well known in the art at the time the Fleming '759 patent issued. As I discuss above, even the Fleming patent discloses both types of algorithms.

---

DECLARATION OF JAKE RICHTER IN SUPPORT OF LUCENT'S COMBINED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT CONCERNING U.S. PATENT NO. 4,439,759

6

Case Nos. 02-CV-2060-B (CAB), 03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

Exhibit 22
Page 727

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct and that this declaration was executed on this 12th day of April 2007.

/s/ Jake Richter

---

28  DECLARATION OF JAKE RICHTER IN SUPPORT OF    7    Case Nos. 02-CV-2060-B (CAB),
LUCENT'S COMBINED OPPOSITION TO DEFENDANTS'         03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)
MOTIONS FOR SUMMARY JUDGMENT CONCERNING U.S.
PATENT NO. 4,439,759

Exhibit 22
Page 728