James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for *Dell Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>  Plaintiffs and Counterclaim-defendants,<br><br>  v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>  Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>  Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**DECLARATION OF KATHERINE B. FARKAS IN SUPPORT OF DELL INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 1, 2007 ORDER**<br><br>Judge Marilyn L. Huff<br><br>Hearing Date: December 7, 2007<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 13, 5th Floor |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, )
| 2 |     Plaintiff and Counter-defendant, )
| 3 | v. )
| 4 | LUCENT TECHNOLOGIES INC. and )
| | MULTIMEDIA PATENT TRUST, )
| 5 | )
| 6 |     Defendants and Counter-claimants, )
| 7 | LUCENT TECHNOLOGIES INC. and )
| | MULTIMEDIA PATENT TRUST, )
| 8 | )
| 9 |     Plaintiffs and Counterclaim-defendants, )
| 10 | v. )
| 11 | DELL INC., )
| 12 |     Defendant and Counter-claimant. )

1       I, Katherine, B. Farkas, declare as follows:

2       1.      I am an attorney of the law firm of Arnold & Porter LLP, counsel for Defendant Dell Inc. ("Dell"). I make this declaration in support of Dell Inc.'s Reply in Support of Its Motion for Reconsideration of the Court's October 1, 2007 Order, which is filed concurrently with this declaration. Unless otherwise stated herein, I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

        2.      Attached hereto as Exhibit A is a true and correct copy of pages 136-138 excerpted from the transcript of the summary judgment motion hearing before Honorable Rudi M. Brewster on September 26, 2007 in the present action;

        3.      Attached hereto as Exhibit B is a true and correct copy of a June 23, 2006 email produced by Lucent Technologies, Inc. ("Lucent") as LUC 1313136-38 **[FILED UNDER SEAL]**;

        4.      Attached hereto as Exhibit C is a true and correct copy of an August 10, 2006 email string produced by IP Value Management ("IP Value") as IPV 312-13 **[FILED UNDER SEAL]**;

        5.      Attached hereto as Exhibit D is a true and correct copy of a November 26, 2006 email produced by IP Value as IPV 1311 **[FILED UNDER SEAL]**;

        6.      Attached hereto as Exhibit E is a true and correct copy of a September 1, 2006 email produced by Lucent as LUC 1312939 **[FILED UNDER SEAL]**;

        7.      Attached hereto as Exhibit F is a true and correct copy of a June 12, 2006 email produced by Lucent as LUC 1313196-97 **[FILED UNDER SEAL]**;

        8.      Attached hereto as Exhibit G is a true and correct copy of a June 19, 2006 email string produced by Lucent as LUC 1313198-200 **[FILED UNDER SEAL]**; and

        ///
        ///
        ///
        ///
        ///
        ///

- 1 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

9. Attached hereto as Exhibit H is a true and correct copy of a July 13-18, 2006 email string produced by Lucent as LUC 1313132-34 **[FILED UNDER SEAL]**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of November, 2007 at Los Angeles, California.

By: _/s/ Katherine Farkas_
Katherine B. Farkas

- 2 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

## EXHIBITS TABLE OF CONTENTS

| Exhibit | Document | Page No. |
|---|---|---|
| A | True and correct copy of pages 136-138 excerpted from the transcript of the motion hearing before Honorable Rudi M. Brewster on September 26, 2007 in the present action | 5 |
| B | True and correct copy of a June 23, 2006 email produced by Lucent Technologies, Inc. ("Lucent") as LUC 1313136-38 **[FILED UNDER SEAL]** | 9 |
| C | True and correct copy of a August 10, 2006 email string produced by IP Value as IPV 312-13 **[FILED UNDER SEAL]** | 12 |
| D | True and correct copy of a November 26, 2006 email produced by IP Value as IPV 1311 **[FILED UNDER SEAL]** | 14 |
| E | True and correct copy of a September 1, 2006 email produced by Lucent as LUC 1312939 **[FILED UNDER SEAL]** | 15 |
| F | True and correct copy of a June 12, 2006 email produced by Lucent as LUC 1313196-97 **[FILED UNDER SEAL]** | 16 |
| G | True and correct copy of a June 19, 2006 email string produced by Lucent as LUC 1313198-200 **[FILED UNDER SEAL]** | 18 |
| H | Ttrue and correct copy of a July 13-18, 2006 email string produced by Lucent as LUC 1313132-34 **[FILED UNDER SEAL]**. | 21` |

