John E. Gartman (SBN 152300)
Juanita R. Brooks (SBN 75934)
Roger A. Denning (SBN 228998)
Christopher S. Marchese (SBN 170239)
Lara S. Garner (SBN 234701)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Stephen P. McGrath (SBN 202696)
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052
Telephone:  (425) 882-8080
Facsimile:  (425) 936-7329

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervenor and Counter-claimant, | Case No. 07-CV-2000 H (CAB) consisting of matters severed from consolidated cases:<br>02-CV-2060 B (CAB)<br>03-CV-0699 B (CAB)<br>03-CV-1108 B (CAB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MICROSOFT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY RE U.S. PATENT NO. 4,763,356**<br><br>Date:      January 7, 2008<br>Time:      10:30 a.m.<br>Courtroom: 13<br>Judge:     Honorable Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>Defendant and Counter-claimant, | |

| | |
|---|---|
| 1 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | DELL, INC., |
| 6 | Defendant. |

# Table of Contents

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF UNDISPUTED FACTS .................................................................... 1

    A. The '356 Patent .................................................................................................... 1

    B. The Level of Ordinary Skill in the Art ............................................................... 2

    C. The Accused Products ......................................................................................... 2

    D. The Prior Art: Your Money Manager ................................................................ 2

III. LEGAL STANDARDS FOR SUMMARY JUDGMENT ............................................... 3

IV. THE '356 PATENT IS INVALID IN LIGHT OF YOUR MONEY MANAGER ........ 4

    A. The Time of the Invention .................................................................................. 4

    B. J.K. Lasser's Your Money Manager .................................................................. 4

    C. Claim 19 ............................................................................................................... 6

        1. Claim 19 – Preamble "method for use in a computer having a display comprising the steps of" ............................................. 6

        2. Claim 19 – Element 1 "displaying on said display a plurality of information fields," ................................................................ 6

        3. Claim 19 – Element 2 "identifying for each field a kind of information to be inserted therein," ...................................................... 7

        4. Claim 19 – Element 3 "indicating a particular one of said information fields into which information is to be inserted and for concurrently displaying a predefined tool associated with said one of said fields, said predefined tool being operable to supply information of the kind identified for said one field, said tool being selected from a group of predefined tools including a tool adapted to supply an individual entry from a menu of alternatives and at least a tool adapted to allow said user to compose said information, and" ............................................................................. 7

        5. Claim 19 – Element 4 "inserting in said one field information that is derived as a result of said user operating said displayed tool." ................................................................ 13

    D. Claim 21 "The method set forth in claim 19 wherein the step of displaying said pattern includes the step of displaying one or more of said information fields as a bit-mapped-graphics field." ............................. 13

V. CONCLUSION ................................................................................................................ 14

**Table of Authorities**

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
　477 U.S. 242, 247-48 (1986)..................................................................................... 3

*Barmag Barmer Maschinefabrik AG v. Murata Machine, Ltd.*,
　731 F.2d 831, 835 (Fed. Cir. 1984)........................................................................... 3

*Bristol-Myers Squibb Co. v. Ben Venue Laboratoriess, Inc.*,
　246 F.3d 1368, 1374 (Fed. Cir. 2001)....................................................................... 4

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986).................................................................................................. 3

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
　363 F.3d 1263 (Fed. Cir. 2004)................................................................................. 3

*Graham v. John Deere Co. of Kansas City*,
　383 U.S. 1 (1966)................................................................................................ 3, 12

*In re Icon Health and Fitness*,
　496 F.3d 1374 (Fed. Cir. 2007)........................................................................ 11, 13

*KSR International Co. v. Teleflex Inc.*,
　127 S.Ct. 1727 (2007).................................................................................... 3, 11, 14

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*,
　475 U.S. 574 (1986).................................................................................................. 3

