# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GATEWAY, INC.; GATEWAY COUNTRY STORES LLC; MICROSOFT CORPORATION; AND DELL, INC., <br><br> Defendants. | Case No. 02-CV-2060-B (CAB), consolidated with Case No. 03-CV-0699-B (CAB) and Case No. 03-CV-1108-B (CAB) <br> HON. RUDI M. BREWSTER |

**EXPERT REPORT OF BRUCE TOGNAZZINI RELATING TO THE EXPERT REPORT OF JOHN P.J. KELLY, PH.D. RE LUCENT'S TOROK PATENT AND TO THE EXPERT REPORT OF DALE BUSCAINO RE LUCENT'S DAY PATENT**

1. I have been retained as a technical expert in this case by Lucent Technologies, Inc. ("Lucent") to provide my opinions regarding the contentions put forth by Microsoft Corporation, Gateway, Inc., and Dell, Inc. regarding the validity and other technical matters concerning certain claims of U.S. Patent Nos. 4,317,956 ("the '956 patent") and 4,763,356 ("the '356 patent").

**I.   QUALIFICATIONS AS AN EXPERT**

2. My background and qualifications are set forth in my infringement report.

3. I have not provided testimony in other matters over the past 4 years.

**II.   SCOPE OF STUDY AND OPINION**

**A.   Documents and Information Considered in Forming Opinions**

4. With respect to the '956 patent, my opinions and analysis are based upon a review of the '956 patent, the file history for the '956 patent, the prior art cited in the file history, the Kelly Report regarding the '956 patent ("the Kelly Report"), and the materials identified in the

provided actual analysis, I have addressed it in the corresponding sections in my report. For instances where there is no analysis present, if Dr. Kelly and/or Mr. Buscaino are allowed to present any additional opinions or analysis, I would expect to provide analysis and potentially rebuttal.

25.   At trial I anticipate that I would give a basic tutorial that will assist the Court and/or jury in understanding the technology applicable to the '956 and '356 patents and the prior art cited by Dr. Kelly and Mr. Buscaino.

### III.   TECHNOLOGICAL BACKGROUND

26.   At trial, I may discuss fundamental concepts of electronic chalkboard devices and in particular user interface aspects of such devices to provide background material to the Court or jury. I may also discuss fundamental concepts of form entry systems and in particular user interface aspects of such systems to provide background material to the Court or jury.

27.   For example, I may discuss the differences between a tool which manifests itself on the screen such that a user sees it as a separate and distinct entity versus such definitions as each region of a tool such as a keyboard or paper tape in a calculator somehow being a tool in its own right or defining a small bit of software code within the general code that results in no manifestation on the screen of any sort as being a tool.

### IV.   LEVEL OF ORDINARY SKILL IN THE ART

28.   I have reviewed the subject matter of the '956 and '356 patents and have arrived at a conclusion as to the level of ordinary skill in the art applicable to the patents at issue. The field applicable to both the '956 patent and the '356 patent is that of Human Computer Interaction ("HCI").

29.   Today, there are programs at institutions offering formal degrees in the discipline of HCI. However, at the time of the '956 and the '356 patent inventions such knowledge would

have been learned at one of two primary "schools" where one could learn graphical user interface design, namely Xerox Palo Alto Research Center (Xerox PARC) and Apple Computer, Inc. Additionally, a few universities had fledgling programs in the field including UCSD, University of Toronto, and University of Maryland. Other than these few locations, at the time of the '356 patent, little formal training existed, and this was even more true around 1980 at the time of the '956 patent. Thus, at the time of the '956 and '356 patents, the person of ordinary skill would have 3-5 years experience working in the area of the HCI, or specific training at one of the aforementioned universities.

30. The majority of people in the computer field at the time of the '956 and '356 patent inventions were software engineers—programmers—with training and degrees in Computer Science. Few of their curricula had offered any training at all in the science and psychology of human-computer interaction nor graphical user interface design. In fact, of the hundreds of people I have trained in the art and science of HCI design, the group that has struggled the most to accept and to apply the concepts of HCI design is formally-educated computer science graduates. Computer scientists historically have been trained to focus on the machines, often to the exclusion of their users, and too often see users who are struggling with their software as the problem. Computer scientists untrained in HCI are often unaware of the limitations of the human users of computing devices.

## V. UNDERSTANDING OF LEGAL STANDARDS

31. I understand from counsel that a patent is invalid on the basis of anticipation if a single prior art reference discloses, either expressly or inherently, each and every limitation of the claimed invention. Accordingly, if any limitations are not disclosed by that single prior art reference, then the patent is not anticipated by that reference.

7

Dated: May 12, 2006

_____
Bruce Tognazzini

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2006, a copy of the foregoing EXPERT REPORT OF BRUCE TOGNAZZINI RELATING TO THE EXPERT REPORT OF JOHN P.J. KELLY, Ph.D. RE LUCENT'S TOROK PATENT AND TO THE EXPERT REPORT OF DALE BUSCAINO RE LUCENT'S DAY PATENT was served on counsel for Gateway, Microsoft and Dell as follows:

**EMAIL**
Christopher S. Marchese
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California  92130
Telephone:  858-678-5070
Facsimile:   858-678-5099
marchese@fr.com
srodriguez@fr.com

Attorneys for *Microsoft Corp.*

**EMAIL**
Sidney Rosenzweig
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, DC  20004
Telephone:  202-942-5000
Facsimile:   202-942-5999
sidney_rosenzweig@aporter.com

Joel Freed
McDERMOTT, WILL & EMORY
600 13th Street, N.W.
Washington, DC  20005-3096
Tel:   202-756-8000
Fax:   202-756-8087
jfreed@mwe.com

Attorneys for *Dell Inc.*

**EMAIL**
W. Bryan Farney
DECHERT LLP
106 East 6th Street, Suite 800
Austin, Texas  78701
Tel:   512-394-3000
Fax:   512-394-3001
jeff.plies@dechert.com
bryan.farney@dechert.com
lawrence.fluker@dechert.com

Attorneys for *Gateway, Inc., et al.*

_____
Lori Duignan