# EXHIBIT J

Case 3:07-cv-02000-H-CAB     Document 85-13     Filed 11/30/2007     Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02-CV-2060-B (CAB), |
| v. ) | consolidated with Case No. 03-CV- |
| ) | 0699-B (CAB) and Case No. 03- |
| GATEWAY, INC.; GATEWAY COUNTRY ) | CV-1108-B (CAB) |
| STORES LLC; MICROSOFT ) | |
| CORPORATION; AND DELL, INC., ) | HON. RUDI M. BREWSTER |
| ) | |
| Defendants. ) | |
| ) | |

**EXPERT REPORT OF JEAN RENARD WARD RELATING TO THE EXPERT REPORT OF JOHN P.J. KELLY, PH.D. RE LUCENT'S AGULNICK PATENT**

1. I have been retained as a technical expert in this case by Lucent Technologies, Inc. ("Lucent") to provide my opinions regarding the contentions put forth by Microsoft Corporation, Gateway, Inc., and Dell, Inc. regarding the validity and other technical matters concerning certain claims of U.S. Patent No. 5,347,295 ("the '295 patent").

I.  QUALIFICATIONS AS AN EXPERT

2. My background and qualifications are set forth in my Infringement Report.

3. I have provided testimony in other matters as set forth in my Infringement Report.

II. SCOPE OF STUDY AND OPINION

A. Documents and Information Considered in Forming Opinions

4. The following opinions and analysis are based upon a review of the '295 patent, the file history for the '295 patent, the prior art cited in the file history, the Kelly Report regarding the '295 patent ("the Kelly Report"), and the materials identified in the Kelly Report, including the devices, systems, and software.

IV. **LEVEL OF ORDINARY SKILL IN THE ART**

26. I have reviewed the subject matter of the patent at issue and have arrived at a conclusion as to the level of ordinary skill in the art applicable to the patent at issue. I have read Dr. Kelly's proposal for the level of ordinary skill in the art for the '295 patent (*See* Kelly Report 6-7) and generally agree with his opinion of what qualifies as one of ordinary skill. Importantly, however, although Dr. Kelly states that one of ordinary skill in the art would have a "familiarity" with pen driven computing, what Dr. Kelly means by "familiarity" is unclear.

27. In my opinion, a person of ordinary skill in the art at the time of the invention of the '295 patent would have a BS degree in computer science or equivalent technical knowledge, plus 2-4 years of experience in software development including at least 2 years experience in pen computing development. Accordingly, Dr. Kelly and I appear to disagree on the crucial issue of knowledge and experience with pen computing.

28. Generally, I would expect someone sufficiently "familiar" with pen computing to meet my definition of the person of ordinary skill to have direct personal experience with at least a couple of the following specific areas:

- Stylus-based user interfaces as contrasted to user interfaces designed for a mouse or tablet with puck;

- Handwriting capture and input to computers including device drivers for electronic ink capture as contrasted to mouse-type drivers;

- On-line (real time) handwriting recognition and/or handwriting gesture input;

- Algorithms and software for rendering of ink in an electronic image;

- Touch pad hardware design and physical properties of touch pad devices;

- Behavior of digitizing tablets such as electromagnetic and capacitive digitizers;

- Mechanical design of handwriting sensors or instruments, in particular defective behaviors; and

- Signal processing or pre-processing of the type used with on-line handwriting capture.

I would note also, at the time of the invention, pen computing was not a standard subject of course matter in engineering schools, and thus a person of ordinary skill in pen computing would necessarily have acquired their basic knowledge and understanding from some amount of actual development experience in this particular field.

29. I have considered Dr. Kelly's background, as set forth in his CV and described more fully in the background section of his report, and his list of publications. At present, I am unable to find experience in the aspects of pen computing, mentioned above in ¶ 28, nor am I familiar with Dr. Kelly from my experience in the field.

V. **UNDERSTANDING OF LEGAL STANDARDS**

30. I understand from counsel that a patent is invalid on the basis of anticipation if a single prior art reference discloses, either expressly or inherently, each and every limitation of the claimed invention. Accordingly, if any limitations are not disclosed by that single prior art reference, then the patent is not anticipated by that reference.

31. I understand that a patent claim may be found invalid as having been obvious only if the differences between the claimed subject matter of the patent and the prior art are such that the subject matter as a whole would have been obvious to a person having ordinary skill in the art of the invention at the time the invention was made.

32. I also understand that to conclude that an invention is obvious based upon a combination of two or more references, there must be a reason, suggestion, or motivation that would lead one of ordinary skill in the art to combine the references. The reason, suggestion, or motivation to combine may be found in the prior art references themselves, in the knowledge of