# EXHIBIT N

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GATEWAY, INC AND GATEWAY COUNTRY STORES LLC; and, MICROSOFT CORPORATION; and, DELL, INC.,<br><br>    Defendants. | Case No. 02-CV-2060 B (CAB)<br>consolidated with<br>Case No. 03-CV-0699 B (CAB); and<br>Case No. 03-CV-1108 B (CAB)<br><br>**EXPERT REPORT OF**<br>**JOHN P. J. KELLY, Ph.D.**<br><br>**CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION**<br><br>The Honorable Rudi M. Brewster<br>United States District Judge |

to combine the references to produce the claimed invention. I am informed that the suggestion or motivation may be either explicit or implicit, may come from knowledge generally available to one of ordinary skill in the art, and may come from the nature of the problem to be solved. The test for an implicit motivation, suggestion, or teaching is what the combined teachings, knowledge of one of ordinary skill in the art, and the nature of the problem to be solved as a whole would have suggested to those of ordinary skill in the art. The problem examined is not the specific problem solved by the invention but the general problem that confronted the inventor before the invention was made.

20.     It is my understanding that, in order to rebut a showing of obviousness over the prior art, Lucent may attempt to show "secondary considerations" of non-obviousness. I have not included opinions on secondary considerations of non-obviousness in this report because I understand that it is Lucent's burden to make a showing of secondary considerations. If Lucent or Lucent's expert should assert the presence of secondary considerations of non-obviousness, I may provide a report addressing Lucent's assertions. .

21.     I understand that Lucent claims to have made the invention of the '295 patent in June 1987.[1] I am informed that prior art is to be analyzed, as stated above, from the perspective of "one of ordinary skill in the art" who would be involved in pen-driven computing. In my opinion, "ordinary skill in the art" in June 1987 would typically minimally include: a Bachelors of Science degree in either computer science or computer engineering and between 2 and 4 years of experience in the design and implementation of graphical user

---

[1] In this report, I am assuming that Lucent claims to have made the invention in that month. However, I do not mean suggest that Lucent's statement is true.[2] Fig. 1 has been obtained by extracting the frame of the Paper-like Interface video at minute 3:23

INVALIDITY EXPERT REPORT of DR. JOHN P. J. KELLY         6
Civil Action 02CV2060-B(LAB), 03CV0699-B(LAB), 03CV1108-B(LAB)

interfaces, input devices and related hardware and software. Such a person would have been familiar with and able to understand pen-driven computing as described in the '295 patent.

22. I understand that a claim may be invalid if it is "indefinite." The following quote is from the United States patent statute concerning the indefiniteness requirement: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as the invention." I am informed that the test for whether a claim meets the definiteness requirement is whether one skilled in the art would understand the bounds of the claim when read in light of the specification.

23. It is my understanding that an inventor is required to disclose the best mode, known to the inventor at the time the application is filed, for practicing the claimed invention. It is my understanding that failure by an applicant to properly disclose the best mode need not rise to the level of active concealment or grossly inequitable conduct in order to invalidate a patent.

24. Patent claims can be written in a form known as "means plus function." The following quote is from the United States patent statute concerning means plus function claims: "An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." It is my understanding that means plus function claim elements must meet the requirement of definiteness, which I discussed above. I am informed that, if the patent's specification does not contain an adequate disclosure