David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorney for Plaintiff *Multimedia Patent Trust*
*Additional counsel listed on the last page.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants, <br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener. | Case No. 07-CV-2000-H (CAB) <br><br> consisting of matters severed from consolidated cases: <br> Case No. 02-CV-2060 B (CAB) <br> Case No. 03-CV-0699 B (CAB) <br> Case No. 03-CV-1108 B (CAB) <br><br> **MULTIMEDIA PATENT TRUST'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY OR, IN THE ALTERNATIVE, FOR SEVERANCE OF THE HASKELL AND NETRAVALI PATENTS FOR CONSOLIDATION WITH CASE NO. 07-CV-0747** |
| MICROSOFT CORPORATION, <br><br> Plaintiff, <br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant. | Hearing Date: January 7, 2008 <br> Hearing Time: 10:30 a.m. <br> Location: Courtroom 13 <br><br> Honorable Marilyn L. Huff |

1

2   LUCENT TECHNOLOGIES INC. and
    MULTIMEDIA PATENT TRUST,
3

4                           Plaintiffs,

5        v.

    DELL INC.,
6

7                           Defendant.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES ..................................................................................................... ii

I.      INTRODUCTION ...........................................................................................................1

II.     BACKGROUND ..............................................................................................................2

        A.      Procedural History ..............................................................................................2

        B.      Delaware Action ..................................................................................................4

        C.      MPT Action .........................................................................................................4

III.    ARGUMENT ...................................................................................................................5

        A.      This Court Should Not Stay Trial On The Video Coding Patents .......................5

                1.      *Colorado River* Articulates The Proper Legal Standard For Granting A
                        Stay Of Federal Litigation Pending The Resolution Of A Related State
                        Court Action ...............................................................................................6

                2.      The *Colorado River* Factors Weigh Strongly Against Granting
                        Defendants' Request For A Stay .................................................................7

                3.      A Stay Is Not Warranted Even Under The Weaker Standard
                        Defendants Propose .....................................................................................9

                        a.      Judicial Economy Does Not Support Defendants' Request For
                                A Stay...............................................................................................9

                        b.      A Stay Would Prejudice MPT While Defendants Will Face No
                                Hardship Or Inequity If The Video Coding Patent Trial Goes
                                Forward...........................................................................................13

        B.      This Court Should Not Sever And Reconsolidate The Video Coding Patents ...........15

                1.      The Patent Groups For Which Consolidation Is Sought Do Not Present
                        Common Issues For Trial ..........................................................................15

                2.      Consolidation Will Only Serve To Inappropriately Delay Resolution
                        Of MPT's Case ..........................................................................................17

IV.     CONCLUSION ..............................................................................................................20

MULTIMEDIA PATENT TRUST'S OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OR, IN THE ALTERNATIVE, FOR SEVERANCE
OF THE HASKELL AND NETRAVALI PATENTS FOR CONSOLIDATION
WITH CASE NO. 07-CV-0747

i

Case No. 07-CV-2000 H (CAB)

# TABLE OF AUTHORITIES

**CASES**

*Aerotel, Ltd. v. Verizon Commc'ns Inc.*,
    234 F.R.D. 64 (S.D.N.Y. 2005) ................................................................ 20

*American Telephone & Telegraph Co. v. Milgo Electronic Corp.*,
    416 F. Supp. 951 (S.D.N.Y 1976).............................................................. 15

*Antoninetti v. Chipotle Mexican Grill, Inc.*,
    No. 05CV1660-J (WMc), 2007 WL 2669531, at *2 (S.D. Cal. Sept. 7, 2007)............... 17, 19

*Bechtel Corp. v. Local 215, Laborers' Int'l Union of North America*,
    544 F.2d 1207 (3d Cir. 1976)................................................................... 15

*Burford v. Sun Oil Co.*,
    319 U.S. 315 (1943)............................................................................... 8

*Cherokee Nation of Okla. v. United States*,
    124 F.3d 1413 (Fed. Cir. 1997)................................................................ 15

*Clark v. Lacy*,
    376 F.3d 682 (7th Cir. 2004) ............................................................... 6, 9

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976).................................................................. 5, 7, 8, 9, 15, 16

*Farahmand v. Rumsfeld*,
    No. CIV. A. 02-1236, 2002 WL 31630709, (E.D. Pa. 2002) ................................. 19

*Fed. Ins. Co. v. Scarsella Bros., Inc.*,
    931 F.2d 599 (9th Cir. 1991) ............................................................. 11, 14

*FURminator Inc. v. Ontel Prods., Inc.*,
    No. 4:06-CV-1294 CAS, 2006 WL 3827522 (E.D. Mo. 2006).............................. 18

*In re Consolidated Parlodel Litig.*,
    182 F.R.D. 441 (D. N.J. 1998)................................................................ 19

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
    342 U.S. 180 (1952).............................................................................. 7

*KPS & Assocs., Inc. v. Designs by FMC, Inc.*,
    318 F.3d 1 (1st Cir. 2003)...................................................................... 7

*Landis v. North American Co.*,
    299 U.S. 248 (1936)............................................................. 6, 9, 11, 15, 16

*Leviton Mfg. Co. v. Nicor, Inc.*,
    No. CIV 04-0424, 2007 WL 505784, (D.N.M. Jan. 8, 2007)................................ 18, 19, 20

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)............................................................................ 7, 11

MULTIMEDIA PATENT TRUST'S OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OR, IN THE ALTERNATIVE, FOR SEVERANCE
OF THE HASKELL AND NETRAVALI PATENTS FOR CONSOLIDATION
WITH CASE NO. 07-CV-0747

ii

Case No. 07-CV-2000 H (CAB)

*North County Comms. Corp. v. Cal. Catalog & Tech.*,
   No. 06CV1542-LAB, 2007 WL 4200203, (S.D. Cal. Nov. 26, 2007) .................................. 12

*Parklane Hosiery Co. v. Shore*,
   439 U.S. 322 (1979) ............................................................................................................ 13

*Railroad Comm'n of Tex. v. Pullman Co.*,
   312 U.S. 496 (1941) .............................................................................................................. 8

*Robi v. Five Platters, Inc.*,
   838 F.2d 318 (9th Cir. 1988) .............................................................................................. 13

*Ryan v. Johnson*,
   115 F.3d 193 (3d Cir. 1997) ................................................................................................. 8

*Sensitron, Inv. v. Wallace*,
   504 F. Supp. 2d 1180 (D. Utah 2007) ................................................................................ 19

*Universal Gypsum of Geor., Inc. v. American Cyanamid Co.*,
   390 F. Supp. 824 (S.D.N.Y. 1975) ..................................................................................... 15

*Younger v. Harris*,
   401 U.S. 37 (1971) ................................................................................................................ 8

**RULES**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................. 5

Fed. R. Civ. P. 26(a)(3) ................................................................................................................. 3

Fed. R. Civ. P. 42(a) ................................................................................................................... 15

MULTIMEDIA PATENT TRUST'S OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OR, IN THE ALTERNATIVE, FOR SEVERANCE
OF THE HASKELL AND NETRAVALI PATENTS FOR CONSOLIDATION
WITH CASE NO. 07-CV-0747

iii

Case No. 07-CV-2000 H (CAB)

1

## I.    INTRODUCTION

2       The first case in this consolidated action was filed in 2002.  Trial is now scheduled to occur

3  in less than three months.  Gateway, Microsoft, and Dell ("Defendants") have requested that this

4  Court stay this action based on a complaint that MPEG LA, LLC—a licensing organization of which

5  Defendants are licensees—filed in October 2007, just a few weeks ago, in the Delaware Court of

6  Chancery (the "Delaware Action").  In the alternative, Defendants request that this Court sever

7  Multimedia Patent Trust's ("MPT") claims regarding the Haskell and Netravali patents and

8  consolidate them with another case MPT recently filed in this Court (the "MPT Action").

9  Defendants' requests have no merit and should be denied.

10       Defendants argue that this Court should stay the upcoming trial on the Haskell and Netravali

11  patents because the license claims MPEG LA has asserted in Delaware are "potentially dispositive"

12  in this case.  But in fact this Court has **already** disposed of these issues by granting summary

13  judgment denying Defendants' affirmative defense of license and rejecting the same arguments

14  MPEG LA makes—namely, that Alcatel's membership in a patent pool licensed MPEG LA and its

15  sublicensees, including Defendants, to use the Haskell and Netravali patents.  A second attempt by

16  Defendants to assert this license defense (in the guise of a standing defense)—in the MPT Action—

17  also failed, and a third attempt, on motion for reconsideration of the summary judgment ruling in this

18  case, is pending.  This motion is Defendants' **fourth** attempt to present this license defense, and this

19  Court should continue to reject it.

20       This Court should deny Defendants' request for a stay because, under Supreme Court case

21  law, the circumstances in this case are not "exceptional" and thus do not warrant staying the federal

22  trial on the Haskell and Netravali patents pending the Delaware Action's outcome.  Not only do

23  Defendants cite an incorrect legal standard, the justifications they offer fail even on their own terms.

24  Given this Court's summary judgment rulings—which disposed, for purposes of this case, of almost

25  all of the issues MPEG LA raises in Delaware—delay does not foster judicial economy.  Instead, a

26  delay of this federal patent case so close to trial would significantly prejudice MPT, as would having

27  to re-litigate issues in Delaware that are already settled in this case. Meanwhile, Defendants can

28

1   point to no facts showing that going to trial on the Haskell and Netravali patents would prejudice

2   them in any way, apart from their being disappointed in this Court's rulings on their license defense.

3   For all of these reasons, Defendants' request for a stay must fail.

4          Nor should this Court grant Defendants' alternative request to sever the Haskell and

5   Netravali patents from this case and consolidate them with the MPT Action.  Defendants cannot

6   meet the threshold requirement for consolidation because the Haskell and Netravali patents do not

7   raise common questions of fact or law with the patents asserted in the MPT Action.  No patent in

8   either group claims priority to a patent in the other group, and no common prior art was cited during

9   prosecution of either group.  These patents have different specifications and different claims, and

10  they will require different claim constructions and infringement analyses.

11         Defendants' additional bases for consolidation also lack merit.  Damages awarded in the two

12  cases will not be duplicative because the 0.5% royalty rate sought in the present case relates only to

13  essential patents.  There has been no showing that the patents in the MPT Action are essential to the

14  standard and, in any event, any alleged duplication could be remedied through simple deductions.

15  The fact that certain inventors will need to appear at multiple trials also cannot be relied upon by

16  Defendants because these are MPT's witnesses.

17         If Defendants' request to consolidate was intended to promote judicial efficiency, it would

18  have been made six months ago when the MPT Action was first filed.  Rather, Defendants seek only

19  to delay the trial of this action in an attempt to use the Delaware Action to revisit licensing defenses

20  that this Court already rejected.  Accordingly, the Court should deny Defendants' request.

## II.    BACKGROUND

### A.    Procedural History

23         This case is set for trial on February 20, 2008, less than three months from today.   This

24  Court's summary judgment order issued on October 1, 2007 and dramatically narrowed the pending

25  issues regarding Lucent's creation of MPT.  (*See generally* Case No. 02-CV-2060 D.I. 2109, Oct. 1,

26  2007 Order Granting In Part And Denying In Part Parties' Motions For Summary Judgment (the

27  "Oct. 1, 2007 Order").)  Final expert depositions have been completed, and final pretrial disclosures

28

pursuant to Fed. R. Civ. P. 26(a)(3) are due by January 28, 2008. (*See* Case No. 02-CV-2060 D.I. 1876, June 7, 2007 Scheduling Order For Groups 1, 4, 5 And 6 Patents (the "Pretrial Scheduling Order").) Defendants nonetheless now move for a stay or, in the alternative, to sever the Haskell and Netravali patents and consolidate them with the MPT Action. (*See* Case No. 07-CV-2000 D.I. 58, Nov. 21, 2007 Motion For Stay Or, In The Alternative, Severance Of The Haskell And Netravali Patents For Consolidation With Case No. 07-CV-0747 ("Mot. For Stay").)

Lucent filed the first complaint in this consolidated action, against Gateway, in 2002. In November 2006, Lucent formed MPT as a Delaware Statutory Trust and transferred to it two of the patents-in-suit: U.S. Patent No. 4,958,226 (the "Haskell patent") and U.S. Patent No. 4,383,272 (the "Netravali patent") (collectively, the "Video Coding Patents"). MPT was substituted for Lucent as plaintiff for the Video Coding Patents in January 2007.[1] The Video Coding Patents both are essential to the operation of the MPEG-2 standard. (*See* Farkas Decl. Ex. 30.)

On October 1, 2007, this Court granted summary judgment to Lucent and MPT on many of Defendants' affirmative defenses and counterclaims, including Defendants' Sherman Act claims, patent misuse defense, and unclean hands defense. (*See* Oct. 1, 2007 Order 12-15, 22-27.) This Court also granted Lucent and MPT's motion for summary judgment on Defendants' purported license defense, concluding that none of the three bases Defendants offered—ineffective transfer, affiliate status, and alter ego—could support a finding that Defendants were licensed, by virtue of their participation in the MPEG LA patent pool, to use the Video Coding Patents. (*See* Oct. 1, 2007 Order 12.) This Court held that Lucent's transfer of the Video Coding Patents to MPT was effective, and rejected Defendants' contention that MPT is an "Affiliate" of Alcatel pursuant to the MPEG LA Agreement Among Licensors. (*See id.* at 4-11.) Defendants' attempt to pierce MPT's corporate veil similarly failed because Defendants could point to no evidence suggesting that MPT is controlled by

---

[1]    Lucent and MPT's briefing in support of their motions for summary judgment on trust-related issues describes in depth MPT's formation, the transfer of the Video Coding Patents, and Lucent's subsequent merger with Alcatel. (*See* Case No. 02-CV-2060 D.I. 1981, Aug. 17, 2007 Memorandum Of Points And Authorities In Support Of Multimedia Patent Trust's And Lucent's Motions For Summary Judgment On Trust-Related Defenses And Counterclaims 1-6.)

1    Lucent.  (*See id.* at 11-12.)   In sum, this Court rejected every one of Defendants' proffered

2    arguments that they are licensed under the agreement between Alcatel and MPEG LA to practice the

3    Video Coding Patents.  (*See id.* at 4-12.)

4        Dell subsequently filed a motion for reconsideration of this Court's judgment.  (*See* Case No.

5    07-CV-2000 D.I. 29, Oct. 31, 2007 Dell Inc.'s Notice Of Motion And Motion For Reconsideration

6    Of The Court's October 1, 2007 Order.)   That motion, which addresses no newly discovered

7    evidence, intervening change in the law, or "clear error" by this Court, is scheduled for hearing on

8    December 7, 2007.  (*See* Case No. 07-CV-2000 D.I. 56, Nov. 21, 2007 Plaintiffs' Opposition To

9    Dell's Motion For Reconsideration Of The Court's October 1, 2007 Order.)

10       **B.    Delaware Action**

11       Nearly a month after this Court had ruled on the summary judgment in Lucent and MPT's

12   favor, on October 26, 2007, MPEG LA filed a complaint in the Delaware Court of Chancery,

13   asserting claims against Alcatel, Lucent, and MPT.  (*See* Farkas Decl. Ex. 18, MPEG LA Compl.

14   § 1.)  MPEG LA alleges that Alcatel breached its obligations to MPEG LA by agreeing with Lucent

15   to form MPT and to transfer the Video Coding Patents to the trust.  (*See id.* §§ 16-33.)  MPEG LA

16   also asserts related clams against Lucent and MPT, including for tortious interference with contract

17   and tortious interference with prospective economic advantage.  (*See id.* §§ 83-100.)  Defendants

18   seek to use that action to take yet another bite at the very same apple.

19       The docket currently reveals no further activity in the Delaware Action after the complaint.

20   (*See* Ex. 1, Docket for Case No. CA3317-VCL in Delaware Court of Chancery.)  Alcatel, Lucent,

21   and MPT have not yet filed an answer, the Delaware court has not issued a scheduling order, and

22   discovery has not commenced.  No probable timeline for resolving MPEG LA's claims therefore is

23   known.

24       **C.    MPT Action**

25       On April 24, 2007, MPT filed a complaint in the United States District Court for the

26   Southern District of California against Microsoft, Gateway, and Dell.  (*See* D.I. 1 in case no. 07-CV-

27   0747 H (CAB), (the "MPT Compl.").)  The complaint alleges that Defendants are infringing three

28

patents: U.S. Patent No. 5,136,377 (the "Johnston '377 Patent"); U.S. Patent No. 5,500,678 (the "Puri '678 Patent"); and U.S. Patent No. 5,563,593 (the "Puri '593 Patent") (collectively, the "MPT Patents"). (*See id.* §§ 18-42.)  In the MPT Action, Dell asserted a license defense, and filed a motion to dismiss for lack of subject matter jurisdiction based on the same arguments that it raised in support of its license defense in this action.  Those arguments failed there, too.  (*See* Case No. 07-CV-0747 D.I. 149, Oct. 9, 2007 Order Denying Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) at 3.)

The MPT Action only recently began.  The parties have until at least February 6, 2009 to complete fact and expert discovery.  (*See* Case No. 07-CV-0747 D.I. 152, Nov. 1, 2007 Case Management Conference Order Regulating Discovery And Other Pretrial Proceedings § 16 (the "MPT Case Management Conference Order").)  The final pretrial conference is set for March 30, 2009.  (*See id.* § 24.)  No trial date has been set, and given the scheduling orders currently in place, no trial will occur, at a minimum, for almost a year and a half.

Contrary to Defendants' assertions, there has been no showing that the three patents at issue in the MPT Action are essential to practice the MPEG-2 standard.  License negotiating documents produced by Lucent demonstrate that the Johnston '377 Patent is optional with respect to the MPEG-2 standard.  (*See* Farkas Decl. Ex. 30.)  Moreover, MPT is asserting all three MPT patents on *encoding* products in the MPT Action, rather than the decoding technologies at issue in this case.

## III.   ARGUMENT

### A.   This Court Should Not Stay Trial On The Video Coding Patents

Defendants ask this Court to stay trial on the Video Coding Patents, currently scheduled for February 20, 2008, pending the outcome of the Delaware Action that MPEG LA recently filed on October 26, 2007.  In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and its progeny, the Supreme Court defined when a federal court should halt a proceeding in favor of a pending, related state court action.  While Defendants cite a previous Supreme Court case, *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), for the proposition that courts have the inherent power to stay their proceedings, Defendants completely ignore the subsequent *Colorado River* line of cases,

which addresses **under what circumstances** a federal court should exercise this power, when the stay—as here—is requested in deference to a state court proceeding.[2]  Applying the *Colorado River* doctrine, the present circumstances weigh strongly against granting Defendants' motion to stay this federal patent litigation.  Indeed, Defendants do not even meet the lesser standard that they attempt to assert based on *Landis*.  This Court therefore should deny Defendants' request.

      1.    **Colorado River Articulates The Proper Legal Standard For Granting A Stay Of Federal Litigation Pending The Resolution Of A Related State Court Action**

In *Colorado River*, the Supreme Court considered the question now before this Court—namely, under what circumstances a federal court should delay or decline hearing a case because a related state litigation is pending.  The Supreme Court recognized that the "'conservation of judicial resources'" **may** justify delaying or declining jurisdiction in light of a parallel state proceeding,[3] but it concluded that where no issue of federal-state comity exists, only "exceptional" circumstances justify a stay or dismissal.[4]  *See Colorado River*, 424 U.S. at 817-18 (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," and indeed, federal courts have a ***"virtually unflagging obligation . . . to exercise the jurisdiction given them."***  *Id.* at 817 (internal quotation marks and citation omitted) (emphasis added).

---

    2    Unlike Defendants' present motion, *Landis* involved a request to stay a district court action in light of ***another*** pending district court case.  *See* 299 U.S. at 249-50.  However, a different—and higher—standard applies to requests to stay or dismiss a federal court action based on a co-pending ***state*** case, as articulated in *Colorado River* and discussed herein.  This distinction is particularly significant where, as here, the subject matter of the longer pending case is uniquely federal patent litigation.

    3    A "parallel" proceeding is one where "substantially the same parties are contemporaneously litigating substantially the same issues in another forum."  *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (internal citations and quotations omitted) (noting that "[p]arties with 'nearly identical' interests are considered 'substantially the same' for *Colorado River* purposes").

    4    While *Colorado River* specifically discusses the appropriateness of *dismissing* a federal suit due to a parallel state proceeding, the Supreme Court subsequently extended its analysis to a *stay* of proceedings, as well.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 27-28 (1983) (rejecting any distinction between stay and dismissal in the *Colorado River* context on grounds that "a stay is as much a refusal to exercise federal jurisdiction as a dismissal").

The Supreme Court articulated a set of nonexclusive factors to consider when determining whether the circumstances are "exceptional" and thus justify a dismissal or stay. These include: (1) whether the state court has asserted jurisdiction over property; (2) "the inconvenience of the federal forum"; (3) "the desirability of avoiding piecemeal litigation"; and (4) "the order in which jurisdiction was obtained by the concurrent forums."[5]  *See id*. at 818-19. "No one factor is necessarily determinative," and "[o]nly the clearest of justifications will warrant dismissal." *Id*.; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (appropriate analysis does not involve a "mechanical checklist," but a "careful balancing of the important factors as they apply in a given case, with the balance *heavily weighted in favor of the exercise of jurisdiction*") (emphasis added).

### 2.    The *Colorado River* Factors Weigh Strongly Against Granting Defendants' Request For A Stay

There is no federal-state comity concern in this case, so the *Colorado River* analysis applies.[6] Applied to this case, the Supreme Court's balancing factors weigh heavily against Defendants' request to stay trial on the Video Coding Patents. **First,** the Delaware Court of Chancery has not assumed jurisdiction over any property, so that factor does not favor a stay. **Second,** Defendants cannot argue that the federal forum is less convenient to the parties than the state forum. Defendants

---

[5]    Subsequent courts have considered additional factors, including whether state or federal law controls, the adequacy of the state forum to protect the parties' interests, the vexatious or contrived nature of the federal claim, and respect for the principles underlying removal jurisdiction. *See, e.g., KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 10 (1st Cir. 2003) (discussing factors).

[6]    The Supreme Court recognizes only three situations where the issue of federal-state comity justifies a federal court declining to exercise jurisdiction in favor of state court litigation: (1) cases presenting a federal constitutional issue that might be mooted or presented in a different posture following a state court determination of state law, as in *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941); (2) cases presenting difficult questions of state law where a federal decision might disrupt a state's attempts to establish or maintain a coherent policy on a matter of substantial public concern, as in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); and (3) cases where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, as in *Younger v. Harris*, 401 U.S. 37 (1971). *See Colorado River*, 424 U.S. at 814-17 (discussing these cases). Defendants cannot and do not argue that any such federal-state comity concerns apply in this case.

are not even parties to the Delaware Action, and the federal forum is much more convenient to MPT, given that this case is now almost on the verge of trial while the Delaware Action only recently began.  Moreover, MPT's patent infringement claims can only be heard in the federal forum.  **Third,** the desire to avoid "piecemeal litigation" only favors a stay "when there is evidence of a strong federal [congressional] policy that all claims should be tried in the state courts."  *Ryan v. Johnson*, 115 F.3d 193, 197-98 (3d Cir. 1997).  "The presence of garden-variety state law issues has not . . . been considered sufficient evidence of a congressional policy."  *Id*. at 198.  Thus, the mere fact that both cases happen to concern Lucent's, MPT's, and Alcatel's alleged obligations to MPEG LA and its sublicensees under the patent pool arrangement does not make the present litigation "piecemeal." This is especially true given that patent litigation is uniquely federal in nature and the present litigation involves infringement claims that cannot be resolved in state court.  This factor therefore weighs against a stay.  **Fourth,** this action was filed *five years before* MPEG LA filed the Delaware Action, so the order in which the courts assumed jurisdiction weighs heavily against a stay.  The fact that the present case is scheduled for trial on February 20, 2008 while the Delaware case is still in the pleading stage similarly disfavors Defendants' request.  *See Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) ("relative progress of [the] state and federal proceedings" is a factor).

Considered individually or collectively, the *Colorado River* factors thus weigh strongly against granting Defendants' motion.[7]  This Court should allow MPT's federal patent claims regarding the Video Coding Patents to proceed to trial on-schedule.

---

[7]    The additional factors considered by subsequent courts applying the *Colorado River* doctrine also favor denying Defendants' motion.  For example, the presence of some state-law issues in the present action, which is first and foremost a federal patent case, does not favor a stay.  *See KPS*, 318 F.3d at 11 ("[T]he presence of state law issues weighs in favor of dismissal in only rare circumstances—namely, when a case presents complex questions of state law that would best be resolved by a state court.") (internal quotes and citations omitted).  Moreover, especially in light of MPT's successes on summary judgment, Defendants cannot contend that MPT's federal patent infringement claims are "vexatious or contrived."  *Id*. at 10.

1

2

      3.      **A Stay Is Not Warranted Even Under The Weaker Standard Defendants Propose**

3

4

      Even the *Landis* decision on which Defendants principally rely does not support a stay.

5

Defendants argue that this Court should grant a stay to "promote the efficient administration of

6

justice" by allowing the Delaware court to rule on supposedly "case-dispositive" issues before trial

7

on the Video Coding Patents.  (Mot. For Stay at 14.)  But the Supreme Court in *Landis* emphasized

8

that a party seeking a stay on grounds of judicial economy faces a "heav[y]" burden.  *See* 299 U.S. at

9

254-56.  Indeed, the party seeking a stay "must make out a ***clear case of hardship or inequity*** in

10

being required to go forward, if there is even a fair possibility that the stay for which he prays will

11

work damage to some one else."  *Id*. at 255 (emphasis added).  Defendants fail to meet this standard.

12

Given the current posture of this case, the stay Defendants propose would ***not*** promote judicial

13

economy, because the vast majority of issues pending in Delaware that Defendants cite as "case-

14

dispositive" were already decided by this Court—in MPT's favor—on summary judgment.

15

Moreover, although a stay would prejudice MPT, Defendants have made no corresponding showing

16

that they would face any hardship or inequity from going forward.

17

      a.      **Judicial Economy Does Not Support Defendants' Request For A Stay**

18

      Defendants argue that judicial economy justifies a stay of trial on the Video Coding Patents

19

because this Court would benefit from having the Delaware Court of Chancery evaluate the validity

20

of Lucent's assignment of the patents to MPT before having a trial on MPT's infringement claims.

21

But a stay based on a case filed ***five years*** after this one would not save this Court—or the parties—

22

any time or resources, especially since this Court has ***already*** disposed of the relevant issues with

23

respect to Defendants on summary judgment.

24

      This Court already has ruled ***in MPT's favor*** on every issue underlying the claims that

25

MPEG LA brought against Lucent and MPT in the Delaware Action, except one.  In its complaint,

26

MPEG LA alleges that: (1) MPEG LA is entitled to a declaratory judgment stating that Alcatel

27

controls MPT and thus MPEG LA has a license to the Video Coding Patents (*see* MPEG LA Compl.

28

Multimedia Patent Trust's Opposition to Defendants'        9        Case No. 07-CV-2000 H (CAB)
Motion for Stay or, in the Alternative, for Severance
of the Haskell and Netravali Patents for Consolidation
with Case No. 07-CV-0747

§§ 68-70 (Fifth Cause of Action)); (2) the transaction creating MPT was a "sham" because MPT "was created for an improper and wrongful purpose and is under the domination and control of Alcatel and Lucent" (*see id*. §§ 71-75 (Sixth Cause of Action)); (3) Lucent was unjustly enriched via an "improper scheme, carried out through the artifice of the Trust, to secrete [sic] Lucent's essential MPEG-2 patents" (*see id*. §§ 76-82 (Seventh Cause of Action)); (4) Lucent tortiously interfered with Alcatel's contractual obligations under the MPEG LA license agreement (*see id*. §§ 83-91 (Eighth Cause of Action)); and (5) Lucent tortiously interfered with MPEG LA's prospective economic advantage regarding Alcatel's participation in the license pool (*see id*. §§ 92-100 (Ninth Cause of Action)).  This Court already ruled on summary judgment, however, that MPT is ***not*** under the "control" of Lucent or Alcatel, nor is MPT merely their "alter ego," thus obviating the issues underlying the first three claims discussed above.  (Oct. 1, 2007 Order 10-12.)  This Court also ruled that the transfer of the Video Coding Patents to MPT—the supposed "improper" reason for which the trust was created—was legally effective, further obviating the second and third claims.  (*Id*. at 4-12.)  Moreover, this Court granted summary judgment dismissing a claim against Lucent of tortious interference regarding the MPEG LA license pool that was substantially similar to the fourth claim listed above.  (*Id*. at 20-21.)  Thus, for purposes of the present case, this Court already has disposed of the factual issues underlying all but one of the claims pending against MPT and Lucent in Delaware.[8]  This Court's summary judgment rulings are the law of this case, *see, e.g.*, *Fed. Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599, 601 (9th Cir. 1991), so the Delaware court's eventual

---

[8]    This Court declined to grant summary judgment dismissing Defendants' claim against Lucent of tortious interference with a prospective economic advantage.  (*See* Oct. 1, 2007 SJ Order at 21-22.)  To the extent this claim involves underlying issues that are similar to the prospective-advantage claim in the Delaware Action, however, this Court will resolve the prospective-advantage claim in this case long before the Delaware Action goes to trial.  And the existence of a single related claim does not favor granting Defendants' stay on judicial economy grounds, in light of the other countervailing factors discussed below.  *See Landis*, 299 U.S. at 254-56 (discussing movant's "heav[y]" burden); *Moses H. Cone*, 460 U.S. at 16 (appropriate analysis requires balancing of factors, "heavily weighted in favor of the exercise of jurisdiction").

1   decisions will have little, if any, value to this Court with regard to conserving resources, because this

2   Court already has resolved these issues as applied to Defendants.[9]

3       Indeed, realizing that this Court's summary judgment order already settled these matters with

4   respect to the parties in this case, Defendants take pains to try to distinguish the Delaware Action by

5   noting that MPEG LA, a non-party to this case, also brought claims against Alcatel, another non-

6   party. Defendants argue that MPEG LA's claims "are *not* the same as Defendants' license defense

7   and are not foreclosed by the Court's grant of summary judgment" because MPEG LA "has asserted,

8   contractual breach claims against *Alcatel*" while "Defendants' claims were asserted only against

9   Lucent and MPT." (Mot. For Stay 8; *see also* MPEG LA Compl. §§ 34-67 (alleging contract-based

10  causes of action against Alcatel).) But even if MPEG LA's claims against Alcatel were relevant to

11  the issues in this case, this Court already has addressed the scope of Alcatel's obligations to MPEG

12  LA—and thus Defendants—for purposes of this matter. This Court concluded at summary judgment

13  that because Lucent successfully transferred the Video Coding Patents to MPT before the Alcatel-

14  Lucent merger, "Alcatel has no rights to license or sublicense the patents. Since Alcatel lacks these

15  rights, it cannot provide them (***and thus is not required to provide them***) to MPEG LA under the

16  Agreement Among Licensors." (Oct. 1, 2007 Order 9 (emphasis added).) Thus, for purposes of this

17  action, the matter of the scope of Alcatel's obligations to the MPEG LA patent pool have been

18  resolved, and Defendants cannot use these alleged obligations as the basis for a defense. Staying

19  trial on the Video Coding Patents pending a resolution in the Delaware Action on the issue of

20  Alcatel's obligations would provide little, if any, benefit to this Court.

21      Ultimately, Defendants' judicial economy argument fails because this Court already has

22  decided virtually all of the purportedly case-dispositive issues on which Defendants argue it should

---

[9]   The law of the case doctrine states that a court should refrain from reconsidering issues
already decided in the same case, unless (1) the decision is clearly erroneous and its enforcement
would work a manifest injustice, (2) intervening controlling authority makes reconsideration
appropriate, or (3) substantially different evidence was adduced at a subsequent trial. *See North
County Comms. Corp. v. Cal. Catalog & Tech.*, No. 06CV1542-LAB, 2007 WL 4200203, at *5
(S.D. Cal. Nov. 26, 2007).

1   wait for guidance from the Delaware court.[10]  Moreover, even if Defendants could conceivably take

2   advantage of the Delaware court's decision on some issue still pending before this Court,

3   Defendants' effort to delay trial for this purpose still hinders judicial economy.  The Supreme Court

4   has recognized that litigants can frustrate the efficient administration of justice by "adopt[ing] a

5   'wait and see' attitude" in the hope of reaping some preclusive benefit from a separate party's action

6   against their adversary, just as Defendants are trying to do here.  *See Parklane Hosiery Co. v. Shore*,

7   439 U.S. 322, 329-30 (1979).  Although the Supreme Court's discussion specifically addressed the

8   scenario of a potential *plaintiff* who decides not to join an action in the hope of asserting offensive

9   collateral estoppel in a future litigation, the Court's reasoning equally applies to Defendants'

10  position with regard to MPEG LA's claims in the Delaware Action.  *See id.*; *see also Robi v. Five*

11  *Platters, Inc.*, 838 F.2d 318, 329 (9th Cir. 1988) (noting the "potential for . . . abuse" when a litigant

12  "wait[s] on the sidelines" in hopes of asserting preclusion based on a separate litigation).  After five

13  years of litigation, Defendants seek to call a timeout in this case in the hope of using the eventual

14  outcome of the recently filed Delaware Action to their advantage.  (*See* Mot. For Stay 14, 19.)  In

15  light of this Court's October 2007 summary judgment order, and with less than three months to go

16  until trial, this Court should reject Defendants' tactics and allow MPT's Video Coding Patent claims

17  to proceed.

18

19  _____

20      [10]   Further, as explained in MPT's briefing in opposition to Defendants' trust-related summary
    judgment motions, even if Defendants had become licensed to the Video Coding Patents under
21  their agreements with MPEG LA when Lucent and Alcatel merged, their infringement liability in
    this action would not be extinguished. (*See* Case No. 02-CV-2060 D.I. 2016, Aug. 31, 2007
22  MPT's Opposition to Defendants' Motions For Summary Judgment On Trust-Related Defenses
    And Counterclaims 22-23.)   Defendants' MPEG LA licenses are limited to MPEG-2
23  implementations, whereas MPT's infringement allegations extend to other video compression
    technologies, such as WMV-9/VC-1. (*See id.*)  Further, Defendants' MPEG LA licenses would
24  not retroactively insulate them from infringement liability for the period before the merger. (*See
    id.*)  Thus, contrary to Defendants' assertion that "[s]hould MPEG LA prevail in the Delaware
25  Court of Chancery, the relief granted will likely obviate *any need* for trial of the Haskell and
    Netravali patents by this Court," even if the Delaware court's rulings were binding in this case,
26  an adverse outcome in the Delaware Action still would not dispose of the Video Coding Patent
    claims. (Mot. For Stay at 14.)

27

28

**b.    A Stay Would Prejudice MPT While Defendants Will Face No Hardship Or Inequity If The Video Coding Patent Trial Goes Forward**

The prejudice that the requested stay would pose to MPT substantially outweighs any remote judicial economy to be gained.  This case essentially is ready for trial, with discovery complete and the issues already narrowed by summary judgment.  Yet, incredibly, Defendants would now have this Court postpone trial and make MPT wait an indefinite period of time for the Delaware tribunal to decide issues that MPT has already fully litigated to get to this point, just because Defendants are dissatisfied with this Court's ruling on summary judgment.  Indeed, counting summary judgment in this case, Defendants' pending motion for reconsideration, and Dell's motion to dismiss in the MPT Action, the present motion is Defendants' *fourth* attempt to litigate the issues surrounding their alleged license defense.  Unable to prevail on any of their attempts so far, Defendants have now taken the desperate step of seeking to stay this action to have the *same* matters re-litigated via proxy in Delaware.  Defendants simply do not like this Court's rulings, and thus want this Court to set them aside in favor of the Delaware court's outcome, obviating the law of this case.  *See, e.g.*, *Fed. Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599, 601 (9th Cir. 1991) (treating grant of summary judgment as law of the case sufficient to foreclose further litigation of the same issue in that action).  MPT obviously would be prejudiced not only by the indefinite delay in the Video Coding Patent trial, which is scheduled to begin in less than three months, but by having the door potentially reopened on issues MPT has already won in this case.

Nonetheless, Defendants make the fallacious argument that "affording the Delaware court an opportunity to rule on these case-dispositive issues" will not prejudice MPT because "Lucent, Alcatel, and MPT will have a full and fair opportunity to litigate the scope of Alcatel's licensing obligations in [the Delaware] action."  (Mot. For Stay 13-14.)  This argument misses the point.  As discussed above, this Court *already* has determined "the scope of Alcatel's licensing obligations" as they pertain to the claims and defenses in *this* case.  Further, whether MPT has "a full and fair opportunity to litigate" the issues in the Delaware Action is not the relevant standard for determining

MULTIMEDIA PATENT TRUST'S OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OR, IN THE ALTERNATIVE, FOR SEVERANCE
OF THE HASKELL AND NETRAVALI PATENTS FOR CONSOLIDATION
WITH CASE NO. 07-CV-0747

13

Case No. 07-CV-2000 H (CAB)

whether to grant a stay.[11]  Even under the standard Defendants themselves offer, the issue is whether the potential damage to MPT from a stay is outweighed by "a clear case of hardship or inequity [to Defendants] in being required to go forward."  *Landis*, 299 U.S at 255.  Delaying MPT's right to pursue its federal patent claims—on the verge of trial—when Defendants *already* have raised and had their day in court on the very issues they claim need resolution in Delaware would only prejudice MPT and would constitute the very opposite of judicial economy.

Defendants also completely fail to establish any "hardship or inequity"—let alone "a clear case" of it—that *they* would face from being required to go forward.  Their argument ultimately purports to balance the "efficient administration of justice" against the burden on MPT (*see* Mot. For Stay 14), but to justify a stay, even under *Landis*, Defendants themselves must face significant prejudice from going to trial.  At most, Defendants' only "hardship" here is that they are unhappy with this Court's summary judgment ruling and they hope to use a contrary judgment by the Delaware court to avoid it.  Given that the proposed stay prejudices MPT, does not promote judicial economy, and does not redress any actual hardship or inequity faced by Defendants, Defendants have failed to meet their burden to show that this Court should stay the upcoming trial on the Video

---

[11]  The case Defendants cite for that proposition, *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.*, 390 F. Supp. 824 (S.D.N.Y. 1975), was decided before the Supreme Court's decision in *Colorado River* and long before *Moses H. Cone*, where the Supreme Court emphasized that "the balance [should be] heavily weighted in favor of the exercise of jurisdiction." 460 U.S. at 16.  Moreover, *Universal Gypsum* based its decision in part on the fact that the court had "not . . . invested any substantial judicial energy with regard to the merits of this [federal] litigation and both the state and federal actions stand in identical procedural positions." 390 F. Supp. at 828.  That is not the case here, where the present action is essentially ready for trial while the Delaware Action only recently was filed.  Indeed, *all* of the cases that Defendants cite in addition to *Landis* to support their arguments are inapposite for similar reasons.  *American Telephone & Telegraph Co. v. Milgo Electronic Corp.*, 416 F. Supp. 951 (S.D.N.Y 1976), is distinguishable from the present case because the party opposing the stay brought both parallel actions itself.  Moreover, the action to be stayed was much further from being resolved than the other proceeding, which is the opposite of the case here.  *See id.* at 953.  Similarly, in *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207 (3d Cir. 1976), neither of the parallel actions had progressed beyond the pleading stage.  *See id.* at 1210.  Finally, *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413 (Fed. Cir. 1997), involved title to land, and the Federal Circuit relied on *Colorado River* to vacate the district court's stay because no parallel state proceeding was even yet pending.  124 F.3d at 1414-16.

1   Coding Patents.  Even if the *Colorado River* analysis did not control, this Court should deny

2   Defendants' request.

### B.     This Court Should Not Sever And Reconsolidate The Video Coding Patents

4        As an alternative to staying this trial, Defendants request that this Court sever the Haskell and

5   Netravali patents from the present case and consolidate these patents with another litigation recently

6   filed by MPT concerning patents relating to other video compression technologies (the MPT

7   Patents).  (*See* Mot. For Stay 15-20.)  But in view of the different technologies covered by each of

8   these patent groups, Defendants fail to demonstrate the overlapping factual or legal issues required

9   for consolidation.  Moreover, Defendants' stated purpose of delaying this litigation also weighs

10  strongly against severance and consolidation.  Finally, if Defendants truly intended severance and

11  consolidation to promote judicial efficiency, they should have made their request six months ago

12  when the MPT Patents were first asserted.  Their current request merely seeks a strategic advantage

13  by delaying this case.

### 1.     The Patent Groups For Which Consolidation Is Sought Do Not Present Common Issues For Trial

16       Defendants' request for severance and consolidation should be denied because the *sine qua*

17  *non* for consolidation is missing—***the two litigations raise separate issues for trial***.  "The presence

18  of a common question of law or fact is a threshold requirement for consolidation."  *Antoninetti v.*

19  *Chipotle Mexican Grill, Inc.*, No. 05CV1660-J (WMc), 2007 WL 2669531, *2 (S.D. Cal. Sept. 7,

20  2007); *see also* Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are

21  pending before the court, it may order a joint hearing or trial . . . .").  But the patent groups that

22  Defendants seek to consolidate lack the necessary common questions.

23       The distinctions between the two patent groups at issue appear in the patents themselves:

24       • The Video Coding Patents relate to mechanisms for improving video compression

25            using motion compensation and interframe interpolation.  Generally speaking, the

26            Netravali patent discloses a method for performing interframe interpolation of

27            pixel information that accounts for the displacement of objects in the video

28

sequence.  Generally speaking, the Haskell patent discloses an apparatus for decoding video with specified structures that perform block-based motion-compensated prediction and block-based motion-compensated interpolation using prediction and interpolation error signals, respectively.

- The MPT Patents relate to the process of transforming two-dimensional video images into a linear data string.  The two Puri patents disclose a zigzag pattern for scanning images into a data string and a scheme for determining the appropriate length of data codes, respectively.  The Johnston patent discloses a process for mapping video images into a discrete set of data values.

(*See* D.I. 1, Case No. 02-CV-2060; MPT Compl.)  No patent in either group claims priority from a patent in the other group, and no prior art cited during prosecution of any patent in one group was cited during prosecution of any patent in the other group.  (*See id.*)  Thus, consolidation is inappropriate because the issues raised in determining validity and infringement will be different with respect to each patent group.  *See* Fed. R. Civ. P. 42(a); *Antoninetti*, 2007 WL 2669531, at *2; *Leviton Mfg. Co. v. Nicor, Inc.*, No. CIV 04-0424, 2007 WL 505784, at *4-5 (D.N.M. Jan. 8, 2007) (denying consolidation where different patents were involved because "separate claim constructions, separate proofs of infringement . . . , and separate and distinct determinations of validity [were] required"); *FURminator Inc. v. Ontel Prods., Inc.*, No. 4:06-CV-1294 CAS, 2006 WL 3827522, at *2 (E.D. Mo. 2006) (denying consolidation for dearth of common questions of law and fact because, among other things, one action "involve[d] a different patent with different claim language").

In *Leviton Mfg. Co.*, the District of New Mexico refused to consolidate a patent with its continuation for lack of common questions of fact or law, despite the fact that the patents in question had much more in common than the two patent groups involved here.  *See* 2007 WL 505784, at *4-5.  The court held that "[a]lthough the specifications of the two patents may be the same, the principal legal and factual questions in the two cases are dependent upon the respective claims of the patents."  *Id.* at *4.  The two patent groups in this case lack even this minimal similarity—the specifications are different, the claims are different, the claim constructions will be different, and the

1    infringement analyses will be different.  The Haskell and Netravali patents concern video ***decoding***

2    while the MPT Patents relate primarily to video ***encoding***.  Defendants have not shown any specific,

3    substantial questions of law or fact common to the two patent groups, so consolidation must be

4    denied.

5    　　　　Since Defendants cannot identify any ***specific*** questions of law or fact common to the two

6    patent groups, they assert ***generally*** that these patents cover the same technology because they each

7    relate to video compression under the MPEG-2 standard.  (*See* Mot. For Stay 11-12, 17-18.)  But the

8    MPEG-2 standard (and products implementing it) encompass many different technologies, which are

9    covered by hundreds of different patents.  (*See* Ex. 2, MPEG LA Patent List (listing essential patents

10    licensed through MPEG LA).)  Moreover, while the Video Coding Patents are essential to video

11    decoding under the MPEG-2 standard, the MPT Patents relate primarily to techniques for ***encoding***

12    compressed video.[12]  MPT is only asserting the MPT Patents against video encoders in contrast to

13    video decoders in this action.  The mere fact that these numerous different patents and

14    technologies—including the two patent groups at issue here—relate generally to video compression

15    provides no basis for consolidation.  *See Leviton*, 2007 WL 505784, at *4-5; *see also In re Consol.*

16    *Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) ("Even where cases involve some common issues

17    of law or fact, consolidation may be inappropriate where individual issues predominate.").[13]

18    　　　　**2.    Consolidation Will Only Serve To Inappropriately Delay Resolution Of**
    　　　　　　　**MPT's Case**

19

20    　　　　Consolidation is also inappropriate because it will prejudice MPT by significantly delaying

21    　　[12]   Defendants are incorrect that MPT accused decoding technology in Dell's Dazzle Video
    Creator Platinum.  (*See* Mot. For Stay 7.)  This product includes a video encoder, which is the

22    accused component.  (*See* Ex. 3, explaining that the Dazzle product "uses a hardware encoding

23    chip for real-time video encoding into high-quality MPEG-1, MPEG-2, MPEG-4 and DivX
    formats").)

24    　　[13]   Defendants' argument that the jury will be confused if all five patents at issue in *this* case are
    tried concurrently should be addressed through a request for bifurcation under Rule 42(b), not

25    through consolidation.  (*See* Mot. For Stay 19.)  In seeking bifurcation, the "burden is on the
    defendant to convince the court that a separate trial is proper in light of the general principle that

26    a single trial tends to lessen the delay, expense and inconvenience to all parties."  *Sensitron, Inc.*

27    *v. Wallace,* 504 F. Supp. 2d 1180, 1186 (D. Utah 2007).

28

Multimedia Patent Trust's Opposition to Defendants'    17    Case No. 07-CV-2000 H (CAB)
Motion for Stay or, in the Alternative, for Severance
of the Haskell and Netravali Patents for Consolidation
with Case  No. 07-CV-0747

1    resolution of the litigation regarding the Video Coding Patents.  "Where a case that is ready for or

2    close to trial would be held up pending completion of pretrial proceedings in another case, courts

3    have consistently denied consolidation."  *Antoninetti*, 2007 WL 2669531, at *2; *see also Farahmand*

4    *v. Rumsfeld*, No. CIV. A. 02-1236, 2002 WL 31630709, at *2 (E.D. Pa. 2002) ("[A] court may deny

5    consolidation when one case is further into the discovery process.").  Trial is imminent in this case,

6    and consolidation would significantly delay it.  Therefore, Defendants' request for consolidation

7    should be denied.

8          Litigation involving the Video Coding Patents began in 2002 and has already proceeded

9    through the close of discovery and dispositive motions.  (*See* D.I. 1 in case no. 02-CV-2060 B

10   (CAB).)  Trial is scheduled to begin in less than three months, on February 20, 2008.  (*See* D.I. 3,

11   Pretrial Scheduling Order.)  In contrast, the MPT Patents were not asserted until April 24, 2007.

12   (*See* MPT Compl.)  Discovery remains ongoing for these patents, the final pretrial conference is set

13   for March 30, 2009, and no trial date has been set.  (*See* D.I. 52 in case no. 07-CV-0747.)  These

14   cases are at very different procedural stages, and to consolidate them therefore would delay

15   resolution of MPT's claims in this action by more than a year.  Several courts have denied

16   consolidation on such a basis.  *See, e.g.*, *Leviton*, 2007 WL 505784, at *5 (refusing to consolidate a

17   patent with its continuation where discovery had closed and a *Markman* ruling had issued in one

18   case, but not the other); *Aerotel, Ltd. v. Verizon Commc'ns Inc.*, 234 F.R.D. 64, 67 (S.D.N.Y. 2005)

19   (denying consolidation where the patent cases to be consolidated were at different stages in

20   discovery).  This delay alone is sufficient reason to deny consolidation.

21         Defendants do not deny that consolidation will significantly delay resolution of this case.  To

22   the contrary, they acknowledge that it will ***"[f]irst and foremost"*** serve to postpone resolution of

23   MPT's case while MPEG LA's claims proceed in the Delaware Court of Chancery.  (Mot. For Stay

24   2 (emphasis added).)  As explained above, this Court already has decided most of the issues

25   Defendants believe the Delaware Action will resolve.  Moreover, even if the Delaware Action does

26   address some relevant issue not yet resolved by this Court, it would be improper to delay the

27   imminent resolution of MPT's Video Coding Patent claims in favoring of allowing Defendants to

28

1    "wait on the sidelines" and seek some potential preclusive benefit from the Delaware Action.  *Robi*,

2    838 F.2d at 329.

3        Further, Defendants' fears that MPT will be awarded duplicative recovery are not justified,

4    and consolidation is unnecessary on this ground.  (*See* Mot. For Stay 18.)  Recovery of infringement

5    damages in both actions would not be duplicative.  The 0.5% royalty sought as damages in this case

6    covers only patents that are essential to the MPEG-2 standard, such as the Haskell and Netravali

7    patents.  (*See, e.g.*, Farkas Decl. Ex. 33 at 18, March 31, 2006 Smith Expert Report (explaining that

8    "Lucent's *'MPEG essential'* video coding patents would be licensed at 0.5% of the selling price of

9    complete products employing the patents") (emphasis added).)  There has been no showing that this

10   royalty should encompass the MPT Patents which relate primarily to non-essential encoding

11   technologies, which have not been demonstrated to be essential.  But if Defendants wish to argue

12   that some overlap in damages does exist, they can simply seek a reduction in damages if and when

13   the MPT Action reaches trial.  Consolidation is unnecessary.

14       Finally, the timing of Defendants' request for severance and consolidation calls into question

15   their motives for the request and serves as a further reason to deny it.  If Defendants truly believed

16   that combining allegedly similar technologies would promote judicial efficiency, they would have

17   requested consolidation six months ago, when MPT first asserted the MPT Patents.  Instead,

18   Defendants acquiesced in six months of allegedly duplicative litigation and brought the present

19   motion only after this Court rejected their licensing defenses at summary judgment.  Consolidation is

20   not being sought for judicial efficiency.  By their own argument, Defendants merely attempt to delay

21   this litigation to try to use the Delaware Action to revisit licensing defenses this Court has already

22

23

24

25

26

27

28

1  rejected.[14]  Defendants' attempt should be denied.

2  **IV.    CONCLUSION**

3          For all of the foregoing reasons, Defendants' motion to stay or, in the alternative, to

4  sever the Haskell and Netravali Patents for consolidation with the MPT Action should be denied.

5

6  DATED:  December 3, 2007                    By:_____s/David A. Hahn_____

7                                              David A. Hahn (SBN 125784)
                                               HAHN & ADEMA

8                                              501 West Broadway, Suite 1600
                                               San Diego, California  92101-3595

9                                              Telephone:  (619) 235-2100
                                               Facsimile:  (619) 235-2101

10

11                                             John M. Desmarais (admitted pro hac vice)
                                               Robert A. Appleby (admitted pro hac vice)

12                                             KIRKLAND & ELLIS LLP
                                               153 East 53rd Street

13                                             New York, New York 10022
                                               Telephone:  (212) 446-4800

14                                             Facsimile:  (212) 446-4900

15

16                                             Attorneys for Plaintiff *Multimedia Patent Trust*

17

18

19

20

21

22  [14]   Contrary to Defendants' assertions, the re-examination of the Video Coding Patents does not
    justify delaying this litigation.  (Mot. For Stay 20 n.14.)  Given that the PTO grants the vast

23  majority of requests for re-examination, the existence of these proceedings says little about the
    patents' ultimate validity.  (*See* Ex. 4, Tbl. 13A.)  As recognized by the very case Defendants

24  cite, notwithstanding any "liberal policy," entry of a stay still depends upon consideration of (1)
    the stage of the litigation, (2) prejudice to the parties, and (3) likelihood that issues for trial will

25  be simplified by a stay.  *See Sorensen v. Black and Decker Corp.,* No. 06-CV-1572, 2007 WL
    2696590, at *3 (S.D. Cal. Sept. 10, 2007).  Here, unlike in *Sorenson*, discovery is complete and

26  the case is ready for trial, Lucent and MPT will suffer disruption of their trial preparation and

27  delay in resolution of their case.  A stay therefore is unwarranted.

28