# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST<br><br>　　Plaintiffs and Counter-Defendants,<br><br>　　vs.<br><br>GATEWAY, INC., *et al.*<br><br>　　Defendants and Counterclaimants.<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>　　Intervenor and Counterclaimant<br><br>AND RELATED CLAIMS | CASE NO. 07-CV-2000-H (CAB) consisting of matters severed from the consolidated cases:<br>CASE NO. 02-CV-2060-B (CAB)<br>CASE NO. 03-CV-0699-B (CAB)<br>CASE NO. 03-CV-1108-B (CAB)<br><br>ORDER DENYING MOTION TO STAY TRIAL OF HASKELL AND NETRAVALI PATENTS OR ALTERNATIVELY TO SEVER THESE PATENTS FOR CONSOLIDATION WITH CASE 07-CV-747-H (CAB) |

　　On November 21, 2007, Dell brought a motion on behalf of defendants and counterclaimants Dell, Microsoft, and Gateway ("Defendants"), asking the Court either to stay the trial of the Haskell and Netravali patents, set for February 20, 2008, or to sever these patents for consolidation with Case 07-CV-747-H (CAB). (Doc. No. 58.) On December 3, 2007, Multimedia Patent Trust ("MPT") submitted its opposition to the motion. (Doc. No. 95.) On December 5, 2007, Defendants submitted their reply brief. (Doc. No. 97.)

1   The Court concludes that this motion is suitable for decision without oral
2 argument and submits the motion on the papers. For the reasons set forth below, the
3 Court denies the motion to stay or sever these patents.

**Background**

5   This patent case is set for trial on February 20, 2008. On October 1, 2007, the
6 Court issued a summary judgment order resolving many claims and defenses. Then on
7 October 26, 2007, MPEG LA, a nonparty to this action, filed a complaint in the
8 Delaware Chancery Court against Alcatel, Lucent, and MPT. (See Decl. Katherine B.
9 Farkas Supp. Defs.' Mot. Stay Ex. 17 ("MPEG LA Compl."); Decl. Jonas R. McDavit
10 Supp. MPT's Opp'n Defs.' Mot. Stay Ex. 1.) MPEG LA contends that Lucent's
11 MPEG-2 patents should have become part of the MPEG-2 Patent Pool as a result of the
12 merger with Alcatel. (See MPEG LA Compl. ¶¶ 1-33.) Defendants already addressed
13 the effect of the Alcatel-Lucent merger in extensive summary judgment briefing filed
14 with this Court.

**Discussion**

**I.    Motion to Stay**

17   Defendants belatedly seek a stay of this patent action. The Court declines to do
18 so. A District Court has power to stay proceedings that is "incidental to the power
19 inherent in every court to control the disposition of the causes on its docket with
20 economy of time and effort for itself, for counsel, and for litigants." Landis v. North
21 Am. Co., 299 U.S. 248, 254 (1936). In exercising this power, a court should exercise
22 its judgment by weighing "competing interests" and maintaining and "even balance."
23 Id. at 254-55.

24   In Colorado River Water Conservation District v. United States, 424 U.S. 800
25 (1976), the Supreme Court described limited circumstances in which a federal court
26 should dismiss a proceeding based on related state court litigation. Under Colorado
27 River doctrine, a federal court should normally continue to exercise its jurisdiction and
28 only grant a stay based on pending state court litigation in exceptional circumstances.
See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1,

13-19 (1983); <u>Colorado River</u>, 424 U.S. at 817-21. These cases have identified nonexclusive factors to consider including, in relevant part: (1) the order in which the suits were filed, (2) the convenience of the forum, (3) the desirability of avoiding piecemeal litigation, (4) whether the issue is governed by federal law, and (5) the adequacy of the state proceeding. <u>See</u> <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 23-27; <u>Colorado River</u>, 424 U.S. at 818-21. "Only the clearest of justifications will warrant dismissal" or stay. <u>Colorado River</u>, 424 U.S. at 818; <u>see also</u> <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 16, 27-28 (extending <u>Colorado River</u> to stays and indicating that balance of factors is "heavily weighted in favor of the exercise of jurisdiction"). If applied here, several of the factors weigh heavily against a stay.

In <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 8-13, 27-28 (1983), the Supreme Court noted that <u>Colorado River</u> doctrine also applies to stays based on related state court proceedings where the stay would effectively deprive an adversary of a federal forum for an issue within federal jurisdiction. The Supreme Court indicated that a stay under <u>Colorado River</u> should involve a conclusion that the parallel state proceeding would provide a complete resolution of the issues. <u>Id.</u> at 28. Here, the plaintiff in the newly filed state court case is not a party to this patent litigation, and the state court would not resolve all of the pending issues in this case.

Even under a discretionary standard for staying cases, the Court would not order a stay under the present circumstances. The cases cited by Defendants support the Court's decision. <u>See</u>, <u>e.g.</u>, <u>Cherokee Nation of Oklahoma v. United States</u>, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (stating that "[o]verarching this balancing [of interests related to a stay] is the court's paramount obligation to exercise jurisdiction timely in cases properly before it"). There have been extensive proceedings in this court on the patents and other issues. The Delaware litigation was initiated only after Defendants had ample opportunity to address the effect of the merger in summary judgment proceedings before this court, leading to the Court's summary judgment order of October 1, 2007.

1  In addition to the pending state court litigation, Defendants have raised other concerns, such as an alleged potential for double recovery if the video patents are not consolidated with 07-CV-747-H (CAB). The Court has reviewed these arguments and finds them unpersuasive, taking into account the totality of circumstances of this litigation. Exercising its discretion, the Court declines to stay the action, having concluded that he balance of considerations would not support it.

**II.   Motion to Sever and Consolidate**

Alternatively, Defendants seek severance of the video patents for consolidation with 07-CV-747-H (CAB). District courts have broad discretion to sever or consolidate claims. See, e.g., Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Investors Research Co. v. United States Dist. Court for the Central Dist. California, 877 F.2d 777 (9th Cir. 1989). The Court has weighed all appropriate factors, such as the need for judicial economy and any potential for prejudice to the parties, and concludes that severance of these patents is not warranted here. The Court exercises its discretion to deny the request to sever these patents for consolidation with Case No. 07-CV-747-H (CAB).

**Conclusion**

For the reasons discussed above, the Court DENIES the motion to stay or alternatively to sever the case. The case shall proceed according to the schedule set by the Court's other orders.

IT IS SO ORDERED.

DATED: December 6, 2007

　　　　　　　　　　　　　　　　_Marilyn L. Huff_
　　　　　　　　　　　　　　　　MARILYN L. HUFF, District Judge
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.