1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  LUCENT TECHNOLOGIES, INC. and
    MULTIMEDIA PATENT TRUST
12
            Plaintiffs and Counter-
13          Defendants,

14          vs.

15  GATEWAY, INC., *et al*.

16          Defendants and Counterclaimants.

17  and

18  MICROSOFT CORPORATION,

19          Intervenor and Counterclaimant

20  ─────────────────────────────

21  AND RELATED CLAIMS

CASE NO. 07-CV-2000-H (CAB)
consisting of matters severed from
the consolidated cases:
CASE NO. 02-CV-2060-B (CAB)
CASE NO. 03-CV-0699-B (CAB)
CASE NO. 03-CV-1108-B (CAB)

ORDER DENYING DELL'S
MOTION FOR
RECONSIDERATION OF THE
COURT'S SUMMARY
JUDGMENT ORDER OF
OCTOBER 1, 2007, AND
DENYING REQUEST FOR
CERTIFICATION OF
INTERLOCUTORY APPEAL

[Doc. No. 29.]

22      In the predecessor to the present action, 02-CV-2060-B (CAB), Judge Brewster

23  entered an order on October 1, 2007, ruling on summary judgment motions involving

24  various defenses and claims related to Lucent Technologies, Inc.'s ("Lucent") creation

25  of Multimedia Patent Trust ("MPT" and collectively with Lucent "Plaintiffs"). (See 02-

26  CV-2060 Doc. No. 2109 "Oct. 1 Order".)  On October 16, 2007, Judge Brewster

27  ordered that certain patents, including video patents assigned to MPT,  be severed from

28  that case to create the present action.  (See Doc. Nos. 1-3.)

1   On October 31, 2007, Dell Inc. ("Dell") submitted a motion for reconsideration

2   of certain aspects of the Court's order of October 1, 2007. (Doc. No. 29.) Alternatively,

3   Dell seeks certification of an interlocutory appeal of certain matters. (See id.)

4   Microsoft Corp. ("Microsoft") joined the motion. (Doc. No. 35.) Gateway, Inc. and

5   its related entities ("Gateway") have not joined the motion. On November 21, 2007,

6   Plaintiffs filed their opposition to Dell's motion. (Doc. No. 56.) Dell filed a reply on

7   November 30, 2007, in which Microsoft joined. (Doc. Nos. 82, 96.)

8   On December 7, 2007, the Court held a hearing on this motion. Robert A.

9   Appleby appeared for MPT and Lucent. Joel M. Freed appeared for Dell. John E.

10  Gartman appeared for Microsoft. Gateway did not appear at the hearing.

11  For the reasons set forth below, the Court denies the motion.

12  **Discussion**

13  **I.    Legal Standard for a Motion for Reconsideration**

14  A district court retains jurisdiction to modify an interlocutory order made before

15  final judgment. See, e.g., United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000);

16  Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996). Nevertheless, absent "highly

17  unusual circumstances," reconsideration is appropriate only where (1) the court is

18  presented with newly-discovered evidence, (2) the court committed clear error or the

19  initial decision was manifestly unjust, (3) there is an intervening change in controlling

20  law. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263

21  (9th Cir. 1993); see also William W. Schwarzer, A. Wallace Tashima, & James M.

22  Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (The Rutter

23  Group 2006) ¶ 12:160. Typically, a motion for reconsideration cannot be based on

24  arguments or evidence that reasonably could have been raised prior to the court's

25  original order. Rosenfeld v. Dep't of Justice, 57 F.3d 803, 811 (9th Cir. 1995); Hopkins

26  v. Andaya, 958 F.2d 881, 887 n.5 (9th Cir. 1992), abrogated on other grounds by

27  Saucier v. Katz, 533 U.S. 194, 201 (2001) and Scott v. Henrich, 39 F.3d 912, 915 (9th

28  Cir. 1994); see also Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (equivalent

holding in context of Rule 59(e) motion). Whether to grant or deny a motion for

1    reconsideration is in the sound discretion of the district courts.  <u>See</u> <u>Navajo Nation v.</u>

2    <u>Norris</u>, 331 F.3d 1041, 1046 (9th Cir. 2003).

3    **II.    Specific Decisions Challenged**

4        **A.    Affirmative Defense of License**

5            **1.    The Court's Application of <u>Morrow</u> and Consideration of the**

6                    **Transfer of Rights to MPT**

7        Dell contends that the Court incorrectly applied <u>Morrow v. Microsoft Corp.</u>, 499

8    F.3d 1332 (Fed. Cir. 2007).  The Court concludes that its October 1, 2007 order was not

9    clearly erroneous or manifestly unjust in its application of <u>Morrow</u>.  Judge Brewster

10   reasonably considered <u>Morrow</u> along with other relevant Federal Circuit cases.

11       The Court's statement that "MPT lacks only the right to assign without Lucent's

12   consent," does not render the order clearly erroneous.  (Oct. 1 Order at 6.)  First, the

13   Court's use of "only" may be reasonably read in context as addressing only those

14   circumstances listed at the end of the previous paragraph, not a failure to consider all

15   relevant circumstances.  (<u>See</u> <u>id.</u>)  Furthermore, even if this were a mischaracterization

16   of the instruments involved, the result is not clearly erroneous.  Judge Brewster's ruling

17   is consistent with the Court's order of October 9, 2007, in Case No. 07-CV-747-H

18   (CAB), where Judge Huff independently considered the same transactions in the context

19   of a motion to dismiss.  (<u>See</u> Case No. 07-CV-747, Doc. No. 149.)  There, the Court

20   considered the same transactions and reached a compatible conclusion, without such a

21   restrictive characterization of MPT's rights.  (<u>See</u> <u>id.</u>)  Therefore, any

22   mischaracterization was, in the worst case, a harmless oversight.

23           **2.    Alleged Violation of the Lucent-Alcatel Merger Agreement**

24       Dell contends that the Court incorrectly concluded that there were no material

25   issues of fact regarding Lucent's alleged violation of its Merger Agreement with

26   Alcatel.  The Court has reviewed the parties' submissions and concludes that its prior

27   determination that the parties "substantially performed" the agreement was not clearly

28   erroneous or manifestly unjust.  <u>See</u> Oct. 1 Order at 8-9.  The Court therefore declines

     to reconsider this aspect of its order.

1

### B.    Interference With Contract

2      Dell further argues that the Court incorrectly granted summary judgment

3   regarding Gateway's tortious interference with contract counterclaim while denying

4   summary judgment with respect to Gateway's tortious interference with prospective

5   economic advantage counterclaim.  First, the Court questions whether Dell has standing

6   to raise this issue, given that Gateway did not join this motion.[1]  At the hearing, Dell

7   requested leave to raise an equivalent claim of tortious interference with prospective

8   economic advantage.  Counsel for MPT and Lucent affirmatively indicated that they

9   had no objection, and the Court grants the request.  The Court hereby incorporates its

10   summary judgment ruling of October 1, 2007, as applicable to this claim.

11      Assuming the motion was properly raised, the Court would not grant it.  The

12   Court has reviewed its prior ruling and determined that it was not clearly erroneous or

13   manifestly unjust.

14

### C.    Unclean Hands Defense

15      Finally, Dell contends that the Court erred by concluding that the unclean hands

16   doctrine did not apply as a matter of law, even accepting the circumstances as alleged

17   by Defendants, including purported misrepresentations to the SEC.  (See Oct. 1. Order

18   at 12-14.)  The Court concludes that its previous order was not clearly erroneous or

19   manifestly unjust under the standards set forth in Keystone Driller Co. v. General

20   Excavator Co., 290 U.S. 240, 245 (1933).

21      Furthermore, the Court notes that since this is an equitable defense and since the

22   October 1, 2007, order does not constitute a final judgment on this issue, the Court

23   could permit an offer of proof or other appropriate proceedings if, after hearing all of

24   the trial evidence, the Court decides to revisit this question.  At this time, however, the

25   Court does not set any additional proceedings.

26   / / /

27   / / /

28

---

[1]The Court's prior ruling on this issue was specifically limited to Gateway's counterclaims, not similar claims brought by Microsoft.  See Oct. 1 Order at 20 n.5.

**III.     Certification of Interlocutory Appeal**

Dell has requested, in the alternative, that the Court certify an interlocutory appeal as to the license and unclean hands defenses.  To grant such a request, 28 U.S.C. § 1292(b) requires the district court to conclude that the decision involves a "controlling question of law" and that interlocutory appeal would "materially advance the ultimate termination of litigation."  The Court concludes that an interlocutory appeal would not materially advance the ultimate termination of this litigation, which is set for trial in the near future.  28 U.S.C. § 1292(b) should be used "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).  This case does not meet the standard for interlocutory appeal.

## Conclusion

For the reasons set forth above, the Court DENIES the motion for reconsideration, including the request for certification of an interlocutory appeal.

IT IS SO ORDERED.


DATED:  December 7, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT


COPIES TO:
All parties of record.