UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GATEWAY, INC.; GATEWAY COUNTRY STORES LLC; MICROSOFT CORPORATION; and DELL, INC., <br><br> Defendants. | Civil No.   07cv2000-H (CAB) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL REPORT OF PLAINTIFF'S EXPERT** |
| And related counterclaims. | |

On December 7, 2007, the Court held a telephonic conference on defendants' joint motion to strike the supplemental report of plaintiff Lucent's expert Roger Smith. Paul Bondor, Esq., and Elizabeth Bernard, Esq., appeared for plaintiff Lucent. Joseph Reid, Esq., appeared for defendant Microsoft. Steven Daniels, Esq., appeared for defendant Gateway. James Blackburn, Esq., appeared for defendant Dell. Having considered the submissions of the parties and the arguments of counsel, the motion is **DENIED**.

On November 2, 2007, the Court ordered defendants to supplement the financial information upon which the parties' respective experts actually relied for their damages calculations to bring that information current. [Docket No. 40.] The Court ordered the provision of supplemental damage information to bring the accounting current since the close of discovery in 2006. This Court's order did not address nor did it authorize the service of new damage theories. Defendants were ordered to serve the supplemental information no later than November 30, 2007. While not the subject of the

motion before the Court, representations were made during argument that this supplemental production remains incomplete. The parties disputed the scope of the required supplementation. The Court therefore reiterates that defendants are to supplement the financial information upon which the experts <u>actually relied</u> for their damage calculations to bring that information current. The supplemental production must be completed <u>no later than December 14, 2007</u> and any supplemental expert report incorporating the new calculations must be served <u>no later than December 21, 2007</u>. To the extent rebuttal expert reports are deemed necessary by any party, such reports must be served <u>no later than January 4, 2008.</u>

  The motion to strike before the Court involves a supplemental report unrelated to this Court's order of November 2, 2007. On November 13, 2007, Mr. Smith apparently issued a 6-page supplemental report addressing damages, and provided an "alternative opinion under the *Georgia-Pacific* analysis in light of [Judge Brewster's August 6, 2007] application of the entire market value rule in the Group II trial." (Defendants' Motion, Ex. 6.) This supplemental report was not issued in response to updated accounting information provided by defendants but was in response to the District Judge's opinion regarding this expert's damage theory presented at earlier proceedings.

  Defendants argue that Mr. Smith's new report is untimely and prejudicial and should be stricken. Plaintiff counters that the report relies on evidence already well-known to the defendants and offered to make Mr. Smith available for deposition on his supplemental report. Although Mr. Smith's supplemental report was made without leave of Court, the motion to strike is **DENIED**. Defendants may take Mr. Smith's deposition regarding his supplemental report. Defendants may also supplement their own damage reports to address Mr. Smith's new opinions. Any rebuttal expert reports shall be served <u>no later than January 4, 2008.</u> Any and all depositions regarding supplemental and rebuttal damage reports must be completed <u>no later than January 28, 2008.</u>

  **IT IS SO ORDERED.**

DATED: December 7, 2007

                 _____
                 **CATHY ANN BENCIVENGO**
                 United States Magistrate Judge