

1  David A. Hahn, SBN 125784
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone (619) 235-2100
   Facsimile  (619) 235-2101
4
   Attorneys for *Lucent Technologies Inc.*
5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10 LUCENT TECHNOLOGIES INC.,                    Case No. 07-CV-2000 H (CAB)
                                                       severed from
11                     Plaintiffs,               Case No. 02-CV-2060 B (CAB)
              v.                                 Case No. 03-CV-0699 B (CAB)
12                                               Case No. 03-CV-1108 B (CAB)
   GATEWAY, INC., GATEWAY COUNTRY
13 STORES LLC, GATEWAY COMPANIES, INC.,          **MEMORANDUM OF POINTS AND**
   GATEWAY MANUFACTURING LLC and                 **AUTHORITIES IN SUPPORT OF**
14 COWABUNGA ENTERPRISES, INC.,                  **LUCENT'S MOTION FOR**
                                                 **SUMMARY JUDGMENT ON**
15                     Defendants,               **DEFENDANTS' REMAINING**
   and                                           **TRUST-RELATED**
16                                               **COUNTERCLAIMS**
   MICROSOFT CORPORATION,
17                                               Date:        January 7, 2008
                       Intervener.               Time:        10:30 A.M.
18                                               Courtroom:   13
   MICROSOFT CORPORATION,
19                                               Honorable Marilyn L. Huff
                       Plaintiff,
20            v.

21 LUCENT TECHNOLOGIES INC.,

22                     Defendant.

23 LUCENT TECHNOLOGIES INC.,

24                     Plaintiffs,
              v.
25
   DELL INC.,
26
                       Defendant.
27

28 MEMORANDUM OF POINTS AND AUTHORITIES IN              Case No. 07-CV-2000 H (CAB), severed from
   SUPPORT OF LUCENT'S MOTION FOR SUMMARY         Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB),
   JUDGMENT ON DEFENDANTS' REMAINING TRUST                    and Case No. 03-CV-1108 B (CAB)
   RELATED COUNTERCLAIMS

1

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND.................................................................................2

III.   SUMMARY JUDGMENT STANDARD................................................................2

IV.    ARGUMENT ........................................................................................................2

      A.     Lucent Is Entitled To Summary Judgment On Defendants' DUFTA Claims. ........2

      B.     Lucent is Entitled to Summary Judgment on Defendants' Delaware Common Law Fraud Claims...................................................................................6

      C.     Lucent Is Entitled To Summary Judgment On Microsoft's Claim For Declaratory Judgment That The Patent Assignment From Lucent To The Trust Was A Void Act..............................................................................7

      D.     Lucent is Entitled to Summary Judgment on Gateway's Section 17200 Claim.....8

      E.     Because Lucent Is Entitled To Summary Judgment On The Above Claims, Defendants Cannot Prevail At Trial On Their Claims For Tortuous Interference With Prospective Economic Advantage. ...............................................9

V.     CONCLUSION....................................................................................................10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF LUCENT'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANTS' REMAINING TRUST
RELATED COUNTERCLAIMS

i

Case No. 07-CV-2000 H (CAB), severed from
Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB),
and Case No. 03-CV-1108 B (CAB)

## TABLE OF AUTHORITIES

1

2

3  **Cases**

4  *Bardin v. Daimler-Chrysler Corp.,*
        39 Cal. Rptr. 3d 634 (Cal. Ct. App. 2006) ................................................................ 8

5

6  *Celotex Corp. v. Catrett,*
        477 U.S. 317 (1986) ....................................................................................................... 2

7

8  *Daugherty v. Am. Honda Motor Co.,*
        51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2007) ................................................................ 9

9  *Harbinger Capital Partners Master Fund I, Ltd. v. Granite Broadcasting Corp.,*
        906 A.2d 218 (Del. Ch. 2006) ....................................................................................... 5

10

11 *In re Andrews,* 239 F.3d 708 (5th Cir. 2001) .................................................................. 5

12 *In re Ben Franklin Hotel Assocs.,* 186 F.3d 301 (3d Cir. 1999) .............................. 4

13 *In re Davis,* 3 F.3d 113 (5th Cir. 1993) .......................................................................... 4

14 *In re Roxse Homes,* 74 B.R. 810 (Bankr. D. Mass. 1987) ........................................ 4

15 *Leopold v. Tuttle,* 549 A.2d 151 (Pa. Super. 1988) .................................................... 5

16 *Lock v. Schreppler,*
        426 A.2d. 856 (Del. Super. Ct. 1981) ......................................................................... 6

17

18 *Maltz v. Union Carbide Chems. & Plastics Co., Inc.,*
        992 F. Supp. 286 (S.D.N.Y. 1998) ............................................................................... 9

19 *McClellan v. Cantrell,* 217 F.3d 890 (7th Cir. 2000) ................................................ 5

20

21 *Stephenson v. Capano Dev., Inc.,*
        462 A.2d 1069 (Del. 1983) ............................................................................................. 6

22 *Travelers Indem. Co. of Conn. v. Walker & Zanger, Inc.,*
        221 F. Supp. 2d 1224 (S.D. Cal. 2002) ...................................................................... 2

23

24 *Velop, Inc. v. Kaplan,*
        693 A.2d 917 (N.J. Super. Ct. App. Div. 1997) ................................................... 9, 10

25 *Vess v. Ciba-Geigy Corp., USA,*
        317 F.3d 1097 (9th Cir. 2003) ...................................................................................... 8

26

27 *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.,*
        901 A.2d 106 (Del. 2006) ............................................................................................... 6

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF LUCENT'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANTS' REMAINING TRUST
RELATED COUNTERCLAIMS                              ii

Case No. 07-CV-2000 H (CAB), severed from
Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB),
and Case No. 03-CV-1108 B (CAB)

**Statutes**

6 Del. Code Ann. § 1301(3) ................................................................................................. 3

6 Del. Code Ann. § 1301(4) ................................................................................................. 3

6 Del. Code Ann. § 1305(a) ................................................................................................. 3

6 Del. Code Ann. § 1305(b) ................................................................................................. 3

6 Del. Code Ann. §§ 1301 ................................................................................................... 2

6. Del. Code Ann. § 1304(a)(2) .......................................................................................... 3

Cal Bus. & Prof. Code § 17200 .......................................................................................... 8

**Other Authorities**

John E. Sullivan III, FUTURE CREDITORS AND FRAUDULENT TRANSFERS: WHEN A CLAIMANT
    DOESN'T HAVE A CLAIM, WHEN A TRANSFER ISN'T A TRANSFER, WHEN FRAUD DOESN'T
    STAY FRAUDULENT, AND OTHER IMPORTANT LIMITS TO FRAUDULENT TRANSFERS LAW FOR
    THE ASSET PROTECTION PLANNER, 22 Del. J. Corp. L. 955, 977 (1997) .................................. 5

**Rules**

Fed. R. Civ. P. 56(c) ........................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF LUCENT'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANTS' REMAINING TRUST
RELATED COUNTERCLAIMS

iii

Case No. 07-CV-2000 H (CAB), severed from
Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB),
and Case No. 03-CV-1108 B (CAB)

## I.    INTRODUCTION

In accordance with the Court's Order Regarding Status of Summary Judgment on Certain Amended Counterclaims (D.I. 65), Lucent moves for summary judgment on Defendants' trust-related counterclaims that were permitted by Court's September 17, 2007 Order and thus were not part of Lucent's summary-judgment motions briefed and argued before Judge Brewster in Case No. 02-CV-2060 B (CAB)[1]. These trust-related counterclaims are:  (1) Defendants' claims for fraudulent transfer under Delaware's Uniform Fraudulent Transfer Act ("DUFTA");[2] (2) Defendants' claims for common law fraud under Delaware law;[3] (3) Microsoft's claim for declaratory judgment that Lucent's assignment of the Haskell '226 and Netravali '272 Patents (the "Video Coding Patents-in-Suit") was void *ab initio*;[4] and (4) Gateway's claim of violation of the California Business and Professions Code Section 17200 *et seq*.[5]  As set forth below, Defendants have either failed to state a legally cognizable theory of recovery, or have failed to adduce any evidence in support of their claims.  Lucent is therefore entitled to summary judgment.[6]

---

[1] Lucent did address these claims in its Opposition To Defendants' Motion For Leave To File Amended Answers And Counterclaims (D.I. 2016), Section III.C of which is incorporated by reference.

[2] D.I. 2083, Microsoft Count XIX; D.I. 2085, Gateway Count XXVIII; D.I. 2102, Dell Count X.

[3] D.I. 2083, Microsoft Count XX; D.I. 2085, Gateway Count XXIX; D.I. 2102, Dell Count XI.

[4] D.I. 2083, Microsoft Count XXI.

[5] D.I., 2085, Gateway Count XXX

[6] Prior to the Court's Oct. 1, 2007 Order (D.I. 2109), Dell and Microsoft amended their pleadings to include counterclaims for Tortious Interference with Contract (Microsoft Count XXII, Dell Count XII).  The Court awarded Lucent summary judgment on Gateway's identical claim for tortious interference with contract.  (Order at 20-21.)  To the extent formally necessary, summary judgment on Dell's and Microsoft's equivalent counterclaim for tortious interference with contract should also be entered.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF LUCENT'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANTS' REMAINING TRUST
RELATED COUNTERCLAIMS

1

Case No. 07-CV-2000 H (CAB), severed from
Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB),
and Case No. 03-CV-1108 B (CAB)

## II.    FACTUAL BACKGROUND

Lucent incorporates by reference Section II.A-E of its Motion for Summary Judgment on Trust Related Defenses and Counterclaims, Case No. 02-CV-2060 B (CAB), filed August 17, 2007 (D.I. 1981), and Sections II.A-E of Multimedia Patent Trust's Opposition to Defendants' Motions for Summary Judgment on Trust-Related Issues, Case No. 02-CV-2060 B (CAB), filed August 31, 2007 (D.I. 2016) as if fully set forth herein.

## III.    SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure authorize entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the party moving for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating that there is an absence of evidence to support the non-moving party's case." *Travelers Indem. Co. of Conn. v. Walker & Zanger, Inc.*, 221 F. Supp. 2d 1224, 1229 (S.D. Cal. 2002), *quoting Celotex*, 477 U.S. at 325.

## IV.    ARGUMENT

### A.    Lucent Is Entitled To Summary Judgment On Defendants' DUFTA Claims.

Each of the Defendants alleges that Lucent violated the Delaware Uniform Fraudulent Transfer Act, 6 Del. Code Ann. §§ 1301 *et seq*. ("DUFTA"), when Lucent created Multimedia Patent Trust and assigned the Video Coding Patents-in-Suit to the Trust on November 28, 2006. As set forth below, however, Defendants have failed to state a legally cognizable theory under DUFTA, entitling Lucent to summary judgment.

Claims under DUFTA can be premised on either Section 1304 or Section 1305 of the Act.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LUCENT'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' REMAINING TRUST RELATED COUNTERCLAIMS

Case No. 07-CV-2000 H (CAB), severed from Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB), and Case No. 03-CV-1108 B (CAB)

1    Under Section 1304(a)(1), which addresses actual fraud, "a transfer made or obligation incurred by a

2    *debtor* is fraudulent as to a *creditor*, whether the creditor's claim arose before or after the transfer

3    was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation

4    with actual intent to hinder, delay or defraud any creditor of the debtor." 6. Del. Code Ann.

5    § 1304(a)(1) (emphasis added). Section 1304(a)(2), on the other hand, addresses constructive fraud,

6    and deems fraudulent as to a *creditor* a transfer made by a *debtor* that is made "without receiving a

7    reasonably equivalent value in exchange for the transfer or obligation, and the debtor (a) was

8    engaged or was about to engage in a business or a transaction for which the remaining assets of the

9    debtor were unreasonably small in relation to the business or transaction; or (b) intended to incur, or

10   believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's

11   ability to pay as they became due." 6. Del. Code Ann. § 1304(a)(2).

12        Section 1305, which is limited to alleged claims that arose before the purported fraudulent

13   transfer was made, deems that a transfer "by a *debtor* is fraudulent as to a *creditor*" where "the

14   debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value

15   in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor

16   became insolvent as a result of the transfer or obligation," or where "the transfer was made to an

17   insider for an antecedent debt, the debtor was insolvent at that time and the insider had reasonable

18   cause to believe that the debtor was insolvent." 6 Del. Code Ann. § 1305(a) and (b) (emphasis

19   added).

20        Based on the factual record, and regardless of which DUFTA claim Defendants pursue,

21   Lucent is entitled to summary judgment. Most fundamentally, Lucent is not, nor has it ever been, a

22   creditor of Defendants within the meaning of DUFTA. Under DUFTA, a creditor is "a person who

23   has a claim against a debtor," where "claim" is defined as a "right to *payment*, whether or not the

24   right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

25   disputed, undisputed, legal, equitable, secured or unsecured." 6 Del. Code Ann. § 1301(3) and (4)

26   (emphasis added). Defendants *never* had a right to *payment* that Lucent avoided through assignment

27   of the Video Coding Patents-in-Suit to Multimedia Patent Trust. Indeed, at the time of the

28

1  assignment, **Lucent was a creditor of Defendants**:  each of the Defendants was liable to Lucent for

2  its infringement of the Video Coding Patents-in-Suit.

3       In defiance of the plain language of the statute, Defendants assert that a "claim" extends

4  beyond a "right to ***payment***" and includes their alleged equitable right to a license the Video Coding

5  Patents-in-Suit.  To support their position, Defendants have looked to the United States Bankruptcy

6  Code, previously arguing that the term "claim" in the Bankruptcy Code encompasses any legal

7  obligation.  (*See, e.g.*, Microsoft's Aug. 17, 2007 Mot. for Summ. J. on Counterclaims and Defenses

8  Related to Multimedia Patent Trust 16-17.)  To the contrary, under the Bankruptcy Code, consistent

9  with the statutory language of DUFTA, an obligation not reducible to a monetary payment cannot

10  constitute a "claim."

11       The Third Circuit considered this issue in *In re Ben Franklin Hotel Assocs.*, 186 F.3d 301 (3d

12  Cir. 1999).  There, an ousted partner sued to recover its interest in a hotel development partnership.

13  The partnership later declared bankruptcy and the issue arose as to whether the partnership's alleged

14  obligation to restore the ousted partner's interest was a "claim" under the Bankruptcy Code.  The

15  Third Circuit noted that the definition of a claim included "the right to an equitable remedy for

16  breach of performance *if such breach gives rise to a right of payment . . . ,*" and concluded that an

17  equitable right to reinstatement in a partnership was *not reducible to a monetary payment* and

18  therefore not a claim.  *Id*. at 304 (emphasis added); *accord In re Davis*, 3 F.3d 113 (5th Cir. 1993);

19  *In re Roxse Homes*, 74 B.R. 810 (Bankr. D. Mass. 1987).  As in *Ben Franklin*, Defendants claim to a

20  license to the Video Coding Patents-in-Suit is a claim to an equitable right no more reducible to a

21  monetary payment than the right to partnership reinstatement at issue in *Ben Franklin*.  Thus,

22  Defendants were not creditors of Lucent and therefore are not entitled to avail themselves of the

23  relief afforded by DUFTA.

24       Moreover, as of November 28, 2006, Lucent had no obligations to MPEG-LA and

25  Defendants had no claim to a license through that organization.  Nor can Defendants claim to have

26  been "future" creditors of Lucent based on some alleged expectation to receive a license after the

27  merger.  Consistent with DUFTA's requirement that a creditor have a right to ***payment***, a "'future

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF LUCENT'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANTS' REMAINING TRUST
RELATED COUNTERCLAIMS

4

Case No. 07-CV-2000 H (CAB), severed from
Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB),
and Case No. 03-CV-1108 B (CAB)

1  creditor' does not exist unless a conveying party can reasonably foresee incurring **the costs** of a

2  claim or judgment at the time of the conveyance." *Leopold v. Tuttle*, 549 A.2d 151, 154 (Pa. Super.

3  1988)  In other words, under DUFTA a future creditor must have a right to the transferor's **money**.

4  *See, e.g.,* John E. Sullivan III, FUTURE CREDITORS AND FRAUDULENT TRANSFERS: WHEN A

5  CLAIMANT DOESN'T HAVE A CLAIM, WHEN A TRANSFER ISN'T A TRANSFER, WHEN FRAUD DOESN'T

6  STAY FRAUDULENT, AND OTHER IMPORTANT LIMITS TO FRAUDULENT TRANSFERS LAW FOR THE

7  ASSET PROTECTION PLANNER, 22 Del. J. Corp. L. 955, 977 (1997).  Thus, Lucent's alleged post-

8  merger future obligation to license the patents-in-suit could not constitute a "claim" under DUFTA

9  as a matter of law, because a purported obligation to license is not a right to payment.

10      Defendants have failed to proffer any authority suggesting otherwise.  The cases previously

11  cited by Defendants are all inapposite. (*See, e.g.*, D.I. 80 of case no. 07-CV-0747 H (CAB),

12  Microsoft's Aug. 27, 2007 Opp'n to Lucent's Mot. to Dismiss Microsoft's Third Party Compl.

13  Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) at 13.)  *McClellan* and *In re Andrews* are both

14  easily distinguishable in that they involve purely monetary claims.  *McClellan v. Cantrell*, 217 F.3d

15  890 (7th Cir. 2000) (money debt for purchase of machinery); *In re Andrews*, 239 F.3d 708 (5th Cir.

16  2001) (money judgment from prior lawsuit).  *Harbinger Capital Partners Master Fund I, Ltd. v.*

17  *Granite Broadcasting Corp.*, which Defendants have argued stands for the proposition that the term

18  "claim" should be interpreted broadly, actually finds that the term "claim" should be construed very

19  narrowly, applying to the situation where there is a right to **payment**.  906 A.2d 218, 230 (Del. Ch.

20  2006)  In *Harbinger*, the plaintiff was a preferred shareholder of the defendant corporation and sued

21  the defendant to enjoin certain sales of assets that it believed constituted a fraudulent transfer.  The

22  Court found that preferred shareholders were not creditors of the corporation because, even though

23  the corporation owed contractual legal obligations to its preferred shareholders, the preferred shares

24  provide no guaranteed right of **payment**.  *Harbinger*, 906 A.2d at 230 (holding that the preferred

25  shares did not constitute the necessary debt instrument:  "But the fundamental reason that the

26  preferred shares are equity is that they provide no guaranteed right of payment.")

27      Thus, because a purported obligation to grant a patent license is not a right to payment, it is

28

1   not a "claim" within the meaning of DUFTA.  Defendants cannot be considered "creditors" of

2   Lucent and therefore cannot maintain an action under DUFTA.  Lucent is therefore entitled to

3   summary judgment.

4       **B.      Lucent is Entitled to Summary Judgment on Defendants' Delaware Common
                  Law Fraud Claims.**

5

6           Lucent is also entitled to summary judgment on Defendants' Delaware common law fraud

7   claims.  The elements of common law fraud under Delaware law are: 1) a false representation,

8   usually one of fact; 2) the defendant's knowledge or belief that the representation was false, or was

9   made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain

10  from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation;

11  and 5) damage to the plaintiff as a result of such reliance.  *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*,

12  901 A.2d 106, 115 (Del. 2006).  Fraud may also occur through deliberate concealment of material

13  facts.  *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983).  But whether a fraud

14  claim is based on false representation or deliberate concealment, "both require an intentional

15  deception of the plaintiff by the defendant, which the plaintiff relies upon to his detriment."  *See,*

16  *e.g.*, *Lock v. Schreppler*, 426 A.2d. 856, 861 (Del. Super. Ct. 1981).  No evidence exists in this case

17  of even a ***single element*** of a common law fraud claim.

18          First, no evidence exists that Lucent made a material misrepresentation ***to Defendants***, or

19  concealed material facts ***from Defendants*** in the face of a duty to speak, concerning creation of the

20  Trust or the assignment of the Video Coding Patents-in-Suit to the Trust.  To the contrary, Lucent

21  informed Defendants on August 14, 2006 (D.I. 1981, Ex. 20 at 14) that it intended to take steps to

22  ensure that the Video Coding Patents-in-Suit would remain outside the MPEG LA patent pool after

23  completion of the Lucent/Alcatel merger.  Second, because no evidence exists of a material

24  misrepresentation by Lucent, no evidence exists that Lucent made such misrepresentation with

25  knowledge or belief that the misrepresentation was false or with reckless indifference to the truth.

26  Third, no evidence exists that Lucent intended to induce Defendants to act or to refrain from acting.

27          Finally, no evidence exists that Defendants relied in any way on any alleged Lucent

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF LUCENT'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANTS' REMAINING TRUST
RELATED COUNTERCLAIMS                         6                    Case No. 07-CV-2000 H (CAB), severed from
                                                                   Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB),
                                                                   and Case No. 03-CV-1108 B (CAB)

1  misrepresentation or concealment.  Defendants have previously argued that had they known about

2  Lucent's plans they would have moved for an injunction, but even assuming Defendants had

3  standing to file such a motion, ***Lucent informed them in August 2006 that it was taking steps to***

4  ***keep the Video Coding Patents-in-Suit out of the MPEG LA pool***.  (D.I. 1981, Ex. 20 at 14)

5  Defendants thus had all the information they needed in August 2006 to take any action available to

6  them.  They declined to do so.  And finally, because there is no evidence of any reliance by

7  Defendants, there is no evidence of any damage to Defendants suffered as a result of reliance.

8  Lucent is therefore entitled to summary judgment on Defendants' common law fraud claims.

9        **C.    Lucent Is Entitled To Summary Judgment On Microsoft's Claim For**
              **Declaratory Judgment That The Patent Assignment From Lucent To The Trust**
10            **Was A Void Act.**

11         Lucent is also entitled to summary judgment on Microsoft's claim for declaratory judgment

12  that the assignment of the Video Coding Patents-in-Suit was a void act.  The sole alleged basis for

13  this claim is Microsoft's contention that the assignment was violated Section 5.01(j) of the Merger

14  Agreement between Lucent and Alcatel, (D.I. 1981, Ex. 7), because Lucent purportedly transferred

15  material assets — the Video Coding Patents-in-Suit — before the close of the merger without

16  Alcatel's consent.  But this Court has already ruled in Lucent's favor on this issue.  In its October 1,

17  2007 Summary Judgment Order, this Court specifically held that "the divestiture of the two patents

18  to MPT with Alcatel's consent was not a violation of the Merger Agreement. Accordingly, the

19  transfer of the patents from Lucent to MPT was effective."  (Oct 1, 2007 Order at 9.)  On December

20  7, 2007, this Court declined to reconsider that ruling.  (D.I. 113, December 7, 2007 Order at 2)

21  Thus, although the Court did not formally grant summary judgment on Microsoft's declaratory-

22  judgment claim — which Microsoft introduced into its pleadings too late to be formally considered

23  — the Court's finding that there no violation of Section 5.01(j) occurred is dispositive of Microsoft's

24  declaratory-judgment claim.  Lucent is therefore entitled to summary judgment.[7]

25  _____

26  [7] Even if the Court had not found that there was no violation of Section 5.01(j), Lucent would still be
   is entitled to summary judgment.  Section 5.01(j) was a covenant, *i.e.*, a promise, not to do

27                                                              (Continued…)

28

**D.    Lucent is Entitled to Summary Judgment on Gateway's Section 17200 Claim.**

Lucent is also entitled to summary judgment on Gateway claim for violation of California

Business and Professions Code § 17200 *et seq.* ("Section 17200").  Section 17200 defines "unfair

competition" as including "any unlawful, unfair or fraudulent business act or practice."  Cal Bus. &

Prof. Code § 17200.   In supports of its Section 17200 claim,  Gateway makes the following

allegations.

> 454.  Lucent has misled, and continues to mislead, Gateway and the public by its false representations that it is upholding its obligations to the MPEG LA licensing consortium.

> 455.  Lucent fraudulently, misleadingly, and intentionally misrepresented that it assigned its entire right, title, and interest in and to the Patents-In-Suit to MPT, including alleged rights to sue for past infringement, knowing that the alleged assignment was made solely to circumvent Alcatel-Lucent's obligations to Gateway and other members of the MPEG LA licensing consortium in light of ongoing and current litigation.

(D.I. 2085,  ¶¶ 454-455.)

Because Gateway's Section 17200 claim against Lucent is grounded in the fraud prong of

Section 17200, Gateway must prove that Lucent made a misrepresentation, and that the public, *i.e.*,

consumers, are likely to be deceived by Lucent's misrepresentation.  *Vess v. Ciba-Geigy Corp., USA*,

317 F.3d 1097, 1106 (9th Cir. 2003); *see Terarecon, Inc. v Fovia, Inc.*, 2006 WL 2691405 at *2

(N.D. Cal. Sep. 20, 2006); *Bardin v. Daimler-Chrysler Corp.*, 39 Cal. Rptr. 3d 634, 636 (Cal. Ct.

App. 2006).  Gateway, however, had adduced no evidence regarding either of these requirements.

First, no evidence exists that Lucent made any representations to anyone that "it is upholding

its obligations to the MPEG LA licensing consortium."  Indeed, Lucent is not a member of MPEG

---

something.  To the extent Lucent had broken its promise in Section 5.01(j) by assigning the Video
Coding Patents-in-Suit to Multimedia Patent Trust — which it did not — then the remedy for that
broken promise would have been a breach of contract action by Alcatel against Lucent.  There is
simply no legal authority for the proposition that Section 5.01(j) — a contractual covenant —
divested Lucent of its title to the Video Coding Patents-in-Suit, including its right as owner to assign
the Video Coding Patents-in-Suit to a third-party.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF LUCENT'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANTS' REMAINING TRUST
RELATED COUNTERCLAIMS

8

Case No. 07-CV-2000 H (CAB), severed from
Case No. 02-CV-2060 B (CAB), Case No. 03-CV-0699 B (CAB),
and Case No. 03-CV-1108 B (CAB)

1  LA, and thus **has no obligations** to MPEG LA.  The fact that Lucent is a subsidiary of Alcatel does

2  not make it a party to Alcatel's contracts.  *E.g.*, *Maltz v. Union Carbide Chems. & Plastics Co., Inc.*,

3  992 F. Supp. 286, 300 (S.D.N.Y. 1998) ("Generally, parent and subsidiary corporations are treated

4  as separate legal entities, and a contract by one does not legally bind the other.")  Nor did Lucent

5  ever misrepresent that it "assigned its entire right, title, and interest in and to the Patents-In-Suit to

6  MPT."  Lucent did in fact make that assignment, and this Court found in its October 1, 2007

7  Summary Judgment Order that the assignment was effective.  (Oct. 1, 2007 Order at 4-9.)  There is

8  thus no evidence of any misrepresentation by Lucent.

9      Second, no evidence exists that any member of the public — *i.e.*, **consumers** —would be

10  deceived by any alleged Lucent conduct.  A Section 17200 claim must show "that members of the

11  public are likely to be deceived."  *Bardin*, 39 Cal. Rptr 3d at 647.  In *Bardin*, a Section 17200 fraud

12  claim was dismissed because the Defendants asserted unsupported, conclusory statements that the

13  public was likely to be deceived.  *Id.*  at 647-48; *see Daugherty v. Am. Honda Motor Co.*, 51 Cal.

14  Rptr. 3d 118, 127-28 (Cal. Ct. App. 2007) (dismissing a Section 17200 claim where complainant

15  failed to show that the defendant "gave any information . . . which could have the likely effect of

16  misleading the public. . .").  Similarly, no record evidence exists to support Gateway's bare

17  allegations that Lucent "misled and continues to mislead . . . Gateway and the public by its false

18  representations . . ."  (D.I. 2085, ¶ 454.)  Lucent is therefore entitled to summary judgment.

19      **E.      Because Lucent Is Entitled To Summary Judgment On The Above Claims,**
20      **Defendants Cannot Prevail At Trial On Their Claims For Tortuous Interference**
        **With Prospective Economic Advantage.**

21      Because Lucent is entitled to summary judgment on Defendants' remaining trust-related

22  claims of fraudulent transfer, common law fraud, and unfair competition under Section 17200,

23  Defendants cannot prevail at trial on their claims for tortuous interference with prospective

24  economic advantage.  To prevail on those claims, Defendants would need to prove that Lucent's

25  alleged interference was undertaken "with malice" by some measure beyond the fact of the

26  interference itself.  *See, e.g., Velop, Inc. v. Kaplan*, 693 A.2d 917, 926 (N.J. Super. Ct. App. Div.

27  1997).  Although the Court denied summary judgment on Defendants' tortious interference claims in

28

1    its October 1, 2007 Order, the Court expressly recognized the "malice" requirement:

2        "Malice is defined to mean that the harm was inflicted intentionally and without
         justification or excuse." *Printing Mart-Morristown*, 563 A.2d at 37. "The
3        conduct must be both 'injurious and transgressive of generally accepted standards
         of common morality or of law.'" *Lamorte Burns*, 770 A.2d at 1170-71. A
4        business-related reason may provide a justification where the motive, purpose,
         and means used can be justified by the alleged interfering party. *Id*. At 1171.
5        However, "[t]he line clearly is drawn at conduct that is fraudulent, dishonest, or
         illegal." *Id.* at 1170.
6

7    October 1, 2007 Order at 22. In holding that an issue of fact existed regarding this element, the

8    Court expressly noted that the Defendants had other claims pending including "alleged violations of

9    the Delaware Uniform Fraudulent Transfers Act" that might provide the basis for the requisite

10   showing. *Id.* Because Lucent is entitled to summary judgment on those remaining claims, however,

11   it is now clear that Defendants will not be able to prove "malice." This Court should therefore enter

12   summary judgment on this claim as well.

13   **V.    CONCLUSION**

14       For the foregoing reasons, Lucent's motion for summary judgment should be granted in its

15   entirety.

16   Dated: December 10, 2007

17                                    By:  _____s/David A. Hahn_____
                                          David A. Hahn, SBN 125784
18                                        HAHN & ADEMA
                                          501 West Broadway, Suite 1600
19                                        San Diego, California 92101-3595
                                          Telephone: (619) 235-2100
20                                        Facsimile: (619) 235-2101

21                                        John M. Desmarais (admitted *pro hac vice*)
                                          Robert A. Appleby (admitted *pro hac vice*)
22                                        James Marina (admitted *pro hac vice*)
                                          KIRKLAND & ELLIS LLP
23                                        153 East 53rd Street
                                          New York, New York 10022
24                                        Telephone: (212) 446-4800
                                          Facsimile: (212) 446-4900
25
                                          Attorneys for *Lucent Technologies Inc.*
26

27

28