1  James S. Blackburn (State Bar No. 169134)
   ARNOLD & PORTER LLP
2  777 South Figueroa Street, 44th Floor
   Los Angeles, California  90017-5844
3  Telephone:  (213) 243-4000
   Facsimile:  (213) 243-4199
4
   Joseph A. Micallef (admitted *pro hac vice*)
5  ARNOLD & PORTER LLP
   555 Twelfth Street, N.W.
6  Washington, D.C.  20004-1206
   Telephone:  (202) 942-5000
7  Facsimile:  (202) 942-5999

8  Joel M. Freed (admitted *pro hac vice*)
   McDERMOTT WILL & EMERY LLP
9  600 13th Street, N.W.
   Washington, D.C.  20005-3096
10 Telephone:  (202) 756-8000
   Facsimile:  (202) 756-8087
11
   Attorneys for *Dell Inc.*
12

13                   **UNITED STATES DISTRICT COURT**

14                 **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 LUCENT TECHNOLOGIES INC. and        )   Case No. 07-CV-2000-H (CAB)
   MULTIMEDIA PATENT TRUST,            )   consisting of matters severed from
17                                     )   consolidated cases:
        Plaintiffs and Counterclaim-defendants, )   Case No. 02-CV-2060 B (CAB)
18                                     )   Case No. 03-CV-0699 B (CAB)
        v.                             )   Case No. 03-CV-1108 B (CAB)
19                                     )
   GATEWAY, INC. AND GATEWAY           )
20 COUNTRY STORES LLC, GATEWAY         )   **THIRD AMENDED ANSWER AND**
   COMPANIES, INC., GATEWAY            )   **COUNTERCLAIMS OF DELL INC.**
21 MANUFACTURING LLC and               )   **IN REPLY TO SECOND AMENDED**
   COWABUNGA ENTERPRISES, INC.,        )   **COMPLAINT IN CASE NO.**
22                                     )   **03-CV-1108 B (CAB)**
        Defendants and Counter-claimants, )
23                                     )
   and                                 )   JURY TRIAL DEMANDED
24                                     )
   MICROSOFT CORPORATION,              )
25                                     )
        Intervener and Counter-claimant, )
26                                     )
                                       )
27 _____ )

28

1  MICROSOFT CORPORATION,                          )
                                                   )
2          Plaintiff and Counter-defendant,        )
                                                   )
3  v.                                              )
                                                   )
4  LUCENT TECHNOLOGIES INC. and                    )
   MULTIMEDIA PATENT TRUST,                         )
5                                                   )
           Defendants and Counter-claimants,       )
6                                                   )
                                                   )
7  LUCENT TECHNOLOGIES INC. and                    )
   MULTIMEDIA PATENT TRUST,                         )
8                                                   )
           Plaintiffs and Counterclaim-defendants, )
9                                                   )
   v.                                               )
10                                                  )
   DELL INC.,                                       )
11                                                  )
           Defendant and Counter-claimant.         )
12                                                  )

**THIRD ANSWER AND COUNTERCLAIMS OF DELL INC.**

**IN REPLY TO SECOND AMENDED COMPLAINT IN CASE NO. 03-CV-1108 B (CAB)**

Defendant Dell Inc. ("Dell"), through counsel, answers the Second Amended Complaint in Case No. 03-CV-1108 B (CAB) of Plaintiffs Lucent Technologies Inc. ("Lucent") and Multimedia Patent Trust [Docket No. 922], and sets forth affirmative and other defenses, and counterclaims, as follows:

**THE PARTIES**

1.      Paragraph 1 of the complaint is admitted.

2.      Paragraph 2 of the complaint is denied.

3.      Dell admits that Multimedia Patent Trust purports to be a Delaware Statutory Trust organized under the Delaware Statutory Trust Act, 12 Del. C. §§ 3801, *et seq.*, but Dell has insufficient information to otherwise admit or deny and therefore denies the same and puts Plaintiffs to their proof.

4.      Paragraph 4 of the complaint is admitted.

5.      Paragraph 5 of the complaint is admitted.

**NATURE OF THE ACTION**

6.      Paragraph 6 of the complaint is admitted.

**JURISDICTION AND VENUE**

7.      Paragraph 7 of the complaint is admitted.

8.      Venue and personal jurisdiction are admitted, but Paragraph 8 of the complaint is otherwise denied.

**THE PARTIES**

9.      Paragraph 9 of the complaint is denied, except it is admitted that Exhibit A to the complaint is a copy of the Fleming '759 patent issued on March 27, 1984.

10.      Paragraph 10 of the complaint is denied, except it is admitted that Exhibit B to the complaint is a copy of the Ketchum '781 patent issued on March 20, 1990.

11.      Paragraph 11 of the complaint is denied, except it is admitted that Exhibit C to the complaint is a copy of the Haskell '226 patent issued on September 18, 1990.

- 1 -

12.     Paragraph 12 of the complaint is denied, except it is admitted that Exhibit D to the complaint is a copy of the Puri '878 patent issued on July 13, 1993.

13.     Paragraph 13 of the complaint is denied, except it is admitted that Exhibit E to the complaint is a copy of the Agulnick '295 patent issued on September 13, 1994.

14.     Paragraph 14 of the complaint is denied, except it is admitted that Exhibit F to the complaint is a copy of the Ackerman '131 patent issued on July 15, 1997.

15.     Paragraph 15 of the complaint is denied, except it is admitted that Exhibit G to the complaint is a copy of the Torok '956 patent issued on March 2, 1982.

16.     Paragraph 16 of the complaint is denied, except it is admitted that Exhibit H to the complaint is a copy of the Netravali '272 patent issued on May 10, 1983.

17.     Paragraph 17 of the complaint is denied, except it is admitted that Exhibit I to the complaint is a copy of the Doughty '956 patent issued on April 15, 1986, with a reexamination certificate issued on September 20, 1994.

18.     Paragraph 18 of the complaint is denied, except that it is admitted that Exhibit J to the complaint is a copy of the Jayant '676 patent issued on October 14, 1986.

19.     Paragraph 19 of the complaint is denied, except that it is admitted that Exhibit K to the complaint is a copy of the Atal '954 patent issued on October 20, 1987.

20.     Paragraph 20 of the complaint is denied, except that it is admitted that Exhibit L to the complaint is a copy of the Day '356 patent issued on August 9, 1988.

21.     Subject to the denials in paragraphs 9-20 above, paragraph 21 of the complaint is admitted.

22.     Dell has insufficient information about the assertions in paragraph 22 of the complaint and accordingly denies them.

23.     Dell has insufficient information about the assertions in paragraph 23 of the complaint and accordingly denies them.

24.     Paragraph 24 of the complaint is admitted.

- 2 -

1          **COUNT I**

2     **(Patent Infringement of United States Patent No. 4,439,759)**

3          25.    Paragraph 25 of the complaint incorporates other paragraphs of the complaint, and

4     Dell incorporates its response to those other paragraphs.

5          26.    Paragraph 26 of the complaint is denied.

6          27.    Paragraph 27 of the complaint is denied.

7          28.    Paragraph 28 of the complaint is denied.

8          29.    Paragraph 29 of the complaint is denied.

9          30.    Paragraph 30 of the complaint is denied.

10         31.    Paragraph 31 of the complaint is denied.

11         **COUNT II**

12    **(Patent Infringement of United States Patent No, 4,910,781)**

13         32.    Paragraph 32 of the complaint is admitted.

14         33.    Paragraph 33 of the complaint is admitted.

15         34.    Paragraph 34 of the complaint is admitted.

16         35.    Paragraph 35 of the complaint is admitted.

17         36.    Paragraph 36 of the complaint is admitted.

18         37.    Paragraph 37 of the complaint is admitted.

19         38.    Paragraph 38 of the complaint is admitted.

20         **COUNT III**

21    **(Patent Infringement of United States Patent No. 4,958,226)**

22         39.    Paragraph 39 of the complaint incorporates other paragraphs of the complaint, and

23    Dell incorporates its response to those other paragraphs.

24         40.    Paragraph 40 of the complaint is denied.

25         41.    Paragraph 41 of the complaint is denied.

26         42.    Paragraph 42 of the complaint is denied.

27         43.    Paragraph 43 of the complaint is denied.

28         44.    Paragraph 44 of the complaint is denied.

- 3 -

1    45.    Paragraph 45 of the complaint is denied.

2                              **COUNT IV**

3              **(Patent Infringement of United States Patent No. 5,227,878)**

4    46.    Paragraph 46 of the complaint is admitted.

5    47.    Paragraph 47 of the complaint is admitted.

6    48.    Paragraph 48 of the complaint is admitted.

7    49.    Paragraph 49 of the complaint is admitted.

8    50.    Paragraph 50 of the complaint is admitted.

9    51.    Paragraph 51 of the complaint is admitted.

10    52.    Paragraph 52 of the complaint is admitted.

11                              **COUNT V**

12              **(Patent Infringement of United States Patent No. 5,347,295)**

13    53.    Paragraph 53 of the complaint incorporates other paragraphs of the complaint, and

14    Dell incorporates its response to those other paragraphs.

15    54.    Paragraph 54 of the complaint is denied.

16    55.    Paragraph 55 of the complaint is denied.

17    56.    Paragraph 56 of the complaint is denied.

18    57.    Paragraph 57 of the complaint is denied.

19                              **COUNT VI**

20              **(Patent Infringement of United States Patent No. 5,649,131)**

21    58.    Paragraph 58 of the complaint incorporates other paragraphs of the complaint, and

22    Dell incorporates its response to those other paragraphs.

23    59.    Paragraph 59 of the complaint is denied.

24    60.    Paragraph 60 of the complaint is denied.

25    61.    Paragraph 61 of the complaint is denied.

26    62.    Paragraph 62 of the complaint is denied.

27    63.    Paragraph 63 of the complaint is denied.

28    64.    Paragraph 64 of the complaint is denied.

- 4 -

1    **COUNT VII**

2    **(Patent Infringement of United States Patent No. 4,317,956)**

3    65.    Paragraph 65 of the complaint incorporates other paragraphs of the complaint, and

4    Dell incorporates its response to those other paragraphs.

5    66.    Paragraph 66 of the complaint is denied.

6    67.    Paragraph 67 of the complaint is denied.

7    68.    Paragraph 68 of the complaint is denied.

8    69.    Paragraph 69 of the complaint is denied.

9    70.    Paragraph 70 of the complaint is denied

10    71.    Paragraph 71 of the complaint is denied.

11    **COUNT VIII**

12    **(Patent Infringement of United States Patent No. 4,383,272)**

13    72.    Paragraph 72 of the complaint incorporates other paragraphs of the complaint, and

14    Dell incorporates its response to those other paragraphs.

15    73.    Paragraph 73 of the complaint is denied.

16    74.    Paragraph 74 of the complaint is denied.

17    75.    Paragraph 75 of the complaint is denied.

18    76.    Paragraph 76 of the complaint is denied.

19    77.    Paragraph 77 of the complaint is denied.

20    78.    Paragraph 78 of the complaint is denied.

21    **COUNT IX**

22    **(Patent Infringement of United States Patent No. 4,582,956)**

23    79.    Paragraph 79 of the complaint incorporates other paragraphs of the complaint, and

24    Dell incorporates its response to those other paragraphs.

25    80.    Paragraph 80 of the complaint is denied.

26    81.    Paragraph 81 of the complaint is denied.

27    82.    Paragraph 82 of the complaint is denied.

28    83.    Paragraph 83 of the complaint is denied.

- 5 -

84.    Paragraph 84 of the complaint is denied.

85.    Paragraph 85 of the complaint is denied.

## COUNT X

### (Patent Infringement of United States Patent No. 4,617,676)

86.    Paragraph 86 of the complaint is admitted.

87.    Paragraph 87 of the complaint is admitted.

88.    Paragraph 88 of the complaint is admitted.

89.    Paragraph 89 of the complaint is admitted.

90.    Paragraph 90 of the complaint is admitted.

91.    Paragraph 91 of the complaint is admitted.

92.    Paragraph 92 of the complaint is admitted.

## COUNT XI

### (Patent Infringement of United States Patent No. 4,701,954)

93.    Paragraph 93 of the complaint incorporates other paragraphs of the complaint, and Dell incorporates its response to those other paragraphs.

94.    Paragraph 94 of the complaint is denied.

95.    Paragraph 95 of the complaint is denied.

96.    Paragraph 96 of the complaint is denied.

97.    Paragraph 97 of the complaint is denied.

98.    Paragraph 98 of the complaint is denied.

99.    Paragraph 99 of the complaint is denied.

## COUNT XII

### (Patent Infringement of United States Patent No. 4,763,356)

100.    Paragraph 100 of the complaint incorporates other paragraphs of the complaint, and Dell incorporates its response to those other paragraphs.

101.    Paragraph 101 of the complaint is denied.

102.    Paragraph 102 of the complaint is denied.

103.    Paragraph 103 of the complaint is denied.

- 6 -

1    104.    Paragraph 104 of the complaint is denied.

2    105.    Paragraph 105 of the complaint is denied.

3    106.    Paragraph 106 of the complaint is denied.

4                              **COUNT XIII**

5                  **AFFIRMATIVE AND OTHER DEFENSES**

6    107.    Each of the Patents-in-Suit are invalid for failure to meet one or more of the

7    conditions for patentability specified in Title 35, United States Code, particularly Sections 102, 103,

8    and 112.

9    108.    Dell has not infringed, contributed to, or induced infringement of any of the Patents-

10   in-Suit.

11   109.    Claims by Plaintiffs for damages for past infringement are barred by laches and by

12   35 U.S.C. Sections 286 and 287.

13   110.    Multimedia Patent Trust's claims and demands for relief for infringement of the

14   Haskell '226 patent and the Netravali '272 patent are barred by Dell's Patent Portfolio License

15   executed by MPEG LA, L.L.C.

16   111.    Plaintiffs' claims for relief are barred by the doctrines of waiver, laches, implied

17   license, and/or exhaustion.

18   112.    28 U.S.C. § 1498(a) bars the relief sought by Plaintiffs.

19   113.    On information and belief, Lucent alleges that compliance with the VESA Bios

20   Extension ("VBE") standard infringes the Fleming '759 patent.  The VBE standard was developed

21   by Video Electronics Standards Association ("VESA").  VESA's policies and procedures required

22   participants in the standards development process to disclose the existence of any patents known to

23   the participants that might cover the standard under development.  On information and belief,

24   AT&T participated in the development of the VBE standard, but failed to disclose the existence of

25   the Fleming '759 patent to VESA.  Lucent, as AT&T's successor-in-interest, is therefore estopped

26   from asserting that the VBE standard infringes the Fleming '759 patent.

27   114.    On information and belief, the claims of the Haskell '226 patent are unenforceable as

28   a result of the inequitable conduct of the applicants, their attorneys and/or agents in the prosecution

- 7 -

1  of the Haskell '226 patent.  Dell alleges that said inequitable conduct comprised intentional

2  misrepresentations and omissions including, without limitation, the following:

3          a)      The sworn statement signed by the applicants on or about September 25, 1989, stated

4  in pertinent part:  "I believe I am an original, first and joint inventor of the subject matter which is

5  claimed and for which a patent is sought on the invention entitled Conditional Motion Compensated

6  Interpolation of Digital Motion Video the specification of which is attached hereto . . . . I

7  acknowledge the duty to disclose information which is material to the examination of this

8  application in accordance with Title 37, Code of Federal Regulations, 1.56(a)."

9          b)      Barry G. Haskell, one of the named inventors on the Haskell '226 patent, and Arun

10  N. Netravali are the co-authors of a book entitled DIGITAL PICTURES:  REPRESENTATION

11  AND COMPRESSION, which was published more than one year prior to the date of the application

12  for the Haskell '226 patent.  DIGITAL PICTURES:  REPRESENTATION AND COMPRESSION

13  was highly material to the prosecution of the Haskell '226 patent.  Nevertheless, the inventors failed

14  to cite this material reference during the examination of the Haskell '226 patent, as required under

15  37 C.F.R. § 1.56.

16          115.    The Netravali '272 patent is unenforceable by virtue of inequitable conduct.  The

17  claims of the Netravali '272 patent are unenforceable as a result of the inequitable conduct of the

18  applicants, their attorneys and/or agents in the prosecution of the Netravali '272 patent.  Dell alleges

19  that said inequitable conduct comprised intentional misrepresentations and omissions including,

20  without limitation, the following:

21          a)      The sworn statement signed by the applicants on or about April 2 and April 3, 1981,

22  stated in pertinent part that:  "I am the original, first and sole inventor . . . or a joint inventor . . . of

23  the invention entitled Video Signal Interpolation Using Motion Estimation described and claimed in

24  the attached specification; I do not know and do not believe the same was ever known or used in the

25  United States of America before my or our invention thereof or more than one year prior to this

26  application; to the best of my knowledge and belief the same was not in public use or on sale in the

27  United States of America more than one year prior to this application; . . . I acknowledge my duty to

28

- 8 -

disclose information of which I am aware which is material to the examination of this

application . . . ."

b)     On May 11, 1979, John O. Limb and Arun N. Netravali, one of the named inventors

on the Netravali '272 patent, submitted an article entitled "Picture Coding: A Review" for

publication in the PROCEEDINGS OF THE IEEE, Vol. 68, No. 3, p. 366.  The article was

published in March 1980.  The article was highly material to the examination of the Netravali '272

patent and thus was required to be cited during the prosecution under 37 C.F.R. § 1.56.

Nonetheless, the article was not cited during the prosecution of the Netravali '272 patent, in spite of

the fact that Netravali authored the article.

c)     In May 1961 the British Institution of Electrical Engineers published a paper by Drs.

D. Gabor and P. C. J. Hill on "Television Band Compression by Contour Interpolation" ("the Gabor

& Hill paper").  The Gabor & Hill paper was cited in footnote 192 in "Picture Coding: A Review,"

by Limb and Netravali.  Both the Gabor & Hill paper and "Picture Coding: A Review" were

published more than one year prior to the filing date of the Netravali '272 patent.  The Gabor & Hill

paper was highly material to the prosecution of the Netravali '272 patent.  Nevertheless, the

inventors failed to cite this material reference during examination of the Netravali '272 patent, as

required under 37 C.F.R. § 1.56.

d)     In 1971 AT&T published The Bell System Technical Journal that included a paper

by John O. Limb and R. F. W. Pease entitled "A Simple Interframe Coder for Video Telephony"

("the Limb & Pease paper").  The Limb & Pease paper was published more than one year prior to

the filing date of the Netravali '272 patent.  The Limb & Pease paper was cited in a notebook entry

of Dr. Netravali as footnote 3 on January 15, 1979.  The Limb & Pease paper was highly material to

the prosecution of the Netravali '272 patent.  Nevertheless, the inventors failed to cite this material

reference during the examination of the Netravali '272 patent, as required under 37 C.F.R. § 1.56.

116.     The Doughty '956 patent is unenforceable by virtue of inequitable conduct.  The

claims of the  Doughty '956 patent are unenforceable as a result of the inequitable conduct of the

applicants, their attorneys, and/or agents in the reexamination of the Doughty '956 patent.  Dell

1    alleges that said inequitable conduct comprised intentional misrepresentations and omissions

2    including, without limitation, the following:

3           a)      On March 10, 1993, counsel for Doughty, in order to overcome a rejection under 35

4    U.S.C. § 103, argued in reexamination that "the commercial success of the invention" was based on

5    the use of "an unmodulated signal."

6           b)      On June 3, 1993, Robert W. Foster submitted a declaration on behalf of Doughty in

7    the reexamination proceedings that the "basic arrangement conceived by Ms. Doughty prior to the

8    filing of the invention in July 1983 continues to be in use; as a matter of fact its use is increasing

9    rapidly as caller ID is becoming more generally available."

10          c)      On June 4, 1993, counsel for Doughty argued in the reexamination proceedings that

11   the commercial success of the Doughty invention demonstrated secondary considerations of

12   nonobviousness over the combination of the Frank and Baker references.

13          d)      On April 18, 1994, counsel for Doughty noted that the Doughty patent discloses and

14   claims the use of "unmodulated (single frequency) frequency shift keyed (FSK) signal carrying no

15   detectable information" and argued, to overcome the combination of the Frank and Baker

16   references, that an unmodulated signal is one "in which it is impossible to identify individual ones

17   and zeroes."

18          e)      On or before December 1992, Bellcore, on information and belief a successor to the

19   assignee of the Doughty '956 patent, set out in a well-known report entitled Customer Premises

20   Equipment Compatibility Considerations for the Voiceband Data Transmission Interface the

21   protocol of Caller ID as deployed commercially, including the protocol of the channel seizure signal

22   and the mark signal.  This report was highly material to the reexamination of the Doughty '956

23   patent and thus was required to be cited during the reexamination under 37 C.F.R. § 1.555.

24   Nonetheless, the article was not cited during the reexamination of the Doughty '956 patent.

25          f)      Given that the protocol for caller ID was standardized, as set out in the well-known

26   Bellcore report, and differed from that disclosed or claimed in the '956 patent, the statements by

27   Doughty's representatives in the reexamination about commercial success of the Doughty '956

28

- 10 -

1    patent, in the context of the unmodulated signal disclosed or claimed in the Doughty '956 patent,

2    are individually or collectively false or misleading, and material pursuant to 37 C.F.R. § 1.555.

3        117.    On information and belief, the claims of the Fleming '759 patent are unenforceable

4    as a result of the inequitable conduct of the applicants, their attorneys and/or agents in the

5    prosecution of the Fleming '759 patent.  Dell alleges that said inequitable conduct comprised

6    intentional misrepresentations and omissions including, without limitation, the following:

7        a)    The sworn statement signed by the applicants on or about May 18 and May 9, 1981,

8    stated in pertinent part that:  "I am the original, first and sole inventor . . . or a joint inventor . . . of

9    the invention entitled Terminal Independent Color Memory For A Digital Image Display System

10    described and claimed in the attached specification; I do not know and do not believe the same was

11    ever known or used in the United States of America before my or our invention thereof, or patented

12    or described in any printed publication in any country before my or our invention thereof or more

13    than one year prior to this application; to the best of my knowledge and belief the same was not in

14    public use or on sale in the United States of America more than one year prior to this

15    application; . . . I acknowledge my duty to disclose information of which I am aware which is

16    material to the examination of this application. . . ."

17        b)    In August 1979, the Graphics Standards Planning Committee of the Association for

18    Computer Machinery published a report entitled "Status Report of the Graphics Standards Planning

19    Committee" in Computer Graphics, vol. 13, no. 3 (August 1979).  The report was published more

20    than one year prior to the filing date of the Fleming '759 patent.  This report was highly material to

21    the examination of the Fleming '759 patent, and the applicants were aware of this report and cited

22    this report as a reference in, at least, a Bell Laboratories HIS Presentation Level Protocol

23    Specification Issue II Draft dated April 14, 1981 and a Bell Laboratories technical memorandum

24    titled "Videotex Standard Presentation Level Protocol" dated June 11, 1981.  Nonetheless, the

25    applicants did not disclose the report to the U.S. Patent & Trademark Office during the prosecution

26    of the Fleming '759 patent, as required by 37 C.F.R. § 1.56.

27        118.    The Torok '956 patent is unenforceable by virtue of inequitable conduct.  The claims

28    of the Torok '956 patent are unenforceable as a result of the inequitable conduct of the applicants,

- 11 -

1    their attorneys, and/or agents in the prosecution of the Torok '956 patent.  Dell alleges that said

2    inequitable conduct comprised intentional misrepresentations and omissions including, without

3    limitation, the following:

4         a)    The sworn statement signed by the applicants on or about November 5 and

5    November 6, 1981 stated in pertinent part that: "I do not know and do not believe the same was ever

6    known or used in the United States of America before my or our invention thereof, or patented or

7    described in any printed publication in any country before my or our invention thereof or more than

8    one year prior to this application; . . . I acknowledge my duty to disclose information of which I am

9    aware which is material to the examination of this application."

10        b)    Prior to September 1979, at a conference of the Society for Information Display, a

11   paper "Design Considerations for Teleconferencing Systems" ("the Design Considerations paper")

12   by Andrew B. White, an inventor named in the Torok '956 patent, was published.  The Design

13   Considerations paper was published more than one year prior to the filing date of the Torok '956

14   patent.  The Design Considerations paper was highly material to the examination of the Torok '956

15   patent and thus was required to be cited during the prosecution under 37 C.F.R. § 1.56.

16   Nonetheless, the article was not cited during the prosecution of the Torok '956 patent, in spite of the

17   fact that White authored the article.

18        119.   The Ackerman '131 patent is unenforceable by virtue of inequitable conduct.  The

19   claims of the Ackerman '131 patent are unenforceable as a result of the inequitable conduct of the

20   applicants, their attorneys, and/or agents in the prosecution of the Ackerman '131 patent.  Dell

21   alleges that said inequitable conduct comprised intentional misrepresentations and omissions

22   including, without limitation, the following:

23        a)    The sworn statement signed by the applicants on February 8, 1993 stated in pertinent

24   part that: "I believe I am an original, first and joint inventor of the subject matter which is claimed

25   and for which a patent is sought on the invention entitled Communications Protocol the

26   specification of which was filed on December 30, 1992, as application Serial No. 07/998217; … I

27   acknowledge the duty to disclose all information known to me which is material to patentability as

28   defined in Title 37, Code of Federal Regulations, 1.56."

- 12 -

1    b)    U.S. Patent No. 5,195,130 ("the '130 patent") was cited by Examiner U. Chauhan in

2   Group Art Unit 2415 in an Office Action mailed on July 6, 1995 (while the Ackerman '131 patent

3   was still pending) in connection with a different patent application, application No. 08/175,025

4   ("the '025 application") filed by Messrs. Glasser, Karpicke, Ackerman, and Klein (three of whom

5   were named inventors in the Ackerman '131 patent). The '025 application resulted in U.S. Patent

6   No. 5,651,109 ("the '109 patent"). Thirteen of the sixteen figures in the '109 patent also appear in

7   the Ackerman '131 patent. The '130 patent was highly material to the prosecution of the Ackerman

8   '131 patent. Nevertheless, the inventors failed to cite this material reference during the examination

9   of the Ackerman '131 patent, as required under 37 C.F.R. § 1.56.

10                                        **COUNTERCLAIMS**

11        120.    Dell hereby counterclaims against Plaintiffs as follows:

12                                            **FACTS**

13        121.    Lucent Technologies Inc. is a corporation organized under the laws of the State of

14   Delaware with its principal place of business at 600 Mountain Avenue, Murray Hill, New Jersey

15   07974. On or about December 2, 2006, pursuant to an Agreement and Plan of Merger between

16   Lucent and Alcatel, Lucent became a wholly-owned subsidiary and affiliate of Alcatel.

17        122.    Multimedia Patent Trust, according to its complaint herein, is a Delaware statutory

18   trust under the Delaware Statutory Trust Act, 12 Del. C. §§ 3801, *et seq.*

19        123.    Alcatel Lucent (formerly Alcatel SA) is a corporation organized under the laws of

20   the Republic of France with its principal place of business at 54 rue la Boetie, Paris, France 75008,

21   and is the ultimate parent of Lucent. Alcatel Lucent is a licensor and licensee of MPEG LA.

22   Pursuant to its Agreement Among Licensors with MPEG LA, Alcatel Lucent has granted MPEG

23   LA licensing rights to all patents of Alcatel Lucent and its affiliates that are essential to the MPEG-

24   2 standard. Dell is informed and believes and, on that basis, alleges that Lucent and/or MPT

25   contend that the Haskell '226 patent and the Netravali '272 patent are essential to the MPEG-2

26   standard and thus are within the grant of licensing rights by Alcatel to MPEG LA.

27        124.    Dell is a corporation organized under the laws of the State of Delaware with its

28   principal place of business at One Dell Way, Round Rock, Texas. Dell is a licensee of MPEG LA

- 13 -

pursuant to a Patent Portfolio License between Dell and MPEG LA.  Under the Patent Portfolio License, Dell has a license to all essential MPEG-2 patents of MPEG LA's licensors and their affiliates, from the effective date of Dell's license (June 1, 1994) forward.

125.    Lucent alleges that computer systems that comply with the VESA Bios Extension "VBE") standard infringe the Fleming patent.

126.    During the period from at least January 1991 to March 1996, AT&T was a member of the Video Electronics Standards Association ("VESA") and participated in the development and approval of the VBE standard.  During this period, AT&T manufactured and sold computer systems, and participated in VESA through a number of representatives including, but not limited to, Surinder Rai, Donald Mohn, and David Penley.

127.    Dell has been a member of VESA since at least February 1992.

128.    AT&T, as a member of VESA, entered into a contract with VESA and its other members, including Dell, whereby the parties agreed to work together to create standards to be used by computer manufacturers such as Dell.  The terms of this contract included at least the VESA bylaws and policies adopted by the VESA board of directors.

129.    During the period from at least August 1991 to December 1994, the VESA Patent and Trademark Policy provided that:

> No VESA standard shall include patented technology, trademarked terms and/or copyrighted material unless the entire voting membership is made award of such inclusion.
> Any VESA representative with knowledge of patented technology, trademarked terms and/or copyrighted material being considered for inclusion in a VESA standard must immediately disclose this information.

130.    By virtue of its membership in VESA, AT&T had a duty to disclose the Fleming patent, but AT&T failed to make the required disclosure.

131.    On information and belief, the allegedly infringing aspects of the VBE standard were first adopted in October 1991, and maintained in subsequent revisions of the VBE standard, including revisions after Dell became a member.

- 14 -

1    132.    This Court has jurisdiction over the subject matter of this controversy and

2    jurisdiction over the parties under 28 U.S.C. §§ 1331, 1332(a), and 1367(a).  Venue is proper in this

3    district pursuant to 28 U.S.C. § 1391(b).

4                                    **COUNTERCLAIM I**

5                        **(Declaratory Judgment Against MPT and Lucent)**

6    133.    Counterclaim I is an action for a declaratory judgment of non-infringement,

7    invalidity and unenforceability of each of the Lucent Patents-in-Suit and Trust Patents-in-Suit

8    (collectively the "Patents-in-Suit"), which arises under the Declaratory Judgment Act, 28 U.S.C. §§

9    2201-2202, and the patent laws of the United States, Title 35, United States Code.

10   134.    There is a justiciable controversy between Dell and Lucent over the infringement,

11   validity, and enforceability of the Lucent Patents-in-Suit.

12   135.    There is a justiciable controversy between Dell and Multimedia Patent Trust over the

13   infringement, validity, and enforceability of the Trust Patents-in-Suit.

14   136.    This Court has jurisdiction over the subject matter of that controversy and

15   jurisdiction over the parties under 28 U.S.C. §§ 1331, 1337(a), 1338(a), and 1367.  Venue lies in

16   this judicial district under 28 U.S.C. § 1391(b) and (c).

17   137.    Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

18   138.    Each of the Patents-in-Suit is invalid for failure to meet one or more of the

19   conditions for patentability specified in Title 35, United States Code, particularly Sections 102, 103,

20   and 112.

21   139.    The Patents-in-Suit have not been directly or indirectly infringed by Dell.  Dell, its

22   customers, and all others have the right to manufacture, have made, use, sell, offer to sell, and

23   import all of Dell's products accused of infringement, unhampered and unmolested by Plaintiffs.

24   140.    The Haskell '226 patent, the Netravali '272 patent, the Doughty '956 patent, the

25   Fleming '759 patent, the Torok '956 patent, and the Ackerman '131 patent are unenforceable by

26   virtue of, inter alia, inequitable conduct, as described in the preceding paragraphs 114 through 119,

27   which are incorporated by reference as though fully set forth herein.

28

- 15 -

## COUNTERCLAIM II

### (Fraud Against Lucent)

141.     Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

142.     During the course of its membership in VESA, AT&T made a series of false representations or omissions in that it continued to participate in VESA while failing to disclose the Fleming patent in contravention of VESA requirements.  The possibility that compliance with the VBE standard would allegedly infringe the Fleming patent was within the exclusive knowledge of AT&T.

143.     The disclosure of the existence of AT&T's patents was a fact that was material to the setting of the VBE standard, and was also material to those relying on the VBE standard in the design, manufacture, and/or sale of computer equipment.

144.     On information and belief, AT&T intentionally, knowingly, and with the intent to mislead, failed to provide information concerning the Fleming patent to VESA.

145.     Dell reasonably relied upon VESA's adoption of the VBE standard and the fact that no member of VESA had undisclosed patents related to this standard.

146.     Dell was misled by AT&T's failure to disclose the Fleming patent to VESA.

147.     On information and belief, Lucent is liable for AT&T's fraud as a successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit with knowledge of the foregoing.

148.     As a result of this fraud, Dell incurred damages, including but not limited to fees and costs associated with the defense of this action.

## COUNTERCLAIM III

### (Negligent Misrepresentation Against Lucent)

149.     Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

150.     During the course of its membership in VESA, AT&T made a series of false representations or omissions in that they continued to participate in VESA while failing to disclose the Fleming patent in contravention of VESA requirements.  The possibility that compliance with

1   the VBE standard would allegedly infringe the Fleming patent was within the exclusive knowledge

2   of AT&T.

3          151.    The disclosure of the existence of AT&T's patents was a fact that was material to the

4   setting of the VBE standard, and was also material to those relying on the VBE standard in the

5   design, manufacture, and/or sale of computer equipment.

6          152.    On information and belief, AT&T negligently failed to provide information

7   concerning the Fleming patent to VESA.

8          153.    Dell reasonably relied upon VESA's adoption of the VBE standard and the fact that

9   no member of VESA had undisclosed patents related to this standard.

10          154.    Dell was misled by AT&T's failure to disclose the Fleming patent to VESA.

11          155.    On information and belief, Lucent is liable for AT&T's negligent misrepresentation

12   as a successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and

13   maintaining this lawsuit with knowledge of the foregoing.

14          156.    As a result of this negligent misrepresentation, Dell incurred damages, including but

15   not limited to fees and costs associated with the defense of this action.

16                              **COUNTERCLAIM IV**

17                   **(Breach of Contract – VESA Against Lucent)**

18          157.    Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

19          158.    By virtue of failing to disclose the Fleming patent to VESA, AT&T breached its

20   agreement with VESA and Dell and damaged Dell by depriving Dell of the benefit of being able to

21   rely upon the applicable VESA standards.

22          159.    On information and belief, Lucent is liable for AT&T's breach as a successor-in-

23   interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit

24   with knowledge of the foregoing.

25          160.    As a result of this breach of contract, Dell incurred damages, including but not

26   limited to fees and costs associated with the defense of this action.

27

28

- 17 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060 B (CAB); Case No. 03-CV-0699 B (CAB); Case No. 03-CV-1108 B (CAB)

1

## COUNT V

2

### (Breach of Contract – VESA – Third Party Beneficiary Against Lucent)

3     161.     Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

4     162.     VESA and its members knew or should have known that these standards would be

5     used by manufacturers throughout the computer industry, including Dell, in the design and

6     manufacture of computer equipment.

7     163.     By setting these standards, VESA and its members clearly, definitely, and

8     intentionally conferred a benefit directly on these manufacturers, including Dell, by providing them

9     with clear standards for the manufacture of their equipment, and by providing them with

10    information concerning the patent rights associated with such standards.

11    164.     By virtue of failing to disclose the Fleming patent to VESA, AT&T breached its

12    agreement with VESA and damaged Dell by depriving Dell of the benefit of being able to rely upon

13    the applicable VESA standards.

14    165.     On information and belief, Lucent is liable for AT&T's breach as a successor-in-

15    interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit

16    with knowledge of the foregoing.

17    166.     As a result of this breach of contract, Dell incurred damages, including but not

18    limited to fees and costs associated with the defense of this action.

19

## COUNT VI

20

### (Unfair Trade Practices Against Lucent)

21    167.     Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

22    168.     The actions of AT&T constitute unfair trade practices in that AT&T allowed VESA

23    to adopt the VBE standard without disclosing AT&T's patent interests during the development and

24    approval of that standard.

25    169.     These actions have caused substantial injury to Dell.

26    170.     On information and belief, Lucent is liable for AT&T's unfair trade practices as a

27    successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining

28    this lawsuit with knowledge of the foregoing.

- 18 -

## COUNT VII

### (Monopolization under 15 U.S.C. § 2 Against Lucent)

171.    Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

172.    The relevant market is the market for those technologies covered by the Fleming patent that are used to produce commercially viable video components implementing the VBE standard (the "VBE Technology Market").

173.    The relevant geographic market is the world.  The same technology is used worldwide, and the relevant industry standards apply to products around the world.  In the alternative, the relevant geographic market is the United States.

174.    Lucent claims the right to set license fees and to exclude any person who does not pay the license fee set by Lucent from using the relevant technology.  To the extent that Lucent prevails in its infringement allegations concerning the Fleming patent, AT&T and Lucent have willfully acquired, maintained, and exercised monopoly power in the VBE Technology Market by participating in the VESA standards development process without disclosing that the Fleming patent allegedly covers the VBE standard, allowing the VBE standard to become widely practiced and adopted in the computer industry, and then demanding that companies manufacturing or selling VBE-compliant products pay license fees to Lucent or risk being enjoined from the continued sale of such products.

175.    To the extent that Lucent prevails in its infringement allegations concerning the Fleming patent, as a direct and proximate result of AT&T and Lucent's unlawful monopolization, Dell has been injured in its business and property in an amount that has yet to be determined, but will be established at trial.

176.    On information and belief, Lucent is liable for AT&T's antitrust violations as a successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit with knowledge of the foregoing.

177.    The actions of AT&T and Lucent have harmed competition by:

- 19 -

a)      depriving VESA and the public of competing technologies that could have been evaluated and/or incorporated into the VBE standard, had AT&T and Lucent not failed to disclose the Fleming patent;

b)      chilling the willingness of members of the computer industry to participate in standard-setting organizations because of the fear that such standards will incorporate patents that organization members have failed to disclose, thereby depriving the public of the benefits of these procompetitive organizations and the procompetitive standards they establish; and

c)      to the extent that Lucent prevails in its infringement allegations, imposing higher costs on users of the VBE technology than would otherwise have occurred had AT&T and Lucent acted lawfully.

178.    Unless Lucent is enjoined by a court of law, Lucent's unlawful conduct will continue and Dell will continue to sustain injury and damages.

## COUNT VIII

### (Attempted Monopolization under 15 U.S.C. § 2 Against Lucent)

179.    Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

180.    The relevant market is the market for those technologies covered by the Fleming patent that are used to produce commercially viable video components implementing the VBE standard (the "VBE Technology Market").

181.    The relevant geographic market is the world.  The same technology is used worldwide, and the relevant industry standards apply to products around the world.  In the alternative, the relevant geographic market is the United States.

182.    Based on Lucent's allegations of infringement concerning the Fleming patent, AT&T and Lucent have attempted, with specific intent, to acquire monopoly power in the VBE Technology Market by participating in the VESA standards development process without disclosing that the Fleming patent allegedly covers the VBE standard, allowing the VBE standard to become widely practiced and adopted in the computer industry, and then demanding that companies manufacturing or selling VBE-compliant products pay license fees to Lucent or risk being enjoined from the continued sale of such products.

- 20 -

183.     Based on Lucent's allegations of infringement concerning the Fleming patent, Lucent's assertion of the Fleming patent against companies making and selling VBE-compatible products has created a dangerous probability of success in achieving monopoly power in the VBE Technology Market.

184.     Based on Lucent's allegations of infringement concerning the Fleming patent, as a direct and proximate result of AT&T and Lucent's unlawful attempted monopolization, Dell has been injured in its business and property in an amount that has yet to be determined, but will be established at trial.

185.     On information and belief, Lucent is liable for AT&T's antitrust violations as a successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit with knowledge of the foregoing.

186.     The actions of AT&T and Lucent have harmed competition by:

a)     depriving VESA and the public of competing technologies that could have been evaluated and/or incorporated into the VBE standard, had AT&T and Lucent not failed to disclose the Fleming patent;

b)     chilling the willingness of members of the computer industry to participate in standard-setting organizations because of the fear that such standards will incorporate patents that organization members have failed to disclose, thereby depriving the public of the benefits of these procompetitive organizations and the procompetitive standards they establish; and

c)     to the extent that Lucent prevails in its infringement allegations, imposing higher costs on users of the VBE technology than would otherwise have occurred had AT&T and Lucent acted lawfully.

187.     Unless Lucent is enjoined by a court of law, Lucent's unlawful conduct will continue and Dell will continue to sustain injury and damage.

## COUNT IX

### (Declaratory Judgment Against MPT and Lucent)

1.     Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

- 21 -

2.      This is a counterclaim for a declaratory judgment that Dell is licensed under the Haskell '226 patent and the Netravali '272 patent pursuant to Dell's Patent Portfolio License executed by MPEG LA.  This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

3.      There is a justiciable controversy between Dell, on the one hand, and Lucent and MPT, on the other hand, regarding whether Lucent and MPT have succeeded in their efforts to deprive Dell of a license under the Haskell '226 patent and the Netravali '272 patent pursuant to Dell's Patent Portfolio License executed by MPEG LA.

4.      Dell is licensed under the Haskell '226 patent and the Netravali '272 patent pursuant to Dell's Patent Portfolio License with MPEG LA.  The merger of Lucent with Alcatel, pursuant to Alcatel's agreements with the MPEG LA licensing consortium, put the Haskell '226 patent and the Netravali '272 patent into the MPEG LA patent pool.  Dell, as an existing licensee of MPEG LA, is licensed under the Haskell '226 patent and the Netravali '272 patent from the effective date of Dell's license (June 1, 1994) forward, thereby extinguishing any claims for infringement under those patents.

## COUNT X

### (Fraudulent Transfer under Delaware's Uniform
### Fraudulent Transfer Act, §§ 1300 *et seq.* Against Lucent)

5.      Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

6.      In an effort to avoid Dell's license under the Patent Portfolio License to all essential MPEG-2 patents of MPEG LA's licensors and their affiliates, from the effective date of Dell's license (June 1, 1994) forward, Lucent created MPT and assigned the Haskell '226 patent and the Netravali '272 patent (among other patents) to MPT for the sole purpose of evading Dell's Patent Portfolio License and depriving Dell of its benefits under that license.  Lucent undertook these actions with the intent to defraud Dell.

7.      Dell is informed and believes, and on that basis alleges, that Lucent became insolvent by the purported assignment of the Haskell '226 patent and the Netravali '272 patent to

- 22 -

MPT, insofar as Lucent's assignment divested Lucent of those patents to which Dell is entitled to a license under the Patent Portfolio License.

8.      As a result of this fraudulent assignment, Dell has incurred damages, including, but not limited to, fees and costs associated with defense of this action.

9.      Dell is entitled, under Delaware's Fraudulent Transfer Act, § 1307, to the avoidance and rescission of the assignment to MPT, a constructive trust over the Haskell '226 patent and the Netravali '272 patent for the benefit of Dell and other MPEG LA MPEG-2 licensees, and/or any other equitable relief deemed appropriate by the Court to remedy this fraudulent transfer.

**COUNT XI**

**(Common Law Fraud Under Delaware Law Against Lucent)**

10.      Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

11.      Although Lucent has purported to assign the Haskell '226 patent and the Netravali '272 patent to MPT, Lucent is the primary beneficiary of MPT and thereby has retained the Haskell '226 patent and the Netravali '272 patent for its own benefit while purporting to avoid Dell's license rights under the Patent Portfolio License.

12.      Dell is informed and believes, and on that basis alleges, that the economic function of MPT is as a vehicle to avoid Dell's license rights under the Patent Portfolio License and the license rights of other MPEG LA MPEG-2 licensees.

13.      As a result of Lucent's fraud, Dell has incurred damages, including, but not limited to, fees and costs associated with defense of this action.

14.      Dell is entitled to the avoidance and rescission of the assignment to the MPT, a constructive trust over the Haskell '226 patent and the Netravali '272 patent for the benefit of Dell and other MPEG LA MPEG-2 licensees, and/or any other equitable relief deemed appropriate by the Court to remedy this fraudulent transfer.

- 23 -

1

**COUNT XII**

2

**(Tortious Interference with Contract Against Lucent)**

3
    15.    Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

4
    16.    The Patent Portfolio License between MPEG LA, on behalf of its licensors including

5
Alcatel, and Dell is a valid and enforceable contract pursuant to which Dell is licensed under the

6
Haskell '226 patent and the Netravali '272 patent.

7
    17.    At all times herein relevant, Lucent was aware of Dell's Patent Portfolio License.

8
    18.    Lucent, intentionally and without justification, interfered with Dell's rights under

9
that contract by purporting to assign away the Haskell '226 patent and the Netravali '272 patent for

10
the purpose of depriving Dell of a license to the Haskell '226 patent and the Netravali '272 patent

11
under the Patent Portfolio License.  Lucent committed its interference by unlawful means in that,

12
among other things, its purported assignment of the Haskell '226 patent and the Netravali '272

13
patent violate Delaware's Uniform Fraudulent Transfer Act and common law, and was in violation

14
of Lucent's covenants under its Agreement and Plan of Merger with Alcatel.

15
    19.    As a result of Lucent's interference, Dell has incurred damages, including, but not

16
limited to, fees and costs associated with defense of this action.

17
    20.    Dell is further entitled to the avoidance and rescission of the assignment to the MPT,

18
a constructive trust over the Haskell '226 patent and the Netravali '272 patent for the benefit of Dell

19
and other MPEG LA MPEG-2 licensees, and/or any other equitable relief deemed appropriate by

20
the Court to remedy this tortuous interference.

21

**COUNT XIII**

22

**(Tortious Interference with Prospective Economic Advantage Against Lucent)**

23
    21.    Dell incorporates what is set out in the preceding paragraphs as if fully set forth here.

24
    22.    The MPEG-2 Patent Portfolio License between MPEG LA and Dell is a valid and

25
enforceable contract, pursuant to which Dell has the right to a license to the Haskell '226 patent and

26
the Netravali '272 patent.

27
    23.    Lucent and MPT were aware of Dell's contract with MPEG LA.

28

- 24 -

24.    Lucent and MPT conspired with each other to intentionally and without justification interfere with the agreement between Dell and MPEG LA by wrongfully assigning and assigning the Haskell '226 patent and the Netravali '272 patent.

25.    Lucent committed its interference by unlawful means, in that, among other things, Lucent fraudulently assigned the the Haskell '226 patent and the Netravali '272 patent to MPT, made the assignment even though it was without authority to do so under the Merger Agreement between Lucent and Alcatel, and intentionally concealed from its shareholders, the Court and MPEG-2 licensees, including Dell, its creation of MPT, the assignment of the Haskell '226 patent and the Netravali '272 patent to MPT, and the purposes behind the assignment.

26.    As a result of Lucent's interference, Dell has incurred damages, including, but not limited to, fees and costs associated with defense of this action.

27.    Additionally, Dell is entitled to avoidance and rescission of the assignment of the Haskell '226 patent and the Netravali '272 patent to MPT, a constructive trust over those patents, for the benefit of MPEG-2 licensees, including Dell, or any other form of equitable relief the Court deems appropriate to remedy this tortious interference.

## PRAYER FOR RELIEF

WHEREFORE, Dell prays:

A.    That Plaintiffs' complaint be dismissed in its entirety and that Plaintiffs take nothing;

B.    For a declaration of noninfringement, invalidity, and unenforceability with respect to each of the Patents-in-Suit;

C.    For a declaration that Dell is licensed under the Haskell '226 patent and the Netravali '272 patent pursuant to its Patent Portfolio License with MPEG LA;

D.    For an order avoiding and rescinding Lucent's assignment of the Haskell '226 patent and the Netravali '272 patent to MPT;

E.    For imposition of a constructive trust over the Haskell '226 patent and the Netravali '272 patent assigned to MPT;

F.    An award of damages and/or restitution to Dell sufficient to compensate it for Lucent's breach of contract and tortious conduct.

- 25 -

1        G.      An order enjoining Lucent from continuing its tortious conduct; and

2        H.      That Dell be awarded its attorney fees, costs, and expenses and such other relief as is

3    just and proper.

4    December 10, 2007                          Respectfully Submitted,

5                                               ARNOLD & PORTER LLP
                                                James S. Blackburn
6                                               Joseph A. Micallef

7                                               McDERMOTT WILL & EMERY LLP
                                                Joel M. Freed
8

9                                               By:    s/ James S. Blackburn
                                                       James S. Blackburn
10                                              james.blackburn@aporter.com
                                                Attorney for Dell Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28