# Schmidt Declaration

# Exhibit 13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

--oOo--

LUCENT TECHNOLOGIES INC., and
MULTIMEDIA PATENT TRUST,

    Plaintiffs,

vs.

GATEWAY, INC., GATEWAY COUNTRY
STORES LLC, GATEWAY COMPANIES,
INC., GATEWAY MANUFACTURING LLC,
and COWABUNGA ENTERPRISES, INC.,

    Defendants.
and

MICROSOFT CORPORATION,

    Intervener,
_____/

AND RELATED CROSS ACTIONS.

_____/

No. 02-CV-2060 B (CAB)
consolidated with
No. 03-CV-0699 B (CAB)
No. 03-CV-1108 B (CAB)


CERTIFIED COPY

Videotaped Deposition of

BERND GIROD, PH.D.

Tuesday, November 20, 2007

Reported by:
Leslie Rockwood
CSR No. 3462
Job No. 77606

1

Esquire Deposition Services   505 Sansome street, Suite 502   San Francisco, California 94111
Phone (415) 288-4280          800-770-3363                    Fax (415) 288-4286
                                                              Exhibit 13
                                                              Page 000261

| | | |
|---|---|---|
| 14:25:39 | 1 | uses the words "transmission of motion compensated |
| 14:25:43 | 2 | interpolation error." |
| 14:25:44 | 3 | Q.  Do you consider in the context of the 226 |
| 14:25:47 | 4 | patent the transmission of motion compensated |
| 14:25:51 | 5 | interpolation error to be something new? |
| 14:25:53 | 6 | MR. STADNICK:  Objection.  Vague. |
| 14:25:54 | 7 | THE WITNESS:  Isn't that exactly the question |
| 14:25:57 | 8 | you just asked? |
| 14:25:57 | 9 | Q.  BY MR. MARCHESE:  Do you have an opinion on |
| 14:25:59 | 10 | that question? |
| 14:25:59 | 11 | A.  I think I just gave you the opinion. |
| 14:26:01 | 12 | Q.  You did not.  You mentioned Claim 12.  I |
| 14:26:03 | 13 | asked you about the patent. |
| 14:26:05 | 14 | MR. STADNICK:  Objection.  Vague. |
| 14:26:06 | 15 | THE WITNESS:  Well, I can offer my opinion |
| 14:26:14 | 16 | regarding Claim 12 relative to the prior art. |
| 14:26:18 | 17 | Q.  BY MR. MARCHESE:  You have no opinion about |
| 14:26:19 | 18 | the patent relative to the prior art other than with |
| 14:26:21 | 19 | respect to Claim 12; correct? |
| 14:26:23 | 20 | MR. STADNICK:  Objection.  Vague. |
| 14:26:23 | 21 | THE WITNESS:  I have not compared the other |
| 14:26:35 | 22 | 11 claims one-by-one with the prior art. |
| 14:26:39 | 23 | Q.  BY MR. MARCHESE:  Was the transmission of |
| 14:26:40 | 24 | motion compensated interpolation error known in the prior |
| 14:26:44 | 25 | art to the 226 prior? |

54

Esquire Deposition Services    505 Sansome street, Suite 502    San Francisco, California 94111
Phone (415) 288-4280                   800-770-3363                    Fax (415) 288-4286

Exhibit 13
Page 000262

| | | |
|---|---|---|
| 14:27:06 | 1 | A. The transmission of motion compensated |
| 14:27:08 | 2 | interpolation error, as disclosed in the Haskell patent, |
| 14:27:11 | 3 | was not known in the prior art. |
| 14:27:13 | 4 | Q. When you said as disclosed in the Haskell |
| 14:27:16 | 5 | patent, what did you mean? Because you qualified your |
| 14:27:23 | 6 | answer. |
| 14:27:25 | 7 | A. The Haskell patent is directed towards a |
| 14:27:32 | 8 | particular coding method that combines predictive coding |
| 14:27:38 | 9 | and interpolative coding both with motion compensation |
| 14:27:42 | 10 | and a block-wise transmission of the information. |
| 14:27:52 | 11 | Q. Was the transmission of interpolation error |
| 14:27:54 | 12 | known in the prior art to the 226 patent for predictive |
| 14:28:00 | 13 | and interpolative coders? Is that a difficult question |
| 28:18 | 14 | for you? You've been thinking about it for a long time. |
| 14:28:20 | 15 | MR. STADNICK: Objection. Vague. Please |
| 14:28:22 | 16 | don't harass the witness. He's trying to give you an |
| 14:28:26 | 17 | honest answer to a confusing question. |
| 14:28:28 | 18 | THE WITNESS: Could you please repeat the |
| 14:28:30 | 19 | question. |
| 14:28:31 | 20 | Q. BY MR. MARCHESE: What's wrong with the |
| 14:28:32 | 21 | question? You don't understand it? |
| 14:28:39 | 22 | A. Could you read back the question to me, |
| 14:28:53 | 23 | please. |
| 14:28:53 | 24 | (The record was read by the reporter as |
| | 25 | follows: |

55

Esquire Deposition Services    505 Sansome street, Suite 502    San Francisco, California 94111
Phone (415) 288-4280                 800-770-3363               Fax (415) 288-4286

Exhibit 13
Page 000263

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | "QUESTION:  Was the transmission of                      |
|          | 2  | interpolation error known in the prior art to            |
|          | 3  | the 226 patent for predictive and                        |
| 14:28:57 | 4  | interpolative coders?")                                  |
| 14:28:57 | 5  | MR. STADNICK:  Objection.  Vague.  It's                  |
| 14:29:08 | 6  | compound as well.                                        |
| 14:29:09 | 7  | THE WITNESS:  There were coders known in the             |
| 14:29:11 | 8  | prior art that transmitted prediction errors with and    |
| 14:29:21 | 9  | without motion compensation and --                       |
| 14:29:22 | 10 | Q.  BY MR. MARCHESE:  Were there coders known --         |
| 14:29:25 | 11 | A.  I'm going on.                                        |
| 14:29:26 | 12 | MR. STADNICK:  He wasn't finished with his               |
| 14:29:27 | 13 | answer.                                                  |
|    29:28 | 14 | THE WITNESS:  There were also coders known in            |
| 14:29:31 | 15 | the prior art that transmitted interpolation errors.     |
| 14:29:39 | 16 | Q.  BY MR. MARCHESE:  With motion compensation?          |
| 14:29:41 | 17 | A.  To the best of my knowledge, not with motion         |
| 14:29:52 | 18 | compensation, or at least not in the way that the Haskell |
| 14:29:55 | 19 | patent discloses it.                                     |
| 14:29:57 | 20 | Q.  And the Haskell patent discloses motion              |
| 14:30:00 | 21 | compensation in a block-wise manner; right?              |
| 14:30:03 | 22 | A.  It -- Haskell discloses motion compensation          |
| 14:30:07 | 23 | in a block-wise manner as well as the encoding of the    |
| 14:30:14 | 24 | prediction error and the encoding of the interpolation   |
| 14:30:17 | 25 | error both in a block-wise manner.                       |

56

Esquire Deposition Services        505 Sansome street, Suite 502        San Francisco, California 94111
Phone (415) 288-4280                      800-770-3363                       Fax (415) 288-4286

Exhibit 13
Page 000264

| | | |
|---|---|---|
| 14:30:21 | 1 | Q. In the prior art to the 226 patent, the |
| 14:30:24 | 2 | concept of motion compensation and interpolation error in |
| 14:30:33 | 3 | a non-block-wise manner for the encoding of prediction |
| 14:30:38 | 4 | error and the encoding of interpolation error was known; |
| 14:30:43 | 5 | right? |
| 14:30:43 | 6 | MR. STADNICK: Objection. Vague and |
| 14:30:45 | 7 | compound. |
| 14:31:04 | 8 | Q. BY MR. MARCHESE: Are you reading the |
| 14:31:05 | 9 | question? |
| 14:31:06 | 10 | A. I'm trying to parse and understand the |
| 14:31:07 | 11 | question, but it doesn't seem to make sense. |
| 14:31:10 | 12 | Q. Let me ask you a simple way: Do you believe |
| 14:31:12 | 13 | that in Claim 12 the receipt of interpolation error, that |
| 14:31:15 | 14 | that was something novel in the context of Claim 12? |
| 14:31:19 | 15 | A. Well, Claim 12 has to be understood as a |
| 14:31:26 | 16 | whole. So it's really all the elements of the claim. |
| 14:31:31 | 17 | But -- |
| 14:31:33 | 18 | Q. So you think in the concept of Claim 12 that |
| 14:31:36 | 19 | the receipt of interpolation error was something that was |
| | 20 | known prior to its submission to the patent office; |
| 14:31:38 | 21 | right? |
| 14:31:38 | 22 | MR. STADNICK: Counsel, I'll have to ask you |
| 14:31:40 | 23 | again not to interrupt the witness in the middle of his |
| 14:31:42 | 24 | answers. Try and be patient. If you ask a question, |
| 14:31:46 | 25 | allow him to answer it. |

57

Esquire Deposition Services      505 Sansome street, Suite 502    San Francisco, California 94111
Phone (415) 288-4280                   800-770-3363                       Fax (415) 288-4286
                                                                         Exhibit 13
                                                                         Page 000265

| | | |
|---|---|---|
| 14:31:47 | 1 | Would you like to finish your answer? |
| 14:31:49 | 2 | THE WITNESS: Go on. Let's go on. |
| 14:31:50 | 3 | Q. BY MR. MARCHESE: I just asked you this |
| 14:31:51 | 4 | question: Claim 12 is not novel in the sense of the |
| 14:31:56 | 5 | receipt of interpolation error, just that aspect alone, |
| 14:31:59 | 6 | correct, does not lead to the novelty of the claim; |
| 14:32:02 | 7 | right? |
| 14:32:02 | 8 | MR. STADNICK: Objection. Vague. |
| 14:32:03 | 9 | Q. BY MR. MARCHESE: Without the rest of the |
| 14:32:04 | 10 | structure? |
| 14:32:05 | 11 | A. Well, in order to understand a claim, it's my |
| 14:32:13 | 12 | understanding that I have to consider all the claim |
| 14:32:15 | 13 | elements and not just some elements in isolation. |
| 32:25 | 14 | Q. Do you believe that prior to the 226 patent, |
| 14:32:29 | 15 | a person of skill in the art would recognize that the |
| 14:32:32 | 16 | transmission of transform coded interpolation errors was |
| 14:32:38 | 17 | known to eliminate the problem of visual artifacts? |
| 14:32:43 | 18 | A. I believe that a person of ordinary skill in |
| 14:32:51 | 19 | the art would not recognize the transmission of transform |
| 14:32:55 | 20 | code and interpolation error as a solution to visual |
| 14:32:59 | 21 | artifacts. |
| 14:32:59 | 22 | Q. Do you believe that prior to the 226 patent, |
| 14:33:02 | 23 | a person of skill in the art would recognize the |
| 14:33:05 | 24 | transmission of non-transform coded interpolation errors |
| 14:33:08 | 25 | to eliminate the problem of visual artifacts? |

Esquire Deposition Services    505 Sansome street, Suite 502    San Francisco, California 94111
Phone (415) 288-4280           800-770-3363                     Fax (415) 288-4286

Exhibit 13
Page 000266

| | |
|---|---|
| 14:39:33 | 1 |
| 14:39:39 | 2 |
| 14:39:41 | 3 |
| 14:39:45 | 4 |
| 14:39:48 | 5 |
| 14:39:50 | 6 |
| 14:39:54 | 7 |
| 14:39:57 | 8 |
| 14:39:58 | 9 |
| 14:40:00 | 10 |
| 14:40:04 | 11 |
| 14:40:08 | 12 |
| 14:40:09 | 13 |
| 14:40:11 | 14 |
| 14:40:13 | 15 |
| 14:40:21 | 16 |
| 14:40:28 | 17 |
| 14:40:33 | 18 |
| 14:40:34 | 19 |
| 14:40:37 | 20 |
| 14:40:40 | 21 |
| 14:40:40 | 22 |
| 14:40:45 | 23 |
| 14:40:46 | 24 |
| 14:40:48 | 25 |

   Q.   And your discussions had nothing to do with visual artifacts; right?

   A.   Since it was a theoretical analysis, I don't think we considered visual artifacts.

   Q.   But as of the time of the Micke thesis, you were aware of the problem of visual artifacts in the context of motion compensated systems; right?

   A.   Correct.

   Q.   And in the context of the Micke thesis, the interpolation error was used or was told to be used transmission from the encoder to the decoder in a video coding system; right?

      MR. STADNICK:   Objection.  Vague.

      THE WITNESS:   Well, as I said before, the Micke thesis did not actually simulate a video encoder or a video decoder.  It was a theoretical analysis of possible performance bounds in order to explore whether this is a promising direction.

   Q.   BY MR. MARCHESE:   Well, the Micke thesis does state that you should transmit interpolation error; right?

   A.   We concluded from this work that this would be a promising direction.

   Q.   But you never made the connection between transmitting interpolation error as being promising and

62

Esquire Deposition Services          505 Sansome street, Suite 502          San Francisco, California 94111
Phone (415) 288-4280                          800-770-3363                          Fax (415) 288-4286

Exhibit 13
Page 000267

| | | |
|---|---|---|
| 14:40:52 | 1 | solving the problem of visual artifacts; right? |
| 14:40:55 | 2 | A. I was finishing my dissertation at around |
| 14:40:59 | 3 | that time and then moving on to MIT. So I had never time |
| 14:41:03 | 4 | to pursue that further. |
| 14:41:04 | 5 | Q. So you just never made the connection; right? |
| 14:41:07 | 6 | A. The connection between transmitting |
| 14:41:10 | 7 | interpolation error and visual artifacts? |
| 14:41:14 | 8 | Q. Correct. |
| 14:41:15 | 9 | A. Correct. |
| 14:41:16 | 10 | Q. The first people to do that were Haskell and |
| 14:41:20 | 11 | Puri in the 226 patent, in your opinion; right? |
| 14:41:24 | 12 | A. They were, to the best of my knowledge, at |
| 14:41:31 | 13 | least, the first ones to do that. |
| 41:35 | 14 | Q. Exhibit 2 to your deposition here is the |
| 14:41:38 | 15 | patent, 226 patent. I'd like you to take a look at |
| 14:41:42 | 16 | Figure 2, please. |
| 14:41:49 | 17 | And you recognize that in the context of this |
| 14:41:51 | 18 | case, the Court has identified some of the structures |
| 14:41:53 | 19 | shown in Figure 2 as being part of Claim 12; right? |
| 14:41:56 | 20 | A. I'm aware of that the Court in its claim |
| 14:42:03 | 21 | construction has identified certain structure |
| 14:42:05 | 22 | corresponding to the means-plus-function elements of |
| 14:42:08 | 23 | Claim 12. |
| 14:42:08 | 24 | Q. Let's take a look at the DCT here, inverse |
| 14:42:12 | 25 | DCT. I'm sorry. There's two of them, 24 and 34? |

63

Esquire Deposition Services          505 Sansome street, Suite 502       San Francisco, California 94111
Phone (415) 288-4280                         800-770-3363                        Fax (415) 288-4286
                                                                                 Exhibit 13
                                                                                 Page 000268

BERND GIROD, PH.D.                                                November 23, 2007

| | | |
|---|---|---|
| 15:43:14 | 1 | Q. BY MR. MARCHESE: Do you believe that those |
| 15:43:17 | 2 | two references have conflicting elements? |
| 15:43:19 | 3 | A. In order to answer this question, I would |
| 15:43:25 | 4 | have to look at both of the papers again and analyze them |
| 15:43:32 | 5 | side by side. I have not done that. As I sit here now, |
| 15:43:38 | 6 | I don't recall any conflicting elements. |
| 15:43:41 | 7 | Q. Prior to 1980, did you ever see the term PEL |
| 15:43:44 | 8 | used in the analog domain for video coding? |
| 15:43:50 | 9 | A. I'm aware of the use of PEL in the context of |
| 15:44:00 | 10 | analog video signals. |
| 15:44:03 | 11 | Q. Are you aware prior to 1980 of the use of the |
| 15:44:07 | 12 | word PEL in the context of digital video signals? |
| 15:44:12 | 13 | A. Yes. |
| 15:44:20 | 14 | Q. In what way has the term PEL been used in the |
| 15:44:24 | 15 | context of analog video signals? |
| 15:44:27 | 16 | MR. STADNICK: Object, and note again that, |
| 15:44:29 | 17 | Counsel, this has nothing to do with KSR or his new |
| 15:44:33 | 18 | report, has nothing to do with purpose of the Court |
| 15:44:35 | 19 | allowing you to take a deposition here today. If you |
| 15:44:37 | 20 | want to go a minute past 4:00 o'clock, I suggest you turn |
| 15:44:41 | 21 | to the subject matter that we're here today to deal with. |
| 15:44:50 | 22 | THE WITNESS: So as far as I know, the origin |
| 15:44:54 | 23 | of PEL or picture element goes back to the very origins |
| 15:45:03 | 24 | of television technology. And the very first line scan |
| 15:45:12 | 25 | patent for television technology was in the 1880s, |

94

Esquire Deposition Services        505 Sansome street, Suite 502        San Francisco, California 94111
Phone (415) 288-4280                      800-770-3363                              Fax (415) 288-4286

Exhibit 13
Page 000269

| | | |
|---|---|---|
| 15:47:15 | 1 | interpolation in general, in general terms or in the way |
| 15:47:20 | 2 | the term is understood in the context of Netravali? |
| 15:47:25 | 3 | Q.  Let's start with general. |
| 15:47:50 | 4 | A.  I'm not aware of anybody who has ever done |
| 15:47:54 | 5 | this, nor would I know how to do it.  Of course, that |
| 15:48:01 | 6 | doesn't mean it's not possible. |
| 15:48:03 | 7 | Q.  And that does not mean it has not been done; |
| 15:48:09 | 8 | correct? |
| 15:48:09 | 9 | A.  I think I would be aware if motion |
| 15:48:12 | 10 | compensated interpolation being performed in an analog |
| 15:48:16 | 11 | system. |
| 15:48:17 | 12 | Q.  Have you ever seen an analog video coding |
| 15:48:22 | 13 | system referred to as a motion compensating interpolating |
| 15:48:26 | 14 | system, anything like that? |
| 15:48:35 | 15 | A.  Video coding systems are generally digital |
| 15:48:39 | 16 | systems. |
| 15:48:42 | 17 | Q.  That's not what I asked.  Have you ever seen |
| 15:48:44 | 18 | in the analog video context a coding system or a |
| 15:48:47 | 19 | compression system that's been referred to as motion |
| 15:48:50 | 20 | compensated interpolation? |
| 15:48:52 | 21 | A.  Well, you asked about analog video coding |
| 15:48:55 | 22 | systems before. |
| 15:48:56 | 23 | Q.  Yeah.  What's your answer? |
| 15:48:58 | 24 | A.  That's why I said video coding systems would |
| 15:49:02 | 25 | usually be understood in the art as producing bits, and |

96

Esquire Deposition Services    505 Sansome street, Suite 502    San Francisco, California 94111
Phone (415) 288-4280                   800-770-3363                    Fax (415) 288-4286

Exhibit 13
Page 000270

| | | |
|---|---|---|
| 15:49:08 | 1 | therefore, they are digital systems. |
| 15:49:11 | 2 | Q.  Let's talk about a video transmission system, |
| 15:49:15 | 3 | analog video transmission and reception, not digital. |
| 15:49:20 | 4 | Have you ever seen or heard of the term "motion |
| 15:49:24 | 5 | compensated interpolation" used in that context? |
| 15:49:35 | 6 | A.  Certainly "motion compensated interpolation" |
| 15:49:37 | 7 | could be used in the context of transmission of analog |
| 15:49:41 | 8 | video signals, for instance, in the way I've previously |
| 15:49:44 | 9 | described.  Motion compensation -- |
| 15:49:48 | 10 | Q.  I said no digital.  Forget digital.  It's all |
| 15:49:52 | 11 | analog. |
| 15:49:52 | 12 | A.  All analog? |
| 15:49:53 | 13 | Q.  Yes. |
| 49:54 | 14 | A.  No sampling anywhere? |
| 15:49:56 | 15 | Q.  All analog. |
| 15:49:57 | 16 | A.  Well, it's conceivable that one could |
| 15:50:12 | 17 | implement motion compensated interpolation with sampled |
| 15:50:24 | 18 | analog signals, sampled horizontally, vertically, and |
| 15:50:33 | 19 | temporally.  It would certainly be very awkward, but at |
| 15:50:38 | 20 | least it seems possible.  I don't know how one would do |
| 15:50:41 | 21 | that without sampling in all three dimensions.  And I |
| 15:50:47 | 22 | certainly haven't seen anybody who did it, nor would |
| 15:50:51 | 23 | there be a motivation to do that. |
| 15:50:54 | 24 | Q.  You're familiar with the Gabor and Hill |
| 15:50:58 | 25 | systems described in the prior art reference that's |

97

Esquire Deposition Services       505 Sansome street, Suite 502       San Francisco, California 94111
Phone (415) 288-4280                     800-770-3363                     Fax (415) 288-4286

Exhibit 13
Page 000271

BERND GIROD, PH.D.                                    November 23, 2007

| | | |
|---|---|---|
| 15:51:00 | 1 | cited; right? |
| 15:51:01 | 2 | A.  I am, yes. |
| 15:51:02 | 3 | Q.  Is it -- would it be possible for somebody to |
| 15:51:06 | 4 | apply that system in the digital domain? |
| 15:51:18 | 5 | A.  The Gabor and Hill system is fundamentally an |
| 15:51:22 | 6 | analog system.  It relies on changing the velocity of the |
| 15:51:26 | 7 | line scan of television signals.  So this is not a system |
| 15:51:34 | 8 | that one would even consider building in the digital |
| 15:51:39 | 9 | domain. |
| 15:51:39 | 10 | Q.  So you couldn't even take the concept and |
| 15:51:42 | 11 | transfer it into the digital domain? |
| 15:51:47 | 12 | MR. STADNICK:  Objection.  Vague. |
| 15:51:49 | 13 | THE WITNESS:  One could certainly simulate |
| 51:58 | 14 | part of the function of the Gabor and Hill system. |
| 15:52:05 | 15 | However, the system as a whole seems to be so intimately |
| 15:52:10 | 16 | linked to the optical and mechanical implementation that |
| 15:52:19 | 17 | there would be no reason to -- to try that. |
| 15:52:23 | 18 | Q.  BY MR. MARCHESE:  Do you believe that you |
| 15:52:25 | 19 | could simulate the function of the Gabor and Hill system |
| 15:52:27 | 20 | in the digital domain? |
| 15:52:29 | 21 | MR. STADNICK:  Objection.  Vague. |
| 15:52:30 | 22 | THE WITNESS:  I think I could, yes. |
| 15:52:45 | 23 | Q.  BY MR. MARCHESE:  Do you believe your |
| 15:52:47 | 24 | students could do it? |
| 15:52:51 | 25 | A.  Most probably. |

98

BERND GIROD, PH.D.                                            November 23, 2007

| | | |
|---|---|---|
| 17:40:06 | 1 | THE WITNESS: That would be my presumption. |
| 17:40:10 | 2 | Q. BY MR. MICALLEF: Do you have any idea why |
| 17:40:13 | 3 | MPT did not provide your arguments as to validity to the |
| 17:40:20 | 4 | patent office? |
| 17:40:20 | 5 | MR. STADNICK: Argumentative, assumes facts. |
| 17:40:23 | 6 | THE WITNESS: I don't know whether MPT had |
| 17:40:41 | 7 | the opportunity to provide these arguments to the patent |
| 17:40:44 | 8 | office, and if they had a choice to make, why they would |
| 17:40:49 | 9 | decide one way or another. |
| 17:40:50 | 10 | Q. BY MR. MICALLEF: No idea? |
| 17:40:51 | 11 | A. No. |
| 17:40:53 | 12 | Q. Can you lay your hand on the Markman order |
| 17:40:58 | 13 | for the Haskell patent? |
| 41:01 | 14 | A. I would be happy to do that if you would give |
| 17:41:04 | 15 | it to me. |
| 17:41:05 | 16 | MR. STADNICK: We've been going over an hour. |
| 17:41:07 | 17 | Let's take a break. We've also been going over four |
| 17:41:11 | 18 | hours. You told me very few questions. |
| 17:41:13 | 19 | MR. MICALLEF: This is the last thing I've |
| 17:41:15 | 20 | got to do and then I'm done. |
| 17:41:16 | 21 | MR. STADNICK: Well, if it takes as long as |
| 17:41:18 | 22 | the last thing you just did, we're going to take a break |
| 17:41:22 | 23 | now, and I'll decide whether we're going longer than four |
| | 24 | hours. Because, frankly, both of you have spent a lot of |
| | 25 | time today examining this witness on something you've |

159

Esquire Deposition Services       505 Sansome street, Suite 502     San Francisco, California 94111
Phone (415) 288-4280                     800-770-3363                      Fax (415) 288-4286

Exhibit 13
Page 000273

| | | |
|---|---|---|
| 17:41:26 | 1 | already examined him on.  We had an agreement -- |
| 17:41:27 | 2 | MR. MICALLEF:  Can I do this. |
| 17:41:29 | 3 | MR. STADNICK:  How long is it going to take? |
| 17:41:31 | 4 | MR. MICALLEF:  Very short period of time. |
| 17:41:33 | 5 | Very, very short period of time. |
| 17:41:35 | 6 | MR. STADNICK:  Give me a number.  How many |
| 17:41:35 | 7 | minutes have you got.  Then let's take a break. |
| 17:41:37 | 8 | MR. MICALLEF:  I don't know.  It depends on |
| 17:41:38 | 9 | him. |
| 17:41:38 | 10 | MR. STADNICK:  Then I need a break. |
| 17:41:44 | 11 | THE VIDEOGRAPHER:  Off the record, the time |
| 17:41:46 | 12 | is 5:41. |
| 17:41:47 | 13 | (Recess.) |
| :45:43 | 14 | THE VIDEOGRAPHER:  Back on the record, the |
| 17:46:01 | 15 | time is 5:46. |
| 17:46:03 | 16 | Q.  BY MR. MICALLEF:  Dr. Girod, I've handed you |
| 17:46:06 | 17 | a copy of the Court's Markman order -- |
| 17:46:11 | 18 | MR. STADNICK:  Do you have a copy?  I'm |
| 17:46:12 | 19 | sorry. |
| 17:46:13 | 20 | MR. MICALLEF:  Sure (indicating). |
| 17:46:15 | 21 | Q.  I've handed you a copy of the Court's Markman |
| 17:46:18 | 22 | order for the Haskell patent, order construing claims for |
| 17:46:22 | 23 | United States Patent Number 4,958,226, just so the |
| 17:46:26 | 24 | record's clear. |
| 17:46:26 | 25 | And my question to you is:  Can you tell me |

160

Esquire Deposition Services       505 Sansome street, Suite 502    San Francisco, California 94111
Phone (415) 288-4280                     800-770-3363                       Fax (415) 288-4286

Exhibit 13
Page 000274

BERND GIROD, PH.D.                                                November 23, 2007

| Time | Line | |
|---|---|---|
| 17:46:29 | 1 | what part of the claim, in your view, requires coding of |
| 17:46:33 | 2 | interpolation error? |
| 17:46:55 | 3 |     MR. STADNICK: Objection. Argumentative. |
| 17:47:05 | 4 |     MR. MICALLEF: Well -- |
| 17:47:06 | 5 |     THE WITNESS: Seems like -- |
| 17:47:08 | 6 |     MR. MICALLEF: Excuse me. Before you answer, |
| 17:47:11 | 7 | let me ask about that objection. I'm not so sure I |
| 17:47:14 | 8 | understand that objection. What's argumentative about |
| 17:47:15 | 9 | it? |
| 17:47:15 | 10 |     MR. STADNICK: It's a decoder claim. No |
| 17:47:18 | 11 | claim requires decoding. |
| 17:47:20 | 12 |     Q. BY MR. MICALLEF: Well, let me ask it, then, |
| 17:47:21 | 13 | that way: Do you believe any part of this claim requires |
| 47:24 | 14 | coding of interpolation error? |
| 17:47:26 | 15 |     A. Well, certainly in the claim construction |
| 17:47:40 | 16 | provided by the Court, the term "coding of interpolation |
| 17:47:44 | 17 | error" is not mentioned. |
| 17:47:52 | 18 |     Q. Are you done? |
| 17:47:53 | 19 |     A. Yes. |
| 17:47:53 | 20 |     Q. Well, my question was: Do you think that any |
| 17:47:57 | 21 | part of the claim requires coding of interpolation error, |
| 17:48:05 | 22 | whether construed by the Court or not? |
| 17:48:23 | 23 |     MR. STADNICK: Objection. Vague. |
| 17:48:25 | 24 |     THE WITNESS: No part of this claim requires |
| 17:48:39 | 25 | coding of interpolation errors. |

161

REPORTER'S CERTIFICATE

I certify that the witness in the forgoing deposition,

was by me duly sworn to tell the truth, the whole truth and nothing but the truth in the within-entitled cause; that said deposition was taken at the time and place herein named; that the testimony of said witness was reported by me, a duly certified shorthand reporter and a disinterested person, and was thereafter transcribed under my direction into typewriting.

I further certify that I am not of counsel or attorney for either or any of the parties to said deposition, nor in any way interested in the outcome of the cause named in said caption.

Dated __ NOV 2 6 2007

*Leslie Rockwood*
Leslie Rockwood
Certified Shorthand Reporter
State of California
Certificate No. 3462

Esquire Deposition Services
1801 I Street, Sacramento, Ca   916-448-0505

Exhibit 13
Page 000276