# Schmidt Declaration

# Exhibit 18

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST TECHNOLOGIES INC., and MULTIMEDIA PATENT TRUST INC.<br><br>   Plaintiffs and Counterclaim-defendants,<br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>   Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>   Intervenor and Counter-claimant,<br><br>AND CONSOLIDATED CASES | **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br>**ORDER DENYING-IN-PART DELL'S MOTION FOR SUMMARY JUDGMENT ON U.S. PATENT NO. 4,383,272**<br>**[Docket 03CV1108, No. 47]** |

Dell moved for summary judgment regarding U.S. Patent No. 4,383,272 ("the 272 patent") on four issues: (1) invalidity for lack of written description; (2) invalidity for

1

Exhibit 18
Page 000311

anticipation; (3) no infringement of Dell's Sonic products; (4) no pre-suit damages.[1] Multimedia Patent Trust Technologies, Inc. and Multimedia Patent Trust (collectively "MPT") opposed the motion.[2] On July 5, 2007, the Court ruled on the latter two issues and deferred issues (1) and (2) to a later hearing date [02cv2060 Docket No. 1939]. Having now fully heard these remaining two issues, the Court herein **DENIES** Dell's motions as to anticipation and lack of written description of the '272 patent.

## I. BACKGROUND

The '272 patent pertains to video compression technology. The '272 patent was applied for on April 13, 1981, and issued on May 10, 1983. Only claim 13 is at issue. This claim is directed to a method of estimating the intensities of picture elements (pixels) in a picture. Claim 13 was construed by the Court as follows:

> A method of **estimating** [*determining roughly the size, extent, or nature of*] the intensities of elements **(pels)** [*picture elements, also referred to as pixels*] in a **picture** [*an image that occupies a frame*] in accordance with information defining **intensities** [*values describing the different color components of a composite signal or combinations thereof*] of pels in preceding and succeeding versions of the picture including the step of
>
> **determining by interpolation intensities of pels in said picture in accordance with intensities of pels in related locations in said preceding and succeeding versions**, [*determining by intensity of pels in the picture by averaging the intensities of pels in locations at which the same object is expected to be in the preceding and succeeding versions*],
>
> characterized in that said determining step includes selecting said related locations as a function of the **displacement of objects in said picture** [*the change of position of objects between said versions of the picture*].

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on

---

[1] Microsoft joined these motions as to the invalidity issues; Gateway joined these motions on the issue of no infringement by the Sonic Products.

[2] MPT is the current asserted owner of the ''272 patent. The Court recognizes that Defendants have reserved their right to challenge this ownership and to pursue any defenses that relate to MPT in this regard; the instant motions and oppositions in no way waive those rights.

2

Exhibit 18
Page 000312

1 file, together with the affidavits, if any, show that there is no genuine issue as to any
2 material fact and that the moving party is entitled to judgment as a matter of law." In
3 considering the motion, the court must examine all the evidence in the light most favorable
4 to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). If
5 the Court is unable to render summary judgment upon an entire case and finds that a trial is
6 necessary, it shall if practicable grant summary adjudication for any issues as to which,
7 standing alone, summary judgment would be appropriate. Fed. R. Civ. P. 56(d).

**III.     ISSUES FOR SUMMARY ADJUDICATION**

    **A.     Lack of Written Description**

        **1.     Procedural Issue**

11 As a first procedural matter, MPT contends that Dell failed to raise this contention
12 before the cut-off date imposed by Magistrate Bencivengo's March 7, 2006 deadline and
13 thus, this defense and Dell's motion thereon should be barred. Dell, however, argues that
14 its first set of interrogatory responses gave adequate notice of this defense. Having
15 reviewed these interrogatory responses, the Court finds that it was sufficient to at least put
16 MPT on inquiry notice of the defense. To the extent MPT required further clarification, it
17 could have pursued inquiries in further interrogatories or by other discovery means. The
18 Court therefore **FINDS** that Dell's defense and motion thereon is **NOT BARRED** fby
19 reason of procedural default by Dell.

        **2.     The Merits of Dell's Written Description Defense**

21 Dell contends that the breadth of claim 13 is impermissibly broader than the
22 supporting disclosure in the specification. This claim covers a method of estimating the
23 intensities of elements (pels) that includes determining intensities of pels by interpolation.
24 The determining step includes selecting related locations as a function of the displacement
25 of objects in said picture. The latter limitation is the focus of Dell's attack on written
26 description. According to Dell, the '272 patent teaches only one way of estimating the
27 displacement on which the selection of locations is based, the recursive technique. Claim

28

Exhibit 18
Page 000313

1  13, on the other hand, is not limited to using recursive technique for selecting related
2  locations. Dell therefore argues, based on the Federal Circuit's recent discussion of written
3  description in cases such as LizardTech, Inc. v. Earth Resource Mapping, Inc., 424 F.3d
4  1336, 1343-46 (Fed. Cir. 2005), that the patentee did not teach one of skill in the art to
5  make and use the full scope of the claim 13.

6       To satisfy the written description requirement, the specification must contain a
7  description of all the limitations of the claim. Lockwood v. American Airlines, Inc., 107
8  F.3d 1565, 1572 (Fed. Cir. 1997). The '272 patent does not suffer from this problem. The
9  specification describes selecting related locations. It also describes a preferred embodiment
10 in detail which uses a recursive technique for such calculations.

11      The question, however, turns on whether the patentee was required to disclose more
12 than one technique for selecting related locations to satisfy the written description
13 requirement. "A claim will not be invalidated on section 112 grounds simply because the
14 embodiments of the specification do not contain examples explicitly covering the full scope
15 of the claim language." LizardTech, 424 F.3d at 1345. A patentee need not describe every
16 possible embodiment of an invention. Cordis Corp. v. Medtronic AVE, Inc., 339 F.3d
17 1352, 1365 (Fed. Cir. 2003). "A specification may . . . contain a written description of a
18 broadly claimed invention without describing all species that the claim encompasses." Id.
19 Written description also considers what one of skill in the art would understand, coming to
20 the patent with the knowledge available in the art. LizardTech, 424 F.3d at 1345.

21      Thus, the question moves to whether one of skill in the art would have understood
22 that the inventors had conceived of their method using only the recursive technique to
23 select related locations or whether the recursive technique was simply a preferred
24 embodiment. According to MPT, techniques, other than recursive, for assessing the
25 displacement of objects were known in the art and could be used with the claimed methods.
26 MPT's expert also opined that one of skill in the art with such knowledge would appreciate
27 that claim 13 was not limited to only the motion estimation technique embodiment in the
28

patent.³

Moreover, the circumstances here differ from those of <u>Lizard Tech</u> and <u>Tronzo</u>, cited by Dell, where it was established that one of skill in the art recognized that the patent taught away from the prior art and thus would have no reason to assume that such prior art was encompassed in the scope of the claimed invention. <u>LizardTech</u>, 424 F.3d at 1345; <u>Tronzo v. Biomet, Inc.</u>, 156 F.3d 1154, 1159 (Fed. Cir.1998). Here, Dell has not pointed to anything in the '272 specification that would teach away from using other techniques available in the art to select related locations. In sum, MPT has raised issues of material fact as to how one of ordinary skill in the art would understand the '272 specification as it relates to the invention of claim 13. Therefore, Dell's motion regarding lack of written description is **DENIED**.

### B.  Anticipation of Claim 13

Dell contends that a 1961 paper entitled "Television Band Compression by Contour Interpolation" by Gabor and Hill (hereinafter "the Gabor & Hill Paper") anticipates claim 13 of the '272 patent. According to Dell's expert, each of the elements of claim 13 is disclosed by this prior art.

The Gabor & Hill Paper describes a system of reconstructing frames by contour interpolation. In this technique, a video picture is sampled by scan lines; these lines run horizontally across the picture. The Gabor & Hill scans two horizontal lines, sampling intensity information. When a large difference in intensity is detected on one line (which may denote the edge of an object), the scan of the other line doubles in speed until it also detects the edge of the object. The motion of the object is then estimated based on the velocities of the two scans and their intensities - *i.e.*, halfway between them.

The parties dispute whether the Gabor & Hill Paper discloses "determining by interpolation intensities of pels in said picture in accordance with intensities of pels in

---

³ Notably, Dell has not offered any expert opinion on how a person of ordinary skill in the art would have viewed the '272 patent disclosure.

related locations." According to MPT, because the '272 specification uses the term pel to include temporal, horizontal and vertical dimensions, the '272 patent requires "determining by interpolation" to be performed on a video signal that has been sampled both vertically and horizontally. MPT argues that because the Gabor & Hill Paper does not disclose horizontal sampling (the scans along each horizontal line in the Gabor & Hill Paper are referred to as vertical sampling), it fails to disclose interpolation of pels; it only discloses interpolation in a single dimension. MPT also argues that the Gabor & Hill Paper does not disclose "selecting related locations" as required by claim 13, because selecting where an object is expected to be cannot be accomplished solely by sampling as set forth in Gabor & Hill Paper, which cannot detect purely vertical movement of objects at all.

The '272 patent does not explicitly define the word "pels" which it uses interchangeably with "elements in a picture."[4] However, it refers to pels and the sampling of pels with reference to both the horizontal and vertical directions. (See e.g., '272 patent col. 3:41-45, 4:48-52, 9:5-9.) MPT's expert contends that one of skill in the art would understand from this context that pels that *must* include both horizontal and vertical dimensions. Moreover, MPT's expert opines that a person of ordinary skill in the art would find that Gabor & Hill did not disclose a system that uses pels in this same context, but instead discloses a system that uses only scan line signals (sampled in only one dimension). While Dell disagrees with this position, MPT has raised issues of fact that preclude summary judgment. Dell's motion as to anticipation by the Gabor & Hill Paper is therefore **DENIED**.

//

//

//

---

[4] Both parties point to various extrinsic evidence for definitions of the term "pels." This evidence is far from helpful as it generally attempts to determine the meaning of pels independent from the context of the claim limitation in dispute and independent of the context of the '272 specification.

Exhibit 18
Page 000316

## IV.  CONCLUSION

For the reasons herein, Dell's motions regarding invalidity of the '272 patent for lack of written description and anticipation are **DENIED**.

**IT IS SO ORDERED.**

DATED:  July 27, 2007

*/s/ Rudi M. Brewster*

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc:  Hon. Cathy Ann Bencivengo
United States Magistrate Judge

All Counsel of Record

7

Exhibit 18
Page 000317