# Marina Declaration

# Exhibit 6

CERTIFIED COPY

**CONFIDENTIAL TEXT - OUTSIDE ATTORNEYS' EYES ONLY**

1          THE UNITED STATES DISTRICT COURT

2          SOUTHERN DISTRICT OF CALIFORNIA

3

4    LUCENT TECHNOLOGIES, INC.,

5          Plaintiff,

6

7      -vs-                          No. 02-CV-2060 BWMC

8                                    consolidated with

9    GATEWAY, INC., and GATEWAY      03-CV-0699 BWMC

10   COUNTRY STORES, LLC.,           03-CV-1108 BWMC

11         Defendants,

12     -and

13   MICROSOFT CORPORATION,

14         Intervener.

15   _____

16   MICROSOFT CORPORATION,

17         Plaintiff,

18     -vs-

19   LUCENT TECHNOLOGIES, INC.,

20         Defendant.

21   _____

22   LUCENT TECHNOLOGIES, INC.,

23         Plaintiff,

24     -vs-

**CONFIDENTIAL TEXT - OUTSIDE ATTORNEYS' EYES ONLY**

1  DELL COMPUTER CORPORATION,

2        Defendant.

3

4  CONFIDENTIAL TEXT - OUTSIDE ATTORNEYS' EYES ONLY

5

6        The deposition of JAMES R. FLEMING,

7  called by Dell Computer Corporation for

8  examination, pursuant to notice and pursuant to

9  the Federal Rules of Civil Procedure for the

10 United States District Courts pertaining to the

11 taking of depositions, taken before Cynthia J.

12 Conforti, Certified Shorthand Reporter, at 3005

13 Corporate West Drive, Lisle, Illinois, commencing

14 at the hour of 10:12 a.m. on the 12th day of

15 January, A.D., 2006.

16

17

18

19

20

21

22

23

24

CONFIDENTIAL TEXT - OUTSIDE ATTORNEYS' EYES ONLY

1    but there's a lot of similarities.

2        Q.    And NAPLPS resulted in a publicly

3    published standard in May or June of 1981,

4    correct?

5            MR. HOHENTHANER:  Objection, vague and                11:56AM

6    ambiguous, lack of foundation.

7            THE WITNESS:  It's ANSI X3.110 as I

8    recall, and I think that may have been too early

9    for the standard.  ANSI X3.110.  You said '81?

10   BY MR. ROSENZWEIG:                                            11:56AM

11       Q.    Yes.

12            Let's mark this as Exhibit 3.  It was a

13   long time ago.

14       A.    That's different than NAPLPS, but go

15   ahead.                                                        11:57AM

16       Q.    Oh, okay.  Well, we can get into that.

17       A.    Not to confuse the issue, but...

18                    (Whereupon Exhibit 3 was

19                    marked for identification.)

20            THE WITNESS:  Yeah, this is May '81.               11:57AM

21   BY MR. ROSENZWEIG:

22       Q.    What is the document that has been marked

23   as Exhibit 3?

24       A.    This is -- this is an internal -- I

CONFIDENTIAL TEXT - OUTSIDE ATTORNEYS' EYES ONLY

1    believe internal Bell System presentation level

2    protocol standards document, Videotex standard,

3    okay.  Not an ANSI document.  And I don't know

4    what particular vintage this one is, so...

5        Q.   I'm going to note that on the bottom              11:58AM

6    left-hand corner of what appears to be a cover

7    page that's Bates marked Frezza 404, there's a

8    date of May 1981.

9        A.   Yeah.

10       Q.   Is that the date of this document?               11:58AM

11           MR. HOHENTHANER:  Objection, calls for

12   speculation.

13   BY MR. ROSENZWEIG:

14       Q.   Let me back up a second.

15           Did you work on helping to prepare this           11:58AM

16   document?

17       A.   Yes.

18       Q.   I'd like you to take a look at Frezza page

19   406 which is the third doc -- third page which is

20   a notice, and I'm going to read from that notice.        11:58AM

21       A.   Page, wait a minute.  Four of?

22       Q.   I think it's page three after the two

23   cover pages.

24           MR. HOHENTHANER:  He's looking at the

CONFIDENTIAL TEXT - OUTSIDE ATTORNEYS' EYES ONLY

1    numbers right here.

2         THE WITNESS:  I'm sorry.  Oh, there.

3    BY MR. ROSENZWEIG:

4         Q.    When I refer to a Bates number --

5         A.    Oh, there.  Okay.  406.  Got you.  This        11:59AM

6    thing (indicating.)

7         Q.    Yeah.  The notice reads:

8              This document is published by the American

9    Telephone and Telegraph Company as a guide for

10   designers and manufacturers of terminal equipment        11:59AM

11   and databases, information providers and

12   consultants and suppliers of related services.

13             Does that refresh your recollection

14   whether this document was an internal Bell

15   document or --                                            11:59AM

16        A.    Well, this -- okay.

17             Again, I don't know if this is the exact

18   one that was released, but there was a document

19   that was released.  This could be the vintage that

20   was released, as it says right here, for that            11:59AM

21   purpose.  Okay.

22             And May of '81.  See, there was a

23   conference where there was a document released and

24   handed out widely that essentially planted the

Exhibit 6
Page 000353

CONFIDENTIAL TEXT - OUTSIDE ATTORNEYS' EYES ONLY

1  STATE OF ILLINOIS   )

2                      )  SS:

3  COUNTY OF C O O K   )

4

5      I, Cynthia J. Conforti, a notary public within

6  and for the County of Cook and State of Illinois,

7  do hereby certify that heretofore, to-wit, on the

8  16th day of January, 2006, personally appeared

9  before me at 3005 Corporate West Drive, Lisle,

10  Illinois, JAMES R. FLEMING, in a cause now pending

11  and undetermined in the United States District

12  Court Southern District of California, wherein

13  Lucent Technologies, Inc., is the Plaintiff, and

14  Gateway, Inc., et al., are the Defendants.

15      I further certify that the said witness was

16  first duly sworn to testify the truth, the whole

17  truth and nothing but the truth in the cause

18  aforesaid; that the testimony then given by said

19  witness was reported stenographically by me in the

20  presence of the said witness, and afterwards

21  reduced to typewriting by Computer-Aided

22  Transcription, and the foregoing is a true and

23  correct transcript of the testimony so given by

24  said witness as aforesaid.

CONFIDENTIAL TEXT - OUTSIDE ATTORNEYS' EYES ONLY

1    I further certify that the signature to the

2 foregoing deposition was not waived by counsel for

3 the respective parties.

4    I further certify that the taking of this

5 deposition was pursuant to agreement, and that

6 there were present at the deposition the attorneys

7 hereinbefore mentioned.

8    I further certify that I am not counsel for

9 nor in any way related to the parties to this

10 suit, nor am I in any way interested in the

11 outcome thereof.

12    IN TESTIMONY WHEREOF:    I have hereunto set my

13 hand and affixed my notarial seal this 20th day of

14 January, 2006.

19    Cynthia J. Conforti, CSR, RPR

20    Notary Public, Cook County, Illinois

22 CSR License No. 084-003064