# Hayes Declaration

# Exhibit 15

# Hayes Declaration

# Exhibit 15

# Hayes Declaration

# Exhibit 15

```
                                                              Page 1
 1              UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF CALIFORNIA

 3                                          ORIGINAL

 4    - - - - - - - - - - - - - - - - - )

 5    LUCENT TECHNOLOGIES INC.,          )

 6                   Plaintiff,          )

 7    V.                                 ) CASE NO.

 8    GATEWAY, INC., et al.,             ) 02-CV-2060 B (CAB)

 9                   Defendants,         ) consolidated with

10                                       ) 03-CV-0699 B (CAB)

11    and                                ) 03-CV-1108 B (CAB)

12                                       )

13    MICROSOFT CORPORATION,             )

14                   Intervenor.         )

15    - - - - - - - - - - - - - - - - - )

16    AND CONSOLIDATED ACTIONS.          )

17    - - - - - - - - - - - - - - - - - )

18        VIDEOTAPED DEPOSITION OF DALE EDWARD BUSCAINO

19                WEDNESDAY, NOVEMBER 7, 2007

20

21

22              BY:  MELANIE A. VIZENOR, CSR NO. 4026

23

24

25
```

1    Q.    In your expert report, in paragraph 39 you say:
2          "I have examined the YMM program running on an
3    IBM PC compatible computer as detailed in
4    Exhibit 1."
5          Do you see that?
6    A.    Yes, I do.
7    Q.    And you've told me about -- that's a reference
8    to the running of the program that you just told me
9    about that you did here at Fish & Richardson, right?
10   A.    That's right.
11   Q.    Did you at any time run the program using a
12   mouse?
13   A.    I believe that I ran it on two machines that
14   are here at Fish & Richardson, and I don't have the
15   exhibit in front of me to confirm, but one machine I
16   believe had a mouse and one machine did not have a
17   mouse.
18   Q.    Okay.  And were you able to use the mouse to
19   point to items while running the YMM program?
20         MS. GARNER:  Objection.  Vague.
21         THE WITNESS:  As a -- if your question is specific
22   to when the program was operating was I able to use the
23   mouse, no, I was not able to use the mouse.
24   BY MR. DONOVAN:
25   Q.    We talked earlier about bit-mapped graphics

1  evaluated operates in a -- in the text-based graphics
2  mode.
3       Q.   So you would not be able to use the bit-mapped
4  graphics display to run the YMM program, correct?
5       MS. GARNER:  Objection.  Mischaracterizes his
6  testimony.
7       THE WITNESS:  The computer is capable of bit-mapped
8  graphics, of a bit-mapped graphics display.  The YMM
9  program that I ran elected to run in the text graphics
10 mode from what I can tell from my evaluation.
11 BY MR. DONOVAN:
12      Q.   A text graphics -- a text graphics mode.  What
13 is a text graphics mode?
14      A.   In the IBM-compatible computer you can operate
15 in either a text mode or a bit-mapped graphics mode.  In
16 a text mode is where the information on the screen is
17 represented by characters, which can consist of letters,
18 numbers, and graphics characters.
19      Q.   Is the text mode controlled by a keyboard?
20      MR. SHARIFAHMADIAN:  Objection.  Vague.
21      THE WITNESS:  I'm struggling with that question
22 because -- I mean, it -- it's usually controlled by a
23 program.
24 BY MR. DONOVAN:
25      Q.   Okay.  Is data inputted using a keyboard in

Page 288

```
1    STATE OF CALIFORNIA         )
2                                )    ss.
3    COUNTY OF SAN DIEGO          )
4
5         I hereby certify that the witness in the
6    foregoing deposition, DALE EDWARD BUSCAINO, was by me
7    duly sworn to testify to the truth, the whole truth, and
8    nothing but the truth, in the within-entitled cause;
9    that said deposition was taken at the time and place
10   herein named; that the deposition is a true record of
11   the witness's testimony as reported by me, a duly
12   certified shorthand reporter and a disinterested person,
13   and was thereafter transcribed into typewriting by
14   computer.
15        I further certify that I am not interested in
16   the outcome of the said action, nor connected with, nor
17   related to any of the parties in said action, nor to
18   their respective counsel.
19        IN WITNESS WHEREOF, I have hereunto set my hand
20   this 8th day of November, 2007.
21
22                    -----[signature]-----
23                    MELANIE A. VIZENOR, CSR 4026
24                    STATE OF CALIFORNIA
25
```