1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-8474
3  Telephone (619) 235-2100
   Facsimile   (619) 235-2101
4
   Attorneys for *Lucent Technologies Inc. and*
5  *Multimedia Patent Trust*

6  *Additional counsel listed on the last page*

7  **UNITED STATES DISTRICT COURT**

8  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9  LUCENT TECHNOLOGIES INC. and<br>   MULTIMEDIA PATENT TRUST,<br>10<br>                    Plaintiffs,<br>11       v.<br>12  GATEWAY, INC., GATEWAY COUNTRY<br>    STORES LLC, GATEWAY COMPANIES, INC.,<br>13  GATEWAY MANUFACTURING LLC and<br>    COWABUNGA ENTERPRISES, INC.,<br>14<br>                    Defendants,<br>15  and<br>16  MICROSOFT CORPORATION,<br>17                    Intervener. | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from<br>consolidated cases:<br>Case No. 02-CV-2060 B (CAB)<br>Case No. 03-CV-0699 B (CAB)<br>Case No. 03-CV-1108 B (CAB)<br><br>**LUCENT'S AND MULTIMEDIA<br>PATENT TRUST'S REPLY TO<br>DELL'S CORRECTED THIRD<br>AMENDED COUNTER-<br>COUNTERCLAIMS IN CASE NO. 03-<br>CV-1108 B (CAB)**<br><br>JURY TRIAL DEMANDED |
| 18  MICROSOFT CORPORATION,<br>19                    Plaintiff,<br>20       v.<br>21  LUCENT TECHNOLOGIES INC.,<br>22                    Defendant. | |
| 23  LUCENT TECHNOLOGIES INC. and<br>24  MULTIMEDIA PATENT TRUST,<br>25                    Plaintiffs,<br>         v.<br>26<br>    DELL INC.,<br>27<br>                    Defendant. | |

28

Lucent Technologies Inc. ("Lucent") and Multimedia Patent Trust reply to the Corrected Third Amended Answer and Counterclaims in Case No. 03-CV-1108 B (CAB) of Dell, Inc. ("Dell") filed on December 14, 2007 as set forth below.

## COUNTERCLAIMS

121.    Lucent and Multimedia Patent Trust admit that paragraph 121 and following paragraphs purport to set forth Dell's counterclaims.

122.    Lucent and Multimedia Patent Trust admit the allegations in the first sentence in paragraph 122 and that Lucent's merger with Alcatel closed on or about November 30, 2006.

123.    Lucent and Multimedia Patent Trust admit that Multimedia Patent Trust is a Delaware statutory trust.

124.    Lucent and Multimedia Patent Trust admit that Alcatel-Lucent (formerly Alcatel SA) is a corporation organized under the laws of the Republic of France with its principal place of business at 54 rue la Boetie, Paris, France, 75008, that Lucent is an indirect wholly-owned subsidiary of Alcatel-Lucent, and that Alcatel-Lucent is a party to the MPEG LA Agreement Among Licensors.  Lucent and Multimedia Patent Trust admit that at various times Lucent, Multimedia Patent Trust, the defendants, and various third parties have alleged that the Haskell Patent and the Netravali Patent are essential to the MPEG-2 standard.  Except as so admitted, Lucent and Multimedia Patent Trust deny the allegations in paragraph 124.

125.    Upon information and belief, Lucent and Multimedia Patent Trust admit that Dell is a corporation organized under the laws of the State of Delaware with its principal place of business at One Dell Way, Round Rock, Texas.  Lucent and Multimedia Patent Trust further admit that Dell purports to be a licensee of MPEG LA pursuant to a Patent Portfolio License between Dell and MPEG LA and direct Dell to that agreement for its content.  Except as so admitted, Lucent and Multimedia Patent Trust deny the allegations in paragraph 125.

126. Lucent denies that it has alleged that compliance with the VESA Bios Extension ("VBE") standard alone constitutes infringement of the Fleming patent.[1]

127. Lucent lacks knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 127 and, therefore, denies them.

128. Lucent lacks knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 128 and, therefore, denies them.

129. Lucent denies the allegations contained in paragraph 129.

130. Lucent lacks knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 130 and, therefore, denies them.

131. Lucent denies the allegations contained in paragraph 131.

132. Lucent lacks knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 132 and, therefore, denies them.

133. Lucent and Multimedia Patent Trust admit that this Court has subject-matter jurisdiction over Dell's counterclaims, but deny that jurisdiction arises under 28 U.S.C. § 1337(a) or 28 U.S.C. § 1367. Lucent and Multimedia Patent Trust admit that venue is proper in this judicial district.

**COUNTERCLAIM I**

**(Declaratory Judgment Against MPT and Lucent)**

134. Lucent and Multimedia Patent Trust admit that Dell's Counterclaim purports to set forth an action for declaratory judgment under the Declaratory Judgment Act and the Patent Laws of the United States, but deny that any of the Patents-in-Suit are invalid, unenforceable, or not infringed.

135. To the extent the term "Lucent Patents-in-Suit" has the same definition as in paragraph 22 of the Second Amended Complaint, Lucent admits the allegations contained in Paragraph 135.

---

[1] The allegations contained in paragraphs 126-132 concern Counterclaims III-VIII, which are asserted only against Lucent. Multimedia Patent Trust lacks knowledge and information sufficient to form a belief as to the allegations in paragraphs 126-132 and therefore denies them.

LUCENT'S AND MULTIMEDIA PATENT TRUST'S REPLY TO DELL'S CORRECTED THIRD AMENDED COUNTER-COUNTERCLAIMS     3     Case No. 07-CV-2000 H (CAB)

136. To the extent the term "Trust Patents-in-Suit" has the same definition as in paragraph 23 of the Second Amended Complaint, Multimedia Patent Trust admits the allegations contained in Paragraph 136.

137. Lucent and Multimedia Patent Trust admit that this Court has subject-matter jurisdiction over Dell's counterclaims, but deny that jurisdiction arises under 28 U.S.C. § 1337(a) or 28 U.S.C. § 1367. Lucent and Multimedia Patent Trust admit that venue is proper in this judicial district.

138. Lucent and Multimedia Patent Trust restate their responses to Paragraphs 121-137 as if fully set forth herein. To the extent that Dell intends to incorporate any additional allegations other than those set forth in Paragraphs 121-137, those allegations are denied.

139. Lucent denies the allegations contained in Paragraph 139 with respect to the Lucent patents-in-suit. Multimedia Patent Trust denies the allegations contained in Paragraph 139 with respect to the Trust patents-in-suit.[2]

140. Lucent denies the allegations contained in Paragraph 140 with respect to the Lucent patents-in-suit. Multimedia Patent Trust denies the allegations contained in Paragraph 140 with respect to the Trust patents-in-suit.

141. Lucent denies the allegations contained in Paragraph 141 with respect to the Lucent patents-in-suit. Multimedia Patent Trust denies the allegations contained in Paragraph 141 with respect to the Trust patents-in-suit. Dell incorporates paragraphs 114-119 of its Answer. To the extent that Dell intends to incorporate any additional allegations other than those set forth in paragraphs 114-119, those allegations are denied. In response to paragraphs 114-119:

a) Lucent denies that it has alleged that compliance with the VESA Bios Extension ("VBE") standard alone constitutes infringement of the Fleming '759 patent. Lucent denies the allegation that as AT&T's successor-in-interest, it is estopped from asserting that the VBE

---

[2] For the allegations in paragraphs 139-141 and 114-119 regarding the Trust Patents, no response is required from Lucent. To the extent a response is required, Lucent denies the allegations in paragraphs 139-141 and 114-119. For the allegations in paragraphs 139-141 and 114-119 regarding the Lucent Patents, no response is required from Multimedia Patent Trust. To the extent that a response is required, Multimedia Patent Trust denies the allegations in paragraphs 139-141 and 114-119.

1  standard infringes the Fleming '759 patent. Lucent lacks knowledge and information sufficient to
2  form a belief as to remaining allegations in paragraph 114, and therefore denies them.
3        b)    Multimedia Patent Trust denies the first two sentences of Paragraph 115.
4  Multimedia Patent Trust admits that Paragraph 115(a) correctly quotes portions of the sworn
5  statement signed by the applicants on or about September 25, 1989. To the extent Paragraph 115(a)
6  contains any other or different allegations, they are denied. Multimedia Patent Trust admits that
7  Barry G. Haskell, one of the named inventors on the Haskell '226 patent, and Arun N. Netravali
8  were co-authors of a book entitled DIGITAL PICTURES: REPRESENTATION AND
9  COMPRESSION, which was not cited during the examination of the Haskell '226 patent.
10 Multimedia Patent Trust lacks knowledge or information sufficient to form a belief as to whether the
11 book was published more than one year prior to the date of the application for the Haskell '226
12 patent, and therefore denies that allegation. Multimedia Patent Trust further denies that the book
13 was a material reference required to be cited during prosecution under 37 C.F.R. § 1.56. To the
14 extent Paragraph 115(b) contains any other or different allegations, they are denied.
15       c)    Multimedia Patent Trust denies the first three sentences of Paragraph 116.
16 Multimedia Patent Trust admits that Paragraph 116(a) correctly quotes portions of the sworn
17 statement signed by the applicants on or about April 2 and April 3, 1981. To the extent Paragraph
18 116(a) contains any other or different allegations, they are denied. Multimedia Patent Trust admits
19 that according to the IEEE, the IEEE received an article coauthored by Arun N. Netravali on May
20 11, 1979. Lucent and Multimedia Patent Trust further admit that a revised version of that article,
21 entitled "Picture Coding: A Review," was published in the PROCEEDINGS OF THE IEEE, Vol. 68,
22 No. 3, p.366, which bears a date of March 1980 and that the article was not cited during the
23 prosecution of the Netravali '272 patent. Multimedia Patent Trust denies that the article was a
24 material reference required to be cited during prosecution under 37 C.F.R. § 1.56. To the extent
25 Paragraph 116(b) contains any other or different allegations, they are denied. Multimedia Patent
26 Trust admits that Drs. D. Gabor and P. C. J. Hill were co-authors of a paper entitled "Television
27 Band Compression by Contour Interpolation" ("the Gabor & Hill paper"). Multimedia Patent Trust
28

1 further admits that the Gabor & Hill paper was cited in footnote 192 in "Picture Coding: A Review,"
2 by Limb and Netravali.  Multimedia Patent Trust lacks knowledge or information sufficient to form
3 a belief as to whether the Gabor & Hill paper and "Picture Coding: A Review" were published more
4 than one year prior to the filing date of the Netravali '272 patent, and therefore deny that allegation.
5 Multimedia Patent Trust further denies that the Gabor & Hill paper was a material reference required
6 to be cited during prosecution under 37 C.F.R. § 1.56.  To the extent Paragraph 116(c) contains any
7 other or different allegations, they are denied.  Multimedia Patent Trust admits that in 1971 AT&T
8 published The Bell System Technical Journal that included a paper by John O. Limb and R. F. W.
9 Pease entitled "A Simple Interframe Coder for Video Telephony" ("the Limb & Pease paper").
10 Multimedia Patent Trust further admits that the Limb & Pease paper was published more than one
11 year prior to the filing date of the Netravali '272 patent.  Multimedia Patent Trust further admits that
12 the Limb & Pease paper was cited in a notebook entry of Dr. Netravali as footnote 3 on January 15,
13 1979.  Multimedia Patent Trust denies that the article was a material reference required to be cited
14 during prosecution under 37 C.F.R. § 1.56.  To the extent Paragraph 116(d) contains any other or
15 different allegations, they are denied.

16        d)       Lucent denies the first three sentences of Paragraph 117.  Lucent denies the
17 allegations contained in Paragraph 117(a).  Lucent admits that Paragraph 117(b) correctly quotes
18 portions of a declaration signed by Robert W. Foster on June 3, 1993.  To the extent Paragraph
19 117(b) contains any other or different allegations, they are denied.  Lucent admits that a portion of a
20 document signed by counsel for AT&T, dated June 4, 1993, states that "[a]t least one million and
21 probably in excess of two million ICLID devices have already been sold and many more are
22 expected to be sold in the next decade.  These devices are licensed under the '956 patent and use the
23 teachings thereof."  To the extent Paragraph 117(c) contains any other or different allegations, they
24 are denied.  Lucent admits that Paragraph 117(d) correctly quotes portions of sentences of a
25 document signed by counsel for AT&T, dated April 18, 1994, submitted in response to an Office
26 Action during Reexamination.  To the extent Paragraph 117(d) contains any other or different
27 allegations, they are denied.  Lucent admits that there exists a report entitled "Customer Premises
28

Equipment Compatibility Considerations for the Voice band Data Transmission Interface" bearing the date of December 1992 that describes a channel seizure signal and mark signal of a Caller ID protocol, which was not cited during prosecution of the Doughty '956 patent. To the extent Paragraph 117(e) contains any other or different allegations, they are denied. Lucent admits that various Caller ID protocols have been standardized. To the extent that Paragraph 117(f) contains any other or different allegations, they are denied.

    e) Lucent denies the first two sentences of Paragraph 118. Lucent admits that Paragraph 118(a) correctly quotes portions of the sworn statement signed by the applicants on or about May 18 and May 19, 1981. To the extent Paragraph 118(a) contains any other or different allegations, they are denied. Lucent admits that there exists a published report entitled "Status Report of the Graphics Standards Planning Committee" in Computer Graphics, vol. 13, no. 3 (August 1979), and that this report was not cited during prosecution of the Fleming '759 patent. To the extent that Paragraph 118(b) contains any other or different allegations, they are denied.

    f) Lucent denies the first three sentences of Paragraph 119. Lucent admits that Paragraph 119(a) correctly quotes portions of the sworn statement signed by the applicants on or about November 5 and November 6, 1981. To the extent Paragraph 119(a) contains any other or different allegations, they are denied. Lucent admits that at a conference of the Society for Information Display, a paper "Design Considerations for Teleconferencing Systems," by Andrew B. White, an inventor named in the Torok '956 patent, was published. Lucent is without knowledge or information sufficient to form a belief as to whether this paper was published more than one year prior to filing date of the Torok '956 patent and therefore denies that allegation. Lucent further denies that the report was a material reference required to be cited during prosecution under 37 C.F.R. § 1.56. To the extent Paragraph 119(b) contains any other or different allegations, they are denied.

## COUNTERCLAIM II

### (Fraud Against Lucent)[3]

142. Lucent restates its responses to Paragraphs 121-141 as if fully set forth herein. To the extent that Dell intends to incorporate any additional allegations other than those set forth in Paragraphs 121-141, those allegations are denied.

143. Lucent denies the allegations contained in Paragraph 143.

144. Lucent lacks sufficient knowledge and information to form a belief regarding the allegations contained in Paragraph 144 and, therefore, denies them.

145. Lucent denies the allegations contained in Paragraph 145.

146. Lucent lacks sufficient knowledge and information to form a belief regarding the allegations contained in Paragraph 139 and, therefore, denies them.

147. Lucent denies the allegations contained in Paragraph 147.

148. Lucent denies the allegations contained in Paragraph 148.

149. Lucent denies the allegations contained in Paragraph 159.

## COUNTERCLAIM III

### (Negligent Misrepresentation Against Lucent)

150. Lucent restates its responses to Paragraphs 121-149 as if fully set forth herein. To the extent that Dell intends to incorporate any additional allegations other than those set forth in Paragraphs 121-149, those allegations are denied.

151. Lucent denies the allegations contained in Paragraph 151.

152. Lucent lacks sufficient knowledge and information to form a belief regarding the allegations contained in Paragraph 152 and, therefore, denies them.

153. Lucent denies the allegations in Paragraph 153.

154. Lucent lacks sufficient knowledge and information to form a belief regarding the allegations contained in Paragraph 154 and, therefore, denies them.

---

[3] The allegations contained in paragraphs 142-188 concern Counterclaims II-VIII, which are asserted only against Lucent. Multimedia Patent Trust lacks knowledge and information sufficient to form a belief as to the allegations in paragraphs 142-188 and therefore denies them.

155. Lucent denies the allegations contained in Paragraph 155.

156. Lucent denies the allegations contained in Paragraph 156.

157. Lucent denies the allegations contained in Paragraph 157.

## COUNTERCLAIM IV

### (Breach of Contract - VESA Against Lucent)

158. Lucent restates its responses to Paragraphs 121-157 as if fully set forth herein. To the extent that Dell intends to incorporate any additional allegations other than those set forth in Paragraphs 121-157, those allegations are denied.

159. Lucent denies the allegations contained in Paragraph 159.

160. Lucent denies the allegations contained in Paragraph 160.

161. Lucent denies the allegations contained in Paragraph 161.

## COUNT V

### (Breach of Contract - VESA - Third Party Beneficiary Against Lucent)

162. Lucent restates its responses to Paragraphs 121-161 as if fully set forth herein. To the extent that Dell intends to incorporate any additional allegations other than those set forth in Paragraphs 121-161, those allegations are denied.

163. Lucent lacks sufficient knowledge and information to form a belief regarding the allegations contained in Paragraph 163 and, therefore, denies them.

164. Lucent lacks sufficient knowledge and information to form a belief regarding the allegations contained in Paragraph 164 and, therefore, denies them.

165. Lucent denies the allegations contained in Paragraph 165.

166. Lucent denies the allegations contained in Paragraph 166.

167. Lucent denies the allegations contained in Paragraph 167.

## COUNT VI

### (Unfair Trade Practices Against Lucent)

168. Lucent restates its responses to Paragraphs 121-167 as if fully set forth herein. To the extent that Dell intends to incorporate any additional allegations other than those set forth in Paragraphs 121-167, those allegations are denied.

169. Lucent denies the allegations contained in Paragraph 169.

170. Lucent denies the allegations contained in Paragraph 170.

171. Lucent denies the allegations contained in Paragraph 171.

## COUNT VII

### (Monopolization under 15 U.S.C. § 2 Against Lucent)

172. Lucent restates its responses to Paragraphs 121-171 as if fully set forth herein. To the extent that Dell intends to incorporate any additional allegations other than those set forth in Paragraphs 121-171, those allegations are denied.

173. Lucent denies the allegations contained in Paragraph 173.

174. Lucent denies the allegations contained in Paragraph 174.

175. Lucent denies the allegations contained in Paragraph 175.

176. Lucent denies the allegations contained in Paragraph 176.

177. Lucent denies the allegations contained in Paragraph 177.

178. Lucent denies the allegations contained in Paragraph 178, including subparagraphs.

179. Lucent denies the allegations contained in Paragraph 179.

## COUNT VIII

### (Attempted Monopolization under 15 U.S.C. § 2 Against Lucent)

180. Lucent restates its responses to Paragraphs 121-179 as if fully set forth herein. To the extent that Dell intends to incorporate any additional allegations other than those set forth in Paragraphs 121-179, those allegations are denied.

181. Lucent denies the allegations contained in Paragraph 181.

182. Lucent denies the allegations contained in Paragraph 182.

183. Lucent denies the allegations contained in Paragraph 183.

184. Lucent denies the allegations contained in Paragraph 184.

185. Lucent denies the allegations contained in Paragraph 185.

186. Lucent denies the allegations contained in Paragraph 186.

187. Lucent denies the allegations contained in Paragraph 187, including subparagraphs.

188. Lucent denies the allegations contained in Paragraph 188.

## COUNT IX

### (Declaratory Judgment Against MPT and Lucent)

1. Dell's license defense has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count IX is necessary or appropriate, Lucent and Multimedia Patent Trust respond as follows: Lucent and Multimedia Patent Trust incorporate their responses to the allegations in the preceding paragraphs as if fully set forth herein.

2. Dell's license defense has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count IX is necessary or appropriate, Lucent and Multimedia Patent Trust respond as follows: This paragraph also sets forth legal conclusions to which no response is required. To the extent a responsive pleading is deemed to be required: Lucent and Multimedia Patent Trust admit that Dell purports to assert a claim for declaratory judgment that Dell is licensed to the Haskell '226 patent and the Netravali '272 patent; Lucent and Multimedia Patent Trust admit that Dell purports to bring this claim for declaratory judgment under the Declaratory Judgment Act; and except as so admitted, Lucent and Multimedia Patent Trust deny the allegations in paragraph 2.

3. Dell's license defense has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count IX is necessary or appropriate, Lucent and Multimedia Patent Trust respond as follows: This paragraph purports to state a legal conclusion to which no response is required. To the extent a responsive pleading is deemed to be required, Lucent and Multimedia Patent Trust deny the allegations in paragraph 3.

4. Dell's license defense has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count IX is necessary or appropriate, Lucent and Multimedia Patent Trust respond as follows: Lucent and Multimedia Patent Trust deny the allegations in paragraph 4.

## COUNT X

**(Fraudulent Transfer under Delaware's Uniform**

**Fraudulent Transfer Act, §§ 1300 *et seq.* Against Lucent )[4]**

5. Lucent incorporates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

6. Lucent denies the allegations in paragraph 6.

7. Lucent denies the allegations in paragraph 7.

8. Lucent denies the allegations in paragraph 8.

9. Lucent denies the allegations in paragraph 9.

## COUNT XI

**(Common Law Fraud Under Delaware Law Against Lucent)**

10. Lucent incorporates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

11. Lucent admits that it assigned the Haskell '226 Patent and the Netravali '272 Patent to the Trust, and that it is a beneficiary of the Trust. Except as so admitted, Lucent denies the allegations in paragraph 11.

12. Lucent denies the allegations in paragraph 12.

13. Lucent denies the allegations in paragraph 13.

14. Lucent denies the allegations in paragraph 14.

---

[4] The allegations contained in paragraphs 5-20 concern Counterclaims X-XII, which are asserted only against Lucent. Multimedia Patent Trust lacks knowledge and information sufficient to form a belief as to the allegations in these paragraphs 5-20 and therefore denies them.

## COUNT XII

### (Tortious Interference with Contract Against Lucent)

15. Dell's claim for tortious interference with contract has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count XII is necessary or appropriate, Lucent responds as follows: Lucent incorporates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

16. Dell's claim for tortious interference with contract has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count XII is necessary or appropriate, Lucent responds as follows: The allegations in paragraph 16 set forth legal conclusions to which no response is required. To the extent a responsive pleading is deemed to be required, Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the validity and enforceability of Dell's purported Patent Portfolio License, and therefore denies them. Lucent denies the remaining allegations in paragraph 16.

17. Dell's claim for tortious interference with contract has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count XII is necessary or appropriate, Lucent responds as follows: The allegations in paragraph 17 set forth legal conclusions to which no response is required. To the extent a responsive pleading is deemed to be required, Lucent lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. Dell's claim for tortious interference with contract has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count XII is necessary or appropriate, Lucent responds as follows: Lucent denies the allegations in paragraph 18.

19. Dell's claim for tortious interference with contract has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count XII is necessary or appropriate, Lucent responds as follows: Lucent denies the allegations in paragraph 19.

20. Dell's claim for tortious interference with contract has been dismissed pursuant to summary judgment order dated October 10, 2007. To the extent a response to Count XII is necessary or appropriate, Lucent responds as follows: Lucent denies the allegations in paragraph 20.

## COUNT XIII

**(Tortious Interference with Prospective Economic Advantage Against Lucent)**

21. Lucent incorporates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

22. The allegations in paragraph 22 set forth legal conclusions to which no response is required. To the extent a responsive pleading is deemed to be required, Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the validity and enforceability of Dell's purported Patent Portfolio License, and therefore denies them. Lucent denies the remaining allegations in paragraph 22.

23. Lucent admits that it was aware prior to creating the Multimedia Patent Trust that Dell claimed to be an MPEG LA licensee. To the extent that Paragraph 23 contains any other or different allegations, Lucent lacks sufficient knowledge and information to form a belief regarding the allegations and therefore denies them.

24. Lucent denies the allegations in paragraph 24.

25. Lucent denies the allegations in paragraph 25.

26. Lucent denies the allegations in paragraph 26.

27. Lucent denies the allegations in paragraph 27.

The remainder of Dell's counterclaims comprise a demand for jury trial and prayer for relief to which no response is required. To the extent any response is required, Lucent and Multimedia Patent Trust deny that Dell is entitled to a trial by jury on its claims against Lucent and Multimedia Patent Trust and further deny that Dell is entitled to any remedy or relief on its claims against Lucent or Multimedia Patent Trust whatsoever, either as requested or otherwise. Lucent and Multimedia Patent Trust further deny each and every allegation in Dell's Answer to Complaint and

Counterclaims Against Multimedia Patent Trust and Third-Party Claims Against Lucent or Multimedia Patent Trust not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Dell's Counterclaim Counts II through VIII are barred by the applicable statutes of limitations.

2. Dell's Counterclaim Counts IV and V are barred by the statute of frauds to the extent they rely upon an alleged oral contract.

3. Dell's Counterclaim Counts IV and V are barred by reason of failure of consideration offered in connection with any alleged agreement.

4. To the extent Dell's Counterclaim Counts II through VIII rely on Lucent's conduct in bringing this lawsuit, Lucent is immune from liability under the Noerr-Pennington Doctrine.

5. Dell's Counterclaim Counts II and VIII are barred because Dell assumed the risk that non-disclosed patents may be related to or necessary for the practice of the VBE standard.

6. Dell's Counterclaim Counts II and VIII are barred because of Dell's unclean hands in its own conduct with respect to the Video Electronics Standards Association as generally described in *In re Dell Computer Corp.*, 121 F.T.C. 616 (1996).

## PRAYER FOR RELIEF ON DELL'S COUNTERCLAIMS

Lucent and Multimedia Patent Trust deny that Dell is entitled to any relief, either as requested in Dell's counterclaims or otherwise.

Lucent and Multimedia Patent Trust further deny each and every allegation contained in Dell's counterclaims to which Lucent or Multimedia Patent Trust has not specifically responded.

/
/
/
/
/

# JURY DEMAND

Lucent and Multimedia Patent Trust hereby demand a trial by jury for all issues so triable.

Dated: December 20, 2007	By:	          s/David A. Hahn
	David A. Hahn (SBN 125784)
	HAHN & ADEMA
	501 West Broadway, Suite 1600
	San Diego, California 92101-8474
	Telephone (619) 235-2100
	Facsimile  (619) 235-2101

	John M. Desmarais (admitted *pro hac vice*)
	Robert A. Appleby (admitted *pro hac vice*)
	James E. Marina (admitted *pro hac vice*)
	KIRKLAND & ELLIS LLP
	153 East 53rd Street
	New York, New York  10022
	Telephone:  (212) 446-4800
	Facsimile:  (212) 446-4900

	Attorneys for *Lucent Technologies Inc.*
	 and *Multimedia Patent Trust*