1  Bryan W. Farney *(pro hac vice)*
   Jeffrey B. Plies *(pro hac vice)*
2  Steven R. Daniels (SBN 235398)
   DECHERT LLP
3  300 W. Sixth Street, Suite 1850
   Austin, Texas 78701
4  Telephone: (512) 394-3000
   Facsimile: (512) 394-3001
5
   David J. Zubkoff (SBN 149488)
6  SELTZER CAPLAN MCMAHON VITEK
   750 "B" Street, Suite 2100
7  San Diego, California 92101
   Telephone:   (619) 685-3003
8  Facsimile:   (619) 685-3100

9  Attorneys for Defendants and Counterclaimants,
   GATEWAY, INC., GATEWAY COUNTRY STORES LLC,
10 GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING
   LLC, AND COWABUNGA ENTERPRISES, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., and MULTIMEDIA PATENT TRUST | Case No. 07-CV-2000 H (CAB) |
| Plaintiff and Counter-Defendant, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GATEWAY'S MOTION UNDER FED. R. CIV. P. 72(a) FOR REVIEW OF MAGISTRATE JUDGE'S RULING DENYING MOTION TO STRIKE UNTIMELY SUPPLEMENTAL EXPERT REPORT** |
| v. | |
| GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC. | |
| Defendants and Counter-Claimants, | Date: January 22, 2008 |
| and | Time: 10:30 a.m. |
| | Courtroom: 13, 5th Floor |
| MICROSOFT CORPORATION | Judge: Hon. Marilyn L. Huff |
| Intervenor and Counter-Claimant. | |
| AND CONSOLIDATED CASES | |

Gateway respectfully objects under Fed. R. Civ. P. 72(a), and seeks reversal of the Magistrate's Order (D.I. 116) denying Defendants' motion to strike the untimely supplemental report of Lucent's damages expert, Roger Smith ("New Smith Report").[1]  Gateway understands from the Magistrate that the decision was informed in part by conversations with the Court.  However, because the Order was entered by the Magistrate, and not this Court, Gateway files this objection to preserve its position and to demonstrate the legal error inherent in the decision.

The Magistrate's decision allowing service of the New Smith Report was contrary to law.  The sole reason Lucent submitted the New Smith Report was to have him espouse an entirely different theory as to the reasonable royalty.  In general Mr. Smith previously opined that the industry had a standard licensing practice of 1% of the price of the entire computer system for each relevant patent.   In the New Smith Report he completely changes his position to opine instead that the industry standard is "8% of the fair market value of the patented portion of the computer system" for each relevant patent. Exh. A6 at 1.  Lucent admits this change was made solely because the previous theory Mr. Smith espoused was rejected by Judge Brewster in post-trial briefings, finding *no evidence* to support Smith's conclusion about an appropriate royalty *base* and that Smith's royalty *rate* was against the great weight of the evidence. *Id*.  Because Mr. Smith's trial testimony, consistent with his earlier reports, was found legally flawed, Judge Brewster vacated an earlier jury verdict consistent with Mr. Smith's damages testimony.

So the simple question presented by this objection is whether the Magistrate acted contrary to law in permitting Lucent to violate the discovery deadline, where the late supplementation was admitted made solely for the purpose of attempting to avoid the judgment that the earlier opinion was legally and factually flawed.

---

[1] Defendants Microsoft and Dell join in this objection.  Defendants' letter briefs submitted to the Magistrate are Exhibits A and B to Gateway's concurrently filed Notice of Lodgment.  The arguments and authorities contained therein are incorporated here by reference.

1

MEMO OF P&A'S IN SUPPORT OF GATEWAY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING; CASE NO. 07-CV-2000 H (CAB)

There can be no doubt that permitting such late supplementation on this basis is contrary to law. Rule 26(a)(2)(C) requires parties to serve expert reports "at the times . . . directed by the court." Here, expert discovery closed on July 7, 2006—rendering the New Smith Report over sixteen months late. *See* Exh. A4; *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (information not timely disclosed cannot be used at trial).

Such a breach of Rule 26(a) can be permitted only when: the delay was (1) "substantially justified" or (2) entirely "harmless." Fed. R. Civ. P. 37(c)(1). Lucent's breach of Rule 26 cannot be said to be "substantially justified" where the sole basis was attempting to evade the consequences of having earlier submitted an expert opinion that was insufficient as a matter of law.[2] A desire for a "do-over" cannot be substantial justification or the rule would be meaningless. *See, e.g., Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified"). To the extent the Magistrate incorrectly believed there was some intervening change in facts or evidence justifying Mr. Smith's supplementation, such a conclusion would be clearly erroneous.

Also, allowing Mr. Smith's New Report plainly is not harmless. The Magistrate's Order does not address the dispositive fact that the report contains a ***new*** theory. *See* Order at 2 ("Mr. Smith apparently issued a 6-page supplemental report addressing damages"). By submitting this theory late, Gateway is deprived of any chance to explore the factual bases underlying the new

---

[2] Also, Smith's extreme tardiness ***cannot*** be substantially justified "where, as here, the need for such testimony could reasonably have been anticipated." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Elec. Transit Inc.*, 2007 WL 3460280, *3 (N.D. Cal. Nov. 14, 2007) (citing *Wong v. Regents of University of California*, 410 F.3d 1052, 1061-62 (9th Cir. 2005)). Defendants' early and oft-repeated challenges to Smith's legally unsound opinion amply foreshadowed the grave risk that the Court and/or fact-finder would reject Smith's opinion. The Federal Circuit cases that Defendants and ultimately the Court cited in rejecting Smith's opinion were issued long before Smith's initial reports were even contemplated. *See* Case No. 02-CV-2060, D.I. 1975 at 18-22.

opinion, including seeking contradicting documents or testimony from pertinent third parties, and having adequate time to prepare responsive positions.  This was no mere correction of minor errors or minor tardiness.  The new report provides an entirely different theory and espouses new tests.  The reference to a royalty based upon a "patented portion" of the accused device leaves Gateway deprived of the opportunity to explore what that term means in the industry, if anything, or what scope might be assigned to it, if any.  Concluding that the New Smith Report does not unduly prejudice the Defendants is clearly erroneous.  *See Estate of Gonzalez v. Hickman*, 2007 WL 3237635, at *7 (C.D. Cal. June 28, 2007) ("Offering a deposition at this stage . . . [just before trial] does not afford defendants adequate opportunity either to prepare to meet Hunt's testimony at trial or to complete the myriad other activities to which they must attend before trial").

In short, Rule 26 was violated by the submission of the New Smith Report, and the Magistrate's decision to allow it was contrary to law.  Under Fed. R. Civ. P. 72(a), the district court "***shall*** modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law" (emphasis added).  On this basis, Gateway respectfully requests that the Magistrate Order allowing the submission of Mr. Smith's New Report be reversed.

Dated:  December 21, 2007                    DECHERT LLP

                                            By:     */s/ Steven R. Daniels*
                                                          Steven R. Daniels

                                            Attorneys For Defendants And
                                            Counterclaimants GATEWAY, INC. *et. al.*