1　John E. Gartman (SBN 152300)
　　Juanita R. Brooks (SBN 75934)
2　Roger A. Denning (SBN 228998)
　　Christopher S. Marchese (SBN 170239)
3　Lara S. Garner (SBN 234701)
　　Fish & Richardson P.C.
4　12390 El Camino Real
　　San Diego, California  92130
5　Telephone:　(858) 678-5070
　　Facsimile:　(858) 678-5099
6
　　Stephen P. McGrath (SBN 202696)
7　Microsoft Corporation
　　One Microsoft Way
8　Redmond, WA  98052
　　Telephone:　(425) 882-8080
9　Facsimile:　(425) 936-7329

10　Attorneys for Intervenor/Counter-claimant
　　 and Plaintiff/Counter-defendant
11　MICROSOFT CORPORATION

12　　　　　　　UNITED STATES DISTRICT COURT

13　　　　　　SOUTHERN DISTRICT OF CALIFORNIA

14　LUCENT TECHNOLOGIES INC. and
　　 MULTIMEDIA PATENT TRUST,
15
　　　　　　Plaintiff and Counterclaim-defendant,
16
　　 v.
17
　　 GATEWAY, INC. and GATEWAY
18　COUNTRY STORES LLC, GATEWAY
　　 COMPANIES, INC., GATEWAY
19　MANUFACTURING LLC and
　　 COWABUNGA ENTERPRISES, INC.,
20
　　　　　　Defendants and Counter-claimants,
21
　　 and
22
　　 MICROSOFT CORPORATION,
23
　　　　　　Intervenor and Counter-claimant,
24
　　 MICROSOFT CORPORATION,
25
　　　　　　Plaintiff and Counter-defendant,
26
　　 v.
27
　　 LUCENT TECHNOLOGIES INC.,
28
　　　　　　Defendant and Counter-claimant,

Case No. 07-CV-2000 H (CAB)
consisting of matters severed from
consolidated cases:
02-CV-2060 B (CAB)
03-CV-0699 B (CAB)
03-CV-1108 B (CAB)

**REPLY IN SUPPORT OF
MICROSOFT CORPORATION'S
MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY OF U.S.
PATENT NO. 4,763,356**

Date:　　　　January 8, 2008
Time:　　　　9:30 a.m.
Courtroom:　13
Judge:　　　 Honorable Marilyn L. Huff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LUCENT TECHNOLOGIES INC. and
MULTIMEDIA PATENT TRUST,

      Plaintiff,

v.

DELL, INC.,

      Defendant.

1   **I.    INTRODUCTION**

2       Lucent's hand-waving regarding purportedly disputed facts, in actuality, raises a single

3   issue – one of claim construction:  whether "points to" excludes the use of the physical keyboard.

4   But the '356 patent' specification itself answers this question, expressly and resoundingly, "No."

5       In the only dispute it advances, Lucent argues that claim 19 is not invalidated by Your

6   Money Manager because the claim *requires* the use of either: 1) a touch screen or 2) a mouse.

7   That is claim 19, a method claim, is invalid if Lucent is not permitted to read into claim 19 the

8   requirement of a particular kind of hardware input device.  Lucent attempts improperly to impose

9   this limitation in disregard of claim language, the Court's construction and the patent

10  specification's overt statement that the claims are not so limited.

11      It is telling that each time Lucent relies on unsupported, often unexplained, and conclusory

12  statements by its expert, Microsoft counters relying on the specification of the '356 patent itself:

13              Lucent's expert contends, without explanation, that Your Money
                Manager cannot invalidate because it is MS-DOS based.  (Opp'n at
14              26.)

15              The '356 patent *recommends* the use of Microsoft's MS-DOS in
                practicing the patent:
16
17              Form entry system 10 depicted in FIG. 1 includes personal computer
                20 and display panel 15. Computer 20 operates under a predetermined
18              operating system-*illustratively the MS-DOS operating system.  (The
                MS-DOS operating system is available from Microsoft, Inc.)*

19  (Ex. A[1] at col. 2:19-2:24).

20              Lucent's expert says that Your Money Manager does not invalidate
                because the meaning of "point to" cannot include using the physical
21              keyboard.  (Opp'n at 27-28.)

22              The '356 patent says just the opposite:

23              The term 'points to' and the variants of that term *as used herein is
                meant to include* other terms *that are understood by the art* and which
24              define similar functions.   For example *it includes* such notions as
                moving a screen cursor to the location of the displayed text or to an
25              entry in a menu of entries and operating, for example, an enter key; as
                "touching" the screen as one would touch the touch screen 16 of panel
26              15; or *even as identifying particular displayed text or menu of entries
                using terminal buttons, for example, computer keyboard buttons.*"

27  _____

28  [1]  Unless otherwise noted, lettered exhibits refer to the corresponding exhibit attached to the
        declaration of Lara S. Garner in support of Microsoft's motion for summary judgment of
        invalidity, which was filed with Microsoft's opening brief.

1   (Ex. A at col. 3:23-3:33.)

2            Lucent's expert contends that Your Money Manager does not
             invalidate because it does not utilize a touch screen or mouse – but
3            relies on "pushing keys on a keyboard."  (Opp'n at 28.)

4            The '356 patent does not ban the use of physical keyboards.  To the
             contrary, the only embodiment in the specification is described to
5            include a physical keyboard in addition to a touch-screen (though
             notably the specification makes no mention whatever of a mouse):
6
7            "The computer includes a display 21, keyboard 23…"

8

9

10          

11

12

13                          **Figure 1**

14  (Ex. A at col. 2:24-2:25, Figure 1.)

15          Also tellingly, Lucent's Opposition simply ignores these statements in the '356 patent, on

16  which Microsoft relied in its opening brief.  (Motion at 10, 12.)  Lucent does not even attempt an

17  argument to explain away this clear language of the patent itself – because it cannot be explained

18  away and cannot be disregarded in favor of the extrinsic "evidence" of Lucent's expert's

19  conclusory statements.  *See, e.g. Phillips v. AWH Corp.*, 415 F.3d 1303, 1324 (Fed. Cir. 2005) (In

20  order to avoid "imposing improper limitations on claims" the court may not use extrinsic sources

21  "to contradict claim meaning that is unambiguous in light of the intrinsic evidence.")

22          Lucent's Opposition includes no separate treatment of claim 21 of the '356 patent.

23  Therefore, Microsoft is entitled to summary judgment of invalidity with respect to that claim also.

24          Finally, Lucent does not oppose Microsoft's motion for partial summary judgment that

25  Lucent is not entitled to a date of invention prior to December 11, 1986, the filing date of the '356

26  patent.  Therefore, the motion should be granted.[2]

27

28  ────────────────
    [2] Gateway, Incorporated and Dell, Incorporated join Microsoft in this Reply.

1  **II.    ARGUMENT**

2      **A.    Lucent does not dispute that Your Money Manager meets each and every limitation of Claim 19 with one single exception – the composition tool.**

3

4      Lucent's only argument concerning claim 19 concerns the "composition tool" limitation.

5  Here is claim 19 emphasizing the *one element* Lucent says is not met by Your Money Manager:

6          A method for use in a computer having a display comprising the steps of

7          displaying on said display a plurality of information fields

8          identifying for each field a kind of information to be inserted therein

9          indicating a particular one of said information fields into which

10         information is to be inserted and for concurrently displaying a predefined tool associated with said one of said fields, said predefined tool being operable to supply information of the kind identified for said one field, said tool being selected from a group of predefined tools including a tool adapted to supply an individual entry from a menu of alternatives and at least *a tool adapted to allow said user to compose said information*, and

11

12

13

14         inserting in said one field information that is derived as a result of said user operating said displayed tool.

15

16  (Ex. A at col. 17:27-18:14.)   Lucent does not argue that any limitation is missing from Your

17  Money Manager other than: "a tool adapted to allow said user to compose said information."   That

18  limitation was construed by the Court to "mean[] a graphical keyboard tool or graphical number

19  keypad tool, which allows the user to compose information by pointing to the display keys of that

20  tool."  (Ex. H at 7-8.)  But Your Money Manager has a "graphical number keypad tool which

21  allows the user to compose information by pointing to the display keys of that tool."   Each of

22  Lucent's experts contentions to the contrary is shown to be wrong by reference to the Your Money

23  Manager screen shots and the '356 patent's own specification.

24      **B.    The fact that Your Money Manager is MS DOS-based has no impact on whether it invalidates the '356 patent – in fact the ONLY embodiment disclosed in the '356 is MS DOS-based**

25      Lucent's expert contends that the "'356 patent used *graphical* displays and menus" as

26  distinct from the "MS DOS operating system of the mid-1980s [which] was very different from

27  the common graphical user interfaces of today."  (Opp'n at 25 (emphasis in original).)  Lucent's

28  expert does not explain what he means by "graphical" or why it is not met by the on-screen

1  representations of check and calculator that are displayed by Your Money Manager.  The Court

2  need only look at the screen shot below to plainly see the calculator displayed graphically on-

3  screen:



**Figure 2**

13  (*See* Ex. N.)  Lucent asks this Court to discard common sense to conclude that the image of a

14  number keypad tool shown above is somehow not a "***graphical*** number keypad tool."  The

15  argument is baseless, creates no genuine issue of triable fact and should be rejected.

16      Just as importantly, however, Lucent's expert does not explain how it could possibly be the

17  case that Your Money Manager does not invalidate because it runs on the MS DOS operating

18  system, when the patent ***recommends*** use of the MS DOS operating system and did not identify

19  any other possible operating system that could be use in its place.  (Ex. A[3] at col. 2:19-2:24).

20  Lucent's Opposition simply ignores that fact.  The answer is it cannot be the case and Your

21  Money Manager meets the composition tool limitation – it provides a ***graphical*** number keypad

22  tool.

23      **C.    The Your Money Manager graphical number keypad tool has display keys**

24      Lucent's expert issues a simple denial: "the [Your Money Manager] on-screen calculator

25  does not have 'display keys.'"  (Opp'n at 27.)  But the display keys of the Your Money Manager

26  graphical  number  keypad  tool  (as  shown  on  the  right  of  Fig.  3  below)  are  virtually

27  _____

28  [3]   Unless otherwise noted, lettered exhibits refer to the corresponding exhibit attached to the
      declaration of Lara S. Garner in support of Microsoft's motion for summary judgment of
      invalidity, which was filed with Microsoft's opening brief.

indistinguishable from the display keys illustrated in the '356 patent (as shown on the left in Fig. 3 below).






'356 Patent:  Graphical Number Keypad Tool                Your Money Manager:  Graphical Number Keypad Tool

**Figure 3**

(Ex. A, col. 4:13-4:24, Ex. N.)

It is clear that the **keys** for each of the numbers 0 through 9 **displayed** on the screen in the figure above on the right are **display keys**.  Your Money Manager meets the composition tool limitation – it provides a graphical number keypad tool with **display keys**.

> **D.    The fact that Your Money Manager allows the user to point to the display keys using the physical keyboard has no impact on whether it invalidates the '356 patent – the specification defines "pointing to" to include "using terminal buttons, for example, computer keyboard buttons"**

Lucent calls it "absurd" that "pushing physical keys on a physical keyboard is the same as 'pointing to the display keys' of a 'graphical number keypad tool.'"  (Opp'n at 27.)  But Lucent does not have the candor to acknowledge in its Opposition that **that is what the '356 patent specification says** "point to" means.  When the Your Money Manager graphical number keypad tool is displayed, the user points to its display keys, as the patent describes, by "using [the] terminal buttons" the "computer keyboard buttons."  When the user does so, the number displayed on the selected display key is momentarily highlighted and the corresponding number appears in the read-out field at the top of the Your Money Manager graphical number keypad tool.  The user repeats the process until she has composed the desired number ("75.00" in the illustration below):





(Ex. 1.[4])

When it has suited Lucent's purposes, Lucent has used the '356 patent's definition of "point to" which it now characterizes as absurd:

> MR. DESMARAIS: …This is a field where you need to compose the data. You need to make up the information. So up pops a keyboard on your screen, and then you can use the keyboard to spell out the name.
>
> THE COURT: Do you just touch that with your finger? You type on it?
>
> MR. DESMARAIS: You can -- you can – there's lots of different ways you can do it. You can do it with your finger. You can do it with a stylus *or you can use the arrow key*.

(Ex. 2 (August 19, 2003 Tutorial Transcript at 89:4-89:13).)

The '356 patent uses the term "points to" as it is "understood by the art" to include "moving a screen cursor…'touching' the screen or…using terminal buttons, for example, computer keyboard buttons." (Ex. A at col. 3:23-3:33.) Regardless what today's common usage of "pointing" may be, the '356 patent leaves no doubt the term was understood in the art at the time of the '356 patent to include pointing using keyboard buttons to point to display keys on-screen. Your Money Manager meets the composition tool limitation – it provides a graphical number keypad tool *which allows the user to compose information by pointing to the display keys of that tool.*

At each point of disagreement, Lucent cites its expert's unsupported assertion and Microsoft cites the specification of the '356 patent. Your Money Manager meets the composition tool limitation and, as such, it invalidates claim 19 of the '356 patent.

**E.    At a minimum, the composition tool limitation is obvious in light of Microsoft's own Windows 1.01 graphical number keypad tool**

It is Lucent's expert's position that the only reason Your Money Manager does not invalidate claim 19 is because its composition tool is not operated with a mouse. But Lucent's expert does not deny that Microsoft's own Windows version 1.01 – that could be used only on the very same MS DOS-based IBM PCs that Your Money Manager was written for – has a composition tool is operated with a mouse. In fact, Lucent's Opposition never once mentions the

---

[4]    Unless otherwise noted, numbered exhibits refer to the corresponding exhibit attached to the declaration of Lara S. Garner in support of Reply, filed herewith.

Windows 1.01 graphical number keypad tool.  Even if Lucent is right and there is no way to invalidate claim 19 without a mouse, the combination of Your Money Manager and Windows 1.01 would do so.

Lucent's expert's entire argument seems to be that, because Your Money Manager was not designed to work with a mouse, there was no reason to modify it to make it work with a mouse. (Opp'n at 28-29.)  "Common sense teaches, however, that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle."  *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1732 (U.S. 2007).

Lucent contends that Your Money Manager "taught away" from the use of a mouse by virtue of the fact that it is MS DOS-based.  There are two problems with that theory.  The first was noted above: the '356 patent itself suggested the operating system to use was MS DOS.  That should be the end of the inquiry.  But if more were needed, one has only to examine Lucent's expert's contention that it was "generally presumed that" "MS DOS based programs at the time" "would not be used with a mouse or other pointing device."  Lucent's expert does not have any evidence that this is the case – he simply makes the statement with nothing to back it up.  But it is clear that Lucent's expert does not really know whether there was any such expectation.

At the time of the '356 patent, "IBM PC or compatible computers" utilized Microsoft's MS DOS operating system.  (*See* Ex. 4, 75:14-75:18; *see also* Ex. 3 at MSLT_1236057-MSLT_1236059.)  Lucent's expert had this to say about his knowledge of the use of mice with MS DOS-based IBM PC or compatible computers:

> Q. Do you know of any companies that sold mice for IBM compatible PC's in 1986?
>
> A. No.
>
> Q. When was the first mouse available for an IBM PC-compatible computer?
>
> …
>
> THE WITNESS: I can't tell you that.
>
> Q. You know they were available by 1986, but you don't know how much before that they were available; is that right?
>
> A. That's correct.

…

Q. If you know, what is the general time frame at which mice became available that were intended for use with IBM PC's?

A. I do not know.

(Ex. 4. (Transcript of the November 20, 2007 Deposition of Tognazzini) at 73:5-74:1; 78:1-78:4.) In fact, although Lucent's expert did not know it, in December of 1983 – three years before the patent application – Microsoft introduced its own Mouse for MS DOS-based computers. (Exs. 5 & 6.) By January 1985, almost two years before the filing of the '356 patent application, Microsoft's mouse worked with at least the following MS DOS-based software programs: Microsoft Multiplan, Lotus® 1-2-3®, VisiCalc®, and WordStar®. (See Ex. 7.)

By June of 1985, a year and a half before the '356 application, Microsoft's mouse worked with at least the following additional MS DOS-based software programs: PC Paintbrush, and Microsoft Word. (*See* Ex. 8.) By January of 1986, still almost a year before the '356 application, Microsoft's mouse worked with still more applications including: Multimate®, DisplayWrite®, and Microsoft Project. (*See* Ex. 9.) This unmistakable trend in the field toward mouse input devices, and the general knowledge of skilled artisans for incorporating mouse input devices into a variety of pre-existing application programs, abundantly establishes the "reason" that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way of the patent. *KSR,* 127 S.Ct. at 1732 ("Under the correct analysis, any need or problem known in the field and addressed by the patent can provide a reason for combining the elements in the manner claimed.").

It is clear that Lucent's expert's unsupported assertion that "MS DOS based programs at the time" "would not be used with a mouse or other pointing device" is just plain wrong.

"[I]n general, a reference will teach away if it suggests that the line of development flowing from the reference's disclosure is unlikely to be productive of the result sought by the applicant." *Baxter Int'l, Inc. v. Mc Gaw, Inc*., 149 F.3d 1321, 1328 (Fed. Cir. 1998) (quoting *In re Gurley*, 27 F.3d 551, 553 (Fed.Cir.1994)). Just the opposite was the case regarding a teaching by MS DOS-based software regarding the use of a mouse. Over the time leading up to the filing of the '356 patent application more and more MS DOS software applications were being modified to

1  contribute to what Lucent's expert referred to as a "revolutionary change" that was going on the

2  field of Human Computer Interface, the field of art of the '356 patent – the transition from

3  keyboard-only systems to mouse-based systems.  (Ex. 4 at 50:13-50:22.)

4  **F.    Lucent's expert's alleged "evidence of secondary considerations" is smoke and mirrors**

5  A careful reading of Lucent's expert's "evidence of secondary considerations" reveals

6  them for what they are: utterly irrelevant statements without a shred of support.  (Opp'n at 23.)

7  <u>Skepticism of Others</u>:  Lucent's expert proclaims, but does not identify who these others

8  were to whom "the '356 patent's pop-up calendar" was "unthinkable."  Lucent does not explain

9  what a pop-up calendar has to do with whether or not claim 19 was obvious.  Nor is there a "lag"

10  that occurs as a result of the tools in Your Money Manager – and Lucent's expert has not

11  contended that there is.

12  <u>Long Felt Need</u>:  Lucent' experts says that "those of us working in the art were interested

13  only in improvements that could be implement successfully in the short term." (*Id*.)  Practitioners

14  were not willing to wait a long time for solutions, therefore there was a long-felt need?  This is a

15  non-sequitur.

16  <u>Failure of Others</u>:  Lucent's expert contends that others had tried and failed to solve the

17  problem of "clicking with the mouse too often and traveling too far to assemble the information

18  needed."  But that is not even the problem that the '356 patent was meant to address.[5]  "Clicking"

19  and "traveling" with a mouse are not discussed by the '356 patent – not surprisingly given that the

20  '356 patent makes no mention of mice.  Again, who were these "others"?  What solutions did they

21  try that were unsuccessful?  Lucent's expert is silent.

22  Claim 19 is, at a minimum, obvious in light of Your Money Manager alone or in

23  combination with Microsoft Windows 1.01, and Lucent's expert's unsupported assertions to the

24  contrary do not create an issue of fact.  Lucent gives no independent treatment to the issue of the

25  obviousness of claim 21 except to make the conclusory statement in a footnote that "there would

26  have been no reason to add a "bit-mapped graphics field" to" Your Money Manager.  (Opp'n at

27

28  [5]   According to Lucent the "invention of the '356 patent was directed at" "tools that avoided using the keyboard."  (Opp'n at 27.)

31, fn 8.)  In light of the reasons to do so detailed in Microsoft's opening brief, this mere denial is insufficient to create a genuine issue of material fact.  *Delmarva Power & Light Co. v. U.S.*, 79 Fed. Cl. 205, 217 (Fed. Cl. 2007) (internal citation omitted) ("The party opposing the motion [for summary judgment] must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant. Mere denials or conclusory statements are insufficient.").  As such, and because claim 19 is invalid, Microsoft is entitled to summary judgment of invalidity with respect to both claims 19 and 21 of the '356 patent.

> **G.**    **Lucent does not oppose Microsoft's motion partial summary judgment that Lucent is not entitled to a date of invention prior to December 11, 1986, the filing date of the '356 patent**

Microsoft requested, in its opening brief, that the Court grant partial summary judgment regarding the time of invention of the '356 patent.  Microsoft noted that Lucent has alleged that the purported invention disclosed in the '356 patent was conceived by March 22, 1985, more than 20 months before the application for the '356 patent was filed.  (Ex. D at 5.)  The **only** thing Lucent has ever cited in supposed support of this contention – the '356 patent itself and its file history – can provide no evidence whatsoever of conception or reduction to practice before the December 11, 1986 date of filing.  (*Id*.)  Lucent did not address this issue in its Opposition.  Because Lucent does not oppose Microsoft's motion, Microsoft is entitled to summary judgment on this issue.

## III.    CONCLUSION

Your Money Manager alone or in combination with Microsoft Windows 1.01 meets every limitation of and therefore anticipates or renders obvious claims 19 and 21 of the '356 patent. There is no genuine issue of material fact, and summary judgment of invalidity should be granted. Furthermore, Microsoft's motion partial summary judgment that Lucent is not entitled to a date of invention prior to December 11, 1986, the filing date of the '356 patent is unopposed and should be granted.  Microsoft joins in the replies in support of the motions for summary judgment of invalidity of the '356 patent filed contemporaneously by Gateway and Dell in this matter.

1

Dated:  December 21, 2007                    FISH & RICHARDSON P.C.

2

3

4                                                           By:   /s/ Lara S. Garner
                                                                        John E. Gartman (SBN 152300)
5                                                                      Juanita R. Brooks (SBN 75934)
                                                                        Roger A. Denning (SBN 228998)
6                                                                      Christopher S. Marchese (SBN 170239)
                                                                        Lara S. Garner (SBN 234701)
7                                                                      lgarner@fr.com

8                                                           Attorneys for Intervenor/Counter-claimant
                                                                 and Plaintiff/Counter-defendant
9                                                           MICROSOFT CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 21, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

_/s/ Lara S. Garner_____
Lara S. Garner
lgarner@fr.com

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION