1  W. Bryan Farney (*Pro Hac Vice*)
   Jeffrey B. Plies (*Pro Hac Vice*)
2  Dechert LLP
   300 West 6th Street, Suite 1850
3  Austin, TX  78701
   Telephone:     (512) 394-3000
4  Facsimile:     (512) 394-3001

5  David J. Zubkoff, Esq. (SBN 149488)
   SELTZER CAPLAN McMAHON VITEK
6  A Law Corporation
   750 "B" Street, Suite 2100
7  San Diego, California 92101
   Telephone:     (619) 685-3003
8  Facsimile:     (619) 702-6827

9  Attorneys for Defendants and Counter-Claimants:
   GATEWAY, INC., GATEWAY COUNTRY
10 STORES LLC, GATEWAY COMPANIES, INC.,
   GATEWAY MANUFACTURING LLC, AND
11 COWABUNGA ENTERPRISES, INC.

12                    UNITED STATES DISTRICT COURT

13                    SOUTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  LUCENT TECHNOLOGIES INC., | Case No. 07-CV-2000 H (CAB) *consisting of matters severed from the consolidated cases:* |
| 16                     Plaintiff and Counter-Defendant, | Case No.  02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB) |
| 17  v. | Case No. 03-CV-1108-B (CAB) |
| 18  GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **GATEWAY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO LUCENT'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' TRUST-RELATED COUNTERCLAIMS** |
| 22                     Defendant and Counter-Claimaints, | |
| 23  and. | Date:     January 8, 2007<br>Time:     9:00 a.m.<br>Courtroom: 13 |
| 24  MICROSOFT CORPORATION, | Judge:    Honorable Marilyn L. Huff |
| 25                     Intervener and Counter-Claimaint. | |
| 27  AND CONSOLIDATED CASES | |

28

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY
JUDGMENT ON DEFENDANT'S' TRUST-RELATED                           Case No.  07-cv-2000 H (CAB)
COUNTERCLAIMS

## I. INTRODUCTION

Gateway submits this brief in opposition to Lucent Technologies, Inc.'s ("Lucent") motion for summary judgment on Count XXX of Gateway's counterclaim, alleging a violation of Cal. Bus. & Prof. Code Section 17200, *et seq* ("California Unfair Competition Law" or "UCL"). At its core, Lucent's only argument on summary judgment is that it has not deceived Gateway or the public. However, as the record is riddled with evidence of misrepresentations by Lucent that were not only likely to mislead the Defendants here as well as members of the public, but that were intended to mislead, fact issues mandate the denial of Lucent's motion.

In its motion, Lucent willfully ignores the record and the facts presented in the parties' earlier briefing on the Multimedia Patent Trust ("MPT") issues and focuses exclusively on the two misrepresentations specifically identified in Gateway's Counterclaim. Lucent's Motion at 9 (Case No. 07-2000, Doc. No. 123-1) (citing Gateway's Second Amended Answer and Counterclaims to Plaintiffs' Second Amended Complaint (Case No. 02-2060, D.I. 1410) at 58 [hereinafter "Gateway's Counterclaim"]). Yet, even with this improperly narrow focus, Lucent's motion should be denied. The first misrepresentation alleged in the counterclaim is Lucent's claim that it has assigned all rights to the Video Coding Patents at issue here to MPT.[1] Lucent claims that this Court previously found that the entire rights to these patents had been assigned to MPT by Lucent prior to its merger with Alcatel SA ("Alcatel"). Lucent's Motion at 9. This Court in fact found in light of the previous briefing on these issues that Lucent retained "extremely strong" control over the patents despite the shell game of putting them into MPT.[2] Thus, Lucent's statement to this effect is objectively false and misleading in violation of the UCL. On this basis alone, the Court should deny Lucent's motion.

The second misrepresentation alleged in the counterclaim is Lucent's assertion that it intended to fulfill its obligations to MPEG-LA. Although somewhat inartfully plead, the

---

[1] The Video Coding Patents include U.S. Patent Nos. 4,958,226 ("Haskell") and 4,383,272 ("Netravali") currently at issue in this case.
[2] Order Granting In Part And Denying In Part Parties' Motions For Summary Judgment Regarding Defendants' Affirmative Defenses And Counterclaims Pertaining To The Transfer Of The Group 1 Patents To The Multimedia Patent Trust at 6,10 [hereinafter "Summary Judgment Order"]; Transcript of Motion Hearing Held on 09/26/2007 Case No. 02-2060, D.I. 2105.

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS     - 2 -     Case No. 07-cv-2000 H (CAB)

counterclaim is a reference to Lucent's misrepresentation to the SEC and its shareholders that "all of [its] patents [would] continue to be owned by Lucent and its subsidiaries" after the merger with Alcatel. Blackburn Dec., Ex. 8 at 181.[3] The statement created the erroneous impression that Lucent would fulfill its post-merger obligations to license any of its alleged MPEG-essential patents to the MPEG-LA licensing pool. Lucent does not dispute that it made this representation in its SEC filing, nor does it dispute that it was, in fact, false. Clear evidence that these representations did, in fact, mislead can be seen simply in the fact that the Defendants in this suit sought a stay of the trial on the Haskell and Netravali patents in light of the fact that they would be licensed to the patents once the merger went through. Blackburn Dec., Ex. 10 at 243, § 2.3. For this reason as well, Lucent's motion must be denied.

But, even assuming Lucent is correct about these two assertions, the facts in the record clearly reveal that Lucent deceived the SEC, the DOJ, the FTC, its shareholders, and the public in its April 2006 SEC disclosure with its statements regarding the disposition of its patents after the merger. *See* Summary Judgment Order at 13, 22. The evidence of this public deception is undisputed, obvious, and clearly sufficient for a claim under the UCL. As a result, Lucent's motion for summary judgment with respect to this issue must be denied.

In addition to the above issues, Lucent also requests summary judgment on several other counterclaims. With respect to these counterclaims, Gateway joins Microsoft Corporation's ("Microsoft") opposition brief in its entirety and requests that Lucent's motion be denied.[4]

**II. STATEMENT OF FACTS**

Gateway hereby incorporates by reference the factual background set forth in Dell's Memorandum Of Points And Authorities In Support Of Dell's Motion On Behalf Of All

---

[3] All references to "Blackburn Dec., Ex. ___" refer to Declaration of James S. Blackburn in Support of Dell's Motion for Summary Judgment on Behalf of All Defendants for Summary Judgment of Non-Infringement Based on the Defense of License, filed in Case No. 02-2060, on August 17, 2007 (D.I. 1980-1).

[4] Gateway joins and incorporates Microsoft Corporation's opposition to Lucent's motion for summary judgment with respect to Defendants' claims for fraudulent transfer under the Delaware Uniform Fraudulent Transfer Act, regarding Defendants' claims for common law fraud under Delaware law and Defendants' claim for tortious interference with a prospective economic advantage. Gateway asserts that Lucent's motion should be denied with respect to all of these counterclaims.

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS      - 3 -      Case No. 07-cv-2000 H (CAB)

Defendants For Summary Judgment Of Noninfringement Based On the Defense Of License, filed with this Court on August 17, 2007 [Dell Br. at 4-15]. In addition, Gateway sets forth the following facts.

### A. Lucent's Misrepresentation to the SEC, FTC and DOJ

On April 2, 2006, Lucent and Alcatel entered into an Agreement and Plan of Merger ("Merger Agreement"), approved by their respective boards of directors, which defined the terms and conditions of the merger. In Section 5.01(j) of the Merger Agreement, Lucent agreed not to dispose of its "material assets" prior to completion of the merger:

> ***Lucent will not, and will not permit any of its Subsidiaries to, sell, transfer,*** lease, license, pledge, encumber ***or otherwise dispose of any material*** (as determined with respect [to] Lucent and its Subsidiaries taken as a whole) ***assets*** or stock.

Blackburn Dec., Ex. 2 at 65 (emphases added). Lucent also promised not to enter into any material agreements or "any partnership or other similar arrangements." *Id.,* Ex. 2 at 65-66, §§ 5.01(p), (l). And, Lucent agreed not to "settle, pay, discharge or compromise any material claim... or litigation" prior to the merger, unless in the ordinary course of Lucent's business. *Id.,* Ex. 2 at 65, § 5.01(o). Finally, in a catch-all provision, Lucent promised "not to ... agree or commit to do any of the foregoing." *Id.,* Ex. 2 at 66, § 5.01(r).

Lucent and Alcatel also filed a public Proxy Statement on Form DEFA 14A with the SEC on April 4, 2006, confirming they will combine their patent portfolios in the merger. Blackburn Dec., Ex. 25 at 608. In a separate Proxy Statement, also filed publicly with the SEC, Lucent further guaranteed that "the way the proposed merger is structured, ***all of the patents will continue to be owned by Lucent and its subsidiaries."*** Blackburn Dec., Ex. 8 at 181 (emphasis added).

On September 7, 2006, shareholders of Lucent and Alcatel voted to approve the Merger Agreement. *Id.,* Ex. 26. At the time of the vote, Lucent had already decided to form MPT and "assign" to it several Lucent-owned patents, including the Video Coding Patents. Blackburn

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS — - 4 -   Case No. 07-cv-2000 H (CAB)

Dec., Ex. 9 at 225-228 (Landmann Dep. at 102:1-105:21; Blackburn Dec., Ex. 27 at 628-29 (Dinella Dep. at 76:11-77:4). Lucent never informed the SEC or shareholders of its plan to assign the Trust Patents to MPT. Blackburn Dec., Ex. 28 at 648 (Carapezzi Dep. at 69:2-20)), despite the provisions in the Merger Agreement prohibiting such assignment and Lucent's numerous public representations to the contrary filed with the SEC. Blackburn Dec., Ex. 27 at 632-635 (Dinella Dep. at 102:11-105:24); Blackburn Dec., Ex. 2 at 65, § 5.01(j); Blackburn Dec., Ex. 8 at 181. In addition, the FTC and the DOJ, who rely on such SEC filings to assess competitive aspects of a merger, were also likely deceived by this filing.[5] When Lucent and Alcatel merged on November 30, 2006, Lucent became a wholly-owned subsidiary of Alcatel-Lucent. Blackburn Dec., Ex. 15.

### B. Lucent Retained "Extremely Strong" Control Over The Video Patents

On September 26, 2007, this Court held a hearing on Lucent's prior motion for summary judgment on Gateway's, Microsoft's and Dell's counterclaims. In this hearing, the Court found that Lucent had significant control over the MPT trust. The Court stated that:

> In my view, I think that Lucent has ***extremely strong indirect control of this trust.*** They can fire trustees, at least one a year. They can actually fire in a polite way the trust advisor because she has a one-year contract and she has to be renewed every year. So there's no doubt in my mind that they can fire her too for no cause at all… So indirectly, it appears to me that Lucent has a great deal of control over that trust.

Transcript of Motion Hearing Held on 09/26/2007 (Case No. 02-2060, D.I. 2105) (emphasis added). In addition, the Court made similar findings in its subsequent written order. Summary Judgment Order at 6, 10. Because the exclusive purpose of the trust is to extract value from the patents in it, control over the trust is control over the patents. Thus, it is a misrepresentation for Lucent to say it

---

[5] While Lucent appears to have filed the required notification form under the Hart-Scott-Rodino Act, it does not appear to have disclosed anything about MPT, MPEG-LA, or the transfer of patents to the trust to the government. In particular, Gateway's requests for production Nos. 24 and 25 requested that Lucent produce all documents relating to MPT or relating to the trust agreement and Lucent produced no government filings relating to either. Daniels Dec. Ex. E attached to Memorandum of Points and Authorities in Support of Gateway's Motion for Summary Judgment on the Defense of License, Equitable Estoppel and Unclean Hands filed August 17, 2007.

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS    - 5 -    Case No. 07-cv-2000 H (CAB)

has assigned all rights and control to the trust. Lucent's Corrected Second Amended Complaint (Doc. No. 1018-1) at 5, ¶26 (stating that Lucent "assigned its entire right, title, and interest" in the video coding patent to MPT).

## III. ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" illustrate that there is "no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All evidence is viewed in the light most favorable to the non-movant who receives the benefit of all justifiable inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248. A party that does not bear the burden of proof is entitled to summary judgment when successfully demonstrating an absence of facts supporting the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Summary judgment is also appropriate when the party bearing the burden of proof fails to make a sufficient showing on an essential element of its case. *Id.* at 323.

### B. Lucent's Motion For Summary Judgment With Respect to Gateway's Claim Under Section 17200 of the California Business & Professional Code Should Be Denied.

The UCL provides a broad cause of action for "unfair competition." CAL. BUS. & PROF. CODE § 17200 (2007). Under the UCL, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 commencing with Section 17500." *Id.* In order to state a cause of action under the UCL, a plaintiff need only show that "members of the public are *likely* to be deceived" by a defendant, not actually deceived. *Progressive West Insurance Co. v. Superior Court of Yolo County,* 135 Cal. App. 4th 263, 284 (Cal. Ct. App. 2005); *Bell v. Blue Cross of Cal.*, 131 Cal. App. 4th 211, 221 (Cal. App. 2005). Further, a plaintiff does not need to

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS — - 6 - — Case No. 07-cv-2000 H (CAB)

prove a misrepresentation or the elements of common law fraud to bring this cause of action.[6]  *Id.*

### 1. Lucent's Claim To Have Surrendered Control Over The Patents Is A Misrepresentation That Likely Deceived The Public And Gateway

Gateway claims that Lucent misrepresented that it "assigned its entire right, title, and interest in the [Haskell and Netravali patents] to MPT." Lucent's Corrected Second Amended Complaint (D.I. 1018-1) at 5, ¶26.  In its motion, Lucent does not dispute that it made this representation.  Lucent's Opposition at 9.  Rather, Lucent asserts that this statement is true and thus not a misrepresentation. *Id.* Lucent claims that by its October order this Court determined that Lucent had transferred its entire right to its Video Coding Patents to MPT. *Id.* This is incorrect.  In truth, this Court found that Lucent retains significant rights and "extremely strong" control over MPT and its patents. *See* Hearing Tr. 09/26/2007 Case No. 02-2060, D.I. 2105); Summary Judgment Order at 6,10 (Lucent's retained powers include (1) the power to grant or withhold consent to a sale of the Trust Patents; (2) the power to appoint a successor; (3) the power to remove the trustee without cause; and (4) the power to renew or not renew the appointment of the Trust Advisor).  As a result, Lucent's assertion is clearly a misrepresentation that likely deceived Gateway and the public.  By claiming that it had transferred all its rights to the Video Coding Patents to MPT, Lucent hoped to create the erroneous impression that Lucent had no control over the licensing or litigation of these patents.  As Lucent retains "extremely strong" control over the patents in the trust, it likely deceived the public when it claimed to transfer all its right and interest to MPT.  Lucent's Corrected Second Amended Complaint (D.I. 1018-1) at 5, ¶26; Hearing Tr. 09/26/2007 Case No. 02-2060, D.I. 2105.

### 2. Lucent's Claim That It Would Retain Its Video Coding Patents After Its Merger With Alcatel Likely Deceived The Public And Gateway

In addition, Lucent claims that there is no evidence that it made any representation to anyone that "it is upholding its obligations to the MPEG licensing consortium." Lucent's Motion

---

[6] *Progressive West Insurance Co. v. Superior Court of Yolo County,* 135 Cal. App. 4th 263, 284 (Cal. Ct. App. 2005) ("In order to state a cause of action under the fraud prong of section 17200, a plaintiff need not show that he or others were actually deceived or confused by the conduct or business practice in question…A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.")

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS     - 7 -     Case No. 07-cv-2000 H (CAB)

at 8.  Lucent claims that it is not a member of MPEG-LA and, thus, has no obligation to this organization.  However, this assertion is incorrect for following reasons.  First, it is undisputed that Lucent made several misrepresentations to the SEC in public filings that indicated that it would retain all of its patent rights after the merger with Alcatel.  Blackburn Dec., Ex. 8 at 181 (LUC 1306135).  Second, as a subsidiary of Alcatel after the merger, Lucent would be required to place its Video Coding Patents into the MPEG-LA pool .  Blackburn Dec., Ex. 10 at 243, § 2.3.  Thus, the assertion that Lucent would keep these patents constituted a misrepresentation that created an expectation and assumption that Lucent's patents would be subject to the MPEG-LA pool.  *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (Cal. Ct. App. 2006) (stating that "in order to be deceived, members of the public must have had an expectation or an assumption about the matter in question.").  As reflected by the Defendants' motion to stay the trial on the video patents, Gateway expected that Lucent would follow through with its obligations to MPEG-LA after the merger and add its Video Coding Patents into the MPEG-LA licensing pool.  Blackburn Dec., Ex. 10 at 243, § 2.3.  Gateway thus elected not to pursue any avenues it might have had to prevent Lucent from transferring the patents in defiance of the Merger Agreement and its requirement that Lucent obtain Alcatel's consent.  As a result, Lucent's assertion that it would retain its Video Coding Patents not only *likely deceived*, but did, in fact, deceive the public and Gateway regarding its intentions to fulfill its post-merger obligations to MPEG-LA.  At a minimum, fact issues preclude summary judgment on this allegation.

### 3. There Is Undisputed Evidence That Lucent Deceived The Public During Its Merger With Alcatel

Even if Lucent were correct (which it is not) that the Court's prior ruling negates certain bases for Gateway's UCL claim, this could not change the fact that Gateway continues to maintain a *bona fide* claim for violation of the UCL supported by other statements made by Lucent which are pled in Gateway's Counterclaim and are shown by the undisputed factual evidence.[7]  In

---

[7] Gateway's complaint is more than sufficient with respect to this claim as it specifically alleges a misrepresentation made by Lucent to the SEC that likely deceived the public. Gateway's Counterclaim at 24; FED. R. CIV. P. 8(a)(2);

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS   - 8 -   Case No. 07-cv-2000 H (CAB)

addition to the above misrepresentation, the record contains ample evidence that Lucent made other "untrue or misleading" statements that *likely deceived* the public during its recent merger with Alcatel. Gateway's Counterclaim at 24; Summary Judgment Order at 13.

Specifically, in an April 4, 2006, publicly-filed document with the SEC, Lucent stated that it and Alcatel would combine their respective patent portfolios in the pending merger. Blackburn Dec., Ex. 25 at 608; Marchese Dec., Ex. 19[8], at LUC 1305826. In addition, in a separate Proxy Statement, also filed publicly with the SEC, Lucent stated that "the way the proposed merger is structured, all of the patents will continue to be owned by Lucent and its subsidiaries." Blackburn Dec., Ex. 8 at 181 (LUC 1306135). Subsequently, Lucent and Alcatel shareholders voted to approve the merger between the two companies. Blackburn Dec., Ex. 26. At the time of this vote, however, Lucent had already decided to form MPT and assign to it several patents. Blackburn Dec., Ex. 9 at 225-28 (Landmann Dep. at 102:1-105:21); Blackburn Dec., Ex. 27 at 628-29 (Dinella Dep. at 76:11-77:4). As recognized by this Court, there has been no evidence presented by any party that Lucent made any attempt to correct its statements to its shareholders and the SEC or amend them to account for the transfer of a number of patents to MPT in November 2006. Summary Judgment Order at 13. In fact, "Defendants [in this case] have pointed to evidence that Lucent and Alcatel strove to keep that information confidential even to the point of limited distribution within the companies." Summary Judgment Order at 13. Accordingly, it is undisputed that Lucent made false statements to the SEC and the public that *likely deceived*.

Further, though it is not required for a cause of action under the UCL, the deception perpetrated by Lucent was material to its merger with Alcatel and likely caused damage. The patent assets that Lucent transferred to MPT have been estimated to be worth over $2 billion by

---

*McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004) The Federal Rules of Civil Procedure merely require "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to state a claim. FED. R. CIV. P. 8(a)(2); *McGary*, 386 F.3d at 1261 ("The Supreme Court has cautioned that, in reviewing the sufficiency of the complaint, 'the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"). Gateway has clearly stated this claim and evidence in the record supports this assertion.

[8] All references to "Marchese Dec., Ex. ___" refer to the Declaration of Christopher S. Marchese in Support of Microsoft Corporation's Opposition to Multimedia Patent Trust and Lucent Technologies' Motions for Summary Judgment, filed under seal in Case No. 02-2060, on August 31, 2007.

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' TRUST-RELATED COUNTERCLAIMS   - 9 -   Case No. 07-cv-2000 H (CAB)

Lucent's own expert. *See* Declaration of Jeffrey B. Plies, Ex. 1, Supplemental Expert Report regarding Damages for Video Coding Patents at 6. This amount of money constitutes approximately 20% of Lucent's $11.42 billion merger value. Accordingly, the disposition of these assets, if revealed to the public and the SEC, would likely have played a part in the calculus of both the shareholders' and the government's approval of this merger. Lucent's deception prevented this factor from being considered.

### 4. There Is Undisputed Evidence That Lucent Deceived The FTC And The DOJ During Its Merger With Alcatel

In addition to the public, the SEC and its shareholders, Lucent also made misrepresentations to the DOJ and FTC. Both the FTC and DOJ are entitled to certain disclosures under the Hart-Scott-Rodino Act, which requires both an acquired company and an acquiring company to file pre-merger notification with those government bodies. 15 U.S.C. §18a. The pertinent Code of Federal Regulations dictates that applicants must submit the notification form attached to the Code as an Appendix. 16 CFR § 803.1. This form requires the disclosure to the government of, *inter alia*, Lucent's filing with the SEC. *See* Daniels Dec. in Support of Gateway's S.J. Br., Ex. D at Item 4. Both the DOJ and FTC are authorized by statute to file suit to obtain preliminary injunctions to prevent violation of Section 7 of the Clayton Act.[9] 15 U.S.C. Section 25; 15 U.S.C. Section 53(b). To the extent the government would have determined that the creation of MPT would be anticompetitive, the FTC or DOJ could have prevented the merger or made it contingent upon Lucent not evading the MPEG-LA licensing pool. However, Lucent failed to tell the DOJ or FTC about MPT in order to avoid such an evaluation.

When it was founded, MPEG-LA patent licensing pool sought, and obtained, from the DOJ, the rights to operate. Gateway S.J. Br., Daniels Decl. Ex. B (Letter, Joel I. Klein, Antitrust Division, Department of Justice, to Counsel for MPEG-LA, dated June 26, 1997). But the DOJ expressly required that the terms of the agreement be adhered to, in order to "reduce the

---

[9] Preliminary injunctions have been sought and obtained by the government in certain cases. *See FTC v. Swedish Match N. Am.*, 131 F.Supp.2d 151 (D.D.C. 2000); *United States v. UPM-Kymmene Oyi*, 1003-2 Trade Cas. (CCH) P 74, 101 (N.D. Ill. 2003); *Untied States v. Franklin Electric*, 130 F. Supp. 2d 1025 (W.D. Wisc. 2000).

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS     - 10 -     Case No. 07-cv-2000 H (CAB)

1  likelihood that the Licensors might act concertedly to … exclude other essential patents from
2  admission to the Portfolio." *Id*. at p. 10.

3  Here, Lucent told the DOJ that all of its patents, including its Video Coding Patents,
4  would continue to be owned by Lucent after the merger. Dell S.J. Br., Blackburn Decl. Ex. 8 at
5  LUC 1306135. Under the terms of the merger, Lucent would survive as a subsidiary of Alcatel,
6  and thus as an Affiliate within the meaning of the MPEG-LA agreement. *Id*., Ex. 15, Letter from
7  Robert A. Appleby to John E. Gartman, 12/8/06, at 374. Thus, the DOJ had no reason to be
8  concerned about the effects the merger might have on the MPEG licensing pool, or the potential
9  for one member, Alcatel, to both demand royalties from the pool and threaten injunctions or
10 demand more royalties on patents that *should be* in the pool. This is particularly concerning in
11 light of the "extremely strong" control Lucent, and Alcatel subsidiary, currently exercises over
12 these patents. Transcript of Motion Hearing Held on 09/26/2007 (Case No. 02-2060, D.I. 2105).
13 This information, which would have been highly material to the DOJ's assessment of the
14 anticompetitive effects of this action, was never provided. Further, the DOJ was never told that
15 Lucent created the MPT, that it transferred the Video Coding Patents to MPT, or that Alcatel
16 would benefit both from MPEG-LA royalty participation, and also from 99% of the royalties
17 received by MPT. Dell S.J. Br., Blackburn Decl., Exh. 14 at 325-370. Similarly, the FTC was
18 never informed about the change in plans for the Video Coding Patents. 15 U.S.C. § 18.

19 By its actions, Lucent deceived the SEC, the DOJ, and the FTC and, as a result, members
20 of the public, including Gateway, who rely on filings with and decisions by those agencies to
21 protect competition and consumers. As noted above, keeping these government agencies in the
22 dark was not accidental and Lucent was incredibly cautious about keeping its plans secret, lest
23 anyone find out. Dell S.J. Br., Blackburn Decl.. Ex. 7 (Landman Tr. at 77:22-78:11, 106:22-
24 107:11) (Lucent concealed its plans from its own board of directors). They did, of course, advise
25 Alcatel about what was happening (although such advice clearly was not the same as seeking
26 consent). *Id*., Ex. 30 (Zucker Tr. at 94:23-95:1); Ex. 7 (Landman Tr. 19 :20-20 :25); Microsoft
27 S.J. Br., Marchese Dec., Ex. B (Sideris Dep. 157:2-160:10 and 244:22-245:10). However, the
28

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY
JUDGMENT ON DEFENDANT'S' TRUST-RELATED         - 11 -                    Case No. 07-cv-2000 H (CAB)
COUNTERCLAIMS

FTC, the SEC and the DOJ, were deprived of this critical and highly pertinent information and, thus, deceived.[10]

## IV. CONCLUSION

For all the above reasons, Lucent's motion for summary judgment regarding (1) fraudulent transfer under Delaware's Uniform Fraudulent Transfer Act, (2) Defendants' claim for common law fraud under Delaware law, (3) Gateway's claim for violation of the California Business & Professional Code Section 17200 *et seq,* and (4) Defendants' claim for tortious interference with a prospective economic advantage must be denied.

Dated: December 21, 2007                                  Dechert LLP

By:      /s/ Jeffrey B. Plies
         Jeffrey B. Plies

ATTORNEYS FOR DEFENDANTS AND COUNTER-CLAIMANTS: GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, AND COWABUNGA ENTERPRISES, INC

---

[10] While Lucent appears to have filed the required notification form under the Hart-Scott-Rodino Act, it does not appear to have disclosed anything about MPT, MPEG-LA, or the transfer of patents to the trust to the government. In particular, Gateway's requests for production Nos. 24 and 25 requested that Lucent produce all documents relating to MPT or relating to the trust agreement and Lucent produced no government filings relating to either. Daniels Dec. Ex. E attached to Memorandum of Points and Authorities in Support of Gateway's Motion for Summary Judgment on the Defense of License, Equitable Estoppel and Unclean Hands filed August 17, 2007.

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

OPPOSITION TO LUCENT MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS    - 12 -    Case No. 07-cv-2000 H (CAB)