Bryan W. Farney (SBN: 06826600 (TX)(*pro hac vice*)
Jeffrey B. Plies (SBN: 24027621)(*pro hac vice*)
DECHERT LLP
300 W. Sixth Street, Suite 1850
Austin, Texas 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

*Additional counsel listed on signature page*

Attorneys for Defendants and Counter-Claimants,
GATEWAY, INC., GATEWAY COUNTRY STORES LLC,
GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING
LLC, AND COWABUNGA ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC. | Case No. 02-CV-2060 B (WMc) |
| Plaintiff and Counter-Defendant, | consolidated with Case No. 03-CV-699 B (WMc) |
| vs. | Case No. 03-CV-1108 B (WMc) |
| GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC. | **GATEWAY'S FOURTH SUPPLEMENTAL RESPONSE TO LUCENT'S INTERROGATORY NO. 1** |
| Defendants and Counter-Claimants, | |
| and | |
| MICROSOFT CORPORATION | |
| Intervenor and Counter-Claimant. | |
| AND CONSOLIDATED CASES | |

PROPOUNDING PARTY:    Plaintiff Lucent Technologies, Inc.

RESPONDING PARTIES:    Defendants Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC, and Cowabunga Enterprises, Inc.

SET NUMBER:    One (No. 1) (Supplemental)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC,

1  and Cowabunga Enterprises, Inc. (collectively "Gateway") hereby object and respond to the First
2  Set of Interrogatories propounded by Plaintiff Lucent Technologies, Inc. ("Lucent").

## GENERAL STATEMENTS

4  1.  Gateway incorporates by reference each and every general objection set forth
5  below into each specific response. The specific response may repeat a general objection for
6  emphasis or some other reason. The failure to include any general objection in any specific
7  response shall not be interpreted as a waiver of any general objection to that response.

8  2.  By responding to Lucent's First Set of Interrogatories, Gateway does not waive
9  any objection that may be applicable to: (a) the use, for any purpose, by Lucent of any
10 information or documents given in response to Lucent's First Set of Interrogatories; or (b) the
11 admissibility, relevancy, or materiality of any of the information or documents to any issue in
12 this case.

13 3.  No incidental or implied admissions are intended by the responses herein. The
14 fact that Gateway has answered or objected to any interrogatory should not be taken as an
15 admission that Gateway accepts or admits the existence of any "fact" set forth or assumed by
16 such interrogatory.

17 4.  Gateway's supplemental responses to Lucent's First Set of Interrogatories are
18 made to the best of Gateway's present knowledge, information, and belief. Gateway reserves the
19 right to supplement and amend these supplemental responses should future investigation indicate
20 that such supplementation or amendment is necessary. Gateway reserves the right to make any
21 use of, or to introduce at any hearing and at trial, information or documents that are responsive to
22 Lucent's interrogatories, but discovered subsequent to Gateway's service of these supplemental
23 responses, including, but not limited to, any information or documents obtained in discovery
24 herein.

25 5.  By stating that it will produce documents or provide information in response to
26 any particular interrogatory, Gateway makes no representation that any such documents or
27 information exist.

28

-2-
GATEWAY'S FOURTH SUPPLEMENTAL RESPONSE TO LUCENT'S INTERROGATORY
NO. 1 Case No.: 02-CV-2060 B (WMc)

Exhibit 22
Page 420

## GENERAL OBJECTIONS

Gateway hereby incorporates by reference the General Objections listed in Gateway's March 29, 2004 response to Lucent's First Set of Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

For each Asserted Claim of each Asserted Patent, Identify all factual and legal bases for Gateway's contention that such claim is invalid, including without limitation, a specific identification of all Prior Art and/or combinations of Prior Art upon which Gateway relies, and a description in claim chart form on an element-by-element basis of how such Prior Art and/or combinations of Prior Art support such contention.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Gateway incorporates by reference each and every one of its General Statements and General Objections in its March 29, 2004 response to Lucent's First Set of Interrogatories as well as its Specific Objections to Interrogatory No 1. Without waiving these objections, Gateway supplements its response as follows.

**U.S. Patent No. 4,763,356 (Day)**

Claims 19 and 21 of U.S. Patent No. 4,763,356 ("the '356 patent") is invalid as being anticipated under 35 U.S.C. § 102(a) & (b) by at least the following reference: Michael Tyler, *Touch Screens: Big Deal or No Deal?*, DATAMATION, January 1984, pp. 146-154 ("Tyler"). See accompanying claim chart in Attachment A.

Claims 19 and 21 are invalid as being anticipated under 35 U.S.C. § 102(a). The alleged invention was known or used by others in this county before the alleged invention thereof by the named inventors. The alleged invention was known by at least the following people: Michael Tyler, Dr. Leonard I. Hafetz, and Dr. Roy Kaplow.

Claims 19 and 21 are invalid under 35 U.S.C. § 102(g) as having been made in this country by another inventor. Products demonstrating such prior invention include, but are not limited to: (1) Easel; (2) Easel as implemented at Chemical Bank; and (3) Easel as implemented

1  at Merrill Lynch.  Persons knowledgeable about such prior invention include: Dr. Leonard I.
2  Hafetz and Dr. Roy Kaplow.
3         To the extent that any element of either Claim 19 or Claim 21 is not explicitly met by any
4  of the above-referenced publications, persons, or products, such element is inherent.  Further,
5  any such element would be rendered obvious by the above-referenced publications, persons, or
6  products combined with the common knowledge of a person having ordinary skill in the art.
7  Claim 19 and Claim 21 would also be rendered obvious by the above prior art in view of
8  common computer systems having standard graphical user interface tools implemented as part of
9  the system or operating system such as the Apple Macintosh computer system and the Home
10 Accountant and Financial Planner for the Macintosh.  Claim 21 is also anticipated and/or
11 rendered obvious because the Easel system was specifically designed to allow the user to enter
12 information by writing directly on the touch sensitive using a stylus including the user's finger.
13 Claim 21 is further rendered obvious by the any of the above prior art combined a touch-
14 sensitive tablet for writing information on a bit-mapped graphics field such as the Koalapad,
15 manufactured by Koala Technologies Corporation.  *See* MSLT_1065822-1065828.  A person of
16 ordinary skill in the art would be motivated to combine such references for at least the following
17 reasons: (1) the Easel system included functionality designed to allow the user to enter
18 information by writing directly on the screen like a touch-sensitive tablet; and (2) Tyler discloses
19 or otherwise suggests using the screen in place of a tablet,  *See* Tyler at 148 (disclosing a system
20 using resistive membrane technology to implement the on-screen touch panel and further
21 disclosing that "[r]esistive membrane touch panels, however, offer significantly higher
22 resolutions, to the point where they can replace digitizing tablets" suggesting the use of the touch
23 screen in place of digitizing tablets).  Moreover, any such element would further be rendered
24 obvious by the above referenced publications, persons, or products combined with any prior art
25 reference cited by Microsoft and/or Dell.
26         Gateway's investigation regarding prior art related to the '356 patent is ongoing.
27 Gateway reserves the right to supplement and amend these supplemental responses should future
28 investigation indicate that such supplementation or amendment is necessary.

-4-

| | | |
|---|---|---|
| 1 | Dated: March 29, 2007 | DECHERT LLP |
| 2 | | |
| 3 | | |
| 4 | | By:  Jeffrey B. Plies |
| 5 | | ATTORNEYS FOR DEFENDANTS AND COUNTER-CLAIMANTS GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC AND COWABUNGA ENTERPRISES, INC. |
| 6 | | |
| 7 | | |
| 8 | | |

-5-
GATEWAY'S FOURTH SUPPLEMENTAL RESPONSE TO LUCENT'S INTERROGATORY
NO. 1 Case No.: 02-CV-2060 B (WMc)

Exhibit 22
Page 423

1

2  Additional Counsel for Defendants and Counter-Claimants
   GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC.,
3  GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.

4  David G. Hetzel
   Ronald W. Zdrojeski
5  Mark A. Walsh
   LeBOEUF, LAMB, GREENE & MACRAE, LLP
6  Goodwin Square, 225 Asylum Street
   Hartford, CT 06103
7  Telephone: (860) 293-3500
   Facsimile: (860) 293-3555
8
   David J. Zubkoff (SBN 149488)
9  SELTZER CAPLAN McMAHON VITEK
   750 "B" Street, Suite 2100
10 San Diego, CA 92101
   Telephone: (619) 685-3003
11 Facsimile: (619) 685-3100

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

GATEWAY'S FOURTH SUPPLEMENTAL RESPONSE TO LUCENT'S INTERROGATORY
NO. 1 Case No.: 02-CV-2060 B (WMc)

Exhibit 22
Page 424

# CERTIFICATE OF SERVICE

I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within action. My business address is DECHERT LLP, 300 W. Sixth Street, Suite 1850, Austin, TX 78701. On March 29, 2007 I served the within documents:

1. **GATEWAY'S FOURTH SUPPLEMENTAL RESPONSE TO LUCENT'S INTERROGATORY NO. 1**

[X] I sent such document(s) from facsimile machine on March 29, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine which confirms said transmission and receipt.

Counsel for Lucent
Alison P. Adema
Hahn & Adema
501 West Broadway, Suite 1730
San Diego, CA 92101-3595
619/235-2100
619/235-2101 (Fax)

Counsel for Microsoft
Christopher S. Marchese
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
858/678-5070
858/678-5099 (Fax)

Counsel for Dell
James S. Blackburn
Arnold & Porter
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
213/243-4000
213/243-4199 (Fax)

Counsel for Gateway
David J. Zubkoff
Seltzer, Caplan, McMahon & Vitek
2100 Symphony Towers
750 B Street, Suite 2100
San Diego, CA 92101
619/685-3003
619/702-6827 (Fax)

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at East Palo Alto, addressed as set forth below.

-7-

GATEWAY'S FOURTH SUPPLEMENTAL RESPONSE TO LUCENT'S INTERROGATORY
NO. 1 Case No.: 02-CV-2060 B (WMc)

Exhibit 22
Page 425

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ I am readily familiar with Dechert LLP's business practices of collecting and processing items for pickup and next business day delivery by Federal Express. I placed such sealed envelope(s) for delivery by Federal Express to the offices of the addressees indicated on the mailing list below on the date hereof following ordinary business practices.

☒ I served courtesy copies by electronic mail to the addressee(s) as indicated below.

Counsel for Lucent
   rappleby@kirkland.com
   jhohenthaner@kirkland.com
   akellman@kirkland.com
   aadema@hahnadema.com

Counsel for Microsoft
   marchese@fr.com
   denning@fr.com
   brooks@fr.com
   barnes@fr.com
   srodriguez@fr.com

Counsel for Dell
   jfreed@mwe.com
   Sidney.Rosenzweig@aporter.com
   Ali.Sharifahmadian@aporter.com
   True-linh_nguyen@aporter.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 29, 2007 at Austin, Texas.

_Lawrence Fluker_
Lawrence Fluker

12699099.2.LITIGATION 3/29/2007 5:00 PM

-8-
GATEWAY'S FOURTH SUPPLEMENTAL RESPONSE TO LUCENT'S INTERROGATORY   AUI 24579v1
NO. 1   Case No.: 02-CV-2060 B (WMc)

Exhibit 22
Page 426

ATTACHMENT A

## U.S. Patent 4,763,356 Claim Chart[1]

| Claim 19 | | |
|---|---|---|
| A method for use in a computer having a display comprising the steps of | A method for use in a computer having a display comprising the steps of | Tyler discloses a method for using a computer having a display.<br><br>*See, e.g.*, p. 146, disclosing an Easel computer terminal as used by Chemical Bank, which is a "hardware/software combination" that includes "a color monitor with a touch-sensitive screen." *See also* p. 152, showing a photograph of Chemical Bank's Easel computer terminal. |
| | displaying on said display a plurality of information fields, | Tyler discloses displaying a plurality of information fields on the display.<br><br>*See, e.g.*, p. 148, describing the Easel computer terminal as used by Chemical Bank, stating that the "right half of the screen lists key information about the current transaction, including buyer bank, seller bank, currency, exchange rate (in dollars and the foreign currency), broker, bank customer, exchange location, and method of payment." *See also* p. 152, showing a photograph of Chemical Bank's Easel computer terminal and displaying on the terminal in the photograph a form having a plurality of fields on the right half of the screen. |

---

[1] Gateway's invalidity contentions are based on: (1) Gateway's current understanding of Lucent's infringement allegations, and (2) the Court's Amended Order Superseding the Order of October 29, 2003, Construing Claims for Patent Number 4,763,356, filed March 2, 2004. As such, these invalidity contentions provide an explanation of why these claims are invalid based on the prior art, if those claims are interpreted and applied in the manner currently proposed by Lucent. These invalidity contentions should not be construed as an admission by Gateway of the proper interpretation or application of these claims to a product for infringement purposes.

[2] Michael Tyler, *Touch Screens: Big Deal or No Deal?*, DATAMATION, January 1984, pp. 146-154.

Exhibit 22
Page 427

| Claim | Tyler |
|---|---|
| identifying for each field a kind of information to be inserted therein, | Tyler discloses identifying a kind of information to be inserted into each field.<br><br>See, e.g., p. 148. Each field has a heading indicating the information to be inserted about the current transaction. The headings indicate that the kind of information to be inserted include "buyer bank, seller bank, currency, exchange rate (in dollars and the foreign currency), broker, bank customer, exchange location, and method of payment." See also p. 152, showing a photograph of Chemical Bank's Easel computer terminal and displaying the fields described in the article. |
| indicating a particular one of said information fields into which information is to be inserted and for concurrently displaying a predefined tool associated with said one of said fields, said predefined tool being operable to supply information of the kind identified for said one field, said tool being selected from a group of predefined tools including a tool adapted to supply an individual entry from a menu of alternatives and at least a tool adapted to allow said user to compose said information, and | Tyler discloses a user indicating a particular one of said information fields into which information is to be inserted. When the user indicates such a field, Tyler discloses that a tool associated with the field is displayed on the left half of the display. Tyler discloses that such tool is specified by the system and is displayed automatically. Tyler discloses that the tool is selected from a group of predefined tools. Tyler discloses one tool which supplies an individual entry from a menu of alternatives. Tyler discloses that another tool allows the user to compose information on a graphical keyboard tool. Tyler discloses that another tool allows the user to compose information on a graphical number keypad tool.<br><br>See, e.g., p. 148, listing the key information contained in the right half of the screen and stating, "When the trader touches the screen in one of these areas, a list of potentially valid entries or a numeric keypad appears on the left half, inviting the user to choose the information needed on the right. For instance, when the user hits the 'broker' cell on the right, a list of brokers appears on the left; the trader then hits the name of the broker to be |

Exhibit 22
Page 428

| | |
|---|---|
| keyboard tool or a graphical number keypad tool, which allows the user to compose information by pointing to the display keys of that tool], and | involved in the current trade, and that information is entered into the system. For exchange rates and other numerical data, the user hits the proper cell on the keypad that appears on the left. In this way, an entire transaction can be completed directly on the workstation. (A QWERTY layout can be called up on the left for entry of nonstandard or rare names—an infrequently traded currency, for example.)" *See also* p. 152, showing a graphical keyboard tool displayed on the left half of the screen in the photograph of the Easel system for Chemical Bank.<br><br>To the extent that the claim requires the system to perform the indicating step rather than the user, the Easel system included such functionality, and it would have been obvious in light of the Tyler reference. Furthermore, such a feature would have been obvious in light of the Tyler reference alone or in combination with other prior art showing highlighting of the field or the use of a blinking cursor such as the prior art Home Accountant and Financial Planner for the Macintosh. |
| inserting in said one field information that is derived as a result of said user operating said displayed tool. | Tyler discloses inserting into the field information that is derived as a result of the user operating the displayed tool.<br><br>*See, e.g.*, p. 148, stating that when a trader selects a broker from a list in the tool described above "that information is entered into the system" and further stating "an entire transaction can be completed directly on the workstation." *See also* p. 152, showing the display of information in the fields. |

Exhibit 22
Page 429

| Claim 21 | | |
|---|---|---|
| The method set forth in claim 19 wherein the step of displaying said pattern includes the step of displaying one or more of said information fields as a bit-mapped-graphics field | The method set forth in claim 19 wherein the step of displaying said pattern includes the step of displaying one or more of said information fields as a bit-mapped graphics field [refers to a field into which a user is to enter information by writing on a touch sensitive screen using a stylus]. | Tyler discloses or otherwise suggests displaying information fields and further discloses entering information by writing on a touch sensitive screen using a stylus.<br><br>*See, e.g.*, p. 148, disclosing the Easel computer terminal uses a resistive membrane technology and stating "Resistive membrane touch panels, however, offer significantly higher resolutions, to the point where they can replace digitizing tablets." Tyler further states that "Optical, acoustic, and resistive membrane techniques can accept a finger, a pen, or any other device." |

---

[3] Michael Tyler, *Touch Screens: Big Deal or No Deal?*, DATAMATION, January 1984, pp. 146-154.

Exhibit 22
Page 430