1  W. Bryan Farney (*Pro Hac Vice*)
   Jeffrey B. Plies (*Pro Hac Vice*)
2  Dechert LLP
   300 West 6th Street, Suite 1850
3  Austin, TX  78701
   Telephone:    (512) 394-3000
4  Facsimile:    (512) 394-3001

5  David J. Zubkoff, Esq. (SBN 149488)
   SELTZER CAPLAN McMAHON VITEK
6  A Law Corporation
   750 "B" Street, Suite 2100
7  San Diego, California 92101
   Telephone:    (619) 685-3003
8  Facsimile:    (619) 702-6827

9  Attorneys for Defendants and Counter-Claimants:
   GATEWAY, INC., GATEWAY COUNTRY
10 STORES LLC, GATEWAY COMPANIES, INC.,
   GATEWAY MANUFACTURING LLC, AND
11 COWABUNGA ENTERPRISES, INC.

12                    UNITED STATES DISTRICT COURT

13                    SOUTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  LUCENT TECHNOLOGIES INC.,<br><br>16              Plaintiff and Counter-<br>                Defendant,<br>17<br>    v.<br>18<br>    GATEWAY, INC., GATEWAY<br>19  COUNTRY STORES LLC, GATEWAY<br>    COMPANIES, INC., GATEWAY<br>20  MANUFACTURING LLC and<br>    COWABUNGA ENTERPRISES, INC.,<br>21<br>                Defendant and Counter-<br>22              Claimaints,<br><br>23  and.<br><br>24  MICROSOFT CORPORATION,<br><br>25              Intervener and Counter-<br>                Claimaint.<br>26<br>27  AND CONSOLIDATED CASES<br>28 | Case No. 07-CV-2000 H (CAB) *consisting of matters severed from the consolidated cases:*<br>Case No.  02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br><br><br>**GATEWAY'S SUR-REPLY TO LUCENT'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' TRUST-RELATED COUNTERCLAIMS**<br><br>Date:         January 8, 2007<br>Time:        9:00 a.m.<br>Courtroom: 13<br>Judge:       Honorable Marilyn L. Huff |

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

GATEWAY'S SUR-REPLY TO LUCENT'S MOTION
FOR SUMMARY JUDGMENT ON DEFENDANT'S'
TRUST-RELATED COUNTERCLAIMS

Case No. 07-CV-2000-H (CAB),
Case No. 03-CV-0699-B (CAB) and
Case No. 03-CV-1108-B (CAB)

## I. ARGUMENT

In its Reply, Lucent raises several new arguments related to Gateway's Section 17200, *et seq.* ("UCL") counterclaim not raised in Lucent's opening brief. As a result, a sur-reply is necessary. Lucent makes four new arguments; the first three are disingenuous and contorted attempts to mislead this Court, while the fourth is a baseless assertion that Gateway lacks standing.

### A. Lucent's Statements To The SEC Clearly Can Form The Basis Of This Claim

Lucent inaccurately contends that "statements [it] made to the SEC, even if false or misleading, cannot form the basis of a Section 17200 claim."[1] Yet even Lucent acknowledges that this limitation applies only to claims based on the purchase or sale of securities. Lucent's Reply at 6 ("section 17200 does not apply to securities transactions as a matter of law"). The cases Lucent cites – *Bowen v. Ziasun Tech., Inc.*, 116 Cal. App. 4th 777 (Cal. Ct. App. 2004) and *Scognamillo v. Credit Suisse First Boston, LLC*, 2005 U.S. Dist. LEXIS 20221, at *36-37 (N.D. Cal. Aug. 25, 2005) – hold precisely this. Where, as here, the claim is based on false public statements made to government agencies and does not relate to the purchase or sale of securities, these cases are simply inapposite, as Lucent seems to acknowledge.

On the same topic, Lucent falsely asserts that there is no evidence that Lucent's statement that it would retain all of its patents after the merger "was false <u>at the time</u> it was made" to the SEC. Lucent's Reply at 6-7 (emphasis added). There is no dispute at all that the statement was demonstrably false before the consummation of the merger between Lucent and Alcatel. Moreover, this Court has already found that there was and is a fact issue regarding whether Lucent's public pledge deceived the DOJ, FTC, and the SEC. *See* Docket No. 2109 in Case No. 02-CV-2060, October 1, 2007 Order ("Order") at 13, 22. Such a fact issue precludes summary

---

[1] Lucent's Reply in Support of its Motion for Summary Judgment on Defendants' Remaining Trust-Related Counterclaims filed Dec. 28, 2007 at 6 [hereinafter "Lucent's Reply"].

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

GATEWAY'S SUR-REPLY TO LUCENT'S MOTION
FOR SUMMARY JUDGMENT ON DEFENDANT'S' — - 1 -
TRUST-RELATED COUNTERCLAIMS

Case No. 07-CV-2000-H (CAB),
Case No. 03-CV-0699-B (CAB) and
Case No. 03-CV-1108-B (CAB)

judgment. *Id.*

### B. Gateway Never Made The Argument To Which Lucent "Responds"

Lucent further asserts that Gateway "alleges a second Lucent misrepresentation" in the Alcatel-Lucent misrepresentation that they "will combine their patent portfolios and by doing so will reinforce their strengths in innovation and the valuation of their technologies through patent licensing." Lucent's Reply at 7. Gateway, however, never suggested that this statement is the basis for its Section 17200 claim and, thus, this argument is simply a straw man. Gateway notes nonetheless that this statement, like Lucent's false statement that it would continue to own all of its patents, is misleading on its face in light of Lucent's transfer of its patents to the MPT, giving further force to Gateway's UCL claim.

### C. Consumer Surveys Are Not Required

Lucent mischaracterizes Gateway's burden under the UCL in two critical ways.

First, Lucent erroneously claims that, to prevail under Section 17200, Gateway must "demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers." Lucent's Reply at 8. Lucent then cites to *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241,1260-61 (C.D. Cal. 2003) for this proposition. The cited section of *Heighley*, however, deals with the false advertising component of the UCL, which is not the basis for Gateway's claim. As opposed to the claim at issue here, false advertising claims under the California Unfair Business Practices Act are analogous to claims under the Lanham Act and use a reasonable consumer standard, which requires extrinsic evidence such as consumer surveys in order to prove that a "statistically significant" portion of the commercial audience holds a false belief. *Id.* Gateway is not asserting a false advertising claim, thus, Lucent's argument is baseless.

Second, Lucent wrongly suggests that "Section 17200 is a consumer-protection statute

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

GATEWAY'S SUR-REPLY TO LUCENT'S MOTION
FOR SUMMARY JUDGMENT ON DEFENDANTS'
TRUST-RELATED COUNTERCLAIMS

- 2 -

Case No. 07-CV-2000-H (CAB),
Case No. 03-CV-0699-B (CAB) and
Case No. 03-CV-1108-B (CAB)

1  focusing solely on consumers." Lucent's Reply at 8 (*citing Bardin v. Diamler-Chrysler Corp.*, 39
2  Cal. Rptr. 3d 634, 636 (Cal. Ct. App. 2006)). *Bardin*, however, does not suggest in any way that
3  only consumers can bring claims under the UCL. In fact, the Supreme Court of California has
4  specifically stated that the purpose of the UCL is to protect both "consumers" and "competitors."
5  *Kasky v. Nike*, 45 P.3d 243, 249 (Cal. 2002). Therefore, Lucent's argument based on these two
6  mischaracterizations of the UCL's scope also fails.

### D. Gateway Has Standing To Sue Under The UCL

8  Finally, Lucent asserts for the first time that Gateway lacks standing to bring its UCL
9  claim. First, Lucent claims that there is no evidence that Gateway relied on the above
10 misrepresentation to its detriment. However, it should be noted that there is ample evidence that
11 Gateway relied on Lucent's misrepresentation to its detriment. Gateway, Microsoft and Dell all
12 believed that the video-coding patents currently asserted would be licensed under the MPEG-LA
13 pool after Lucent's merger with Alcatel SA. It is for this reason that Defendants requested a
14 hearing on this issue and the Court subsequently issued a stay pending completion of the merger.
15 Hearing Transcript, August 14, 2006. Further, because Gateway relied on this information, it was
16 prevented from seeking an injunction to prevent MPT's formation or obtaining a ruling on the
17 lawfulness of the transfer to MPT before the transfer was completed. Lucent clearly intended to
18 induce this reliance, as can be seen in Lucent's extensive efforts to actively conceal its plan to
19 create MPT. October 1, 2007, Order at 13.

20 Lucent attempts to undercut its active concealment by claiming that its counsel stated
21 during a hearing that Lucent intended to keep its patents out of the MPEG-LA pool. Lucent's
22 Reply at 9. However, counsel for Lucent indicated he would provide papers describing Lucent's
23 plans, which he never did (primarily because, as of August 2006, Lucent and Alcatel had <u>no idea</u>
24 what they were going to do with the patents). Hearing Transcript, August 14, 2006 at 32. At the
25 same hearing, counsel for Lucent also took the position that the MPEG-LA licensor's agreement
26 should be read to conclude that Lucent's patents would not become part of the pool because they
27 were part of ongoing litigation. *Id.* at 6-7, 17. The Court noted that this assertion flew directly in
28 the face of the plain language of the agreement and Lucent never made the argument again.

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

GATEWAY'S SUR-REPLY TO LUCENT'S MOTION
FOR SUMMARY JUDGMENT ON DEFENDANT'S'  - 3 -
TRUST-RELATED COUNTERCLAIMS

Case No. 07-CV-2000-H (CAB),
Case No. 03-CV-0699-B (CAB) and
Case No. 03-CV-1108-B (CAB)

1  Regardless, Gateway could not reasonably believe the self-serving statements of trial counsel
2  desperate to keep a trial date over his own client's unambiguous statements to regulatory bodies.
3      Finally, it should be noted that there is currently a split of authority on the issue of
4  whether reliance is even required to have standing for a UCL claim.[2]  Further, at least one federal
5  court has previously ruled that reliance is not required and that such a requirement would not only
6  be contrary to the public policy of the UCL, but would "eviscerate" the purpose of this Act.
7  *Anunziato*, 402 F. Supp. 2d at 1137-39 (also finding that "reading reliance into the UCL and the
8  FAL would subvert the public protection aspects of th[e] statute[].").  Although Gateway can
9  show reliance, the law as to whether it must is unsettled.

10 **II. CONCLUSION**

11     For all the above reasons, Lucent's motion for summary judgment regarding Gateway's
12 claim for violation of the California Business & Professional Code Section 17200, *et seq* must be
13 denied.

14 Dated: January 3, 2008                         Dechert LLP

17                                             By:      /s/ Jeffrey B. Plies
                                                    Jeffrey B. Plies

18-21                                             ATTORNEYS FOR DEFENDANTS AND COUNTER-CLAIMANTS: GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, AND COWABUNGA ENTERPRISES, INC

---

[2] *Anunziato v. eMachine, Inc.*, 402 F. Supp. 2d 1133, 1137-39 (C.D. Cal. 2005) (finding that a claim under UCL did not require reliance); *Laster v. T-Mobile USA, Inc*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005) (requiring reliance).  In addition, a state appellate court decision that dealt with this issue is currently being reviewed by the Supreme Court of California. *Pfizer Inc. v. Superior Court of Los Angeles County*, 141 Cal. App. 4th 290 (Cal. Ct. App. 2006) *rev. granted*, 51 Cal. Rptr. 3d 707, 146 P.3d 1250 (Cal. Nov. 1, 2006).

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

GATEWAY'S SUR-REPLY TO LUCENT'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S' TRUST-RELATED COUNTERCLAIMS     - 4 -    Case No. 07-CV-2000-H (CAB), Case No. 03-CV-0699-B (CAB) and Case No. 03-CV-1108-B (CAB)

## PROOF OF SERVICE

I am a resident of the State of Texas, over the age of eighteen years, not a party to the within action, and am employed in Austin, Travis County, Texas. On January 3, 2008 I served a copy of the following document:

**GATEWAY'S SUR-REPLY TO LUCENT'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' TRUST-RELATED COUNTERCLAIMS**

I am readily familiar with the business practice at Dechert LLP regarding collection and processing and correspondence for personal delivery, for mailing with U.S. Postal Service, for facsimile and for overnight delivery by Federal Express, Express Mail, or other overnight services. Said document was served as follows:

**BY FACSIMILE:**   Said document was served by facsimile to the addresses stated below:

Counsel for Lucent:

David Hahn
Sue Frost
Hahn & Adema
501 West Broadway, Suite 1730
San Diego, CA 92101
Facsimile:    (619) 235-2101


Counsel for Microsoft

Christopher S. Marchese
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Facsimile:    (858) 678-5099

Counsel for Dell

James S. Blackburn
Arnold & Porter
777 South Figueroa Street
Los Angeles, California 90017-5844
Facsimile:    (703) 720-7399


**ELECTRONIC MAIL:**   Courtesy copies of said documents were transmitted on the same day as filing by electronic mail as stated below.

Counsel for Lucent

   rappleby@kirkland.com
   jhohenthaner@kirkland.com
   akellman@kirkland.com
   dhahn@hahnadema.com

Dechert LLP
Attorneys At Law
Austin

GATEWAY'S SUR-REPLY TO LUCENT'S MOTION
FOR SUMMARY JUDGMENT ON DEFENDANT'S'     - 5 -
TRUST-RELATED COUNTERCLAIMS

Case No. 07-CV-2000-H (CAB),
Case No. 03-CV-0699-B (CAB) and
Case No. 03-CV-1108-B (CAB)

sfrost@hahnadema.com

Counsel for Microsoft

marchese@fr.com
denning@fr.com
barnes@fr.com
brooks@fr.com
srodriguez@fr.com

Counsel for Dell

jfreed@mwe.com
Ali.Sharifahmadian@aporter.com
james_blackburn@aporter.com

I declare that I am a member of the bar of this Court, and that the service was made at my direction. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed in Austin, Texas

_____/s/_ Jeffrey B. Plies_____
Jeffrey B. Plies

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

GATEWAY'S SUR-REPLY TO LUCENT'S MOTION
FOR SUMMARY JUDGMENT ON DEFENDANT'S'
TRUST-RELATED COUNTERCLAIMS

- 6 -

Case No. 07-CV-2000-H (CAB),
Case No. 03-CV-0699-B (CAB) and
Case No. 03-CV-1108-B (CAB)