Bryan W. Farney *(pro hac vice)*
Steven R. Daniels (SBN 235398)
Jeffrey B. Plies *(pro hac vice)*
DECHERT LLP
300 W. Sixth Street, Suite 1850
Austin, Texas 78701
Telephone:    (512) 394-3000
Facsimile:    (512) 394-3001

David J. Zubkoff (SBN 149488)
SELTZER CAPLAN MCMAHON VITEK
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone:    (619) 685-3003
Facsimile:    (619) 685-3100

Attorneys for Defendants
GATEWAY, INC., GATEWAY COUNTRY
STORES LLC, GATEWAY COMPANIES, INC.,
GATEWAY MANUFACTURING LLC, AND
COWABUNGA ENTERPRISES, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: |
| Plaintiff and Counter-Defendant, | Case No. 02-CV-2060-B (CAB) |
| v. | Case No. 03-CV-0699-B (CAB) Case No. 03-CV-1108-B (CAB) |
| GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, AND COWABUNGA ENTERPRISES, INC., | **GATEWAY'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF GATEWAY'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)** |
| Defendants and Counter-Claimants, | |
| and | |
| MICROSOFT CORPORATION | Date:    January 8, 2008 Time:    9:00 a.m. Courtroom: 13, 5th Floor |
| Intervenor and Counter-Claimant. | Judge:    Hon. Marilyn L. Huff |
| AND CONSOLIDATED CASES | |

DECHERT LLP
ATTORNEYS AT LAW

GATEWAY'S SUPPLEMENTAL REPLY BR. IN SUPP. OF
GATEWAY'S MOT. FOR PARTIAL SUMM. JUDGMENT OF          CASE NO. 07-CV-2000-H (CAB)
INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)

Contrary to Lucent's assertions in its *ex parte* motion, Mr. Tyler's deposition testimony provides even further corroboration showing that the FXFE system and the Tyler article invalidate the remaining claims of the Day '356 patent. As explained below, Lucent's arguments to the contrary are either legally irrelevant or directly contrary to Mr. Tyler's actual testimony.[1]

**I.     ARGUMENT**

    **A.     Lucent's Arguments Regarding Mr. Tyler's Testimony Are Either Legally Irrelevant Or Directly Contrary To Mr. Tyler's Actual Testimony.**

Lucent argues that Mr. Tyler's testimony shows that the FXFE system was not publicly used in the United States because the demonstration was allegedly private. However, even if the demonstration were private in the sense that it was not open to the general public, that does not negate a public use. A demonstration for a reporter without confidentiality obligations constitutes a public use even if the demonstration is not open to the general public. *See Harrington Mfg. Co. v. Powell Mfg. Co.*, 815 F.2d 1478, 1480-81 (Fed. Cir. 1986). In *Harrington*, for example, the demonstration of the tobacco harvester was for the reporter and not the general public. *Id*. at 1480. Nonetheless, the Federal Circuit held that this was a public use and affirmed the grant of summary judgment accordingly. *Id*. at 1480-81. Here, Mr. Tyler specifically explained that even though he was the only reporter present at the Chemical Bank demonstration, "they certainly knew full well that the only purpose of my doing so was that I was reporting a story that would be published in a national magazine." Ex. 29 at 59:6-14.[2]

Lucent also argues that the Chemical Bank demonstration was not a public use because it involved only a beta test version. However, even if the FXFE system were a beta test version, that fact would be legally irrelevant to the public use inquiry. The relevant question is whether the system that was demonstrated successfully performed the claimed method steps. Here, the unrebutted evidence from Mr. Long, from Mr. Tyler, and from the Tyler article all consistently confirm that the FXFE system performed each of the claimed method steps and operated successfully. Ex. 29 at 130:4-137:23, 152:6-23. The fact that portions of the FXFE system were

---

[1] Gateway submits this supplemental reply brief pursuant to the Court's order of January 4, 2008 (D.I. 209) to address the documents discussed in Lucent's ex parte motion.

[2] Citations to Ex. 29 refer to the deposition transcript of Mr. Michael Tyler attached to the Declaration of Jonathan D. Baker submitted concurrently with this reply brief.

DECHERT LLP
ATTORNEYS AT LAW

GATEWAY'S SUPPLEMENTAL REPLY BR. IN SUPP. OF
GATEWAY'S MOT. FOR PARTIAL SUMM. JUDGMENT OF         1         CASE NO. 07-CV-2000-H (CAB)
INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)

1  still being tested is simply irrelevant. *See Harrington*, 815 F.2d at 1481 ("Also, the fact that
2  minor modifications were made and a third prototype built subsequent to the Osborne
3  demonstration does not raise a material issue of fact in this instance.  The prototype that Pickett
4  demonstrated to Osborne clearly fell within the scope of claim 8 of the Pickett patent.").

5  Next, Lucent argues that Mr. Tyler did not review any code, see the back-end network, or
6  personally operate the FXFE system.  Again, each of these arguments are legally irrelevant.
7  Claim 19 is a **method** claim for a **user interface**.  As such, Mr. Tyler did not need to review any
8  source code to see that the on-screen tools performed the claimed method steps.  Similarly, Mr.
9  Tyler did not need to view the back-end network that actually carried out the currency trades
10 because claim 19 relates solely to the user interface.  This claim does not require any back-end
11 network.  Finally, a public use does not require the reporter to actually operate the prior art device
12 himself. *See Harrington*, 815 F.2d at 1480-81 (finding a public use even though the reporter
13 never used the tobacco harvester himself).

14 Next, Lucent asserts that Mr. Tyler allegedly admitted that his article discusses the Easel
15 toolkit rather than the FXFE system.  On the contrary, Mr. Tyler specifically testified that the
16 article described both the Easel toolkit and the FXFE system.  Ex. 29 at 63:5-8.  Moreover, at
17 Lucent's request, Mr. Tyler circled those portions of the article that discuss the FXFE system. *Id*.
18 at 73:14-74:18.[3]  Next, Lucent asserts some unspecified inconsistency between Mr. Tyler's
19 testimony and Mr. Long's testimony regarding the difference between the Easel toolkit and
20 Chemical Bank's FXFE system which was built using the Easel toolkit.  However, Lucent has
21 failed to identify any such inconsistency.  Moreover, even if there were a difference, any such
22 difference would be legally irrelevant because the relevant legal question is simply whether the
23 demonstrated system successfully performed the claimed method steps.  It does not matter what
24 functionality was built into Easel and what functionality Chemical Bank had to develop
25 themselves.  Here, the undisputed evidence shows that the FXFE system, which was built using

---

[3] Lucent's *ex parte* application included only selected portions of Mr. Tyler's deposition testimony.  In view of the Court's decision to grant Lucent's request for supplementation of the record, for fairness, Gateway requests that the Court also consider those additional portions of the transcript cited by Gateway.

DECHERT LLP
ATTORNEYS AT LAW

GATEWAY'S SUPPLEMENTAL REPLY BR. IN SUPP. OF
GATEWAY'S MOT. FOR PARTIAL SUMM. JUDGMENT OF    2    CASE NO. 07-CV-2000-H (CAB)
INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)

the Easel toolkit, successfully performed the claimed method.

### B. Mr. Tyler's Testimony Actually Provides Even Further Corroboration Regarding The FXFE System.

Contrary to Lucent's assertions, Mr. Tyler's testimony actually provides even further corroboration for Mr. Long's testimony regarding the FXFE system. In particular, Mr. Tyler confirmed that:

1. The FXFE system displayed information fields and labels. Ex. 29 at 130:4-132:16.

2. The FXFE system provided a visual indication of the selected field. *Id*. at 132:18-133:4.

3. The FXFE system automatically displayed a list of brokers when the user selected the 'Broker' field, and then inserted and displayed the selected broker name in the 'Broker' field in response to the user's selection of a name from that list. *Id*. at 132:18-133:14.

4. The FXFE system automatically displayed a numeric keypad when the user selected the 'Exchange Rate' field, and then inserted and displayed the number entered by the user using the keypad in the "Exchange Rate" field. *Id*. at 135:14-137:10.

5. These user interface features worked properly during the demonstration. *Id*. at 152:6-23, 167:6-13.

6. The FXFE system was demonstrated without any confidentiality obligations and with Chemical Bank's knowledge that he was going to write an article about the operation of the system. *Id*. at 149:10-150:16.

Mr. Tyler's testimony therefore provides even further corroboration showing that the FXFE system described in the Tyler article met each of the limitations of claim 19, and was publicly demonstrated more than one year before the filing date of the '356 patent. Lucent has failed to raise any genuine issue of material fact, and Gateway's motion for summary judgment should therefore be granted.[4]

---

[4] Gateway also objects to Lucent's untimely disclosure of Robert Jones and Lucent's reliance on his declaration in support of its opposition to Microsoft's summary judgment motion.

ATTORNEYS AT LAW

GATEWAY'S SUPPLEMENTAL REPLY BR. IN SUPP. OF
GATEWAY'S MOT. FOR PARTIAL SUMM. JUDGMENT OF     3     CASE NO. 07-CV-2000-H (CAB)
INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)

Dated:  January 7, 2008                    DECHERT LLP

By:  /s/ Jonathan D. Baker
       Jonathan D. Baker

Attorneys For Defendants and Counter-Claimants: Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC, and Cowabunga Enterprises, Inc.

13057281.1

DECHERT LLP
ATTORNEYS AT LAW

GATEWAY'S SUPPLEMENTAL REPLY BR. IN SUPP. OF GATEWAY'S MOT. FOR PARTIAL SUMM. JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)

4

CASE NO. 07-CV-2000-H (CAB)