John E. Gartman (SBN 152300)
Juanita R. Brooks (SBN 75934)
Roger A. Denning (SBN 228998)
Christopher S. Marchese (SBN 170239)
Lara S. Garner (SBN 234701)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:   (858) 678-5070
Facsimile:   (858) 678-5099

Stephen P. McGrath (SBN 202696)
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052
Telephone:   (425) 882-8080
Facsimile:   (425) 936-7329

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>  Plaintiffs and Counterclaim-defendants,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>  Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>  Intervenor and Counter-claimant, | Case No. 07-CV-2000 MLH (CAB) consisting of matters severed from consolidated cases:<br>02-CV-2060 B (CAB)<br>03-CV-0699 B (CAB)<br>03-CV-1108 B (CAB)<br><br>**SUPPLEMENTAL REPLY IN SUPPORT OF MICROSOFT CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY RE U.S. PATENT NO. 4,763,356** |
| MICROSOFT CORPORATION,<br><br>  Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>  Defendant and Counter-claimant, | Date:          January 8, 2008<br>Time:          9:30 a.m.<br>Courtroom:  13<br>Judge:         Honorable Marilyn L. Huff |

1  LUCENT TECHNOLOGIES INC. and
   MULTIMEDIA PATENT TRUST,
2
       Plaintiffs,
3
   v.
4
   DELL, INC.,
5
       Defendant.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-CV-2000 MLH (CAB)

I.      ARGUMENT

Robert Jones's declaration is wholly irrelevant to the question of what would have been obvious to a person of ordinary skill in the art at the time of the filing of the '356 patent.[1] "The "person of ordinary skill in the art" is a theoretical construct used in determining obviousness under § 103, and is not descriptive of some particular individual." *Custom Accessories, Inc. v. Jeffrey-Allan Indust., Inc.*, 807 F.2d 955, 963 (Fed. Cir.1986).

First, there is no indication in his declaration that Mr. Jones is now or ever was a person of ordinary skill in the art who, according to Lucent has the following qualifications and experience: 3-5 years experience working in the area of Human-Computer Interface, or specific training at one of the following institutions: Xerox Palo Alto Research Center (Xerox PARC), Apple Computer, Inc., University of California at San Diego, the University of Toronto, or the University of Maryland.[2]

Second, Mr. Jones opinions relate to the wrong period of time. Mr. Jones's statements are irrelevant as they pertain to the time-period during which he allegedly worked on the development of Your Money Manager which was on sale by March of 1985. (*See* Ex. C.[3]) Microsoft has moved for summary judgment, which Lucent did not oppose, that Lucent is not entitled to a date of invention before the filing of the '356 patent on December 11, 1986. (*See* Ex. A.) Mr. Jones's allegations regarding the state of the art in 1984-1985 are not directed to the question of what would have been obvious to one of ordinary skill in the art in December of 1986. (Jones Declaration at ¶3.)

Third there is no evidence to suggest that Mr. Jones was aware of art that, in combination with Your Money Manager, invalidates the '356 patent. Claim 19 is obvious in light of Your Money Manager alone or in combination with the on-screen calculator of Windows 1.01. "Obviousness is determined from the vantage point of a hypothetical person having ordinary skill in the art to which the patent pertains. This legal construct…presumes that *all* prior art references

---

[1] The deposition of Michael Tyler, also addressed in Lucent's Supplementation, concerns only prior art that was not addressed by Microsoft's motion.
[2] As noted in Microsoft's opening brief, for the purposes of this motion, Microsoft accepts Lucent's expert's contention regarding the experience of the person of ordinary skill in the art.

1                                     Case No. 07-CV-2000 MLH (CAB)

in the field of the invention are available to this hypothetical skilled artisan." *See In re Rouffet*, 149 F.3d 1350, 1357 (Fed. Cir. 1998) (emphasis added). Mr. Jones's declaration makes no mention of Windows 1.01, the first version of Microsoft Windows. There is no evidence that Mr. Jones was aware of Windows version 1.01 either at the time of his alleged work on the Your Money Manager program, at the time of the filing of the '356 patent, or at any time. As such, Mr. Jones's declaration is irrelevant to the question of obviousness.

## II. CONCLUSION

Your Money Manager alone or in combination with Microsoft Windows 1.01 meets every limitation of and therefore anticipates or renders obvious claims 19 and 21 of the '356 patent. Mr. Jones's declaration is irrelevant to the question of obviousness and does not raise a genuine issue of material fact  Therefore, summary judgment of invalidity should be granted.

Dated:  January 7, 2008                                          FISH & RICHARDSON P.C.

By:  /s/ Lara S. Garner
John E. Gartman (SBN 152300)
Juanita R. Brooks (SBN 75934)
Roger A. Denning (SBN 228998)
Christopher S. Marchese (SBN 170239)
Lara S. Garner (SBN 234701)
lgarner@fr.com

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

---

[3] References to "Ex.__" refer to the corresponding exhibit attached to the Declaration of Lara S. Garner ("Garner Decl."), which was filed with Microsoft's opening brief.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 7, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

  /s/ Lara S. Garner
Lara S. Garner
lgarner@fr.com

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION