David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

John M. Desmarais (*pro hac vice*)
Paul A. Bondor (*pro hac vice*)
Elizabeth T. Bernard (*pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Lucent Technologies Inc.
and Multimedia Patent Trust

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST<br><br>          Plaintiffs and Counter-Defendants,<br><br>     vs.<br><br>GATEWAY, INC., *et al.*<br><br>          Defendants and Counterclaimants.<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>          Intervener and Counterclaimant.<br><br>AND RELATED CLAIMS | CASE NO. 07-CV-2000-H (CAB) consisting of matters severed from the consolidated cases:<br>CASE NO. 02-CV-2060-B (CAB)<br>CASE NO. 03-CV-0699-B (CAB)<br>CASE NO. 03-CV-1108-B (CAB)<br><br>**LUCENT TECHNOLOGIES INC. AND MULTIMEDIA PATENT TRUST'S OPPOSITION TO DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING REGARDING SUPPLEMENTAL DAMAGES EXPERT REPORT**<br>Date:     January 22, 2008<br>Time:     10:30 a.m.<br>Courtroom: 13, 5th Floor<br>Judge:     Hon. Marilyn L. Huff |

LUCENT AND MPT'S OPPOSITION TO DEFENDANTS'
MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING
REGARDING SUPPLEMENTAL DAMAGES EXPERT
REPORT

Case No. 07--CV-2000-H (CAB)

1

## <u>TABLE OF CONTENTS</u>

2   I.    INTRODUCTION ..................................................................................................1

3   II.   FACTUAL BACKGROUND ...............................................................................1

4   III.  LEGAL STANDARD...........................................................................................3

5   IV.  ARGUMENT .......................................................................................................3

          A.    Magistrate Judge Bencivengo's Order Denying Defendants' Motion To Strike The Supplemental Report Is Neither Clearly Erroneous Nor Contrary To Law Because The Report Is Timely, Substantially Justified, And Causes No Prejudice. ...............................................................................................................3

          B.    Mr. Smith's Testimony Will Assist The Trier of Fact And Is Highly Relevant......6

V.   CONCLUSION.....................................................................................................6

LUCENT AND MPT'S OPPOSITION TO DEFENDANTS'
MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING
REGARDING SUPPLEMENTAL DAMAGES EXPERT
REPORT

i

Case No. 07--CV-2000-H (CAB)

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Becton Dickinson and Co. v. Syntron Bioresearch, Inc.*,
No. 97-CV-1634 K (POR), 1998 U.S. Dist. LEXIS 22082, at *50-55 (S.D. Cal. Dec. 19,

4
1998) ................................................................................................................................... 3

5

*Bhan v. NME Hospitals, Inc.*,
929 F.2d 1404 (9th Cir. 1991) ............................................................................................ 3

6

7

*Diomed, Inc. v. AngioDynamics, Inc.*,
450 F. Supp. 2d 130 (D. Mass. 2006) ................................................................................. 6

8

*Eng'g Co. v. ITT Flygt Corp.*,
9
No. 03-2060MaV, 2004 U.S. Dist. LEXIS 26155, at *6-9 (W.D. Tenn. June 8, 2004) .......... 4

10

*Engineered Prods. Co. v. Donaldson Co., Inc.*,
313 F. Supp. 2d 951 (N.D. Iowa 2004) ............................................................................... 4

11

12

*Green v. Baca*,
219 F.R.D. 485 (C.D. Cal. 2003) ........................................................................................ 3

13

*Klund v. High Tech. Solutions, Inc.*,
14
No. 05CV0565JAH, 2006 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006) ............................ 5

15

*Lozano v. City of Hazelton*,
241 F.R.D. 252 (M.D. Pa. 2007) ........................................................................................ 5

16

*Michelone v. Desmarais*,
17
25 Fed. Appx. 155 (4th Cir. 2002) ..................................................................................... 5

18

*Montgomery v. Mitsubishi Motors Corp.*,
19
448 F. Supp. 2d 619 (E.D. Pa. 2006) .................................................................................. 5

20

*Robinson Co. v. Zurich Am. Ins. Co.*,
No. Civ. 02-4794PAMRLE, 2004 WL 1765320, at *2 (D. Minn. Aug. 5, 2004) ................. 6

21

22

*Sepulveda v. Wal-Mart Stores, Inc.*,
237 F.R.D. 229 (C.D. Cal. 2006) ........................................................................................ 6

23

*The SCO Group, Inc. v. Novell, Inc.*,
24
No. 2:04CV139DAK, 2007 WL 2702456, at *1-3 (D. Utah Sept. 11, 2007) ....................... 4

25

**Statutes**

26

28 U.S.C. § 636 (b)(1)(A) .......................................................................................................... 3

27

35 U.S.C. § 284 .......................................................................................................................... 6

28

1

**Rules**

FED. R. CIV. P. 26(a)(3) ........................................................................................ 3

FED. R. CIV. P. 26(e) ............................................................................................ 3

FED. R. CIV. P. 37(c)(1) ....................................................................................... 6

Fed. R. Civ. P. 72(a) ............................................................................................ 3

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Lucent and MPT submit this memorandum in opposition to defendants' motion for reversal of Magistrate Judge Bencivengo's order denying defendants' motion to strike the 6-page supplemental expert report of Lucent and MPT's damages expert Roger Smith.  As recognized by the defendants, Magistrate Judge Bencivengo made a Court-informed decision to allow the supplemental expert report and explicitly recognized that Mr. Smith's expert report was issued in response to an intervening Court ruling that may impact the legal boundaries of the damages analysis.  Since Mr. Smith's report was issued, the defendants have deposed Mr. Smith and issued rebuttal expert reports—well in advance of trial.  Therefore, the Magistrate's refusal to strike the report is clearly in accordance with the Federal Rules of Civil Procedure allowing supplemental expert reports where timely, substantial justified and/or harmless.  Because Magistrate Judge Bencivengo's order refusing to strike the report is neither clearly erroneous nor contrary to law, the Court should deny defendants' motion.

## II.    FACTUAL BACKGROUND

The original case between the parties was divided into six trials: Group 1 (Video Coding); Group 2 (Audio Coding); Group 3 (Speech Coding); Group 4 (Graphical User Interface) and Group 5 (Fleming/Doughty patents); and Group 6 (Xbox 360), with the first trial set to go forward in November 2006.  (Ex. B, Trial Schedule; D.I. 1876.)[1]  Due to defendants' repeated requests to postpone the trials and other dispositive motions, the upcoming February 2008 trial involves five remaining Lucent and MPT patents and numerous accused products consolidated from the Group 1, Group 4, Group 5 and Group 6 trials, including Microsoft software, and Gateway and Dell computer systems, and third-party software sold by Gateway and Dell.  The upcoming trial was preceded by

---

[1] All references to Exhibits refer to the exhibits attached to the Declaration of Elizabeth T. Bernard in Support of Lucent Technologies Inc. and Multimedia Patent Trust's Opposition to Defendants' Motion for Review of Magistrate Judge's Ruling Regarding Supplemental Damages Expert Report filed concurrently herewith.  Lucent and MPT's letter brief is attached as Exhibit A, including Exhibits 1-5.  The arguments and authorities contained therein are incorporated by reference.

1    the Group 2 Audio trial between Lucent and Microsoft that took place in January 2007.  Lucent

2    obtained a jury verdict in its favor with the jury awarding Lucent all the damages it sought—over

3    $1.5 billion.  (D.I. 1187.)  Judge Rudi Brewster subsequently set the verdict aside on August 6, 2007.

4    (D.I. 1975.)  In doing so, Judge Brewster concluded that the jury's damages verdict in that case

5    constituted an inappropriate application of the entire market value rule, because the evidence (in his

6    view) did not permit an award of reasonable royalty damages based on the infringing computer

7    system.[2]  (*Id*. at 34.)  Previously, Judge Brewster twice denied defendants' attempts to preclude

8    Lucent's damages theory regarding the computer system as the royalty base.  (D.I. 827 at 4; D.I.

9    1737 at 3.)  After the verdict, Judge Brewster even explicitly expressed his view that the jury's

10   award of damages based on the entire computer system comported with the unrebutted evidence in

11   the Group II trial.  (Ex. A, Letter Brief at Ex. 1.)  Thus, in setting aside the damages verdict, Judge

12   Brewster reversed his own prior decisions on that very issue, and for the first time potentially placed

13   new legal restrictions on the outcome of the *Georgia-Pacific* hypothetical negotiation underlying the

14   reasonable royalty.

15        Lucent and MPT's damages expert, Roger Smith, subsequently issued a 6-page supplemental

16   expert report that expressly purports to address the potential effect of Judge Brewster's ruling on the

17   *Georgia-Pacific* analysis.  (Ex. C, Second Supp. Report of Roger Smith.)  Despite the report being

18   issued more than three months before trial, and after turning down two opportunities to depose Mr.

19   Smith at the time the report was served, (Ex. 1, Letter Brief at Ex. 2; Ex. 1, Letter Brief at Ex. 3.),

20   the defendants requested Magistrate Judge Bencivengo strike the supplemental expert report as

21   untimely.  (Def. Opening Br. at Exs. A and B.)  After briefing and argument—during which

22   defendants made all of they arguments they do now—Magistrate Judge Bencivengo properly denied

23   defendants' motion.  (D.I. 116).  Magistrate Judge Bencivengo gave defendants the opportunity to

24   depose Mr. Smith and to issue rebuttal expert reports.  (*Id.*)  Defendants deposed Mr. Smith on

---

[2] Lucent is appealing Judge Brewster's decision.

1   January 4, 2008 and have been ordered to issue any rebuttal expert reports by January 8th. (*Id.*; Ex.

2   D, Amended Notice of Smith Deposition.)

3   **III.    LEGAL STANDARD**

4       The Court has already recognized the proper standard of review to be applied to Magistrate

5   Judge Bencivengo's order. Specifically, as a nondispositive order on a discovery matter, the Court:

6       may only modify or set aside the order if it is "found to be clearly erroneous or
        contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(A) (magistrate judge's
7       decision on nondispositive issue reviewed under clearly erroneous standard); *see
        Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (same). Discovery
8       matters are considered nondispositive. *See Bhan*, 929 F.2d at 1414; *Green v. Baca*,
        219 F.R.D. 485, 489 (C.D. Cal. 2003).

9
    (11/19/07 Order Denying Gateway's Motion for Review of Magistrate Judge's Ruling Under Fed. R.
10
    Civ. P. 72(a), D.I. 53 at 2.)
11
    **IV.    ARGUMENT**
12
        **A.    Magistrate Judge Bencivengo's Order Denying Defendants' Motion To Strike
13              The Supplemental Report Is Neither Clearly Erroneous Nor Contrary To Law
                Because The Report Is Timely, Substantially Justified, And Causes No
14              Prejudice.**

15          **1.    Mr. Smith's Report Is Timely Under Rule 26(e).**

16      Rule 26(e) requires supplementation of discovery disclosures at appropriate intervals and

17  seasonable amendments of prior discovery if the earlier discovery is found to be incorrect or

18  incomplete. FED. R. CIV. P. 26(e). With regard to expert testimony, those disclosures are to be made

19  at least 30 days prior to trial. *See id;* FED. R. CIV. P. 26(a)(3). As this Court has recognized, an

20  intervening Court ruling may constitute a proper basis for supplementation under Rule 26. *See*

21  *Becton Dickinson and Co. v. Syntron Bioresearch, Inc.*, No. 97-CV-1634 K (POR), 1998 U.S. Dist.

22  LEXIS 22082, at *50-55 (S.D. Cal. Dec. 19, 1998) (refusing to preclude supplemental expert

23  opinion issued after a court order construing claim terms). Given that Judge Brewster had not

24  previously found to the contrary, and given the law and facts supporting the reasonable royalty in the

25  audio trial prior to the August decision (*see* D.I. 1848 at 17; D.I. 1849 at 14-16.), Mr. Smith's brief

26  supplemental report is both timely and justified under Rule 26(e). Accordingly, the Magistrate

27  Judge denial of defendants' motion to strike was neither clearly erroneous nor contrary to law. *See*

28

1  *Tyler Eng'g Co. v. ITT Flygt Corp.*, No. 03-2060MaV, 2004 U.S. Dist. LEXIS 26155, at \*6-9 (W.D.

2  Tenn. June 8, 2004) (applying Rule 26(e) to deny motion to strike supplemental expert report

3  submitted two months before trial even where supplemental report substantially changed prior

4  opinions).

5        **2.     Mr. Smith's Supplemental Report Is Substantially Justified.**

6        Federal Rule of Civil Procedure 37 also provides support for the Magistrate's Order.  As

7  defendants recognize, Rule 37 will not operate to exclude an expert's opinion if failure to disclose

8  the information during the discovery period is substantially justified or harmless.  Mr. Smith's

9  supplemental expert report addresses only the potential impact of Judge Brewster's intervening

10  ruling, and is thus substantially justified.  *See The SCO Group, Inc. v. Novell, Inc.*, No.

11  2:04CV139DAK, 2007 WL 2702456, at \*1-3 (D. Utah Sept. 11, 2007) (holding supplemental

12  disclosure substantially justified as a result of an intervening court order); *Engineered Prods. Co. v.*

13  *Donaldson Co., Inc.*, 313 F. Supp. 2d 951, 1005-06 (N.D. Iowa 2004) (denying motion to strike

14  supplemental expert report because report was substantially justified following a ruling that resolved

15  certain issues as a matter of law).

16        Defendants do not claim that Judge Brewster's ruling does not constitute an intervening

17  development in the damages portion of this case.  Instead, the defendants make the unfounded and

18  misleading claim that Lucent and MPT should have anticipated the intervening development.  As

19  discussed above, Judge Brewster ***twice*** denied defendants' previous attempts to preclude Lucent's

20  damages theory regarding the computer system as the royalty base and even explicitly expressed his

21  view after the verdict that the jury's award of damages based on the entire computer system

22  comported with the unrebutted evidence in the Group 2 trial.  It was not until its decision on post-

23  trial motions that the Court adopted a different view of the applicable law and facts.  Mr. Smith's

24  supplemental report is substantially justified in light of Judge Brewster's unanticipated ruling.

25  Accordingly, the Magistrate Judge's denial of defendants' motion to strike was neither clearly

26  erroneous nor contrary to law.

27

28

### 3.    Mr. Smith's Report Causes No Prejudice.

Nor does the timing of the 6-page report cause any genuine prejudice to defendants.  The Court has recognized that "preclusion of evidence is among the most severe" of sanctions under Rule 37 and is "generally improper absent undue prejudice."  *Klund v. High Tech. Solutions, Inc.*, No. 05CV0565JAH, 2006 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006). The "touchstone" of the prejudice inquiry under Rule 37 is whether "a discovery violation 'threaten[s] to interfere with the rightful decision of the case' or 'impair[s] the moving party's ability to go to trial.'"  *Id.*  (internal citations omitted).

Here, both the limited nature of the report and the fact that it was served more than three months before trial demonstrates that it causes no prejudice.  It does not present any new evidence or licensing approaches not previously known to the defendants; indeed, all evidence Mr. Smith cites in his supplemental expert report was explicitly discussed in Mr. Smith's initial reports, and admitted in evidence at the Group 2 trial—some of which is also relied upon by defendants' own expert. Moreover, Mr. Smith's supplemental ***alternative*** opinions are based on the application of Lucent's adoption of IBM licensing policies, just as disclosed in his earlier reports.[3]  Nor has there been any undue delay, since the report was served within a reasonable period after the decision and well before trial.  And, defendants have already had the opportunity to fully depose Mr. Smith regarding his opinions expressed in the supplemental report and to issue rebuttal expert reports in ample time before trial.

Numerous courts (including this one) have found such an opportunity to depose the expert sufficient to alleviate any alleged prejudice.  *See, e.g., Michelone v. Desmarais*, 25 Fed. Appx. 155, 159 (4th Cir. 2002); *Lozano v. City of Hazelton*, 241 F.R.D. 252, 258-59 (M.D. Pa. 2007);

---

[3] Defendants' complaints that they have been deprived of the chance to seek contradicting documents or testimony from third parties is disingenuous.  Defendants have known the basis for Mr. Smith's opinions for years and have had ample opportunity to seek discovery regarding IBM policies.

1    *Montgomery v. Mitsubishi Motors Corp.*, 448 F. Supp. 2d 619, 634 (E.D. Pa. 2006); *C.H. Robinson*

2    *Co. v. Zurich Am. Ins. Co.*, No. Civ. 02-4794PAMRLE, 2004 WL 1765320, at *2 (D. Minn. Aug. 5,

3    2004); *Becton Dickinson,* 1998 U.S. Dist. LEXIS 22082, at *52.   Rule 37 expressly provides the

4    Court with the discretion to adopt lesser remedies, such as a deposition, in lieu of preclusion.   FED.

5    R. CIV. P. 37(c)(1); *see also Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 234 (C.D. Cal.

6    2006) (declining to exclude late-disclosed declarations and ordering limited depositions).

7    Accordingly, the Magistrate Judge's denial of defendants' motion to strike was neither clearly

8    erroneous nor contrary to law.  *See Diomed, Inc. v. AngioDynamics, Inc.*, 450 F. Supp. 2d 130, 137

9    (D. Mass. 2006) (denying motion to exclude new damages theory where there was no significant

10   prejudice to warrant exclusion).

11          **B.      Mr. Smith's Testimony Will Assist The Trier of Fact And Is Highly Relevant.**

12          By statute, Lucent and MPT are entitled to "damages adequate to compensate for the

13   infringement but in no event less that a reasonable royalty" for defendants' infringement.  35 U.S.C.

14   § 284.  Accordingly, there is nothing clearly erroneous nor contrary to law about Magistrate Judge

15   Bencivengo's order denying defendants' motion to strike the timely and highly relevant expert

16   report, and the Court should not modify Magistrate Judge Bencivengo's order to endorse defendants'

17   attempt to limit the damages Lucent and MPT are entitled to by law.  Any continuing dispute about

18   the appropriateness of damages theories to be presented at trial—and there should be none—may be

19   properly addressed in pretrial filings.

20   **V.     CONCLUSION**

21          Magistrate Judge Bencivengo's Order denying defendants' motion to strike the supplemental

22   expert report of Roger Smith is neither clearly erroneous nor contrary to law.   Accordingly,

23   defendants' motion for reversal of the Magistrate Judge's ruling should be denied.

24

25

26

27

28

1    Dated: January 8, 2008

2

                                                     Respectfully submitted,

3                       By:           s/David A. Hahn

                                                 David A. Hahn, SBN 125784
4                                              HAHN & ADEMA
                                             501 West Broadway, Suite 1600
5                                              San Diego, California  92101-3595
                                             Telephone:  (619) 235-2100
6                                              Facsimile:  (619) 235-2101

7                                              John M. Desmarais (admitted *pro hac vice*)
                                             Paul A. Bondor (admitted *pro hac vice*)
8                                              Elizabeth T. Bernard (admitted *pro hac vice*)
                                             KIRKLAND & ELLIS LLP
9                                              153 East 53rd Street
                                             New York, New York  10022
10                                           Telephone:  (212) 446-4800
                                          Facsimile:  (212) 446-4900

11                                              Attorneys for *Lucent Technologies Inc.* and
12                                              *Multimedia Patent Trust*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28