# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Paul A. Bondor
To Call Writer Directly:
(212) 446-4823
pbondor@kirkland.com

Facsimile:
(212) 446-4900

Dir. Fax: (212) 446-4900

December 4, 2007

The Hon. Cathy Bencivengo, U.S.M.J.
United States District Court for the
Southern District of California
940 Front Street, 1st Floor, Courtroom E
San Diego, California 92101

Re:   *Lucent v. Gateway Inc.*, Case No.07-CV-2000 MLH (CAB); consolidated with Case No. 03-CV-0699 B (CAB); and Case No. 03-CV-1108 B (CAB)

Dear Judge Bencivengo:

I write on behalf of plaintiffs Lucent Technologies Inc. ("Lucent") and Multimedia Patent Trust ("MPT") in response to defendants' motion to strike the 6-page supplemental report from Lucent's licensing expert Mr. Smith.

That short supplemental report addresses the potential impact of an intervening Court ruling in August (well after the close of expert discovery) on issues in the upcoming February trial. Although defendants argue that Lucent should have anticipated that decision, the Court's prior rulings on the same issue rejected previous defendants' challenges, finding Lucent's damages theory both legally sound and amply supported by the evidence. In short, Lucent could not reasonably have anticipated Judge Brewster's ultimate decision to overturn the jury verdict, or the bases on which he did so.

Contrary to defendants' arguments, the 6-page report raises no thorny new areas requiring extensive discovery, and relies only on evidence already well-known to defendants. Indeed, defendants' decision to raise the matter on a relaxed schedule as a putative discovery matter—rather than before Judge Huff *in limine*, as the Court has already recognized is appropriate for motions seeking substantive preclusion—demonstrates that defendants are more interested in tactical advantage than any issue of substance. Defendants have already turned down two opportunities for deposition of Mr. Smith regarding the report, choosing instead to await briefing and complain of delay. Nor, as described below, does Mr. Smith's supplemental report bear any relation to the supplemental production of sales information that Lucent was forced to move to compel, and which the Court ordered to be produced last Friday.

In short, any discovery genuinely occasioned by the supplemental report—which Lucent submits is minimal—can be completed without any disruption of the Court's schedule, and could easily have been completed before the hearing date for this motion. Because application of

Chicago       Hong Kong       London       Los Angeles       Munich       San Francisco       Washington, D.C.

Exhibit A
Page 000001

Hon. Cathy Bencivengo, U.S.M.J.
December 4, 2007
Page 2

Rules 26 and 37 present no legitimate reason to strike Mr. Smith's report, the Court should deny defendants' motion.

I. **Mr. Smith's Report Constitutes A Timely Supplementation Under Rule 26(e).**

In setting aside the jury verdict in the Group II audio coding trial on August 6, 2007, Judge Brewster concluded that the jury's damages verdict in that case constituted an inappropriate application of the entire market value rule, because the evidence (in his view) did not permit an award of reasonable royalty damages based on the infringing computer system. (D.I. 1975 at 34.) Lucent is appealing that decision. But in so ruling, Judge Brewster reversed his own prior decisions on that very issue, and for the first time potentially placed new legal restrictions on the outcome of the *Georgia Pacific* hypothetical negotiation underlying the reasonable royalty. Mr. Smith's supplemental report directly addresses that intervening development by presenting his straightforward alternative opinions if similar restrictions are imposed on the outcome of the hypothetical negotiations concerning several of the patents to be tried in February.

Rule 26(e) requires supplementation of discovery disclosures at appropriate intervals and seasonable amendments of prior discovery if the earlier discovery is found to be incorrect or incomplete.[1] FED. R. CIV. P. 26(e). With regard to expert testimony, those disclosures are to be made at least 30 days prior to trial. *See id*; FED. R. CIV. P. 26(a)(3). As this Court has recognized, an intervening Court ruling may constitute a proper basis for supplementation under Rule 26. *See Becton Dickinson and Co. v. Syntron Bioresearch, Inc.*, No. 97-CV-1634 K (POR), 1998 U.S. Dist. LEXIS 22082, at *50-55 (S.D. Cal. Dec. 19, 1998) (refusing to preclude supplemental expert opinion issued after a court order construing claim terms). Given that Judge Brewster had not previously found to the contrary, and given the law and facts supporting the reasonable royalty in the audio trial prior to the August decision (*see* D.I. 1848 at 17; D.I. 1849 at 14-16), Mr. Smith's brief supplemental report is both timely and justified under Rule 26(e). Accordingly, the Court should deny defendants' motion to strike. *See Tyler Eng'g Co. v. ITT Flygt Corp.*, No. 03-2060MaV, 2004 U.S. Dist. LEXIS 26155, at *6-9 (W.D. Tenn. June 8, 2004) (applying Rule 26(e) to deny motion to strike supplemental expert report submitted two months before trial even where supplemental report substantially changed prior opinions).

II. **Mr. Smith's Supplemental Report Is Substantially Justified.**

Even if the report had not been timely under Rule 26(e), the Court should still deny defendants' requested relief. As defendants recognize, Rule 37 will not operate to exclude an expert's opinion if failure to disclose the information during the discovery period is substantially justified or harmless. Mr. Smith's supplemental expert report addresses only the potential

---

[1] Supplementation need not be based on information acquired after the initial report. *See Talbert v. City of Chicago*, 236 F.R.D. 415, 421 (N.D. Ill. 2006).

Hon. Cathy Bencivengo, U.S.M.J.
December 4, 2007
Page 3

impact of Judge Brewster's intervening ruling, and is thus substantially justified. *See The SCO Group, Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2702456, at *1-3 (D. Utah Sept. 11, 2007) (holding supplemental disclosure substantially justified as a result of an intervening court order); *Engineered Prods. Co. v. Donaldson Co., Inc.*, 313 F. Supp. 2d 951, 1005-06 (N.D. Iowa 2004) (denying motion to strike supplemental expert report because report was substantially justified following a ruling that resolved certain issues as a matter of law).

Defendants' claim that Lucent should have anticipated the intervening development is both unfounded and misleading. Judge Brewster *twice* denied defendants' previous attempts to preclude Lucent's damages theory regarding the computer system as the royalty base. (D.I. 827 at 4; D.I. 1737 at 3.) After the verdict, Judge Brewster even explicitly expressed his view that the jury's award of damages based on the entire computer system comported with the unrebutted evidence in the Group II trial. (Ex. 1, 4/27/07 Hearing Tr. at 13.) It was not until its decision on post-trial motions that the Court adopted a different view of the applicable law and facts.[2] Mr. Smith's supplemental report is substantially justified in light of Judge Brewster's unanticipated ruling.[3] Accordingly, the Court should deny defendants' motion.

### III.  Served More Than Three Months Before Trial, The Report Causes No Prejudice.

Nor does the timing of the 6-page report cause any genuine prejudice to defendants. As Microsoft previously argued in support of its own late supplemental expert opinion,[4] the Court has recognized that "preclusion of evidence is among the most severe" of sanctions under Rule 37 and is "generally improper absent undue prejudice." *Klund v. High Tech. Solutions, Inc.*, No. 05CV0565JAH, 2006 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006). The "touchstone" of the prejudice inquiry under Rule 37 is whether "a discovery violation 'threaten[s] to interfere with the rightful decision of the case' or 'impair[s] the moving party's ability to go to trial.'" *Id.* (internal citations omitted).

---

[2] Thus, this case is distinguishable from *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Elec. Transit Inc.*, No. C 04-03435 JSW, 2007 WL 3460280, at *3 (N.D. Cal. Nov. 14, 2007), on which defendants rely. In that case, the proponent admitted that the defenses on which its expert wanted to opine on were known at the time of the original report. That could not have been the case here: the Court's decision came more than a year after opening reports.

[3] Similarly, defendants' claims of "gamesmanship" are unfounded. Mr. Smith's supplemental report responding to Judge Brewster's ruling is entirely unrelated to Lucent's request for supplemental financial information. Indeed, defendants did not produce any supplemental financial information until November 30th — weeks after Mr. Smith's report. On the contrary, as fully briefed in Lucent's motion to compel, defendants' supplemental sales information (which remains incomplete) is plainly relevant to any calculation of a statutory reasonable royalty.

[4] The Court previously denied Lucent's motion *in limine* to preclude late opinions of Microsoft's damages expert. (D.I. 827 at 3.) Microsoft's expert disclosed those new opinions less than three months before trial, including opinions based on undisclosed employees and third-party witnesses. Like defendants here, Lucent argued that it was deprived of the opportunity to depose newly disclosed witnesses—but Microsoft successfully argued that Lucent was not harmed because it had the opportunity to depose the expert. (*See* D.I. 714 at 5.)

Exhibit A
Page 000003

Hon. Cathy Bencivengo, U.S.M.J.
December 4, 2007
Page 4

      Here, both the limited nature of the report and the fact that it was served more than three months before trial demonstrates that it causes no prejudice. It does not present any new evidence or licensing approaches not previously known to the defendants; indeed, all evidence Mr. Smith cites in his supplemental expert report was explicitly discussed in Mr. Smith's initial reports, and admitted in evidence at the Group II trial—some of which is also relied upon by defendants' own expert.[5] Moreover, Mr. Smith's supplemental alternative opinions are based on the application of Lucent's adoption of IBM licensing policies, just as disclosed in his earlier reports. Nor has there been any undue delay, since the report was served within a reasonable period after the decision and well before trial.[6] At the same time, Lucent offered Mr. Smith for deposition on two different dates in November—an efficient offer defendants unfortunately rejected in favor of pursuing this motion. (Ex. 2, 11/13/07 Bernard Letter to Counsel; Ex. 3, 11/15/07 Reid Email to Bernard.) And, despite having had the supplemental report for weeks (and the opportunity to depose Mr. Smith), defendants have not issued rebuttal reports.

      In short, Mr. Smith's limited report was issued in ample time prior to trial.[7] An additional half-day deposition of Mr. Smith will be more than adequate to answer any legitimate questions defendants have regarding the alternative conclusions stated in his supplemental report, and numerous courts (including this one) have found such an opportunity sufficient to alleviate any alleged prejudice. *See, e.g., Michelone v. Desmarais*, 25 Fed. Appx. 155, 159 (4th Cir. 2002); *Lozano v. City of Hazelton*, 241 F.R.D. 252, 258-59 (M.D. Pa. 2007); *Montgomery v. Mitsubishi Motors Corp.*, 448 F. Supp. 2d 619, 634 (E.D. Pa. 2006); *C.H. Robinson Co. v. Zurich Am. Ins. Co.*, No. Civ. 02-4794PAMRLE, 2004 WL 1765320, at *2 (D. Minn. Aug. 5, 2004); *Becton Dickinson*, 1998 U.S. Dist. LEXIS 22082, at *52.[8] Accordingly, the Court should

---

[5] Dell and Gateway's expert, David Kaplan, also used $2.00 as a benchmark value in conducting the reasonable royalty analysis for the Fleming patent based on the same evidence Mr. Smith relied on in his supplemental expert report. (Ex. 4, 5/12/06 Kaplan Fleming Rep. at 9.)

[6] *See Klund*, 2006 WL 549385, at *6 (three-month delay held insufficient to be prejudicial); *Itron, Inc. v. Benghiat*, No. 99-501 (JRT/FLN), 2001 U.S. Dist. LEXIS 23230, at *3 (D. Minn. Dec. 21, 2001) (two months found reasonable).

[7] Defendants misstate the deadline for motions *in limine*: It is January 14, 2008, not January 4th. Even with defendants' choice to forgo deposition of Mr. Smith for almost a month, ample time remains for that deposition.

[8] Defendants' cases do not dictate a different result. Rather, they present substantially different circumstances and confirm that a deposition can eliminate any alleged prejudice. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (expert report served less than one month before trial); *Nat'l Union*, 2007 WL 3460280, at *4 (any further discovery would force a trial delay); *Estate of Gonzalez v. Hickman*, No. ED CV 05-00660 MMM (RCx), 2007 WL 3237635, at *7-8 (C.D. Cal. June 28, 2007) (excluding expert testimony where proponent offered expert for deposition only fifteen days prior to trial and opponent did not have rebuttal expert); *Jarritos, Inc. v. Los Jarritos*, No. C 05-02380 JSW, 2007 WL 1302506, at *7-8 (N.D. Cal. May 2, 2007) (striking one report with trial less than four weeks away and opponent's need to designate rebuttal experts would require continuance of trial, but refusing to strike another report where delay did not preclude opponent from

(Continued...)

Hon. Cathy Bencivengo, U.S.M.J.
December 4, 2007
Page 5

deny defendants' motion to strike. *See Diomed, Inc. v. AngioDynamics, Inc.*, 450 F. Supp. 2d 130, 137 (D. Mass. 2006) (denying motion to exclude new damages theory where there was no significant prejudice to warrant exclusion). Further, defendants' claims of prejudice are undercut by their own continued disclosure of witnesses and depositions in advance of the February trial.[9]

Finally, even though Rule 37 permits exclusion of untimely evidence, the Court has the discretion to adopt lesser remedies. FED. R. CIV. P. 37(c)(1); *see also Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 234 (C.D. Cal. 2006) (declining to exclude late-disclosed declarations and ordering limited depositions). As this Court has recognized, preclusion of evidence is among the "most severe" of sanctions under Rule 37. *See Klund*, 2006 WL 549385, at *6. Accordingly, even if the Court finds the supplemental report untimely—which it should not—the Court should consider less severe remedies in favor of adjudication of infringement damages on the merits. *See Wilson v. Sundstrand Corp.*, Case No. 99 C 6944, 2003 U.S. Dist. LEXIS 4, at *18 (N.D. Ill. Jan. 2, 2003) (finding preclusion "unduly severe" and recognizing Rule 37 to permit a lesser remedy).

## IV. Conclusion.

Lucent is statutorily entitled to no less than a reasonable royalty for the defendants' infringement. Rather than endorse defendants' attempt to preclude some or all of Lucent's damages case, the Court should permit supplementation to account for the Court's intervening ruling. Mr. Smith's supplemental report is not only timely and proper under Rule 26(e), but is also substantially justified and harmless, rendering Rule 37 sanctions unwarranted. Accordingly, the Court should deny defendants' requested relief.

Respectfully submitted,

*[signature]*

Paul A. Bondor

---

deposing the expert); *Carson Harbor Village, Ltd. v. Unocal Corp.*, No. CV 96-3281 MMM (RCX), 2003 WL 22038700, at *3 (C.D. Cal. Aug. 8, 2003) (striking report where there was no opportunity for deposition).

[9] On November 16, 2007—more than two months after the deadline for validity-related supplemental expert discovery and reports, Microsoft first identified four new witnesses it says are relevant to issues to be tried in February. According to Microsoft, that belated disclosure is justified under Rule 26(e). (*See* Ex. 5, 11/27/07 Millikan Letter to Corbett.)

Exhibit A
Page 000005