# EXHIBIT A-1

# Exhibit 1

**December 4, 2007 Letter from Bondor to Bencivengo**

```
 1                UNITED STATES DISTRICT COURT
 2               SOUTHERN DISTRICT OF CALIFORNIA
 3
 4  LUCENT TECHNOLOGIES,      )  Case No. 02CV2060-B(CAB)
                              )           Consolidated with
 5            Plaintiff,      )           03CV0699-B(CAB)
                              )           03CV1108-B(CAB)
 6  vs.                       )           Related to:
                              )           06CV0684-B(CAB)
 7  GATEWAY, INC., et al.,    )
                              )  San Diego, California
 8            Defendants.     )
    _____)  Friday,
 9                               April 27, 2007
                                 9:00 a.m.
10
11              TRANSCRIPT OF MOTION HEARING
         BEFORE THE HONORABLE RUDI M. BREWSTER
12            UNITED STATES DISTRICT JUDGE
13  APPEARANCES:
14  For the Plaintiff:
                                JOHN DESMARAIS, ESQ.
15                              PAUL A. BONDOR, ESQ.
                                GREGORY F. CORBETT, ESQ.
16                              ERIC HAYES, ESQ.
                                Kirkland & Ellis, LLP.
17                              153 East 53rd Street
                                New York, New York 10022
18                              (212) 909-3189
19  For the Defendant:          JONATHAN BAKER, ESQ.
                                STEVE R. DANIELS, ESQ.
20                              W. BRYAN FARNEY, ESQ.
                                Dechert, LLP
21                              300 West Sixth Street
                                Suite 1850
22                              Austin, Texas 78701
                                (512) 394-3000
23
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Echo Reporting, Inc.*

```
                                                                        ii

 1  APPEARANCES (Cont'd.)

 2  For MicroSoft:            JOHN GARTMAN, ESQ.
                              JUANITA A. BROOKS, ESQ.
 3                            ROGER A. DENNING, ESQ.
                              JOSEPH P. REID, ESQ.
 4                            Fish & Richardson
                              4350 La Jolla Village Drive
 5                            Suite 500
                              San Diego, California 92122
 6                            (858) 678-5070

 7  For Dell:                 JOEL FREED, ESQ.
                              ALI R. SHARIFAHMADIAN, ESQ.
 8                            Arnold & Porter
                              555 Twelfth Street, NW
 9                            Washington, DC 20004
                              (202) 942-5000
10
    Transcript Ordered by:    JOHN GARTMAN, ESQ.
11
    Court Recorder:           Jennie Hinkle
12                            United States District Court
                              940 Front Street
13                            San Diego, California  92101

14  Transcriber:              Carol Abbott
                              Echo Reporting, Inc.
15                            6336 Greenwich Drive
                              Suite B
16                            San Diego, California  92122
                              (858) 453-7590
17

18

19

20

21

22

23

24

25
```

*Echo Reporting, Inc.*

12

1  MS. BROOKS: And so, it's not an issue of joint
2  and several liability. The reason that that number is based
3  upon the sale of the computer is because Gateway is using
4  this entire market value theory to compute their damages.
5  THE COURT: But, just --
6  MS. BROOKS: I'm sorry. Lucent is using the
7  entire --
8  THE COURT: But, just answer this question. Your
9  position -- you're not arguing against Microsoft's joint and
10 several responsibility with Gateway, and you're not arguing
11 joint and several responsibility with Dell. I don't see the
12 difference between your joint and several responsibility
13 with Gateway and separately with Dell, and any other
14 manufacturers as to whom there's evidence presented they're
15 selling computers, which are worth 100 bucks, each of them.
16 And so, there's three more indirect infringers with -- and
17 if a jury finds circumstantial evidence to satisfy them that
18 each one of these computer sales is yielding a direct
19 infringement, so if they find that, I don't understand why
20 Microsoft could say that while you -- you know, contest the
21 law of your joint and several liability with Gateway and
22 Dell, why you -- what's the basis for denying your joint and
23 several liability for the direct infringement of three other
24 defendants who are not before the Court.
25 MS. BROOKS: Your Honor, possibly if we could just

*Echo Reporting, Inc.*

Exhibit A-1
Page 000009

13

1  table for a moment the discussion MIL number five and go to
2  MIL number six, which is the entire market value rule and
3  whether or not Lucent can legitimately prove that in this
4  case and use that in this case, then it will, I hope, show
5  your Honor why the only reason we filed --
6          THE COURT:  Well, you know, to tell you the truth,
7  I didn't have any problem with MIL number six, because we
8  had that issue last time, and there was evidence in the
9  case, and there was no rebuttal of the evidence.  There was
10 not even a conflict of the evidence in the other case about
11 the fact that the sales of those computers was directly
12 dependent upon the presence of those Windows.  And there was
13 evidence that they wouldn't have been worth a plug nickle,
14 at least without any opposition at all about that came in.
15 I remember it clearly officials of Gateway and Dell
16 testifying that we had to have those Windows to sell our
17 computers.
18          MS. BROOKS:  I understand that.  That was that
19 case, and I'm not saying that case, and I'm not saying that
20 that was a right or wrong holding.  This case is completely
21 different.
22          THE COURT:  Well, I don't know what the evidence
23 is, so you have me at a disadvantage.  Maybe they have video
24 depositions of the CEO's of these other companies saying
25 that, we had to have those Windows in there, because we

*Echo Reporting, Inc.*

14

1  wouldn't have sold our computers.
2          MS. BROOKS: Absolutely not, your Honor. Not one
3  shred. It is completely different than the evidence that
4  Lucent presented in audio.
5          THE COURT: Okay, well, then, let's focus on what
6  the issue is for us this morning, because it's an in limine.
7  We're not trying any issues here. I'm not granting summary
8  judgments. If the evidence -- it's a basis for what they
9  can argue based on the evidence. If there is insufficient
10 evidence to go to a jury on whether or not these other
11 computers couldn't have been sold without the presence of
12 Windows, they will not have established the unit for the
13 basis for the royalty computation, because the computer,
14 just standing alone, isn't a basis.
15          I mean, at first blush, you'd think that it
16 shouldn't go beyond the Windows disk. But, if there's
17 evidence that the Windows disk isn't really the culprit, the
18 culprit is the computer and they had to put the Windows in
19 the computer to sell them, then, the market value theory is,
20 well, the computer is the market value theory. So, I'm not
21 going to argue that again. That's why it isn't listed for
22 an argument this morning. So, why would you want to revisit
23 it?
24          MS. BROOKS: You did list MIL six as an argument
25 this morning, and also, Dell and Gateway also filed --

152

1       I certify that the foregoing is a correct
2 transcript from the electronic sound recording of the
3 proceedings in the above-entitled matter.
4
5 _____    _____
6 Transcriber                               Date
7 FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
8 _____
9 L.L. Francisco, President
   Echo Reporting, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*Echo Reporting, Inc.*