1  Bryan W. Farney *(pro hac vice)*
   Steven R. Daniels (SBN 235398)
2  Jeffrey B. Plies *(pro hac vice)*
   DECHERT LLP
3  300 W. Sixth Street, Suite 1850
   Austin, Texas 78701
4  Telephone:     (512) 394-3000
   Facsimile:     (512) 394-3001
5
   David J. Zubkoff (SBN 149488)
6  SELTZER CAPLAN MCMAHON VITEK
   750 "B" Street, Suite 2100
7  San Diego, California 92101
   Telephone:     (619) 685-3003
8  Facsimile:     (619) 685-3100

9  Attorneys for Defendants
   GATEWAY, INC., GATEWAY COUNTRY
10 STORES LLC, GATEWAY COMPANIES, INC.,
   GATEWAY MANUFACTURING LLC, AND
11 COWABUNGA ENTERPRISES, INC.

12              **UNITED STATES DISTRICT COURT**

13           **SOUTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15  LUCENT TECHNOLOGIES INC. and<br>MULTIMEDIA PATENT TRUST,<br><br>16<br>Plaintiff and Counter-Defendant,<br>17<br>v.<br>18<br>GATEWAY, INC., GATEWAY COUNTRY<br>19  STORES LLC, GATEWAY COMPANIES,<br>INC., GATEWAY MANUFACTURING LLC,<br>20  AND COWABUNGA ENTERPRISES, INC.,<br>21<br>Defendants and Counter-Claimants,<br>22<br>and<br>23  MICROSOFT CORPORATION<br>24<br>Intervenor and Counter-Claimant.<br>25 ─────────────────────────────<br>26  AND CONSOLIDATED CASES | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from<br>consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**GATEWAY'S *EX PARTE*<br>APPLICATION TO SUBMIT<br>CITATIONS TO CASE LAW<br>REGARDING ISSUE RAISED FOR<br>THE FIRST TIME DURING<br>SUMMARY JUDGMENT HEARING<br>ON GATEWAY'S MOTION FOR<br>PARTIAL SUMMARY JUDGMENT<br>OF INVALIDITY OF U.S. PATENT<br>NO. 4,763,356 (DAY)**<br><br>Date:        January 8, 2008<br>Time:        9:30 a.m.<br>Courtroom: 13, 5th Floor<br>Judge:       Hon. Marilyn L. Huff |

27

28

DECHERT LLP
ATTORNEYS AT LAW

GATEWAY'S *EX PARTE* APPLICATION IN SUPP. OF
GATEWAY'S MOT. FOR PARTIAL SUMM. JUDGMENT OF            CASE NO. 07-CV-2000-H (CAB)
INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)

1    At the summary judgment hearing on January 8, 2008, the Court raised a question that had

2   not been briefed by the parties regarding the effect of the hearsay rule on the Tyler article.  Since

3   this issue had not been raised in Lucent's briefs, Gateway did not have the relevant case law to

4   cite to the Court during the hearing.  Accordingly, Gateway requests leave of court to call the

5   Court's attention to the cases cited below that address the Court's question.

6    In Gateway's motion, Gateway relies upon the Tyler article for two separate purposes:

7   (1) as a prior art printed publication in and of itself, and (2) as corroboration for Mr. Long's and

8   Mr. Tyler's testimony regarding the public use and prior invention of the FXFE system.  The

9   following cases establish that the Tyler article is not hearsay when used as a prior art reference:

10  • *Joy Technologies, Inc. v. Manbeck*, 751 F. Supp. 225, 233 n.2 (D.D.C. 1990) ("A prior art
     document submitted as a 'printed publication' under 35 U.S.C.A. § 102(a) is offered simply
11    as evidence of what it describes, not for proving the truth of the matters addressed in the
     document. Therefore, it is not hearsay under Fed.R.Evid. 801(c).");

12
    • *Freeman v. Minnesota Min. and Mfg. Co.*, 675 F. Supp. 877, 884 n.5 (D. Del. 1987) ("Section
13    102(b) requires only that the invention be described in a printed publication, not that the
     description be true. Therefore, the [reference] is being introduced, not for the truth of the
14    matter asserted, i.e., that 150 lenses were made or 24 implanted, but only for the fact that it
     was indeed written and filed before March 15, 1975. Thus, it cannot be hearsay.").
15
    The following case establishes that the Tyler article is not hearsay when used as corroboration
16
    because it is a prior consistent statement offered to rebut Lucent's charges of recent fabrication
17
    and improper motive under Fed. R. Evid. 801(d)(1):
18
    • *Ethicon, Inc. v. U.S. Surgical Corp.*, 937 F. Supp. 1015, 1021 n.8 (D.Conn. 1996) ("The
19    document is admissible under Fed.R.Evidence 801(d)(1)(B) as a prior statement consistent
     with Yoon's testimony that he conceived of the subject matter of the claims at issue before he
20    met Choi. Allowing the document to remain in evidence is appropriate because it was offered
     to rebut an express charge that Yoon's testimony concerning his conception of the subject
21    matter of the claims before he met Choi is false.").

22  The following case establishes that the Tyler article also falls under the ancient documents

23  exception to the hearsay rule when used as corroboration:

24  • *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C-03-1431 SBA, 2006 WL
     1330001, at *3 (N.D. Cal. May 15, 2006) (holding that document offered to corroborate
25    testimony regarding prior art device was admissible under ancient documents exception to
     hearsay rule because "'[s]tatements in a document in existence twenty years or more the
26    authenticity of which is established' are exceptions to the hearsay exclusion.").

27  In his deposition testimony, Mr. Tyler authenticated the Tyler article and confirmed that it was

28  published in January 1984.  Baker Decl., Ex. 29 at 126:25-127:25, 146:25-147:10.

DECHERT LLP
ATTORNEYS AT LAW

GATEWAY'S *EX PARTE* APPLICATION IN SUPP. OF
GATEWAY'S MOT. FOR PARTIAL SUMM. JUDGMENT OF        1        CASE NO. 07-CV-2000-H (CAB)
INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)

1 | Dated:   January 9, 2008                                DECHERT LLP

2

3 | By:  _____/s/ Jonathan D. Baker_____
                                                          Jonathan D. Baker

4

5 | Attorneys For Defendants and Counter-
    Claimants:  Gateway, Inc., Gateway
    Country Stores LLC, Gateway Companies,

6 | Inc., Gateway Manufacturing LLC, and
    Cowabunga Enterprises, Inc.

7

8 | 13061475.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW

GATEWAY'S *EX PARTE* APPLICATION IN SUPP. OF
GATEWAY'S MOT. FOR PARTIAL SUMM. JUDGMENT OF          2          CASE NO. 07-CV-2000-H (CAB)
INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY)