Bryan W. Farney *(pro hac vice)*
Jeffrey B. Plies *(pro hac vice)*
Steven R. Daniels (SBN 235398)
DECHERT LLP
300 W. Sixth Street, Suite 1850
Austin, Texas 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

David J. Zubkoff (SBN 149488)
SELTZER CAPLAN MCMAHON VITEK
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone: (619) 685-3003
Facsimile: (619) 685-3100

Attorneys for Defendants and Counterclaimants,
GATEWAY, INC., GATEWAY COUNTRY STORES LLC,
GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING
LLC, AND COWABUNGA ENTERPRISES, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LUCENT TECHNOLOGIES INC., and MULTIMEDIA PATENT TRUST

Plaintiff and Counter-Defendant,

v.

GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.

Defendants and Counter-Claimants,

and

MICROSOFT CORPORATION

Intervenor and Counter-Claimant.

AND CONSOLIDATED CASES

Case No. 07-CV-2000 H (CAB)

**REPLY IN SUPPORT OF GATEWAY'S MOTION UNDER FED. R. CIV. P. 72(a) FOR REVIEW OF MAGISTRATE JUDGE'S RULING DENYING MOTION TO STRIKE UNTIMELY SUPPLEMENTAL EXPERT REPORT**

Date: January 22, 2008
Time: 10:30 a.m.
Courtroom: 13, 5th Floor
Judge: Hon. Marilyn L. Huff

In its opposition to Gateway's motion for review of the magistrate's ruling, Lucent erroneously contends that Smith's New Report (1) was both timely and substantially justified by the JMOL Order itself; and (2) has caused no prejudice because the report does not rely on new evidence. Both contentions are patently false. Moreover, the Magistrate's Order does not contain any analysis of either of these points and is thus clearly erroneous and contrary to law.

## I. The Untimely Submission Was Wholly *Un*justified.

Lucent contravened Rule 26(a)(2) by serving a supplemental damages report with a wholly new "alternative" opinion ***sixteen months after the close of expert discovery*** and ***months*** after the JMOL Order issued. Lucent never sought leave, seeking instead to shirk its burden under Rule 37(c)(1) to show that its breach was (1) "substantially justified" or (2) entirely "harmless." Now, Lucent attempts to show that its late supplementation was, in fact, timely by citing two cases, both of which serve only to highlight the egregious nature of Lucent's entirely new damages opinion. *See, e.g.*:

- *Beckton Dickinson and Co. v. Syntron Bioresearch, Inc.*, 1998 U.S. Dist. LEXUS 22082, at 50-54 (S.D. Cal. Dec. 19, 1998) (finding that expert report served **17 days** after claim construction was a timely supplement since **trial was "not imminent" nor a trial date set**);
- *Jack Tyler Engineering Co. v. ITT FLYGT*, 2004 U.S. Dist. LEXUS 26155, *3 (W.D. Tenn. June 8, 2004) (permitting expert to **correct and reduce** damages calculations, not offer new theories, because of mitigation issue about which other side had been "**promptly advised**").

Additionally, Lucent is also simply wrong that the JMOL Order can, as a matter of law, constitute the kind of "intervening development" that "substantially justifies" modifying expert opinions. The damages rulings in the JMOL rest on *established* law, which had been cited repeatedly in filings in this case before and after the Group 2 trial. The JMOL order did not *change* the law – only Lucent's luck. Moreover, just because the Court allowed Lucent to take its unsound damages theory all the way to trial does not mean that the Court's post-trial ruling could not "reasonably have been anticipated." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Elec. Transit Inc.*, 2007 WL 3460280, *3 (N.D. Cal. Nov. 14, 2007).[1] The risk that the Court would

[1] Lucent asserts that Defendants "make the unfounded and misleading claim that Lucent and MPT should have anticipated" the Court's JMOL ruling on damages. Doc. 217 at 4. Rather, it is the Ninth and Federal Circuits, as explained here, who find that intervening developments that could

eventually reject Smith's opinions has been clear since Smith first propounded his fallacious opinions in March 2006. ***Not one*** Federal Circuit case cited in the Court's JMOL Order ***postdates*** Smith's ***original*** reports. *See* Case No. 02-CV-2060, D.I. 1975 at 18-22. And Lucent, which has previously had an expert report stricken after filing for an extension ***three days before the expert discovery cut-off***, should certainly have been able to anticipate that Smith might not be able to revise his unsubstantiated opinions at ***any time*** after the close of discovery. *See* Exh. A, *Dolby Labs., Inc. v. Lucent Technologies, Inc.*, Case 5:01-cv-20709 (N.D. Cal. Feb. 2, 2005), "Order Denying Lucent's Motion to Extend Time for Expert Discovery" at 3 (holding that Lucent had "failed to make any showing whatsoever that the absence of [certain] limited information prevented it from providing" timely expert reports and indicating that it would preclude Lucent from offering expert testimony at trial).[2]

Lucent's opposition urges the Court to ignore both the legal and ordinary meaning of "substantially justified." Lucent admits, as it must, that Smith's New Report is based *not* on "*new* evidence or licensing approaches," but on the *same* evidence underlying his original opinions. *See* Doc. 217 at 5 (emphasis added). Thus, as a matter of basic logic, he/Lucent could easily have proffered this alternative *before* expert discovery closed. More significantly, Lucent ignores the bigger issue: Smith's New Report proffers an *entirely new royalty theory* unsupported by anything other than evidence already found legally insufficient. *See id.*

Smith's opinions plainly involved misapplying well-settled law governing the entire market value rule. Lucent's extraordinarily late supplementation is not "justified" simply because Lucent failed to appreciate that those opinions might eventually be found legally insufficient as a matter of law. *See* Fed. R. Civ. P. 50. Only because of a mere fortuity is Smith even in a position to slap balm on the self-inflicted wound that Lucent received as a result of its absurdly inflated damages theory; that fortuity is Judge Brewster's convenience-driven decision to sever a solitary

---

or should have been anticipated cannot "substantially justify" late expert supplementation.

[2] Lucent appealed this issue to the Federal Circuit, which easily affirmed the district court in a *per curiam* opinion. *Dolby Laboratories, Inc. v. Lucent Technologies, Inc.*, 202 Fed. Appx. 459, 460 (Fed. Cir. 2006). The same counsel here represented Lucent in the trial court and on appeal.

case for trial based on the technology at issue. Smith's original opinions, as to *all* patents in this consolidated case, are in fact *identical*. And even now, Smith's *original* theory – that a "reasonable royalty" would be 1% of the *entire computer system* as to each accused feature – remains Lucent's *primary* damages theory. *See* Doc. 174-2, Exh. A6 at 1. If all patent claims had been tried together, Lucent's experts would have *had* to "stand by the conclusions they originally proffered" – ***as the law requires***. *Schudel v. General Electric Co.*, 35 Fed. Appx. 484, 488 (9th Cir. 2002) (affirming decision not to permit a retrial based on expert testimony revised to address problems that had arisen after the initial trial).

Indeed, recent Federal Circuit rulings rest on this precise principle. In *02 Micro International Ltd. v. Monolithic Power Systems, Inc*., the Court held that the trial court had properly precluded plaintiff from introducing supplemental expert opinions *after* the close of expert discovery because plaintiff had not adequately explained why its new theory was not included in its original expert report, and because the Rules entitled defendant to adequate notice of the plaintiff's theories. 467 F.3d 1355, 1362-8 (Fed. Cir. 2006); *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (Fed. Cir. 2007) (affirming exclusion of expert testimony served after deadline and after summary judgment motion filed). Again, the cases that Lucent cites are profoundly inapt. *See, e.g.*:

- *The SCO Group, Inc. v. Novell, Inc.*, 2007 WL 2702456 (D. Utah Sept. 11, 2007) (permitting addition to exhibit list **only 20 days** late because the documents **had been exchanged during discovery**);
- *Engineered Products Co. v. Donaldson Co.*, 313 F. Supp.2d 951, 1005-6 (N.D. Iowa 2004) (finding late disclosure of expert regarding "double-patenting defense" was justified by ruling in related case and harmless because **report was entirely consistent** with affidavit submitted with motion for summary judgment and because **trial had been continued**).

## II. The Untimely Submission Was Harm*ful*, Not Harm*less*.

Lucent has not shown, per Fed. R. Civ. P. 37(c)(1), that its exceedingly late supplementation was "harmless," which means ***entirely without harm***. The fact that Defendants received Smith's New Report within a few months of trial is irrelevant; trial preparation in this extraordinarily complex, multi-party infringement case with numerous claims and counterclaims

has been on-going for nearly a year. Having to divert time and resources to adjust to this unforeseeable and unjustified development does not become retroactively "harmless" just because defendants are scrambling to deal with it. With "myriad other activities to which they must attend before trial," this is no zero-sum game. *Estate of Gonzalez v. Hickman*, 2007 WL 3237635, at *7 (C.D. Cal. June 28, 2007) (excluding damages testimony because "[o]ffering a deposition at this stage . . . [just before trial] does not afford defendants adequate opportunity either to prepare to meet [the expert's] testimony" and citing *Oesterreichische Lufverkehrs AG v. UT Finance Corp.*, 2005 WL 977850, *2 (S.D.N.Y. Apr. 28, 2005) ("The Court will not allow plaintiff [ ] to assert this new, additional damage theory at the eleventh hour. Pursuant to Rules 26(a)(1)(C) and 37(c)(1), preclusion is appropriate")). This conclusion was eloquently reinforced with Smith's deposition, which raised far more questions than it answered. Smith could not even answer the fundamental question of **which of his two opinions he actually intends to offer at trial**, much less provide any insights into the alleged factual support for his second theory.

Indeed, Lucent's position on prejudice is akin to suggesting that Hurricane Katrina was "harmless" because some survived it. Yet again, Lucent's cited case law in making its "no prejudice" argument is stunningly inapplicable:

- *Michelone v. Desmarais*, 25 Fed. Appx. 155, *3 (4th Cir. 2002) (excusing expert's submission of a late formal report where defendant had timely disclosed he was going to rely on the report and deposition of an expert initially designated by another defendant who had prevailed on summary judgment and where the second report **merely adopted the original**);

- *Lozano v. City of Hazelton*, 241 F.R.D. 252, 258 (M.D. Pa. 2007) (permitting testimony from experts disclosed a few days **before discovery closed and extending time for related discovery**);

- *Montgomery v. Mitsubishi Motors Corp.*, 448 F. Supp.2d 619, 634 (E.D. Pa. 2006) (allowing supplemental report because other side knew that expert had been trying to obtain results of testing that he had relied on in developing his original opinions and supplement "**simply articulated**" reliance on that testing);

- *Diomed, Inc. v. AngioDynamics, Inc.*, 450 F. Supp.2d 130, 137 (D. Mass. 2006) ("**with no trial date having been set**" and finding "**no surprise**" because other side had been apprised of alternative theory in deposition, supplemental expert report was contingently permitted).

Even a cursory look at the facts and law operative here *and* in Lucent's cited cases reveals that Lucent's untimely supplementation is neither "substantially justified" nor "harmless." Order (D.I. 116) is clearly erroneous and contrary to law. Because the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law," Gateway respectfully requests that the ruling allowing Smith's New Report (and limited discovery related thereto) be reversed. Fed. R. Civ. P. 72(a).

Dated: January 11, 2008

DECHERT LLP

By: *_/s/ Jeffrey B. Plies_*
Jeffrey B. Plies

Attorneys For Defendants And Counterclaimants GATEWAY, INC. *et. al*.

**CERTIFICATE OF SERVICE**

I am a resident of the State of Texas, over the age of eighteen years, not a party to the within action, and am employed in Austin, Travis County, Texas. On January 11, 2008, I served a copy of the following documents:

**REPLY IN SUPPORT OF GATEWAY'S MOTION UNDER FED. R. CIV. P. 72(a) FOR REVIEW OF MAGISTRATE JUDGE'S RULING DENYING MOTION TO STRIKE UNTIMELY SUPPLEMENTAL EXPERT REPORT [WITH EXHIBIT A].**

I am readily familiar with the business practice at Dechert LLP regarding collection and processing and correspondence for personal delivery, for mailing with U.S. Postal Service, for facsimile and for overnight delivery by Federal Express, Express Mail, or other overnight services. Said document was served as follows:

**BY FACSIMILE:** Said documents were served by facsimile to the addresses stated below on January 11, 2008:

Counsel for Lucent:

David Hahn
Hahn & Adema
501 West Broadway, Suite 1730
San Diego, CA 92101
Telephone: (619) 235-2100

Counsel for Microsoft

Christopher S. Marchese
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

Counsel for Dell

James S. Blackburn
Arnold & Porter
777 South Figueroa Street
Los Angeles, California 90017-5844
Telephone: (213) 243-4199

**ELECTRONIC MAIL:** **C**ourtesy copies of said documents were transmitted on the same day as filing by electronic mail as stated below.

Counsel for Lucent

rappleby@kirkland.com
jhohenthaner@kirkland.com
akellman@kirkland.com
aadema@hahnadema.com

Counsel for Microsoft

marchese@fr.com
denning@fr.com
barnes@fr.com
brooks@fr.com
srodriguez@fr.com

Counsel for Dell

jfreed@mwe.com
Ali.Sharifahmadian@aporter.com
james_blackburn@aporter.com

I declare that I am a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed in Austin, Texas

/s/ Jeffrey B. Plies
Jeffrey B. Plies