# EXHIBIT A

*E-FILED 2/25/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLBY LABORATORIES, INC., ET AL., | NO. 5:01-cv-20709 JF (RS) |
| Plaintiffs, | **ORDER DENYING LUCENT'S MOTION TO EXTEND TIME FOR EXPERT DISCOVERY** |
| v. | |
| LUCENT TECHNOLOGIES, INC., ET AL., | |
| Defendants. | |

Defendants Lucent Technologies, Inc. and Lucent Technologies Guardian I, LLC (collectively, "Lucent") move to vacate the January 10, 2005 and January 15, 2005 cutoff dates for expert reports and expert discovery, respectively, and to extend expert discovery until after plaintiffs Dolby Laboratories, Inc. and Dolby Laboratories Licensing Corporation (collectively, "Dolby") provide Lucent with the infringement-related discovery it has sought through interrogatories. Dolby opposes the motion on the grounds that Lucent waived its right to seek an extension of time by failing to file such request on a timely basis and, even assuming Lucent had requested an extension of the dates earlier, no good cause exists for the request since the Court has determined that Dolby has no obligation to provide further discovery to Lucent. The motion was fully briefed and heard by the Court on February 23, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the Court denies Lucent's motion for the reasons set forth below.

The present motion concerns three prior orders issued in this action. The first order was entered by

1  the presiding judge on October 29, 2004 and set January 15, 2005 as the cutoff date for expert discovery[1]
2  and scheduled trial to commence on April 8, 2005. The second order was issued by this Court on
3  December 17, 2004 and addressed Lucent's motion to compel further discovery responses from Dolby.
4  The final order, filed by the presiding judge on February 9, 2005, affirmed the December 2004 discovery
5  order.
6       As an initial matter, the Court notes that the present motion was filed on January 7, 2005, three
7  days before the date that preliminary expert reports were due. Inexplicably, however, Lucent did not seek
8  an order shortening time, or any other type of expedited relief, in an effort to permit the Court to address its
9  motion prior to the expiration of the deadline. Instead, Lucent simply filed its motion and noticed it pursuant
10 to Civil Local Rule 7-2, thereby ensuring that the disclosure deadline would pass long before the motion
11 was heard by the Court.
12      Moreover, even assuming that the motion had been briefed and heard on an expedited schedule,
13 the underlying basis for Lucent's request, namely, that additional discovery is needed before Lucent can
14 disclose experts, was previously denied . Specifically, Lucent contends that Dolby must provide
15 supplemental responses in answer to its Interrogatory Nos. 3, 6, and 7. See Lucent's Motion at p. 4.
16 Lucent fails to acknowledge, however, that its motion to compel such responses was denied on December
17 17, 2004.[2] See Order at p. 5. Although Lucent properly filed its objections to that order, the presiding
18 judge overruled such objections, with one exception, in an order issued on February 9, 2005. In the order,
19 the presiding judge stated that it was unclear whether the Court had considered "Exhibit A" in concluding

---

[1] The parties agree that since the Court did not set specific dates for exchange of expert reports, initial expert reports were due on January 10, 2005, pursuant to Fed. R. Civ. Pro. 26(a)(2)(C).

[2] Lucent's motion to compel was denied, with two minor exceptions. In its order, the Court stated that Dolby must clarify its response to Interrogatory No. 3 to specify whether all products are included therein or supplement its response to include all discontinued Dolby products which implemented AC-3. Dolby was further ordered to supplement its response to Interrogatory No. 7 to provide the dates of use of the AC-3 products identified therein. See Order at p. 5, lines 1-6. Lucent does not contend, however, that it was unable to disclose timely an expert due to these omissions. Moreover, Dolby's supplemental responses were provided to Lucent prior to January 10, 2005.

2

**EXHIBIT A Page 2**

1  that Dolby's supplemental response to Lucent's Interrogatory No. 3 was sufficient.[3]  However, even
2  assuming that the Court had failed to consider such Exhibit and, therefore, that its conclusion regarding the
3  sufficiency of Dolby's response was erroneous, Lucent has failed to make any showing whatsoever that the
4  absence of such limited information prevented it from providing initial expert reports on January 10, 2005.
5  In fact, Lucent has failed to explain how or why it was unable to provide a timely, preliminary expert report
6  even assuming that either this Court or the presiding judge had agreed that Dolby must provide additional
7  information to Lucent. It is incredible to believe that, in a complex patent infringement case such as this,
8  Lucent is rendered incapable of designating its expert witnesses because Dolby allegedly failed to provide
9  adequate responses to three interrogatories. For these reasons, Lucent's motion to extend the expert
10 disclosure and discovery cut-off dates is denied.
11         IT IS SO ORDERED.
12 Dated: February 25, 2005                    /s/ Richard Seeborg
                                                RICHARD SEEBORG
13                                              United States Magistrate Judge

---

[3] More specifically, the presiding judge noted that it does not appear that Dolby consistently labeled the products listed in Exhibit A as either "encoders" or "decoders." To clarify the record, the Court reviewed and considered Exhibit A and concluded that Dolby's response therein, coupled with the remainder of its supplemental response, adequately responded to Lucent's Interrogatory No. 3.

3

**EXHIBIT A Page 3**

1 | **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

2 | Seth Beal    seth_beal@la.kirkland.com,

3 | david_shukan@la.kirkland.com;adean@kirkland.com;maguillon@kirkland.com

4 | John L. Cooper    jcooper@fbm.com, brestivo@fbm.com;calendar@fbm.com

5 | Jeffrey M. Fisher    jfisher@fbm.com, renterig@fbm.com;calendar@fbm.com

6 | Alan S. Kellman    akellman@kirkland.com, jlee@kirkland.com;djsullivan@kirkland.com

7 | Andrew Leibnitz    aleibnitz@fbm.com

8 | David Shukan    dshukan@kirkland.com, akellman@kirkland.com

Dated: 2/25/05                                              Chambers of Judge Richard Seeborg

                                                            By:   /s/ BAK

**EXHIBIT A Page 4**