James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Dell Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: <br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DELL INC.'S MOTION IN LIMINE NO. 1: EXCLUDE DAMAGES TESTIMONY ON QUICKEN, MONEY AND STAND-ALONE OUTLOOK FROM THE UNTIMELY SECOND SUPPLEMENTAL EXPERT REPORT OF WAYNE A. HOEBERLEIN AND VALIDITY TESTIMONY FROM THE UNTIMELY DECLARATION OF BERND GIROD** <br><br> Judge Marilyn L. Huff <br><br> Hearing: February 11, 2008, 10:30 a.m. <br> Location: Courtroom 13, 5th Floor |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, |
| 2 |     Plaintiff and Counter-defendant, |
| 3 | v. |
| 4 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 5 | |
| 6 |     Defendants and Counter-claimants, |
| 7 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 8 | |
| 9 |     Plaintiffs and Counterclaim-defendants, |
| 10 | v. |
| 11 | DELL INC., |
| 12 |     Defendant and Counter-claimant. |

## I.  INTRODUCTION

Ten months after the close of expert discovery in the Group 4 trial, one of Lucent's damages experts, Wayne A. Hoeberlein, issued a Second Supplemental Expert Report regarding the Day '356 Patent,[1] which introduced for the first time an opinion on damages based on Intuit's Quicken software, Microsoft's Money software, and Microsoft's stand-alone Outlook software. Even though he had all the information he eventually relied on to form an opinion as to Quicken, Money and Outlook at the time, Hoeberlein's initial expert report contained an opinion on Lucent's damages that was based solely on Dell's sales of an entirely different software product, Microsoft's Office software. The prejudice to Dell from this belated expansion of Lucent's damages theory to encompass additional products is manifest. Dell had no opportunity to conduct discovery into these new theories and no opportunity to move for summary judgment, since the time for that had passed before Mr. Hoeberlein's new opinions were disclosed.[2]

Also, after the close of expert discovery regarding validity issues in this case, Lucent's technical expert, Dr. Bernd Girod, submitted a declaration regarding the validity of the Haskell '226 and Netravali '272 patents,[3] which introduced for the first time a new opinion regarding the validity of the Haskell '226 patent that contradicted his prior sworn testimony on that exact issue. Specifically, Girod's prior sworn deposition testimony, taken after his final report on the validity of

---

[1]  *See* Declaration of James S. Blackburn in Support of Dell Inc.'s Motions in Limine Nos. 1-5 ("Blackburn Decl."), Ex. 26 (Second Supplemental Expert Report of Wayne A. Hoeberlein re Damages for User Interface Patents and Day '356 Patent Calculations, dated January 25, 2007) ("Second Supplemental Report").

[2]  In advance of the previously-scheduled Group 4 trial in May of 2007, Judge Brewster held that Lucent should be precluded from arguing damages at trial based on untimely expert reports, except to the extent that those late reports were justified by Dell's late production of documents. *See id.*; Blackburn Decl., Ex. 27 at 899-900 (Tr. of Mot. Hearing, April 27, 2007). Thus, Judge Brewster provided the standard of admissibility to be used in determining whether any untimely damages theories could be presented at trial. Judge Brewster, however, did not make a factual finding as to the untimely Hoeberlien report. Dell therefore resubmits this motion because the facts disclosed herein require exclusion under the governing rule of law set forth by Judge Brewster.

[3]  *See* Blackburn Decl., Ex. 28 (Declaration of Bernd Girod In Support Of Multimedia Patent Trust's Oppositions to Dell's Video Coding Summary Judgment Motions, Doc. 144, dated December 14, 2007) ("Girod Declaration").

- 1 -

claim 12 of the Haskell '226 patent,[4] contained his opinion that no element of that patent claim required the coding of interpolation error.[5] However, in a belated attempt to support Lucent's validity arguments, the Girod Declaration provided an opinion *directly contradicting* his expert testimony, specifically providing a new opinion that various portions of claim 12 *does* require the coding of interpolation error. Dell's prejudice is manifest — Dell had no opportunity to conduct discovery into this new theory or to rely on that theory during earlier proceedings in this case.

Moreover, Dr. Girod's opinion is based on a claim interpretation never adopted by the Court. Neither the portions of the claim cited by Dr. Girod nor the Court's interpretation of the claim say anything about coding of interpolation error. This new opinion, based on an interpretation not adopted by the Court, is irrelevant under Fed. R. Evid. 402, and highly prejudicial under Fed. R. Evid. 403, and should therefore be excluded. *See Liquid Dynamics Corp. v. Vaughan Co.,* No. 01 C 6934, 2004 WL 2260626, at *5 (N.D. Ill. Oct. 1, 2004), *aff'd, Liquid Dynamics Corp. v. Vaughan Co.,* 449 F.3d 1209 (Fed. Cir. 2006).

Accordingly, pursuant to Fed. R. Civ. P. 26(a) and 37(c)(1), Dell hereby moves the Court for an order precluding Lucent and Mr. Hoeberlein from providing any testimony or argument at trial regarding damages based on Dell's sales of Quicken and Money, and precluding Lucent, Multimedia and Dr. Girod from providing any testimony or argument at trial regarding the validity of the Haskell '226 patent on the issue of the coding of interpolation error.

**II.   ARGUMENT**

Rule 26(a)(2) provides that parties must identify all experts who may be used at trial and disclose in an expert report "a *complete statement* of all opinions to be expressed and the basis and reasons for them," and "the data or other information considered by the witness in forming" the opinions. Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). In addition, Rule 26(a)(2) provides that the required expert disclosures shall be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Pursuant to Rule 26, the schedule for expert disclosure in the Group 4

---

[4]   *See* Blackburn Decl., Ex. 29 (Supplemental Rebuttal Expert Report of Professor Bernd Girod Regarding Validity of Lucent's 4,383,272 and 4,958,226 Patents, dated October 12, 2007) ("Supplemental Validity Report").

[5]   *See* Blackburn Decl. Ex. 30 at 967-68 (Dep. Tr. of Bernd Girod, Nov. 20, 2007).

- 2 -

1  trial was set out in the Court's January 11, 2006 Scheduling Order. *See* Blackburn Decl., Ex. 31
2  (Second Modified Scheduling Order and Extension of Discovery, dated Jan. 11, 2006) ("January 11,
3  2006 Order"). Mr. Hoeberlein should have included all of his damages opinions in his March 31,
4  2006 report, as required by the Court's order. The schedule for obviousness reports was set by the
5  Court's June 7, 2007 Scheduling Order. *See* Blackburn Decl., Ex. 25 (Scheduling Order for Groups
6  1, 4, 5, and 6 Patents, dated June 7, 2007) ("June 7, 2007 Scheduling Order"). Dr. Girod's opinions
7  should have been provided on October 12, 2007, as required by that order. Moreover, his
8  deposition regarding his Supplemental Validity Report was taken on November 20, 2007; that
9  deposition, and his Supplemental Validity Report, should have encompassed his final opinions
10 regarding the validity of the Haskell '226 patent.

There is no tenable justification for this untimely and contradictory submission of expert opinions. The discovery rules of the Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980); *accord Abbott Labs. v. Syntron Bioresearch, Inc.*, No. 98-CV-2359, 2001 WL 34082555 at *2 (S.D. Cal. Aug. 24, 2001) (indicating that the purpose of the Federal Rules "is to prevent unfair and prejudicial surprise"). Mr. Hoeberlein's new damages opinions regarding Quicken, Money and Outlook are based on information available long before his original expert report was served. Similarly, Dr. Girod's new opinion regarding the validity of the Haskell '226 patent is based on the meaning of the claim and on prior art, information available long before his Supplemental Validity Report was served or his November 20, 2007 deposition was taken.

### A. The Exclusion of Untimely Opinion Testimony is "Automatic and Mandatory" Under Fed. R. Civ. P. 37(c)(1)

Excluding expert evidence as a sanction for failure to timely disclose expert opinions is "automatic and mandatory." *Continental Lab. Prods., Inc. v. Medax Intl., Inc.*, 195 F.R.D. 675, 676 (S.D. Cal. 2000) (internal quotation and citation omitted); *Carson Harbor Vill., Ltd. v. Unocal Corp.*, No. CV 96-3281 MMM, 2003 WL 22038700, at *2 (C.D. Cal. Aug. 8, 2003); *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (sanctions under Rule 37(c)(1) are "self-executing," "automatic," and designed to "provide [] a strong inducement for the

- 3 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

disclosure of material") (internal quotation and citation omitted). Moreover, courts routinely exclude untimely "supplemental" expert evidence that was not disclosed in the original expert report. *See, e.g.*, *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368-69 (Fed. Cir. 2006).

The parties were ordered to exchange opening expert reports (including damages reports) by March 31, 2006; rebuttal expert reports were due to be filed on May 12, 2006; and finally, July 7, 2006 was the expert discovery cut off. Blackburn Decl., Ex. 31 (January 11, 2006 Order). Despite the March 31, 2006 deadline for opening expert reports, Lucent issued Hoeberlein's Second Supplemental Report ten months later on January 25, 2007, in violation of both Rule 26(a) and the Court's January 11, 2006 Order.

The parties were ordered to exchange supplemental validity reports on September 14, 2007; rebuttal expert reports were due to be filed on October 12, 2007. *See* Blackburn Decl., Ex. 25 (June 7, 2007 Order). Despite the October 12, 2007 deadline for rebuttal expert reports on validity, Lucent submitted Girod's declaration containing a new opinion on validity after the close of expert discovery, in violation of both Rule 26(a) and the Court's June 7, 2007 Order.

**B.     Plaintiffs Cannot Overcome the Presumption of Automatic and Mandatory Exclusion**

The presumption of exclusion of untimely disclosed evidence, including the testimony of experts, may only be overcome if the parties' failure to disclose the information is substantially justified or harmless. *Continental Lab. Prods.*, 195 F.R.D. at 676; *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1118 (C.D. Cal. 2002) ("a preclusion sanction *shall be imposed* unless the party failing to disclose the information acted with substantial justification or the failure to disclose was harmless") (emphasis added). The burden of showing substantial justification and harmlessness rests squarely on Lucent. *Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 324 (C.D. Cal. 2004). Lucent cannot meet that burden here because all of the documents Hoeberlein relies on relating to Quicken, Money and stand-alone Outlook had been produced to Lucent before

- 4 -

1  Hoeberlein's initial expert report was due.[6]  Likewise, Multimedia cannot meet that burden because
2  all of the information Girod relies on relating to the validity of claim 12 of the Haskell '226 patent
3  had been produced to Plaintiffs long before Girod's Supplemental Validity Report was due.

4  Dell will be unfairly prejudiced if Lucent is allowed to rely upon Hoeberlein's untimely
5  opinion.  In Hoeberlein's Second Supplemental Report, Hoeberlein presents for the very first time a
6  damages opinion based on Quicken, Money and Outlook.  Under similar circumstances, the courts
7  have found that the resulting prejudice justifies exclusion of untimely expert testimony.  First, Dell
8  will suffer prejudice based on its inability to seek summary judgment on Hoeberlein's new theories
9  because the deadline for summary judgment motions on damages has passed.  *See Cambridge*
10 *Electronics*, 227 F.R.D. at 324 (defendants prejudiced from untimely disclosure after summary
11 judgment because they were put at a tactical disadvantage and the late disclosure constituted unfair
12 surprise); *Inamed*, 275 F. Supp. 2d at 1117-18 (prejudice identified as unfair surprise from learning
13 of defense only after summary judgment).  Second, Dell will suffer prejudice as a result of the
14 unfair disruption of the Court's pretrial schedule and the reduced time to prepare for trial on
15 Hoeberlein's new damages opinions.  *See Wong v. Regents of University of California*, 410 F.3d
16 1052, 1059 (9th Cir. 2005) (prejudice described as disruption of the Court's schedule); *Lee v. City*
17 *of Novato*, No. C 03-02542 WHA, 2004 WL 1971089, at *6 (N.D. Cal. Sept. 7, 2004) (defendants
18 were unfairly prejudiced because defendants were denied the opportunity to file rebuttal reports
19 under the scheduling order).  Third, Dell will incur the substantial costs associated with taking an

---

[6] *See* Blackburn Decl., Ex. 34 (Expert Report of Wayne A. Hoeberlein Re. Damages For User Interface Patents, dated March 31, 2006).  For example, Microsoft produced the stand-alone Outlook information Mr. Hoeberlein used in his Second Supplemental Report on March 8, 2005 and December 27, 2005, several months before the March 31, 2006 expert report deadline.  *See* Blackburn Decl., Exs. 35 (Letter from Ben Harjo to Jon Hohenthaner dated March 8, 2005) and 36 (Letter from Ben Harjo to Joseph Loy dated December 27, 2005) (Microsoft document production letters).  Yet Mr. Hoeberlein did not address those numbers until January 25, 2007.  Likewise, Dell produced the Intuit Quicken and Microsoft Money information used by Mr. Hoeberlein in his Second Supplemental Report before the March 31, 2006 deadline for Mr. Hoeberlein's initial expert report.  *See* Blackburn Decl., Exs. 32 (Letter from Michael Stacy to Elizabeth T. Bernard dated October 26, 2005) and 33 (Email from Thomas Wischer to Jon Hohenthaner dated March 29, 2006) (Dell document production letters).

- 5 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

additional Hoeberlein deposition and preparing an additional Dell rebuttal report.[7] *See Akeva L.L.C. v. Mizumo Corp.*, 212 F.R.D. 306, 311 (M.D.N.C. 2002) (prejudice identified as additional defense costs and loss of tactical advantage flowing from movant's compliance with the court's scheduling order); *Carson Harbor Village*, 2003 WL 22038700, at *2-4 (prejudice identified as lack of opportunity to depose the late-disclosed expert, and substantial additional costs); *Yeti By Molly*, 259 F.3d at 1106 (prejudice identified as – shortly before trial – having to depose the expert and prepare to examine him at trial). In the cases cited above, the courts found that each of these forms of prejudice are sufficient to justify exclusion of untimely expert opinions.

The weight of authority strongly favors exclusion here. In *Quevedo v. Trans-Pacific Shipping, Inc.*, the Ninth Circuit affirmed the exclusion of expert testimony, filed concurrently with plaintiff's opposition to defendant's motion for summary judgment, where the plaintiff missed the deadline for submitting expert reports and statements by just six weeks. 143 F.3d 1255, 1258 (9th Cir. 1998); *Wong*, 410 F.3d at 1059 (report served twelve weeks late); *Lee*, 2004 WL 1971089, at *6 (report served two weeks late). Here, Lucent served Hoeberlein's Second Supplemental Report *ten months after* the deadline for service of expert reports. As the Ninth Circuit stated in *Wong*, court deadlines serve an important purpose in the "efficient treatment and resolution of cases." *Wong*, 410 F.3d at 1060. If these deadlines are not "taken seriously by the parties," then the courts' efforts to manage cases "efficiently and effectively" will fail. *Id.* Thus, even where a party "never violated an explicit court order to produce [an expert's] report and even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of 26(a)." *Yeti By Molly*, 259 F.3d at 1106. Indeed, courts "have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Id.*

For many of the same reasons, Dell will be unfairly prejudiced if Lucent is allowed to rely upon Dr. Girod's untimely opinions. In the Girod Declaration, Dr. Girod presents a new opinion regarding the validity of claim 12 of the Haskell '226 patent, resting on a wholly new reading of the

---

[7]  In prior depositions on July 7, 2006 and on November 2, 2006, Hoeberlein offered no opinions relating to Lucent's alleged damages under the Day patent for Dell's sales of Quicken or Money.

- 6 -

claim. Claim interpretation proceedings on the Haskell patent were complete years ago and Dr. Girod has ample opportunity -- and a Court-ordered obligation -- to provide his opinions long ago. Exclusion of the Girod Declaration is justified in light of the prejudice Dell will endure by being denied an opportunity to rely on this opinion during expert discovery and summary judgment proceedings, and in having to take an additional Girod deposition and preparing an additional Dell rebuttal report.

Moreover, Dr. Girod's latest opinion should be excluded for the additional reason that it relies on a claim interpretation the Court has never adopted. According to this new opinion, various elements of claim 12 of the Haskell patent require the coding of interpolation error. Neither the claim nor the Court interpretation of the claim, however, ever mentions the coding of interpolation error. An expert opinion resting on a claim interpretation other than that adopted by the Court is irrelevant, highly prejudicial and should be excluded under Fed. R. Evid. 403. *Liquid Dynamics*, 2004 WL 2260626, at *5.

### III.  CONCLUSION

For the reasons stated above Dell respectfully moves the Court for an order precluding Lucent and Mr. Hoeberlein from providing any testimony or argument at trial regarding damages based on Quicken, Money and stand-alone Outlook, and precluding Lucent, Multimedia and Dr. Girod from providing any testimony or argument at trial regarding the validity of the Haskell '226 patent on the issue of the coding of interpolation error.[8]

---

[8] Microsoft Corporation ("Microsoft") and Gateway, Inc. ("Gateway") also join in this Motion for all of the reasons stated herein. Accordingly, this Motion may be considered a joint motion on behalf of Dell, Microsoft, and Gateway.

- 7 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

| | |
|---|---|
| January 14, 2008 | ARNOLD & PORTER LLP<br>James S. Blackburn<br>Joseph A. Micallef<br><br>McDERMOTT WILL & EMERY LLP<br>Joel M. Freed<br><br><br>By: /s/James S. Blackburn<br>     James S. Blackburn<br>     james.blackburn@aporter.com<br>     Attorneys for Dell Inc. |

- 8 -