James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joseph A. Blackburn (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for *Dell Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 07-CV-2000-H <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DELL INC.'S MOTION IN LIMINE NO. 2: THE TESTIMONY OF ROGER SMITH REGARDING ROYALTY RATES AND ROYALTY BASE SHOULD BE EXCLUDED** <br><br> Judge Marilyn L. Huff <br><br> Hearing: February 11, 2008, 10:30 a.m. <br> Location: Courtroom 13, 5th Floor <br><br> **REDACTED VERSION FILED PUBLICLY** |

| | | |
|---|---|---|
| 1 | MICROSOFT CORPORATION, | ) |
| 2 | Plaintiff and Counter-defendant, | ) |
| 3 | v. | ) |
| 4 | LUCENT TECHNOLOGIES INC., | ) |
| 5 | Defendant and Counter-claimant, | ) |
| 6 | | ) |
| 7 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | ) |
| 8 | Plaintiffs and Counterclaim-defendants, | ) |
| 9 | v. | ) |
| 10 | DELL INC., | ) |
| 11 | Defendant and Counter-claimant. | ) |

## I. INTRODUCTION

Plaintiffs' damages expert, Roger Smith, has offered two alternative damages frameworks, neither of which passes muster under the *Daubert* standard. Initially, Mr. Smith asserted that reasonable royalties for each of the patents in suit should be based on a percentage of the sale price of the *entire computer system* containing any infringing program or component. However, as the Honorable Rudi M. Brewster found in analyzing Mr. Smith's testimony in a prior trial on other patents in dispute between these parties, "there was insufficient evidence to establish the required nexus between the patented features and the value of the entire computer and therefore, . . . application of the entire market value rule to the computer was unsupported as a matter of law." *See* Declaration of James S. Blackburn in Support of Dell Inc.'s Motions in Limine Nos. 1-5 ("Blackburn Decl."), Ex. 5 at 93 (August 6, 2007 Order On Microsoft's Motions For Judgment As A Matter Of Law And New Trial ("August 6 Order") at 31:3-5). In direct response to the August 6 Order, Mr. Smith has offered a new and wholly unsupported damages model for the Fleming and Day patents. As Mr. Smith's own testimony reveals, this new "alternative" theory is unsound, unreliable and not based on relevant data. [REDACTED]

## II. LEGAL STANDARD

The Court acts in a "gatekeeping" role to ensure proper expertise, reliability, and relevance of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589-90 (1993) ("*Daubert I*"). Prior to admitting expert testimony, the Court must decide if the expert will testify to "scientific, technical or other specialized knowledge" that will assist the trier of fact. *See* Fed. R. Evid. 702. This requires inquiry into the reliability of the expert's opinion. *See Daubert I*, 509 U.S. at 589-90; *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316-17 (9th Cir. 1995) ("*Daubert II*"). Courts consider a variety of factors, including the reliability of the methods used to reach a conclusion and the

- 1 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

1  manner in which the methods are applied. *Daubert I*, 509 U.S. at 592-93; *Daubert II*, 43 F.3d at
2  1316-17. In addition, the Court must examine whether the theory is *reliably applied* to the facts of
3  the case. Fed. R. Evid. 702 (3); *see also Daubert I*, 509 U.S. at 591 (court must determine whether
4  expert opinion is "sufficiently tied to the facts of the case that it will aid the jury in resolving a
5  factual dispute.") (quotation and citation omitted). If the analysis is not based upon relevant and
6  reliable data, the expert's conclusion loses its reliability and should be excluded. *See General Elec.
7  Co. v. Joiner*, 522 U.S. 136, 143-147 (1997) (excluding an expert's conclusion based on unreliable
8  and irrelevant laboratory results); *see generally* Fed. R. Evid. 702 Advisory Committee Notes (2000
9  Amdmts).

10  The proponent of an expert opinion bears the burden of demonstrating, by a preponderance
11  of the evidence, that the expert's testimony satisfies each of these requirements. *See Daubert I*, 509
12  U.S. at 593, n.10; *Daubert II*, 43 F.3d at 1316. It is no remedy that the party opposing admission of
13  expert testimony will have the opportunity to cross-examine the expert at trial and present rebuttal
14  testimony. *See Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 179 F.R.D. 450, 458 (D.N.J.
15  1998) ("To conclude that evidence is admissible because it is subject to such safeguard is, therefore,
16  circular."). Here, where Mr. Smith has failed to identify relevant evidence or data to support his
17  opinions, admission of his testimony would be severely prejudicial to Defendants.

### III. JUDGE BREWSTER CORRECTLY CONCLUDED THAT SMITH'S INITIAL OPINION VIOLATED THE ENTIRE MARKET VALUE RULE

20  Because Mr. Smith has made no attempt to justify his use of the entire market value of the
21  computer systems as a royalty base, his initial opinion is fatally infirm. [REDACTED]

- 2 -

[redacted] However, with respect to each of these patents, just as in the prior Audio trial, Mr. Smith has offered *no evidence or testimony* that the alleged infringements create the demand for the entire computer systems, or identified any evidence that the patented features were a basis for computer demand or the substantial value of the computer systems. He simply ignores the entire market value rule, and makes no attempts to satisfy it.[1] Under these same circumstances, Judge Brewster found that Mr. Smith's royalty calculation must be rejected. *See id.*, Ex. 5 at 93 (August 6 Order at 31:3-5). Accordingly, the same result is required.[2]

**IV. MR. SMITH'S ALTERNATIVE DAMAGES THEORY IS UNTIMELY**

[redacted]

---

1 [redacted]

2 [redacted]

1
2
3       Mr. Smith's new opinion is untimely and should be stricken. Rule 26(a)(2)(C) requires
4 parties to serve their expert reports "at the times . . . directed by the court." Here, expert discovery
5 closed on July 7, 2006 for Groups 1 and 4 and on September 1, 2006 for Group 6. *Id.*, Exs. 11
6 (1/10/06 Order), 12 (1/19/06 Order). Rule 37(c)(1) "gives teeth to [Rule 26's] requirements by
7 forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not
8 properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.
9 2001); *see also* Fed. R. Civ. P. 37(c)(1). Thus, Rule 37(c)(1) "excludes untimely witness testimony,
10 unless the parties' failure to disclose the required information is substantially justified or harmless."
11 *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Elec. Transit Inc.*, 2007 WL 3460280, *3 (N.D. Cal.
12 Nov. 14, 2007) (internal quotation marks and citation omitted); *see also, e.g.*, *Jarritos, Inc. v. Los
13 Jarritos*, 2007 WL 1302506, *3 (N.D. Cal. May 2, 2007); *Carson Harbor Village, Ltd. v. Unocal
14 Corp.*, 2003 WL 22038700, *2 (C.D. Cal. Aug. 8, 2003).
15       The Court's August 6 Order cannot constitute the substantial justification necessary for
16 providing an untimely expert opinion. Plaintiffs cannot show that any new information or other
17 intervening development substantially justifies Mr. Smith's new opinions. To the contrary,
18 Plaintiffs have long been on notice that Mr. Smith's proffered damages opinion did not comport
19 with binding case law.
20
21
22       Throughout this litigation,
23 Defendants have consistently maintained that Mr. Smith's opinion was invalid for failure to
24 comport with the entire market value rule. *See, e.g., id.*, Exs. 15 (Microsoft 12/11/06 Mot. in
25 Limine No. 4), 16 (Microsoft 3/29/07 Mot. in Limine No. 6). The Court's August 6 Order simply
26 applied well-established Federal Circuit case law regarding the entire market value rule. Every
27 single case the Court cited regarding the rule was decided well before Mr. Smith's original
28 March 31, 2006 report. *See id.*, Ex. 5 (August 6 Order). "A failure to disclose testimony is not

- 4 -

substantially justified, where . . . the need for such testimony could reasonably have been anticipated." *Nat'l Union Fire Ins.*, 2007 WL 3460280 at *3.[3]

It would subvert the rationale of Rule 26 if an expert was permitted to overhaul his opinion well after the close of discovery in response to an intervening order finding his initial opinion unreliable. The fact that Lucent made a strategic choice to present an inflated damages theory that violated the entire market value rule does not substantially justify a "do-over" report presented on the eve of trial.

## V.   MR. SMITH'S ALTERNATIVE THEORY ALSO FAILS



[5] Mr. Smith's own deposition testimony reveals the unreliability of his opinion.

---

[3] The timing of the new report underscores its illegitimacy. Judge Brewster's order issued on August 6; Mr. Smith signed his report on November 13. Lucent cannot claim that extensive research and citation of evidence caused the report's delay, as the report contained just seven cites and was, once again, based primarily on Mr. Smith's recollection of IBM's practices. In the intervening fifteen weeks between the Court's order and Mr. Smith's untimely report, Plaintiffs concealed the fact that a new expert report – a report which would require all expert discovery to be reopened – was in the works.



(Footnote Cont'd on Following Page)

- 5 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Case 3:07-cv-02000-H-CAB    Document 229-2    Filed 01/14/2008    Page 8 of 10



---

(Footnote Cont'd From Previous Page)

- 6 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)



[redacted]

In addition to the above-identified flaws, all of which are fatal to the reliability of Mr. Smith's alternative theory, Mr. Smith's "alternative" damages model violates the entire market value rule in much the same way as his earlier model. Once again, Mr. Smith has provided no evidence that the patented features were the basis for consumer demand or the substantial value of the software products he now uses as his royalty base. [redacted]

[6] [redacted]

[REDACTED]

## VI. CONCLUSION

For the reasons stated above, Dell respectfully requests that the Court exclude the testimony of Roger Smith regarding reasonable royalty rates for infringement.[7]

January 14, 2008
ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By: /s/James S. Blackburn
James S. Blackburn
james.blackburn@aporter.com
Attorney for Dell Inc.

---

[7] Microsoft Corporation ("Microsoft") and Gateway, Inc. ("Gateway") also join in this Motion for all of the reasons stated herein. Accordingly, this Motion may be considered a joint motion on behalf of Dell, Microsoft, and Gateway.

- 8 -