James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  (202) 756-8000
Facsimile:  (202) 756-8087

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

Attorneys for Dell Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: <br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DELL INC.'S MOTION IN LIMINE NO. 3: LUCENT SHOULD BE PRECLUDED FROM ARGUING THAT AN "IN-USE BACKGROUND COLOR" MUST BE A BACKGROUND COLOR USED BY TEXT AND GRAPHICS COMMANDS, WITH RESPECT TO U.S. PATENT NO. 4,439,759** <br><br> Judge Marilyn L. Huff <br><br> Hearing: February 11, 2008, 10:30 a.m. <br> Location: Courtroom 13, 5th Floor |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, )<br>) |
| 2 | Plaintiff and Counter-defendant, )<br>) |
| 3 | v. )<br>) |
| 4 | LUCENT TECHNOLOGIES INC. and )<br>MULTIMEDIA PATENT TRUST, ) |
| 5 | )<br>Defendants and Counter-claimants, ) |
| 6 | ) |
| 7 | LUCENT TECHNOLOGIES INC. and )<br>MULTIMEDIA PATENT TRUST, ) |
| 8 | )<br>Plaintiffs and Counterclaim-defendants, ) |
| 9 | ) |
| 10 | v. )<br>) |
| 11 | DELL INC., )<br>) |
| 12 | Defendant and Counter-claimant. )<br>) |

## I. INTRODUCTION

Lucent should be precluded from arguing that the claimed "in-use background color,"[1] must be a background color *used by* subsequently received text and graphics commands because this position runs contrary to both the patent and the claim construction, which defines that phrase as a "a color that will be used as the background color *for* subsequently received text and graphics drawing commands." Through that artifice, Lucent seeks to distinguish prior art that is not distinguishable. In both the system created by the inventors and in the prior art, after the background color is set, subsequently received commands draw text and graphics over it. Lucent seeks to argue that such systems do not include the claimed "in-use background color" because an in-use background color must be a background drawn at the same time as the text or graphics that is drawn over it. The patent, and more importantly the claim interpretation, is directly at odds with that argument.

## II. ARGUMENT

Lucent's position on what constitutes an "in-use background color" is an attempt to rewrite the claim construction—something it cannot do. As stated in that construction, an "in-use background color" is "a color that will be used as the background color *for* subsequently received text and graphics drawing commands." *See* Blackburn Decl., Ex. 20 at 720, 725 (Order Construing Claims for United States Patent Number 4,439,759 at 4, 9) (emphasis added). Notwithstanding this construction, Lucent argues that a background color qualifies as an "in-use background color" only if it is specifically *used by* subsequently received text and drawing commands (*i.e.*, only if the subsequent text or drawing commands actively draw the background). *See* Blackburn Decl., Ex. 21 at 750 (Lucent Opposition to Dell's Motion for Summary Judgment of Invalidity of Claims 1-3 of

---

[1] As claimed in claim 1 of U.S. Patent No. 4,439,759, ("Fleming '759 patent") an "in-use background color" is a requirement of the third mode of access. *See* Declaration of James S. Blackburn in Support of Dell Inc.'s Motions in Limine Nos. 1-5 ("Blackburn Decl."), Ex. 24 at 787 (Fleming '759 patent at 14:34-36). While claim 1 specifically calls out the third mode of access, Lucent's expert, Jake Richter, acknowledges that the third mode of access is also part of claims 2 and 3 by virtue of the "processing means" limitation called for by those claims. *See* Blackburn Decl., Ex. 23 at 768.11 (Supplemental Rebuttal Expert Report of Jake Richter ("Suppl. Richter Report") at ¶ 50).

- 1 -

U.S. Patent No. 4,439,759 to Fleming et al. at 20); Ex. 22 at 759 (Richter Dep. at 255:10-18); Ex. 23 at 768.10-11 (Suppl. Richter Report at ¶ 48).  But this additional requirement is found nowhere in the patent or the claim construction.  Moreover, Lucent's position is in fact inconsistent with the specification of the patent itself, which clearly states that "[i]n color mode 2 [*i.e.*, the claimed third mode], text characters will be drawn in the in-use foreground color **over** the in-use background color."  Blackburn Decl., Ex. 24 at 783 (Fleming '759 patent at 6:62-64) (emphasis added).  With no basis in the patent or claim construction, Lucent should be precluded from arguing that an "in-use background color" must be a background color that is used by a subsequent text or graphics command.

### III.   CONCLUSION

For the foregoing reasons, Lucent should be precluded from arguing that an "in-use background color" is a background color that is used by subsequently received text and graphics commands pursuant to FRE 402.[2]

| | |
|---|---|
| January 14, 2008 | ARNOLD & PORTER LLP<br>James S. Blackburn<br>Joseph A. Micallef |
| | McDERMOTT WILL & EMERY LLP<br>Joel M. Freed |
| | By:  /s/James S. Blackburn<br>       James S. Blackburn<br>       james.blackburn@aporter.com<br>       Attorneys for Dell Inc. |

---

[2]   Gateway, Inc. ("Gateway") joins in this Motion for all of the reasons stated herein.  Accordingly, this Motion may be considered a joint motion on behalf of Dell and Gateway.

- 2 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)