James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  (202) 756-8000
Facsimile:  (202) 756-8087

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

Attorneys for Dell Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: <br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DELL INC.'S MOTION IN LIMINE NO. 4: LUCENT SHOULD BE PRECLUDED FROM RELYING ON DELL'S KNOWLEDGE OR BELIEF TO PROVE ACTUAL PRE-SUIT NOTICE WITH RESPECT TO U.S. PATENT NOS. 4,439,759, 4,958,226, AND 4,383,272** <br><br> Judge Marilyn L. Huff <br><br> Hearing: February 11, 2008, 10:30 a.m. <br> Location: Courtroom 13, 5th Floor |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, )
| 2 | )  Plaintiff and Counter-defendant, )
| 3 | v. )
| 4 | LUCENT TECHNOLOGIES INC. and )  MULTIMEDIA PATENT TRUST, )
| 5 | )
| 6 | Defendants and Counter-claimants, )
| 7 | LUCENT TECHNOLOGIES INC. and )  MULTIMEDIA PATENT TRUST, )
| 8 | )
| 9 | Plaintiffs and Counterclaim-defendants, )
| 10 | v. )
| 11 | DELL INC., )
| 12 | Defendant and Counter-claimant. )

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Defendant Dell Inc. ("Dell") hereby moves the Court to preclude Lucent Technologies Inc. ("Lucent") and Multimedia Patent Trust ("MPT") (collectively "Plaintiffs") from relying on Dell's state of mind or knowledge (*e.g.,* by relying on statements or written correspondence by Dell or its agents) to show that Lucent provided sufficient actual notice of infringement to Dell with respect to U.S. Patent No. 4,439,759 to Fleming ("the '759 patent"), 4,958,226 to Haskell ("the '226 patent") and 4,383,272 to Netravali ("the '272 patent") prior to filing this lawsuit. The burden is on Plaintiffs to show that they communicated actual notice of infringement as to each patent, and the knowledge or belief of the accused infringer is not to be considered in determining whether or not a patentee gave proper notice. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Dell also requests that the Court preclude Plaintiffs from relying on communications that do not identify or relate to the '759 patent, the '226 patent, or the '272 patent, respectively. To provide actual notice of infringement, a communication must at a minimum identify the patent at issue. Accordingly, Plaintiffs should be foreclosed from relying at trial on either Dell's statements or correspondence, or communications that do not identify or relate to either the '759 patent, the '226 patent , or the '272 patent, to prove actual notice with respect thereto.[1]

## II. ARGUMENT

To recover pre-suit damages for patent infringement, a patentee must either mark his own goods or provide an accused infringer "the affirmative communication of a specific charge of

---

[1] In light of prior submissions and well-settled law, Dell was previously granted two motions in limine precluding Lucent from relying on either Dell's knowledge or belief, or non-identifying communications to prove actual notice for the '356 patent. *See* Declaration of James S. Blackburn in Support of Dell Inc.'s Motions in Limine Nos. 1-5 ("Blackburn Decl."), Ex. 1 at 11-12 (Order on Motions in Limine for the Group 4 Trial Concerning U.S. Patent Nos. 4,763,365 and 5,347,295, No. 02-cv-2060 (CAB), Doc. 1737 (Dell Nos. 2, 3)). The Court also granted Gateway's previous motion to preclude Lucent from relying on non-identifying communications to prove actual notice for the '356 patent and U.S. Patent No. 5,347,295 to Agulnick. Blackburn Decl., Ex. 1 at 12 (Gateway No. 6). According to the Court's October 17, 2007 Case Management Order, these orders remain in effect for the Groups 1, 4, 5 and 6 trial. *See* Blackburn Decl., Ex. 2 at 18 ("The court **ADOPTS** all orders from 02-CV-2060-B (CAB) to the extent they apply to the severed matters.") (emphasis in original). Dell respectfully requests that the Court extend these holdings to the '759, '226 and '272 patents.

- 1 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

1    infringement by a specific accused product or device."[2] *Amsted Indus. Inc. v. Buckeye Steel*

2    *Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).  The burden is on Plaintiffs to communicate the

3    charge of infringement, and Dell's knowledge or belief is not relevant in determining whether or not

4    a patentee gave proper notice.  *Id.*  Accordingly, Plaintiffs should be precluded from relying on

5    Dell's perceptions or beliefs as to what was communicated by Dell to any entity, and Plaintiffs

6    should be precluded from relying on such communications to prove actual notice pursuant to

7    Fed. R. Evid. 402.

8    Further, Plaintiffs should be precluded from relying on licensing discussions between

9    Lucent and Dell.  It is undisputed that the first time Lucent ever mentioned the '759, '226 and '272

10   patents to Dell was in a meeting on October 20, 1998, and the second time Lucent mentioned the

11   patents to Dell was in a meeting on December 16, 1998.  The parties dispute whether Lucent

12   provided actual notice of infringement on either of these dates.  Lucent should be precluded from

13   relying on licensing discussions between Lucent and Dell that were not directed to either the '759,

14   '226 or '272 patent, respectively, to prove that the October 20, 1998 or the December 16, 1998

15   mention of the patents constituted actual notice.  *See, e.g.*, Multimedia Patent Trust's Opposition to

16   Dell's Motion for Summary Judgment Concerning U.S. Patent No. 4,383,272, at 17 ("Dell . . .

17   ignores the actual content of Lucent's communications . . . to Dell well before the filing of this suit,

18   including on October 20, 1998 [and] December 16, 1988 . . . .").

19   To provide actual notice of infringement, a patentee must at a minimum identify the patent

20   at issue.  *See SRI Int'l, Inc. v. Advanced Tech Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997)

21   (stating that the recipient must be informed of the identity of the patent).  None of Lucent's pre-

22   October 20, 1998 communications to Dell, however, identify the '759 patent, the '226 patent or the

23   '272 patent.  To the extent that these communications (which do not mention the patents) could

24   possibly, subsequently, reveal anything about the '759 patent, the '226 patent or the '272 patent,

25   they would bear solely on how Dell perceived Lucent's respective '759, '226 or '272 patent

---

[2]    Marking is not an issue in this case, as Lucent has "agreed that it will not rely upon marking to establish constructive notice of its patents in this litigation." Blackburn Decl., Ex. 3 (Lucent's Response to the Third Set of Interrogatories from Gateway, Inc. to Lucent Technologies Inc. (Nos. 6-17), dated January 11, 2006).

- 2 -

communications on October 20 or December 16 in view of the communications that preceded them. That, however, is completely irrelevant to the notice issue. *See Amsted*, 24 F.3d at 187 ("The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer."). Therefore, these communications are irrelevant to the notice issue and should be precluded under Fed. R. Evid. 402.

Even if the Court were to find that these communications (statements or written correspondence by Dell or its agents, and/or licensing discussions between Lucent and Dell) may have some relevance to the notice issue, Plaintiffs should still be precluded from relying on them under Fed. R. Evid. 403. Any probative value these communications may have regarding what *Plaintiffs* communicated is substantially outweighed by the unfair prejudice and danger of confusion of the issues that is likely to occur in the jury's mind as to whether it should focus on Plaintiff's communications or Dell's perceptions or beliefs resulting from those communications. The danger that the jury will be mislead to focus on the wrong issue, or the danger that the jury will confuse Dell's perceptions with Lucent's communications, is substantial and far outweighs any probative value the evidence may have.

### III. CONCLUSION

For the reasons stated above Dell respectfully requests that Plaintiffs be precluded from relying on Dell's state of mind or knowledge, or licensing discussions between Lucent and Dell to show that Plaintiffs provided sufficient actual notice of infringement to Dell with respect to the '759 patent, the '226 patent or the '272 patent prior to filing this lawsuit.[3]

January 14, 2008

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By: /s/James S. Blackburn
James S. Blackburn
james.blackburn@aporter.com
Attorneys for Dell Inc.

---

[3] Gateway, Inc. ("Gateway") joins in this Motion for all of the reasons stated herein. Accordingly, this Motion may be considered a joint motion on behalf of Dell and Gateway.

- 3 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)