1  James S. Blackburn (State Bar No. 169134)
   ARNOLD & PORTER LLP
2  777 South Figueroa Street, 44th Floor
   Los Angeles, California  90017-5844
3  Telephone:  (213) 243-4000
   Facsimile:  (213) 243-4199
4
   Joel M. Freed (admitted *pro hac vice*)
5  McDERMOTT WILL & EMERY LLP
   600 Thirteenth Street, N.W.
6  Washington, D.C.  20005-3096
7  Telephone:  (202) 756-8000
   Facsimile:  (202) 756-8087
8
   Joseph A. Micallef (admitted *pro hac vice*)
9  ARNOLD & PORTER LLP
   555 Twelfth Street, N.W.
10 Washington, D.C.  20004-1206
   Telephone:  (202) 942-5000
11 Facsimile:  (202) 942-5999

12 Attorneys for Dell Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: <br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DELL INC.'S RENEWED MOTION IN LIMINE NO. 5: FED. R. EVID. 408 DOES NOT PRECLUDE DELL'S RELIANCE ON LUCENT LICENSING DOCUMENTS** <br><br> Judge Marilyn L. Huff <br><br> Hearing: February 11, 2008, 10:30 a.m. <br> Location: Courtroom 13, 5th Floor |

| | |
|---|---|
| 1  | MICROSOFT CORPORATION, )
| 2  |     Plaintiff and Counter-defendant, )
| 3  | v. )
| 4  | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, )
| 5  | )
| 6  |     Defendants and Counter-claimants, )
| 7  | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, )
| 8  | )
| 9  |     Plaintiffs and Counterclaim-defendants, )
| 10 | v. )
| 11 | DELL INC., )
| 12 |     Defendant and Counter-claimant. )

## I. INTRODUCTION

Defendant Dell Inc. ("Dell") hereby moves the Court for an order that Federal Rule of Evidence 408 does not preclude Dell from relying at trial on documents pertaining to Lucent's licensing practices that were produced by Lucent in this litigation.[1]

## II. ARGUMENT

Rule 408 does not bar reliance on documents regarding Lucent's licensing practices. On their face, many of the documents (even those that it strategically stamped as subject to FRE 408) are nothing more than standard opening offers entirely consistent with Lucent's non-litigation PC Licensing Template. Furthermore, FRE 408 only comes into play in relation to settlement of a claim in litigation and in that context prohibits introduction of settlement offers for the purpose of proving liability or the amount of liability. The Federal Circuit's decision in *Sandisk Corp. v. ST Microelectronics, Inc.*, 480 F.3d 1372, 1375 n.1 (Fed. Cir. 2007), puts to rest any argument that pre-litigation licensing activities are within the purview of FRE 408. (Attached to Blackburn Decl. as Ex. 4.) In *Sandisk*, the parties were involved in a series of discussions relating to a potential licensing deal prior to litigation, and the parties sought to condition their licensing discussions and infringement study on adherence to FRE 408. During the ensuing litigation, Sandisk wanted to rely on the licensing discussions to support its declaratory judgment claims. The Federal Circuit held that Sandisk could rely on those discussions because FRE 408 "expressly relates to evidence of efforts toward compromising or attempting to compromise a claim in litigation and does not prevent Sandisk from relying on the licensing discussions and infringement study to support its claims." *Sandisk*, 480 F.3d at 1375 n.1. The court further noted that FRE 408 was inapplicable because the party's presentation "was made outside the context of litigation, and there is nothing on the record

---

[1] The Court denied Dell's previous motion for an order that Fed. R. Evid. 408 does not preclude Dell's reliance on Lucent licensing documents. *See* Declaration of James S. Blackburn in Support of Dell Inc.'s Motions in Limine Nos. 1-5 (Groups 1, 4, 5 and 6 Trial) ("Blackburn Decl."), Ex. 1 at 12 (Order on Motions in Limine for the Group 4 Trial Concerning U.S. Patent Nos. 4,763,365 and 5,347,295, Case 02-cv-2060 (CAB), Doc. 1737 (Dell No. 9)). According to the Court's October 17, 2007 Case Management Order, the earlier denial remains in effect. *See* Blackburn Decl., Ex. 2 at 18. That prior motion was based on the same arguments and evidence presented herein. Dell respectfully submits that the previous denial was clearly erroneous, and requests the Court to reconsider the motion. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

- 1 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

to indicate that it could be properly considered an "offer" to settle a claim which was then in dispute." *Id.*; *see also Deere & Co. v. International Harvester Co.*, 710 F.2d 1551 (Fed. Cir. 1983) (holding that FRE 408 is not applicable to a license offer even if the parties' past dealings were such that a court battle involving the patent was an acknowledged possibility or even probability); *Alpex Computer Corp. v. Nintendo Co.*, No. 86 CIV 1749 (KMW), 1994 WL 139423, at *3 (S.D.N.Y Mar. 18, 1994), *amended by Alpex Computer Corp. v. Nintendo Co.,* No. 86 CIV 1749 (KMW), 1994 WL 381659 (S.D.N.Y July 21, 1994) (ruling that industry-wide licensing offers made to persons that Alpex believed were either infringing or contemplating infringing were not foreclosed by FRE 408); *Century Wrecker Corp. v. E.R. Buske Mfg. Co.*, 898 F. Supp. 1334, 1339-40 (N.D. Iowa 1995) (settlement must be made under threat of litigation to be inadmissible); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1373 (10th Cir. 1977) (finding communications about trademark infringement allegations "were business communications and not compromise negotiations" since "discussions had not crystallized to the point of threatened litigation.").

Lucent's licensing behavior is relevant for at least three independent reasons. First, the Federal Circuit requires that a patentee's actual licensing practices, including offers to license the patents-in-suit, must be considered in determining an appropriate reasonable royalty rate. The evidence Dell seeks to rely on clearly demonstrates Lucent's real-world licensing behavior with respect to the patents-in-suit. Second, Lucent intends to assert at trial that it followed a "policy" of licensing its patents at 1% per patent up to a maximum of 5%. The evidence Dell is seeking to rely on proves exactly the opposite -- that Lucent never licensed its patents pursuant to its purported policy and, in fact, never even proposed those purported terms to a prospective licensee. Dell is entitled to impeach Lucent and its expert with the real-world evidence of Lucent's licensing practices.[2] Third, the parties to a hypothetical negotiation are presumed to have knowledge of all

---

[2] To the extent that Dell intends to rely on this evidence to impeach Lucent's licensing expert, Roger Smith, regarding Lucent's 1% per patent licensing policy, the prohibitions of FRE 408 are inapplicable. Dell would be entitled to use this material for impeachment even if they could properly be characterized as an "offer to compromise," which they cannot. *See Hulspeth v. Comm'r of Internal Revenue Svc.*, 914 F.2d 1207, 1214 (9th Cir. 1990) (reversing district court for improperly excluding evidence of settlement agreements for impeachment purposes); *Brocklesby v.*

(Footnote Cont'd on Following Page)

- 2 -

relevant facts. Thus, Lucent's prior licensing behavior would have been known to Dell during a hypothetical negotiation, and would have influenced Dell's licensing decision. The jury is entitled to hear the facts that Dell is presumed to have known during the hypothetical negotiation. Accordingly, this evidence is relevant and admissible under FRE 402.

**III.    CONCLUSION**

For the reasons stated above Dell respectfully moves the Court for an order that FRE 408 does not preclude Dell from introducing at trial and relying on documents pertaining to Lucent's licensing practices.[3]

January 14, 2008

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By:  /s/James S. Blackburn
     James S. Blackburn
     james.blackburn@aporter.com
     Attorney for Dell Inc.

---

(Footnote Cont'd From Previous Page)

*United States*, 767 F.2d 1288, 1292-93 (9th Cir. 1985) (holding that the district court properly admitted evidence of a settlement agreement for purposes of impeaching a witness); *Cochenour v. Cameron Sav. & Loan, F.A.*, 160 F.3d 1187, 1190 (8th Cir. 1998) (holding that district court properly admitted entire contents of a letter containing a settlement demand, where one of the facts recited in the letter was relevant to impeach plaintiff's testimony).

[3]    Gateway, Inc. ("Gateway") joins in this Motion for all of the reasons stated herein. Accordingly, this Motion may be considered a joint motion on behalf of Dell and Gateway.

- 3 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)