James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for *Dell Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: <br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **DELL INC.'S NOTICE OF MOTION AND MOTION PURSUANT TO CIVIL LOCAL RULE 79-2 FOR LEAVE TO FILE UNDER SEAL** <br><br> Judge Marilyn L. Huff <br><br> Hearing: February 11, 2008, 10:30 a.m. <br> Location: Courtroom 13, 5th Floor |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, |
| 2 |     Plaintiff and Counter-defendant, |
| 3 | v. |
| 4 | LUCENT TECHNOLOGIES INC., |
| 5 |     Defendant and Counter-claimant, |
| 6 | |
| 7 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 8 |     Plaintiffs and Counterclaim-defendants, |
| 9 | v. |
| 10 | DELL INC., |
| 11 |     Defendant and Counter-claimant. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on February 11, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Marilyn L. Huff of the United States District Court, located at 880 Front Street, San Diego, California 92101-8900, defendant and counterclaimant Dell Inc. ("Dell") will move, and hereby does move, pursuant to Civil Local Rule 79-2, to file under seal (1) the confidential Memorandum of Points and Authorities in Support of Dell Inc.'s Motion in Limine No. 2: The Testimony of Roger Smith Regarding Royalty Rates and Royalty Base Should Be Excluded ("Motion In Limine No. 2"); and (2) Exhibits 6, 7, 8, 9, 10, 13, 14, 15, 17, 18, 19, 26, and 34 to the Declaration of James S. Blackburn in Support of Dell Inc.'s Motions in Limine Nos. 1-5 ("Blackburn Decl."). Redacted public versions of Dell's confidential Memoranda are being filed concurrently herewith.

As set forth in the attached memorandum, good cause exists for granting this request. Dell's Motion in Limine No. 2 refers to the Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent User Interface Patents dated March 31, 2006 (Exhibit 6); the Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent Video Coding Patents dated March 31, 2006 (Exhibit 7); the Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent '759 Fleming Patent dated March 31, 2006 (Exhibit 8); the deposition of Roger S. Smith taken January 4, 2008 (Exhibit 9); the Second Supplemental Expert Report of Roger S. Smith Regarding Damages Issues dated November 7, 2007 (Exhibit 10); the Expert Report of Brian W. Napper Regarding Video Coding Patent dated May 12, 2006 (Exhibit 13); the Expert Report of David P. Kaplan Related to Video Coding Patents dated May 12, 2006 (Exhibit 14); Microsoft Corporation's Notice of Motion and Motion in Limine No. 4: Lucent Should Be Precluded Form Presenting A Damages Model Based on the Price of Third Party Computers Rather Than Microsoft's Software dated December 11, 2006 (Exhibit 15); an Agreement dated as of June 1, 1988 between International Business Machines Corporation and Dell Computer Corporation produced with the Bates range DELL345057-95 (Exhibit 17); an Agreement dated as of May 1, 1990 between International Business Machines Corporation and Gateway 2000, Inc., with amendments, produced with Bates range GTWY420176-220 (Exhibit 18); and the Supplemental Expert Report of Brian W. Napper Regarding

- 1 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Video Coding Patent 4,958,226 and Patents 4,763,356 and 5,347,295 dated January 9, 2008 (Exhibit 19). Dell's Motion in Limine No. 1: Exclude Damages Testimony on Quicken and Money from the Untimely Second Supplemental Expert Report of Wayne A. Hoeberlein and Validity Testimony from the Untimely Declaration of Bernd Girod ("Motion in Limine No. 1") refers to the Second Supplemental Expert Report of Wayne A. Hoeberlein re Damages for User Interface Patents and Day '356 Patent Calculations, dated January 25, 2007 (Exhibit 26) and the Expert Report of Wayne A. Hoeberlein re Damages for User Interface Patents dated March 31, 2006 (Exhibit 34). Each of these exhibits has been designated by one of the parties either "Outside Counsel Only", "Confidential", or "Highly Confidential" under the Protective Order entered in this matter. By designating these documents either "Outside Counsel Only", "Confidential", or "Highly Confidential", the designating party has represented that it reasonably and in good faith believes that the statements made should be protected from public disclosure. Accordingly, Dell believes that good cause exists to file its Motion in Limine No. 3, Motion in Limine No. 4, and Exhibits 6, 7, 8, 9, 10, 13, 14, 15, 17, 18, 19, 26, and 34 to the Blackburn Decl. under seal.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof which is attached hereto, the Declaration of James S. Blackburn filed concurrently herewith, the pleadings, records and files in this action, and upon such other and further evidence and argument as may properly be presented prior to and at the hearing on the Motion.

January 14, 2008

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed


By: /s/James S. Blackburn
    James S. Blackburn
    james.blackburn@aporter.com
    Attorney for Dell Inc.

- 2 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dell submits this memorandum of points and authorities in support of its Motion to File Under Seal Pursuant to Civil Local Rule 79-2 (1) the confidential Memorandum of Points and Authorities in Support of Dell Inc.'s Motion in Limine No. 2: The Testimony of Roger Smith Regarding Royalty Rates and Royalty Base Should Be Excluded ("Motion In Limine No. 2"); and (3) Exhibits 6, 7, 8, 9, 10, 13, 14, 15, 17, 18, 19, 26, 34 to the Declaration of James S. Blackburn in Support of Dell Inc.'s Motions in Limine Nos. 1-5 ("Blackburn Decl.").

As set forth below, good cause exists for filing these documents under seal. Lucent has designated as "Confidential - Outside Counsel Only" the Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent User Interface Patents dated March 31, 2006 (Exhibit 6), the Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent Video Coding Patents dated March 31, 2006 (Exhibit 7); the Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent '759 Fleming Patent dated March 31, 2006 (Exhibit 8); and the Second Supplemental Expert Report of Roger S. Smith Regarding Damages Issues dated November 7, 2007 (Exhibit 10) under a protective Order. Lucent has designated the deposition of Roger S. Smith taken January 4, 2008 (Exhibit 9), the Second Supplemental Expert Report of Wayne A. Hoeberlein re Damages for User Interface Patents and Day '356 Patent Calculations, dated January 25, 2007 (Exhibit 26), and the Expert Report of Wayne A. Hoeberlein re Damages for User Interface Patents dated March 31, 2006 (Exhibit 34) as "Highly Confidential".

Microsoft Corporation ("Microsoft") has designated "Confidential" its Notice of Motion and Motion in Limine No. 4: Lucent Should Be Precluded From Presenting a Damages Model Based on the Price of Third Party Computers Rather Than Microsoft's Software dated January 11, 2006 (Exhibit 15). Microsoft has also designated the Expert Report of Brian W. Napper Regarding Video Coding Patent dated May 12, 2006 and the Supplemental Expert Report of Brian W. Napper Regarding Video Coding Patent 4,958,226 and Patents 4,763,356 and 5,347,295 dated January 9, 2008 (Exhibit 19) as "Highly Confidential – Outside Counsel Only".

- 3 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

1   Gateway, Inc. ("Gateway") has designated "Confidential – Outside Counsel Only" an
2   Agreement dated as of May 1, 1990 between International Business Machines Corporation and
3   Gateway 2000, Inc., with amendments, produced with Bates range GTWY420176-220 (Exhibit 18).

4   Dell has designated "Outside Counsel Only" an Agreement dated as of June 1, 1988 between
5   International Business Machines Corporation and Dell Computer Corporation, produced with Bates
6   range DELL345057-95 (Exhibit 17).

7   Gateway and Dell have designated Highly Confidential the Expert Report of David P. Kaplan
8   Related to Video Coding Patents dated May 12, 2006 (Exhibit 14).

9   By doing so designated these documents, the designating parties have represented that they
10  reasonably and in good faith believe these documents and deposition contain information that must be
11  protected from public disclosure. Moreover, because these exhibits are designated "Outside Counsel
12  Only", "Confidential", or "Highly Confidential" under the Protective Order, Dell is obligated to seek
13  leave of Court to file them under seal. Dell's Motion in Limine No. 1 and Motion in Limine No. 2 are
14  based, in significant part, on information contained in these exhibits. Thus, it is essential to Dell's
15  Motions in Limine that this information be considered by the Court. Accordingly, Dell respectfully
16  requests that the Court grant its Motion to File Under Seal its Motion in Limine No. 2 and Exhibits 6,
17  7, 8, 9, 10, 13, 14, 15, 17, 18, 19, 26, and 34 to the Blackburn Decl.

18  **II.   PROCEDURAL BACKGROUND**

19  On October 16, 2007, the Honorable Rudi M. Brewster issued an order severing certain
20  matters from cases (1) *Lucent Technologies, Inc., et al. v. Gateway, et al.*, Case No. 3:02-CV-2060 B
21  (CAB), (2) *Microsoft Corporation v. Lucent Technologies, Inc., et al.*, Case No. 3:03-CV-0699 B
22  (CAB), and (3) *Lucent Technologies, Inc., et al. v. Dell Computer Corp.*, Case No. 3:03-CV-1108 B
23  (CAB), thus creating this case. Prior to the severing order, a Stipulated Protective Order between
24  Lucent and Dell in Case No. 03-CV-1108 B (LAB) [Docket No. 92] was filed with the Court on
25  August 14, 2003. *See* Declaration of James S. Blackburn in Support of Dell Inc.'s Motion to File
26  Under Seal ("Blackburn Sealing Decl.") at Ex. A. The parties agreed to prevent public disclosure of
27  materials marked by the producing party as either "Confidential" or "Outside Counsel Only" under the
28  Stipulated Protective Order. *See id.* Accordingly, Defendants are obligated to seek leave to file such

- 4 -

documents under seal. *Id.* (Ex. A at 17, ¶ 22). By designating documents and depositions as "Confidential" or "Outside Counsel Only," the parties impliedly represented that they reasonably and in good faith believe that these documents should be protected from public disclosure. *Id.* (Ex. A at 8-9, ¶ 1(d)).

Motion in Limine No. 1 references Exhibit 26 at the following page:

1. 1 - fn. 1.

Motion in Limine No. 1 references Exhibit 34 at the following page:

2. 5 – fn. 6.

Motion in Limine No. 2 references Exhibit 6 or information contained in that document, at the following pages and lines:

3. 2:21-23; and

4. 2:26-28.

Motion in Limine No. 2 references Exhibit 7 or information contained in that document, at the following pages and lines:

5. 2:24-26;

6. 2:28-3:1; and

7. 3 – fn. 2.

Motion in Limine No. 2 references Exhibit 8 or information contained in that document, at the following pages and lines:

8. 2:23-24;

9. 3:1; and

10. 3 – fn. 2.

Motion in Limine No. 2 references Exhibit 9 or information contained in that document, at the following pages and lines:

11. 5 – fn. 4;

12. 5-6 – fn. 5; and

13. 7 – fn. 6.

- 5 -

Motion in Limine No. 2 references Exhibit 10 or information contained in that document, at the following pages and lines:

14. 3:10-4:2;
15. 3 – fn. 1;
16. 5:9-16;
17. 5 – fn. 4;
18. 6:1-7:10

Motion in Limine No. 2 references Exhibit 13 or information contained in that document, at the following page and lines:

19. 4:19-22.

Motion in Limine No. 2 references Exhibit 14 or information contained in that document, at the following pagesand lines:

20. 4:19-22.

Motion in Limine No. 2 references Exhibit 15 at the following page and lines:

21. 4:24-25.

Motion in Limine No. 2 references Exhibit 17 or information contained in that document, at the following page:

22. 7 – fn. 6.

Motion in Limine No. 2 references Exhibit 18 or information contained in that document, at the following page:

23. 7 – fn. 6.

Motion in Limine No. 2 references Exhibit 19 or information contained in that document, at the following page:

24. 7 – fn. 6.

### III. ARGUMENT

"Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be

- 6 -

publicly disseminated." *In re Adobe Sys., Inc. Securities Litigation*, 141 F.R.D. 155, 161-162 (N.D. Cal. 1992) (citing cases). Exhibits 6, 7, 8, 9, 10, 13, 14, 15, 17, 18, 19, and 26 to the Blackburn Decl. were designated as "Outside Counsel Only", "Confidential", or "Highly Confidential" by one of the parties in this matter pursuant to the protective order in *Lucent Technologies, Inc., et al. v. Gateway, et al.*, Case No. 3:02-CV-2060 B. Dell's Motion in Limine No. 1 and Motion in Limine No. 2 refers extensively to these "Outside Counsel Only", "Confidential", or "Highly Confidential" documents and exhibits.

By so designating these documents, the designating party has represented that it reasonably and in good faith believes that such materials should be protected from public disclosure. As such, good cause exists to seal these materials to protect them from public disclosure. *Synopsys, Unc. v. Magma Design Automation, Inc.*, No. C04-03923 MMC, 2006 WL 997190 (N.D. Cal. 2006) (granting motion to seal based on parties' designation of materials as confidential under a stipulated protective order).

Furthermore, it is essential to Dell's Motion in Limine No. 1 and Dell's Motion in Limine No. 2 that these exhibits be accepted for filing under seal by the Court. Dell's Motion in Limine No. 1 and Dell's Motion in Limine No. 2 rely largely on information contained in these documents and deposition.

## IV. CONCLUSION

For the foregoing reasons, Dell seeks an Order granting them permission to file under seal the confidential Motion in Limine No. 2 and the confidential exhibits to the Blackburn Decl.

January 14, 2008

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By: /s/James S. Blackburn
James S. Blackburn
james.blackburn@aporter.com
Attorney for Dell Inc.

- 7 -