Bryan W. Farney *(pro hac vice)*
Steven R. Daniels (SBN 235398)
Jeffrey B. Plies *(pro hac vice)*
DECHERT LLP
300 W. Sixth Street, Suite 1850
Austin, Texas 78701
Telephone:   (512) 394-3000
Facsimile:   (512) 394-3001

David J. Zubkoff (SBN 149488)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone:   (619) 685-3003
Facsimile:   (619) 702-6827

Attorneys for Defendants and Counterclaimants,
GATEWAY, INC., GATEWAY COUNTRY
STORES LLC, GATEWAY COMPANIES, INC.,
GATEWAY MANUFACTURING LLC, AND
COWABUNGA ENTERPRISES, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC. <br><br> Defendants and Counter-Claimants, <br><br> and <br><br> MICROSOFT CORPORATION <br><br> Intervenor and Counter-Claimant. <br><br> AND CONSOLIDATED CASES | Case No. 07-CV-2000 H (MLH) *consisting of matters severed from the consolidated cases:* <br> Case No. 02-CV-2060 B (CAB) <br> Case No. 03-CV-699 B (CAB) <br> Case No. 03-CV-1108 B (CAB) <br><br> **DECLARATION OF JEFFREY B. PLIES IN SUPPORT OF GATEWAY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTIONS IN LIMINE** <br><br> Date:   February 11, 2008 <br> Time:   10:30 a.m. <br> Courtroom:   13 <br> Judge:   Honorable Marilyn L. Huff |

I, Jeffrey B. Plies, declare as follows:

1.  I am an attorney with the law firm Dechert LLP, which is counsel for Gateway,

Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC and Cowabunga Enterprises, Inc. ("Gateway").

2. I make this declaration in support of Gateway's Memorandum of Points and Authorities in Support of Its Motions in Limine. This declaration is based on my personal knowledge and I would testify to the matters set forth in this declaration if called upon as a witness.

3. Exhibit A, attached to Notice of Lodgment, is a true and correct copy of Roger S. Smith's Second Supplemental Expert Report Regarding Damages Issues, dated November 13, 2007, designated "Confidential – Outside Counsel Only Subject to Protective Order" by a party or parties in this case.

4. Exhibit B, attached to Notice of Lodgment, is a true and correct copy of the deposition transcript of Roger S. Smith, taken on January 4, 2008, designated "Highly Confidential, Outside Counsel's Eyes Only" by a party or parties in this case.

5. Exhibit C, attached to Notice of Lodgment, is a true and correct copy of a chart entitled, "Common Elements in the First and Second Opinions of Lucent's Damages Expert Roger S. Smith", with the following attachments:

    a. Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent Audio Coding Patents, dated April 7, 2006, designated "Confidential – Outside Counsel Only Subject to Protective Order."

    b. Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent Video Coding Patents, dated March 31, 2006, "Confidential – Outside Counsel Only Subject to Protective Order."

    c. Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent '759 Fleming Patent, dated March 31, 2006, "Confidential –

Outside Counsel Only Subject to Protective Order."

    d.    Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent User Interface Patents, dated March 31, 2006, "Confidential – Outside Counsel Only Subject to Protective Order."

    e.    Second Supplemental Expert Report of Roger S. Smith Regarding Damages Issues, dated November 13, 2007, "Confidential – Outside Counsel Only Subject to Protective Order."

6.     Exhibit D, attached to Notice of Lodgment, is a true and correct copy of the "MPEG Video Negotiators Sheet," dated March 21, 2000, produced as LUC 127978 – LUC 127979 and designated "Outside Counsel Only" by a party in this case.

7.     Exhibit E, attached to Notice of Lodgment, is a true and correct copy of a Letter from Kenneth Rubenstein to David Nelson, dated October 31, 1996, produced as LUC 1141382 – LUC 1141403 and designated "Outside Counsel Only" by a party in this case.

8.     Exhibit F, attached to Notice of Lodgment, is a true and correct copy of the deposition transcript of Kenneth Rubenstein, taken May 4, 2006, designated "Confidential" by a party or parties in this case.

9.     Exhibit G, attached to Notice of Lodgment, is a true and correct copy of the Rebuttal Expert Report of Professor Bernd Girod Regarding Validity of Lucent's 4,383,373 and 4,958,226 Patents, designated "Confidential" by a party or parties in this case.

10.     Attached hereto as Exhibit 1, is a true and correct copy of a chart entitled, "Entire Market Value Rule Evidence.

11.     Attached hereto as Exhibit 2, is a true and correct copy of a the License Agreement between IBM and Gateway Two Thousand Inc, dated May 1, 1990.

12.     Attached hereto as Exhibit 3, is a true and correct copy of a the License Agreement

between IBM and Dell Computer Corporation, dated June 1, 1988.

13. Attached hereto as Exhibit 4, is a true and correct copy of the deposition transcript of Jake Richter, taken on November 14, 2007.

14. Attached hereto as Exhibit 5, is a true and correct copy of the Rebuttal Expert Report of Jake Richter, dated May 12, 2006.

15. Attached hereto as Exhibit 6, is a true and correct copy of Lucent's Second Supplemental Response to Dell Inc.'s Interrogatory No. 14, dated February 22, 2006.

16. Attached hereto as Exhibit 7, is a true and correct copy of an article entitled, "Billion dollar videotex battle lines are formed," dated March 1983.

17. Attached hereto as Exhibit 8, are true and correct copies of U.S. Patent No. 4,439,761, U.S. Patent No. 4,396,989 and U.S. Patent No. 4,454,593.

18. Attached hereto as Exhibit 9, is a true and correct copy of an article from Computerworld entitled, "AT&T Agrees to License Videotex Technology Free," dated March 28, 1983.

19. Attached hereto as Exhibit 10, is a true and correct copy of a letter from Steven R. Daniels to John T. Hohenthaner, dated January 19, 2007.

20. Attached hereto as Exhibit 11, is a true and correct copy of a letter from Eric D. Hayes to Steven R. Daniels, dated January 23, 2007.

21. Attached hereto as Exhibit 12, is a true and correct copy of a letter from Steven R. Daniels to Eric Hayes, dated January 24, 2007.

22. Attached hereto as Exhibit 13, is a true and correct copy of a letter from Eric Hayes to Steven Daniels, dated January 25, 2007.

23. Attached hereto as Exhibit 14, is a true and correct copy of Lucent's Second Supplemental Response to Interrogatory No. 4 from Microsoft, Dell and Gateway, filed February

6, 2006.

24. Attached hereto as Exhibit 15, is a true and correct copy of the deposition transcript of Bruce Tognazzini, taken on November 20, 2007.

25. Attached hereto as Exhibit 16, is a true and correct copy of the deposition transcript of Michael Tyler, taken on December 27, 2007.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 14, 2008            DECHERT LLP

By:    /s/ Jeffrey B. Plies
Jeffrey B. Plies, Esq.

Attorneys For Defendants And Counterclaimants
GATEWAY, INC. *et. al*.

13068123.1.LITIGATION