Jane Hahn, SBN 125203
Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1730
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Lucent Technologies Inc.*

*Additional counsel listed on the last page*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LUCENT TECHNOLOGIES INC.,

Plaintiff,

v.

GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,

Defendants,

and

MICROSOFT CORPORATION,

Intervener.

MICROSOFT CORPORATION,

Plaintiff,

v.

LUCENT TECHNOLOGIES INC.,

Defendant.

LUCENT TECHNOLOGIES INC.,

Plaintiff,

v.

DELL INC.,

Defendant.

Case No. 02-CV-2060-B (CAB)
consolidated with
Case No. 03-CV-0699-B (CAB)
Case No. 03-CV-1108-B (CAB)

**LUCENT'S SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 FROM MICROSOFT, DELL, AND GATEWAY**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Lucent Technologies Inc. hereby further supplements its response to Interrogatory No. 4 from Microsoft, Dell, and Gateway. Lucent reserves the right to further supplement or amend this response to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## GENERAL OBJECTIONS

Lucent incorporates by reference, to the extent applicable, its general objections to the First Set of Interrogatories from Microsoft, Dell, and Gateway, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below. Lucent further incorporates by reference, to the extent applicable, Lucent's First Supplemental Response to Interrogatory No. 4 from Microsoft, Dell, and Gateway.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 4:**

Describe the facts, dates and circumstances, including circumstances of diligence, related to the conception and reduction to practice (including constructive reduction to practice) of the purported invention of each claim of the Patents-In-Suit identified in response to Interrogatory No. 2 and/or Interrogatory No. 3, identifying each person and/or entity who contributed to or has contemporaneous knowledge of such conception, reduction to practice or diligence (together with a summary of their contribution or knowledge), identifying the documents that support or relate to conception, reduction to practice, or diligence, and specifying how and where such documents support or relate to the conception, reduction to practice, or diligence.

**Second Supplemental Response to Interrogatory No. 4:**

Based on its investigations to date, and subject to and without waiver of any of its previously stated general and specific objections, Lucent further supplements its response as follows:

**U.S. Patent No. 4,383,272 ("Netravali"):** The claimed invention was conceived no later than December 21, 1978, as reflected by at least LUC 1041928-931, LUC 1041936-943, Netravali Dep. Tr. 297-99, Robbins Dep. Tr. 164-66. The claimed invention was reduced to practice no later than the filing date of April 13, 1981. Pursuant to Federal Rule of Civil Procedure 33(d), documents relating to the conception, reduction to practice, and/or diligence include the patent and

corresponding file history, and Lucent business records bearing production numbers LUC 1041928-1042010. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent 4,985,226 ("Haskell"):** The claimed invention was conceived no later than June 10, 1989, as reflected by at least LUC 1258528-31, and reduced to practice no later than the filing date of September 27, 1989. Pursuant to Federal Rule of Civil Procedure 33(d), documents relating to the conception, reduction to practice, and/or diligence include the patent and corresponding file history. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 4,701,954 ("Atal"):** The claimed invention was conceived at least as early as February 1983, and recorded September 1, 1983 (LUC 1051920-1051923). The claimed invention was reduced to practice at least as early as the filing date of March 16, 1984. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history, and Lucent business records bearing production numbers LUC 1051908-1051949. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 4,910,781 ("Ketchum"):** The claimed invention was conceived at least as early as March 30, 1987, as reflected by at least LUC 1107055-1107056, and reduced to practice at least as early as the filing date of June 26, 1987. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history, and Lucent business records bearing production numbers LUC

1107049-1107064. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 4,617,676 ("Jayant"):** The claimed invention was conceived at least as early as the summer of 1983, as reflected by at least LUC 1036898-1036918 and V. Ramamoorthy Dep. Tr. at 7-8, 33-34, and reduced to practice at least as early as the filing date of September 4, 1984. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history, and Lucent business records bearing production numbers LUC 1036898-1036918. Deposition testimony demonstrating the conception, reduction to practice, and/or diligence includes the testimony of Venkatasubbarao Ramamoorthy (*e.g.*, Dep. Tr. at 7-8, 33-34). Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 4,439,759 ("Fleming"):** The claimed invention was conceived at least as early as February 25, 1980, as reflected by at least LUC 004305-46, and reduced to practice at least as early as the filing date of May 19, 1981. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history, and Lucent business records bearing production numbers LUC 003903-004026; LUC 004035-004041; LUC 004305-004346; and LUC 004347-004385. Deposition testimony demonstrating the conception, reduction to practice, and/or diligence includes the testimony of James Fleming (*e.g.*, Dep. Tr. at 71-78, 85-91, 158-159, 175-178, 185-187), and Gerald Soloway (*e.g.*, Dep. Tr. at 89-92). Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 5,649,131 ("Ackerman"):** The claimed invention was conceived at least as early as February 21, 1991 as reflected by at least LUC 1086503-38, Glasser Dep. Tr. 95-98, Klein Dep. Tr. 221-26, and reduced to practice at least as early as the filing date of December 30, 1992. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history, LUC 1086503-38 and the deposition testimony of Alan Glasser, Reuben Klein, and Chaim Ackerman. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 4,317,956 ("Torok"):** The claimed invention was conceived at least as early as March 20, 1980, as reflected by at least LUC 028746-53 and LUC 1134426-32. The claimed invention was reduced to practice at least as early as the filing date of November 10, 1980. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history, and Lucent business records bearing production numbers LUC 028746-028753 and LUC 1134423-1134432. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 4763,356 ("Day"):** The claimed invention was conceived at least as early as March 22, 1985, and reduced to practice at least as early as December 11, 1986. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 5,347,295 ("Agulnick"):** The claimed invention was conceived at least as early as June 1987, as reflected by at least LUC 1239477, CARR 010987-93, CARR 011021, and CARR 011076. The claimed invention was reduced to practice at least as early as October 31, 1990, as reflected by at least CARR 010997-98, CARR 011052, CARR 011057, CARR 011077-78, CARR 011095-96, CARR 011103-05, CARR 011234-35, CARR 011254, and CARR 011558-60. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history, and Lucent business records bearing production numbers LUC 1239417-1239478, CARR 0101980-011006, CARR 011008-011086, CARR 011091-011141, CARR 011144-011159, CARR 011163-011227, CARR 011229-011311, CARR 011464-011474, CARR 011477-011510, CARR 011513-011521, CARR 011631-011647, CARR 011653-011660, CARR 011663-011702, CARR 011717-011718, CARR 011722-011731, CARR 011733-011739, CARR 011755, CARR 011774, and CARR 011780-011784. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 5,341,457 ("Hall"):** The inventions claimed in the asserted claims of the '457 patent were conceived at least as early as March 4, 1986, as reflected by at least LUC 1084515-16 and Johnston Dep. at 18, 20-25, and were reduced to practice at least as early as January 1987, as reflected by at least LUC 1084401-26, 1038557-66, and Johnston Dep. at 25, 29-35, 39-41, 43-47. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence also include the patent and corresponding file history, and Lucent business records bearing production numbers LUC 1084427-56 and LUC 1084485-517, deposition testimony of James Johnston at 48-49, and testimony of Joseph Hall and Nikil Jayant. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 5,627,938 ("Johnston"):** The inventions claimed in the asserted claims of the '938 patent were conceived and reduced to practice at least as early as January 1987, as reflected by at least LUC 1084401-26, 1038557-66, 1084515-16 and Johnston Dep. at 18, 20-25, 29-35, 39-41, 43-47. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence also include the patent and corresponding file history, the '457 patent and its corresponding file history, and Lucent business records bearing production numbers LUC 1084427-56 and LUC 1084485-517, deposition testimony of James Johnston at 48-56, and testimony of Nikil Jayant. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.

**U.S. Patent No. 4,582,956 ("Doughty"):** The claimed invention was conceived at least as early as June 4, 1983, as reflected by at least DOU 000154-000170, and reduced to practice at least as early as the filing date of July 12, 1983. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating the conception, reduction to practice, and/or diligence include the patent and corresponding file history, and documents bearing production numbers DOU 000154-000170. Deposition testimony demonstrating the conception, reduction to practice, and/or diligence includes the testimony of Carolyn Doughty (*e.g.*, Dep. Tr. at 18, 20, 22-28, 44). Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed, or in the event that defendants present any prior art that would put the facts, dates, and circumstances related to the conception, reduction to practice, and diligence relating to this patent into issue in this case.



Dated: February 6, 2006

*Lucent Technologies Inc.*

By: [signature]
John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Joseph A. Loy (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jane Hahn, SBN 125203
Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1730
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Lucent Technologies Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February 2006, a copy of the foregoing LUCENT'S SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 FROM MICROSOFT, DELL, AND GATEWAY was served on counsel for Microsoft, Dell, and Gateway as follows:

**FIRST CLASS MAIL**
John E. Gartman
Christopher S. Marchese
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone 858-678-5070
Facsimile 858-678-5099

**EMAIL**
marchese@fr.com
srodriguez@fr.com

Attorneys for *Microsoft Corp.*

**FIRST CLASS MAIL**
Ronald L. Johnston
James S. Blackburn
ARNOLD & PORTER LLP
1900 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Telephone 310-552-2500
Facsimile 310-552-1191

**EMAIL**
jfreed@mwe.com
sidney_rosenzweig@aporter.com

Attorneys for *Dell Inc.*

**FIRST CLASS MAIL**
David J. Zubkoff
SELTZER, CAPLAN, MCMAHON & VITEK
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone 619-685-3003
Facsimile 619-702-6827

**EMAIL**
bfarney@deweyballantine.com
ahewgley@dewwyballantine.com

Attorneys for *Gateway, Inc., et al.*