| | |
|---|---|
| 1 | Bryan W. Farney *(pro hac vice)* |
|  | Steven R. Daniels (SBN 235398) |
| 2 | Jeffrey B. Plies *(pro hac vice)* |
|  | DECHERT LLP |
| 3 | 300 W. Sixth Street, Suite 1850 |
|  | Austin, Texas 78701 |
| 4 | Telephone:  (512) 394-3000 |
|  | Facsimile:  (512) 394-3001 |
| 5 |  |
|  | David J. Zubkoff (SBN 149488) |
| 6 | SELTZER CAPLAN MCMAHON VITEK |
|  | 750 "B" Street, Suite 2100 |
| 7 | San Diego, California 92101 |
|  | Telephone:    (619) 685-3003 |
| 8 | Facsimile:    (619) 685-3100 |
| 9 | Attorneys for Defendants and Counterclaimants, |
|  | GATEWAY, INC., GATEWAY COUNTRY STORES LLC, |
| 10 | GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING |
|  | LLC, AND COWABUNGA ENTERPRISES, INC. |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LUCENT TECHNOLOGIES INC. | ) | Case No. 07-CV-2000 H (MLH) *consisting of matters severed from the consolidated cases:* |
|       Plaintiff and Counter-Defendant, | ) | Case No. 02-CV-2060 B (CAB) |
|    v. | ) | Case No. 03-CV-699 B (CAB) |
|  | ) | Case No. 03-CV-1108 B (CAB) |
| GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC. | ) | **GATEWAY'S REQUEST TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-02** |
|       Defendants and Counter-Claimants, | ) | **RE: GATEWAY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTIONS IN LIMINE** |
|    and | ) |  |
| MICROSOFT CORPORATION | ) |  |
|       Intervenor and Counter-Claimant. | ) | Date:        February 11, 2008 |
|  | ) | Time:        10:30 a.m. |
| AND CONSOLIDATED CASES | ) | Courtroom: 13 |
|  | ) | Judge:       Honorable Marilyn L. Huff |

Pursuant to Civil Local Rule 79-2, Gateway Country Stores LLC; Gateway Companies, Inc.; Gateway Manufacturing LLC; and Cowabunga Enterprises, Inc. ("Gateway") hereby request

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

GATEWAY'S REQUEST TO FILE UNDER SEAL
PURSUANT TO CIVIL LOCAL RULE 79-02
Case No. 07-CV-2000 H (MLH)

an Order sealing the following documents, which contains information that has been designated confidential under the Protective Order entered into by and among the parties, and filed with the Court:

1. Exhibit A is Roger S. Smith's Second Supplemental Expert Report Regarding Damages Issues, dated November 13, 2007, designated by Lucent "Confidential – Outside Counsel Only Subject to Protective Order". Gateway moves to file this document under seal on the sole grounds of this designation by Lucent and Gateway's corresponding obligations under the Protective Order. Gateway surmises that Lucent has designated this document as confidential, because Mr. Smith discusses business practices that Lucent deems confidential.

2. Exhibit B is the deposition transcript of Roger S. Smith, taken on January 4, 2008, designated by Lucent "Highly Confidential, Outside Counsel's Eyes Only". Gateway moves to file this document under seal on the sole grounds of this designation by Lucent, and Gateway's corresponding obligations under the Protective Order. Gateway surmises that the portions of the transcript cited by Gateway contain information on Lucent's business practices or procedures that Lucent deems confidential.

3. Exhibit C is a chart entitled, "Common Elements in the First and Second Opinions of Lucent's Damages Expert Roger S. Smith", with the following attachments:

    a. Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent Audio Coding Patents, dated April 7, 2006, designated "Confidential – Outside Counsel Only Subject to Protective Order."

    b. Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent Video Coding Patents, dated March 31, 2006, "Confidential – Outside Counsel Only Subject to Protective Order."

    c. Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to

Dechert LLP
Attorneys At Law
Austin

- 2 -

GATEWAY'S REQUEST TO FILE UNDER SEAL
PURSUANT TO CIVIL LOCAL RULE 79-02
Case No. 07-CV-2000 H (MLH)

Lucent '759 Fleming Patent, dated March 31, 2006, "Confidential –
Outside Counsel Only Subject to Protective Order."

d. Expert Report of Roger S. Smith Regarding Damages Issues Pertaining to Lucent User Interface Patents, dated March 31, 2006, "Confidential – Outside Counsel Only Subject to Protective Order."

e. Second Supplemental Expert Report of Roger S. Smith Regarding Damages Issues, dated November 13, 2007, "Confidential – Outside Counsel Only Subject to Protective Order."

Gateway moves to file this exhibit under seal on the sole grounds of these designations by Lucent, and Gateway's corresponding obligations under the Protective Order. Gateway surmises that Lucent has designated these documents as confidential, because Mr. Smith discloses financial information that Lucent deems confidential.

4. Exhibit D is the "MPEG Video Negotiators Sheet," dated March 21, 2000, designated "Outside Counsel Only" by Lucent. Gateway moves to file this exhibit under seal on the sole grounds of this designation by Lucent, and Gateway's corresponding obligations under the Protective Order. Gateway surmises that Lucent has designated this document as confidential, because it reveals business practices that Lucent deems confidential.

5. Exhibit E is a letter from Kenneth Rubenstein to David Nelson, dated October 31, 1996, designated "Outside Counsel Only" by Lucent. Gateway moves to file this exhibit under seal on the sole grounds of this designation by Lucent, and Gateway's corresponding obligations under the Protective Order. Gateway surmises that Lucent has designated this document as confidential, because it reveals business practices that Lucent deems confidential.

6. Exhibit F is the deposition transcript of Kenneth Rubenstein, taken May 4, 2006, designated "Confidential" by Lucent. Gateway moves to file this exhibit under seal on the sole

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

- 3 -

GATEWAY'S REQUEST TO FILE UNDER SEAL
PURSUANT TO CIVIL LOCAL RULE 79-02
Case No. 07-CV-2000 H (MLH)

1  grounds of this designation by Lucent, and Gateway's corresponding obligations under the
2  Protective Order.  Gateway surmises that Lucent has designated this document as confidential,
3  because Mr. Rubenstein discusses business practices that Lucent deems confidential.

4      7.  Exhibit G is the Rebuttal Expert Report of Professor Bernd Girod Regarding
5  Validity of Lucent's 4,383,373 and 4,958,226 Patents, designated "Confidential" by Lucent.
6  Gateway moves to file this exhibit under seal on the sole grounds of this designation by Lucent,
7  and Gateway's corresponding obligations under the Protective Order.  Gateway surmises that
8  Lucent has designated this document as confidential, because it discloses financial information
9  that Lucent deems confidential.

Dated: January 14, 2008            DECHERT LLP


                                   By:    ___/s/ Jeffrey B. Plies____
                                          Jeffrey B. Plies, Esq.

                                   Attorneys For Defendants And Counterclaimants
                                   GATEWAY, INC. *et. al*.

13068124.1.LITIGATION

DECHERT LLP
ATTORNEYS AT LAW
AUSTIN

- 4 -

GATEWAY'S REQUEST TO FILE UNDER SEAL
PURSUANT TO CIVIL LOCAL RULE 79-02
Case No. 07-CV-2000 H (MLH)