1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone: (619) 235-2100
   Facsimile: (619) 235-2101

4

   *Attorney for Lucent Technologies Inc. and Multimedia Patent Trust*
5  *(Additional counsel listed on the last page)*

6

7                          **UNITED STATES DISTRICT COURT**
                           **SOUTHERN DISTRICT OF CALIFORNIA**
8

9

10 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: |
|---|---|
| Plaintiffs and Counterclaim-defendants, | Case No. 02-CV-2060-B (CAB) Case No. 03-CV-0699-B (CAB) Case No. 03-CV-1108-B (CAB) |
| v. | |
| GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM DEFENDANTS' "PRIOR ART" WITNESSES (PLAINTIFFS' MIL NO. 1)** |
| Defendants and Counter-claimants, | |
| and | |
| MICROSOFT CORPORATION, | Date: February 11, 2008 Time: 10:30 A.M. Courtroom: 13 Judge: Hon. Marilyn L. Huff |
| Intervener and Counter-claimant, | |
| MICROSOFT CORPORATION, | |
| Plaintiff and Counter-defendant, | |
| v. | |
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |
| Defendants and Counter-claimants, | |
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |

28 | LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM DEFENDANTS' "PRIOR ART" WITNESSES (PLAINTIFFS' MIL NO. 1) | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB) |

1   Plaintiffs and Counterclaim-defendants,

2   v.

3   DELL INC.,

4                           Defendant.

LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM DEFENDANTS' "PRIOR ART" WITNESSES (PLAINTIFFS' MIL NO. 1)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent and Multimedia Patent Trust respectfully request that the Court preclude Defendants from offering testimony from their "prior art" witnesses. These witnesses are authors of various purported prior art references relied on by Defendants or in some other way related to the purported prior art. But these witnesses are not expert witnesses in this case, and they should not therefore be allowed to testify about the scope of the claims, infringement, the scope and content of the alleged prior art, or the alleged invalidity of the patents-in-suit. Further, several of these lay witnesses lack any personal knowledge relevant to the issues in this case. Consequently, there are no proper subjects on which these witnesses can testify at trial.

## II. ARGUMENT

### A. Defendants' "Prior Art" Witnesses Should Not Be Permitted To Testify As To Matters Only Appropriate For Expert Testimony

Whenever a witness is offered to testify on "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702, that witness must be qualified as an expert pursuant to the Supreme Court's *Daubert* and *Kumho Tire* decisions. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993). That rule applies to patent cases just as it applies to any case. *See, e.g.*, *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1220 (Fed. Cir. 2006), *cert. denied*, 127 S.Ct. 599. Although it is common to use expert testimony in patent suits to determine "the teachings of the prior art, and the level of ordinary skill in the pertinent art," 2 Chisum on Patents § 5.04[4], allowing lay witness testimony for these purposes in patent infringement suits involving complex science and technology would be improper. *Informatica Corp. v. Business Objects Data Integration, Inc.*, No. C 02-03378, 2007 WL 607792, at *3 (N.D. Cal. Feb. 23, 2007) ("The Court advises the parties that lay witnesses will not be permitted to testify to issues that would normally be the subject of expert opinion, such as prior art in this advanced technological field or the availability of non-infringing alternatives . . . ."). And in no event can a lay witness be allowed to testify as to his or her opinions that are "based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701.

None of the following witnesses has been disclosed, offered, or qualified as an expert in this suit, and these witnesses should therefore be precluded from offering testimony concerning the validity or infringement of the patents-in-suit:[1]

- for the '356 patent, Michael Tyler, John Verity, Robert Long, and John Annaloro;

- for the '295 patent, Paul Kosinski, Joonki Kim, and Mary Van Deusen;

- for the '226 patent, Kenji Sugiyama, Steffan Ericsson, Richard Schaphorst, Thomas Wehberg, Hans-Georg Musmann, and Didier LeGall;

- for the '272 patent, Jaswant Jain and Peter Hill; and

- for the '759 patent, Richard Shoup, Takeo Kanade, Nick England, Mary Whitton, James Benster, James Foley, James Templeman, George McLeod, Michael Arlen Davis, Jeff Plotnick, Patricia Wenner, and Douglas O'Brien.

Further, this Court's scheduling order required experts to set forth all of their opinions during the expert discovery period. *See also* Fed. R. Civ. P. 26(a)(2). Consequently, even if Defendants were permitted at this point to qualify any of these witnesses as experts, Defendants produced no expert disclosures from these witnesses during expert discovery, and therefore could not now offer opinions from these witnesses in any event.

### B. Defendants Should Be Precluded From Offering Any Testimony For Several Of These Witnesses

With respect to several of these prior art witnesses, Defendants have not identified any relevant facts of which the witnesses have personal knowledge. There are therefore no proper

---

[1] Defendants have also identified a number of potential witnesses to testify about the design and operation of various accused products, including William Kennedy, Mark Nielson, Scott Skroupa, Scott Stamps, Peter Williamson, and Petr Slavik. For the same reasons as discussed herein with respect to Defendants' "prior art" witnesses, these witnesses should be precluded from offering opinions on the scope of claims, infringement, the scope and content of the prior art, or invalidity of the patents-in-suit.

subjects on which these witnesses can testify, and Defendants should be wholly precluded from offering testimony from these witnesses at trial:

- for the '356 patent, John Annaloro;

- for the '295 patent, Paul Kosinski;

- for the '226 patent, Kenji Sugiyama, Steffan Ericsson, Thomas Wehberg, Hans-Georg Musmann, and Didier LeGall; and

- for the '759 patent, Richard Shoup, Takeo Kanade, Nick England, Mary Whitton, James Benster, James Foley, James Templeman, George McLeod, Michael Arlen Davis, Jeff Plotnick, Patricia Wenner, and Douglas O'Brien.

### 1. Defendants' Have Not Pointed To Any Relevant Non-Scientific Facts Within The Personal Knowledge Of These Witnesses

Under Federal Rule of Evidence 602, a lay witness "may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Further, evidence that has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is not relevant and therefore not admissible. Fed. R. Evid. 401, 402.

For the witnesses listed above, Defendants have not pointed to any relevant facts of which the witnesses have personal knowledge. Defendants have not, therefore, offered any relevant subject on which these witnesses can testify, so these witnesses should be precluded from testifying at trial.

### 2. Defendants' Should Be Precluded From Surreptitiously Eliciting Testimony From These Witnesses Through Defendants' Expert Witnesses

Defendants should not be allowed to circumvent this result by having their expert witnesses testify as to what these witnesses told them. In a few instances, Defendants' expert witnesses had brief and limited conversations with the witnesses listed in Section II(B), *supra*. To the extent

Defendants might attempt to elicit from their expert witnesses statements made by these witnesses, Defendants should be precluded from doing so.

First, to the extent Defendants' experts attempted to testify about a statement made by one of these witnesses for the truth of the matter asserted in the statement, that testimony would be hearsay. Fed. R. Evid. 801(c). Although experts are permitted to rely on hearsay in forming their opinions—which, as explained below, Defendants experts do not do—courts have cautioned that experts cannot serve as conduits for hearsay. *See, e.g.*, *United States v. Lundy*, 809 F.2d 392, 395 (7th Cir. 1987). Except for a narrow range of exceptions, hearsay is inadmissible. There appears to be no plausible basis for any such exceptions applying to statements made by these prior art witnesses during conversations with Defendants' expert witnesses, so testimony from Defendants' experts in this regard would be inadmissible hearsay.

Second, Defendants' experts did not actually rely on any statements or information from any of these witnesses in forming their opinions in this case.[2] In a few instances, Defendants' expert reports make vague and inconsequential references to conversations they had with certain of Defendants' expert witnesses. For instance, Dr. Wedig's expert report concerning the Fleming Patent notes that he "had conversations with Dr. James Foley and Mr. Douglas O'Brien." (Ex. 51, Supplemental Expert Report of Dr. Robert G. Wedig on the Invalidity of U.S. Patent No. 4,439,759, ¶ 16.)[3] His report makes no further mention of this conversation with Mr. Foley, and the only additional reference to his conversation with Mr. O'Brien is to note that various scientists

---

[2] Defendants' expert with respect to the '356 patent, Mr. Buscaino, suggests that he relied on conversations with Mr. Robert Long. However, as discussed in Lucent's previous summary judgment motion and concurrently-filed Motion *in Limine* to Preclude Evidence or Argument Regarding the FXFE System or the Tyler Article, Mr. Long's testimony is uncorroborated, unreliable, and cannot serve as a basis for establishing that the FXFE system is prior art. Accordingly, Mr. Buscaino should not be permitted to refer to conversations with Mr. Long for the same reasons.

[3] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM DEFENDANTS' "PRIOR ART" WITNESSES (PLAINTIFFS' MIL NO. 1)

4

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

participated in the drafting of one of the prior art references—an inconsequential point.  (*Id*. ¶ 31.) Mr. Wedig admitted in his deposition that he did not rely on these conversations in forming his opinions in this case (Ex. 82, Wedig Dep. Tr. at 25:8-14, 31:22-24, 32:2-4, 35:25-36:3), he only had a single, brief telephone conversation with each of these individuals (*id.* at 27:1-5, 29:5-6, 33:3-10), and he scarcely even remembered what was discussed during these two telephone conversations. These conversations therefore have no relevance to the opinions Dr. Wedig is offering in this case, and there is no proper reason Dr. Wedig—or any of Defendants' other expert witnesses—should be permitted to refer to conversations with any of the witnesses listed in Section II(B), *supra*.

## III. CONCLUSION

For these reasons, Lucent respectfully requests that the Court grant this motion *in limine* and preclude Defendants from offering opinion testimony from any of its prior art witnesses, and also preclude Defendants from offering any testimony from the witnesses listed in Section II(B), *supra*.

Dated:  January 14, 2008

By:     s/David A. Hahn

David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
Gregory F. Corbett (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Lucent Technologies Inc. and Multimedia Patent Trust