1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone: (619) 235-2100
   Facsimile: (619) 235-2101

4
   *Attorney for Lucent Technologies Inc. and Multimedia Patent Trust*
5  *(Additional counsel listed on the last page)*

6
7                    **UNITED STATES DISTRICT COURT**
                     **SOUTHERN DISTRICT OF CALIFORNIA**
8

9
10 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: |
   | --- | --- |
11 | Plaintiffs and Counterclaim-defendants, | Case No. 02-CV-2060-B (CAB) Case No. 03-CV-0699-B (CAB) |
12 | v. | Case No. 03-CV-1108-B (CAB) |
13 | GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF UNTIMELY DISCLOSED WITNESSES (PLAINTIFFS' MIL NO. 2)** |
14 | | |
15 | | |
16 | Defendants and Counter-claimants, | |
17 | and | |
18 | MICROSOFT CORPORATION, | Date: February 11, 2008 Time: 10:30 A.M. |
19 | Intervener and Counter-claimant, | Courtroom: 13 Judge: Hon. Marilyn L. Huff |
20 | | |
21 | MICROSOFT CORPORATION, | |
22 | Plaintiff and Counter-defendant, | |
23 | v. | |
24 | LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |
25 | | |
26 | Defendants and Counter-claimants, | |
27 | LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |

28 | LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF UNTIMELY DISCLOSED WITNESSES (PLAINTIFFS' MIL NO. 2) | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB) |

|   |   |
|---|---|
| 1 | Plaintiffs and Counterclaim-defendants, |
| 2 |   |
| 3 | v. |
| 4 | DELL INC., |
| 5 | Defendant. |

28  LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE*
TO PRECLUDE TESTIMONY OF UNTIMELY DISCLOSED
WITNESSES (PLAINTIFFS' MIL NO. 2)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent and Multimedia Patent Trust move *in limine*, under Federal Rule of Civil Procedure 37(c), to preclude Defendants from offering testimony at trial from several of the witnesses who were first disclosed in Microsoft's November 16, 2007 supplemental initial disclosures.

## II. BACKGROUND

Although fact discovery in this case closed in February 2006 (Ex. 33, 1/9/06 Scheduling Order),[1] Microsoft has continued to proceed as if no cut-off were in effect. In April 2007, Defendants sought additional obviousness-based briefing in light of the Supreme Court's decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1739 (2007). This Court granted Defendants' request, but the Court made clear that the extraordinary decision to delay trial and allow supplemental briefing was due to the *KSR* decision and thus limited solely to the issue of obviousness. (Ex. 68, 5/11/07 Hearing Tr. at 62:13-22; Ex. 34, 6/7/07 Scheduling Order re Supplemental Obviousness Discovery). The Court allowed limited expert discovery on the issue of obviousness, but, at least implicitly, required that discovery to be completed before supplemental expert reports were due in September 2007. For all other issues, the standing scheduling order still closed discovery in February 2006.

Nevertheless, in November of 2007, Microsoft added a slew of new potential witnesses to its initial disclosures. Among these were Hans-Georg Musmann, Kenji Sugiyama, and Joonki Kim. (Ex. 24, Microsoft's Ninth Supplemental Initial Disclosures (Nov. 16, 2007)). Microsoft has no good cause for failing to disclose these witnesses in a timely manner and has deprived Lucent and Multimedia Patent Trust of the opportunity either to depose these witnesses or to conduct other rebuttal fact discovery. Microsoft should not be permitted to benefit from its own delay. Microsoft's late disclosures warrant exclusion under the Federal Rules.

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF UNTIMELY DISCLOSED WITNESSES (PLAINTIFFS' MIL NO. 2)

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## III. ARGUMENT

The Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980); *accord Abbott Labs. v. Syntron Bioresearch, Inc.*, No. 98-CV-2359, 2001 WL 34082555, at *2 (S.D. Cal. Aug. 24, 2001) (indicating that the purpose of the Federal Rules "is to prevent unfair and prejudicial surprise"). In that vein, Rule 26(a)(1) requires that a party provide initial disclosures to other parties that specify "each individual likely to have discoverable information ***that the disclosing party may use to support its claims or defenses***, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1) (emphasis added).

Federal Rule of Civil Procedure 37(c)(1) precludes the testimony of improperly disclosed witnesses from being used at trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P 37(c)(1); *see also Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) ("Rule 37 sanctions were intended to punish evasion of pretrial discovery.") (internal citations omitted). Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e) in a timely fashion is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1) and advisory committee's note (1993)). Courts routinely exclude the testimony of witnesses not properly disclosed in initial disclosures. *See, e.g., DirecTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1186 (E.D. Cal. 2005) (noting the court's prior exclusion of witnesses that should have been included in initial disclosures); *Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002) (affirming court's exclusion of defendant's witnesses that appeared on trial exhibit list but were not listed in initial disclosures, even if names of witnesses were referenced somewhere during discovery process).

Under Rule 37(c)(1), Microsoft should be precluded from presenting Messrs. Musmann, Sugiyama, and Kim. Microsoft had no good cause for failing to disclose these individuals as potential witnesses earlier in the litigation, and knew that its late disclosure would prejudice Lucent and Multimedia Patent Trust.

And Microsoft's failure to disclose these witnesses cannot be regarded as harmless. Because of Microsoft's late disclosure, Lucent and Multimedia Patent Trust have not had the opportunity to depose these witnesses or conduct other rebuttal fact discovery concerning these witnesses or the content of their expected testimony. Accordingly, Lucent and Multimedia Patent Trust have been unfairly prejudiced in their ability to discover rebuttal evidence. At the very least, Lucent and Multimedia Patent Trust should be permitted to conduct depositions of these witnesses before these witnesses are permitted to appear at trial.

## IV. CONCLUSION

Because Microsoft's disclosure of Messrs. Musmann, Sugiyama, and Kim was untimely, Lucent and Multimedia Patent Trust respectfully request that the Court grant this motion *in limine* to preclude Defendants from calling these witnesses at trial.

Dated: January 14, 2008

By:  s/David A. Hahn
David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
Gregory F. Corbett (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Lucent Technologies Inc. and Multimedia Patent Trust