1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone: (619) 235-2100
   Facsimile: (619) 235-2101

4

5  Attorney for *Multimedia Patent Trust*
   and *Lucent Technologies Inc.*
   *(Additional counsel listed on the last page)*
6

7

8  **UNITED STATES DISTRICT COURT**
   **SOUTHERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>        Plaintiffs,<br>      v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>        Defendants,<br>      and<br><br>MICROSOFT CORPORATION,<br><br>        Intervener. | Case No. 07-CV-2000-H (CAB)<br><br>consisting of matters severed from consolidated cases:<br><br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING DEFENDANTS' UNSUPPORTED ALLEGATIONS OF NON-INFRINGING ALTERNATIVES (PLAINTIFFS' MIL NO. 3)** |
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br>      v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>        Defendant. | Date: February 11, 2008<br>Time: 10:30 A.M.<br>Courtroom: 13, 5th Floor<br>Judge: Hon. Marilyn L. Huff |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>        Plaintiffs,<br>      v.<br><br>DELL INC.,<br><br>        Defendant. | |

## I.     INTRODUCTION

Multimedia Patent Trust ("MPT") moves *in limine*, under Federal Rule of Civil Procedure 37(c), to preclude the defendants from introducing any evidence or argument on, or otherwise making any reference to, unsupported contentions that "Sonic products" are non-infringing alternatives to the technologies claimed in the Netravali '272 patent and/or the Haskell '226 patent.

Dell Corporation ("Dell") apparently plans to contend that certain specific video software products manufactured by a company called Sonic Solutions ("the Sonic products")[1] are "non-infringing alternatives" that bear on the proper measure of damages for Dell's infringement of the Netravali '272 patent and the Haskell '226 patent. (*See* D.I. 48, Memorandum In Support of Dell's Motion for Summary Judgment re the Haskell '226 Patent (hereinafter "Dell '226 Br.") at 18.) Microsoft's expert, Brian Napper, has also alluded to the Sonic products, stating — without any basis or support — "that the Sonic plug-in **may have** been a non-infringing alternative available to Microsoft." (Ex. 62, Jan. 9, 2008 Supplemental Expert Report of Brian W. Napper (hereinafter "Napper Report") at 3-4 (emphasis added)).[2] However, the defendants have failed to proffer evidence that any Sonic product is in fact a non-infringing alternative to the technologies claimed in the Netravali '272 patent or the Haskell '226 patent. Nor have the defendants provided an expert report stating why the Sonic products are non-infringing alternatives.

Indeed, save Mr. Napper's one-sentence remark about Sonic, none of the defendants' expert reports on damages rely on or even allude to Sonic products as non-infringing alternatives. Because the defendants have failed to disclose such information as required by Federal Rule of Civil Procedure 26(a), the defendants should be precluded, under Federal Rule of Civil Procedure 37(c), from introducing at trial evidence or argument related to its contention that that the Sonic products

---

[1] Specifically, the Sonic products include Sonic MyDVD, Sonic DVDit! and Sonic PrimeTime. (*See* Ex. 14, Dell's Fourth Supplemental Response To Lucent's First Set Of Interrogatories (No. 15) at 4.)

[2] All citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support Of Lucent's and Multimedia Patent Trust's Motions *In Limine*, filed concurrently herewith.

are non-infringing alternatives. Therefore, the Court should grant MPT's motion *in limine* to preclude introduction of any such evidence or argument.

## II.     BACKGROUND

MPT contends that Dell computers capable of decoding MPEG-1, MPEG-2 and/or WMP-9/VC-1 video infringe the Netravali '272 patent and the Haskell '226 patent. A small number of the accused computers shipped with Sonic products. (Dell '226 Br. at 17-18.) Each of those computers, however, also shipped with other software for decoding MPEG-1, MPEG-2 and/or WMV-9/VC-1 video. For example, all Dell computers that shipped with a Sonic product also shipped with DVD playback software (developed by either Intervideo or CyberLink) for decoding MPEG-2 video. (Ex. 73, Kokkosoulis Aug. 25, 2005 Dep. Tr. at 100:16-101:12.) Similarly, all Dell computers that shipped with a Sonic product also shipped with MPEG-1 decoding software that comes bundled with the Windows operating system. (Ex. 25, Microsoft Responses to Topics in Stadnick 6/24/05 Letter at 7-8, 13.) Each of these computers infringe by virtue of their incorporation of this other software regardless of whether these computers also include a Sonic product. The presence of Sonic software on a Dell computer is therefore immaterial to whether any accused computer infringes the Netravali '272 patent or the Haskell '226 patent. Accordingly, Lucent and MPT had no reason to offer evidence that the accused computers *also* infringe by virtue of their incorporation of a Sonic product.

In light of Lucent's decision to prove that the accused computer products infringe by incorporating other software, Dell moved for and the Court granted summary judgment that the Sonic products "do not infringe" the Netravali '272 patent and the Haskell '226 patent. (D.I. 1939, July 5, 2007 Order Granting-In-Part, Denying-In-Part And Deferring-In-Part Dell's Motions For Summary Judgment On U.S. Patent Nos. 4,958,226 And 4,383,272 at 5.) In its motion for summary judgment, Dell relied wholly on Lucent's decision not to present evidence of infringement by the Sonic products. (*See* Dell's '226 Br. at 17-18.) Dell offered no evidence of its own as to why Sonic products do not infringe. (*See* Dell's '226 Br.) Nor did Dell offer evidence as to how Sonic products are non-infringing alternatives to the Netravali '272 patent or the Haskell '226 patent. Accordingly, the Court's summary judgment ruling can only be understood as a determination that Dell is not ***liable for*** infringement based on incorporating the Sonic products in Dell computers.

Indeed, at no point have any of the defendants offered any evidence as to how the Sonic products are non-infringing alternatives to the inventions of the Netravali '272 patent and the Haskell '226 patent. Nor has any defendant expert report on damages relied upon this contention. Nevertheless, it seems that Dell plans to contend that the Sonic products are "non-infringing alternatives" that bear on the proper measure of damages for Dell's infringement of the Netravali '272 patent and the Haskell '226 patent. (Dell '226 Br. at 18.) Similarly, Mr. Napper's supplemental expert report's vague allusion to the Sonic products (Ex. 62, Napper Report at 3-4) also suggests that the defendants may contend that Sonic products are non-infringing alternatives. Having submitted no evidence to support this contention, the defendants should be precluded from presenting evidence or argument related to this contention at trial.

### III.  ARGUMENT

#### A.  Because Defendants Have Not Put Forth Any Evidence That Sonic Products Are Non-Infringing Alternatives, They Cannot Do So At Trial.

If a party is required to disclose information under Federal Rule of Civil Procedure 26(a), and does not, Rule 37(c)(1) precludes introduction of that information as evidence at trial:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P 37(c)(1). Excluding evidence at trial as a sanction for failure to disclose under Rule 26(a) is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing FED. R. CIV. P. 37(c)(1) and advisory committee's note (1993)).

Because the defendants apparently plan to contend that the Sonic products are non-infringing alternatives for the technology of the Netravali '272 patent and the Haskell '226 patent (an issue on which ***the defendants*** bear the burden of proof), they were required under Federal Rule of Civil Procedure 26(a) to produce evidence and expert reports to support this contention. They did not. Therefore, under Rule 37(c)(1), the defendants should be precluded from presenting any evidence or argument that supports this contention at trial. Similarly, because the defendants served no expert

report on damages that relied upon the Sonic products as non-infringing alternatives, the defendants should be also precluded from relying on this contention as it bears on damages.[3]

A non-infringing alternative must be both "available" and "acceptable." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002). To be "acceptable," an alleged non-infringing alternative must have had the advantages of the patented technology. *See Standard Haven Prods. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("[T]he mere existence of a competing device does not necessarily make that device an acceptable substitute. A product on the market which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages.") (internal citations omitted).

The defendants have presented no evidence that the Sonic products are available and acceptable non-infringing alternatives to the technology of the Netravali '272 patent or the Haskell '226 patent. While this Court did grant summary judgment of no infringement as to the Sonic products, it did so only because Lucent conceded "that it has not produced any evidence." (D.I. 1939, July 5, 2007 Order at 5.) The Court did not determine if and/or why the Sonic products do not actually infringe — Dell offered no such explanation. Therefore, Dell cannot rely on the summary judgment order to prove Sonic products are not infringing. Summary judgment against Lucent on an issue where **Lucent** had the burden of proof does not amount to proof of an issue on which **Dell** has the burden of proof.[4] *See Independent Cellular Tel., Inc. v. Daniels & Assocs.*, 863 F. Supp. 1109, 1113 (N.D. Cal. 1994) (contrasting what a moving party must show for summary judgment with the

---

[3] To the extent Mr. Napper's statement "that the Sonic plug-in may have been a non-infringing alternative available to Microsoft" (Ex. 62, Napper Report at 3-4) is an allegation that Sonic products are indeed non-infringing alternatives, the allegation is wholly conclusory and made without any foundational support. The report specifies no basis for showing that the Sonic products avoid infringement of the Netravali '272 patent or the Haskell '226 patent, were available to Microsoft at the time of the hypothetical negotiation, and/or were acceptable in providing the advantages of the technology in the Netravali '272 patent or the Haskell '226 patent. Therefore, this allegation should be excluded under Federal Rule of Evidence 702.

[4] At a minimum, Dell should be precluded from arguing or suggesting that any Sonic products other than those addressed in this Court's summary judgment ruling, Sonic MyDVD and DVDit! software (D.I 1939, July 5, 2007 Order at 4), are non-infringing.

burden of proof at trial—"that no reasonable trier of fact could find other than for the moving party" to what a party without the burden of proof at trial must show — "[the party] need only point to the insufficiency of the plaintiff's evidence.").

Nor has this Court held that the Sonic products were available and acceptable as non-infringing alternatives. Therefore, Dell and the other defendants cannot simply rely on the Court's summary judgment finding for the contention that the Sonic products are non-infringing alternatives. They must rely on evidence that the Sonic products were available, acceptable, *and* non-infringing. *See Fiskars*, 279 F.3d at 1382-83 (identifying "sales data showing market acceptance of a non-infringing alternative" and "expert testimony that [a] non-infringing product would be acceptable to consumers" as "means for demonstrating acceptability"). The defendants have not disclosed such evidence as required by Rule 26(a). Therefore, under Rule 37(c), the defendants should be precluded from introducing evidence or argument for the first time at trial to support a contention that the Sonic products are non-infringing alternatives.

Unless precluded, the defendants' introduction for the first time at trial of evidence or argument related to the Sonic products as non-infringing alternatives will seriously prejudice MPT. The defendants should not be allowed to first disclose evidence long after the close of fact discovery, after the completion of expert discovery, and after summary judgment. The defendants' untimely introduction of such evidence would deprive MPT of the opportunity to meaningfully analyze the evidence and have its experts consider and opine upon it in advance of trial. MPT would also be unfairly prejudiced in its inability to discover rebuttal evidence. Indeed, the Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980). To prevent such an ambush here, the Court should use the Rules to preclude the defendants from introducing new evidence at trial.

## IV. CONCLUSION

For the reasons stated above, MPT's motion *in limine* to preclude the defendants from introducing evidence or argument on the Sonic products as "non-infringing alternatives" should be granted.

Dated: January 14, 2007

By: /s/ David A. Hahn
David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Multimedia Patent Trust and
Lucent Technologies Inc.