David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone:    (619) 235-2100
Facsimile:    (619) 235-2101

Attorneys for *Multimedia Patent Trust and Lucent Technologies Inc.*

*(Additional counsel listed on the last page)*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants, <br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener. | Case No. 07-CV-2000-H (CAB) <br><br> consisting of matters severed from consolidated cases: <br><br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AND ARGUMENT INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION ORDER (PLAINTIFFS' MIL NO. 4)** <br><br> Date:         February 11, 2008 <br> Time:         10:30 A.M. <br> Courtroom:    13 <br> Judge:        Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION, <br><br> Plaintiff, <br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant. | |
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> DELL INC., <br><br> Defendant. | |

## I.     INTRODUCTION

Multimedia Patent Trust ("MPT") moves *in limine*, under Federal Rules of Evidence 402 and 403, to preclude the defendants from introducing any evidence or argument that the claims of the '272 patent require a "smart decoder." Over the course of this litigation, the defendants have repeatedly attempted to bolster their non-infringement position by inappropriately reading a motion estimation limitation into claim 13.

During the *Markman* hearing, Microsoft and the other defendants asked the Court to incorporate motion estimation into the "selecting said related locations" element of claim 13. (*See, e.g.*, Ex. 69, Sept. 8, 2004 Hearing Tr. at 224:14-24 (counsel for Microsoft proposing a construction that included "***estimating the displacement*** of objects in said picture") (emphasis added); *id*. at 232:10-12 (counsel for Gateway proposing a construction that included "selecting the related locations for each pel being interpolated by ***estimating the displacement*** of objects in said picture") (emphasis added).)[1] This Court, however, rejected the defendants' efforts to read motion estimation into claim 13, ruling that "selecting said related locations" should be afforded its plain, ordinary meaning. (*See, e.g., id.* at 223:8-9 ("I'm just going to leave it plain language."))

Undeterred, Microsoft argued on summary judgment that the "selecting said related locations" element in claim 13 requires a "smart decoder," once again inviting the Court to erroneously import a motion estimation limitation into claim 13. Faced with the defendant's recycled argument, the Court refused for a second time to limit claim 13 to a decoder performing motion estimation. (D.I. 1921, June 27, 2007 Order at 4 ("[T]he patent itself does not suggest that 'selecting related locations' should be limited to require the decoder to perform motion estimation.") The Court further rejected Microsoft's argument that the plain meaning of "selecting" involves "choosing" and held that the plain meaning of "selecting" does not require a "smart decoder" that

---

[1] All citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support Of Lucent's and Multimedia Patent Trust's Motions *In Limine*, filed concurrently herewith.

can make a choice independent of using the selection already provided by the encoder. (*Id.* at 6 ("[S]electing need not require that the decoder have the independence to make the selection in the absence of such information from the encoder."))

Notwithstanding the Court's claim construction and summary judgment Orders, the defendants may attempt to introduce evidence and argument at trial that the decoder of claim 13 is limited to a "smart decoder," a proposition that has been repeatedly rejected by the Court and is inconsistent with the Court's claim construction, including the claim chart and glossary presented to the jury for use at trial.[2] The defendants should be barred from making any appeals to the jury that attempt to circumvent the Court's claim construction.

*First*, claim construction is a matter for the Court, not the jury. *Second*, the defendants should not be permitted to encourage the jury to disregard the Court's claim construction. *Third*, allowing the defendants to mention the rejected claim constructions would result in an immaterial diversion that prejudices MPT, confuses the issues before the jury, misleads the jury, and wastes the limited time available for trial.

The Court spent extensive time and consideration construing the claims and preparing the claim chart and glossary of terms for the jurors. Raising the rejected claim constructions, at the trial stage of this litigation, is irrelevant because they pertain to issues that have long been decided. Accordingly, MPT moves *in limine* under Federal Rules of Evidence 402 and 403 to preclude the defendants from introducing any evidence or argument on, or otherwise making any reference to, claim limitations that are inconsistent with the already decided constructions.

**II.     ARGUMENT**

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402. Evidence is relevant only if it has a "tendency to make the

---

[2] According to this Court, the purpose of the *Markman* hearings was to not only construe the claims, but also prepare a claim chart and glossary (D.I. 329, Aug. 15, 2007 Superceding Order Construing the '272 Patent) for the jury to refer to during trial. (D.I. 217, Dec. 6, 2004 Order Construing the '272 Patent).

1  existence of any fact that is of consequence to the determination of the action more probable or less
2  probable than it would be without the evidence." FED. R. EVID. 401.  Additionally, evidence that is
3  otherwise relevant should still be excluded under Federal Rule of Evidence 403 "if its probative
4  value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
5  misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of
6  cumulative evidence." FED. R. EVID. 403.  Courts routinely exclude evidence under Federal Rules of
7  Evidence 402 and 403 in such circumstances.  *See, e.g., Williams v. Hughes Helicopters, Inc.*, 806
8  F.2d 1387, 1392 (9th Cir. 1986); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL
9  2001059, at *6 (S.D. Cal. Dec. 3, 1998).

### A. Evidence And Testimony Inconsistent With The Court's Claim Construction Is Irrelevant Under Rule 402.

A determination of infringement requires a two-step process.  First, the Court determines the scope and meaning of the patent claims asserted.  Then, the properly construed claims are compared to the allegedly infringing device.  *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998).  Step one, claim construction, is an issue of law, reserved for the Court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).  Step two, comparison of the claim to the accused device, requires a determination that every claim limitation or its equivalent be found in the accused device.  *Warner-Jenkins Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997).  Those determinations are questions of fact, for the jury. *Union Carbide Chems. & Plastics Tech. v. Shell Oil Co.*, 425 F.3d 1366, 1373 (Fed. Cir. 2005).

The defendants are not entitled to further construe the Court's claim construction at trial.  *See Markman*, 52 F.3d at 970-71.  Nor can the defendants argue that, based on the specification or file history, the inventors really invented something other than what the Court has construed the claims to mean.  *See id.*  The defendants are bound by the Court's claim construction.  *See id.*  Accordingly, any evidence or testimony inconsistent with the Court's claim construction is irrelevant under Rule 402 and should be excluded from the trial.

During claim construction, the Court rejected the argument that claim 13 requires motion estimation, opting instead for the plain meaning of "selecting said related locations." (*See, e.g.*, Ex.

69, Sept. 8, 2004 Hearing Tr. at 223:8-9.)  Further, in its Order denying summary judgment of non-infringement of the '272 patent, the Court held that the plain meaning of selecting need not require a "smart decoder." (D.I. 1921, June 27, 2007 Order at 6).  Accordingly, any evidence or argument that claim 13 requires motion estimation or a "smart decoder" is inconsistent with the Court's claim construction, irrelevant under Rule 402, and therefore should be excluded from the trial.

### B. Evidence Inconsistent With The Court's Claim Construction Is Excludable Under Rule 403.

Even if evidence inconsistent with the Court's claim construction Order had some tangential relevance — which it does not — it should nonetheless be excluded under Rule 403 because of the dangers of unfair prejudice to MPT, confusion of the issues by the jury, and wasting of time.  Evidence and argument inconsistent with the Court's already set claim construction Order will result in nothing more than an improper diversion from the jury's task at trial, namely comparing the properly construed claims to the infringing devices.  *Cybor Corp.*, 138 F.3d at 1454.

Evidence and argument inconsistent with the Court's claim construction Order will unfairly prejudice MPT and confuse the jury by encouraging the jury to apply an incorrect claim construction to the infringing devices.  The inconsistent evidence and testimony will sow jury confusion because the jurors will have the claim chart and glossary of terms on the one hand and the defendants' inconsistent claim construction on the other.  Such inconsistent evidence and testimony would suggest to the jury that it is free to choose whether to apply the Court's construction, the defendants' rejected interpretation, or even a meaning of their own to the disputed claim terms, all contrary to well-established patent law.

Therefore, to the extent the defendants' inconsistent evidence and testimony regarding claim construction has any relevance, it is still inadmissible under Rule 403 because of the dangers of unfair prejudice to MPT, confusion of the issues to the jury, and a wasting of the limited time available for this complex patent trial.  *See, e.g.*, *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032-33 (9th Cir. 2003); *Int'l Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1400 (8th Cir. 1993); *Herskowitz v. Nutri/System, Inc.*, 857 F.2d 179, 188 (3d Cir. 1988).

### III. CONCLUSION

For the reasons discussed herein, MPT requests that the Court grant its motion *in limine* to exclude any evidence inconsistent with the Court's claim construction Order.

DATED: January 14, 2008                    BY          s/David A. Hahn
                                           John M. Desmarais (admitted *pro hac vice*)
                                           Robert A. Appleby (admitted *pro hac vice*)
                                           Michael P. Stadnick (admitted *pro hac vice*)
                                           KIRKLAND & ELLIS LLP
                                           153 East 53rd Street
                                           New York, New York 10022
                                           Telephone: (212) 446-4800
                                           Facsimile: (212) 446-4900

                                           David A. Hahn, SBN 125784
                                           HAHN & ADEMA
                                           501 West Broadway, Suite 1600
                                           San Diego, California 92101-3595
                                           Telephone: (619) 235-2100
                                           Facsimile: (619) 235-2101

                                           Attorneys for *Multimedia Patent Trust and Lucent Technologies Inc.*