David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorney for *Multimedia Patent Trust*
and *Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>　　　　　　Defendants,<br>　　　and<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　Intervener. | Case No. 07-CV-2000-H (CAB)<br><br>consisting of matters severed from consolidated cases:<br><br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**MULTIMEDIA PATENT TRUST AND LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AND ARGUMENT REGARDING THE *EX PARTE* REEXAMINATION OF THE NETRAVALI '272 PATENT, THE HASKELL '226 PATENT, THE DAY '356 PATENT, AND THE FLEMING '759 PATENT (PLAINTIFFS' MIL NO. 5)** |
| MICROSOFT CORPORATION,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>　　　　　　Defendant. | Date:　　　　February 11, 2008<br>Time:　　　　10:30 A.M.<br>Courtroom:　13, 5th Floor<br>Judge:　　　Hon. Marilyn L. Huff |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>　　　　　　Plaintiffs,<br>　　v. | |

MULTIMEDIA PATENT TRUST AND LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AND ARGUMENT REGARDING THE EX PARTE REEXAMINATION OF THE NETRAVALI '272 PATENT, THE HASKELL '226 PATENT, THE DAY '356 PATENT, AND THE FLEMING '759 PATENT (PLAINTIFFS' MIL NO. 5)

Case No. 07-CV-2000-H (CAB)

1  DELL INC.,
2             Defendant.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 MULTIMEDIA PATENT TRUST AND LUCENT'S MOTION IN LIMINE
TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AND
ARGUMENT REGARDING THE EX PARTE REEXAMINATION OF
THE NETRAVALI '272 PATENT, THE HASKELL '226 PATENT, THE
DAY '356 PATENT, AND THE FLEMING '759 PATENT (PLAINTIFFS'
MIL NO. 5)

1

Case Nos. 02-CV-2060-B (CAB),
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

## I. INTRODUCTION

Multimedia Patent Trust ("MPT") and Lucent move *in limine*, under Federal Rules of Evidence 402 and 403, to preclude the defendants from introducing any evidence or argument regarding the United States Patent & Trademark Office's ("USPTO") decisions to grant Dell's *ex parte* requests for reexamination of the Netravali '272 patent, the Haskell '226 patent, the Day '356 patent, and the Fleming '759 patent.

The Court should preclude any evidence or argument concerning these reexamination request grants because: (1) pursuant to Rule 402, such evidence and argument has no probative value; and (2) pursuant to Rule 403, such evidence and argument would be unfairly prejudicial to MPT and Lucent, confusing to the jury, and wasteful to this Court. Therefore, the Court should grant MPT and Lucent's motion *in limine* to exclude any such evidence, testimony or argument regarding the USPTO's decision to grant the *ex parte* request for reexamination of the Netravali '272 patent, the Haskell '226 patent, the Day '356 patent, and the Fleming '759 patent.

## II. ARGUMENT

### A. Evidence or Argument Concerning The *Ex Parte* Reexamination Grants Is Wholly Irrelevant.

Under Rule 402, "[e]vidence which is not relevant is not admissible." Relevant evidence is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Additionally, evidence that is otherwise relevant should still be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts routinely exclude evidence under Federal Rules of Evidence 402 and 403 in such circumstances. *See, e.g., Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1392 (9th Cir. 1986); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL 2001059, at *6 (S.D. Cal. Dec. 3, 1998).

In July 2007, Dell filed requests for *ex parte* reexaminations of the Day '356, the Netravali '272, the Haskell '226, and the Fleming '759 patents. (Ex. 129, May 3, 2007 *Ex Parte* Reexamination Request of the Day '356 patent; Ex. 85, Jul. 12, 2007 *Ex Parte* Reexamination Request of the Netravali '272 Patent; Ex. 86, Jul. 16, 2007 *Ex Parte* Reexamination Request of the Haskell '226 Patent; Ex 125, July 24, 2007 *Ex Parte* Reexamination Request of the Fleming '759 patent).[1] Examiners from the USPTO subsequently granted each request. (*See* Ex. 36, Order Granting Request For *Ex Parte* Reexamination Of The Netravali '272 Patent; Ex. 127, Order Granting Request For *Ex Parte* Reexamination Of The Day '356 Patent; Ex. 128, Order Granting Request For *Ex Parte* Reexamination Of The Fleming '759 Patent; and Ex. 35, Order Granting Request For *Ex Parte* Reexamination Of The Haskell '226 Patent).[2]

In *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, the Federal Circuit took "notice that the grant by the examiner of a request for reexamination is not probative of unpatentability." 78 F.3d 1575, 1584 (Fed. Cir. 1996). The court cited an Annual Report of the Patent and Trademark Office for 1994, which states that, "89% of the reexamination requests were granted that year, but only 5.6% of the reexamined patents were completely rejected with no claims remaining after reexamination."[3] *Id.* at n.2. Because of the extremely high grant rate, coupled with so few patents ultimately being rejected, the Federal Circuit came to the conclusion that a grant of reexamination "does not establish a likelihood of patent invalidity." *Id.* at 1584.

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

[2] Dell filed an earlier request for reexamination of the Fleming '759 patent on June 15, 2007 and a subsequent request for reexamination of the Day '356 patent on July 3, 2007. The status of these requests is not known. To the extent that these requests have been granted, they should be precluded for the reasons set forth herein.

[3] The USPTO statistics concerning reexaminations cited in *Hoechst* have not varied substantially in the intervening years. (*See* Ex. 117, 2006 USPTO Performance and Accountability Report at 133).

Just like the defendant in *Hoechst*, Dell sought an *ex parte* reexamination of the patents-in-suit prior to trial. And, just as in *Hoechst*, this Court has decided to move forward with the proceedings rather than stay them pending resolution of the reexamination. In *Hoechst*, the defendant "argue[d] that the acceptance by the patent examiner of the reexamination request was evidence of the closeness of the question and supports the position that infringement was not willful." *Id.* The Federal Circuit found the grant of reexamination not at all probative of patentability, and thus not evidence relevant to willfulness. *Id.*

Despite clear direction from *Hoechst*, the defendants have misused and may continue to misuse the grants of reexamination as probative evidence of unpatentability. For example, Dell has already argued that the grant of reexamination is evidence of unpatentability to support its successful motion for summary judgment that it did not willfully infringe the Netravali '272, the Haskell '226, and the Day '356 patents. (*See* D.I. 12, Dell's Reply In Supp. Of Its Mot. For Partial Summ. J. Of No Willful Infringement). Similarly, the defendants' expert, Gerald Mossinghoff, has also contorted the probative value of patent reexamination grants in his Supplemental Expert Reports on the Netravali '272 patent, the Haskell '226 patent, and the Fleming '759 patent. In his reports, Mr. Mossinghoff suggests that the reexamination grants are indications that references cited in the requests for reexamination were material to the patentability of the Netravali '272 patent, the Haskell '226 patent, and the Fleming '759 patent. (*See* Ex. 47, Supplemental Expert Report On The '272 Patent at 5 ("The decision of the USPTO in the '272 Reexamination Order reinforces my opinion . . . that the Gabor & Hill reference was material to the patentability of a claim of the patent application that resulted in the '272 patent"); Ex. 46, Supplemental Expert Report On The '226 Patent at 5 ("The decision of the USPTO in the '226 Reexamination Order reinforces my opinion . . . that the Digital Pictures book was material to the patentability of a claim of the patent application that resulted in the '226 patent."); Ex. 126, Supplemental Expert Report On The '759 Patent at 5 ("The decision of the USPTO in the '759 Reexamination Order reinforces my opinion . . . that the SIGGRAPH Report was material to the patentability of a claim of the patent application that resulted in the '759 patent")).

1  Under Federal Rule of Evidence 401, evidence that is not probative of any fact of
2  consequence is not relevant. Under Federal Rule of Evidence 402, evidence that is not relevant is
3  not admissible. In *Hoechst*, the Federal Circuit found the grant of a reexamination request not
4  probative of invalidity or any other issue in this case. Therefore, the reexamination grants are not
5  relevant under Rule 401 and thus not admissible under Rule 402.

6  The Court should therefore grant MPT and Lucent's motion *in limine* and preclude the
7  defendants from introducing any evidence regarding the USPTO's decisions to grant Dell's *ex parte*
8  requests for reexamination of the Netravali '272 patent, the Haskell '226 patent, the Day '356 patent,
9  and the Fleming '759 patent.

     **B.    Evidence Or Argument Concerning The *Ex Parte* Reexamination Grant Is Unfairly Prejudicial To MPT, Confusing To The Jury, And Wasteful to the Court.**

Even if the USPTO's decisions to grant *ex parte* reexaminations of the Netravali '272 patent, the Haskell '226 patent, the Day '356 patent, and the Fleming '759 patent had some tangential relevance to an issue in this trial—which they do not—Rule 403 nevertheless precludes the defendants from introducing such evidence or argument because of the dangers of unfair prejudice to MPT and Lucent, confusion of the issues by the jury, and wasting of the limited time available for this already-complex patent trial.

As noted above, the fact that the USPTO has granted reexamination requests for the Netravali '272, the Haskell '226, the Day '356, and the Fleming '759 patents has no probative value. As the Federal Circuit stated in *Hoechst*, "the grant by the examiner of a request for reexamination is not probative of unpatentability." 78 F.3d at 1584. On the other hand, the fact that the USPTO has granted these *ex parte* requests is prejudicial to MPT and Lucent because the jury could place undue weight on, or draw an improper inference from, these decisions. Indeed, courts routinely exclude administrative findings (like a decision to grant a reexamination) under Federal Rule of Evidence 403 because of the effect such findings could have on a jury. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1340 (3d Cir. 2002) (affirming trial court's exclusion under Federal Rule of Evidence

403 of Equal Employment Opportunity Commission (EEOC) Letter of Determination in which EEOC determined there was probable cause to believe discrimination had occurred); *United States v. MacDonald*, 688 F.2d 224, 230 (4th Cir. 1982) (affirming trial court's exclusion under Federal Rule of Evidence 403 of Army investigator's findings and conclusions as to whether probable cause existed to court martial defendant where findings may confuse jury and "undermine the exclusive province of the jury").

Moreover, such evidence or argument could cause undue delay and waste the time available for this complex trial. Weighing the likelihood of unfair prejudice to MPT and Lucent, jury confusion, and waste of judicial resources against the probative value of the USPTO's decision to grant *ex parte* reexaminations of the Netravali '272 patent, the Haskell '226 patent, the Day '356 patent, and the Fleming '759 patent, the defendants should, pursuant to Rule 403, be precluded from introducing evidence or argument on the issue.

### III. CONCLUSION

For the reasons stated above, MPT and Lucent's motion *in limine* to preclude the defendants from introducing evidence or argument on the USPTO's decisions to grant Dell's *ex parte* requests for reexamination of the Netravali '272 patent, the Haskell '226 patent, the Day '356 patent, and the Fleming '759 patent should be granted.

Dated: January 14, 2007

Multimedia Patent Trust and Lucent Technologies Inc.

By: /s/ David A. Hahn

David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

MULTIMEDIA PATENT TRUST AND LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AND ARGUMENT REGARDING THE EX PARTE REEXAMINATION OF THE NETRAVALI '272 PATENT, THE HASKELL '226 PATENT, THE DAY '356 PATENT, AND THE FLEMING '759 PATENT (PLAINTIFFS' MIL NO. 5)   5   Case No. 07-CV-2000-H (CAB)

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900


Attorneys for Multimedia Patent Trust and
Lucent Technologies Inc.