1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California  92101-3595
3  Telephone:  (619) 235-2100
   Facsimile:  (619) 235-2101
4
5  Attorney for *Multimedia Patent Trust*
   and *Lucent Technologies Inc.*
6  *(Additional counsel listed on the last page)*
7
8                **UNITED STATES DISTRICT COURT**
                 **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs, <br> v. <br><br> GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants, <br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener. | Case No. 07-CV-2000-H (CAB) <br><br> consisting of matters severed from consolidated cases: <br><br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE ARGUMENT THAT CCITT DOCUMENTS ARE PRINTED PUBLICATIONS (PLAINTIFFS' MIL NO. 6)** |
| MICROSOFT CORPORATION, <br><br> Plaintiff, <br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant. | Date:         February 11, 2008 <br> Time:         10:30 A.M. <br> Courtroom:  13, 5th Floor <br> Judge:        Hon. Marilyn L. Huff |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs, <br> v. <br><br> DELL INC., <br><br> Defendant. | |

## I. INTRODUCTION

Multimedia Patent Trust ("MPT") moves *in limine*, under Federal Rule of Civil Procedure 37(c), to preclude the defendants from introducing any evidence or argument on, or otherwise making any reference to, unsupported contentions that CCITT documents are "printed publications."

The defendants apparently plan to contend that contribution documents submitted to the CCITT Specialists Group for H.261 were "printed publications" under 35 U.S.C. § 102(b) prior to the filing date of the Haskell '226 patent. (*See* Ex. 44, Mar. 31, 2006 Delp Report at 45-46.)[1] The defendants' technical expert, Edward Delp, has opined that these CCITT documents, in combination, render the Haskell '226 patent invalid for obviousness. (*See* Ex. 45, Sept. 14, 2007 Delp Obviousness Report at 29-34). But except for Dr. Delp's conclusory statement that the CCITT documents are printed publications (s*ee* Ex. 44, Mar. 31, 2006 Delp Report ¶ 104 at 45-46), the defendants offer no evidence to support the contention that the CCITT documents qualify as prior art. Dr. Delp's claim that the CCITT documents qualify as printed publications is wholly unsupported by the deposition testimony that Dr. Delp cites in support of his position, or any other evidence. Because the defendants have failed to disclose evidence that the CCITT documents were accessible to the public — to the extent such evidence exists — as required by Federal Rule of Civil Procedure 26(a), the defendants should be precluded, under Federal Rule of Civil Procedure 37(c), from introducing at trial evidence or argument related to its contention that the CCITT documents are printed publications.

## II. BACKGROUND

The defendants contend that it would have been obvious to combine a select few of the nearly 600 separate documents, covering a wide range of different video coding technologies, that were submitted to CCITT SGXV Specialists Group during the development of the ITU-T Recommendation H.261 (*see, e.g.*, Ex. 43, Oct. 12, 2007 Girod Report at 23), and that such a

---

[1] All citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support Of Lucent's and Multimedia Patent Trust's Motions *In Limine*, filed concurrently herewith.

combination would meet the limitations of claim 12 of the Haskell '226 patent.  (*See* Ex. 44, Mar. 31, 2006 Delp Report ¶ 104 at 45-46; Ex. 23, Microsoft's Eighth Supp. Interrog. Resp. to Interrog. No. 1 at 8-9.)  The only support that the defendants offer for this contention is found in the expert reports of Dr. Delp.  (*See* Ex. 45, Sept. 14, 2007 Delp Obviousness Report at 29-34; Ex. 44, Mar. 31, 2006 Delp Report at 45-71.)  Indeed, Microsoft's response to Lucent's interrogatory seeking the factual and legal bases for the defendants contentions that the Haskell '226 patent is invalid does little more than incorporate Dr. Delp's reports and deposition testimony by reference.  (Ex. 23, Microsoft's Oct. 5, 2007 Eighth Supp. Interrog. Resp. to Interrog. No. 1 at 8-9.)  Dell and Gateway's responses to the identical interrogatory do not even mention the CCITT documents at all, but merely incorporate Microsoft's response by reference.  (Ex. 11, Dell's Oct. 16, 2007 Eighth Supp. Interrog. Resp. at 22; Ex. 21, Gateway's Oct. 9, 2007 Interrog. Supp. Resp. at 9.)

As such, the defendants' proof that the CCITT documents qualify as prior art consists of the following conclusory statement by Dr. Delp:

> The contribution documents submitted to the Specialists Group for H.261 are 'printed publications' under 35 U.S.C. § 102(b) because, *inter alia*, (a) they were presented at a non-confidential meeting before a large assembly [sic] individuals from a worldwide collection of corporations skilled in the art and deeply interested in the technology, (b) they were disseminated to those persons without restriction; (c) they were shared by those individuals with other people who were not at the meeting; (d) they were given to the U.S. government; (e) they were cited as references in patents; and they were cited as references in articles.

(Ex. 44, Mar. 31, 2006 Delp Report ¶ 104 at 45-46.)  The defendants offer no other evidence to support the contention that the CCITT documents are publications.  Furthermore, Dr. Delp's litany of unsubstantiated reasons for why the CCITT documents qualify as printed publications is wholly unsupported by the scraps of deposition testimony that Dr. Delp cites in support of his position.  (*Id.* citing Ex. 79, Scharphorst Dep. Tr. at 141-47; Ex. 72, Haskell Dep. Tr. at 137-39; Ex. 71, Ericsson Dep. Tr. at 77-86.)

While the defendants offer no evidence as to how the CCITT documents qualify as printed publications, Dr. Delp's expert reports indicate that the defendants intend to rely on the CCITT

documents as prior art in their arguments that the Haskell '226 patent is invalid. Without having disclosed evidence to support the contention that the CCITT documents are in fact prior art printed publications under 35 U.S.C. § 102(b), the defendants should be precluded from presenting argument related to that contention at trial.

## III.    ARGUMENT

### A. Because The Defendants Have Not Put Forth Evidence Demonstrating That CCITT Documents Are Printed Publications, They Cannot Do So At Trial.

If a party is required to disclose information under Federal Rule of Civil Procedure 26(a), and does not, Federal Rule of Civil Procedure 37(c)(1) precludes introduction of that information as evidence or testimony at trial:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P 37(c)(1). Excluding evidence at trial as a sanction for failure to disclose under Rule 26(a) is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing FED. R. CIV. P. 37(c)(1) and advisory committee's note (1993)).

Because the defendants apparently plan to contend that the CCITT documents are printed publications that qualify as prior art to the Haskell '226 patent (an issue on which ***the defendants*** bear the burden of proof), they were required under Federal Rule of Civil Procedure 26(a) to identify evidence to support that contention in response to Lucent's interrogatories seeking the factual bases for the defendants' invalidity contentions. (Ex. 1, Lucent's Feb. 24, 2007 First Set of Interrog. to Dell (No. 1) at 7; Ex. 3, Lucent's Feb. 24, 2007 First Set of Interrog. to Microsoft (No. 1) at 7; Ex. 2, Lucent's Feb. 24, 2007 First Set of Interrog. to Gateway (No. 1) at 7.) They did not. Therefore, under Rule 37(c)(1), the defendants should be precluded from presenting any evidence, testimony or argument that supports this contention at trial.

Whether a document is a printed publication is a legal determination based on underlying fact issues. *In re Hall,* 781 F.2d 897, 899 (Fed. Cir. 1986). "[D]issemination and public accessibility are the keys to the legal determination whether a prior art reference was 'published.'" *Aspex Eyewear, Inc. v. Concepts In Optics, Inc.*, 111 Fed. Appx. 582, 586 (Fed. Cir. 2004) (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1568 (Fed. Cir. 1988) and reversing summary judgment of invalidity where defendants had offered no evidence that the reference in question was publicly disseminated prior to the critical date). For a document to serve as a printed publication, "[t]he proponent of the publication bar must show that prior to the critical date the reference was sufficiently accessible, at least to the public interested in the art, so that such a one by examining the reference could make the claimed invention without further research or experimentation." *In re Hall*, 781 F.2d at 899.

The defendants have not disclosed evidence demonstrating that the CCITT documents were accessible to the public or publicly disseminated. Indeed, the defendants did not even attempt to take discovery on that point. Save for a few cursory questions to individuals who received certain CCITT documents at closed meetings of the ITU-T (*see* Ex. 79, Scharphorst Dep. Tr. at 141-47; Ex. 72, Haskell Dep. Tr. at 137-39; Ex. 71, Ericsson Dep. Tr. at 77-86), the defendants did not seek or offer any evidence that the CCITT documents were disseminated to the public or that an interested member of the public could have located copies of those documents through the exercise of reasonable diligence. Absent such evidence, any argument by the defendants that the CCITT documents are prior art will only serve to mislead and confuse the jury, and should be precluded under Federal Rules of Civil Procedure 402 and 403.

Moreover, the defendants' introduction for the first time at trial of evidence related to the CCITT documents as printed publications would seriously prejudice MPT. The defendants should not be allowed to disclose new evidence long after the close of fact discovery, after the completion of expert discovery, and after summary judgment. The defendants' untimely introduction of such evidence would deprive MPT of the opportunity to meaningfully analyze the evidence and have its experts consider and opine upon it in advance of trial. MPT would also be unfairly prejudiced in its

inability to discover rebuttal evidence.  Indeed, the Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'"  *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980).

## IV. CONCLUSION

For the reasons stated above, MPT's motion *in limine* to preclude the defendants from introducing evidence or argument on the CCITT documents as printed publications should be granted.

Dated:  January 14, 2007

By:  /s/  David A. Hahn

David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Multimedia Patent Trust and Lucent Technologies Inc.