David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone:   (619) 235-2100
Facsimile:   (619) 235-2101

Attorneys for *Multimedia Patent Trust and Lucent Technologies Inc.*
(Additional counsel listed on the last page)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants, <br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener. | Case No. 07-CV-2000-H (CAB) <br><br> consisting of matters severed from consolidated cases: <br><br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM REFERENCING THE FACT THAT LUCENT ORIGINALLY ASSERTED ADDITIONAL VIDEO CODING PATENTS AND PATENT CLAIMS (PLAINTIFFS' MIL NO. 7)** <br><br> Date:   February 11, 2008 <br> Time:   10:30 A.M. <br> Courtroom:   13 <br> Judge:   Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION, <br><br> Plaintiff, <br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant. | |
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> DELL INC., <br><br> Defendant. | |

## I.   INTRODUCTION

Multimedia Patent Trust ("MPT") moves *in limine* under Federal Rules of Evidence 402 and 403 to preclude the defendants from referencing (1) the fact that Lucent originally asserted, but has chosen not to pursue, infringement of Claim 22 of U.S. Patent No. 4,383,272 ("the '272 patent") and (2) the fact that Lucent originally asserted U.S. Patent No. 5,227,878 ("the '878 patent") in this suit, but that the Court granted summary judgment of invalidity on that patent.

## II.   BACKGROUND

Lucent originally asserted additional patents and patent claims related to video coding against the defendants. Lucent initially alleged that Dell and Gateway infringed Claim 22 of the '272 patent, but has voluntarily chosen not to pursue that claim during the course of this litigation. Thus, only one claim — Claim 13 — of the '272 patent remains in this suit. Lucent also initially alleged that the defendants infringed U.S. Patent No. 5,227,878. The Court granted summary judgment of invalidity on the asserted claims, however, based on a PTO printing error that has since been corrected. (D.I. 325, Aug. 11, 2005 Order Granting In-Part and Denying In-Part Microsoft's Motion for Partial Summary Judgment.) That patent is therefore no longer at issue in this suit (although it is asserted in co-pending case 06-cv-0684).

## III.   ARGUMENT

### A.   The Fact That Lucent Previously Asserted Additional Patents And Claims Is Irrelevant To Any Issue In This Trial.

Under the Federal Rules of Evidence, "relevant" evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. "Evidence which is not relevant is not admissible." FED. R. EVID. 402.

Litigants routinely assert claims or causes of action and then voluntarily dismiss those claims and causes of action "for any number of reasons or benefits" having nothing to do with the merits of the claims. *See e.g.*, *Bryant v. MV Transp., Inc.*, 231 F.R.D. 480, 481 (E.D. Va. 2005); *Union Gas Sys., Inc. v. E. Cent. Gas & Pipeline Corp.*, No. 88-2565-O, 1989 WL 45373, at *1 (D.

1 Kan. Apr. 12, 1989) ("We note that parties voluntarily dismiss actions for many reasons."); *Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266, 1277 (5th Cir. 1989) ("Voluntary dismissal of a suit can occur for a variety of reasons."). When a party chooses not to pursue a claim — as Lucent has done with respect to infringement of Claim 22 of the '272 patent — it is entirely improper to draw any inferences or conclusions about its merits, let alone the merits of other claims that remain in the action. *Cf. Bryant*, 231 F.R.D. at 481 ("The parties could have agreed to dismiss for any number of reasons or benefits, other than because one party would have won on the merits if the case went to trial. Thus, neither litigant is the prevailing party."); *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th Cir. 2004) ("The record in this case provides nothing from which to infer that the voluntary dismissal . . . was a favorable termination . . . on the merits."). Thus, the fact that Lucent has chosen not to pursue Claim 22 in this suit has no relevance to any issue at trial. That Lucent, at one time, alleged that Dell and Gateway infringed Claim 22 and, at a later time, voluntary dismissed those allegations does not have "***any tendency*** to make . . . more probable or less probable" any fact concerning Claim 13 of the '272 patent — the only claim at issue regarding the '272 patent. *See* FED. R. EVID. 401 (emphasis added).

With respect to the '878 patent, the fact that the Court granted summary judgment of invalidity on the previously asserted claims of that patent has absolutely no bearing on any issues in this trial. The claims of the '878 patent have different scope than the asserted claims of the patents-in-suit, and nothing about that patent or the Court's summary disposition of that patent tends to show anything about the patents in this trial. Nor did the PTO's printing error in the '878 patent — now corrected — have any bearing on the patents being tried in this case.

Indeed, no issue to be resolved at this trial has even the slightest nexus to the fact that Lucent asserted and voluntarily dismissed Claim 22 or that the Court dismissed the '878 patent. Those issues have no bearing on infringement or validity of the patent claims asserted in this trial. *See Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 988 (Fed. Cir. 1999) (applying element-by-element comparison of patent claims to accused products to determine infringement); *Oakley, Inc. v. Sunglass Hut Intern.*, 316 F.3d 1331, 1342-44 (Fed. Cir. 2003) (applying element-

by-element comparison of patent claims to prior art to determine validity). Nor do the decisions regarding the claims of the '272 and '878 patents have any bearing on the amount of damages that MPT is owed for the defendants' infringement of the patents in this trial. The Court should accordingly rule that any evidence or argument concerning these decisions is inadmissible under Rule 402.

### B. References To The Fact That Lucent Previously Asserted Additional Patents And Claims Would Be Unfairly Prejudicial To MPT, Misleading To The Jury, And Wasteful To The Court.

Federal Rule of Evidence 403 provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Even if Lucent's assertion of other claims and patents had any relation to this trial — which it does not — Rule 403 nevertheless precludes the defendants from referencing these other claims and patents because of the danger of unfair prejudice to MPT, misleading the jury, and wasting of the limited time available for this already complex patent trial.

As explained above, the fact that Lucent asserted and voluntarily dismissed Claim 22 has no probative value because it is irrelevant to the remaining '272 patent infringement, validity, and damages issues. Likewise, the dismissal of the '878 patent is entirely irrelevant to any patent at issue in this trial. However, these facts are highly prejudicial to MPT because the jury could unjustly place undue weight on, or draw an improper inference from, Lucent's apparent lack of success — with respect to other claims asserted against the defendants' other Video Coding products — when it adjudicates the infringement, validity, or reasonable royalty issues involving the patent claims in this trial. *See Acevedo-Garcia v. Monroig*, 351 F.3d 547, 561 (1st Cir. 2003) (noting that "evidence of previously dismissed claims may have an undue tendency to suggest a decision on an improper basis"). Moreover, evidence, testimony, or argument regarding Claim 22 or the claims of the '878 patent is likely to cause undue delay and waste the very limited time available for this complex trial.

In light of the likelihood of this unfair prejudice to MPT, jury confusion, and waste of judicial resources — weighed against the nonexistent probative value of Lucent's previous assertions of other patents and patent claims — the Court should preclude the defendants from introducing evidence or argument on these issues.

## IV. CONCLUSION

For these reasons, MPT's motion *in limine* to preclude the defendants from referencing Lucent's decision not pursue Claim 22 of the '272 patent and the Court's decision to grant summary judgment of invalidity on the '878 patent should be granted.

Dated: January 14, 2008

By:     s/David A. Hahn
David A. Adema, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
Gregory F. Corbett (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Multimedia Patent Trust