1  David A. Hahn, SBN 125784
2  HAHN & ADEMA
   501 West Broadway, Suite 1600
3  San Diego, California 92101-3595
   Telephone:    (619) 235-2100
4  Facsimile:    (619) 235-2101

5  Attorneys for *Multimedia Patent Trust and*
6  *Lucent Technologies Inc.*

7  *(Additional counsel listed on the last page)*

8  **UNITED STATES DISTRICT COURT**
   **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., | Case No. 07-CV-2000-H (CAB) |
| Plaintiff, | |
| v. | consisting of matters severed from consolidated cases: |
| GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB) |
| Defendants,<br>and | **MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM REFERENCING PRIOR ART AUTHOR'S NOBEL PRIZE (PLAINTIFFS' MIL NO. 8)** |
| MICROSOFT CORPORATION, | |
| Intervener. | |
| MICROSOFT CORPORATION, | Date:    February 11, 2008<br>Time:    10:30 A.M.<br>Courtroom:    13<br>Judge:    Hon. Marilyn L. Huff |
| Plaintiff, | |
| v. | |
| LUCENT TECHNOLOGIES INC., | |
| Defendant. | |
| LUCENT TECHNOLOGIES INC., | |
| Plaintiff, | |
| v. | |
| DELL INC., | |
| Defendant. | |

## I. INTRODUCTION

In an apparent effort to influence the decision-maker's consideration of prior art, the defendants have made frequent references to the fact that Denis Gabor, an author of some of the prior art references cited by the defendants against the Netravali '272 Patent, won the Nobel Prize for physics. Dr. Gabor's credibility and qualifications are not at issue in this suit. Dr. Gabor is not even a witness in this case. The fact that he won the Nobel Prize is therefore irrelevant to any issue in the case. Rather, the only purpose for referencing Dr. Gabor's Nobel Prize is an improper one — namely, to cause the jury to put undue emphasis on Dr. Gabor's papers or overstate the content of the disclosures in Dr. Gabor's papers. The defendants should be precluded from doing so.

## II. ARGUMENT

### A. Dr. Gabor's Nobel Prize Is Irrelevant.

Under the Federal Rules of Evidence, "relevant" evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. "Evidence which is not relevant is not admissible." FED. R. EVID. 402. Dr. Gabor is an author of certain references relied on by the defendants in their invalidity arguments with respect to the Netravali '272 Patent. Dr. Gabor is not testifying in this case, and the defendants' invalidity arguments do not rely on anything in any way related to Dr. Gabor other than the content of the alleged prior art references he authored. Invalidity arguments based on prior art turn only on whether a particular reference discloses all of the elements of an asserted patent claim and whether the reference constitutes prior art under 35 U.S.C. § 102. *See, e.g.*, *In re Buszard*, 504 F.3d 1364, 1366 (Fed. Cir. 2007) ("A rejection for anticipation under section 102 requires that each and ever limitation of the claimed invention be disclosed in a single prior art reference." (internal citations omitted)); *Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1355 (Fed. Cir. 2007) (obviousness requires determination of "the scope and content of the prior art" (internal citations omitted)). The author's credentials and accolades have no bearing on either of those questions.

### B. Any Reference To Mr. Gabor's Nobel Prize Will Result In Unfair Prejudice To MPT, Confuse The Issues, And Mislead The Jury.

Not only is evidence of Dr. Gabor's credentials and awards devoid of any relevance or probative value, it will also unfairly prejudice MPT. Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, [or] waste of time." FED. R. EVID. 403. The apparent purpose of the defendants' frequent references to "Nobel prize-winning physicist Denis Gabor" is to influence the decision-maker with Dr. Gabor's irrelevant but highly impressive qualifications in an effort to lend improper weight to Dr. Gabor's papers. (D.I. 72-2, Br. in Supp. of Mot. of Dell Inc. for Summary Judgment of Invalidity on the Asserted Claims of the Netravali '272 Patent at 1.) Dr. Gabor was an extremely accomplished individual, and a jury would be very impressed by his selection for the Nobel Prize in physics. But Dr. Gabor's credibility and qualifications simply are not at issue in this case and there is no reason to confuse the issues or mislead the jury by interjecting his qualifications into the trial.

### III. CONCLUSION

For these reasons, MPT respectfully requests that the Court grant MPT's motion *in limine* to exclude all evidence or references to the fact that Dr. Gabor won the Nobel Prize.

Dated: January 14, 2008

By:     s/David A. Hahn
    David A. Adema, SBN 125784
    HAHN & ADEMA
    501 West Broadway, Suite 1600
    San Diego, California 92101-3595
    Telephone: (619) 235-2100
    Facsimile: (619) 235-2101

    John M. Desmarais (admitted pro hac vice)
    Robert A. Appleby (admitted pro hac vice)
    Gregory F. Corbett (admitted pro hac vice)
    KIRKLAND & ELLIS LLP
    153 East 53rd Street
    New York, New York 10022
    Telephone: (212) 446-4800
    Facsimile: (212) 446-4900

    Attorneys for Multimedia Patent Trust and
    Lucent Technologies Inc.