David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

Attorneys for *Multimedia Patent Trust and Lucent Technologies Inc.*

*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants, <br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener. | Case No. 07-CV-2000-H (CAB) <br><br> consisting of matters severed from consolidated cases: <br><br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING TORTIOUS INTERFERENCE THEORIES NOT TIMELY DISCLOSED (PLAINTIFFS' MIL NO. 9)** <br><br> Date:  February 11, 2008 <br> Time:  10:30 A.M. <br> Courtroom:  13 <br> Judge:  Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION, <br><br> Plaintiff, <br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant. | |
| LUCENT TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> DELL INC., <br><br> Defendant. | |

## I.     INTRODUCTION

Lucent Technologies Inc. ("Lucent") moves *in limine*, under Federal Rule of Civil Procedure 37, to preclude the defendants from presenting new theories in support of the defendants' tortious interference claims. The defendants allege that Lucent has tortiously interfered with their expectation to become licensed under the '226 and '272 patents through MPEG LA. Under New Jersey law — which this Court has determined governs the tortious interference counterclaims in this case — the defendants must prove that Lucent's alleged interference was malicious. Over the course of this litigation, the defendants disclosed only two theories for "wrongful" conduct in the context of tortious interference with prospective economic advantage. Because the defendants failed to disclose during discovery any other bases for the malice prong of tortious interference, the defendants shall be precluded from presenting any such undisclosed facts, theories, or arguments at trial.

## II.     BACKGROUND

On April 9, 2007, Gateway filed an Amended Answer and Counterclaims to Plaintiff's Second Amended Complaint alleging an additional counterclaim (Count XXVII) of tortious interference with prospective economic advantage. (D.I. 1410, Gateway's Amended Answer and Counterclaims at 48-49.) Microsoft filed a similar tortious interference with business expectancy counterclaim (Count XXIII) on August 2, 2007. (D.I. 1968-2, Microsoft's Second Amended Reply and Additional Counterclaims at 48.) The Court granted Dell leave to raise an identical claim during oral argument on December 7, 2007 and Dell filed a Third Amended Answer and Counterclaims adding this claim on December 11, 2007. (*See* D.I. 135, Dec. 12, 2007 Order at 1.)

This Court has ruled that New Jersey law applies to these counterclaims because the agreements alleged to constitute the basis of the interference were executed in New Jersey. (D.I. 2109, Oct. 1, 2007 Order at 20.) Under New Jersey law, claims for tortious interference require four elements: (1) the existence of a prospective economic relationship; (2) interference which was intentional and with malice; (3) the loss of the prospective gain as a result of the interference; and (4) damages. *Velop, Inc. v. Kaplan*, 693 A.2d 917, 926 (N.J. Super. Ct. App. Div. 1997). Therefore, in

1  order to succeed, the defendants must demonstrate "a reasonable expectation of economic advantage
2  that was lost as a direct result of [Lucent's] malicious interference, and that it suffered losses
3  thereby." *Lamorte Burns & Co., Inc., v. Walters*, 770 A.2d 1158, 1170 (N.J. 2001). (D.I. 2109, Oct.
4  1, 2007 Order at 20.) "Malice is defined to mean that the harm was inflicted intentionally and
5  without justification or excuse." *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 37
6  (N.J. 1989). "The conduct must be both 'injurious and transgressive of generally accepted standards
7  of common morality or of law.'" *Lamorte Burns*, 770 A.2d at 1170-71.
8       Over the course of discovery, the defendants offered little support for their allegations of
9  malice. On April 13, 2007 Gateway responded to Multimedia Patent Trust's ("MPT") interrogatory
10 No. 15, which requests:

> all factual and legal bases for any counterclaims or defenses added by Gateway to this action after February 15, 2007, including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to such defense and counterclaim.

14 (*See e.g.* Ex. 20, Gateway's Apr. 13, 2007 Interrog. Resp. at 39.) In its response, Gateway merely
15 quoted from its Amended Answer to state the basis for its tortious interference with prospective
16 economic advantage claim, alleging that Lucent "wrongfully assign[ed] the MPEG-2 patents that
17 should have been in the MPEG LA patent pool to MPT." (*Id.* at 41.) Gateway never supplemented
18 this initial interrogatory response with additional bases or more detailed theories to support a claim
19 that any alleged interference by Lucent was "intentional and with malice." Thus, Gateway never
20 meaningfully responded to Plaintiff's discovery request with factual bases for Lucent's alleged
21 "wrongful" or malicious conduct. Discovery on trust-related issues closed on May 1, 2007. (D.I.
22 1243, Mar. 19, 2007 Order; Ex. 67, Mar. 15, 2007 Telephonic Conference Tr. at 24.)[1]
23      On August 17, 2007, Plaintiffs moved for summary judgment on the defendants' trust-related

---

[1] All citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support Of Lucent's and Multimedia Patent Trust's Motions *In Limine*, filed concurrently herewith.

defenses, including Gateway's tortious interference counterclaims. In its opposition to Plaintiffs' motion for summary judgment, Gateway argued that Lucent's actions were "wrongful" and alleged for the first time in the context of tortious interference with prospective economic advantage that Lucent: (1) "defrauded the DOJ, FTC, and SEC in its pre-merger statement" and (2) "violated the Delaware Uniform Fraudulent Transfer Act."[2] (D.I. 2105, Gateway's Aug. 31, 2007 Opp. Br. at 15-16.) In December 2007, when Plaintiffs moved for summary judgment on the defendants' remaining trust-related defenses, the defendants *again* provided only two bases for their opposition to the motion on their remaining tortious interference claim — the same two the defendants raised during the first round of summary judgment on trust-related defenses — that Lucent defrauded the DOJ, FTC, and SEC and that Lucent violated the Delaware Uniform Fraudulent Transfer Act. (D.I. 170, Microsoft's Dec. 21, 2007 Opp. Br. at 13-15.)

### III. ARGUMENT

#### A. The Defendants Should Be Precluded From Presenting Undisclosed Theories Of Malice Under Federal Rule Of Civil Procedure 37.

Rule 26(e) of the Federal Rules of Civil Procedure requires supplementation or correction of discovery disclosures and responses where the requested party learns that in some material respect the information disclosed is incomplete or incorrect. FED. R. CIV. P. 26(e)(1),(2). Furthermore, Federal Rule of Civil Procedure 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

FED. R. CIV. P. 37(c)(1). "Rule 37 sanctions were intended to punish evasion of pretrial discovery."

---

[2] Gateway also argued that Lucent violated its obligations under the Alcatel-Lucent merger agreement and "violated Sections 1 and 2 of the Sherman Antitrust Act," (D.I. 2015, Gateway's Aug. 31, 2007 Opp. Br. at 15-16), but the Court granted summary judgment in Lucent's favor on both of these claims. (D.I. 2109, Oct. 1, 2007 Order at 4-9, 22-25.)

1  *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) (internal citations omitted).  Excluding
2  evidence at trial as a sanction for failure to disclose under Rule 26(e) in a timely fashion is an
3  "automatic" sanction unless the party can show the violation is either "substantially justified or
4  harmless."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)
5  (citing FED. R. CIV. P. 37(c)(1) and Advisory Committee Notes 1993).  Thus, under Rule 37(c)(1),
6  the defendants should be precluded from presenting evidence at trial that was not properly disclosed
7  during discovery.

8       In Multimedia Patent Trust's interrogatory no. 15, Plaintiffs requested all factual and legal
9  bases for any counterclaims or defenses added by Gateway to this action after February 15, 2007.
10 This request applies to Gateway's tortious interference claim, but Gateway did not supplement or
11 amend its discovery response regarding the bases for its tortious interference claim since it first
12 served its responses on April 13, 2007.  Because Gateway failed to amend its prior response, Rule
13 37(c)(1) does not permit Gateway to use any undisclosed information regarding its tortious
14 interference defense at trial.  Furthermore, during the two rounds of summary judgment briefing on
15 the defendants' trust-related counterclaims, the defendants raised only two bases for Lucent's
16 alleged malicious conduct.  Discovery on trust-related issues closed on May 1, 2007. (D.I. 1243,
17 Mar. 19, 2007 Order; Ex. 67, Mar. 15, 2007 Telephonic Conference Tr. at 24.)  The defendants
18 should be limited to the facts disclosed during discovery and should be precluded from presenting
19 any undisclosed bases for alleged malice at trial.

20      Unless precluded, the defendants' introduction for the first time at trial of evidence or
21 argument related to undisclosed theories of malice will severely prejudice Lucent.  The defendants
22 should not be allowed to first disclose evidence long after the close of fact discovery and after
23 summary judgment.  The defendants' untimely introduction of such evidence would deprive Lucent
24 of the opportunity to meaningfully analyze the evidence in advance of trial.  Lucent would also be
25 unfairly prejudiced in its inability to discover rebuttal evidence.  Indeed, the Federal Rules of Civil
26 Procedure "were precisely designed" to prevent a 'trial by ambush.'"  *Stoddard v. Ling-Temco-*
27 *Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980).  To prevent such an ambush here, the Court
28

should use the Rules to preclude the defendants from introducing new evidence at trial.

## IV. CONCLUSION

For the reasons discusses herein, Lucent requests that the Court grant its motion *in limine* to preclude the defendants from presenting at trial any undisclosed basis for the malice prong of the defendants' tortious interference with prospective economic advantage counterclaim.

DATED: January 14, 2008

BY:　　　　　s/David A. Hahn
John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Michael P. Stadnick (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Multimedia Patent Trust and Lucent Technologies Inc.*