David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

*Attorney for Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>    Plaintiffs and Counterclaim-defendants,<br><br>    v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>            Intervener and Counter-claimant,<br><br>MICROSOFT CORPORATION,<br><br>            Plaintiff and Counter-defendant,<br><br>    v.<br><br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST,<br><br>            Defendants and Counter-claimants, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT UNDER 35 U.S.C. 102(g) AND 35 U.S.C. 102(b) REGARDING INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY) (PLAINTIFF'S MIL NO. 10)**<br><br>Date:        February 11, 2008<br>Time:        10:30 A.M.<br>Courtroom: 13<br>Judge:       Hon. Marilyn L. Huff |

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT UNDER 35 U.S.C. 102(G) AND 35 U.S.C. 102(B) REGARDING INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY) (PLAINTIFF'S MIL NO. 10)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |
|                 Plaintiffs and Counterclaim-defendants, | |
| v. | |
| DELL INC., | |
|                 Defendant. | |

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT UNDER 35 U.S.C. 102(G) AND 35 U.S.C. 102(B) REGARDING INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY) (PLAINTIFF'S MIL NO. 10)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent moves *in limine* to preclude defendants from asserting that U.S. Patent No. 4,763,356 ("the '356 patent") is invalid as anticipated under 35 U.S.C. § 102(g) and § 102(b) based on the "Foreign Exchange Front End" ("FXFE") system. Defendants first raised these new anticipation arguments in their November 30, 2007 summary judgment motion on obviousness—in violation of this Court's order limiting the scope of supplemental proceedings to the issue of obviousness. Accordingly, defendants should be precluded from asserting anticipation arguments related to the FXFE system. Further, pursuant to Federal Rule of Evidence 403, allowing defendants to assert these belated theories of anticipation, with trial fast approaching, would substantially and unfairly prejudice Lucent.

## II. BACKGROUND

Nearly four years ago, Lucent asked defendants to identify all factual and legal bases for their contention that the '356 patent is invalid. (Ex. 2, Lucent's First Set of Interrogs. to Gateway (Feb. 24, 2004)).[1] Under this Court's order, supplemental invalidity contentions and interrogatory responses regarding affirmative defenses were due in January 2006. (Ex. 33, 01/09/2006 Order Following Discovery Conference). Discovery closed in February 2006 and summary judgment briefing was filed in January 2007. (*Id.*).

In May 2007, with trial on the '356 patent days away from beginning, defendants filed a last-minute motion to delay trial by seeking additional ***obviousness-based*** discovery in light of the Supreme Court's decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007). The Supreme Court's decision in *KSR* is limited to the issue of ***obviousness*** under 35 U.S.C. § 103. This Court granted defendants' request, but expressly limited the scope of supplemental expert reports and summary judgment briefing to the issue of ***obviousness***. The supplemental briefing was ***not***, therefore, *carte blanche* for defendants to introduce all-new theories of ***anticipation*** on previously

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

| LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT UNDER 35 U.S.C. 102(G) AND 35 U.S.C. 102(B) REGARDING INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY) (PLAINTIFF'S MIL NO. 10) | 1 | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB) |

1  disclosed (and stricken) prior art references. Rather, the Court made it perfectly clear that the
2  extraordinary decision to delay trial and allow supplemental briefing was due to the *KSR* decision
3  and thus limited solely to the issue of **obviousness**. (Ex. 68, 05/11/07 Hr'g Tr. at 62:13-22; Ex. 34,
4  06/07/07 Scheduling Order for Groups 1, 4, 5 and 6 Patents). Recognizing the limited scope of the
5  Court's order, each party's supplemental expert report was limited to **obviousness**.

6  Despite those limitations, defendants asserted in their November 30, 2007 summary
7  judgment motions two entirely new invalidity arguments with respect to the FXFE system based, **not**
8  **on obviousness** under 35 U.S.C. § 103, but rather on anticipation under 35 U.S.C. §§ 102(b) and
9  102(g).[2] Defendants' new anticipation-based arguments with respect to FXFE are in no way
10 impacted by, or related to, the *KSR* decision, and they were beyond the Court-ordered scope of
11 supplemental **obviousness** proceedings. Significantly, defendants' new anticipation-based arguments
12 on FXFE came *two years* after the deadline for supplementing invalidity contentions and affirmative
13 defenses. This Court recognized as much, and precluded defendants from making anticipation-based
14 arguments at the January 8, 2008 summary judgment hearing. (Ex. 130, 01/08/2008 Hr'g Tr. at
15 106:22-23). *See generally Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 900-02 (E.D.
16 Tex. 2006)

### III.  ARGUMENT

    **A.  Defendants' 102(g) and 102(b) Theories Should be Precluded Under the Federal Rules of Civil Procedure and This Court's Orders**

The Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980); *accord Abbott Labs. v. Syntron Bioresearch, Inc.*, No. 98-CV-2359, 2001 WL 34082555, at *2 (S.D. Cal. Aug. 24, 2001) (indicating that the purpose of the Federal Rules "is to prevent unfair and prejudicial

---

[2] Defendants' use of the FXFE reference to support their new invalidity theories is even more egregious, as this Court struck the FXFE and Tyler references from this case in its May 15, 2007 Order, *after* it had granted defendants' motion to allow supplemental proceedings on the issue of obviousness. Lucent has moved *in limine* separately on this issue.

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT UNDER 35 U.S.C. 102(G) AND 35 U.S.C. 102(B) REGARDING INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY) (PLAINTIFF'S MIL NO. 10)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

surprise"). Federal Rule of Civil Procedure 37(c)(1) precludes the use of improperly disclosed evidence at trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P 37(c)(1); *see also Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) ("Rule 37 sanctions were intended to punish evasion of pretrial discovery.") (internal quotations and punctuations omitted). Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e) in a timely fashion is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1) and advisory committee's note (1993)). Courts routinely exclude the evidence and pleadings improperly disclosed. *See, e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (affirming district court's exclusion of documents not produced until after the discovery cut-off date and after deposition); *Finisar*, 424 F. Supp. 2d at 900-02 (precluding amendment to invalidity contentions based on a Rule 37(c)(1)-type analysis). *See generally Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721, 724 (E.D. Va. 2001) (stating that Rule 37(c)(1) can exclude the introduction of evidence or pleadings). Further, under Rule 37(b)(2) a court can exclude evidence or argument for violation of a court's scheduling order. Fed. R. Civ. P. 37(b)(2).

Defendants' new anticipation-based assertions violate several Court orders in this case, including this Court's longstanding discovery Orders, as well as this Court's Orders in May and June 2007 limiting the scope of supplemental proceedings to the issue of ***obviousness*** in light of the *KSR* case. This Court made it clear that the extraordinary decision to delay trial was limited solely to the issue of ***obviousness***. (Ex. 68, 05/11/07 Hr'g Tr. at 62:13-22; Ex. 34, 06/07/07 Scheduling Order for Groups 1, 4, 5 and 6 Patents). Contrary to defendants' assertions, the supplemental proceedings were not an open invitation to assert new invalidity theories or affirmative defenses.

Further, the Court's decision to allow supplemental expert proceedings on the issue of obviousness did not affect the January 2006 scheduling and discovery Order, which had set deadlines long ago for disclosing new prior art and supplementing invalidity contentions and affirmative defenses. (Ex. 34, 01/09/2006 Order Following Discovery Conference). Defendants have no good cause for the late disclosure of these new anticipation theories, and defendants had a full and fair opportunity to raise these references earlier in this case—indeed, years ago—and they should not be allowed to circumvent the Court's discovery Order and present new invalidity theories with trial fast approaching. *Finisar Corp.*, 424 F. Supp. 2d at 900-02 ("A party simply can not wait until shortly before trial to prepare its [invalidity] case. Invalidity is an affirmative defense, ***and the party which does not properly investigate applicable prior art early enough to timely meet disclosure requirements risks exclusion of that evidence***.") (emphasis added).

Unless precluded from asserting these newly-disclosed anticipation defenses, defendants' improper assertion of new anticipation arguments will substantially prejudice Lucent at trial. As these theories were only recently disclosed, Lucent has not had adequate opportunity to conduct discovery to rebut defendants' new anticipation-based arguments. Without prior knowledge of these anticipation arguments, Lucent could not investigate the factual issues unique to these new contentions, for example, consideration of conception, reduction to practice, and suppression. 35 U.S.C. § 102(g); *See also*, *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1342 (Fed. Cir. 2001) (noting that 102(g) factors must be considered on its own particular set of facts).

### B. Allowing Defendants to Pursue Their Untimely Invalidity Defenses Would Substantially and Unfairly Prejudice Lucent

Because of this unfair prejudice to Lucent, Federal Rule of Evidence 403 should preclude defendants from presenting evidence or argument on this new invalidity theory. Federal Rule of Evidence 403 excludes evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts routinely exclude evidence under Rule 403 when a party will be unfairly prejudiced. *See, e.g.*,

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT UNDER 35 U.S.C. 102(G) AND 35 U.S.C. 102(B) REGARDING INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY) (PLAINTIFF'S MIL NO. 10)

4

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

1  *Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1392 (9th Cir. 1986); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL 2001059, at *6 (S.D. Cal. Dec. 3, 1998).

Allowing defendants to include new and untimely-disclosed theories of anticipation would undoubtedly prejudice Lucent.  *See, e.g.*, *Finisar Corp.*, 424 F. Supp. 2d at 901-02 (ruling that the introduction of new invalidity defenses two and a half months before trial would be prejudicial); *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004) (changing invalidity contentions at a late stage "will obviously cause [the plaintiff] a great deal of needless prejudice").  Defendants' new anticipation-based defenses are highly fact-intensive and involve unique inquiries, for example questions of whether the FXFE system was abandoned, suppressed, or concealed and whether the '356 patent had an earlier conception date. *See e.g.*, *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998) ("Priority, conception, and reduction to practice are questions of law which are based on subsidiary factual findings.").  By belatedly disclosing its new defenses, defendants have deprived Lucent of necessary discovery and the ability to adequately prepare for, or conduct, depositions on these distinct issues.  Balancing the substantial prejudice to Lucent against the non-existent probative value of these § 102-based arguments—considering that the Court had previously struck the only reference supporting these theories (the FXFE system)—warrants exclusion of defendants' new invalidity defenses.

## IV.    CONCLUSION

Because defendants' new anticipation theories under 102(g) and 102(b) were untimely, violate this Court's orders, and would substantially prejudice Lucent, the Court should grant Lucent's motion *in limine* to preclude defendants from presenting evidence or argument regarding its newly-disclosed the § 102(g) and § 102(b) defenses with respect to FXFE.

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT UNDER 35 U.S.C. 102(G) AND 35 U.S.C. 102(B) REGARDING INVALIDITY OF U.S. PATENT NO. 4,763,356 (DAY) (PLAINTIFF'S MIL NO. 10)

5

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

Dated: January 14, 2008                     Lucent Technologies Inc.

                                            By:      s/David A. Hahn

                                            David A. Hahn, SBN 125784
                                            HAHN & ADEMA
                                            501 West Broadway, Suite 1600
                                            San Diego, California  92101-3595
                                            Telephone:  (619) 235-2100
                                            Facsimile:  (619) 235-2101

                                            John M. Desmarais (admitted pro hac vice)
                                            Robert A. Appleby (admitted pro hac vice)
                                            Gregory F. Corbett (admitted pro hac vice)
                                            KIRKLAND & ELLIS LLP
                                            153 East 53rd Street
                                            New York, New York  10022
                                            Telephone:  (212) 446-4800
                                            Facsimile:  (212) 446-4900

                                            Attorneys for Lucent Technologies Inc.