David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

*Attorney for Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>       Plaintiffs and Counterclaim-defendants,<br><br>       v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>       Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>       Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING THE FXFE SYSTEM OR THE TYLER ARTICLE (PLAINTIFFS' MIL NO. 11)**<br><br>Date:        February 11, 2008<br>Time:        10:30 A.M.<br>Courtroom:   13<br>Judge:       Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>              Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST,<br><br>              Defendants and Counter-claimants, | |

LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST,

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING THE FXFE SYSTEM OR THE TYLER ARTICLE (PLAINTIFFS' MIL NO. 11)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1                Plaintiffs and Counterclaim-defendants,

2

3  v.

4  DELL INC.,

                            Defendant.

28 LUCENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING THE FXFE SYSTEM OR THE TYLER ARTICLE (PLAINTIFFS' MIL NO. 11)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent moves *in limine* to preclude defendants from presenting evidence or argument related to the FXFE system, which they assert as prior art to U.S. Patent No. 4,763,356 ("the '356 patent"). First, the Court already struck this alleged prior art from the case, and defendants' continued attempts to inject the FXFE system into this case disregard the Court's orders. Second, defendants have not provided timely disclosure or discovery on their theories related to the FXFE system, and Lucent would be prejudiced if defendants are now permitted to present these theories at trial. Finally, defendants cannot, as a matter of law, show that the FXFE system is prior art, so it would be improper and prejudicial for defendants to inject the system into the trial.

## II. BACKGROUND

Nearly four years ago, Lucent asked defendants to identify the legal and factual basis for their respective invalidity and unenforceability defenses. (Ex. 1, Lucent's First Set of Interrogs. to Dell. (Feb. 24, 2004)).[1] Pursuant to this Court's January 9, 2006 discovery Order, final invalidity contentions were to be served no later than January 27, 2006. (Ex. 33, 01/09/2006 Order). Fact discovery closed in February 2006. In May 2007, with trial on the '356 patent days away from beginning, defendants filed a last-minute motion to delay trial by seeking additional ***obviousness-based*** discovery in light of the Supreme Court's decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007). Significantly, this Court struck the Tyler Article and the FXFE system from this case pursuant to a Motion to Strike *after* it granted defendants' last-minute motion to delay trial—thus reinforcing the Court's intention to strike these references.

In contravention of the Court's Order, defendants nevertheless have attempted to assert invalidity based on the FXFE system and the Tyler Article. This Court should enforce its prior Order striking these references.

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

## III. ARGUMENT

### A. The Court Should Enforce Its Previous Order Striking the Tyler Article and the FXFE System from this Case

On May 15, 2007—*after* having decided to allow supplemental briefing on obviousness in light of *KSR*—this Court struck the Tyler article and the FXFE system from this case. (Ex. 41, May 15, 2007 Order Striking Tyler). In doing so, the Court recognized that defendants had a full opportunity to raise these references earlier in this case—indeed, years ago—and that they should not be allowed to circumvent the Court's discovery order and present new invalidity theories on the eve of trial. *Finisair Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 902-02 (E.D. Tex. 2006) ("A party simply can not wait until shortly before trial to prepare its [invalidity] case. Invalidity is an affirmative defense, and the party which does not properly investigate applicable prior art early enough to timely meet disclosure requirements risks exclusion of that evidence."). The Court should enforce its previous Order striking FXFE and the Tyler Article.

### B. The FXFE System Should Be Excluded Because Defendants Did Not Provide Timely Discovery on the System

The Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980); *accord Abbott Labs. v. Syntron Bioresearch, Inc.*, No. 98-CV-2359, 2001 WL 34082555, at *2 (S.D. Cal. Aug. 24, 2001). Federal Rule of Civil Procedure 37(c)(1) precludes the use of improperly disclosed evidence at trial. Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e) in a timely fashion is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Courts routinely exclude the evidence and pleadings improperly disclosed. *See, e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003); *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 900-02 (E.D. Tex. 2006).

Defendants disclosed the Tyler Article for the first time in April 2007—more than a year after the close of fact discovery and the deadline for final invalidity contentions. The FXFE system itself was never mentioned until their September 2007 report, which also included—for the first

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING THE FXFE SYSTEM OR THE TYLER ARTICLE (PLAINTIFFS' MIL NO. 11)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

time—a declaration from Mr. Long, the system's developer. And even after these belated disclosures, defendants did not produce Mr. Long for deposition until December, three months after supplemental expert reports were due. There can be no excuse for defendants' belated disclosure of and discovery on this prior art. *See, e.g.*, *Finisar Corp.*, 424 F. Supp. 2d at 901-02 (ruling that the introduction of a new defense two and a half months before trial would be prejudicial); *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004). Further hindering Lucent's ability to seek discovery on this issue is the fact that the FXFE system no longer exists. Defendants are therefore seeking to invalidate the '356 patent based on so-called "prior art" that Lucent has never seen or been able to analyze in any way. To prevent the resulting prejudice to Lucent from defendants' inadequate and untimely discovery, the Court should preclude defendants from presenting evidence on the FXFE system at trial.

### C. Because the FXFE System Itself Is Not Prior Art and, Therefore, Irrelevant, the Court Should Exclude It Under Rule 402

Under Federal Circuit law and the Patent Statute, because the FXFE system was not publicly used in the United States, it is not relevant prior art for the purposes of patentability. Because the system is not prior art, it has no relevance to this case and should be excluded under Federal Rule of Evidence 402.

Gateway contends the FXFE system is prior art under sections 102(b) and (g). Section 102(b) requires public use of the invention in the United States. Section 102(g) requires that the invention was "made in this country by another inventor." Because the FXFE system was exclusively developed in a foreign country, that showing would require a public use of the invention in the United States. *See, e.g.*, *Holmwood v. Sugavanam*, 948 F.2d 1236, 1238 (Fed. Cir. 1991). But Defendants cannot show that the FXFE system was publicly used in the United States.

First, evidence regarding prior public use must be corroborated in order to invalidate. *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1366-68 (Fed. Cir. 1999). Defendants cannot rely on the uncorroborated testimony of Mr. Long, because testimony from an interested witness, paid by defendants, recalling long past events is insufficient to establish public use. *See Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998). The Supreme Court has

commented on the "dangers of invalidating a patent on oral testimony alone." *See, e.g., Juicy Whip v. Orange Bang*, 292 F.3d 728, 740-41 (Fed. Cir. 2002). "[T]he need for corroboration takes on special force" when a witness testifies regarding his own antedating activities. *See, e.g., Finnigan v. ITC,* 180 F.3d 1354, 1369-70 (Fed. Cir. 1999). Significantly, the Tyler Article cannot serve to corroborate Mr. Long's testimony because it is "ambiguous at best" and does not corroborate each and every claim limitation. *Id.* To the contrary, a magazine article about an incomplete, prototype, beta-test device still under development is evidence that the demonstration was ***not*** a public use. *Cf. Honeywell Int'l Inc. v. Universal Avionics Sys.*, 488 F.3d 982, 998 (Fed. Cir. 2007) (considering a reporter's article describing a system as in its "development phase" as contrary to "public use").

Second, the demonstration was not open to the public. Rather, it was a private meeting, where Mr. Tyler was invited to inspect an unfinished demonstration version of the system. (Ex. 123, 12/10/07 Long Dep. at 59:13-16). *See, e.g., Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1381 (Fed. Cir. 2004); *Am. Seating v. USSC Group*, 2005 WL 1224603, *5 (W.D. Mich. 2005). Here, like in *Bernhardt* and *American Seating*, access to the demonstration was given to members of the press, but such access was controlled, and attendees were escorted. *Id.* Such facts are not sufficient to establish public use. Third, there is no evidence that Mr. Tyler ever ***used*** an actual working version of the system, a critical requirement for determining public ***use***. *Moleculon v. Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1265-66 (Fed. Cir. 1986). The system was only shown ***visually***. Nor was the system ever connected to be used in its normal course of business (it was not connected to the network—but was rather a "canned" version of the system). Again, the factors here are not sufficient to establish public use. *See, e.g., Motionless Keyboard v. Microsoft*, 486 F.3d 1376, 1385 (Fed. Cir. 2007).

Fourth, the demonstration involved only an "experimental" and "beta test" version of the system, emphasizing the developmental nature of the device. (Ex. 56, GW-LT422218, 422220 at 146, 148). *See Motionless Keyboard*, 486 F.3d at 1385. The prototype FXFE demonstration was just a "canned" version—it operated too slowly and was not cost effective—and it was certainly not "commercially operable" as required to serve as a public use reference. *See, e.g., Harrington Mfg. v.*

*Powell Mfg.*, 815 F.2d 1478, 1481 (Fed. Cir. 1986) (no prior use where system is not "commercially operable"). A reference that is not prior art for the purposes of patentability has no relevance to any issue regarding the '356 patent and should be excluded under Rule 402.

## IV.     CONCLUSION

For the foregoing reasons, defendants should be precluded form presenting evidence or argument related to the FXFE system and the Tyler Article.

Dated:  January 14, 2008                              Lucent Technologies Inc.

By:     s/David A. Hahn

David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
Gregory F. Corbett (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Lucent Technologies Inc.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING THE FXFE SYSTEM OR THE TYLER ARTICLE (PLAINTIFFS' MIL NO. 11)         5         Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)