David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

*Attorney for Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>    Plaintiffs and Counterclaim-defendants,<br><br>    v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>            Intervener and Counter-claimant,<br><br>MICROSOFT CORPORATION,<br><br>        Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST,<br><br>            Defendants and Counter-claimants,<br><br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING THE PAPER-LIKE INTERFACE ("PLI") VIDEO REFERENCE (PLAINTIFF'S MIL NO. 12)**<br><br>Date:         February 11, 2008<br>Time:        10:30 A.M.<br>Courtroom: 13<br>Judge:       Hon. Marilyn L. Huff |

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING THE PAPER-LIKE INTERFACE ("PLI") VIDEO REFERENCE (PLAINTIFFS' MIL NO. 12)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)



1   Plaintiffs and Counterclaim-defendants,
2
3   v.
4   DELL INC.,
               Defendant.
5

28 LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING THE PAPER-LIKE INTERFACE ("PLI") VIDEO REFERENCE (PLAINTIFFS' MIL NO. 12)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent moves *in limine*, under Federal Rules of Evidence 402 and 403, to preclude the defendants from introducing any evidence or testimony regarding the Paper-like Interface ("PLI") video reference. Under Rule 402, the Court should preclude any evidence or testimony regarding the PLI video reference because it is not prior art for the purposes of patentability and, therefore, is irrelevant to any issue regarding U.S. Patent No. 5,347,295 ("the '295 patent"). Furthermore, because the PLI video contains segments about multiple different PLI applications and recognizers, the danger of prejudice and jury confusion substantially outweighs its probative value, warranting exclusion under Rule 403.

## II. BACKGROUND

Defendants rely on different references involving different applications and different technologies of the IBM Paper-like Interface ("PLI") project as prior art. One of those references is a short video, internally recorded at IBM, purportedly describing several different PLI applications that implement different technologies. (Ex. 81, 12/17/2007 Van Deusen Dep. at 58:19-59:12; 68: 2-12. *See generally id.* at 83-90 (discussing the several different papers that are part of the PLI project)).[1] Significantly, only a small group of computer scientists involved in the production of the PLI video knew of its creation and existence. (*See, e.g.*, *id.* at 37:4-8). Unless told of its existence by someone from the computer science team, other IBM employees were not aware of the PLI video, let alone the general public. (*See, e.g.*, *id.* at 131: 3-10).

The only suggestion that the PLI video existed prior to the '295 patent's filing date[2] is on one video kiosk in the private lobby of one IBM building. (*See, e.g.*, *id.* at 37:15-24). This IBM building was security controlled and employees were required to wear security badges. (*See, e.g.*, *id.*

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

[2] For the purposes of this motion only, Lucent assumes the invention date of the '295 patent is its filing date, October 31, 1990.

at 123:1-14). There is no evidence that anyone from the public entered the lobby without a purpose related to IBM. (*See, e.g.*, *id.* at 39:13-21). There was no indication on the outside of the building of the video kiosk's existence or that there was information about the "Paper-like Interface." Even if a member of the public wandered into the lobby and happened to see the kiosk, an IBM employee with knowledge of the PLI video's existence would have to show that person how to find the PLI video. Further, defendants' evidence that the PLI video was present in the lobby prior to the '295 patent's filing date is vague at best. (*See, e.g., id*. at 116:2-15).

Not only was the PLI video put on a lone kiosk in a controlled office, the video was one of multiple unrelated videos present on the kiosk. (*See, e.g.*, *id.* at 33:10-14). In order to find the PLI video, a user had to navigate through multiple vague choices, one of which was the "Paper-like Interface." (*See, e.g.*, *id.* at 31: 7-24; 33: 2-14).

### III.     ARGUMENT

#### A.     Because The PLI Video Is Not Prior Art And, Therefore, Irrelevant, The Court Should Exclude It Under Rule 402

Under Federal Circuit law, because the PLI video was not publicly accessible, it is not relevant prior art for the purposes of patentability. A party asserting invalidity based on a prior art reference—such as the PLI video—must show that "the reference [was] sufficiently accessible to the public interested in the art" and that it was "cataloged or indexed in a meaningful way." *In re Cronyn*, 890 F.2d 1158, 1160-61 (Fed. Cir. 1989). If a document can only be located by being informed of its existence, and not by customary research aids, the reference is likely not publicly accessible. *In re Bayer*, 568 F.2d 1357, 1361 (C.C.P.A. 1978). Under Rule 402, "[e]vidence which is not relevant is not admissible." Relevant evidence is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In this case, not only was the PLI video not cataloged or indexed in *a meaningful way* as required, it was not cataloged or indexed *at all.* Briefly placing the PLI video on a kiosk in one security controlled office building—a building that gave no indication of the kiosk's existence let

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING THE PAPER-LIKE INTERFACE ("PLI") VIDEO REFERENCE (PLAINTIFFS' MIL NO. 12)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1  alone the videos' contents or subject matter—does not constitute public accessibility. *See, e.g.*, *In re Cronyn*, 890 F.2d at 1161 (concluding student theses were not indexed or cataloged in "a meaningful way," despite being filed by author name in a chemistry department library). Considering that even IBM employees had to be informed of the video's existence, the probability that other members of the public outside of IBM knew of the kiosk's contents "was virtually nil." *See, e.g.*, *In re Bayer*, 568 F.2d 1361.

Even assuming that someone from the public saw the kiosk, they would have no reason to believe it contained information about the "Paper-like Interface" and would have to be shown the PLI video selection on the kiosk menu. Moreover, without prior knowledge of what the "Paper-like Interface" was, a member of the public would have no reason to inquire about this selection on the internal IBM kiosk. Merely finding the PLI video by "happenstance" or by being informed of its existence does not make it invalidating prior art. *See, e.g., id.*; *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, -- F.3d --, 2007-1065, 2008 WL 68679, at *8 (Fed. Cir. Jan. 8, 2008) (ruling a reference could not be "publicly accessible" if it was "available only to a person who may have wandered into the conference by happenstance or knew about the conference via unpublicized means"). As a matter of law, because the PLI video was not publicly accessible, it is not prior art to the '295 patent.

A reference that is not prior art for the purposes of patentability has no relevance to any issue regarding the '295 patent. *See, e.g.*, *Regents of Univ. of Cal. v. Micro Therapists, Inc.*, No. C-03-05669JW, 2006 WL 905324, at *18 (N.D. Cal. Apr. 7, 2006) ("The Court notes that it is well settled law that a student Thesis must be catalogued or indexed in such a way as ***to make it publicly accessible before it can become relevant prior art***.") (emphasis added). Accordingly, the PLI video has "no tendency to make the existence of any fact that is of consequence . . . more probable or less probable." Fed. R. Evid. 401.

Defendants fall far short of their burden of establishing, by clear and convincing evidence, that the PLI video was publicly available, accessible, and catalogued prior to the '295 patent's filing date. Indeed, defendants' witness on the subject could not clearly remember when the kiosk was placed into the lobby, approximately 17 years in the past:

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING THE PAPER-LIKE INTERFACE ("PLI") VIDEO REFERENCE (PLAINTIFFS' MIL NO. 12)

3

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

**Q: I'm just confirming it could have been 1990, you said that?**

A: Yes, but I thought it was more likely to be in '89.

**Q: Okay. But even though it's likely '89, there's still a chance that it could have been 1990?**

A: I just can't tell.

**Q: Okay, okay. So it's fair to say at least to some extent your mind is a little bit vague about when that video went into the kiosk at Hawthorne?**

A: Absolutely.

(Ex. 81, 12/17/07 Van Deusen Dep. at 116:2-15 (objections omitted)). This ambiguous testimony cannot show the existence of the kiosk in the IBM office building lobby prior to the '295 patent's filing date, let alone clearly and convincingly, as required for invalidity.

Not qualifying as prior art for the above reasons, the PLI video has no relevance to the '295 patent and, therefore, should be excluded under Rule 402.

### B. Because The Jury Could Confusingly Assume That The Different PLI Applications In The PLI Video Are One Application, Prejudicing Lucent, The Court Should Exclude The PLI Video Under Rule 403

Furthermore, allowing the defendants to rely on the PLI video will substantially prejudice Lucent and confuse the jury because the PLI video shows different applications of the Paper-Like Interface project, each using different technologies and recognizers. The PLI video will lead to confusion because it fails to distinguish between the different PLI applications.

Evidence that is otherwise relevant should still be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts routinely exclude evidence under Federal Rules of Evidence 402 and 403 in such circumstances. *See, e.g., Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1392 (9th Cir. 1986); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL 2001059, at *6 (S.D. Cal. Dec. 3, 1998).

As discussed above, the PLI video demonstrates multiple different PLI applications involving different technologies, describing different applications, employing different recognizers, and describing different capabilities and user interface designs. Indeed, it is impossible for the PLI video to show a single PLI application because PLI's development contained several different papers, projects, and applications. Permitting the defendants to show the PLI video to the jury will likely confuse the jury into erroneously assuming that the PLI project was one application—an assumption substantially prejudicial to Lucent. (Lucent has moved separately *in limine* to preclude defendants from erroneously referring to PLI as a single prior art reference). By assuming that the PLI video discloses only one application, the jury will allow defendants to omit the necessary factual analysis required to combine multiple reference. *Compare Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 726 F.2d 724, 726-27 (Fed. Cir. 1984) ("It is hornbook law that anticipation must be found in a single reference, device, or process."), *with Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 36 (1966) (requiring several distinct factual inquiries for an obviousness analysis).

On the other hand, the PLI video has no probative value because it is not prior art and, thus, irrelevant to the issues pertaining to the '295 patent. Further, the PLI video is cumulative to several other prior art references relied on by defendants that relate to different applications of the PLI project.

Weighing the likelihood of unfair prejudice to Lucent, jury confusion, and waste of judicial resources against the non-existent probative value of the PLI video, the Court should exclude the PLI video under Rule 403.

## IV. CONCLUSION

Because the PLI video is not relevant prior art, is substantially prejudicial, and would cause jury confusion, the Court should grant Lucent's motion *in limine* to preclude any evidence or testimony regarding the PLI video reference.

Dated: January 14, 2008

Lucent Technologies Inc.

By:  s/David A. Hahn

David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
Gregory F. Corbett (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Lucent Technologies Inc.