1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone: (619) 235-2100
   Facsimile: (619) 235-2101

4

   *Attorney for Lucent Technologies Inc.*
5  *(Additional counsel listed on the last page)*

6

7                    **UNITED STATES DISTRICT COURT**
                     **SOUTHERN DISTRICT OF CALIFORNIA**
8

9

10 | LUCENT TECHNOLOGIES INC. and | Case No. 07-CV-2000-H (CAB) |
   | MULTIMEDIA PATENT TRUST, | consisting of matters severed from consolidated cases: |
11 | Plaintiffs and Counterclaim-defendants, | Case No. 02-CV-2060-B (CAB) |
   |  | Case No. 03-CV-0699-B (CAB) |
12 | v. | Case No. 03-CV-1108-B (CAB) |
13 | GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM REFERRING TO MULTIPLE DOCUMENTS AS A SINGLE PRIOR ART REFERENCE (PLAINTIFFS' MIL NO. 13)** |
14 |  |  |
15 |  |  |
16 | Defendants and Counter-claimants, |  |
17 | and |  |
18 | MICROSOFT CORPORATION, | Date: February 11, 2008 |
   |  | Time: 10:30 A.M. |
19 | Intervener and Counter-claimant, | Courtroom: 13 |
   |  | Judge: Hon. Marilyn L. Huff |
20 |  |  |
   | MICROSOFT CORPORATION, |  |
21 |  |  |
   | Plaintiff and Counter- |  |
22 | defendant, |  |
23 | v. |  |
24 | LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, |  |
25 |  |  |
   | Defendants and |  |
26 | Counter-claimants, |  |
   | LUCENT TECHNOLOGIES, INC. and |  |
27 | MULTIMEDIA PATENT TRUST, |  |

28 | LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM REFERRING TO MULTIPLE DOCUMENTS AS A SINGLE PRIOR ART REFERENCE (PLAINTIFFS' MIL NO. 13) | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB) |

Plaintiffs and Counterclaim-defendants,

v.

DELL INC.,

Defendant.

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM REFERRING TO MULTIPLE DOCUMENTS AS A SINGLE PRIOR ART REFERENCE (PLAINTIFFS' MIL NO. 13)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent respectfully requests that the Court preclude defendants from referring to multiple, distinct documents as a single piece of prior art. In an apparent effort to circumvent the higher level of proof required to show that a combination of multiple documents renders a patent obvious, defendants have frequently referred to multiple, distinct documents as a single piece of prior art for purposes of invalidity. But Federal Circuit precedent is clear on this point—distinct documents cannot constitute a single piece of prior art. The significance of that law is that separate documents cannot—taken together—be the basis for invalidating a patent for anticipation under 35 U.S.C. § 102. Instead, a party relying on multiple documents must resort to arguing that some combination of those documents rendered the patented invention obviousness under 35 U.S.C. § 103, and in doing so the party must address the additional factors and considerations required in an obviousness analysis. It would therefore be improper for defendants to refer to multiple, distinct documents as if they were a single prior art reference, and allowing defendants to do so would risk misleading the jury as to which prior art to consider under anticipation theories and which to consider only under obviousness theories.

## II. BACKGROUND

In presenting their case for invalidity, defendants refer to multiple, distinct documents as if they were a single piece of prior art. The clearest example of this is in Dr. Kelly's supplemental expert report, where Dr. Kelly relies on various prior art documents to analyze certain "systems" as if the systems themselves had been offered as prior art in this case.

First, Dr. Kelly notes that "for purposes of this report, 'Paper Like Interface System [also referred to by the acronym PLI] refers to the following:" (1) a video demonstration prepared by Ellozy, et al.; (2) a paper by Wolf, et al.; (3) a conference paper by Chow; and (4) a paper by Kim. (Ex. 53, Supplemental Expert Report of John P.J. Kelly, Ph.D. on Invalidity of U.S. Patent No. 5,347,295, ¶ 104.) Defendants have not analyzed or produced the PLI system itself, and therefore it is the four individual disclosures that defendants have offered as prior art, not the PLI system itself.

1  (Ex. 52, Expert Report of Jean Renard Ward relating to the Supplemental Expert Report of John P.J. Kelly, Ph.D. re Lucent's Agulnick Patent, ¶ 70.)[1]

Second, Dr. Kelly's report refers to and analyzes two separate papers as if they constituted another single piece of prior art, which Dr. Kelly refers to as the Flat Panel Interactive Display System ("FIDS"). Dr. Kelly notes that "as used [in his report], the term 'FIDS' refers to the FIDS paper [a paper by Kankaanpaa] in view of SFS 2324 [a set of standard proof reading correction marks issued by the Finish Standards Association intended for use by Finish clerical staff]." (Ex. 53, Supplemental Report of Kelly, ¶¶ 140, 162.) Just as in the case of the PLI system, Defendants have not analyzed or produced FIDS itself, but are instead pointing to the FIDS paper and SFS 2324 as prior art documents. (Ex. 52, Expert Report of Ward Relating to Supplemental Report of Kelly, ¶ 104.)

Third, Dr. Kelly's report also refers to and analyzes two separate papers as if they constitute yet another single piece of prior art, which Dr. Kelly refers to as the Oed & Doster system. Dr. Kelly tries to justify that approach by asserting that the papers "describe aspects of the same system." (Ex. 53, Supplemental Report of Kelly, ¶¶ 171-172.) Again, however, defendants have not analyzed or produced this system itself, but are instead relying on two different papers—the Oed paper and the Doster paper—as prior art. (Ex. 52, Expert Report of Ward Relating to Supplemental Report of Kelly, ¶138.)

As explained herein, it is improper for defendants to circumvent the legal requirements of obviousness by pointing to multiple, distinct documents as if they were a single piece of prior art. Doing so would confuse the issue of invalidity in this trial and confuse the jury.

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

III.  ARGUMENT

### A. Anticipation Under 35 U.S.C. § 102 Requires Showing that all Elements of the Claimed Invention Were Disclosed in a Single Piece of Prior Art

Federal Circuit law is crystal clear on the question whether an accused infringer can rely on multiple pieces of prior art to establish anticipation. "[I]nvalidity by ***anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention***, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000); *see also Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 726 F.2d 724, 726-27 (Fed. Cir. 1984) ("It is hornbook law that anticipation must be found in a single reference, device or process."). Although there are two narrowly limited circumstances where a document that is separate from the underlying piece of prior art might be relevant in analyzing anticipation, neither of those circumstances is at issue here.[2] Rather, defendants impermissibly seek to combine the teachings from separate documents and refer to them as a single alleged piece of prior art.

### B. To Show Invalidity Based on a Combination of Multiple, Distinct Documents, Defendants Must Present Their Argument Within the Framework of Obviousness Under 35 U.S.C. § 103

Under 35 U.S.C. § 103, a party is permitted to point to the teachings of multiple, distinct references and argue that the claimed invention would have been obvious in light of the combined teachings of those references. Defendants in this case should be afforded the same rights, and nothing more. The requirements for establishing obviousness are entirely different than for establishing anticipation. Under *Graham*, courts are required to focus on several underlying factual

---

[2] The first of those circumstances is where the prior art document incorporates some other document by reference. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). The second circumstance is where a second document is used as extrinsic evidence to show what a person of ordinary skill in the art at the time of the invention would have understood the prior art document to disclose.

1  inquiries in assessing obviousness, including "(1) the scope and content of the prior art; (2) the level
2  of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and
3  (4) any objective indicia of nonobviousness." *Graham v. John Deere Co. of Kansas City*, 383 U.S.
4  1, 36 (1966). In doing so, the trier of fact must consider all four of the *Graham* factors. *Forest*
5  *Labs., Inc. v. Ivax Pharms., Inc.*, 501 F.3d 1263, 1269 (Fed. Cir. 2007. Under *Graham*'s fourth
6  factor, courts are to "look at any secondary considerations that would prove instructive," including
7  "identify[ing] a reason that would have prompted a person of ordinary skill in the relevant field to
8  combine elements in the way the claimed new invention does." *KSR Int'l. Co. v. Teleflex Inc.*, 127
9  S. Ct. 1727, 1739, 1741 (2007).

As explained above, defendants do not rely on any physical PLI application, FIDS system, or the Oed & Doster system themselves as a prior art reference. Rather, defendants point to multiple documents related to each of these systems. Defendants are permitted to do so, but only within the framework of obviousness, not anticipation. Thus, defendants would be required to show that the individual papers (*e.g.*, the four references related to what defendants refer to as the "PLI system," the two references related to FIDS, and the two references related to the "Oed & Doster system"), taken together, render the claims of the '295 patent obvious. As part of that analysis, the jury should consider, among other things, whether there is any motivation to combine the documents and whether those or other prior art teach away from the combination.

### C. Referring to Multiple, Distinct Documents as If They Constitute a Single Piece of Prior Art Would Unfairly Prejudice Lucent, Confuse the Issues, and Mislead the Jury

Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, [or] waste of time." Fed. R. Evid. 403. Defendants' references to combinations of multiple, distinct documents as "systems" are no more than an attempt to circumvent the additional requirements of the obviousness analysis compared to the more straightforward anticipation analysis. If allowed to refer to Dr. Kelly's proffered "systems" rather than the prior art documents actually

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM REFERRING TO MULTIPLE DOCUMENTS AS A SINGLE PRIOR ART REFERENCE (PLAINTIFFS' MIL NO. 13)

4

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

relied on as prior art in this case, the jury will be left wondering which prior art could be the proper basis for anticipation and which prior art must instead be considered only in the context of obviousness. Defendants should not be permitted to exploit that sort of confusion, as there is a substantial likelihood this confusion could lead to a decision on improper grounds.

## IV.    CONCLUSION

For these reasons, Lucent respectfully requests that the Court grant this motion *in limine* and preclude defendants from referring to the PLI system, FIDS, and the Oed & Doster system as single pieces of prior art. Further, Lucent respectfully requests the Court preclude defendants from referring to the video by Ellozy and three separate papers (Wolf, Kim, and Chow) as the single PLI system, the two separate papers (FIDS and SFS 2324) as the single FIDS system, and the two separate papers (Oed & Doster) as the Oed & Doster system.

Dated: January 14, 2008                    Lucent Technologies Inc.


                                           By:    s/David A. Hahn

                                                  David A. Hahn, SBN 125784
                                                  HAHN & ADEMA
                                                  501 West Broadway, Suite 1600
                                                  San Diego, California 92101-3595
                                                  Telephone: (619) 235-2100
                                                  Facsimile: (619) 235-2101

                                                  John M. Desmarais (admitted pro hac vice)
                                                  Robert A. Appleby (admitted pro hac vice)
                                                  Gregory F. Corbett (admitted pro hac vice)
                                                  KIRKLAND & ELLIS LLP
                                                  153 East 53rd Street
                                                  New York, New York 10022
                                                  Telephone: (212) 446-4800
                                                  Facsimile: (212) 446-4900


                                                  Attorneys for Lucent Technologies Inc.