David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

*Attorney for Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: |
| Plaintiffs and Counterclaim-defendants, | Case No. 02-CV-2060-B (CAB) Case No. 03-CV-0699-B (CAB) Case No. 03-CV-1108-B (CAB) |
| v. | |
| GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **LUCENT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14)** |
| Defendants and Counter-claimants, | |
| and | |
| MICROSOFT CORPORATION, | |
| Intervener and Counter-claimant, | Date: February 11, 2008<br>Time: 10:30 A.M.<br>Courtroom: 13<br>Judge: Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION, | |
| Plaintiff and Counter-defendant, | |
| v. | |
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |
| Defendants and Counter-claimants, | |

LUCENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14)

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

| | |
|---|---|
| 1 | LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, |
| 2 | Plaintiffs and Counterclaim-defendants, |
| 3 | |
| 4 | v. |
| 5 | DELL INC., |
| 6 | Defendant. |

| | | |
|---|---|---|
| 28 | LUCENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14) | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB) |


## I. INTRODUCTION

Lucent moves *in limine*, under Federal Rules of Evidence 402 and 403, to preclude the defendants from introducing any evidence or testimony regarding Lucent's assertion, and the Court's dismissal of, claims against the defendants alleging infringement of U.S. Patent Nos. 4,317,956 to Torok ("the '956 patent"), and 5,649,131 to Ackerman ("the '131 patent"); the Court's partial dismissal of infringement claims regarding U.S. Patent Nos. 4,763,356 to Day ("the '356 patent"); and the Court's partial dismissal of certain of defendants' products from infringing the 5,347,295 to Agulnick ("the '295 patent").

The Court should preclude any evidence or testimony concerning Lucent's assertion and the Court's dismissal of all the claims involving the '956 and '131 Patents, certain claims involving the '356 patent, and certain of defendant's products from infringing the '295 patents because: (1) pursuant to Rule 402, such evidence, testimony and argument is wholly irrelevant to any remaining issue for trial; and (2) pursuant to Rule 403, such evidence, testimony and argument would be unfairly prejudicial to Lucent, confusing to the jury, and wasteful to this Court. Therefore, the Court should grant Lucent's motion *in limine* to exclude any such evidence, testimony or argument regarding the above issues.

Significantly, prior to the trial in May 2007, the Court granted Lucent's motion *in limine* to exclude the very same evidence, regarding infringement and invalidity. (Ex. 39, Order on Motions in Limine For the Group 4 Trial (04/30/2007)). The Court should once again exclude the above evidence or testimony based on Rules 402 and 403, as previously ruled.

## II. ARGUMENT

### A. Evidence, Testimony or Argument Concerning The Dismissed Claims Is Wholly Irrelevant

Under Rule 402, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Additionally, evidence that is otherwise relevant should still be

LUCENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14)

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts routinely exclude evidence under Federal Rules of Evidence 402 and 403 in such circumstances. *See, e.g., Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1392 (9th Cir. 1986); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL 2001059, at *6 (S.D. Cal. Dec. 3, 1998).

### 1. Defendants Should Be Precluded From Introducing Evidence, Testimony, or Argument Concerning The '956 And '131 Patents

Lucent initially alleged that the defendants' Netmeeting products infringed the '956 patent. Lucent also initially alleged that certain of the defendants' websites infringed the '131 patent. At summary judgment in April 2007, the Court granted defendants' summary judgment motions for non-infringement of the '956 and '131 patents. Subsequently, the two remaining patents from the trial (the '356 and '295 patents) were combined with other patents to proceed to trial in February 2008. The remaining patents, and the products accused of infringing those patents, are not related to the '956 and '131 patents or the products Lucent had accused of infringing the '956 and '131 patents.

Indeed, the issues of infringement, validity and damages remaining for trial have no logical nexus to Lucent's assertion and the Court's dismissal of claims alleging that the defendants infringed two unrelated patents that are no longer in suit. Infringement is a fact-specific inquiry that requires the jury to compare the asserted claims of the patents-in-suit to the accused products. *See Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988-89 (Fed. Cir. 1999) (applying element-by-element comparison of patents to accused products to determine infringement). As previously recognized by the Court, the dismissal of the claims involving completely separate patents, allegedly infringed by completely different products, is not related to whether the remaining patents-in-suit are infringed by defendants' other products.

Likewise, this Court acknowledged that the dismissal of the '956 and '131 patents has no bearing on the validity of the remaining patents-in-suit, because validity is a fact-specific inquiry

LUCENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

requiring the jury to compare the asserted claims of patents-in-suit to the prior art. *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997) (applying element-by-element comparison of patent to prior art to determine validity). Finally, the dismissal of the '956 and '131 patents is wholly irrelevant to the amount of damages that Lucent is owed for the defendants' infringement of the remaining patents-in-suit. *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing factors relevant to a proper analysis of reasonable royalties). No issue to be resolved during trial has any nexus to the assertion and dismissal of the '956 and '131 patents.

### 2. Defendants Should Be Precluded From Introducing Evidence, Testimony, Or Argument Concerning The Dismissed Claims Of The '356 Patent

Lucent originally asserted both apparatus and method claims of the '356 patent. The defendants moved for summary judgment of non-infringement of the apparatus claims containing § 112, ¶ 6 limitations because Lucent's expert did not rely on the accused products' source code for his analysis. Defendants argued that Lucent's expert failed to set forth evidence that the accused products contained the algorithm identified as part of the corresponding structure of the § 112, ¶ 6 claim limitations. On these grounds, the Court granted summary judgment of non-infringement of the '356 apparatus claims only. Accordingly, two method claims of the '356 patent remain.

As stated previously by the Court, Rule 402 precludes the defendants from introducing the Court's dismissal of the '356 patent apparatus claims. The Court's grant of summary judgment of non-infringement for the '356 patent apparatus claims because Lucent's expert did not rely on the accused products' source code has no bearing on whether the accused products contain each and every limitation in the two remaining method claims. *See Johnson Worldwide Assocs.*, 175 F.3d at 988 (comparing element-by-element the patents to the accused products for infringement analysis).

Likewise, the dismissal of the '356 patent apparatus claims has no bearing on the validity of the '356 patent method claims, because validity is a fact-specific inquiry requiring the jury to compare the asserted claims of the patent-in-suit to the prior art. *In re Schreiber*, 128 F.3d at 1477 (applying element-by-element comparison of patent to prior art to determine validity). Finally, the

LUCENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14)

3

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

dismissal of the '356 patent apparatus claims is wholly irrelevant to the amount of damages that Lucent is owed for the defendants' infringement of the '356 patent method claims. *See Georgia-Pacific Corp.*, 318 F. Supp. at 1120 (listing factors relevant to a proper analysis of reasonable royalties).

### 3. Defendants Should Be Precluded From Introducing Evidence, Testimony, Or Argument Concerning The Dismissed Claims Of The '295 Patent Against Certain PDAs

Lucent initially asserted the '295 patent against the defendants' PDAs (Personal Digital Assistant) and tablet PCs. Dell moved for summary judgment of non-infringement with respect to the Dell Axim PDAs because the Axim products have front-mounted digitizers and, therefore, Dell claimed they are allegedly outside the scope of the claims. On these grounds, the Court granted summary judgment of non-infringement of the '295 patent with respect to PDAs having front-mounted digitizers.

Rule 402 precludes the defendants from discussing the dismissal of PDAs having front-mounted digitizers as infringing the '295 patent claims. As recognized in the Court's prior order, the fact that the Court granted summary judgment of non-infringement with respect to PDAs having front-mounted digitizers is irrelevant to whether the remaining accused products (tablet PCs), having rear-mounted digitizers, infringe the '295 patent. *See Johnson Worldwide Assocs.*, 175 F.3d at 988-89 (applying element-by-element comparison of patents to accused products to determine infringement). The dismissal was based on a distinguishing feature, namely a front-mounted digitizer, that is not present in the remaining devices, and is therefore not relevant to the remaining infringement analysis.

Similarly acknowledged by the Court, the dismissal has no bearing on the validity of the '295 patent. *In re Schreiber*, 128 F.3d at 1477 (applying element-by-element comparison of patent to prior art to determine validity). Finally, the dismissal of PDA devices as accused products is wholly irrelevant to the amount of damages that Lucent is owed for the defendants' infringement of the '295 patent **on the remaining accused products**, namely tablet PCs. *See Georgia-Pacific Corp.*, 318 F. Supp. at 1120 (listing factors relevant to a proper analysis of reasonable royalties).

LUCENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14)

4

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

### B. Evidence, Testimony or Argument Concerning The Dismissed Claims Is Prejudicial to Lucent, Confusing to the Jury, and Wasteful to the Court

Even if Lucent's assertion and the Court's dismissal of claims charging the defendants with infringing the '956 and '131 patents, the partial dismissal of claims charging the defendants with infringement of the '356 patent, and the partial dismissal of certain of defendants' products from infringing the '295 patent could have any tangential relevance to an issue in this trial (which they do not), Rule 403 nevertheless precludes the defendants from introducing such evidence, testimony or argument because of the dangers of unfair prejudice to Lucent, jury confusion, and wasting time available for this already-complex patent trial.

Lucent's assertion and the Court's dismissal of claims involving the '956, '356, '295, and '131 patents have no probative value, because it is irrelevant to any of the remaining patent infringement, validity and damages issues to be resolved at trial. However, the fact that certain claims have been dismissed is highly prejudicial to Lucent because the jury could unjustly place undue weight on, or draw an improper inference from, Lucent's apparent lack of success with respect to ***other*** patents and claims vis-à-vis Defendants' ***other*** products. *See Acevedo-Garcia v. Monroig*, 351 F.3d 547, 561 (1st Cir. 2003) (noting that "evidence of previously dismissed claims may have an undue tendency to suggest a decision on an improper basis"). Moreover, such evidence, testimony or argument is likely to create mini-trials on these issues, and could cause undue delay and waste the limited time available for this complex trial.

Weighing the likelihood of unfair prejudice to Lucent, jury confusion, and waste of judicial resources against the probative value of the dismissal of the allegations, the Court should preclude the defendants from introducing evidence, testimony or argument on this issue.

## III. CONCLUSION

For the reasons stated above, the Court should once again grant Lucent's motion *in limine* to preclude the defendants from introducing evidence, testimony or argument on Lucent's assertion and the Court's dismissal of claims alleging that the defendants infringed the '956 and '131 Patents and alleging that the defendants infringed certain claims of the '356 and '295 patents.

LUCENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14)

5

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

| | | |
|---|---|---|
| Dated: January 14, 2008 | | Lucent Technologies Inc. |

By:  _____s/David A. Hahn_____

David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
Gregory F. Corbett (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900


Attorneys for Lucent Technologies Inc.

LUCENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LUCENT'S ASSERTION AND THE COURT'S DISMISSAL OF CERTAIN CLAIMS AGAINST THE DEFENDANTS ALLEGING INFRINGEMENT OF U.S. PATENT NOS. 4,317,956; 4,763,356; 5,347,295; & 5,649,131 (PLAINTIFFS' MIL NO. 14)

6

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)