1 | David A. Hahn (SBN 125784)
2 | HAHN & ADEMA
3 | 501 West Broadway, Suite 1600
  | San Diego, California 92101-3595
  | Telephone: (619) 235-2100
  | Facsimile: (619) 235-2101

*Attorney for Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: |
| Plaintiffs and Counterclaim-defendants, | Case No. 02-CV-2060-B (CAB) |
| v. | Case No. 03-CV-0699-B (CAB) |
|   | Case No. 03-CV-1108-B (CAB) |
| GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT IN SUPPORT OF THEIR CONTENTION THAT GDI TECHNOLOGY IS AFTER-DEVELOPED TECHNOLOGY WITH RESPECT TO THE FLEMING PATENT (PLAINTIFFS' MIL NO. 15)** |
| Defendants and Counter-claimants, | |
| and | |
| MICROSOFT CORPORATION, | |
| Intervener and Counter-claimant, | Date: February 11, 2008<br>Time: 10:30 A.M.<br>Courtroom: 13<br>Judge: Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION, | |
| Plaintiff and Counter-defendant, | |
| v. | |
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |
| Defendants and Counter-claimants, | |

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT IN SUPPORT OF THEIR CONTENTION THAT GDI TECHNOLOGY IS AFTER-DEVELOPED TECHNOLOGY WITH RESPECT TO THE FLEMING PATENT (PLAINTIFFS' MIL NO. 15)

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

1  LUCENT TECHNOLOGIES, INC. and
   MULTIMEDIA PATENT TRUST,
2
               Plaintiffs and Counterclaim-
3  defendants,

4  v.

5  DELL INC.,

6              Defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM
PRESENTING EVIDENCE OR ARGUMENT IN SUPPORT OF THEIR
CONTENTION THAT GDI TECHNOLOGY IS AFTER-DEVELOPED
TECHNOLOGY WITH RESPECT TO THE FLEMING PATENT
(PLAINTIFFS' MIL NO. 15)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I.   INTRODUCTION

Lucent requests that the Court preclude Defendants from presenting at trial evidence or argument in support of their contention that the GDI[1] technology implicated in their infringement of U.S. Patent No. 4,439,759 (the "Fleming Patent") is after-developed technology that precludes Lucent from arguing infringement by structural equivalence under 35 U.S.C. § 112, ¶ 6.  Despite years of discovery, Defendants raised this theory for the first time in connection with their motions for summary judgment of noninfringement filed early last year, more than a year after the close of fact discovery.  Lucent therefore did not have an opportunity to take discovery on this issue, including any discovery of Microsoft, the developer of the GDI.  To permit Defendants to raise this after-developed technology argument at trial without Lucent having been afforded full discovery would unfairly prejudice Lucent.

## II.  BACKGROUND

The asserted claims of the Fleming Patent are means-plus-function claims.  For purposes of literal infringement, a means-plus-function claim literally "cover[s] the corresponding structure, material, or acts described in the specification *and equivalents thereof*."  35 U.S.C. § 112, ¶ 6. Under Federal Circuit case law, the literal scope of a claim is fixed at the time a patent issues, so a structural equivalent cannot capture technology that was developed after the patent issued (*i.e.*, after-developed technology).  *Al-Site Corp. v. VSI Int'l Inc.*, 174 F.3d 1308, 1320 (Fed. Cir. 1999).

Claim 1 of the Fleming Patent includes a "processing means."  The Court construed the corresponding structure for the "processing means" to be the "data processor 1 programmed to perform [a particular algorithm in certain figures of the patent]."  (D.I. 371 at 4.)  In his March 2006 infringement expert report, Lucent's expert Jake Richter opined that the accused products included

---

[1] The Microsoft Windows Graphical Device Interface, or GDI, is a software component present in all versions of Windows.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT IN SUPPORT OF THEIR CONTENTION THAT GDI TECHNOLOGY IS AFTER-DEVELOPED TECHNOLOGY WITH RESPECT TO THE FLEMING PATENT (PLAINTIFFS' MIL NO. 15)

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

an equivalent algorithm in the GDI. (Ex. 121, Expert Report of Jake Richter at ¶ 81.)[2] Mr. Richter noted that the difference between the algorithm disclosed in the Fleming Patent and the accused GDI algorithm is that the algorithm disclosed in the patent is a "quantitative" algorithm while the GDI algorithm is a "qualitative" algorithm. (*Id.*) A qualitative algorithm performs a particular function based on the value of the operands following a command, while a quantitative algorithm performs the function based on the number of operands following a command. Mr. Richter concluded that the differences between the algorithms were insubstantial, and therefore that the two algorithms were equivalent for infringement purposes. (*Id.*, ¶¶ 78-81.)

In its motion for summary judgment of noninfringement of the Fleming Patent, Dell (joined by Gateway) argued that the GDI algorithm in the accused products could not be a structural equivalent under 35 U.S.C. § 112, ¶ 6, because, in Dell's view, the Microsoft GDI was after-developed technology. Defendants, however, never disclosed this contention in response to Lucent's noninfringement contention interrogatory, nor did they disclose this contention during expert discovery. As a result of Defendants' failure to timely disclose this contention, the parties conducted no discovery on this issue during the fact or expert discovery periods, preventing Lucent from developing a factual record. Defendants should therefore be precluded from offering evidence or argument on this untimely theory at trial.

## III.   ARGUMENT

### A.   Dell Failed To Disclose Its After-Developed Technology Theory During Discovery, And Lucent Was Therefore Denied The Opportunity To Develop A Record To Rebut This Theory

Nearly four years ago, Lucent asked Defendants to "identify all factual and legal bases for [their] contention that each [accused product] does not infringe such claim directly (either literally or under the doctrine of equivalents)." (*See. e.g.*, Ex. 9, Lucent's Second Set of Interrogs. to Dell (No.

---

[2] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT IN SUPPORT OF THEIR CONTENTION THAT GDI TECHNOLOGY IS AFTER-DEVELOPED TECHNOLOGY WITH RESPECT TO THE FLEMING PATENT (PLAINTIFFS' MIL NO. 15)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

22) (May 21, 2004).)  Despite asserting numerous non-infringement theories in response to that interrogatory, Defendants never disclosed any contention that the GDI was after-developed technology.  (*See, e.g.,* Ex. 15, Dell's Second Supplemental Resp. to Lucent's Second Set of Interrogs. (No. 22) at 13-14 (Jan. 27, 2006).)  Nor did Dell's expert, Dr. Wedig, ever opine that he believed that the GDI was after-developed technology.  Rather, Defendants raised this entirely new noninfringement theory on their motion for summary judgment of noninfringement, filed more than a year *after* the close of fact discovery, ***a fact specifically acknowledged by Judge Brewster*** in his Order denying Defendants' summary judgment motion.  (D.I. 1814 at 4.)  But under the Federal Rules of Civil Procedure and this Court's scheduling order, Defendants were not free to do so.

      The Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'"  *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980).  But that is precisely what Defendants are attempting to do here.  As a result of Defendants' failure to disclose this after-developed technology theory during discovery, Lucent had no reason to conduct discovery on this issue, and was therefore denied the opportunity to do so.  "[T]he issue of whether an accused device includes a structural equivalent under § 112, ¶ 6 claim is a question of fact," *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1378 (Fed. Cir. 2004), and Lucent was denied any opportunity to develop a factual record to rebut whatever evidence or argument Defendants might make with respect to this issue at trial.  It would therefore be unfair and prejudicial to allow Defendants to present their own "evidence" and argument on this issue at trial.  *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 901-902 (E.D. Tex. Mar. 28, 2006) (ruling that the introduction of new invalidity defenses two and a half months before trial would be prejudicial); *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860 (N.D. Cal. June 16, 2004) (changing invalidity contentions at a late stage "will obviously cause [the plaintiff] a great deal of needless prejudice").  Defendants should therefore be precluded from contending that the GDI is after-developed technology.

**B.   Dell's Technical Expert Did Not Opine That The GDI Technology Is After-Developed Technology, And Should Therefore Not Be Permitted To Testify On This Issue At Trial**

In particular, but without limitation, this Court should preclude Dell's technical expert, Dr. Wedig, from testifying that the accused GDI technology is after-developed technology. Federal Rule of Civil Procedure 26(a)(2) requires experts to set forth all of their opinions during discovery. Should a party fail to present expert evidence during discovery, it must be precluded from doing so at trial. *See, e.g.*, *Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460, 472-73 (D. Del. 2006) ("It could be that there are courts who still allow parties to hide their cards during discovery and use trial as the vehicle to disclose their evidence for the first time. It is known that this court requires the discovery process to be a meaningful one, so that there should be no surprises at trial. ATMI withheld critical information during discovery; it should not be rewarded for such conduct at trial.").

Despite having submitted a noninfringement report in this case, Dr. Wedig ***never offered any opinion*** that the accused GDI technology was after-developed technology, and he never opined that Defendants did not infringe the Fleming Patent on that basis. (Ex. 50, Rebuttal Expert Report of Dr. Robert G. Wedig on the Noninfringement of U.S. Patent No. 4,439,759.) Having failed to offer any opinion on this issue during discovery, Dr. Wedig should not now be permitted to provide any opinion or testimony on this issue at trial.

**IV.   CONCLUSION**

For the foregoing reasons, Lucent respectfully requests that this motion to preclude Defendants from presenting evidence or argument at trial that the accused GDI technology is after-developed technology be granted.

Dated: January 14, 2008

By:   s/David A. Hahn
David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT IN SUPPORT OF THEIR CONTENTION THAT GDI TECHNOLOGY IS AFTER-DEVELOPED TECHNOLOGY WITH RESPECT TO THE FLEMING PATENT (PLAINTIFFS' MIL NO. 15)   4   Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

John M. Desmarais (admitted pro hac vice)  
Robert A. Appleby (admitted pro hac vice)  
James E. Marina (admitted pro hac vice)  
KIRKLAND & ELLIS LLP  
153 East 53rd Street  
New York, New York  10022  
Telephone:  (212) 446-4800  
Facsimile:  (212) 446-4900  

Attorneys for Lucent Technologies Inc.

---

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT IN SUPPORT OF THEIR CONTENTION THAT GDI TECHNOLOGY IS AFTER-DEVELOPED TECHNOLOGY WITH RESPECT TO THE FLEMING PATENT (PLAINTIFFS' MIL NO. 15)

5

Case No. 07-CV-2000-H (CAB)  
consisting of matters severed from consolidated cases:  
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),  
and Case No. 03-CV-1108-B (CAB)