| | |
|---|---|
| 1 | David A. Hahn (SBN 125784)<br>HAHN & ADEMA |
| 2 | 501 West Broadway, Suite 1600<br>San Diego, California 92101-3595 |
| 3 | Telephone: (619) 235-2100<br>Facsimile: (619) 235-2101 |

*Attorney for Lucent Technologies Inc. and Multimedia Patent Trust*
*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>    Plaintiffs and Counterclaim-defendants,<br><br>    v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>            Intervener and<br>            Counter-claimant, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT ALLEGING THAT THE FINAL NASA REPORT IS PRIOR ART TO THE FLEMING PATENT (PLAINTIFFS' MIL NO. 16)**<br><br>Date:         February 11, 2008<br>Time:        10:30 A.M.<br>Courtroom: 13<br>Judge:       Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>            Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST,<br><br>            Defendants and Counter-claimants,<br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT ALLEGING THAT THE FINAL NASA REPORT IS PRIOR ART TO THE FLEMING PATENT (PLAINTIFFS' MIL NO 16)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

|   |
|---|
| Plaintiffs and Counterclaim-defendants, |
| v. |
| DELL INC., |
| Defendant. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT ALLEGING THAT THE FINAL NASA REPORT IS PRIOR ART TO THE FLEMING PATENT (PLAINTIFFS' MIL NO 16)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent hereby requests that the Court preclude Defendants from presenting at trial any evidence or argument regarding, or otherwise referring to, the "NASA Final Report," an alleged prior art reference with respect to U.S. Patent No. 4,439,759 (the "Fleming Patent"). Lacking any admissible evidence that the NASA Final Report is a prior-art printed publication, Defendants apparently intend to rely on a hearsay OCLC database record to establish that the NASA Final Report was publicly accessible before the filing date of the Fleming Patent, May 19, 1981.[1]  But this evidence is inadmissible, and therefore insufficient to prove prior publication. Moreover, even if admissible, this evidence is insufficient to establish publication under Federal Circuit precedent. The NASA Final Report should therefore be excluded. To permit otherwise would allow Defendants to prejudice the jury by arguing that the Fleming Patent is invalid in view of the NASA Final Report in circumstances where Defendants could never prove that allegation.

## II. LEGAL STANDARDS

A party asserting invalidity based on a paper located in a single library — such as the NASA Final Report — must prove by clear and convincing evidence that before the invention date: (1) the library was accessible to the public; (2) the paper was catalogued or indexed in a meaningful way; and (3) the paper was shelved in the library. *See, e.g., In re Bayer*, 568 F.2d 1357, 1362 (C.C.P.A 1978); *Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 936-37 (Fed. Cir. 1990); *In re Cronyn*, 890 F.2d 1158, 1160 (Fed. Cir. 1989). Defendants have ***no admissible evidence*** on any of these issues, and the NASA Final Report should therefore be excluded.

## III. BACKGROUND

The NASA Final Report purportedly describes the particular implementation of a display system, known as the CORE system, at George Washington University. The only known copy of the NASA Final Report is held in the Special Collections Department of the Melvin Gelman Library

---

[1] For purposes of this motion only, Lucent is assuming that the invention date of claims 1-3 of the Fleming Patent is the filing date of the patent, *i.e.*, May 19, 1981.

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT ALLEGING THAT THE FINAL NASA REPORT IS PRIOR ART TO THE FLEMING PATENT (PLAINTIFFS' MIL NO 16)

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

at George Washington University (the "Library"). The Special Collections Department of the Library is restricted only to Library personnel, and is thus not open to members of the public. (Ex. 77, Pec Dep. Tr. at 57:23-58:2.)[1] And the materials held within the Special Collections Department cannot be checked out or sent outside of the library. (*Id.* at 58:3-15, 61:7-13.)

## IV.   ARGUMENT

### A.   The OCLC Printout Should Be Excluded

Defendants have ***no admissible evidence*** that the NASA Final Report is a prior-art printed publication. Defendants are relying exclusively[2] on a printout from the Online Computer Library Center ("OCLC") — a third-party library service — that purportedly shows that the NASA Final Report was publicly available as of September 30, 1980. But the OCLC printout is inadmissible hearsay. While Defendants contend that the OCLC printout is a business record and demonstrates that the NASA Final Report was available at George Washington University library as of September 30, 1980, Defendants cannot prove that allegation.

To prove that the OCLC printout is a business record, Defendants must prove that (1) the record was made by a person with knowledge at or near the time of the incident recorded and (2) the record was kept in the course of a regularly conducted business activity. *United States v. Ray*, 930 F.2d 1368, 1370 (1990). But Defendants can prove neither of these requirements.

First, there is no evidence that the OCLC record for the NASA Final Report was "was made by a person with knowledge at or near the time of the incident recorded." The OCLC record was altered in 2004 (Ex. 77, Pec. Dep. Tr. at 82:18-22, 85:11-23), and Ms. Pec could not testify how the record was altered or by whom. There is thus no evidence that the "September 30, 1980" entered date was included in the original OCLC record, as opposed to having been added in 2004. The

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

[2] On summary judgment, Defendants relied on the Affidavit of Jean Pec, a librarian at George Washington University. The Pec Affidavit, however, is unquestionably inadmissible hearsay.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT ALLEGING THAT THE FINAL NASA REPORT IS PRIOR ART TO THE FLEMING PATENT (PLAINTIFFS' MIL NO 16)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1  OCLC printout is thus *a 2004 record*, not a 1980 record, and it therefore could not have been made
2  "by a person with knowledge *at or near the time of the incident recorded*," in this case September
3  30, 1980.

4      Second, the OCLC database, and the records contained therein, are not kept by George
5  Washington University in the ordinary course of its business or otherwise.  Rather, the OCLC
6  database is kept and maintained by OCLC, a third party.  Further, Ms. Pec testified that she had
7  nothing to do with the creation or maintenance of the OCLC printout (Ex. 77, Pec. Dep. Tr. at 78:20-
8  79:6), has never been an employee of OCLC (*id.* at 63:3-4), and knows nothing about the general
9  processes or procedures used by OCLC for maintaining the database (*id.* at 79:3-6).  Under these
10 circumstances, the OCLC printout is not a business record of George Washington University.

11     Realizing that it cannot prove that the OCLC record is non-hearsay on the current factual
12 record, Defendant Dell served an untimely deposition subpoena on OCLC on January 11, 2008.  (Ex.
13 115.)  But fact discovery has long closed, and Defendants should not be permitted to continue to
14 unilaterally take fact discovery without the Court's permission.  Defendants knew months ago that
15 they were relying on the NASA Final Report as prior art, and they should have taken a deposition of
16 OCLC at that time, and certainly before they filed a summary judgment motion of invalidity based
17 on the NASA Final Report.  With the summary judgment record now closed, Defendants should not
18 be permitted to attempt to plug holes in their case that they were aware of months ago.  Defendants
19 should therefore be precluded from taking the deposition of OCLC and from relying on any
20 testimony from OCLC at trial.

21     **B.    Even If The OCLC Printout Is Not Excluded, Defendants Still Cannot Prove That The NASA Final Report Is A Prior-Art Printed Publication**

23     Even if the OCLC printout is not excluded, however, Defendants still cannot prove that the
24 NASA Final Report is prior art to the Fleming Patent.

25     *First*, there is no evidence that the Special Collections Department at the library where the
26 NASA Final Report is housed was open to the public before May 19, 1981.  The Special Collections
27 Department is a closed-stack portion of the Library that did not allow entry to non-staff members

28 LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT ALLEGING THAT THE FINAL NASA REPORT IS PRIOR ART TO THE FLEMING PATENT (PLAINTIFFS' MIL NO 16)    3    Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

(Ex. 77, Pec Dep. Tr. at 57:23-58:2), and Ms. Pec was unable to offer any testimony as to how access could be granted to members of the public before May 19, 1981:

> Q. If someone who was physically at Gelman Library went to the special collections department to request access to material, do you understand what the policies or criteria would be for granting access to that individual?
>
> A. No, I don't.

(*Id.* at 62:3-8.) Such limited access defeats Defendants' assertion that the NASA Final Report constitutes prior art. *See Northern Telecom*, 908 F.2d at 936-37 (Fed Cir. 1990) (holding that a document within a library that was restricted to authorized personal did not constitute prior art).

*Second,* subject matter searching for the NASA Final Report was not available until the mid 1990's:

> Q. What is your earliest knowledge of it being searchable by subject matter? What date is earliest?
>
> A. I would have to estimate subject --
>
> Q. To your knowledge
>
> A. Sometime in the 1990s for subject searching.

(Ex. 77, Pec Dep. Tr. at 122:9-15.). Nor is there any evidence that key-word searching was available prior to May 19, 1981. In the absence of any evidence of meaningful indexing of the NASA Final Report before May 19, 1981, the NASA Final Report cannot constitute prior art. *In re Cronyn*, 890 F.2d at 1161.

*Third,* there is no evidence that the NASA Final Report was shelved in the Library prior to May 19, 1981. Ms. Pec testified that she did not know the timeframe for cataloging and shelving documents in the Special Collections Department in the 1980-1981 timeframe:

> Q. Regarding the special collections department, are you aware for the 1980 to 1981 time frame how long it took them to process a document when they got it back from CMS or the equivalent entity in those days?

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT ALLEGING THAT THE FINAL NASA REPORT IS PRIOR ART TO THE FLEMING PATENT (PLAINTIFFS' MIL NO 16)

4

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

> A. No, I'm not personally aware.
>
> Q. Do you know how long it would have taken for that item to end up on the shelves, once it had been cataloged?
>
> A. No, I'm not personally aware of how long it would take to have shelved the document.

(Ex. 77, Pec. Dep. Tr. at 105:4-14.) Thus, no evidence exists of when the NASA Final Report was actually placed on the shelves within the Special Collections Department of the Library. In the absence of evidence of shelving of the NASA Final Report before to May 19, 1981, the NASA Final Report cannot constitute prior art. *See, e.g., In re Bayer*, 568 F.2d at 1362.

### C. Lucent Will Be Prejudiced If Defendants Are Permitted To Refer To Or Otherwise Rely Upon The NASA Final Report At Trial

It is clear from the foregoing that Defendants cannot prove the alleged prior-art status of the NASA Final Report. Defendants should therefore be precluded from referring to or otherwise relying on the NASA Final Report at trial. In the absence of preclusion, Defendants will argue to the jury that the Fleming Patent is invalid in view of the NASA Final Report in circumstances where Defendants cannot prove that allegation. Such a result would be unfair and highly prejudicial to Lucent.

## V. CONCLUSION

For the foregoing reasons, Defendants should be precluded from presenting evidence or argument regarding the NASA Final Report at trial.

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT ALLEGING THAT THE FINAL NASA REPORT IS PRIOR ART TO THE FLEMING PATENT (PLAINTIFFS' MIL NO 16)

5

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

Dated: January 14, 2008

By:     s/David A. Hahn

David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
James E. Marina (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Lucent Technologies Inc.