1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone: (619) 235-2100
   Facsimile: (619) 235-2101
4
   *Attorneys for Lucent Technologies Inc.*
5  *(Additional counsel listed on the last page)*

6
                **UNITED STATES DISTRICT COURT**
7                **SOUTHERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: |
| Plaintiffs and Counterclaim-defendants, | Case No. 02-CV-2060-B (CAB) Case No. 03-CV-0699-B (CAB) Case No. 03-CV-1108-B (CAB) |
| v. | |
| GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY INVALIDITY AND UNENFORCEABILITY DEFENSES BASED ON DOUGLAS O'BRIEN'S ALLEGED CO-INVENTORSHIP OF THE OF FLEMING PATENT (PLAINTIFFS' MIL NO. 17)** |
| Defendants and Counter-claimants, | |
| and | |
| MICROSOFT CORPORATION, | |
| Intervener and Counter-claimant, | Date: February 11, 2008 Time: 10:30 A.M. Courtroom: 13 Judge: Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION, | |
| Plaintiff and Counter-defendant, | |
| v. | |
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |
| Defendants and Counter-claimants, | |

28  LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY INVALIDITY AND UNENFORCEABILITY DEFENSES BASED ON DOUGLAS O'BRIEN'S ALLEGED CO-INVENTORSHIP OF THE OF FLEMING PATENT (PLAINTIFFS' MIL NO. 17)

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

| | |
|---|---|
| 1 | LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, |
| 2 | |
| 3 | Plaintiffs and Counterclaim-defendants, |
| 4 | v. |
| 5 | DELL INC., |
| 6 | Defendant. |

28  LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY INVALIDITY AND UNENFORCEABILITY DEFENSES BASED ON DOUGLAS O'BRIEN'S ALLEGED CO-INVENTORSHIP OF THE OF FLEMING PATENT (PLAINTIFFS' MIL NO. 17)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I.     INTRODUCTION

Lucent hereby moves *in limine* to preclude Defendants from asserting untimely invalidity and unenforceability defenses regarding U.S. Patent No. 4,439,759 (the "Fleming Patent").  Defendants first disclosed these new theories to Lucent in supplemental interrogatory responses less than one month ago, nearly ***two years*** after the close of fact discovery.  Allowing Defendants to assert these belated theories with trial fast approaching would substantially and unfairly prejudice Lucent.

## II.    BACKGROUND

Nearly four years ago, Lucent asked Defendants to identify the legal and factual bases for their respective invalidity and unenforceability defenses.  (Ex. 1, Lucent's First Set of Interrogs. to Dell (Feb. 24, 2004); Ex. 2, Lucent's First Set of Interrogs. to Gateway (Feb. 24, 2004).)[1]  Pursuant to the Court's January 9, 2006 Order, final invalidity contentions and contention interrogatory responses were to be served no later than January 27, 2006.  (Ex. 33, 01/09/2006 Order Following Discovery Conference).  Fact discovery closed in February 2006.

Despite the close of fact discovery ***nearly two years ago***, just less than one month ago, Gateway and Dell supplemented their contention interrogatory responses to assert new invalidity and unenforceability theories based on the following allegations:

> Douglas O'Brien, one of the principal developers of the Canadian Telidon videotex system, testified that in the 1979-1980 timeframe he had numerous meetings with the persons named on the face of the Fleming '759 patent and others to discuss a joint approach to a videotex system.  O'Brien Depo. Tr. at 208:24-211:18.  Mr. O'Brien testified that he worked with William Frezza and others to develop the May 1981 AT&T "Videotex Standard: Presentation Level Protocol" document ("PLP document.")  O'Brien Depo. Tr. at 285:24-286:19; OBR008841-954.  According to Lucent, the PLP document describes the videotex system claimed by the Fleming '759 patent. Mr. O'Brien further testified that during those meetings to develop the PLP document, he "argued strongly for the capability of direct color" and that "direct color capability was to me very important." O'Brien Depo. Tr. at 316:18-318:18; 325:21-326:15.  AT&T's PLP document disclosed a SET COLOR command for performing direct color specification, and Mr. O'Brien testified that the SET COLOR command was "bit identical with the control value command in the Telidon 699 spec." O'Brien Depo. Tr. at 318:1-18.  Claims 1-3 of the Fleming '759 patent all

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY INVALIDITY AND UNENFORCEABILITY DEFENSES BASED ON DOUGLAS O'BRIEN'S ALLEGED CO-INVENTORSHIP OF THE OF FLEMING PATENT  (PLAINTIFFS' MIL NO. 17)

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

require a mode of access where color data values are directly specified, and Mr. O'Brien contributed this aspect to the asserted claims.

(Ex. 12, Dell's Eighth Supplemental Resp. to Lucent's First Set of Interrogs. (Dec. 21, 2007); Ex. 18, Gateway, Inc.'s Supplemental Resp. to Lucent's Interrog. Nos. 1, 2 and 4 (Dec. 19, 2007)). Based on these allegations, Dell and Gateway now contend that (1) claims 1-3 of the Fleming patent are invalid "under 35 U.S.C. § 102(f) and/or 102(f)/103 because the persons named on the face of the patent did not invent the subject matter claimed in the Fleming Patent and/or the subject matter claimed in the Fleming Patent is obvious in view of subject matter presented to the persons named on the face of the Fleming Patent"; (2) "Lucent lacks standing to enforce the Fleming Patent as a sole plaintiff because of its lack of complete ownership of the Fleming Patent"; (3) "because all of the owners of the Fleming Patent are not joined as plaintiffs in this suit, this Court lacks jurisdiction to hear Lucent's suit to enforce the Fleming '759 Patent"; (4) "[t]he Fleming Patent is also unforeceable due to the inequitable conduct of [the inventors]. Specifically, none of the named inventors disclosed to the United States Patent and Trademark Office that claims 1-3 of the Fleming '759 Patent were at least partially derived by Mr. O'Brien"; and (5) the Fleming Patent is "unenforceable due to [the inventors'] failure to disclose that Mr. O'Brien was at least a joint inventor of the alleged invention claimed in Claims 1-3 of the Fleming Patent." (*Id.*)

Defendants, however, failed to disclose these new theories during the original fact discovery period, during the original expert discovery period, and even during the re-opened obviousness discovery period last summer. As a result, Lucent was precluded from taking any discovery on these theories. In fact, Defendants disclosed these theories *after* Lucent took Mr. O'Brien's deposition in November, thereby preventing Lucent from preparing and fully examining Mr. O'Brien on an issue that was not in this case at the time. Defendants' failure to disclose these theories in a timely manner is particularly egregious because Mr. O'Brien is a Gateway consultant being paid $275 hour for his work on this case. Lucent has thus been prejudiced by Defendants' conduct, and Defendants' attempt to inject these new theories into this case on the eve of trial should be rejected.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS'
UNTIMELY INVALIDITY AND UNENFORCEABILITY DEFENSES
BASED ON DOUGLAS O'BRIEN'S ALLEGED CO-INVENTORSHIP OF
THE OF FLEMING PATENT  (PLAINTIFFS' MIL NO. 17)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

### III. DEFENDANTS' NEW INVALIDITY AND UNENFORCEABILITY THEORIES SHOULD BE PRECLUDED

The Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980); *accord Abbott Labs. v. Syntron Bioresearch, Inc.*, No. 98-CV-2359, 2001 WL 34082555, at *2 (S.D. Cal. Aug. 24, 2001) (indicating that the purpose of the Federal Rules "is to prevent unfair and prejudicial surprise"). Federal Rule of Civil Procedure 37(c)(1) precludes the use of improperly disclosed evidence at trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P 37(c)(1); *see also Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) ("Rule 37 sanctions were intended to punish evasion of pretrial discovery.") (internal citations omitted). Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e) in a timely fashion is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1) and advisory committee's note (1993)). Courts routinely exclude the evidence and pleadings improperly disclosed. *See, e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (affirming district court's exclusion of documents not produced until after the discovery cut-off date and after deposition); *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 900-02 (E.D. Tex. 2006) (precluding amendment to invalidity contentions based on a Rule 37(c)(1)-type analysis). *See generally, Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721, 724 (E.D. Va. 2001) (stating that Rule 37(c)(1) can exclude the introduction of evidence or pleadings). Further, under Rule 37(b)(2) a court can exclude evidence or argument for violation of a court's discovery order. Fed. R. Civ. P. 37(b)(2).

By springing these new defenses on Lucent on the eve of trial, Defendants have deprived Lucent of the opportunity to take ***any*** discovery and to prepare its case for trial on these issues,

which are fact-intensive issues concerning Mr. O'Brien's meetings with the inventors of the Fleming Patent and the inventors' work on the inventions of the Fleming Patent . *See e.g.*, *Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1344 (Fed. Cir. 2003) ("This court reviews a finding of derivation [under 102(f)] as a question of fact."). As a result of Defendants' failure to timely disclose their new invalidity and unenforceability theories, Lucent was prevented from preparing for and taking Mr. O'Brien's deposition on this issue, and was also precluded from examining the Fleming inventors — who are all no longer employed by Lucent — on these issues during their depositions. Preclusion is the appropriate remedy here, particularly since Mr. O'Brien is a Gateway consultant who has been working closely with Gateway's attorneys on this case since at least June of this year. Under these circumstances, there can be no excuse for Defendants waiting until December of this year to disclose these new defenses. *See, e.g.*, *Finisar Corp.*, 424 F. Supp. 2d at 901-02 (E.D. Tex. 2006) (ruling that the introduction of a new defense two and a half months before trial would be prejudicial); *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004) (changing invalidity contentions at a late stage "will obviously cause [the plaintiff] a great deal of needless prejudice").

## IV. CONCLUSION

For the foregoing reasons, Defendants' invalidity and unenforceability defenses based on Douglas O'Brien's alleged co-inventorship of the Fleming Patent should be excluded.

Dated: January 14, 2008

By:    s/David A. Hahn
David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS' UNTIMELY INVALIDITY AND UNENFORCEABILITY DEFENSES BASED ON DOUGLAS O'BRIEN'S ALLEGED CO-INVENTORSHIP OF THE OF FLEMING PATENT (PLAINTIFFS' MIL NO. 17)   4   Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
James E. Marina (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Lucent Technologies Inc.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY INVALIDITY AND UNENFORCEABILITY DEFENSES BASED ON DOUGLAS O'BRIEN'S ALLEGED CO-INVENTORSHIP OF THE OF FLEMING PATENT  (PLAINTIFFS' MIL NO. 17)

5

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)