David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

*Attorneys for Lucent Technologies Inc*
*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>  Plaintiffs and Counterclaim-defendants,<br><br>  v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>  Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>  Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S MOTION *IN LIMINE* TO PRECLUDE GATEWAY FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING ITS UNTIMELY DEFENSE OF LACHES REGARDING THE FLEMING PATENT (PLAINTIFFS' MIL NO. 18)**<br><br>Date:  February 11, 2008<br>Time:  10:30 A.M.<br>Courtroom: 13<br>Judge:  Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>  Plaintiff and Counter-defendant,<br><br>  v.<br><br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST,<br><br>  Defendants and Counter-claimants, | |
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE GATEWAY FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING ITS UNTIMELY DEFENSE OF LACHES REGARDING THE FLEMING PATENT (PLAINTIFFS' MIL NO. 18)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1  
2             Plaintiffs and Counterclaim-defendants,  
3  v.  
4  DELL INC.,  
5                          Defendant.  

28 LUCENT'S MOTION *IN LIMINE* TO PRECLUDE GATEWAY FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING ITS UNTIMELY DEFENSE OF LACHES REGARDING THE FLEMING PATENT (PLAINTIFFS' MIL NO. 18)

Case No. 07-CV-2000-H (CAB)  
consisting of matters severed from consolidated cases:  
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),  
and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent hereby moves *in limine* to preclude Gateway from asserting an untimely laches theory regarding its infringement of U.S. Patent No. 4,439,759 (the "Fleming Patent"). Gateway first disclosed this new laches theory to Lucent in supplemental interrogatory responses less than one month ago, nearly two years after the close of fact discovery. Allowing Gateway to assert this belated laches theory with trial fast approaching would substantially and unfairly prejudice Lucent.

## II. BACKGROUND

Nearly four years ago, Lucent asked Gateway to identify the legal and factual bases for its laches defense. (Ex. 2, Lucent's First Set of Interrogs. to Gateway (Feb. 24, 2004).)[1] Pursuant to the Court's January 9, 2006 Order, final contention interrogatory responses were to be served no later than January 27, 2006. (Ex. 33, 01/09/2006 Order Following Discovery Conference). Fact discovery closed in February 2006.

Despite the close of fact discovery ***nearly two years ago***, less than one month ago Gateway supplemented its interrogatory responses to assert a new laches theory with respect to the Fleming Patent:

> In addition to otherwise materially prejudicing Gateway, Lucent's delay in bringing suit on the Fleming Patent has also economically prejudiced Gateway. Substantially all of the Microsoft GDI's and/or API's accused of infringement were incorporated at least into Windows 3.0 in 1990. Because Lucent did not divulge until many years after it filed this action that Microsoft GDIs and /or APIs accused of infringement provide a basis for its infringement contentions, Lucent's delay is upwards of sixteen years after the introduction of Windows 3.0. Had Lucent promptly informed Gateway of the alleged infringement by Microsoft's GDIs and/or APIs, inexpensive modifications to Microsoft's software to avoid any alleged infringement would have inured to the benefit of Gateway. Lucent's unreasonable delay in failing to notify Gateway of its purported infringement is the basis for Lucent's claim of vastly increased damages, resulting in economic prejudice to Gateway.

(Ex. 18, Gateway, Inc.'s Supplemental Resp. to Lucent's Interrog. Nos. 1, 2 and 4 (Dec. 19, 2007)).

---

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE GATEWAY FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING ITS UNTIMELY DEFENSE OF LACHES REGARDING THE FLEMING PATENT (PLAINTIFFS' MIL NO. 18)

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

1    Gateway failed to disclose this new laches theory in its original and supplemental
2    interrogatory responses during the fact discovery period.  As a result, Lucent was precluded from
3    taking any discovery on this theory, including discovery concerning the purported "modifications to
4    Microsoft's software" and the alleged prejudice to Gateway.  Gateway's attempt to inject a new
5    affirmative defense into this case nearly ***two years*** after the close of discovery should be rejected.

**III.   GATEWAY'S NEW LACHES THEORY SHOULD BE PRECLUDED**

Because of the unfair prejudice to Lucent, Gateway's new laches theory should be precluded. The Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980); *accord Abbott Labs. v. Syntron Bioresearch, Inc.*, No. 98-CV-2359, 2001 WL 34082555, at *2 (S.D. Cal. Aug. 24, 2001) (indicating that the purpose of the Federal Rules "is to prevent unfair and prejudicial surprise"). Federal Rule of Civil Procedure 37(c)(1) precludes the use of improperly disclosed evidence at trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P 37(c)(1); *see also Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) ("Rule 37 sanctions were intended to punish evasion of pretrial discovery.") (internal citations omitted). Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e) in a timely fashion is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1) and advisory committee's note (1993)).  Courts routinely exclude the evidence and pleadings improperly disclosed.  *See, e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (affirming district court's exclusion of documents not produced until after the discovery cut-off date and after deposition); *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 900-02 (E.D. Tex. 2006) (precluding amendment to invalidity contentions based on a Rule 37(c)(1)-type analysis).  *See generally Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE GATEWAY FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING ITS UNTIMELY DEFENSE OF LACHES REGARDING THE FLEMING PATENT (PLAINTIFFS' MIL NO. 18)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

721, 724 (E.D. Va. 2001) (stating that Rule 37(c)(1) can exclude the introduction of evidence or pleadings). Further, under Rule 37(b)(2) a court can exclude evidence or argument for violation of a court's discovery order. Fed. R. Civ. P. 37(b)(2).

By disclosing this new laches theory on the eve of trial, Gateway has deprived Lucent of the opportunity to take discovery and to properly prepare its case for trial on this laches theory, a highly fact-intensive defense. *See, e.g.*, *In re Bogese*, 303 F.3d 1362, 1371-72 (Fed. Cir. 2002) (laches defense involves several factual inquiries). Because of the severe prejudice to Lucent, preclusion is the appropriate remedy here. *See, e.g., Finisar Corp.*, 424 F. Supp. 2d at 901-02 (E.D. Tex. 2006) (ruling that the introduction of a new defense two and a half months before trial would be prejudicial); *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004) (changing invalidity contentions at a late stage "will obviously cause [the plaintiff] a great deal of needless prejudice").

Furthermore, preclusion is particularly appropriate here because Lucent disclosed as early as *May 2004* that the Microsoft GDI was implicated in Gateway's infringement of the Fleming Patent. (Ex. 8, Lucent's First Supplemental Resp. to Interrog. Nos. 1, 2, 7, and 8 from Microsoft, Dell, and Gateway (No. 2) (May 27, 2004)). There is no excuse for Gateway having waited until *December 2007* to disclose its GDI-related laches theory. The prejudice to Lucent, on the other hand, is severe and unjustified.

## IV. CONCLUSION

For the foregoing reasons, Gateway's untimely GDI-related laches theory should be precluded.

Dated: January 14, 2008

By: _____
David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE GATEWAY FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING ITS UNTIMELY DEFENSE OF LACHES REGARDING THE FLEMING PATENT (PLAINTIFFS' MIL NO. 18)

3

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

| | |
|---|---|
| 1 | John M. Desmarais (admitted pro hac vice) |
| 2 | Robert A. Appleby (admitted pro hac vice) |
|   | James E. Marina (admitted pro hac vice) |
| 3 | KIRKLAND & ELLIS LLP |
|   | 153 East 53rd Street |
| 4 | New York, New York  10022 |
|   | Telephone:  (212) 446-4800 |
| 5 | Facsimile:  (212) 446-4900 |

Attorneys for Lucent Technologies Inc. and Multimedia Patent Trust

LUCENT'S MOTION IN LIMINE TO PRECLUDE GATEWAY FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING ITS UNTIMELY DEFENSE OF LACHES REGARDING THE FLEMING PATENT (PLAINTIFFS' MIL NO. 18)

4

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)