David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

*Attorneys for Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>   Plaintiffs and Counterclaim-defendants,<br><br>   v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>   Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>   Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY UNENFORCEABILITY DEFENSE AS TO THE FLEMING PATENT BASED ON RECOMMENDATION S.100 (PLAINTIFFS' MIL NO. 19)**<br><br>Date:       February 11, 2008<br>Time:       10:30 A.M.<br>Courtroom:  13<br>Judge:      Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>         Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST,<br><br>         Defendants and Counter-claimants, | |
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY UNENFORCEABILITY DEFENSE AS TO THE FLEMING PATENT BASED ON RECOMMENDATION S.100 (PLAINTIFFS' MIL NO. 19)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

1 | Plaintiffs and Counterclaim-defendants,
2 |
3 | v.
4 | DELL INC.,
5 | Defendant.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY UNENFORCEABILITY DEFENSE AS TO THE FLEMING PATENT BASED ON RECOMMENDATION S.100 (PLAINTIFFS' MIL NO. 19)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I.    INTRODUCTION

Lucent hereby moves *in limine* to preclude Defendants from asserting an untimely unenforceability theory regarding U.S. Patent No. 4,439,759 (the "Fleming Patent"). Defendants' newly disclosed theory alleges that the inventors of the Fleming Patent committed inequitable conduct by failing to disclose Recommendation S.100 to the Patent and Trademark Office. Defendants first disclosed this new theory to Lucent in supplemental interrogatory responses just three months ago, nearly ***two years*** after the close of fact discovery. Allowing Defendants to assert this belated theory with trial fast approaching would substantially and unfairly prejudice Lucent.

## II.    BACKGROUND

Nearly four years ago, Lucent asked Defendants to identify the legal and factual bases for their unenforceability defenses. (*See, e.g.,* Ex. 2, Lucent's First Set of Interrogs. to Gateway (Feb. 24, 2004).)[1] Pursuant to the Court's January 9, 2006 Order, final contentions were to be served no later than January 27, 2006. (Ex. 33, 01/09/2006 Order Following Discovery Conference.) Fact discovery closed in February 2006.

Despite the close of fact discovery ***nearly two years ago***, Gateway supplemented its contention interrogatory responses on ***October 9, 2007*** to assert a new unenforceability theory based on the following allegations:

> The claims of the Fleming '759 patent are unenforceable as a result of the inequitable conduct of the applicants, their attorneys and/or agents (collectively referred to as "the Applicants") in the prosecution of the Fleming '759 patent application. The inequitable conduct occurred due to the Applicants' failure to disclose to the PTO the Recommendation S.100: International Telecommunication Union (CCITT) Recommendation S.100 International Information Exchange for Interactive Videotex, CCITT Yellow Book, Vol. 7 Fascicle 7.2, Geneva, Switzerland, Nov. 21, 1980 ("Recommendation S.100"). Recommendation S.100 is not only material to the Fleming '759 patent claims, but also renders the '759 patent invalid, as established in the Wedig Supplemental Report. *See* Wedig Supplemental Report invalidity claim chart at Ex. 2. Moreover, and as described below, the Applicants not only knew of the Recommendation S.l00, but they also understood its materiality to the '759 patent application because they disclosed it in three other patent applications

---

[1]    All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt filed concurrently herewith.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY UNENFORCEABILITY DEFENSE AS TO THE FLEMING PATENT BASED ON RECOMMENDATION S.100 (PLAINTIFFS' MIL NO. 19)

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

that they filed on the same day, involving technology that is very similar to the '759 patent. In addition, the Applicants cited Recommendation S.100 in documents they prepared while working on development of the subject matter claimed in the '759 patent application.

(Ex. 21, Gateway, Inc.'s Supplemental Resp. to Lucent's Interrog. Nos. 1-2 and 4 (Oct. 9, 2007)). Gateway's October 2007 Supplemental Response then proceeds to recite *two more pages* of newly disclosed factual allegations to support its new theory of unenforceability.

Defendants, however, failed to disclose this new theory during the original fact discovery period, during the original expert discovery period, and even during the re-opened obviousness discovery period last summer. Lucent has thus been prejudiced by Defendants' conduct, and Defendants' attempt to inject this new theory into this case on the eve of trial should be rejected.

### III. DEFENDANTS' NEW UNENFORCEABILITY THEORY SHOULD BE PRECLUDED

The Federal Rules of Civil Procedure "were precisely designed to prevent a 'trial by ambush.'" *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 324 (C.D. Cal. 1980); *accord Abbott Labs. v. Syntron Bioresearch, Inc.*, No. 98-CV-2359, 2001 WL 34082555, at *2 (S.D. Cal. Aug. 24, 2001) (indicating that the purpose of the Federal Rules "is to prevent unfair and prejudicial surprise"). Federal Rule of Civil Procedure 37(c)(1) precludes the use of improperly disclosed evidence at trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P 37(c)(1); *see also Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) ("Rule 37 sanctions were intended to punish evasion of pretrial discovery.") (internal citations omitted). Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e) in a timely fashion is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1) and advisory committee's note (1993)). Courts routinely exclude the

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY UNENFORCEABILITY DEFENSE AS TO THE FLEMING PATENT BASED ON RECOMMENDATION S.100 (PLAINTIFFS' MIL NO. 19)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

evidence and pleadings improperly disclosed. *See, e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (affirming district court's exclusion of documents not produced until after the discovery cut-off date and after deposition); *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 900-02 (E.D. Tex. 2006) (precluding amendment to invalidity contentions based on a Rule 37(c)(1)-type analysis). *See generally, Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721, 724 (E.D. Va. 2001) (stating that Rule 37(c)(1) can exclude the introduction of evidence or pleadings). Further, under Rule 37(b)(2) a court can exclude evidence or argument for violation of a court's discovery order. Fed. R. Civ. P. 37(b)(2).

By springing this new unenforceability theory on Lucent on the eve of trial, Defendants have deprived Lucent of the opportunity to take discovery and to prepare its case for trial on this issue, which involves fact-intensive issues concerning the knowledge of the inventors and prosecuting attorneys of the Fleming Patent and the alleged materiality of Recommendation S.100. Lucent was also prevented from submitting reports from its technical and patent law experts on these issues during the expert discovery period. Thus, as a result of Defendants' failure to timely disclose their new unenforceability theory, Lucent was prevented from developing a factual and expert record to rebut Defendants' allegations. Lucent has thus been highly prejudiced, and Defendants should therefore be precluded from presenting evidence or argument on this new unenforceability theory at trial. *See, e.g.*, *Finisar Corp.*, 424 F. Supp. 2d at 901-02 (E.D. Tex. 2006) (ruling that the introduction of a new defense two and a half months before trial would be prejudicial); *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004) (changing invalidity contentions at a late stage "will obviously cause [the plaintiff] a great deal of needless prejudice").

## IV.    CONCLUSION

For the foregoing reasons, Defendants' untimely unenforceability theory based on an alleged failure to disclose Recommendation S.100 to the Patent and Trademark Office should be excluded.

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' UNTIMELY UNENFORCEABILITY DEFENSE AS TO THE FLEMING PATENT BASED ON RECOMMENDATION S.100 (PLAINTIFFS' MIL NO. 19)

3

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1

2  Dated:  January 14, 2008

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lucent Technologies Inc.

By:      s/David A. Hahn

David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
James E. Marina (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Lucent Technologies Inc.

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS'
UNTIMELY UNENFORCEABILITY DEFENSE AS TO THE FLEMING
PATENT BASED ON RECOMMENDATION S.100 (PLAINTIFFS' MIL
NO. 19)

4

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)