1  David A. Hahn, (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone: (619) 235-2100
   Facsimile: (619) 235-2101
4
   *Attorneys for Lucent Technologies Inc.*
5  *(Additional counsel listed on the last page)*
6
7  **UNITED STATES DISTRICT COURT**
   **SOUTHERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>    Plaintiffs and Counterclaim-defendants,<br><br>    v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>        Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING THE COURT'S DISMISSAL OF CLAIMS ALLEGING INFRINGEMENT OF U.S. PATENT NO. 4,582,956 AND LUCENT'S ORIGINAL ASSERTION OF CLAIM 4 OF U.S. PATENT NO. 4,439,759 (PLAINTIFFS' MIL NO. 20)**<br><br>Date:        February 11, 2008<br>Time:       10:30 A.M.<br>Courtroom: 13<br>Judge:      Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>        Plaintiff and Counter-defendant,<br><br>    v.<br><br>LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | |

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING THE COURT'S DISMISSAL OF CLAIMS ALLEGING INFRINGEMENT OF U.S. PATENT NO. 4,582,956 AND LUCENT'S ORIGINAL ASSERTION OF CLAIM 4 OF U.S. PATENT NO. 4,439,759 (PLAINTIFFS' MIL NO. 20)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

|   | |
|---|---|
| 1 | Defendants and Counter-claimants, |
| 2 | LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, |
| 3 | Plaintiffs and Counterclaim-defendants, |
| 4 | |
| 5 | v. |
| 6 | DELL INC., |
| 7 | Defendant. |

28  LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING THE COURT'S DISMISSAL OF CLAIMS ALLEGING INFRINGEMENT OF U.S. PATENT NO. 4,582,956 AND LUCENT'S ORIGINAL ASSERTION OF CLAIM 4 OF U.S. PATENT NO. 4,439,759 (PLAINTIFFS' MIL NO. 20)

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

## I. INTRODUCTION

Lucent hereby moves *in limine*, under Federal Rules of Evidence 402 and 403, to preclude Defendants from introducing any evidence or argument regarding Lucent's assertion, and the Court's dismissal of, claims against Defendants for infringement of U.S. Patent No. 4,582,956 to Doughty (the "Doughty '956 Patent"), and Lucent's voluntary decision not to assert Claim 4 of U.S. Patent No. 4,439,759 to Fleming (the "Fleming '759 Patent"). The Fleming '759 Patent and Doughty '956 Patent, though completely unrelated, were originally grouped together by the Court as the "Group 5" patents.

The Court should preclude any evidence or argument on these issues because: (1) pursuant to Rule 402, such evidence and argument is wholly irrelevant to any remaining issues for trial; and (2) pursuant to Rule 403, such evidence and argument would be unfairly prejudicial to Lucent, confusing to the jury, and wasteful of this Court's resources.

## II. BACKGROUND

Lucent earlier asserted additional Group 5 patents and claims against Defendants in this case. First, Lucent earlier alleged that Defendants infringed Claim 4 of the Fleming '759 patent, but later voluntarily decided not to pursue that claim. Lucent is now only asserting Claims 1-3 of the Fleming '759 Patent. Second, Lucent earlier alleged that Defendants infringed the Doughty '956 Patent. The Court, however, granted summary judgment of non-infringement and the Doughty '956 Patent is no longer at issue in this case. (D.I. 1793).

## III. ARGUMENT

### A. Evidence Or Argument Concerning Claims No Longer At Issue In This Case Are Irrelevant

Under Rule 402, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Litigants routinely assert claims or causes of action and then

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING THE COURT'S DISMISSAL OF CLAIMS ALLEGING INFRINGEMENT OF U.S. PATENT NO. 4,582,956 AND LUCENT'S ORIGINAL ASSERTION OF CLAIM 4 OF U.S. PATENT NO. 4,439,759 (PLAINTIFFS' MIL NO. 20)

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

voluntarily dismiss those claims and causes of action "for any number of reasons or benefits" having nothing to do with the merits of the claims. *See e.g.*, *Bryant v. MV Transp., Inc.*, 231 F.R.D. 480, 481 (E.D. Va. 2005); *Union Gas Sys., Inc. v. E. Cent. Gas & Pipeline Corp.*, No. 88-2565-O, 1989 WL 45373, at *1 (D. Kan. Apr. 12, 1989) ("We note that parties voluntarily dismiss actions for many reasons."); *Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266, 1277 (5th Cir. 1989) ("Voluntary dismissal of a suit can occur for a variety of reasons."). When a party chooses not to pursue a claim — as Lucent has done with respect to Claim 4 of the Fleming '759 patent — it is entirely improper to draw any inferences or conclusions about its merits, let alone the merits of other claims that remain in the action. *Cf. Bryant*, 231 F.R.D. at 481 ("The parties could have agreed to dismiss for any number of reasons or benefits, other than because one party would have won on the merits if the case went to trial. Thus, neither litigant is the prevailing party."); *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th Cir. 2004) ("The record in this case provides nothing from which to infer that the voluntary dismissal . . . was a favorable termination . . . on the merits.").

Thus, the fact that Lucent has decided not to pursue Claim 4 of the Fleming '759 Patent has no relevance to any issue at trial, since it does not have "***any tendency*** to make . . . more probable or less probable" any fact concerning the remaining claims of the Fleming '759 Patent. *See* Fed. R. Evid. 401 (emphasis added). Similarly, with respect to the Doughty '956 Patent, the fact that the Court granted summary judgment of non-infringement of an unrelated patent has absolutely no bearing on any issues in this trial. The claims of the Doughty '956 patent have different scope than the asserted claims of the patents-in-suit, and nothing about that patent, or the Court's summary disposition of that patent, has any relevance to the issues to be tried in February.

For example, infringement is a fact-specific inquiry that requires the jury to compare the asserted claims of the patents-in-suit to the accused products. *See Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988-89 (Fed. Cir. 1999) (applying element-by-element comparison of patents to accused products to determine infringement). Lucent's decision not to assert Claim 4 and

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING THE COURT'S DISMISSAL OF CLAIMS ALLEGING INFRINGEMENT OF U.S. PATENT NO. 4,582,956 AND LUCENT'S ORIGINAL ASSERTION OF CLAIM 4 OF U.S. PATENT NO. 4,439,759 (PLAINTIFFS' MIL NO. 20)

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

the Court's dismissal of the claims involving the Doughty '956 Patent are not relevant to whether the remaining claims of the Fleming '759 Patent are infringed by Defendants.

Likewise, the dismissal of the Doughty '956 Patent and Lucent's decision not to assert Claim 4 of the '759 Patent have no bearing on the validity of the remaining patents-in-suit, because validity is a fact-specific inquiry requiring the jury to compare the asserted claims of patents-in-suit to the prior art. *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997) (applying element-by-element comparison of patent to prior art to determine validity). The dismissal of the Doughty '956 patent and Lucent's decision not to assert Claim 4 of the Fleming '759 Patent is also irrelevant to the amount of damages that Lucent is owed for Defendants' infringement of the remaining claims-in-suit. *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing factors relevant to a proper analysis of reasonable royalties). It is thus clear that the assertion and dismissal of the Doughty '956 Patent and Lucent's voluntary decision not to assert Claim 4 of the Fleming '759 Patent have no relevance to the issues to be tried in February.

**B.   Evidence Or Argument Concerning Claims No Longer At Issue In This Case Would Be Prejudicial to Lucent, Confusing To The Jury, And Wasteful Of The Court's Resources.**

Additionally, evidence that is otherwise relevant should still be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts routinely exclude evidence under Federal Rules of Evidence 402 and 403 in such circumstances. *See, e.g., Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1392 (9th Cir. 1986); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL 2001059, at *6 (S.D. Cal. Dec. 3, 1998).

Even if Lucent's decision not to assert Claim 4 of the Fleming '759 Patent and the Court's dismissal of the Doughty '956 Patent could have any tangential relevance to an issue in this trial (which they do not), Rule 403 nevertheless precludes Defendants from introducing such evidence or

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING THE COURT'S DISMISSAL OF CLAIMS ALLEGING INFRINGEMENT OF U.S. PATENT NO. 4,582,956 AND LUCENT'S ORIGINAL ASSERTION OF CLAIM 4 OF U.S. PATENT NO. 4,439,759 (PLAINTIFFS' MIL NO. 20)

3

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1  argument because of the dangers of unfair prejudice to Lucent, jury confusion, and the limited time
2  available for this already-complex patent trial.

3        Lucent's assertion and the Court's dismissal of claims involving the Doughty '956 Patent
4  and Lucent's decision not to assert Claim 4 of the Fleming '759 Patent have no probative value to
5  the issues to be tried in February, because they are irrelevant to any of the remaining issues to be
6  resolved at trial.  On the other hand, the fact that certain claims have been dismissed, or voluntarily
7  not asserted, could be highly prejudicial to Lucent, because the jury could unjustly place weight on,
8  or draw an improper inference from, the summary judgment dismissal and Lucent's decision not to
9  pursues Claim 4.  *See Acevedo-Garcia v. Monroig*, 351 F.3d 547, 561 (1st Cir. 2003) (noting that
10  "evidence of previously dismissed claims may have an undue tendency to suggest a decision on an
11  improper basis").  Moreover, evidence and argument on such issues is likely to create mini-trials on
12  irrelevant matter, and would cause unnecessary delay and take up the limited time available for this
13  complex trial.

14        Weighing the likelihood of unfair prejudice to Lucent, jury confusion, and waste of judicial
15  resources against the probative value, the Court should preclude the defendants from introducing
16  evidence or argument on these issues.

17  **IV.  CONCLUSION**

18        For the reasons stated above, the Court should grant Lucent's motion *in limine* to preclude
19  Defendants from introducing evidence or argument on Lucent's decision not to assert Claim 4 of the
20  Fleming '759 Patent and the Court's dismissal of claims alleging that the defendants infringed the
21  Doughty '956 Patent.

Dated:  January 14, 2008

By:      s/David A. Hahn
    David A. Hahn, SBN 125784
    HAHN & ADEMA
    501 West Broadway, Suite 1600
    San Diego, California  92101-3595
    Telephone:  (619) 235-2100
    Facsimile:  (619) 235-2101

LUCENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING THE COURT'S DISMISSAL OF CLAIMS ALLEGING INFRINGEMENT OF U.S. PATENT NO. 4,582,956 AND LUCENT'S ORIGINAL ASSERTION OF CLAIM 4 OF U.S. PATENT NO. 4,439,759 (PLAINTIFFS' MIL NO. 20)    4    Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
James E. Marina (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Lucent Technologies Inc.

LUCENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING THE COURT'S DISMISSAL OF CLAIMS ALLEGING INFRINGEMENT OF U.S. PATENT NO. 4,582,956 AND LUCENT'S ORIGINAL ASSERTION OF CLAIM 4 OF U.S. PATENT NO. 4,439,759 (PLAINTIFFS' MIL NO. 20)

5

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)