| | |
|---|---|
| 1<br>2<br>3 | David A. Hahn (SBN 125784)<br>HAHN & ADEMA<br>501 West Broadway, Suite 1600<br>San Diego, California 92101-3595<br>Telephone: (619) 235-2100<br>Facsimile: (619) 235-2101 |
| 4 | |
| 5<br>6 | Attorneys for *Multimedia Patent Trust*<br>and *Lucent Technologies Inc.*<br>*(Additional counsel listed on the last page)* |
| 7 | |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 10<br>11<br>12 | LUCENT TECHNOLOGIES INC. and<br>MULTIMEDIA PATENT TRUST,<br><br>    Plaintiffs,<br>  v. | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from<br>consolidated cases:<br>Case No. 02-CV-2060-B (CAB) |
| 13<br>14<br>15<br>16<br>17 | GATEWAY, INC., GATEWAY COUNTRY<br>STORES LLC, GATEWAY COMPANIES,<br>INC., GATEWAY MANUFACTURING LLC<br>and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants,<br>  and<br><br>MICROSOFT CORPORATION, | Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT AND MULTIMEDIA PATENT**<br>**TRUST'S MOTION *IN LIMINE* TO**<br>**PRECLUDE EXPERT TESTIMONY OF**<br>**DAVID KAPLAN THAT DELL AND**<br>**GATEWAY ARE NOT LIABLE FOR**<br>**DAMAGES (PLAINTIFFS' MIL NO. 22)** |
| 18 |     Intervener. | Date:  February 11, 2008<br>Time:  10:30 A.M. |
| 19<br>20<br>21<br>22 | MICROSOFT CORPORATION,<br><br>    Plaintiff,<br>  v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>    Defendant. | Courtroom: 13, 5th Floor<br>Judge:  Hon. Marilyn L. Huff |
| 23<br>24<br>25<br>26<br>27 | LUCENT TECHNOLOGIES INC. and<br>MULTIMEDIA PATENT TRUST,<br><br>    Plaintiffs,<br>  v.<br><br>DELL INC.,<br><br>    Defendant. | |
| 28 | | |

## I. INTRODUCTION

On February 16, 2007, after briefing and argument, Judge Brewster granted Lucent's Motion *in Limine* No. 11 to preclude Dell's and Gateway's damages expert David Kaplan from testifying that Dell and Gateway are excused from liability for damages on the theory that Microsoft would have negotiated a hypothetical license with Lucent that would have absolved Dell and Gateway from liability at the Speech Coding Trial (Group 3). (Ex. 38, Order On Motions *In Limine* For Group 3 Trial (D.I. 1175))[1] On April 30, 2007, Judge Brewster again ruled on this same motion against Dell and Gateway in connection with the User Interface Trial (Group 4), holding:

> Kaplan cannot testify that Dell/Gateway are not liable but he can testify as to whether Dell and Gateway would have relied on Microsoft to make a license with Lucent or whether Microsoft would have indemnified as considerations in a hypothetical negotiation.

(Ex. 39, Order On Motions *In Limine* For Group 4 Trial (D.I. 1737))

Lucent and MPT move *in limine*, under Federal Rules of Evidence 702 and 403, to preclude anticipated testimony from Gateway's and Dell's damages expert David Kaplan that Dell and Gateway are not liable for damages.

In his expert reports, Mr. Kaplan opines that Dell and Gateway should not pay damages for infringement of the '356 Day patent, the '295 Agulnick patent, the '272 Netravali patent, and the '226 Haskell patent. Mr. Kaplan reasons that Lucent and Microsoft would have negotiated a license to the patent, thus absolving Dell and Gateway from responsibility for any licensing fees. (Ex. 54, May 12, 2006 Kaplan Report re User Interface Patents at 7-8, 20, 25; Ex. 55, May 12, 2006 Kaplan Report re Video Coding Patents at 7, 25, 28)

Mr. Kaplan's opinion is contrary to the law and misleading, and should be excluded pursuant to Rules 702 and 403. Microsoft did not negotiate a license, nor did Dell or Gateway. Instead, each

---

[1] The Court officially styled its order as a "grant in part." While precluding Dr. Kaplan from testifying that Dell and Gateway are not liable for damages, the Court clarified that Dr. Kaplan could still testify at trial. Ex. 66, Feb. 16, 2007 Group 3 Motion *in Limine* Hearing Tr. at 232:16-18.

All citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support of Lucent's and Multimedia Patent Trust's Motions *In Limine*, filed concurrently herewith.

defendant chose to infringe Lucent's and MPT's patents and force Lucent and MPT into litigation. If infringement is found, as applicable law states any reasonable royalty analysis **must** presume, Microsoft, Dell and Gateway are liable in this litigation as joint tort-feasors. Furthermore, Mr. Kaplan's anticipated testimony ignores that Gateway and Dell are each also **individually** liable for damages in this case. Moreover, Lucent notified each defendant of infringement of the '356 Day patent, the '295 Agulnick patent, the '272 Netravali patent, and the '226 Haskell patent on different dates. In accordance with 35 U.S.C. § 287, Lucent and MPT are entitled to damages for each defendant's infringement from the date Lucent provided notice of infringement.

In no event can an entry of judgment against Microsoft release Dell and Gateway from liability for damages. Any contrary opinion by Mr. Kaplan is beyond the permissible scope of expert testimony and should be precluded under Rule 702. In addition, Mr. Kaplan's opinion is also severely prejudicial under Rule 403 because it would essentially instruct the jury that it can and should decide not to award damages to Lucent and MPT for Dell's and Gateway's infringement. Under 35 U.S.C. § 284, Lucent and MPT are entitled to receive damages adequate to compensate for the infringement in no event less than a reasonable royalty. Therefore, this Court should grant Lucent and MPT's motion *in limine* to preclude Mr. Kaplan's testimony to the contrary.

## II.   BACKGROUND

This action is a consolidation of three separate lawsuits between Lucent, MPT and each of Microsoft, Dell and Gateway regarding the infringement of the '356 Day patent, the '295 Agulnick patent, the '272 Netravali patent, the '226 Haskell patent, and the '759 Fleming patent.

With regard to the Day '356 patent, Lucent alleges that it notified Dell of its infringement at least as early as July 31, 2001, and Gateway of its infringement at least as early as August 7, 2001. (Ex. 28, Dec. 30, 2005 Samay Letter to Counsel)  Lucent further alleges that it notified Microsoft of its infringement at least as early as January 13, 2003. (*Id.*)

With regard to the Haskell '226 patent and Netravali '272 patent, MPT alleges that Dell was notified of their infringement at least as early as October 20, 1998, and Gateway was notified of their infringement at least as early as April 2, 1998. (*Id.*)  MPT further alleges that Microsoft was notified of its infringement of the '226 Haskell patent at least as early as January 13, 2003. (*Id.*)

1    In accordance with 35 U.S.C. § 287, Lucent and MPT allege that they are entitled to damages
2    for each defendant's infringement from the date Lucent provided notice of infringement.

3    Dell and Gateway's damages expert, David Kaplan, issued expert reports regarding the
4    damages in the present trial. (*See, e.g.,* Ex. 54; Ex. 55)  In his reports, Mr. Kaplan states that it is his
5    opinion that Lucent and Microsoft would have negotiated an agreement and because of that
6    accommodation with Microsoft, Dell and Gateway would not have agreed to pay royalties:

> With respect to the Day and Agulnick patents at issue here it is my opinion that such a license would have been negotiated between Lucent and Microsoft and that ***Dell and Gateway would not have paid separately for access to any products that involved the relevant technology purchased from Microsoft***.  Put differently, it is my opinion that during the hypothetical negotiation, both Dell and Gateway would have been aware of the licensing agreements to be negotiated between Lucent and Microsoft and, as a result, ***neither Dell nor Gateway would have agreed to pay any royalty associated with these two patents associated with purchases of product*** [sic] ***from Microsoft***.

(Ex. 54 at 7) (emphasis added)

> With respect to the "video" patents at issue here, it is my opinion that such a license would have been negotiated between Lucent and Microsoft with respect to the MPEG-1 standard (and that related to WMV-9) and that ***Dell and Gateway would not have paid separately for access to any products that involved the relevant technology***.  Put differently, it is my opinion that during the hypothetical negotiation, both Dell and Gateway would have been aware of the licensing agreement to be negotiated between Lucent and Microsoft and, as a result, ***neither Dell or Gateway would have agreed to pay any royalty associated with products sold by Microsoft to Dell or Gateway and that Lucent, in fact, would not even have asked Dell or Gateway to pay any such license.***

(Ex. 55 at 7) (emphasis added)  However, Mr. Kaplan does not discuss issues of joint liability of the defendants nor does Mr. Kaplan acknowledge any difference in the damages sought by Lucent and MPT due to the different dates of notice to each defendant.

### III.   ARGUMENT

**A.   Because the Law is Clear that a Finding of Damages Against Microsoft Does Not Release Dell and Gateway From Liability, Mr. Kaplan's Opinion is Unreliable**

Under Rule 702, this Court acts as a "gatekeeper" through a preliminary determination that the proffered evidence is both relevant and reliable.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999).   Expert

1 opinions that are contrary to the law are inadmissible. *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005); *see also Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 780 (11th Cir. 2004) (affirming exclusion of expert opinion when expert failed to follow an established rule of law on the basis that the opinion was based on flawed methodology). Such opinions are not scientific, reliable or helpful to the trier of fact. *Loeffel,* 387 F. Supp. 2d at 806. In such a case, the opportunity for cross-examination and presentation of contrary evidence is not a basis for allowing the unreliable testimony to be admitted. *Id*. at 800.

Lucent and MPT are entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. Mr. Kaplan's opinion that Dell and Gateway are somehow excused from paying damages is contrary to the law, even if Microsoft is deemed liable to Lucent and MPT for damages. The law is well-settled that parties that make and sell an infringing device are joint tort-feasors with parties that purchase an infringing device for use or resale. *Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1364 (Fed. Cir. 2001); *see also Birdsell v. Shaliol*, 112 U.S. 485, 488-89 (1884). Each joint tort-feasor is liable for the full amount of damages up to a full single recovery suffered by the patentee. *Shockley*, 248 F.3d at 1364; *Birdsell*, 112 U.S. at 488-89. Thus, entry of judgment against one infringer does not automatically release other related infringers. *Shockley*, 248 F.3d at 1364; *see also Sherman, Clay & Co. v. Searchlight Horn Co.*, 225 F. 497, 500 (9th Cir. 1915) ("There may be as many causes of action as there are joint tort-feasors, and as many recoveries, but there can only be one satisfaction.").

Lucent and MPT's damages expert has properly treated the defendants as joint tort-feasors for the damages due to computer systems made and sold by Dell and Gateway with Microsoft software from the date of notice of infringement to Microsoft. (*See* Ex. 49 Dec. 27, 2007, Third Supp. Hoeberlein Report re User Interface Patents; Ex. 48 Dec. 27, 2007, Third Supp. Hoeberlein Report re Video Coding Patents) Mr. Kaplan does not even mention that the defendants are jointly liable. Mr. Kaplan asserts that Gateway and Dell would not pay if Microsoft pays. But, as discussed above, the law is clear that entry of judgment against Microsoft will not release Dell and Gateway. This is even more so the case here, as Mr. Kaplan fails to acknowledge that Dell and Gateway have multiple years of potential *individual* liability due to legal limitations on damages sought by Lucent and MPT

against Microsoft. (Ex. 49 at 5, 10; Ex. 48 at 5, 10, 11); *see* 35 U.S.C. § 287 (limiting damages to date of that patentee notified the infringer of the infringement). Mr. Kaplan's opinion is contrary to the law and thus unreliable. This Court should preclude Mr. Kaplan's expert opinion.

### B. Any Probative Value of the Testimony is Substantially Outweighed by the Danger of Unfair Prejudice to Lucent and MPT

Mr. Kaplan's opinion should also be precluded under Rule 403. Rule 403 and The Advisory Committee Notes to Rule 403 make clear that evidence should be excluded if its probative value is outweighed by the danger of unfair prejudice, where "'[u]ndue prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis…." Fed. R. Evid. 403 Advisory Committee Notes to 1972 Proposed Rules. The Supreme Court has recognized that expert testimony can be both powerful and misleading to the jury, which vests with this Court the gatekeeping obligation to prevent prejudicial testimony with limited probative value. *Daubert*, 509 U.S. at 595.

As Mr. Kaplan's opinion is contrary to the law, it has no probative value. Mr. Kaplan's proffered opinion also carries the significant risk that the jury will mistakenly believe that Dell and Gateway may be absolved from liability for damages. If this Court permits Mr. Kaplan's testimony, contrary to applicable law, there is a substantial risk that the jury will improperly reduce Lucent's and MPT's damages award in violation of 35 U.S.C. § 284. *See* 35 U.S.C. § 284 (stating the patentee is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty"); *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654-55 (1983) (recognizing that through enactment of 35 U.S.C. § 284 "Congress sought to ensure that the patent owner would in fact receive full compensation for 'any damages' [the patent owner] suffered as a result of the infringement").

## IV. CONCLUSION

For the reasons stated above, the Court should grant Lucent and MPT's motion *in limine* to preclude the expert testimony of David Kaplan.

| | | |
|---|---|---|
| 1 | DATED: January 14, 2008 | BY: _____ s/David A. Hahn _____ |

John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Paul A. Bondor (admitted *pro hac vice*)
Elizabeth T. Bernard (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212)446-4800
Facsimile: (212)446-4900

David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Multimedia Patent Trust* and *Lucent Technologies Inc.*