David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Multimedia Patent Trust*
and *Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>         Plaintiffs,<br>    v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>         Defendants,<br>    and<br><br>MICROSOFT CORPORATION,<br><br>         Intervener. | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING EXTRANEOUS LEGAL MATTERS (PLAINTIFFS' MIL NO. 23)**<br><br>Date:        February 11, 2008<br>Time:        10:30 A.M.<br>Courtroom:   13, 5th Floor<br>Judge:       Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>         Plaintiff,<br>    v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>         Defendant. | |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>         Plaintiffs,<br>    v.<br><br>DELL INC.,<br><br>         Defendant. | |

## I. INTRODUCTION

On January 8, 2007, after briefing and argument, Judge Brewster granted Lucent's Motion *in Limine* No. 5 to preclude Microsoft from introducing any evidence or argument on, or otherwise making any reference to, various legal matters allegedly involving Lucent that have no relation to the issues to be tried in this patent infringement case at the Audio Coding Trial (Group 2). (Ex. 37, Order On Motions *In Limine* For Group 2 Trial (D.I. 827))[1] On February 16, 2007, Judge Brewster again granted that same motion against all defendants in connection with the Speech Coding Trial (Group 3). (Ex. 38, Order On Motions *In Limine* For Group 3 Trial (D.I. 1175)) On April 30, 2007, Judge Brewster for the third time granted that same motion against all defendants in connection with the User Interface Trial (Group 4). (Ex. 39, Order On Motions *In Limine* For Group 4 Trial (D.I. 1737))

Against the backdrop of that consistent and proper treatment, Lucent and MPT again move *in limine*, under Federal Rules of Evidence 402 and 403, to preclude all defendants from introducing any evidence or argument, or otherwise making any reference to, various legal matters allegedly involving Lucent or MPT that have no relation to the issues to be tried in this patent infringement case.[2] Such unrelated legal matters are legally irrelevant to any issue in this case, and references to them would unfairly prejudice Lucent and MPT, confuse and mislead the jury, and be wasteful of the very limited time available for this already-complex patent trial. Therefore, evidence or argument regarding Lucent's and MPT's unrelated legal matters should be excluded under Federal Rules of Evidence 402 and 403.

## II. ARGUMENT

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not

---

[1] All citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support of Lucent's and Multimedia Patent Trust's Motions *In Limine*, filed concurrently herewith.

[2] For instance, defendants may seek to introduce evidence or testimony referring to MPEG LA's recently filed Delaware Chancery Court action against Lucent and MPT attacking the validity of the trust. Defendants' similar claims in this action have been dismissed, and the existence of that Delaware action and its allegations have no bearing on any issue to be tried in this trial.

1  admissible." Fed. R. Evid. 402.  Evidence is relevant only if it has a "tendency to make the existence
2  of any fact that is of consequence to the determination of the action more probable or less probable
3  than it would be without the evidence."  Fed. R. Evid. 401.  Additionally, evidence that is otherwise
4  relevant should still be excluded under Federal Rule of Evidence 403 "if its probative value is
5  substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the
6  jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative
7  evidence."  Fed. R. Evid. 403.  Courts routinely exclude evidence under Federal Rules of Evidence
8  402 and 403 in such circumstances.  *See, e.g., Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387,
9  1392 (9th Cir. 1986); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL 2001059 at *6
10 (S.D. Cal. Dec. 3, 1998).

11     **A.    The Extraneous Legal Matters Are Irrelevant to This Case**

12     Evidence or argument regarding Lucent's and MPT's extraneous legal matters should be
13 excluded under Rule 402 because these matters are simply irrelevant to the issues in this case.  These
14 matters do not tend to prove any claims or defenses in this case, having no logical nexus with the
15 issues of liability and damages from defendants' long-standing and ongoing infringement of Lucent
16 and MPT patents.  Moreover, these matter shed no light on the validity of Lucent's or MPT's patents
17 or defendants' infringement of these patents.  *See Johnson Worldwide Assos., Inc. v. Zebco Corp.*,
18 175 F.3d 985, 988 (Fed. Cir. 1999) (applying element-by-element comparison of patents to accused
19 products); *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997) (noting that a proper validity
20 analysis requires element-by-element comparison of patent to prior art).  Nor are these extraneous
21 legal matters relevant to the factors used to determine a reasonable royalty in a patent infringement
22 case.  *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y.
23 1970) (listing factors relevant to a proper analysis of reasonable royalties).

24     The presentation of evidence or argument regarding these independent legal matters would
25 amount to nothing more than mudslinging without providing the jury with any useful information
26 germane to the issues to be tried before that panel.  Accordingly, this "evidence" should be excluded
27 under Rule 402.

28

Plaintiffs' Motion *In Limine* No. 23 Regarding Extraneous Legal Matters      2      Case No. 07-CV-2000-H (CAB)

**B.    The Extraneous Legal Matters Are Unfairly Prejudicial to Lucent and MPT, Confusing to the Jury, and Wasteful to the Court.**

Even if Lucent's and MPT's unrelated legal matters arguably had some tangential relevance to an issue in this case, they should still be excluded under Rule 403 because of the dangers of unfair prejudice to Lucent and MPT, confusion of the issues by the jury, and wasting of the very limited time available for this already-complex patent trial. As discussed above, unrelated legal matters have no probative value, in that they are not relevant to any issue of consequence to defendants' liability and damages to Lucent and MPT. The only thing they are designed to do is smear Lucent's and MPT's good name and suggest an improper basis for the jury to render a decision. This is the precise result forbidden by Rule 403. *See, e.g., Shoppin' Bag of Pueblo, Inc., v. Dillon Cos., Inc.*, 783 F.2d 159, 165 (10th Cir. 1986) (affirming order granting in limine motion to exclude evidence relating to FTC investigation); *Stump v. Gates*, 211 F.3d 527, 537 (10th Cir. 2000) (finding prejudicial error when evidence of a grand jury investigation was admitted); *Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) (affirming district court's exclusion of EEOC probable cause determination out of fear the "jury would attach undue weight to this type of determination"); *United States Football League v. National Football League*, 634 F. Supp. 1155, 1173 (S.D.N.Y. 1986) (excluding evidence of prior adverse antitrust judgments as unduly prejudicial because they would improperly create an "aura of guilt").

First, evidence or argument regarding the extraneous legal matters would unfairly prejudice Lucent and MPT in receiving a fair trial on defendants' patent infringement. In introducing these extraneous legal matters to the jury, defendants undoubtedly seek to paint Lucent and MPT as some sort of lawbreaker and inflame the jury against Lucent. At a minimum, defendants will attempt to embarrass Lucent and MPT by discussing either these long-resolved legal incidents, or pending actions that have no bearing on any issue in the case. Defendants should not be permitted to unfairly prejudice Lucent and MPT in such a manner.

Furthermore, evidence and argument regarding the unrelated legal matters would unavoidably confuse the issues in the case and mislead the jury away from applying the relevant legal criteria for determining liability and damages. Discussions of the independent legal matters—which have no overlap with the technical and financial information relevant to defendants' liability and damages—

1  may not only confuse the jury but could encourage them to decide the case based on emotion, rather
2  than by applying the applicable legal standards to the relevant evidence.

3        Finally, evidence and argument regarding the unrelated legal matters would cause undue
4  delay and waste the very limited time available for this trial. During the limited time available for
5  this trial, the parties will need to present the jury with significant technical and financial evidence on
6  a host of substantive issues—including validity, enforceability, infringement and damages—for
7  multiple patents and with respect to multiple infringing products. In view of the complexity of this
8  case, trial time must be allocated and used wisely and efficiently. Injecting a myriad of extraneous
9  legal matters that have no bearing on these issues would waste the very limited time available for this
10 trial. Indeed, if defendants were permitted to introduce snippets regarding these matters, Lucent and
11 MPT would need to present rebuttal evidence and argument to put them in context. Thus, opening
12 the door to Lucent's and MPT's unrelated legal matters is likely to result in otherwise unnecessary
13 mini-trials on these issues.

14       Therefore, to the extent Lucent's and MPT's unrelated legal matters have any arguable
15 relevance, this evidence is still inadmissible because it is substantially outweighed by the danger of
16 unfair prejudice to Lucent and MPT, confusion of the issues to the jury, and a wasting of the very
17 limited time available for this already-complex patent trial. Weighing the likelihood of unfair
18 prejudice, jury confusion, and waste of judicial resources against the probative value of these matters
19 (which again is nil) compels their exclusion under Rule 403. *See, e.g., Shoppin' Bag of Pueblo,* 783
20 F.2d at 165; *Stump,* 211 F.3d at 537; *Williams,* 132 F.3d at 1129; *United States Football League,* 634
21 F. Supp. at 1173.

## III.    CONCLUSION

23 Because evidence and argument regarding Lucent's and MPT's unrelated legal matters is
24 irrelevant to any issue in this case, unfairly prejudicial to Lucent and MPT, misleading to the jury,
25 and wasteful of the very limited time available for this trial, Lucent and MPT respectfully request that
26 the Court grant their motion *in limine* under Rules 402 and 403 to exclude all such evidence and
27 argument at trial.

| | | |
|---|---|---|
| 1 | DATED: January 14, 2008 | BY:_____s/David A. Hahn_____ |

John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Paul A. Bondor (admitted *pro hac vice*)
Jordan N. Malz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212)446-4800
Facsimile: (212)446-4900

David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Multimedia Patent Trust* and *Lucent Technologies Inc.*