| | |
|---|---|
| 1 | David A. Hahn (SBN 125784)<br>HAHN & ADEMA |
| 2 | 501 West Broadway, Suite 1600<br>San Diego, California 92101-3595 |
| 3 | Telephone: (619) 235-2100<br>Facsimile: (619) 235-2101 |
| 4 | |
| 5 | Attorneys for *Multimedia Patent Trust*<br>and *Lucent Technologies Inc.* |
| 6 | *(Additional counsel listed on the last page)* |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiffs,<br>v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants,<br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervener. | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY REGARDING ALLEGATIONS OF NON-INFRINGING ALTERNATIVES (PLAINTIFFS' MIL NO. 24)** |
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>Defendant. | Date: February 11, 2008<br>Time: 10:30 A.M.<br>Courtroom: 13, 5th Floor<br>Judge: Hon. Marilyn L. Huff<br><br>**REDACTED** |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiffs,<br>v.<br><br>DELL INC.,<br><br>Defendant. | |

Lucent's and MPT's Motion *In Limine* No. 24 To Preclude Expert  Case No. 07-CV-2000-H (CAB)
Testimony Regarding Allegations of Non-Infringing Alternatives

## I. INTRODUCTION

In connection with each of the three prior trials scheduled in this case, Judge Brewster granted Lucent's motion *in limine* to preclude the defendants from introducing any evidence or argument on, or making any reference to, unsupported allegations of "non-infringing alternatives." On January 8, 2007, Judge Brewster granted this motion in connection with the Audio Coding Trial (Group 2). (Ex. 37, Order On Motions In Limine For Group 2 Trial (DI 827))[1] On February 16, 2007, Judge Brewster again granted this motion in connection with the Speech Coding Trial (Group 3). (Ex. 38, Order On Motions In Limine For Group 3 Trial (D.I. 1175)) On April 30, 2007, Judge Brewster yet again granted this motion in connection with the User Interface Trial (Group 4) — including with respect to the '356 Day and '295 Agulnick patents being tried at the upcoming consolidated trial. (Ex. 39, Order On Motions *In Limine* For Group 4 Trial (D.I. 1737)) Lucent sought such preclusion under Federal Rule of Evidence 702 because the defendants' experts specified no basis for showing that any alleged "alternatives" did not infringe the asserted patents, were available to the defendants at the time of the hypothetical negotiation, and were acceptable in providing the advantages of the relevant technology. (Ex. 4, Lucent's Motion *In Limine* No. 6 For Group 2 Trial (D.I. 620); Ex. 5, Lucent's Motion *In Limine* No. 6 For Group 3 Trial (D.I. 890); Ex. 6, Lucent's Motion *In Limine* No. 6 For Group 4 Trial (D.I. 1381))

For similar reasons, Lucent and Multimedia Patent Trust ("MPT") move *in limine* to preclude defendants from introducing any evidence or argument regarding, or otherwise making any reference to, unsupported allegations of "non-infringing alternatives" with respect to the patents at issue in the upcoming consolidated trial. As discussed above, Judge Brewster already ruled that the defendants would be precluded from referencing non-infringing alternatives with respect to the '356 Day and '295 patents. And with respect to the remaining patents in this case — the '226 Haskell patent, the '272 Netravali patent and the '759 Fleming patent — the defendants' damages experts allege "alternatives" in their expert reports in a wholly conclusory fashion without any foundational support.

---

[1] Citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support of Lucent's Motions *In Limine*, filed concurrently herewith.

1  Those respective reports do not even allege that any "alternatives" are "non-infringing," let alone
2  provide a basis for showing that (1) the supposed alternatives do not infringe; (2) were available to
3  defendants at the time of the hypothetical negotiation; and/or (3) were acceptable in providing the
4  advantages of the asserted patents.  Thus, the defendants' conclusory and unsupported allegations of
5  "non-infringing alternatives" with respect to those patents should again be excluded under Rule 702.

6  **II.    BACKGROUND**

7  In each of his expert reports on the '356 Day patent, the '226 Haskell patents, the '295
8  Agulnick patent, Microsoft's damages expert Brian Napper included the same boilerplate allegation
9  that ████████████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████
12 (Ex. 58, 5/12/06 Napper Report re '356 Day Patent at 21; Ex. 59, 5/12/06 Napper Report re '295
13 Agulnick Patent at 27; Ex. 60, 5/12/06 Napper Report re '226 Video Coding Patent at 53; *accord* Ex.
14 61, 8/11/06 Napper Report re XBox 360/Video Coding Patent at 45)  According to Napper,
15 ████████████████████████████████████████████████████████████████████████
16 ██████████████████████████████  For the '295 Agulnick patent, Napper specifies no
17 "alternative" at all.  (Ex. 58, 5/12/06 Brian Napper Expert Report re '356 Day Patent at 28-29).  With
18 respect to the '226 Haskell patent, ████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████████████
22 (Ex. 60, 5/12/06 Napper Report re '226 Video Coding Patent at 57-58, 63-65; Ex. 61, 8/11/06 Napper
23 Report re XBox 360/Video Coding Patent at 45, 53-54; Ex. 62, 1/9/08 Napper Supplemental Report
24 at 3-4)
25 Dell and Gateway's damages expert David Kaplan did not allege the existence of any non-
26 infringing alternatives in his opening expert reports served in May 2006 nor for nearly two years
27 thereafter.  In a footnote in his January 9, 2008 supplemental report, however, ██████████
28

▮▮▮▮▮▮▮▮▮▮ (Ex. 57, 1/9/08 Kaplan Supplemental Report at 7)  Kaplan, however, never identifies any such "alternatives" anywhere in his report.

Naplan and Kaplan's allegations of "alternatives" are asserted in a completely conclusory manner without any foundational support.  Tellingly, Napper and Kaplan refer to unspecified "alternatives" but nowhere allege that they would be "*non-infringing* alternatives" — let alone present evidence or analysis explaining why.  Nor do Napper and Kaplan explain how any "alternative" was allegedly "available" to the defendants at the time of the hypothetical negotiation by virtue of equipment, know-how, and expertise and in view of the costs of implementation.  And Napper and Kaplan do not explain how any "alternative" would be "acceptable" to the defendants' customers or how they could provide the advantages and benefits of the asserted patents.

Despite this lack of foundation, defendants may seek to have Napper and Kaplan testify at trial that there are available, acceptable non-infringing alternatives to the technologies claimed in the asserted patents.  Therefore, this Court should again grant this motion *in limine* to exclude this unsupported and unreliable testimony at trial.

### III.    ARGUMENT

Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if ***(1) the testimony is based upon sufficient facts or data***, (2) the testimony is the product of reliable principles and methods, and ***(3) the witness has applied the principles and methods reliably to the facts of the case***.

Fed. R. Evid. 702 (emphases added).  Rule 702 vests with the Court a "gatekeeping obligation" to ensure the reliability and relevance of the expert testimony admitted in evidence. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999).  The Court ensures the relevance of the proposed testimony by evaluating whether the opinions offered are sufficiently connected to the facts of the case. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993).  Expert testimony should be excluded if "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

A non-infringing alternative must be both "available" and "acceptable." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1346-49 (Fed. Cir. 1999). A non-infringing alternative is "available" if the infringer "had all of the necessary equipment, know-how, and experience" to use the alternative during the time of infringement as well as the economic incentive to do so. *Grain Processing Corp.,* 185 F.3d at 1354; *accord Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1123 (Fed Cir. 2003). To be "acceptable," an alleged non-infringing alternative must have had the advantages of the patented technology. *See Standard Haven Prods. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("[T]he mere existence of a competing device does not necessarily make that device an acceptable substitute. A product on the market which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages.") (citation omitted). Courts exclude expert testimony on non-infringing alternatives where the expert can identify no reliable factual basis for such an opinion. *See, e.g., EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *6 (D. Minn. Mar. 8, 2003) ("In neither his expert report nor his deposition could [expert] identify a reliable factual basis for his opinions regarding . . . the existence of available non-infringing alternatives.").

Here, Kaplan's reports present no "alternative" for any patents and Napper's reports do not present any "alternative" for the '295 Agulnick patents. As for the remaining patents, Napper's reports do not specify any evidentiary basis for rendering an opinion that any alleged "alternatives" are non-infringing. For the '356 Day patent, ██████████████████████ ██████████████████████████████████████ (Ex. 58, 5/12/06 Brian Napper Expert Report re '356 Day Patent at 28-29) ██████████████████████████████████ respect to the '226 Haskell patent, ██████████████████████████ ██████████████████ (Ex. 74, 6/29/06 Napper Dep. (Afternoon) at 293:20-23, 294:12-15, 295:1-7 ████

[redacted] (Ex. 95, LUC 1005664-84; Ex. 108, LUC 1279688-91)

In addition, Napper presents no basis for testifying that any alleged "alternatives" were actually "available." [redacted] (Ex. 75, 3/14/06 Numoto Dep. at 164:24-165:6, 165:13-16, 206:16-208:18 ([redacted]); Ex. 73, Kokkosoulis Dep. at 137:10-16, 176:12-25 ([redacted]); Ex. 111, MSLT_1220331 ([redacted]); Ex. 112, CCMS_128826; Ex. 113, CCMS_129887; Ex. 114, CCMS_132004). [redacted]

## IV. CONCLUSION

Because the defendants' experts have no support for an allegation that there were available and acceptable non-infringing alternatives to the asserted patents, Lucent and MPT respectfully request that the Court grant their motion *in limine* under Rule 702 to preclude the defendants from presenting such expert testimony at trial.

| | | |
|---|---|---|
| 1 | DATED: January 14, 2008 | BY: _____ s/David A. Hahn _____ |
| 2 | | John M. Desmarais (admitted *pro hac vice*) |
| | | Robert A. Appleby (admitted *pro hac vice*) |
| 3 | | Paul A. Bondor (admitted *pro hac vice*) |
| | | Jordan N. Malz (admitted *pro hac vice*) |
| 4 | | KIRKLAND & ELLIS LLP |
| | | 153 East 53rd Street |
| 5 | | New York, New York 10022 |
| | | Telephone: (212) 446-4800 |
| 6 | | Facsimile: (212) 446-4900 |
| 7 | | David A. Hahn (SBN 125784) |
| | | HAHN & ADEMA |
| 8 | | 501 West Broadway, Suite 1600 |
| | | San Diego, California 92101-3595 |
| 9 | | Telephone: (619) 235-2100 |
| | | Facsimile: (619) 235-2101 |
| 10 | | |
| 11 | | Attorneys for *Multimedia Patent Trust* and *Lucent Technologies Inc.* |