1    David A. Hahn, SBN 125784
     HAHN & ADEMA
2    501 West Broadway, Suite 1600
     San Diego, California 92101-3595
3    Telephone:    (619) 235-2100
     Facsimile:    (619) 235-2101
4
5    Attorneys for Lucent Technologies Inc. and
     Multimedia Patent Trust
6
     Additional counsel listed on the last page
7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10   LUCENT TECHNOLOGIES INC., and          CASE NO. 07-CV-2000-H (CAB)
     MULTIMEDIA PATENT TRUST                consisting of matters severed from
11                                          the consolidated cases:
                                            CASE NO. 02-CV-2060-B (CAB)
12        Plaintiffs and Counter-Defendants, CASE NO. 03-CV-0699-B (CAB)
                     v.                     CASE NO. 03-CV-1108-B (CAB)
13
     GATEWAY, INC., GATEWAY COUNTRY
14   STORES LLC, GATEWAY COMPANIES,         **LUCENT AND MULTIMEDIA PATENT**
     INC., GATEWAY MANUFACTURING LLC        **TRUST'S MOTION *IN LIMINE* TO**
15   and COWABUNGA ENTERPRISES, INC.,       **PRECLUDE DEFENDANTS FROM**
                                            **PRESENTING EVIDENCE AND**
16                                          **ARGUMENT REGARDING PAST AND**
                  Defendants,               **FUTURE TRIALS (PLAINTIFFS' MIL**
                    and                     **NO. 25)**
17
     MICROSOFT CORPORATION,
18
                 Intervener.                Date:         February 11, 2008
19                                          Time:         10:30 A.M.
                                            Courtroom:    13
20                                          Judge:        Hon. Marilyn L. Huff

21   AND RELATED CLAIMS

22

23

24

25

26

27

28

1

## I.    INTRODUCTION

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

Lucent Technologies Inc. and Multimedia Patent Trust move *in limine*, under Federal Rules of Evidence 402 and 403, to preclude defendants from introducing any evidence or argument on, or otherwise making reference to, any past and future trial between Lucent, MPT and/or Alcatel-Lucent and Microsoft, Dell, and/or Gateway.  On January 8, 2007, after briefing and argument, Judge Rudi Brewster granted Lucent's Motion *in Limine* No. 7 to preclude Microsoft from introducing any evidence or argument on, or otherwise making reference to, future trials between Lucent and defendants Microsoft, Dell and Gateway at the Audio Coding Trial (Group 2).  (Ex. 37, D.I. 827.) Judge Brewster again granted that same motion against all defendants in connection with the Speech Coding Trial (Group 3) and the User Interface Trial (Group 4).  (Ex. 38, D.I. 1175; Ex. 39, D.I. 1737.)  Lucent argued, under Federal Rule of Evidence 402, that evidence of the past and future trials—specifically, Lucent's damages claims in those past and future trials—is irrelevant and speculative. (Ex. 7, D.I. 621.)  Lucent further argued, under Federal Rule of Evidence 403, that such evidence would confuse the jury and unfairly prejudice Lucent by creating the risk that the jury would reduce Lucent's damages recovery in the present trial to account for presumed future recoveries.  (*Id.*)  For the same reasons, defendants should again be precluded in the present trial from introducing evidence and argument regarding past and future trials between the parties.

18

## II.    ARGUMENT

19

### A.    Evidence Of Past And Future Trials Is Irrelevant And Speculative.

20

21

22

23

24

25

Numerous cases are pending between the parties, including appeals in the present action, and two other separate litigations in this Court.  This action is a consolidation of three separate lawsuits between Lucent and each of Microsoft, Dell and Gateway.  The case was divided into six Groups for trial, each Group including different Lucent and MPT patents to a specific technology area—Video Coding, Audio Coding, Speech Coding, Graphical User Interface, Caller-ID/Video Display and Xbox 360. (Ex. 32, 1/4/06 Fax to R. Appleby with Trial Schedule; D.I. 1876.)[1]  Each trial has been

26

27

28

[1] All references to Exhibits refer to exhibits to the Declaration of Jennifer J. Schmidt    filed

(Continued…)

Lucent and MPT's Motion *In Limine* Regarding Past and Future Trials                    1                    Case No. 07-CV-2000-H(CAB)

1    treated as a separate case by the parties, with both parties' experts issuing separate reports and

2    opinions for each Group.  The Audio Coding trial began in January 2007 and resulted in a jury

3    verdict in Lucent's favor.  However, Judge Brewster subsequently set aside that verdict and the case

4    is now on appeal to the Federal Circuit.  In addition, numerous patents were dismissed on summary

5    judgment and those decisions are also on appeal to the Federal Circuit.  And, subsequent to filing of

6    the present litigation, MPT filed a separate suit against Microsoft on one additional video coding

7    patent and another separate suit against Microsoft, Dell and Gateway on three additional video

8    coding patents.[2]

9            Under the Federal Rules of Evidence, "relevant" evidence is "evidence having any tendency

10    to make the existence of any fact that is of consequence to the determination of the action more

11    probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  "Evidence

12    which is not relevant is not admissible."  FED. R. EVID. 402.  At issue in the present trial is whether

13    the defendants have infringed the Day, Agulnick, Fleming, Netravali and/or Haskell patents and, if

14    so, the amount of damages to which Lucent or MPT is entitled as a result of that infringement.  The

15    claims in the other trials involve different patents and different acts of infringement and are thus

16    properly addressed as separate causes of action.  *See Augustine Med., Inc. v. Progressive Dynamics,*

17    *Inc.*, 194 F.3d 1367, 1371-72 (Fed. Cir. 1999) (agreeing that each act of infringement gives rise to a

18    separate cause of action).  In addition, past and future litigation claims are not a part of the analysis

19    of reasonable royalty rates for the patents under *Georgia-Pacific Corp. v. U. S. Plywood Corp.*, 318

20    F. Supp. 1116, 1120 (S.D.N.Y. 1970).  Each trial involves a different technology and different

21    underlying facts, requiring different evaluations of reasonable royalty damages.  *See Applied Med.*

22    *Resources Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1362 (Fed. Cir. 2006) ("Because the

23    determination of reasonable royalty damages is tied to the infringement being redressed, a separate

24    infringement beginning at a different time requires a separate evaluation of reasonable royalty

25    _____

26    concurrently herewith.

27    [2] *MPT v. Microsoft*, Case No. 06-CV-0684 and *MPT v. Microsoft et al.*, Case No. 07-CV-0747.  *See also* Lucent and MPT's Motion *in Limine* No. 23 regarding unrelated legal matters.

28

1    damages.")  Thus, evidence of what Lucent and MPT might or might not pursue or obtain in past or

2    future trials for separate causes of action simply has no bearing on liability or damages in the present

3    case.

4         Moreover, any evidence of what Lucent and MPT might or might not seek in a future trial or

5    appeal that might or might not happen is purely speculative.  The present trial will be only the

6    second of the originally scheduled trials actually to go forward.  It is wholly speculative which of the

7    other trials between the parties will ultimately be tried, as well as the outcome of any present or

8    future appeal.  Thus, because evidence of past and future trials between the parties is not only

9    irrelevant but wholly speculative, any such evidence is properly excluded.

10        **B.    Any Probative Value Of Evidence Of The Future Trials Is Substantially
              Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues By
11            The Jury And Undue Delay**

12        Even if defendants argue that the evidence has some remote relation to the issues in the

13   present litigation, that evidence should still be excluded under the Federal Rules of Evidence "if its

14   probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

15   issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

16   presentation of cumulative evidence."  FED. R. EVID. 403.  The Advisory Committee Notes to

17   Federal Rule of Evidence 403 make clear that "'[u]ndue prejudice' within [the context of Rule 403]

18   means an undue tendency to suggest decision on an improper basis…."  FED. R. EVID. 403 Advisory

19   Committee Notes to 1972 Proposed Rules.

20        The danger of unfair prejudice and confusion of the issues by the jury is clear.  If this Court

21   admits evidence of Lucent's and MPT's damages claims in past and future trials, there is a

22   substantial risk that the jury will improperly reduce Lucent's damages award, if any, in the present

23   case.[3]  The law is clear that Lucent has a cause of action for *each act of infringement* and is entitled

24

25   [3] This risk of improper reduction of damages is the reason behind rules applied by some States
26   excluding evidence of "collateral sources."  S*ee e.g. Papadopoulos v. Fred Meyer Stores, Inc.*, No.
     C04-0102, 2006 WL 3249193, at *2 (W.D. Wash. Nov. 8, 2006)("the very essence of the collateral
27   source rule [of Washington State] requires exclusion of evidence of other money received by the
     claimant so the fact finder will not infer the claimant is receiving a windfall and nullify the

28
                                                                              (Continued…)

Lucent and MPT's Motion *In Limine* Regarding Past and Future          3                    Case No. 07-CV-2000-H(CAB)
Trials

1    to receive no less than a reasonable royalty for ***each act of infringement*** by defendants.  35 U.S.C. §

2    281 (stating that a patentee "shall have a remedy by civil action for infringement of his patent"); 35

3    U.S.C. § 284 (stating the patentee is entitled to "damages adequate to compensate for the

4    infringement, but in no event less than a reasonable royalty"); *Gen. Motors Corp. v. Devex Corp.*,

5    461 U.S. 648, 654-55 (1983) (recognizing that through enactment of 35 U.S.C. § 284 "Congress

6    sought to ensure that the patent owner would in fact receive full compensation for 'any damages' [the

7    patent owner] suffered as a result of the infringement"); *see also Applied Med.*, 435 F.3d at 1362

8    (finding that "[the patentee] is entitled to prosecute and recover damages for each infringement

9    under [28 U.S.C. § 271]").  Thus, any reduction by the jury of the damages below the reasonable

10   royalty for defendants' infringement would be improper.

11          Any attempt to mitigate this prejudice would lead to litigation on collateral issues, confusion

12   to the jury, and undue delay.  A mini-trial into the details of infringement and damages theories

13   regarding the unrelated patents in each past and future trial would consume a significant amount of

14   time and would undoubtedly further confuse the jury.  The jury is already being faced with the

15   daunting task of becoming acquainted with unfamiliar and difficult technological terms and

16   determining the validity of different patents and infringement of numerous accused products.  The

17   parties should not needlessly interject additional technologies into this already complicated patent

18   trial.  The liability and damages issues relating to those technologies are scheduled to be tried

19   separately—in separate trials to different juries—and there is no reason that they should be vetted in

20   front of this jury at this trial.

21   **III.    CONCLUSION**

22          Because evidence and argument regarding past and future trials between Lucent and MPT

23   and the defendants are inadmissible under Federal Rules of Evidence 402 and 403, Lucent and MPT

24   request that the Court grant the motion *in limine* to exclude all such evidence and argument at trial.

25   _____

26   defendant's responsibility….  Thus, even when it is otherwise relevant, proof of such collateral
     payments is usually excluded, lest it be improperly used by the jury to reduce the plaintiff's damage
27   award…. In this respect, courts generally follow a policy of strict exclusion.") (internal citations
     omitted).

28

1

2      DATED: January 14, 2008                    BY:_____s/David A. Hahn_____
                                                  John M. Desmarais (admitted *pro hac vice*)
3                                                 Robert A. Appleby (admitted *pro hac vice*)
                                                  Paul A. Bondor(admitted *pro hac vice*)
4                                                 Elizabeth T. Bernard (admitted *pro hac vice*)
                                                  KIRKLAND & ELLIS LLP
5                                                 153 East 53rd Street
                                                  New York, New York 10022
6                                                 Telephone:  (212)446-4800
                                                  Facsimile:  (212)446-4900
7
                                                  David A. Hahn, SBN 125784
8                                                 HAHN & ADEMA
                                                  501 West Broadway, Suite 1600
9                                                 San Diego, California 92101-3595
                                                  Telephone:  (619) 235-2100
10                                                Facsimile:  (619) 235-2101

11

12                                                Attorneys for *Lucent Technologies Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28