David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1730
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Multimedia Patent Trust*
and *Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>　　　　　Defendants,<br>　　and<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Intervener. | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT'S AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AND ARGUMENT REGARDING SETTLEMENT NEGOTIATIONS (PLAINTIFFS' MIL NO. 26)**<br><br>Date:　　　　February 11, 2008<br>Time:　　　　10:30 A.M.<br>Courtroom:　13, 5th Floor<br>Judge:　　　Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>　　　　　Defendant. | |
| LUCENT TECHNOLOGIES INC.,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>DELL INC.,<br><br>　　　　　Defendant. | |

## I. INTRODUCTION

In connection with each of the three prior trials scheduled in this case, Judge Brewster granted Lucent's motion *in limine* to preclude the defendants from introducing any evidence or argument on, or otherwise making any reference to, compromise offers or other statements by Lucent in settlement negotiations with companies that Lucent had accused of patent infringement. (Ex. 37, Order On Motions *In Limine* For Group 2 Trial (DI 827); Ex. 38, Order On Motions *In Limine* For Group 3 Trial (D.I. 1175); Ex. 39, Order On Motions *In Limine* For Group 4 Trial (D.I. 1737))[1]  Lucent argued that Federal Rule of Evidence 408 barred the use of its compromise offers to prove the amount of a disputed claim.  Lucent further argued that Federal Rules of Evidence 402 and 403 barred the use of its compromise offers because they were irrelevant to the calculation of damages and would unfairly prejudice Lucent, confuse and mislead the jury, and waste the limited time available for this complex patent trial.  At the hearing, Judge Brewster expressly ruled that:

> You cannot introduce evidence of settlement negotiations which did not mature into a license….I don't care what posture [Lucent] took in settlement negotiations.  That won't come in.

(Ex. 65, January 3, 2007 Group 2 Motion *in Limine* Hearing Tr. at 181:13-21)

Nevertheless, in view of comments by the defendants' damages experts in their various reports, the defendants may again attempt to introduce evidence and argument regarding Lucent's settlement negotiations with companies that Lucent had accused of patent infringement.  For the reasons Judge Brewster precluded reference to settlement negotiations in connection with the Group 2, Group 3 and Group 4 Trials, the defendants should again be precluded from introducing them in connection with the upcoming consolidated trial.

## II. BACKGROUND

Before the commencement of this lawsuit, Lucent had asserted patent infringement claims against Gateway, Dell and other infringers.  (Ex. 92, 5/7/98 Letter from Tierney to Clark at LUC 1000208-11 (Gateway); Ex. 80, Tierney Dep. at 90:10-17 (Dell))  During the negotiations that

---

[1] Citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support of Lucent's Motions *In Limine*, filed concurrently herewith.

1  ensued, Lucent made offers of compromise in an attempt to reach a negotiated settlement of
2  Lucent's disputed claims.  (Ex. 93, 5/10/99 Letter from Tierney to Walker at LUC 1000463-66
3  (providing Gateway "disclos[ure] for settlement purposes under F.R.E. 408"); Ex. 89, 7/13/99 Letter
4  from Tierney to Garrana at LUC 027163A ("Another of our action items was to provide to Dell a
5  settlement offer…"))

6  Lucent and MPT anticipate that the defendants, unless precluded, will improperly attempt to
7  introduce "evidence" and argument regarding offers and statements made by Lucent during these
8  compromise negotiations.  For example, in their expert reports, the defendants' damages experts
9  Brian Napper and David Kaplan include repeated references to Lucent's compromise offers and
10 other statements allegedly made during settlement negotiations, regardless of whether the
11 negotiations led to the execution of an actual licensing agreement.[2]  Because these compromise
12 offers and statements are inadmissible under Rule 408, have no relevance to any issue in this case
13 under Rule 402, and would encourage the jury to decide this case on an improper basis under Rule
14 403, Lucent and MPT move this Court once again to exclude evidence and argument of these offers.

15 **III.   ARGUMENT**

16 **A.   Lucent's Settlement Offers Are Inadmissible Offers Of Compromise Under Federal Rule of Evidence 408**

18 The presentation of evidence and argument regarding Lucent's settlement offers to Gateway,
19 Dell and other infringers would violate the prohibition in the Federal Rules of Evidence on offers of
20 compromise and statements made during compromise negotiations.  Rule 408 expressly bars the use
21 of such evidence to prove liability for a disputed claim or the amount of damages:

22 > Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or

---

[2] (Ex. 58, 5/12/06 Napper Report re '356 Day Patent at 18; Ex. 59, 5/12/06 Napper Report re '295 Agulnick Patent at 15, 23; Ex. 60, 5/12/06 Napper Report re Video Coding Patent at 26, 29, 46-47, 66, 70; Ex. 64, Exhibit 95 thereto; Ex. 61, 8/11/06 Napper Report re XBox 360/Video Coding Patent at 22, 41-42, 47, 54; Ex. 63, Exhibit 30 thereto; Ex. 54, 5/12/06 Kaplan Report re User Interface Patents at 6, 10-13, 16, 21-23; Ex. 55, 5/12/06 Kaplan Report re Video Coding Patents at 6, 20-21, 27; Ex. 116, 5/12/06 Kaplan Report re '759 Fleming Patent at 4, 16)

> attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

This rule promotes the "public policy of favoring the compromise and settlement of disputes." Fed. R. Evid. 408 advisory committee's note; *accord U.S. v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) ("By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement."); *Clemco Indus. v. Comm. Union Ins. Co.*, 665 F. Supp. 816, 829 (N.D. Cal. 1987) ("The policy behind this rule is to encourage 'freedom of communication with respect to compromise'").

Rule 408 bars evidence pertaining to settlements not only between current litigants but also with third parties. *See Contra Costa County*, 678 F. 2d at 92. Settlement negotiations regarding a patent license, like other settlement negotiations, are inadmissible. *See Pharmastem Therapeutics, Inc. v. Viacell Inc.*, 2003 WL 22387038, No. C.A. 02-148, at *2-4 (D. Del. Oct. 7, 2003); *see also Affiliated Mfrs., Inc. v. Aluminim Co. of America*, 56 F.3d 521, 527-28 (3d Cir. 1995) ("[T]he Rule 408 exclusion applies where an actual dispute or a difference of opinion exists, rather than where discussions crystallize to the point of threatened litigation."). Courts routinely exclude evidence and argument relating to compromise offers and negotiations under Rule 408. *See, e.g., Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1290-91 (9th Cir. 2000); *Contra Costa County*, 678 F. 2d at 92; *Pavone v. Citicorp Credit Serv., Inc.*, 60 F. Supp. 2d 1040, 1045-46 (S.D. Cal. 1997); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL 2001059 at *8 (S.D. Cal. Dec. 3, 1998).

Here, Lucent's settlement offers and negotiations with Gateway, Dell and other accused infringers fall squarely within Rule 408's prohibition. Lucent had asserted patent infringement claims against companies that disputed liability for and the amount of Lucent's claims. Lucent's offers of compromise took place in connection with settlement negotiations and were made for the sole purpose of reaching a negotiated settlement of Lucent's disputed claims.

Indeed, Napper and Kaplan repeatedly reference settlement discussions that specifically refer to Rule 408 and/or state that they were made as a proposed settlement of Lucent's claims for the purpose of proving the amount of Lucent's patent infringement claims. *See Pharmastem*

*Therapeutics*, 2003 WL 22387038 at *2-4 (noting that excluded negotiation agreements specifically referenced Rule 408). With respect to the Lucent-Gateway settlement negotiations, the parties made clear that their disclosures were "for settlement purposes under F.R.E. 408" and as "a settlement offer." (Ex. 93, LUC 1000463-64; Ex. 91, LUC 1000198-99; Ex. 90, LUC 1000102-07; Ex. 105, LUC 1083707-08). With respect to the Lucent-Dell settlement negotiations, the parties again made clear that their disclosures constituted "a settlement offer" or "a proposal for settlement." (Ex. 89, LUC 027163A; Ex. 87, LUC 018322-23; Ex. 107, LUC 1127856-58; Ex. 96, LUC 1027961) And with respect to Lucent's settlement negotiations with other infringers, the parties' correspondence — including some of the very documents cited by Napper and Kaplan — specifically reference Rule 408 and/or that the correspondence was for settlement purposes only.[3,4]

Here, the only purpose for which defendants seek to introduce Lucent's settlement offers is as "evidence" tending to limit the amount of damages that Lucent can recover as a reasonable royalty due to Microsoft's patent infringement. This use falls squarely within the prohibition set forth by Rule 408 and therefore are inadmissible offers of compromise under Rule 408. *See, e.g., Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d 435, 443-45 (D. Del. 2007) (granting motion in limine to exclude settlement offer and contemplated settlement offer made by patentee to defendant).

**B.     Lucent's Settlement Offers Are Irrelevant And Otherwise Excludable Under Federal Rules Of Evidence 402 And 403**

Lucent's settlement offers are also inadmissible under Rules 402 and 403. Rule 402 provides that "[e]vidence which is not relevant is not admissible." Evidence is relevant only if it has a

---

[3]  (Ex. 104, LUC 1073266 (Thomson Multimedia); Ex. 103, LUC 1069933 (Pace Micro Technology); Ex. 88, LUC 019145 (Creative Technology); Ex. 100, LUC 1044053 (EMI Group); Ex. 98, LUC 1043507 (Electronic Arts); Ex. 99, LUC 1043769 (BBC Worldwide Limited); Ex. 101, LUC 1053033 (Broadcom); Ex. 94, LUC 1002823 (Apex Digital); Ex. 106, LUC 1125884 (Kenwood); Ex. 102, LUC 1055620 (SonicBlue); Ex. 97, LUC 1032028 (Alpine)).

[4]  In addition, the defendants have elicited no testimony on these settlement offers to authenticate or explain them. Napper and Kaplan simply offer their own interpretation of documents based on their subjective reading.

"tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is relevant should still be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Here, Lucent's compromise offers are not relevant to any issue in this case. Unlike actual royalties under *executed* patent license agreements, which are relevant to the determination of a reasonable royalty, unconsummated licensing *offers* in the midst of compromise negotiations are not addressed by any of the 15 factors outlined in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). In addition, whereas the reasonable royalty determination takes place in an environment in which validity and infringement are assumed, the compromise offers at issue here took place in an environment in which validity and infringement were heavily disputed. *See Mobil Oil Corp. v. Amoco Chems. Corp.*, 915 F. Supp. 1333, 1352-53 (D. Del. 1995) (hypothetical negotiation assumes validity and infringement).

Even if the defendants were to contend that Lucent's compromise offers were tangentially related to some legal issue, they should still be excluded because any probative value they have is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and waste of time. Lucent's unconsummated compromise offers have minimal probative value and the jury will have access to highly probative evidence under *Georgia-Pacific* — the *executed* patent license agreements themselves. Admitting evidence or argument regarding Lucent's compromise offers would unfairly prejudice Lucent and confuse and mislead the jury at least by suggesting that settlement offers furnish a proper basis for a damages award. Moreover, the admission of such evidence would force Lucent to present time-consuming and unnecessary evidence to explain the context of each discussion, the terms contemplated and any additional value Lucent was to receive by settling its claims. Thus, exclusion is appropriate for this independent reason.

## IV.   CONCLUSION

For the reasons discussed herein, Lucent and MPT request that the Court grant its motion *in limine* to exclude all evidence and argument at trial of settlement offers.

| | | |
|---|---|---|
| 1 | DATED: January 14, 2008 | BY:  s/David A. Hahn |
| 2 | | John M. Desmarais (admitted *pro hac vice*) |
| | | Robert A. Appleby (admitted *pro hac vice*) |
| 3 | | Paul A. Bondor (admitted *pro hac vice*) |
| | | Jordan N. Malz (admitted *pro hac vice*) |
| 4 | | KIRKLAND & ELLIS LLP |
| | | 153 East 53rd Street |
| 5 | | New York, New York 10022 |
| | | Telephone: (212) 446-4800 |
| 6 | | Facsimile: (212) 446-4900 |
| 7 | | David A. Hahn (SBN 125784) |
| | | HAHN & ADEMA |
| 8 | | 501 West Broadway, Suite 1600 |
| | | San Diego, California 92101-3595 |
| 9 | | Telephone: (619) 235-2100 |
| | | Facsimile: (619) 235-2101 |
| 10 | | |
| 11 | | Attorneys for *Multimedia Patent Trust* and *Lucent Technologies Inc.* |