| | |
|---|---|
| 1 | David A. Hahn (SBN 125784) |
|   | HAHN & ADEMA |
| 2 | 501 West Broadway, Suite 1600 |
|   | San Diego, California 92101-3595 |
| 3 | Telephone: (619) 235-2100 |
|   | Facsimile: (619) 235-2101 |

Attorneys for *Multimedia Patent Trust* and *Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs, <br> v. <br><br> GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br> Defendants, <br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervener. | Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: <br> Case No. 02-CV-2060-B (CAB) <br> Case No. 03-CV-0699-B (CAB) <br> Case No. 03-CV-1108-B (CAB) <br><br> **LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING LUCENT'S MARKET CAPITALIZATION, LICENSING REVENUES, AND "VALUATION" (PLAINTIFFS' MIL NO. 27)** |
| MICROSOFT CORPORATION, <br><br> Plaintiff, <br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant. | Date: February 11, 2008 <br> Time: 10:30 A.M. <br> Courtroom: 13, 5th Floor <br> Judge: Hon. Marilyn L. Huff |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br> Plaintiffs, <br> v. <br><br> DELL INC., <br><br> Defendant. | |

Plaintiffs' Motion *In Limine* No. 27 Regarding Lucent's Market Capitalization, Licensing Revenues, and "Valuation"   Case No. 07-CV-2000-H (CAB)

## I. INTRODUCTION

On January 8, 2007, after briefing and argument, Judge Brewster granted Lucent's Motion *in Limine* No. 9 to exclude any evidence or argument on, or otherwise any reference to, Lucent's market capitalization, licensing revenues, and purported "valuation" at the Audio Coding Trial (Group 2). (Ex. 37, Order On Motions *In Limine* For Group 2 Trial (D.I. 827))[1] On February 16, 2007, Judge Brewster again granted this same motion against all defendants in connection with the Speech Coding Trial (Group 3). (Ex. 38, Order On Motions *In Limine* For Group 3 Trial (D.I. 1175)) On April 30, 2007, Judge Brewster for the third time granted that same motion against all defendants in connection with the User Interface Trial (Group 4). (Ex. 39, Order On Motions *In Limine* For Group 4 Trial (D.I. 1737))

Against the backdrop of that consistent and proper treatment, Lucent and MPT again move *in limine*, under Federal Rules of Evidence 402 and 403, to preclude all defendants from introducing any evidence or argument, or otherwise making any reference to: (i) Lucent's market capitalization before, during or after its announced merger with Alcatel; and (ii) Lucent's revenues from patent licensing. These matters are irrelevant to any issue in this case, and references to them would unfairly prejudice Lucent and MPT, confuse and mislead the jury, and be wasteful of the very limited time available for this already-complex patent trial. Therefore, evidence or argument regarding these matters should be excluded under Federal Rules of Evidence 402 and 403.

## II. BACKGROUND

On April 2, 2006, Lucent publicly announced that it had plans to merge with Alcatel, a company based in France. (Ex. 83) The Lucent-Alcatel merger is a "merger of equals," because no premium is to be paid by either company. (Ex. 70, Bishop Tr. at 120:19-121:14, 138:7-22, 158:12-18) Rather, the contribution of each company to the merger was determined based on each company's market capitalization, which is simply the number of shares of stock of each company multiplied by whatever the per-share price of each company's stock happened to be on a particular

---

[1] All citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support of Lucent's and Multimedia Patent Trust's Motions *In Limine*, filed concurrently herewith.

date.  (Ex. 70, Bishop Tr. at 48:13-49:15, 121:4-14, 138:7-22, 158:12-18; Ex. 76, O'Shea Tr. at 115:6-15)  The merger was finalized on November 30, 2006.

Lucent and MPT anticipate that defendants will attempt to introduce "evidence" and argument at trial on Lucent's market capitalization as well as on Lucent's patent licensing revenue. (Ex. 58, May 12, 2006 Napper Report re '356 Patent at 10-11, 32; Ex. 59, May 12, 2006 Napper Report re '295 Patent at 8-9, 16-17, 35; Ex. 60, May 12, 2006 Napper Report re Video Coding Patent at 18, 31, 67, 70, 72; Ex. 61, Aug. 11, 2006 Napper Report re XBox 360 at 13, 24)  Mr. Napper's reports repeatedly refer to Lucent's market capitalization on the day of the merger announcement (misleadingly calling it a "valuation").  For example, in his Video Coding report, Mr. Napper states:

- "Overall, the merger was estimated to be worth about $33 billion, based on March 2006 valuations of $12.5 billion for Lucent and $20 billion for Alcatel."  (Ex. 60 at 18)
- "Interestingly, as of April 25, 2006, Lucent has a current market capitalization of $13 billion dollars."  (*Id.* at 67)
- "In addition, near the time of Alcatel's acquisition of Lucent, Lucent's entire company was valued at $12.5 billion, including all of its intellectual property which included hundreds of patents."  (*Id.* at 70)
- "Mr. Smith's opinion that one of Lucent's patents is worth over $2.7 billion in royalties (over 20% of the value of the entire company) defies economic sense."  (*Id.* at 70)
- "This seems particular [sic] egregious considering the plaintiff's alleged total damages represents over 60% of Lucent's $13 billion market cap in 2005."  (*Id.* at 72)

Mr. Napper's reports also repeatedly refer to Lucent's annual and aggregate licensing revenues.  For example, in his Video Coding report, Mr. Napper states:

- "Lucent's 2005 objective for patent licensing revenue was $150 million, of which it only received $113 million, and Lucent's 2006 licensing objective dropped to $125 million."  (*Id.* at 3l)
- "Given Lucent's own licensing objective for its entire patent portfolio is just $125 million to $150 million, Mr. Smith's and Mr. Hoeberlein's opinions that just one of Lucent's patents, the '226 patent, has a licensing value of over $2 billion fails as a reasonableness check in connection with Lucent's damages claims."  (*Id.* at 31)
- "Interestingly enough, royalty reports produced by Lucent in this matter show that Lucent has generated approximately $200 million in licensing income for all of the patents alleged against Microsoft, Dell or Gateway."  (*Id.* at 79)

Based on these statements, defendants may argue—contrary to *Georgia-Pacific*—that Lucent's market capitalization and patent licensing revenues should limit the damages Lucent and

MPT can recover from defendants for their patent infringement. Lucent and MPT hereby move to exclude testimony relating to Lucent's market capitalization or licensing revenues.

### III.    ARGUMENT

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant only if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Additionally, evidence that is otherwise relevant should still be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts routinely exclude evidence under Federal Rules of Evidence 402 and 403 in such circumstances. *See, e.g., Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1392 (9th Cir. 1986); *Wolsey, Ltd. v. Foodmaker, Inc.*, No. 96-CV-634-E, 1998 WL 2001059, at *6 (S.D. Cal. Dec. 3, 1998); *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 73 F. Supp. 2d 997, 1000-14 (N.D. Iowa 1999).

Here, as before, evidence or argument regarding Lucent's market capitalization and licensing revenues should again be excluded under Rules 402 and 403 because they are irrelevant, unfairly prejudicial to Lucent and MPT, misleading to the jury, and wasteful of the limited time available for this trial.

### A.    Lucent's Market Capitalization and Licensing Revenues are Irrelevant to this Case

Lucent's market capitalizations before, on and after the announcement of its merger with Alcatel (April 2, 2006) have no logical nexus to the amount of reasonable royalty damages that defendants owe Lucent and MPT as a result of *their* ongoing patent infringement. Defendants cannot demonstrate that market capitalization (or "valuation") is relevant to a determination of a reasonable royalty in a patent infringement case, let alone that is should limit the amount of that royalty. Corporate "valuation" of the patentee is not addressed by any of the 15 factors outlined in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). The

significant damages in this case are driven not by the "value" of *Lucent*, but rather by the tremendous sales of infringing products that defendants have enjoyed over the past several years.[2]

Lucent's annual and aggregate licensing revenues similarly have no bearing on the damages owed by defendants. Indeed, Lucent's annual and aggregate licensing revenues have been artificially depressed for many years precisely because Microsoft and its co-defendants Dell and Gateway continue to infringe Lucent patents but refuse to pay for a license. The true extent of Lucent's licensing revenues will be known only *after* the liability of these infringers is determined. Allowing defendants to rely on Lucent's licensing revenues *without* the extensive liability of Microsoft, Dell, Gateway and other unlicensed infringers would allow defendants to benefit from their own infringement and would in no way be relevant to a calculation of reasonable royalty damages under *Georgia-Pacific*.

Because evidence or argument regarding Lucent's market capitalization and licensing revenue have no bearing on the ultimate questions of defendants' liability and damages for their long-standing and ongoing infringement of Lucent's and MPT's patents, this "evidence" should properly be excluded under Rule 402. *See, e.g., McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032-33 (9th Cir. 2003); *see also Int'l Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1400 (8th Cir. 1993).

### B. Lucent's Market Capitalization and Licensing Revenues are Unfairly Prejudicial to Lucent and MPT, Confusing to the Jury, and Wasteful to the Court

Even if Lucent's merger, market capitalization and licensing revenues had some tangential relevance, they should still be excluded under Rule 403 because of the dangers of unfair prejudice to Lucent and MPT, confusion of the issues by the jury, and wasting of time. Evidence and argument regarding these matters would suggest an improper basis for the jury to render a decision without any countervailing benefit to be had.

---

[2] What Microsoft's expert Mr. Napper has referred to as a "valuation" of Lucent is nothing more than Lucent's market capitalization on the day of the merger announcement, simply the number of outstanding shares of Lucent stock multiplied by whatever happens to be the share price on a particular day. (Ex. 70 at 48:13-49:15; Ex. 76 at 115:6-15). Notably, Mr. Napper did not discuss Lucent's market capitalization in the late-1990s—the time he accepts as the date of the hypothetical negotiation—when Lucent's market capitalization exceeded $200 billion. (Ex. 84)

First, evidence and argument regarding Lucent's market capitalization and licensing revenues would unfairly mislead the jury away from applying the relevant criteria for determining reasonable royalty damages set forth in *Georgia-Pacific*. Such discussions would suggest to the jury that, contrary to *Georgia-Pacific*, market capitalization and licensing revenues are ceilings that limit an infringer's damages. This information would not only confuse the jury but actively encourage them to disregard and find contrary to the law of *Georgia-Pacific*. It would also unfairly prejudice Lucent and MPT considering that Lucent's market capitalization and licensing revenues have been artificially depressed precisely due to the ongoing, unlicensed infringement by defendants.

In addition, evidence and argument regarding these matters would cause undue delay and waste the very limited time available for this already-complex trial. During the very limited time available for trial, the parties will need to present the jury with significant technical and financial evidence on a host of substantive issues—including validity, enforceability, infringement and damages—for multiple patents and with respect to multiple infringing products. In view of the complexity of this case, trial time must be allocated and used wisely and efficiently. Injecting a myriad of collateral matters that have no bearing on these issues—such as Lucent's market capitalization at the time of the merger and licensing revenues—would waste the very limited time for trial that is available. Indeed, if defendants were permitted to introduce snippets regarding these matters, Lucent and MPT would need to present significant rebuttal evidence and argument to put them in context. Opening the door to these matters would thus result in a host of otherwise unnecessary mini-trials on a range of collateral issues.

Therefore, to the extent these matters have any relevance, they are still inadmissible under Rule 403 because of the dangers of unfair prejudice to Lucent and MPT, confusion of the issues to the jury, and a wasting of the very limited time available for this already-complex patent trial. *See, e.g., McEuin.,* 328 F.3d at 1032-33*, Int'l Travel Arrangers*, 991 F.2d at 1400; *Herskowitz v. Nutri/System, Inc.*, 857 F.2d 179, 188 (3d Cir. 1988).

**IV.   CONCLUSION**

For the reasons discussed herein, Lucent and MPT request that the Court grant their motion *in limine* to exclude all such evidence and argument at trial.

| | | |
|---|---|---|
| 1 | DATED: January 14, 2008 | BY: _____s/David A. Hahn_____ |

John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Paul A. Bondor (admitted *pro hac vice*)
Jordan N. Malz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212)446-4800
Facsimile: (212)446-4900

David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Multimedia Patent Trust*
and *Lucent Technologies Inc.*