1  David A. Hahn (SBN 125784)
   HAHN & ADEMA
2  501 West Broadway, Suite 1600
   San Diego, California 92101-3595
3  Telephone: (619) 235-2100
   Facsimile: (619) 235-2101

4

5  Attorneys for *Multimedia Patent Trust*
   and *Lucent Technologies Inc.*
6  *(Additional counsel listed on the last page)*

7

8  **UNITED STATES DISTRICT COURT**
   **SOUTHERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10  LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>11              Plaintiffs,<br>12        v.<br><br>13  GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>15              Defendants,<br>16        and<br><br>17  MICROSOFT CORPORATION,<br><br>18              Intervener. | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**LUCENT AND MULTIMEDIA PATENT TRUST'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE PRIOR AUDIO CODING TRIAL (GROUP 2) DISPOSITION (PLAINTIFFS' MIL NO. 28)** |
| 19  MICROSOFT CORPORATION,<br><br>20              Plaintiff,<br>21        v.<br><br>22  LUCENT TECHNOLOGIES INC.,<br><br>              Defendant. | Date:       February 11, 2008<br>Time:       10:30 A.M.<br>Courtroom:   13, 5th Floor<br>Judge:       Hon. Marilyn L. Huff |
| 23  LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br>24<br>              Plaintiffs,<br>25        v.<br><br>26  DELL INC.,<br><br>27              Defendant. | |

28

## I.   INTRODUCTION

Lucent and Multimedia Patent Trust ("MPT") move *in limine*, under Federal Rule of Evidence 403, to preclude defendants from introducing any evidence or argument, or otherwise making any reference to, any rulings made in the Group 2 Audio Coding segment of this case (the "audio trial"). References to those judicial opinions and ruling would unfairly prejudice Lucent and MPT, confuse and mislead the jury, and be wasteful of the very limited time available for this already-complex patent trial. Therefore, evidence or argument regarding rulings from the audio trial should be excluded under Federal Rule of Evidence 403.

## II.   BACKGROUND

In his January 9, 2008 Supplemental Report, Mr. Napper goes to considerable length describing Judge Brewster's August 6, 2007 order regarding the audio coding patents in attempt to point out "problems with regard to Mr. Smith's proposed application of a royalty rate to the average price of a personal computer":

> One August 6, 2007, Judge Brewster issued an order in a different segment of this case regarding U.S. Patent Nos. 5,341,457 and RE 39,080 relating to audio coding (the "audio trial"). At the audio trial the jury had awarded damages to Lucent based on a theory propounded by Mr. Smith that applied a royalty rate of 0.5% to what was purported to be the average price of a personal computer. Judge Brewster disagreed with Lucent's application of what is known as the "entire market value rule," and overturned the damages verdict. Specifically Judge Brewster found, as a matter of law, at least two problems with Lucent's use of the computer as the appropriate royalty base. First, Judger Brewster criticized "the failure of the evidence to establish a link between the cost of the *computers* (rather than the operating system, Windows Media Player, the MP3 codec or some other "unit") and the customer demand or value of the patented technology." Second Judge Brewster found that an "even more troublesome problem [wa]s [Lucent's] failure to establish that the patented features themselves produced any customer demand or value of the product." Judge Brewster ruled that "to apply the entire market value rule, the evidence must show that these features were the basis of the customer demand or substantially created value for the product." The Court ultimately found that the accused features were not the basis for customer demand nor did they substantially create value for "a whole computer."

(Ex. 62, Jan. 9, 2008 Napper Supplemental Report re Video Coding Patent '226 and Patents '356 and '295 at 4) [1]

Lucent and MPT anticipate that defendants may attempt to introduce Judge Brewster's order and / or elicit testimony concerning that order from Mr. Napper or other defense witnesses, in order to prejudice the jury against Lucent and MPT, and discredit Mr. Smith and Mr. Hoeberlein (Lucent and MPT's damages experts). This evidence should be excluded under Rule 403 because it would unfairly prejudice Lucent and MPT, confuse and mislead the jury, and be wasteful of the very limited time available for this already-complex patent trial.

### III. ARGUMENT

Evidence regarding the orders and opinions issued in the audio trial are highly and unfairly prejudicial to Lucent and MPT, and poses a serious danger of confusion of the issues, misleading the jury, and wasting time, and thus should be excluded under Federal Rule of Evidence 403. Introduction of prior case dispositions is particularly pernicious because of the great weight the jury is likely to give them. *See United States v. Perry,* 857 F. 2d 1346, 1351 (9th Cir. 1988) ("[A]dmission of a prior judicial opinion as substantive evidence of a fact then in issue presents the danger that a jury may give the judicial opinion undue weight or be confused, believing the earlier court's findings somehow binding on it."); *Johnson v. Colt Indus. Operating Corp.*, 797 F.2d 1530, 1534 (10th Cir. 1986) ("The most significant possible problem posed by the admission of a judicial opinion is that the jury might be confused as to the proper weight to give such evidence.").

Moreover, if these opinions are raised at trial by the defendants, Lucent and MPT will have to spend considerable time explaining the issues of the audio trial, including the fact that Judge Brewster's order is currently on appeal. Rule 403 should preclude that irrelevant and prejudicial sideshow.

### IV. CONCLUSION

---

[1] All citations to exhibits refer to the Exhibits to the Declaration of Jennifer J. Schmidt In Support of Lucent's and Multimedia Patent Trust's Motions *In Limine*, filed concurrently herewith.

1    Because evidence and argument regarding judicial opinions and rulings from the audio trial is
2 unfairly prejudicial to Lucent and MPT, misleading to the jury, and wasteful of the very limited time
3 available for this trial, Lucent and MPT respectfully request that the Court grant their motion *in*
4 *limine* under Rule 403 to exclude all such evidence and argument at trial.

6    DATED:  January 14, 2008            BY:            s/David A. Hahn
                                John M. Desmarais (admitted *pro hac vice*)
                                Robert A. Appleby (admitted *pro hac vice*)
                                Paul A. Bondor (admitted *pro hac vice*)
                                Jordan N. Malz (admitted *pro hac vice*)
                                KIRKLAND & ELLIS LLP
                                153 East 53rd Street
                                New York, New York 10022
                                Telephone:  (212)446-4800
                                Facsimile:  (212)446-4900

                                David A. Hahn (SBN 125784)
                                HAHN & ADEMA
                                501 West Broadway, Suite 1600
                                San Diego, California  92101-3595
                                Telephone:  (619) 235-2100
                                Facsimile:  (619) 235-2101

                                Attorneys for *Multimedia Patent Trust*
                                and *Lucent Technologies Inc.*