# SCHMIDT DECLARATION
# EXHIBIT 2

1  Jane Hahn, SBN 125203
   Alison P. Adema, SBN 149285
2  HAHN & ADEMA
   501 West Broadway, Suite 1730
3  San Diego, California 92101-3595
   Telephone: (619) 235-2100
4  Facsimile: (619) 235-2101

5  Attorneys for *Lucent Technologies Inc.*

6  *Additional counsel listed on the last page*

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 LUCENT TECHNOLOGIES INC.,
                                              Case No. 02-CV-2060 B (LSP)
12             Plaintiff,                         consolidated with
        v.                                    Case No. 03-CV-0699 B (LSP)
13                                            Case No. 03-CV-1108 B (LSP)
   GATEWAY, INC., GATEWAY COUNTRY
14 STORES LLC, GATEWAY COMPANIES,
   INC., GATEWAY MANUFACTURING LLC           **LUCENT'S FIRST SET OF**
15 and COWABUNGA ENTERPRISES, INC.,          **INTERROGATORIES TO**
                                              **GATEWAY (NOS. 1–20) IN**
16             Defendants,                    **CASE NO. 02-CV-2060 B (LSP)**
        and
17
   MICROSOFT CORPORATION,
18
               Intervener.
19
   MICROSOFT CORPORATION,
20
               Plaintiff,
21      v.

22 LUCENT TECHNOLOGIES INC.,

23             Defendant.

24 LUCENT TECHNOLOGIES INC.,

25             Plaintiff,
        v.
26
   DELL INC.,
27
               Defendant.
28

LUCENT'S FIRST SET OF INTERROGATORIES                          Case No. 02-CV-2060 B (LSP)
TO GATEWAY (NOS. 1–20)

Exhibit 2
Page 000015

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Lucent Technologies Inc. hereby requests that Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC, and Cowabunga Enterprises, Inc. answer the following interrogatories, in accordance with the Definitions and Instructions below. The requested answers must be provided within thirty (30) days of the service of these interrogatories, or at such other time as may be mutually agreed upon in writing by counsel for the parties.

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, "Lucent" means Lucent Technologies Inc. and all its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2. As used herein, "Gateway" means Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC, and Cowabunga Enterprises, Inc., and all their respective predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3. As used herein, "Computer Product" means any device containing at least a central processing unit or microprocessor and memory.

4. As used herein, "Computer Peripheral Product" means any device designed, in whole or part, to interact with or control a Computer Product.

5. As used herein, "Compliant" with a standard, recommendation, specification, or technology means practicing, conforming to, and/or compliant with any part, revision, and/or annex of such standard, recommendation, specification, or technology.

6. As used herein, "the MPEG-1 Standard" means any part and/or annex of International Standard ISO/IEC 11172, and/or revisions thereto.

7. As used herein, "the MPEG-2 Standard" means any part and/or annex of International Standard ISO/IEC 13818, and/or revisions thereto.

8. As used herein, "the MPEG-4 Standard" means any part and/or annex of International Standard ISO/IEC 14496, and/or revisions thereto.

9. As used herein, "ITU-T" means the International Telecommunications Union-Telecommunications Standardization Section.

10. As used herein, "Stylus-Based Product" means any Computer Product that utilizes a stylus or pen for entering information, including without limitation, personal data assistants (PDAs) and tablet PCs, and any software capable of taking any part in such utilization of a stylus or pen for entering information.

11. As used herein, "Video Display Product" means any technology, apparatus, software, or method that is capable of taking any part in providing information to a Computer Product display, specifically including, without limitation, video and/or graphics cards, chipsets, adapters, controllers, accelerators, and BIOS software.

12. As used herein, "VGA Display Mode" means any video mode defined by and/or Compliant with the Video Graphics Array (VGA) standard, specifically including, without limitation, the following video modes (referred to in hexadecimal format): 0x00; 0x00*; 0x00+; 0x01; 0x01*; 0x01+; 0x02; 0x02*; 0x02+; 0x03; 0x03*; 0x03+; 0x04; 0x05; 0x0D; 0x0E; 0x0F; 0x10; 0x12; and 0x13 (wherein "*" refers to a 350 scan line mode, and "+" refers to a 400 scan line mode).

13. As used herein, "VBE Display Mode" means any video mode defined by and/or Compliant with any version of the Video Electronics Standards Association (VESA) BIOS Extension specification (including versions 1.0, 1.1, 1.2, 2.0, and 3.0), specifically including, without limitation, the following video modes (referred to in hexadecimal format): 0x6A; 0x100; 0x101; 0x102; 0x103; 0x104; 0x105; 0x106; 0x107; 0x108; 0x109; 0x10A; 0x10B; 0x10C; 0x10D; 0x10E; 0x10F; 0x110; 0x111; 0x112; 0x113; 0x114; 0x115; 0x116; 0x117; 0x118; 0x119; 0x11A; and 0x11B.

14. As used herein, "Caller ID Information" means any data transmitted by or through telecommunications equipment that identifies a calling party by name, number, location, or otherwise, including without limitation, data transmitted as described, at least in part, in Bellcore

specification GR-30-CORE, Issue 1, December, 1994, or Telcordia Technologies specification GR-30-CORE, Issue 2, December, 1998.

15. As used herein, "Caller ID Product" means any technology, apparatus, software, or method that is capable of receiving, identifying, acknowledging, storing (even temporarily), interpreting, using, interacting with, or affecting the display of any Caller ID Information, specifically including, without limitation, caller-id compatible modems, modem chipsets, and software that can in any way affect the display of Caller-ID Information.

16. As used herein, "Asserted Patents" means all patents asserted by Lucent against Gateway in Case No. 02-CV-2060 B (LSP), including without limitation:  (a) U.S. Patent No. 4,383,272; (b) U.S. Patent No. 4,958,226; (c) U.S. Patent No. 5,227,878; (d) U.S. Patent No. 4,701,954; (e) U.S. Patent No. 4,910,781; (f) U.S. Patent No. 4,617,676; (g) U.S. Patent No. 4,439,759; (h) U.S. Patent No. 4,317,956; (i) U.S. Patent No. 4,763,356; (j) U.S. Patent No. 5,347,295; and (k) U.S. Patent No. 4,582,956.

17. As used herein, "Asserted Claims" means all patent claims asserted at any time by Lucent against Gateway in Case No. 02-CV-2060 B (LSP), including without limitation:

(a) U.S. Patent No. 4,383,272, claims 13 and 22;

(b) U.S. Patent No. 4,958,226, claim 12;

(c) U.S. Patent No. 5,227,878, claims 13 and 15;

(d) U.S. Patent No. 4,701,954, claims 1, 2 and 6;

(e) U.S. Patent No. 4,910,781, claims 1–3, 8–10 and 12–14;

(f) U.S. Patent No. 4,617,676, claims 1, 7, 12 and 18;

(g) U.S. Patent No. 4,439,759, claims 1–4;

(h) U.S. Patent No. 4,317,956, claims 1, 3, 5, 15, 17, 18 and 21;

(i) U.S. Patent No. 4,763,356, claims 1, 2, 4, 6, 7, 10–13, 15, 16, 19 and 21;

(j) U.S. Patent No. 5,347,295, claims 1, 3, 4, 6, 12, 39–41, 43 and 46; and

(k) U.S. Patent No. 4,582,956, claims 1, 4–6, 9 and 15–19.

18. As used herein, "Prior Art" has the same meaning as used in 35 U.S.C. § 101 et seq., and includes any patent, printed publication, knowledge, use, sale or offer for sale, or other act or event defined in 35 U.S.C. §§ 102 or 103, taken singly or in combination.

19. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

20. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

21. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

22. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

23. As used herein, "document" has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure. The term "document" also encompasses tangible things.

24. As used herein, "person" means any natural person or any business, legal or governmental entity or association.

25. As used herein, the term "Identify" as applied to a document means that the following information shall be provided:

(a) the date appearing on the document, and if no date appears thereon, the answer shall so state and shall give the date or approximate date such document was prepared;

(b) the identifying or descriptive code number, file number, title or label of such document;

(c) the general nature or description of such document (i.e., whether it is a letter, memorandum, drawing, etc.) and the number of pages of which it consists;

(d) the name of the person who signed such document, and if it was not signed, the answer shall so state and shall give the name of each person who prepared it;

(e) the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent;

(f) the name of the person having possession, custody or control of such document;

(g) whether or not any draft, copy or reproduction of such document contains any postscript, notation, change, or addendum not appearing on the original of said document, and if so, the answer shall give the description as herein defined of each such draft, copy, or reproduction;

(h) if any such document was but is no longer in Gateway's possession or subject to its control, state what disposition was made of it and when;

(i) if any such document is claimed to be privileged, state the basis on which the claim of privilege is asserted and describe the subject matter covered in the document;

(j) if any such document is presently located in the hands of legal counsel, the term "Identify" additionally means to state the location of the document immediately prior to its coming into the hands of legal counsel and to identify the person who had prior custody of the document; and

(k) with respect to a legal opinion or legal advice, "Identify" also means to specify the date on which the opinion or legal advice was sought and the identity of each person who requested the opinion or legal advice.

26. As used herein, the term "Identify" as applied to factual or legal bases means to state in detail each and every fact, and each and every legal proposition or interpretation, upon which a belief or contention is based, and identify all documents, persons and events that support that belief or contention.

27. As used herein, the term "Identify" as applied to a person means to state the person's full name, present or last known address and telephone number, and, when referring to a natural person, the person's present or last known employer or business affiliation, present or last known business address and telephone number, and position or job description.

28. As used herein, the term "Identify" as applied to an event means to provide a description of the event, the date of the event, the location of the event, and the individual and organizational entities participating in the event.

29.     As used herein, the term "Identify" as applied to a product means to state the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to Gateway, and the total number of the product:  (i) made by or for Gateway in the United States on a month-by-month basis; (ii) sold or licensed by or for Gateway in the United States on a month-by-month basis; and (iii) imported by or for Gateway into the United States on a month-by-month basis.

30.     As used herein, "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

31.     If Gateway elects to avail itself of the procedure authorized by Rule 33(d) for answering interrogatories, Lucent requests that for each interrogatory so answered, Gateway specify the particular documents (by production number) relating to the subject matter of that interrogatory, and the author and the date of preparation of each such document if such information is not apparent or is incorrectly or incompletely disclosed on the face of the document(s).

32.     The interrogatories herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Asserted Claim of each Asserted Patent, Identify all factual and legal bases for Gateway's contention that such claim is invalid, including without limitation, a specific identification of all Prior Art and/or combinations of Prior Art upon which Gateway relies, and a description in claim chart form on an element-by-element basis of how such Prior Art and/or combinations of Prior Art support such contention.

**INTERROGATORY NO. 2:**

For each Asserted Patent that Gateway contends is unenforceable, Identify all factual and legal bases for Gateway's contention that such patent is unenforceable.

**INTERROGATORY NO. 3:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Seventh Defense (Waiver/Equitable Estoppel/Implied License)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶¶ 106–110 (including any subsequent amendments thereto).

**INTERROGATORY NO. 4:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Eighth Defense (Laches)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶ 111 (including any subsequent amendments thereto).

**INTERROGATORY NO. 5:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Tenth Defense (Joinder)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶ 113 (including any subsequent amendments thereto).

**INTERROGATORY NO. 6:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Eleventh Defense (Unclean Hands)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶ 114 (including any subsequent amendments thereto).

**INTERROGATORY NO. 7:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Twelfth Defense (Patent Misuse)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶ 115 (including any subsequent amendments thereto).

**INTERROGATORY NO. 8:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Thirteenth Defense (Prior Settlements)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶ 116 (including any subsequent amendments thereto).

**INTERROGATORY NO. 9:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Fourteenth Defense (Waiver of Injunction)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶ 117 (including any subsequent amendments thereto).

**INTERROGATORY NO. 10:**

Identify all factual and legal bases for Gateway's "Fifteenth Defense (Exhaustion/Have Made Rights/Implied License/Estoppel for the Doughty Patent)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶¶ 118–121 (including any subsequent amendments thereto).

**INTERROGATORY NO. 11:**

Identify all factual and legal bases for Gateway's "Seventeenth Defense (Estoppel for the Fleming '759 Patent)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶¶ 123–126 (including any subsequent amendments thereto).

**INTERROGATORY NO. 12:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Eighteenth Defense (Release/Accord and Satisfaction)," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶¶ 127–129 (including any subsequent amendments thereto).

**INTERROGATORY NO. 13:**

For each Asserted Patent, Identify all factual and legal bases for Gateway's "Twentieth Defense (28 U.S.C. § 1498(a))," asserted in Gateway's Third Amended Answer and Counterclaims in Case No. 02-CV-2060 B (LSP), ¶ 131 (including any subsequent amendments thereto).

**INTERROGATORY NO. 14:**

Identify each product made, used, licensed, distributed, sold, or offered for sale in the United States, or imported into the United States, by or for Gateway since June 6, 1996, that is capable of taking any part in coding, decoding, compressing, and/or decompressing data representing video, including without limitation coding, decoding, compressing, and/or decompressing data representing video in accordance with or Compliant with any portion of the MPEG-1 Standard, the MPEG-2 Standard, and/or the MPEG-4 Standard, and for each such product, separately Identify every portion or component thereof (whether hardware or software) capable of taking any part in coding, decoding, compressing, and/or decompressing data representing video, and Identify every portion of the MPEG-1 Standard, the MPEG-2 Standard, and/or the MPEG-4 Standard with which the product is Compliant.

**INTERROGATORY NO. 15:**

Identify each product made, used, licensed, distributed, sold, or offered for sale in the United States, or imported into the United States, by or for Gateway since June 6, 1996, that is capable of taking any part in coding, decoding, compressing, and/or decompressing data representing speech, including without limitation coding, decoding, compressing, and/or decompressing data representing

speech in accordance with or Compliant with any portion of ITU-T Recommendations G.723, G.723.1, G.728, G.729, and/or H.323, and for each such product, separately Identify every portion or component thereof (whether hardware or software) capable of taking any part in coding, decoding, compressing, and/or decompressing data representing speech, and Identify every portion of ITU-T Recommendations G.723, G.723.1, G.728, G.729, and/or H.323 with which the product is Compliant.

**INTERROGATORY NO. 16:**

Identify each Video Display Product made, used, licensed, distributed, sold, or offered for sale in the United States, or imported into the United States, by or for Gateway between June 6, 1996 and May 19, 2001, whether made, used, licensed, distributed, sold, offered for sale, or imported separately or as part of a Computer Product or Computer Peripheral Product, and separately Identify every VGA Display Mode and VBE Display Mode that each such Video Display Product supports.

**INTERROGATORY NO. 17:**

Identify each product made, used, licensed, distributed, sold, or offered for sale in the United States, or imported into the United States, by or for Gateway between June 6, 1996 and November 10, 2000 (whether separately or as part of a Computer Product), that includes any version of Microsoft NetMeeting and any version of Microsoft Paint (including without limitation, any Computer Product that includes any version of Microsoft Windows 95 OEM Service Pack 2, Microsoft Windows 98, Microsoft Windows 98 SE, Microsoft Windows ME, or Microsoft Windows NT 4.0), and separately for each type of product identified (i.e. model number), state the version of Microsoft NetMeeting and the version of Microsoft Paint included.

**INTERROGATORY NO. 18:**

Identify each product made, used, licensed, distributed, sold, or offered for sale in the United States, or imported into the United States, by or for Gateway since June 6, 1996 (whether separately or as part of a Computer Product), that includes any version of Microsoft Money, Microsoft Works,

Microsoft Works Suite, Microsoft Outlook, Microsoft Outlook with Business Contact Manager, Microsoft Office, Microsoft Pocket PC Expense, and/or Intuit Quicken, and separately for each type of product identified (i.e. model number), state the version of Microsoft Money, Microsoft Works, Microsoft Works Suite, Microsoft Outlook, Microsoft Outlook with Business Contact Manager, Microsoft Office, Microsoft Pocket PC Expense, and Intuit Quicken included.

**INTERROGATORY NO. 19:**

Identify each Stylus-Based Product made, used, licensed, distributed, sold, or offered for sale in the United States, or imported into the United States, by or for Gateway since June 6, 1996, and separately for each type of product identified (i.e. model number), state the type and version of operating system included with such type of product (*e.g.*, Windows Pocket PC 2002 Premium or Windows XP Tablet PC Edition).

**INTERROGATORY NO. 20:**

Identify each Caller ID Product made, used, licensed, distributed, sold, or offered for sale in the United States, or imported into the United States, by or for Gateway between June 6, 1996 and July 12, 2003, whether made, used, licensed, distributed, sold, offered for sale, or imported separately or as part of a Computer Product or Computer Peripheral Product.

Dated: February 24, 2004

*Lucent Technologies Inc.*

By: _____
John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Jon T. Hohenthaner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Jane Hahn, SBN 125203
Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1730
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

Attorneys for *Lucent Technologies Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2004, a copy of the foregoing LUCENT'S FIRST SET OF INTERROGATORIES TO GATEWAY (NOS. 1–20) IN CASE NO. 02-CV-2060 B (LSP) was served on counsel for Gateway, Microsoft and Dell as follows:

**FEDERAL EXPRESS**
John E. Gartman
Christopher S. Marchese
Gary H. Savitt
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone 858-678-5070
Facsimile 858-678-5099

**EMAIL**
marchese@fr.com
khorvath@fr.com

Attorneys for *Microsoft Corp.*

**FEDERAL EXPRESS**
Ronald L. Johnston
James S. Blackburn
ARNOLD & PORTER
1900 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Telephone 310-552-2500
Facsimile 310-552-1191

**EMAIL**
joel_freed@aporter.com
sidney_rosenzweig@aporter.com

Attorneys for *Dell Inc.*

**FEDERAL EXPRESS**
David J. Zubkoff
SELTZER, CAPLAN, MCMAHON & VITEK
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone 619-685-3003
Facsimile 619-702-6827

**EMAIL**
bfarney@deweyballantine.com
jbaker@deweyballantine.com

Attorneys for *Gateway, Inc., et al.*

_/s/ [signature]_