# SCHMIDT DECLARATION EXHIBIT 5

Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone:   (619) 235-2100
Facsimile:   (619) 235-2101

Attorneys for Lucent Technologies Inc.

Additional counsel listed on the last page

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>        Plaintiff,<br>v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>        Defendants,<br>        and<br><br>MICROSOFT CORPORATION,<br><br>        Intervener. | Case No. 02-CV-2060 B (CAB)<br>consolidated with<br>Case No. 03-CV-0699 B (CAB)<br>Case No. 03-CV-1108 B (CAB)<br><br>**LUCENT'S MOTION IN LIMINE NO. 6 (GROUP 3: SPEECH CODING TRIAL) TO PRECLUDE EXPERT TESTIMONY REGARDING ALLEGATIONS OF NON-INFRINGING ALTERNATIVES**<br><br>Date:        February 16, 2007<br>Time:        9:00 A.M.<br>Courtroom:  2<br>Judge:       Hon. Rudi M. Brewster |
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>        Defendant. | **FILED UNDER SEAL<br>CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER** |
| LUCENT TECHNOLOGIES INC.,<br><br>        Plaintiff,<br>v.<br><br>DELL INC.,<br><br>        Defendant. | |

Lucent's Motion In Limine No. 6 To Preclude Expert Testimony
Regarding Allegations of Non-Infringing Alternatives

Exhibit 5
Page 000050

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

## I. INTRODUCTION

On January 8, 2007, after briefing and argument, this Court granted Lucent's motion *in limine* no. 6 to preclude Microsoft from introducing any evidence or argument on, or making any reference to, unsupported allegations of "non-infringing alternatives" to the technologies claimed in the Audio Coding Patents at the Audio Coding Trial (Group 2). (Ex. 2, Order On Motions In Limine For Group 2 Trial (DI 827))[1] Lucent sought such preclusion under Federal Rule of Evidence 702 because Microsoft's experts specified no basis for showing that the alleged "alternatives" did not infringe the Audio Coding Patents, were available to Microsoft at the time of the hypothetical negotiation, and were acceptable in providing the advantages of the infringing audio coding technology.

For similar reasons, Lucent moves *in limine* to preclude defendants from introducing any evidence or argument regarding, or otherwise making any reference to, unsupported allegations of "non-infringing alternatives" to the technologies claimed in the Speech Coding Patent at the Speech Coding Trial (Group 3). As with the Audio Coding Patents, Microsoft's damages expert Brian Napper again alleges "alternatives" in his expert report in a wholly conclusory fashion without any foundational support. Mr. Napper's report does not even allege that the "alternatives" are "non-infringing," let alone provides a basis for showing that (1) the supposed alternatives do not infringe; (2) were available to Defendants at the time of the hypothetical negotiation; and/or (3) were acceptable in providing the advantages of G.723.1 speech coding. Mr. Napper also disclaimed any basis for this opinion at his deposition, admitting that Lucent claims patents rights over the alleged "alternatives" and that he did not know whether Microsoft could even take out the infringing G.723 functionality. Therefore, as with respect to the Audio Coding Patents, Microsoft's conclusory and unsupported allegations of "non-infringing alternatives" with respect to the Speech Coding Patent should similarly be excluded under Rule 702.[2]

---

[1] All citations to exhibits refer to the Exhibits to the Declaration of Aaron J. Schechter In Support of Lucent's Motions *In Limine* for the Speech Coding Trial, filed concurrently herewith.

[2] Dell and Gateway's damages expert David Kaplan does not allege the existence of any

(Continued...)

Lucent's Motion *In Limine* No. 6 To Preclude Expert Testimony
Regarding Allegations of Non-Infringing Alternatives

1

Exhibit 5
Page 000051

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB

## II. BACKGROUND

In his May 12, 2006 report, Microsoft's damages expert Brian Napper hypothesized that Microsoft had design alternatives to the technologies claimed in the Speech Coding Patent:

> If Lucent had demanded a royalty that was higher than Microsoft was willing to pay, Microsoft could have considered design alternatives to the patents-in-suit before the release of its subsequent product.

(Ex. 10, 5/12/06 Brian Napper Expert Report at 41)

> The parties would consider the potential alternatives available to Microsoft at the time of the hypothetical negotiation. As previously stated, the '954 . . . patent[] and G.723.1 and TrueSpeech represent only two alternatives for speech coding technology.

(*Id.* at 53-54) According to Mr. Napper, these "alternatives" are the use of the G.711, G.728 and G.729 speech coding standards. (*Id.* at 54 ("G.711 . . . was widely used in telecommunications, and that Microsoft could have used this codec without sacrificing significant quality....[O]ther codecs which fall under the H.323 standard could have been used, including G.728 and G.729."))

Mr. Napper's hypothesis that G.711, G.728 and G.729 are "alternatives," however, is asserted in a completely conclusory manner without any foundational support. Tellingly, Mr. Napper refers to G.711, G.728 and G.729 as mere "alternatives" but nowhere alleges that they would be "*non-infringing* alternatives" — let alone presents evidence or analysis explaining why. Nor does Mr. Napper explain how G.711, G.728 and G.729 technologies were allegedly "available" to Microsoft at the time of the hypothetical negotiation by virtue of equipment, know-how, and expertise and in view of the costs of implementation. And Mr. Napper does not explain how G.711, G.728 and G.729 would be "acceptable" to Microsoft's customers or how they could provide the advantages and benefits of G.723 speech coding.

Indeed, Mr. Napper's alleged "alternatives" have long been the subject of Lucent's patent licensing program. (*See* Ex. 17, LUC 1137707-10; Ex. 18, LUC 026065-68). Faced with this evidence at his deposition, Mr. Napper conceded that Lucent claimed to have patents that cover G.728 and G.729 — and that Lucent's royalty rates for the alleged "alternatives" were *higher* than

---

non-infringing alternatives in his expert report.

for the accused G.723 functionality:

> Q. But Lucent has patents to G.728 and 729; right?
>
> A. Well, Lucent would claim to think they have patents that cover G.728 and G.729.
>
> Q. And the royalty rates associated with G.728 and 729 are significantly more than those associated with G.723, are they not?
>
> A. They are higher than G.723 and G.729A.

(Ex. 14, 6/29/06 Brian Napper Dep. at 349:7-14) Mr. Napper also admitted he did not know whether Microsoft could even remove the infringing G.723 functionality as he had assumed:

> Q. But it's still utilizing Lucent's technology in the 723 codec, and it's made a choice to do that. It could have taken it out, according to you; right?
>
> ...
>
> THE WITNESS: I don't know whether they can take it out or not.

(Ex. 14, 6/29/06 Brian Napper Dep. at 354:8-13) Thus, Mr. Napper's own testimony confirms that no such foundation exists for an allegation of acceptable, non-infringing alternatives.

Despite this lack of foundation and these admissions, defendants may seek to have Mr. Napper testify at trial that there are non-infringing alternatives to the technologies claimed in the Speech Coding Patent. Therefore, this Court should again grant Lucent's motion *in limine* to exclude this unsupported and unreliable testimony at trial.

### III. ARGUMENT

Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if ***(1) the testimony is based upon sufficient facts or data***, (2) the testimony is the product of reliable principles and methods, and ***(3) the witness has applied the principles and methods reliably to the facts of the case.***

Fed. R. Evid. 702 (emphases added). Rule 702 vests with the Court a "gatekeeping obligation" to ensure the reliability and relevance of the expert testimony admitted in evidence. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999). The Court ensures the relevance of the proposed testimony by evaluating whether the opinions offered are sufficiently connected to the facts of the case. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). Expert testimony

should be excluded if "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

A non-infringing alternative must be both "available" and "acceptable." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1346-49 (Fed. Cir. 1999). A non-infringing alternative is "available" if the infringer "had all of the necessary equipment, know-how, and experience" to use the alternative during the time of infringement as well as the economic incentive to do so. *Grain Processing Corp.*, 185 F.3d at 1354; *accord Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1123 (Fed Cir. 2003). To be "acceptable," an alleged non-infringing alternative must have had the advantages of the patented technology. *See Standard Haven Prods. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("[T]he mere existence of a competing device does not necessarily make that device an acceptable substitute. A product on the market which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages.") (citation omitted). Courts exclude expert testimony on non-infringing alternatives where the expert can identify no reliable factual basis for such an opinion. *See, e.g., EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *6 (D. Minn. Mar. 8, 2003) ("In neither his expert report nor his deposition could [expert] identify a reliable factual basis for his opinions regarding . . . the existence of available non-infringing alternatives.").

Here, Mr. Napper's report does not even allege — let alone specify an evidentiary basis for rendering an opinion — that the alleged "alternatives" are non-infringing. To the contrary, Lucent claims patents that cover such "alternatives" at *higher* royalty rates than for G.723, facts that Mr. Napper conceded at his deposition. (*See* Ex. 17, LUC 1137707-10; Ex. 18, LUC 026065-68; Ex. 14, 6/29/06 Brian Napper Dep. at 349:7-14) Nor can Mr. Napper claim to rely on any testimony or claim analysis of another expert in support of his contention that G.711, G.728 and G.729 are non-infringing alternatives, as no such testimony or claim analysis exists.[3]

---

[3] Nor can Defendants argue that the alleged "alternatives" concern Lucent patents other than the Speech Coding Patent. The Federal Circuit has held that, where an alleged alternative was covered by *another* of the plaintiff's patents, it was not an acceptable,

(Continued...)

In addition, Mr. Napper also presents no basis for testifying that these technologies were actually "available." Mr. Napper's report specifies no evidence that Microsoft had the necessary equipment, know-how, experience, and cost-commitment to use G.711, G.728 and G.729 in lieu of G.723. Nor does Mr. Napper have a basis for testifying that these any of "alternatives" were "acceptable." To the contrary, Microsoft's own witnesses have testified that Microsoft promoted the fact that the accused features used G.723 and that use of G.723 ensured that the accused features could interoperate with other products. (Ex. 13, 3/9/06 Laemmel Dep. at 43:8-10, 62:9-23) Yet, Mr. Napper's "alternatives" — G.711, G.728 and G.729 — are *not* G.723. Indeed, Mr. Napper's "alternatives" are completely speculative, given his admission that he did not even know whether Microsoft could remove the infringing G.723 functionality. (Ex. 14, 6/29/06 Brian Napper Dep. at 354:8-13)

As with the Audio Coding Patents, Mr. Napper simply does not have a sufficient factual basis for concluding — or testifying at trial as an expert — that defendants had available, acceptable non-infringing alternatives. Mr. Napper's allegation of non-infringing alternatives is not only insufficiently tied to the facts of the case, but plainly negated by his understanding of those facts. Mr. Napper's opinion is too unsupported to satisfy the reliability threshold of Rule 702 and his testimony would invite conjecture and confusion rather than assist the jury in determining a reasonable royalty rate. Under these circumstances, the Court should exercise its "gate keeping" function and exclude Microsoft from presenting such speculative testimony regarding non-infringing alternatives at trial.

### IV.   CONCLUSION

Because the defendants' experts have no support for an allegation that there were available and acceptable non-infringing alternatives to the Speech Coding Patent, Lucent respectfully requests that the Court grant its motion *in limine* under Rule 702 to preclude the defendants from presenting such expert testimony at trial.

---

non-infringing alternative. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1548 (Fed. Cir. 1995).

| | | |
|---|---|---|
| 1 | DATED: January 19, 2007 | BY: /s/ Alison P. Adema |
| 2 | | John M. Desmarais (admitted *pro hac vice*) |
| | | Robert A. Appleby (admitted *pro hac vice*) |
| 3 | | Paul A. Bondor (admitted *pro hac vice*) |
| | | Jordan N. Malz (admitted *pro hac vice*) |
| 4 | | KIRKLAND & ELLIS LLP |
| | | 153 East 53rd Street |
| 5 | | New York, New York 10022 |
| | | Telephone: (212) 446-4800 |
| 6 | | Facsimile: (212) 446-4900 |
| 7 | | Alison P. Adema, SBN 149285 |
| | | HAHN & ADEMA |
| 8 | | 501 West Broadway, Suite 1730 |
| | | San Diego, California 92101-3595 |
| 9 | | Telephone: (619) 235-2100 |
| | | Facsimile: (619) 235-2101 |
| 10 | | Attorneys for *Lucent Technologies Inc.* |

Lucent's Motion *In Limine* No. 6 To Preclude Expert Testimony
Regarding Allegations of Non-Infringing Alternatives

6

Exhibit 5
Page 000056

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)