# SCHMIDT DECLARATION EXHIBIT 6

Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone:    (619) 235-2100
Facsimile:    (619) 235-2101

Attorneys for Lucent Technologies Inc.

Additional counsel listed on the last page

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br>    Plaintiff, <br>    v. <br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br>    Defendants, <br>    and <br><br>MICROSOFT CORPORATION, <br><br>    Intervener. | Case No. 02-CV-2060 B (CAB) <br> consolidated with <br> Case No. 03-CV-0699 B (CAB) <br> Case No. 03-CV-1108 B (CAB) <br><br> **LUCENT'S MOTION IN LIMINE NO. 6 (GROUP 4: USER INTERFACE TRIAL) TO PRECLUDE EXPERT TESTIMONY REGARDING ALLEGATIONS OF NON-INFRINGING ALTERNATIVES** <br><br> Date:       April 27, 2007 <br> Time:       9:00 A.M. <br> Courtroom:  2 <br> Judge:      Hon. Rudi M. Brewster |
| MICROSOFT CORPORATION, <br><br>    Plaintiff, <br>    v. <br><br>LUCENT TECHNOLOGIES INC., <br><br>    Defendant. | **FILED UNDER SEAL CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER** |
| LUCENT TECHNOLOGIES INC., <br><br>    Plaintiff, <br>    v. <br><br>DELL INC., <br><br>    Defendant. | |

Lucent's Motion In Limine No. 6 To Preclude Expert Testimony
Regarding Allegations of Non-Infringing Alternatives

Exhibit 6
Page 000057

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

## I. INTRODUCTION

On January 8, 2007, after briefing and argument, this Court granted Lucent's motion *in limine* no. 6 to preclude Microsoft from introducing any evidence or argument on, or making any reference to, unsupported allegations of "non-infringing alternatives" to the technologies claimed in the Audio Coding Patents at the Audio Coding Trial (Group 2). (Ex. 8, Order On Motions In Limine For Group 2 Trial (DI 827))[1] On February 16, 2007, this Court again granted this same motion against all defendants in connection with the Speech Coding Trial (Group 3). (Ex. 9, Order On Motions In Limine For Group 3 Trial (D.I. 1175)) Lucent sought such preclusion under Federal Rule of Evidence 702 because Microsoft's experts specified no basis for showing that the alleged "alternatives" did not infringe the Audio and Speech Coding Patents, were available to Microsoft at the time of the hypothetical negotiation, and were acceptable in providing the advantages of the infringing audio coding technology. (Ex. 12, Lucent's Motion *in Limine* No. 6 For Group 2 Trial (D.I. 620); Ex. 17, Lucent's Motion in *Limine* No. 6 For Group 3 Trial (D.I. 890))

For similar reasons, Lucent moves *in limine* to preclude defendants from introducing any evidence or argument regarding, or otherwise making any reference to, unsupported allegations of "non-infringing alternatives" to the technologies claimed in the User Interface Patents at the User Interface Trial (Group 4). As with the Audio and Speech Coding Patents, Microsoft's damages expert Brian Napper again alleges "alternatives" in his expert report in a wholly conclusory fashion without any foundational support. Mr. Napper's report does not even allege that the "alternatives" are "non-infringing," let alone provides a basis for showing that (1) the supposed alternatives do not infringe; (2) were available to Defendants at the time of the hypothetical negotiation; and/or (3) were acceptable in providing the advantages of the '356 Day and '295 Agulnick patents. Therefore, as with respect to the Audio and Speech Coding Patents, Microsoft's conclusory and unsupported

---

[1] Citations to exhibits refer to the Exhibits to the Declaration of Jordan N. Malz In Support of Lucent's Motions *In Limine* (Group 4), filed concurrently herewith.

Lucent's Motion *In Limine* No. 6 To Preclude Expert Testimony
Regarding Allegations of Non-Infringing Alternatives

1

Exhibit 6
Page 000058

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB

allegations of "non-infringing alternatives" with respect to the User Interface Patents should similarly be excluded under Rule 702.[2]

## II.   BACKGROUND

In his separate expert reports on the '356 Day patent and the '295 Agulnick patent, Microsoft's damages expert Brian Napper includes the same boilerplate allegation that Microsoft had design alternatives to the technologies claimed in these respective patents:

> If Lucent had demanded a royalty that was higher than Microsoft was willing to pay, Microsoft could have considered design alternatives to the patents-in-suit before the release of its subsequent product.

(Ex. 3, 5/12/06 Brian Napper Expert Report re '356 Day Patent at 21; Ex. 4, 5/12/06 Brian Napper Expert Report re '295 Day Patent at 27)  According to Mr. Napper, the supposed "alternatives" to the technologies of the '356 Day patent are simply the unspecified "removal" of the accused functionalities. (Ex. 3, 5/12/06 Brian Napper Expert Report re '356 Day Patent at 28-29).  For the '295 Agulnick patent, Mr. Napper specifies no "alternative" at all.

Mr. Napper's allegations of "alternatives" are asserted in a completely conclusory manner without any foundational support.  Telllingly, Mr. Napper refers to unspecified "alternatives" but nowhere alleges that they would be "*non-infringing* alternatives" — let alone presents evidence or analysis explaining why.  Nor does Mr. Napper explain how any "alternative" was allegedly "available" to Microsoft at the time of the hypothetical negotiation by virtue of equipment, know-how, and expertise and in view of the costs of implementation.  And Mr. Napper does not explain how any "alternative" would be "acceptable" to Microsoft's customers or how they could provide the advantages and benefits of the '356 Day patent and '295 Agulnick patent.

Nor can Mr. Napper claim to rely on the technical opinions of other experts.  No technical expert included in their expert reports an opinion that there are available, acceptable non-infringing alternatives to the technologies of the '356 Day and '295 Agulnick patents.

---

[2]   Dell and Gateway's damages expert David Kaplan does not allege the existence of any non-infringing alternatives in his expert report.

1  Despite this lack of foundation, defendants may seek to have Mr. Napper testify at trial that
2  there are available, acceptable non-infringing alternatives to the technologies claimed in the '356
3  Day and '295 Agulnick patents. Therefore, this Court should again grant Lucent's motion *in limine*
4  to exclude this unsupported and unreliable testimony at trial.

### III.  ARGUMENT

Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if ***(1) the testimony is based upon sufficient facts or data***, (2) the testimony is the product of reliable principles and methods, and ***(3) the witness has applied the principles and methods reliably to the facts of the case***.

Fed. R. Evid. 702 (emphases added). Rule 702 vests with the Court a "gatekeeping obligation" to ensure the reliability and relevance of the expert testimony admitted in evidence. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999). The Court ensures the relevance of the proposed testimony by evaluating whether the opinions offered are sufficiently connected to the facts of the case. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). Expert testimony should be excluded if "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

A non-infringing alternative must be both "available" and "acceptable." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1346-49 (Fed. Cir. 1999). A non-infringing alternative is "available" if the infringer "had all of the necessary equipment, know-how, and experience" to use the alternative during the time of infringement as well as the economic incentive to do so. *Grain Processing Corp.*, 185 F.3d at 1354; *accord Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1123 (Fed Cir. 2003). To be "acceptable," an alleged non-infringing alternative must have had the advantages of the patented technology. *See Standard Haven Prods. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("[T]he mere existence of a competing device does not necessarily make that device an acceptable substitute. A product on the market which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who

Lucent's Motion *In Limine* No. 6 To Preclude Expert Testimony
Regarding Allegations of Non-Infringing Alternatives

3

Exhibit 6
Page 000060

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

1  wants those advantages.") (citation omitted).  Courts exclude expert testimony on non-infringing

2  alternatives where the expert can identify no reliable factual basis for such an opinion.  *See, e.g., EZ*

3  *Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *6 (D. Minn. Mar. 8, 2003)

4  ("In neither his expert report nor his deposition could [expert] identify a reliable factual basis for his

5  opinions regarding . . . the existence of available non-infringing alternatives.").

6         Here, Mr. Napper's report does not specify any evidentiary basis for rendering an opinion

7  that any alleged "alternatives" are non-infringing.  For the '295 Agulnick patent, Mr. Napper does

8  not present any "alternative" at all.  For the '356 Day patent, Mr. Napper speculates that Microsoft

9  could have "removed" the accused functionality or used a different version of the accused software.

10  (Ex. 3, 5/12/06 Brian Napper Expert Report re '356 Day Patent at 28-29)  Mr. Napper, however, is

11  not qualified to perform a technical analysis or render a technical opinion as to whether a modified

12  or different version of the accused software would be non-infringing.  Nor can Mr. Napper claim to

13  rely on the technical opinions of other experts, as no technical expert included in their expert reports

14  an opinion of non-infringing alternatives.

15         In addition, Mr. Napper also presents no basis for testifying that any alleged "alternatives"

16  were actually "available."  Mr. Napper's report specifies no evidence that Microsoft had the

17  necessary equipment, know-how, experience, and cost-commitment to freely "remove"

18  functionalities to generate non-infringing alternatives.[3]  Nor does Mr. Napper have a basis for

---

[3]  Microsoft today argues that it can freely "remove" functionalities to generate non-infringing alternatives.  This position is not only unsupported in this litigation but also at odds with what its lawyers and witnesses represented to the Eastern District of Texas in *z4 Tech, Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 442 (E.D. Tex. 2006), when Microsoft tried to avoid a permanent injunction:

> Microsoft argues that the resources, time, and expense required to redesign its Windows and Office software products would create a significant hardship on Microsoft.  ***Redesigning Microsoft Windows and Office software products, even to remove a small component such as product activation, is undoubtably an enormous task.***  Microsoft argues that such an undertaking would require enormous resources and expense. Microsoft submitted the declarations of Alexandra B. Rector, a Business Manager of Microsoft Office Sustaining Engineering, and Laura Joseph, a Program Manager on the Windows Release Management Team, as evidence of the hardship Microsoft would suffer if a permanent injunction requiring a redesign of the Office and Windows software

(Continued…)

Lucent's Motion *In Limine* No. 6 To Preclude Expert Testimony   4   Case Nos. 02-CV-2060-B (CAB)
Regarding Allegations of Non-Infringing Alternatives      03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)

Exhibit 6
Page 000061

1  testifying that these any of "alternatives" were "acceptable." To the contrary, Microsoft's own

2  witnesses have testified that Microsoft promoted the accused features and that they are used by many

3  customers. (Ex. 5, 3/14/06 Numoto Dep. at 164:24-165:6, 165:13-16, 206:16-208:18)  Mr. Napper's

4  implicit contention that modifying these features would be acceptable in providing the benefits of the

5  '356 Day and '295 Agulnick patents is completely speculative and lacking in foundation.

## IV.    CONCLUSION

Because the defendants' experts have no support for an allegation that there were available and acceptable non-infringing alternatives to the '356 Day and '295 Agulnick patents, Lucent respectfully requests that the Court grant its motion *in limine* under Rule 702 to preclude the defendants from presenting such expert testimony at trial.

DATED:  March 29, 2007

BY: _____ .
John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Paul A. Bondor (admitted *pro hac vice*)
Jordan N. Malz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1730
San Diego, California 92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

Attorneys for *Lucent Technologies Inc.*

---

products were granted. The declarations indicate that Microsoft would have to re-release its current versions of Office, with 450 separate variations in thirty-seven different languages, and Windows, with 600 separate variations in over forty languages. Microsoft contends that both products would have to be re-engineered, tested, repackaged and then placed into the appropriate distribution channels. ***According to Microsoft, such an undertaking would require excessive resources and be exceedingly expensive.***

*Id*. at 442 (emphasis added).

Lucent's Motion *In Limine* No. 6 To Preclude Expert Testimony
Regarding Allegations of Non-Infringing Alternatives

5

Exhibit 6
Page 000062

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)