# SCHMIDT DECLARATION

# EXHIBIT 7

1
Alison P. Adema, SBN 149285
HAHN & ADEMA

2
501 West Broadway, Suite 1600
San Diego, California 92101-3595

3
Telephone:    (619) 235-2100
Facsimile:    (619) 235-2101

4

5
Attorneys for Lucent Technologies Inc.

6
*Additional counsel listed on the last page*

7

8
**UNITED STATES DISTRICT COURT**

9
**SOUTHERN DISTRICT OF CALIFORNIA**

10
LUCENT TECHNOLOGIES INC.,

Case No. 02-CV-2060 B (CAB)
consolidated with

11
                    Plaintiff,
          v.

Case No. 03-CV-0699 B (CAB)
Case No. 03-CV-1108 B (CAB)

12
GATEWAY, INC., GATEWAY COUNTRY

13
STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC

**LUCENT'S MOTION *IN LIMINE* NO. 7 TO PRECLUDE MICROSOFT FROM PRESENTING EVIDENCE AND**

14
and COWABUNGA ENTERPRISES, INC.,

**ARGUMENT REGARDING FUTURE TRIALS**

15
                    Defendants,
          and

Date:          January 9, 2006

16
MICROSOFT CORPORATION,

Time:          9:00 A.M.
Courtroom:     2

17
                    Intervener.

Judge:         Hon. Rudi M. Brewster

18
MICROSOFT CORPORATION,

19
                    Plaintiff,
          v.

20

21
LUCENT TECHNOLOGIES INC.,

22
                    Defendant.

23
LUCENT TECHNOLOGIES INC.,

24
                    Plaintiff,
          v.

25
DELL INC.,

26
                    Defendant.

27

28

Lucent's Brief in Support of Its Motion *In Limine* No. 7 Regarding
Future Trials

Exhibit 7
Page 000063

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB

## I.    INTRODUCTION

Lucent Technologies Inc. ("Lucent") moves *in limine*, under Federal Rules of Evidence 402 and 403, to preclude Microsoft Corporation ("Microsoft") from introducing any evidence or argument on, or otherwise making reference to, future trials between Lucent and Microsoft, Dell Inc. ("Dell") and Gateway, Inc. ("Gateway") (collectively "Defendants"). This case is divided into five separate trials, with each trial directed to Lucent's infringement claims for patents in a specific technology area. Currently, at Defendants' request, one trial is stayed. The experts — for both Lucent and all of the Defendants — submitted separate reports with opinions on infringement, validity and damages for each of the five trials. However, Lucent anticipates that Microsoft will attempt in the Audio Coding Trial to present evidence of the future trials, specifically Lucent's damages claims in the other four trials. What Lucent seeks in four separate trials — each with different patents at issue — is irrelevant to the Audio Coding Trial. Furthermore, the trials are scheduled in the *future* and it is wholly speculative whether Lucent will be entitled to damages in any of the subsequent trials or even if the trials will go forward. Moreover, such evidence will confuse the jury and is unfairly prejudicial to Lucent. Evidence of speculative future recoveries would create the risk that the jury reduces Lucent's damages recovery in the Audio Coding Trial to account for the presumed future recoveries. But, the law is clear that Lucent is entitled to receive damages adequate to compensate for *each act of infringement* by Defendants. Therefore, this Court should preclude Microsoft from making any mention of the tentative future trials between Lucent and the Defendants.

## II.    BACKGROUND

This action is a consolidation of three separate lawsuits between Lucent and each of Microsoft, Dell and Gateway. The consolidated case currently involves 11 Lucent patents asserted against the various Defendants. On December 7, 2005, this Court issued a Modified Scheduling Order, dividing the case into five Groups for trial, each Group including Lucent patents to a specific technology area — Video Coding, Audio Coding, Speech Coding, Graphical User Interface and

1    Caller-ID/Video Display.  (Ex. 6, December 7, 2005 Modified Scheduling Order).[1]  In its Tentative

2    Scheduling Order issued on November 17, 2005, the Court indicated that: "[a]fter extensive

3    discussion with the parties regarding the number and complexity of the patents at issue in this

4    matter… [t]he parties have agreed, for convenience and efficiency, the patents should be tried in four

5    or five groups ("Groups 1-5")".  (Ex. 7, November 17, 2005 Tentative Scheduling Order).   The

6    parties proceeded to regard the case as five separate trials, with each of Lucent's and Defendants'

7    experts issuing separate reports and opinions for each trial.  The first trial to occur (involving Audio

8    Coding patents) is scheduled to begin January 24, 2007.  At least three other trials are scheduled and

9    a fourth (Video Coding) is currently stayed.

10   **III.    ARGUMENT**

11       **A.    Evidence Of Future Trials Between The Parties Is Irrelevant And Speculative**

12           The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to

13   make the existence of any fact that is of consequence to the determination of the action more

14   probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  Further, the

15   Rules provide that: "[e]vidence which is not relevant is not admissible…."  FED. R. EVID. 402.

16           Because evidence of future litigation and damages claims have no direct relationship to the

17   issues of patent infringement and damages in the present Audio Coding case, such evidence would

18   not make more or less probable the existence of any fact that is of consequence in the Audio Coding

19   Trial.   The claims in the other four trials — involving different patents and different acts of

20   infringement — arise from different sets of facts.  The claims are properly addressed as separate

21   causes of action.  *See Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1371-72

22   (Fed. Cir. 1999) (agreeing that each act of infringement gives rise to a separate cause of action).  In

23   addition, future and distinct litigation claims are not a part of the analysis of reasonable royalty rates

24   for the Audio Coding patents under *Georgia-Pacific Corp. v. U. S. Plywood Corp.*, 318 F. Supp.

25   1116, 1120 (S.D.N.Y. 1970).  *See Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371,

26

27           [1] All references to Exhibits refer to exhibits to the Declaration of Jordan N. Malz.

28

---

1   1385 (Fed. Cir. 2001) (referring to the "oft-cited" *Georgia-Pacific* factors relevant to a determination

2   of a reasonable royalty rate).

3          In fact, consideration of additional claims of infringement is particularly inappropriate here

4   where it is pure speculation whether any of the other trials will go forward.  Even if the trials do go

5   forward, it is wholly speculative whether infringement will be found and whether Lucent will be

6   entitled to any compensation.  Therefore, such evidence should be properly excluded.

7          **B.     Any Probative Value Of Evidence Of The Future Trials Is Substantially
                 Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues By**
8                **The Jury And Undue Delay**

9          Even if Microsoft argues that the evidence has some remote relation to the issues in the

10  present litigation, that evidence should still be excluded under the Federal Rules of Evidence "if its

11  probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

12  issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

13  presentation of cumulative evidence."  FED. R. EVID. 403.  The Advisory Committee Notes to

14  Federal Rule of Evidence 403 make clear that "'[u]ndue prejudice' within [the context of Rule 403]

15  means an undue tendency to suggest decision on an improper basis…."  FED. R. EVID. 403 Advisory

16  Committee Notes to 1972 Proposed Rules.

17         The danger of unfair prejudice and confusion of the issues by the jury is clear.  There is a

18  great risk that the jury will engage in speculation as to the outcome of the future trials, which may

19  affect the determination of the outcome in the present trial.  Any attempt to mitigate this prejudice

20  would lead to litigation on collateral issues, confusion to the jury, and undue delay.  A mini-trial into

21  the details of infringement and damages theories regarding the unrelated patents in each subsequent

22  trial would consume a significant amount of time and would undoubtedly further confuse the jury.

23  The jury is already being faced with the daunting task of becoming acquainted with unfamiliar and

24  difficult technological terms and determining the validity of two different patents and infringement

25  of numerous accused products.  The parties should not needlessly interject four additional

26  technologies into this already complicated patent trial.  The liability and damages issues relating to

27  those technologies are scheduled to be tried separately — in separate trials to different juries — and

28  there is no reason that they should be vetted in front of this jury at this trial.

1         If this Court admits evidence of Lucent's damages claims in future trials, there is a substantial

2   risk that the jury will improperly reduce Lucent's damages award, if any, in the present case.[2]  The

3   law is clear that Lucent has a cause of action for *each act of infringement* and is entitled to receive

4   no less than a reasonable royalty for *each act of infringement* by Microsoft.  35 U.S.C. § 281

5   (stating that a patentee "shall have a remedy by civil action for infringement of his patent"); 35

6   U.S.C. § 284 (stating the patentee is entitled to "damages adequate to compensate for the

7   infringement, but in no event less than a reasonable royalty"); *Gen. Motors Corp. v. Devex Corp.*,

8   461 U.S. 648, 654-55 (1983) (recognizing that through enactment of 35 U.S.C. § 284 "Congress

9   sought to ensure that the patent owner would in fact receive full compensation for 'any damages' [the

10  patent owner] suffered as a result of the infringement"); *see also Applied Med. Res. Corp. v. U.S.*

11  *Surgical Corp.*, 435 F.3d 1356, 1362 (Fed. Cir. 2006) (finding that "[the patentee] is entitled to

12  prosecute and recover damages for each infringement under [28 U.S.C. § 271]").  Thus, any

13  reduction by the jury of the damages below the reasonable royalty for Microsoft's infringement

14  would be improper.

15  **IV.   CONCLUSION**

16        Because evidence and argument regarding future trials between Lucent and the Defendants

17  are inadmissible under Federal Rules of Evidence 402 and 403, Lucent requests that the Court grant

18  its motion *in limine* to exclude all such evidence and argument at trial.

19

20

21

22

---

23     [2] This risk of improper reduction of damages is the reason behind rules applied by some States

24  excluding evidence of "collateral sources."  S*ee e.g. Papadopoulos v. Fred Meyer Stores, Inc.*,
    No. C04-0102, 2006 WL 3249193, at *2 (W.D. Wash. Nov. 8, 2006)("the very essence of the

25  collateral source rule [of Washington State] requires exclusion of evidence of other money
    received by the claimant so the fact finder will not infer the claimant is receiving a windfall and

26  nullify the defendant's responsibility…. Thus, even when it is otherwise relevant, proof of such
    collateral payments is usually excluded, lest it be improperly used by the jury to reduce the

27  plaintiff's damage award…. In this respect, courts generally follow a policy of strict exclusion.")
    (internal citations omitted).

28

---

Lucent's Brief in Support of Its Motion *In Limine* No. 7 Regarding     4     Case Nos. 02-CV-2060-B (CAB)
Future Trials     Exhibit 7     03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)
Page 000067

| | |
|---|---|
| 1 | DATED: December 12, 2006 |

BY:_____ s/Alison P. Adema_____

John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Scott R. Samay (admitted *pro hac vice*)
Elizabeth T. Bernard (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212)446-4800
Facsimile: (212)446-4900

Alison P. Adema, SBN 149285
HAHN & ADEMA

Attorneys for Lucent Technologies Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lucent Technologies Inc. v. Gateway, Inc., et al.
Case No. 02-CV-2060 B (CAB)

PROOF OF SERVICE

I am a resident of the state of California over the age of eighteen years, and not a party to the within action.  My business address is Hahn & Adema, 501 West Broadway, Suite 1600, San Diego, California 92101-8474.

On December 12, 2006, I served the within documents:

1.  **LUCENT'S MOTION *IN LIMINE* NO. 7 TO PRECLUDE MICROSOFT FROM PRESENTING EVIDENCE AND ARGUMENT REGARDING FUTURE TRIALS**

X    by EFC, by causing a true and correct copy hereof to be transmitted to the parties listed above via the CASD ECF system as registered recipients as follows:

John E. Gartman
Christopher S. Marchese
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:     858-678-5070
Facsimile:     858-678-5099
marchese@fr.com
Attorneys for Microsoft Corp.

David J. Zubkoff
SELTZER, CAPLAN, MCMAHON & VITEK
750 "B" Street, Suite 2100
San Diego, CA  92101
Telephone:     619-685-3003
Facsimile:     619-702-6827
zubkoff@scmv.com
Attorneys for Gateway, Inc., et al.

Trial Counsel for Dell:
James S. Blackburn
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone:     213-243-4000
Facsimile:     213-243-4199
Email:          james_blackburn@aporter.com


     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.
     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m

X    by transmitting the document(s) listed above, received from CM/ECF, via electronic transmission to the addressee(s) as set forth below from electronic notification address sfrost@hahnadema.com.  The transmission was reported completed without error.

Lucent's Brief in Support of Its Motion *In Limine* No. 7 Regarding Future Trials

1

Exhibit 7
Page 000069

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB

1

Ali Sharifahmadian
Arnold & Porter LLP
555 Twelfth Street, N.W.

2

Washington, DC  20004-1206
Telephone:    202-942-6370

3

Facsimile:    202-942-5999
Ali_sharifahmadian@aporter.com

4

Attorneys for Dell Inc.

5

Trial Counsel for Dell:
Joel Freed

6

McDermott Will & Emery
600 13th Street, N.W.

7

Washington, DC  20005-3096
Tel:    202-756-8000

8

Fax:    202-756-8087
Email:        jfreed@mwe.com

9

10

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of

11

the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

12

13

     Executed on December 12, 2006, at San Diego, California.

14

     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

15

X    (Federal) I declare that I am employed in the office of a member of the bar of this court at

16

whose directions the service was made.

17

                       s/Susan Frost
                    Susan Frost

18

| X | All documents e-filed served | All pleadings filed or served were included in the email along with any exhibits. |
|---|---|---|

19

20

| | Main Pleading documents **(without exhibits)** | All main pleading documents were included in the email except for sealed exhibits.  Exhibits were over 50 pages long.  As per our service **agreement, a hard copy will follow via overnight mail.** |
|---|---|---|

21

22

23

24

25

26

27

28

---

Lucent's Brief in Support of Its Motion *In Limine* No. 7 Regarding
Future Trials

2

Exhibit 7
Page 000070

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB)