# SCHMIDT DECLARATION
# EXHIBIT 8

1  Jane Hahn, SBN 125203
   Alison P. Adema, SBN 149285
2  HAHN & ADEMA
   501 West Broadway, Suite 1730
3  San Diego, California 92101-3595
   Telephone: (619) 235-2100
4  Facsimile: (619) 235-2101

5  Attorneys for *Lucent Technologies Inc.*

6  *Additional counsel listed on the last page*

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LUCENT TECHNOLOGIES INC.,<br>12              Plaintiff,<br>         v.<br>13<br>   GATEWAY, INC., GATEWAY COUNTRY<br>14 STORES LLC, GATEWAY COMPANIES,<br>   INC., GATEWAY MANUFACTURING LLC<br>15 and COWABUNGA ENTERPRISES, INC.,<br>16              Defendants,<br>          and<br>17<br>   MICROSOFT CORPORATION,<br>18<br>              Intervener. | Case No. 02-CV-2060-B (WMc)<br>consolidated with<br>Case No. 03-CV-0699-B (WMc)<br>Case No. 03-CV-1108-B (WMc)<br><br>**LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY** |
| 19  MICROSOFT CORPORATION,<br>20<br>              Plaintiff,<br>21         v.<br>22  LUCENT TECHNOLOGIES INC.,<br>23              Defendant. | |
| 24  LUCENT TECHNOLOGIES INC.,<br>25              Plaintiff,<br>           v.<br>26<br>   DELL INC.,<br>27<br>              Defendant. | |

28

LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY           Case Nos. 02-CV-2060-B (WMc),
NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY              03-CV-0699-B (WMc), and 03-CV-1108-B (WMc)

Exhibit 8
Page 000071

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Lucent Technologies Inc. hereby supplements its responses to Interrogatory Nos. 1, 2, 7 and 8 from Microsoft, Dell, and Gateway. Lucent reserves the right to further supplement or amend these objections and responses to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**GENERAL OBJECTIONS**

Lucent incorporates by reference, to the extent applicable, its general objections to the First Set of Interrogatories from Microsoft, Dell, and Gateway, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Interrogatory No. 1:**

Explain in detail Lucent's factual bases for its claim of ownership of each of the Patents-In-Suit, including, for each of the Patents-In-Suit, a description of the entire chain of title and an identification of the dates and parties involved in any sale, assignment, transfer or license in the chain.

**Response to Interrogatory No. 1:**

Based on its investigations to date, and subject to and without waiver of any of its previously stated general and specific objections, Lucent supplements its response as follows: Lucent owns each of the patents-in-suit with the right to sue for past infringement. Pursuant to Federal Rule of Civil Procedure 33(d), documents demonstrating Lucent's ownership of each of the patents-in-suit and the chains of title leading to Lucent's ownership of each of the patents-in-suit, include Lucent business records and other documents bearing production numbers: LUC 012967–013701; LUC 028842–029146; and LUC 1081286–1083263.

**Interrogatory No. 2:**

Explain in detail the bases for Lucent's allegations that Microsoft and/or any Microsoft Customer is infringing or has infringed each of the Patents-In-Suit by: (i) as to each of the Patents-In-Suit, identifying on a claim-by-claim basis the Accused Products (including identifying any

LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY        2        Case Nos. 02-CV-2060-B (WMc), 03-CV-0699-B (WMc), and 03-CV-1108-B (WMc)

Exhibit 8
Page 000072

1  encoders, decoders, and/or codecs accused of infringement and including identifying any Standard(s)
2  that Lucent contends provide any support for any infringement allegation) and whether the purported
3  infringement is direct, contributory, or by inducement; (ii) providing a claim chart for each of the
4  Patents-In-Suit explaining on a claim-by-claim and limitation-by-limitation basis the factual bases
5  for Lucent's infringement allegations as to each Accused Product, including whether each limitation
6  is met literally or under the doctrine of equivalents; (iii) identifying the documents and things that
7  support or relate to Lucent's infringement allegations, including the allegations of direct,
8  contributory, or induced infringement, and describing how and where such documents support or
9  relate to Lucent's infringement allegations; (iv) as to each claimed element that Lucent alleges is met
10 under the doctrine of equivalents, explaining how substantially the same function is performed, in
11 substantially the same way, to achieve substantially the same result and the basis, if any, for
12 maintaining that there are "insubstantial differences"; (v) identifying the documents and things that
13 support or relate to Lucent's doctrine of equivalents allegations and how and where such documents
14 and things support or relate to Lucent's doctrine of equivalents allegations; (vi) as to each means
15 plus function element, specifying what in the Accused Product constitutes the corresponding
16 structure described in the specification or what in the Accused Product constitutes equivalents
17 thereof, along with the basis for asserting such equivalents; and (vii) identifying all the documents
18 and things that support or relate to Lucent's means plus function structure allegations and how and
19 where such documents and things support or relate to Lucent's means plus function structure
20 allegations.

**Response to Interrogatory No. 2:**

Based on its investigations to date, and subject to and without waiver of any of its previously stated general and specific objections, Lucent supplements its response as follows: Lucent identifies infringement by Microsoft in Attachment A, infringement by Gateway in Attachment B, and infringement by Dell in Attachment C. Lucent reserves the right to supplement or amend its response to this interrogatory following the Court's construction of the claims, as discovery and Lucent's investigation in this case proceed, and during the course of expert discovery.

LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY
NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY
3
Case Nos. 02-CV-2060-B (WMc),
03-CV-0699-B (WMc), and 03-CV-1108-B (WMc)

Exhibit 8
Page 000073

**Interrogatory No. 7:**

Identify and describe the circumstances of each instance in which Lucent has notified any person or entity of Lucent's rights under any of the Patents-In-Suit, offered a license under any claim of any of the Patents-In-Suit, entered into a license under any claim of any of the Patents-In-Suit, or threatened or instituted legal action based upon any of the Patents-In-Suit, including identifying for each such instance the person or entity, the patent claims, and the allegedly-infringing products involved, as well as all persons with knowledge of any of the foregoing (together with a summary of their knowledge) and the documents and things relating to any of the foregoing (specifying how and where such documents relate to any of the foregoing).

**Response to Interrogatory No. 7:**

Based on its investigations to date, and subject to and without waiver of any of its previously stated general and specific objections, Lucent supplements its response as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Lucent has produced and will produce documents in this action from which information responsive to this interrogatory may be derived. For example, Lucent has brought at least some of the patents-in-suit to the attention of third parties and licensed at least some of the patents-in-suit to third parties, such as the following: 3COM Corp.; 3dfx; A&E Television Networks; Accton; Acer Inc.; Activision, Inc.; ADC Telecommunications, Inc.; Adtran, Inc.; Advanced Fibre Communications; Allied Telesis K.K.; Amblin Entertainment, Inc.; AOL Time Warner Inc.; Apex Digital Inc.; Appeal Telecom Co., Ltd.; Apple Computer, Inc.; Arima Computer Corp.; Artisan Entertainment Co., Ltd.; Ascom Management AG; ASUSTek Computer Inc.; ATI Technologies, Inc.; BBC Worldwide Ltd.; BMG Entertainment; Broadcom Corp.; Casio Computer Co., Ltd.; Chuntex Electronic Co.; Cinram International Inc.; Compal Electronics, Inc.; Compaq Computer Corp.; Concerto Software Inc.; Convergent Networks; Creative Technology, Ltd. / Creative Labs, Inc.; CTX; D-Link Corp.; Deluxe Media Services, Inc.; Denso Corp.; Dialpad Communications, Inc.; Diamond Multimedia Systems, Inc.; Dolby Laboratories Inc.; DreamWorks LLC; E-RON Technologies Corp.; ECI Telecom Ltd.; Electronic Arts Inc.; Elitegroup Computer Systems Co., Ltd.; ELSA AG; eMachines; EMI Group, plc; Everex Systems, Inc.; Executone Information Systems; First International Computer, Inc.; Fujitsu Ltd.; General Instrument Corp.;

LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY    4    Case Nos. 02-CV-2060-B (WMc), 03-CV-0699-B (WMc), and 03-CV-1108-B (WMc)

Exhibit 8
Page 000074

Goodtimes Entertainment, Ltd.; GVC Corp.; Handspring, Inc.; Hanwha/Telecom; Hayes Microcomputer Products, Inc.; Hewlett-Packard Co.; Hop-On Wireless, Inc.; Hughes Network Systems; Hyundai Electronics Industries Co., Ltd.; Infodisc Technology Co., Ltd.; Intel Corp.; Inventec Corp.; IP Unity; Kenwood Corp.; KTF Technologies; Leo Systems, Inc.; LG Electronics, Inc.; LSI Logic Corp.; Lucas Film / Lucas Arts; Maxon Telecom Co., Ltd.; Memotec Communications; Metro-Goldwyn-Mayer Studios Inc.; Micron Electronics, Inc.; MiTAC International Corp.; Motorola, Inc.; Nan Tan Computer Co.; North Coast Entertainment; Northern Telecom Ltd.; Orient Power Holdings Ltd.; Pace Micro Technology plc; Palm Inc.; Pantech Co., Ltd.; Paramount Pictures Corp.; Pioneer Electronic Corp.; Psion plc; QUALCOMM Inc.; Quanta Computer Inc.; Richo Company, Ltd.; Roxio, Inc.; Sagam SA; Sampo Technology Corp.; Samsung Electronics; Santera Systems; Scientific Atlanta, Inc.; Sendo (UK); Sensory, Inc.; Sewon Telecom; SGS-Thomson Microelectronics; Sharp Corp.; Sigma Designs, Inc.; SK Teletech; SOMA Networks, Inc.; SONICblue, Inc.; Sonus Networks, Inc.; Sony Corp.; Sony Pictures Entertainment, Inc.; Standard Telecom Corp., Ltd.; Tadiran Telecommunications Ltd.; Take-Two Interactive Software, Inc.; Tandy Corp.; Tatung Co.; Tellabs Operations, Inc.; Telson Electronics; Telstrat; Teltrend Inc.; Telular Corp.; Terayon Networks; Thomson Multimedia S.A.; Toho International Co., Ltd.; Toshiba Corp.; TransNational Technologies Inc.; Twentieth Century Fox; Twinhead International Corp.; Uniden America Corp.; Universal Studios, Inc.; USA Films; UTStarcom, Inc.; Vianet; Vidsoft GmbH; Vivendi Universal Entertainment; VTEL Corp.; Walt Disney Co.; Warner Brothers; World Wrestling Entertainment; Yamaha Corp.; and Zetron Inc.

**Interrogatory No. 8:**

Describe in detail the basis for and amount of lost profits claimed (whether by lost sales, price erosion or otherwise) for any infringement charged in this action, including describing and providing data on which calculations are based and the method of calculation, identifying the documents supporting or relating to the calculations (specifying how and where such documents support or relate to the calculations), and identifying the persons who performed such calculations or

LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY       5       Case Nos. 02-CV-2060-B (WMc), 03-CV-0699-B (WMc), and 03-CV-1108-B (WMc)

Exhibit 8
Page 000075

who have knowledge upon which the calculations are based (together with a summary of their knowledge).

**Response to Interrogatory No. 8:**

      Based on its investigations to date, and subject to and without waiver of any of its previously stated general and specific objections, Lucent supplements its response as follows: Lucent does not contend that it is entitled damages based upon lost profits. Instead, Lucent seeks damages adequate to compensate for Gateway's, Dell's and Microsoft's infringement once the full extent of that infringement is known, and in any event, no less than a reasonable royalty, as provided for in 35 U.S.C. § 284. The "method" for calculating a reasonable royalty is well known in the case law, for example, *Georgia Pacific*. Lucent reserves the right to supplement or amend its response to this interrogatory as discovery and Lucent's investigation in this case proceed.

Dated: May 27, 2004

*Lucent Technologies Inc.*

By: /s/ Jon T. Hohenthaner
John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Jon T. Hohenthaner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jane Hahn, SBN 125203
Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1730
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for *Lucent Technologies Inc.*

LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY — 6 — Case Nos. 02-CV-2060-B (WMc), 03-CV-0699-B (WMc), and 03-CV-1108-B (WMc)

Exhibit 8
Page 000076

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2004, a copy of the foregoing LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY was served on counsel for Microsoft, Dell, and Gateway as follows:

**FEDERAL EXPRESS**

Christopher S. Marchese, Esq.
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone  858-678-5070
Facsimile  858-678-5099

Attorneys for *Microsoft Corp.*

**FEDERAL EXPRESS**

Sidney A. Rosenzweig, Esq.
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC  20004-1206
Telephone  202-942-5000
Facsimile  202-942-5999

Attorneys for *Dell Inc.*

**FEDERAL EXPRESS**

Keith P. Gray, Esq.
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California  94303
Telephone  650-685-3003
Facsimile  650-845-7333

Attorneys for *Gateway, Inc., et al.*

LUCENT'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1, 2, 7 AND 8 FROM MICROSOFT, DELL, AND GATEWAY
7
Case Nos. 02-CV-2060-B (WMc), 03-CV-0699-B (WMc), and 03-CV-1108-B (WMc)

Exhibit 8
Page 000077