# SCHMIDT DECLARATION
# EXHIBIT 9

1  Jane Hahn, SBN 125203
   Alison P. Adema, SBN 149285
2  HAHN & ADEMA
   501 West Broadway, Suite 1730
3  San Diego, California  92101-3595
   Telephone:  (619) 235-2100
4  Facsimile:  (619) 235-2101

5  Attorneys for *Lucent Technologies Inc.*

6  *Additional counsel listed on the last page*

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  LUCENT TECHNOLOGIES INC.,

12                    Plaintiff,
                v.
13                                                     Case No. 02-CV-2060 B (WMc)
                                                           consolidated with
14  GATEWAY, INC., GATEWAY COUNTRY              Case No. 03-CV-0699 B (WMc)
    STORES LLC, GATEWAY COMPANIES,             Case No. 03-CV-1108 B (WMc)
    INC., GATEWAY MANUFACTURING LLC
15  and COWABUNGA ENTERPRISES, INC.,

16                    Defendants,                **LUCENT'S SECOND SET OF**
                and                              **INTERROGATORIES TO**
17                                               **DELL (NOS. 22–23) IN CASE**
    MICROSOFT CORPORATION,                       **NO. 03-CV-1108 B (WMc)**
18
                    Intervener.
19
    MICROSOFT CORPORATION,
20
                    Plaintiff,
21              v.

22  LUCENT TECHNOLOGIES INC.,

23                    Defendant.

24  LUCENT TECHNOLOGIES INC.,

25                    Plaintiff,
                v.
26
    DELL INC.,
27
                    Defendant.
28

LUCENT'S SECOND SET OF INTERROGATORIES                              Case No. 03-CV-1108 B (WMc)
TO DELL (NOS. 22–23)

Exhibit 9
Page 000078

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Lucent Technologies

2    Inc. hereby requests that Dell Inc. answer the following interrogatories, in accordance with the

3    Definitions and Instructions below.  The requested answers must be provided within thirty (30) days

4    of the service of these interrogatories, or at such other time as may be mutually agreed upon in

5    writing by counsel for the parties.

6                              **DEFINITIONS AND INSTRUCTIONS**

7        1.    As used herein, "Lucent" means Lucent Technologies Inc. and all its predecessors

8    (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, partnerships and affiliates

9    thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their

10   behalf.

11       2.    As used herein, "Dell" means Dell Inc. and all its predecessors (merged, acquired, or

12   otherwise), successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all

13   directors, officers, agents, employees, attorneys and other persons acting on their behalf.

14       3.    As used herein, "Asserted Patents" means all patents asserted by Lucent against Dell

15   in Case No. 03-CV-1108 B (WMc), including without limitation:  (a) U.S. Patent No. 4,383,272;

16   (b) U.S. Patent No. 4,958,226; (c) U.S. Patent No. 5,227,878; (d) U.S. Patent No. 4,701,954; (e) U.S.

17   Patent No. 4,910,781; (f) U.S. Patent No. 4,617,676; (g) U.S. Patent No. 4,439,759; (h) U.S. Patent

18   No. 5,649,131; (i) U.S. Patent No. 4,317,956; (j) U.S. Patent No. 4,763,356; (k) U.S. Patent

19   No. 5,347,295; and (l) U.S. Patent No. 4,582,956.

20       4.    As used herein, "Asserted Claims" means all patent claims asserted by Lucent against

21   Dell in Case No. 03-CV-1108 B (WMc), including without limitation:

22       (a)    U.S. Patent No. 4,383,272, claims 13 and 22;

23       (b)    U.S. Patent No. 4,958,226, claim 12;

24       (c)    U.S. Patent No. 5,227,878, claims 13 and 15;

25       (d)    U.S. Patent No. 4,701,954, claims 1, 2 and 6;

26       (e)    U.S. Patent No. 4,910,781, claims 1–3 and 8–10;

27       (f)    U.S. Patent No. 4,617,676, claims 1, 7, 12 and 18;

28       (g)    U.S. Patent No. 4,439,759, claims 1–4;

1    (h)    U.S. Patent No. 5,649,131, claims 1–7, 9 and 10;

2    (i)    U.S. Patent No. 4,317,956, claims 1, 3, 5, 15, 17, 18 and 21;

3    (j)    U.S. Patent No. 4,763,356, claims 1, 2, 4, 6, 7, 10–13, 15, 16, 19 and 21;

4    (k)    U.S. Patent No. 5,347,295, claims 1, 3, 4, 6, 12, 39–41, 43 and 46; and

5    (l)    U.S. Patent No. 4,582,956, claims 1, 4–6, 9 and 15–19.

6    5.    As used herein, "Dell Accused Product" means any product or method made, used,

7    sold, offered for sale, imported, licensed, distributed, or otherwise disposed of by or for Dell, that

8    Lucent accuses at any time during this litigation of infringing any of the Asserted Claims directly

9    (either literally or under the doctrine of equivalents) or indirectly (either by inducement or

10    contributory infringement), including without limitation each product that Lucent identifies at any

11    time in this litigation in response to Defendants' Interrogatory Nos. 2 and/or 3.

12    6.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so

13    as to acquire the broadest meaning possible.

14    7.    As used herein, "any" and "all" shall each be construed to mean "each and every," so

15    as to acquire the broadest meaning possible.

16    8.    As used herein, "include" and "including" shall be construed to mean "without

17    limitation," so as to acquire the broadest meaning possible.

18    9.    The singular and masculine form of a noun or pronoun shall embrace, and shall be

19    read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

20    10.    As used herein, "document" has the same broad meaning as in Rule 34 of the Federal

21    Rules of Civil Procedure.  The term "document" also encompasses tangible things.

22    11.    As used herein, "person" means any natural person or any business, legal or

23    governmental entity or association.

24    12.    As used herein, the term "Identify" as applied to a document means that the following

25    information shall be provided:

26    (a)    the date appearing on the document, and if no date appears thereon, the answer shall

27    so state and shall give the date or approximate date such document was prepared;

28

(b)     the identifying or descriptive code number, file number, title or label of such document;

(c)     the general nature or description of such document (i.e., whether it is a letter, memorandum, drawing, etc.) and the number of pages of which it consists;

(d)     the name of the person who signed such document, and if it was not signed, the answer shall so state and shall give the name of each person who prepared it;

(e)     the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent;

(f)     the name of the person having possession, custody or control of such document;

(g)     whether or not any draft, copy or reproduction of such document contains any postscript, notation, change, or addendum not appearing on the original of said document, and if so, the answer shall give the description as herein defined of each such draft, copy, or reproduction;

(h)     if any such document was but is no longer in Dell's possession or subject to its control, state what disposition was made of it and when;

(i)     if any such document is claimed to be privileged, state the basis on which the claim of privilege is asserted and describe the subject matter covered in the document;

(j)     if any such document is presently located in the hands of legal counsel, the term "Identify" additionally means to state the location of the document immediately prior to its coming into the hands of legal counsel and to identify the person who had prior custody of the document; and

(k)     with respect to a legal opinion or legal advice, "Identify" also means to specify the date on which the opinion or legal advice was sought and the identity of each person who requested the opinion or legal advice.

13.     As used herein, the term "Identify" as applied to factual or legal bases means to state in detail each and every fact, and each and every legal proposition or interpretation, upon which a

1  belief or contention is based, and identify all documents, persons and events that support that belief

2  or contention.

3         14.    As used herein, the term "Identify" as applied to a person means to state the person's

4  full name, present or last known address and telephone number, and, when referring to a natural

5  person, the person's present or last known employer or business affiliation, present or last known

6  business address and telephone number, and position or job description.

7         15.    As used herein, the term "Identify" as applied to an event means to provide a

8  description of the event, the date of the event, the location of the event, and the individual and

9  organizational entities participating in the event.

10         16.    As used herein, the term "Identify" as applied to a product means to state the product

11  name, product type, product number (for those products with product numbers), model number (for

12  those products with model numbers), marketing name, sales name, internal development name,

13  revision level (for those products with revision levels), manufacturer, and any other designation

14  known to Dell, and the total number of the product:  (i) made by or for Dell in the United States on a

15  month-by-month basis; (ii) sold or licensed by or for Dell in the United States on a month-by-month

16  basis; and (iii) imported by or for Dell into the United States on a month-by-month basis.

17         17.    As used herein, "relating" to any given subject means, without limitation, identifying,

18  describing, discussing, concerning, assessing, stating, reflecting, constituting, containing,

19  embodying, tending to support or refute, or referring directly or indirectly to, in any way, the

20  particular subject matter identified.

21         18.    If Dell elects to avail itself of the procedure authorized by Rule 33(d) for answering

22  interrogatories, Lucent requests that for each interrogatory so answered, Dell specify the particular

23  documents (by production number) relating to the subject matter of that interrogatory, and the author

24  and the date of preparation of each such document if such information is not apparent or is

25  incorrectly or incompletely disclosed on the face of the document(s).

26         19.    The interrogatories herein shall be deemed continuing, and it is requested that

27  supplemental responses and production be provided as additional information or documents become

28  available, in accordance with Federal Rule of Civil Procedure 26(e).

1

2                                   **<u>INTERROGATORIES</u>**

3   **<u>INTERROGATORY NO. 22:</u>**

4          For each Asserted Claim of each Asserted Patent, Identify all factual and legal bases for

5   Dell's contention that each Dell Accused Product does not infringe such claim directly (either

6   literally or under the doctrine of equivalents) or indirectly (either by inducement or contributory

7   infringement).

8

9   **<u>INTERROGATORY NO. 23:</u>**

10         For each Asserted Claim of each Asserted Patent, Identify all factual and legal bases for

11  Dell's contention that it does not willfully infringe and has not willfully infringed such claim,

12  including without limitation, an identification and description of how and when Dell first became

13  aware of each such Asserted Patent.

14

15  Dated: May 21, 2004                              *Lucent Technologies Inc.*

16

17                                        By:  _____

18                                             John M. Desmarais (admitted *pro hac vice*)
                                             Robert A. Appleby (admitted *pro hac vice*)
                                             Jon T. Hohenthaner (admitted *pro hac vice*)
19                                           KIRKLAND & ELLIS LLP
                                             153 East 53rd Street
20                                           New York, New York  10022
                                             Telephone:  (212) 446-4800
21                                           Facsimile:  (212) 446-4900

22                                           Jane Hahn, SBN 125203
                                             Alison P. Adema, SBN 149285
23                                           HAHN & ADEMA
                                             501 West Broadway, Suite 1730
24                                           San Diego, California  92101-3595
                                             Telephone:  (619) 235-2100
25                                           Facsimile:  (619) 235-2101

26                                           Attorneys for *Lucent Technologies Inc.*

27

28

---

LUCENT'S SECOND SET OF INTERROGATORIES             6                    Case No. 03-CV-1108 B (WMc)
TO DELL (NOS. 22–23)

Exhibit 9
Page 000083

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2004, a copy of the foregoing LUCENT'S SECOND SET OF INTERROGATORIES TO DELL (NOS. 22–23) IN CASE NO. 03-CV-1108 B (WMc) was served on counsel for Gateway, Microsoft and Dell as follows:

**FIRST CLASS MAIL**
John E. Gartman
Christopher S. Marchese
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone 858-678-5070
Facsimile 858-678-5099

**EMAIL**
marchese@fr.com

Attorneys for *Microsoft Corp.*

**FIRST CLASS MAIL**
Ronald L. Johnston
James S. Blackburn
ARNOLD & PORTER
1900 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Telephone 310-552-2500
Facsimile 310-552-1191

**EMAIL**
joel_freed@aporter.com
sidney_rosenzweig@aporter.com

Attorneys for *Dell Inc.*

**FIRST CLASS MAIL**
David J. Zubkoff
SELTZER, CAPLAN, MCMAHON & VITEK
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone 619-685-3003
Facsimile 619-702-6827

**EMAIL**
bfarney@deweyballantine.com
jbaker@deweyballantine.com

Attorneys for *Gateway, Inc., et al.*

LUCENT'S SECOND SET OF INTERROGATORIES
TO DELL (NOS. 22–23)

7

Case No. 03-CV-1108 B (WMc)

Exhibit 9
Page 000084