# SCHMIDT DECLARATION EXHIBIT 12

1  James S. Blackburn (State Bar No. 169134)
   ARNOLD & PORTER LLP
2  777 South Figueroa Street, 44th Floor
   Los Angeles, California 90017-5844
3  Telephone: (213) 243-4000
   Facsimile: (213) 243-4199
4
5  Joseph A. Micallef (admitted *pro hac vice*)
   ARNOLD & PORTER LLP
   555 Twelfth Street, N.W.
6  Washington, D.C. 20004-1206
   Telephone: (202) 942-5000
7  Facsimile: (202) 942-5999

8  Joel M. Freed (admitted *pro hac vice*)
   McDERMOTT WILL & EMERY LLP
9  600 13th Street, N.W.
   Washington, D.C. 20005-3096
10 Telephone: (202) 756-8000
   Facsimile: (202) 756-8087
11
   Attorneys for *Dell Inc.*
12

13                    UNITED STATES DISTRICT COURT

14                   SOUTHERN DISTRICT OF CALIFORNIA

15

16 | LUCENT TECHNOLOGIES INC. and | Case No. 07-CV-2000-H (CAB) |
17 | MULTIMEDIA PATENT TRUST, | consisting of matters severed from consolidated cases: |
   | Plaintiffs and Counterclaim-defendants, | Case No. 02-CV-2060-B (CAB) |
18 | | Case No. 03-CV-0699-B (CAB) |
   | v. | Case No. 03-CV-1108-B (CAB) |
19 | | |
20 | GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **DELL'S EIGHTH SUPPLEMENTAL RESPONSE TO LUCENT'S FIRST SET OF INTERROGATORIES (NOS. 1-21)** |
21 | | |
22 | | |
   | Defendants and Counter-claimants, | |
23 | | |
   | and | |
24 | | |
   | MICROSOFT CORPORATION, | |
25 | | |
   | Intervener and Counter-claimant, | |
26

27

28

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000142

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, |
| 2 |     Plaintiff and Counter-defendant, |
| 3 | v. |
| 4 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 5 | |
| 6 |     Defendants and Counter-claimants, |
| 7 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 8 | |
| 9 |     Plaintiffs and Counterclaim-defendants, |
| 10 | v. |
| 11 | DELL INC., |
| 12 |     Defendant and Counter-claimant. |
| 13 | |
| ... | |
| 28 | |

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000143

Dell Inc. ("Dell") hereby responds to the First Set of Interrogatories to Dell (the "Interrogatories") by Lucent Technologies Inc. ("Lucent") as follows:

## GENERAL STATEMENTS

A.    Dell incorporates by reference each and every General Objection set forth below into each and every specific response. From time to time a specific response may restate a General Objection for emphasis or some other reason. The failure to include any General Objection in any specific response shall not constitute a waiver of any General Objection to that request.

B.    No incidental or implied admissions are intended by the responses herein. The fact that Dell has answered or objected to any interrogatory should not be taken as an admission that Dell accepts or admits the existence of any "fact" set forth or assumed by such interrogatory. The fact that Dell has answered part of any interrogatory is not intended to be, and shall not be construed to be a waiver by Dell of any part of any objection to the interrogatory.

C.    These responses are made solely for the purpose of this action. Each response is subject to objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein or any document produced were made by, a witness presented and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial. By responding to Lucent's Interrogatories, Dell does not waive any objection that may be applicable to: (1) the use, for any purpose, by Lucent of any information or documents given in response to Lucent's Interrogatories; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or other documents to any issue in the case. Dell expressly reserves the right to object to the use of these responses, the subject matter contained herein, or documents produced in connection herewith during any subsequent proceeding, including the trial of this or any other action.

D.    Dell has not completed its investigation of all of the facts relating to this case, has not completed its discovery in this action, and has not completed its preparation for trial. The answers given herein to the Interrogatories are without prejudice to Dell's rights to produce

- 1 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000144

evidence of any additional facts. Dell's responses to Lucent's Interrogatories are made based on Dell's present information and belief predicated upon information and writings presently available to and located by Dell and its attorneys. Discovery has just begun and Dell's investigation is ongoing; and these responses are subject to supplementation and amendment should future investigation indicate that to be appropriate. Dell also reserves the right to produce or use any documents produced and/or discovered after service of this response in support of or in opposition to any motion, in depositions, or at trial.

E.   By stating that it will produce or provide responsive documents or information, Dell makes no representation that any such documents or information exist.

## GENERAL OBJECTIONS

A.   Dell objects to each of the Interrogatories seeking confidential, trade secret, or proprietary business, technical, marketing, or financial information, or any other confidential information prior to the entry of an appropriate protective order. Dell will disclose confidential information only after the entry of an appropriate protective order sufficient to guarantee the confidentiality of all such information.

B.   Dell objects to each of the Interrogatories seeking information covered by the attorney-client privilege, work-product doctrine, and the protection of trial preparation materials under Fed.R.Civ.P. 26(b)(3), or otherwise covered by any other applicable privilege, immunity, or other protection. Except for items Dell may from time to time decide to include, Dell will not log protected items in connection with or in relation to the subject of this litigation dated subsequent to its commencement. This includes confidential communications seeking or providing legal advice between Dell (or its agents) and attorneys (or their agents) representing Microsoft or Gateway (or their agents) or their attorneys (or their agents) on or after June 6, 2002, in connection with investigating Lucent's allegations in this action.

C.   Dell objects to each of the Interrogatories seeking information that is already in Lucent's possession, is a matter of public record, or is otherwise equally available to Lucent.

- 2 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000145

D.   Dell objects to each of the Interrogatories seeking discovery whose benefit is outweighed by burden and expense taking into account the needs of the case and the other factors set out under Fed.R.Civ.P. 26(b)(2).

E.   Dell objects to each of the Interrogatories seeking through Definitions and Instructions to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of California, applicable court orders, or stipulations or agreements of the parties.

F.   Dell objects to each of the Interrogatories seeking information and/or the production of documents that Dell is under an obligation to any third-party not to disclose, including information or documents that would require breach of a contract, protective order, settlement, or other duty to maintain confidentiality.

G.   Dell objects to each of the Interrogatories seeking the same information or documents: (1) requested by one or more of Lucent's other Interrogatories or any document request served by Lucent at any time in this case, including Lucent's First Set of Document Requests; or (2) otherwise produced in Dell's Rule 26(a)(1) Initial Disclosures. Dell will provide information or documents only once, regardless of the number of Interrogatories or document requests to which the same may be responsive.

H.   Dell objects to each of the Interrogatories seeking to discover whether Lucent has a cause of action, or otherwise seeking information not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to, information beyond the relevant temporal and/or geographic scope of this matter.

I.   Dell objects to the Interrogatories as exceeding the permissible number, including all parts and subparts, and objects to each of the Interrogatories that is compound, or includes the use of discrete subparts, in violation of Fed.R.Civ.P. 33.

J.   Dell objects to each of the Interrogatories that improperly or prematurely seek positions for which the timing is determined by the joint pre-trial order, and/or positions that in light of Fed.R.Civ.P. 26(b)(4) improperly or prematurely seek expert opinions at this early stage of litigation.

- 3 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000146

K. Dell objects to each of the Interrogatories that purports to attribute any special or unusual meaning to any technical terms or phrases.

L. Dell objects to each of the Interrogatories that calls for information or for the production of documents and/or things that are not within Dell's possession, custody, control, or calls for Dell to prepare documents and/or things that do not exist.

M. Dell objects to each of the Interrogatories that use "relating to," "related to," or "relates to," as well as Lucent's definition of these terms, in a manner that renders the interrogatory overly broad, oppressive, unduly burdensome, vague, ambiguous, or requires Dell to engage in speculation.

N. Dell objects to the definition of "Lucent" as overly broad and unduly burdensome. Dell further objects to this definition to the extent it presumes that Dell has knowledge of each of the persons or entities within the scope of this definition.

O. Dell objects to the definition of "Dell" as overly broad and unduly burdensome. Dell further objects to this definition to the extent that it purports to require disclosure of information beyond Dell's possession, custody, or control.

P. Consistent with Fed.R.Civ.P. 33(d), Dell objects to providing responses to Interrogatories where the information can be derived from documents that are being produced, and where the burden to derive such information is substantially the same for Lucent as it is for Dell.

Q. Dell objects to the definition of "Asserted Claims" on the grounds that the phrase "asserted at any time" renders the definition vague, ambiguous, overly broad, and unduly burdensome.

R. Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

S. Dell objects to each of the Interrogatories, and to the accompanying Definitions and Instructions contained in the Interrogatories, that purport to alter the plain meaning and/or scope of any specific Interrogatory and thereby render such Interrogatory vague, ambiguous, overly broad, and uncertain.

- 4 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000147

T.   Dell objects to each of the Interrogatories that purport to rely on definitions of accused products (including, but not necessarily limited to, Definitions 3 through 15 in Lucent's Interrogatories) but fail to identify specific products and/or product features accused of infringement, thereby constituting vague, ambiguous, overly broad, oppressive, and unduly burdensome inquiries which seek information that is not relevant and not likely to lead to the discovery of admissible evidence.

U.   Dell objects to each of the Interrogatories to the extent it seeks legal conclusions or presents questions of pure law.

## SPECIFIC RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Asserted Claim of each Asserted Patent, Identify all factual and legal bases for Dell's contention that such claim is invalid, including without limitation, a specific identification of all Prior Art and/or combinations of Prior Art upon which Dell relies, and a description in claim chart form on an element-by-element basis of how such Prior Art and/or combinations of Prior Art support such contention.

**FIFTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Dell incorporates by reference each and every one of its General Statements and General Objections in its March 29, 2004 response to Lucent's First Set of Interrogatories as well as its Specific Objections to Interrogatory No. 1. Without waiving these objections, Dell incorporates and supplements its prior responses as follows:

**U.S. Patent No. 4,439,759 (Fleming)**

The Fleming '759 patent is invalid under 35 U.S.C. § 102(f) and/or 102(f)/103 because the persons named on the face of the patent did not invent the subject matter claimed in the Fleming '759 patent and/or the subject matter claimed in the Fleming '759 patent is obvious in view of subject matter presented to the persons named on the face of the Fleming '759 patent. Specifically, Lucent has produced no evidence to show that the purported inventions claimed in the Fleming '759 patent were conceived prior to April 14, 1981. *See* Supplemental Expert Report of Dr. Robert G. Wedig on the Invalidity of U.S. Patent Number 4,439,759 ("Wedig Report") at 32-36.

- 5 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000148

Douglas O'Brien, one of the principal developers of the Canadian Telidon videotex system, testified that in the 1979-1980 timeframe he had numerous meetings with the persons named on the face of the Fleming '759 patent and others to discuss a joint approach to a videotex system. O'Brien Depo. Tr. at 208:24 - 211:18. Mr. O'Brien testified that he worked with William Frezza and others to develop the May 1981 AT&T "Videotex Standard: Presentation Level Protocol" document ("PLP document.") O'Brien Depo. Tr. at 285:24 - 286:19; OBR008841-954. According to Lucent, the PLP document describes the videotex system claimed by the Fleming '759 patent. Mr. O'Brien further testified that during those meetings to develop the PLP document, he "argued strongly for the capability of direct color" and that "direct color capability was to me very important." O'Brien Depo. Tr. at 316:18 - 318:18; 325:21 - 326:15. AT&T's PLP document disclosed a SET COLOR command for performing direct color specification, and Mr. O'Brien testified that the SET COLOR command was "bit identical with the control value command in the Telidon 699 spec." O'Brien Depo. Tr. at 318:1-18. Claims 1-3 of the Fleming '759 patent all require a mode of access where color data values are directly specified, and Mr. O'Brien contributed this aspect to the asserted claims.

The Fleming Patent is invalid because all of the true inventors of the alleged inventions claimed therein are not named. Specifically, although the Fleming Patent named James R. Fleming, William A. Frezza, and Gerald S. Soloway as the inventors, Douglas O'Brien should also have been named. Therefore, because all of the true inventors were not named, Claims 1-3 are invalid under 35 U.S.C. § 102(f).

The Fleming Patent is also invalid because those inventors who are named are not the proper inventors. Specifically, because James R. Fleming, William A. Frezza, and Gerald S. Soloway are not the proper inventors of the alleged invention in Claims 1-3 of the Fleming Patent, these claims are invalid under 35 U.S.C. § 102(f). Furthermore, the omission of Douglas O'Brien as a named inventor was done with deceptive intent. The omission of Mr. O'Brien as an inventor was done with the intent to name only alleged inventors working at Bell Laboratories, Inc., despite whatever other inventive contributions to the Asserted Claims may have been made by others. Therefore, there can be no validating correction of inventorship under 35 U.S.C. § 256.

- 6 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000149

In addition, Dell hereby incorporates all of the reasons that the Fleming '759 patent is invalid as stated in both the opening and reply briefs in the motion for summary judgment of invalidity of the asserted claims of the Fleming '759 patent (the opening brief for which was filed by Dell on November 30, 2007 in this action), as well as all of the reasons that the Fleming '759 patent is invalid as stated in both the opening and reply briefs in the motion for summary judgment of the invalidity of the asserted claims of the Fleming '759 patent filed by Gateway (the opening brief for which was filed by Gateway on November 30, 2007 in this action).

**INTERROGATORY NO. 2:**

For each Asserted Patent that Dell contends is unenforceable, Identify all factual and legal bases for Dell's contention that such patent is unenforceable.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Dell incorporates by reference each and every one of its General Statements and General Objections in its March 29, 2004 response to Lucent's First Set of Interrogatories as well as its Specific Objections to Interrogatory No. 2. Without waiving these objections, Dell incorporates and supplements its prior responses as follows:

**U.S. Patent No. 4,439,759 (Fleming)**

As stated above in Dell's Fifth Supplemental Response to Interrogatory No. 1, Douglas O'Brien is at least a joint inventor of the alleged invention described in the asserted claims. By virtue of his inventorship, Mr. O'Brien is presumptively a joint owner of the Fleming '759 patent. Because this ownership has not been assigned or otherwise transferred to Lucent, Lucent lacks standing to enforce the Fleming '759 patent as a sole plaintiff because of its lack of complete ownership of the Fleming '759 patent. *See, e.g.,* 35 U.S.C. §§ 261, 262. Furthermore, because all of the owners of the Fleming '759 patent are not joined as plaintiffs in this suit, this Court lacks jurisdiction to hear Lucent's suit to enforce the Fleming '759 patent.

The Fleming '759 patent is also unenforceable due to the inequitable conduct of James R. Fleming, William A. Frezza, and/or Gerald S. Soloway. Specifically, none of the named inventors disclosed to the United States Patent and Trademark Office that claims 1-3 of the Fleming '759 patent were at least partially derived from Mr. O'Brien. This constituted a failure to disclose

- 7 -

Exhibit 12
Page 000150

1  material information to the PTO and was done with deceptive intent. In addition, the Fleming '759
2  patent is unenforceable due to Mr. Fleming, Mr. Frezza and/or Mr. Soloway's failure to disclose
3  that Mr. O'Brien was at least a joint inventor of the alleged invention claimed in Claims 1-3 of the
4  Fleming '759 patent. This failure to disclose was also material and was with deceptive intent.
5      In addition, Dell hereby incorporates all of the reasons that the Fleming '759 patent is
6  unenforceable as stated in the report entitled "Supplemental Expert Report of the Honorable Gerald
7  J. Mossinghoff on U.S. Patent No. 4,439,759 Granted to Fleming et al." and dated October 26,
8  2007.

**INTERROGATORY NO. 6:**

    For each Asserted Patent, Identify all factual and legal bases for Dell's defense that "Lucent's claims for relief are barred by the doctrines of waiver, laches, implied license, and/or exhaustion," asserted in Dell's Second Amended Answer and Counterclaims in Case No. 03-CV-1108 B (LSP), ¶ 109 (including any subsequent amendments thereto).

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

    Dell incorporates by reference each and every one of its General Statements and General Objections in its March 29, 2004 response to Lucent's First Set of Interrogatories as well as its Specific Objections to Interrogatory No. 6. Without waiving these objections, Dell incorporates and supplements its prior responses as follows:

**U.S. Patent No. 4,439,759 (Fleming)**

    Lucent's damages claims relating to the Fleming '759 patent are additionally limited by the doctrine of laches, as follows. In addition to otherwise materially prejudicing Dell, Lucent's delay in bringing suit on the Fleming '759 patent has also economically prejudiced Dell. Substantially all of the Microsoft GDIs and/or APIs accused of infringement were incorporated at least into Windows 3.0 in 1990. Because Lucent did not divulge until many years after it filed this action that Microsoft GDIs and/or APIs provide a basis for its infringement contentions, Lucent's delay is upwards of sixteen years after the introduction of Microsoft Windows 3.0. Had Lucent promptly informed Dell of the alleged infringement by Microsoft's GDIs and/or APIs, inexpensive

///

- 8 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000151

modifications to Microsoft's software to avoid any alleged infringement would have inured to the benefit of Dell. Lucent's unreasonable delay in failing to notify Dell of its purported infringement is the basis for Lucent's claim of vastly increased damages, resulting in economic prejudice to Dell.

Dated: December 21, 2007

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef
John L. Newby II

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By: _____
John L. Newby II
john.newby@aporter.com
Attorneys for Dell Inc.

- 9 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

Exhibit 12
Page 000152