# SCHMIDT DECLARATION

# EXHIBIT 13

1 | Ronald L. Johnston (State Bar No. 57418)
James S. Blackburn (State Bar No. 169134)
2 | ARNOLD & PORTER LLP
1900 Avenue of the Stars, 17th Floor
3 | Los Angeles, California 90067-4408
Telephone: (310) 552-2500
4 | Facsimile: (310) 552-1191

5 | Joel M. Freed
Joseph A. Micallef
6 | Sidney A. Rosenzweig
ARNOLD & PORTER LLP
7 | 555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
8 | Telephone: (202) 942-5000
Facsimile: (202) 942-5999

9 |

10 | Attorneys for *Dell Inc.*

11 | **UNITED STATES DISTRICT COURT**

12 | **SOUTHERN DISTRICT OF CALIFORNIA**

13 |

14 | LUCENT TECHNOLOGIES INC.,    )    Case No. 03-CV-1108 B (LAB)
                                )
15 |                            )
                    Plaintiffs,  )    Master Case No.
16 |     v.                      )    02-CV-2060 B (LAB)
                                )
17 | DELL COMPUTER CORPORATION    )    [Consolidated with Case Nos.
                                )    02-CV-2060 B (LAB) and
18 |              Defendants,     )    CV-0699 B (LAB)]
     and                         )
19 |                             )    **DELL'S FIFTH SUPPLEMENTAL**
     MICROSOFT CORPORATION,       )    **RESPONSE TO LUCENT'S**
20 |                             )    **FIRST SET OF INTERROGATORIES**
                  Intervenor.     )    **(NOS. 1-21)**
21 |                             )
                                )
22 |                             )
                                )
23 |                             )
                                )
24 | _____ )

25 |          Dell Inc. ("Dell") hereby responds to the First Set of Interrogatories to Dell (the

26 | "Interrogatories") by Lucent Technologies, Inc. ("Lucent") as follows:

27 |

28 |

Exhibit 13
Page 000153

## GENERAL STATEMENTS

A.     Dell incorporates by reference each and every General Objection set forth below into each and every specific response.  From time to time a specific response may restate a General Objection for emphasis or some other reason.  The failure to include any General Objection in any specific response shall not constitute a waiver of any General Objection to that request.

B.     No incidental or implied admissions are intended by the responses herein. The fact that Dell has answered or objected to any interrogatory should not be taken as an admission that Dell accepts or admits the existence of any "fact" set forth or assumed by such interrogatory.  The fact that Dell has answered part of any interrogatory is not intended to be, and shall not be construed to be a waiver by Dell of any part of any objection to the interrogatory.

C.     These responses are made solely for the purpose of this action.  Each response is subject to objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein or any document produced were made by, a witness presented and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.  By responding to Lucent's Interrogatories, Dell does not waive any objection that may be applicable to: (1) the use, for any purpose, by Lucent of any information or documents given in response to Lucent's Interrogatories; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or other documents to any issue in the case.  Dell expressly reserves the right to object to the use of these responses, the subject matter contained herein, or documents produced in connection herewith during any subsequent proceeding, including the trial of this or any other action.

D.     Dell has not completed its investigation of all of the facts relating to this case, has not completed its discovery in this action, and has not completed its preparation for trial.  The answers given herein to the Interrogatories are without prejudice to Dell's rights to produce evidence of any additional facts.  Dell's responses to Lucent's Interrogatories are made based on

- 2 -

Exhibit 13
Page 000154

Dell's present information and belief predicated upon information and writings presently available to and located by Dell and its attorneys. Discovery has just begun and Dell's investigation is ongoing; and these responses are subject to supplementation and amendment should future investigation indicate that to be appropriate. Dell also reserves the right to produce or use any documents produced and/or discovered after service of this response in support of or in opposition to any motion, in depositions, or at trial.

E.       By stating that it will produce or provide responsive documents or information, Dell makes no representation that any such documents or information exist.

## GENERAL OBJECTIONS

A.       Dell objects to each of the Interrogatories seeking confidential, trade secret, or proprietary business, technical, marketing, or financial information, or any other confidential information prior to the entry of an appropriate protective order. Dell will disclose confidential information only after the entry of an appropriate protective order sufficient to guarantee the confidentiality of all such information.

B.       Dell objects to each of the Interrogatories seeking information covered by the attorney-client privilege, work-product doctrine, and the protection of trial preparation materials under Fed.R.Civ.P. 26(b)(3), or otherwise covered by any other applicable privilege, immunity, or other protection. Except for items Dell may from time to time decide to include, Dell will not log protected items in connection with or in relation to the subject of this litigation dated subsequent to its commencement. This includes confidential communications seeking or providing legal advice between Dell (or its agents) and attorneys (or their agents) representing Microsoft or Gateway (or their agents) or their attorneys (or their agents) on or after June 6, 2002, in connection with investigating Lucent's allegations in this action.

C.       Dell objects to each of the Interrogatories seeking information that is already in Lucent's possession, is a matter of public record, or is otherwise equally available to Lucent.

- 3 -

Exhibit 13
Page 000155

D.      Dell objects to each of the Interrogatories seeking discovery whose benefit is outweighed by burden and expense taking into account the needs of the case and the other factors set out under Fed.R.Civ.P. 26(b)(2).

E.      Dell objects to each of the Interrogatories seeking through Definitions and Instructions to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of California, applicable court orders, or stipulations or agreements of the parties.

F.      Dell objects to each of the Interrogatories seeking information and/or the production of documents that Dell is under an obligation to any third-party not to disclose, including information or documents that would require breach of a contract, protective order, settlement, or other duty to maintain confidentiality.

G.      Dell objects to each of the Interrogatories seeking the same information or documents: (1) requested by one or more of Lucent's other Interrogatories or any document request served by Lucent at any time in this case, including Lucent's First Set of Document Requests; or (2) otherwise produced in Dell's Rule 26(a)(1) Initial Disclosures.  Dell will provide information or documents only once, regardless of the number of Interrogatories or document requests to which the same may be responsive.

H.      Dell objects to each of the Interrogatories seeking to discover whether Lucent has a cause of action, or otherwise seeking information not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to, information beyond the relevant temporal and/or geographic scope of this matter.

I.      Dell objects to the Interrogatories as exceeding the permissible number, including all parts and subparts, and objects to each of the Interrogatories that is compound, or includes the use of discrete subparts, in violation of Fed.R.Civ.P. 33.

J.      Dell objects to each of the Interrogatories that improperly or prematurely seek positions for which the timing is determined by the joint pre-trial order, and/or positions that in light

- 4 -

Exhibit 13
Page 000156

1    of Fed.R.Civ.P. 26(b)(4) improperly or prematurely seek expert opinions at this early stage of

2    litigation.

3        K.    Dell objects to each of the Interrogatories that purports to attribute any special or

4    unusual meaning to any technical terms or phrases.

5        L.    Dell objects to each of the Interrogatories that calls for information or for the

6    production of documents and/or things that are not within Dell's possession, custody,  control, or

7    calls for Dell to prepare documents and/or things that do not exist.

8        M.    Dell objects to each of the Interrogatories that use "relating to," "related to," or

9    "relates to," as well as Lucent's definition of these terms, in a manner that renders the interrogatory

10    overly broad, oppressive, unduly burdensome, vague, ambiguous, or requires Dell to engage in

11    speculation.

12        N.    Dell objects to the definition of "Lucent" as overly broad and unduly burdensome.

13    Dell further objects to this definition to the extent it presumes that Dell has knowledge of each of

14    the persons or entities within the scope of this definition.

15        O.    Dell objects to the definition of "Dell" as overly broad and unduly burdensome.  Dell

16    further objects to this definition to the extent that it purports to require disclosure of information

17    beyond Dell's possession, custody, or control.

18        P.    Consistent with Fed.R.Civ.P. 33(d), Dell objects to providing responses to

19    Interrogatories where the information can be derived from documents that are being produced, and

20    where the burden to derive such information is substantially the same for Lucent as it is for Dell.

21        Q.    Dell objects to the definition of "Asserted Claims" on the grounds that the phrase

22    "asserted at any time" renders the definition vague, ambiguous, overly broad, and unduly

23    burdensome.

24        R.    Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

25    Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

26        S.    Dell objects to each of the Interrogatories, and to the accompanying Definitions and

27    Instructions contained in the Interrogatories, that purport to alter the plain meaning and/or scope of

28                                                            - 5 -

Exhibit 13
Page 000157

1   any specific Interrogatory and thereby render such Interrogatory vague, ambiguous, overly broad,
2   and uncertain.

3       T.      Dell objects to each of the Interrogatories that purport to rely on definitions of
4   accused products (including, but not necessarily limited to, Definitions 3 through 15 in Lucent's
5   Interrogatories) but fail to identify specific products and/or product features accused of
6   infringement, thereby constituting vague, ambiguous, overly broad, oppressive, and unduly
7   burdensome inquiries which seek information that is not relevant and not likely to lead to the
8   discovery of admissible evidence.

9       U.      Dell objects to each of the Interrogatories to the extent it seeks legal conclusions or
10  presents questions of pure law.

11              **SPECIFIC RESPONSES TO INTERROGATORIES**
12  **INTERROGATORY NO. 1:**

13      For each Asserted Claim of each Asserted Patent, identify all factual and legal bases for
14  Dell's contention that such claim is invalid, including without limitation, a specific identification of
15  all Prior Art and/or combinations of Prior Art upon which Dell relies, and a description in claim
16  chart form on an element-by-element basis of how such Prior Art and/or combinations of Prior Art
17  support such contention.

18      **RESPONSE TO INTERROGATORY NO. 1:**

19      See **GENERAL STATEMENTS and GENERAL OBJECTIONS** above.  Dell hereby
20  incorporates by reference each and every one of its General Objections and further objects on the
21  specific grounds set forth below.

22      Dell objects to this Interrogatory to the extent it seeks information and/or the production of
23  documents that Dell is under an obligation to third parties not to disclose.

24      Dell objects to this Interrogatory to the extent it seeks information protected from disclosure
25  by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,
26  or protection.

27
28                                      - 6 -

Exhibit 13
Page 000158

1    Dell further objects that this Interrogatory is compound and contains multiple subparts that

2  should count towards the total number of Interrogatories allowed under the Federal Rules of Civil

3  Procedure.

4    Dell objects to each Interrogatory to the extent it seeks confidential, trade secret, or

5  proprietary business, technical, marketing, or financial information, or any other confidential

6  information prior to the entry of an appropriate protective order.  Dell will disclose confidential

7  information only after the entry of an appropriate protective order sufficient to guarantee the

8  confidentiality of all such information.

9    Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

10 Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

11   Dell objects to this Interrogatory on the ground that the phrase "contention that each such

12 patent is invalid" renders the request vague, ambiguous, overly broad, oppressive, and unduly

13 burdensome.

14   Dell objects to this Interrogatory on the ground that the phrase "identification of all Prior Art

15 and/or combinations or Prior Art" renders the request vague, ambiguous, overly broad, oppressive,

16 and unduly burdensome.

17   Dell objects to this Interrogatory on the ground that the request that Dell "identify all factual

18 and legal bases for Dell's contention that such claim is invalid," is premature and overly broad,

19 oppressive, and unduly burdensome at this early stage of litigation.  Lucent has not yet provided an

20 adequate explanation for its assertions regarding whether and how any Dell products meet the

21 precise limitations of any of the specific claims of the asserted patents.  Instead, Lucent has done

22 nothing more than state, without explanation, that products or "standards" include the language

23 recited in some of the claims of the Asserted Patents.  Lucent also has failed to identify or provide

24 all of the documents and other information that would support such infringement assertions.  As the

25 party asserting infringement in this action, Lucent has the responsibility of explaining its

26 infringement contentions with specificity before Dell must explain its invalidity and/or

27 unenforceability contentions.  Furthermore, the Court has not yet construed the claims of all of the

28

- 7 -

Exhibit 13
Page 000159

Asserted Patents.  Until Lucent provides a specific, detailed explanation of why it believes any specific Dell product infringes any specific claim of any Asserted Patent under Lucent's proposed claim construction, this Interrogatory is premature, overly broad, unfair, oppressive, and unduly burdensome.

Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, and unduly burdensome to the extent it requests a description "in claim chart form on an element-by-element basis of how such Prior Art and/or combinations of Prior Art support such contention."

Dell objects to this Interrogatory on the ground that the request that Dell identify all factual and legal bases for Dell's contention that for each asserted claim for each asserted patent is premature and overly broad, oppressive, and unduly burdensome at this early stage of litigation.

Dell objects to this Interrogatory on the ground that the request that Dell identify all factual and legal basis for Dell's contention that for each asserted claim for each asserted patent is invalid seeks legal conclusions or presents questions of pure law.

Subject to and without waiving the foregoing General Objections and specific objections, and to the extent Dell understands this Interrogatory, Dell responds that a list of patents and publications pertinent to Dell's invalidity contentions for the Asserted Patents are attached as exhibits to the responses of Microsoft and Gateway to Lucent's interrogatories, filed concurrently herewith, which Dell incorporates here as if set forth fully herein.

Subject to and without waiving the foregoing General Objections and specific objections, and to the extent Dell understands this Interrogatory, Dell responds that U.S. Patent 4,383,272 ("the '272 patent") is invalid for failing, in various ways, to comply with one or more provisions of the Patent Laws, 35 U.S.C § 101 *et seq*. (including without limitation 35 U.S.C §§ 102, 103, and/or 112).  For example, given Lucent's apparent assertions relating to the MPEG-1 and MPEG-2 standards (assuming *arguendo* that a claim construction is adopted supporting these assertions), the specification of the '272 patent does not teach those skilled in the art how to make and use the full scope of the alleged invention without undue experimentation.

- 8 -

Exhibit 13
Page 000160

1    Subject to and without waiving the foregoing General Objections and specific objections,

2    and to the extent Dell understands this interrogatory, Dell responds that U.S. Patent 4,958,226 ("the

3    '226 patent") is invalid for failing, in various ways, to comply with one or more provisions of the

4    Patent Laws, 35 U.S.C § 101 *et seq.* (including without limitation 35 U.S.C §§ 102, 103, and/or

5    112). For example, claim 12 is indefinite because the '226 patent fails to disclose adequate

6    corresponding structure. Given Lucent's apparent accusations relating to the MPEG-1 and MPEG-2

7    standards, claim 12 is indefinite because inadequate corresponding structure is disclosed for

8    implementing those standards.

9    Subject to and without waiving the foregoing General Objections and specific objections,

10    and to the extent Dell understands this Interrogatory, Dell responds that U.S. Patent 5,227,878 ("the

11    '878 patent") is invalid for failing, in various ways, to comply with one or more provisions of the

12    Patent Laws, 35 U.S.C § 101 *et seq.* (including without limitation 35 U.S.C §§ 102, 103, and/or

13    112). For example, as set forth in Microsoft's Motion for Partial Summary Judgment relating to

14    this patent, claims 13-17 are invalid under § 112, paragraph 2 because the alleged invention set

15    forth in those claims is not what the patentees/applicants regarded as their invention.

16    Subject to and without waiving the foregoing General Objections and specific objections,

17    and to the extent Dell understands this interrogatory, Dell further responds that the '781 patent is

18    invalid for failing, in various ways, to comply with one or more provisions of 35 U.S.C § 112. For

19    example, the '781 patent refers in its specification to a "Microfiche Appendix A" (col. 13:1-6) that

20    is evidently missing from the '781 patent and its publicly available prosecution history.

21    Subject to and without waiving the foregoing General Objections and specific objections,

22    and to the extent Dell understands this Interrogatory, Dell further responds that the '954 patent is

23    invalid for failing, in various ways, to comply with one or more provisions of 35 U.S.C § 112. For

24    example, certain equations included in the specification of the '954 patent do not describe the

25    claimed invention, and would not enable one of skill in the art to practice the claimed invention.

26

27

28

- 9 -

Exhibit 13
Page 000161

1    To the extent that Microsoft identifies additional factual and legal bases in its own response

2    to Lucent's, first set of interrogatories, filed concurrently herewith, for contending that each

3    Asserted Claim of each Asserted Patent.

4    Discovery and Dell's investigation are ongoing.  Moreover, the Court has not yet finished

5    construing the terms of the asserted patent claims.  Dell therefore reserves the right to supplement or

6    amend this response as discovery and claim construction in this matter progress, should future

7    investigation indicate that supplementation or amendment is necessary.

8    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

9    Dell further responds that claim 12 of the '226 patent is invalid for failure to disclose the

10   best mode contemplated by the inventors of carrying out the claimed invention.  Specifically, the

11   inventors concealed the best method known to them to quantize the "codes that describe deviations

12   from approximated blocks and codes that describe deviations from interpolated blocks".

13   Dell also responds that claim 12 of the '226 patent is invalid as anticipated by U.S. Patent

14   No. 4,858,005 to Lodge, or at the least rendered obvious thereby in view of Mr. Haskell's textbook,

15   *Digital Pictures, Representation and Compression*, and many other references suggesting the use of

16   any distinctions between Lodge and the claim that Lucent may seek to draw.  Claim 12 of the '226

17   patent is also rendered obvious by U.S. Patent No. 4,717,422 to Hinman in view of Mr. Haskell's

18   textbook, *Digital Pictures, Representation and Compression*, and many other references suggesting

19   the desirability of employing interpolation error in video coding methods.

20   Dell also responds that the claims of U.S. Patent No. 4,439,759 to Fleming et al are invalid

21   in view of U.S. Patent No. 4,213,189 to Mueller, U.S. Patent No. 4,296,476 to Mayer, the Atari

22   400/800 and "Raster Graphics Extensions to the Graphics Compatibility System (GCS)" by Foley *et*

23   *al.,* "Color Map Techniques" by Sloan and Brown, the SuperPaint system developed at the Xerox

24   Palo Alto Research Center, the IKONAS 3000 computer system,

25   Dell also responds that the asserted claims of U.S. Patent No. 4,582,956 to Doughty are

26   invalid, if Lucent is correct in its infringement assertions, over Frank (DT 25 38 820) in view of

27   U.S.Patent No. 4,289,931 to Baker.

28

- 10 -

Exhibit 13
Page 000162

1    To the extent that Microsoft or Gateway have identified or identify in the future in their own

2    responses to Lucent's discovery any additional factual and legal bases for contending that any

3    Asserted Claim of an Asserted Patent is invalid, in chart form or otherwise, Dell hereby

4    incorporates in their entirety those bases.

5    **INTERROGATORY NO. 2:**

6    For each Asserted Patent that Dell contends is unenforceable, identify all factual and legal

7    bases for Dell's contention that such patent is unenforceable.

8    **RESPONSE TO INTERROGATORY NO. 2:**

9    See **GENERAL STATEMENTS and GENERAL OBJECTIONS** above.  Dell hereby

10   incorporates by reference each and every one of its General Objections and further objects on the

11   specific grounds set forth below.

12   Dell objects to this Interrogatory to the extent it seeks information and/or the production of

13   documents that Dell is under an obligation to third parties not to disclose.

14   Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

15   by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

16   or protection.

17   Dell further objects that this Interrogatory is compound and contains multiple subparts that

18   should count towards the total number of Interrogatories allowed under the Federal Rules of Civil

19   Procedure.

20   Dell objects to this Interrogatory on the ground that the phrase "contention that each such

21   patent is unenforceable" renders the request vague, ambiguous, overly broad, oppressive, and

22   unduly burdensome.

23   Dell objects to this Interrogatory on the ground that the request that Dell identify all factual

24   and legal bases for Dell's contention that each asserted patent is unenforceable is premature and

25   overly broad, oppressive, and unduly burdensome at this early stage of litigation.

26

27

28

- 11 -

Exhibit 13
Page 000163

1    Dell objects to this Interrogatory on the ground that the request that Dell identify all factual

2 and legal basis for Dell's contention that such patent is unenforceable seeks legal conclusions or

3 presents questions of pure law.

4    Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

5 Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

6    Subject to and without waiving the foregoing General Objections and specific objections,

7 and to the extent Dell understands this Interrogatory, Dell responds that the patents in suit are

8 unenforceable because of Lucent's unclean hands in the assertion of the patents in suit without a

9 proper good-faith bases for alleging infringement, namely, asserting infringement without an

10 appropriate analysis of what is accused of infringement, including but not limited to, what is

11 required under 35 U.S.C. § 112, ¶ 6, the instance of prosecution history disclaimer set forth in

12 Dell's, Gateway's and Microsoft's claim construction briefs and charts, and:

13    a)    asserting the Fleming '759 patent without proper regard for whether what is accused

14 invokes the disclosed or similar algorithms, selects modes of access as required, or specifies colors

15 in use as required;

16    b)    asserting the Ketchum '781 patent without proper regard for whether the accused

17 methods search a group of candidate sets of excitation information by repeating, upon searching, a

18 portion so that each of the group has the same number of samples as the present frame;

19    c)    asserting the Haskell '226 patent without proper regard for the order of frames in

20 what is accused and the patent's requirement for successive frames, or for the presence in what is

21 accused of the disclosed or similar circuitry based on the same set of prediction and interpolation

22 motion vectors;

23    d)    asserting the Puri '878 patent without proper regard for whether the accused products

24 selectively and adaptively decode fields and frames of B pictures, and based on a claim in the issued

25 patent that fails to set forth what applicants regarded as the invention, and for which no certificate

26 of correction had been obtained;

27

28

- 12 -

Exhibit 13
Page 000164

   
e)      asserting the Agulnick '295 patent without proper regard for whether the accused products employ an active stylus or define termination of a gesture by sensing the stylus moving of proximity;

f)      asserting the Ackerman '131 patent without proper regard for the patent procurement history which explains that in the claimed invention, the host communicates information directly to a terminal and not to something which retransmits the information to the terminal;

g)      asserting the Torok '956 patent without proper regard for the cursor display mechanism in what is accused or whether the cursor is displayed only as long as activity at the sending end continues;

h)      asserting the Netravali '272 patent without proper regard for whether what is accused involves a smart decoder that selects related locations, selects them as a function of the displacement D, and selects them under the assumption of simple uniform translation;

i)      asserting the Doughty '956 patent without proper regard for the patent procurement history which explains that a signal containing countable zeros or ones is a modulated signal, not an unmodulated signal, the latter being one in which it is impossible to identify individual ones and zeros or any other intelligence;

j)      asserting the Jayant '676 patent without proper regard for the patent procurement history which explains that a speech representative signal is modified rather than some form of excitation coding and that the speech representative signal produced by the decoder is filtered responsive to the number of bits in each digital code received from a transmission channel of the communication system;

k)      asserting the Atal '954 patent without proper regard for whether what is accused eliminates the pitch dependence of the multiphase signal or forms the required signal $z(n)$ that corresponds to the contribution of the preceding iteration excitation pulse sequence;

l)      asserting the Day '356 patent without proper regard for the presence in what is accused of the disclosed or similar tool storage and display mechanisms, and whether what is

- 13 -

Exhibit 13
Page 000165

1    accused invokes concurrently displayed, predefined tools that specifically facilitate inputting of

2    information called for by fields as required; and

3        m)    doing all of the foregoing for the purpose of extracting payment from Dell regardless

4    of the propriety of the basis for seeking such payment, and when Lucent knew or should have

5    known that a proper good faith basis for alleging infringement required otherwise.

6        Subject to and without waiver of the foregoing general and specific objections, and to the

7    extent Dell understands this Interrogatory, Dell further responds as follows:

8    **Doughty '956 patent**

9        The claims of the Doughty '956 patent are unenforceable as a result of the inequitable

10   conduct of the applicant, her attorneys and/or agents in the prosecution of the Doughty '956 patent.

11   The inequitable conduct comprised intentional misrepresentations and omissions including, without

12   limitation, the following:  (a) The sworn statement executed by the applicant on or about July 12,

13   1983, that stated in pertinent part that:  "I believe I am an original, first and joint inventor of the

14   subject matter which is claimed and for which a patent is sought on the invention entitled Method

15   and Apparatus for Displaying at a Selected Station Special Service During a Silent Interval Between

16   Ringing the specification of which is attached hereto. . . I acknowledge the duty to disclose

17   information which is material to the examination of this application in accordance with Title 37,

18   Code of Federal Regulations, 1.56(a)."  (b) During the reexamination of the Doughty '956 patent,

19   the examiner cited a publication entitled "AT&T Practice Standard Publication," dated January

20   1979.  In spite of the fact that the inventor had been employed by AT&T throughout the prosecution

21   of the patent, she did not cite this AT&T publication during the initial prosecution of the Doughty

22   '956 patent.

23   **Fleming '759 patent**

24       The claims of the Fleming '759 patent are unenforceable as a result of the inequitable

25   conduct of the applicants, their attorneys and/or agents in the prosecution of the Fleming '759

26   patent.  The inequitable conduct comprised intentional misrepresentations and omissions including,

27   without limitation, the following:  (a) The sworn statements signed by the applicants on or about

28                                      - 14 -

Exhibit 13
Page 000166

May 18 and May 19, 1981, that stated in pertinent part that: "I am the original, first and sole inventor . . . or a joint inventor . . . of the invention entitled Terminal Independent Color Memory For A Digital Image Display System described and claimed in the attached specification; I do not know and do not believe the same was ever known or used in the United States of America before my or our invention thereof, patented or described in any printed publication in any country before my or our invention thereof or more than one year prior to this application; to the best of my knowledge and belief the same was not in public use or on sale in the United States of America more than one year prior to this application; . . . I acknowledge my duty to disclose information of which I am aware which is material to the examination of this application. . . ." (b) In August 1979, the Graphics Standards Planning Committee of the Association for Computer Machinery published a report entitled "Status Report of the Graphics Standards Planning Committee" in Computer Graphics, Vol. 13, No. 3 (August 1979). The applicants were aware of this report and cited this report as a reference in, at least, a Bell Laboratories technical memorandum titled "Videotex Standard Presentation Level Protocol" dated June 11, 1981. This report was highly material to the examination of the Fleming '759 patent and thus, was required to be disclosed during the prosecution under 37 C.F.R. 1.56. Nonetheless, the applicants did not disclose the report during the prosecution of the Fleming '759 patent.

**Netravali '272 patent**

The claims of the Netravali '272 patent are unenforceable as a result of the inequitable conduct of the applicants, their attorneys and/or agents in the prosecution of the Netravali '272 patent. The inequitable conduct comprised intentional misrepresentations and omissions including, without limitation, the following: (a) The sworn statements signed by the applicants on or about April 2 and April 3, 1981, that stated in pertinent part that: "I am the original, first and sole inventor . . . or a joint inventor . . . of the invention entitled Video Signal Interpolation Using Motion Estimation described and claimed in the attached specification; I do not know and do not believe the same was ever known or used in the United States of America before my or our invention thereof or more than one year prior to this application; to the best of my knowledge and

- 15 -

Exhibit 13
Page 000167

1 belief the same was not in public use or on sale in the United States of America more than one year

2 prior to this application; . . . I acknowledge my duty to disclose information of which I am aware

3 which is material to the examination of this application. . . ."  (b) On May 11, 1979, Arun N.

4 Netravali, one of the named inventors on the Netravali '272 patent, submitted an article entitled

5 "Picture Coding: A Review" for publication in the PROCEEDINGS OF THE IEEE, Vol. 68, No.3,

6 p. 366.  The article was published in March 1980.  The article was highly material to the

7 examination of the Netravali '272 patent and thus, was required to be disclosed during the

8 prosecution under 37 C.F.R. 1.56.  Nonetheless, the article was not disclosed during the prosecution

9 of the Netravali '272 patent, in spite of the fact that Netravali, himself, authored the article.

10 **Haskell '226 patent**

11      The claims of the Haskell '226 patent are unenforceable as a result of the inequitable

12 conduct of the applicants, their attorneys and/or agents in the prosecution of the Haskell '226 patent.

13 The inequitable conduct comprised intentional misrepresentations and omissions including, without

14 limitation, the following:  (a) The sworn statement signed by the applicants on or about September

15 25, 1989, which stated in pertinent part:  "I believe I am an original, first and joint inventor of the

16 subject matter which is claimed and for which a patent is sought on the invention entitled

17 Conditional Motion Compensated Interpolation of Digital Motion Video the specification of which

18 is attached hereto . . . I acknowledge the duty to disclose information which is material to the

19 examination of this application in accordance with Title 37, Code of Federal Regulations, 1.56(a)."

20 (b) Barry G. Haskell, one of the named inventors on the Haskell '226 patent, and Arun N. Netravali

21 were the co-authors of a book entitled DIGITAL PICTURES:  REPRESENTATION AND

22 COMPRESSION, which was published more than one year prior to the date of the application for

23 the Haskell '226 patent.  DIGITAL PICTURES:  REPRESENTATION AND COMPRESSION was

24 highly material to the examination of the Haskell '226 patent, and thus was required to be disclosed

25 during prosecution under 37 C.F.R. 1.56.  Nevertheless, the inventors failed to cite this material

26 reference during the examination of the Haskell '226 patent.

27

28

- 16 -

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S FIFTH SUPPLEMENTAL RESPONSE TO LUCENT'S FIRST SET OF INTERROGATORIES

Exhibit 13
Page 000168

1    To the extent that Microsoft identifies additional factual and legal bases in its own response

2  to Lucent's, first set of interrogatories, filed concurrently herewith, for contending that each

3  Asserted Claim of each Asserted Patent.

4    Dell reserves the right to supplement or amend this response as discovery in this matter

5  progresses, should future investigation indicate that supplementation or amendment is necessary.

6    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

7    Dell further responds that the '272 patent is unenforceable for the further reason that the

8  inventors and their agents intentionally withheld from the Examiner Haskell, et al,, "Interframe

9  Coding of Videotelephone Pictures," Proc. IEEE 60, No. 7 (July 1972).  This paper was highly

10  material, as it anticipates at least claim 13 of the '272 patent, contradicts the arguments made by the

11  inventors to overcome a prior art rejection and concepts from one part of the paper - though not the

12  anticipating part - were described in the '272 patent as prior art but without attribution to the paper.

13  Indeed, the paper was never provided or disclosed to the Examiner.  Moreover, the inventors of the

14  '272 patent were well aware of this paper and of its materiality.  The intentional selection of the

15  least pertinent information from that reference, while withholding the anticipating material, along

16  with the failure to advance any explanation for withholding this highly material reference, further

17  coupled with the significant evidence of materiality, knowledge and knowledge of materiality,

18  demonstrates an intent to deceive the Patent Office on behalf of the inventors and their agents.

19    Similarly, the inventors and their agents also intentionally withheld from the Examiner D.

20  Gabor and P.C.J. Hill. "Television Band Compression By Contour Interpolation," Proc. Inst., Elec.,

21  Eng., Vol. 108B, pp. 303-313, May 1961.  This paper was also highly material because it anticipates

22  at least claim 13 of the '272 patent and contradicts the arguments made by the inventors to

23  overcome a prior art rejection.  Mr. Netravali, at least, was well aware of this paper and of its

24  materiality, specifically selecting the most material portion to describe in his 1979 "Picture Coding"

25  paper as an example of interpolative coding used to estimate dropped fields based on motion.  The

26  failure to advance any explanation for withholding this highly material reference coupled with the

27

28

- 17 -

Exhibit 13
Page 000169

1  significant evidence of materiality, knowledge and knowledge of materiality demonstrates an intent

2  to deceive the Patent Office on behalf of the inventors and their agents.

3       The Doughty patent is also unenforceable for the further reason that the patentee and its

4  agents made misleading statements concerning the commercial use of caller ID in that they withheld

5  from the Examiner the fact that the commercially exploited version of caller ID was materially

6  different from the techniques disclosed in the Doughty patent, particularly with respect to the

7  unmodulated signal.  Since patentee's argument in reexamination revolved principally around the

8  "unmodulated signal", and patentee knew no such signal was being used commercially and that the

9  signal used commercially in fact included a countable number of zeroes and ones and was

10  demodulated to derive a certain pattern of bits, patentee's failure to disclose these facts while

11  claiming to the Examiner that the system disclosed in the patent was used commercially, along with

12  Lucent's failure to explain why such information was withheld from the Examiner, evidences an

13  intent to deceive the PTO.

14       To the extent that Microsoft or Gateway have identified or identify in the future in their own

15  responses to Lucent's discovery any additional factual and legal bases for contending that any

16  Asserted Patent is unenforceable, Dell hereby incorporates in their entirety those bases.

17

18  **INTERROGATORY NO. 3:**

19       For each Asserted Patent, identify all factual and legal bases for Dell's defense that "Lucent

20  is estopped from maintaining claims of patent infringement of the patents in suit against Dell, and is

21  estopped from claiming any construction of the patents is suit which would cover Dell's products or

22  activity," asserted in Dell's Second Amended Answer and Counterclaims in Case No. 03-CV-1108

23  B (LSP), ¶ 106 (including any subsequent amendments thereto).

24       **RESPONSE TO INTERROGATORY NO. 3:**

25       See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

26  incorporates by reference each and every one of its General Objections and further objects on the

27  specific grounds set forth below.

28                               - 18 -

Exhibit 13
Page 000170

1   Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

2   proprietary business, technical, marketing, or financial information, or any other confidential

3   information prior to the entry of an appropriate protective order.  Dell will disclose confidential

4   information only after the entry of an appropriate protective order sufficient to guarantee the

5   confidentiality of all such information.

6   Dell objects to this Interrogatory to the extent it seeks information and/or the production of

7   documents that Dell is under an obligation to third parties not to disclose.

8   Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

9   by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

10   or protection.

11   Dell objects to each Interrogatory to the extent it seeks confidential, trade secret, or

12   proprietary business, technical, marketing, or financial information, or any other confidential

13   information prior to the entry of an appropriate protective order.  Dell will disclose confidential

14   information only after the entry of an appropriate protective order sufficient to guarantee the

15   confidentiality of all such information.

16   Dell objects to this Interrogatory on the ground that the request that Dell "identify all factual

17   and legal bases for Dell's defense," including is premature and overly broad, oppressive, and unduly

18   burdensome at this early stage of discovery.

19   Dell objects to this Interrogatory on the ground that the request that Dell "identify all factual

20   and legal bases for Dell's defense that 'Lucent is estopped from maintaining claims of patent

21   infringement of the patent in suit against Dell, and is estopped from claiming any construction of

22   the patents is [sic] suit which would cover Dell's products or activity'" seeks legal conclusions or

23   presents questions of pure law.

24   As the party asserting infringement, Lucent has the responsibility of explaining its

25   infringement and willful infringement contentions with specificity before Dell must explain its

26   estoppel contentions. Until Lucent provides a specific, detailed explanation of why it believes any

27

28

- 19 -

Exhibit 13
Page 000171

1   specific Dell product infringes any specific patent claim, this Interrogatory is premature, overly

2   broad, unfair, oppressive and unduly burdensome.

3       Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

4   Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

5       Subject to and without waiving objections, and reserving the right to alter or amend, Dell

6   further responds that the first mentioned estoppel is based on Lucent having caused Dell to

7   reasonably infer that Lucent did not intend to enforce the patents-in-suit against Dell based on

8   Lucent's misleading actions and Dell's reliance upon these actions to its detriment.  Dell's allegedly

9   infringing products and actions have been well known in the computer industry for many years.

10  Lucent has in the past accused Dell of infringement and was aware of Dell's belief that it was not

11  infringing Lucent's patents.  Yet, Lucent failed to take action against Dell and also failed

12  appropriately articulate how the asserted claims of the patents-in-suit were purportedly being read

13  on Dell's products.  During this period of inaction, and in response to Lucent's misleading conduct,

14  Dell continued to make ongoing investments in its businesses to facilitate the release of new and

15  improved products into the market place.

16      The second mentioned estoppel is based on representations made in the patent specifications

17  and during the prosecution of the patents in the U.S. Patent and Trademark Office.  These instances

18  of estoppel are set forth in Dell's, Gateway's, and Microsoft's claim construction briefs and charts.

19      Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

20  therefore reserves the right to supplement or amend this response as discovery in this matter

21  progresses, should future investigation indicate that supplementation or amendment is necessary.

22  **<u>INTERROGATORY NO. 4</u>:**

23      For each Asserted Patent, Identify all factual and legal bases for Dell's defense that

24  "[c]laims by Lucent for damages for past infringement are barred by laches and by 35 U.S.C.

25  Sections 286 and 287," asserted in Dell's Second Amended Answer and Counterclaims in Case No.

26  03-CV-1108 B (LSP), ¶ 107 (including any subsequent amendments thereto).

27

28                                      - 20 -

Exhibit 13
Page 000172

1    **RESPONSE TO INTERROGATORY NO. 4:**

2    See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above. Dell hereby

3    incorporates by reference each and every one of its General Objections and further objects on the

4    specific grounds set forth below.

5    Dell objects to this Interrogatory to the extent it seeks information and/or the production of

6    documents that Dell is under an obligation to third parties not to disclose.

7    Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

8    by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

9    or protection.

10    Dell objects that this Interrogatory is compound and contains multiple subparts that should

11    count towards the total number of Interrogatories allowed under the Federal Rules of Civil

12    Procedure.

13    Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

14    proprietary business, technical, marketing, or financial information, or any other confidential

15    information prior to the entry of an appropriate protective order. Dell will disclose confidential

16    information only after the entry of an appropriate protective order sufficient to guarantee the

17    confidentiality of all such information.

18    Dell objects to this Interrogatory on the ground that the request that Dell "identify all factual

19    and legal bases for Dell's defense that '[c]laims by Lucent … are barred by laches and 35 U.S.C.

20    Sections 286 and 287,'" seeks legal conclusions or presents questions of pure law.

21    Dell objects to this Interrogatory on the ground that the request that Dell identify all factual

22    and legal bases for Dell's defense that "[c]laims by Lucent for damages for past infringement are

23    barred by laches and by 35 U.S.C. Sections 286 and 287" is premature and overly broad,

24    oppressive, and unduly burdensome at this early stage of litigation.

25    Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

26    Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

27

28

- 21 -

Exhibit 13
Page 000173

1    Subject to and without waiving objections, and reserving the right to alter or amend, Dell

2    further responds that Lucent delayed filing suit for an unreasonable and inexcusable length of time

3    from the time that it first knew or reasonably should have known of its claim against Dell, and the

4    delay has prejudiced Dell.  In this regard, Lucent knew or should have known of Dell's allegedly

5    infringing products and actions, as they have been well-known in the computer industry for many

6    years.  Dell has been and continues to be prejudiced by Lucent's unreasonable and inexcusable

7    delay in that Dell continues to make ongoing investments in its businesses to facilitate the release of

8    new and improved products into the market place.

9    Subject to and without waiver of the foregoing general and specific objections, and to the

10   extent Dell understands this Interrogatory, Dell further responds as follows:

11   **Fleming '759 patent**

12   Lucent's damages claims related to the Fleming '759 patent are limited by the doctrine of

13   laches.  Although the VGA standard was introduced by IBM in 1987, and the VBE standard was

14   promulgated throughout the computer industry by at least October 1991, Lucent delayed until June

15   2002, eleven years later, when the technology had already become widely adopted, before filing its

16   complaint for patent infringement accusing Gateway of infringing the Fleming '759 patent by

17   following the VGA and VBE standards.

18   Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

19   therefore reserves the right to supplement or amend this response as discovery in this matter

20   progresses, should future investigation indicate that supplementation or amendment is necessary.

21   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

22   Dell further responds that recovery of pre-suit damages for any infringement of the Netravali

23   and Haskell patents is also barred by laches, as Dell was openly selling computer systems

24   employing MPEG decoding functionality in the 1996 time frame (Dell notes that the ambiguous and

25   objected-to question at Kokkosoulis Depo Transcript page 135, along with the answer thereto, is not

26   inconsistent with this fact), MPEG was an open and notorious standard that both Lucent and the

27   inventors of the Haskell and Netravali patents were quite familiar with.  Yet, Lucent delayed

28

- 22 -

Exhibit 13
Page 000174

1   unreasonable amount period of time from when it knew, or should have known, of Dell's allegedly

2   infringing conduct.

3          Lucent's delay in bringing suit on Fleming, Haskell and Netravali has materially prejudiced

4   Dell, at least by making it more difficult to defend against Lucent's allegations due to faded

5   memories, lost documents, and un-findable, mortally ill or dead witnesses.

6   **INTERROGATORY NO. 5:**

7          For each Asserted Patent, Identify all factual and legal bases for Dell's defense that "[t]he

8   patents in suit are unenforceable because of Lucent's unclean hands in the assertion of the patents in

9   suit without a proper good-faith basis for alleging infringement, namely, asserting infringement

10  without an appropriate analysis of what is accused of infringement . . . ," asserted in Dell's Second

11  Amended Answer and Counterclaims in Case No. 03-CV-1108 B (LSP), ¶ 108 (including any

12  subsequent amendments thereto).

13         **RESPONSE TO INTERROGATORY NO. 5:**

14         See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

15  incorporates by reference each and every one of its General Objections and further objects on the

16  specific grounds set forth below.

17         Dell objects to this Interrogatory to the extent it seeks information and/or the production of

18  documents that Dell is under an obligation to third parties not to disclose.

19         Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

20  by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

21  or protection.

22         Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

23  proprietary business, technical, marketing, or financial information, or any other confidential

24  information prior to the entry of an appropriate protective order.  Dell will disclose confidential

25  information only after the entry of an appropriate protective order sufficient to guarantee the

26  confidentiality of all such information.

27

28

- 23 -

Exhibit 13
Page 000175

1   Dell objects that this Interrogatory is compound and contains multiple subparts that should

2   count towards the total number of Interrogatories allowed under the Federal Rules of Civil

3   Procedure.

4   Dell objects to this Interrogatory on the ground that the request that Dell identify all factual

5   and legal bases for Dell's defense that '[t]he patents in suit are unenforceable because of Lucent's

6   unclean hands in the assertion of the patents in suit without proper good-faith basis for alleging

7   infringement,'" is premature and overly broad, oppressive, and unduly burdensome at this early

8   stage of litigation.

9   Dell objects to this Interrogatory on the ground that the request that Dell "identify all factual

10  and legal basis for Dell's defense that '[t]he patents in suit are unenforceable because of Lucent's

11  unclean hands in the assertion of the patents in suit without proper good-faith basis for alleging

12  infringement,'" seeks legal conclusions or presents questions of pure law.

13  Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

14  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

15  Subject to and without waiving the foregoing General Objections and specific objections,

16  and to the extent Dell understands this Interrogatory, Dell responds that the patents in suit are

17  unenforceable because of Lucent's unclean hands in the assertion of the patents in suit without a

18  proper good-faith basis for alleging infringement, namely, asserting infringement without an

19  appropriate analysis of what is accused of infringement, including but not limited to, what is

20  required under 35 U.S.C. § 112, ¶ 6, the instance of prosecution history disclaimer set forth in

21  Dell's, Gateway's and Microsoft's claim construction briefs and charts and:

22      a)      asserting the Fleming '759 patent without proper regard for whether what is accused

23  invokes the disclosed or similar algorithms, selects modes of access as required, or specifies colors

24  in use as required;

25      b)      asserting the Ketchum '781 patent without proper regard for whether the accused

26  methods search a group of candidate sets of excitation information by repeating, upon searching, a

27  portion so that each of the group has the same number of samples as the present frame;

28

- 24 -

Exhibit 13
Page 000176

c)      asserting the Haskell '226 patent without proper regard for the order of frames in what is accused and the patent's requirement for successive frames, or for the presence in what is accused of the disclosed or similar circuitry based on the same set of prediction and interpolation motion vectors;

d)      asserting the Puri '878 patent without proper regard for whether the accused products selectively and adaptively decode fields and frames of B pictures, and based on a claim in the issued patent that fails to set forth what applicants regarded as the invention, and for which no certificate of correction had been obtained;

e)      asserting the Agulnick '295 patent without proper regard for whether the accused products employ an active stylus or define termination of a gesture by sensing the stylus moving of proximity;

f)      asserting the Ackerman '131 patent without proper regard for the patent procurement history which explains that in the claimed invention, the host communicates information directly to a terminal and not to something which retransmits the information to the terminal;

g)      asserting the Torok '956 patent without proper regard for the cursor display mechanism in what is accused or whether the cursor is displayed only as long as activity at the sending end continues;

h)      asserting the Netravali '272 patent without proper regard for whether what is accused involves a smart decoder that selects related locations, selects them as a function of the displacement D, and selects them under the assumption of simple uniform translation;

i)      asserting the Doughty '956 patent without proper regard for the patent procurement history which explains that a signal containing countable zeros or ones is a modulated signal, not an unmodulated signal, the latter being one in which it is impossible to identify individual ones and zeros or any other intelligence;

j)      asserting the Jayant '676 patent without proper regard for the patent procurement history which explains that a speech representative signal is modified rather than some form of excitation coding and that the speech representative signal produced by the decoder is filtered

- 25 -

Exhibit 13
Page 000177

1    responsive to the number of bits in each digital code received from a transmission channel of the

2    communication system;

3         k)      asserting the Atal '954 patent without proper regard for whether what is accused

4    eliminates the pitch dependence of the multiphase signal or forms the required signal z(n) that

5    corresponds to the contribution of the preceding iteration excitation pulse sequence;

6         l)      asserting the Day '356 patent without proper regard for the presence in what is

7    accused of the disclosed or similar tool storage and display mechanisms, and whether what is

8    accused invokes concurrently displayed, predefined tools that specifically facilitate inputting of

9    information called for by fields as required; and

10        m)      doing all of the foregoing for the purpose of extracting payment from Dell regardless

11   of the propriety of the basis for seeking such payment, and when Lucent knew or should have

12   known that a proper good faith basis for alleging infringement required otherwise.

13       Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

14   therefore reserves the right to supplement or amend this response as discovery in this matter

15   progresses, should future investigation indicate that supplementation or amendment is necessary.

16   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

17       Dell further responds by incorporating herein its responses to Interrogatory No. 2.

18       To the extent that Microsoft or Gateway have identified or identify in the future in their own

19   responses to Lucent's discovery any additional factual and legal bases for contending that patents in

20   suit are unenforceable, Dell hereby incorporates in their entirety those bases.

21

22

23   **INTERROGATORY NO. 6:**

24       For each Asserted Patent, Identify all factual and legal bases for Dell's defense that

25   "Lucent's claims for relief are barred by the doctrines of waiver, laches, implied license, and/or

26   exhaustion," asserted in Dell's Second Amended Answer and Counterclaims in Case No. 03-CV-

27   1108 B (LSP), ¶ 109 (including any subsequent amendments thereto).

28                                          - 26 -

Exhibit 13
Page 000178

1     **RESPONSE TO INTERROGATORY NO. 6:**

2         See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

3 incorporates by reference each and every one of its General Objections and further objects on the

4 specific grounds set forth below.

5         Dell objects to this Interrogatory to the extent it seeks information and/or the production of

6 documents that Dell is under an obligation to third parties not to disclose.

7         Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

8 by the attorney-client privilege, work-product doctrine, any other applicable privilege, immunity, or

9 protection.

10         Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

11 proprietary business, technical, marketing, or financial information, or any other confidential

12 information prior to the entry of an appropriate protective order.  Dell will disclose confidential

13 information only after the entry of an appropriate protective order sufficient to guarantee the

14 confidentiality of all such information.

15         Dell objects that this Interrogatory is compound and contains multiple subparts that should

16 count towards the total number of Interrogatories allowed under the Federal Rules of Civil

17 Procedure.

18         Dell objects to this Interrogatory on the ground that the request that Dell "identify all factual

19 and legal basis for Dell's defense that 'Lucent's claims for relief are barred by the doctrines of

20 waiver, laches, implied license, and/or exhaustion,'" seeks legal conclusions or presents questions

21 of pure law.

22         Furthermore, as the party asserting infringement, Lucent has the responsibility of explaining

23 its infringement and willful infringement contentions with specificity before Dell must explain its

24 waiver, laches, implied license, and/or exhaustion contentions.  Until Lucent provides a specific,

25 detailed explanation of why it believes any specific Dell product infringes any specific patent claim,

26 this Interrogatory is premature, overly broad unfair, oppressive, and unduly burdensome.

27

28

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S FIFTH SUPPLEMENTAL RESPONSE TO LUCENT'S FIRST SET OF INTERROGATORIES

Exhibit 13
Page 000179

1    Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual

2    and legal bases for Dell's defense that, 'Lucent's claims for relief are barred by the doctrines of

3    waiver, laches, implied license, and/or exhaustion,' is premature and overly broad, oppressive, and

4    unduly burdensome at this early stage of litigation.

5    Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

6    Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

7    Subject to and without waiving objections, and reserving the right to alter or amend, Dell

8    further responds that Lucent delayed filing suit for an unreasonable and inexcusable length of time

9    from the time that it first knew or reasonably should have known of its claim against Dell, and the

10   delay has prejudiced Dell. In this regard, Lucent knew or should have known of Dell's allegedly

11   infringing products and actions, as they have been well known in the computer industry for many

12   years. Dell has been and continues to be prejudiced by Lucent's unreasonable and inexcusable

13   delay in that Dell continues to make ongoing investments in its businesses to facilitate the release of

14   new and improved products into the market place.  To the extent that Lucent has licensed the

15   patents-in-suit and Lucent or its licensees have not marked their patented products as required,

16   Lucent is barred from recovering damages prior to Dell receiving proper notice of infringement.

17   Subject to and without waiving the foregoing General Objections and specific objections,

18   and to the extent Dell understands this Interrogatory, Dell further responds that its liability for the

19   manufacture and sale of products allegedly infringing the Torok, Jayant, Netravali, and Doughty

20   Patents to the Regional Bell Operating Companies ("RBOCs") is limited by *United States v.*

21   *American Telephone and Telegraph Co.*, 552 F. Supp. 131 (D.D.C. 1982) (the Modification of Final

22   Judgment or MFJ), *aff'd mem. sub nom.*, *Maryland v. United States*, 460 U.S. 1001 (1983), pursuant

23   to which AT&T promised to license all of its then-existing patents and patents issued prior to

24   August 24, 1987 to the RBOCs on a royalty-free basis.  The Torok, Jayant, Netravali, and Doughty

25   Patents issued prior to August 24, 1987, were assigned to subsidiaries of AT&T.  On information

26   and belief, AT&T granted the RBOCs royalty-free licenses to the Torok, Jayant, Netravali, and

27   Doughty Patents.  Alternatively, AT&T and Lucent are estopped from denying that AT&T granted

28                                                    - 28 -

Exhibit 13
Page 000180

1    such licenses.  In addition, because AT&T could not transfer to Lucent any greater rights in the

2    Torok, Jayant, Netravali, and Doughty Patents than AT&T possessed, Lucent is likewise estopped

3    from contending that the RBOCs lack royalty-free licenses to the Torok, Jayant, and Netravali

4    Patents.  Moreover, for the Doughty patent, customers who use the Caller ID feature pay their

5    respective Regional Bell Operating Company a premium for Caller ID service.  Under the doctrines

6    of exhaustion, implied license, and/or estoppel, Gateway's customers cannot infringe a patent when

7    they have paid a licensor/licensee for the privilege of practicing the patented technology.

8    Furthermore, because Dell's customers are implicitly licensed, Dell is protected from infringement

9    under the customers' rights to have products made for them that enable them to practice and use the

10   paid-for technology (i.e., Dell's products come under the customer's "have-made rights").

11           In addition, although Lucent has not yet identified specific infringing products, to the extent

12   that Dell has sold modem cards that have chipsets manufactured by either Lucent or 3Com (a

13   Lucent licensee) that have caller ID functionality, under the doctrines of exhaustion and/or implied

14   license, Lucent cannot assert infringement against products that use such chipsets.

15           Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

16   therefore reserves the right to supplement or amend this response as discovery in this matter

17   progresses, should future investigation indicate that supplementation or amendment is

18   necessary.**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

19           Dell further responds by incorporating herein its supplemental responses to Interrogatory

20   No. 4.

21

22

23   **INTERROGATORY NO. 7:**

24           For each Asserted Patent, Identify all factual and legal bases for Dell's defense that "28

25   U.S.C. § 1498(a) bars the relief sought by Lucent," asserted in Dell's Second Amended Answer and

26   Counterclaims in Case No. 03-CV-1108 B (LSP), ¶ 110 (including any subsequent amendments

27   thereto).

28                                                  - 29 -

Exhibit 13
Page 000181

**RESPONSE TO INTERROGATORY NO. 7:**

See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below.

Dell objects to this Interrogatory to the extent it seeks information and/or the production of documents that Dell is under an obligation to third parties not to disclose.

Dell objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, or protection.

Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or proprietary business, technical, marketing, or financial information, or any other confidential information prior to the entry of an appropriate protective order.  Dell will disclose confidential information only after the entry of an appropriate protective order sufficient to guarantee the confidentiality of all such information.

Dell objects that this Interrogatory is compound and contains multiple subparts that should count towards the total number of Interrogatories allowed under the Federal Rules of Civil Procedure.

Dell objects to this Interrogatory on the ground that the request that Dell "identify all factual and legal basis for Dell's defense that '28 U.S.C § 1498(a) bars the relief sought by Lucent,'" seeks legal conclusions or presents questions of pure law.

Furthermore, as the party asserting infringement, Lucent has the responsibility of explaining its infringement and willful infringement contentions with specificity before Dell must explain its laches contentions.  Until Lucent provides a specific, detailed explanation of why it believes any specific Dell product infringes any specific patent claim, this Interrogatory is premature, overly broad unfair, oppressive, and unduly burdensome.

Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

- 30 -

Exhibit 13
Page 000182

1    Subject to and without waiving the foregoing General Objections and specific objections,

2    and to the extent Dell understands this request, Dell responds that 28 U.S.C. § 1498(a) bars the

3    relief sought by Lucent.  According to 28 U.S.C. § 1498(a), whenever an invention described in or

4    covered by a patent is used by the United States without license or lawful right, the owner's remedy

5    shall be an action against the United States in the United States Court of Federal Claims.  As Dell

6    conducts business with the United States, Lucent's remedies are thus limited by 28 U.S.C.

7    § 1498(a).

8    Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

9    therefore reserves the right to supplement or amend this response as discovery in this matter

10   progresses, should future investigation indicate that supplementation or amendment is necessary.

11   **INTERROGATORY NO. 8:**

12   Identify all factual and legal bases for Dell's defense that Lucent is "estopped from asserting

13   that the VBE standard infringes the Fleming '759 patent," asserted in Dell's Second Amended

14   Answer and Counterclaims in Case No. 03-CV-1108 B (LSP), ¶ 111 (including any subsequent

15   amendments thereto).

16   **RESPONSE TO INTERROGATORY NO. 8:**

17   See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

18   incorporates by reference each and every one of its General Objections and further objects on the

19   specific grounds set forth below.

20   Dell objects to this Interrogatory to the extent it seeks information and/or the production of

21   documents that Dell is under an obligation to third parties not to disclose.

22   Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

23   by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

24   or protection.

25   Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

26   proprietary business, technical, marketing, or financial information, or any other confidential

27   information prior to the entry of an appropriate protective order.  Dell will disclose confidential

28

- 31 -

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S FIFTH SUPPLEMENTAL RESPONSE TO LUCENT'S FIRST SET OF INTERROGATORIES

Exhibit 13
Page 000183

1   information only after the entry of an appropriate protective order sufficient to guarantee the

2   confidentiality of all such information.

3       Dell objects that this Interrogatory is compound and contains multiple subparts that should

4   count towards the total number of Interrogatories allowed under the Federal Rules of Civil

5   Procedure.

6       Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual

7   and legal bases for Dell's defense that Lucent is 'estopped from asserting that the VBE standard

8   infringes the Fleming '759 patent,'" is premature and overly broad, oppressive, and unduly

9   burdensome at this early stage of litigation.

10      Dell objects to this Interrogatory on the ground that the request that Dell "identify all factual

11  and legal basis for Dell's defense that 'Lucent is estopped from asserting that the VBE standard

12  infringes the Fleming '759 patent,'" seeks legal conclusions or presents questions of pure law.

13      Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

14  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

15      Subject to and without waiving the foregoing General Statements and General Objections,

16  and to the extent Dell understands this Interrogatory, Dell responds that Lucent is estopped from

17  asserting that the VBE standard infringes the Fleming '759 patent.  In particular, Lucent via its

18  actions as a member of the Video Electronics Standard Association ("VESA") acting in a

19  misleading manner.  During the period from at least January 1991 to March 1996, AT&T was a

20  member of the Video Electronics Standards Association ("VESA") and participated in the

21  development and approval of the VBE standard.  During this period, AT&T manufactured and sold

22  computer systems, and participated in VESA through a number of representatives including, but not

23  limited to, Surinder Rai, Donald Mohn, and David Penley.

24      Dell has been a member of VESA since at least February 1992. AT&T, as a member of

25  VESA, entered into a contract with VESA and its other members, including Dell, whereby the

26  parties agreed to work together to create standards to be used by computer manufacturers such as

27

28                                          - 32 -

Exhibit 13
Page 000184

1  Dell.  The terms of this contract included at least the VESA bylaws and policies adopted by the
2  VESA board of directors.

3       During the period from at least August 1991 to December 1994, the VESA Patent and
4  Trademark Policy provided that:

5       No VESA standard shall include patented technology, trademarked terms and/or copyrighted
6  material unless the entire voting membership is made award of such inclusion.

7       Any VESA representative with knowledge of patented technology, trademarked terms
8  and/or copyrighted material being considered for inclusion in a VESA standard must immediately
9  disclose this information. By virtue of its membership in VESA, AT&T had a duty to disclose the
10 Fleming patent, but AT&T failed to make the required disclosure. Dell substantially relied on the
11 misleading conduct of Lucent.  On information and belief, the allegedly infringing aspects of the
12 VBE standard were first adopted in October 1991, and maintained in subsequent revisions of the
13 VBE standard, including revisions after Dell became a member.

14      Dell would be materially prejudiced if Lucent were allowed to proceed with its claims.  By
15 acting in an inequitable manner, Lucent has obtained a patent, which it is now using to gain
16 economic advantage over Dell and its other competitors.

17      Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell
18 therefore reserves the right to supplement or amend this response as discovery in this matter
19 progresses, should future investigation indicate that supplementation or amendment is necessary.
20 **INTERROGATORY NO. 9:**

21      Identify all factual and legal bases for Dell's "Counterclaim II (Fraud)," asserted in Dell's
22 Second Amended Answer and Counterclaims in Case No. 03-CV-1108 B (LSP), ¶¶ 134-141
23 (including any subsequent amendments thereto).

24      **RESPONSE TO INTERROGATORY NO. 9:**

25      See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby
26 incorporates by reference each and every one of its General Objections and further objects on the
27 specific grounds set forth below.

- 33 -

28

Exhibit 13
Page 000185

1   Dell objects to this Interrogatory to the extent it seeks information and/or the production of

2   documents that Dell is under an obligation to third parties not to disclose.

3   Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

4   by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

5   or protection.

6   Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

7   proprietary business, technical, marketing, or financial information, or any other confidential

8   information prior to the entry of an appropriate protective order.  Dell will disclose confidential

9   information only after the entry of an appropriate protective order sufficient to guarantee the

10  confidentiality of all such information.

11  Dell objects that this Interrogatory is compound and contains multiple subparts that should

12  count towards the total number of Interrogatories allowed under the Federal Rules of Civil

13  Procedure.

14  Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual

15  and legal bases for Dell's defense for Dell's 'Counterclaim II (Fraud),'" is premature and overly

16  broad, oppressive, and unduly burdensome at this early stage of litigation.

17  Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual

18  and legal bases for Dell's defense for Dell's 'Counterclaim II (Fraud)" seeks legal conclusions or

19  presents questions of pure law.

20  Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

21  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

22  Subject to and without waiving the foregoing General Statements and General Objections,

23  and to the extent Dell understands this Interrogatory, Dell responds that during the course of its

24  membership in VESA, AT&T made a series of false representations or omissions in that it

25  continued to participate in VESA while failing to disclose the Fleming patent in contravention of

26  VESA requirements.  The possibility that compliance with the VBE standard would allegedly

27  infringe the Fleming patent was within the exclusive knowledge of AT&T.

28  - 34 -

Exhibit 13
Page 000186

The disclosure of the existence of AT&T's patents was a fact that was material to the setting of the VBE standard, and was also material to those relying on the VBE standard in the design, manufacture, and/or sale of computer equipment.

On information and belief, AT&T intentionally, knowingly, and with the intent to mislead, failed to provide information concerning the Fleming patent to VESA.

Dell reasonably relied upon VESA's adoption of the VBE standard and the fact that no member of VESA had undisclosed patents related to this standard.

Dell was misled and damaged by AT&T's failure to disclose the Fleming patent to VESA.

On information and belief, Lucent is liable for AT&T's fraud as a successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit with knowledge of the foregoing.

Dell's discovery in this case has just begun, and Dell's investigation is ongoing. Dell therefore reserves the right to supplement or amend this response as discovery in this matter progresses, should future investigation indicate that supplementation or amendment is necessary.

**INTERROGATORY NO. 10:**

Identify all factual and legal bases for Dell's "Counterclaim III (Negligent Misrepresentation)," asserted in Dell's Second Amended Answer and Counterclaims in Case No. 03-CV-1108 B (LSP), ¶¶ 142-149 (including any subsequent amendments thereto).

**RESPONSE TO INTERROGATORY NO. 10:**

See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above. Dell hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below.

Dell objects to this Interrogatory to the extent it seeks information and/or the production of documents that Dell is under an obligation to third parties not to disclose.

- 35 -

Exhibit 13
Page 000187

1    Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

2    by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

3    or protection.

4    Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

5    proprietary business, technical, marketing, or financial information, or any other confidential

6    information prior to the entry of an appropriate protective order.  Dell will disclose confidential

7    information only after the entry of an appropriate protective order sufficient to guarantee the

8    confidentiality of all such information.

9    Dell objects that this Interrogatory is compound and contains multiple subparts that should

10   count towards the total number of Interrogatories allowed under the Federal Rules of Civil

11   Procedure.

12   Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual

13   and legal bases for Dell's defense for Dell's 'Counterclaim III (Negligent Misrepresentation),'" is

14   premature and overly broad, oppressive, and unduly burdensome at this early stage of litigation.

15   Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual

16   and legal bases for Dell's defense for Dell's 'Counterclaim III (Negligent Misrepresentation)" seeks

17   legal conclusions or presents questions of pure law.

18   Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

19   Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

20   Subject to and without waiving the foregoing General Statements and General Objections,

21   and to the extent Dell understands this interrogatory, Dell responds that during the course of its

22   membership in VESA, AT&T made a series of false representations or omissions in that they

23   continued to participate in VESA while failing to disclose the Fleming patent in contravention of

24   VESA requirements.  The possibility that compliance with the VBE standard would allegedly

25   infringe the Fleming patent was within the exclusive knowledge of AT&T.

26

27

28

- 36 -

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S FIFTH SUPPLEMENTAL RESPONSE TO LUCENT'S FIRST SET OF INTERROGATORIES

Exhibit 13
Page 000188

The disclosure of the existence of AT&T's patents was a fact that was material to the setting of the VBE standard, and was also material to those relying on the VBE standard in the design, manufacture, and/or sale of computer equipment.

On information and belief, AT&T negligently failed to provide information concerning the Fleming patent to VESA. Dell reasonably relied upon VESA's adoption of the VBE standard and the fact that no member of VESA had undisclosed patents related to this standard.

Dell was misled and damaged by AT&T's failure to disclose the Fleming patent to VESA.

On information and belief, Lucent is liable for AT&T's negligent misrepresentation as a successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit with knowledge of the foregoing.

Dell's discovery in this case has just begun, and Dell's investigation is ongoing. Dell therefore reserves the right to supplement or amend this response as discovery in this matter progresses, should future investigation indicate that supplementation or amendment is necessary.

**INTERROGATORY NO. 11:**

Identify all factual and legal bases for Dell's "Counterclaim IV (Breach of Contract – VESA)," asserted in Dell's Second Amended Answer and Counterclaims in Case No. 03-CV-1108 B (LSP), ¶¶ 150-153 (including any subsequent amendments thereto).

**RESPONSE TO INTERROGATORY NO. 11:**

See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above. Dell hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below.

Dell objects to this Interrogatory to the extent it seeks information and/or the production of documents that Dell is under an obligation to third parties not to disclose.

Dell objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, or protection.

- 37 -

Exhibit 13
Page 000189

Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or proprietary business, technical, marketing, or financial information, or any other confidential information prior to the entry of an appropriate protective order. Dell will disclose confidential information only after the entry of an appropriate protective order sufficient to guarantee the confidentiality of all such information.

Dell objects that this Interrogatory is compound and contains multiple subparts that should count towards the total number of Interrogatories allowed under the Federal Rules of Civil Procedure.

Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual and legal bases for Dell's defense for Dell's 'Counterclaim IV (Breach of Contract-VESA),'" is premature and overly broad, oppressive, and unduly burdensome at this early stage of litigation.

Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual and legal bases for Dell's defense for Dell's 'Counterclaim IV (Breach of Contract-VESA)" seeks legal conclusions or presents questions of pure law.

Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

Subject to and without waiving the foregoing General Statements and General Objections, and to the extent Dell understands this interrogatory, Dell responds that by virtue of failing to disclose the Fleming patent to VESA, AT&T breached its agreement with VESA and Dell and damaged Dell by depriving Dell of the benefit of being able to rely upon the applicable VESA standards.

On information and belief, Lucent is liable for AT&T's breach as a successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit with knowledge of the foregoing.

Dell's discovery in this case has just begun, and Dell's investigation is ongoing. Dell therefore reserves the right to supplement or amend this response as discovery in this matter progresses, should future investigation indicate that supplementation or amendment is necessary.

- 38 -

Exhibit 13
Page 000190

1    **INTERROGATORY NO. 12:**

2        Identify all factual and legal bases for Dell's "Counterclaim V (Breach of Contract –

3    VESA – Third Party Beneficiary)," asserted in Dell's Second Amended Answer and Counterclaims

4    in Case No. 03-CV-1108 B (LSP), ¶¶ 154-159 (including any subsequent amendments thereto).

5        **RESPONSE TO INTERROGATORY NO. 12:**

6        See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

7    incorporates by reference each and every one of its General Objections and further objects on the

8    specific grounds set forth below.

9        Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

10   proprietary business, technical, marketing, or financial information, or any other confidential

11   information prior to the entry of an appropriate protective order.  Dell will disclose confidential

12   information only after the entry of an appropriate protective order sufficient to guarantee the

13   confidentiality of all such information.

14       Dell objects to this Interrogatory to the extent it seeks information and/or the production of

15   documents that Dell is under an obligation to third parties not to disclose.

16       Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

17   by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

18   or protection.

19       Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

20   proprietary business, technical, marketing, or financial information, or any other confidential

21   information prior to the entry of an appropriate protective order.  Dell will disclose confidential

22   information only after the entry of an appropriate protective order sufficient to guarantee the

23   confidentiality of all such information.

24       Dell objects that this Interrogatory is compound and contains multiple subparts that should

25   count towards the total number of Interrogatories allowed under the Federal Rules of Civil

26   Procedure.

27

28

- 39 -

Exhibit 13
Page 000191

Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual and legal bases for Dell's defense for Dell's 'Counterclaim V (Breach of Contract-VESA-Third Party Beneficiary),'" is premature and overly broad, oppressive, and unduly burdensome at this early stage of litigation.

Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual and legal bases for Dell's defense for Dell's 'Counterclaim V (Breach of Contract-VESA-Third Party Beneficiary)" seeks legal conclusions or presents questions of pure law.

Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

Subject to and without waiving the foregoing General Statements and General Objections, and to the extent Dell understands this Interrogatory, Dell responds that VESA and its members knew or should have known that these standards would be used by manufacturers throughout the computer industry, including Dell, in the design and manufacture of computer equipment.

By setting these standards, VESA and its members clearly, definitely, and intentionally conferred a benefit directly on these manufacturers, including Dell, by providing them with clear standards for the manufacture of their equipment, and by providing them with information concerning the patent rights associated with such standards.

By virtue of failing to disclose the Fleming patent to VESA, AT&T breached its agreement with VESA and damaged Dell by depriving Dell of the benefit of being able to rely upon the applicable VESA standards.

On information and belief, Lucent is liable for AT&T's breach as a successor-in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this lawsuit with knowledge of the foregoing.

Dell's discovery in this case has just begun, and Dell's investigation is ongoing. Dell therefore reserves the right to supplement or amend this response as discovery in this matter progresses, should future investigation indicate that supplementation or amendment is necessary.

- 40 -

Exhibit 13
Page 000192

1    **INTERROGATORY NO. 13:**

2        Identify all factual and legal bases for Dell's "Counterclaim VI (Unfair Trade Practices),"

3    asserted in Dell's Second Amended Answer and Counterclaims in Case No. 03-CV-1108 B (LSP),

4    ¶¶ 160-163 (including any subsequent amendments thereto).

5        **RESPONSE TO INTERROGATORY NO. 13:**

6        See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

7    incorporates by reference each and every one of its General Objections and further objects on the

8    specific grounds set forth below.

9        Dell objects to this Interrogatory to the extent it seeks information and/or the production of

10   documents that Dell is under an obligation to third parties not to disclose.

11       Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

12   by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

13   or protection.

14       Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

15   proprietary business, technical, marketing, or financial information, or any other confidential

16   information prior to the entry of an appropriate protective order.  Dell will disclose confidential

17   information only after the entry of an appropriate protective order sufficient to guarantee the

18   confidentiality of all such information.

19       Dell objects that this Interrogatory is compound and contains multiple subparts that should

20   count towards the total number of Interrogatories allowed under the Federal Rules of Civil

21   Procedure.

22       Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual

23   and legal bases for Dell's defense for Dell's 'Counterclaim VI (Unfair Trade Practices),'" is

24   premature and overly broad, oppressive, and unduly burdensome at this early stage of litigation.

25       Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual

26   and legal bases for Dell's defense for Dell's 'Counterclaim IV (Unfair Trade Practices)" seeks legal

27   conclusions or presents questions of pure law.

28                                         - 41 -

Exhibit 13
Page 000193

1    Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

2  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

3    Subject to and without waiving the foregoing General Statements and General Objections,

4  and to the extent Dell understands this Interrogatory, Dell responds that the actions of AT&T

5  constitute unfair trade practices in that AT&T allowed VESA to adopt the VBE standard without

6  disclosing AT&T's patent interests during the development and approval of that standard.  These

7  actions have caused substantial injury to Dell.

8    On information and belief, Lucent is liable for AT&T's unfair trade practices as a successor-

9  in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this

10  lawsuit with knowledge of the foregoing.

11    Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

12  therefore reserves the right to supplement or amend this response as discovery in this matter

13  progresses, should future investigation indicate that supplementation or amendment is necessary.

14    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

15    Dell further responds by incorporating herein its responses to Interrogatory No. 2.

16

17  **INTERROGATORY NO. 14:**

18    Identify all factual and legal bases for Dell's Sherman Act claims, asserted in Dell's Second

19  Amended Answer and Counterclaims in Case No. 03-CV-1108 B (LSP), ¶¶ 164-180 (including any

20  subsequent amendments thereto).

21    **RESPONSE TO INTERROGATORY NO. 14:**

22    See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

23  incorporates by reference each and every one of its General Objections and further objects on the

24  specific grounds set forth below.

25    Dell objects to this Interrogatory to the extent it seeks information and/or the production of

26  documents that Dell is under an obligation to third parties not to disclose.

27

28                                  - 42 -

Exhibit 13
Page 000194

1   Dell objects to this Interrogatory to the extent it seeks information protected from disclosure
2 by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,
3 or protection.

4   Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or
5 proprietary business, technical, marketing, or financial information, or any other confidential
6 information prior to the entry of an appropriate protective order.  Dell will disclose confidential
7 information only after the entry of an appropriate protective order sufficient to guarantee the
8 confidentiality of all such information.

9   Dell objects that this Interrogatory is compound and contains multiple subparts that should
10 count towards the total number of Interrogatories allowed under the Federal Rules of Civil
11 Procedure.

12   Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual
13 and legal bases for Dell's defense for Dell's Sherman Act claims is premature and overly broad,
14 oppressive, and unduly burdensome at this early stage of litigation.

15   Dell objects to this Interrogatory on the ground that the request that Dell "Identify all factual
16 and legal bases for Dell's defense for Dell's Sherman Act claims seeks legal conclusions or presents
17 questions of pure law.

18   Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's
19 Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

20   Subject to and without waiving the foregoing General Statements and General Objections,
21 and to the extent Dell understands this Interrogatory, Dell responds that the relevant market is the
22 market for those technologies covered by the Fleming patent that are used to produce commercially
23 viable video components implementing the VBE standard (the "VBE Technology Market").  The
24 relevant geographic market is the world.  The same technology is used worldwide, and the relevant
25 industry standards apply to products around the world.  In the alternative, the relevant geographic
26 market is the United States.

27
28

- 43 -

Exhibit 13
Page 000195

1   Based on Lucent's allegations of infringement concerning the Fleming patent, AT&T and

2   Lucent have attempted, with specific intent, to acquire monopoly power in the VBE Technology

3   Market by participating in the VESA standards development process without disclosing that the

4   Fleming patent allegedly covers the VBE standard, allowing the VBE standard to become widely

5   practiced and adopted in the computer industry, and then demanding that companies manufacturing

6   or selling VBE-compliant products pay license fees to Lucent or risk being enjoined from the

7   continued sale of such products.

8   Based on Lucent's allegations of infringement concerning the Fleming patent, Lucent's

9   assertion of the Fleming patent against companies making and selling VBE-compatible products has

10  created a dangerous probability of success in achieving monopoly power in the VBE Technology

11  Market.

12  Based on Lucent's allegations of infringement concerning the Fleming patent, as a direct

13  and proximate result of AT&T and Lucent's unlawful attempted monopolization, Dell has been

14  injured in its business and property in an amount that has yet to be determined, but will be

15  established at trial.

16  On information and belief, Lucent is liable for AT&T's antitrust violations as a successor-

17  in-interest to AT&T and by virtue of Lucent's own conduct in initiating and maintaining this

18  lawsuit with knowledge of the foregoing.

19  The actions of AT&T and Lucent have harmed competition by the following factors:

20  depriving VESA and the public of competing technologies that could have been evaluated and/or

21  incorporated into the VBE standard, had AT&T and Lucent not failed to disclose the Fleming

22  patent; chilling the willingness of members of the computer industry to participate in standard-

23  setting organizations because of the fear that such standards will incorporate patents that

24  organization members have failed to disclose, thereby depriving the public of the benefits of these

25  procompetitive organizations and the procompetitive standards they establish; and to the extent that

26  Lucent prevails in its infringement allegations, imposing higher costs on users of the VBE

27  technology than would otherwise have occurred had AT&T and Lucent acted lawfully.

28

- 44 -

Exhibit 13
Page 000196

1   Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

2   therefore reserves the right to supplement or amend this response as discovery in this matter

3   progresses, should future investigation indicate that supplementation or amendment is necessary.

4   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

5   Dell further responds by incorporating herein its responses to Interrogatory No. 2.

6

7   **INTERROGATORY NO. 15:**

8   Identify each product made, used, licensed, distributed, sold, or offered for sale in the United

9   States, or imported into the United States, by or for Dell since February 20, 1997, that is capable of

10  taking any part in coding, decoding, compressing, and/or decompressing data representing video,

11  including without limitation coding, decoding, compressing, and/or decompressing data

12  representing video in accordance with or Compliant with any portion of the MPEG-1 Standard, the

13  MPEG-2 Standard, and/or the MPEG-4 Standard, and for each such product, separately Identify

14  every portion or component thereof (whether hardware or software) capable of taking any part in

15  coding, decoding, compressing, and/or decompressing data representing video, and Identify every

16  portion of the MPEG-1 Standard, the MPEG-2 Standard, and/or the MPEG-4 Standard with which

17  the product is Compliant.

18  **RESPONSE TO INTERROGATORY NO. 15:**

19  See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

20  incorporates by reference each and every one of its General Objections and further objects on the

21  specific grounds set forth below.

22  Dell objects to this Interrogatory to the extent it seeks information and/or the production of

23  documents that Dell is under an obligation to third parties not to disclose.

24  Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

25  by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

26  or protection.

27

28

- 45 -

Exhibit 13
Page 000197

1    Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or
2    proprietary business, technical, marketing, or financial information, or any other confidential
3    information prior to the entry of an appropriate protective order.  Dell will disclose confidential
4    information only after the entry of an appropriate protective order sufficient to guarantee the
5    confidentiality of all such information.

6    Dell further objects that this Interrogatory is compound and contains multiple subparts that
7    should count towards the total number of Interrogatories allowed under the Federal Rules of Civil
8    Procedure.

9    Dell further objects to this Interrogatory on the ground that it is premature, overly broad,
10   oppressive, and unduly burdensome at this stage of the litigation.  In particular, Lucent has not yet
11   provided a sufficient explanation of how "each product…that is capable of taking any part in
12   coding, decoding, compressing, and/or decompressing data representing video,"allegedly infringes
13   any claim of any Patent-in-Suit.

14   Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, unduly
15   burdensome, seeks information that is not relevant to any claim or defense, and is not reasonably
16   calculated to lead to the discovery of admissible evidence because it is not limited to products that
17   Lucent has accused of infringement, but instead seeks information relating to each product "capable
18   of taking any part in coding, decoding, compressing, and/or decompressing data representing
19   video."  As the party asserting patent infringement, Lucent must identify with specificity the
20   particular Dell products and features it accuses of infringement.  Lucent has not yet done so.

21    Furthermore, the Court has not yet construed the claims of all of the Asserted Patents.  Until
22   Lucent provides a specific, detailed explanation of why it believes any specific Dell product
23   infringes any specific claim of any Asserted Patent under Lucent's proposed claim construction, this
24   Interrogatory is premature, overly broad, unfair, oppressive, and unduly burdensome.

25   Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, and
26   unduly burdensome because it seeks documents that are irrelevant and unlikely to lead to the
27   discovery of admissible evidence.

28

- 46 -

Exhibit 13
Page 000198

1    Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, and

2 unduly burdensome and seeks documents that are irrelevant and unlikely to lead to the discovery of

3 admissible evidence because this request is not limited to the allegations of infringement.

4    Dell objects to this Interrogatory on the grounds that it is overly broad, oppressive, unduly

5 burdensome, and seeks documents that are irrelevant and unlikely to lead to the discovery of

6 admissible evidence because this request seeks documents relating to technologies that are unrelated

7 to any asserted claim of any of the Patents-In-Suit.

8    Dell objects to this Interrogatory on the ground that the phrases "capable of taking any part

9 in coding, decoding, compressing, and/or decompressing data representing video" and "in

10 accordance with or Compliant with any portion of" render the Interrogatory vague, ambiguous,

11 overly broad, oppressive, and unduly burdensome.

12    Dell objects to this Interrogatory on the ground that the terms "the MPEG-1 Standard," "the

13 MPEG-2 Standard," and the "the MPEG-4 Standard" render the request overly broad, oppressive,

14 and unduly burdensome because the request seeks documents that are irrelevant and unlikely to lead

15 to the discovery of admissible evidence.

16    Dell objects to this Interrogatory on the ground that the request that Dell "separately Identify

17 every portion or component thereof (whether hardware or software) capable of taking any part in

18 coding, decoding, compressing, and/or decompressing data representing video" is overly broad,

19 oppressive, and unduly burdensome because it seeks information not relevant to any claim or

20 defense, and not reasonably calculated to lead to the discovery of admissible evidence.

21    Dell objects to this Interrogatory on the ground that the phrases "capable of taking any part

22 in coding, decoding, compressing, and/or decompressing data representing speech," render the

23 Interrogatory vague, ambiguous, overly broad, oppressive, and unduly burdensome.

24    Dell objects to this Interrogatory on the ground that the request that Dell "Identify every

25 portion of the MPEG-1 Standard, the MPEG-2 Standard, and/or the MPEG-4 Standard with which"

26 a product responsive to this Interrogatory "is Compliant" is overly broad, oppressive, and unduly

27

28

- 47 -

Exhibit 13
Page 000199

1  burdensome because it seeks information not relevant to any claim or defense, and not reasonably

2  calculated to lead to the discovery of admissible evidence.

3      Dell objects to this Interrogatory on the ground that the term "Compliant" renders the

4  Interrogatory vague, ambiguous, overly broad, oppressive, and unduly burdensome because, among

5  other reasons, it seeks information not relevant to any claim or defense, and not reasonably

6  calculated to lead to the discovery of admissible evidence.

7      Dell specifically objects to this Interrogatory as overly broad, unduly burdensome, and not

8  reasonably calculated to lead to the discovery of admissible evidence.  Documents relating to the

9  MPEG-1 Standard, the MPEG-2 Standard, and/or the MPEG-4 Standard have been and are

10  available to the public as well as Plaintiff Lucent.

11      Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

12  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

13      Consistent with Fed. R. Civ. P. 33(d), Dell objects to providing responses to Interrogatories

14  with information which can be derived from documents that are being produced, and where the

15  burden to derive such information is substantially the same for Lucent as it is for Dell.  Without

16  waiving, and subject to, its general and specific objections, Dell responds as follows: When Lucent

17  and Dell, after discussion, reach accommodation on an appropriate scope, Dell will produce

18  responsive, non-privileged documents found in its possession, custody, or control after a reasonable

19  search.

20      Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

21  therefore reserves the right to supplement or amend this response as discovery in this matter

22  progresses, should future investigation indicate that supplementation or amendment is necessary.

23  **INTERROGATORY NO. 16:**

24      Identify each product made; used, licensed, distributed, sold, or offered for sale in the

25  United States, or imported into the United States, by or for Dell since February 20, 1997, that is

26  capable of taking any part in coding, decoding, compressing, and/or decompressing data

27  representing speech, including without limitation coding, decoding, compressing, and/or

28  - 48 -

Exhibit 13
Page 000200

1  decompressing data representing speech in accordance with or Compliant with any portion of ITU-

2  T Recommendations G.723, G.723.1, G.728, G.729, and/or H.323, and for each such product,

3  separately Identify every portion or component thereof (whether hardware or software) capable of

4  taking any part in coding, decoding, compressing, and/or decompressing data representing speech,

5  and Identify every portion of ITU-T Recommendations G.723, G.723.1, G.728, G.729, and/or

6  H.323 with which the product is Compliant.

7  **RESPONSE TO INTERROGATORY NO. 16:**

8     See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above. Dell hereby

9  incorporates by reference each and every one of its General Objections and further objects on the

10  specific grounds set forth below.

11    Dell objects to this Interrogatory to the extent it seeks information and/or the production of

12  documents that Dell is under an obligation to third parties not to disclose.

13    Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

14  by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

15  or protection.

16    Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

17  proprietary business, technical, marketing, or financial information, or any other confidential

18  information prior to the entry of an appropriate protective order.  Dell will disclose confidential

19  information only after the entry of an appropriate protective order sufficient to guarantee the

20  confidentiality of all such information.

21    Dell further objects that this Interrogatory is compound and contains multiple subparts that

22  should count towards the total number of interrogatories allowed under the Federal Rules of Civil

23  Procedure. Among other reasons, this Interrogatory requests Dell to compare each Dell product with

24  five different standards: G.723, G.723.1, G.728, G.729, and/or H.323.  By counting these as

25  separate interrogatories, Dell is not representing that it will provide a substantive response to each

26  separate interrogatory.

27

28

- 49 -

Exhibit 13
Page 000201

1       Dell further objects to this Interrogatory on the ground that it is premature, overly broad,

2   oppressive, and unduly burdensome at this stage of the litigation.  In particular, Lucent has not yet

3   provided a sufficient explanation of how "each product that is capable allegedly taking any part in

4   coding, decoding, compressing, and/or decompressing data representing speech," infringes any

5   claim of any Patent-in-Suit.

6       Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, unduly

7   burdensome, seeks information that is not relevant to any claim or defense, and is not reasonably

8   calculated to lead to the discovery of admissible evidence because it is not limited to products that

9   Lucent has accused of infringement, but instead seeks information relating to each product "capable

10  of taking any part in coding, decoding, compressing, and/or decompressing data representing

11  speech." As the party asserting patent infringement, Lucent must identify with specificity the

12  particular Dell products and features it accuses of infringement.  Lucent has not yet done so.

13  Furthermore, the Court has not yet construed the claims of all of the Asserted Patents.  Until Lucent

14  provides a specific, detailed explanation of why it believes any specific Dell product infringes any

15  specific claim of any Asserted Patent under Lucent's proposed claim construction, this Interrogatory

16  is premature, overly broad, unfair, oppressive, and unduly burdensome.

17      Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, and

18  unduly burdensome because it seeks documents that are irrelevant and unlikely to lead to the

19  discovery of admissible evidence.

20      Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, and

21  unduly burdensome and seeks documents that are irrelevant and unlikely to lead to the discovery of

22  admissible evidence because this request is not limited to the allegations of infringement.

23      Dell objects to this Interrogatory on the grounds that it is overly broad, oppressive, unduly

24  burdensome, and seeks documents that are irrelevant and unlikely to lead to the discovery of

25  admissible evidence because this request seeks documents relating to technologies that are unrelated

26  to any asserted claim of any of the Patents-In-Suit.

27

28

- 50 -

Exhibit 13
Page 000202

1   Dell objects to this Interrogatory on the ground that the phrases "capable of taking any part

2   in coding, decoding, compressing, and/or decompressing data representing speech," "data

3   representing speech," "portion or component" and "in accordance with or Compliant with any

4   portion of" render the Interrogatory vague, ambiguous, overly broad, oppressive, and unduly

5   burdensome.

6   Dell objects to this Interrogatory on the ground that the terms "ITU-T Recommendations

7   G.723, G.723.1, G.728, G.729, and/or H.323" render the request overly broad, oppressive, and

8   unduly burdensome because the request seeks documents that are irrelevant and unlikely to lead to

9   the discovery of admissible evidence.

10   Dell objects to this Interrogatory on the ground that the request that Dell "separately Identify

11   every portion or component thereof (whether hardware or software) capable of taking any part in

12   coding, decoding, compressing, and/or decompressing data representing speech" is overly broad,

13   oppressive, and unduly burdensome because it seeks information not relevant to any claim or

14   defense, and not reasonably calculated to lead to the discovery of admissible evidence.

15   Dell objects to this Interrogatory on the ground that the request that Dell "Identify every portion of

16   ITU-T Recommendations G.723, G.723.1, G.728, G.729, and/or H.323 with which" a product

17   responsive to this interrogatory "is Compliant" is overly broad, oppressive, and unduly burdensome

18   because it seeks information not relevant to any claim or defense, and not reasonably calculated to

19   lead to the discovery of admissible evidence.

20   Dell objects to this Interrogatory on the ground that the term "Compliant" renders the

21   Interrogatory vague, ambiguous, overly broad, oppressive, and unduly burdensome because, among

22   other reasons, it seeks information not relevant to any claim or defense, and not reasonably

23   calculated to lead to the discovery of admissible evidence.

24

25   Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

26   Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

27

28                                      - 51 -

Exhibit 13
Page 000203

1    Consistent with Fed. R. Civ. P. 33(d), Dell objects to providing responses to Interrogatories

2    with information which can be derived from documents that are being produced, and where the

3    burden to derive such information is substantially the same for Lucent as it is for Dell.  Without

4    waiving, and subject to, its general and specific objections, Dell responds as follows:  To the extent

5    Lucent and Dell after discussion reach accommodation on an appropriate scope, Dell will produce

6    responsive, non-privileged documents found in its possession, custody, or control after a reasonable

7    search.

8    Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

9    therefore reserves the right to supplement or amend this response as discovery in this matter

10   progresses, should future investigation indicate that supplementation or amendment is necessary.

11

12   **INTERROGATORY NO. 17:**

13   Identify each Video Display Product made, used, licensed, distributed, sold, or offered for

14   sale in the United States, or imported into the United States, by or for Dell between February 20,

15   1997 and May 19, 2001, whether made, used, licensed, distributed, sold, offered for sale, or

16   imported separately or as part of a Computer Product or Computer Peripheral Product, and

17   separately Identify every VGA Display Mode and VBE Display Mode that each such Video Display

18   Product supports.

19   **RESPONSE TO INTERROGATORY NO. 17:**

20   See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

21   incorporates by reference each and every one of its General Objections and further objects on the

22   specific grounds set forth below.

23   Dell objects to this Interrogatory to the extent it seeks information and/or the production of

24   documents that Dell is under an obligation to third parties not to disclose.

25   Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

26   by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

27   or protection.

28                                    - 52 -

Exhibit 13
Page 000204

1    Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

2    proprietary business, technical, marketing, or financial information, or any other confidential

3    information prior to the entry of an appropriate protective order.  Dell will disclose confidential

4    information only after the entry of an appropriate protective order sufficient to guarantee the

5    confidentiality of all such information.

6    Dell further objects that this Interrogatory is compound and contains multiple subparts that

7    should count towards the total number of Interrogatories allowed under the Federal Rules of Civil

8    Procedure.

9    Dell objects to the definition of "Computer Peripheral Product" on the grounds that the

10   phrase "interact with or control" renders the definition vague, ambiguous, overly broad, and unduly

11   burdensome.

12   Dell objects to the definition of "Video Display Product" on the grounds that the phrase

13   "capable of taking any part in" renders the definition vague, ambiguous, overly broad and unduly

14   burdensome.

15   Dell objects to the definition of "VGA Display Mode" on the grounds that the phrase "video

16   mode" renders the definition vague, ambiguous, overly broad, and unduly burdensome.

17   Dell objects to the definition of "VBE Display Mode" on the grounds that the phrase "video

18   mode" renders the definition vague, ambiguous, overly broad, and unduly burdensome.

19   Dell further objects to this Interrogatory on the ground that it is premature, overly broad,

20   oppressive, and unduly burdensome at this stage of the litigation.  In particular, Lucent has not yet

21   provided a sufficient explanation of how every VGA Display Mode and VBE Display Mode that

22   each such Video Display Product supports allegedly infringes any claim of any Asserted Patent.

23   As the party asserting infringement in this action, Lucent has the responsibility of explaining

24   its infringement contentions with specificity before Dell must explain its invalidity and/or

25   unenforceability contentions.  Furthermore, the Court has not yet construed the claims of all of the

26   Asserted Patents.  Until Lucent provides a specific, detailed explanation of why it believes any

27   specific Dell product infringes any specific claim of any Asserted Patent under Lucent's proposed

28

- 53 -

Exhibit 13
Page 000205

1  claim construction, this Interrogatory is premature, overly broad, unfair, oppressive, and unduly
2  burdensome.

3      Dell objects to the phrase "Computer Product or Computer Peripheral Product" as overly
4  broad.

5      Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's
6  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

7      Consistent with Fed. R. Civ. P. 33(d), Dell objects to providing responses to Interrogatories
8  with information which can be derived from documents that are being produced, and where the
9  burden to derive such information is substantially the same for Lucent as it is for Dell.  Without
10  waiving, and subject to, its general and specific objections, Dell responds as follows:  When Lucent
11  and Dell, after discussion, reach accommodation on an appropriate scope, Dell will produce
12  responsive, non-privileged documents found in its possession, custody, or control after a reasonable
13  search.

14      Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell
15  therefore reserves the right to supplement or amend this response as discovery in this matter
16  progresses, should future investigation indicate that supplementation or amendment is necessary.

17  **INTERROGATORY NO. 18:**

18      Identify each product made, used, licensed, distributed, sold, or offered for sale in the United
19  States, or imported into the United States, by or for Dell between February 20, 1997 and
20  November 10, 2000 (whether separately or as part of a Computer Product), that includes any
21  version of Microsoft NetMeeting and any version of Microsoft Paint (including without limitation,
22  any Computer Product that includes any version of Microsoft Windows 95 OEM Service Pack 2,
23  Microsoft Windows 98, Microsoft Windows 98 SE, Microsoft Windows ME, or Microsoft
24  Windows NT 4.0), and separately for each type of product identified (i.e. model number), state the
25  version of Microsoft NetMeeting and the version of Microsoft Paint included.

26
27
28

- 54 -

Exhibit 13
Page 000206

1    **RESPONSE TO INTERROGATORY NO. 18:**

2        See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

3    incorporates by reference each and every one of its General Objections and further objects on the

4    specific grounds set forth below.

5        Dell objects to this Interrogatory to the extent it seeks information and/or the production of

6    documents that Dell is under an obligation to third parties not to disclose.

7        Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

8    by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

9    or protection.

10       Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

11   proprietary business, technical, marketing, or financial information, or any other confidential

12   information prior to the entry of an appropriate protective order.  Dell will disclose confidential

13   information only after the entry of an appropriate protective order sufficient to guarantee the

14   confidentiality of all such information.

15       Dell further objects that this Interrogatory is compound and contains multiple subparts that

16   should count towards the total number of interrogatories allowed under the Federal Rules of Civil

17   Procedure.

18       Dell objects to this Interrogatory on the ground that the phrases "any version" and "each

19   type of product" renders the request vague, ambiguous, overly broad, oppressive, and unduly

20   burdensome.

21       Dell objects to this Interrogatory as vague and ambiguous or overly broad and not

22   reasonably calculated to the discovery of admissible evidence on the ground that Lucent has defined

23   conjunctions as being disjunctions, but that the interrogatory appears to call for information about

24   each Computer Product that contains both Microsoft NetMeeting and Microsoft Paint.

25       Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, unduly

26   burdensome, seeks information that is not relevant to any claim or defense, and is not reasonably

27   calculated to lead to the discovery of admissible evidence, because it is not limited to Computer

28                                                        - 55 -

Exhibit 13
Page 000207

1  Products that Lucent has accused of infringement, but instead seeks information relating to "any

2  Computer Product" that includes any version of Microsoft Windows 95 OEM Service Pack 2,

3  Microsoft Windows 98, Microsoft Windows 98 SE, Microsoft Windows ME, or Microsoft

4  Windows NT 4.0.  As the party asserting patent infringement, Lucent must identify with specificity

5  the particular Dell or Microsoft products, or portions thereof, it accuses of infringement.

6  Dell further objects to this Interrogatory on the ground that it is premature, overly broad,

7  oppressive, and unduly burdensome at this stage of the litigation.  In particular, Lucent has not yet

8  provided a sufficient explanation of how Microsoft Windows 95 OEM Service Pack 2, Microsoft

9  Windows 98, Microsoft Windows 98 SE, Microsoft Windows ME, or Microsoft Windows NT 4.0

10  allegedly infringe any claim of any Patent-In-Suit.

11  As the party asserting infringement in this action, Lucent has the responsibility of explaining

12  its infringement contentions with specificity before Dell must explain its invalidity and/or

13  unenforceability contentions.  Furthermore, the Court has not yet construed the claims of all of the

14  Asserted Patents.  Until Lucent provides a specific, detailed explanation of why it believes any

15  specific Dell product infringes any specific claim of any Asserted Patent under Lucent's proposed

16  claim construction, this Interrogatory is premature, overly broad, unfair, oppressive, and unduly

17  burdensome.

18  Dell objects to the phrase "Computer Product or Computer Peripheral Product" as overly

19  broad.

20  Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

21  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

22  Consistent with Fed. R. Civ. P. 33(d), Dell objects to providing responses to Interrogatories

23  with information which can be derived from documents that are being produced, and where the

24  burden to derive such information is substantially the same for Lucent as it is for Dell.  Without

25  waiving, and subject to, its general and specific objections, Dell responds as follows:  To the extent

26  Lucent and Dell after discussion reach accommodation on an appropriate scope, Dell will produce

27

28

- 56 -

Exhibit 13
Page 000208

1  responsive, non-privileged documents found in its possession, custody, or control after a reasonable

2  search.

3        Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

4  therefore reserves the right to supplement or amend this response as discovery in this matter

5  progresses, should future investigation indicate that supplementation or amendment is necessary.

6  **INTERROGATORY TO INTERROGATORY NO. 19:**

7        Identify each product made, used, licensed, distributed, sold, or offered for sale in the United

8  States, or imported into the United States, by or for Dell since February 20, 1997 (whether

9  separately or as part of a Computer Product), that includes any version of Microsoft Money,

10  Microsoft Works, Microsoft Works Suite, Microsoft Outlook, Microsoft Outlook with Business

11  Contact Manager, Microsoft Office, Microsoft Pocket PC Expense, and/or Intuit Quicken, and

12  separately for each type of product identified (i.e. model number), state the version of Microsoft

13  Money, Microsoft Works, Microsoft Works Suite, Microsoft Outlook, Microsoft Outlook with

14  Business Contact Manager, Microsoft Office, Microsoft Pocket PC Expense, and Intuit Quicken

15  included.

16        **RESPONSE TO INTERROGATORY NO. 19:**

17        See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

18  incorporates by reference each and every one of its General Objections and further objects on the

19  specific grounds set forth below.

20        Dell objects to this Interrogatory to the extent it seeks information and/or the production of

21  documents that Dell is under an obligation to third parties not to disclose.

22        Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

23  by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

24  or protection.

25        Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

26  proprietary business, technical, marketing, or financial information, or any other confidential

27  information prior to the entry of an appropriate protective order.  Dell will disclose confidential

28        - 57 -

Exhibit 13
Page 000209

1   information only after the entry of an appropriate protective order sufficient to guarantee the

2   confidentiality of all such information.

3        Dell further objects that this Interrogatory is compound and contains multiple subparts that

4   should count towards the total number of Interrogatories allowed under the Federal Rules of Civil

5   Procedure.

6        Dell objects to this Interrogatory on the ground that the phrase "each product . . . whether

7   separately or as part of a Computer Product," "each type of product," and "any version" renders the

8   request vague, ambiguous, overly broad, oppressive, and unduly burdensome.

9        Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, unduly

10  burdensome, seeks information that is not relevant to any claim or defense, and is not reasonably

11  calculated to lead to the discovery of admissible evidence, because it is not limited to Computer

12  Products that Lucent has accused of infringement, but instead seeks information relating to

13  "separately or as part of a Computer Product" that includes any version of Microsoft Money,

14  Microsoft Works, Microsoft Works Suite, Microsoft Outlook, Microsoft Outlook with Business

15  Contact Manager, Microsoft Office, Microsoft Pocket PC Expense, and/or Intuit Quicken." As the

16  party asserting patent infringement, Lucent must identify with specificity the particular Microsoft or

17  Dell products, or portions thereof, it accuses of infringement.

18       Dell further objects to this Interrogatory on the ground that it is premature, overly broad,

19  oppressive, and unduly burdensome at this stage of the litigation.  In particular, Lucent has not yet

20  provided a sufficient explanation of how Microsoft Money, Microsoft Works, Microsoft Works

21  Suite, Microsoft Outlook, Microsoft Outlook with Business Contact Manager, Microsoft Office, and

22  Microsoft Pocket PC Expense allegedly infringe any claim of any Patent-In-Suit.

23       As the party asserting infringement in this action, Lucent has the responsibility of explaining

24  its infringement contentions with specificity before Dell must explain its invalidity and/or

25  unenforceability contentions.  Furthermore, the Court has not yet construed the claims of all of the

26  Asserted Patents.  Until Lucent provides a specific, detailed explanation of why it believes any

27  specific Dell product infringes any specific claim of any Asserted Patent under Lucent's proposed

28                                              - 58 -

Exhibit 13
Page 000210

1    claim construction, this Interrogatory is premature, overly broad, unfair, oppressive, and unduly

2    burdensome.

3        Dell objects to the above request for production on the grounds that it is unduly burdensome

4    in its requests for documents sufficient to show each version of Microsoft Money, Microsoft Works,

5    Microsoft Works Suite, Microsoft Outlook, Microsoft Outlook with Business Contact Manager,

6    Microsoft Office, Microsoft Pocket PC Expense, or Intuit Quicken made, used, licensed,

7    distributed, sold, or offered for sale in the United States, or imported into the United States, by or

8    for Dell since February 20, 1997, whether separately or as part of a Computer Product.

9        Dell objects to the phrase "Computer Product or Computer Peripheral Product" as overly

10   broad.

11       Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

12   Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

13       Consistent with Fed. R. Civ. P. 33(d), Dell objects to providing responses to Interrogatories

14   with information which can be derived from documents that are being produced, and where the

15   burden to derive such information is substantially the same for Lucent as it is for Dell.  Without

16   waiving, and subject to, its general and specific objections, Dell responds as follows:  To the extent

17   Lucent and Dell after discussion reach accommodation on an appropriate scope, Dell will produce

18   responsive, non-privileged documents found in its possession, custody, or control after a reasonable

19   search.

20       Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

21   therefore reserves the right to supplement or amend this response as discovery in this matter

22   progresses, should future investigation indicate that supplementation or amendment is necessary.

23   **INTERROGATORY NO. 20:**

24       Identify each Stylus-Based Product made, used, licensed, distributed, sold, or offered for

25   sale in the United States, or imported into the United States, by or for Dell since February 20, 1997,

26   and separately for each type of product identified (i.e. model number), state the type and version of

27

28

- 59 -

Exhibit 13
Page 000211

1   operating system included with such type of product (e.g., Windows Pocket PC 2002 Premium or

2   Windows XP Tablet PC Edition).

3   **RESPONSE TO INTERROGATORY NO. 20:**

4   See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

5   incorporates by reference each and every one of its General Objections and further objects on the

6   specific grounds set forth below.

7   Dell hereby incorporates by reference each and every one of its General Objections and

8   further objects on the specific grounds set forth below.

9   Dell objects to this Interrogatory to the extent it seeks information and/or the production of

10  documents that Dell is under an obligation to third parties not to disclose.

11  Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

12  by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

13  or protection.

14  Dell further objects that this Interrogatory is compound and contains multiple subparts that

15  should count towards the total number of Interrogatories allowed under the Federal Rules of Civil

16  Procedure.

17  Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

18  proprietary business, technical, marketing, or financial information, or any other confidential

19  information prior to the entry of an appropriate protective order.  Dell will disclose confidential

20  information only after the entry of an appropriate protective order sufficient to guarantee the

21  confidentiality of all such information.

22  Dell specifically objects to the phrase "Stylus-Based Product" as being vague and overly

23  broad.  The phrase "capable of taking any part in" renders the definition vague, ambiguous, overly

24  broad, and unduly burdensome.  Moreover, as used by Lucent to mean "any Computer Product that

25  utilizes a stylus or pen for entering information, including without limitation, personal digital

26  assistants (PDAs) and tablet PCs, and any software capable of taking any part in such utilization of

27  a stylus or pen for entering information," it could encompass products not relevant to the subject

28  - 60 -

Exhibit 13
Page 000212

1  matter allegedly covered by U.S. Patent No. 5,347,295 to Agulnick, et al.  Dell further objects to

2  "type . . . of each Stylus-Based Product" as vague and incapable of being understood.  Dell further

3  objects to this Interrogatory on the ground that it is premature, overly broad, oppressive, and unduly

4  burdensome at this stage of the litigation.  In particular, Lucent has not yet provided a sufficient

5  explanation of how each Stylus-Based Product allegedly infringes any claim of any Patent-In-Suit.

6      Dell objects to this Interrogatory on the ground that the request that Dell identify "each

7  Stylus-Based Product made, used, licensed, distributed, sold, or offered for sale in the United States,

8  or imported into the United States, by or for Dell since February 20, 1997, and separately for each

9  type of product identified (i.e. model number)," is premature and overly broad, oppressive, and

10  unduly burdensome at this early stage of litigation.

11      Dell specifically objects to this request as vague and overly broad, because it would

12  encompass Dell's telephone system.

13      Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

14  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

15      Consistent with Fed. R. Civ. P. 33(d), Dell objects to providing responses to Interrogatories

16  with information which can be derived from documents that are being produced, and where the

17  burden to derive such information is substantially the same for Lucent as it is for Dell.  Without

18  waiving, and subject to, its general and specific objections, Dell responds as follows:  To the extent

19  Lucent and Dell after discussion reach accommodation on an appropriate scope, Dell will produce

20  responsive, non-privileged documents found in its possession, custody, or control after a reasonable

21  search.

22      Dell's discovery in this case has just begun, and Dell's investigation is ongoing.  Dell

23  therefore reserves the right to supplement or amend this response as discovery in this matter

24  progresses, should future investigation indicate that supplementation or amendment is necessary.

25  **INTERROGATORY NO. 21:**

26      Identify each Caller ID Product made, used, licensed, distributed, sold, or offered for sale in

27  the United States, or imported into the United States, by or for Dell between February 20, 1997 and

28  - 61 -

Exhibit 13
Page 000213

1  May 19, 2001, whether made, used, licensed, distributed, sold, offered for sale, or imported

2  separately or as part of a Computer Product or Computer Peripheral Product.

3  **RESPONSE TO INTERROGATORY NO. 21:**

4  See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

5  incorporates by reference each and every one of its General Objections and further objects on the

6  specific grounds set forth below.

7  Dell objects to this Interrogatory to the extent it seeks information and/or the production of

8  documents that Dell is under an obligation to third parties not to disclose.

9  Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

10 by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,

11 or protection.

12 Dell further objects that this Interrogatory is compound and contains multiple subparts that

13 should count towards the total number of Interrogatories allowed under the Federal Rules of Civil

14 Procedure.

15 Dell objects to this Interrogatory to the extent it seeks confidential, trade secret, or

16 proprietary business, technical, marketing, or financial information, or any other confidential

17 information prior to the entry of an appropriate protective order.  Dell will disclose confidential

18 information only after the entry of an appropriate protective order sufficient to guarantee the

19 confidentiality of all such information.

20 Dell objects to this Interrogatory on the ground that the phrase "each Caller ID Product"

21 renders the request vague, ambiguous, overly broad, oppressive, and unduly burdensome.

22 Dell objects to this Interrogatory on the ground that the phrase "imported separately or as

23 part of a Computer Product or Computer Peripheral Product" renders the request vague, ambiguous,

24 overly broad, oppressive, and unduly burdensome.

25 Dell objects to this interrogatory on the ground that the term "Caller ID Product" is vague,

26 ambiguous, overly broad and unduly burdensome, including in its use of the phrases "capable of,"

27 "affecting the display," and "in any way affect the display."  Dell further objects that the phrase

28

- 62 -

Exhibit 13
Page 000214

1   "Caller ID Product . . . used" is overly broad, oppressive, and unduly burdensome. By means of

2   example, the phrase may encompass Dell's PBX telephone system and/or other telecommunications

3   infrastructure or products not believed to be accused of infringement in the instant case.

4       Dell further objects to this Interrogatory on the ground that it is premature, overly broad,

5   oppressive, and unduly burdensome at this stage of the litigation.  In particular, Lucent has not yet

6   provided a sufficient explanation of how each Caller ID Product allegedly infringe any claim of any

7   Patent-In-Suit.

8       As the party asserting infringement in this action, Lucent has the responsibility of explaining

9   its infringement contentions with specificity before Dell must explain its invalidity and/or

10  unenforceability contentions.  Furthermore, the Court has not yet construed the claims of all of the

11  Asserted Patents.  Until Lucent provides a specific, detailed explanation of why it believes any

12  specific Dell product infringes any specific claim of any Asserted Patent under Lucent's proposed

13  claim construction, this Interrogatory is premature, overly broad, unfair, oppressive, and unduly

14  burdensome.

15      Dell objects to the definition "Computer Product or Computer Peripheral Product" on the

16  grounds that the phrases "capable of," "affecting the display," and "in any way affect the display"

17  renders the definition vague, ambiguous, overly broad, and unduly burdensome.

18      Dell objects to the definitions of "Identify" set forth in paragraphs 25-29 of Lucent's

19  Interrogatories on the grounds that these definitions are overly broad and unduly burdensome.

20      Consistent with Fed. R. Civ. P. 33(d), Dell objects to providing responses to Interrogatories

21  with information which can be derived from documents that are being produced, and where the

22  burden to derive such information is substantially the same for Lucent as it is for Dell.  Without

23  waiving, and subject to, its general and specific objections, Dell responds as follows: To the extent

24  Lucent and Dell after discussion reach accommodation on an appropriate scope, Dell will produce

25  responsive, non-privileged documents found in its possession, custody, or control after a reasonable

26  search.

27

28

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S FIFTH SUPPLEMENTAL RESPONSE TO LUCENT'S FIRST SET OF INTERROGATORIES

Exhibit 13
Page 000215

1    Dell's discovery in this case has just begun, and Dell's investigation is ongoing. Dell

2    therefore reserves the right to supplement or amend this response as discovery in this matter

3    progresses, should future investigation indicate that supplementation or amendment is necessary.

4

5                                              As to the objections:

6    Dated:    December 6, 2005                  ARNOLD & PORTER LLP

7

8                                              By: _____

9                                                  Attorney for Dell Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              - 64 -

Exhibit 13
Page 000216