# SCHMIDT DECLARATION
# EXHIBIT 15

1 | Ronald L. Johnston (State Bar No. 57418)
James S. Blackburn (State Bar No. 169134)
2 | ARNOLD & PORTER LLP
1900 Avenue of the Stars, 17th Floor
3 | Los Angeles, California  90067-4408
Telephone:  (310) 552-2500
4 | Facsimile:  (310) 552-1191

5 | Joel M. Freed
Joseph A. Micallef
6 | Sidney A. Rosenzweig
ARNOLD & PORTER LLP
7 | 555 Twelfth Street, N.W.
Washington, D.C.  20004-1206
8 | Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

9 |

10 | Attorneys for *Dell Inc.*

11 | **UNITED STATES DISTRICT COURT**

12 | **SOUTHERN DISTRICT OF CALIFORNIA**

13 |

14 | LUCENT TECHNOLOGIES INC.,              )       Case No. 03-CV-1108 B (LAB)
                                        )
15 |                                        )
                      Plaintiffs,       )       Master Case No.
16 |        v.                             )       02-CV-2060 B (LAB)
                                        )
17 | DELL INC.                             )       [Consolidated with Case Nos.
                                        )       02-CV-2060 B (LAB) and
18 |                      Defendants,      )       CV-0699 B (LAB)]
     and                                 )
19 |                                        )       **DELL'S SECOND SUPPLEMENTAL**
     MICROSOFT CORPORATION,             )       **RESPONSE TO LUCENT'S SECOND**
20 |                                        )       **SET OF INTERROGATORIES (NOS. 22-**
                      Intervenor.       )       **23)**
21 |                                        )
                                        )
22 |                                        )
                                        )
23 |                                        )
                                        )
24 | _____ )

25 |        Dell Inc. ("Dell") hereby responds to the First and Second Sets of Interrogatories to Dell

26 | (the "Interrogatories") by Lucent Technologies, Inc. ("Lucent") as follows:

27 |

28 |

Exhibit 15
Page 000224

**GENERAL STATEMENTS**

A.      Dell incorporates by reference each and every General Objection set forth below into each and every specific response.  From time to time a specific response may restate a General Objection for emphasis or some other reason.  The failure to include any General Objection in any specific response shall not constitute a waiver of any General Objection to that request.

B.      No incidental or implied admissions are intended by the responses herein. The fact that Dell has answered or objected to any interrogatory should not be taken as an admission that Dell accepts or admits the existence of any "fact" set forth or assumed by such interrogatory.  The fact that Dell has answered part of any interrogatory is not intended to be, and shall not be construed to be a waiver by Dell of any part of any objection to the interrogatory.

C.      These responses are made solely for the purpose of this action.  Each response is subject to objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein or any document produced were made by, a witness presented and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.  By responding to Lucent's Interrogatories, Dell does not waive any objection that may be applicable to: (1) the use, for any purpose, by Lucent of any information or documents given in response to Lucent's Interrogatories; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or other documents to any issue in the case.  Dell expressly reserves the right to object to the use of these responses, the subject matter contained herein, or documents produced in connection herewith during any subsequent proceeding, including the trial of this or any other action.

D.      Dell has not completed its investigation of all of the facts relating to this case, has not completed its discovery in this action, and has not completed its preparation for trial.  The answers given herein to the Interrogatories are without prejudice to Dell's rights to produce evidence of any additional facts.  Dell's responses to Lucent's Interrogatories are made based on Dell's present information and belief predicated upon information and writings presently available

- 2 -

Exhibit 15
Page 000225

1  to and located by Dell and its attorneys. Dell's investigation is ongoing; and these responses are

2  subject to supplementation and amendment should future investigation indicate that to be

3  appropriate. Dell also reserves the right to produce or use any documents produced and/or

4  discovered after service of this response in support of or in opposition to any motion, in depositions,

5  or at trial.

6         E.      By stating that it will produce or provide responsive documents or information, Dell

7  makes no representation that any such documents or information exist.

8                              **GENERAL OBJECTIONS**

9         Dell hereby incorporates by reference the general objections listed in Dell's March 29, 2004,

10  response to Lucent's First Set of Interrogatories.

11              **SPECIFIC RESPONSES TO INTERROGATORIES**

12  **INTERROGATORY NO. 22:**

13         For each Asserted Claim of each Asserted Patent, Identify all factual and legal bases for

14  Dell's contention that each Dell Accused Product does not infringe such claim directly (either

15  literally or under the doctrine of equivalents) or indirectly (either by inducement or contributory

16  infringement).

17         **RESPONSE TO INTERROGATORY NO. 22:**

18         See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above. Dell hereby

19  incorporates by reference each and every one of its General Objections in its March 29, 2004

20  response to Lucent's First Set of Interrogatories. Dell further objects to this Interrogatory to the

21  extent it seeks confidential, trade secret, or proprietary business, technical, marketing, or financial

22  information, or any other confidential information prior to the entry of an appropriate protective

23  order. Dell will disclose confidential information only after the entry of an appropriate protective

24  order sufficient to guarantee the confidentiality of all such information.

25         Dell objects to this Interrogatory to the extent it seeks information and/or the production of

26  documents that Dell is under an obligation to third parties not to disclose.

27

28

- 3 -

Exhibit 15
Page 000226

1         Dell objects to this Interrogatory to the extent it seeks information protected from disclosure
2    by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity,
3    or protection.

4         Dell objects that this Interrogatory is compound and contains multiple subparts that should
5    count towards the total number of interrogatories allowed under the Federal Rules of Civil
6    Procedure.

7         Dell objects to this Interrogatory on the ground that the request that Dell "[i]dentify all
8    factual and legal bases" for its noninfringement contentions seeks legal conclusions or presents
9    questions of pure law.

10        Dell objects to this Interrogatory on the ground that the phrase "Dell Accused Product"
11   renders the request vague, ambiguous, overly broad, oppressive, and unduly burdensome, since it
12   seeks information that is not relevant to any claim or defense, and is not reasonably calculated to
13   lead to the discovery of admissible evidence, because it is not limited to products that Lucent has
14   accused of infringement, but instead seeks information relating to any Dell product "that Lucent
15   accuses at *any* time during this litigation of infringement any of the Asserted Claims." Dell further
16   objects that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome to the
17   extent Lucent has generally accused products that are alleged to infringe any of the Asserted Claims
18   directly or indirectly. Dell also objects that this interrogatory is vague, ambiguous, overly broad,
19   and unduly burdensome to the extent Lucent has generally accused products that Lucent can
20   identify "at any time in this litigation in response to Defendants' Interrogatory Nos. 2 and/or 3." As
21   the party asserting patent infringement, Lucent must identify with particularity the Dell products it
22   accuses of infringement.

23        Dell objects to this Interrogatory on the ground that the request is premature and overly
24   broad, oppressive, and unduly burdensome at this early stage of litigation. Lucent has not yet
25   provided an adequate explanation for its assertions regarding whether and how any Dell products
26   meet the precise limitations of any of the specific claims of the asserted patents, either directly or
27   indirectly, literally or under the doctrine of equivalents. Instead, Lucent has done nothing more
28   than state, without explanation, that products or "standards" include the language recited in some of

- 4 -

Exhibit 15
Page 000227

1  the claims of the Asserted Patents.  Lucent also has failed to identify or provide the documents and

2  other information that would support such infringement assertions.  As the party asserting

3  infringement in this action, Lucent has the responsibility of explaining its infringement contentions

4  with specificity before Dell must explain its noninfringement contentions.  Furthermore, the Court

5  has not yet construed the claims of certain Asserted Patents.  Until Lucent provides a specific,

6  detailed explanation of why it believes any specific Dell product infringes any specific claim of any

7  Asserted Patent under Lucent's proposed claim construction, this Interrogatory is premature, overly

8  broad, unfair, oppressive, and unduly burdensome.

9      Dell objects to this Interrogatory on the ground that it is overly broad, oppressive, and

10  unduly burdensome to the extent it requests a separate claim chart for each accused product.

11      Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

12  reserves the right to supplement or amend this response as discovery and claim construction in this

13  matter progress, should future investigation indicate that supplementation or amendment is

14  necessary.

15      Subject to its General Objections and Specific Objections, Dell responds as follows:

16      U.S. Patent No. 4,317,956 ("Torok")

17      Dell hereby incorporates by reference the objections interposed and arguments advanced by

18  Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

19  Torok claim chart, served concurrently herewith.  Dell also responds that Lucent has not and cannot

20  prove that Dell has contributed to or induced the infringement of the Torok patent.  Besides its

21  failure to show direct infringement, Lucent has not alleged that Dell has knowingly aided and

22  abetted the direct infringement by a third party of the Torok patent, and has failed to provide any

23  evidence of any specific intent by Dell to encourage the allegedly infringing acts by third parties.

24      Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

25  reserves the right to supplement or amend this response as discovery and claim construction in this

26  matter progress, should future investigation indicate that supplementation is necessary.

27

28

- 5 -

Exhibit 15
Page 000228

1    U.S. Patent No. 4,763,356 ("Day")

2    Dell hereby incorporates by reference the objections interposed and arguments advanced by

3    Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

4    Day claim chart, served concurrently herewith.  Dell also responds that Lucent has not and cannot

5    prove that Dell has contributed to or induced the infringement of the Day patent.  Besides its failure

6    to show direct infringement, Lucent has not alleged that Dell has knowingly aided and abetted the

7    direct infringement by a third party of the Day patent, and has failed to provide any evidence of any

8    specific intent by Dell to encourage the allegedly infringing acts by third parties.

9    Dell further objects to Lucent's failure to join Intuit Inc. as a necessary and/or indispensable

10   party for Lucent's infringement allegations against Dell relating to Intuit's Quicken product.  Dell

11   further objects to Lucent's failure to pursue discovery against Intuit necessary to establish, among

12   other things, the structure, function, and operation of Intuit's Quicken product.  Lucent's failure to

13   take such discovery makes its interrogatory seeking noninfringement positions particularly

14   premature.  Dell further objects to Lucent's failure to identify a specific version or versions of

15   Quicken at issue in this case.  Subject to all these objections above and in Microsoft's response,

16   Dell responds that a claim chart for Intuit Quicken is attached as Exhibit A hereto.

17   Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

18   reserves the right to supplement or amend this response as discovery and claim construction in this

19   matter progress, should future investigation indicate that supplementation is necessary.

20   U.S. Patent No. 5,347,295 ("Agulnick")

21   Dell hereby incorporates by reference the objections interposed and arguments advanced by

22   Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

23   Agulnick claim chart, served concurrently herewith.  Dell also responds that Lucent has not and

24   cannot prove that Dell has contributed to or induced the infringement of the Agulnick patent.

25   Besides its failure to show direct infringement, Lucent has not alleged that Dell has knowingly

26   aided and abetted the direct infringement by a third party of the Agulnick patent, and has failed to

27   provide any evidence of any specific intent by Dell to encourage the allegedly infringing acts by

28   third parties.

- 6 -

Exhibit 15
Page 000229

Dell further objects to Lucent's failure to join PalmSource Inc., or other companies, as a necessary and/or indispensable party for Lucent's infringement allegations against Dell relating to Palm devices. Dell further objects to Lucent's failure to pursue discovery against PalmSource and/or other companies necessary to establish, among other things, the structure, function, and operation of the Palm devices. Lucent's failure to take such discovery makes its interrogatory seeking noninfringement positions particularly premature. Dell further objects to Lucent's failure to identify a specific version or versions of the Palm devices at issue in this case. Subject to all these objections above and in Microsoft's response, Dell responds that Microsoft's noninfringement claim chart for Microsoft Windows Pocket PC includes noninfringement arguments equally applicable to Lucent's infringement contentions to Dell for Palm devices.

Dell's discovery in this case continues, and Dell's investigation is ongoing. Dell therefore reserves the right to supplement or amend this response as discovery and claim construction in this matter progress, should future investigation indicate that supplementation is necessary.

U.S. Patent No. 5,649,131 ("Ackerman")

Dell hereby incorporates by reference the objections interposed and arguments advanced by Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the Ackerman claim chart, served concurrently herewith, substituting "Dell Web Sites" for "Microsoft Web Sites." Dell also responds that Lucent has not and cannot prove that Dell has contributed to or induced the infringement of the Ackerman patent. Besides its failure to show direct infringement, Lucent has not alleged that Dell has knowingly aided and abetted the direct infringement by a third party of the Ackerman patent, and has failed to provide any evidence of any specific intent by Dell to encourage the allegedly infringing acts by third parties.

Dell's discovery in this case continues, and Dell's investigation is ongoing. Dell therefore reserves the right to supplement or amend this response as discovery and claim construction in this matter progress, should future investigation indicate that supplementation is necessary.

U.S. Patent No. 4,383,272 ("Netravali")

Dell hereby incorporates by reference the objections interposed and arguments advanced by Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

- 7 -

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S SECOND SUPPLEMENTAL RESPONSE TO LUCENT'S SECOND SET OF INTERROGATORIES

Exhibit 15
Page 000230

1  Netravali claim chart, served concurrently herewith.  Dell also responds that Lucent has not and

2  cannot prove that Dell has contributed to or induced the infringement of the Netravali patent.

3  Besides its failure to show direct infringement, Lucent has not alleged that Dell has knowingly

4  aided and abetted the direct infringement by a third party of the Netravali patent, and has failed to

5  provide any evidence of any specific intent by Dell to encourage the allegedly infringing acts by

6  third parties.

7        Dell further objects to Lucent's failure to join non-Microsoft companies alleged to provide

8  MPEG-1 and –2 encoders or decoders purportedly sold by Dell as necessary and/or indispensable

9  parties for Lucent's infringement allegations against Dell relating to those companies' products.

10  Dell further objects to Lucent's failure to pursue discovery against these non-parties necessary to

11  establish, among other things, the structure, function, and operation of products alleged by Lucent

12  to infringe the Netravali patent.  Lucent's failure to take such discovery makes its interrogatory

13  seeking noninfringement positions particularly premature. Subject to all these objections above and

14  in Microsoft's response, Dell responds that Microsoft's noninfringement claim chart for Microsoft's

15  Accused Products include noninfringement arguments equally applicable to Lucent's infringement

16  contentions for Dell Accused Products.

17        Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

18  reserves the right to supplement or amend this response as discovery and claim construction in this

19  matter progress, should future investigation indicate that supplementation is necessary.

20        U.S. Patent No. 4,958,226 ("Haskell")

21        Dell hereby incorporates by reference the objections interposed and arguments advanced by

22  Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

23  Haskell claim chart, served concurrently herewith.  Dell also responds that Lucent has not and

24  cannot prove that Dell has contributed to or induced the infringement of the Haskell patent.  Besides

25  its failure to show direct infringement, Lucent has not alleged that Dell has knowingly aided and

26  abetted the direct infringement by a third party of the Haskell patent, and has failed to provide any

27  evidence of any specific intent by Dell to encourage the allegedly infringing acts by third parties.

28

- 8 -

Exhibit 15
Page 000231

1   Dell further objects to Lucent's failure to join non-Microsoft companies alleged to provide

2   MPEG-1 and –2 encoders or decoders purportedly sold by Dell as necessary and/or indispensable

3   parties for Lucent's infringement allegations against Dell relating to those companies' products.

4   Dell further objects to Lucent's failure to pursue discovery against these non-parties necessary to

5   establish, among other things, the structure, function, and operation of products alleged by Lucent

6   to infringe the Haskell patent.  Lucent's failure to take such discovery makes its interrogatory

7   seeking noninfringement positions particularly premature.  Subject to all these objections above and

8   in Microsoft's response, Dell responds that Microsoft's noninfringement claim chart for Microsoft's

9   Accused Products include noninfringement arguments equally applicable to Lucent's infringement

10  contentions for Dell Accused Products.

11  Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

12  reserves the right to supplement or amend this response as discovery and claim construction in this

13  matter progress, should future investigation indicate that supplementation is necessary.

14  U.S. Patent No. 5,227,878 ("Puri")

15  Dell hereby incorporates by reference the objections interposed and arguments advanced by

16  Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

17  Puri claim chart, served concurrently herewith.  Dell also responds that Lucent has not and cannot

18  prove that Dell has contributed to or induced the infringement of the Puri patent.  Besides its failure

19  to show direct infringement, Lucent has not alleged that Dell has knowingly aided and abetted the

20  direct infringement by a third party of the Puri patent, and has failed to provide any evidence of any

21  specific intent by Dell to encourage the allegedly infringing acts by third parties.

22  Dell further objects to Lucent's failure to join non-Microsoft companies alleged to provide

23  MPEG-1 and –2 encoders or decoders purportedly sold by Dell as necessary and/or indispensable

24  parties for Lucent's infringement allegations against Dell relating to those companies' products.

25  Dell further objects to Lucent's failure to pursue discovery against these non-parties necessary to

26  establish, among other things, the structure, function, and operation of products alleged by Lucent

27  to infringe the Puri patent.  Lucent's failure to take such discovery makes its interrogatory seeking

28  noninfringement positions particularly premature. Subject to all these objections above and in

- 9 -

Exhibit 15
Page 000232

1   Microsoft's response, Dell responds that Microsoft's noninfringement claim chart for Microsoft's

2   Accused Products include noninfringement arguments equally applicable to Lucent's infringement

3   contentions for Dell Accused Products.

4       Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

5   reserves the right to supplement or amend this response as discovery and claim construction in this

6   matter progress, should future investigation indicate that supplementation is necessary.

7       U.S. Patent No. 4,617,676 ("Jayant")

8       Dell hereby incorporates by reference the objections interposed and arguments advanced by

9   Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

10  Jayant claim chart, served concurrently herewith.  Dell also responds that Lucent has not and cannot

11  prove that Dell has contributed to or induced the infringement of the Jayant patent.  Besides its

12  failure to show direct infringement, Lucent has not alleged that Dell has knowingly aided and

13  abetted the direct infringement by a third party of the Jayant patent, and has failed to provide any

14  evidence of any specific intent by Dell to encourage the allegedly infringing acts by third parties.

15      Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

16  reserves the right to supplement or amend this response as discovery and claim construction in this

17  matter progress, should future investigation indicate that supplementation is necessary.

18      U.S. Patent No. 4,701,954 ("Atal")

19      Dell hereby incorporates by reference the objections interposed and arguments advanced by

20  Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

21  Atal claim chart, served concurrently herewith.  Dell also responds that Lucent has not and cannot

22  prove that Dell has contributed to or induced the infringement of the Atal patent.  Besides its failure

23  to show direct infringement, Lucent has not alleged that Dell has knowingly aided and abetted the

24  direct infringement by a third party of the Atal patent, and has failed to provide any evidence of any

25  specific intent by Dell to encourage the allegedly infringing acts by third parties.

26      Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

27  reserves the right to supplement or amend this response as discovery and claim construction in this

28  matter progress, should future investigation indicate that supplementation is necessary.

- 10 -

Exhibit 15
Page 000233

1    U.S. Patent No. 4,910,781 ("Ketchum")

2    Dell hereby incorporates by reference the objections interposed and arguments advanced by

3    Microsoft in Exhibit A of its response to Lucent Interrogatory No. 20 to Microsoft, including the

4    Ketchum claim chart, served concurrently herewith.  Dell also responds that Lucent has not and

5    cannot prove that Dell has contributed to or induced the infringement of the Ketchum patent.

6    Besides its failure to show direct infringement, Lucent has not alleged that Dell has knowingly

7    aided and abetted the direct infringement by a third party of the Ketchum patent, and has failed to

8    provide any evidence of any specific intent by Dell to encourage the allegedly infringing acts by

9    third parties.

10    Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

11    reserves the right to supplement or amend this response as discovery and claim construction in this

12    matter progress, should future investigation indicate that supplementation is necessary.

13    U.S. Patent No. 4,582,956 ("Doughty") and U.S. Patent No. 4,439,739 ("Fleming")

14    Based on the investigation to date, and subject to its previously stated general and specific

15    objections, Dell contends that the products accused by Lucent in its infringement contention charts

16    contained in Exhibit C to Lucent's Supplemental Response to the First Set of Interrogatories ("Dell

17    Accused Products") do not infringe the Asserted Claims of the Doughty or Fleming patents, either

18    literally or under the doctrine of equivalents.  The Dell Accused Products do not infringe those

19    claims either directly or indirectly, as specified below.

20    Dell objects to providing noninfringement contentions regarding the doctrine of equivalents

21    for the Doughty patent because Lucent has failed to provide any infringement contentions for the

22    Doughty or Fleming patents concerning the doctrine of equivalents, which were sought by Dell's

23    interrogatory seeking Lucent's infringement contentions.  It is Lucent's burden to prove

24    infringement, either literally or under the doctrine of equivalents.  Lucent has made no effort to

25    carry its burden for the doctrine of equivalents for the Doughty or Fleming patents and thus has

26    waived infringement under this doctrine for both patents.  Accordingly, Dell does not address the

27    doctrine of equivalents for the Doughty and Fleming patents.  Dell reserves the right, however, to

28

- 11 -

Exhibit 15
Page 000234

1  provide its doctrine of equivalents contentions should the Court find that a waiver has not occurred

2  and after Lucent provides specific infringement contentions under the doctrine of equivalents.

3      Dell objects to providing noninfringement contentions regarding contributory infringement

4  for the Doughty and Fleming patents because Lucent has failed to provide contentions for the

5  Doughty and Fleming patents concerning contributory infringement, which were sought by Dell's

6  interrogatory seeking Lucent's infringement contentions.  It is Lucent's burden to prove contributory

7  infringement.  Lucent has made no effort to carry its burden for contributory infringement for the

8  Doughty and Fleming patents and thus has waived any attempt to prove contributory infringement.

9  Accordingly, Dell does not address contributory infringement for the Doughty and Fleming patents.

10  Dell reserves the right, however, to provide its contributory infringement contentions should the

11  Court find that a waiver has not occurred and after Lucent provides specific contributory

12  infringement contentions.

13      Dell also objects to Lucent's failure to identify adequate corresponding structures for means-

14  plus-function elements in the asserted claims of the Doughty and Fleming patents.  It is Lucent's

15  burden to prove infringement, and, under 35 U.S.C. § 112(6), Lucent must prove that the Dell

16  Accused Products include structures that are identical or equivalent to structures in the Doughty

17  patent specification that perform the identical function stated for each means-plus-function element.

18  Lucent has provided inadequate contentions concerning Section 112(6) structures.

19      Dell does not induce infringement of the Doughty and Fleming patents for at least the

20  following reasons.  First, Lucent has not and cannot prove that the claims of the Doughty and

21  Fleming patents are directly infringed and thus cannot prove inducement by Dell.  Second, Lucent

22  has not alleged that Dell knowingly aided or abetted the direct infringement by a third party of the

23  Doughty or Fleming patent.  Third, Lucent has not provided any evidence of specific intent by Dell

24  to encourage the allegedly infringing acts by third parties.

25      Dell further objects to Lucent's failure to join third parties, such as modem manufacturers,

26  video adapter manufacturers, and video BIOS developers, who provide the infringing products

27  purportedly sold by Dell as necessary and/or indispensable parties for Lucent's infringement

28  allegations against Dell relating to those companies' products.  Dell further objects to Lucent's

- 12 -

Exhibit 15
Page 000235

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S SECOND SUPPLEMENTAL RESPONSE TO LUCENT'S SECOND SET OF INTERROGATORIES

1    failure to pursue discovery against these non-parties necessary to establish, among other things, the

2    structure, function, and operation of products alleged by Lucent to infringe the Doughty and

3    Fleming patents.  Lucent's failure to take such discovery makes its interrogatory seeking

4    noninfringement positions particularly premature.  Subject to all these objections above, Dell

5    responds that the following discussions summarize how the Dell Accused Products do not satisfy at

6    least one of the elements or limitations of each of the Asserted Claims of the Doughty and Fleming

7    patents.

8                    (i)      U.S. Patent No. 4,582,956 ("Doughty")

9            The Dell accused products do not infringe any of the asserted claims of the Doughty '956

10   Patent because all of the asserted claims require an "unmodulated" signal and neither the "channel

11   seizure" signal nor the "mark" signal of the Caller ID standard constitute an "unmodulated" signal

12   as Lucent defined that term during prosecution.  Thus, there can be no literal infringement.  In

13   addition, because Lucent's particular definition of "unmodulated" signal was made to overcome the

14   prior art, Lucent is entitled to no range of equivalents.  In addition, even if it is assumed that the

15   "channel seizure" and/or "mark" signals are "unmodulated" signals, the Dell accused products are

16   neither "responsive" to nor do they "detect[]" an unmodulated signal as required by the claims of the

17   '956 Patent.  Further, Lucent has made no effort to show that the display and storage of special

18   service information occurs between the ringing signals.

19           Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore

20   reserves the right to supplement or amend this response as discovery and claim construction in this

21   matter progress, should future investigation indicate that supplementation is necessary.

22                   (ii)     U.S. Patent No. 4,439,759 ("Fleming")

23           Dell's accused products do not infringe any of the asserted claims of the Fleming '759

24   Patent for at least the following reasons: (1) the accused products do not have an in-use foreground

25   color and an in-use background color as required by claim 1; (2) the accused products do not have a

26   first mode of access wherein an in-use foreground color is directly specified as a color data value as

27   required by claim 1; (3) the accused products do not have a second mode of access wherein the in-

28   use foreground color is specified as an index into the color memory as required by claim 1; (4) even

- 13 -

Exhibit 15
Page 000236

1   if, *arguendo*, the accused products have a second mode of access wherein the in-use foreground

2   color is specified as an index into the color memory, the accused products lack a distinct third mode

3   of access wherein the in-use foreground color and an in-use background color are specified as

4   indexes into the color memory as required by claim 1; (5) the accused products do not select a mode

5   of access to color memory or color data values as required by claims 1-4; (6) the accused products

6   are not responsive to a second command for setting a color data value in the color memory as

7   required by claim 2; (7) the accused products do not use, and/or are not responsive to, a command

8   and data sequence to select a mode of access to color memory or color data values as required by

9   claims 1-4; (8) the accused products do not have a structure that is the same as or equivalent to the

10  structure corresponding to the processing means recited in claims 1-3; (9) the accused products are

11  not terminal independent as required by claims 1-4; and (10) the accused products do not read a

12  third command for accessing color data values in the color memory as required by claim 4.

13       Dell's discovery in this case continues, and Dell's investigation is ongoing. Dell therefore

14  reserves the right to supplement or amend this response as discovery and claim construction in this

15  matter progress, should future investigation indicate that supplementation is necessary.

16

17       **<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22:</u>**

18       Dell further responds that it does not infringe the Netravali patent because its products do

19  not select related locations based on displacement of objects. Rather, Dell's video decoding

20  products operate on a block basis and are told by the incoming bit stream which locations to use in

21  the interpolation process.

22       Dell further responds that its products do not infringe the Haskell patent because the MPEG

23  decoding software employed in those products utilizes structures that are neither identical nor

24  equivalent to the disclosed corresponding structure. For example, the MMX instructions employed

25  in Dell's codecs and the Macroblock-by-Macroblock treatment of B-Frames is after-developed

26  technology and operates in a substantially different way from the structures disclosed in the patent.

27  Dell further responds that Lucent has failed to provide any evidence that Dell systems perform the

28  functionality claimed in the Doughty patent between the recited rings as claimed. It also responds

- 14 -

Exhibit 15
Page 000237

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S SECOND SUPPLEMENTAL RESPONSE TO LUCENT'S SECOND SET OF INTERROGATORIES

1  that Dell's Axim products employ a digitizer placed above the screen, a structure the Agulnick

2  patent disclaims.

3  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22:**

4      Dell hereby incorporates by reference the arguments advanced by Gateway and Microsoft in

5  their respective interrogatory responses and/or contentions with respect to non-infringement of each

6  Asserted Claim of each Asserted Patent to the extent those arguments are equally applicable to Dell

7  products and/or activities.

8  **INTERROGATORY NO. 23:**

9      For each Asserted Claim of each Asserted Patent, Identify all factual and legal bases for

10  Dell's contention that it does not willfully infringe and has not willfully infringed such claim,

11  including without limitation, an identification and description of how and when Dell first became

12  aware of each such Asserted Patent.

13  **RESPONSE TO INTERROGATORY NO. 23:**

14      See **GENERAL STATEMENTS** and **GENERAL OBJECTIONS** above.  Dell hereby

15  incorporates by reference each and every one of its General Objections in its March 29, 2004

16  response to Lucent's First Set of Interrogatories and the general objections listed in Dell's June 30,

17  2004 response to Lucent's Second Set of Interrogatories (Nos. 22-23).  Dell further objects to this

18  Interrogatory to the extent it seeks confidential, trade secret, or proprietary business, technical,

19  marketing, or financial information, or any other confidential information.

20      Dell objects to this Interrogatory to the extent it seeks information and/or the production of

21  documents that Dell is under an obligation to third parties not to disclose.

22      Dell objects to this Interrogatory to the extent it seeks information protected from disclosure

23  by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity

24  or protection.

25      Dell objects that this Interrogatory is compound and contains multiple subparts that should

26  count towards the total number of interrogatories allowed under the Federal Rules of Civil

27  Procedure.

28

- 15 -

Exhibit 15
Page 000238

1    Dell objects to this Interrogatory on the ground that the phrase "how and when Dell became

2    aware of" renders the request vague, ambiguous, overly broad, oppressive, unduly burdensome,

3    seeks information that is not relevant to any claim or defense, and is not reasonable calculated to

4    lead to the discovery of admissible evidence.

5    Dell objects to this Interrogatory on the ground that the request that Dell "[i]dentify all

6    factual and legal bases for Dell's contention that it does not willfully infringe and has not willfully

7    infringed such claim" is premature and is overly broad, oppressive, and unduly burdensome at this

8    early stage of litigation. Dell further objects to this Interrogatory on the ground that the request that

9    Dell "[i]dentify all factual and legal bases that it does not willfully infringe and has not willfully

10   infringed such claim" seeks legal conclusions or presents questions of pure law.

11   Dell objects to this Interrogatory on the ground that the request that Dell identify the persons

12   knowledgeable with respect to its willfulness contentions and "identification and description of how

13   and when Dell first became aware of each such Asserted Claim of each Patent-In-Suit" likewise is

14   premature and is overly broad, oppressive, and unduly burdensome at this early stage of litigation.

15   Dell objects to this Interrogatory to the extent it requests Dell to provide information that has

16   been provided in response to another interrogatory propounded by Lucent.

17   Subject to and without waiving the foregoing General Objections and Specific Objections

18   and to the extent Dell understands this Interrogatory, Dell responds that Lucent informed Dell of the

19   existence of the Atal, Doughty, Fleming, Haskell, Jayant, Ketchum, Netravali, Puri, and Torok

20   patents on or before December 16, 1998. Nonetheless, Lucent did not assert the Atal, Jayant, and

21   Netravali patents as counts in its Complaint against Dell, and added those patents in its Amended

22   Complaint filed July 21, 2003. Lucent informed Dell of the existence of the Ackerman and Day

23   patents on or before July 31, 2001. Dell did not have independent knowledge of any of the

24   aforementioned patents independent of Lucent's attempt to secure a license from Dell. Dell became

25   aware of the Agulnick patent on or before February 20, 2003, when Lucent sued Dell on this patent.

26   Lucent had previously sued Gateway, Inc. on this patent, although Dell had never been approached

27   for a license or accused of infringement. Dell further responds that Dell's allegedly infringing

28   products and actions have been well known in the computer industry for many years. Lucent was

- 16 -

Exhibit 15
Page 000239

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S SECOND SUPPLEMENTAL RESPONSE TO LUCENT'S SECOND SET OF INTERROGATORIES

aware of Dell's belief that it was not infringing Lucent's patents.  Yet, Lucent failed to take action against Dell and also failed to articulate appropriately how the Asserted Claims of the Asserted Patents were purportedly being read on Dell's products.

Dell's discovery in this case continues, and Dell's investigation is ongoing.  Dell therefore reserves the right to supplement or amend this response as discovery and claim construction in this matter progress, should future investigation indicate that supplementation is necessary.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23:

Dell additionally responds that Lucent has not yet adequately described the basis for its belief that Dell did not act reasonably or that Dell committed willful infringement.  Moreover, since the earliest contacts between Dell and Lucent concerning Lucent patents Dell has cooperated in discussions of Lucent's assertions in order to better understand the patents at issue and to understand Lucent's theories as to how Dell might infringe.  Despite these efforts Lucent refused on several occasions to provide adequate answers to Dell inquiries concerning Lucent's assertions.  During the time period of those discussions, moreover, Dell developed many substantial defenses to Lucent's assertions and shared many of those defenses with Lucent.  Dell has continued to develop those defenses as time has progressed and the case has moved forward, supplying Dell additional confidence that it does not infringe any valid claim of Lucent's asserted patents.

### SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23:

Dell supplements and amends its response to state that Lucent informed Dell of the existence of the Fleming, Netravali, Puri, Haskell, Doughty and Torok patents no earlier than December 16, 1998.  Lucent informed Dell of the existence of the Atal, Jayant, Ketchum and Day patents no earlier than July 31, 2001.  Lucent informed Dell of the existence of the Ackerman patent no earlier than July 20, 2001.  Nonetheless, Lucent did not assert the Atal, Jayant, and Netravali patents as counts in its Complaint against Dell, and added those patents in its Amended Complaint filed July 21, 2003.  Dell did not have knowledge of any of the aforementioned patents independent of Lucent's attempt to secure a license from Dell.  Dell became aware of the Agulnick patent no earlier than February 20, 2003, when Lucent sued Dell on this patent.  Lucent had previously sued

- 17 -

Exhibit 15
Page 000240

1  Gateway, Inc. on this patent, although Dell had never been approached for a license or accused of

2  infringement.

3       Dell further supplements its response as follows:  Dell responds that Dell's allegedly

4  infringing products and actions have been well known in the computer industry for many years.

5  Lucent was aware of Dell's belief that it was not infringing Lucent's patents.  Yet, Lucent failed to

6  take action against Dell and also failed to articulate appropriately how the Asserted Claims of the

7  Asserted Patents were purportedly being read on Dell's products.  As part of that failure, Lucent

8  knew that Dell -- with rare exceptions among the patents in suit -- did not write the computer

9  software accused of infringement in this case; yet Lucent would not identify to Dell any specific

10  products that infringed.

11       The available evidence demonstrates that Dell acted reasonably and with due care after

12  being informed of Lucent's alleged patent rights.  Upon being informed of some of the Lucent

13  patents in 1998, Dell, at Lucent's invitation, entered into good faith discussions with Lucent as to

14  the scope and reach of the specific patents identified to Dell.  At meetings and in written

15  communications with Lucent, Dell explained to Lucent why it did not infringe Lucent's patents

16  and/or that it had viable defenses.  During this time, Lucent was aware of and acquiesced to Dell's

17  continued sale of products Lucent alleged were covered by the disputed patents and at no time

18  demanded that Dell halt production or sales of allegedly infringing products.  This course of

19  conduct demonstrates that Dell exercised due care in the wake of Lucent's allegations and that

20  Lucent itself considered Dell's course of conduct to be reasonable.

21       Other factors further demonstrate that, under the totality of the circumstances, Dell's

22  conduct was reasonable and non-willful.  First, Dell did not copy any designs of Lucent or anyone

23  else, nor is there any evidence of such copying.  Dell sources most of the accused computer

24  components from third-party suppliers (*e.g.*, DVD decoding software, Microsoft Windows, Intuit

25  Quicken, telephony modems, video graphics cards, personal digital assistants, etc).  Because Dell

26  did not design these systems and is not privy to their internal workings, Dell could not have

27  copied any products to the extent they can be considered to be covered by any Lucent patent.

28

Exhibit 15
Page 000241

1    Moreover, Dell's conduct in this litigation has been in good faith and Dell has not attempted

2    to conceal any alleged misconduct.  Dell has produced, or will have produced prior to the close of

3    discovery, all known non-privileged documents that are responsive to Lucent's discovery requests.

4    As demonstrated and explained by Dell during the negotiations described above, and as evidenced

5    by the fact that Lucent in this litigation has renounced the theory by which it accused Dell of

6    infringing the Fleming '759 patent, there are, at a minimum, serious questions as to the validity,

7    enforceability and/or alleged infringement of the asserted patents.  As noted above, Lucent did not

8    even identify a number of the patents in suit until several years after the parties began discussing

9    Lucent's initial list of patents, which presumably represented the patents for which Lucent believed

10   it had the best case for infringement.  Moreover, Dell is confident that the non-infringement,

11   invalidity, and unenforceability defenses set forth in its expert reports and expert rebuttal reports,

12   and presented at trial will exonerate Dell of Lucent's charges of infringement.  At a minimum, no

13   reasonable jury could find that Dell's defenses do not at least render the case very close.  These

14   factors also mitigate against a finding of willfulness.

15       In addition, there is no period during which Dell has continued alleged misconduct in the

16   face of a finding by any body of competent jurisdiction that the patents-in-suit are valid, enforceable

17   and infringed.  For instance, there is no situation in which Dell has been found to infringe yet

18   continues to sell infringing products during a stay of injunction pending appeal.  Indeed, Dell is not

19   aware of Lucent securing a judgment of infringement by any third-party for any of the asserted

20   patents by any court for any product.

21       Finally, the objective evidence demonstrates that Dell's sales of allegedly infringing

22   products was not motivated by a desire to harm Lucent through unfair trade practices or otherwise.

23   In particular, Lucent is not and has not been present as a competitor in the personal computer

24   market space.  Thus, Dell's sales of allegedly infringing computers has not reduced Lucent's market

25   share or caused lost profits due to lost sales.  Moreover, because Dell is not the designer of the

26   allegedly infringing components of its computer systems, it has not had control of how these

27   components operate with respect to Lucent's patents.

28

- 19 -

Exhibit 15
Page 000242

1

2                                        ARNOLD & PORTER LLP

3

4      January 27, 2006

5

6                                  By:  _____

7                                        Attorney for Dell Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 03-CV-1108 B (LAB) – MASTER CASE NO. 02 CV 2060 B (LAB)
DELL'S SECOND SUPPLEMENTAL RESPONSE TO LUCENT'S SECOND SET OF INTERROGATORIES

Exhibit 15
Page 000243