# SCHMIDT DECLARATION
# EXHIBIT 20

1  | Bryan Farney, Esq. (admitted *pro hac vice*)
   | Steven R. Daniels, Esq. (SBN 235398)
2  | Jeffrey B. Plies, Esq. (admitted *pro hac vice*)
   | DECHERT LLP
3  | 300 West 6th Street, Suite 1850
   | Austin, Texas 78701-2478
4  | Telephone: (512) 394-3000
   | Facsimile: (512) 394-3001
5  |
   | David J. Zubkoff, Esq. (SBN 149488)
6  | SELTZER CAPLAN McMAHON VITEK
   | 750 "B" Street, Suite 2100
7  | San Diego, CA 92101
   | Telephone: (619) 685-3003
8  | Facsimile: (619) 685-3100
9  | Attorneys for Defendants and Counter-Claimants
   | GATEWAY, INC., GATEWAY COUNTRY STORES LLC,
10 | GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING
   | LLC and COWABUNGA ENTERPRISES, INC.
11 |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST, | Case No. 02-CV-2060 B (CAB) consolidated with |
| Plaintiffs, | Case No. 03-CV-1108 B (CAB) Case No. 03-CV-0699 B (CAB) |
| vs. | **GATEWAY'S OBJECTIONS AND RESPONSES TO MULTIMEDIA** |
| GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC. | **PATENT TRUST'S FIRST SET OF INTERROGATORIES AND LUCENT'S FOURTH SET OF INTERROGATORIES** |
| Defendants, | |
| and | |
| MICROSOFT CORPORATION | |
| Intervenor. | |
| AND CONSOLIDATED CASES | |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure,

Defendants Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway

Exhibit 20
Page 000345

Manufacturing LLC, and Cowabunga Enterprises, Inc. (collectively "Gateway") hereby object and respond to Plaintiff Multimedia Patent Trust's ("MPT") First Set of Interrogatories and Plaintiff Lucent Technology Inc.'s ("Lucent") Fourth Set of Interrogatories to Gateway, dated March 23, 2007.

## GENERAL STATEMENTS

1.      Gateway incorporates by reference each and every general objection set forth below into each specific response.  The specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2.      By responding to MPT's First Set of Interrogatories and Plaintiff Lucent Technology Inc.'s ("Lucent") Fourth Set of Interrogatories, Gateway does not waive any objection that may be applicable to:  (a) the use, for any purpose, by MPT and Lucent (collectively, "Plaintiffs") of any information or documents given in response to MPT's First Set of Interrogatories and Plaintiff Lucent Technology Inc.'s ("Lucent") Fourth Set of Interrogatories; or (b) the admissibility, relevancy, or materiality of any of the information or documents to any issue in this case.

3.      No incidental or implied admissions are intended by the responses herein.  The fact that Gateway has answered or objected to any interrogatory or document request should not be taken as an admission that Gateway accepts or admits the existence of any "fact" set forth or assumed by such interrogatory or document request.

4.      Gateway's responses to MPT's First Set of Interrogatories and Plaintiff Lucent Technology Inc.'s ("Lucent") Fourth Set of Interrogatories are made to the best of Gateway's present knowledge, information, and belief.  Gateway reserves the right to supplement and amend these responses should future investigation indicate that such supplementation or amendment is necessary.  Gateway reserves the right to make any use of, or to introduce at any hearing and at trial, information or documents that are responsive to MPT's First Set of Interrogatories and Plaintiff Lucent Technology Inc.'s ("Lucent") Fourth Set of Interrogatories, but discovered subsequent to Gateway's service of these responses, including, but not limited to,

-2-

Exhibit 20
Page 000346

any information or documents obtained in discovery herein.

5.    By stating that it will provide information in response to any particular interrogatory, Gateway makes no representation that any such information exist.

## GENERAL OBJECTIONS

1.    Gateway objects to each and every interrogatory to the extent that it purports, through Plaintiffs' instructions, definitions or otherwise, to impose burdens or duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure.

2.    Gateway objects to each and every interrogatory and document request to the extent that it is overbroad, unduly burdensome, oppressive, or constitutes an abuse of process, particularly when the interrogatory or document request is unduly burdensome in view of the cost necessary to investigate weighed against Plaintiffs' need for the information or document.

3.    Gateway objects to each and every interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, protection, or doctrine.  The production of any privileged information or document by Gateway is unintentional, and Gateway does not intend to waive any applicable objection or privilege as a result of such production.  Except for items Gateway may from time to time decide to include, Gateway will not log protected items in connection with or in relation to the subject of this litigation dated subsequent to its commencement.

4.    Gateway objects to each and every interrogatory to the extent that it calls for a legal conclusion.  Any responses or the production of documents by Gateway shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiffs' interrogatories or document requests.

5.    Gateway objects to each and every interrogatory to the extent that it seeks information or documents already in the possession of Plaintiffs or in the public domain and that are as readily available to Plaintiffs as they are to Gateway.

6.    Gateway objects to each and every interrogatory to the extent that it seeks information or documents that Plaintiffs can obtain from Microsoft Corporation or Dell Inc. just as readily as from Gateway.

-3-

Exhibit 20
Page 000347

7.     Gateway objects to each and every interrogatory to the extent that it seeks information or documents beyond Gateway's possession, custody, or control, or that calls for Gateway to prepare documents or things that do not currently exist.

8.     Gateway objects to each and every interrogatory to the extent that it seeks information or documents that are cumulative or duplicative of information or documents already provided by Gateway.

9.     Gateway objects to each and every interrogatory as overbroad and unduly burdensome to the extent that it is unlimited in temporal scope or otherwise not limited to a time frame relevant to this litigation.

10.    Gateway objects to each and every interrogatory to the extent that it seeks documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11.    Gateway objects to each and every interrogatory to the extent that it seeks disclosure of confidential information prior to entry of a suitable protective order with Multimedia Patent Trust's and Plaintiffs' compliance with the terms thereof.

12.    Gateway objects to each and every interrogatory to the extent that it seeks information or documents that Gateway is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

13.    Gateway objects to each and every interrogatory to the extent that it is vague and ambiguous.

14.    Gateway objects to each and every interrogatory to the extent that it is duplicative of any other discovery request.

15.    Gateway objects to each and every interrogatory to the extent that it lacks foundation or assumes facts that are incorrect or unknown to Gateway.

16.    Gateway objects to each and every interrogatory to the extent that it seeks discovery of material within the scope of Federal Rules of Civil Procedure 26(b)(4), and therefore constitutes an improper and premature attempt to conduct discovery of expert opinion.

17.    Gateway objects to all instructions, definitions, and interrogatories to the extent

-4-

Exhibit 20
Page 000348

that they ask for information or documents "relating to" the subject matter of the request on the grounds that such instructions, definitions, interrogatories, and document requests are overly broad and impermissibly seek the mental impressions and thoughts of counsel in violation of the work product doctrine.

18.     Gateway objects to each and every interrogatory to the extent that it purports to attribute any special or unusual meaning to any technical terms or phrases.

19.     Gateway objects to each and every interrogatory, and to the accompanying definitions and instructions to the extent that they purport to alter the plain meaning and/or scope of any specific request and thereby render such request vague, ambiguous, overly broad, and uncertain.

## SPECIFIC OBJECTIONS AND RESPONSES
## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all factual and legal bases of Count XX ("Breach of Contract – Alleged Assignment to MPT") of Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this counterclaim.

**RESPONSE TO INTERROGATORY NO. 1:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below.  Gateway objects to this interrogatory to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control.  Gateway objects to this interrogatory as overbroad and unduly burdensome.  Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.  Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that

-5-

Exhibit 20
Page 000349

Gateway is under an obligation not to disclose.  Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed.  Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

As the result of Lucent's assignment of the Haskell,  Netravali,  Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors,  Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio.  Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future.   The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali  Patent announced a pending merger with Alcatel S.A., a French telecommunications company.  Alcatel S.A. is a participant in the MPEG LA licensing consortium.  As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard.  Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents.  On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust.  That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past

-6-

Exhibit 20
Page 000350

infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

By virtue of its establishment of MPT and the assignment of patents that Lucent and MPT allege are required to practice the MPEG LA standard, Alcatel-Lucent breached its agreement with MPEG-LA and Gateway and damaged Gateway by depriving Gateway of the benefit of being able to rely upon the applicable MPEG standards and its portfolio license thereto. As a result of this breach of contract, Gateway incurred damages, including but not limited to fees and costs associated with the defense of this action.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 2:**

Identify all factual and legal bases for Count XXI ("Breach of Contract –MPEG LA – Third Party Beneficiary") of Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this counterclaim.

**RESPONSE TO INTERROGATORY NO. 2:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the

-7-

Exhibit 20
Page 000351

extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors, Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent

-8-

Exhibit 20
Page 000352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents to Gateway, thus barring any infringement claims against Gateway.

MPEG-LA and its members and licensors clearly, definitely, and intentionally conferred a benefit directly on licensees to the MPEG-LA portfolio, including Gateway, by providing them with clear standards and by providing them with information concerning the patent rights associated with such standards. MPEG-LA and its members and licensors knew or should have known that the standard would be used by licensees, including manufacturers throughout the computer industry, such as Gateway, in the design and manufacture of computer equipment.

By virtue of the establishment of MPT and the alleged assignment of patents to it which Lucent and MPT allege are required to practice the MPEG LA standard, Alcatel-Lucent breached its agreement with MPEG-LA and damaged Gateway by depriving Gateway of the benefit of being able to rely upon the applicable MPEG standards and its portfolio license thereto. As a result of this breach of contract, Gateway incurred damages, including but not limited to fees and costs associated with the defense of this action.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 3:**

Identify all factual and legal bases for Count XXII ("Violation of 15 U.S.C. § 1-Alleged Assignment to MPT") of Gateway's Answer and Counterclaims to Second Amended Complaint

-9-

Exhibit 20
Page 000353

1  filed February 15, 2007 (including any subsequent amendments thereto), including an

2  identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial

3  with respect to this counterclaim.

4  **RESPONSE TO INTERROGATORY NO. 3:**

5      Gateway hereby incorporates by reference each and every one of its General Objections

6  and further objects on the specific grounds set forth below. Gateway objects to this interrogatory

7  to the extent that it seeks information that is in Plaintiffs' possession, custody, or control, and/or

8  is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as

9  overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it

10  seeks information that is protected by the attorney-client privilege, work product doctrine, or any

11  other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the

12  extent that it seeks disclosure of confidential information of third parties that Gateway is under

13  an obligation not to disclose. Gateway objects to this interrogatory as compound and containing

14  multiple subparts that should be counted towards the total number of interrogatories allowed.

15  Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a

16  question of pure law.

17      Subject to and without waiving the foregoing General Statements, General Objections,

18  and specific objections, and to the extent Gateway understands this interrogatory, Gateway

19  responds as follows:

20      As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri

21  patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading

22  Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the

23  MPEG LA Agreement Among Licensors, Lucent and Alcatel-Lucent are improperly

24  circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA

25  portfolio. Moreover, as the new alleged patent infringement plaintiff with respect to these

26  patents, MPT is improperly attempting to monopolize the market for products that include

27  MPEG-2 decoding capability. Gateway acknowledges that Lucent's and MPT's claims related

28  to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the

-10-

Exhibit 20
Page 000354

right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future.   The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali  Patent announced a pending merger with Alcatel S.A., a French telecommunications company.  Alcatel S.A. is a participant in the MPEG LA licensing consortium.  As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard.  Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents.  On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust.  That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement.  On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent.  Lucent is now a wholly-owned subsidiary of Alcatel-Lucent.  But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and.MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

The relevant market is the market for computer products compliant with the MPEG-1 and MPEG-2 standards.  The relevant geographic market is the world.  The same technology is used worldwide, and the relevant industry standards apply to products around the world.  In the alternative, the relevant geographic market is the United States.

-11-

Exhibit 20
Page 000355

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lucent and MPT claim the right to set license fees and to exclude any person who does not pay the license fee set by Lucent and MPT from using the relevant technology.  In order wrongfully to circumvent Alcatel's obligations as a licensor to MPEG-LA, and to avoid Alcatel's duty to license relevant patents to MPEG-LA, Alcatel and Lucent contracted, agreed and conspired to establish MPT and attempted to assign to MPT patents at issue in this case.  To the extent that Lucent and MPT prevail in their infringement allegations concerning the Haskell patent and the Netravali '272 Patent, Alcatel-Lucent and MPT have willfully acquired, maintained, and exercised monopoly power in the MPEG Technology Market by establishing a sham trust for the sole purpose of circumventing Alcatel-Lucent's obligations under the MPEG-LA Licensors Agreement to license these patents to the MPEG-LA patent pool, with knowledge that the MPEG standard has become widely practiced and adopted in the computer industry, and then demanding that companies manufacturing or selling MPEG-compliant products pay license fees to Lucent and MPT or risk being enjoined from the continued sale of such products.

To the extent that Lucent and MPT prevail in their infringement allegations concerning the Haskell patent and the Netravali patent, as a direct and proximate result of Alcatel-Lucent and MPT's unlawful monopolization, Gateway has been injured in its business and property in an amount that has yet to be determined, but will be established at trial.

The actions of Alcatel-Lucent and MPT have harmed competition by:

a)       chilling the willingness of members of the computer industry to participate in standard-setting organizations because of the fear that agreements to license "essential" patents can be circumvented simply through the establishment of trusts, thereby depriving the public of the benefits of these procompetitive organizations and the procompetitive standards they establish; and

-12-

Exhibit 20
Page 000356

1

2           b)     to the extent that Lucent and MPT prevail in their infringement

allegations, imposing higher costs on users of the MPEG technology than would otherwise have

3      occurred had Alcatel-Lucent and MPT acted lawfully.

4
     Gateway's investigation is ongoing; accordingly, Gateway reserves the right to
5
supplement or amend this response as discovery in this matter progresses.
6

7      **INTERROGATORY NO. 4:**

8

9           Identify all factual and legal bases for Count XXIII ("Monopolization under 15 U.S.C. §

10     2-Alleged Assignment to MPT") of Gateway's Answer and Counterclaims to Second Amended

11     Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an

12     identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial

13     with respect to this counterclaim.

14     **RESPONSE TO INTERROGATORY NO. 4:**

15          Gateway hereby incorporates by reference each and every one of its General Objections

16     and further objects on the specific grounds set forth below.  Gateway objects to this interrogatory

17     to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or

18     control, and/or is beyond Gateway's possession, custody, or control.  Gateway objects to this

19     interrogatory as overbroad and unduly burdensome.  Gateway objects to this interrogatory to the

20     extent that it seeks information that is protected by the attorney-client privilege, work product

21     doctrine, or any other applicable privilege or protective doctrine.  Gateway objects to this

22     interrogatory to the extent that it seeks disclosure of confidential information of third parties that

23     Gateway is under an obligation not to disclose.  Gateway objects to this interrogatory as

24     compound and containing multiple subparts that should be counted towards the total number of

25     interrogatories allowed.  Gateway objects to this interrogatory to the extent that it calls for a legal

26     conclusion or presents a question of pure law.

27

28

-13-

Exhibit 20
Page 000357

1

2

3

  Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

4

5

6

7

8

9

10

11

12

13

14

15

  As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors, Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Moreover, as the new alleged patent infringement plaintiff with respect to these patents, MPT is improperly monopolizing the market for products that include MPEG-2 decoding capability. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

16

17

18

19

20

21

22

23

24

25

26

27

28

  On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form

-14-

Exhibit 20
Page 000358

Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

The relevant market is the market for computer products compliant with the MPEG-1 and MPEG-2 standards. The relevant geographic market is the world. The same technology is used worldwide, and the relevant industry standards apply to products around the world. In the alternative, the relevant geographic market is the United States.

Lucent and MPT claim the right to set license fees and to exclude any person who does not pay the license fee set by Lucent and MPT from using the relevant technology. To the extent that Lucent and MPT prevail in their infringement allegations concerning the Haskell patent and the Netravali patent, Alcatel-Lucent and MPT have willfully acquired, maintained, and exercised monopoly power in the MPEG Technology Market by establishing a sham trust for the sole purpose of circumventing Alcatel-Lucent's obligations under the MPEG-LA Licensors Agreement to license these patents to the MPEG-LA patent pool, with knowledge that the MPEG standard has become widely practiced and adopted in the computer industry, and then demanding that companies manufacturing or selling MPEG-compliant products pay license fees to Lucent and MPT or risk being enjoined from the continued sale of such products.

To the extent that Lucent and MPT prevail in their infringement allegations concerning the Haskell patent and the Netravali patent, as a direct and proximate result of Alcatel-Lucent and MPT's unlawful monopolization, Gateway has been injured in its business and property in an amount that has yet to be determined, but will be established at trial.

The actions of Alcatel-Lucent and MPT have harmed competition by:

a) chilling the willingness of members of the computer industry to participate in standard-setting organizations because of the fear that agreements to license "essential" patents can be circumvented simply through the establishment of trusts, thereby depriving the

-15-

Exhibit 20
Page 000359

public of the benefits of these procompetitive organizations and the procompetitive standards they establish; and

        b)    to the extent that Lucent and MPT prevail in their infringement allegations, imposing higher costs on users of the MPEG technology than would otherwise have occurred had Alcatel-Lucent and MPT acted lawfully.

Unless Lucent and MPT are enjoined by a court of law, Lucent and MPT's unlawful conduct will continue and Gateway will continue to sustain injury and damages.

At this time, Gateway is unable to provide any additional information beyond that provided in Gateway's Amended Answer and Counterclaims to Plaintiffs' Second Amended Complaint because such additional information is within Plaintiffs' possession, custody, or control. Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 5:**

Identify all factual and legal bases for Count XXIV ("Attempted Monopolization under 15 U.S.C. § 2-Alleged Assignment to MPT") of Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this counterclaim.

**RESPONSE TO INTERROGATORY NO. 5:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory to the extent that it seeks information that is in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the

-16-

Exhibit 20
Page 000360

extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors, Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Moreover, as the new alleged patent infringement plaintiff with respect to these patents, MPT is improperly attempting to monopolize the market for products that include MPEG-2 decoding capability. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On

-17-

Exhibit 20
Page 000361

November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

The relevant market is the market for computer products compliant with the MPEG standards. The relevant geographic market is the world. The same technology is used worldwide, and the relevant industry standards apply to products around the world. In the alternative, the relevant geographic market is the United States.

Lucent and MPT claim the right to set license fees and to exclude any person who does not pay the license fee set by Lucent and MPT from using the relevant technology. To the extent that Lucent and MPT prevail in their infringement allegations concerning the Haskell  patent and the Netravali patent, Alcatel-Lucent and MPT have willfully acquired, maintained, and attempted to exercise monopoly power in the MPEG Technology Market by establishing a sham trust for the sole purpose of circumventing Alcatel-Lucent's obligations under the MPEG-LA Licensors Agreement to license these patents to the MPEG-LA patent pool, with knowledge that the MPEG standard has become widely practiced and adopted in the computer industry, and then demanding that companies manufacturing or selling MPEG-compliant products pay license fees to Lucent and MPT or risk being enjoined from the continued sale of such products.

To the extent that Lucent and MPT prevail in their infringement allegations concerning the Haskell patent and the Netravali patent, as a direct and proximate result of Alcatel-Lucent and MPT's unlawful attempted monopolization, Gateway has been injured in its business and property in an amount that has yet to be determined, but will be established at trial.

-18-

GATEWAY'S OBJECTIONS AND RESPONSES TO MPT'S FIRST SET OF INTERROGATORIES
AND LUCENT'S FOURTH SET OF INTERROGATORIES [CASE No. 02-CV-2060 B (CAB)]

Exhibit 20
Page 000362

The actions of Alcatel-Lucent and MPT have harmed competition by:

a)      chilling the willingness of members of the computer industry to participate in standard-setting organizations because of the fear that agreements to license "essential" patents can be circumvented simply through the establishment of trusts, thereby depriving the public of the benefits of these procompetitive organizations and the procompetitive standards they establish; and

b)      to the extent that Lucent and MPT prevail in their infringement allegations, imposing higher costs on users of the MPEG technology than would otherwise have occurred had Alcatel-Lucent and MPT acted lawfully.

Unless Lucent and MPT are enjoined by a court of law, Lucent and MPT's unlawful conduct will continue and Gateway will continue to sustain injury and damages.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 6:**

Identify all factual and legal bases for Count XXV ("Breach of Duty of Good Faith and Fair Dealing-Alleged Assignment to MPT") of Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this counterclaim.

**RESPONSE TO INTERROGATORY NO. 6:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this

-19-

Exhibit 20
Page 000363

interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors. Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title,

-20-

Exhibit 20
Page 000364

and interest in and those patents to the MPT, including alleged rights to sue for past infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

In the State of New York, every contract contains an "implied term of good faith and fair dealing." Alcatel S.A. was a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. was subject to a duty of good faith and fair dealing arising under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, which obligated Alcatel S.A. to refrain from taking any action or litigation position that would deprive MPEG-LA or a beneficiary of the Agreement Among Licensors. Alcatel S.A.'s foregoing obligations passed to Lucent on or about November 30, 2006, when Lucent merged with Alcatel S.A. to form Alcatel-Lucent.

Upon information and belief, Lucent has breached its duty of good faith and fair dealing by, among other things, its establishment of MPT and the assignment of patents that Lucent and MPT allege are required to practice the MPEG LA standard for the sole purpose of depriving MPEG LA licensees of the benefit of Alcatel's MPEG LA Licensors Agreement.

As a licensee of MPEG technology, Gateway is a direct beneficiary of the MPEG-LA Agreement Among Licensors. Alcatel-Lucent's breach of the implied duty of good faith and fair dealing damaged Gateway by depriving Gateway of the benefit of being able to rely upon the applicable MPEG standards and its portfolio license thereto.

As a result of the foregoing, Lucent is liable to Gateway for consequential damages in an amount to be proven at trial, including the attorneys' fees and legal costs expended by Gateway in prosecuting this action (all of which were foreseeable).

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

-21-

Exhibit 20
Page 000365

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTERROGATORY NO. 7:**

Identify all factual and legal bases for Count XXVI ("Tortious Interference with Contract-Alleged Assignment to MPT") of Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this counterclaim.

**RESPONSE TO INTERROGATORY NO. 7:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors. Lucent and Alcatel-Lucent are improperly

-22-

Exhibit 20
Page 000366

1   circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA

2   portfolio.  Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and

3   Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain

4   this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted

5   against Gateway by anyone at any time in the future.  The following is the basis for this defense:

6          On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the

7   Netravali  Patent announced a pending merger with Alcatel S.A., a French telecommunications

8   company.  Alcatel S.A. is a participant in the MPEG LA licensing consortium.  As such, Alcatel

9   S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA

10  Agreement Between Licensors, including the obligation to license on reasonable terms any

11  patent that is essential to the MPEG-2 standard.  Lucent and/or MPT contend that the Haskell

12  patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the

13  MPEG-2 standard necessarily requires practicing certain asserted claims of those patents.  On

14  November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent

15  contends it created the MPT as a Delaware Statutory Trust.  That same day, Lucent contends that

16  it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title,

17  and interest in and those patents to the MPT, including alleged rights to sue for past

18  infringement.  On or about November 30, 2006, Lucent merged with Alcatel S.A. to form

19  Alcatel-Lucent.  Lucent is now a wholly-owned subsidiary of Alcatel-Lucent.  But for Lucent's

20  alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its

21  existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA

22  Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring

23  any infringement claims against Gateway.

24         The MPEG-2 Patent Portfolio License between MPEG LA and Gateway is a valid and

25  enforceable contract.  Lucent and MPT were aware of Gateway's contract with MPEG LA.

26  Lucent intentionally and without justification interfered with the agreement between Gateway

27  and MPEG LA by wrongfully assigning patents that should have been in the MPEG LA pool to

28  MPT.  As a result of Lucent's assignment of MPEG-2 patents to MPT, it is impossible for

-23-

Exhibit 20
Page 000367

MPEG LA to render full performance of its agreement to license the MPEG-2 portfolio patents to Gateway. As a result of Lucent's actions, Gateway has been damaged.

Lucent is liable to Gateway for said damages in an amount to be proven at trial, including the attorneys' fees and legal costs expended by Gateway in prosecuting this action.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 8:**

Identify all factual and legal bases for the Twenty-First Defense set forth in Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this defense.

**RESPONSE TO INTERROGATORY NO. 8:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

-24-

Exhibit 20
Page 000368

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors, Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA

-25-

Exhibit 20
Page 000369

1  Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring

2  any infringement claims against Gateway.

3  Gateway's investigation is ongoing; accordingly, Gateway reserves the right to

4  supplement or amend this response as discovery in this matter progresses.

5

6  **INTERROGATORY NO. 9:**

7

8  Identify all factual and legal bases for the Twenty-Second Defense set forth in Gateway's

9  Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including

10  any subsequent amendments thereto), including an identification of all documents, witnesses,

11  and evidence Gateway intends to rely upon at trial with respect to this defense.

12  **RESPONSE TO INTERROGATORY NO. 9:**

13  Gateway hereby incorporates by reference each and every one of its General Objections

14  and further objects on the specific grounds set forth below. Gateway objects to this interrogatory

15  to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or

16  control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this

17  interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the

18  extent that it seeks information that is protected by the attorney-client privilege, work product

19  doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this

20  interrogatory to the extent that it seeks disclosure of confidential information of third parties that

21  Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as

22  compound and containing multiple subparts that should be counted towards the total number of

23  interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal

24  conclusion or presents a question of pure law.

25  Subject to and without waiving the foregoing General Statements, General Objections,

26  and specific objections, and to the extent Gateway understands this interrogatory, Gateway

27  responds as follows:

28

-26-

Exhibit 20
Page 000370

As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors, Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT, Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

-27-

Exhibit 20
Page 000371

1

2    Moreover, Gateway has purchased and resold computer systems in the United States that

3    were manufactured by Alcatel-Lucent licensees Wistron and Quanta. A table of representative

4    systems is attached hereto as Attachment A. Gateway previously produced supply agreements

5    with these two companies at GW-LT 418321 – GW-LT 419365 (Wistron) and GW-LT 409501 –
     GW-LT 409925 (Quanta).

6    Alcatel-Lucent is a party to patent licensing agreements with both Wistron and Quanta.

7    *See, e.g.*, LUC 1220886 – LUC 1220904 (Wistron) and LUC 1278950 – LUC 1278967 (Quanta).

8    Thus, to the extent that Alcatel-Lucent and the MPT seeks to accuse the computer systems that

9    Gateway purchased from Wistron or Quanta and then resold, Alcatel-Lucent's and the MPT's

10   claims are barred under the doctrine of implied license.

11   Gateway's investigation is ongoing; accordingly, Gateway reserves the right to

12   supplement or amend this response as discovery in this matter progresses.

13

14   **INTERROGATORY NO. 10:**

15

16   Identify all factual and legal bases for the Twenty-Third Defense set forth in Gateway's

17   Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including

18   any subsequent amendments thereto), including an identification of all documents, witnesses,

19   and evidence Gateway intends to rely upon at trial with respect to this defense.

20   **RESPONSE TO INTERROGATORY NO. 10:**

21   Gateway hereby incorporates by reference each and every one of its General Objections

22   and further objects on the specific grounds set forth below. Gateway objects to this interrogatory

23   to the extent that it seeks information that is in Plaintiffs' possession, custody, or control, and/or

24   is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as

25   overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it

26   seeks information that is protected by the attorney-client privilege, work product doctrine, or any

27   other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the

28   extent that it seeks disclosure of confidential information of third parties that Gateway is under

-28-

Exhibit 20
Page 000372

an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors, Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past

-29-

Exhibit 20
Page 000373

infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 11:**

Identify all factual and legal bases for the Twenty-Fourth Defense set forth in Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this defense.

**RESPONSE TO INTERROGATORY NO. 11:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

-30-

Exhibit 20
Page 000374

1

2

3

        Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

4

5

6

7

8

9

10

11

12

        As the result of Lucent's assignment of the Haskell, Netravali, Ketchum, and Puri patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors, Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA

-31-

Exhibit 20
Page 000375

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

Moreover, Gateway has purchased and resold computer systems in the United States that were manufactured by Alcatel-Lucent licensees Wistron and Quanta. A table of representative systems is attached hereto as Attachment A. Gateway previously produced supply agreements with these two companies at GW-LT 418321 – GW-LT 419365 (Wistron) and GW-LT 409501 – GW-LT 409925 (Quanta).

Alcatel-Lucent is a party to patent licensing agreements with both Wistron and Quanta. *See, e.g.*, LUC 1220886 – LUC 1220904 (Wistron) and LUC 1278950 – LUC 1278967 (Quanta). Thus, to the extent that Alcatel-Lucent and the MPT seeks to accuse the computer systems that Gateway purchased from Wistron or Quanta and then resold, Alcatel-Lucent's and the MPT's claims are barred under the doctrine of exhaustion.

At this time, Gateway is unable to provide any additional information beyond that provided in Gateway's Amended Answer and Counterclaims to Plaintiffs' Second Amended Complaint because such additional information is within Plaintiffs' possession, custody, or control. Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 12:**

Identify all factual and legal bases for the Twenty-Fifth Defense set forth in Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trail with respect to this defense.

**RESPONSE TO INTERROGATORY NO. 12:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory

-32-

Exhibit 20
Page 000376

to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

Lucent's and MPT's claims against Gateway related to the Haskell, Netravali, Ketchum, and Puri patents are barred under the doctrine of patent misuse, as the result of Lucent's assignment of these patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors. Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Moreover, as the new alleged patent infringement plaintiff with respect to these patents, MPT is improperly attempting to monopolize the market for products that include MPEG-2 decoding capability. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications

-33-

Exhibit 20
Page 000377

company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 13:**

Identify all factual and legal bases for the Twenty-Sixth Defense set forth in Gateway's Answer and Counterclaims to Second Amended complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this defense.

**RESPONSE TO INTERROGATORY NO. 13:**

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory

-34-

Exhibit 20
Page 000378

to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

Lucent's and MPT's claims against Gateway related to the Haskell, Netravali, Ketchum, and Puri patents are barred under the doctrine of unclean hands, as the result of Lucent's assignment of these patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors. Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Moreover, as the new alleged patent infringement plaintiff with respect to these patents, MPT is improperly attempting to monopolize the market for products that include MPEG-2 decoding capability. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications

-35-

Exhibit 20
Page 000379

company.  Alcatel S.A. is a participant in the MPEG LA licensing consortium.  As such, Alcatel S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors, including the obligation to license on reasonable terms any patent that is essential to the MPEG-2 standard.  Lucent and/or MPT contend that the Haskell patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the MPEG-2 standard necessarily requires practicing certain asserted claims of those patents.  On November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent contends it created the MPT as a Delaware Statutory Trust.  That same day, Lucent contends that it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title, and interest in and those patents to the MPT, including alleged rights to sue for past infringement.  On or about November 30, 2006, Lucent merged with Alcatel S.A. to form Alcatel-Lucent.  Lucent is now a wholly-owned subsidiary of Alcatel-Lucent.  But for Lucent's alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring any infringement claims against Gateway.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

## INTERROGATORY NO. 14:

Identify all factual and legal bases for the Twenty-Seventh Defense set forth in Gateway's Answer and Counterclaims to Second Amended Complaint filed February 15, 2007 (including any subsequent amendments thereto), including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to this defense.

## RESPONSE TO INTERROGATORY NO. 14:

Gateway hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below.  Gateway objects to this interrogatory

-36-

Exhibit 20
Page 000380

to the extent that it seeks information that is in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

Lucent's and MPT's claims against Gateway related to the Haskell, Netravali, Ketchum, and Puri patents are barred under the doctrine of unclean hands, as the result of Lucent's assignment of these patents to an invalid and unenforceable trust (MPT) established for the sole purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors. Lucent and Alcatel-Lucent are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to the MPEG-LA portfolio. Moreover, as the new alleged patent infringement plaintiff with respect to these patents, MPT is improperly attempting to monopolize the market for products that include MPEG-2 decoding capability. Gateway acknowledges that Lucent's and MPT's claims related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and Puri patents ever be asserted against Gateway by anyone at any time in the future. The following is the basis for this defense:

On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications

-37-

GATEWAY'S OBJECTIONS AND RESPONSES TO MPT'S FIRST SET OF INTERROGATORIES
AND LUCENT'S FOURTH SET OF INTERROGATORIES [CASE NO. 02-CV-2060 B (CAB)]

Exhibit 20
Page 000381

1   company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel

2   S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA

3   Agreement Between Licensors, including the obligation to license on reasonable terms any

4   patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell

5   patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the

6   MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On

7   November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent

8   contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that

9   it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title,

10  and interest in and those patents to the MPT, including alleged rights to sue for past

11  infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form

12  Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's

13  alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its

14  existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA

15  Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring

16  any infringement claims against Gateway.

17      Moreover, Alcatel-Lucent and the MPT are not entitled to an injunction for at least the

18  following reasons. Neither the MPT nor Lucent use the Haskell Patent or the Netravali Patent

19  "as a basis for producing and selling goods, but, instead, primarily for obtaining licensing fees."

20  *See eBay, Inc. v. MercExchange, L.L.C.*, 126 S.Ct. 1837, 1842 (2006) (Kennedy, J., concurring).

21  The "patented invention is but a small component of the product [Gateway seeks] to produce and

22  the threat of an injunction is employed simply for undue leverage in negotiations, [such that]

23  legal damages [would] be sufficient to compensate for the [alleged] infringement and an

24  injunction [would] not serve the public interest." *See id.* Lucent and the MPT in fact seek legal

25  damages, adequate to compensate for any alleged injury should Lucent and the MPT prevail.

26  And the public interest is not served by Lucent's and MPT's unclean hands, creation of an

27  invalid and unenforceable trust (MPT), evasion of patent license obligations, and monopolization

28

-38-

Exhibit 20
Page 000382

of, and attempt to monopolize, the market for products that include MPEG-2 decoding capability.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to supplement or amend this response as discovery in this matter progresses.

**INTERROGATORY NO. 15:**

Identify all factual and legal bases for any counterclaims or defenses added by Gateway to this action after February 15, 2007, including an identification of all documents, witnesses, and evidence Gateway intends to rely upon at trial with respect to each such defense and counterclaim.

**RESPONSE TO INTERROGATORY NO. 15:**

Gateway hereby incorporates by reference each and every one of its general objections and further objects on the specific grounds set forth below. Gateway objects to this interrogatory to the extent that it seeks information that is uniquely in Plaintiffs' possession, custody, or control, and/or is beyond Gateway's possession, custody, or control. Gateway objects to this interrogatory as overbroad and unduly burdensome. Gateway objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Gateway objects to this interrogatory to the extent that it seeks disclosure of confidential information of third parties that Gateway is under an obligation not to disclose. Gateway objects to this interrogatory as compound and containing multiple subparts that should be counted towards the total number of interrogatories allowed. Gateway objects to this interrogatory to the extent that it calls for a legal conclusion or presents a question of pure law.

Subject to and without waiving the foregoing General Statements, General Objections, and specific objections, and to the extent Gateway understands this interrogatory, Gateway responds as follows:

-39-

Exhibit 20
Page 000383

1        Lucent's and MPT's claims against Gateway related to the Haskell, Netravali, Ketchum,

2   and Puri patents are barred under the doctrine of unclean hands, as the result of Lucent's

3   assignment of these patents to an invalid and unenforceable trust (MPT) established for the sole

4   purpose of evading Lucent's and Alcatel-Lucent's obligations under the MPEG-2 Patent

5   Portfolio License and the MPEG LA Agreement Among Licensors. Lucent and Alcatel-Lucent

6   are improperly circumventing their obligations to the MPEG-2 consortium and as a licensor to

7   the MPEG-LA portfolio. Moreover, as the new alleged patent infringement plaintiff with respect

8   to these patents, MPT is improperly attempting to monopolize the market for products that

9   include MPEG-2 decoding capability. Gateway acknowledges that Lucent's and MPT's claims

10  related to the Ketchum and Puri patents have been dismissed from this lawsuit, but Gateway

11  reserves the right to maintain this defense, to the extent appropriate, should the Ketchum and

12  Puri patents ever be asserted against Gateway by anyone at any time in the future. The following

13  is the basis for this defense:

14       On April 2, 2006, Lucent, then the purported owner of the Haskell Patent and the

15  Netravali Patent announced a pending merger with Alcatel S.A., a French telecommunications

16  company. Alcatel S.A. is a participant in the MPEG LA licensing consortium. As such, Alcatel

17  S.A. has various obligations under the MPEG-2 Patent Portfolio License and MPEG LA

18  Agreement Between Licensors, including the obligation to license on reasonable terms any

19  patent that is essential to the MPEG-2 standard. Lucent and/or MPT contend that the Haskell

20  patent and the Netravali patent are essential to the MPEG-2 standard in that compliance with the

21  MPEG-2 standard necessarily requires practicing certain asserted claims of those patents. On

22  November 28, 2006, two days before Lucent announced its merger with Alcatel S.A., Lucent

23  contends it created the MPT as a Delaware Statutory Trust. That same day, Lucent contends that

24  it entered into a Patent Assignment with the MPT whereby Lucent assigned its entire right, title,

25  and interest in and those patents to the MPT, including alleged rights to sue for past

26  infringement. On or about November 30, 2006, Lucent merged with Alcatel S.A. to form

27  Alcatel-Lucent. Lucent is now a wholly-owned subsidiary of Alcatel-Lucent. But for Lucent's

28  alleged assignment of those patents to the MPT Alcatel-Lucent would have been required by its

-40-

Exhibit 20
Page 000384

existing contractual obligations under the MPEG-2 Patent Portfolio License and MPEG LA

Agreement Between Licensors to license those patents on fair and reasonable terms, thus barring

any infringement claims against Gateway.

On March 27, 2007, Gateway filed an Unopposed Motion For Leave to File Amended

Answer and Counterclaims to Plaintiffs' Second Amended Complaint in order to assert an

additional counterclaim (Count XXVII) of tortious interference with prospective economic

advantage. The Court granted Gateway's motion on April 5, 2007. Count XXVII is

incorporated by reference as set forth in ¶¶ 373-381 of Gateway's Amended Answer and

Counterclaims to Plaintiffs' Second Amended Complaint, of which ¶¶ 376-381 specifically

recite as follows:

> 376.    The MPEG-2 Patent Portfolio License between MPEG LA and
> Gateway is a valid and enforceable contract, pursuant to which Gateway would
> have had a license to the Haskell Patent and the Netravali Patent (the "MPEG-2
> patents") but for Lucent and MPT's wrongful acts.
> 377.    Lucent and MPT were aware of Gateway's contract with MPEG
> LA.
> 378.    Lucent intentionally and without justification interfered with the
> agreement between Gateway and MPEG LA by wrongfully assigning the MPEG-
> 2 patents that should have been in the MPEG LA patent pool to MPT, thereby
> violating Alcatel-Lucent's contractual obligations as a participant in the MPEG
> LA Licensing Consortium, and also harming competition under 15 U.S.C. §§ 1-2.
> 379.    As a result of Lucent's assignment of the MPEG-2 patents to MPT,
> which prevents their inclusion in MPEG LA's patent pool, it is impossible for
> MPEG LA to render full performance of its agreement to license the MPEG-2
> portfolio patents to Gateway.
> 380.    As a result of Lucent's actions, Gateway has been damaged.
> 381.    Lucent is liable to Gateway for said damages in an amount to be
> proven at trial, including the attorneys' fees and legal costs expended by Gateway
> in prosecuting this action.

Gateway's investigation is ongoing; accordingly, Gateway reserves the right to

supplement or amend this response as discovery in this matter progresses.

-41-

Exhibit 20
Page 000385

1

2

3

4

5                                                    Respectfully Submitted,

6     Dated: April 13, 2007                          DECHERT LLP

7                                                    By: _____

8                                                           Steven R. Daniels

9                                                    ATTORNEYS FOR DEFENDANTS &
                                                     COUNTER-CLAIMANTS, GATEWAY, INC.,
10                                                   GATEWAY COUNTRY STORES LLC,
                                                     GATEWAY COMPANIES, INC., GATEWAY
11                                                   MANUFACTURING LLC and COWABUNGA
                                                     ENTERPRISES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-42-

GATEWAY'S OBJECTIONS AND RESPONSES TO MPT'S FIRST SET OF INTERROGATORIES
AND LUCENT'S FOURTH SET OF INTERROGATORIES [CASE NO. 02-CV-2060 B (CAB)]

Exhibit 20
Page 000386

1

## CERTIFICATE OF SERVICE

2

I am a resident of the State of Texas, over the age of eighteen years, not a party to the within action, and am employed in Austin, Travis County, Texas.  On April 13, 2007, I served a copy of the following document:

3

4

**GATEWAY'S OBJECTIONS AND RESPONSES TO MULTIMEDIA PATENT TRUST'S FIRST SET OF INTERROGATORIES AND LUCENT'S FOURTH SET OF INTERROGATORIES**

5

6

I am readily familiar with the business practice at Dechert LLP regarding collection and processing and correspondence for personal delivery, for mailing with U.S. Postal Service, for facsimile and for overnight delivery by Federal Express, Express Mail, or other overnight services.  Said document was served as follows:

7

8

9

**BY FACSIMILE:**    Said document was served by facsimile to the addresses stated below:

10

Counsel for Lucent:

11

12

Alison P. Adema
Hahn & Adema
501 West Broadway, Suite 1730
San Diego, CA 92101
Telephone:    (619) 235-2100

13

14

Counsel for Microsoft

15

16

Christopher S. Marchese
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:    (858) 678-5070

17

18

Counsel for Dell

19

20

James S. Blackburn
Arnold & Porter
777 South Figueroa Street
Los Angeles, California 90017-5844
Telephone:    (213) 243-4199

21

22

23

**ELECTRONIC MAIL:**    Courtesy copies of said documents were transmitted on the same day as filing by electronic mail as stated below.

24

25

Counsel for Lucent

26

rappleby@kirkland.com
jhohenthaner@kirkland.com
akellman@kirkland.com
aadema@hahnadema.com

27

28

Counsel for Microsoft

-43-

Exhibit 20
Page 000387

1

marchese@fr.com
2  denning@fr.com
barnes@fr.com
3  brooks@fr.com
srodriguez@fr.com

4

Counsel for Dell

5

jfreed@mwe.com
6  Ali.Sharifahmadian@aporter.com
james_blackburn@aporter.com

7

8

    I declare that I am employed in the office of a member of the bar of this court at whose
9  direction the service was made.

10      Executed on April 13, 2007 at Austin, Texas.

11                              *Lawrence Fluker*

12                                  Lawrence Fluker

13

14  12722124.1.LITIGATION 4/13/2007 6:26 PM

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-44-

GATEWAY'S OBJECTIONS AND RESPONSES TO MPT'S FIRST SET OF INTERROGATORIES
AND LUCENT'S FOURTH SET OF INTERROGATORIES [CASE No. 02-CV-2060 B (CAB)]

Exhibit 20
Page 000388