# SCHMIDT DECLARATION EXHIBIT 22

Bryan W. Farney, Esq. (*Pro Hac Vice*)
Jeffrey B. Plies, Esq.   (*Pro Hac Vice*)
DECHERT LLP
300 W. Sixth Street, Suite 1850
Austin, Texas 78701
Telephone:   (512) 394-3000
Facsimile:   (512) 394-3001

David J. Zubkoff, Esq. (SBN 149488)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone:   (619) 685-3003
Facsimile:   (619) 702-6827

Attorneys for Defendants and Counter-Claimants:
GATEWAY, INC., GATEWAY COUNTRY
STORES LLC, GATEWAY COMPANIES, INC.,
GATEWAY MANUFACTURING LLC, AND
COWABUNGA ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>   Plaintiff and Counter-Defendant,<br><br>v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>   Defendants and Counter-Claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>   Intervener and Counter-Claimant.<br><br>AND CONSOLIDATED CASES | Case No. 02-CV-2060-B (CAB)<br>         consolidated with<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**GATEWAY'S GROUP 4 MOTION IN LIMINE NO. 3:**<br><br>**LUCENT SHOULD BE PRECLUDED FROM SEEKING DAMAGES FOR THE DAY PATENT ON THE ENTIRE COMPUTER**<br><br>Date:          April 27, 2007<br>Time:         9:00 a.m.<br>Courtroom: 2<br>Judge:        Hon. Rudi M. Brewster |

Gateway's Group 4 Motion in Limine No. 3:
Lucent Should Be Precluded From Seeking Damages For the Day Patent on the Entire Computer

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

Exhibit 22
Page 000404

## I.  INTRODUCTION

Lucent's attempt to recover 1% of the total sales price of each Gateway computer for the alleged infringement of the Day patent is improper as a matter of patent law. Lucent admits that the claims are directed only at a software product. Lucent further admits that the Day patent is infringed only by a pop-up feature in a stand-alone, specialized software, including Quicken, that is offered among dozens of other software products in Gateway computers. Yet, Lucent seeks to extract a royalty on the ***entire computer system*** sold by Gateway, including the hardware and other unrelated software. Lucent cannot and should not be allowed to do so.

Lucent's attempt to recover damages on the entire computer system, where the infringement is found only in a distinct software product, effectively invokes what is referred to as the "entire market value rule." To satisfy the requirements of the "entire market value rule," and therefore be entitled to even seek the damages model it asserts, Lucent must demonstrate that (1) the unpatented computer and the allegedly patented feature in the software have a functional relationship such that they could not have been "used separately and independently of each other" ***and*** that (2) the patented component was the basis for the customer demand of the entire product. Lucent has made no effort to satisfy this test, and cannot satisfy this test. There is no evidence that a single, patented pop-up feature in Quicken operates as a necessary component of the entire computer system. There independently is no evidence that the pop-up feature in an ancillary $20 (approx. retail price) software program "drove" the sale of an entire Gateway computer system which sells for $1,100. Thus, Lucent cannot invoke the "entire market value rule" and should be precluded from introducing evidence or argument seeking damages based upon the sale of the entire computer system as misleading, irrelevant and unduly prejudicial.

A separate problem that should preclude Lucent's submission of evidence or argument for its damages theory is that Lucent's damages experts, Roger Smith and Wayne Hoeberlein, failed, in rendering their opinions regarding damages, to even consider the threshold question of whether Lucent can satisfy the entire market value rule. Thus, Smith, in rendering his damages opinion for Lucent, simply lists some (not all) of the *Georgia-Pacific* factors and analyzes them, and in so doing, simply assumes he can assess any royalty against the entire computer, without reaching any conclusion, or citing to any support, that the entire market value rule can be shown to apply in this case. Hoeberlein's

Exhibit 22
Page 000405

Gateway's Group 4 Motion in Limine No. 3:
Lucent Should Be Precluded From Seeking Damages For the Day
Patent on the Entire Computer

1

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

opinion is similarly, though indirectly, flawed as it simply relies upon Smith's analysis. The *Georgia-Pacific* factors are not a substitute or a proxy for the entire market value rule analysis, and, as the facts here clearly show, they can lead an expert to erroneous assumptions and conclusions. As a result, Smith's and Hoeberlein's analyses are unreliable and not based on established legal principles, and must be excluded under *Daubert* and the Federal Rules of Evidence.[1]

## II. LEGAL STANDARD

Under Rule 402, "Evidence which is not relevant is not admissible." Rule 403 permits the exclusion of any relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury. Further, under Rule 702, expert testimony concerning "scientific, technical, or other specialized knowledge" will be admissible to assist the trier of fact only if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *See also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999).

## III. LUCENT CANNOT SEEK DAMAGES BASED UPON THE ENTIRE GATEWAY COMPUTER SYSTEM

### A. The "Entire Market Value Rule"

The "entire market value rule" allows for the recovery of damages based on the value of an entire apparatus containing several features even though only one feature is patented. *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1551 (Fed. Cir. 1995). Although Lucent does not call its damages theory the "entire market value rule," in practice, Lucent is applying this rule by seeking a percentage of the total sales price of each Gateway computer as its royalty damages even though only one feature in one component of these computers is alleged to infringe. The rule applies "where both the patented and unpatented components together are analogous to components of a single assembly, parts of a complete machine, or constitute a functional unit but ***not*** where unpatented components have essentially ***no functional relationship*** to the patented invention ***and*** may have been sold with an infringing device ***only as a matter of convenience*** or business advantage." *Imonex Services, Inc. v. W.H. Munzprufer*

---

[1] Microsoft and Dell joins in this motion.

Exhibit 22
Page 000406

Gateway's Group 4 Motion in Limine No. 3:
Lucent Should Be Precluded From Seeking Damages For the Day
Patent on the Entire Computer

2

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

*Dietmar Trenner GmbH*, 408 F.3d 1374, 1379 (Fed. Cir. 2005) (emphasis added).

Courts have found that no "functional relationship" exists where the patented and unpatented parts "could effectively have been used independently of each other." *Rite-Hite*, 56 F.3d at 1551 (reversing the district court's award of damages for the sales of unpatented dock levelers as part of total damages because "[a]lthough the two devices may have been used together, they did not function together to achieve one result and each could effectively have been used independently of each other"). Further, in *Imonex*, 408 F.3d 1374, the Federal Circuit found that the absence of any evidence that "the patented features were the basis for customer demand for the laundry machines as a whole" was sufficient to deny the application of the entire market value rule and to exclude the expert's testimony thereon. *Id.* at 1379. *See also Signode Corp. v. Weld-Loc Systems, Inc.*, 700 F.2d 1108, 1114-15 (N.D. Ill. 1983) (refusing to apply the entire market value because the plastic strapping marketed by the plaintiff has a market value apart from the unpatented product).

### B. Lucent Cannot Satisfy The Entire Market Value Rule To Recover Royalties Based Upon The Entire Computer System

#### 1. The Patented Pop-Up Feature Was Not The Basis For Customers' Demand

Under the Federal Circuit case law, the "entire market value rule" requires evidence that Lucent simply does not have. First, it is quite clear that Lucent cannot show, and has no evidence, that the accused pop-up feature in a software package such as Quicken was the basis for the customers' demand for Gateway computers such that the feature "drove" the sales of Gateway computers. There is no evidence that Gateway anticipated an increase in the sales of its computers because of Quicken, nor that the accused pop-up feature of Quicken, considered separate from Quicken alone, drove sales of Gateway computers. Selling Quicken was simply "not a big business" for Gateway. Plies Ex. 11, Schindler Tr. at 229:14-19.[2] Gateway preinstalled Quicken New User Edition in a number of its computers <u>for free</u> as a convenience to its customers and customers may not even have known that it was on the computer. Gateway received no money for Quicken New User Edition. Gude Decl., ¶ 6. In some case, customers could choose whether or not to add Quicken Deluxe to their Gateway computers, and thus, their decision

---

[2] All references to "Plies Ex. __" refer to exhibits attached to the Declaration of Jeffrey B. Plies In Support of Gateway's Motions-In-Limine Regarding Group 4 Patents submitted concurrently with this motion.

Gateway's Group 4 Motion in Limine No. 3:
Lucent Should Be Precluded From Seeking Damages For the Day
Patent on the Entire Computer

3

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

Exhibit 22
Page 000407

could not have driven the sale of the Gateway computers. Indeed, if a customer wanted Quicken, he could simply buy it separately rather than buying an entire Gateway computer.

Moreover, there is no evidence that Gateway advertised, promoted, or touted Quicken as a main advantage or selling point in its marketing or sales materials, nor encouraged its customers to purchase Quicken from Gateway. Indeed, Gateway has sold and still does sell numerous computers without Quicken. For example, the fact that the number of the computers sold by Gateway that contained Quicken varied greatly from month to month and that Quicken was phased out in 2004 show that Quicken certainly did not drive the sales of Gateway computers. Plies Ex. 12, Hoeberlein Second Supp. Report re User Interface Patents, Exh. E-1 through E-5. Simply put, there is no evidence that Gateway has any "financial or marketing dependence" on Quicken. *Kori*, 761 F.2d 649, 656 (Fed. Cir. 1985); *see Eaton Corp. v. ZF Meritor LLC*, 2007 WL 735000, *5 (E.D. Mich. March 8, 2007) (granting summary judgment under the entire market value rule because there was "no direct evidence that these sales are attributed to demand for the 279 patent as opposed to any other feature of the particular transmissions").

### 2. The Patented Pop-Up Feature In Quicken And The Gateway Computer Have No Functional Relationship

The second part of the "entire market value rule" test also cannot be shown by Lucent. The accused pop-up feature in software such as Quicken and Gateway computers do not "function together to achieve one result and each could effectively have been used independently of each other." Quicken is a specialized financial software program which is sold at retail for about $20. The entire Gateway computer systems, which includes hardware, numerous other software programs, and accessories, such as modem, network cards, and computer bags, are sold for approximately $1,100 each. Plies Ex. 12, Hoeberlein Rept., Exh. H-5. There is no evidence that Gateway computers do not operate without Quicken or that they do not sell without Quicken. Gateway preinstalled Quicken in *some* of its computers as a matter of convenience to its customers, along with numerous other software programs, before shipment to customers. Customers may and do use Quicken independently of Gateway computers, and vice versa.[3] Indeed, Quicken is routinely sold separately in shrink wrap boxes in various retail stores. There is no evidence that the sale or the utility of Gateway computers is in any way

---

[3] As such, Gateway has concurrently filed—and incorporates herein by reference arguments made in—its motion in limine to exclude damages for Quicken based on failure to prove actual use.

Exhibit 22
Page 000408

Gateway's Group 4 Motion in Limine No. 3:
Lucent Should Be Precluded From Seeking Damages For the Day
Patent on the Entire Computer

4

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

1  financially dependent on the market created by Quicken. *Cf. Kori Corp. v. Wilco Marsh Buggies &*
2  *Draglines, Inc.*, 761 F.2d 649, 656 (Fed. Cir. 1985) (the rule is properly applied when the nonpatented
3  devices cannot be sold without the patented feature). Lucent cannot meet the requirements of the entire
4  market value rule and any evidence of damages based upon the rule should be excluded as irrelevant.[4]

### C.  Lucent's Damages Experts Used Improper Methodology

Finally, the testimony of Lucent's damages experts, Roger Smith and Wayne Hoeberlein (who largely relies on Smith's opinion), should be excluded as unreliable because they do not even analyze the entire market value rule or even consider whether it could apply in this case. Yet, their calculation of damages depends completely and solely on the implicit application of the entire market value rule since they are using the entire computer system as the royalty base. Instead of performing the entire market value rule analysis as they should, Smith improperly jumps to application of the *Georgia-Pacific* factors[5] while ignoring the requirements under the entire market value rule. Because Lucent and its experts know that Lucent cannot satisfy the requirements of the entire market value rule, they are improperly using the *Georgia-Pacific* factors to justify the damages theory. They cannot do so. In *Imonex Services, Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374 (Fed. Cir. 2005), the Federal Circuit rejected precisely the same attempt by the expert in calculating damages, holding:

> Imonex's proposed expert testimony on the entire market value rule, however, bore no relation to that rule. The entire market value rule allows calculation of damages based on the value of an entire apparatus containing several features, when the patent-related feature is the "basis for customer demand." Without any evident record that the patented features were the basis for customer demand for the laundry machines as a whole, the trial court properly foreclosed further evidence on this unsupported theory. ***Any reliance on the so-called Georgia-Pacific factors, actually a Georgia-Pacific listing, had little or no relation to Imonex's entire-value calculation in different clothing***. In sum, the district court did not abuse its discretion in rejecting Imonex's expert's testimony on the entire market value theory. *Id.* at 1380 (citation omitted) (emph. add.).

Therefore, Smith and Hoeberlein did not apply the proper methodology for the entire market value rule and their attempt to substitute the *Georgia-Pacific* factors in calculating reasonable royalty under the entire market value rule is improper as a matter of law, and must be excluded under Rules 702, 402, and 403, and *Daubert*.

---

[4] In the alternative, any damages evidence based upon the entire market value rule should be excluded under Rule 403 because Lucent's attempt to incorrectly apply and use the entire market rule without any supporting facts is unfairly prejudicial to Gateway and will be confusing and misleading to the jury.

[5] The district court in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (D.C.N.Y 1970), identified various factors in determining the amount of reasonable royalty to be paid by infringer to the patent holder.

Exhibit 22
Page 000409

Gateway's Group 4 Motion in Limine No. 3:
Lucent Should Be Precluded From Seeking Damages For the Day
Patent on the Entire Computer

5

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)

| | | |
|---|---|---|
| Dated: March 29, 2007 | | DECHERT LLP |
| | By: | /s/ Jeffrey B. Plies |
| | | Jeffrey B. Plies |

ATTORNEYS FOR DEFENDANTS AND COUNTER-CLAIMANTS: GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, AND COWABUNGA ENTERPRISES, INC.

12685473.6

Exhibit 22
Page 000410

Gateway's Group 4 Motion in Limine No. 3:
Lucent Should Be Precluded From Seeking Damages For the Day Patent on the Entire Computer

6

Case Nos. 02-CV-2060 B (CAB)
03-CV-0699-B (CAB), and 03-CV-41108-B (CAB)