# SCHMIDT DECLARATION EXHIBIT 27

John E. Gartman (SBN 152300)
Juanita R. Brooks (SBN 75934)
Roger A. Denning (SBN 228998)
Shekhar Vyas (SBN 229853)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:    (858) 678-5070
Facsimile:    (858) 678-5099

Stephen P. McGrath (SBN 202696)
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052
Telephone:    (425) 882-8080
Facsimile:    (425) 936-7329

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiffs and Counterclaim-defendants,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervenor and Counter-claimant, | Case No. 02-CV-2060 B (CAB) consolidated with<br>Case No. 03-CV-0699 B (CAB) and<br>Case No. 03-CV-1108 B (CAB)<br><br>**MICROSOFT CORPORATION'S GROUP 4 MOTION *IN LIMINE* NO. 6: LUCENT SHOULD BE PRECLUDED FROM PRESENTING AN ENTIRE MARKET VALUE THEORY OF DAMAGES AT TRIAL**<br><br>Date:        April 27, 2007<br>Time:       9:00 a.m.<br>Courtroom:  2<br>Judge:      Hon. Rudi M. Brewster |
| MICROSOFT CORPORATION,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>Defendant and Counter-claimant, | |

Exhibit 27
Page 000492

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | |
| Plaintiff, | |
| v. | |
| DELL, INC., | |
| Defendant. | |

Case No. 02-CV-2060 B (CAB)

Exhibit 27
Page 000493

## I. INTRODUCTION[1]

Hoping to improperly inflate damages, Lucent has suggested it is entitled to seek recovery based on the price of computers running Microsoft's accused software rather than the price of the software itself under the "entire market value rule." But Lucent's theory lacks any factual support in this case; there is no evidence whatsoever that the patent-related features here form the basis for customer demand for the entire product, as required by the rule. Moreover, after repeatedly and successfully[2] contending in the Group 2 (Audio) trial that MP3 technology was the basis for consumer demand for computer systems, Lucent should be judicially estopped in this case from contending the alleged '295 and '356 inventions are the basis for consumer demand. Moreover, allowing Lucent to present the exorbitant results of its flawed damages theories to the jury risks severely and unfairly prejudicing Microsoft. Accordingly, Microsoft requests that the Court preclude Lucent from presenting its entire market value theory of damages at trial.

## II. ARGUMENT

### A. Lucent Should Be Precluded from Presenting an Entire Market Value Theory in this Trial.

#### 1. Lucent Has No Evidentiary Basis For Proceeding Under the Entire Market Value Rule with Respect to the Group 4 (User Interface) Patents.

In special cases, a patentee may seek to recover damages based on the value of an entire product when only a component of that product is patented under the "entire market value rule." *See, e.g., Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1379 (Fed. Cir. 2005). To do so, the patentee must demonstrate *inter alia* that "'the patent related feature is *the* basis for customer demand'" for the entire product. *Id.* (emphasis added) Here, Lucent's first damages expert, Roger Smith, has defined the royalty base as including "computer systems." But neither Mr. Smith nor Mr. Hoeberlein can cite any evidence suggesting demand for

---

[1] Dell, Inc. joins Microsoft Corporation in this motion.

[2] Microsoft objected to Lucent's suggestion in Group 2 (Audio) that MP3 technology was the basis for consumer demand for computers, but Lucent was allowed to present its theory at trial and ultimately the jury awarded damages based on the price of computers. While Microsoft still maintains its objections to Lucent's theory and proof in Group 2 (Audio), Microsoft also objects to the presentation of that theory here on its original grounds as well as the additional basis of Lucent's inconsistency between the two trials.

1          Case No. 02-CV-2060 B (CAB)

Exhibit 27
Page 000494

1  "computer systems" is premised upon the alleged inventions of the '356 and '295 patents, *i.e.*, the
2  use of on-screen tools to fill fields and gesture recognition.
3        The Federal Circuit has previously affirmed a district court's preclusion of an entire market
4  value theory where, as here, the record is devoid of any evidence about the basis of customer
5  demand. *Imonex*, 408 F.3d at 1380 ("Without any evident record that the patented features were
6  ***the*** basis for customer demand for the laundry machines as a whole, the trial court properly
7  foreclosed further evidence on this unsupported theory.") (emphasis added). That result is not
8  surprising since, as this Court has recognized, "[a]lthough an exercise in approximation, th[e
9  damages] analysis must be based on 'sound economic and factual predicates.'" *Integra
10 Lifesciences I, Ltd. v. Merck KGaA*, No. CV 1307-B(AJB), 2004 WL 2284001, *4 (S.D. Cal. Sept.
11 7, 2004). Here, because Lucent has no factual support whatsoever to justify application of the
12 entire market value rule, preclusion of that theory is appropriate.

      **2.    Lucent Should Be Judicially Estopped from Arguing that the '295 and '356 Patents Form the Basis for Consumer Demand for Computers.**

15       For Lucent to present an entire market value theory of damages in this case, Lucent and its
16 witnesses will have to directly contradict the positions they took in this Court with respect to the
17 Group 2 (Audio) patents. Having succeeded on the entire market value issue with respect to both
18 Microsoft's motion *in limine* and at the Group 2 (Audio) trial, Lucent should be estopped from
19 contradicting itself at the Group 4 (User Interface) trial. *See, e.g.*, *New Hampshire v. Maine*, 532
20 U.S. 742, 751 (2001) (setting forth three factors for judicial estoppel: (1) party's later position
21 must be clearly inconsistent with its earlier position; (2) the court must have relied on, or accepted,
22 the party's previous, inconsistent position; and (3) the party asserting the inconsistent position
23 would derive an unfair advantage or impose an unfair detriment on the opposing party if not
24 estopped).
25       When Microsoft moved *in limine* to preclude Lucent from presenting an entire market
26 value rule theory at the Group 2 (Audio) trial, Lucent's counsel contended to this Court in its
27 papers and argument that the MP3 inventions of the '938 and '080 patents formed the basis for
28 consumer demand for computers:

> To the contrary, there is ample evidence that the patented MP3 features were *the* basis of customer demand for computer systems as a whole.

[NOL Ex. H (Lucent Opp'n to Microsoft Mot. *in Limine* No. 4)(Docket No. 713), at 4 (emphasis added).]

> Now we also could argue that it's an entire market value case which is because – and we have lots of proof of this as outlined in the brief – because **Microsoft's customers were demanding MP3 capabilities and weren't buying computers without it,** Microsoft had to put it in in some – some extent. We have very good proof of this, that it's driving the sales. Computers with the MP3 players are the ones that are selling.

[NOL Ex. I (1/3/07 Group 2 (Audio) Pretrial Hr'g Tr. at 251:2-9)(emphasis added).]

> We have extensive proof in our briefs talking about how [Microsoft's] own salespeople, senior people testified that the **customers were demanding the MP3 capability. They couldn't sell computers without them.** In Europe, they had to take out the MP3 functionality, and the computer sales went through the floor.

[*Id.* at 267:7-12 (emphasis added).] Based at least in part on these representations, the Court denied Microsoft's motion *in limine* and allowed Lucent to present its entire market value theory at the Group 2 (Audio) trial.

To pursue an entire market value theory at the Group 4 (User Interface) trial, Lucent will necessarily have to contradict its position from the Group 2 (Audio) pretrial hearing. If MP3 is *the* basis for customer demand for computers, as Lucent claimed, the alleged inventions here cannot be, and vice-versa. In light of the Court's ruling on Microsoft's Group 2 (Audio) motion *in limine* and the jury's verdict, the first two elements of judicial estoppel are satisfied.

There can also be no dispute that allowing Lucent to assume a contradictory position here regarding the basis for consumer demand for computers would unfairly prejudice Microsoft. Indeed, if Lucent were allowed to present another entire market value theory to another jury by arguing that the patents-in-suit here are actually *the* basis for consumer demand, Microsoft would be forced to combat this fallacy by informing this jury that another jury had previously awarded $1.5 billion in another case based on another entire market value theory. In other words, the only cure available would still kill the patient. Accordingly, Lucent should be precluded from presenting an entire market value theory in the Group 4 (User Interface) trial.

### B. Lucent's Damages Numbers – Improperly Inflated by an Order of Magnitude – Would Severely Prejudice Microsoft if Presented to the Jury.

Beyond the legal impropriety of Lucent's damages model, the Court will appreciate that presenting an inflated damages number could psychologically affect the jury, causing it to award a higher amount than is proper or appropriate. This inflation effect is exactly what Lucent is seeking by presenting damages totals at least one order of magnitude higher than they should be. Given all of the problems associated with Lucent's approach, the probative value of Lucent's opinions related to this model pale in comparison to the risk of prejudice to Microsoft. That risk is exacerbated by the fact that such "evidence" will come from experts whom the jury is at an inherent disadvantage in evaluating. *See, e.g., Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) (stating that because "[e]xpert evidence can be…quite misleading…the judge in weighing possible prejudice against probative force under Rule 403…exercises more control over experts than over lay witnesses.").

### III. CONCLUSION

Lucent should be precluded and judicially estopped from presenting an entire market value theory in this trial where it lacks supporting evidence and doing so would directly contradict Lucent's position in the last trial. If shown to the jury, Lucent's inflated, improper, and exorbitant totals would unfairly prejudice Microsoft under Rule 403. Accordingly, Microsoft requests that the Court preclude Lucent from presenting its entire market value theory of damages at trial.

Dated: March 29, 2007          FISH & RICHARDSON P.C.


By: /s/ Juanita R. Brooks
    Juanita R. Brooks (SBN 75934)

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

10717922.doc

4                    Case No. 02-CV-2060 B (CAB)

Exhibit 27
Page 000497

*Additional Counsel:*

James S. Blackburn (SBN 169134)
Arnold & Porter LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joseph Micallef (admitted *Pro Hac Vice*)
Ali R. Sharifahmadian (admitted *Pro Hac Vice*)
Matthew Bathon (admitted *Pro Hac Vice*)
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Joel Freed, Esq. (admitted *Pro Hac Vice*)
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Telephone: (202) 756-8080
Facsimile: (202) 756-8087

Attorneys for Defendant
DELL, INC.

David J. Zubkoff (SBN 149488)
Seltzer, Caplan, McMahon & Vitek
2100 Symphony Towers
750 B Street, Suite 2100
San Diego, CA 92101
Telephone: (619) 685-3003
Facsimile: (619) 702-6827

Bryan Farney (admitted *Pro Hac Vice*)
Steven R. Daniels (SBN 235398)
Jeffrey B. Plies (admitted *Pro Hac Vice*)
DECHERT LLP
300 W. Sixth Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

Attorneys for Defendants/Counter-claimants
GATEWAY, INC. and
GATEWAY COUNTRY STORES LLC

5                                    Case No. 02-CV-2060 B (CAB)

Exhibit 27
Page 000498

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 29, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

      /s/Juanita R. Brooks
Juanita R. Brooks
brooks@fr.com

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

Exhibit 27
Page 000499