# SCHMIDT DECLARATION EXHIBIT 39

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>    Intervenor and Counter-claimant, | **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br>**ORDER ON MOTIONS IN LIMINE FOR THE GROUP 4 TRIAL CONCERNING U.S. PATENT NOS. 4,763,356 AND 5,347,295** |
| MICROSOFT CORPORATION,<br><br>    Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>    Defendant and Counter-claimant | |
| LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DELL, INC.,<br><br>    Defendant. | |

02CV2060-B (CAB)

Exhibit 39
Page 000584

1     The parties have submitted motions in limine for the upcoming trial on Group 4
2 patents, U.S. Patent Nos. 4,763,356 ("the '356 patent) and 5,347,295 ("the '295 patent).
3 Having reviewed the briefs submitted by the parties in support and in opposition to the
4 motions, as well as oral arguments presented to the Court on April 27, 2007, the Court
5 hereby rules on the motions as follows:

| No. | Motion in limine | Ruling |
|---|---|---|
| Microsoft[1] No. 1 [1337] | Exclude evidence or argument regarding Microsoft's valuations, revenues and cash reserves | **GRANTED-IN-PART** as to general valuation evidence and argument; **DENIED-IN-PART** as to evidence and argument regarding the profitability of the products themselves and the divisions making the products. |
| Microsoft No. 2 [1333] | Preclude Lucent from offering evidence of indemnification between Microsoft and its customers | **DENIED-IN-PART** as to letters and communications; **GRANTED-IN-PART** as to customer agreements made prior to notice of infringement. |
| Microsoft No. 3 [1336] | Preclude Lucent from mentioning any other legal proceedings involving Microsoft | **GRANTED**; however, prior transcripts and admissions can be used for impeachment with no mention of the actual proceedings. |
| Microsoft No. 4 [1281] | Preclude Lucent from referencing any unaccused Microsoft products | **DENIED** |
| Microsoft No. 5 [1282] | Preclude Lucent from presenting a joint and several theory of damages at trial | **DENIED** |

---

[1] Dell has joined Microsoft's motions nos.1, 2, 4, 6-8, 10-13, and 16-19. [docket no. 1332];Gateway has joined Microsoft's motions nos. 2-4, 6-8,10, 11, 13, 15-17 and 19 [docket no. 1403].

2

Exhibit 39
Page 000585

| | | |
|---|---|---|
| Microsoft No. 6 [1283]<br><br>Dell No. 14 [1313]<br><br>Gateway No. 3 [1274] | Preclude Lucent from presenting an entire market value theory at trial<br><br>Exclude evidence or testimony of the entire market value rule<br><br>Lucent Should Be Precluded from Seeking Damages for the Day Patent on the Entire Computer | **GRANTED-IN-PART/DENIED-IN-PART;** Lucent may not present any evidence that the royalty base is the cost of the computer unless it can lay a foundation that sales of the computer would be commercial infeasible without the accused features of the software (Quicken, Money, Outlook). |
| Microsoft No. 7 [1335] | Preclude Lucent from any factual allegations regarding the '295 patent unsupported by its 2/20/06 infringement contentions | **GRANTED-IN-PART** as to contentions of direct and contributory infringement<br><br>**DENIED-IN-PART** as to: Electromagnetic digitizer; equivalents for corresponding structures in means-plus-function claims; and gestures accused |
| Microsoft No. 8 [1284] | Preclude Lucent from having either of its damage experts endorsing the work of the other | **GRANTED** An expert may use the calculations of another but he may not vouch for those calculations. |
| Microsoft No. 9 [1285] | Preclude Lucent from presenting evidence or argument regarding willfulness | **DENIED** |
| Microsoft No. 10 [1286] | Preclude Lucent from mentioning the existence and contents of draft expert reports | **GRANTED** |
| Microsoft No. 11 [1287] | Preclude Lucent from discussing the value of its cross-licenses | **DENIED** Experts may testify as to the desirability of the cross-licenses but not monetary figures. |
| Microsoft No. 12 [1288] | Preclude Lucent from introducing evidence or argument regarding Microsoft's foreign sales and contributory infringement | **DEFERRED;** hearing on this motion will be rescheduled in light of the recent Supreme Court decision in <u>Microsoft Corp. v. At&T Corp.</u> |
| Microsoft No. 13 [1289] | Preclude arguments or evidence regarding infringement of the '295 or '356 patents under the doctrine of equivalents | **GRANTED** |

3

Exhibit 39
Page 000586

| | | |
|---|---|---|
| Microsoft No. 14 [1290] | Preclude Lucent from relying on Microsoft's claims of noninfringement to show date of actual notice of infringement | **GRANTED** |
| Microsoft No. 15 [1334] | Preclude Lucent from mentioning the Microsoft-Stac agreement | **GRANTED** except that the agreement can be used for impeachment if Microsoft takes the position that it never makes a certain type of agreement |
| Microsoft No. 16 [1291] | Preclude Lucent from misstating the scope of a license resulting from the Georgia-Pacific analysis | **GRANTED**; the hypothetical negotiation must focus on a license relevant to the scope of the infringement at issue. |
| Microsoft No. 17 [1292] | Preclude Lucent from relying on or introducing through its damages experts the Les Nouvelles article | **DENIED** |
| Microsoft No. 18 [1293] | Preclude Lucent from introducing novels and previous litigation concerning Microsoft and Go corporation | **GRANTED** as to the novels "Start up" and "Barbarians led by Bill Gates." **GRANTED** as to the Go litigation with the caveat that admissions may be used with no mention of the litigation. |
| Microsoft No. 19 [1295] | Preclude Lucent from presenting evidence or testimony regarding infringement of the '295 patent based on non-corresponding structure | **DENIED**; the Court's Markman Order as issued March 2, 2004 will be used at trial. |
| Dell[2] No. 1 [1300] | Preclude Lucent from relying on Mr. Tognazzini's testimony on secondary considerations of obviousness with respect to the '356 patent | **DENIED** |
| Dell No. 2 [1301] | Preclude Lucent from relying on Dell's knowledge or belief to prove actual pre-suit notice with respect to the '356 patent | **GRANTED-IN-PART**; This evidence may only be used for impeachment or corroboration. |

---

[2] Microsoft has joined Dell's motions nos. 1, 5-9, 12-15, 18 and 19 [docket no. 1299]; Gateway has joined Dell's motions nos. 1, 5, 6, 8-15, 17-19 [docket no. 1403].

4

Exhibit 39
Page 000587

| | | |
|---|---|---|
| Dell No. 3 [1302] Gateway No. 6 [1276] | Preclude Lucent from relying on communications that do not identify the '356 patent to prove actual notice<br><br>Preclude Lucent from Presenting Evidence or Argument that Documents and Testimony Not Identifying U.S. Patent No. 4,763,356 or U.S. Patent No. 5,347,295 Allegedly Support Lucent's Actual Notice Contentions | **GRANTED-IN-PART/DENIED-IN-PART**; while multiple communications may be combined to show actual notice, these communications must each refer to the relevant patents accused (by patent number) to be admissible on actual notice. |
| Dell No. 4 [1303] | Preclude Lucent from relying on a notice date earlier than Feb. 20, 2003 with respect to the '295 patent | **GRANTED** |
| Dell No. 5 [1304] | Lucent and its expert Jean Renard Ward should be precluded from asserting that the accused Palm-based PDAs do not have a front-mounted digitizer | **GRANTED** |
| Dell No. 6 [1305] | Preclude Ward from testifying regarding infringement of the accused Palm-based PDAs | **GRANTED** |
| Dell No. 7 [1306] | Preclude Lucent from introducing any evidence or argument that the alleged infringement of the '295 (Agulnick) patent was willful | **GRANTED** |
| Dell No. 8 [1307] | Preclude Lucent from relying on Mr. Ward's testimony on secondary considerations of nonobviousness | **DENIED** |
| Dell No. 9 [1308] | FRE408 does not preclude Dell's reliance on Lucent's licensing documents | **DENIED** |
| Dell No. 10 [1309] | Dell should be permitted to introduce evidence regarding the extent and number of Lucent's other patent claims against Dell's products | **GRANTED** to the extent that at the hypothetical negotiation the parties would know and consider other patents that would might be licensed together; however, no mention may be made of the trials or the verdicts thereon. |

5

Exhibit 39
Page 000588

| | | | |
|---|---|---|---|
| 1 2 | Dell No. 11 [1310] | Preclude Lucent from referencing Dell's lack of an opinion of counsel | **DENIED**; The lack of an opinion of counsel is admissible but no adverse inference may be drawn therefrom |
| 3 4 | Dell No. 12 [1311] | Exclude the expert testimony of Roger Smith on the '295 patent | **DENIED** |
| 5 6 | Dell No. 13 [1312] | Exclude expert testimony of Roger Smith on the '356 patent | **DENIED** |
| 7 8 | Dell No. 15 [1314] | Preclude Lucent's damages expert Roger Smith from asserting that Dell benefits from convoyed sales | **GRANTED** |
| 9 10 11 | Dell No. 16 [1316] | Preclude Lucent from introducing any evidence or argument that the alleged infringement of the Day Patent (the '356 patent) is willful | **DENIED** |
| 12 13 | Dell No. 17 [1318] | Exclude untimely opinions of Lucent's expert Jean Renard Ward regarding the '295 patent | **GRANTED** |
| 14 15 16 17 18 19 20 | Dell No. 18 [1320] Gateway No. 1 [1272] | Exclude damages testimony on quicken and money because of Wayne Hoeberlein's untimely second supplemental expert report<br><br>Preclude Lucent from Providing Any Testimony or Argument at Trial Regarding Damages Based on Gateway's Sales of Quicken and Money Due to the Untimely Disclosure of Wayne A. Hoeberlein's Second Supplemental Expert Report | **DENIED**; however, any supplemental reports submitted after the close of expert discovery are admissible only for the portions that incorporate the tardy production of documents from Dell and Gateway. |
| 21 22 23 | Dell No. 19 [1321] | Preclude Lucent from accusing computer systems that do not include a touch sensitive screen of infringing claim 21 of the Day patent (the '356 patent) | **GRANTED** |

Exhibit 39
Page 000589

| | | | |
|---|---|---|---|
| 1 | Gateway[3] No. 2 [1273] | Exclude Testimony, Evidence or Argument that Quicken New User Edition and Microsoft Money Should Be Included in the Royalty Base for the Day Patent (the '356 patent) | **DENIED** |
| 5 | Gateway No. 4 [1361] | Preclude Lucent from presenting Roger Smith's testimony regarding IBM and industry royalty rates | **DENIED** |
| 7 | Gateway No. 5 [1275] | Exclude Roger S. Smith's Testimony Regarding Damages for Gateway's Alleged Infringement of the Day Patent (the '356 patent) | **DENIED** |
| 10 | Gateway No. 7 [1277] | Preclude Lucent from Presenting Evidence or Argument Regarding Willful Infringement of the '295 patent | **GRANTED** |
| 12 | Gateway No. 8 [1278] | Precluded from Presenting Evidence or Argument Regarding Gateway's Alleged Willful Infringement of the '356 patent | **DENIED** |
| 15 | Gateway No. 9 [1279] | Exclude Any and All Evidence and Arguments Related to Litigation Misconduct During the Liability Phase of these Proceedings | **GRANTED**; this issue will not be presented in the jury-phase of the trial. |
| 19 | Gateway No. 10 [1280] | Lucent Should be Precluded from Arguing at Trial Infringement of the '295 Patent by Palm or Pocket PC Devices Based Upon a Rear-Mounted Digitizer | **GRANTED** |

---

[3] Dell has joined Gateway's motions nos. 1-5 and 9-10 [docket no. 1331]; Microsoft has joined motion nos. 1-5, 7, 8, and 10 [docket no. 1298].

7

Exhibit 39
Page 000590

| | | | |
|---|---|---|---|
| 1 2 3 4 5 | Lucent No. 1 [1315] | Preclude Evidence, Testimony or Argument Concerning Lucent's Assertion and the Court's Dismissal of Certain Claims Against the Defendants Alleging Infringement of the '956, '356, '295 and '131 patents | **GRANTED-IN-PART; DENIED-IN-PART** as to damages calculations only. |
| 6 7 8 9 | Lucent No. 2 [1317] | Defendants from Presenting any Undisclosed Evidence Regarding Software Distribution Abroad and Argument that the Facts Disclosed are Different than <u>Elos v. Microsoft</u> and <u>AT&T v. Microsoft</u> | **GRANTED**; Microsoft is limited to its verified response. |
| 10 11 | Lucent No. 3 [1379] | Preclude Microsoft from eliciting expert testimony concerning purported surveys | **GRANTED** |
| 12 13 14 15 16 | Lucent No. 4 [1380] | Preclude expert testimony of David Kaplan that Dell and Gateway are not liable for damages | **GRANTED-IN-PART**; Kaplan cannot testify that Dell/Gateway are not liable but he can testify as to whether Dell and Gateway would have relied on Microsoft to make a license with Lucent or whether Microsoft would have indemnified as considerations in a hypothetical negotiation. |
| 17 18 19 | Lucent No. 5 [1319] | Exclude Evidence or Argument Regarding Unrelated Legal Matters | **GRANTED**; Use of prior transcripts/admissions without mentioning the prior case is permissible. |
| 20 21 | Lucent No. 6 [1381] | Preclude expert testimony regarding allegations of non-infringing alternatives | **GRANTED** as to testimony by Mr. Napper. |
| 22 23 | Lucent No. 7 [1322] | Preclude Defendants from Presenting Evidence and Argument Regarding Past and Future Trials | **GRANTED-IN-PART**; testimony, transcripts, and admissions may be used without mention of the trials. |
| 24 25 | Lucent No. 8 [1382] | Preclude defendants from presenting evidence and argument regarding settlement negotiations | **GRANTED** |

8

Exhibit 39
Page 000591

| Lucent No. 9 [1323] | Exclude Evidence or Argument Regarding Lucent's Market Capitalization, Licensing Revenues and "Valuation" | **GRANTED**; however, revenue/sales of relevant products for the Georgia-Pacific factors are admissible. |
|---|---|---|
| Lucent No. 10 [1396] | Preclude Defendants from Presenting Evidence or Argument Regarding a Reference First Produced on March 29, 2007 | **GRANTED** |
| | | |

**IT IS SO ORDERED**

DATED: April 30, 2007

*/s/ Rudi M. Brewster*
Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
 United States Magistrate Judge

 All Counsel of Record

Exhibit 39
Page 000592