# SCHMIDT DECLARATION EXHIBIT 46

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>vs.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.<br><br>Defendants and Counter-Claimants,<br><br>And<br><br>DELL INC.,<br><br>Defendant and Counter-Claimant,<br><br>And<br><br>MICROSOFT CORPORATION,<br>Intervener and Counter-Claimant. | CASE No. 02-CV-2060 B (CAB)<br>consolidated with<br>CASE No. 03-CV-699 B (CAB)<br>CASE No. 03-CV-1108 B (CAB)<br><br>**SUPPLEMENTAL EXPERT REPORT OF THE HONORABLE GERALD J. MOSSINGHOFF ON U.S. PATENT NO. 4,958,226 GRANTED TO HASKELL ET AL.** |

- 1 -

Exhibit 46
Page 000803

1.     On March 31, 2006, I signed an Expert Report regarding U.S. Patent Nos. 4,958,226 granted to Haskell et al. and 4,383,272 granted to Netravali et al. (the "March 31, 2006 report"). In that report I addressed breaches of the duty of candor and good faith to the United States Patent and Trademark Office ("USPTO") during the prosecution of the Haskell '226 patent and the Netravali '272 patent, and in this report I expressly adopt the statements and opinions set forth in that report.

2.     I have reviewed the Order Granting Request for *Ex Parte* Reexamination of the Haskell '226 patent issued by the USPTO on October 5, 2007 (the "'226 Reexamination Order"), attached hereto as Exhibit F. This report sets forth additional opinions regarding a breach of the duty of candor and good faith to the USPTO during the prosecution of the Haskell '226 patent, based upon the '226 Reexamination Order.

3.     Attached to this report as exhibits are current versions of my curriculum vitae (Exhibit A); a list of publications that I have authored or co-authored (Exhibit B); a list of the Congressional hearings that I participated in as a principal witness (Exhibit C); a list of the intellectual property cases in which I have testified in court or in deposition as an expert (Exhibit D); and a list of documents and materials in addition to those materials cited in this report, which I have reviewed to a greater or lesser extent, as appropriate (Exhibit E).

4.     My qualifications detailed in paragraph 2 of my March 31, 2006 report are incorporated herein by this reference thereto.

5.     I have been retained by counsel for Defendants in the above-captioned action, to prepare this expert report and to be available to testify in the action. The law firm that employs me bills my time in this matter at my standard fee rate of $810.00 per hour for time spent on this matter, with reimbursement for actual expenses. No part of my compensation depends on the outcome of this litigation.

6.     At the present time, I expect to testify at trial on the rules and procedural requirements governing the filing and prosecution of patent applications in the USPTO and the

- 2 -

Exhibit 46
Page 000804

grant of U.S. patents by the USPTO, the duty of candor and good faith to the USPTO, and the reexamination of granted patents in the USPTO.

7. In *Patlex v. Mossinghoff*,[1] the Federal Circuit stated in part:

> The reexamination statute enabled the PTO to recover administrative jurisdiction over an issued patent in order to remedy any defects in the examination which that agency had initially conducted and which led to the grant of the patent. Before its enactment, the methods of achieving administrative review of an issued patent were very limited.
>
> \*\*\*
>
> The bill's proponents foresaw three principal benefits. First, the new procedure could settle validity disputes more quickly and less expensively than the often protracted litigation involved in such cases. Second, the procedure would allow courts to refer patent validity questions to the expertise of the Patent Office. *See Senate Hearings* at 1, wherein Senator Bayh said that reexamination would be "an aid" to the trial court "in making an informed decision on the patent's validity". Third, reexamination would reinforce "investor confidence in the certainty of patent rights" by affording the PTO a broader opportunity to review "doubtful patents". 126 Cong.Rec. 29,895 (1980) (statement of Rep. Kastenmeier).

8. The opinions stated in this report are based on information currently available to me. I reserve the right to continue my investigation and study, which may include a review of documents and information that may yet be produced, as well as deposition testimony from depositions for which transcripts are not yet available and that may yet be taken in this case. Therefore, I reserve the right to expand or modify this report as my investigation and study continue, and to supplement my opinions in response to any additional information that becomes available to me, to any matters raised by the parties, and/or other opinions provided by the parties' expert(s). In my testimony I may use exhibits and demonstratives.

**BREACH OF THE DUTY OF CANDOR AND GOOD FAITH TO THE USPTO WITH REGARD TO THE HASKELL '226 PATENT IN FAILING TO DISCLOSE RELEVANT PARTS OF THE HASKELL BOOK "DIGITAL PICTURES: REPRESENTATION AND COMPRESSION" TO THE USPTO DURING THE PENDENCY OF THE HASKELL '226 PATENT**

---

[1] 758 F.2d 594, 601 & 602 (Fed. Cir. 1985).

- 3 -

Exhibit 46
Page 000805

9. As set forth in my March 31, 2006 report:

> 25. In view of the analysis of Professor Delp, it is my opinion that those substantively involved in the preparation and prosecution of the '226 patent, which would include Mr. Haskell and the prosecuting attorneys, breached their duty of candor and good faith to the USPTO by failing to disclose the Digital Pictures book to the examiner during the prosecution of the '226 patent. Based on the analysis of Professor Delp, there was more than a substantial likelihood that a reasonable examiner would have considered the Digital Pictures book important in deciding whether to allow the claims that were ultimately included in the '226 patent. As pointed out in the *Digital Control* case: "... if a misstatement or omission is material under the 'reasonable examiner' standard..., it is also material."[2]
>
> 26. In view of the analysis of Professor Delp, it is my opinion that those substantively involved in the preparation and prosecution of the '226 patent, which would include Mr. Haskell and the prosecuting attorneys, breached their duty of candor and good faith to the USPTO by failing to disclose the Digital Pictures book to the examiner during the prosecution of the '226 patent. Based on the analysis of Professor Delp, the Digital Pictures book established a prima facie case of unpatentability of the claims of the '520 application (the '226 patent) within the meaning of subsection (b)(1) of the 1992 version of Rule 56. As pointed out in the *Digital Control* case, the 1992 version of Rule 56 is "an arguably narrower standard of materiality" that did "not supplant or replace our [Federal Circuit's] case law." As noted in the *Digital Control* case, "if a misstatement or omission is material under the new [1992] Rule 56 standard, it is material."[3]
>
> * * *
>
> 30. In view of the analysis of Professor Delp, it is my opinion that those substantively involved in the preparation and prosecution of the '226 patent, which would include Mr. Haskell and the prosecuting attorneys, breached their duty of candor and good faith to the USPTO by failing to disclose the Digital Pictures book and specifically ¶ 5.6.3 of the book to the examiner during the prosecution of the '226 patent. Based on the analysis of Professor Delp, there was more than a substantial likelihood that a reasonable examiner would have considered that paragraph important in deciding whether to allow the claims that were ultimately included in the '226 patent. As pointed out in the

---

[2] 437 F.3d at 1829.
[3] 437 F.3d at 1829.

- 4 -

Exhibit 46
Page 000806

*Digital Control* case: "... if a misstatement or omission is material under the 'reasonable examiner' standard..., it is also material."[4]

31. In view of the analysis of Professor Delp, it is my opinion that those substantively involved in the preparation and prosecution of the '226 patent, which would include Mr. Haskell and the prosecuting attorneys, breached their duty of candor and good faith to the USPTO by failing to disclose the Digital Pictures book and specifically ¶ 5.6.2 of the book to the examiner during the prosecution of the '226 patent. Based on the analysis of Professor Delp, that paragraph established a prima facie case of unpatentability of the claims of the '520 application (the '226 patent) within the meaning of subsection (b)(1) of the 1992 version of Rule 56. As pointed out in the *Digital Control* case, the 1992 version of Rule 56 is "an arguably narrower standard of materiality" that did "not supplant or replace our [Federal Circuit's] case law." As noted in the *Digital Control* case, "if a misstatement or omission is material under the new [1992] Rule 56 standard, it is material."[5]

10. In deciding to order a reexamination of the '226 patent, the USPTO considered the Digital Pictures book. The '226 Reexamination Order discusses the Digital Pictures book in the context of claim 12 of the '226 patent and the prosecution history and states that "a reasonable examiner would consider the Digital Pictures publication, either alone or used in combination with other secondary references, important in making a decision as to the patentability of claim 12 in the Haskell patent." '226 Reexamination Order at 9.

11. According to the '226 Reexamination Order:

> Thus, a reasonable examiner would view the teachings of the Digital Pictures publication, alone or in combination with the admitted prior art of another, or in combination with any of the various secondary references cited in the Request, important in deciding to allow the claims being considered, thus raising a substantial new question of patentability regarding claim 12 of the Haskell patent. *Id.* at 10-11.

12. The decision of the USPTO in the '226 Reexamination Order reinforces my opinion, based upon Dr. Delp's analyses, that the Digital Pictures book was material to the patentability of a claim of the patent application that resulted in the '226 patent both under the

---

[4] 437 F.3d at 1829.
[5] 437 F.3d at 1829.

- 5 -

Exhibit 46
Page 000807

pre-1992 Rule 56 of the USPTO and the 1992 Rule 56 of the USPTO, and should have been disclosed to the examiner during the prosecution of that patent.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing report on behalf of the Defendants is true and correct. Executed this 16th day October, 2007 in Washington, D.C.

Respectfully submitted,

*/s/ Gerald J. Mossinghoff*
Gerald J. Mossinghoff

Exhibit 46
Page 000808