John E. Gartman (SBN 152300)
Juanita R. Brooks (SBN 75934)
Roger A. Denning (SBN 228998)
Christopher S. Marchese (SBN 170239)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California  92130
Telephone:    (858) 678-5070
Facsimile:    (858) 678-5099

Stephen P. McGrath (SBN 202696)
Microsoft Corporation
One Microsoft Way
Redmond, WA  98052
Telephone:    (425) 882-8080
Facsimile:    (425) 936-7329

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervenor and Counter-claimant, | Case No. 07-CV-2000 H (CAB) consisting of matters severed from consolidated cases:<br>02-CV-2060 B (CAB)<br>03-CV-0699 B (CAB)<br>03-CV-1108 B (CAB)<br><br>**MICROSOFT'S MOTION IN LIMINE NO. 1 TO PRECLUDE LUCENT AND MULTIMEDIA PATENT TRUST FROM SEEKING DAMAGES DUE TO MICROSOFT'S FOREIGN SALES** |
| MICROSOFT CORPORATION,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>Defendant and Counter-claimant, | **Date:**        February 11, 2008<br>**Time:**        10:30 a.m.<br>**Courtroom:**   13<br><br>**Hon. Marilyn L. Huff** |

| | |
|---|---|
| 1 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | DELL, INC., |
| 6 | Defendant. |

Case No. 07-CV-2000 H (CAB)

I. **UNDER LUCENT'S OWN INTERPRETATION OF THE SUPREME COURT'S *AT&T* DECISION, IT CANNOT SEEK DAMAGES UNDER § 271(F) FOR FOREIGN SALES OF MICROSOFT PRODUCTS ACCUSED UNDER THE '226 OR '295 PATENTS – BECAUSE ONLY APPARATUS CLAIMS ARE ASSERTED.[1]**

Last spring, in *Microsoft Corp. v. AT&T Corp.*, --- U.S. ---, 127 S. Ct. 1746 (2007), the Supreme Court confirmed Microsoft's interpretation of 35 U.S.C. § 271(f) and expressly excluded Microsoft's "golden master" foreign software distribution process from the reach of the patent statute. After the Supreme Court decision, Lucent finally appeared to acknowledge that Microsoft had been correct all along that Lucent could not obtain damages under § 271(f) on Microsoft software distributed abroad under the "golden master" process.[2] Specifically, when opposing Microsoft's motions for JMOL and new trial regarding the Audio trial verdict, Lucent's only argument to preserve foreign sales liability was that § 271(f) could still reach foreign sales that infringed *method* patent claims. [*See, e.g.*, Ex. 29 (Lucent's Opp'n to Microsoft's Mot. for New Trial or Remittitur on the Group 2 Audio Patents at 19-21) (conceding "*AT&T* did limit liability for foreign activity under certain circumstances").] In this trial, however, Lucent has only asserted *apparatus* claims – not method claims – as the basis for infringement of the '226 and '295 patents. Consequently, *AT&T* bars damages due to foreign sales on those two patents even under Lucent's interpretation of the case. The Court should prohibit Lucent from introducing evidence or argument that the '226 and '295 patents can touch Microsoft's foreign sales.

---

[1] All references to "Ex." refer to the exhibits listed in the Declaration of John E. Gartman in Support of Microsoft Corporation's Motions in Limine Nos.1 to 8.

[2] As Microsoft has explained in its previous iterations of this motion *in limine*, it distributes its software—including the Windows products that were at issue in both *AT&T* and this case, as well as its other software products at issue in this case—overseas by way of a "golden master" process, *i.e.*, Microsoft provides computer manufacturers abroad with a master version of the software, either on a disk or via encrypted electronic transmission. The computer manufacturers then use this "golden master" version to generate copies of the software, but the "golden master" itself does not become a part of any computer. The evidence that Microsoft distributes its software in this fashion is uncontroverted; Microsoft provided Lucent a verified written response outlining the process by which it distributes software abroad. [Ex. 30 (Microsoft's 2/10/06 Written Resp to Lucent's 30(b)(6) Notice.).] Moreover, Lucent has repeatedly acknowledged that Microsoft's distribution method for software accused in this case is identical to the one examined in *AT&T*. [*See* Ex. 31 (*generally* Lucent's Group 1 Mot. *in Limine* No. 10) (seeking "to preclude Microsoft from presenting at trial any undisclosed evidence regarding its distribution of software abroad and presenting any argument that the facts disclosed are different than the facts of the *Eolas v. Microsoft* and *AT&T v. Microsoft* cases"); Ex. 32 (Microsoft's Group 4 Mot. *in Limine* No. 12) (same).]

II. **LUCENT CANNOT SEEK DAMAGES FOR FOREIGN SALES OF XBOX 360 FOR IDENTICAL REASONS.**

Section 271(f) likewise has no application to Microsoft's Xbox 360 game console. First and foremost, Xbox 360 is only accused of infringing the one asserted *apparatus* claim of the '226 patent, so pursuant to *AT&T*'s unambiguous holding and Lucent's own concessions, there should be no question that foreign sales of Xbox 360 are unreachable for damages purposes. Moreover, the Xbox 360 is manufactured in China, so consoles sold abroad never touch U.S. soil. [*See, e.g.*, Ex. 33 (6/2/06 Steinglass Dep. at 18:14-19); Ex. 34 (MSLT 1215274) (noting that all three plants to manufacture the Xbox 360 "are located in [the] Pearl River Delta region of Southern China").]

III. **LUCENT CAN NOT OBTAIN FOREIGN SALES DAMAGES ON THE '356 PATENT EVEN THOUGH IT HAS METHOD CLAIMS.**

Lucent indicated in its Audio trial post-trial briefing that it believes *method* claims are exempt from *AT&T*'s interpretation of § 271(f). [Ex. 29 at 19-20.] Presumably, Lucent will oppose this motion on the ground that it should be allowed to pursue damages on foreign sales of Microsoft's software accused of infringing the method claims of the '356 patent, despite the fact that the software accused under that patent is distributed under the exact same "golden master" process the Supreme Court found immune to § 271(f) liability in *AT&T*. Lucent's argument hinges on *AT&T*'s footnote 13, in which the Supreme Court indicated it "need not address whether software in the abstract, or any other intangible, can *ever* be a component under § 271(f)." 127 S. Ct. at 1756 n.13. But footnote 13 cannot save Lucent's claim to foreign sales damages in this case. In advance of *AT&T*, the Federal Circuit made it clear that method claims and apparatus claims should receive the same treatment for purposes of § 271(f). *Eolas Techs., Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1339-40 (Fed. Cir. 2005) ("This court cannot construct a principled reason for treating process inventions different than structural products."); *Union Carbide Chems. & Plastics Tech. Corp.*, 425 F.3d 1366, 1379 (Fed. Cir. 2005). The reason is simple: § 271(f) itself "makes no distinction between patentable method/process inventions and other forms of patentable inventions." *Union Carbide*, 425 F.3d at 1379; *see also* 35 U.S.C. § 271(f). While the Supreme Court determined that § 271(f) did not apply to Microsoft's "golden master" process, nothing the Court said or did suggests that the Federal Circuit should alter its stated approach and begin

treating different claim types differently.[3]  Lucent cannot obtain damages on the '356 patent due to Microsoft's foreign sales.[4]

### IV. LUCENT SHOULD BE COMPLETELY PRECLUDED FROM REFERENCING MICROSOFT'S IRRELEVANT AND PREJUDICIAL FOREIGN SALES DATA.

Inexplicably, despite Lucent's apparent concession that *AT&T* forbids recovery on foreign sales under apparatus claims, Lucent's damages expert has continued to calculate "worldwide" liability for products accused under apparatus claims of the '226 and '295 patents.  [Ex. 22 (12/27/07 Hoeberlein Exp. Rpt. re '226 and '272 at Exhibit G, L); Ex. 35 (12/27/07 Hoeberlein Exp. Rpt. re '295 and '356 at Exhibit M).]  Mr. Hoeberlein has also continued to calculate "worldwide" liability for the Xbox 360, despite the fact that its foreign sales never touch U.S. soil. [Ex. 22 at Exhibit K.]  Lucent's only possible motivation for calculating these irrelevant numbers is to hope that, by presenting artificially-inflated damages totals,[5] the jury may be tricked into awarding Lucent a larger recovery than is necessary or permitted under the patent laws.  Rule 402 excludes such inadmissible evidence but, even if Lucent is able to manufacture some purported probative value for these numbers, the potential prejudice to Microsoft of presenting such inflated numbers and the risk of the jury becoming confused by them vastly outweighs any such minimal relevance.  Accordingly, Lucent should be precluded from presenting evidence about, or referring to, any Microsoft foreign sales under Rule 403.

### V. CONCLUSION

Microsoft cannot be liable for damages due to foreign sales of its software or the Xbox 360.  The Supreme Court has clearly ruled that § 271(f) does not apply to apparatus claims and the Federal Circuit has ruled that there is no reason to treat apparatus and method claims differently. Any evidence of Microsoft's foreign sales is irrelevant under Rule 402 and would be unfairly prejudicial under Rule 403.  All such evidence and argument should be excluded.

---

[3] In addition, for § 271(f) liability, there must be a component; to be a component, an item must be combinable; to be combinable, a component must be physical.  Method claims simply have no components and § 271(f) can not apply to method claims.

[4] Lucent accused Dell and Gateway, but not Microsoft, of infringing the '272 video patent, specifically method claim 13. If Lucent had accused Microsoft on this claim, then any evidence of Microsoft foreign sales on that patent should likewise have been excluded.

[5] U.S. sales account for approximately 50% or less of Microsoft's sales.  Accordingly, presenting Microsoft's foreign sales would approximately double the amount of sales shown to the jury.

| | | |
|---|---|---|
| 1 | Dated:  January 14, 2008 | FISH & RICHARDSON P.C. |

By:  /s/ John E. Gartman
   John E. Gartman (SBN 152300)
   gartman@fr.com

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 14, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

    /s/ John E. Gartman
    John E. Gartman
    gartman@fr.com

    Attorney for Intervenor/Counter-claimant
    and Plaintiff/Counter-defendant
    MICROSOFT CORPORATION

10796831.doc