# SCHMIDT DECLARATION EXHIBIT 69

Case 3:07-cv-02000-H-CAB     Document 250-5     Filed 01/14/2008     Page 1 of 6

```
 1                UNITED STATES DISTRICT COURT

 2               SOUTHERN DISTRICT OF CALIFORNIA

 3

 4  LUCENT TECHNOLOGY,          )  Case No. 02CV2060-B(LAB)
                                )           03CV0699-B
 5          Plaintiff,          )           03CV1108-B
                                )
 6  vs.                         )  San Diego, California
                                )
 7  GATEWAY, INC., et al.,      )  Wednesday,
                                )  September 8, 2004
 8          Defendants.         )  8:30 a.m.
    _____)

 9

10           TRANSCRIPT OF MARKMAN HEARING
        BEFORE THE HONORABLE RUDI M. BREWSTER
11             UNITED STATES DISTRICT JUDGE

12  APPEARANCES:

13  For the Plaintiff:     JOHN DESMARAIS, ESQ.
                           ROBERT APPLEBY, ESQ.
14                         JON HOHENTHANER, ESQ.
                           Kirkland & Ellis, LLP.
15                         153 East 53rd Street
                           New York, New York 10022
16
    For Gateway:           W. BRYAN FARNEY, ESQ.
17                         JEFFREY PLIES, ESQ.
                           Dewey Ballantine, LLP.
18                         816 Congress Avenue
                           Suite 1900
19                         Austin, Texas 78701
                           (512) 226-0415
20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

Echo Reporting, Inc.

Exhibit 69
Page 001524

223

The Defendants want me to tell them how they displace the picture based on intensities of pels and transmitted pictures.

MR. DESMARAIS: We agree with your Honor in light of your definition of the displacement of objects and said picture which we just finished. We'd be happy to leave it with the plain language, because I think it is pretty clear actually.

THE COURT: I'm just going to leave it plain language.

MR. MARCHESE: Your Honor, obviously we object to that and would like to put a record down as to why that's incorrect.

THE COURT: Well, I -- I've got your proposed. Is that in the record you think?

MR. MARCHESE: The proposed instruction?

MR. DESMARAIS: Yes, it is, your Honor. It is. These have been submitted.

THE COURT: Is this filed?

MR. MARCHESE: Why don't we just read it in, and then we can talk about why we think it's correct.

THE COURT: Is this on file -- spreadsheet on -- in the file?

MR. DESMARAIS: The one that we --

THE COURT: Has it been filed?

1          MR. DESMARAIS:  The one that we just handed you
2    this morning will be filed, but the Defendants' position is
3    in the previous --
4          THE COURT:  Is this filed?
5          THE CLERK:  No.
6          THE COURT:  Not filed.  It's not in the record
7    yet.
8          MR. DESMARAIS:  We'll file it tomorrow morning,
9    your Honor.
10         THE COURT:  Well, put it -- put your language on
11   the record.
12         MR. MARCHESE:  I'll just read the language into
13   the record now.
14         THE COURT:  Read the language.
15         MR. MARCHESE:  It says in our -- in Microsoft,
16   Dell, and Gateway's proposed interpretation is:
17         "The term selecting said related
18         locations as a function of the
19         displacement of objects in said picture
20         means selecting the related locations
21         for each pel being interpolated by
22         estimating the displacement of objects
23         in said picture based on the intensities
24         of pels in transmitted pictures."
25         THE COURT:  Okay.

1          MR. DESMARAIS:  You're 100 percent right, your
2  Honor.
3          THE COURT:  It better be something new.
4          MR. FARNEY:  Well, it is -- it is something new,
5  and Gateway's position is that while we -- you know, we
6  prefer the construction that the Defendants propose, given
7  your comments about wanting it simplified, we would agree --
8  Gateway at least would agree that you could drop the last
9  portion of the phrase, based on the intensity of the pels in
10 transmitted picture.  So we simplify it to all this means is
11 selecting the related locations for each pel being
12 interpolated by estimating the displacement of objects in
13 said picture.
14         And let me tell you why this is important.  The --
15 there's a fundamental disagreement within the parties --
16 it's been clear for several years now -- about what this
17 patent means, and it boils down to this phrase.  This phrase
18 is a lot more of the weight of the patent than you realize.
19         The modern system, the modern decoding do not
20 select the pels they're going to interpolate the average to
21 come up with the missing picture by figuring out anything
22 about displacement.  That's all done in the encoder.
23         So one of the big infringement issues in this case
24 is going to be do modern DVD players, when they're
25 decompressing all this compressed information select related

```
                                                              347
 1  to average, and that's the first step of estimating.  The
 2  math following it is the second step.
 3           MR. DESMARAIS:  That is flat out wrong.  When you
 4  look at the picture, those are in the -- those are pels from
 5  the same location.  There's no judgment there.
 6           MR. APPLEBY:  Your Honor --
 7           THE COURT:  Let's -- let's sleep on it and let's
 8  decide it at the crack of dawn tomorrow morning.  I'll see
 9  you at 8:30.  Our hours tomorrow will be 8:30 to 11:30, 2:00
10  to 5:00.  Okay.  Court's in recess.
11           (Proceedings concluded.)
12
13
14
15           I certify that the foregoing is a correct
16  transcript from the electronic sound recording of the
17  proceedings in the above-entitled matter.
18
19  _____        _12-15-04_____
    Transcriber                   Date
20
21  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
22
23  _____
    L.L. Francisco, President
24  Echo Reporting, Inc."
25
```