# SCHMIDT DECLARATION
# EXHIBIT 71

```
           UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF CALIFORNIA
            Case No. 02-CV-2060B(CAB)
                Consolidated with
        Case No. 03-CV-0699B(CAB); and
            Case No. 03-CV-1108B(CAB)


******************************
LUCENT TECHNOLOGIES, INC.,
        Plaintiff and
        Counterclaim Defendant

   vs.

GATEWAY, INC. and GATEWAY COUNTRY
STORES LLC, GATEWAY COMPANIES,
INC., GATEWAY MANUFACTURING, LLC
and COWBUNGA ENTERPRISES, INC.,
        Defendants and
        Counterclaimants
   vs.
MICROSOFT CORPORATION,
        Intervenor and
        Counterclaimant
******************************
MICROSOFT CORPORATION,
        Plaintiff and
        Counter-Defendant
   vs.
LUCENT TECHNOLOGIES INC.,
        Defendant and
        Counterclaimant
******************************
     DEPOSITION OF STAFFAN ERICSSON, PH.D.
            JANUARY 23, 2006
```



Eastwood-Stein
DEPOSITION MANAGEMENT

550 West C Street, Suite 600
San Diego, CA 92101
619-235-2400

Exhibit 71
Page 001537

```
 1                    AFTERNOON SESSION
 2                        12:52 P.M.
 3              MR. McDONOUGH:  We are back on
 4     the record.
 5              CONTINUED DIRECT EXAMINATION
 6                    OF DR. ERICSSON
 7     BY MR. McDONOUGH:
 8  Q.  Okay.  I would like you to refer now to
 9     Exhibit 3.
10              (Witness complying.)
11  Q.  And in particular, heading -- when you get
12     to it.
13  A.  Yes.
14  Q.  So we are on Exhibit 3 and page 2 and
15     under heading 3.3, and there in the second
16     paragraph, which is the small one with one
17     sentence in it, it says, "From our
18     experiments, we propose the following
19     adaptive scheme."  Oh, it has two
20     sentences.  The second sentence is:
21     "Backgrounds of this proposal is presented
22     in the companion document #79."
23              Do you understand that as
24     referring to document 79, which is
```

77

```
 1         Exhibit 4?
 2              MR. STADNICK:  Objection.
 3         Lacks foundation; calls for speculation;
 4         leading.
 5    A.   Yes.  This is referring -- this seems to
 6         be referring to document 79.
 7    Q.   Okay.  And that was Exhibit 4 is by the
 8         same four companies, I think as we noted
 9         before?
10              MR. STADNICK:  The same
11         objections.
12    A.   Yes.  That's what it looks like.
13    Q.   Okay.  So do you know why it is called a
14         companion document?
15              MR. STADNICK:  Objection.
16         Vague; calls for speculation.
17    A.   It looks to me like the Japanese had --
18         were presenting a number of proposals for
19         how to do the next reference model, and
20         the summary of that is 78, and then it is
21         backed up with some specifics in the other
22         documents.
23    Q.   So the --
24    A.   That is how I interpret it.
```

78

| | | |
|---|---|---|
| 1 | Q. | Would you consider then Exhibits 5 and 6 |
| 2 | | then also to be companion documents? |
| 3 | | MR. STADNICK: Objection. |
| 4 | | Calls for speculation; vague; leading. |
| 5 | A. | I haven't looked to see if they are |
| 6 | | referred to in document 78 -- |
| 7 | Q. | Okay. |
| 8 | A. | -- so I couldn't tell you that offhand.  I |
| 9 | | only see document 79 referred to out of |
| 10 | | the other exhibits in here, but I haven't |
| 11 | | read it in detail. |
| 12 | Q. | Okay. |
| 13 | A. | So it looks to me like 80 and 81 are -- |
| 14 | | are other contributions that -- that look |
| 15 | | to be standing on their own. |
| 16 | Q. | Well -- |
| 17 | A. | I might have missed it, though. |
| 18 | Q. | Okay.  So on page 3 of 78, -- |
| 19 | A. | Yes. |
| 20 | Q. | -- there is on paragraph 3.4 -- |
| 21 | A. | Oh, there seems to be some numbering |
| 22 | | problem here. |
| 23 | Q. | Okay. |
| 24 | A. | It looks to me like the 3.4 refers to |

79

1      document 80, even though it says
2      document 70 in here.
3   Q. Okay.
4   A. And it looks to me like 3.5 refers to
5      document 81, even though it says 71 in
6      here.
7           MR. STADNICK: I am going to
8      object to that as calling for speculation;
9      lacking foundation. I move to strike it
10     as nonresponsive as there was no question
11     pending.
12  BY MR. McDONOUGH:
13  Q. Do you believe that the paragraph on
14     page 3, do you believe that the
15     paragraph 3.4 is actually referring to
16     document 80 --
17          MR. STADNICK: Objection.
18     Calls for speculation.
19  Q. -- or that would be Exhibit 5?
20          MR. STADNICK: Objection.
21     Calls for speculation; lacks foundation;
22     and it is leading.
23  A. That's what it looks like to me.
24  Q. Would you say that paragraph 3.5 on page 3

80

1    of Exhibit 3 refers to document 81, which
2    is Exhibit 6?
3                MR. STADNICK:  Objection.  It is
4    leading; it lacks foundation; it calls for
5    speculation.  I mean the witness did not
6    write this document.
7  A. It looks to me like paragraph 3.5 should
8    be referring to document 81 rather than
9    71, but I haven't seen document 71.  I
10   couldn't tell you whether this is a typo
11   or not.
12 Q. Okay.  Well, let me put those in the
13   record.
14               MR. McDONOUGH:  This will be
15   Exhibit 7.
16               (Four-page CCITT Study Group XV,
17                Document #70, production number
18                MSLT 0625802 through 0625804
19                marked Exhibit No. 7 for
20                identification.)
21               MR. McDONOUGH:  I am introducing
22   into the record a document.  This is
23   Exhibit No. 7.  It is a document entitled
24   "CCITT Study Group XV, Document 70," Bates

81

1   number MSLT 0625802.
2              At the same time, I will
3   introduce Exhibit 8, which is a document
4   entitled "International Telegraph and
5   Telephone Consultative Committee,
6   Document #71."
7              (Six-page International
8               Telegraph and Telephone
9               Consultative Committee,
10              production numbers MSLT 0625805
11              through 0625810 marked Exhibit
12              No. 8 for identification.)
13             MR. STADNICK:  What is the
14  production number on 71?
15             MR. McDONOUGH:  It is MSLT
16  0625805, ending 0625810.
17             MR. STADNICK:  Thank you.
18             MR. McDONOUGH:  You are welcome.
19             (Handing Exhibit No. 7 and
20  Exhibit No. 8 to the witness.)
21  BY MR. McDONOUGH:
22  Q.  Dr. Ericsson, can you look at documents or
23      Exhibits 7 and 8?
24             (Pause.)

82

1          (The witness viewing Exhibit
2     No. 7 and Exhibit No. 8.)
3  Q.  First of all, can you tell me from the
4     headings what these documents are?
5          MR. STADNICK:  Objection.  Calls
6     for speculation; lacks foundation.
7  A.  Well, the source indicated on the
8     documents here are France, Netherlands,
9     British Telecoms, Italy, and Belgium for
10    Exhibit 7.
11 Q.  And otherwise does this appear to be an
12    H.261 document like the others we have
13    been looking at today?
14         MR. STADNICK:  The same
15    objection.  It is also vague.
16 A.  That's what it looks like, but it seems to
17    be from the previous meeting.
18 Q.  All right.  And so would this help you
19    decide whether document 3.4 of Exhibit --
20    that the document referred to on page 3,
21    paragraph 3.4 of Exhibit 3 was actually --
22    was meant to refer to document 80 instead
23    of document 70?
24         MR. STADNICK:  Objection.

EASTWOOD-STEIN
Deposition Management (800) 514-2714

Exhibit 71
Page 001544

1      Leading; lacks foundation; calls for
2      speculation; and it is vague.
3   A. Yes.  Document 80 looks to be a companion
4      document, and it has the same subject
5      matter, F coder, while document 70 is from
6      on a totally unrelated subject and from
7      other -- from different contributors.  So
8      I think that must be a typo.
9   Q. Okay.  And then can you now look at
10     Exhibit 8?
11              (Pause.)
12              (The witness viewing Exhibit
13     No. 8.)
14  Q. Is Exhibit 8 a contribution document from
15     the H.261 meetings?
16              MR. STADNICK:  Objection.  It
17     calls for speculation; leading.
18  A. That's what it looks like.  It looks like
19     it was a contribution to the previous
20     meeting.
21  Q. And looking at this and the headings and
22     the subject matter of that, would you say
23     that paragraph 3.5 of page 3 of Exhibit 3
24     really meant to refer to companion

EASTWOOD-STEIN
Deposition Management (800) 514-2714

Exhibit 71
Page 001545

```
 1            document 81 instead of what is printed
 2            there, 71?
 3                    MR. STADNICK:  Objection.
 4            Leading; vague; calls for speculation;
 5            lacks foundation.
 6    A.      Yes.  Again document 71 is totally
 7            unrelated to the subject in 3.5 in
 8            Exhibit 3, and it is not the companion
 9            document, but the document from,
10            contributed by France.  So it looks to me
11            like to be a different document, 81 rather
12            than 71.
13    Q.      Okay.  So to go back to my previous
14            question, would you consider Exhibits 4,
15            5, and 6 to be companion documents to
16            Exhibit 3?
17                    MR. STADNICK:  Objection.
18            Leading; calls for speculation; vague.
19    A.      Yes.
20                    MR. McDONOUGH:  This will be
21            Exhibit 9.
22                    (Multipage listing of documents,
23                     production numbers MSLT 0625245
24                     through 0625282 marked Exhibit
```

85

```
 1                     No. 9 for identification.)
 2              MR. McDONOUGH:  And for the
 3   record, this document has a Bates
 4   production number of MSLT 0625245 through
 5   ending MSLT 0625282.
 6              (Handing Exhibit No. 9 to the
 7   witness.)
 8   BY MR. McDONOUGH:
 9   Q.  And, Dr. Ericsson, can you have a look at
10   this document?
11              (Pause.)
12              (The witness viewing Exhibit
13   No. 9.)
14              MR. STADNICK:  Would you read
15   those Bates numbers to me again, please?
16              MR. McDONOUGH:  Yes.  MSLT
17   0625245 ending MSLT 0625282.  I will note
18   that the witness is flipping through the
19   pages.
20              (Further pause.)
21              (The witness continues to view
22   Exhibit No. 9.)
23   BY MR. McDONOUGH:
24   Q.  What is this document?
```

86

Exhibit 71
Page 001547

CERTIFICATE

Commonwealth of Massachusetts

Plymouth, ss.

   I, Judith McGovern Williams, a Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, do hereby certify:

   That STAFFAN ERICSSON, PH.D., the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by the said witness.

   IN WITNESS WHEREOF, I have hereunto set my hand this _3rd_ day of _February_, 2006.

_Judith McGovern Williams_
Judith McGovern Williams
Registered Professional Reporter
Certified Realtime Reporter
Certified LiveNote Reporter
Certified Shorthand Reporter No. 130993

My Commission expires:
April 2, 2010

180