John E. Gartman (SBN 152300)
Juanita R. Brooks (SBN 75934)
Roger A. Denning (SBN 228998)
Christopher S. Marchese (SBN 170239)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California  92130
Telephone:    (858) 678-5070
Facsimile:     (858) 678-5099

Stephen P. McGrath (SBN 202696)
Microsoft Corporation
One Microsoft Way
Redmond, WA  98052
Telephone:    (425) 882-8080
Facsimile:     (425) 936-7329

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>  Plaintiffs and Counterclaim-defendants,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>  Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>  Intervenor and Counter-claimant,<br><br>MICROSOFT CORPORATION,<br><br>  Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>  Defendant and Counter-claimant, | Case No. 07-CV-2000 H (CAB)<br>consisting of matters severed from consolidated cases:<br>02-CV-2060 B (CAB)<br>03-CV-0699 B (CAB)<br>03-CV-1108 B (CAB)<br><br>**MICROSOFT'S MOTION IN LIMINE NO. 3 TO PRECLUDE LUCENT AND MULTIMEDIA PATENT TRUST FROM PRESENTING EXPERT TESTIMONY REGARDING DAMAGES**<br><br><br>**Date:          February 11, 2008**<br>**Time:          10:30 a.m.**<br>**Courtroom:   13**<br><br>**Hon. Marilyn L. Huff** |

| | |
|---|---|
| 1 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 2 | |
| 3 | Plaintiffs, |
| 4 | v. |
| 5 | DELL, INC., |
| 6 | Defendant. |

Case No. 07-CV-2000 H (CAB)

## I. INTRODUCTION

The patent damages model advocated by Lucent's expert Mr. Smith applies a royalty to the *entire* sales price of PCs (personal computers) sold by Dell and Gateway. **The problem is this**: when a patent covers but a particular feature of a larger accused product, the patent owner may seek a royalty on the entire product *only* when the patented feature is "the basis for customer demand" for the *entire* product. This is the entire market value ("EMV") rule. Indeed, this Court has already told Lucent that merely establishing a "desirability" or "a market demand" for a patented feature is insufficient to justify a royalty on the entire product. [Ex. 23 (8/6/07 Order on Microsoft's Motions for JMOL re '457 and '080 Patents at 31:19-32; 33:15-34:4).][1] Rather, for the EMV rule to apply, "the evidence must show that these features were the basis of the customer demand or substantially created the value of the product." [*Id.* at 32:15-17.][2]

Each of Lucent's and MPT's (collectively "Lucent's") asserted patents is, at best, narrowly focused on a particular feature within a PC and cannot remotely be the basis for customer demand for the entire PC. Indeed, on its face, Lucent's approach violates the EMV rule because it is impossible for each of five different patents on sub-features of a PC to form the basis for demand for the entire PC. To make matters worse, Lucent's same expert has previously testified in the "Audio" jury trial between Microsoft and Lucent that two other Lucent patents (allegedly relating to "MP3" music technology) were each themselves the basis for demand for the entire PC – persuading the jury to apply EMV damages to an entire PC, which this Court rightly overturned on JMOL. And Mr. Smith has done an expert report for the April trial between the parties, saying that yet another Lucent video patent is the basis for customer demand for the entire PC. One can only conclude the obvious from these contradictory and self-serving positions – that no one feature of any of the patents forms the basis for customer demand for an entire PC.

Lucent's belated "backup" theories also violate the EMV rule. First, Mr. Smith's $1.50 per unit "backup" theory on the '226 and '272 video patents was derived as a minimum application of the EMV rule on PCs. Second, Lucent's 8% "backup" theory on the '356 patent invokes the EMV

---

[1] All references to "Ex." refer to the exhibits listed in the Declaration of John E. Gartman in Support of Microsoft Corporation's Motions in Limine Nos.1 to 8.

rule against Microsoft's entire software product rather than on the entire PC. But the EMV rule at that lower level is equally unjustified, as Microsoft's entire software product itself contains thousands of features and Lucent has failed to demonstrate that the asserted patents form the basis for demand for the entire software product any more than they form the basis for entire computers. Accordingly, Lucent's backup EMV theories should also be prohibited from going to the jury.[3]

## II.  ARGUMENT

### A.  Lucent's Original Damages Theory Violates the Entire Market Value Rule.

In certain cases, a patentee may seek to recover damages based on the value of an entire product when only a component of that product is patented under the "entire market value rule." *See, e.g.*, *Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1379 (Fed. Cir. 2005). To do so, the patentee must demonstrate *inter alia* that "'the patent related feature is **the** basis for customer demand'" for the entire product. *Id.* (emphasis added).

The Federal Circuit has previously affirmed a district court's preclusion of an EMV theory where, as here, the record is devoid of any evidence about the basis of customer demand. *Imonex*, 408 F.3d at 1380 ("Without any evident record that the patented features were **the** basis for customer demand for the laundry machines as a whole, the trial court properly foreclosed further evidence on this unsupported theory.") (emphasis added). Here, because Lucent has no factual support whatsoever to justify application of the EMV rule, preclusion of that theory is appropriate.

Here, in pursuing a royalty applied to the price of computer systems, Lucent is *simultaneously* alleging that *each* of *three* separate technologies—digital video coding claimed by the '226 and '272 patents, on-screen tools for form data entry claimed by the '356 patent, and gesture recognition claimed by the '295 patent—is the sole basis for demand for products

---

[2] As explained below, Lucent also inappropriately applies the EMV rule to the Microsoft Xbox 360 video game platform. The analysis is the same.

[3] Microsoft also objects to Mr. Smith's backup theories as untimely, unsupported, and unreliable. Nearly 18 months after expert discovery ended, nearly 4 months after the Court reversed the Audio trial verdict for violating the EMV rule, and against the Magistrate's instruction saying "no new theories" on damages, Mr. Smith issued a six-page report with new opinions, in case the Court precluded Lucent from relying upon the EMV rule. Containing just seven citations, the report restarted discovery, sending the Defendants scrambling to even comprehend his analysis. As explained below, Mr. Smith's new opinions are not just untimely, they violate *Daubert*.

1    incorporating them.[4]  Lucent cannot overcome the fact that the accused products can include
2    hundreds or thousands of features, including *more than one* of the accused technologies.

3    In opposition, Lucent may point to snippets of evidence it claims demonstrate "demand" for
4    the patented features.  But, just as the Court recognized after the Audio trial, such "evidence" will
5    focus on the broader "operating system, Windows Media Player...or some other 'unit'" rather than
6    establishing any "link between the cost of the computers...and the customer demand or value of the
7    patented technology."  [Ex. 23 at 31.]  For example, Lucent may point to documents on the Xbox
8    360 game console confirming it plays DVDs (accused of infringing the '226 patent) to suggest that
9    doing so is critical to Xbox 360's sales.  But Lucent cannot deny that consumers purchase the $300
10   Xbox 360 because of its ability to play high-end video games.  That alone prevents the patented
11   technology from being *the* basis for customer demand for the game console.  That the Xbox 360
12   can play DVDs is irrelevant.  Any suggestion that consumers pay $300 for an Xbox 360 to serve
13   primarily as a DVD player—rather than purchase a stand-alone DVD player for a fraction of the
14   price – is silly.  That is particularly true where Xbox 360 has routinely been outsold by Nintendo's
15   Wii, a video game console that doesn't play DVDs.[5]

16   Ultimately, Lucent has no evidence to satisfy the EMV rule except the testimony of its
17   damages expert, Roger Smith.  But Mr. Smith's "expert" opinion unsupported by evidence is
18   simply insufficient under the appropriate *Daubert* standard.  In fact, Mr. Smith has opined
19   separately that each of the '226, '356, and '295 patents is the basis for consumer demand for
20   computers, and that is in addition to his Audio trial testimony, where he suggested MP3 was the
21   reason customers purchase computers.  [*Compare* Ex. 24 (3/31/06 Smith Exp. Rpt. re Video at 35-
22   36); *with* Ex. 25 (3/31/06 Smith Exp. Rpt. re User Interface('356) at 36-37); *with* Ex. 25 (3/31/06
23   Smith Exp. Rpt. re User Interface ('295) at 50-51); *with* Ex. 26 (2/1/07 Group 2 Audio Trial Tr. at

---

[4] Given the positions it took during the Audio trial, Lucent should be judicially estopped from arguing that any other technology drives PC sales. *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001) (setting forth three factors for judicial estoppel: (1) party's later position must be clearly inconsistent with its earlier position; (2) the court must have relied on, or accepted, the party's previous, inconsistent position; and (3) the party asserting the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped).
[5] Additional reasons why none of Lucent's video patents is the basis for consumer demand for the entire PC or entire Xbox 360 are explained in Microsoft's Jan. 4, 2008 Motion for Summary Judgment re the EMV Rule, filed in Case No. 06-CV-0684 H (CAB), Doc. No. 200-2.

190:10-191:3; 194:2-10).] Rule 702 explicitly restricts qualified experts from providing opinion testimony unless "(1) the testimony is *based upon sufficient facts or data*, (2) the testimony is the *product of reliable principles and methods*, and (3) the witness *has applied the principles and methods reliably* to the facts of the case." Fed. R. Evid. 702 (emphasis added). Mr. Smith cannot properly derive four different answers to the same fundamental question, *i.e.*, what drives sales of computers? Under *Daubert*, the trial court must act as a gatekeeper to ensure that the principles that underlie the conclusions are both relevant to the issue at hand and reliable. *See, e.g.*, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993). Where, as here, Mr. Smith has clearly crossed over the line to being an advocate rather than providing expert testimony that will assist the finder of fact, the Court must preclude his testimony. *See, e.g.*, *Stencel v. Fairchild Corp.*, 174 F. Supp. 2d 1080, 1085-86 (C.D. Cal. 2001).

**B.     Lucent's $1.50 "Backup" Theory on the Video Patents Violates the EMV Rule**

In his original report, Mr. Smith opined that "Lucent's licensing program of 0.5% of the fair market value of the infringing computer system (with a $1.50 minimum) for the essential MPEG video patents would have been adopted as the applicable rates ...." [Ex.24 at 36-37.] Now, however, Mr. Smith believes that "if the parties. . .were not permitted to agree to a royalty using their preferred base of the infringing computer system, for reasons of administrative convenience I believe the parties instead would have simply agreed to a per-unit running royalty of no less than $1.50 per infringing computer system...." [Ex. 27 (11/13/07 Smith Exp. Rpt. at 6).] The problem, of course, is that Mr. Smith's proposed $1.50 per unit—derived as a minimum application of the 0.5% opinion—is *itself* based on the EMV rule. Indeed, when asked about this circular reasoning at his deposition, Mr. Smith confirmed that both the original $1.50 and the new $1.50 are essentially EMV rule opinions. [Ex. 28 (1/4/08 Smith Dep. at 176:15-177:15).] Lucent cannot avoid the impropriety of, and lack of support for, one EMV rule opinion merely by simply substituting another EMV rule opinion in its place.

**C.     Lucent's 8% "Backup" Theory on the '356 Patent Violates the EMV Rule**

On the '356 patent, Mr. Smith has now provided an alternative theory that the Defendants would have agreed to pay a royalty of 8% of the software retail price in lieu of 1% on the price of

the computer. Rather than being an alternative to the EMV rule, however, this latest theory applies the EMV rule again, just to a different product, *i.e.*, Microsoft's software. But Lucent has no more evidence that the '356 patent forms the basis of consumer demand for Microsoft Outlook or Microsoft Money than they have with respect to the computers that run those programs.

Mr. Smith again lacks any reason to conclude that the EMV rule should be applied to Microsoft's software accused under the '356 patent. For example, although Microsoft Outlook is primarily an e-mail program, Plaintiffs have accused Outlook of infringement because of one way that users can select the date of an appointment within Outlook's calendaring feature. There is no evidence whatsoever in the record that calendaring, or more specifically, the date selection aspect of calendaring, forms the basis for consumer demand for Outlook. At most, Plaintiffs can point to statements or documents indicating that Outlook has a calendar. Accordingly, the EMV rule cannot apply, a royalty cannot be assessed on the entire value of Microsoft's software, and Mr. Smith's "alternative" opinion on the '356 is just as flawed as his primary opinion.

### III.  CONCLUSION

All of Mr. Smith's opinions—his original opinions based on the price of the computer, his $1.50 backup theory on the '226 patent, and his 8% backup theory on the '356 patent—are premised on the EMV rule, yet Lucent cannot provide the necessary proof required for any of them.[6] Indeed, Lucent cannot demonstrate that its patented technology is the basis of demand for anything, not software, not operating systems, not computers. Accordingly, none of Mr. Smith's opinions can survive judicial scrutiny and the Court should preclude Mr. Smith from testifying and Lucent from presenting any of its damages theories to the jury.[7]

Dated:  January 14, 2008                           FISH & RICHARDSON P.C.

                                                   By:  /s/ John E. Gartman
                                                        John E. Gartman (SBN 152300)
                                                        gartman@fr.com

                                                   Attorneys for Intervenor/Counter-claimant
                                                   and Plaintiff/Counter-defendant
                                                   MICROSOFT CORPORATION

---

[6] Lucent has no "backup" theory on the asserted '295 patent.
[7] Dell, Inc. and Gateway join Microsoft Corporation in this motion.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 14, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

 /s/ John E. Gartman
John E. Gartman
gartman@fr.com

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

10796840.doc