John E. Gartman (SBN 152300)
Juanita R. Brooks (SBN 75934)
Roger A. Denning (SBN 228998)
Christopher S. Marchese (SBN 170239)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California  92130
Telephone:     (858) 678-5070
Facsimile:     (858) 678-5099

Stephen P. McGrath (SBN 202696)
Microsoft Corporation
One Microsoft Way
Redmond, WA  98052
Telephone:     (425) 882-8080
Facsimile:     (425) 936-7329

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>　　　Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>　　　Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>　　　Intervenor and Counter-claimant, | Case No. 07-CV-2000 H (CAB) consisting of matters severed from consolidated cases:<br>02-CV-2060 B (CAB)<br>03-CV-0699 B (CAB)<br>03-CV-1108 B (CAB)<br><br>**MICROSOFT'S MOTION IN LIMINE NO. 4 TO PRECLUDE LUCENT FROM INTRODUCING OR DISCUSSING IRRELEVANT "NOTICE" EVIDENCE** |
| MICROSOFT CORPORATION,<br><br>　　　Plaintiff and Counter-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>　　　Defendant and Counter-claimant, | **Date:**　　　February 11, 2008<br>**Time:**　　　10:30 a.m.<br>**Courtroom:**　 13<br><br>**Hon. Marilyn L. Huff** |

| | |
|---|---|
| 1 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 2 | |
| 3 |     Plaintiff, |
| 4 | v. |
| 5 | DELL, INC., |
| 6 |     Defendant. |

I.   INTRODUCTION[1]

Any evidence of *when* Microsoft first became aware of Lucent's patents could be relevant to only one issue – actual notice for purposes of accruing damages. Actual notice to trigger damages, however, must come from the patent owner himself to the accused party. Any other notice to the accused infringer – from third parties or from self discovery -- is irrelevant.

Lucent intends to offer certain documents and testimony regarding Microsoft's knowledge of its patents before Lucent itself notified Microsoft of the patents. While this evidence might previously have been relevant to willfulness, which has a lower standard of "notice" than damages, this Court granted summary judgment of no willfulness. As a result, the evidence Lucent seeks to introduce is irrelevant and will only mislead and confuse the jury.

II.   ARGUMENT

Actual notice for purposes of damages under 35 U.S.C. 287(a) must come from the patent owner. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed.Cir.1994) (Actual notice "must be an affirmative act on the part of the patentee…").

Because willfulness is not at issue, evidence that Microsoft may have been aware of the patents is irrelevant unless that awareness came from Lucent. Lucent should be precluded from presenting evidence of notice Microsoft received from anyone other than Lucent. In particular, the following deposition excerpts and documents bear no further relevance to this case:

- The February 17, 2006 deposition of John Weresh, Microsoft's 30(b)(6) witness [Ex. 36 (2/17/06 Weresh Dep. at 38:3-54:17; 82:12-83:18; 85:15-89:4; 97:10-100:14; 107:8-108:25; 112:2-113:13; 122:21-131:13; 138:14-139:5; 145:10-147:21; 164:23-166:19).]

- The January 12, 2006 deposition of Henry Garrana, Dell's 30(b)(6) witness [Ex. 37 (1/12/06 Garrana Dep. at 34:16-21; 58:14-72:20; 78:4-79:7; 160:19-166:9; 228:17-229:10; 244:7-245:5).];

- The January 26, 2006 deposition of Diana Roberts Gerhardt [Ex. 38 (1/26/06 Gerhardt Dep. at 43:19-47:23; 50:2-53:20; 54:19-55:14; 55:25-57:15; 73:7-13; 74:9-75:16; 119:8-15).]

- The January 5, 2006 deposition of Mark Walker [Ex. 39 (1/5/06 Walker Dep. at 54:2-55:21; 56:5-60:20; 81:1-83:1).];

---

[1] All references to "Ex." refer to the exhibits listed in the Declaration of John E. Gartman in Support of Microsoft Corporation's Motions in Limine Nos.1 to 8.

- January 12, 1999 letter from Diana Roberts [Gerhardt] of Dell to John Mason of Microsoft [Ex. 40 (MSLT_1065872; Ex. 41 (DELL_326403).];

- April 15, 1999 letter from Danielle Johnston of Microsoft to Diana Roberts [Gerhardt] of Dell, dated, [Ex. 42 (MSLT_1065873-74).];

- April 15, 2002 email from Henry Garrana of Dell to Kate Sako of Microsoft, [Ex. 43 (MSLT_1065875).];

- Microsoft's responses to Lucent's Interrogatory No. 21 [Ex. 44 (Microsoft's Responses to Lucent's Second Set of Interrogatories to Microsoft (Nos. 20-21) at 9-10); Ex. 45 (Microsoft's Responses to Lucent's First, Second, Third, Fourth and Fifth Sets of Interrogatories to Microsoft (Nos. 1-34) at 127-129).]

These items concern only Microsoft's first awareness of the patents from entities other than Lucent, and Microsoft's response. Since willfulness is out, this evidence is irrelevant.

Mentioning this evidence at trial would also be highly prejudicial to Microsoft and should be precluded under Rule 403. Evidence that is only conceivably relevant to willfulness – a dead issue – can only confuse the jury and invite them to decide the case on passion and irrelevancies. This is of even great concern here because of the distinct type of notice that starts the damages clock – notice only from the patentee. If the jury reaches damages, confusion regarding these two distinct types of notice may result in a miscalculation of any damages. This case is complicated enough. Introducing irrelevant and unfairly prejudicial evidence will only muddle things.

### III.   CONCLUSION

Lucent should be precluded from using or noting the listed evidence under Rules 401-403.[2]

Dated:  January 14, 2008                                       FISH & RICHARDSON P.C.

                                                               By: /s/ John E. Gartman
                                                                   John E. Gartman (SBN 152300)
                                                                   gartman@fr.com

                                                               Attorneys for Intervenor/Counter-claimant
                                                               and Plaintiff/Counter-defendant
                                                               MICROSOFT CORPORATION

---

[2] Dell, Inc. and Gateway join Microsoft Corporation in this motion.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 14, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

       /s/ John E. Gartman
      John E. Gartman
      gartman@fr.com

      Attorney for Intervenor/Counter-claimant
      and Plaintiff/Counter-defendant
      MICROSOFT CORPORATION

10796835.doc