1  John E. Gartman (SBN 152300)
   Juanita R. Brooks (SBN 75934)
2  Roger A. Denning (SBN 228998)
   Christopher S. Marchese (SBN 170239)
3  Fish & Richardson P.C.
   12390 El Camino Real
4  San Diego, California  92130
   Telephone:    (858) 678-5070
5  Facsimile:    (858) 678-5099

6  Stephen P. McGrath (SBN 202696)
   Microsoft Corporation
7  One Microsoft Way
   Redmond, WA  98052
8  Telephone:    (425) 882-8080
   Facsimile:    (425) 936-7329
9
   Attorneys for Intervenor/Counter-claimant
10 and Plaintiff/Counter-defendant
   MICROSOFT CORPORATION
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, <br><br>  Plaintiffs and Counterclaim-defendants, <br><br> v. <br><br> GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., <br><br>  Defendants and Counter-claimants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br>  Intervenor and Counter-claimant, <br><br> MICROSOFT CORPORATION, <br><br>  Plaintiff and Counter-defendant, <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br>  Defendant and Counter-claimant, | Case No. 07-CV-2000 H (CAB) consisting of matters severed from consolidated cases: <br> 02-CV-2060 B (CAB) <br> 03-CV-0699 B (CAB) <br> 03-CV-1108 B (CAB) <br><br> **MICROSOFT'S MOTION IN LIMINE NO. 7 TO PRECLUDE LUCENT AND MULTIMEDIA PATENT TRUST FROM INTRODUCING A HEARSAY ARTICLE BY SAKAE OKUBO** <br><br><br> **Date:          February 11, 2008** <br> **Time:          10:30 a.m.** <br> **Courtroom:     13** <br><br> **Hon. Marilyn L. Huff** |

1  LUCENT TECHNOLOGIES INC. and
   MULTIMEDIA PATENT TRUST,
2
         Plaintiffs,
3
   v.
4
   DELL, INC.,
5
         Defendant.
6

Case No. 07-CV-2000 H (CAB)

I.    INTRODUCTION

In 1995, Sakae Okubo wrote "Reference Model Methodology – A Tool for the Collaborative Creation of Video Coding Standards." [Ex. 3[1] (Okubo Article).]  Okubo proposes and advocates a "model" for developing international video coding standards. Okubo claims that the development of the H.261 video-teleconferencing standard – which was complete more than six years before the article was written – successfully followed Okubo's advocated model.

The Okubo article should be excluded as hearsay. In addition, it contains technical expert opinions, but Okubo has not given the written expert report required by Rule 26, or been deposed.

II.    ARGUMENT

A.    The Okubo Article Is Hearsay

The Okubo article is hearsay. Mr. Okubo's paper asserts, for example, that a submission by AT&T to the H.261 committee formed "an essential element in the MPEG-1 standard." Lucent and MPT (collectively "Lucent") will use this to attempt to show that the '226 patent was important to the accused MPEG-1 standard. And Lucent's technical expert, Prof. Bernd Girod, cites the article to show that Dr. Haskell, an inventor on the '226 patent, contributed the patented idea to the H.261 standard.  [Ex. 4 (5/12/06 Girod Exp. Rpt. re Validity at 39).]  Prof. Girod will try to use the Okubo article to show that other H.261 documents, identified by the defendants as prior art, do not disclose the same idea.

Dr. Haskell, however, is a former Lucent employee. If, in fact, Lucent believes he "invented" the standard, Haskell should come to trial himself, say so, and be cross-examined. There is no need for a hearsay article whose probative value is greatly outweighed by the prejudice Defendants would suffer by its admission without the benefit of cross-examination.

B.    The Okubo Article Contains Improper Expert Opinions

The 1995 Okubo article describes the H.261 creation process in extreme hindsight – more than ten years after it began in 1984 and more than six years after it finished in 1989. The article says the H.261 "coding algorithm employs a hybrid of motion compensated interframe prediction

---

[1] All references to "Ex." refer to the exhibits listed in the Declaration of John E. Gartman in Support of Microsoft Corporation's Motions in Limine Nos.1 to 8.

1  to reduce the temporal redundancy and Discrete Cosine Transform to reduce the spatial
2  redundancy." [Ex. 3 at 139.]  And Mr. Mr. Okubo claims he is writing about "the process of H.261
3  standardization."  [*Id.*]  Further, the Okubo article is infused with Mr. Okubo's opinions and
4  evaluations as to why certain technology worked or did not work at the time.  For example, the
5  article says "[s]ome tools in RM8 are known to be suboptimal; e.g. the full search method of
6  motion estimation performs better than the three step search method employed in RM8..." and that,
7  "It is noted that at the meeting in March 1989, RM7 improvement by conditional motion
8  compensated interpolation was reported… [t]his technique was not considered for H.261 mostly
9  due to that the standardization was in the very final stage, but later formed an essential element in
10 the MPEG-1 standard where coding delay was not crucial." [*Id*. at 148.]

11     Lucent will attempt to use Mr. Okubo's opinions to bolster their own, in an attempt to
12 mislead the jury.  But Mr. Okubo was not disclosed under Federal Rule of Civil Procedure
13 26(a)(2), he did not provide any expert report, and he has not been deposed.  Lucent has a technical
14 expert – Dr. Girod – and Lucent should be limited to introducing his opinions at trial.

15     **C.    The Original H.261 Documents Are Available and Lucent Can Use Them**

16     Lucent will not be prejudiced.  It could bring Mr. Haskell as a witness and he can say what
17 happened.  Dr. Girod can provide technical analysis and opinions.  And the original,
18 *contemporaneous* H.261 submissions and meeting reports, are available to Lucent.

19 **III.    CONCLUSION**

20     The Okubo Article should be excluded under Rules 802 and 403.  Lucent and its witnesses
21 should be precluded from mentioning or introducing the article during this trial.[2]

22 Dated: January 14, 2008                    FISH & RICHARDSON P.C.

23                                            By: /s/ John E. Gartman
24                                                John E. Gartman (SBN 152300)
                                                   gartman@fr.com
25
                                               Attorneys for Intervenor/Counter-claimant
26                                             and Plaintiff/Counter-defendant
                                               MICROSOFT CORPORATION
27
28
---
[2] Dell, Inc. and Gateway join Microsoft Corporation in this motion.

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 14, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

          /s/ John E. Gartman
John E. Gartman
gartman@fr.com

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

10800610.doc