# SCHMIDT DECLARATION

# EXHIBIT 115

1   James S. Blackburn (State Bar No. 169134)
    ARNOLD & PORTER LLP
2   777 South Figueroa Street, 44th Floor
    Los Angeles, California  90017-5844
3   Telephone:  (213) 243-4000
    Facsimile:  (213) 243-4199
4
    Joseph A. Micallef (admitted *pro hac vice*)
5   ARNOLD & PORTER LLP
    555 Twelfth Street, N.W.
6   Washington, D.C.  20004-1206
    Telephone:  (202) 942-5000
7   Facsimile:  (202) 942-5999
8   Joel M. Freed (admitted *pro hac vice*)
    McDERMOTT WILL & EMERY LLP
9   600 13th Street, N.W.
    Washington, D.C.  20005-3096
10  Telephone:  (202) 756-8000
    Facsimile:  (202) 756-8087
11
    Attorneys for *Dell Inc.*
12

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 15  LUCENT TECHNOLOGIES INC.  and<br>16  MULTIMEDIA PATENT TRUST,<br><br>17          Plaintiffs and Counterclaim-defendants,<br><br>          v.<br>18<br>19  GATEWAY, INC. AND GATEWAY<br>20  COUNTRY STORES LLC, GATEWAY<br>    COMPANIES, INC., GATEWAY<br>    MANUFACTURING LLC and<br>21  COWABUNGA ENTERPRISES, INC.,<br>22          Defendants and Counter-claimants,<br>23  and<br>24  MICROSOFT CORPORATION,<br>25          Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from<br>consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**DELL'S NOTICE OF SUBPOENA AND<br>DEPOSITION OF OCLC ONLINE<br>COMPUTER LIBRARY CENTER, INC.<br>PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

Exhibit 115
Page 002010

1   MICROSOFT CORPORATION,                    )
                                              )
2          Plaintiff and Counter-defendant,   )
                                              )
3   v.                                        )
                                              )
4   LUCENT TECHNOLOGIES INC. and              )
    MULTIMEDIA PATENT TRUST,                  )
5                                             )
           Defendants and Counter-claimants,  )
6                                             )
    ──────────────────────────────────────────
7   LUCENT TECHNOLOGIES INC. and              )
    MULTIMEDIA PATENT TRUST,                  )
8                                             )
           Plaintiffs and Counterclaim-defendants, )
9                                             )
    v.                                        )
10                                            )
    DELL INC.,                                )
11                                            )
           Defendant and Counter-claimant.    )
12  ──────────────────────────────────────────

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 115
Page 002011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Dell Inc. ("Dell"), by its counsel, will take the deposition upon oral examination of OCLC Online Computer Library Center, Inc. ("OCLC") by such person or persons designated or authorized to testify on OCLC's behalf. Such person or persons must be knowledgeable about the subjects set forth in the paragraphs below.

The deposition will take place at Embassy Suites Hotel, 5100 Upper Metro Place, Dublin, Ohio, on January18, 2008 at 10:00 a.m., or at such other place and time as may be agreed upon by counsel. The examination will take place before a Notary Public or other person authorized to administer oaths, and will continue from day-to-day, until completed. The deposition will be taken for the purposes of discovery, for use at trial or hearings, and for any other purpose permitted under the orders of the presiding Court and the Federal Rules of Civil Procedure. Some or all of the deposition will be recorded by stenographic, audio, audiovisual, video, and/or real-time computer means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, OCLC shall designate one or more persons who consent to testify on its behalf concerning the matters set forth in Appendix B attached to the accompanying subpoena.

//
//
//
//
//
//
//
//
//

- 1 -

Exhibit 115
Page 002012

1   January 11, 2007

2

3

4

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef
John L. Newby II

McDERMOTT WILL & EMERY LLP
Joel M. Freed

5

6

7   By: _____

8       John L. Newby II
        john.newby@aporter.com
        Attorneys for Dell Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

Exhibit 115
Page 002013

1

2 **CERTIFICATE OF SERVICE**

3      I am a citizen of the United States, over the age of eighteen years, and I am not a party to the

4 foregoing action.  My business address is 555 12th Street, N.W., Washington, DC 20004.

5      I HEREBY CERTIFY that on this 11th day of January, 2008, in Case No. 07-CV-2000-H

6 (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB);

7 Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB), I caused a copy of the following

8 document to be served on all counsel of record who are deemed to have consented to electronic

9 service via the Court's CM/ECF system per Civ. L. R. 5.4:

10      1.     DELL'S NOTICE OF SUBPOENA AND DEPOSITION OF OCLC ONLINE

11 COMPUTER LIBRARY CENTER, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6); and

12      2.     SUBPOENA OF OCLC ONLINE COMPUTER LIBRARY CENTER, INC.

13      A true and complete copy of the above named document was served on counsel listed below

14 by the indicated methods:

15 **VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

16
David Hahn
Sue Frost
17
HAHN & ADEMA
501 West Broadway, Suite 1600
18
San Diego, California  92101-3595
Telephone:  (619) 235-2100
19
Facsimile:  (619) 235-2101
aadema@hahnadema.com
20

21 **VIA ELECTRONIC MAIL**

22
Robert Appleby
Jon T. Hohenthaner
23
Alan Kellman
Jay Mafale
24
KIRKLAND &  ELLIS, LLP
Citicorp Center
25
153 East 53rd Street
New York, NY  10022-4675
26
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
27
rappleby@kirkland.com
jhohenthaner@kirkland.com
28
akellman@kirkland.com
jmafale@kirkland.com

- 3 -

Exhibit 115
Page 002014

Christopher S. Marchese
John E. Gartman
Jennifer Bettencourt
Susie Rodriguez
Donna Rousseau
John Thornburgh
FISH & RICHARDSON
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099
marchese@fr.com
gartman@fr.com
bettencourt@fr.com
srodriguez@fr.com
thornburgh@fr.com

Bryan Farney
Jeffrey B. Plies
Lawrence Fluker
DECHERT LLP
106 East 6th Street, Suite 800
Austin, TX  78701
Telephone:  (512) 394-3000
Facsimile:  (512) 394-3001
bryan.farney@dechert.com
jeff.plies@dechert.com
lawrence.fluker@dechert.com

David J. Zubkoff
SELTZER, CAPLAN, MCMAHON & VITEK
750 "B" Street, Suite 2100
San Diego, California 92101
Telephone: 619-685-3003
Facsimile: 619-702-6827
zubkoff@scmv.com

I declare that I am an employee in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.  Executed on January 11, 2008, at Washington, D.C.

By: _____
Zachary M. Devine

- 4 -

Exhibit 115
Page 002015

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern District of Ohio

Lucent Technologies, Inc., et al.

V.

Gateway, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  Case No. 07-CV-2000 H (CAB)

TO:  OCLC Online Computer Library Center, Inc.
     C/O George Buzash, Esq.
     6565 Kilgour Place
     Dublin, Ohio  43017-3315

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Embassy Suites Hotel, 5100 Upper Metro Place, Dublin, OH 43017 | DATE AND TIME<br>1/18/2008 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Appendix  A

| PLACE   Embassy Suites Hotel, 5100 Upper Metro Place, Dublin, OH 43017 | DATE AND TIME<br>1/18/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*    Attorney for Defendant Dell Inc. | DATE<br>1/11/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John Newby, Arnold & Porter LLP
555 12th Street, N.W., Washington, D.C. 20004;  Telephone (202) 942-5893

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 115
Page 002016

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify a subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 115
Page 002017

# APPENDIX A TO SUBPOENA

## DEFINITIONS, INSTRUCTIONS AND DOCUMENT REQUESTS

### DEFINITIONS

1.     As used herein, "You" or "Your" or "OCLC" means OCLC Online Computing Library Center Inc.

2.     As used herein, "Dell" means Dell Inc. and all its predecessors, successors, subsidiaries, parents, sisters, partnerships, and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

3.     As used herein, "document" has the same broad meaning as in Federal Rule of Civil Procedure Rule 34, and includes the original and every non-identical copy or reproduction (whether different from the original because of notes made on said copy or otherwise), and further is used in a broad sense to refer to any tangible object or thing.  The term includes any of the items on the following representative list:  correspondence, electronic mail, web pages, internal company communications, telegrams, cables, summaries or records or conversations, summaries of interviews or investigations, minutes or records of meetings, books, articles, newspapers, ledger books, books of accounts, invoices, receipts, financial statements, tax returns, memoranda, reports, opinions or reports of consultants or counsel, maps, charts, labels, artwork, photographs, drawings, blueprints schematics, sketches, tracings, graphs, films, videotapes, microfilm, tape recordings, phone records, contracts, subcontracts, proposals, requests for proposals, solicitations, competitor analyses, agreements, assignments, licenses, advertisements, promotional literature, sales literature, trade letters, press releases, drafts and revisions of drafts, notes, work papers, diaries, notebooks, data compilations, source code, punch cards, magnetic or optical media, hard or floppy disks, magnetic tape, ROMs, PROMs, EPROMs, printouts, microfiche, research and development samples, prototype devices, and production samples.

4.     As used herein, "all documents" means any and all documents that might reasonably be located through a search of all locations reasonably likely to contain documents called for by this Request.

Exhibit 115
Page 002018

5.      As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda, and face-to-face conversations.

6.      As used herein, "and" and "or" shall be construed conjunctively and disjunctively, so as to acquire the broadest possible meaning; "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest possible meaning; and "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

7.      As used herein, "any" and "all" shall be construed so as to make the request most inclusive.

8.      As used herein, "include" (or "including" or "includes") shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

9.      As used herein, "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting constituting, containing, embodying, evidencing, tending to support or refute, referring directly or indirectly to, in any way, the particular subject matter identified.

10.      The use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun.

11.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most inclusive.

12.      As used herein, "the Final Report" refers to the reference entitled Final Report – NASA Grant NSG 1508, Extension of the Core Graphics System for Raster Graphics Display, by James D. Foley.

### INSTRUCTIONS

13.      This subpoena calls for you to produce all documents identified below under the heading "DOCUMENTS TO BE PRODUCED," that are within your possession, custody, or control, or are otherwise available to you.

- 2 -

Exhibit 115
Page 002019

14.     In producing documents, indicate the paragraph of this Attachment to the subpoena to which a produced document is responsive.

15.     All documents that respond, in whole or in part, to any portion of this notice of deposition are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto.

16.     Electronic records and computerized information that is produced must be readable with standard commercial software or must be accompanied by a description of the system from which it was derived sufficient to render such materials readable.

17.     In producing documents, furnish all documents known or available to you regardless of whether such documents are possessed directly by you.

18.     File folders with tabs or labels identifying documents called for by this subpoena must be produced intact with such documents.

19.     Selection of documents form the files and other sources and the numbering of such document shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

20.     Documents attached to each other must not be separated.

21.     If any requested document has existed, but has been lost, destroyed, of is no longer within your possession, custody, or control, identify the document, its author(s), the recipient(s) or addressee(s), the subject matter, and the content.  Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the destruction, and identify the last known custodian of the document and each person who has knowledge of the destruction.

22.     Should you seek to withhold any document based on some limitation of discovery (including, but not limited to, claim(s) of privilege), you must supply a list of the documents for which limitation of discovery is claimed, indicating:

a.     The identity of each document' s author, writer, sender, and/or initiator;

b.     The identity of each document's recipient , addressee, and/or party for whom it was intended;

- 3 -

Exhibit 115
Page 002020

c.    The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

d.    The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; in either case, the description must be sufficiently detailed to elucidate the claimed ground(s) for limitation of discovery; and

e.    The claimed grounds for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

23.    The written answer to each request must repeat verbatim, immediately before each answer, the request for production being answered.

24.    Your response to each request shall include all information within your custody, possession, or control, or that of your attorneys, investigators, agents, employees or other representatives.

25.    If, after exercising due diligence to secure the information requested, you cannot fully comply with a discovery request, or any part thereof, state the reasons for your inability to fully reply, and respond to the fullest extent possible.

26.    If, after the date you produce documents responsive to this subpoena, you discover or receive documents that are responsive to the requests herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

## DOCUMENTS TO BE PRODUCED

You are requested to produce and permit inspection and copying of any and all of the following documents in your possession, custody, or control at the time and place noted on the attached subpoena:

REQUEST NO. 1:

The OCLC bibliographic record for the following document: *Final Report: NASA Grant NSG 1508, Extension of the CORE Graphics System for Raster Graphics Display*, by James D.

- 4 -

Exhibit 115
Page 002021

1  Foley, Dara Dastyar, James Templeman, Patricia Wenner, The George Washington University,

2  Washington D.C., 1980.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

Exhibit 115
Page 002022

**APPENDIX B TO SUBPOENA**

**TOPICS FOR DEPOSITION**

1.    The methods or procedures by which a library becomes an OCLC member.

2.    The methods or procedures by which the OCLC maintains its membership roster.

3.    The methods or procedures for cataloging documents and items into the OCLC database followed by OCLC and OCLC members.

4.    George Washington University Gelman Library's membership in OCLC.

Exhibit 115
Page 002023