1  John E. Gartman (SBN 152300)
   Juanita R. Brooks (SBN 75934)
2  Roger A. Denning (SBN 228998)
   Christopher S. Marchese (SBN 170239)
3  Fish & Richardson P.C.
   12390 El Camino Real
4  San Diego, California  92130
   Telephone:    (858) 678-5070
5  Facsimile:    (858) 678-5099

6  Stephen P. McGrath (SBN 202696)
   Microsoft Corporation
7  One Microsoft Way
   Redmond, WA  98052
8  Telephone:    (425) 882-8080
   Facsimile:    (425) 936-7329
9
   Attorneys for Intervenor/Counter-claimant
10 and Plaintiff/Counter-defendant
   MICROSOFT CORPORATION

11

UNITED STATES DISTRICT COURT

12

SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000 H (CAB) consisting of matters severed from consolidated cases: |
| 15      Plaintiffs and Counterclaim-defendants, | 02-CV-2060 B (CAB) |
| | 03-CV-0699 B (CAB) |
| 16  v. | 03-CV-1108 B (CAB) |
| 17  GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY | **MICROSOFT'S MOTION IN LIMINE NO. 8 TO PRECLUDE LUCENT AND** |
| 18  COMPANIES, INC., GATEWAY MANUFACTURING LLC and | **MULTIMEDIA PATENT TRUST FROM DISCUSSING SECONDARY** |
| 19  COWABUNGA ENTERPRISES, INC., | **CONSIDERATIONS OF NON-OBVIOUSNESS REGARDING THE** |
| 20      Defendants and Counter-claimants, | **'295 AND '356 PATENTS** |
| 21  and | |
| 22  MICROSOFT CORPORATION, | |
| 23      Intervenor and Counter-claimant, | |
| 24  MICROSOFT CORPORATION, | **Date:        February 11, 2008** |
| | **Time:        10:30 a.m.** |
| 25      Plaintiff and Counter-defendant, | **Courtroom:    13** |
| 26  v. | **Hon. Marilyn L. Huff** |
| 27  LUCENT TECHNOLOGIES INC., | |
| 28      Defendant and Counter-claimant, | |

1  | LUCENT TECHNOLOGIES INC. and
2  | MULTIMEDIA PATENT TRUST,
3  |         Plaintiffs,
4  | v.
5  | DELL, INC.,
6  |         Defendant.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 07-CV-2000 H (CAB)

## I. INTRODUCTION[1]

A patent owner may rebut an obviousness defense by using "objective evidence" of commercial success, long-felt but unresolved need for the invention, failure of others to solve the problem, and licenses showing industry respect – but for all of these, it must show a ***nexus*** exists between ***the claimed features*** of the invention and the ***objective evidence***. Here, on the '295 and '356 patents, Lucent's experts never even alleged a nexus, in either their expert reports or their depositions. They should not be permitted to do so for the first time at trial.

## II. ARGUMENT

A patentee may rebut a prima facie case of obviousness by offering objective evidence of non-obviousness. *WMS Gaming, Inc., v. Int'l Game Tech.*, 184 F.3d 1339, 1359 (Fed. Cir. 1999). Such objective evidence may include commercial success, long-felt but unresolved need, failure of others, and licenses showing industry respect. *In re Rouffet*, 149 F.3d 1350 (Fed. Cir. 1998). "***The patentee bears the burden*** of showing that a nexus exists between ***the claimed features*** of the invention and the objective evidence offered to show non-obviousness." *WMS Gaming*, 184 F.3d at 1359 (emphases added).

Federal Rule of Civil Procedure 26(a)(2) requires experts to set forth all of their opinions during discovery. Should a party fail to present expert evidence during discovery, it must be precluded from doing so for the first time in trial. *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp.2d 460, 472-73 (D. Del. 2006). Lucent retained Messrs. Ward and Tognazzini as its technical experts regarding the '295 and '356 patents, respectively. Each submitted three expert reports and provided two full days of deposition testimony. Each had ample opportunity, therefore, to allege a nexus between the claimed features of the asserted claims of the patents and objective evidence offered as secondary considerations of non-obviousness. Lucent's omissions should not be rewarded by allowing it to introduce such opinions for the first time at trial.

---

[1] All references to "Ex." refer to the exhibits listed in the Declaration of John E. Gartman in Support of Microsoft Corporation's Motions in Limine Nos.1 to 8.

**A.     Mr. Ward Never Provided Any Opinions Or Analysis On A Nexus Between The Claimed Features Of The '295 Patents And Any Objective Evidence Offered To Show Secondary Considerations Of Non-Obviousness.**

Lucent has not even alleged any nexus between the claimed features of the '295 patent and any objective evidence – e.g., alleged recognition or commercial success – offered to show non-obviousness. In his expert report, Mr. Ward discusses the background of handwriting recognition and pen-based computing, and he describes alleged "recognition" for "ground-breaking work" by Go Corporation. [Ex. 5 (5/12/06 Ward Exp. Rpt. at 42-44).] He provides no discussion, however, regarding whether the recognition or success was a result of – or even had any connection to – the '295 patent. Lucent bears the burden of showing a nexus between the claimed features of the '295 patent and any objective evidence offered to show non-obviousness. *WMS Gaming*, 184 F.3d at 1359. Lucent has failed to meet its burden, and the Court should preclude Lucent or its experts from offering testimony regarding secondary considerations of non-obviousness of the '295 patent.

**B.     Mr. Tognazzini Never Provided Any Opinions Or Analysis Regarding Any Nexus Between The Claimed Features Of The '356 Patents And Any Objective Evidence Offered To Show Secondary Considerations Of Non-Obviousness.**

Similarly, Lucent has never shown a nexus between the claimed features of the '356 patent and any objective evidence offered to show non-obviousness. Lucent's expert Mr. Tognazzini asserts that "the '356 patent's pop-up calendar" was "unthinkable" because of the limitations of the hardware at the time. [Ex. 6 (5/12/06 Tognazzini Exp. Rpt. at 48).] As an initial matter, a calendar is not one of the tools required by either claim 19 or claim 21 – the only two claims remaining in the case. But more importantly, claims 19 and 21 are method claims; there can be no nexus between those methods, implemented in *software*, and a resolution of a supposed problem with the *hardware* of the day. And Mr. Tognazzini does not explain how there could be. *See Sjolund v. Musland*, 847 F.2d 1573, 1582 (Fed. Cir. 1988) (secondary considerations "relevant only if it flows from the merits of the claimed invention.").

Lucent has contended that, in his report, Mr. Togazzini was addressing the secondary consideration of 'long felt need' when he made the conclusory statement that "those of us working in the art were interested only in improvements that could be implement successfully in the short term." (*Id*.) But Mr. Tognazzini does not even suggest there was a nexus – much less explain

what it was – between the asserted claims and the desired short term improvements. In fact, his statement does not even make sense: Practitioners were not willing to wait a long time for solutions, therefore there was a long-felt need?

Mr. Tognazzini also states, without support, that others had tried and failed to solve the problem of "clicking with the mouse too often and traveling too far to assemble the information needed." But there can be no nexus between that failure and claims 19 and 21; that is not even the problem that the '356 patent was meant to address. "Clicking" and "traveling" with a mouse are not discussed by the '356 patent – not surprisingly, given that the '356 patent makes no mention of mice. Moreover Mr. Toganzzini does not identify who these "others" are or support his conclusion with even a single example of such a failed attempt.

Mr. Toganzzini has offered no evidence relating to the volume of contracts or licensing allegedly made or sold under the '356 patent, and no potentially substantive evidence of commercial success. Mr. Tognazzini fails to present any real evidence on secondary considerations of non-obviousness, much less show that such evidence has a nexus to the recited features of the asserted claims.

### III. CONCLUSION

For the reasons stated herein, Microsoft's Motion *In Limine* No. 8 should be granted.[2]

Dated:  January 14, 2008              FISH & RICHARDSON P.C.


By: /s/ John E. Gartman
John E. Gartman (SBN 152300)
gartman@fr.com

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

---

[2] Dell, Inc. and Gateway join Microsoft Corporation in this motion.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 14, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

 /s/ John E. Gartman
John E. Gartman
gartman@fr.com

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

10801782.doc