# SCHMIDT DECLARATION EXHIBIT 118

James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Joseph A. Micallef (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Joel M. Freed (admitted *pro hac vice*)
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for *Dell Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>Plaintiffs and Counterclaim-defendants,<br><br>v.<br><br>GATEWAY, INC. AND GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervener and Counter-claimant, | Case No. 02-CV-2060 B (CAB) consolidated with Case No. 03-CV-0699 B (CAB) and Case No. 03-CV-1108 B (CAB)<br><br>**DELL INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT OF THE ASSERTED CLAIMS OF U.S. PATENT NOS. 4,958,226; 4,383,272; AND 4,763,356**<br><br>Judge Marylyn L. Huff<br><br>Date: October 19, 2007<br>Time: 1:30 PM<br>Location: Courtroom 13 |

Exhibit 118
Page 002263

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, |
| 2 |     Plaintiff and Counter-defendant, |
| 3 | v. |
| 4 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 5 | |
| 6 |     Defendants and Counter-claimants, |
| 7 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 8 | |
| 9 |     Plaintiffs and Counterclaim-defendants, |
| 10 | v. |
| 11 | DELL INC., |
| 12 |     Defendant and Counter-claimant. |

## I. INTRODUCTION

In *Seagate,* the court announced that "proof of willful infringement permitting enhanced damages requires at least a showing of ***objective recklessness***." *In re Seagate*, __ F.3d __, 2007 WL 2358677, at *5 (Fed. Cir. Aug. 20, 2007) (emphasis added). The test for objective recklessness involves two steps. First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. Second, the patentee must "demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* In short, *Seagate* requires proof of an objectively high risk of infringement, and a conscious disregard of that risk.[1]

Here, Lucent's arguments for denying Dell's motion for partial summary judgment of no willful infringement of the Day, Haskell, and Netravali patents are legally and factually baseless.[2] The only evidence of an objectively high risk of infringement Lucent advances is the evidence supporting its infringement positions. But such evidence alone does not support an inference that there was "an objectively high likelihood that [Dell's] actions constituted infringement of a valid patent." The question is whether there was an objectively reasonable basis for disputing Lucent's allegations, not whether Lucent had a basis for alleging infringement.

On the undisputed evidence here, there is no question that there were objectively reasonable bases to contest both infringement and validity of the asserted patents, and that there was no objectively high risk of infringing a valid patent. For example, each of the asserted claims of the Day, Haskell and Netravali patents is now subject to reexamination proceedings in the United States Patent and Trademark Office based on the same prior art Dell asserts in this case. The Patent Office has explicitly found a substantial question as to the validity of the asserted claims based on that prior art, thereby confirming the reasonableness of Dell's validity defenses.

---

[1] Dell Inc. joins both Microsoft Corp. and Gateway Inc. in their Replies in Support of their Summary Judgment Motions of No Willful Infringement.

[2] Lucent has conceded that it does not have the evidence to pursue allegations of willful infringement with respect to U.S. Patent Nos. 4,439,759 and 5,347,295. Lucent Opp., at 1 n.1. Summary judgment of no willful infringement as to those patent is therefore ripe.

1   Moreover, Lucent has failed to show, and has not attempted to show, that its infringement
2   allegations presented an "objectively high likelihood" of infringement. Instead, it merely states that
3   it has expert testimony concluding infringement and leaves it at that. *See* Lucent Opp., at 4. But
4   Dell has expert testimony concluding non-infringement as well,[3] so Lucent's evidence merely
5   shows that there might be a fact issue as to infringement, not that there is a fact issue as to an
6   "objectively high likelihood" of infringing a valid patent, as required by *Seagate*.

7   Indeed, to raise that fact issue Lucent would need to present evidence that its infringement
8   and validity case is utterly compelling, or that no reasonable juror could disagree with it. There is
9   not even an attempt to do that in Lucent's brief.

10   Nor has Lucent raised an issue of fact under the second prong of Seagate. It is undisputed
11   that Dell had developed substantial defenses even before this suit was filed. Dell sent them to
12   Lucent before the Complaint was filed and asked Lucent to respond. Moreover, the substantial
13   nature of those defenses have been confirmed by the Patent Office and by the fact that a jury is now
14   required to resolve them. Far from raising a fact issue as to whether Dell knew or should have
15   known of an objectively high risk of infringing a valid patent, the record before the Court admits to
16   only one conclusion -- that Dell had serious defenses to Lucent's allegations and believed them.

17   Accordingly, since Lucent fails to advance evidence from which a jury could find willful
18   infringement under the heightened standard of *Seagate*, Dell respectfully requests the Court to enter
19   summary judgment on that issue.

---

[3] *See* Declaration of Joseph A. Micallef in Support of Dell's Reply in Support of Its Motion for Partial Summary Judgment of No Willful Infringement [hereinafter "Micallef Reply Decl."] concurrently filed herewith, Ex. 1 (summary excerpts from the Expert Report of Mr. Dale E. Buscaino Re Non-infringement of United States Patent No. 4,763,356); Ex. 2 (summary excerpts from the Rebuttal Expert Report of Edward J. Delp III regarding Non-Infringement of the '272 and '226 Patents). The attached exhibits include excerpts from Dell's experts' non-infringement reports setting forth their conclusions of non-infringement. The reports in their entirety were previously lodged with the Court as exhibits to Declaration of Jeffrey Plies In Support of Gateway, Inc.'s Motion for Partial Summary Judgment of Non-Infringement of Claims 1,2,6,7,10-12,15 and 16 of U.S. Patent No. 4,763,356 to Day, et al. [Docket No. 975], Declaration of Christopher S. Marchese in Support of Microsoft's Reply to MPT's Opposition to Motion for Summary Judgment of Noninfringement of U.S. Patent No. 4,383,272 [*see* Docket No. 1749], or are being submitted to the Court concurrently as part of Microsoft's Reply brief in support of its motion for partial summary judgment of non-infringement, and Dell incorporates them by reference here. To avoid burdening the court with extra paper, Dell does not include the entirety of these reports again.

- 2 -

## II. DELL IS ENTITLED TO SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT OF THE ASSERTED PATENTS

Although Lucent recognizes that *Seagate* controls the issue of willfulness, it fails to adhere to that case's mandates. Lucent neither mentions the clear and convincing evidentiary standard, nor provides evidence of an objectively high likelihood of infringement under that standard, the very threshold showing required by *Seagate.* Because the record in this case on the willfulness issue establishes that there is no genuine issue as to any material fact and that undisputed facts support judgment as a matter of law, Dell is entitled to summary judgment.

As required under Federal Rule of Civil Procedure 56(c), Dell, in its opening motion of no willful infringement, pointed to the absence of evidence of objective recklessness. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1985). Therefore, Lucent was obligated to proffer admissible evidence sufficient to satisfy the governing standard of willfulness and demonstrating that a trial is required because disputed issues of material fact exist on that issue. *See id.* at 324. Because Lucent failed to make such a proffer, the "plain language of Rule 56(c) mandates the entry of summary judgment." *See id.* at 322.

### A. Lucent Has Not Advanced Clear And Convincing Evidence Of An Objectively High Risk Of Infringement Of A Valid Patent

The first prong of *Seagate* requires a patentee to prove by "clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate,* 2007 WL 2358677, at *5. Lucent cannot show that here for several reasons.

First, the United States Patent and Trademark Office has recently instituted reexamination proceedings for each of the asserted claims of the Day, Haskell and Netravali patents.[4] The orders instituting these reexamination proceedings expressly find a substantial new question of

---

[4] *See* Micallef Reply Decl., Ex. 3 (USPTO Order Granting Request for Ex Parte Reexamination of the Day '356 patent); Ex. 4 (second USPTO Order Granting Request for Ex Parte Reexamination of the Day '356 patent); Ex. 5 (USPTO Order Granting Request for Ex Parte Reexamination of the Haskell '226 patent); Ex. 6 (USPTO Order Granting Request for Ex Parte Reexamination of the Netravali '272 patent).

- 3 -

patentability for each of the asserted claims and do so based on the very prior art Dell asserts in this litigation.[5]

Thus, the Patent Office -- the agency charged in the first instance with determining the patentability of Lucent's claims -- has confirmed that Dell's invalidity positions are substantial and raise a serious question of invalidity. That fact alone demonstrates that no reasonable jury could find by "clear and convincing evidence that [Dell] acted despite an objectively high likelihood that its actions constituted infringement of a **valid** patent."

Indeed, all of Dell's prior art is going to the jury, either because Lucent unsuccessfully moved for summary judgment of no invalidity on certain prior art references, *see* Docket Nos. 1795, and 1923 (at p. 9), or because Lucent simply never moved for summary judgment on others. Either way, the fact that the question of validity cannot be determined as a matter of law further confirms the reasonableness of Dell's invalidity positions. Put another way, since on this record a reasonable jury could find these claims invalid, then as a matter of law there is not "an **objectively** high likelihood that [Dell's] actions constituted infringement of a **valid** patent."

But it is not just the undisputed facts as to validity which require summary judgment of no willfulness here. The question of infringement is also going to the jury, so a reasonable jury might agree with Dell on that issue as well. Since a reasonable jury could agree with Dell on non-infringement, Dell could not have been acting in an "objectively" reckless manner or in the face of an "objectively" high likelihood of infringement.

Moreover, the Court has already granted summary judgment of non-infringement as to the majority of the claims of the Day patent, *see* Docket No. 1240, and has also granted summary judgment of non-infringement of the Haskell and Netravali patents as to certain MPEG decoding

---

[5] *See* Dell's experts' report on the invalidity of these patents. The Expert Report of Mr. Dale E. Buscaino Re Invalidity of U.S. Patent No. 4,763,356, dated March 31, 2006 was attached as Exhibit C to the Declaration of Shekhar Vyas in Support of Microsoft Corporation's Opposition to Lucent Technology's Memorandum of Points and Authorities in Support of Lucent's Motion for Summary Judgment Concerning U.S. Patent No. 4,763,356 [Docket No. 2082]. The Expert Report of Edward J. Delp III regarding the invalidity of the '272 and '226 patents is being submitted to the Court concurrently as Exhibit 3 to the Declaration of Lara Garner in Support of Microsoft's Reply in Support of Its Motion for Partial Summary Judgment of No Willful Infringement. *See also* Micallef Reply Decl., Ex. 7 (Second Supplemental Expert Report of Mr. Dale E. Buscaino Re Invalidity of United States Patent No. 4,763,356).

- 4 -

1  software sold by Dell (referred to as the "Sonic software"), *see* Docket No. 1939.  It is true that both
2  of those orders were based on Lucent's inability to advance evidence of infringement, and that both
3  resolved only certain infringement issues in Dell's favor.  But that does not undercut their relevance
4  to this motion.  Since some of Dell's non-infringement defenses have already been upheld by this
5  Court as a matter of law, and its remaining non-infringement defenses create at the very least a
6  genuine issue of material fact which a reasonable jury could resolve in Dell's favor, there simply
7  can be no willfulness under *Seagate*.  On this undisputed record, no jury could find "clear and
8  convincing evidence that [Dell] acted despite an **objectively** high likelihood that its actions
9  constituted infringement of a valid patent."

10  In response to all of this undisputed evidence Lucent offers only two "facts."  First, it states
11 that it has offered expert conclusions as to infringement.  *See* Lucent Opp., at 4.  That may be so.
12 But that Lucent and its experts believe there is infringement does not support an inference that there
13 is "clear and convincing evidence that the infringer acted despite an **objectively** high likelihood that
14 its actions constituted infringement of a valid patent."  If that were the case, *Seagate* would have
15 changed nothing, since the mere assertion of an infringement allegation would then still be enough
16 to support a finding of willfulness.

17 Rather than just citing evidence of infringement, to stave off summary judgment here Lucent
18 was required to advance proof that its infringement evidence was so compelling as to create an
19 "**objectively** high likelihood that its actions constituted infringement of a valid patent."  In other
20 words, Lucent had to show that its infringement case was so convincing that no reasonable person
21 could disagree.  As noted above, however, the actions of the Patent Office and the rulings of this
22 Court demonstrate that in this case both infringement and validity raise issues on which a
23 reasonable jury could go either way.  Lucent has not even attempted to meet the heightened
24 standard now required by the law.

25 Second, Lucent argues that it has evidence from which a jury could find that its video coding
26 patents -- Haskell and Netravali -- are essential to the practice of the MPEG-2 standard.  *See* Lucent
27 Opp., at 4.  But Lucent places more weight on that evidence than it can reasonably bear.  Even
28 assuming *arguendo* that Haskell and Netravali are essential to the practice of the MPEG-2 standard,

- 5 -

1  the jury is still at liberty to find non-infringement of the specific products accused. In order to make

2  a finding of infringement, the claims must be compared to the accused product. *Texas Instruments,*

3  *Inc. v. ITC*, 805 F.2d 1558, 1562 (Fed. Cir. 1986). Essentialness to a standard does not necessarily

4  mean infringement of a real product. Indeed, if it did, Lucent likely would have moved for

5  summary judgment of infringement based on its "essentialness" theory, which it never did.[6]

6  But even aside from that, Lucent ignores the reexamination orders of the Patent Office.

7  *Seagate* requires proof of an "objectively high likelihood that [Dell's] actions constituted

8  infringement of a **valid** patent." Whether or not Haskell and Netravali are "essential" to MPEG-2,

9  the undisputed fact is that Dell had a reasonable basis for asserting those patents were invalid, as the

10  Patent Office has now confirmed. Given that undisputed record Lucent cannot satisfy the first

11  prong of *Seagate*, and summary judgment of no willful infringement is warranted.

### B. Lucent Has Not Advanced Evidence Of An Objectively-Defined Risk Known Or Obvious To Dell

14  Because Lucent does not meet the first prong of *Seagate*, the Court need not reach Lucent's

15  purported evidence regarding the second prong -- the requirement that the patentee "demonstrate

16  that this objectively-defined risk (determined by the record developed in the infringement

17  proceeding) was either known or so obvious that it should have been known to the accused

18  infringer." *Seagate*, 2007 WL 2358677, *5. However, even if the Court considers Lucent's

19  evidence in this regard, it is clear that Lucent also fails to meet *Seagate's* second prong.

20  Lucent alleges first that its bare notice to Dell of alleged infringement proves Dell's

21  awareness of an objectively high risk of infringement, and that Dell's refusal to surrender to those

22  allegations could be found to evince a conscious disregard of that risk. *See* Lucent Opp., at 5.

23  However, while such an argument may have been tenable under *Underwater Devices Inc. v.*

24  *Morrison-Knudsen Co.,* 717 F.2d 1380 (Fed. Cir. 1983), the precedent expressly overruled by

25  *Seagate*, it is legally erroneous under the standard now in effect. *Seagate* flatly rejected the

---

[6] Moreover, the "essentialness" issue has nothing to do with the Day patent, since it is undisputed that the Day patent is unrelated to MPEG.

- 6 -

1  *Underwater Devices* duty of care standard under which merely identifying a patent and asserting
2  infringement was enough of a predicate for a willfulness claim. *Seagate,* 2007 WL 2358677, at *5.

3  Lucent also relies on its argument that its patents are essential to the MPEG-2 standard, thus
4  implying that Dell was aware of an objectively high risk of infringement of these patents, or that it
5  should have been. *See* Lucent Opp., at 7. Not so. The only support Lucent proffers is a confidential
6  third party statement by a ***Lucent*** consultant and the Court's October 1, 2007 summary judgment
7  Order. *Id.*

8  But Lucent's consultant is not competent to testify about what Dell knew, and that one opinion
9  does not support an inference that there was a high risk of infringement known or obvious to Dell.
10  Moreover, Lucent has misrepresented what the Court stated in its order. As noted above, that a patent
11  can be deemed essential to MPEG for purposes of being captured within the MPEG license does not
12  mean that a particular commercial product infringes under a proper claim construction and application
13  of that proper claim construction. Dell has always maintained that under *Lucent's* improper view of
14  the patents, the patents are essential under the MPEG license, but has also continuously contested that
15  there is infringement by Dell products under a proper construction and application of the claims.
16  There is simply no inconsistency between those two positions.[7]

17  Lucent also argues that Dell's notification of its suppliers of possible indemnification
18  obligations constitutes evidence of Dell's alleged knowledge of an objectively high likelihood of
19  infringement. *See* Lucent Opp., at 8, 10-11. Also wrong. Such notification indicates only that an
20  allegation of infringement has been received. There is nothing in that notification from which one
21  could infer that Dell knew or should have know of an objectively high likelihood of infringing a
22  valid patent. Any responsible business in the same situation would provide such notification to its
23  suppliers whether or not there was an objectively high likelihood of infringement. And Lucent has
24  advanced no other evidence that could support such an inference either. Indeed, as demonstrated
25  above, the argument that mere receipt of an infringement allegation can create the possibility of a

---

[7] Moreover, Lucent again ignores the substantial validity case Dell developed early on. Lucent's "essentialness" argument is simply irrelevant to the anticipation or obviousness of the patents.

- 7 -

1   willfulness finding was overruled by *Seagate*. The law, as it stands today requires much more
2   evidence than that, and Lucent simply does not have it.

3   Finally, Lucent proffers an alleged "admission" by Dell counsel Henry Garrana. *See* Lucent
4   Opp., at 8. The purported "admission" is nothing of the kind. What Lucent relies on is the
5   characterization *by a Lucent employee* of a meeting between Dell and Lucent. The characterization
6   is found in certain meeting notes made by a Lucent employee. *See* Lucent Opp., at 8 (citing Ex.
7   23). The statement in those Lucent-notes on which Lucent relies does not even purport to be a
8   quote from Mr. Garrana and there is no other evidence to suggest that it is an actual quote from Mr.
9   Garrana.[8]

10  Moreover, the statement in the meeting notes is an out-of-court statement offered for the
11  truth of the matter asserted, and therefore hearsay. The characterizations within them attributed to
12  Mr. Garrana would be <u>double</u> hearsay. This document therefore is both inadmissible and incapable
13  of raising a fact issue on summary judgment. *See* Fed. R. Evid. 801(c); Fed. R. Civ. P. 56(e); *Orr v.*
14  *Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002) (a district court may only consider admissible
15  evidence in ruling on a motion for summary judgment).

16  Further, it is undisputed that Dell and Lucent were discussing many different patents in that
17  time frame, and the statement Lucent relies on never mentions the Day, Haskell or Netravali
18  patents. Nor are those patents mentioned anywhere on the page where that statement is found. So
19  even if Lucent were right about its view of the Lucent meeting notes, there is still no evidence that
20  the alleged admission concerned the Day, Haskell or Netravali patents. Accordingly, Lucent has
21  failed to raise an issue of fact concerning the second prong of *Seagate*.

22  On the other hand, it is undisputed that Dell had developed even before suit was filed many
23  non-infringement and invalidity defenses. *See* Micallef Reply Decl., Ex. 8 (Letter from Joel Freed
24  to Stephen Samuels, dated February 3, 2003 [hereinafter "the Freed letter"]). The Freed letter, sent
25  prior to the institution of this suit, sets out in great detail the defenses Dell had asserted for each of
26  the patents Lucent had raised and specifically asked Lucent to respond to each defense (which

---

[8] In fact, Lucent showed that document to Mr. Garrana at his deposition and never asked him about this purported admission.

- 8 -

1  Lucent never did). The defenses cited in the Freed letter are still at issue in this case and will
2  eventually be resolved by the jury. Thus, the Freed letter is undisputed evidence that Dell had many
3  well-founded, substantial defenses since the earliest dates of this dispute, and therefore that there
4  was not an objectively high risk of infringement of a valid patent known or obvious to Dell.
5       Accordingly, Lucent has failed to raise a genuine issue of fact on either prong of the *Seagate*
6  analysis and Dell is entitled to summary judgment of no willful infringement as a matter of law.

### III. CONCLUSION

Based on the foregoing, Dell respectfully requests that summary judgment of no willful infringement be granted with respect to the asserted patents.

October 12, 2007

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed

By: s/ Joseph A. Micallef
    Joseph A. Micallef
    joseph.micallef@aporter.com
    Attorneys for Dell Inc.

- 9 -

Exhibit 118
Page 002273