# SCHMIDT DECLARATION
# EXHIBIT 122

Case 3:07-cv-02000-H-CAB   Document 263   Filed 01/14/2008   Page 1 of 10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>    Intervenor and Counter-claimant,<br>_____<br><br>MICROSOFT CORPORATION,<br><br>    Plaintiff and Counterclaim-defendant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>    Defendant and Counter-claimant<br>_____<br><br>LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DELL, INC.,<br><br>    Defendant.<br>_____ | **Civil No:** 02CV2060-B(CAB)<br>consolidated with<br>**Civil No:** 03CV0699-B (CAB) and<br>**Civil No:** 03CV1108-B (CAB)<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART DELL'S AND GATEWAY'S MOTIONS FOR NO INFRINGEMENT OF U.S. PATENT NO. 4,439,759** |

Exhibit 122
Page 002349

Dell and Gateway (collectively "Defendants") move the Court for summary judgment of no infringement of U.S. Patent No. 4,439,759 ("the '759 patent"). Dell and Gateway each filed a separate motion to which the other joined; Lucent filed a combined opposition to the two motions. For the reasons herein, the Court **GRANTS** the motions as to no infringement of claims 1-3 under the doctrine of equivalents and **DENIES** the motions as to no literal infringement of claims 1-3.

## I. BACKGROUND

The '759 patent is directed to apparatus and methods for a digital image color display system. The patent describes a terminal independent color memory system to address compatibility between digital display systems in providing color images. The claims at issue are directed to a digital image display system which selects from one of three manners of retrieving color data from the color memory stored by a computer system. The claimed system uses a processing means responsive to a predetermined command and data sequence to select between the different modes of retrieving color information.

The application for the '759 patent was filed on May 19, 1981. The patent issued on March 27, 1984. Lucent is now asserting the patent against Dell and Gateway[1] on every computer system with a Windows operating system, made, used, sold, offered for sale in the United States or imported into the United States between 1998 and May 19, 2001 (the expiration date of the '759 patent).

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the motion, the court must examine all the evidence in the light most favorable

---

[1] Lucent has not accused Microsoft of infringing this patent.

2

Exhibit 122
Page 002350

to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). If the Court is unable to render summary judgment upon an entire case and finds that a trial is necessary, it shall if practicable grant summary adjudication for any issues as to which, standing alone, summary judgment would be appropriate. Fed. R. Civ. P. 56(d).

When the moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Summary judgment must be granted if the party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323.

### III. EVIDENTIARY ISSUES

A central dispute pertaining to the instant motions is Lucent's use of a declaration from its expert Jake Richter which it obtained to support its opposition to Defendants' motions. According to Defendants, Richter's declaration expresses new opinions that fall outside the scope of the opinions put forth previously in his expert report. Because the admission of Richter's declaration is relevant to the determination of whether Lucent has raised a material issue of fact in response to Defendants' summary judgment motions for no infringement, it is analyzed here first.

The first issue pertains to Richter's discussion of the algorithm that is part of the corresponding structure for the processing means of claims 1-3. Richter's report opines on a comparison of the accused products to the overall structure of the processing means and a comparison of the overall function of the steps shown in the '759 patent algorithm and the accused devices. (Dec. Richter Ex. A (Expert Report) at ¶¶ 78, 81.) In comparison, Richter's declaration offered in support of Lucent's opposition to the Defendants' motions is much more detailed. Richter's declaration explains that the algorithm run by Microsoft's GDI is based on the value of the operands that follow the commands, rather than the number of operands as used in the '759 patent, as confirmed by his review of the GDI source code. (Dec. Richter ¶¶ 20-21.) The Court finds, however, that the declaration does

3

Exhibit 122
Page 002351

1  not offer new opinions on this issue; it only elaborates on opinions previously expressed.

2      The second issue is Richter's statement in his declaration that the GDI algorithms present in the accused products are not technology developed after the time of the patent. While this statement does not appear in Richter's report, it is made to rebut Defendants' assertion that the accused algorithms were after-developed technology, an assertion made for the first time in Defendants' motion. Therefore, the Court finds that Richter's declaration is admissible for consideration in regards to the instant summary judgment motions.

## IV.  SUMMARY JUDGMENT ISSUES

Lucent asserts that Defendants literally infringe claims 1-3 of the '759 patent. Claims 1 and 2 are independent claims; claim 3 is dependent on claim 2. Defendants contend that Lucent has failed to put forth any evidence that the accused products meet at least two of the limitations required by these claims. Defendants also argue for various reasons that there is no infringement on the doctrine of equivalents. On this latter point, Lucent states that it is not pursuing an infringement theory under the doctrine of equivalents (Lucent's Combined Opp. 1 n.3), thus as to no infringement under the doctrine of equivalents, Defendants' motion is **GRANTED**. The remainder of the analysis herein addresses literal infringement.

### A.  Processing Means

Each of the claims at issue include a "processing means." The Court construed this limitation in each of independent claims 1 and 2. In claim 1, processing means is defined as:

> <u>function</u> - decoding the predetermined command and data sequence, the predetermined command and data sequence selecting one of a plurality of modes of access to color data values
> <u>structure</u> - data processor 1 programmed to perform the algorithm of boxes 301, 302, and 303 of Figure 3 and boxes 401, 402, 403, 404, 405, 407, 408, and 411 of Figure 4 (See, Col.5, line 60 - Col.6, line 19, Col.6, lines 20-23 (except for "and for setting foreground and background in-use colors for two of these modes"), lines 24-29, 29-32 (except for "and the background and foreground color"), lines 33-43)

4

Exhibit 122
Page 002352

1  The processing means in claim 2 is defined as:

<blockquote>
<u>function</u> - (a) selecting a mode of access to the color memory; and (b) setting a color data value in the color memory.

structure - (a) <u>structure for selecting a mode of access to the color memory</u> is: Data processor 1 programmed to perform the algorithm shown in Fig. 3: boxes 301-303; Fig. 4: boxes 401-405, 407, 408, and 411 (See, Col.5, line 60 - Col.6, line 19, Col.6, lines 20-23 (except for "and for setting foreground and background in-use colors for two of these modes"), lines 24-29, 29-32 (except for "and the background and foreground color"), and lines 33-43));

(b) <u>structure for setting a color data value in the color memory</u> is: Data processor 1 programmed to perform the algorithm shown in Fig. 5: boxes 501, 504, 506, 508, and 510 (See, Col. 7, lines 14-17 (except for "or (2) in color mode 0, for setting"), Col. 7, lines 53-64 (except for "The sequence of boxes 504, 506, 508, and 510 is")).
</blockquote>

### 1.    Corresponding Structure - algorithm

Each of the above processing means requires a corresponding structure that includes an algorithm. For claim 1, the algorithm is shown in the specified parts of Figures 3 and 4 of the '759 patent; for claim 2, the algorithm is shown in the specified parts of Figures 3-5. When construing means plus function limitation, such as the processing means here, where the corresponding structure is a computer or microprocessor that carries out an algorithm, the structure is limited by the algorithm as disclosed by the patent. See <u>WMS Gaming, Inc. v. Int'l Game Tech.</u>, 184 F.3d 1339, 1348-49 (Fed. Cir. 1999); <u>Harris Corp. v. Ericsson Inc.</u>, 417 F.3d 1241, 1253 (Fed. Cir. 2005).

Defendants contend that Lucent has failed to show that the accused devices contain an algorithm that is identical or equivalent to the algorithm of the corresponding structure. According to Defendants, although Lucent's expert, Richter, opined that the accused products ran *an* algorithm, he fails to identify the algorithm in any further detail but instead simply offers the conclusory statement that such algorithm is equivalent to that put forth in the '759 patent specification.

Lucent responds with a declaration from Richter which compares the steps of the algorithm performed by the accused device to that of the patent. Neither Richter's expert report nor his declaration assert that the accused products have algorithms which are identical to those disclosed in the '759 patent, instead Richter opines that the accused

5

Exhibit 122
Page 002353

1 products contain an equivalent algorithm.

2       A structure is equivalent if it performs "the identical function in substantially the
3 same way, with substantially the same result" to the corresponding structure recited in the
4 claims. Applied Medical Resources Corp. v. U.S. Surgical Corp., 448 F.3d 1324, 1333
5 (Fed. Cir. 2006). Lucent's expert Richter opines that the accused devices decode the
6 predetermined command and data sequence and select a mode of access to the color data
7 values, the same function as the corresponding structure for a processing means in claim.
8 (Richter Dec. ¶ 21.) He also opines that the way in which the accused device performs this
9 function is based on the value of the operands that follow a particular command. (Id. at ¶
10 21.) He then concludes that the difference between the way in which the accused devices
11 accomplish this (qualitative) and how the '759 patent algorithm performs (quantitative) is
12 insubstantial (Id. ¶ 22.) Richter provides a similar opinion on the equivalence for the
13 processing means of claim 2. (Id. ¶¶ 24-27.) While Defendants argue that Richter has not
14 performed an analysis that shows a one-to-one correspondence between each step of the
15 algorithms of the patent and a step in the algorithm of the accused device, such a
16 correspondence is not necessarily required to show structural equivalence. Thus, Richter's
17 declaration is sufficient to raise a genuine issue of fact as to the existence of an equivalent
18 structure for a "processing means" in the accused devices.

19       **B.**    **Responsive to a predetermined command and data sequence**

20       The processing means of claims 1-3 require that it is "responsive to a predetermined
21 command and data sequence." The Court interpreted this claim limitation to mean
22 responsive to "a command and data pattern having a known encoded meaning." In the
23 algorithm used in the '759 patent (see '759 patent Fig. 4), the computer looks for operand
24 1, if not found, it sets the color mode to zero. If it is found, it looks for operand 2, if
25 operand 2 is not found, the color mode is set to 1. If operand 2 is present, it sets the color
26 mode to 2.

27       Defendants argue that this required functionality is not present in the accused

28

Exhibit 122
Page 002354

1 devices because they do not respond to a pattern of commands. Defendants contend that
2 because the accused devices assess the values of the operands (rather than simply their
3 presence) to dictate the function performed, the accused devices fail to meet this claim
4 limitation.

5 Lucent's expert, however, opines that the series of commands used in the accused
6 device satisfies the claim limitation because the series of commands has a known meaning
7 and the commands are predefined by Microsoft. (Dec. Richter ¶¶ 10-15.) He also opines
8 that the accused products are responsive to the command and data patterns because if the
9 precise commands and order of commands is not followed, the command will fail. (Id. at ¶¶
10 16 -17.)

11 In essence, the questions boils down to what qualifies as a sequence or pattern as
12 used and/or defined in the claims. Lucent argues that simply a series of commands that
13 must be followed in a particular order is sufficient. Defendants argue that even if the
14 accused devices must follow an order of commands, the processing means is not responsive
15 to the command order but rather the numeric values associated with the commands and
16 therefore it is not a predetermined command and data sequence (pattern). Since neither
17 party has cited any evidence from the '759 patent that would exclude one definition or the
18 other, a question of fact remains as to this element.

19 **C.    After-developed technology**

20 A structure may only be an equivalent of a corresponding structure under 35 U.S.C.
21 § 112 ¶ 6 if it was developed before issuance of the patent; "[a]n 'after arising equivalent'
22 infringes, if at all, under the doctrine of equivalents." Al-Site Corp. v. VSI Intern., Inc., 174
23 F.3d 1308, 1320 (Fed. Cir. 1999).[2]

24 Defendants argue that the accused structure, the GDI algorithm, was not available

---

[2] "[T]he literal meaning of a claim is fixed upon [the patent's] issuance. Al-Site Corp. v. VSI Intern., Inc., 174 F.3d 1308, 1320 (Fed. Cir. 1999)

7

Exhibit 122
Page 002355

1 until after issuance of the '759 patent and thus cannot be a statutory equivalent under §112
2 ¶6. Lucent argues that it is not the accused product per se but the underlying technology
3 itself which determines whether it is "after-developed" technology. According to Lucent,
4 the GDI is based on an algorithm that performs the function in response to the value of
5 operands following the command, and the '759 patent discloses such a technology in Fig 4.
6 Lucent's expert Richter also opines that the qualitative and quantitative algorithms were
7 known in the art before the time the '759 patent issued. While Defendants disagree and
8 argue that the '759 patent discloses a particular type of qualitative algorithm, not one for
9 mode selection and that such was not known in the art, this simply highlights an issue of
10 disputed fact between the parties.

11 In summary, on each element on which Defendants contend Lucent has failed to
12 provide evidence, Lucent, in response, has offered evidence sufficient to raise an issue of
13 material fact. Therefore, the Court **DENIES** Defendants' motions for no literal
14 infringement of claims 1-3.

15 **D.    Additional Issue**

16 According to Defendants, Lucent initially raised some infringement issues that it
17 now has withdrawn or at least chosen not to pursue: infringement of accused devices where
18 infringement is based solely on BIOS (Basic Input Output System) without Windows; and
19 infringement of claim 4 of the '759 patent. Lucent, however, contends that it never raised
20 these issues. Since Defendants have provided no evidence that Lucent ever put forth these
21 infringement contentions, the Court declines to consider them here. Therefore, on these
22 issues Defendants' motions are **DENIED AS MOOT**.

23 //
24 //
25 //
26 //
27 //
28

8

Exhibit 122
Page 002356

## V. CONCLUSION

For the reasons herein, the Court rules on Defendants' motions rule as follows:

| | |
|---|---|
| No literal infringement of claims 1-3 | **DENIED** |
| No infringement of claims 1-3 under the doctrine of equivalents | **GRANTED** |
| No infringement of claim 4 | **DENIED AS MOOT** |
| No infringement by computers with BIOS alone | **DENIED AS MOOT** |

**IT IS SO ORDERED**

DATED: May 16, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
United States Magistrate Judge

All Counsel of Record

9

Exhibit 122
Page 002357