# SCHMIDT DECLARATION

# EXHIBIT 127

## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,625 | 05/03/2007 | 4763356 | 75543-011 | 1812 |

Day 1-1-1

| | | EXAMINER | |
|---|---|---|---|

7590        06/14/2007

John P. McDonnell
AT&T BELL LABORATORIES
600 Mountain Ave.
Murray Hill, NJ  07974

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 06/14/2007

Due 8/14/07

Please find below and/or attached an Office communication concerning this application or proceeding.



RECEIVED

JUN 1 8 2007

Alcatel-Lucent
Patent Creation

PTO-90C (Rev. 10/03)

Exhibit 127
Page 002497

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/008,625 | 4763356 |
| | Examiner | Art Unit | |
| | Albert W. Paladini | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>03 May 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,       b)☐  PTO/SB/08,       c)☒  Other: <u>PTO-1449</u>

1. ☒    The request for *ex parte* reexamination is GRANTED.

        RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐  by Treasury check or,

    b) ☐  by credit to Deposit Account No. _____ , or

    c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

                                           Albert W Paladini
                                           Primary Examiner
                                           Art Unit: 3992

cc:Requester ( if third party requester )

Exhibit 127
Page 002498

Application/Control Number: 90/008,625                                      Page 2
Art Unit: 3992

## DECISION ON REQUEST FOR REEXAMINATION

1.      A substantial new question of patentability affecting claims 19 and 21 of United

States Patent Number 4,763,356 issued to Day et al. is raised by the request for *ex*

*parte* reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).

### References

(1) Datamation, Vol. 30, Jan 1984, pp. 146-154, article by Michael Tyler on Touch

Screens.

(2) Claim Construction Order for US Patent 4,763,356 from court cases 02cv2060,

03cv0699, and 03cv1108.

### Prosecution History

2.      The Application for US Patent 4,763,356 issued to Day et al. was filed on
12/11/96.

Exhibit 127
Page 002499

Application/Control Number: 90/008,625                                      Page 3
Art Unit: 3992

A Notice of Allowance including an examiner's amendment was sent on

3/22/88. There are no reasons for allowance included in the records.

### Substantial Question of Patentability

Datamation Article by Tyler

On pages 10-12 of the Request, the Requestor enumerates all of the elements

of claim 19 of the Day patent and allegedly relates them to elements of the Tyler article,

which describes the planned use of an Easel workstation by the Chemical Bank. Tyler

describes some intended features of the Easel workstation.  For some of the elements

of the claims, the Requestor utilizes the Requestor's interpretation of the Claim

Construction Order for claim interpretation to allegedly relate elements of the Tyler

article to elements of the Day patent.

On pages 10 and 11 of the request, the Requestor enumerates general

elements of claim 19 of the Day patent such as "displaying a plurality of information

fields", "identifying a kind of information to be inserted", "indicating a particular one of

said information fields" and allegedly relating them to elements described by Tyler on

pages 148 to 152 of the article.

On page 12 of the request, the Requestor allegedly relates "displaying a

predefined tool associate with said one of said fields," disclosed by Day in claim 19 to

Exhibit 127
Page 002500

Tyler's description of a trader touching a screen and obtaining entries on a display. The
Requestor does not identify a "tool" in the Tyler article, but refers to page 9 of the Claim
Construction Order to allegedly relate "displaying a predefined tool" recited by Day to
touching the screen in the Tyler article. Page 9 of the Construction Order contains a
GLOSSARY OF TERMS.  The Requestor refers to the definition of "Predefined tools
associated with said one of said fields" in the Construction Order and allegedly uses the
definition given by the Construction Order to imply that "displaying a predefined tool"
recited in claim 19 is equivalent to touching the screen as described in the Tyler article.

On page 13, the Requestor allegedly relates "said tool being selected from a
group of predefined tools including a tool adapted to supply an individual entry from a
menu of alternatives" disclosed by Day in claim 19 to the phrase on page 148 of the
Tyler article "when a user hits the broker cell".  The Requestor refers to the definition of
"A tool adapted to allow said user to compose such information" in the GLOSSARY OF
TERMS of the Construction Order to attempt to justify the alleged relationship between
this element claimed by Day and the phrase on page 148 of the Tyler article.

On page 13, the Requestor allegedly relates "the method of displaying said
pattern includes the step of displaying one or more of said information fields as a bit-
mapped-graphics field" disclosed by Day in claim 21 to the description of entering
information by writing on a touch screen using a stylus on page 148 of the Tyler article.
The Requestor refers to the definition of "Bit-mapped-graphics field" in the GLOSSARY
OF TERMS of the Construction Order to attempt to justify the alleged relationship
between this element claimed by Day and the phrase on page 148 of the Tyler article.

Exhibit 127
Page 002501

Application/Control Number: 90/008,625                                    Page 5
Art Unit: 3992

3.    The use of single reference Tyler combined with the Construction Order which appear to discuss all of the elements or limitations of claims 19 and 21, make it likely that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

4.    Reference Tyler was not previously discussed by the examiner nor applied to claims in the prior examination of the patent as described above.

5.    There was also no final holding of invalidity by the Federal Courts regarding US Patent 4,763,356.

6.    Thus, a reasonable examiner would view the teachings of Tyler, in combination with the definitions given in the Construction Order, important in deciding to allow the claims being considered, thus raising a substantial new question of patentability regarding claims 19 and 21 of US Patent 4,763,356.

### *Scope of Reexamination*

Since requester did not request reexamination of claims 1-18, 20 and 22 and did not assert the existence of a substantial new question of patentability (SNQP) for such claims  (see 35 U.S.C. § 311(b)(2); see also 37 CFR 1.915b and 1.923), such claims will not be reexamined. This matter was squarely addressed in *Sony Computer*

Exhibit 127
Page 002502

Application/Control Number: 90/008,625                          Page 6
Art Unit: 3992

*Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447

(E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. (Not Reported in F.Supp.2d.)

The District Court upheld the Office's discretion to not reexamine claims in an *inter*

*partes* reexamination proceeding other than those claims for which reexamination had

specifically been requested. The Court stated:

> To be sure, a party may seek, and the PTO may grant, *inter partes* review of each and every claim of a patent. Moreover, while the PTO in its discretion may review claims for which *inter partes* review was not requested; nothing in the statute compels it to do so. To ensure that the PTO considers a claim for *inter partes* review, § 311(b)(2) requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that Sony did not seek review of every claim under the '213 and '333 patents. Accordingly, Sony cannot now claim that the PTO wrongly failed to reexamine claims for which Sony never requested review, and its argument that AIPA compels a contrary result is unpersuasive.

(Slip copy at page 9.)

The *Sony* decision's reasoning and statutory interpretation apply analogously to

*ex parte* reexamination, as the same relevant statutory language applies to both *inter*

*partes* and *ex parte* reexamination. 35 U.S.C. § 302 provides that the *ex parte*

reexamination "request must set forth the pertinency and manner of applying cited prior

art to every claim for which reexamination is requested" (emphasis added), and 35

U.S.C. § 303 provides that "the Director will determine whether a substantial new

question of patentability affecting any claim of the patent concerned is raised by the

request..." (Emphasis added). These provisions are analogous to the language of 35

U.S.C. § 311(b)(2) and 35 U.S.C. § 312 applied and construed in *Sony*, and would be

Exhibit 127
Page 002503

Application/Control Number: 90/008,625                                    Page 7
Art Unit: 3992

construed in the same manner. As the Director can decline to reexamine non-

requested claims in an *inter partes* reexamination proceeding, the Director can likewise

do so in *ex parte* reexamination proceeding. See *Notice of Clarification of Office Policy*

*To Exercise Discretion in Reexamining Fewer Than All the Patent Claims* (signed Oct.

5, 2006) 1311 OG 197 (Oct. 31, 2006). See also MPEP § 2240, Rev. 5, Aug. 2006.

Therefore, claims 1-18, 20, and 22 will not be reexamined in this *ex parte*

reexamination proceeding.

*Conclusion*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).


The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving the Alcorn patent throughout the course of this reexamination

proceeding. The requester is also reminded of the ability to similarly appraise the Office

of any such activity or proceeding throughout the course of this reexamination

proceeding. See MPEP §§ 2207, 2282 and 2286.

Exhibit 127
Page 002504

Application/Control Number: 90/008,625                                    Page 8
Art Unit: 3992

**All** correspondence relating to this *ex parte* reexamination proceeding should be

directed as follows:


By **U.S. Postal Service Mail** to:

      Mail Stop *Ex Parte* Reexam
      ATTN: Central Reexamination Unit
      Commissioner for Patents
      P.O. Box 1450
      Alexandria, VA  22313-1450


By FAX to:   (571) 273-9900
              Central Reexamination Unit


By hand to:  Customer Service Window
              Randolph Building
              401 Dulany St.
              Alexandria, VA  22314


Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should

be directed to the Central Reexamination Unit at telephone number (571) 272-7705.



Signed:                                                      Conferees:

Albert W. Paladini
Primary Examiner
_____

Exhibit 127
Page 002505

90/008,625

SHEET 1 OF 1

| INFORMATION DISCLOSURE CITATION IN AN APPLICATION | ATTY. DOCKET NO. 075543-0011 | PATENT NO. 4,763,356 |
|---|---|---|
| | APPLICANT DAY, Jr. et al. | |
| (PTO-1449) | FILING DATE 5/3/07 | GROUP 3992 |

### U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | CITE NO. | Document Number Number-Kind Code2 (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| and | US | 4,763,356 | 8/9/1988 | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |
| | US | | | | |

### FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | CITE NO. | Foreign Patent Document Country Code3 -Number 4 -Kind Codes (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines Where Relevant Figures Appear | Translation Yes | No |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| EXAMINER'S INITIALS | CITE NO. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | |
|---|---|---|---|
| aw | | Datamation, Vol. 30 Number 1, January  1984, pp. 146-154. | |
| aw | | *Lucent Technologies, Inc. v. Gateway, Inc., Gateway Country Stores LLC; and Microsoft Corporation; and Dell, Inc.;* Claim Construction Order Clarifying and Superceding the Order of March 1, 2004, Construing Claims for Patent 4,763,356, Civil No. 02CV2060-B(LAB), 03CV0699-B(LAB), 03CV1108-B(LAB); Amended Order Superceding the Order of October 29, 2003, Construing Claims for Patent Number 4,763,356, Civil No. 02CV2060-B(LAB), 03CV0699-B(LAB), 03CV1108-B(LAB), U.S. District Court Southern District of California. | |

| ALBERT W. PALADIN PATENT EXAMINER | EXAMINER | DATE CONSIDERED |
|---|---|---|
| | | 5/28/07 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEPE 809. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.

Exhibit 127
Page 002506