# SCHMIDT DECLARATION

# EXHIBIT 130

1                    UNITED STATES DISTRICT COURT

2                 SOUTHERN DISTRICT OF CALIFORNIA

3

4 LUCENT TECHNOLOGIES, INC.,    )    Case No. 07CV2000-H(CAB)
                                )
5          Plaintiff,           )    San Diego, California
                                )
6 vs.                           )    Tuesday,
                                )    January 8, 2008
7 GATEWAY, INC., et al.,        )    9:30 a.m.
                                )
8          Defendants.          )
  _____)

9

10                  TRANSCRIPT OF MOTION HEARING
               BEFORE THE HONORABLE MARILYN L. HUFF
11                  UNITED STATES DISTRICT JUDGE

12 APPEARANCES:

13 For the Plaintiff:          ROBERT A. APPLEBY, ESQ.
                               PAUL A. BONDOR, ESQ.
14                             JAMES E. MARINA, ESQ.
                               MICHAEL P. STADNICK, ESQ.
15                             GREGORY F. CORBETT, ESQ.
                               ERIC D. HAYES, ESQ.
16                             Kirkland & Ellis, LLP
                               153 East 53rd Street
17                             New York, New York 10022
                               (212) 446-4762
18
   For Dell:                   JOSEPH A. MICALLEF, ESQ.
19                             JOEL FREED, ESQ.
                               Arnold & Porter LLP
20                             555 Twelfth Street, NW
                               Washington, D.C. 20004
21                             (202) 942-5721

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

Exhibit 130
Page 002536

106

1  the article, it show highlighting of a color.  Let me show

2  you here.  Can we switch to the elmo.  Yeah, here, you see

3  the user is touching the service button and it's changing

4  color.  Can we go back to the slide show.

5          And moreover, Lucent's own expert admitted that

6  highlighting a selected field was a known technique and

7  particularly useful and important in touch screen systems.

8  So it's not like we're saying -- trying to add something

9  radical to this prior art.  It did what it was expected to

10  do and what any person of skill in the art would have it do,

11  which is to indicate selected fields, and Lucent's expert

12  admitted as much.

13          Let me --

14          THE COURT:  Let's not go to the anticipation.

15          MR. BAKER:  Well, your Honor, I'll try to do it

16  really briefly.  I know that --

17          THE COURT:  No.  I've already ruled no in my

18  order.  I sent out a scheduling order.  So go beyond that.

19          MR. BAKER:  Okay.  I just wanted to call your

20  attention to that Cell Pro case which it seems to address

21  the issue.

22          THE COURT:  The Court already ruled that we're not

23  doing anticipation here.

24          MR. BAKER:  Okay.  All right.  Well, your Honor,

25  as I've tried to explain, the art -- the FXFE and the Tyler

*Echo Reporting, Inc.*

Exhibit 130
Page 002537

216

1 any comfort from that.  I'm going to then go back and

2 independently evaluate each of the claims and then I'll

3 issue a written order.  Anything else on your side?  You

4 submit?

5           COUNSEL:  No, your Honor.

6           THE COURT:  All right, thank you.

7           COUNSEL:  Thank you, your Honor.

8       (Proceedings concluded.)

9

10

11

12           I certify that the foregoing is a correct

13 transcript from the electronic sound recording of the

14 proceedings in the above-entitled matter.

15

16 _____      _____

Transcriber                          Date

17

18 FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

19

20 _____
L.L. FRANCISCO, President
Echo Reporting, Inc.

21

22

23

24

25

*Echo Reporting, Inc.*

Exhibit 130
Page 002538