```
David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorney for Plaintiffs Lucent Technologies Inc.
and Multimedia Patent Trust
```

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>        Plaintiffs,<br>v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>        Defendants,<br>        and<br><br>MICROSOFT CORPORATION,<br><br>        Intervener. | Case No. 07-CV-2000-H (CAB)<br><br>consisting of matters severed from consolidated cases:<br><br>Case No. 02-CV-2060 B (CAB)<br>Case No. 03-CV-0699 B (CAB)<br>Case No. 03-CV-1108 B (CAB)<br><br>**DECLARATION OF JENNIFER J. SCHMIDT IN SUPPORT OF MULTIMEDIA PATENT TRUST'S AND LUCENT'S MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-2**<br><br>Date:        February 11, 2008<br>Time:       10:30 A.M.<br>Courtroom:  13<br>Judge:      Hon. Marilyn L. Huff |
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>        Defendant. | |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br><br>        Plaintiffs,<br>v.<br><br>DELL INC.,<br><br>        Defendant. | |

I, Jennifer J. Schmidt, declare as follows:

1. I am an attorney and an associate in the law firm of Kirkland & Ellis LLP, counsel for Multimedia Patent Trust and Lucent Technologies Inc. ("Lucent"). I submit this declaration in support of Multimedia Patent Trust's and Lucent's request to file under seal the following exhibits listed in the Declaration of Jennifer J. Schmidt in support of Multimedia Patent Trust's and Lucent's Motions *in Limine*. Unless otherwise stated herein, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would competently testify to the truth of each statement herein.

2. Exhibit 11, Dell's October 16, 2007 Eighth Supplemental Response to Lucent's First Set of Interrogatories, has been designated "Confidential" by counsel for Dell. Upon information and belief, this document contains information deemed confidential by Dell.

3. Exhibit 14, Dell's September 2, 2005 Fourth Supplemental Response to Lucent's First Set of Interrogatories (No. 15), has been designated "Confidential" by counsel for Dell. Upon information and belief, this document contains information deemed confidential by Dell.

4. Exhibit 21, Gateway's October 9, 2007 Supplemental Response to Lucent's Interrogatory Nos. 1, 2 and 4, has been designated "Confidential" by counsel for Gateway. Upon information and belief, this document contains information deemed confidential by Gateway.

5. Exhibit 25, Microsoft's July 25, 2005 Responses to Topics in Stadnick 6/24/05 Letter, has been designated "Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

6. Exhibit 44, the March 31, 2006 Expert Report of Edward J. Delp III, has been designated "Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

7. Exhibit 48, the December 27, 2007 Third Supplemental Expert Report of Wayne A. Hoeberlein re Damages for Video Coding Patents, has been designated "Confidential" by counsel for Lucent because it contains information that each party has designated highly confidential under the Protective Order, including financial information of each defendant.

8. Exhibit 49, the December 27, 2007 Third Supplemental Expert Report of Wayne A. Hoeberlein re Damages for User Interface Patents, has been designated "Confidential" by counsel for Lucent because it contains information that each party has designated highly confidential under the Protective Order, including financial information of each defendant.

9. Exhibit 54, the May 12, 2006 Expert Report of David P. Kaplan re User Interface Patents, has been designated "Confidential" by counsel for Dell and Gateway. Upon information and belief, this document contains information deemed confidential by Dell and Gateway.

10. Exhibit 55, the May 12, 2006 Expert Report of David P. Kaplan re Video Coding Patents, has been designated "Confidential" by counsel for Dell and Gateway. Upon information and belief, this document contains information deemed confidential by Dell and Gateway.

11. Exhibit 57, the January 9, 2008 Supplemental Expert Report of David P. Kaplan re Video Coding Patents, Day Patent, Agulnick Patent, and Fleming Patent, has been designated "Confidential" by counsel for Dell and Gateway. Upon information and belief, this document contains information deemed confidential by Dell, and Gateway.

12. Exhibit 58, the May 12, 2006 Expert Report of Brian W. Napper re U.S. Patent 4,763,356, has been designated "Highly Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

13. Exhibit 59, the May 12, 2006 Expert Report of Brian W. Napper re U.S. Patent 5,347,295, has been designated "Highly Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

14. Exhibit 60, the May 12, 2006 Expert Report of Brian W. Napper re Video Coding Patent, has been designated "Highly Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

15. Exhibit 61, the August 11, 2006 Expert Report of Brian W. Napper re Microsoft's XBox 360 Console Alleged Use of Video Coding Patent, has been designated "Highly Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

1    16.  Exhibit 62, the January 9, 2008 Supplemental Expert Report of Brian W. Napper re
2  Video Coding Patent 4,958,226 and Patents 4,763,356 and 5,347,295, has been designated "Highly
3  Confidential" by counsel for Microsoft. Upon information and belief, this document contains
4  information deemed confidential by Microsoft.

5    17.  Exhibit 63, Exhibit 30 to the August 11, 2006 Expert Report of Brian W. Napper re
6  Microsoft's XBox 360 Console Alleged Use of Video Coding Patent, has been designated "Highly
7  Confidential" by counsel for Microsoft. Upon information and belief, this document contains
8  information deemed confidential by Microsoft.

9    18.  Exhibit 64, Exhibit 95 to the May 12, 2006 Expert Report of Brian W. Napper re
10 Video Coding Patent, has been designated "Highly Confidential" by counsel for Microsoft. Upon
11 information and belief, this document contains information deemed confidential by Microsoft.

12   19.  Exhibit 70, excerpts from the April 5, 2006 deposition transcript of David Bishop, has
13 been designated "Confidential" by counsel for Lucent because the transcript of Dr. Bishop's
14 deposition testimony contains information deemed confidential by Lucent.

15   20.  Exhibit 72, excerpts from the December 15, 2005 deposition transcript of Barry
16 Haskell, has been designated "Highly Confidential" by counsel for Lucent because the transcript of
17 Dr. Haskell's deposition testimony contains information deemed confidential by Lucent.

18   21.  Exhibit 73, excerpts from the August 25, 2005 deposition transcript of George
19 Kokkosoulis, has been designated "Confidential" by counsel for Dell. Upon information and belief,
20 this document contains information deemed confidential by Dell.

21   22.  Exhibit 74, excerpts from the June 29, 2006 deposition transcript of Brian Napper,
22 has been designated "Highly Confidential" by counsel for Microsoft. Upon information and belief,
23 this document contains information deemed confidential by Microsoft.

24   23.  Exhibit 75, excerpts from the March 14, 2006 deposition transcript of Takeshi
25 Numoto, has been designated "Highly Confidential" by counsel for Microsoft. Upon information
26 and belief, this document contains information deemed confidential by Microsoft.

27
28

24. Exhibit 76, excerpts from the May 3, 2006 deposition transcript of William O'Shea, has been designated "Highly Confidential" by counsel for Lucent because the transcript of Mr. O'Shea's deposition testimony contains information deemed confidential by Lucent.

25. Exhibit 79, excerpts from the January 12, 2006 deposition transcript of Richard Scharphorst has been designated "Confidential" by counsel for Lucent at the request of counsel for Mr. Scharphorst because the transcript of Mr. Scharphorst's deposition testimony contains information deemed confidential by Mr. Scharphorst.

26. Exhibit 80, excerpts from the January 11, 2006 deposition transcript of James Tierney taken by Dell, Inc., contains information deemed confidential by Lucent.

27. Exhibit 87, a document produced by Lucent in this action bearing production numbers LUC 0018322-23, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

28. Exhibit 88, a document produced by Lucent in this action bearing production numbers LUC 0019142-46, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

29. Exhibit 89, a document produced by Lucent in this action bearing production number LUC 0027163A, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

30. Exhibit 90, a document produced by Lucent in this action bearing production numbers LUC 1000102-07, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

31. Exhibit 91, a document produced by Lucent in this action bearing production numbers LUC 1000198-99, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

32. Exhibit 92, a document produced by Lucent in this action bearing production numbers LUC 1000208-11, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

33. Exhibit 93, a document produced by Lucent in this action bearing production numbers LUC 1000463-66, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

34. Exhibit 94, a document produced by Lucent in this action bearing production numbers LUC 1002823-46, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

35. Exhibit 95, a document produced by Lucent in this action bearing production numbers LUC 1005664-84, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

36. Exhibit 96, a document produced by Lucent in this action bearing production number LUC 1027961, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

37. Exhibit 97, a document produced by Lucent in this action bearing production numbers LUC 1032024-29, has been designated "Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

38. Exhibit 98, a document produced by Lucent in this action bearing production numbers LUC 1043505-08, has been designated "Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

39. Exhibit 99, a document produced by Lucent in this action bearing production numbers LUC 1043769-72, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

40. Exhibit 100, a document produced by Lucent in this action bearing production numbers LUC 1044049-54, has been designated "Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

41. Exhibit 101, a document produced by Lucent in this action bearing production numbers LUC 1053033-49, has been designated "Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

42. Exhibit 102, a document produced by Lucent in this action bearing production numbers LUC 1055620-31, has been designated "Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

43. Exhibit 103, a document produced by Lucent in this action bearing production numbers LUC 1069933-46, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

44. Exhibit 104, a document produced by Lucent in this action bearing production numbers LUC 1073266-92, has been designated "Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

45. Exhibit 105, a document produced by Lucent in this action bearing production numbers LUC 1083707-08, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

46. Exhibit 106, a document produced by Lucent in this action bearing production numbers LUC 1125884-907, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

47. Exhibit 107, a document produced by Lucent in this action bearing production numbers LUC 1127856-58, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

48. Exhibit 108, a document produced by Lucent in this action bearing production numbers LUC 1279688-91, has been designated "Highly Confidential" by counsel for Lucent because the document contains information deemed confidential by Lucent.

49. Exhibit 109, a document produced by Microsoft in this action bearing production number MSLT_0115294, has been designated "Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

50. Exhibit 110, a document produced by Microsoft in this action bearing production numbers MSLT_0746585-630, has been designated "Highly Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

51. Exhibit 111, a document produced by Microsoft in this action bearing production number MSLT_1220331, has been designated "Highly Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

52. Exhibit 112, a document produced by Microsoft in Civil Action No. 06-cv-0684 bearing production number CCMS_0128826, has been designated "Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

53. Exhibit 113, a document produced by Microsoft in Civil Action No. 06-cv-0684 bearing production number CCMS_0129887, has been designated "Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

54. Exhibit 114, a document produced by Microsoft in Civil Action No. 06-cv-0684 bearing production numbers CCMS_0132004-05, has been designated "Confidential" by counsel for Microsoft. Upon information and belief, this document contains information deemed confidential by Microsoft.

55. Exhibit 116, the May 12, 2006 Expert Report of David P. Kaplan re Fleming Patent, has been designated "Confidential" by counsel for Dell and Gateway. Upon information and belief, this document contains information deemed confidential by Dell and Gateway.

56. Exhibit 121, the March 31, 2006 Expert Report of Jake Richter, has been designated "Highly Confidential" by counsel for Lucent because it contains information that each party has designated confidential under the Protective Order, including confidential information of each defendant.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 14th day of January, 2008.

By: *Jennifer Schmidt*
Jennifer J. Schmidt