# Exhibit 31
# to Decl. of John Gartman

Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 235-2100
Facsimile: (619) 235-2101

Attorneys for Lucent Technologies Inc.

*Additional counsel listed on the last page*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>   Plaintiff,<br> v.<br><br>GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>   Defendants,<br> and<br><br>MICROSOFT CORPORATION,<br><br>   Intervener. | Case No. 02-CV-2060 B (CAB)<br>  consolidated with<br>Case No. 03-CV-0699 B (CAB)<br>Case No. 03-CV-1108 B (CAB)<br><br>**LUCENT'S MOTION *IN LIMINE* NO. 10 TO PRECLUDE MICROSOFT FROM PRESENTING ANY UNDISCLOSED EVIDENCE REGARDING SOFTWARE DISTRIBUTION ABROAD AND ARGUMENT THAT THE FACTS DISCLOSED ARE DIFFERENT THAN *EOLAS v. MICROSOFT* AND *AT&T v. MICROSOFT***<br><br>Date:  January 9, 2006<br>Time:  9:00 A.M.<br>Courtroom: 2<br>Judge:  Hon. Rudi M. Brewster |
| MICROSOFT CORPORATION,<br><br>   Plaintiff,<br> v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>   Defendant. | |
| LUCENT TECHNOLOGIES INC.,<br><br>   Plaintiff,<br> v.<br><br>DELL INC.,<br><br>   Defendant. | |

## I. INTRODUCTION

Lucent Technologies Inc. moves *in limine* under Federal Rule of Civil Procedure 37 to preclude Microsoft from presenting at trial any undisclosed evidence regarding its distribution of software abroad and presenting any argument that the facts disclosed are different than the facts of the *Eolas v. Microsoft* and *AT&T v. Microsoft* cases. In the present case, Lucent asserts that Microsoft is liable for infringement under 35 U.S.C. § 271(f) by virtue of its distribution of accused software abroad.[1] Microsoft has twice lost in the Federal Circuit — in *Eolas v. Microsoft* and *AT&T v. Microsoft* — on the issue of whether software is a "component" under 35 U.S.C. § 271(f).[2] In both cases, the Federal Circuit upheld the district court's finding that Microsoft is liable for infringement under § 271(f) for its software distribution abroad. In response to Lucent's deposition notice seeking discovery from Microsoft on the issue of § 271(f), Microsoft served a verified written response setting forth the facts of its software distribution abroad. Based on the content of the written response, Lucent requested that Microsoft stipulate that its foreign sales were subject to § 271(f). Microsoft refused to do so. Lucent requested a witness to testify as to the difference in Microsoft's distribution abroad during the present case as compared to the *Eolas* and *AT&T* cases. Microsoft refused to provide a witness. Because Microsoft refused to provide such information to Lucent during discovery, Lucent requests that this Court grant Lucent's motion *in limine* to preclude Microsoft from presenting such facts or argument at trial.

## II. BACKGROUND

On November 25, 2005, Lucent served a 30(b)(6) notice on Microsoft seeking deposition testimony on, *inter alia*, Microsoft's sale, license and distribution abroad of "golden master disks" of each version of the accused products. (Ex. 35, Lucent's November 25, 2005 30(b)(6) Notice of

---

[1] Under § 271(f), "whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention . . . in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer." 35 U.S.C. § 271(f).

[2] *Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325 (Fed. Cir. 2005); *AT&T Corp. v. Microsoft Corp.*, 414 F.3d 1366 (Fed. Cir. 2005). On October 27, 2006, the Supreme Court granted Microsoft's petition for writ of certiorari in the *AT&T* case. *Microsoft Corp. v. AT&T Corp.*, 127 S. Ct. 467 (2006).

Lucent's Brief in Support of Its Motion *In Limine* No. 10
Regarding Evidence of Software Distribution Abroad
1
Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB

EXHIBIT 31 PAGE 437

Deposition of Microsoft Regarding Damages Issues, Topic Nos. 1-9).[3] On February 10, 2006, Microsoft served a verified written response on Topic Nos. 1-9 of Lucent's November 25, 2005 30(b)(6) notice. (Ex. 36, February 10, 2006 Bernstein Letter to Samay). On February 15, 2006, Lucent requested that Microsoft stipulate that its foreign sales are subject to § 271(f) based on its verified written response. (Ex. 37, February 15, 2006 Bernard Letter to Bernstein). Lucent also requested that, in the event Microsoft did not agree to stipulate, Microsoft provide a witness to testify regarding these topics, limited to Microsoft's position on how the facts contained in its verified written response are different from, or have changed since, the distribution of the accused products in the *Eolas* and *AT&T* cases. (*Id.*) No response was received from Microsoft as requested by Lucent. On February 20, 2006, Lucent sent an e-mail requesting Microsoft either agree to the stipulation or provide a witness to testify regarding Microsoft's software distribution abroad. (Ex. 38, February 20, 2006 Bernard email to Bernstein). Finally, on February 22, 2006, *two days before the close of fact discovery*,[4] Microsoft responded that it would neither enter the proposed stipulation nor provide the witness requested by Lucent. (Ex. 39, February 22, 2006 Bernstein Letter to Bernard).

### III. ARGUMENT

**A. Microsoft Should Be Precluded From Presenting Undisclosed Evidence Of Its Software Distribution Abroad Under Federal Rule Of Civil Procedure 37**

Rule 26(e) of the Federal Rules of Civil Procedure requires supplementation or correction of discovery disclosures and responses where the requested party learns that in some material respect the information disclosed in incomplete or incorrect. FED. R. CIV. P. 26(e)(1),(2). Furthermore, Federal Rule of Civil Procedure 37(c)(1) provides:

---

[3] All references to Exhibits refer to exhibits to the Declaration of Jordan N. Malz.

[4] Fact discovery cutoff was February 24, 2006. (Ex. 5, January 9, 2006 Order Following Discovery Conference).

> A party that without substantial justification ***fails to disclose information*** required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), ***is not***, unless such failure is harmless, ***permitted to use as evidence at a trial,*** at a hearing, or on a motion any witness or ***information not so disclosed***.

FED. R. CIV. P. 37(c)(1) (emphasis added). "Rule 37 sanctions were intended to punish evasion of pretrial discovery." *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) (internal citations omitted). Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e) in a timely fashion is an "automatic" sanction unless the party can show the violation is either "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (citing FED. R. CIV. P. 37(c)(1) and Advisory Committee Notes 1993). Thus, under Rule 37(c)(1), this Court can preclude Microsoft from presenting evidence at trial that was not properly disclosed during discovery.

Fact discovery in the present case ended on February 24, 2006, as ordered by this Court. Microsoft has not supplemented or corrected its discovery response since first served on February 10, 2006. Furthermore, any additional information presented by Microsoft at trial would be well after the close of fact discovery. *See* FED. R. CIV. P. 37(b)(2) (allowing prohibition of introduction of evidence where party fails to obey an order to provide or permit discovery). Therefore, Microsoft should be limited to the facts disclosed in its discovery response and should be precluded from presenting any undisclosed facts regarding its software distribution abroad at trial.

**B.     Microsoft Should Also Be Precluded From Arguing That The Facts Disclosed Are Different Than The Facts Presented In *Eolas* And *AT&T***

Microsoft should also be precluded under Rule 37(c)(1) from arguing that the facts disclosed are different than the facts presented in the *Eolas* and *AT&T* cases. Lucent properly requested that Microsoft provide a witness to testify regarding Topic Nos. 1-9 of its November 25, 2006 30(b)(6) deposition notice. Microsoft responded in writing instead of presenting a witness for questioning. As Microsoft admits in its February 22, 2006 letter, Lucent and Microsoft agreed that each reserved the right to take a deposition following the submission of written responses if (1) the was a legitimate reason to do so; and (2) if the written response was deficient. Lucent believed that there was a legitimate reason to do so ***and*** that the response was deficient and informed Microsoft that in

Lucent's Brief in Support of Its Motion *In Limine* No. 10                    3                    Case Nos. 02-CV-2060-B (CAB)
Regarding Evidence of Software Distribution Abroad                                                  03-CV-0699-B (CAB), and 03-CV-1108-B (CAB

EXHIBIT 31 PAGE 439

the absence of a stipulation, it was unclear to Lucent whether Microsoft was presenting facts different from those presented in *Eolas* and *AT&T*. Lucent articulated this deficiency to Microsoft and requested that Microsoft provide a witness on the limited topic of any claimed changes in, or difference from, the distribution process of the accused products in the *Eolas* and *AT&T* cases. Microsoft flatly refused to provide a witness or to otherwise supplement its discovery response. Having done so, Microsoft should not be permitted to present such evidence or argument at trial. Therefore, this Court should preclude Microsoft from presenting any facts or argument to show that the facts disclosed in their written response to Lucent are materially different from the facts relating to the processes for software distribution at issue in the *Eolas* and *AT&T* cases that have already addressed Microsoft's § 271 (f) liability for the foreign distribution of its software.

## IV. CONCLUSION

Because Federal Rule of Civil Procedure 37 precludes Microsoft from presenting at trial any undisclosed evidence regarding its distribution of software abroad and presenting any argument that the facts disclosed are different than the facts of the *Eolas v. Microsoft* and *AT&T v. Microsoft* cases for failure to provide requested discovery, Lucent requests that the Court grant its motion *in limine*.

DATED: December 12, 2006        BY:        s/Alison P. Adema

John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
Scott R. Samay (admitted *pro hac vice*)
Elizabeth T. Bernard (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212)446-4800
Facsimile: (212)446-4900

Alison P. Adema, SBN 149285
HAHN & ADEMA

Attorneys for Lucent Technologies Inc.

Lucent's Brief in Support of Its Motion *In Limine* No. 10
Regarding Evidence of Software Distribution Abroad

4

Case Nos. 02-CV-2060-B (CAB)
03-CV-0699-B (CAB), and 03-CV-1108-B (CAB

EXHIBIT 31 PAGE 440

Lucent Technologies Inc. v. Gateway, Inc., et al.
Case No. 02-CV-2060 B (CAB)

PROOF OF SERVICE

I am a resident of the state of California over the age of eighteen years, and not a party to the within action. My business address is Hahn & Adema, 501 West Broadway, Suite 1600, San Diego, California 92101-8474.

On December 12, 2006, I served the within documents:

1. **LUCENT'S MOTION IN LIMINE NO. 10 TO PRECLUDE MICROSOFT FROM PRESENTING ANY UNDISCLOSED EVIDENCE REGARDING SOFTWARE DISTRIBUTION ABROAD AND ARGUMENT THAT THE FACTS DISCLOSED ARE DIFFERENT THAN EOLAS v. MICROSOFT AND AT&T v. MICROSOFT**

X     by EFC, by causing a true and correct copy hereof to be transmitted to the parties listed above via the CASD ECF system as registered recipients as follows:

John E. Gartman
Christopher S. Marchese
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099
marchese@fr.com
Attorneys for Microsoft Corp.

David J. Zubkoff
SELTZER, CAPLAN, MCMAHON & VITEK
750 "B" Street, Suite 2100
San Diego, CA 92101
Telephone: 619-685-3003
Facsimile: 619-702-6827
zubkoff@scmv.com
Attorneys for Gateway, Inc., et al.

Trial Counsel for Dell:
James S. Blackburn
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Email: james_blackburn@aporter.com

    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m

| | | |
|---|---|---|
| 1 | X | by transmitting the document(s) listed above, received from CM/ECF, via electronic transmission to the addressee(s) as set forth below from electronic notification address sfrost@hahnadema.com. The transmission was reported completed without error. |

Ali Sharifahmadian
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206
Telephone: 202-942-6370
Facsimile: 202-942-5999
Ali_sharifahmadian@aporter.com
Attorneys for Dell Inc.

Trial Counsel for Dell:
Joel Freed
McDermott Will & Emery
600 13th Street, N.W.
Washington, DC 20005-3096
Tel: 202-756-8000
Fax: 202-756-8087
Email: jfreed@mwe.com

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

  Executed on December 12, 2006, at San Diego, California.

  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose directions the service was made.

               s/Susan Frost
                Susan Frost

| | | |
|---|---|---|
| X | All documents e-filed served | All pleadings filed or served were included in the email along with any exhibits. |
| | Main Pleading documents (without exhibits) | All main pleading documents were included in the email except for sealed exhibits. Exhibits were over 50 pages long. As per our service agreement, a hard copy will follow via overnight mail. |

Lucent's Brief in Support of Its Motion *In Limine* No. 10      2      Case Nos. 02-CV-2060-B (CAB)
Regarding Evidence of Software Distribution Abroad              03-CV-0699-B (CAB), and 03-CV-1108-B (CAB

EXHIBIT 31 PAGE 442