# Exhibit 45
# to Decl. of John Gartman

1   John E. Gartman (SBN 152300)
    Juanita R. Brooks (SBN 75934)
2   Christopher S. Marchese (SBN 170239)
    Roger A. Denning (SBN 228998)
3   Justin M. Barnes (SBN 217517)
    FISH & RICHARDSON P.C.
4   12390 El Camino Real
    San Diego, California 92130
5   Telephone:    (858) 678-5070
    Facsimile:    (858) 678-5099
6

7   Stephen P. McGrath (SBN 202696)
    One Microsoft Way
8   Redmond, WA 98052
    Telephone:    (425) 882-8080
9   Facsimile:    (425) 936-7329

10  Attorneys for Intervener and Counter-claimant
    MICROSOFT CORPORATION
11

12                  UNITED STATES DISTRICT COURT

13               SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14  LUCENT TECHNOLOGIES INC., | Case No. 02-CV-2060 B (CAB) consolidated with |
| 15          Plaintiff and Counterclaim-defendant, | Case No. 03-CV-0699 B (CAB) and Case No. 03-CV-1108 B (CAB) |
| 16  v. | |
| 17  GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY | **MICROSOFT CORPORATION'S RESPONSES TO LUCENT'S FIRST, SECOND, THIRD, FOURTH, AND** |
| 18  COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWBUNGA | **FIFTH SETS OF INTERROGATORIES TO** |
| 19  ENTERPRISES, INC., | **MICROSOFT (NOS. 1-34)** |
| 20          Defendants and Counter-claimants, | |
| 21  and | |
| 22  MICROSOFT CORPORATION, | |
| 23          Intervener and Counter-claimant, | |
| 24  MICROSOFT CORPORATION, | |
| 25          Plaintiff and Counter-defendant, | |
| 26  v. | |
| 27  LUCENT TECHNOLOGIES INC., | |
| 28          Defendant and Counter-claimant, | |

EXHIBIT 45 PAGE 515

1  served.  Microsoft will update and modify its noninfringement contentions after seeing Lucent's

2  updated infringement contentions, to the extent any update or modifications are required.

3  INTERROGATORY NO. 21:

4       For each Asserted Claim of each Patent-In-Suit, Identify all factual and legal bases for

5  Microsoft's contention that it does not willfully infringe and has not willfully infringed such claim,

6  including without limitation, an identification and description of how and when Microsoft first

7  became aware of each such Asserted Patent.

8  RESPONSE TO INTERROGATORY NO. 21 (FIRST SUPPLEMENTAL RESPONSE):

9       Microsoft hereby incorporates by reference each and every one of its General Objections

10  and further objects on the grounds set forth below.

11       Microsoft objects to this Interrogatory to the extent it seeks confidential, trade secret, or

12  proprietary business, technical, marketing, or financial information, or any other confidential

13  information.

14       Microsoft objects to this Interrogatory to the extent it seeks information and/or the

15  production of documents that Microsoft is under an obligation to third parties not to disclose.

16       Microsoft objects to this Interrogatory to the extent it seeks information protected from

17  disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege,

18  immunity or protection.

19       Microsoft objects that this Interrogatory is compound and contains multiple subparts that

20  should count towards the total number of interrogatories allowed under the Federal Rules of Civil

21  Procedure.

22       Microsoft objects to this Interrogatory on the ground that the phrase "how and when

23  Microsoft became aware of" renders the request vague, ambiguous, overly broad, oppressive,

24  unduly burdensome, seeks information that is not relevant to any claim or defense and is not

25  reasonable calculated to lead to the discovery of admissible evidence.

26       Microsoft objects to this Interrogatory on the ground that the request that Microsoft

27  "[i]dentify all factual and legal bases for Microsoft's contention that it does not willfully infringe

28  and has not willfully infringed such claim" is premature and is overly broad, oppressive, and unduly

Case No. 02-CV-2060 B (CAB)

127

EXHIBIT 45 PAGE 516

1   burdensome at this early stage of litigation.  Microsoft further objects to this Interrogatory on the

2   ground that the request that Microsoft "[i]dentify all factual and legal bases that it does not willfully

3   infringe and has not willfully infringed such claim" seeks legal conclusions or presents questions of

4   pure law.

5          Microsoft objects to this Interrogatory on the ground that the request that Microsoft identify

6   the persons knowledgeable with respect to its willfulness contentions and "identification and

7   description of how and when Microsoft first became aware of each such Asserted Claim of each

8   Patent-In-Suit" likewise is premature and is overly broad, oppressive, and unduly burdensome at

9   this early stage of litigation.

10         Microsoft objects to this Interrogatory to the extent it requests Microsoft to provide

11  information that has been provided in response to another interrogatory propounded by Lucent.

12         Microsoft objects to this Interrogatory to the extent it requests Microsoft to provide

13  information regarding the Netravali and Torok patents, since these patents have not been asserted

14  against Microsoft by Lucent.

15         Microsoft objects to this Interrogatory to the extent that it unduly shifts the burden of proof

16  on the issue of willful infringement to the Defendants.  Lucent is the party with the burden of proof

17  on the issue of willful infringement.  Even though this is the case, Lucent refuses, in response to

18  Microsoft's interrogatory on the topic of willfulness, to specifically identify its willful claim against

19  each of the patents-in-suit.  If Lucent eventually provides its willful infringement contentions in this

20  case, Microsoft reserves its rights to further supplement this response.  In the interim, Microsoft

21  responds that upon learning of Lucent's contentions that Microsoft allegedly infringed the patents-

22  in-suit, on or about the dates identified in Lucent's December 2005 letter, Microsoft acted in good

23  faith, by at least retaining outside counsel to defend against Lucent's suits and claims.  As evidenced

24  by the pleadings and discovery in this case, the patents-in-suit are not infringed, invalid, and

25  unenforceable.

26         Subject to and without waiving the foregoing General Objections and Specific Objections

27  and to the extent Microsoft understands this Interrogatory, Microsoft responds that Lucent, through

28  its agent ThinkFire, informed Microsoft on January 13, 2003 that ThinkFire believes the Jayant,

Case No. 02-CV-2060 B (CAB)

Haskell, Day, Ackerman, Aguilnick, Puri, Hall and Brandenburg patents are "utilized by Microsoft Products." Microsoft further responds that Microsoft had awareness of the Atal, Ketchum and the Johnston patents on or around April 8, 2003.

Microsoft's discovery in this case has just begun, and Microsoft's investigation is ongoing. Microsoft therefore reserves the right to supplement or amend this response as discovery in this matter progresses, should future investigation indicate that supplementation is necessary.

INTERROGATORY NO. 22:

Identify all versions of Microsoft operating systems and Bundled Products made, used, sold, offered for sale, imported, licenses, distributed, or otherwise disposed of by or for Microsoft since June 6, 1996 and the Accused Application Programs contained in each of those operating systems and Bundled Products.

RESPONSE TO INTERROGATORY NO. 22:

Microsoft hereby incorporates by reference each and every one of its General Objections and further objects on the specific grounds set forth below.

Microsoft objects to this Interrogatory to the extent it seeks confidential, trade secret, or proprietary business, technical, marketing, or financial information, or any other confidential information prior to the entry of an appropriate protective order. Microsoft will disclose confidential information subject to the protective orders entered in the consolidated actions.

Microsoft objects to this Interrogatory to the extent it seeks information and/or the production of documents that Microsoft is under an obligation to third parties not to disclose.

Microsoft objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, or protection.

Microsoft objects that this Interrogatory is compound and contains multiple subparts that should count towards the total number of interrogatories allowed under the Federal Rules of Civil Procedure.

Case No. 02-CV-2060 B (CAB)