1 | John E. Gartman (SBN 152300)
Juanita R. Brooks (SBN 75934)
2 | Roger A. Denning (SBN 228998)
Christopher S. Marchese (SBN 170239)
3 | Fish & Richardson P.C.
12390 El Camino Real
4 | San Diego, California  92130
Telephone:    (858) 678-5070
5 | Facsimile:     (858) 678-5099

6 | Stephen P. McGrath (SBN 202696)
Microsoft Corporation
7 | One Microsoft Way
Redmond, WA  98052
8 | Telephone:    (425) 882-8080
Facsimile:     (425) 936-7329

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000 H (CAB) consisting of matters severed from consolidated cases: |
| Plaintiff and Counterclaim-defendant, | 02-CV-2060 B (CAB) |
| | 03-CV-0699 B (CAB) |
| v. | 03-CV-1108 B (CAB) |
| GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MICROSOFT'S MOTION PURSUANT TO CIVIL LOCAL RULE 79-2 FOR LEAVE TO FILE UNDER SEAL** |
| Defendants and Counter-claimants, | |
| and | |
| MICROSOFT CORPORATION, | |
| Intervenor and Counter-claimant, | |
| MICROSOFT CORPORATION, | **Dated:**       February 11, 2008 |
| | **Time:**        10:30 a.m. |
| Plaintiff and Counter-defendant, | **Courtroom:** 13 |
| | **Judge:**       Hon. Marilyn L. Huff |
| v. | |
| LUCENT TECHNOLOGIES INC., | |
| Defendant and Counter-claimant, | |

| | |
|---|---|
| 1 | LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | DELL, INC., |
| 6 | Defendant. |

Case No. 07-CV-2000 H (CAB)

## I. INTRODUCTION

Microsoft submits this memorandum of points and authorities in support of its Motion to File Under Seal Pursuant to Civil Local Rule 79-2:  (1) Microsoft's Motion in Limine No. 5 to Preclude Lucent and Multimedia Patent Trust from Introducing Content from Professor Girod's Belated and Conclusory Expert Report; (2) Microsoft's Motion in Limine No. 6 to Preclude Lucent and MPT from Discussing Third-Party Software of Intervideo and CyberLink; (3) Exhibits 2, 4, 9, 11, 13, 14, 15, 18, 21, 22, 24, 25, 27, 28, 33, 35, 36, 37, 38, 40, 41, 42, 43, and 44 ("listed exhibits") to the Declaration of John Gartman in Support of Microsoft's Motions in Limine Nos. 1 Through 8 ("Gartman Dec.").

As set forth below, good cause exists for filing these documents under seal.  Microsoft's Motions in Limine Nos. 5 and 6 refer to and discuss several exhibits – including depositions, expert reports, and other documents and discovery responses – which have all been designated "Confidential" by the parties under the Protective Order entered in this matter.  By designating these materials as "Confidential," the parties have represented that they reasonably and in good faith believe that this information should be protected from public disclosure.  Moreover, because the listed exhibits are designated "Confidential" under the Protective Order, Microsoft is obligated to seek leave of Court to file them under seal.  Microsoft's Motions are based, in significant part, on information contained in these exhibits.  Thus, it is essential to Microsoft's Motions that this information be considered by the Court.  Accordingly, Microsoft respectfully requests that the Court grant its Motion to Seal its Motions in Limine Nos. 5 and 6, and the listed exhibits to the Gartman Dec.

## II. PROCEDURAL BACKGROUND

On October 16, 2007, the Honorable Rudi M. Brewster issued an order severing certain matters from cases (1) *Lucent Technologies, Inc., et al. v. Gateway, et al.*, Case No. 3:02-CV-2060 B (CAB), (2) *Microsoft Corporation v. Lucent Technologies, Inc., et al.*, Case No. 3:03-CV-0699 B (CAB), and (3) *Lucent Technologies, Inc., et al. v. Dell Computer Corp.*, Case No. 3:03-CV-1108 B (CAB), thus creating this case**.**  Prior to the severing order, a Stipulated Protective Order between Lucent and Microsoft in Case No. 02-CV-2060 B (LAB) [Docket No. 137] was filed with the Court

on September 16, 2003. *See* Declaration of John Gartman in Support of Microsoft's Motion to File Under Seal ("Gartman Sealing Dec.") at Ex. A. The parties agreed to prevent public disclosure of materials marked by the producing party as either "Confidential" or "Outside Counsel Only" under the Stipulated Protective Order. *See id.* Accordingly, the parties are obligated to seek leave to file such documents under seal. *Id*. (Ex. A at 17, ¶ 22). By designating materials as "Confidential" or "Outside Counsel Only," the parties impliedly represented that they reasonably and in good faith believe that these documents should be protected from public disclosure. *Id.* (Ex. A at 8-9, ¶ 1(d)).

Microsoft's Motion in Limine No. 5 references the listed exhibits to the Gartman Dec., or information contained in those documents, at the following pages and lines:

**1.    p. 2, lines 12-27; p. 3, lines 1-20: Discusses Exhibits 9 and 11, the expert reports of Berndt Girod, which were designated as "Confidential" by Lucent.**

Microsoft's Motion in Limine No. 6 references the listed exhibits to the Gartman Dec., or information contained in those documents, at the following pages and lines:

**1.    p. 1, lines 23-24; p. 1, lines 25-27; p. 2, line 1; p. 2, lines 20-21; p. 4, note 5: Discusses Exhibit 13, the deposition of Adam Berns, which was designated as "Confidential";**

**2.    p. 1, lines 25-26; p. 4, note 5: Discusses Exhibit 14, the 30(b)(6) deposition of CyberLink, which was designated as "Confidential";**

**3.    p. 1, lines 25-26; p. 4, note 5: Discusses Exhibit 15, the deposition of Gary Sullivan, which was designated as "Confidential";**

**4.    p. 2, lines 5-7; p. 2, lines 8-9; p. 3, lines 13-17; p. 4, note 6: Discusses Exhibits 18 and 22, the expert reports of Wayne Hoeberlein, which were designated as "Confidential" by Lucent;**

**5.    p. 4, note 5: Discusses Exhibits 11 and 21, the expert reports of Berndt Girod, which were designated as "Confidential" by Lucent.**

Furthermore, the listed exhibits to the Gartman Dec. (Exhibits 2, 4, 9, 11, 13, 14, 15, 18, 21, 22, 24, 25, 27, 28, 33, 35, 36, 37, 38, 40, 41, 42, 43, and 44) have all been designated "Confidential" by the parties.

### III. ARGUMENT

"Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Securities Litigation*, 141 F.R.D. 155, 161-162 (N.D. Cal. 1992) (citing cases). The listed exhibits to the Gartman Dec. were designated as "Confidential" by the parties pursuant to the protective order in *Lucent Technologies, Inc., et al. v. Gateway, et al.*, Case No. 3:02-CV-2060 B. Microsoft's Motions in Limine Nos. 5, 6, and 8 refer to information in these "Confidential" materials.

By so designating these materials, the parties represented that they reasonably and in good faith believe that such materials should be protected from public disclosure. As such, good cause exists to seal these materials to protect them from public disclosure. *Synopsys, Unc. v. Magma Design Automation, Inc.*, No. C04-03923 MMC, 2006 WL 997190 (N.D. Cal. 2006) (granting motion to seal based on parties' designation of materials as confidential under a stipulated protective order).

Furthermore, it is essential to Microsoft's Motions in Limine Nos. 5 and 6 that the underlying exhibits referenced in the Gartman Declaration be accepted for filing under seal by the Court, since Microsoft's Motions rely on information contained in these materials.

### IV. CONCLUSION

For the foregoing reasons, Microsoft seeks an Order granting it permission to file under seal the confidential Motions in Limine Nos. 5 and 6 as well as the listed exhibits to the Gartman Declaration.

Dated: January 14, 2008

FISH & RICHARDSON P.C.

By: /s/ John E. Gartman
John E. Gartman (SBN 152300)
gartman@fr.com

Attorneys for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 14, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

 /s/ John E. Gartman
John E. Gartman
gartman@fr.com

Attorney for Intervenor/Counter-claimant
and Plaintiff/Counter-defendant
MICROSOFT CORPORATION

10802422.doc