# EXHIBIT A

# TO DEC. OF JOHN GARTMAN
# RE MOTION TO FILE UNDER SEAL

















```
CSG    9/17/03    7:43
3:02-CV-02060    LUCENT TECHNOLOGIES V. GATEWAY INC
*137*
*PROTO.*
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

03 SEP 16 PM 3: 26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

LUCENT TECHNOLOGIES INC.,

Plaintiff,

v.

GATEWAY, INC., GATEWAY COUNTRY
STORES LLC, GATEWAY COMPANIES, INC.,
GATEWAY MANUFACTURING LLC and
COWABUNGA ENTERPRISES, INC.,

Defendants,

and

MICROSOFT CORPORATION,

Intervener.

MICROSOFT CORPORATION,

Plaintiff,

v.

LUCENT TECHNOLOGIES INC,

Defendant.

LUCENT TECHNOLOGIES INC.,

Plaintiff,

v.

DELL INC.,

Defendant.

Case No. 02-CV-2060 B (LAB)
consolidated with
Case No. 03-CV-0699 B (LAB)
Case No. 03-CV-1108 B (LAB)

**STIPULATED PROTECTIVE ORDER
BETWEEN LUCENT, GATEWAY AND
MICROSOFT REGARDING
CONFIDENTIAL INFORMATION IN
CASE NOS. 02-CV-2060 AND
03-CV-0699 B (LAB)**
VIA FAX

ORIGINAL

STIPULATED PROTECTIVE ORDER IN
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)

Case No. 02cv2060 B (LAB)

1    WHEREAS, the parties in the above-captioned actions believe that discovery may involve

2    the disclosure of confidential, trade secret, proprietary, technical, scientific, business, or financial

3    information of a party or of a non-party;

4    WHEREAS, the parties desire to establish a mechanism to protect the disclosure of such

5    information in these actions;

6    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY**

7    **ORDERED THAT**:

8    1.    For purposes of this Protective Order, the following definitions shall apply:

9    (a)    The term "DOCUMENT" shall have the full meaning ascribed to it by the Federal

10   Rules of Civil Procedure and shall include without limitation any records, exhibits, reports, samples,

11   transcripts, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings,

12   company records and reports, answers to Interrogatories, responses to requests for admissions, or

13   motions, including copies or computer-stored versions of any of the foregoing.

14   (b)    The term "DISCLOSING PARTY" is defined herein as any party or non-party who

15   is requested to produce or produces documents or testimony containing confidential information.

16   (c)    The term "CONFIDENTIAL INFORMATION" is defined herein as information

17   which has not been made public, the disclosure of which the disclosing party contends could cause

18   harm to the business operations of the disclosing party or provide improper advantage to others,

19   including but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act. For

20   the avoidance of doubt, the term "trade secrets," as used in this paragraph, does not include "source

21   code," which is covered by Paragraphs 1(d), 2(a) and 2(b).

22   (d)    The term "OUTSIDE COUNSEL ONLY INFORMATION" is defined herein as

23   CONFIDENTIAL INFORMATION that is commercial, financial or marketing in nature and that

24   the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to

25   an employee of a receiving party would reveal business or financial information or advantages of

26   the disclosing party.  It includes information that the designating party reasonably and in good faith

27   believes has significant competitive value and that relates to (1) current business/strategic plans, (2)

28   sales, cost and price information including future sales/financial projections, (3) non-public

STIPULATED PROTECTIVE ORDER IN
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)            2                     Case No. 02cv2060 B (LAB)

1   marketing information including future marketing plans, (4) detailed sales and financial data,

2   (5) customer lists, (6) other information of competitive, financial, or commercial significance

3   comparable to the items listed in this paragraph, or (7) non-public computer source code, including

4   any proprietary software source code or firmware source code. The disclosure of documents and

5   information covered by item (7) of this paragraph shall be controlled by Paragraphs 2(a) and 2(b)

6   concerning source code. For the avoidance of doubt, item (6) of this paragraph includes documents

7   related to licensing, licensing policies, and licensing negotiations.

8        (e)    "Outside Service Organization" is defined herein as an individual or organization

9   that provides photocopying, document processing, translation or graphics services to counsel as part

10   of discovery or preparation and trial of these actions.

11        (f)    "Support Staff" is defined herein as permanent employees of counsel for the parties,

12   including paralegals, clerical personnel and secretarial personnel.

13        (g)    "Mock Jurors and Jury Consultants" are defined as mock jurors or jury consultants

14   retained by a party in preparation for trial for this litigation. For any jury research, an appropriate

15   screening must be used to ensure that the jury consultant(s) and mock jurors chosen for any mock

16   jury are not current or former officers, directors, employees or consultants of any party or direct

17   competitors of any party. Each mock juror or jury consultants must agree to be bound by the terms

18   of this protective order and must execute the agreement in Exhibit A. The party retaining the mock

19   jurors or jury consultants shall retain the executed agreements.

20        2.    If, in the course of this litigation, a party undertakes or is caused to disclose what the

21   disclosing party contends is CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL

22   ONLY INFORMATION, the procedures set forth herein shall be employed and the disclosure

23   thereof shall be subject to this Protective Order. CONFIDENTIAL INFORMATION shall be used

24   solely in the preparation, prosecution or trial of Case No. 02-CV-2060 B (LAB), Case No. 03-CV-

25   0699 B (LAB) and/or Case No. 03-CV-1108 B (LAB).

26        (a)    Production of OUTSIDE COUNSEL ONLY INFORMATION comprising computer

27   source code, related either to software or firmware, is subject to the following provisions:

28

EXHIBIT A Page 4

1          (i)    The receiving party shall identify to the disclosing party which features of the

2     disclosing party's accused software, or firmware, infringe specific claims of the receiving party's

3     patents.

4          (ii)    If the receiving party has fulfilled the requirements of subsection (i) of this

5     paragraph, the disclosing party shall provide to the receiving party the source code for the

6     module(s) or portion(s) corresponding to the features that the receiving party alleges infringe its

7     patent claims.

8         (b)    For the avoidance of doubt, "source code" includes, but is not limited to, source files,

9     make files, intermediate output files, header files, resource files, library files, module definition

10    files, map files, object files, linker files, browse information files, and debug files.

11        3.    By entering this Order and limiting the disclosure of information in this case, the

12    Court does not intend to preclude another court from finding that any information may be relevant

13    and subject to disclosure in another case. Any person or party subject to this Order that may be

14    subject to a motion to disclose another party's information designated under one of the categories of

15    confidentiality pursuant to this Order, shall promptly notify that party of the motion so that it may

16    have an opportunity to appear and be heard on whether that information should be disclosed.

17        4.    Any document which contains CONFIDENTIAL INFORMATION should be so

18    designated by the disclosing party prior to or at the time of disclosure by placing the notation

19    "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" on every page of each document so

20    designated. In the case of CONFIDENTIAL INFORMATION disclosed in a non-paper medium,

21    (*e.g.*, videotape, audiotape, computer disks, etc.), the notation "CONFIDENTIAL" or "OUTSIDE

22    COUNSEL ONLY" should be placed on the medium, if possible, and its container, if any, so as to

23    clearly give notice of the designation. Such designation is deemed to apply to the document itself

24    and to the CONFIDENTIAL INFORMATION contained therein. If any items produced in a non-

25    paper medium are printed out by the receiving party, the receiving party must mark each page of the

26    printed version with the confidentiality designation.

27        5.    The inadvertent failure to designate CONFIDENTIAL INFORMATION as

28    "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" prior to or at the time of disclosure shall

1   not operate as a waiver of a disclosing party's right to designate said information as

2   "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."  In the event that CONFIDENTIAL

3   INFORMATION is designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" after

4   disclosure, a receiving party shall employ reasonable efforts to ensure that all such information is

5   subsequently treated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" pursuant to the

6   terms of this Protective Order.  Disclosure of such CONFIDENTIAL INFORMATION to persons

7   not authorized to receive that information prior to receipt of the confidentiality designation shall not

8   be deemed a violation of this Protective Order.  However, in the event the document has been

9   distributed in a manner inconsistent with the designation, a receiving party will take the steps

10  necessary to conform distribution to the designation: i.e., returning all copies of the

11  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" document, or notes or extracts thereof, to

12  the persons authorized to possess such documents.  In the event distribution has occurred to a

13  person not under the control of a receiving party, a request for return of the document, and for an

14  undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly

15  agreed to in writing, or in the event there is no response, or in the event that the party deems the

16  making of the request to be a useless act, the party shall promptly notify the disclosing party of the

17  distribution and all pertinent facts concerning it, including the identity of the person or entity not

18  under the control of the receiving party.

19          6.      Access to CONFIDENTIAL INFORMATION, not including OUTSIDE COUNSEL

20  ONLY INFORMATION, shall be limited to the following individuals:  (a) counsel of record in

21  these actions (including counsel's Support Staff and Outside Service Organizations); (b) court

22  reporters and videographers taking testimony and their support personnel; (c) the Court and any

23  authorized Court Personnel; (d) Mock Jurors and Jury Consultants; (e) independent consultants and

24  experts retained by counsel for assistance with respect to this litigation who are designated by each

25  party respectively pursuant to paragraph 10 below, including such consultant's or expert's necessary

26  clerical and support staff; and (f) no more than five (5) officers or employees (including in-house

27  counsel) designated by each party respectively pursuant to paragraph 16 below.

28

STIPULATED PROTECTIVE ORDER IN                          5                          Case No. 02cv2060 B (LAB)
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)

7.     In no event shall CONFIDENTIAL INFORMATION be stored at any business premises of the receiving party unless such information is stored in a secured area and accessible only to persons eligible to review such information.

8.     Access to OUTSIDE COUNSEL ONLY INFORMATION, other than papers or pleadings filed with the Court (but excluding exhibits attached to such papers and pleadings), shall be limited to the following individuals:  (a) counsel of record in these actions (including counsel's Support Staff and Outside Service Organizations, but not in-house counsel) (b) court reporters and videographers taking testimony and their support personnel; (c) the Court and any authorized Court Personnel; (d) Mock Jurors and Jury Consultants; and (e) independent consultants and experts retained by counsel for assistance with respect to this litigation who are designated by each party respectively pursuant to paragraph 10 below, including such consultant's or expert's necessary clerical and support staff.

9.     Papers or pleadings, including briefs and declarations or affidavits, but excluding exhibits to such papers, filed with the Court, and drafts thereof, which contain or refer to OUTSIDE COUNSEL ONLY INFORMATION shall be treated as if designated CONFIDENTIAL INFORMATION, in order to permit litigation counsel to adequately communicate with their respective clients and keep their clients informed as to the status and progress of the litigation. OUTSIDE COUNSEL ONLY INFORMATION shall not be stored at any business premises of any party.

10.     Prior to disclosing any CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, to outside experts or consultants, the party seeking to disclose such information shall provide the other party with:  (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; and (iv) an identification of any work performed for or on behalf of the other party by that person within the six (6) year period before the filing of the earlier of the above-captioned actions.  This information shall be sent by facsimile.  Within five (5) business days of receipt of this information, the other party may object to the proposed outside expert or consultant on a reasonable basis.

1     (a)    If objection to disclosure is made within the time required, the plaintiff and

2  defendant shall meet and confer within five (5) business days; and, if not resolved, the party

3  disclosing the information shall move for a protective order precluding the disclosure of the

4  information to the designated expert or consultant within five (5) business days after the meet and

5  confer;

6     (b)    Where objection is made, no such information shall be disclosed to the consultant or

7  expert until the day after the last day to file a motion for a protective order (where no protective

8  order is sought), or upon entry of the Court's order denying the producing party's motion for

9  protection.

10     (c)    Failure to object to a proposed outside expert or consultant shall not preclude the

11  nonobjecting party from later objecting to continued access by that outside expert or consultant

12  where facts suggesting a basis for objection could not have been discovered by the objecting party

13  or its counsel, exercising due diligence, within the period for making a timely objection.  If a later

14  objection is made, no further CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL

15  ONLY INFORMATION, shall be disclosed to the outside expert or consultant until the matter is

16  resolved by the court or the producing party withdraws its objection.  If an objection is made, the

17  plaintiff and defendant shall meet and confer within five (5) business days; and, if not resolved, the

18  party disclosing the information shall move for a protective order precluding the disclosure of the

19  information to the designated expert or consultant within five (5) business days after the meet and

20  confer.

21     11.    CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY

22  INFORMATION, or the substance or context thereof, including any notes, memoranda or other

23  similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally,

24  to anyone other than persons permitted to have access to such information under this Order.

25  Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel for the

26  receiving party from providing to the client informed and meaningful advice solely with respect to

27  these actions or to prevent counsel from aggregating such information or summarizing such

28  information for the client so long as it will not reveal or disclose competitively useful information,

1  such as trade secrets, source code, research and development projects, marketing plans and

2  strategies, testing information and customer-specific information.

3       12.    Nothing herein is intended to prevent showing a document designated as

4  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" to a person who the document indicates is

5  an author or authorized recipient of the document. No copies of such documents shall be given to

6  such individuals for them to retain. During deposition or trial testimony, counsel may disclose

7  documents produced by a party to current employees and officers of the disclosing party.

8       13.    A disclosing party will use reasonable care to avoid designating any document or

9  information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" which is not entitled to such

10  designation or which is generally available to the public.

11       14.    Any receiving party disagreeing with the designation of any document or

12  information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall notify the disclosing

13  party in writing. The disclosing party shall then have a reasonable period, not exceeding fourteen

14  (14) days, from the date of receipt of such notice to: (1) advise the receiving party whether or not

15  the disclosing party persists in such designation; and (2) if the disclosing party persists in the

16  designation, to explain the reasons for the particular designation. The receiving party may then,

17  after advising the disclosing party, move the Court for an order removing the particular designation

18  and replacing it with a different designation or no designation. The party asserting that the

19  document or information is "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall have the

20  burden of proving that the designation is proper. Information designated "CONFIDENTIAL" or

21  "OUTSIDE COUNSEL ONLY" by a disclosing party shall be treated as such by a receiving party

22  unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate

23  court, should appellate review be sought.

24       15.    The failure of a receiving party to expressly challenge a claim of confidentiality or

25  the designation of any document or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL

26  ONLY" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent

27  time that the same is not in fact confidential or not an appropriate designation for any reason.

28

STIPULATED PROTECTIVE ORDER IN
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)       8       Case No. 02cv2060 B (LAB)

16.     Each party may designate up to five (5) employees (including in-house counsel) not involved in product design or patent prosecution, and who have no current plans or intentions to become involved in product design or patent prosecution, who shall be allowed to examine documents produced by the opposing party that have been designated "CONFIDENTIAL." Notice of the names, titles and job responsibilities at present and for the last three (3) years of those employees shall be served upon the other parties after entry of this Order. Service shall be made by facsimile. No CONFIDENTIAL INFORMATION shall be disclosed to those employees unless, after five (5) business days from date of receipt of the notice of the employee's name, title and job responsibilities, the disclosing party has not objected to disclosure of the information to the designated employee. Objections must be reasonable.

(a)     If objection to disclosure is made within the time required, the parties shall meet and confer within five (5) business days; and, if not resolved, the objecting party shall move for a protective order precluding the disclosure of the information to the designated employee within five (5) business days after the meet and confer.

(b)     Where objection is made, no such information shall be disclosed to the employee until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the Court's order denying movant's motion for a protective order (where a protective order is sought).

17.     If an attorney for any receiving party desires to give, show, make available or communicate (a) any document or information designated "CONFIDENTIAL" to a person not authorized by paragraph 6 to receive such documents or (b) any document or information designated "OUTSIDE COUNSEL ONLY" to a person not authorized by paragraph 8 to receive such documents, the attorney must first disclose that person's name, a statement of that person's responsibilities that require access to such information, a specific identification of the information to which access is required by document identification number or other specific reference, and a brief statement as to why such access is necessary. Service shall be made by facsimile. The producing party shall have five (5) days after receiving the above-described information to object in writing to such disclosure. Pending resolution of any informal or formal petition for disclosure, no

1    disclosure shall be made to such person. If the disclosing party who so designated the document

2    refuses to give its consent, the disclosing and receiving parties shall confer to attempt to resolve the

3    reasons for withholding consent. If an agreement cannot be reached, the receiving party desiring

4    disclosure of the confidential document or information may petition the Court for an order granting

5    disclosure.

6         18.    Each person to whom documents or information designated as "CONFIDENTIAL"

7    or "OUTSIDE COUNSEL ONLY" is made available under the terms of this Protective Order (other

8    than counsel for the parties, counsel's Support Staff, Outside Service Organizations, the Court and

9    authorized Court Personnel, court reporters and videographers taking testimony and their support

10   staff), must sign an agreement in the form attached hereto as Exhibit A. Except for Mock Jurors

11   and Jury Consultants, a copy of each executed agreement shall be delivered to opposing counsel at

12   least five (5) days prior to any disclosure of such information.

13        19.    If during the course of any deposition, and not later than fourteen (14) days after the

14   receipt of a written transcript of such deposition, counsel for any disclosing party asserts (either on

15   the record at the deposition or in writing after the deposition) that the deposition transcript, or any

16   specific inquiry, or an answer to a specific inquiry is subject to the designation "CONFIDENTIAL"

17   or "OUTSIDE COUNSEL ONLY" that transcript, inquiry, or answer shall be treated as provided by

18   this Protective Order for documents designated "CONFIDENTIAL" or "OUTSIDE COUNSEL

19   ONLY."

20        20.    Counsel for any disclosing party shall have the right to exclude from oral

21   depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any),

22   any person who is not authorized by this Protective Order to receive documents or information

23   designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY." Such right of exclusion shall

24   be applicable only during periods of examination or testimony directed to or comprising

25   "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" information.

26        21.    Any court reporter or videographer who records testimony in these actions at a

27   deposition shall be provided with a copy of this Protective Order by the party noticing the

28   deposition. That party shall advise the court reporter or videographer, before any testimony is

STIPULATED PROTECTIVE ORDER IN
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)                10                    Case No. 02cv2060 B (LAB)

1    taken, that all documents, information, or testimony designated "CONFIDENTIAL" or "OUTSIDE

2    COUNSEL ONLY" is and shall remain confidential and shall not be disclosed except as provided in

3    this Protective Order.  The noticing party shall further advise the court reporter and videographer

4    that copies of all transcripts, reporting notes and all other records of any such testimony must be

5    treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal

6    with the Court.

7        22.    Nothing shall be filed under seal with the Court, and the Court shall not be required

8    to take any action, without separate prior order by the magistrate judge, after application by the

9    affected party with appropriate notice to opposing counsel.  In the event that CONFIDENTIAL

10    INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, is included with, or

11    the contents thereof are in any way disclosed in, any pleading, motion, deposition, transcript or

12    other paper a party files with the Clerk of this Court, the party may make an advance or

13    simultaneous application to the magistrate judge to have such paper filed under seal.

14        (a)    To the extent that the CONFIDENTIAL INFORMATION in the pleading, motion,

15    deposition, transcript, or other paper was produced subject to this Protective Order by a disclosing

16    party other than the party filing such paper, and the party desires to file the paper under seal solely

17    to comply with its obligations under this Protective Order, the application shall state that the

18    information was produced subject to this Protective Order, and that the party is filing the application

19    to maintain the information in confidence pursuant to this Protective Order.  The party filing the

20    paper containing the CONFIDENTIAL INFORMATION and the application shall promptly serve

21    the application on the disclosing party.  The disclosing party shall have five (5) calendar days to file

22    with the Court a supplemental application to maintain the paper containing its CONFIDENTIAL

23    INFORMATION under seal.

24        (b)    Pending the magistrate judge's ruling on the application to file a paper under seal,

25    the paper containing the CONFIDENTIAL INFORMATION shall be lodged with the Court in

26    sealed envelopes or containers marked with the caption of the case, a general description of the

27    contents of the envelope or container and a legend substantially in the following form:

28

STIPULATED PROTECTIVE ORDER IN
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)                11                          Case No. 02cv2060 B (LAB)

1
    **"CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO**
    **A COURT ORDER – TO BE OPENED ONLY BY OR AS**
2
    **DIRECTED BY THE COURT."**

3   Upon an order of the magistrate judge permitting the paper to be filed under seal, the document

4   shall be filed and kept under seal by the Clerk of the Court until further order of this Court. If the

5   application to seal is denied, the lodged information will be returned to the party submitting the

6   application to seal.

7       (c)    The party filing the paper containing the CONFIDENTIAL INFORMATION may

8   simultaneously (or soon thereafter) file a public version of the paper with the CONFIDENTIAL

9   INFORMATION, including any OUTSIDE COUNSEL ONLY INFORMATION, redacted, and the

10   complete unredacted documents as well as the redacted documents shall be furnished to the outside

11   counsel for the parties.

12       23.    Nothing herein shall restrict a qualified recipient from making working copies,

13   abstracts, digests and analyses of such information for use in connection with this litigation, and

14   such working copies, abstracts, digests and analyses shall be deemed to have the same level of

15   protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient

16   from converting or translating such information into machine-readable form for incorporation in a

17   data retrieval system used in connection with this litigation, provided that access to such

18   information, whatever form stored or reproduced, shall be limited to qualified recipients.

19       24.    Documents or information designated "CONFIDENTIAL" or "OUTSIDE

20   COUNSEL ONLY" shall be maintained in the custody of counsel for the parties except that: (a)

21   any court reporter who transcribes testimony given in these actions may maintain any such

22   designated documents for the purpose of rendering his or her normal transcribing services; and (b)

23   partial or complete copies of these documents may be retained by persons entitled to access of such

24   documents under the terms of this Order to the extent necessary for their study, analysis and

25   preparation of the case. A person with custody of documents designated "CONFIDENTIAL" or

26   "OUTSIDE COUNSEL ONLY" shall maintain them in a manner that limits access to those persons

27   entitled under this Order to examine the documents so designated.

28

STIPULATED PROTECTIVE ORDER IN
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)
           12                 Case No. 02cv2060 B (LAB)

25.     Should any document or information designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Order; and shall (a) promptly inform such person of all the provisions of this Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; and (c) identify such person immediately to the disclosing party that designated the document as confidential.  The executed agreement shall promptly be served upon the party that designated the document as confidential.

26.     Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, all items being inspected shall be deemed OUTSIDE COUNSEL ONLY INFORMATION until the party allowing access to them indicates otherwise in writing or delivers copies of them to the party seeking discovery with no "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" designation.  If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL ONLY INFORMATION, that party shall advise in advance the party seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL ONLY INFORMATION.

27.     The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

28.     The terms of this Order shall in no way affect a disclosing party's right to (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."

1     Where a receiving party designates a document "CONFIDENTIAL" or "OUTSIDE COUNSEL

2     ONLY" solely because it contains the confidential information of a disclosing party (for example, in

3     a pleading or brief), nothing limits the disclosing party from showing the designated document to

4     anyone; such documents will be designated to identify the party whose confidential information is

5     contained therein in addition to the confidentiality designation, for example, "CONFIDENTIAL –

6     CONTAINS LUCENT DESIGNATED INFORMATION."

7           29.     The restrictions and obligations set forth herein relating to information designated

8     "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall not apply to any information which:

9     (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the

10    Court rules, has become public knowledge other than as a result of disclosure by a receiving party,

11    its employees or agents in violation of this Protective Order; or (c) has come into a receiving party's

12    legitimate possession independently of the producing party. Such restrictions and obligations shall

13    not be deemed to prohibit discussions with any person of any information designated

14    "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" if that person already has or obtains

15    legitimate possession thereof. Legitimate possession does not include obtaining confidential

16    information from a person disclosing such information in violation of a non-disclosure or other

17    confidentiality agreement.

18          30.     Unless counsel agrees otherwise in writing, within sixty (60) days of the final

19    disposition of these actions including any appeals, the attorneys for the parties shall return promptly

20    to the disclosing party or witness from whom they were obtained, all documents, other than attorney

21    work-product, which have been designated "CONFIDENTIAL" or "OUTSIDE COUNSEL

22    ONLY," or destroy same; and return or destroy all copies made thereof, including all documents, or

23    copies provided by a receiving party to any other person. Notwithstanding the foregoing, counsel

24    for the parties shall be permitted to retain a file copy of materials created during the course of the

25    litigation, or made part of the record, or which have been filed under seal with the Clerk of the

26    Court and a copy of all depositions, including exhibits, and deposition evaluations. Such file copies

27    must be maintained under the conditions of "OUTSIDE COUNSEL ONLY" documents as set out

28    in paragraph 8. At the conclusion of this 60-day period, an in-house counsel designated under

1 paragraph 16 shall represent in writing under penalty of perjury that to his or her knowledge and

2 belief the company has either returned or destroyed all confidential information in accordance with

3 this order.

4     31.    In the event any person or receiving party having possession, custody or control of

5 any document or information produced in these actions and designated "CONFIDENTIAL" or

6 "OUTSIDE COUNSEL ONLY" by a disclosing party receives a subpoena or other process or order

7 to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of

8 record of the disclosing party claiming such confidential treatment of the document sought by such

9 subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or

10 other process or order, and shall cooperate with respect to any procedure sought to be pursued by

11 the party whose interest may be affected.  The disclosing party asserting the confidential treatment

12 shall have the burden of defending against such subpoena, process or order.  The person or party

13 receiving the subpoena or other process or order shall be entitled to comply with it except to the

14 extent the disclosing party asserting the confidential treatment is successful in obtaining an order

15 modifying or quashing it.

16     32.    This Court retains jurisdiction even after termination of these actions to enforce this

17 Order and to make such amendments, modifications, deletions and additions to this Protective Order

18 as the Court may from time to time deem appropriate.  The disclosing parties reserve all rights to

19 apply to the Court at any time, before or after termination of these actions, for an order:  (i)

20 modifying this Protective Order, (ii) seeking further protection against discovery or use of

21 CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, or

22 other documents or information, or (iii) seeking further production, discovery, disclosure, or use of

23 claimed CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY

24 INFORMATION, or other documents or information.

25     33.    If a disclosing party inadvertently discloses information that is privileged or

26 otherwise immune from discovery, the disclosing party shall promptly upon discovery of the

27 disclosure so advise the receiving party in writing and request that the item or items of information

28 be returned, and if that request is made, no party to these actions shall thereafter assert that the

1    disclosure waived any privilege or immunity.  It is further agreed that the receiving party will return

2    or destroy the inadvertently produced item or items of information, and all copies and derivations,

3    within five (5) business days of the earliest of (a) discovery by the receiving party of the inadvertent

4    production, or (b) the receiving party receiving a written request for the return of the information.

5    The party having returned the inadvertently produced item or items of information may thereafter

6    seek production of the information in accordance with the Federal Rules of Civil Procedure.

7    However, the inadvertent production of privileged or otherwise protected materials cannot be a

8    basis for seeking production.

9         34.    If the discovery process calls for the production of information that a party does not

10   wish to produce because the party believes its disclosure would breach an express or implied

11   agreement with a non-party to maintain such information in confidence, the disclosing party shall

12   give written notice to the non-party that its information is subject to discovery in this litigation, and

13   shall provide the non-party with a copy of this Protective Order.  Written notice shall be made by

14   facsimile.  When such written notice is given to the non-party, the disclosing party will advise the

15   potential receiving party that such notice has been given.  The non-party shall have fourteen (14)

16   calendar days from receipt of the written notice in which to object to the disclosure in writing, if the

17   non-party so desires.  If the fourteen (14) calendar days elapse without the third party objecting to

18   the disclosure, the requested information shall be produced in accordance with the terms of this

19   Protective Order.  If the non-party objects, no disclosure shall be made unless the non-party

20   subsequently authorizes disclosure in writing or by court order.  The requesting party may move the

21   Court for an order to compel the non-party to produce or allow production of the information.

22        35.    It is understood that no person or party shall incur liability with respect to any

23   disclosure by the receiving party of CONFIDENTIAL INFORMATION, including OUTSIDE

24   COUNSEL ONLY INFORMATION, that was inadvertently disclosed without proper designation

25   by the disclosing party, provided the disclosure by the receiving party occurred prior to the receipt

26   by the receiving party of a notice of the inadvertent disclosure without proper designation.

27

28

1    36.    For good cause shown or in recognition of public policy considerations, the Court

2  may modify or vacate this Order and/or any order that the filing of an item with the Court be or

3  remain under seal.

4    37.    This Order and any orders entered by the Court permitting materials to be filed and

5  maintained under seal shall survive the termination of this case.  The Court's jurisdiction over this

6  Order and any orders permitting materials to be filed and maintained under seal shall survive the

7  termination of the case.

8  //

9  //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

STIPULATED PROTECTIVE ORDER IN                          17                          Case No. 02cv2060 B (LAB)
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)

**IT IS SO STIPULATED:**

Dated: 9/9/03      By: _Alison Adema_

Jane Hahn, Esq. (SBN 125203)
Alison P. Adema, Esq. (SBN 149285)
HAHN & ADEMA
Suite 1730
501 West Broadway
San Diego, California 92101
Telephone: 619-235-2100
Facsimile: 619-235-2101

Attorneys for *Lucent Technologies Inc.*

Dated:_____      By: _____

David J. Zubkoff, Esq. (SBN 149488)
SELTZER CAPLAN McMAHON VITEK
750 "B" Street, Suite 2100
San Diego, CA 92101
Telephone: (619) 685-3003
Facsimile: (619) 685-3100

Attorneys for *Gateway, Inc., Gateway Country Stores LLC, Gatewqy Companies, Inc., Gateway Manufacturing LLC and Cowabunga Enterprises, Inc.*

Dated:_____      By: _____

John E. Gartman (SBN 152300)
Christopher S. Marchese (SBN 170239).
Gary H. Savitt (SBN 220129)
FISH & RICHARDSON P.C.
4350 La Jolla Village Drive, Suite 500
San Diego, California 92122
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for *Microsoft Corporation*

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 9-15-03

_____
Judge of the District Court

1    IT IS SO STIPULATED:

2

3    Dated:_____         By: _____

4                              Jane Hahn, Esq. (SBN 125203)
                               Alison P. Adema, Esq. (SBN 149285)
5                              HAHN & ADEMA
                               Suite 1730
                               501 West Broadway
6                              San Diego, California 92101
                               Telephone: 619-235-2100
7                              Facsimile: 619-235-2101

8                              Attorneys for *Lucent Technologies Inc.*

9    Dated: 9/9/3         By: _____

10                             David J. Zubkoff, Esq. (SBN 149488)
                               SELTZER CAPLAN McMAHON VITEK
11                             750 "B" Street, Suite 2100
                               San Diego, CA 92101
12                             Telephone: (619) 685-3003
                               Facsimile: (619) 685-3100

13
                               Attorneys for *Gateway, Inc., Gateway Country Stores*
14                             *LLC, Gateway Companies, Inc., Gateway*
                               *Manufacturing LLC and Cowabunga Enterprises, Inc.*
15

16   Dated:_____         By: _____

17                             John E. Gartman (SBN 152300)
                               Christopher S. Marchese (SBN 170239).
18                             Gary H. Savitt (SBN 220129)
                               FISH & RICHARDSON P.C.
                               4350 La Jolla Village Drive, Suite 500
19                             San Diego, California 92122
                               Telephone:  (858) 678-5070
20                             Facsimile:  (858) 678-5099

21                             Attorneys for *Microsoft Corporation*

22

23                             **ORDER**

24       PURSUANT TO STIPULATION, IT IS SO ORDERED.

25   Dated: _____

26                             _____
                               Judge of the District Court
27

28

STIPULATED PROTECTIVE ORDER IN                18              Case No. 02cv2060 B (LAB)
CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)

1   **IT IS SO STIPULATED:**

2

3   Dated: _____      By: _____
                              Jane Hahn, Esq. (SBN 125203)
4                                   Alison P. Adema, Esq. (SBN 149285)
                                  HAHN & ADEMA
5                                   Suite 1730
                                  501 West Broadway
6                                   San Diego, California 92101
                                  Telephone: 619-235-2100
7                                   Facsimile: 619-235-2101

8                                   Attorneys for *Lucent Technologies Inc.*

9

10   Dated: _____      By: _____
                                  David J. Zubkoff, Esq. (SBN 149488)
                                  SELTZER CAPLAN McMAHON VITEK
11                                   750 "B" Street, Suite 2100
                                  San Diego, CA 92101
12                                   Telephone: (619) 685-3003
                                  Facsimile: (619) 685-3100
13

14                                   Attorneys for *Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC and Cowabunga Enterprises, Inc.*

15

16   Dated: 9/11/03    By: _____
17                                   John E. Gartman (SBN 152300)
                                  Christopher S. Marchese (SBN 170239).
18                                   Gary H. Savitt (SBN 220129)
                                  FISH & RICHARDSON P.C.
19                                   4350 La Jolla Village Drive, Suite 500
                                  San Diego, California 92122
20                                   Telephone: (858) 678-5070
                                  Facsimile: (858) 678-5099

21                                   Attorneys for *Microsoft Corporation*

22

23                                   **ORDER**

24       PURSUANT TO STIPULATION, IT IS SO ORDERED.

25   Dated: _____

26

27                                   Judge of the District Court

28

1                **EXHIBIT A**

2

3

4

5

6

7

8         **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   LUCENT TECHNOLOGIES INC., | Case No. 02-CV-2060 B (LAB) |
| 11              Plaintiff, | consolidated with |
| 12       v. | Case No. 03-CV-0699 B (LAB)<br>Case No. 03-CV-1108 B (LAB) |
| 13   GATEWAY, INC., GATEWAY COUNTRY<br> STORES LLC, GATEWAY COMPANIES, INC.,<br> GATEWAY MANUFACTURING LLC and | |
| 14   COWABUNGA ENTERPRISES, INC., | **AGREEMENT CONCERNING**<br>**INFORMATION COVERED**<br>**BY PROTECTIVE ORDER** |
| 15            Defendants, | **ENTERED IN CASE NOS.**<br>**02-CV-2060 AND 03-CV-0699 B (LAB)** |
| 16   and | |
|     MICROSOFT CORPORATION, | |
| 17           Intervener. | |
| 18 | |
| 19   MICROSOFT CORPORATION, | |
|            Plaintiff, | |
| 20       v. | |
| 21   LUCENT TECHNOLOGIES INC, | |
| 22           Defendant. | |
| 23 | |
|     LUCENT TECHNOLOGIES INC., | |
| 24           Plaintiff, | |
| 25       v. | |
| 26   DELL INC., | |
| 27     Defendant. | |
| 28 | |

EXHIBIT A

1          The undersigned hereby acknowledges that he (she) has received and read the

2    Protective Order entered in the United States District Court for the Southern District of California

3    on _____, in connection with the above-captioned actions, and understands its

4    terms and agrees to be bound by each of those terms.  Specifically, and without limitation upon such

5    terms, the undersigned agrees not to use or disclose any confidential information made available to

6    him (her) other than in accordance with said Order.  The undersigned further submits to jurisdiction

7    of this Court for purposes of the Protective Order in these actions.

8

9    Dated: _____

10

11   By: _____

12       (signature line)

13       _____

14       (type or print name of individual)

15   Of: _____

16       (name of employer)

17

18

19

20

21

22

23

24

25

26

27

28

AGREEMENT RE PROTECTIVE ORDER ENTERED                    2                    Case No. 02cv2060 B (LAB)
IN CASE NOS. 02-CV-2060 and 03-CV-0699 B (LAB)