UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., | Civil No.    07cv2000-H (CAB) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER** |
| GATEWAY, INC.; GATEWAY COUNTRY STORES LLC; MICROSOFT CORPORATION; and DELL, INC., | |
| Defendants. | |
| And related counterclaims. | |

On January 16, 2008, plaintiff Lucent Technologies, Inc. ("plaintiff") filed an ex parte application for a protective order. [Doc. No. 281.] On January 17, 2008, defendant Dell Inc. ("Dell") filed an opposition to plaintiff's ex parte application for a protective order. [Doc. No. 283.] The Court finds this matter suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Accordingly, no appearances are required at this time.

On January 11, 2008, Dell served a Notice of Subpoena and Deposition of OCLC Online Computer Library Center, Inc. ("OCLC") setting the third-party deposition for January 18, 2008, at 10 a.m. at the Embassy Suites Hotel in Dublin, Ohio. [Doc. No. 281-2, Ex. A.] Plaintiff requests a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(A) ordering Dell to withdraw the OCLC subpoena. **FOR THE REASONS SET FORTH BELOW, AND GOOD CAUSE APPEARING THEREFOR**, the Court **GRANTS** Plaintiff's application for a protective order, orders Dell to withdraw the OCLC subpoena and orders that the OCLC deposition not go forward.

# I. PROCEDURAL HISTORY

This case originated in 2002 under Case No. 02cv2060-B(CAB) and involved numerous patents. On October 16, 2007, several of the patents were severed from the original case and transferred to this case. [Doc. No. 1.] However, all of the court's orders in 02cv2060 that applied to the severed patents remained in effect. [Doc. No. 1, p. 4. ll. 5-7.] On October 18, 2007, the Court issued a Case Management Order in this case that specified that all prior dates set forth in 02cv2060 remained in effect unless otherwise ordered. [Doc. No. 3, p. 2, ll. 2-3.]

In 02cv2060, fact discovery was closed as of February 24, 2006, except for some limited discovery that was allowed as to discrete issues. [See 02cv2060 Doc. Nos. 388, 390, 495, 525, 1243]. However, all fact discovery was closed by May 1, 2007. [02cv2060 Doc. No. 1243.] On June 6, 2007, this Court issued a Scheduling Order for Groups 1, 4, 5 and 6 Patents. [02cv2060 Doc. No. 1876.] In that order (which applies to this case), the parties were given leave to serve supplemental expert reports on the obviousness defense for Groups 1/6, 4 and 5 patents and to complete expert depositions on the supplemental reports. *Id.* All of this was to be completed by November 30, 2007. *Id.* The parties were then to submit briefs with regard to a motion for summary judgment on the obviousness defense which was to be heard by Judge Huff on January 7, 2008.[1] *Id.*

Since then, in this case (07cv2000), this Court has issued several orders allowing updating and supplementation of expert reports, and corresponding expert depositions. [Doc. Nos. 40, 116, 169.] At no time, however, has fact discovery been reopened.

# II. FACTS

During the period where the parties were allowed to supplement expert reports regarding the obviousness defense, Dell provided expert testimony regarding a prior art document (the "NASA Final Report") that Dell claims invalidates the asserted claims of the Fleming '759 patent. [Doc. No. 283, p. 3.] In an effort to prove the public availability of the NASA Final Report, Dell served the Affidavit of Jean A. Pec, the Head of Collections Management Services at George Washington Gelman Library. *Id.* Attached to the affidavit was a printout from the OCLC database which Dell claims shows that the NASA Final Report was publicly available as of September 30, 1980. *Id.*

---

[1]The hearing was later moved one day, to January 8, 2008.

1    On November 30, 2007, Dell filed a motion for summary judgment of invalidity of the

2    Fleming '759 patent in light of the NASA Final Report. [Doc. No. 69.] On December 14, 2007,

3    Lucent filed an opposition to the motion. [Doc. No. 146.] According to Dell, in plaintiff's opposition

4    to the motion for summary judgment, plaintiff relied on a hearsay email purportedly from OCLC to

5    create a dispute as to whether the George Washington University Library belonged to OCLC in

6    1980. [Doc. No. 283, pp. 3 and 4.]  On January 8, 2008, the Court heard oral argument regarding the

7    pending summary judgment motions, including Dell's motion regarding the NASA Final Report.

8    [Doc. No. 223.] On January 11, Dell served a document and deposition subpoena on OCLC. [Doc.

9    No.281-2, Ex. A. ]

10                                          III. DISCUSSION

11    Under FRCP 16(b)(3), courts may limit the time to complete discovery and set a "cut-off"

12    date.  Unless an extension or relief is granted, discovery not completed by the deadline is not

13    enforceable.  See *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986).  A party may obtain relief

14    from a "cut-off" date only by demonstrating good cause for allowing further discovery.  FRCP 16(b);

15    *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992).

16    Here, the discovery cut-off date has long passed, and at no time did Dell seek relief from the

17    cut-off date to allow it to serve the OCLC deposition subpoena.  Dell's arguments as to why it

18    should be allowed to go forward with the unauthorized deposition are not compelling.  First, Dell

19    argues that Lucent does not have standing to "move to quash" Dell's subpoena served on OCLC and

20    that the only legitimate objection can come from OCLC itself. [Doc. No. 282, p. 3.] Under Rule 26

21    (c)(1)(A), however, any party may seek a protective order in the court where the action is pending

22    requesting an order "that the disclosure or discovery not be had."  Thus, plaintiff does have standing

23    to bring this application, and this court has authority to preclude the deposition from going forward.

24    Next, Dell argues that, because of Lucent's attempt to create an issue of fact (during the

25    motion for summary judgment) by relying on hearsay evidence, Dell should be allowed to "take a

26    simple, short deposition from OCLC, which could speak authoritatively on the record in an

27    admissible way about the substance of the hearsay." [Doc. No. 283, p. 3, 4.] The question of whether

28    a particular piece of evidence was or was not considered by the court for purposes of a summary

judgment motion (or whether such evidence will be admitted at trial) does not authorize a party to unilaterally reopen fact discovery long past the cut-off date and shortly before the trial.  Dell offers no reasons as to why it could not have completed this discovery in a timely manner.

For the reasons set forth above, the Court **GRANTS** plaintiff's application for a protective order, orders Dell to withdraw the OCLC subpoena and orders that the OCLC deposition not go forward.

**IT IS SO ORDERED**.

DATED:  January 17, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

- 4 -

07cv2000