| | |
|---|---|
| 1 | David A. Hahn (SBN 125784) |
| | HAHN & ADEMA |
| 2 | 501 West Broadway, Suite 1600 |
| | San Diego, California 92101-3595 |
| 3 | Telephone: (619) 235-2100 |
| | Facsimile: (619) 235-2101 |
| 4 | |
| | Attorneys for Plaintiff *Lucent Technologies Inc.* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | Case No. 07-CV-2000-H (CAB) |
| Plaintiff, | consisting of matters severed from consolidated cases: |
| v. | Case No. 02-CV-2060 B (CAB) |
| GATEWAY, INC., GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC., | Case No. 03-CV-0699 B (CAB) |
| | Case No. 03-CV-1108 B (CAB) |
| Defendants, and | **LUCENT'S OPPOSITION TO GATEWAY'S MOTION *IN LIMINE* NO. 7** |
| MICROSOFT CORPORATION, | Date: February 11, 2008 |
| Intervener. | Time: 10:30 A.M. |
| | Courtroom: 13 |
| MICROSOFT CORPORATION, | Judge: Hon. Marilyn L. Huff |
| Plaintiff, | |
| v. | |
| LUCENT TECHNOLOGIES INC., | |
| Defendant. | |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST, | |
| Plaintiff, | |
| v. | |
| DELL INC., | |
| Defendant. | |

Quick.

Gateway's motion *in limine* no. 7 seeks to preclude Lucent's technical expert, Jake Richter, from testifying concerning secondary considerations of nonobviousness of the Fleming '759 patent. But Gateway does not deny that Mr. Richter provided an opinion concerning secondary considerations of nonobviousness in his rebuttal expert report by incorporating Lucent's contention interrogatory response. (Gateway Br. at 15.) In Mr. Richter's opinion, the video display industry's acceptance of the Fleming '759 patent via its incorporation into the NAPLPS videotex standard is evidence of the nonobviousness of the claimed invention. (Ex. 137, 05/12/06 Rebuttal Expert Report of Jake Richter, ¶ 149; Ex. 33, Lucent's Second Supplemental Response to Dell's Interrog. No. 14 at 4.) Mr. Richter reiterated his opinion during his deposition, testifying that NAPLPS incorporates the invention of the Fleming '759 patent. (Ex. 71, 06/14/06 Richter Dep. Tr. at 199.)

Gateway misconstrues Mr. Richter's opinion concerning secondary considerations. Mr. Richter's opinion is not based on the commercial success of products embodying the NAPLPS standard or products embodying the Fleming '759 Patent. Rather, it is based on the fact that the Fleming '759 patent was standardized in NAPLPS, which in and of itself is evidence of nonobviousness. *See, e.g., In re Hayes Microcomputer Prods., Inc. Patent Litig.*, 982 F.2d 1527, 1540 (Fed. Cir. 1992) ("In fact, the commercial success of the invention, the failure of others to solve the problem addressed by the patented invention, ***and the fact that the escape code signal '_ + + +_' has become the industry standard is compelling objective evidence of the nonobviousness of the claimed invention***."). The fact that NAPLPS may incorporate other patents does not change the fact that it incorporates the Fleming '759 patent, and the fact of that incorporation is evidence of industry acceptance, and, hence, nonobviousness. *Id.* All of the cases cited by Gateway concerning commercial success are therefore inapposite.

Gateway also argues that it has evidence to rebut Mr. Richter's opinion. But that argument goes to the ***weight*** to be given Mr. Richter's testimony, ***not the admissibility*** of the testimony. Mr. Richter provided an opinion on the issue of secondary considerations. If Gateway believes that Lucent has insufficient evidence of secondary considerations, then it should have moved for summary judgment. A motion *in limine* is not a substitute for a summary-judgment motion. Mr. Richter timely disclosed his opinions on secondary considerations in accordance with Rule 26(a)(2),

1  and he should be permitted to testify as to those opinions at trial.  Gateway's motion *in limine* no. 7
2  should therefore be denied.

3

4  Dated:  January 28, 2007                                      By:  _____s/David A. Hahn_____

5                                                                                    David A. Hahn (SBN 125784)
                                                                                     HAHN & ADEMA
6                                                                                    501 West Broadway, Suite 1600
                                                                                     San Diego, California  92101-3595
7                                                                                    Telephone:  (619) 235-2100
                                                                                     Facsimile:  (619) 235-2101
8
                                                                                     John M. Desmarais (admitted *pro hac vice*)
9                                                                                    Robert A. Appleby (admitted *pro hac vice*)
                                                                                     James E. Marina (admitted *pro hac vice*)
10                                                                                   KIRKLAND & ELLIS LLP
                                                                                     153 East 53rd Street
11                                                                                   New York, New York  10022
                                                                                     Telephone:  (212) 446-4800
12                                                                                   Facsimile:  (212) 446-4900

13                                                                                   Attorneys for *Lucent Technologies Inc.*