1

David A. Hahn (SBN 125784)
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

2

3

4

*Attorney for Lucent Technologies Inc.*
*(Additional counsel listed on the last page)*

5

6

7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

8

9

LUCENT TECHNOLOGIES INC. and
MULTIMEDIA PATENT TRUST,

10

Plaintiffs and Counterclaim-defendants,

11

12

v.

13

GATEWAY, INC. AND GATEWAY
COUNTRY STORES LLC, GATEWAY
COMPANIES, INC., GATEWAY
MANUFACTURING LLC and COWABUNGA
ENTERPRISES, INC.,

14

15

16

Defendants and Counter-claimants,

17

and

18

MICROSOFT CORPORATION,

19

Intervener and
Counter-claimant,

20

21

MICROSOFT CORPORATION,

22

Plaintiff and Counter-
defendant,

23

24

v.

25

LUCENT TECHNOLOGIES, INC. and
MULTIMEDIA PATENT TRUST,

26

Defendants and
Counter-claimants,

27

---

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB)
Case No. 03-CV-0699-B (CAB)
Case No. 03-CV-1108-B (CAB)

**LUCENT'S OPPOSITION TO
GATEWAY'S MOTION IN LIMINE
NO. 11: TO PRECLUDE LUCENT
AND ITS EXPERT FROM OFFERING
LEGALLY IRRELEVANT
EVIDENCE AND ARGUMENT
REGARDING ALLEGED PRIOR ART
TO THE DAY PATENT**

Date:        February 11, 2008
Time:        10:30 A.M.
Courtroom:   13
Judge:       Hon. Marilyn L. Huff

28

LUCENT'S OPPOSITION TO GATEWAY'S MOTION IN LIMINE NO.
11: PRECLUDE LUCENT AND ITS EXPERT FROM OFFERING
LEGALLY IRRELEVANT EVIDENCE AND ARGUMENT REGARDING
ALLEGED PRIOR ART TO THE DAY PATENT

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1

LUCENT TECHNOLOGIES, INC. and
MULTIMEDIA PATENT TRUST,

2

                    Plaintiffs and Counterclaim-
defendants,

3

v.

4

DELL INC.,

5

                    Defendant.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LUCENT'S OPPOSITION TO GATEWAY'S MOTION IN LIMINE NO.
11: PRECLUDE LUCENT AND ITS EXPERT FROM OFFERING
LEGALLY IRRELEVANT EVIDENCE AND ARGUMENT REGARDING
ALLEGED PRIOR ART TO THE DAY PATENT

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

## I.    INTRODUCTION

Lucent opposes Gateway's motion *in limine* to preclude Lucent and its expert from offering highly relevant evidence regarding the Foreign Exchange Front End ("FXFE") system and the Tyler Article, alleged prior art references that Gateway suggests invalidate U.S. Patent No. 4,763,356 ("the '356 patent").[1]  Gateway's assertion that admitted facts about the FXFE system are irrelevant, and therefore misleading, to the issue of public use is unsupported by the law.  Not only are these factors highly relevant to the public use of the FXFE system, but Lucent's own co-pending motion *in limine* demonstrates that these factors prove that the FXFE system was not "publicly used."  Moreover, because defendants attempt to exclude evidence that is dispositive of the public use issue, Gateway's non-existent prejudice cannot substantially outweigh this highly probative evidence.  Gateway should not be permitted to prevent the jury from considering the full evidentiary record—which necessarily includes all of the circumstances surrounding the alleged public use of the FXFE system—from which the jury could properly conclude that the FXFE system was not publicly used and therefore incapable of invalidating the '356 patent.  Accordingly, the Court should deny Gateway's motion *in limine*.

## II.    BACKGROUND

The FXFE system was developed by Chemical Bank exclusively and entirely in the United Kingdom.  Defendants suggest, however, that FXFE is prior art based on a single instance where a prototype version of FXFE was allegedly privately demonstrated at Chemical Bank's New York office to an invited guest (Mr. Tyler).  (Ex. 65, 12/10/07 Long Dep. at 59:13-16).  The FXFE system that was demonstrated was an unfinished, incomplete, "beta test" prototype version that was never commercialized.  (Ex. 123,  GW-LT422218, 422220 at 146, 148).  Indeed, Mr. Long, the system developer, admits that the version of the system shown to Mr. Tyler was just a "prototype" and it

---

[1]  Lucent has separately moved *in limine* to enforce this Court's May 15, 2007 Order Striking the Tyler Article and the system described therein.  Accordingly, to the extent this Court grants Lucent's Motion *in Limine* No. 11, such ruling would moot Gateway's Motion *in Limine* No. 11 and Lucent's opposition thereto.

LUCENT'S OPPOSITION TO GATEWAY'S MOTION IN LIMINE NO. 11: PRECLUDE LUCENT AND ITS EXPERT FROM OFFERING LEGALLY IRRELEVANT EVIDENCE AND ARGUMENT REGARDING ALLEGED PRIOR ART TO THE DAY PATENT

1

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1  was incomplete (not actively running on the network).  (Ex. 65, 12/10/07 Long Dep. at 55:24-56:1).

2  The prototype FXFE system was demonstrated to Mr. Tyler under the supervision of Chemical Bank

3  employees.  (*Id.* at 49:8-11, 55:6-56:12).  Significantly, no evidence exists that Mr. Tyler ever used

4  the demonstration version of the system, a critical requirement for determining public use.  (*Id.* at

5  57:8-9).    Mr. Tyler wrote a general-purpose, non-technical, magazine article that purportedly

6  describes the version of the FXFE system that was never commercialized ("the Tyler Article").  (Ex.

7  123, GW-LT422218).

8  **III.    ARGUMENT**

9          **A.    Gateway Seeks Improper Exclusion of Evidence That Proves The FXFE
              System Was Not Publicly Used, As Demonstrated In Lucent's Motion *In*
10            *Limine* To Preclude The FXFE System**

11         As demonstrated by Lucent's Motion *in Limine* No. 11 to preclude evidence of the FXFE

12  system or the Tyler Article, the same evidence that defendants seek to exclude proves that the FXFE

13  system was not in public use.  (*See* D.I. 240-3).  To the extent that the Court allows introduction of

14  the FXFE system and the Tyler Article, at the very least Lucent should certainly be allowed to

15  present all evidence and facts regarding these pieces of alleged prior art—particularly evidence on

16  the threshold question of whether the FXFE system even qualifies as prior art—which turns on the

17  underlying facts surrounding FXFE.  *See, e.g., Minnesota Mining & Mfg. Co. v. Chemque, Inc.*, 303

18  F.3d 1294, 1301 (Fed. Cir. 2002) (recognizing that a public use determination is "based on

19  underlying questions of fact").

20         By suggesting that the Court should ignore this evidence, Gateway's motion in *limine*

21  improperly seeks to restrict this Court's and the jury's public use analysis to the limited set of facts

22  that remotely support Gateway's arguments.  (*See* D.I. 236-2 at 23).  This restriction not only

23  contradicts established Federal Circuit law, but it would also exclude crucial evidence the jury

24  should consider in assessing whether there was a sufficient public use of the FXFE system.  *See, e.g.*,

25  *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1379 (Fed. Cir. 2004) (requiring

26  analysis of the "underlying facts" to determine whether a prior demonstration was a sufficient public

27  use).  Depriving the jurors of the opportunity to evaluate highly relevant—indeed, dispositive—

28

LUCENT'S OPPOSITION TO GATEWAY'S MOTION IN LIMINE NO.
11: PRECLUDE LUCENT AND ITS EXPERT FROM OFFERING
LEGALLY IRRELEVANT EVIDENCE AND ARGUMENT REGARDING
ALLEGED PRIOR ART TO THE DAY PATENT

2

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1    evidence necessary to their fact-finding mission would be improper, and Gateway's motion *in limine*

2    should therefore be denied.

3        **B.     Contrary To Gateway's View, All Of the Evidence Gateway Seeks To
                   Improperly Exclude Is Relevant And Necessary**

4

5        The Federal Rules of Evidence provide that "relevant evidence is admissible."  Fed. R. Evid.

6    402.  Evidence is relevant if it has "***any tendency*** to make the existence of any fact that is of

7    consequence to the determination of the action more probable or less probable than it would be

8    without the evidence."  Fed. R. Evid. 401  (emphasis added).  Here, Gateway seeks to exclude

9    evidence undermining the alleged "public use" of the FXFE system.  Contrary to Gateway's

10   assertion that the public use issue "turns upon" a single factor, (*See* D.I. 236-2 at 23), the Federal

11   Circuit has expressly stated that the proper determination considers the "totality of circumstances"

12   and has cautioned against relying on a single factor.  *See, e.g., Bernhardt,* 386 F.3d at 1381

13   (reversing the district court's finding of public use because it did not consider the totality of the

14   circumstances); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1266 (Fed. Cir. 1986)

15   (evaluating the totality of the evidence "in view of time, place, and circumstances").  If the Court

16   allows Gateway to rely on the FXFE System and/or the Tyler Article, all of the evidence that

17   Gateway seeks to exclude is not only relevant, but necessarily ***must*** be considered by the jury for a

18   proper public use analysis.

19       Significantly, this Court, in its Order Denying Motions For Summary Judgment of Invalidity,

20   has already deemed that the non-commercial aspects, the "operational capacity of the prototype, [and

21   the] degree of control over the demonstration" of the FXFE system are probative of the public use

22   issue.  (*See, e.g.*, D.I. 285 at 20 n.4, 20-21) ("Defendants offer no evidence that it was ever

23   commercialized").  Other courts have found these same factors highly probative.  *See, e.g.,*

24   *Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1385 (Fed. Cir. 2007) (considering

25   evidence that a device was never "visually disclosed" and "never connected to be used in the normal

26   course of business" highly probative of no public use), *cert. denied*, --S. Ct.--, No. 07-574, 2008 WL

27   59851 (Jan. 7, 2008); *Harrington Mfg. Co. v. Powell Mfg. Co.*, 815 F.2d 1478, 1481 (Fed. Cir. 1986)

28

LUCENT'S OPPOSITION TO GATEWAY'S MOTION IN LIMINE NO.
11: PRECLUDE LUCENT AND ITS EXPERT FROM OFFERING
LEGALLY IRRELEVANT EVIDENCE AND ARGUMENT REGARDING
ALLEGED PRIOR ART TO THE DAY PATENT

3

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

1  (an invention must be "commercially operable" to constitute prior art); *Am. Seating Co. v. USSC*

2  *Group, Inc.*, No. 1:01-CV-578, 2005 WL 1224603, at *5-6 (W.D. Mich. May 23, 2005) (considering

3  that a device was a prototype in determining no public use).

4       Not only does the "totality of the circumstances" test mandate assessing multiple factors, but

5  the Federal Circuit has stated that a court must consider "the nature of the activity that occurred in

6  public" and "the public access to and knowledge of the public use." *See, e.g.*, *Bernhardt*, 386 F.3d

7  at 1379. As already ruled by this Court, consideration of these factors logically involves assessing

8  the private, non-commercial nature of a device's use—the precise evidence Gateway attempts to

9  exclude.

10      Gateway further argues that the fact that the FXFE system and the Tyler Article are non-

11  enabling (a fact not disputed by Gateway) is not relevant to ***any issue*** in this case.[2]  However,

12  Gateway has made enablement an issue by improperly asserting anticipation-based arguments under

13  102(b) and 102(g)[3] in view of the FXFE system and the Tyler Article, arguments that implicate

14  enablement. *Impax Labs., Inc. v. Aventis Pharms. Inc.*, 468 F.3d 1366, 1381-82 (Fed. Cir. 2006)

15  ("In order to be anticipating, a prior art reference must be enabling so that the claimed subject matter

16  may be made or used by one skilled in the art.").

17      The evidence that Gateway attempts to exclude is not only relevant, but it is critical to the

18  issues involved in Gateway's invalidity arguments. Accordingly, the Court should deny Gateway's

19  motion to exclude the evidence under Rule 402.

20

21  [2] Gateway also argues that Lucent's expert, Mr. Tognazzini, is precluded from presenting any
    testimony on enablement at trial. However, defendants disregard that its 102(b) and 102(g) defenses
22  were improperly raised ***after expert reports*** and in contravention of additional discovery allowed, as
    stated by this Court, "only . . . to file new motions regarding the obviousness defense." (*See* D.I. 285
23  at 30). Consequently, not only was Mr. Tognazzini prevented any opportunity to opine on
    enablement, but he could not be expected to opine on a topic ***solely related to anticipation***, because
24  supplemental expert reports were limited to obviousness.

25
26  [3] Lucent has also filed a motion *in limine* precluding these improperly asserted anticipation-based
    defenses, which solely rely on the FXFE system and the Tyler Article. (*See* D.I. 240-2).

27

28
LUCENT'S OPPOSITION TO GATEWAY'S MOTION IN LIMINE NO.
11: PRECLUDE LUCENT AND ITS EXPERT FROM OFFERING
LEGALLY IRRELEVANT EVIDENCE AND ARGUMENT REGARDING
ALLEGED PRIOR ART TO THE DAY PATENT

4

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)

**C.    Because Gateway Attempts To Exclude Highly Probative Evidence That Is Critical To The Public Use Determination, Rule 403 Does Not Warrant Exclusion Of The Evidence**

Under Rule 403, relevant evidence may be excluded ***only*** "if its probative value is ***substantially outweighed*** by the danger of unfair prejudice, confusion of the issues, or misleading the jury…." Fed. R. Evid. 403 (emphasis added). No such dangers exist here. Indeed, in seeking to use Rule 403 to exclude the highly probative evidence that the FXFE system was not in public use, Gateway offers a single speculative and unsupported contention—that allowing this evidence will "likely mislead the jury . . . thereby creating confusion and unfair prejudice to Gateway." (*See* D.I. 236-2 at 22-23). Gateway suggests that the jurors might be confused "into believing [these circumstances are] relevant to the validity of the patent." (*Id.*) As explained above, that argument ignores the relevance of this evidence and also ignores the Federal Circuit's requirement that public use be evaluated in light of the totality of the circumstances. This is highly relevant evidence, and there is no prejudice to Gateway or likelihood that this evidence will confuse or mislead the jury. Indeed, this evidence is exactly the sort of evidence that must be considered in the totality of the circumstances. Gateway has failed to meet its burden under Rule 403 and its motion *in limine* should therefore be denied.

## IV.    CONCLUSION

Because Gateway seeks to exclude evidence that is critical to several issues in the case and not in any way prejudicial to Gateway, the Court should deny defendant's motion *in limine* to preclude Lucent and its expert from offering highly probative evidence regarding the FXFE system and the Tyler Article.

LUCENT'S OPPOSITION TO GATEWAY'S MOTION IN LIMINE NO. 11: PRECLUDE LUCENT AND ITS EXPERT FROM OFFERING LEGALLY IRRELEVANT EVIDENCE AND ARGUMENT REGARDING ALLEGED PRIOR ART TO THE DAY PATENT

5

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases: Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB), and Case No. 03-CV-1108-B (CAB)

Dated:  January 14, 2008

By:      s/David A. Hahn
David A. Hahn, SBN 125784
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California  92101-3595
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

John M. Desmarais (admitted pro hac vice)
Robert A. Appleby (admitted pro hac vice)
Gregory F. Corbett (admitted pro hac vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Lucent Technologies Inc.

LUCENT'S OPPOSITION TO GATEWAY'S MOTION IN LIMINE NO.
11: PRECLUDE LUCENT AND ITS EXPERT FROM OFFERING
LEGALLY IRRELEVANT EVIDENCE AND ARGUMENT REGARDING
ALLEGED PRIOR ART TO THE DAY PATENT

6

Case No. 07-CV-2000-H (CAB)
consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB), Case No. 03-CV-0699-B (CAB),
and Case No. 03-CV-1108-B (CAB)