# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC. and MULTIMEDIA PATENT TRUST<br><br>    Plaintiffs and Counter-Defendants,<br><br>vs.<br><br>GATEWAY, INC., *et al.*<br><br>    Defendants and Counterclaimants.<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>    Intervenor and Counterclaimant<br><br>AND RELATED CLAIMS | CASE NO. 07-CV-2000-H (CAB) consisting of matters severed from the consolidated cases:<br>CASE NO. 02-CV-2060-B (CAB)<br>CASE NO. 03-CV-0699-B (CAB)<br>CASE NO. 03-CV-1108-B (CAB)<br><br>ORDER ON MOTIONS IN LIMINE<br><br>[Doc. Nos. 228, 229, 230, 231, 232, 236, 239, 240, 241, 248, 249, 251, 252, 254, 255, 256, 258, 296, 430.] |

    The Court enters this order, with attachments, as a ruling on the motions in limine considered at the Court's hearing of February 8, 2008 at 9:00 AM. These include the motions in limine filed on January 14, 2008 and the motion in limine filed by Microsoft on February 4, 2008 with leave of the Court. (Doc. Nos. 228-32, 236, 239-41, 248-49, 251-52, 254-56, 258, 296, 430.) Robert A. Appleby, Paul A. Bondor, Gregory F. Corbett, James E. Marina, and Michael P. Stadnick appeared for Plaintiffs Lucent Technologies, Inc. and Multimedia Patent Trust. John E. Gartman and Juanita R.

---
---

Brooks appeared for Microsoft Corporation. Stephen Robert Daniels, Andrew Thomases, Jeffrey B. Plies, and Jonathan D. Baker appeared for Gateway, Inc. and related entities. James S. Blackburn and Joel M. Freed appeared for Dell Inc.

Where the Court's ruling is to grant, the Court adopts, at least in part, the rationale of a moving party. Where the Court's ruling is to deny, the Court adopts, at least in part, the rationale of an opposing party. Where Court indicates "object at trial," the parties should raise a contemporaneous objection at trial. Where the Court grants a motion, the parties may not refer to the excluded evidence in the presence of the jury, without first obtaining permission of the court. The Court retains its authority to modify any evidentiary ruling based on the evidence presented at trial, and the parties may raise contemporaneous objections related to any of the motions.

IT IS SO ORDERED.

DATED: February 8, 2008

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST
MOTIONS IN LIMINE

| PARTY | MOTION | GRANT | DENY | OBJECT AT TRIAL |
|---|---|---|---|---|
| **Lucent Technologies & Multimedia Patent Trust** | 1. Preclude Testimony from Defendant's "Prior Art" Witnesses | | X | √ |
| | 2. Preclude testimony of Untimely Disclosed Witnesses | | X | |
| | 3. Preclude Testimony Regarding Defendants' Unsupported Allegations of Non-Infringing Alternatives | | X | |
| | 4. Preclude Defendants from Presenting Evidence & Argument Inconsistent with the Court's Claim Construction Order | | | √ |
| | 5. Preclude Defendants from Presenting Evidence & Argument Regarding the Ex-Parte Reexamination of the Netravaili '272 Patent, the Haskell 226 Patent, the Day '356 Patent and the Fleming '759 Patent | | X | √ |
| | 6. Preclude Argument that CCITT Documents are Printed Publications | | X | √ |
| | 7. Preclude Defendants from Referencing the Fact that Lucent Originally Asserted Additional Video Coding Patents & Patent Claims | X | | Except for impeachment Must receive permission from the court in advance |
| | 8. Preclude Defendants from Referencing Prior Art Author's Nobel Prize | | X | |
| | 9. Preclude Defendants from Presenting Tortious Interference Theories Not Timely Disclosed | | X | √ |
| | 10. Preclude Defendants from Presenting Evidence or Argument Under 35 U.S.C. 102(g) and 35 U.S.C. 102(b) Regarding Invalidity of U.S. Patent No. 4,763,356 (Day) | | X | √ |
| | 11. Preclude Evidence or Argument Regarding the FXFE System on Tyler Article | | X | √ |

1

LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST
MOTIONS IN LIMINE

| PARTY | MOTION | GRANT | DENY | OBJECT AT TRIAL |
|---|---|---|---|---|
| **Lucent Technologies & Multimedia Patent Trust** | 12. Preclude Defendants from Presenting Evidence or Argument Regarding the Paper-Like Interface ("PLI") Video Reference | | X | √ |
| | 13. Preclude Defendants from Referring to Multiple Documents as a Single Prior Art Reference | | X | √ |
| | 14. Preclude Testimony of Lucent's Assertion & the Court's Dismissal of Certain Claims Against the Defendants Alleging Infringement of U.S. Patent Nos. 4,317,956, 4,763,356, 5,347,295, and 5,649,131 | X | | 403 |
| | 15. Preclude Defendants from Presenting Evidence or Argument in Support of their Contention that GDI Technology is After-Developed Technology with Respect to the Fleming Patent | | X | √ |
| | 16. Preclude Defendants from Presenting Evidence or Argument Alleging that the final NASA Report is Prior Art to the Fleming Patent | | X | √ |
| | 17. Preclude Defendants' Untimely Invalidity & Unenforceability Defenses Based on Douglas O'Brien's Alleged Co-Inventorship of the Fleming Patent | | X | √ |
| | 18. Preclude Gateway from Presenting Evidence or Argument Regarding Its Untimely Defense of Laches Regarding the Fleming Patent | | X | √ |
| | 19. Preclude Defendants' Untimely Unenforceability Defense as to the Fleming Patent Based on Recommendation S.100 | | X | √ |
| | 20. Preclude Defendants from Offering Evidence or Argument Concerning the Court's Dismissal of Claims Alleging Infringement of U.S. Patent No. 4,582,956 and Lucent's Original Assertion of Claim 4 of U.S. Patent No. 4,439,759 | X | | 403 |

LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST
MOTIONS IN LIMINE

| PARTY | MOTION | GRANT | DENY | OBJECT AT TRIAL |
|---|---|---|---|---|
| **Lucent Technologies & Multimedia Patent Trust** | 21. Preclude Defendants from Eliciting Expert Testimony Concerning Purported Surveys | X | | |
| | 22. Preclude Expert Testimony of David Kaplan that Dell & Gateway are not Liable for Damages | | X | √ |
| | 23. Exclude Evidence or Argument Regarding Extraneous Legal Matters | X | | Except for Impeachment W/O Mentioning case may refer to prior proceeding |
| | 24. Preclude Expert Testimony Regarding Allegations of Non-Infringing Alternatives | | X | |
| | 25. Preclude Defendants from Presenting Evidence & Argument Regarding Past & Future Trials | X In Part | X In Part | Argument - Grant Evidence - Deny Results - Grant |
| | 26. Preclude Defendants from Presenting Evidence & Argument Regarding Settlement Negotiations | X Settlement | X Reasonable Royalty | √ |
| | 27. Exclude Evidence or Argument Regarding Lucent's Market Capitalization Licensing Revenues, and "Valuation" | X | | √ Except for damages analysis |
| | 28. Exclude Evidence or Argument Regarding the Prior Audio Coding (Group 2) Disposition | X | | Except Evidence for Impeachment |

3

LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST
MOTIONS IN LIMINE

| PARTY | MOTION | GRANT | DENY | OBJECT AT TRIAL |
|---|---|---|---|---|
| **Microsoft Corporation** | 1. Preclude Lucent & Multimedia Patent Trust from Seeking Damages Due to Microsoft's Foreign Sales | X | | √ Except for downloads |
| | 2. Preclude Lucent and Multimedia Patent Trust from Introducing a Hearsay Time Magazine Artilce Regarding the Xbox 360 | X | | |
| | 3. Preclude Lucent and Multimedia Patent Trust from Presenting Expert Testimony Regarding Damages | | X | √ |
| | 4. Preclude Lucent from Introducing or Discussing Irrelevant "Notice" Evidence | | X | √ |
| | 5. Preclude Lucent and Multimedia Trust from Introducing Content from Professor Girod's Belated and Conclusory Expert Report | | X | √ |
| | 6. Preclude Lucent and MPT from Discussing Third-Party Software of Intervideo and Cyberlink | | X | √ |
| | 7. Preclude Lucent and Multimedia Patent from Introducing a Hearsay Article by Sakae Okubo | | X | √ |
| | 8. Preclude Lucent and Multimedia Patent Trust from Discussing Secondary Considerations of Non-Obviousness Regarding the '295 and '356 Patents | | X | √ |
| | 9. Preclude MPT/Lucent's Eleventh-Hour Damages Theory that Previously Unaccused and Free Microsoft Software Updates Justify One Billion Dollars in Additional Damages | | X | √ |

LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST
MOTIONS IN LIMINE

| PARTY | MOTION | GRANT | DENY | OBJECT AT TRIAL |
|---|---|---|---|---|
| Gateway, Inc. | 1. Preclude the Opinions of Roger S. Smith Related to Reasonable Royalty | | X | √ |
| | 2. Exclude the Licenses Gateway and Dell Entered Into with IBM as Alleged Reasonable Royalty Evidence | | X | √ |
| | 3. Preclude Evidence or Argument Regarding Kenneth Rubenstein's Opinions About the Video Coding Patents | | X | √ |
| | 4. Preclude Lucent's Expert on the Fleming 759 Patent from Providing Analysis of GDI Source Code in an Effort to Support His Infringement Opinions | | X | √ |
| | 5. Preclude Lucent's Expert on the Fleming 759 Patent from Providing Any Testimony or Opinion Raised in His Untimely Declaration | | X | √ |
| | 6. Preclude Lucent's Expert on the Fleming 759 Patent from Providing any Testimony or Opinion Regarding Conception, Diligence or Reduction to Practice | | X | √ (Moot) |
| | 7. Preclude Lucent's Expert on the Fleming 759 Patent from Providing any Testimony Regarding Secondary Consideratioins | | X | √ |
| | 8. Preclude Evidence or Argument of Indirect Infringement of Day Patent by Quicken New User Edition | | X | √ |
| | 9. Preclude Lucent's Expert from Testifying Regarding Gateway Web Pages that Have Never Been Adequately Identified or Produced | | X | √ |
| | 10. Preclude Lucent from Offering Evidence or Argument of Conception or Reduction to Practice Prior to the Filing Date of the Day '356 Patent | X | (Moot) | √ (Lucent does not oppose) |
| | 11. Preclude Lucent and its Expert from Offering Legally Irrelevant Evidence and Argument Regarding Alleged Prior Art to the Day '356 Patent | | X | √ |
| | 12. Preclude Testimony or Argument Contrary to the Court's Claim Construction of the Day '356 Patent | | X | √ |

5

LUCENT TECHNOLOGIES, INC., MULTIMEDIA PATENT TRUST
MOTIONS IN LIMINE

| PARTY | MOTIONS | GRANT | DENY | OBJECT AT TRIAL |
|---|---|---|---|---|
| **Dell Inc.** | 1. Exclude Damages Testimony on Quicken, Money and Stand-Alone Outlook from the Untimely Second Supplemental Expert Report of Wayne A. Hoeberlein and Validity Testimony from the Untimely Declaration of Bernd Girod | | X | √ |
| | 2. The Testimony of Roger Smith Regarding Royalty Rates and Royalty Base Should be Excluded | | X | √ |
| | 3. Lucent Should be Precluded from Arguing that an "In-Use" Background Color Must be a Background Color Used by text and Graphics Commands, with Respect to U.S. Patent No. 4,439,759 | | X | |
| | 4: Lucent Should be Precluded from Relying on Dell's Knowledge or Belief to Prove Actual Pre-Suit Notice with Respect to Patent Nos. 4,439,759, 4,958,226, and 4,383,272 | | X | |
| | 5. Fed. R. Evid. 408 Does Not Preclude Dell's Reliance on Lucent Licensing Documents | X | X | On Reasonable Royalty Issues |

6