```
James S. Blackburn (State Bar No. 169134)
ARNOLD & PORTER LLP
777 Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199
```

Attorneys for *Dell Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br>    Plaintiffs and Counterclaim-defendants,<br>v.<br>GATEWAY, INC., *et al.*<br>    Defendants and Counter-claimants,<br>and<br>MICROSOFT CORPORATION,<br>    Intervener and Counter-claimant, | Case No. 07-CV-2000-H (CAB)<br>consisting of matters severed from consolidated cases:<br>Case No. 02-CV-2060-B (CAB)<br>Case No. 03-CV-0699-B (CAB)<br>Case No. 03-CV-1108-B (CAB)<br><br>**DELL INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW THAT LUCENT'S DAMAGES ARE LIMITED BY THE ENTIRE MARKET VALUE RULE AND BY LUCENT'S FAILURE TO MATCH DELL'S ALLEGED INDUCEMENTS TO ACTUAL INFRINGEMENTS** |
| MICROSOFT CORPORATION,<br>    Plaintiff and Counter-defendant,<br>v.<br>LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br>    Defendants and Counter-claimants, | Judge Marilyn L. Huff<br><br>Trial: February 20, 2008<br>Location: Courtroom 13, 5th Floor |
| LUCENT TECHNOLOGIES INC. and MULTIMEDIA PATENT TRUST,<br>    Plaintiffs and Counterclaim-defendants,<br>v.<br>DELL INC.,<br>    Defendant and Counter-claimant. | |

## I.     INTRODUCTION

Defendant Dell Inc. ("Dell") respectfully submits this memorandum in support of its motion,[1] pursuant to Federal Rule of Civil Procedure 50(a), for judgment as a matter of law that the entire market value rule bars Plaintiff Lucent Technologies, Inc. ("Lucent") from recovering damages based on a percentage of the revenue of Defendants' accused products, and for judgment that Lucent cannot recover damages under the '356 Day patent for all of Dell's sales.[2]

Lucent seeks to recover damages in this action with respect to the '295 Agulnick patent, the '356 Day patent, and the '759 Fleming Patent based on damages theories that the parties would have agreed, during hypothetical negotiations, to royalty rates based on a percentage of the retail prices of the accused products.  Specifically, Lucent seeks 1% of the retail price of accused computer systems for the '295 Agulnick and '759 Fleming patents, and 8% of the retail price of the accused Outlook, Money, Pocket PC and Quicken software products for the '356 Day patent.  Each of these damages theories, however, must be rejected as a matter of law because Lucent has failed to elicit any evidence that the patented features of each of these patents is the basis for consumer demand for the accused products.  Accordingly, Lucent's damages theories violate the entire market value rule and damages cannot, as a matter of law, be awarded on that basis.

In addition, Lucent's damages theory with respect to the '356 Day patent -- for which Lucent has asserted only method claims -- is legally insufficient because Lucent has failed to adduce any evidence of a connection between Dell's alleged acts of inducement and actual infringements of the '356 Day patent.

## II.    STANDARD FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a  jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:  (A) resolve the issue against the

---

[1] Dell submits its motion for consideration upon the close of all evidence.

[2] Dell hereby joins in any motion for judgment as a matter of law by Microsoft Corporation with respect to Lucent's claimed damages for all the reasons stated therein.

- 1 -

party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a). As set forth below, Lucent lacks a legally sufficient evidentiary basis for its damages theories for the '295 Agulnick, '759 Fleming, and '356 Day patents.

**III.   ARGUMENT**

Lucent bears the burden of proving its alleged reasonable royalty damages. *See Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002) ("[T]he patent owner bears the burden of proving by a preponderance of the evidence the quantum of damages"). In the instant case, Lucent has failed to carry its evidentiary burden to show that the patented feature contributes to the demand for the accused products. Lucent also has failed to demonstrate a connection between Dell's alleged inducements with respect to the '356 Day patent and any actual infringement of that patent.

### A.   The Entire Market Value Does Not Apply

The entire market value rule allows damages to be based on the value of an entire product containing several features only "where the patent related feature is the basis for customer demand." *Imonex Servs., Inc. v. W.H. Munzprufer Dietmr Trenner GmbH*, 408 F.3d 1374, 1379 (Fed. Cir. 2005) (quoting *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989)); *see generally Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*, 235 U.S. 641, 646-47 (1915) ("In so far as the profits from the infringing sales were attributable to the patented improvements they belonged to the plaintiff, and in so far as they were due to the other parts or features they belonged to the defendant"). If a product contains numerous features, and the asserted patent implicates only one of those features, the patentee must show that the entire value of the whole product was legally and properly attributable to the single patented feature. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995) (en banc)). Absent such evidence, it is improper as a matter of law to calculate damages based on the value of the entire product. *See also generally Ferguson Beauregard/Logic Controls, Div. of Power Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1345-46 (Fed. Cir. 2003) (vacating a damages award because the district court "failed to distinguish the allocation of profits that would have been made 'but for' the infringement of the '376 patent with

- 2 -

the profits that could be fairly allocated to customer demand" for the non-infringing features); *Volovik v. Bayer Corp.*, 2004 WL 51317, at *10-11 (D. Minn. Jan. 7, 2004) (finding as a matter of law that the patentee could not rely on the entire market value approach where there was no evidence that the accused feature was the basis for customer demand for defendant's product).

Here, Lucent has failed to make *any* showing that the patented inventions are the basis for, or even contribute to, demand for the accused products.

<u>The '759 Fleming Patent</u>

With respect to the '759 Fleming patent, Lucent is seeking 1% of the entire value of Dell's computers that were sold with Windows operating systems containing the allegedly infringing GDI commands. Lucent's damage request clearly violates the entire market value rule. Lucent adduced *no evidence* at trial that the accused GDI commands contribute substantially to consumer demand either for the Windows operating system or Dell's computers.[3] This lack of evidence makes sense, given that even Lucent's infringement expert, Jake Richter, testified that he had never seen the specific GDI command set accused of infringement in this action written down prior to performing his infringement analysis:

> Q: So sitting here today, you can't recall ever having seen the alleged infringing algorithm written down in any document that existed prior to the time you were hired as an expert?
>
> A: As I said, I have no recollection one way or the other.

(Trial Tr. Vol. IV at 213:13-17). Mr. Richter also testified that a Dell computer would have to be programmed in order to make it operate in the manner accused of infringement, and that he had to write a program in order to make the accused Dell computers perform in an allegedly infringing manner:

> Q: Did you ever see a programmer write a program that carries out that algorithm in the order its presented up there?
>
> A: No, not those seven things in sequence.

---

[3] The Windows operating system obviously has thousands of features not implicated by the '759 Fleming patent, including Windows Media Player -- yet another feature that Plaintiffs have asserted is "the basis" for consumer demand for Microsoft operating systems.

- 3 -

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

> Q: Did you ever see a program written or an automatic program that would run that would select the commands in the yellow box in that order or the commands in the green box in that order or the commands in the purple box -- the blue box in that order?
>
> A: I've written a program like that.
>
> Q: When?
>
> A: I've written one, let's see, probably about two years ago.

(Trial Tr. Vol. IV at 201:19-202:6; 202:24-203:7).

Mr. Richter also admitted that it was not necessary to perform the command set alleged to infringe in order to have color on a screen. (Trial Tr. Vol. IV at 200:7-24). As a simple matter of logic, it stands to reason that, if the accused command set isn't necessary to create a color display, and Lucent's own infringement expert is not aware of any instance where a computer actually was programmed to behave in an infringing manner, that *no consumer* ever bought a Dell computer in order to obtain the potential capability to create color on a display using the Fleming patent's three modes of access.[4]

### The '356 Day Patent

Lucent claims that it is entitled to 8% of the retail value of the Outlook, Money, Quicken and Pocket PC software installed by Dell on its computer systems as damages for infringement of the '356 Day patent. Lucent introduced no evidence at trial that the "date picker" feature of the '356 Day patent drove customer demand for the accused Outlook, Money, Quicken and Pocket PC software products. Rather, the evidence established that the accused products each have virtually hundreds or thousands of features, all of which are popular and have nothing to do with the alleged infringement. The testimony and evidence adduced by Lucent regarding the popularity of the accused products was simply that -- evidence of the popularity of the overall products or features that are not accused of infringement. The fact that there is demand for each of these software

---

[4] This logical conclusion is further borne out by the fact that Lucent submitted *no evidence* that Dell or anyone else ever touted the ability to use the Fleming three modes of access to color as a reason to purchase a Dell computer.

- 4 -

*programs* is insufficient as a matter of law to satisfy the "entire market value" rule with respect to the patented feature. *See Trell v. Marlee Elect. Corp.*, 912 F.2d 1443, 1446 (Fed. Cir. 1990) (reversing a damages award where the royalty did not reflect that the patented feature related to "only one aspect" of the accused device and the feature did not "contribute appreciably" to revenue generated by the whole product).

### The Agulnick '295 Patent

Lucent seeks 1% of the entire value of a tablet PC sold by Dell with Microsoft's XP Tablet PC operating system as damages for alleged infringement of the '295 Agulnick patent. Yet again, Lucent adduced no evidence at trial that the patented invention drove demand for Dell's computers. And, the evidence actually introduced at trial forecloses any such argument. The evidence at trial established that the purported infringement consists of a single "tap" gesture or a double "tap" gesture on a tablet PC that utilizes a rear-mounted digitizer:

> **Q:** Now, the only gestures you presented any evidence on at all in your direct testimony yesterday was the tap and the double tap, correct?
>
> **A:** Those are the only examples I discussed, yes.
>
> **Q:** They're the only ones you presented the jury with any evidence on, correct?
>
> **A:** Correct.

(Trial Tr. Vol. VII at 23:18-24).

Moreover, a "tap" on a tablet PC with a front mounted digitizer does not infringe the '295 Agulnick patent. Nor do any of the more than 35 other gestures a user may perform on a tablet PC running Microsoft's XP Tablet PC operating system. (Trial Tr. Vol. VII at 32:1-34:18). Under these circumstances, no jury reasonably could conclude that the patented invention contributed substantially to consumer demand for the accused tablet PCs.

Because there is no evidence of customer demand for the patented features, the entire market value rule cannot apply. Evidence relating to the entire market value of the accused products cannot be the basis for a reasonable royalty in this case, and Plaintiffs' damages analysis must be rejected.

- 5 -

### B. There Is No Evidence In The Record Of A Connection Between Dell's Alleged Inducement and Direct Infringement of the Day '356 Patent

Lucent's damages experts, Messrs. Smith and Hoeberlein, assumed that just because Dell sold computers installed with the accused Outlook, Money, Quicken and Pocket PC software, each of those sales constituted a unit for which a royalty could be obtained by Lucent for infringement of the '356 Day patent. However, Lucent only asserts infringement of *method* claims in the '356 Day patent, which can only be infringed directly when a user actually uses the claimed method. Accordingly, under Federal Circuit law, Lucent cannot obtain damages for each sale by Dell absent some evidence that that inducement -- *i.e.*, Dell's sales -- led to an actual infringement in each instance. And Lucent has introduced no evidence that that is the case.

Even if a single direct act of infringement establishes *liability* for inducing infringement, the Federal Circuit has held that a "separate damages analysis must still be performed" in connection with inducement claims. *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.*, 2001 WL 21304, at *2 (Fed. Cir. Jan. 8, 2001) (vacating a damages judgment rendered under incorrect legal standards); *see also Imagexpo, L.L.C. v. Microsoft Corp.*, 284 F. Supp. 2d 365, 369 n.3 ) (E.D. Va. 2003) (following *Chiuminatta* based on its persuasive "logic and analysis"). The reason why a separate damages analysis is necessary in inducement cases is clear: "[I]f not every sale leads to an instance of infringement, it logically follows that *not every lost sale profit should be compensated by the party inducing infringement*." *Chiuminatta*, 2001 WL 21304, at *4 (emphasis added); *Imagexpo*, 284 F. Supp. 2d at 369 (adopting the same analysis under the reasonable royalty method). This legal principle fully applies here.

Unless there is an established correlation between the number of Outlook, Money, Quicken and Pocket PC that Dell has installed on its computers and the number of units that an end user actually has employed to use the infringing feature, it is legally impermissible to award reasonable royalty damages on every infringing unit. *Imagexpo*, 284 F. Supp. 2d at 369. Lucent's damages experts not only failed to make such a correlation, they did not even look for one. Accordingly, there is no basis for Lucent's request for a royalty on all computers sold by Dell installed with the accused software.

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)

## IV. CONCLUSION

For the foregoing reasons, Dell is entitled to judgment as a matter of law that Plaintiffs are barred by the entire market value rule from recovering damages based on a percentage of revenue for the products accused of infringing the '759 Fleming patent, the '356 Day patent, and the '295 Agulnick patent, and are barred from collecting damages under the '356 Day patent for every sale of a computer system installed with the accused software.

March 27, 2008

ARNOLD & PORTER LLP
James S. Blackburn
Joseph A. Micallef

McDERMOTT WILL & EMERY LLP
Joel M. Freed


By:  /s/James S. Blackburn
     James S. Blackburn
     james.blackburn@aporter.com
     Attorneys for Dell Inc.

- 7 -

Case No. 07-CV-2000-H (CAB) consisting of matters severed from consolidated cases:
Case No. 02-CV-2060-B (CAB); Case No. 03-CV-0699-B (CAB); Case No. 03-CV-1108-B (CAB)