```
 1                UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF CALIFORNIA

 3

 4 LUCENT TECHNOLOGIES, INC.,  ) Case No. 07CV2000-H(CAB)
   et al.,                    )
 5                            ) San Diego, California
            Plaintiffs,       )
 6                            ) Friday,
   vs.                        ) March 5, 2010
 7                            ) 1:00 p.m.
   GATEWAY, INC., et al.,     )
 8                            )
            Defendants.       )
 9 _____)

10
           TRANSCRIPT OF APPEAL MANDATE HEARING
11         BEFORE THE HONORABLE MARILYN L. HUFF
                UNITED STATES DISTRICT JUDGE
12
   APPEARANCES:
13
   For the Plaintiffs:         PAUL A. BONDOR, ESQ.
14                             JOHN DESMARAIS, ESQ.
                               Kirkland & Ellis, LLP
15                             601 Lexington Avenue
                               New York, New York  10022
16                             (212) 446-4800

17                             HOWARD SHATZ, ESQ.
                               Alcatel Lucent
18                             600 Mountain Avenue
                               Room 2F-158
19                             Murray Hill, New Jersey
                                  07974
20
   For Microsoft:              JOHN E. GARTMAN, ESQ.
21                             JUANITA BROOKS, ESQ.
                               LARA GARNER, ESQ.
22                             Fish & Richardson
                               12390 El Camino Real
23                             San Diego, California 92130
                               (858) 678-5070
24

   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.
```

```
1  Transcript Ordered by:        PAUL A. BONDOR, ESQ.

2  Court Recorder:               Lynette Lawrence
                                 United States District Court
3                                940 Front Street
                                 San Diego, California  92101
4
   Transcriber:                  Shonna D. Mowrer
5                                Echo Reporting, Inc.
                                 6336 Greenwich Drive
6                                Suite B
                                 San Diego, California  92122
7                                (858) 453-7590
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1

```
 1     SAN DIEGO, CALIFORNIA  FRIDAY, MARCH 5, 2010  1:00 PM
 2                           --oOo--
 3     (Call to order of the Court.)
 4         THE CLERK:  Number 1 on calendar, 07CV2000, Lucent
 5  Technologies, Inc. versus Gateway, Inc. for appeal mandate
 6  hearing.
 7         THE COURT:  We should eliminate the Gateway.
 8         THE CLERK:  It's on the docket.
 9         THE COURT:  That's okay.  You want to state your
10  appearances for the record.
11         MR. BONDOR:  Paul Bondor and John Desmarais from
12  Kirkland & Ellis.  With us today is Howard Shatz, an
13  attorney with Alcatel Lucent on behalf of the Plaintiffs.
14         THE COURT:  Welcome.
15         MR. SHATZ:  Good afternoon, your Honor.
16         MR. GARTMAN:  Good afternoon, your Honor.  John
17  Gartman of Fish & Richardson for Microsoft.  I have with me
18  Juanita Brooks and Lara Garner.
19         THE COURT:  Thank you.
20         Now, I had asked the parties to give the Court
21  notice because the issues had been narrowed for purposes of
22  appeal.  So you were the only remaining parties?
23         MR. GARTMAN:  That's right, your Honor.
24         MR. BONDOR:  That's correct.
25         THE COURT:  And so we should do an order that
```

1 cleans up the docket that thus far only -- it simplifies the
2 notice for this.  Then the Court spreads the mandate.  And
3 the remaining issue is damages.
4          And so the Court probably, under the
5 circumstances, given the licenses -- are you contemplating
6 reopening discovery?
7          MR. BONDOR:  Yes.  Actually, your Honor, I could
8 give you a brief update as to where we are because Mr.
9 Gartman and I have spoken over the last several days.  And I
10 think, actually, we're in agreement in terms of what happens
11 next.
12          THE COURT:  Okay.
13          MR. BONDOR:  Or at least what we think should
14 happen next, of course.
15          THE COURT:  Go ahead.
16          MR. BONDOR:  Subject to whatever the Court wants.
17          Basically, in light of the Federal Circuit
18 opinion, we think that -- both parties agree that we need to
19 reopen fact discovery, that they are going to be needing new
20 expert reports and depositions.
21          We have exchanged a proposed schedule and actually
22 have reached agreement on most of the dates that would put
23 the matter trial-ready at the end of November of this year.
24 And we can either submit a consent, or I think that Mr.
25 Gartman may have brought a copy of the proposed dates.

```
 1          MR. GARTMAN:  I have extra copies of what we have
 2 agreed on as advanced and proposed time that I could hand up
 3 to the Court and the clerk if you'd like.
 4          THE COURT:  You may.
 5          MR. GARTMAN:  If I may comment just on the events,
 6 your Honor.  What I did here was to take the --
 7          THE COURT:  Do you think my eyesight is failing?
 8          MR. GARTMAN:  It's mine.
 9          THE COURT:  I know it's been some time.  I'm
10 having a birthday tomorrow.
11          MR. BONDOR:  Happy birthday in advance.
12          MR. GARTMAN:  So I took the typical events in the
13 Court's scheduling order from the last case and just plugged
14 new dates on them, and I kept the split, the timing between
15 the events basically the same, subject to a few last-minute
16 alterations by Mr. Bondor and I.
17          All of these dates are agreed to between the
18 parties, I believe.  Some would require events on the
19 Court's calendar.  And of course, I don't know whether those
20 would be acceptable or not.  The one at the bottom in
21 particular.
22          THE COURT:  Is that a Monday?
23          MR. GARTMAN:  I forgot to check.
24          THE COURT:  We'll check on that.
25          MS. BROOKS:  It's a Tuesday, your Honor.
```

4

```
 1            THE COURT:  It's a Tuesday.  So any problem
 2  changing that to Monday, the 29th?
 3            MS. BONDOR:  None whatsoever, your Honor.
 4            MR. GARTMAN:  None, your Honor.
 5            THE COURT:  And then for the trial, would you --
 6  then we need motion in limine, so that would be the 29th.
 7  And I'll ask you to do a joint motion for these dates.  And
 8  then for trial, what about January 12th?
 9            MS. BROOKS:  Your Honor, I'm afraid I'm the one
10  that's going to be a bit of a problem.  In January I have a
11  trial scheduled to go in Delaware on January the 10th, and
12  it's supposed to last for two weeks.
13            THE COURT:  Should we get started, then, right
14  away in December?
15            MR. BONDOR:  December.  That would be our
16  preference, your Honor.
17            MS. BROOKS:  That would be fine, your Honor, or
18  February, if we wanted to have better holidays in December.
19  If we could go over to February.  But after the length of
20  this case, I don't know that two months is going to make all
21  that much difference.
22            MR. GARTMAN:  And the patent has expired, your
23  Honor, so there's no issue there about injunction or
24  anything.
25            MR. BONDOR:  For our part, your Honor, obviously,
```

*Echo Reporting, Inc.*

as Plaintiff and having been part of this for quite some time, it would be our preference to try to wrap this up this year. It's only -- and the parties have agreed on a five-day trial length. We think that it should be able to be -- I would hope that the Court might be able to accommodate that five-day trial early enough in December so that it wouldn't impact anybody's holidays.

    THE COURT: What if we set it for December 7. You think five days or four days?

    MR. BONDOR: Yes, your Honor. That's our best guess at this stage.

    THE COURT: Then how about December -- we could do November 30 and put the motions in limine for the same date as the pretrial and then just back up the filing 28 days.

    MR. BONDOR: That's fine. I don't have a problem with that at all.

    MR. GARTMAN: We don't have a conflict, your Honor.

    THE COURT: Does that work?

    MS. BROOKS: It does, your Honor, other than -- you know, it's the Tuesday after Thanksgiving. But if out-of-town counsel don't have an issue with that.

    MR. BONDOR: I think we'd be happy to go forward on the 30th. Now, if we're -- the one question I just want to make sure that I --

```
 1            THE COURT:  Or do you prefer, instead of the
 2   30th -- so if you said five days.  I'm getting into
 3   December.  Starting on the 3rd?  Is that better?
 4            MS. BROOKS:  Of December?  That would certainly be
 5   better for us, your Honor.
 6            MR. BONDOR:  Absolutely.
 7            THE COURT:  Then you don't have to travel?
 8            MR. BONDOR:  That would be wonderful.  Thank you.
 9            THE CLERK:  Friday, the 3rd.
10            THE COURT:  Friday, December 3rd.
11            MR. BONDOR:  Under those circumstances, can we
12   hold the pretrial on the 29th?
13            THE COURT:  Yes.  Now, that means you still have
14   to fly.  And you picked this schedule.
15            MR. BONDOR:  It's true.  It is, I think, part of
16   the cost of being a trial attorney, frankly.
17            THE COURT:  Now, I heard in the -- are you guys
18   going out and being a patent trust?  I read something about
19   that.
20            MR. BONDOR:  I can let my erstwhile colleague
21   address his future plans.
22            MR. DESMARAIS:  That would be me, your Honor.
23   Yeah, it's not Paul.
24            THE COURT:  Okay.  And would that be by the end of
25   the year or not, or you don't --
```

```
 1           MR. DESMARAIS:  It won't affect --
 2           THE COURT:  It won't affect this?
 3           MR. DESMARAIS:  It won't affect this.  It's a
 4  separate, independent event.  But thank you for noticing.
 5           THE COURT:  So why don't you put motions in limine
 6  for -- is the 29th okay?  Same day?
 7           MR. BONDOR:  Yes.  I think that works for
 8  Plaintiffs, your Honor.
 9           MR. GARTMAN:  That's okay for us, your Honor.
10  It's going to impair some holidays, no matter what, it looks
11  like, unless we're past the end of the year, so --
12           MS. BROOKS:  Unless we put it in February.
13           THE COURT:  If you -- so I'll put it here for now.
14  If the -- during the course, if the parties meet and confer
15  and find out that another schedule works better -- right
16  now, we're pretty wide open.
17           MR. GARTMAN:  Thank you, your Honor.
18           MR. BONDOR:  Thank you, your Honor.
19           MR. GARTMAN:  So, your Honor, just to reiterate,
20  that was motions in limine on the 29th and pretrial on the
21  3rd?
22           THE COURT:  Oh, no.  The pretrial would be on --
23           MR. GARTMAN:  I'm sorry.  Trial was on the 3rd.
24           THE COURT:  Trial is on the 3rd.
25           MR. GARTMAN:  Yes.  Okay.
```

```
 1            THE COURT:  It's a Friday.
 2            MR. BONDOR:  Pretrial conference and motions in
 3  limine both on the 29th.
 4            MR. GARTMAN:  Okay.  My apologies.
 5            THE CLERK:  At 10:30.
 6            MS. BROOKS:  And then trial would be at 9:00?
 7            THE COURT:  At 9:00 o'clock.
 8            THE CLERK:  That would be a jury trial?
 9            THE COURT:  Be a jury trial.
10            And is there any counterclaim or is that all gone?
11  I'm just looking at the Court of Appeals.
12            MR. GARTMAN:  It really should be dead as a
13  result.  There's now -- we did have counterclaims in the
14  case, but they were resolved.
15            THE COURT:  So it's now just Plaintiff Lucent, not
16  Lucent Technologies, Guardian, LLC?
17            MR. GARTMAN:  It should be in the case.
18            THE COURT:  I'm just looking at the caption.
19            MR. GARTMAN:  I can't comment fully on the Lucent
20  entity, your Honor.
21            MR. BONDOR:  I think that -- your Honor, the
22  safest way to simplify the caption would be to leave all the
23  named Lucent entities still on there because, I confess, I
24  can't do that by memory either.
25            THE COURT:  Okay.
```

1        MR. BONDOR:  I suspect that you're right that it
2 could be trimmed, but if we just limit it to Lucent and
3 Microsoft, probably that's simplification enough.
4        THE COURT:  All right.  Anything else?  And then
5 the magistrate is still, I believe, Magistrate Judge
6 Bencivengo.
7        MR. GARTMAN:  Yes, your Honor.
8        MR. BONDOR:  Yes, your Honor.
9        THE COURT:  All right.  Thank you.
10       MS. BROOKS:  Thank you.
11       MR. BONDOR:  Thank you.
12       MR. GARTMAN:  Thank you very much, your Honor.
13       THE COURT:  We're in recess.
14    (Proceedings concluded.)
15
16
17
18
19
20
21
22
23
24
25

```
                                                          10
```

1  I certify that the foregoing is a correct
2  transcript from the electronic sound recording of the
3  proceedings in the above-entitled matter.
4
5  /s/Shonna Mowrer                    3/22/10
   Transcriber                         Date
6
   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
7
8
   /s/L.L. Francisco
9  L.L. Francisco, President
   Echo Reporting, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25