**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC.,<br><br>                                        Plaintiff,<br>     vs.<br><br>MICROSOFT CORPORATION,<br><br>                                        Defendant. | CASE NO. 07-CV-2000 H (CAB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW WITHOUT PREJUDICE** |

On December 7, 2010, Defendant Microsoft Corporation ("Microsoft") filed a motion for entry of judgment as a matter of law. (Doc. No. 1018.) On December 14, 2010, Plaintiff Lucent Technologies, Inc. ("Lucent") filed a response in opposition. (Doc. No. 1059.) On December 21, 2010, Defendant filed a reply. (Doc. No. 1126.) The Court held a hearing on the matter on January 4, 2011. Luke L. Dauchot, Paul Bondor, and Jeanne Heffernan appeared on behalf of Plaintiff Lucent. Juanita R. Brooks, Michael Rosen, Roger Denning, and Jonathan Lamberson appeared on behalf of Defendant Microsoft. After due consideration, the Court DENIES Microsoft's motion for judgment as a matter of law without prejudice to renewal at trial.

**Background**

This case is before the Court on remand from the Federal Circuit on the issue of damages. See Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301 (Fed. Cir. 2009). On April 4, 2008, the jury found Microsoft to infringe U.S. Patent No. 4,763,356 ("Day Patent") with three of its products—Microsoft Outlook, Microsoft Money, and Windows Mobile. (Doc. No.

735.) The jury also awarded damages for the infringement in the amount of $357,693,056.18. (Id.) After the trial, Microsoft made a motion for judgment as a matter of law that the jury's damages award was not supported by substantial evidence. (Doc. No. 770.) The Court denied the motion and Microsoft appealed. (Doc. Nos. 852, 907.) The Federal Circuit reversed and remanded the case "for a new trial on damages." Lucent, 580 F.3d at 1340. Microsoft now moves for judgment as a matter of law before the new trial that the damages corresponding to infringement by Microsoft Outlook are in the amount of $6.5 million.

## Discussion

### I. Legal Standards

When an appellate court remands a case, the district court is required to follow the mandate of a circuit court of appeals. See Laitram Corp. v. NEC Corp., 115 F.3d 947, 951 (Fed. Cir. 1997). Defendant Microsoft moves for judgment as a matter of law under Federal Rule of Civil procedure 50(a) and asks the Court—not the jury—to award $6.5 million for its infringement with Microsoft Outlook. "A motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor." El-Hakem v. BJY Inc., 415 F.3d 1068, 1072 (9th Cir. 2006). "The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." LaLonde v. County of Riverside, 204 F.3d 947, 959 (9th Cir. 2000). "If conflicting inferences may be drawn from the facts, the case must go to the jury." Id. Under Rule 50(a), a court may only grant a motion for judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "Sufficient evidence" is " evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002).

### II. Analysis

Microsoft seeks to have this Court enter judgment as a matter of law on damages for infringement of the Day Patent by Microsoft Outlook in the amount of $6.5 million without a new trial. Here, the Federal Circuit remanded the case for a "new trial on damages." Lucent,

580 F.3d at 1340. Microsoft's motion is inconsistent with the Federal Circuit's remand for a new trial on damages. Lucent points out that the Federal Circuit ordered a remand of a damages trial on all accused software, including Microsoft Outlook. (Doc. No. 1059 at 2.) Lucent argues that the Federal Circuit analysis focused on Outlook because it ordered a new trial and therefore, did not need to address Money or Windows Mobile. (Id. at 3.) Furthermore, Lucent argues that Microsoft waived its argument that Outlook should be excluded from remand because it failed to raise the issue with the Federal Circuit and it failed to raise the issue at the hearing to spread the mandate on March 5, 2010. (Id. at 5.) Instead, Lucent argues that Microsoft waited until right before trial, after both parties have spent extensive time and resources on litigating damages with respect to all three products—including Outlook. (Id.) Lucent contends that Microsoft undermines its own position because it agreed to open discovery and even took extensive discovery on Outlook. (Id. at 6.)

After considering the parties' arguments, the Court declines to enter judgment as a matter of law at this time. On remand, the Federal Circuit ordered a new trial on damages. Lucent, 580 F.3d at 1340. Significantly, the Federal Circuit did not direct the Court to issue judgment for Lucent in the amount of $6.5 million or in any other specific amount. Instead, the Federal Circuit remanded for "a new trial on damages," and the parties have litigated the case consistent with the Federal Circuit remand. Id. Accordingly, the Court DENIES Microsoft's motion for judgment as a matter of law without prejudice.

### Conclusion

After due consideration, the Court DENIES Defendant Microsoft's motion for judgment as a matter of law without prejudice.

**IT IS SO ORDERED.**

DATED: January 5, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT