# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LUCENT TECHNOLOGIES INC., | CASE NO. 07-CV-2000 H (CAB) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | **(1) DENYING IN PART AND GRANTING IN PART MICROSOFT'S MOTION TO REDACT** |
| | **(2) DENYING IN PART AND GRANTING IN PART MICROSOFT'S MOTION FOR LEAVE TO FILE UNDER SEAL MICROSOFT'S MOTION TO REDACT** |
| MICROSOFT CORPORATION, | |
| Defendant. | **(3) DENYING IN PART AND GRANTING IN PART MICROSOFT'S MOTION FOR LEAVE TO FILE UNDER SEAL MICROSOFT'S REPLY TO MOTION TO REDACT** |

On January 4 and 10, 2011, the Court held a hearing on the parties' motions in limine. On February 4, 2011, the Court issued its order on Microsoft's motions in limine. (Doc. No. 1180.) On February 9, 2011, Microsoft submitted an ex parte motion to redact parts of the Court's order regarding Microsoft's motions in limine dealing with the terms and amounts of Microsoft's litigation agreements, portions of the January 4 hearing transcript dealing with the same, and parts of Lucent's demonstratives from the January 4 hearing dealing with the same. This ex parte motion and the accompanying declaration and exhibits were submitted under seal. On February 9, 2011, Microsoft concurrently filed a motion for leave to file under seal

the ex parte motion to redact. (Doc. No. 1181.) On February 17, 2011, Lucent filed its response. (Doc. No. 1183.) On February 22, 2011, Microsoft filed its reply under seal. Microsoft concurrently filed a motion for leave to seal its reply. (Doc. No. 1184.) The Court held a telephonic hearing on the matters on February 25, 2011. Jeanne Heffernan appeared on behalf of Plaintiff Lucent. Juanita Brooks and Michael Rosen appeared on behalf of Defendant Microsoft.

**I.     Motion to Redact**

Microsoft moves to redact the terms and settlement amounts of four of Microsoft's litigation agreements—the z4, Eolas, Imagexpo, and VirnetX settlements—from the following documents: (1) the Court's order regarding Microsoft's motions in limine, (2) the January 4, 2011 hearing transcript with Lucent's expert, Mr. Raymond Sims, and (3) Lucent's demonstratives from the January 4, 2011 hearing. (Microsoft's Motion to Redact at 1-2.) Microsoft argues the terms and settlements amounts are protected under a protective order that deems such information "Confidential" and "Outside Counsel Only." (Id.) In opposition, Lucent argues that two of the settlements, the Imagexpo and VirnetX settlements, were covered by news organizations and the settlement amounts were publicly disclosed. (Doc. Nos. 1183 at 2, 1183-3 Exs. A, B.)

After consideration of the parties arguments, the Court DENIES IN PART and GRANTS IN PART Microsoft's motion to redact. The Court agrees with Lucent that the Imagexpo and VirnetX settlement amounts have be publicly disclosed and denies the motion to redact portions of the documents related to those settlements. The Court grants the motion to redact portion of the documents related to the other two settlements, the z4 and Eolas settlements. The parties are directed to meet and confer and submit revised redactions pursuant to this order on or before **March 4, 2011**.

**II.    Motions to Seal**

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978). After reviewing the documents in question, the Court declines to seal

1  Microsoft's ex parte motion to redact in its entirety and all accompanying exhibits and
2  Microsoft's reply in its entirety.  Microsoft does not point to any specific sections of the ex
3  parte motion or the accompanying exhibits that contain confidential information.  (See Doc.
4  No. 1181 at 2.)  As to its reply, Microsoft also does not point to any specific sections of the
5  reply that contain confidential information.  (See Doc. No. 1184 at 1-2.)  Accordingly, the
6  Court DENIES IN PART and GRANTS IN PART Microsoft's motion to seal the motion and
7  reply.  The Court denies the motion to seal the motion in its entirety.  The Court grants the
8  request to the extent the motion and reply contain any confidential information.  The parties
9  are directed to meet and confer to determine if the motion and reply contain information that
10 require redaction pursuant to this order.  If necessary, the parties are to submit redactions of
11 Microsoft's motion and reply on or before **March 4, 2011**.

**IT IS SO ORDERED.**

DATED:  February 25, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT