David A. Hahn, SBN 125784
DAVID HAHN, ATTORNEY AT LAW
400 10th Street
Coronado, California  92118
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

Attorney for *Lucent Technologies Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCENT TECHNOLOGIES INC. | Case No. 07-CV-2000-H (CAB) |
| Plaintiff, | |
| v. | **[PROPOSED] PRETRIAL ORDER** |
| MICROSOFT CORPORATION, | Date: July 13, 2011 |
| | Time: 9:00 a.m. |
| Defendant Intervener. | Courtroom: 13, 5th Floor |
| | Judge: Hon. Marilyn L. Huff |

Following pretrial proceedings pursuant to Fed. R. Civ. P. 16 and Civil Local Rule 16.1.f.6. IT IS ORDERED:

## I.  NATURE OF ACTION

This is an action for damages for patent infringement. The Plaintiff is Lucent Technologies Inc. ("Lucent") and the Defendant is Microsoft Corporation ("Microsoft").

## II.  JURISDICTION AND VENUE

This action arises under the Patent Laws of the United States, Title 35, United States Code. This Court's jurisdiction over Lucent's patent-infringement claims is invoked under 28 U.S.C. §§ 1331 and 1338(a).

Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## III.  ADMITTED FACTS

The following facts have been previously admitted and require no proof:

1. Lucent, now known as Alcatel-Lucent USA Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business at 600 Mountain Avenue, Murray Hill, NJ 07974.

2. Microsoft is a corporation organized under the laws of the State of Washington with its principal place of business at One Microsoft Way, Redmond, WA 98052.

3. United States Patent No. 4,763,356, referred to as the '356 patent, issued on August 9, 1988, and expired on December 11, 2006.

4. Benjamin W. Day, Alexander C. Gillon, and Raoul A. LeConte are the named inventors on the '356 patent.

5. Lucent owns the '356 patent with the right to sue for past infringement.

## IV.  RESERVATIONS AS TO ADMITTED FACTS

None.

## V.  UNCONTESTED ISSUES

The following issues of fact are uncontested, having been previously adjudicated, and are not to be litigated at trial:

1.       Microsoft was found to indirectly infringe claim 19 of the '356 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Microsoft Money versions 2000 through 2006; Microsoft Outlook versions 2000, 2002, and 2003; and Windows Mobile versions Pocket PC 2000, 2002, and 2003, Windows Mobile 2003, and Windows Mobile 5.  Microsoft was found to indirectly infringe claim 21 of the '356 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Windows Mobile, versions Pocket PC 2000, 2002, and 2003, Windows Mobile 2003, and Windows Mobile 5.

2.       Claims 19 and 21 of the '356 patent were found not invalid.

3.       Lucent is entitled to damages in an amount not less than a reasonable royalty for Microsoft's infringement.[1]

4.       The Court established the method of calculating prejudgment interest in its April 28, 2008 Order.  (D.I. 754.)[2]

## VI.  ISSUES OF FACT TO BE TRIED

The following issues of fact, and no others, remain to be litigated upon the trial:

5.       The amount of reasonable royalty damages adequate to compensate Lucent for Microsoft's infringement of the '356 patent.[3]

## VII. EXHIBITS

The exhibits to be offered at trial, together with a statement of all admissions by and all issues between the parties with respect thereto, are as follows:

---

[1] Microsoft believes that Lucent is entitled damage to damages only from March 3, 2006 through December 11, 2006 in light of *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. __ (May 31, 2011).

[2] Microsoft preserves its prior objections to this method of calculating prejudgment interest.

[3] Microsoft disputes that Lucent is entitled to damages prior to March 3, 2006.  Microsoft believes that indirect infringement prior to March 3, 2006 is an issue of fact to be tried to the jury and that the amount of reasonable royalty damages tried to the jury should be limited to March 3, 2006 until December 11, 2006.

### A. Lucent's Exhibit List

Lucent's list of exhibits that it may offer at trial (other than demonstrative exhibits) is attached as Exhibit 1.  Lucent reserves the right to supplement its exhibit list depending on the outcome of the parties' motions *in limine* and other pre-trial motions.  Lucent additionally reserves the right to supplement its exhibit list in light of the exhibits Microsoft includes on its own exhibit list.

Microsoft objects to Lucent's exhibit list in its entirety as unreasonable, unduly burdensome, and not a good-faith identification of the exhibits Lucent reasonably expects to use at trial.  Specifically, Lucent has listed 2023 exhibits, an amount grossly excessive for a seven-day, 14-hour-per-side trial.  Microsoft reserves the right to seek the Court's assistance in striking Lucent's exhibit list altogether or, in the alternative, in ordering Lucent to narrow its list at least down to the size of Microsoft's list.

Microsoft objects to Lucent's inclusion of all exhibits it listed during the prior trial on at least the same grounds on which Microsoft objected to them during the prior trial.  Microsoft further objects to the exhibits from the prior trial as irrelevant under Fed. R. Evid. 402 to the extent they are not relevant to the damages issues in dispute during the current remand trial.

Furthermore, Microsoft objects to each of the exhibits not listed during the prior trial at least as irrelevant under Fed. R. Evid. 402; unfairly prejudicial under Fed. R. Evid. 403; incomplete under Fed. R. Evid. 106; lacking foundation; hearsay under Fed. R. Evid. 802; untimely produced; protected by the attorney-client privilege and/or the work-product doctrine; and/or outside the scope of the expert's report.

Notwithstanding Lucent's inappropriately oversized exhibit list, Microsoft is amenable to meeting and conferring with Lucent to see whether there are any exhibits the parties might agree to pre-admit into evidence.

### B. Microsoft's Exhibit List

Microsoft's list of exhibits that it may offer at trial (other than demonstrative exhibits) is attached as Exhibit 2.  Microsoft reserves the right to supplement its exhibit list depending on the outcome of the parties' motions *in limine* and other pre-trial motions.  Microsoft additionally

1  reserves the right to supplement its exhibit list in light of the exhibits Lucent includes on its own
2  exhibit list.

3  Lucent objects to Microsoft's inclusion of all exhibits it listed during the prior trial on at least
4  the same grounds on which Lucent objected to them during the prior trial.  Lucent further objects to
5  the exhibits from the prior trial as irrelevant under Fed. R. Evid. 402 to the extent they are not
6  relevant to the damages issues in dispute during the current remand trial.

7  Furthermore, Lucent objects to each of the exhibits not listed during the prior trial at least as
8  irrelevant under Fed. R. Evid. 402; unfairly prejudicial under Fed. R. Evid. 403; incomplete under
9  Fed. R. Evid. 106; lacking foundation; hearsay under Fed. R. Evid. 802; protected by the attorney-
10 client privilege and/or the work-product doctrine; and/or outside the scope of the expert's report.

11 Lucent is amenable to meet and confer with Microsoft in advance of the submissions of the
12 parties' separate exhibit  lists to the Court on July 14th to resolve, if possible, any outstanding
13 objections to the parties' respective exhibits and/or to determine whether there are any exhibits the
14 parties might agree to pre-admit into evidence.

15 **C.      Stipulated Agreement Regarding Authenticity of Business Records**

16 6.      The parties stipulate to the authenticity and business record status of each document
17 that on its face appears to have been generated by Lucent (including documents generated by its
18 employees during the course of their employment for Lucent) and produced in this case by Lucent
19 subject to the caveat that a party may object to the admissibility of any specific statement in a
20 document to the extent it can show that such statement does not fall within Fed. R. Evid. 803(6) or
21 should otherwise not be admitted (*e.g.*, pursuant to Fed. R. Evid. 402 or 403).

22 7.      The parties stipulate to the authenticity and business record status of each document
23 that on its face appears to have been generated by Microsoft (including documents generated by its
24 employees during the course of their employment for Microsoft) and produced in this case by
25 Microsoft subject to the caveat that a party may object to the admissibility of any specific statement
26 in a document to the extent it can show that such statement does not fall within Fed. R. Evid. 803(6)
27 or should otherwise not be admitted (*e.g.*, pursuant to Fed. R. Evid. 402 or 403).

28

**D.   Stipulated Procedures Concerning Exhibits**

8.   The listing of an exhibit by a party does not waive any objections to the exhibit should the opposing party attempt to offer it.

9.   Only those documents that appear on an exhibit list may be offered into evidence at trial with any witness unless otherwise agreed by the parties or upon leave of Court for good cause shown.

10.   Any document not specifically identified on an exhibit list, including any deposition or prior testimony or portion thereof not specifically designated, and not offered into evidence, still may be used at trial for the purposes of impeachment, if otherwise competent for such purposes.

11.   The parties shall identify and exchange demonstrative exhibits that will be used in opening statements by 7 p.m. on July 13, 2011, and shall exchange any objections to these demonstrative exhibits by 10 p.m. on July 13, 2011.  The parties shall meet and confer on any objections at some time thereafter, and any unresolved objections shall be presented to the Court prior to the commencement of opening statements.  The parties shall identify and exchange demonstrative exhibits to be used on direct examination by 7 p.m. two calendar days before the demonstrative exhibits will be used on direct examination, and shall exchange objections to these demonstrative exhibits by 7 p.m. one calendar day before the demonstrative exhibits will be used on direct examination.  The parties shall meet and confer on any objections at some time thereafter, and any unresolved objections shall be presented to the Court the day the demonstrative exhibits are to be used.  The parties need not exchange demonstrative exhibits for use in cross-examination or closing arguments.

12.   Except for rebuttal, the parties shall identify all exhibits to be used on direct examination or in deposition designations by 7 p.m. two calendar days before their use.  Except for exhibits used during cross examination or demonstrative exhibits used during cross examination, no exhibits will be used at trial unless so identified or otherwise permitted to be used upon good cause shown.  The parties shall provide any objections to exhibits by 7 p.m. one calendar day before an exhibit's use.  The parties will meet and confer on any objections at some time thereafter and will present any unresolved issues to the Court the day the exhibits are to be used.

13. The parties agree that notice of a party's intended use of blow-ups (enlargements) of admitted trial exhibits and of ballooning, excerption, highlighting, etc. of such exhibits need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has identified its intention to use the trial exhibit according to the preceding paragraph.

## VIII. WITNESSES

### A. Lucent's Witnesses

Lucent's trial witness list is attached hereto as Exhibit 3. Microsoft objects to Lucent's witnesses to the extent their testimony is irrelevant or otherwise inappropriate to the damages issues in dispute in this remand trial. Microsoft further objects to Lucent's witnesses for all the reasons set forth in the motions it filed on December 7, 2010 and May 13, 2011, and its motions *in limine*. Microsoft objects to Lucent's witnesses that Lucent intends to call by deposition to the extent any of them are currently employed by Lucent.

### B. Microsoft's Witnesses

Microsoft's trial witness list is attached hereto as Exhibit 4. Lucent objects to Microsoft's witnesses to the extent their testimony is irrelevant or otherwise inappropriate to the damages issues in dispute in this remand trial. Lucent further objects to Microsoft's witnesses for all the reasons set forth in the motions it filed on December 7, 2010 and May 13, 2011, and its motions *in limine*. Lucent objects to Microsoft's witnesses that Microsoft intends to call by deposition to the extent any of them are currently employed by Microsoft.

### C. Stipulated Procedures Concerning Witnesses To Be Called In Person

14. Except for rebuttal, by 7:00 p.m. two calendar days before calling a witness in person at trial, the calling party shall notify opposing counsel in writing of its intention to call that witness, along with an identification of the trial exhibits and demonstrative exhibits that it expects to use on direct examination of that witness. For example, if a party intends to call a witness on a Wednesday, it shall notify counsel by 7:00 p.m. Monday of its intention to call the witness and of the trial exhibits and demonstratives it plans to use with the witness. Also by way of example, if a party intends to call a witness on Monday, it shall notify counsel by 7:00 p.m. on Saturday of its intention to call the witness and of the trial exhibits and demonstratives it plans to use with the witness.

Except as the Court may order otherwise upon good cause shown, the calling party shall not call a witness at trial unless so identified or unless the other party failed to inform the calling party that it intended to finish its case within 48 hours.

15. Except for rebuttal, if a party wishes to call in person any witness identified on their trial witness list as a witness the party may call at trial (a "may call" live witness), the calling party shall notify opposing counsel in writing of its intention to call that witness by 7:00 p.m. four full calendar days before calling that witness at trial. (For example, if a party intends to call such a witness Wednesday at 9:00 a.m., it shall notify opposing counsel no later than 7:00 p.m. the previous Saturday.)

16. Except for rebuttal, if a party wishes to call in person any witness who has not previously been deposed in this case in his or her individual capacity, the calling party shall notify opposing counsel in writing of its intention to call that witness by 7:00 p.m. seven full calendar days before calling that witness at trial.

17. By 9:00 a.m. one day before it intends to rest its case, the resting party shall give the other party notice of its intention to rest. This notice is intended so that the parties have an opportunity to comply with the other provisions of this Order.

D. **Stipulated Procedures Concerning Depositions**

18. Except for rebuttal, in order to offer deposition testimony at trial, the party that seeks to play (or read) deposition testimony must in writing notify the opposing party of its intention to do so no later than 7:00 p.m. four calendar days before the offer. By 7:00 p.m. four calendar days before deposition testimony is to be read or played, the party offering the deposition testimony will designate the specific portions of the deposition that will be offered at trial. By 7:00 p.m. three calendar days before the deposition testimony is to be read or played, the party against whom the deposition testimony will be offered will provide its objections and counter-designations. By 7:00 p.m. two days before the deposition testimony is to be read or played, the party offering the deposition testimony will identify its objections to counter-designations and any counter-counter designations. By 7:00 p.m. one day before, the party against whom the deposition testimony will be offered will provide any objections to counter-counter designations. The parties will meet and

confer at some time thereafter.  No party will designate more deposition testimony under this procedure than can be reasonably expected to be offered at trial on the day the deposition testimony is to be read or played.  If the deposition testimony is to be played, the party that seeks to play the deposition testimony must also provide the opposing party, by 7:00 pm one calendar day before the deposition testimony is to be played, a workable copy of the actual recording to be played (or testimony to be read[4]), including all designations, counter-designations and counter-counter designations.

19. At trial, the compilation of designated testimony by the parties shall be read or played in page order.  No objections or exchanges between counsel will be played.  If a party designates deposition testimony, and the other party counter-designates, both the designation and counter-designation will be read or played together in page order.  The time available for each side's presentation shall be reduced by the length of its designations or counter-designations, as measured by the lines of testimony each party designates as a percentage of the total number of lines read or played.

20. Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.

## IX.  MODIFICATIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

## X.  JURY TRIAL

Damages will be tried to the jury.  (D.I. 1180 at 24–25.)[5]

---

[4] If the designated testimony was recorded by audiovisual means, the designated testimony shall be played and not read.

[5] Microsoft disputes that Lucent is entitled to a jury trial and believes reasonable royalty damages should be tried to the bench.

## XI. LENGTH OF TRIAL

The Court has ordered that each side shall have 14 trial hours, with additional time to be allotted for good cause shown, based on the parties' estimate of a seven-day trial.

1 | Dated: _____     _____

United States District Judge

Dated: July 6, 2011

By: /s/  Blair A. Silver

David A. Hahn (SBN 125784)
DAVID A. HAHN, ATTORNEY AT LAW
400 10th Street
Coronado, California  92118
Telephone:  (619) 235-2100
Facsimile:  (619) 235-2101

Luke L. Dauchot
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

Jeanne M. Heffernan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Blair A. Silver (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 15th Street NW
Washington, DC  20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Attorneys for LUCENT TECHNOLOGIES INC.

Dated:  July 6, 2011

By:  /s/  Juanita Brooks

Juanita R. Brooks (SBN 75934)
Roger Denning (SBN 228998)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Attorneys for MICROSOFT CORPORATION