Juanita R. Brooks, brooks@fr.com, (SBN 75934)
Roger A. Denning, denning@fr.com, (SBN 228998)
Michael M. Rosen, rosen@fr.com, (SBN 230964)
Frank J. Albert, albert@fr.com, (SBN 247741)
Craig E. Countryman, countryman@fr.com, (SBN 244601)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:   (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 07-CV-2000 H (CAB)<br>consolidated cases:<br>03-CV-0699 B (CAB)<br>03-CV-1108 B (CAB)<br>02-CV-2060 B (CAB)<br><br>**MICROSOFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS PRE-VERDICT MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF LUCENT'S CASE AND SUPPLEMENTAL MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF ALL EVIDENCE**<br><br>**Honorable Marilyn L. Huff** |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 50(a), Microsoft respectfully renews its request that the Court enter judgment as a matter of law for Microsoft. For all the reasons set forth in its Motion for Pre-Verdict Judgment as a Matter of Law filed at the close of Lucent's case (Doc. No. 1369), Microsoft submits that Lucent failed in its case-in-chief to present substantial evidence that it is entitled to a reasonable royalty of anything more than zero damages.

In addition, Microsoft moved, at the close of *all* evidence, for judgment as a matter of law. Microsoft preserves and expressly incorporates herein all of its various pre-trial and mid-trial objections to the testimony of Bruce Tognazzini, Lucent's technical expert, Dr. Deborah Jay, Lucent's survey expert, and Raymond Sims, Lucent's damages expert. (*See, e.g.*, Docs. Nos. 1025, 1027, 1028, 1030, 1031, 1224, 1226, 1288, 1302, 1321, 1327 and 1332.) Accordingly, for all the reasons set forth below, Microsoft maintains its motion made at the close of Lucent's case. If the Court denies that motion, Microsoft also requests JMOL based on Microsoft's motion made at the close of all evidence.

## II. LEGAL STANDARDS

Under Fed. R. Civ. P. 50(a):

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a). "Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 953 (9th Cir. 2010) (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)). "The evidence must be viewed in the light most favorable to the nonmoving party, and all ***reasonable*** inferences must be drawn in favor of that party." *LaLonde v. County of Riverside*, 204

F.3d 947, 959 (9th Cir. 2000) (emphasis added).  Rule 50(a) empowers a court to remove issues, claims, defenses, or entire cases from the jury when there is no legally sufficient evidentiary basis to support a particular outcome.  *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007) (internal quotations omitted).

**III.    ARGUMENT**

    **A.    For All the Reasons Set Forth in Microsoft's Pre-Verdict JMOL Motion, Lucent is Not Entitled to a Reasonable Royalty of Anything More Than Zero Damages**

For all the reasons set forth in its Motion for Pre-Verdict Judgment as a Matter of Law filed at the close of Lucent's case (Doc. No. 1369), Microsoft submits that Lucent failed in its case-in-chief to present substantial evidence that it is entitled to a reasonable royalty of anything more than zero damages.  Viewing the evidence in the light most favorable to Lucent, and drawing all reasonable evidentiary inferences in its favor, the only conclusion a reasonable jury could reach is that Lucent has failed to demonstrate it is entitled to anything more than zero damages.  Lucent admitted that it was required to apportion the value of the features in Microsoft's products covered by the asserted claims of the Day patent.  Lucent failed to provide in its case-in-chief any evidence that would permit the Jury to make that apportionment in a non-speculative manner.  Any damages award made by the Jury based on the evidence from Lucent's case-in-chief would necessarily be based on speculation and conjecture, and could not be supported by substantial evidence.  The caselaw dictates that, in those circumstances, an award of zero damages is appropriate.  *See, e.g*, *Boston Scientific Corp. v. Johnson & Johnson*, 550 F. Supp. 2d 1102, 1120 (N.D. Cal. 2008) (quoting *Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co.,* 895 F.2d 1403, 1407 (Fed. Cir. 1990)) ("Where the record lacks any evidence of a reasonable royalty rate, the Federal Circuit has approved of awarding 'zero damages' because '[t]he statute [35 U.S.C. § 284] requires the award of a reasonable royalty, but to argue that this requirement exists even in the absence of any evidence from which a court may derive a reasonable royalty goes beyond the possible meaning of the statute.'" ); *Devex Corp. v. General Motors Corp.*, 667 F.2d 347 (3d Cir. 1981) (affirming an award of zero damages for lack of evidence); *National Presto Industries, Inc. v. Black & Decker, Inc.*, 760 F.Supp. 699, 701 (N.D. Ill. 1991) (same).

**B.     The Evidence Microsoft Presented During Its Case-in-Chief**

Microsoft does not bear the burden on damages, and therefore bore no obligation to present evidence of its own.  Final Jury Instruction No. 11.  Accordingly, Lucent's failure of proof during its own case should result in a reasonable royalty of zero damages.

Microsoft during its case-in-chief presented unrebutted evidence that Microsoft would not have agreed during the hypothetical negotiation to pay anything more than $5 million.  Microsoft's corporate representative, William Kennedy, testified that Microsoft's participant in the hypothetical negotiation in 1996 would not have been willing to pay more than $2 million for a license to use the Day Patent technology in Outlook, and no more than $5 million for an unrestricted license to the patent.  This testimony went unrebutted during cross-examination.

Following Mr. Kennedy's testimony, Professor Robert Mnookin, Microsoft's damages expert, testified that, in light of Mr. Kennedy's testimony, the parties would have agreed at the hypothetical negotiation in 1996 to a reasonable royalty of no more than $5 million. This testimony, too, went unrebutted during cross-examination.

For these reasons, and for all the reasons set forth in Doc. No. 1369, as well as all incorporated motions and bench memoranda, if the Court denies Doc. No. 1369, then Microsoft is entitled to judgment that Lucent's damages should be a reasonable royalty of no more than $5 million.

**IV.     CONCLUSION**

For the reasons set forth above and in Microsoft's pre-verdict JMOL motion, the Court should enter judgment as a matter of law in favor of Microsoft that Lucent is entitled to a reasonable royalty of zero damages.  In the alternative, the Court should enter judgment as a matter of law in favor of Microsoft that Lucent is entitled to a reasonable royalty of no more than $5 million.

| | | |
|---|---|---|
| 1 | Dated: July 28, 2011 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Juanita R. Brooks* |
| | | Juanita R. Brooks (SBN 75934) |
| 5 | | brooks@fr.com |
| 6 | | Attorneys for Defendant |
| | | MICROSOFT CORPORATION |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 28, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/    Juanita R. Brooks   _____
Juanita R. Brooks (SBN 75934)

brooks@fr.com

Attorney for Defendant
MICROSOFT CORPORATION