- 3 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

**THIS PAGE INTENTIONALLY LEFT BLANK**

- 4 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

# EXHIBIT A

```
 1                 UNITED STATES DISTRICT COURT
 2               SOUTHERN DISTRICT OF CALIFORNIA
 3
 4   LUCENT TECHNOLOGIES,        )  Case No. 02CV2060-B(CAB)
                                 )  Consolidated with:
 5              Plaintiff,       )  03CV0699-B(CAB)
                                 )  03CV1108-B(CAB)
 6   vs.                         )  Related to:
                                 )  06CV0684-B(CAB)
 7   GATEWAY, INC.,              )
                                 )  San Diego, California
 8              Defendant.       )
     _____)  Wednesday,
 9                                  September 26, 2007
                                    9:00 a.m.
10              TRANSCRIPT OF MOTION HEARING
         BEFORE THE HONORABLE RUDI M. BREWSTER
11              UNITED STATES DISTRICT JUDGE
12   APPEARANCES:
13   For the Plaintiff:     JOHN DESMARAIS, ESQ.
                            ROBERT A. APPLEBY, ESQ.
14                          MICHAEL STADNICK, ESQ.
                            JAMES E. MARINA, ESQ.
15                          Kirkland & Ellis, LLP
                            153 East 53rd Street
16                          New York, New York  10022
                            (212) 446-4946
17
     For the Defendant:     STEVEN R. DANIELS, ESQ.
18                          W. BRYAN FARNEY, ESQ.
                            JEFFREY B. PLIES, ESQ.
19                          Dechert, LLP
                            300 West 6th Street
20                          Suite 1850
                            Austin, Texas  78701
21                          (512) 394-3000
22
23
24
25   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
```

*Echo Reporting, Inc.*

EXHIBIT __A__ PAGE __5__

136

1 from Exhibit 8 for the Blackburn declaration at page 181
2 where Lucent made a public statement to the SEC that all of
3 the patents will continue to be owned by Lucent and its
4 subsidiaries post-merger, and they never ever corrected that
5 public statement.
6      So regardless of what the merger agreement --
7      THE COURT: Okay. It's based on the SEC
8 representation?
9      MR. FREED: SEC representation, and --
10      THE COURT: Anything else?
11      MR. GARTMAN: Yes. If I may address a point
12 that --
13      THE COURT: What besides the SEC representation?
14      MR. GARTMAN: The -- the waiver point that you
15 made because there was something that you asked me earlier
16 about the waiver, and I went and read --
17      THE COURT: Waiver?
18      MR. GARTMAN: Alcatel agreeing, that point.
19      THE COURT: Of the consent?
20      MR. GARTMAN: Correct. And you asked me about
21 whether that was a writing, those E-mails back and forth
22 between them.
23      THE COURT: Yes.
24      MR. GARTMAN: I went and I read the merger
25 agreement over the break at lunch and would like to direct

137

1 the Court's attention to page 60 of the agreement which
2 specifies, your Honor, that --
3          THE COURT:  That's in Exhibit 2?
4          MR. GARTMAN:  Yes.
5          THE COURT:  Page 60?
6          MR. GARTMAN:  Page 60.
7          THE COURT:  Okay.
8          MR. GARTMAN:  And it -- it specifies that notices
9 under this agreement have to take a particular form.
10         THE COURT:  I see that.
11         MR. GARTMAN:  And it says they have to be to
12 certain people.  You can see them there on the bottom of 60.
13 They have to be in writing to certain people.
14         THE COURT:  Yeah.
15         MR. GARTMAN:  And that wasn't met here.  None of
16 the correspondence with Alcatel was to these people, and if
17 you flip the page to section 10.03, it talks about waivers,
18 and those also have to be signed, signature.  And so while
19 it is absolutely clear that higher ups at Alcatel knew what
20 was happening and agreed behind the scenes with Lucent, the
21 notice that was required by the merger agreement which was
22 for the benefit of shareholders and others was never met.
23         THE COURT:  I understand your position.  So your
24 position is it's not relevant that they did consent and
25 worked with them for weeks to put it together, it still

*Echo Reporting, Inc.*

EXHIBIT _A_ PAGE _7_

138

1 doesn't really constitute consent because it didn't come in
2 the exact form that the agreement sets forth?
3          MR. GARTMAN: That's correct.
4          THE COURT: I understand your position. Any other
5 -- any other bases for unclean hands?
6          MR. FREED: Your Honor, before you get off of that
7 -- well, I didn't have an additional basis, but I have one
8 more comment to make on unclean hands after they give their
9 additional basis.
10         MR. DANIELS: Your Honor, we just -- we had
11 included in our brief for Gateway the misrepresentation to
12 the SEC but also the same representations to the FTC and the
13 DOJ related to the outcome of the merger.
14         THE COURT: SEC, F --
15         MR. DANIELS: FTC.
16         THE COURT: FTC?
17         MR. DANIELS: FTC and the DOJ, Department of
18 Justice.
19         THE COURT: And DOJ?
20         MR. DANIELS: Right. And we'd just like to note
21 that with respect to those representations, this
22 counterclaim doesn't have anything to do with the
23 enforceability of the -- of the transfer to MPT or -- or
24 your decision with respect to the license defense.
25         THE COURT: All right. Now, if that's your -- and

*Echo Reporting, Inc.*

# Exhibit B
## Filed Under Seal

# Exhibit C
## Filed Under Seal

# Exhibit D
## Filed Under Seal

# Exhibit E
## Filed Under Seal

# Exhibit F
## Filed Under Seal

# Exhibit G
## Filed Under Seal

# Exhibit H
## Filed Under Seal