*Med. Instrumentation & Diagnostics Corp. v. Elekta AB*,
　344 F.3d 1205, 1220 (Fed. Cir. 2003)....................................................................... 4

**Federal Statutes**

35 U.S.C. § 102 ................................................................................................................ 4

35 U.S.C. § 103 ............................................................................................................ 3, 4

35 U.S.C. § 154 ............................................................................................................ 1, 2

Fed. R. Civ. P. 56 ............................................................................................................ 3

I.   INTRODUCTION

Long before the inventors of United States Patent No. 4,763,356 ("the '356 patent") filed their patent application, a software program called J.K. Lasser's Your Money Manager was sold for use on IBM personal computers ("IBM PCs").  Your Money Manager provided its users with the very same functionality that is the basis of Lucent's allegations of infringement in this case. Cornered by proof that Your Money Manager invalidates Claims 19 and 21 of the '356 patent, Lucent's expert has resorted to manufacturing his own claim limitation, ignoring the Court's Order.  Any attempt by Lucent to argue that Your Money Manager does not render Claims 19 and 21[1] obvious under this false construction should be disregarded and certainly does not raise an issue of fact.  Accordingly, Microsoft is entitled to summary judgment of invalidity.[2]

II.   STATEMENT OF UNDISPUTED FACTS

A.   The '356 Patent

The application that led to the '356 patent was filed on December 11, 1986.[3]  The '356 patent is entitled "Form Entry System."  It describes and claims a system for filling out forms on a computer using various on-screen tools.  (*See* Ex. A.)[4]  The use of computerized forms was well known in the art at the time of the filing of the '356 patent.  As the "Background of the Invention" of the '356 patent states: "One such [prior art] technique displays the fields of a form on the cathode ray tube or other display of a computer.  A user 'fills in' the displayed fields by entering the information called for by each field using the computer keyboard."  (Ex. A, col. 1:14-1:18.)

The purported invention of the '356 patent is the addition of "pre-defined tools" that are displayed on the computer screen concurrently with the form to assist the user in inputting information. (Ex. A, col. 1:31-1:36.)  Such "pre-defined tools" could include a menu of options or an on-screen keyboard. (Ex. A, Abstract.)  A user can select from an on-screen keyboard or menu,

---

[1]   Microsoft's motion for summary judgment of non-infringement was granted with regard to all '356 patent claims asserted by Lucent except Claims 19 and 21.
[2]   Gateway, Incorporated and Dell, Incorporated join Microsoft in this motion.
[3]   The '356 patent issued on August 9, 1998 and expired on December 11, 2006, 20 years from the application date. 35 U.S.C. § 154(a) and (c)(1).
[4]   References to "Ex.___" refer to the corresponding exhibit attached to the Declaration of Lara S. Garner ("Garner Decl."), which is filed concurrently.

1   for instance, by "clicking" on the displayed text or menu of entries using a mouse or by identifying
2   the displayed text by typing using the computer's keyboard buttons.  (Ex. A, col. 3:16-3:33.)

3   The system then enters the information corresponding to the chosen option into the
4   appropriate field on the form.  (*Id.*)  Different fields can use different tools, and this process can be
5   repeated until the user has filled in all of the fields.  (Ex. A, col. 1:15-1:18.)  The '356 patent touts
6   that this system reduces the time required to fill out a form.  (Ex. A, col. 1:18-1:21.)

7   **B.     The Level of Ordinary Skill in the Art**

8   For the purposes of this motion, Microsoft accepts Lucent's expert's contention that the
9   person of ordinary skill in the art of the '356 patent would have 3-5 years experience working in
10  the area of Human-Computer Interface, or specific training at one of the following institutions:
11  Xerox Palo Alto Research Center (Xerox PARC), Apple Computer, Inc., University of California
12  at San Diego, the University of Toronto, or the University of Maryland.[5]  (*See* Ex. B at ¶¶ 28-30.)

13  **C.     The Accused Products**

14  Lucent accuses various software applications of infringement, and a couple of them –
15  Money and Quicken – are personal finance programs.  Money and Quicken are similar in basic
16  functionality to earlier accounting programs geared toward the management of personal finances.
17  As will be described in detail below, all of the functionality of Money and Quicken that is accused
18  of infringing the '356 patent was also present in the computer program called Your Money
19  Manager which was sold for use on IBM PCs long before the application date of the '356 patent.

20  **D.     The Prior Art:  Your Money Manager**

21  J.K. Lasser's Your Money Manager ("Your Money Manager") was sold by Simon and
22  Schuster before March of 1985 and was designed to run on IBM PCs.[6]  (Ex. C.)  Your Money
23  Manager is a financial record keeping program that allowed users to record and track expenses and
24  other financial information.  (*Id.*).  Like accused products Money and Quicken, it is an accounting
25  program geared towards the management of personal finances.  Your Money Manager helps users

---

[5] Lucent's expert's definition requires at least as much knowledge as does Microsoft's expert's definition.  As a result, Microsoft's expert, Mr. Buscaino's analysis and conclusions remain the same.
[6] An IBM PC or compatible computer is a computer that utilizes Microsoft's MS DOS operating system.  (*See* Ex. K.)

manage such transactions as checks, deposits, and credit card charges, and can be used for monthly checkbook and credit card reconciliation, budgeting, tax planning and investment analysis. (*Id*.).

### III.  LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is as appropriate in a patent case as in any other…[C]ourt[s] should utilize the salutary procedure of Fed. R. Civ. P. 56 to avoid unnecessary expense to the parties and wasteful utilization of the jury process and judicial resources." *Barmag Barmer Maschinefabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). To defeat a summary judgment motion, the opposing party must do "more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In this regard, unsupported conclusions on the ultimate issue of obviousness are "insufficient to raise a genuine issue of material fact." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004). Instead, the opposing party must set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita Elec.*, 475 U.S. at 587.

35 U.S.C § 103 forbids issuance of a patent when "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

In *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966), the Supreme Court set out a framework for applying the statutory language of § 103. The analysis is objective: "Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined." *Id*. at 17-18. "Where, as here, the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of

the claim is apparent in light of these factors, summary judgment is appropriate." *KSR Int'l. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1745 -1746 (2007).

Additionally, under 35 U.S.C § 102(b), a person is not entitled to a patent if the invention was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). A claim is anticipated under § 102 "if each and every limitation is found either expressly or inherently in a single prior art reference." *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1374 (Fed. Cir. 2001). Anticipation is a question of fact, but summary judgment may be appropriate where there is no genuine issue of material fact. *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1220 (Fed. Cir. 2003).

## IV.   THE '356 PATENT IS INVALID IN LIGHT OF YOUR MONEY MANAGER

### A.   The Time of the Invention

Claims 19 and 21 of the '356 patent were, at a minimum, obvious in light of Your Money Manager. 35 U.S.C. § 103. Obviousness is judged as of the time the invention was made. (*Id.*) Lucent has alleged without evidence that the purported invention disclosed in the '356 patent was conceived by March 22, 1985, more than 20 months before the application for the '356 patent was filed. (Ex. D at 5.) The *only* evidence that Lucent cites in support of this contention – the '356 patent itself and its file history – provide no evidence whatsoever of conception or reduction to practice before the December 11, 1986 date of filing. Even Lucent's own expert assumed the time of invention for purposes of obviousness was "the end of 1986." (Ex. E at 49:1-49:11.)

As such, Microsoft should be granted partial summary judgment that Lucent is not entitled to a date of invention prior to December 11, 1986, the filing date of the '356 patent.

### B.   J.K. Lasser's Your Money Manager

There is no genuine dispute that Your Money Manager incorporated the purported invention of the '356 patent – the use of on-screen tools to help the user fill out a form – nearly two years before the application for the '356 patent was filed. This section uses screen shots of Your Money Manager from 1985 to show how each of the supposedly novel features of the '356 patent

1  was found in the Your Money Manager prior art, followed by a limitation-by-limitation analysis of
2  Claim 19 (Section C) and Claim 21 (Section D).
3      Customized Form:  The '356 patent discloses a technique for filling out a computerized
4  form.  (Ex. A, col. 1:24-1:31.)  The example discussed in the patent (shown on the left in Fig. 1
5  below) involves a form for ordering a particular model of automobile.  (Ex. A, col. 3:11-3:13.)
6  Your Money Manager also contains forms, including for example a Payments form (shown on the
7  right), into which the user inputs information, just like a checkbook register.  (Ex. L.)

 

'356 Patent:  Order Form                Your Money Manager:  Payments Form

**Figure 1**

    Menu Tools:  The core of the purported invention of the '356 patent is the use of on-screen
"predefined tools," displayed concurrently with the form, for inputting information into the form.
(Ex. A, col. 3:42-3:46.)  In the example discussed in the patent, to specify the type of tire desired
on a new car, the user can chose the item from a menu of alternatives (as shown on the left in Fig.
2 below).  (Ex. A, col. 3:63-3:65.)  Similarly, in Your Money Manager, the user could choose an
account code by selecting the item from a menu of alternatives (as shown on the right in Fig. 2
below).  (Ex. F at MSLT_1233976-MSLT_1233977; *see also* Ex. M.)





'356 Patent:  Menu Tool                Your Money Manager:  Menu Tool

**Figure 2**

    Composition Tools:  In addition to the menu of alternatives, the '356 patent also discloses
the use of an on-screen composition tool.  (Ex. A, col. 5:1-5:5)  For example, to fill in the

'Quantity' field, the patent discusses using an on-screen keypad, which is a number pad that appears on the computer screen and allows the user to enter data by pointing to the numbered display keys on the on-screen keypad (as shown on the left of Fig. 3 below). (Ex. A, col. 4:13-4:24.) Again, Your Money Manager allowed users to input data into a form using the on-screen keypad (as shown in the right in Fig. 3 below). (Ex. F at MSLT_1233976; *see also* Ex. N.)



'356 Patent: On-Screen Keypad          Your Money Manager: On-Screen Keypad

**Figure 3**

### C. Claim 19

Lucent does not dispute that Your Money Manager meets each and every limitation of Claim 19 with one single exception – the composition tool. (*See* Ex. G at ¶¶ 40-44.) And even with regard to the composition tool, Lucent's expert concedes that Your Money Manager has an on-screen calculator, a tool falling squarely within the Court's construction of "composition tool." (Ex. G at ¶ 40 & Ex. H at 4.) Instead, hoping to avoid invalidity, Lucent's expert creates a new requirement of his own for the operation of tools – a requirement found nowhere in the claims themselves or in the Court's claim construction.

#### 1. Claim 19 – Preamble "method for use in a computer having a display comprising the steps of"

As noted above, Your Money Manager was created for use on IBM PC compatible computers. (Ex. C; *see also* Ex. F.) Lucent's expert – Mr. Tognazzini – concedes that the Your Money Manager meets this limitation. (Ex. G at ¶¶ 40-44; *see also* Ex. E at 175:16-178:9.)

#### 2. Claim 19 – Element 1 "displaying on said display a plurality of information fields,"

The Payments form in Your Money Manager (as shown on the right of Fig. 1 above) includes a plurality of information fields, for example, "Account," "Check," "Date," and "Payee".

1  (Ex. F at MSLT_1233979; *see also* Ex. L.)  Lucent's expert does not dispute that Your Money
2  Manager meets this limitation.  (Ex. G at ¶¶ 40-44.)

3          Q.  So do you have an opinion regarding whether or not the YMM
4              [Your Money Manager] software performs a step of displaying
            on side display a plurality of information fields?

5          A.  As I am sitting here right now, there's no opinion in my report
            and I do not want to create an opinion on the fly.
6
7          Q.  So you don't have an opinion right now on that limitation?

        A.  That's correct.
8
9  (Ex. E at 180:15-181:2.)

        **3.**      **Claim 19 – Element 2 "identifying for each field a kind of information**
10                     **to be inserted therein,"**

11       Each of the plurality of information fields in the Your Money Manager Payments form has
12  a label identifying the kind of information that goes in each field (e.g., "Account," "Check,"
13  "Date," and "Payee").  (Ex. F at MSLT_1233979; *see also* Ex. L.)  Lucent's expert concedes that
14  Your Money Manager meets this limitation.  (Ex. G at ¶¶ 40-44; Ex. E at 181:20-182:1.)

15          **4.**      **Claim 19 – Element 3 "indicating a particular one of said information**
                   **fields into which information is to be inserted and for concurrently**
16                     **displaying a predefined tool associated with said one of said fields, said**
                 **predefined tool being operable to supply information of the kind**
17                   **identified for said one field, said tool being selected from a group of**
                 **predefined tools including a tool adapted to supply an individual entry**
18                   **from a menu of alternatives and at least <u>a tool adapted to allow said</u>**
               **<u>user to compose said information</u>, and"**
19
        **a.**      **Indicating a particular field**
20
21       When a user navigates into a field in the Your Money Manager Payments form, a cursor is
22  displayed in that field, which "indicat[es] a particular one of said information fields into which
23  information is to be inserted," as required by the claim.  (Ex. F at MSLT_1233979, Ex. L.)
24  Lucent's expert does not dispute Your Money Manager meets this limitation.  (Ex. G at ¶¶ 40-44.)

25          Q.  Okay.  Let me move onto the next limitation.  Does the YMM
            software perform the step of indicating a particular one of said
            information fields into which information is to be inserted?
26
27          A.  Again, this is something -- let's see.  Where did I -- I did not offer
            an opinion on that.
28  (Ex. E at 188:8-188:13.)

### b. Concurrently displaying a predefined tool

In Your Money Manager, a predefined tool, such as the menu of alternatives associated with the "Account" field can be displayed concurrently with the Payment form (as shown in Fig. 2 above). (Ex. F at MSLT_1233979; *see also* Ex. M.) Lucent's expert does not dispute that Your Money Manager meets this limitation. (Ex. G at ¶¶ 40-44.)

> Q. Do you have an opinion on whether the YMM software meets the limitation of concurrently displaying a predefined tool?
>
> A. No.
>
> Q. Do you have an opinion on whether the YMM software meets the limitation of associated with said one of said fields?
>
> A. No.
>
> Q. Do you have an opinion on whether the YMM software meets the limitation of said predefined tool being operable to supply information of the kind identified for said one field?
>
> A. No.

(Ex. E at 188:17-189:7.)

### c. A tool adapted to supply an individual entry from a menu of alternatives

In order to enter an account code using the menu of alternatives depicted in Figure 2 above, the user may press the F3 key to display a menu of alternative codes from which the user can select. (*Id.*) Lucent's expert does not dispute that Your Money Manager meets this limitation. (Ex. G at ¶¶ 40-44.)

> Q. Do you have an opinion on whether the YMM software meets the limitation of said tool being selected from a group of predefined tools including a tool adapted to supply an individual entry from a menu of alternatives?
>
> A. No.

(Ex. E at 189:8-189:13.)

### d. A tool adapted to allow said user to compose said information

The Court construed "[a] tool adapted to allow said user to compose said information" to mean "*a graphical keyboard tool or a graphical number keypad tool, which allows the user to compose information by pointing to the display keys of that tool.*" (*Id.*) Your Money Manager also

provides a composition tool, an on-screen calculator, displayed concurrently with the Payments form (as shown in Figure 5 below). (*See* Ex. F; *see also* Ex. N.)



**Figure 4: Payments Form and Concurrently Displayed Composition Tool.**

As can clearly be seen in Figure 4, the on-screen calculator is displayed at the same time as the Payments form and overlays the Payments form. Lucent's expert concedes that Your Money Manager has an on-screen calculator. (Ex. G at ¶ 40.) And he does not dispute that it is concurrently displayed. (*Id.*; *see also* Ex. E at 188:17-189:7.) He further conceded that the display on the on-screen calculator includes a representation of calculator keys or numeric key-pad keys. (Ex. E at 106:21-107:6.)

      **i.    Your Money Manager meets the composition tool limitation**

Furthermore, the on-screen calculator allows the user to compose information, for example, to enter an amount in the Amount field as follows: When the Amount field is selected, pressing the F2 key on the physical keyboard will cause an on-screen calculator to be displayed. The user may then compose the amount to be entered by pointing to the display keys of the on-screen calculator using the number keys on the physical keyboard. (Ex. F at MSLT_1233965; Ex. A at col. 3:23-3:33.) When the user presses a number key on the physical keyboard, *the corresponding display key on the on-screen calculator is momentarily highlighted and the selected number appears in the field at the top of the calculator*. There is no genuine factual dispute that the on-screen keyboard is a composition tool as defined by the Court in its Claim Construction Order.

      **ii.    According to the '356 patent *itself*, "pointing to" *includes* using computer keyboard buttons**

In an attempt to create an argument – Lucent's expert manufactured his own definition of the requirements of a "composition tool" – namely that it cannot be operated using the physical

keyboard. (Ex. G at ¶ 40.) However, this artificial requirement appears nowhere in the claims or in the Court's claim construction.

Lucent's expert contends that the on-screen calculator is not a "tool" merely because the user uses the physical keyboard (instead of a mouse) to point to its display keys. But that contention is at odds with the '356 patent itself which explicitly defines the term "points to" and *includes* in the definition the use of the physical keyboard. According to the '356 patent itself:

> The term 'points to' and the variants of that term as used herein is meant to include other terms *that are understood by the art* and which define similar functions. For example it includes such notions as moving a screen cursor to the location of the displayed text or to an entry in a menu of entries and operating, for example, an enter key; as "touching" the screen as one would touch the touch screen 16 of panel 15; or *even as identifying particular displayed text or menu of entries using terminal buttons, for example, computer keyboard buttons.*"

(Ex. A at col. 3:23-3:33.)

Lucent's expert's contention that Your Money Manager does not meet this element is based entirely on his made-up requirement for composition tools found nowhere in the Court's claim construction, is plainly inconsistent with the specification, and does not create an issue of fact.

### iii. At a minimum, the composition tool limitation is obvious

Even if this limitation did not include the use of the physical keyboard to select numeric keys displayed on-screen, use of a computer mouse or touch-screen were obvious variations of the on-screen calculator in Your Money Manager. Lucent's expert concedes that Your Money Manager is in the field of art of the '356 patent, (Ex. E at 124:13-124:15), and could be modified to work with a mouse or a touch-screen. He believes that it would be a lot of work, but not that it would be beyond the ability of a software developer who could "re-write [Your Money Manager] in a different, user-in-control vernacular." (Ex. G at ¶ 41; *see also* Ex. E at 192:3-200:1.) Moreover, the portions of the '356 specification cited above concede that variations in pointing to images on-screen was not a novel part of the '356 patent, but instead were already well understood in the art. (Ex. A at col. 3:23-3:33.)

Furthermore, obviousness is viewed through the eyes of a person of ordinary skill in the art of computer user interfaces. Lucent's expert does not deny that, starting before the 1986 time

1  period, there was an industry trend toward mouse-driven interfaces or that several companies,
2  including Microsoft, were selling mouse peripherals for the IBM PC. (*See* Ex. K; *see also* Ex. G at
3  ¶¶ 40-44.) It would have been obvious to a person of skill in the art of Human-Computer Interface,
4  confronted with Your Money Manager to combine its disclosure with the functionality of any of
5  numerous composition tools that were operated using a mouse. (*See* Ex. P at ¶¶ 49-52.)

6  Composition tools that were operated by "clicking" on their display keys with a mouse
7  were ubiquitous at the time of the '356 patent. Microsoft's own Windows version 1.01, which was
8  intended for use on the very same IBM PCs that Your Money Manager was written for, included a
9  composition tool, also an on-screen calculator, that was operated using a mouse by "clicking" on
10 its display keys. The screen-shots below illustrate the use of the Windows calculator on the same
11 IBM PC compatible computer on which Your Money Manager was installed an operated. (*See*
12 Garner Decl. at ¶ 16.) On the right, the mouse-pointer can be seen near the upper right corner of
13 the calculator. In the center the mouse-pointer has been repositioned over a display key. Finally,
14 on the right, the user has "clicked" the mouse button to select "1" and a 1 is displayed.



**Figure 6: Microsoft Windows Composition Tool: the Windows On-Screen Calculator.**

Windows 1.01 was released in November of 1985. (Ex. I; *see also* Ex. O.) The Windows on-screen calculator functions in precisely the way Lucent's expert contends a composition tool must function. Such composition tools in the '356 patent perform the same function they had been known to perform and yielded no more than one would expect from such an arrangement. *See In re Icon Health and Fitness*, 496 F.3d 1374, 1381 (Fed. Cir. 2007) (citing *KSR*, 127 S.Ct. at 1737) and affirming a finding of obviousness.) It would have been obvious to one of ordinary skill in the art to combine this functionality with the disclosure of Your Money Manager rendering Claim 19 invalid.

1    Lucent's expert does not dispute that the Microsoft Windows on-screen calculator meets
2    the composition tool limitation.  In fact, Lucent's expert provided no opinion whatsoever in his
3    report regarding Windows 1.01 and did not have an opinion on the subject at his deposition.  (*See*
4    Ex. G at ¶¶ 40-44 & Ex. E at 64:21-65:13.)
5    Finally, in his analysis of whether it would have been obvious to combine the teachings of
6    Your Money manager and Windows 1.01, or any other reference, Lucent's expert applied the
7    wrong standard.  He did not consider the "scope and content of the prior art."  *Graham*, 383 U.S. at
8    17-18.  In fact he took the position that a person of skill in the art would have ignored the teachings
9    of Your Money Manager and other software for MS DOS based IBM PC compatible computers.

> THE WITNESS:  There were good and sufficient reasons not to look back at the past when creating revolutionary new designs.  The exemplars of the time were primarily the Apple Macintosh, not that old MS DOS application.

(*Id*. at 121:20-122:2, 120:19-122:2.)

Lucent's expert's contention that persons of ordinary skill in the art would not consider MS DOS based applications is all the more implausible in light of the fact that the inventors of the '356 patent pointed to MS DOS as an example of an operating system to use in implementing their purported invention:

> Form entry system 10 depicted in FIG. 1 includes personal computer 20 and display panel 15. Computer 20 operates under a predetermined operating system-***illustratively the MS-DOS operating system.  (The MS-DOS operating system is available from Microsoft, Inc.)***

(Ex. A. at col. 2:19-2:24).

When the proper standard is applied, it is clear that claim 19 of the '356 patent is obvious in light of Your Money Manager, alone or in combination with the Windows 1.01 operating system. In fact, Lucent's expert identified the transition from keyboard-only systems to mouse-based systems as the "revolutionary change" that was going on the field of Human Computer Interface, the field of art of the '356 patent. (Ex. E at 50:13-50:22.)  This transition would have led a person of ordinary skill in the art to combine the disclosures of Your Money Manager with those of Microsoft Windows 1.01 to render claim 19 of the '356 patent obvious.  (Ex. P. at ¶¶ 49-52.)

"One skilled in the art would naturally look to prior art addressing the same problem [on-screen composition tools] as the invention at hand, and in this case would find an appropriate solution." *In re Icon*, 496 F.3d at 1380.

### 5. Claim 19 – Element 4 "inserting in said one field information that is derived as a result of said user operating said displayed tool."

When the Your Money Manager user wishes to enter an account code from the menu of alternative codes, or an amount from the on-screen calculator composition tool, the user can simply press the Enter key and the information is inserted by Your Money Manager into the Account field. (*See* Ex. F at MSLT-1233976-MSLT-1233977, MSLT_1233965.) Lucent's expert does not dispute that Your Money Manager meets this limitation. (Ex. G ¶¶ 40-44.)

> Q. And do you have an opinion on whether the YMM software meets the limitation of inserting in said one field information that is derived as a result of said user operating said displayed tool?
>
> A. No.

(Ex. E at 189:19-190:1.)

### D. Claim 21 "The method set forth in claim 19 wherein the step of displaying said pattern includes the step of displaying one or more of said information fields as a bit-mapped-graphics field."

The Court construed "bit-mapped-graphics field" as "a field into which a user is to enter information by writing on a touch sensitive screen using a stylus." The '356 patent claims no novelty in which particular data input method is used; to the contrary, the specification concedes that touch sensitive screens using a stylus were among several obvious variations already known understood in the art: "The term 'points to' and the variants of that term as used herein is meant to include other terms that are understood by the art and which define similar functions. For example it includes such notions as … 'touching' the screen as one would touch the touch screen 16 of panel 15…." (Ex. A at col. 3:23-3:33.)

It would have been obvious to one of skill in the art to modify the disclosure of Your Money Manager's on-screen calculator in accordance with other well known data input devices, or to combine the disclosure of Your Money Manager with that of United States Patent No. 4,757,549 ("Machart"). (Ex. J.) Machart discloses inputting information into a computer using handwriting on a touch-sensitive screen. The advantages of the use of a stylus for certain applications are

obvious. The smaller size of the tip of a stylus as compared to that of a human finger allows discrimination between smaller adjacent areas of the touch screen. Additionally, many forms require the signature of the person who completed them, and accepting handwriting input is an obvious solution for the completion of such forms. (Ex. P. at ¶¶ 55-59.) One of ordinary skill, facing the wide range of needs created by developments in the field, would have seen an obvious benefit in combining Your Money Manager with a touch-screen that can accept input from a stylus and implementation of the combination would have been straightforward. (*Id.*)

Other than opining that there was no motivation to combine Your Money Manager with Machart, Lucent's expert's merely states without explanation that to do so would not have been obvious. (Ex. G at ¶ 47-48.) As the Supreme Court held in *KSR*, no such motivation is required for a finding of obviousness. *KSR*, 127 S.Ct. at 1739. Moreover, such a conclusory statement cannot create an issue of fact.

## V.   CONCLUSION

Your Money Manager alone or in combination with Microsoft Windows 1.01 meets every limitation of and therefore anticipates or renders obvious Claims 19 and 21 of the '356 patent. There is no genuine issue of material fact, and summary judgment of invalidity should be granted. Microsoft joins in the motion for summary judgment of non-infringement of the '356 patent filed contemporaneously by Gateway and Dell in this matter.

Dated:  November 30, 2007                                     FISH & RICHARDSON P.C.


                                                              By:  /s/ Lara S. Garner
                                                                   Lara S. Garner
                                                                   lgarner@fr.com

                                                              Attorneys for Intervenor/Counter-claimant
                                                              and Plaintiff/Counter-defendant
                                                              MICROSOFT CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 30, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

 /s/ Lara S. Garner
Lara S. Garner
lgarner@fr.com

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION